IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., <br><br> *Plaintiff*, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> *Defendant*. | : <br> : <br> : <br> : <br> : C.A. No. 17-mc-00151-LPS <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

**PETRÓLEOS DE VENEZUELA, S.A.'S UNOPPOSED MOTION TO INTERVENE**

Petróleos de Venezuela, S.A. ("PDVSA") respectfully moves this Court for an order permitting PDVSA to intervene in this action and to file papers in opposition to the Motion filed by Crystallex International Corp. ("Crystallex") for an Order Authorizing the Issuance of a Writ of Attachment *Fieri Facias* Pursuant to 28 U.S.C. § 1610(c) [D.I. 2] (the "Attachment Motion"). The Attachment Motion seeks an order authorizing the Clerk of the Court to issue a writ of attachment *fieri facias* against the shares of PDV Holding, Inc. ("PDVH"), which are owned by PDVSA. PDVSA's motion to intervene is unopposed, and for this reason as well as those set forth below, PDVSA respectfully requests that the Court enter the requested order.

**GROUNDS FOR INTERVENTION**

On April 7, 2017, Crystallex obtained a judgment (the "Judgment") from the United States District Court for the District of Columbia against the Bolivarian Republic of Venezuela ("Venezuela"). On June 19, 2017, Crystallex registered the Judgment with this Court [D.I. 1]. Nearly two months later, on August 14, 2017, Crystallex filed the Attachment Motion, seeking an

order authorizing the Clerk of Court to issue a writ of attachment *fieri facias* against the shares of PDVH, which are wholly owned by PDVSA [D.I. 2].

As the Court is aware, PDVSA is the national oil company of Venezuela and is an undisputed "agency or instrumentality of a foreign state" under the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1602, *et seq.* (the "FSIA"). As a result, PDVSA is presumptively immune from the jurisdiction of this Court and its property is presumptively immune from attachment or execution. With the Attachment Motion, Crystallex seeks to abrogate the immunity to which PDVSA and its property are entitled under the FSIA and to hold PDVSA liable for a Judgment against Venezuela only, stemming from an arbitration to which PDVSA was not a party, on the theory that PDVSA is the alter ego of Venezuela.

PDVSA seeks to intervene in this action pursuant to Federal Rules of Civil Procedure ("FRCP") 24(a)(2) and (b)(1)(B) in order to oppose the Attachment Motion, without waiving any defenses that may be available to it and/or its property, including any defense under the FSIA. Crystallex does not oppose PDVSA's intervention in this action pursuant to FRCP 24, but has advised PDVSA that it reserves all rights and arguments with respect to the effect of such intervention. To date, Venezuela has not appeared in this action, and PDVSA is not aware of whether Venezuela has retained counsel for purposes of this matter.

**I.     PDVSA Is Entitled To Intervention As Of Right**

Pursuant to FRCP 24(a)(2), "[o]n timely motion, the court must permit anyone to intervene who … claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). "Courts construe Rule 24 liberally in favor of intervention."

2

*Merck Sharp & Dohme Corp. v. Teva Pharms. USA, Inc.*, Civ. Nos. 14-874-SLR/SRF, 15-250-SLR/SRF, 2015 U.S. Dist. LEXIS 117422, at *5 (D. Del. Sept. 3, 2015) (Robinson, J.) (citations omitted).

The Third Circuit has explained that it requires "proof of four elements from the applicant seeking intervention as of right: first, a timely application for leave to intervene; second, a sufficient interest in the litigation; third, a threat that the interest will be impaired or affected, as a practical matter, by the disposition of the action; and fourth, inadequate representation of the prospective intervenor's interest by existing parties to the litigation." *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998). Each of these elements is satisfied here.

Timely Application. The Attachment Motion was filed on August 14, 2017, and this unopposed motion to intervene was filed just over one week later, on August 22, 2017. The application is therefore timely.

Sufficient Interest in the Litigation. The Attachment Motion seeks a ruling that PDVSA is liable for a Judgment issued against Venezuela, and seeks a writ of attachment over the shares of PDVH, which are wholly owned by PDVSA. The threatened imposition of liability against PDVSA, and PDVSA's ownership of the property which is the subject of the Attachment Motion, are more than sufficient to establish the requisite interest in this matter. *See American Electronic Laboratories, Inc. v. Dopp*, 54 F.R.D. 241, 242-43 (D. Del. 1972) (pursuant to consent order, permitting bank to intervene for purpose of vacating attachment over shares of stock in which bank claimed an interest).

Disposition of the Matter Would Impair or Threaten PDVSA's Interests. The Attachment Motion, if granted, would result in a ruling that PDVSA is liable for a Judgment issued against Venezuela, would impose an attachment over the shares of PDVH and most likely result

in the liquidation of that PDVSA property once the attachment is executed upon. If successful, the attachment and execution would permanently deprive PDVSA of its 100% ownership interest in PDVH. As a "practical matter," the relief sought in the Attachment Motion would substantially impair and threaten PDVSA's interests.

<u>Inadequate Representation</u>. PDVSA, not Venezuela, is the 100% owner of the PDVH shares that are the target of the Attachment Motion. Venezuela does not have any direct interest in that property. Indeed, to date, Venezuela has not appeared in this action, and based on information and belief, Venezuela has not yet even retained counsel for purposes of this matter. Based on these facts, the "minimal" showing of inadequate representation required for intervention is more than satisfied. *See Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972).

Accordingly, PDVSA is entitled to intervene under FRCP 24(a)(2).

## II.     PDVSA Should Be Permitted To Intervene

Alternatively, PDVSA should be permitted to intervene under FRCP 24(b)(1)(B). Pursuant to FRCP 24(b)(1)(B), "[o]n timely motion, the court may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The decision to grant or deny permissive intervention is wholly discretionary. *King v. Governor of State of N.J.*, 767 F.3d 216, 246 (3d Cir. 2014) (describing permissive intervention as "a highly discretionary decision into which we are reluctant to intrude") (internal quotation marks and citation omitted). The principal consideration with a motion for permissive intervention is whether intervention will "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *see also Wallach v. Eaton Corp.*, 837 F.3d 356, 375, 377–78 (3d Cir. 2016) (concluding that proposed intervenors' delay in filing was not undue).

As discussed above, PDVSA's unopposed motion for intervention is timely. Moreover, PDVSA has defenses that share common questions of law or fact with the main action; here, Crystallex's Attachment Motion. Indeed, the Attachment Motion asks the Court to hold PDVSA liable for a Judgment against Venezuela on the theory that PDVSA is the alter ego of Venezuela. PDVSA seeks to intervene precisely so that it can defend against the Attachment Motion, which is directed at PDVSA and its property. Finally, permitting PDVSA to intervene will not unduly delay or prejudice the original parties' rights given that the Attachment Motion was recently filed and has not yet been opposed.

Accordingly, the Court should permit PDVSA to intervene under FRCP 24(b)(1)(B).

[*Remainder of Page Intentionally Left Blank*]

## **CONCLUSION**

      For the reasons set forth above, PDVSA respectfully requests that the Court grant PDVSA's unopposed motion for leave to intervene and to respond to the Attachment Motion.

HEYMAN ENERIO
GATTUSO & HIRZEL LLP

*/s/ Samuel T. Hirzel*
Samuel T. Hirzel, II (# 4415)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
shirzel@hegh.law
*Attorney for Petróleos de Venezuela, S.A.*

OF COUNSEL:

Joseph D. Pizzurro
Peter J. Behmke
Kevin A. Meehan
Julia B. Mosse
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178
(212) 696-6000
jpizzurro@curtis.com
pbehmke@curtis.com
kmeehan@curtis.com
jmosse@curtis.com

Dated:  August 22, 2017