# HEYMAN ENERIO GATTUSO & HIRZEL LLP

PRACTICING THE ART OF LAW

300 DELAWARE AVENUE · SUITE 200 · WILMINGTON, DELAWARE 19801
TEL: (302) 472.7300 · FAX: (302) 472.7320 · WWW.HEGH.LAW

Direct Dial: (302) 472-7315
Email: shirzel@hegh.law

February 26, 2018

**VIA ECF AND HAND DELIVERY**
Chief Judge Leonard P. Stark
United States District Court
District of Delaware
844 N. King Street
Wilmington, DE 19801

  Re: *Crystallex International Corp. v. Bolivarian Republic of Venezuela*
    <u>C.A. No. 17-mc-00151-LPS: Subsequent Authority under Local Rule 7.1.2(b)</u>

Dear Chief Judge Stark:

  PDVSA writes in response to Crystallex's letter advising the Court of a new authority pursuant to Local Rule 7.1.2(b).

  Last week, the U.S. Supreme Court decided *Rubin v. Islamic Republic of Iran*, No. 16-534, 2018 WL 987348 (U.S. Feb. 21, 2018). The holding in that case applies exclusively to the enforcement of judgments obtained under the terrorism exception, section 1605(A), of the Foreign Sovereign Immunities Act (FSIA). The case involved the interpretation of section 1610(g), which makes the assets of a foreign state and its agencies and instrumentalities available to satisfy a section 1605(A) judgment without regard to certain indicia of legal separateness. The Court found that, by adding section 1610(g), Congress abrogated the requirements of *First Nat. City Bank v. Banco Para el Comercio Exterior de Cuba*, 462 U.S. 611 (1983) ("*Bancec*") for purposes of enforcing a terrorism judgment. But section 1610(g) "does not provide a freestanding basis" for stripping a foreign state's property of the immunity to which it is otherwise entitled and thus a section 1605(A) judgment creditor must still satisfy one of section 1610's other applicable provisions. 2018 WL 987348, at *10.

  We agree with Crystallex's understanding of *Rubin* on two points: (1) *Rubin* does not address any issue pending before Your Honor in this case, and (2) "*Rubin* did not change the law on any issue relevant in this case." D.I. 59 at 1, 2.

  We disagree, however, with Crystallex's suggestion that certain dicta in *Rubin* somehow demonstrates that *Bancec* does not require an abuse of the corporate form resulting in an injury to the plaintiff. *Rubin* says nothing of the kind. In fact, in describing the state of the law outside the context of section 1610(g), the *Rubin* Court confirmed that a plaintiff must establish that the *Bancec* analysis "favor[s] holding the agency or instrumentality liable for *the foreign state's*



The Honorable Leonard P. Stark
February 26, 2018
Page 2

*misconduct*." *Rubin*, 2018 WL 987348, at *7 (emphasis added). The Court also cited *Alejandre v. Telefonica Larga Distancia de Puerto Rico, Inc.*, 183 F. 3d 1277 (11th Cir. 1999), in which the Eleventh Circuit reversed a district court's determination that a Cuban-owned telecommunications company, ETECSA, was Cuba's alter ego, noting "the absence of any evidence that ETECSA was involved in the violation" giving rise to the underlying judgment against the state. 183 F.3d at 1287. Crystallex has also cited that case. *See* Pl.'s Opening Br. 27 n. 123, D.I. 3-1 at 34.

In short, there is nothing in *Rubin* that calls into question *Bancec*'s "default" rule that "agencies and instrumentalities of a foreign state [are] to be considered separate legal entities that cannot be held liable for acts of the foreign state." *Rubin*, 2018 WL 987348, at *5. That is a fundamental principle based, in part, on the FSIA's own recognition that "[a]s to any claim for relief with respect to which a foreign state is not entitled to immunity . . . , the foreign state shall be liable in the same manner and to the same extent as a private individual under like circumstances." *Bancec*, 462 U.S. at 620 (quoting 28 U.S.C. § 1606). Because a non-state actor could never be found liable on an arbitral award as an alter ego without any evidence that it was involved in the events giving rise to the award or in the arbitration itself, neither could a foreign state's agency or instrumentality be subjected to liability "in like circumstances." Crystallex has failed to allege PDVSA's liability on the arbitral award, much less prove it by clear and convincing evidence, and thus the requested relief should be denied. The Supreme Court's decision in *Rubin* does not affect that outcome.

Respectfully submitted,

/s/ *Samuel T. Hirzel*

Samuel T. Hirzel (# 4415)

STH/jmr
cc:   All Counsel of Record (via CM/ECF)