# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION, | : : : : | |
| Plaintiff, | : : | |
| v. | : : | C.A. No. 17-mc-151-LPS |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | : : : | |
| Defendant. | : | |

## MEMORANDUM ORDER

At Wilmington this **30th** day of **July**, 2018:

In preparation for the oral argument to be held on Friday, August 3, **IT IS HEREBY ORDERED** that the parties shall, no later than 2:00 p.m. on Thursday, August 2, submit letter briefs, not to exceed ten (10) pages single spaced, addressing the following questions:

1. Is PDVSA's motion to dismiss a facial or factual challenge, or both? Is the answer the same for jurisdictional immunity and for execution immunity?

2. To the extent the Court must resolve a facial challenge, where does it look for the well-pled factual allegations it must take as true? No complaint or petition has been filed by Crystallex in this case.

3. In determining whether the writ should issue (as opposed to whether, if issued, Crystallex may execute on the writ), must the Court determine whether Crystallex has rebutted the *Bancec* presumption of separateness by probable cause or by some other, higher standard?

4. Does Crystallex contend that *if* an independent basis for subject matter jurisdiction is required with respect to PDVSA – that is, *if* the Court agrees with PDVSA's

interpretation of the applicability of *Peacock* – that it has identified such an independent basis for jurisdiction? If so, what is it?

5. Address the applicability, if any, of *Gambone v Lite Rock Drywall*, 288 Fed. App'x. 9 (3d Cir. July 25, 2008), to the issue of whether the Court must have an independent basis for exercising subject matter jurisdiction over PDVSA.

6. Is this case a Rule 69 garnishment action, like that involved in *IFC Interconsult*, or is it something else?

7. Does *IFC Interconsult* establish that where, as here, a party proceeds under an alter ego theory, it is attempting to impose "primary" liability on a new party (i.e., PDVSA) for a debt of another party (here, Venezuela), as opposed to a Rule 69 action, which seeks to impose "secondary liability" on, for example, an indemnitor?

8. Does Delaware law require that the only way to execute on shares of a Delaware corporation is to sell those shares?

9. What is the status of any "license" or advice Crystallex holds, has requested, or intends to request from OFAC?

**IT IS FURTHER ORDERED** that the parties shall be prepared to discuss the following questions and updates at the oral argument on Friday, August 3, but need not address them in their written submissions:

1. In PDVSA's supplemental letter of February 26, 2018 (D.I. 60 at 2), PDVSA writes: "Because a non-state actor could never be found liable on an arbitral award as an alter ego without any evidence that it was involved in the events giving rise to the award or in the arbitration itself, neither could a foreign state's agency or instrumentality be subjected to liability 'in like circumstances.'" No authority is cited in support of this assertion. What is the basis for

this assertion?

2. What is the status of the settlement (*see* D.I. 38)?

3. Are there additional OFAC FAQs relevant to the Court's decision that have not yet been identified by the parties?

4. Provide an update as to any other courts in which Crystallex has registered its judgment and whether any such court has issued any rulings of any relevance to any of the issues before this Court.

5. If the Court accepts Crystallex's position on the pending motions, does that mean PDVSA is liable (formally or at least effectively) for all of Venezuela's debts, in all cases in which judgments have been registered in U.S. courts against Venezuela?

_____
HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT COURT