# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347
(302) 658-9200
(302) 658-3989 FAX

Kenneth J. Nachbar
(302) 351-9294
(302) 425-3013 FAX
KNachbar@mnat.com

August 17, 2018

**VIA ELECTRONIC FILING**

The Honorable Leonard P. Stark
U.S. District Court
for the District of Delaware
844 North King Street
Wilmington, DE 19801

> Re:   Crystallex International Corp. v. Bolivarian Republic of Venezuela, C.A. No. 17-151-LPS (D.I. 86)

Dear Chief Judge Stark:

CITGO Holding, Inc. and CITGO Petroleum Corporation ("the CITGO Entities") respectfully submit this letter in response to the joint status report filed by Petróleos de Venezuela, S.A. ("PDVSA") and Crystallex International Corporation ("Crystallex") on August 16, 2018 in *Crystallex International Corp. v. Bolivarian Republic of Venezuela*, C.A. No. 17-151-LPS (D.I. 86).  First, the CITGO Entities agree in full with PDVSA's position that this Court has been divested of jurisdiction to proceed with the attachment and sale of PDVSA's shares of PDVH stock by virtue of PDVSA's timely notice of appeal to the Third Circuit.  D.I. 86 at 6-8.

Second, Crystallex's suggestion as to how it should be allowed to execute immediately on the writ of attachment, without oversight by this Court, lacks any process to ensure fairness in any sale of PDVSA's shares of PDVH stock and would contravene Delaware law.  As the Court is aware from prior litigation, CITGO Holding is the wholly owned subsidiary of PDVH and CITGO is the wholly owned subsidiary of CITGO Holding.  As entities that will be directly affected by the sale of their direct or indirect parent company's stock, the CITGO Entities intend to file a motion to intervene in this proceeding under Federal Rule of Civil Procedure 24(a)(2) if the Court is inclined to proceed with issuing a writ of attachment against PDVSA's shares of PDVH stock so that they can provide their position on how any sale of PDVH stock should proceed.

The Honorable Leonard P. Stark
August 17, 2018
Page 2

The CITGO Entities' basis for intervening in this matter stems from ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ While Crystallex urges that the Court need not be involved in the process of effectuating the attachment and sale of PDVSA's shares of PDVH stock, D.I. 86 at 3, the ripple effects that a swift and unsupervised sale may have warrant not only the CITGO Entities' intervention, but an opportunity to present the Court with the best option for how to structure the sale in a way that minimizes the effects on a multi-billion dollar company like CITGO—which is not subject to the Court's most recent order and has never been held to be an alter ego of Venezuela.

The Delaware statute authorizing attachment of company stock specifies that any sale of PDVSA's shares can only occur after this Court issues an order of sale and that the sale itself is limited to "[s]o many of the shares sold at public sale to the highest bidder, as shall be sufficient to satisfy the debt . . . ." 8 Del. C. § 324(a).  Because PDVH is not a publicly-traded corporation, ascertaining the proper number of shares to be sold and the proper manner in which the sale should go forward so as to maximize value is a complicated task.  Crystallex would have the Court defer entirely to the U.S. Marshals to, presumptively, attach and put up for auction *all* of the PDVH shares, thereby ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ A more judicious course would be for this Court to supervise a valuation of PDVSA's shares of PDVH stock.  Given the unprecedented nature of a potential Section 324 sale of this magnitude, (the Marshall's office has indicated that they have no experience with a sale of assets anywhere close to the magnitude and complexity of that proposed here) the CITGO Entities submit that this Court should hold a hearing on how to structure the process before asking the U.S. Marshals to wade into uncharted territory.  In their intervention papers, the CITGO Entities will respectfully request that they be heard on the proper procedure.

As this Court's August 9 Opinion and Order make clear, it places a premium on ensuring a judicious attachment and sale of PDVSA's shares of PDVH stock.  D.I. 82 at 75.  If the Court opts to proceed with issuing the writ of attachment despite PDVSA's timely notice of appeal, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ in the event that the Third Circuit disagrees with this Court's August 9 Opinion and Order.  Accordingly, this Court should refrain from taking any further action with respect to attachment or sale of the PDVH shares until final resolution by the Third Circuit of PDVSA's appeal.  However, should it be determined that this Court has jurisdiction to proceed during the pendency of PDVSA's appeal, the CITGO Entities submit that the best way to accomplish the Court's goal of a judicious attachment and sale of the PDVH shares is to allow the parties—and the CITGO Entities—to be heard on how to most appropriately conduct such a sale.



The Honorable Leonard P. Stark
August 17, 2018
Page 3

                                                    Very truly yours,

                                                    *Kenneth J. Nachbar*

                                                    Kenneth J. Nachbar

KJN/baa

cc: Counsel of Record (via CM/ECF)