# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION, | : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | :     C.A. No. 17-mc-151-LPS <br> : |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | : <br> : |
| Defendant. | : |

## **MEMORANDUM ORDER**

Plaintiff/Judgment Creditor Crystallex International Corporation ("Crystallex") holds a $1.2 billion judgment against the Bolivarian Republic of Venezuela ("Venezuela" or "the Republic"). (D.I. 1) Crystallex seeks to collect on its judgment against Venezuela by executing on property nominally owned by Petróleos de Venezuela, S.A. ("PDVSA"), specifically shares of common stock PDVSA owns in PDV Holding Inc. ("PDVH"), a Delaware corporation. While Venezuela has not appeared in this case, PDVSA intervened. (D.I. 14) On August 9, 2018, the Court issued an Opinion and Order finding that PDVSA is the alter ego of Venezuela, and finding that identified property of PDVSA – that is, the shares it owns of PDVH – is subject to attachment and execution in order to satisfy Venezuela's debt to Crystallex. (D.I. 78, 79) On the same date, the Court ordered letter briefing from Crystallex and PDVSA on how the case should proceed and directed the Clerk of Court not to issue the writ of attachment until the Court issues an additional order. The following day, PDVSA filed a Notice of Appeal to the U.S. Court of Appeals for the Third Circuit. (D.I. 80)

Having reviewed the August 16 joint letter from Crystallex and PDVSA containing their

1

respective positions on how the case should proceed (D.I. 86), a letter from third parties CITGO Holding, Inc. and CITGO Petroleum Corporation (collectively, "CIGTO") (D.I. 87), a letter from third party Rosneft Trading S.A. ("RTSA") (D.I. 92), and two additional letters from Crystallex responding to CITGO and RTSA, respectively (D.I. 92, 94), **IT IS HEREBY ORDERED** that:

1. The Clerk of Court is now directed to **ISSUE** Crystallex's Praecipe. (D.I. 4-1 Ex. 2) (attached)

2. The Clerk of Court shall, pursuant to the Praecipe, thereafter **ISSUE** to the U.S. Marshals Service the writ of attachment *fieri facias*. (D.I. 4-1 Ex. 1) (attached)

3. Thereafter, the U.S. Marshals Service shall **SERVE** the writ of attachment.

4. Execution on the attached property is **STAYED** until further Order of the Court, which will not be issued until after the Court has the opportunity to consider any additional motions or other input any party, or any third party, wishes to provide. Such motions and briefing shall be submitted in accordance with the following schedule:

   A. Any motion, including a motion to stay pending appeal pursuant to Federal Rule of Civil Procedure 62(d), and any other input any party (i.e., Crystallex, Venezuela, PDVSA) wishes to provide, shall be filed no later than seven (7) days after service of the writ.

   B. Any motion to intervene, or any other motion or input any third party wishes to provide, shall also be filed no later than seven (7) days after service of the writ.

   C. Responses to any filings made pursuant to A or B above shall be due no later than fourteen (14) days after any papers are filed pursuant to A or B above.

   D. Replies to any responses shall be due no later than seven (7) days after such responses.

The Court agrees with Crystallex that, notwithstanding PDVSA's filing of a Notice of Appeal, the Court retains authority to enforce its August 9 Order. (*See* D.I. 86 at 2) Unless PDVSA files a Rule 62(d) motion for a stay and posts a supersedeas bond, "the Court remains free to issue further orders as needed to enforce the August 9 Order." (*Id.*) While PDVSA is correct that the Court no longer retains jurisdiction over the issues on appeal (*see id.* at 6-7) – those issues being the Court's conclusions that PDVSA's sovereign immunities under the Foreign Sovereign Immunities Act ("FSIA") do not preclude the attachment and execution sought by Crystallex – the Court retains authority to enforce the judgment that is currently on appeal (*see id.* at 2).

"[T]he mere pendency of an appeal does not, in itself, disturb the finality of a judgment. The district court has jurisdiction to act to enforce its judgment so long as the judgment has not been stayed or superseded." *N.L.R.B. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987) (internal citation, quotation marks, and alteration omitted); *see also Lauber v. Belford High Sch.*, 2012 WL 12994877, at *2 n.4 (E.D. Mich. Aug. 31, 2012) (citing "well established rule that district courts retain jurisdiction, even after a notice of appeal is filed, to enforce an order already issued prior to the filing of the notice of appeal"); 20 Moore's Federal Practice § 303.32(2)(b)(vi) ("Until the district court's judgment is superseded or stayed, the judgment is fully in effect and the district court retains the authority to enforce the judgment."). "If an appeal from an order or judgment divested the district court of jurisdiction to enforce that order or judgment, there would be no point to Rule 62(d) of the Federal Rules of Civil Procedure, which

provides for a stay of an appealed order or judgment with the posting of a supersedeas bond."[1] *In re Gushlak*, 2012 WL 2564523, at *4 (E.D.N.Y. July 2, 2012); *see also Brown v. Braddick*, 595 F.2d 961, 965 (5th Cir. 1979) ("Since Braddick failed to ask the district court for a stay pending appeal and to post supersedeas bond as required by F.R.C.P. 62(d), the district court retained power to enforce its order by civil contempt proceedings."); 11 Fed. Prac. & Proc. Civ. § 2905 (3d ed.) ("In the absence of a stay obtained in accordance with Rule 62(d), the pendency of an appeal does not prevent the judgment creditor from acting to enforce the judgment.").

In the D.C. District Court, Venezuela followed this procedure and filed a Rule 62(d) motion to stay the judgment against it pending appeal. However, since Venezuela failed to post the required bond, and that failure could have injured Crystallex, Judge Contreras declined to grant the requested stay. *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 16-cv-661-RC D.I. 44 at 5-6 (D.D.C. Aug. 8, 2017); *cf. Ministry of Def. & Support for Armed Forces of Islamic Rep. of Iran v. Cubic Def. Sys., Inc.*, 984 F. Supp. 2d 1070, 1074-75, 1098 (S.D. Cal. 2013) (deciding, after confirmation of arbitration award and finding that FSIA authorized attachment of certain assets, to "immediately provide[] for execution on the attachment" while "stay[ing] disbursement of the funds until the conclusion of any appeal," based on debtor's depositing of funds with court and filing of Rule 62(d) motion to stay pending appeal).

As long as "a district court [does] not alter or enlarge the scope of its judgment pending appeal, it does retain jurisdiction to enforce the judgment," absent a stay pending appeal. *Cincinnati Bronze*, 829 F.2d at 588; *see also* 20 Moore's Federal Practice § 303.32(2)(b)(vi)

---

[1] Rule 62(d) provides: "If an appeal is taken, the appellant may obtain a stay by supersedeas bond. ... The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond."

4

("[T]he district court may not enlarge or alter the scope of the judgment after a notice of appeal has been filed."). Although the Court initially directed the Clerk of Court not to issue the writ in its August 9 Order, the Court did grant "Crystallex's motion for an order authorizing the issuance of a writ of attachment *fieri facias*" (D.I. 78), so today's Order is not altering or enlarging the scope of the Court's August 9 judgment. Hence, today's decision is within the scope of the Court's authority, notwithstanding the pending appeal.

Therefore, if PDVSA wishes to prevent execution of the writ of attachment, it must file a Rule 62(d) motion and post a supersedeas bond (or seek other appropriate relief). If PDVSA cannot furnish the bond and the Court denies the stay (for any reason), PDVSA does not lose the right to appeal. *See* 11 Fed. Prac. & Proc. Civ. § 2905 (3d ed.).

As Crystallex, CITGO, and RTSA acknowledge (*see* D.I. 86 at 3; D.I. 87 at 2; D.I. 92 at 2), the sale of PDVH's shares will not begin until the Court separately issues an order of sale. *See* 8 Del. C. § 324 ("No order of sale shall be issued until after final judgment shall have been rendered.").

August 23, 2018
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION,<br><br>                     Plaintiff,<br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>                     Defendant. | C.A. No. 17-mc-00151-UNA |

## PRAECIPE

TO:    Clerk of Court
         United States District Court
         844 North King St.
         Wilmington, DE 19801-3570

       **PLEASE ISSUE** to the U.S. Marshals Service the writ of attachment *fieri facias* filed with this Praecipe to attach all shares of stock and any other assets or rights incident to that stock ownership belonging or owing to **Petróleos de Venezuela, S.A.**, alter ego of Defendant and Judgment Debtor Bolivarian Republic of Venezuela, to be served upon **PDV Holding, Inc., c/o its Registered Agent, Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.**

|  |  |
|---|---|
|  | /s/ Travis S. Hunter |
|  | Raymond J. DiCamillo (#3188) |
|  | Jeffrey L. Moyer (#3309) |
| OF COUNSEL: | Travis S. Hunter (#5350) |
|  | RICHARDS, LAYTON & FINGER, P.A. |
| Robert L. Weigel | One Rodney Square |
| Jason W. Myatt | 920 North King Street |
| Rahim Moloo | Wilmington, Delaware 19801 |
| GIBSON, DUNN & CRUTCHER LLP | Tel: (302) 651-7700 |
| 200 Park Avenue | Fax: (302) 651-7701 |
| New York, New York 10166 | dicamillo@rlf.com |
| Tel: (212) 351-4000 | moyer@rlf.com |
| Fax: (212) 351-4035 | hunter@rlf.com |
| Dated: August 14, 2017 | *Attorneys for Plaintiff* |

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION,<br><br>Plaintiff,<br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>Defendant. | C.A. No. 17-mc-00151-UNA |

## WRIT OF ATTACHMENT *FIERI FACIAS*

**TO THE U.S. MARSHALS SERVICE, YOU ARE COMMANDED:**

To serve this writ of attachment *fieri facias* on **PDV Holding, Inc., c/o its Registered Agent, Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801**, to attach all shares of stock and any other assets or rights incident to that stock ownership belonging or owing to **Petróleos de Venezuela, S.A.** ("PDVSA"), alter ego of Defendant and Judgment Debtor Bolivarian Republic of Venezuela ("Venezuela"), to satisfy the judgment owed to the above named Plaintiff and Judgment Creditor Crystallex International Corporation ("Crystallex") by Venezuela in the amount of $1,202,000,000.00, plus interest, according to the judgment of the United States District Court of the District of Columbia, C.A. No. 16-cv-661 (RC), which has been registered by the United States District Court for the District of Delaware in this proceeding.

**To the defendant's garnishee who is served this paper:**

The United States District Court for the District of Delaware requires, within 20 days after service of this process, that you serve upon **Raymond J. DiCamillo of Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, telephone 302-651-7700**, a verified answer, which shall specify what shares of stock and other assets or rights incident to that stock ownership belonging to or owing to PDVSA, as alter ego of Defendant and Judgment Debtor Venezuela, you currently possess. **You must do this within 20 days after service of this writ upon you, not counting the day that you received this writ.** Your failure to respond may result in a default judgment against you in an amount equal to the value of the property subject to the attachment, or the amount of the judgment, whichever is less, with interest and costs. As the Garnishee, you are to retain the items stated by you in your answer. You are to hold these items until another order of this Court releases you from this obligation.

The amount of the judgment owed by Venezuela is as follows:

| | |
|---|---|
| Principal: | $1,202,000,000.00 |
| Pre-award interest from April 13, 2008 to April 4, 2016 (the date of the Award) at a rate of the 6-month average U.S. Dollar LIBOR plus 1%, compounded annually | $184,663,586.22 |
| TOTAL: | $1,386,663,586.22 |

_____
Clerk of Court

Issued: _____    per Deputy: _____

*By Attorneys: Raymond J. DiCamillo (#3188), Jeffrey L. Moyer (#3309), and Travis S. Hunter (#5350), Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, 302-651-7700.*