**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CRYSTALLEX INTERNATIONAL CORP., | ) | |
| | ) | |
| Plaintiff, | ) | PUBLIC REDACTED VERSION |
| | ) | |
| v. | ) | |
| | ) | |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | ) | Case No. 1:17-mc-00151-LPS |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**CITGO PETROLEUM CORPORATION'S**
**MOTION TO INTERVENE**

CITGO Petroleum Corporation ("CITGO") respectfully moves this Court for an order permitting it to intervene in this action and to file a Motion to Continue the Stay Entered on August 23, 2018, in response to this Court's orders dated August 9, 2018, D.I. 78, and August 23, 2018, D.I. 95. Through these orders, the Court has authorized the issuance of a writ of attachment *fieri facias* against the shares of PDV Holding, Inc. ("PDVH"), which are owned by Petróleos de Venezuela, S.A. ("PDVSA") (hereinafter, the "PDVH Shares"). The writ of attachment so ordered was served on PDVH on August 24, 2018, D.I. 96, and CITGO therefore files the instant motion pursuant to this Court's August 23, 2018 Order. D.I. 95 at 2 (ordering non-parties to file motions to intervene or otherwise no later than seven days after service of the writ). A copy of the proposed Motion to Continue the Stay Entered on August 23, 2018, is attached hereto as Exhibit A.

In short, PDVH is the parent company of CITGO Holding, Inc. ("CITGO Holding"), which is the parent company of CITGO, and ███████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

████  Accordingly, CITGO has an interest in staying the sale of the PDVH Shares and, if it is ultimately determined that a sale will take place, in the manner in which the PDVH Shares are sold.  For the reasons set forth below, CITGO respectfully requests that this Court enter the proposed order.

### A. Background

On April 7, 2017, Crystallex International Corp. ("Crystallex") obtained a judgment against the Bolivarian Republic of Venezuela ("Venezuela") from the United States District Court for the District of Columbia, confirming an international arbitral award entered against Venezuela on April 4, 2016.  Crystallex registered the judgment with this Court, D.I. 1-1, and filed a motion for an order authorizing the issuance of a writ of attachment *fieri facias* against the PDVH Shares on the theory that PDVSA is the alter ego of Venezuela, D.I. 2.  This Court granted the motion on August 9, 2018, directed the issuance and service of the writ on August 23, 2018, and has stayed execution on the attached shares pending consideration of the positions of entities like CITGO.  D.I. 78; D.I. 95.  The writ was served on PDVH on August 24, 2018.  D.I. 96.

While Crystallex's motion was pending, PDVSA—the owner of the PDVH Shares—filed an unopposed motion to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure to oppose Crystallex's attachment motion.  D.I. 14.  This Court granted PDVSA's motion.  D.I. 17.  Like PDVSA, CITGO is entitled to intervention as a matter of right pursuant to Rule 24(a)(2).

### B. Argument

Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or

transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  This Court "construe[s] Rule 24 liberally in favor of intervention."  *Merck Sharp & Dohme Corp. v. Teva Pharm. USA, Inc.*, Civ. Nos. 14-874-SLR/SRF and 15-250-SLR/SRF, 2015 WL 5163035, at *2 (D. Del. Sept. 3, 2015).

The Third Circuit requires four elements to intervene under Rule 24(a)(2):  "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter, by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." *United States v. Terr. of V.I.*, 748 F.3d 514, 519 (3d Cir. 2014) (internal quotation marks omitted). CITGO satisfies each of these elements.

1.   Timely application

This motion is presumptively timely, as it complies with this Court's August 23, 2018 Order setting the date for motions to intervene in this matter.  D.I. 95 at 2.

Even absent the Court's most recent order, this Motion would be timely considering the totality of the circumstances.  *Wallach v. Eaton Corp.*, 837 F.3d 356, 371 (3d Cir. 2016) (in construing timeliness under Rule 24, considering "(1) the stage of the proceeding; (2) the prejudice that delay [if any] may cause the parties; and (3) the reason for [any] delay" (internal quotation marks omitted)).

CITGO has not delayed in bringing this Motion.  CITGO is not a party to the judgment against Venezuela and had no legal stake in contesting the writ of attachment on alter ego grounds.  CITGO's interest in ███████████████████ accrued only when this Court entered its order authorizing a writ of attachment.  *See, e.g., Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 370 (3d Cir. 1995) (holding that motion to

intervene was "prompt" when brought upon learning that intervenors' interests were in jeopardy); *see also Peterson v. Islamic Rep. of Iran*, 290 F.R.D. 54, 57 (S.D.N.Y. 2013) (finding that motion to intervene was timely where the intervenors "asserted their interest at the earliest time that the law permitted").  The week immediately following this Court's order authorizing the writ, CITGO filed a letter informing the Court of its intent to move to intervene if the Court planned to move forward with the seizure and sale of the PDVH stock despite a pending interlocutory appeal filed by PDVSA.  Once the Court directed that the writ be issued and the shares attached, CITGO's interests were jeopardized.  Accordingly, this Motion is presented at the proper time in this proceeding and is tied directly to the threat to CITGO; there has thus been no delay.[1]

Nor will CITGO's intervention now cause prejudice to the parties.  *Wallach*, 837 F.3d at 378 (where there was no significant delay in seeking intervention, no prejudice could stem from delay).  CITGO is not asking this Court to revisit any of its earlier rulings or for the parties to re-brief issues.  *See id.* (no prejudice where intervenors "have not sought to re-open discovery or re-brief class certification"); *Peterson*, 290 F.R.D. at 58 (finding that intervenors caused no prejudice to existing parties where "[t]he Court's decision on summary judgment is not affected by their intervention").

2.  Sufficient interest

The Third Circuit has stated that Rule 24(a)(2)'s "central purpose" is to "allow intervention by those who might be practically disadvantaged by the disposition of the action." *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 970 (3d Cir. 1998) (internal quotation marks

---

[1] Moreover, where "the would-be intervenor actually may be seriously harmed if not allowed to intervene," the Third Circuit has expressed "a general reluctance to dispose of a motion to intervene as of right on untimeliness grounds." *Benjamin ex rel. Yock v. Dep't of Public Welfare*, 701 F.3d 938, 949 (3d Cir. 2012).

omitted).  A party has a sufficient interest to intervene under Rule 24(a)(2) where it "will be

practically disadvantaged by the disposition of the action" in a "concrete fashion."  *Benjamin*,

701 F.3d at 951 (internal quotation marks omitted).

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████ attached hereto as Exhibit B.

███████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

████████████████████████████████████████████████████ PDVH is

the sole shareholder of CITGO Holding and the indirect parent of CITGO.  *See* Compl. ¶ 14,

*Crystallex Int'l Corp. v. Petróleos de Venez., S.A.*, No. 1:15-cv-1082-LPS (D. Del.).  ███████████

█████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████



3.   <u>Affected or impaired interest</u>

A proposed intervenor must demonstrate "that their interest *might* become affected or

impaired, as a practical matter, by the disposition of the action in their absence." *Mountain Top*,

72 F.3d at 322 (emphasis in original).                                              

                                                                                    

                                                                                    

                        , as noted above.  *See, e.g.*, *Advanced Dynamic Interfaces, L.L.C. v. Aderas*

*Inc.*, No. 12-cv-963 (GMS), 2013 WL 6989428, at *1 n.1 (D. Del. Jan. 11, 2013) (finding an

intervenor satisfied this element because "the outcome of this action will directly impact

[intervenor] legally and/or economically").

4.   <u>Inadequate representation</u>

A party seeking intervention must show "that representation of his interest 'may be'

inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v.*

*United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972) (citing 3B J. Moore, Federal

Practice 24.09-1 (4) (1969)).  Inadequate representation exists even where "the [prospective

intervenor's] interests are similar to those of a party [when those interests] diverge sufficiently that the existing party cannot devote proper attention to the applicant's interests." *Brody v. Spang*, 957 F.2d 1108, 1123 (3d Cir. 1992).  Here, no party in this litigation adequately represents CITGO's interests.  Now that this Court has issued an order authorizing the writ of attachment, CITGO has an immediate interest in the administration of the Court's Order and avoiding ███████████████████████████████████████████████

███████████

      C.  <u>Conclusion</u>

For the foregoing reasons, CITGO respectfully requests that the Court grant its Motion to Intervene in this action and to file a Motion to Continue the Stay Entered on August 23, 2018.


                      Respectfully submitted,

                      MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:

Nathan P. Eimer
Lisa S. Meyer
EIMER STAHL LLP
224 South Michigan Avenue
Suite 1100
Chicago, IL 60604
(312) 660-7600
NEimer@eimerstahl.com
LMeyer@eimerstahl.com

August 31, 2018

                      <u>/s/ *Kenneth J. Nachbar* (#2067)</u>
                      Kenneth J. Nachbar
                      1201 North Market Street
                      Wilmington, DE 19801
                      (302) 658-9200
                      KNachbar@mnat.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 31, 2018, the foregoing was electronically filed with the

Clerk of the Court, via the ECF system.  Service of that filing was made by operation of the

United States District Court for the District of Delaware's electronic filing system to ECF-

registered counsel.

<div style="margin-left: 40%;">

*/s/  Kenneth J. Nachbar*
Kenneth J. Nachbar (#2067)
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200

</div>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CRYSTALLEX INTERNATIONAL CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-mc-00151-LPS |
| | ) | |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**[PROPOSED] ORDER GRANTING CITGO PETROLEUM CORPORATION'S**
**MOTION TO INTERVENE**

AND NOW, this _____ day of _____, 2018, this Court having considered

CITGO Petroleum Corporation's Motion to Intervene, pursuant to Rule 24(a)(2) of the Federal

Rules of Civil Procedure, and to file a Motion to Continue the Stay Entered on August 23, 2018,

IT IS HEREBY ORDERED that:

1. The Motion is GRANTED; and

2. The CITGO Entities are permitted to file a Motion to Continue the Stay Entered on

   August 23, 2018.


_____

JUDGE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE