IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>　　　　　　　Defendant. | C.A. No. 17-mc-00151-LPS |

**CRYSTALLEX'S OPPOSITION TO PDV HOLDING, INC.'S
MOTION TO EXTEND DEADLINE TO SERVE VERIFIED ANSWER**

|  |  |
|---|---|
| OF COUNSEL:<br><br>Robert L. Weigel<br>Jason W. Myatt<br>Rahim Moloo<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, New York 10166<br>Tel: (212) 351-4000<br>Fax: (212) 351-4035 | Raymond J. DiCamillo (#3188)<br>Jeffrey L. Moyer (#3309)<br>Travis S. Hunter (#5350)<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware 19801<br>Tel: (302) 651-7700<br>Fax: (302) 651-7701<br>dicamillo@rlf.com<br>moyer@rlf.com<br>hunter@rlf.com<br><br>*Attorneys for Plaintiff* |

Dated: September 19, 2018

Plaintiff Crystallex International Corporation ("Crystallex") hereby opposes the motion of PDVH Holding, Inc. ("PDVH") to extend the time for PDVH to serve a verified answer to the Court's Writ of Attachment *Fieri Facias* (D.I. 109).

### ARGUMENT

Pursuant to this Court's August 23, 2018 Order (D.I. 95), the U.S. Marshals served PDVH with the writ of attachment fi. fa. (the "Writ") on August 24, 2018 (D.I. 96). By Delaware rule, which, pursuant to Rule 69 of the Federal Rules of Civil Procedure applies to this garnishment action, PDVH was required to respond to the Writ on September 13, 2018. Del. Superior Court Civil Rule 4(c)(2). Responding to the Writ imposes no burden on PDVH. All PDVH must do is identify assets in its possession that belong to PDVSA. Del. Superior Court Civil Rule 5(aa)(2). For some undisclosed reasons, PDVH does not want to reveal information that it has readily available. Thus, on the eve of the deadline for filing its verified answer to the Writ, PDVH moved for an indefinite extension of its time to respond. (D.I. 109.) Crystallex respectfully requests that PDVH's eleventh hour request be denied.[1]

PDVH's sole basis for seeking an extension—the pendency of motions to stay execution pending appeal—was not some unforeseeable event. The motions had been pending for 12 days when PDVH filed its motion. PDVSA had indicated its intention to seek such a stay even earlier. Having waited until the deadline for responding to make a request that could have and should have been brought weeks earlier, PDVH should not be allowed to further delay its time to respond by pointing to the mere pendency of a belatedly-filed extension request.

---

[1] Failure to respond to a writ of attachment within the statutory deadline allows the debtor to seek a default judgment against the garnishee. *See* Del. Superior Court Civil Rule 4(c)(2); D.I. 95 at 7. While Crystallex does not seek such a remedy at this time, the severity of that remedy demonstrates the seriousness with which PDVH's non-compliance should be viewed.

Not only is PDVH's request untimely, but, more importantly, it is without merit. PDVH has not argued, much less shown, that responding to the Writ would cause it any undue burden or hardship. Similarly, PDVH has not argued that it needs more time to furnish its verified answer. Nor could it, given that the information it is required to provide is readily known to PDVH. And even if it were not, the information could be collected in short order, justifying a request for an extension of perhaps a few days.

But the relief sought by PDVH is not additional time to respond, but rather indefinite leave to avoid responding at all. PDVH does not explain why such an extension is warranted. PDVH points to the pending motions for a stay, but fails to explain why those motions should have any bearing on its need to respond. Even if the Court were to grant a stay, the Writ would still require a response. Indeed, each party moving this Court for a stay of execution has pointed to the existence of the Writ as a reason why PDVSA should be granted a stay of execution. Given that the extent and reliability of the security provided by the lien is an issue before the Court on the stay motions, there is no logical reason for allowing PDVH to avoid responding to the Writ just because those same motions are pending.[2]

And even if a stay were to be granted—whether with or without a bond requirement—there is no explanation as to why the Writ should be left without response. The Writ is a lien-creating event and Crystallex—and the U.S. Marshals Service—should know what assets are subject to that lien, so as to be able to take all necessary steps to protect those interests.

---

[2] Perhaps the issue is that PDVH would prefer to avoid affirmatively identifying the assets of PDVSA in its possession that are subject to the Writ. Given that PDVSA and Venezuela have used PDVH to hinder and frustrate creditors in the past, Crystallex rightly has concerns that PDVH's non-compliance with the Writ is intended to hide conduct that might be subject to challenge. Crystallex has a right to execute against the shares. There is no legitimate reason for not providing a robust disclosure and response to the Writ.

This Court, the U.S. Marshals Service, and all the parties and proposed intervenors have an interest in ensuring that there is no secret as to which assets are in the Marshals' constructive possession as a result of the service of the Writ. Accordingly, Crystallex respectfully requests that the Court deny PDVH's request for an indefinite extension of time and order PDVH to provide an immediate response to the Writ given that the time to respond has already lapsed.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Robert L. Weigel<br>Jason W. Myatt<br>Rahim Moloo<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, New York 10166<br>(212) 351-4000<br><br>Dated:  September 19, 2018 | /s/ Travis S. Hunter<br>Raymond J. DiCamillo (#3188)<br>Jeffrey L. Moyer (#3309)<br>Travis S. Hunter (#5350)<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware 19801<br>(302) 651-7700<br>dicamillo@rlf.com<br>moyer@rlf.com<br>hunter@rlf.com<br><br>*Attorneys for Plaintiff* |

3