January 24, 2019

**Frank J. Sisca, PE**

15 Buttercup Lane • San Carlos, CA 94070

Frank_sisca@yahoo.com • 650.654.0110 (H) • 650.654.2810 (F) • 415.990.5866(C)

Chief Judge Leonard P. Stark

J. Caleb Boggs Federal Building
844 N. King Street
Unit 26 Room 6124
Courtroom 6B
Wilmington, DE 19801-3555

Nos. 18-2797, 18-3124
IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
CRYSTALLEX INTERNATIONAL CORPORATION,
Appellee,
-v-
BOLIVARIAN REPUBLIC OF VENEZUELA,
Defendant.
PETRÓLEOS DE VENEZUELA, S.A.,
Intervenor-Appellant.
On Appeal from the United States District Court
For the District of Delaware
Civil Action No. 1:17-mc-00151-LPS
The Honorable Leonard P. Stark, United States District Judge

Chief Judge Leonard P. Stark,

My name is Frank Sisca, an individual investor in Crystallex International Corporation for over 30 years. I started investing a significant portion of my retirement funds into Crystallex and several of my accounts including my IRA accounts.

It is a noble and a just undertaking that Your Honor is forcing Venezuela to live up to its sovereign obligations by awarding an attachment writ on behalf of Crystallex International for control of CITGO, in order to enable enforcement of the ICSID Judgment awarded to Crystallex International.

The ICSID Judgment, Your Honor, is facilitating enforcement on behalf of the applicant, is not for the original party who was damaged by Venezuela, and that the ICSID rendered its award on behalf of, the pre-existing shareholders of Crystallex International.

pg. 1

As a US citizen, I was defrauded by the applicant, and the CCAA process in Canada, and not allowed any due process to defend what has been taken from me, a stockholder, in the cover of darkness by the applicant, who is before Your Honor seeking authority to facilitate what amounts to self-dealing by the current Board of Directors of Crystallex International. I hope and pray this court will not be used to reward actions taken in Canada by the applicant's Board of Directors that run counter to US Public Policy.

While I am in full support of Your Honor's rulings against the Republic of Venezuela, PDVSA, and CITGO, I implore Your Honor to investigate and restrict the distribution of funds facilitated by your court to the applicant.

I would also like to offer the following to further support those allegations;

1.  Abuse of the CCAA ACT's objective and violation of the public interest protection intended by the Act.
2.  Use of the CCAA process to evade the requirement set forth by Section 192 of the Canadian Business Corporation Act:
    -   *1.02 : The Director endorses the position that the arrangement provisions of the Act are intended to be facilitative and should not be construed narrowly.* ***This position is subject to the express limitations in the Act and to the proviso that any proposed arrangement transaction must satisfy requirements of procedural and substantive fairness.***
3.  The use of CCAA by the Company Fiduciaries, **Crystallex Management, BOD, and the Monitor**, to hide and facilitate the misappropriation of shareholders' assets and rights:
    -   The potential distribution of the Award
    -   Settlement % that the DIP lender **may be** entitled to
    -   Issuance of equity shares in the company to the DIP lender without notice to shareholders
    -   Transfer and sale of the mine data, which is the property of the company and its pre-existing shareholders, not the property of the DIP lender nor included in the terms of the DIP credit agreement
    -   Wrongful expropriation of the economic value of the tax loss carry forwards, which were born by and the property of the pre-existing shareholders
    -   Obtaining a Court Order removing the independence and intended fiduciary role of the Monitor in the CCAA process. (Monitor had to go to the Applicant for what information could and could not be made public to interested parties and stakeholders on the Monitor's website)
    -   Failure of the Company Fiduciaries to recommend a Shareholder Committee to voice and protect shareholders interest in the CCAA process.
4.  Failure of the Court's fiduciary, **The Monitor** to;
    -   properly and timely provide notice and full transparency of activities and events occurring in the CCAA process
    -   Failure to make timely postings to its website of motions, reports, and court orders in the early stages of the CCAA process.

pg. 2

5   Other misuses of the CCAA process by the Company Fiduciaries;
- Evade fiduciary responsibilities and avoid the public interest protections afforded shareholders by the Ontario Securities Commission.
- Usurp on shareholders rights
- Hidden dilution through illegal issuance of equity without formal notification to pre-existing shareholders.
- Concerted effort by DIP lender and Board of Directors members, both internal and externally, to self-deal the assets of the Company and its pre-existing shareholders
- Compensation Agreements between the DIP Lender-Tenor, Robert Fung & Marc Oppenheimer, senior managers, and all Board of Director members.

6   Hidden change of control process through issuance of equity without formal notice to pre-existing shareholders;
   a.   Voted upon by the Board of Directors where four of the five directors benefit from the dilution of pre-filing shareholders; or
   b.   A Board of Directors meeting of one was held to vote for approval of the issuance and effective dilution of the pre-filing shareholders.

7   Concerted effort by DIP lender and Board of Directors members, both internal and externally, to self-deal the assets of the Company and its pre-existing shareholders such as:
   c.   Las Cristinas Mine Data held by Crystallex International
   d.   $400 million dollars plus of Tax Carry Forward Losses which are the property of the pre-filing shareholders, possessing a value in excess of $100 million dollars

8   Passed on opportunities for near term material recovery (Nomura Bond Attachment) for reasons of alluding Canadian Criminal Interests Rate Laws and further personal enrichment.

I had written a letter to Canadian offices dated December 17, 2018, (which I have enclosed a copy) expressing my concerns of;
- breach of fiduciary duty
- self-dealing
- fraud
- Board, and Tenor, are acting contrary to law in an effort to defraud the shareholders.
- **theft** of the arbitration award by Tenor and the board members.

Some of those earlier concerns I expressed in that letter, and express again are;

- From the early Monitors reports, **Tenor agreed 55% of the net Arbitration Award was promised to the shareholders.**
- The shareholders need to **have a voice in the final distribution of any assets.**
- *In the 1st Monitor's Report dated January 18, 2012;*
   Par 12, the Monitor wrote;" **and provide substantial value to its shareholders."**
- *In the 3rd Monitor's Report dated April 12, 2012;*
   Par 6, the Monitor again wrote;" **and to provide substantial value to its shareholders."**
- Par 118, the Monitor wrote, **and provide recovery for its shareholders. "**

- Par 121, the Monitor wrote; **Existing shareholders would receive 55% of any net arbitration award**
- With Crystallex asking for more money (2nd, 3rd, and other additional loans without **visible** backup accounting) Tenor continues to request more of the Net Arbitration Award for additional ROI, while no one is speaking of the minimum of **55% that should be awarded to the stockholders** of Crystallex.

My understanding is that after the arbitration award, the courts retain jurisdiction on a review and approval of the distribution of funds. I know Your Honor will help the original shareholders by providing strong direction to Crystallex and the monitor to establish a fair plan of action, on the distribution of assets, to do the right thing, and protect the original stockholders from any greed of the board of directors, unsecured creditors, MIP's, stock options, and the DIP lender's absorbent ROI fees, from defrauding the original stockholder/stakeholders of our fair share of assets and becoming victims.

Unless a Shareholders Committee is permitted to bring a Oppression Claim forward, **or someone like Your Honor intervenes**, with special leave requirements unique to this case being waived, and certain applicable stays of proceedings arising under the various court orders are lifted, shareholders will have no opportunity to challenge the excessive ROI that the DIP Lender is trying to take for itself, as well as assets described above, for the benefit of certain directors of Crystallex, then the interests of shareholders will be permanently prejudiced.

Any other course is a clear case of breach of fiduciary duty, self-dealing, and fraud, to the point that Fung, the Board, and Tenor are acting contrary to law in an effort to defraud the shareholders.

**I am hoping and praying Your Honor helps the original shareholders, see that I have my investment returned to me before TENOR and the board steal it.**

Respectfully,

Frank J. Sisca, Victim
(Working at age 70)
15 Buttercup Lane
San Carlos, CA 94070


Cc:     JUSTIN C. FINE
        Thousand Oaks, California
        Jcf.enif@iswest.com

pg. 4

December 17, 2018

**Frank J. Sisca, PE**

15 Buttercup Lane • San Carlos, CA 94070

United States of America

Frank_sisca@yahoo.com • 650.654.0110 (H) • 415.990.5866(C)


ATTN: Innovation, Science and Economic Development Canada

Office of the Superintendent of Bankruptcy – CCAA Team
300 Georgia Street W., Suite 2000
Vancouver, British Columbia V6B 6E1 Canada

REF:   ONTARIO SUPERIOR COURT OF JUSTICE (COMMERCIAL LIST)
Court File No.: CV-11-9532(1)-00CL

IN THE MATTER OF THE COMPANIES' CREDITORS ARRANGEMENT ACT,
R.S.C. 1985, c. C-36, AS AMENDED
AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF
CRYSTALLEX INTERNATIONAL CORPORATION
**CRYSTALLEX INTERNATIONAL CORP. against BOLIVARIAN REPUBLIC of VENEZUELA**


Superintendent of Bankruptcy;

My name is Frank Sisca, an individual investor in Crystallex International Corporation for over 30 years. I started investing a significant portion of my retirement funds in Crystallex in several of my accounts including my IRA accounts.

I invested heavily in Crystallex International relying on and with the belief that this venture was represented honestly by their Officers, Press Releases, Prospectus, Financial Statements, etc. I relied on the truthfulness and accuracy of all publically available information regarding Crystallex, including Crystallex' own press releases and Crystallex' SEC filings, with the hopes of a return on my investment.

I have written letters of concern and discomfort as early as March of 2015, to Superior Court of Justice - Judge Frank Newbould, Ernst & Young (the monitor), Mr. Jay Swartz, DAVIES WARD PHILLIPS & VINEBERG LLP, Judge Laurie Selber Silverstein, GOWLING WLG (CANADA) LLP, BLANEY McMURTRY, JUSTIN C. FINE, and the Superior Court of Justice – Civil/Commercial Court, Honorable Glenn A. Hainey, expressing concerns in each writing.

Some of the concerns I expressed and express again are;

- Tenor was awarded the contract via a "best bid" process
- Tenor should **not** have the right to renegotiate their terms ipso facto
- Tenor continues to request additional compensation by a % of the **net arbitration award,** over and above getting 10% -12% interest annually on their money loaned.

pg. 1

- The court ordered that Crystallex is hereby authorized and empowered to obtain and borrow, under a credit facility from the DIP Lender, pursuant to a credit agreement ("Credit Agreement") between Crystallex and Tenor Special Situation Fund I, shall not exceed US$36,000,000 with 10% -12% interest annually on their money loaned, unless permitted by further Order of this Court, and 35% of the **net arbitration award** as a Return On Investment (ROI).
- I have requested a copy of the original agreement between Tenor and Crystallex and have been denied because that agreement has been sealed.
- Crystallex sought and obtained an Order relieving them from its **obligation** to hold an annual meeting of shareholders until further order of the Court.
- At this point stockholder/stakeholders are **blind** with respect to the activities of the proceedings which are/have taken place.
- The DIP ROI percentage of the **net arbitration award** keeps growing to an **absurd** approximate cumulative total in access of 88%, and still getting 10%-12% interest annually on their money loaned, while shareholders have **no** input and watching our investment disappear.
- In review of the DIP's motion of "VALIDITY AND PRIORITY OF CHARGE CREATED BY THIS ORDER" Tenor/Crystallex had/has **NO** intention to return any stockholder/stakeholders investments.
- **I strongly disagree** with this proposed additional compensation ROI of 88%+ of the **net arbitration award** amount to TENOR.
- From the early Monitors reports, **Tenor agreed 55% of the net Arbitration Award was promised to the shareholders.**
- The shareholders need to see the original DIP agreement along with the confidential Affidavit of Robert Fung, sworn on March 20, 2012, **and have a voice in the final distribution of any assets.**
- ***In the 1st Monitor's Report dated January 18, 2012;***
  Par 12, the Monitor wrote;" While the ultimate outcome of the Arbitration Proceedings is not yet known, if successful in the Arbitration Proceedings, Crystallex would have sufficient proceeds to fully repay its creditors, including the Note holders {as defined and described below), **and provide substantial value to its shareholders."**
- ***In the 3rd Monitor's Report dated April 12, 2012;***
  Par 6, the Monitor again wrote;" While the ultimate outcome of the Arbitration Proceedings is not yet known, if successful in the Arbitration Proceedings, Crystallex may have sufficient proceeds to fully repay its creditors, including the Note holders **and to provide substantial value to its shareholders."**
- Par 118, the Monitor wrote, "The Monitor accepts that the introduction of a third party, Tenor, with consent rights in relation to certain actions will add complexity to the negotiations of a CCAA Plan but also notes the Company's position that Tenor DIP Loan is intended to enable Crystallex to pursue the Arbitration Proceedings to an award which, if successful could allow it to pay out its unsecured creditors in full, including post filing interest, **and provide recovery for its shareholders. "**

- Par 121, the Monitor wrote; "Under the Tenor DIP loan, if the net arbitration award is in excess of $180 million, the Note holders would recover their full principal amount of the notes plus pre and post filing interest. **Existing shareholders would receive 55% of any net arbitration award after** the payment of the taxes, DIP (including interest) and the unsecured creditors' claims including both pre and post-filing interest."

- Prior to the arbitration and Tenor, the shareholders owned 100% of the company's future success; however, now they are not being considered in the process for compensation.

- **My biggest concern** and opposition, is to the hidden terms of the DIP lender agreement with Tenor. Tenor was awarded the contract via a "best bid" process and was well aware of the inherent risk, and the intention that **Existing shareholders would receive 55% of any net arbitration award after....etc.** upon entering into this contract with Crystallex. They provided the principal amount not to exceed US $36,000,000 unless permitted by further Order of this Court and a 35% of the net arbitration award as a ROI.

- With Crystallex asking for more money (2nd, 3rd, and other additional loans without **visible** backup accounting) Tenor continues to request more of the Net Arbitration Award for additional ROI, while no one is speaking of the minimum of **55% that should be awarded to the stockholders** of Crystallex. Tenor's previous advances of funds and the advances to Crystallex described to date total approximately $62.5 million (now plus) and may have potentially earned Tenor an **absurd** cumulative total of 88% (now plus) of the Net Arbitration Award as additional ROI.

- As stated earlier, I strongly disagree with this proposed financing with a bonus ROI fee of 88% (now plus), which is unreasonably high, and I would hope and pray that The court stops this **absurd** additional ROI amount to Tenor, plus interest owed, and protects stockholder/stakeholders from being denied their fair share of any Net Arbitration Award and protect their original investments by not allowing the **theft** of the arbitration award by Tenor and the board members.

My understanding is that after an arbitration award, the courts retain jurisdiction on a review and approval of the distribution of funds. I know you will help the courts to do the right thing and protect all original stockholders from any greed of the board of directors, unsecured creditors, MIP's, stock options, and the DIP lender's absorbent ROI fees, and defrauding the original stockholder/stakeholders of our fair share of assets.

It would be greatly appreciated if you would provide strong direction to Crystallex and the monitor, thru the courts, on establishing a fair plan of action, on the distribution of assets with a ROI to the original stockholder/stakeholders, the potential victims.

Crystallex's original stockholder/stakeholders have seen their interest in their only asset (Crystallex stock value) potentially diluted to a very small percentage if even any value remains. All of this dilution has been for the benefit of Tenor and the Crystallex board of directors.

Unless a Shareholders Committee is permitted to bring a Oppression Claim forward, and special leave requirements unique to this case are waived, and any applicable stays of proceedings arising under the various court orders are lifted, shareholders will have no opportunity to challenge the excessive ROI that the DIP Lender is trying to take for itself and for the benefit of certain directors of Crystallex, then the interests of shareholders will be permanently prejudiced.

pg. 3

Any other course is a clear case of breach of fiduciary duty, self-dealing, and fraud, to the point that Fung, the Board, and Tenor are acting contrary to law in an effort to defraud the shareholders.

**I am hoping and praying you help the court, see that I have my investment returned to me before TENOR and the board steal it.**

Respectfully,

Frank J. Sisca, Victim
(Working at age 70)
15 Buttercup Lane
San Carlos, CA 94070

Cc:     (1) Office of the Superintendent of Bankruptcy
        Ms. Elisabeth Lang
        Superintendent of Bankruptcy
        Office of the Superintendent of Bankruptcy Canada
        151 Yonge Street, 4th Floor
        Toronto, Ontario M5C 2W7

        (2) Office of the Superintendent of Bankruptcy – CCAA Team
        Innovation, Science and Economic Development Canada
        300 Georgia Street W., Suite 2000
        Vancouver, British Columbia V6B 6E1 Canada
        https://www.ic.gc.ca/eic/site/icgc.nsf/eng/h_07026.html#105

        (3) Ontario Securities Commission
        Elizabeth Topp
        Manager, Compliance and Registrant Regulation
        Ontario Securities Commission
        etopp@osc.gov.on.ca
        416-593-2377

        (4)Christopher Callahan
        Lead Inquiries Officer
        Ontario Securities Commission
        inquiries@osc.gov.on.ca
        416-593-8314 / 1-877-785-1555

pg. 4

http://www.osc.gov.on.ca/en/submit-whistleblower-report.htm

(5)Corporations Canada
Genevieve Gobeil
Manager, Case Assessment, Arrangements and Exemptions,
Corporations Canada
genevieve.gobeil@canada.ca
Tel: 343-291-3990
https://www.ic.gc.ca/eic/site/icgc.nsf/eng/h_07026.html#74

(6) Canada Revenue Service
Mr. Robert Hamilton
Commissioner of Revenue
555 Mackenzie Avenue, 7th Floor Ottawa ON K1A 0L5
Canada
https://www.canada.ca/en/revenue-agency/programs/about-canada-revenue-
agency-cra/suspected-tax-cheating-in-canada-overview.html

**JUSTIN C. FINE**
Thousand Oaks, California
Jcf.enif@iswest.com



CERTIFIED MAIL



Frank Sisca
15 Buttercup Ln.
San Carlos, CA  94070-1529

7018 0360 0001 5557 7904



1000          19801

U.S. POSTAGE PAID
FCM LETTER
SAN FRANCISCO, CA
94105
JAN 25, 19
AMOUNT
**$4.16**
R2305E124294-95



X-RAY
U.S.M.S

J. CALEB BOGGS FED. BLDG.
84A N. KING ST
UNIT 26  ROOM 6124
WILMINGTON, DE  19801

CHIEF JUDGE LEONARD P. STARK
COURTROOM 6B

2019 JAN 28 PM 3: 35

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL®