**ABRAMS & BAYLISS LLP**
20 MONTCHANIN ROAD, SUITE 200
WILMINGTON, DE  19807
MAIN:  302-778-1000
FAX:  302-778-1001

A. THOMPSON BAYLISS

DIRECT DIAL NUMBER
302-778-1033
Bayliss@AbramsBayliss.com

December 9, 2019

**BY FILE & SERVEXPRESS AND HAND DELIVERY**

The Honorable Leonard P. Stark
United States District Court
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, Delaware  19801-3555

      Re:    *Crystallex International Corp.* v. *Bolivarian Republic of Venezuela*, C.A. No. 17-mc-00151-LPS; *Saint-Gobain Performance Plastics Europe* v. *Bolivarian Republic of Venezuela et al.*, C.A. No. 18-cv-01963-LPS; *OI European Group B.V.* v. *Bolivarian Republic of Venezuela*, C.A. No. 19-mc-00290-LPS

Dear Chief Judge Stark:

      The Bolivarian Republic of Venezuela (the "Republic") and Petróleos de Venezuela, S.A. ("PDVSA") respectfully submit this letter to bring to the Court's attention two Venezuela sanctions FAQs published today by the Department of the Treasury's Office of Foreign Assets Control ("OFAC") that bear directly on matters pending before the Court.[1]  A copy of new FAQs 808 and 809 is attached.[2]  Together, these FAQs make clear that (i) no party that holds a writ of

---

[1] Publication of Venezuela-related Frequently Asked Questions (12/9/19), https://www.treasury.gov/resource-center/sanctions/OFAC-Enforcement/Pages/20191209_44.aspx.

[2] *Available at* https://www.treasury.gov/resource-center/faqs/Sanctions/Pages/faq_other.aspx#808 and https://www.treasury.gov/resource-center/faqs/Sanctions/Pages/faq_other.aspx#809.

{A&B-00638413}

The Honorable Leonard P. Stark
December 9, 2019
Page 2

attachment on shares of any Government of Venezuela entity that is blocked pursuant to the Venezuela Sanctions Regulations may conduct, or take steps in furtherance of, any contingent auction or sale without first obtaining a specific license from OFAC, and (ii) a specific license from OFAC is required for any measure to enforce a judgment through garnishment, including attachment, of blocked property.  As the Court is aware, PDVSA and PDV Holding, Inc. ("PDVH") are blocked entities and the shares of PDVH that PDVSA owns are blocked property.

In particular, FAQ 809 provides:

**809. I hold a writ of attachment on shares of a Government of Venezuela entity whose property and interests in property are blocked pursuant to the Venezuela Sanctions Regulations. Am I authorized to prepare for and hold an auction or other sale of the shares, contingent upon the winning bidder obtaining a license from OFAC?**

No. <u>Parties who have attached shares of an entity whose property and interests in property are blocked pursuant to the Venezuela Sanctions Regulations (31 C.F.R. Part 591) must obtain a specific license from OFAC prior to conducting an auction or other sale, including a contingent auction or other sale, or taking other concrete steps in furtherance of an auction or sale</u>. More generally, OFAC urges caution in proceeding with any step in furtherance of measures which might alter or affect blocked property or interests in blocked property. OFAC would consider license applications seeking to authorize such activities on a case-by-case basis. For additional information, see 31 C.F.R. §§ 591.309, 591.310, 591.407 and 591.506. [12-09-2019] (Emphasis added.)

With this FAQ, OFAC has made clear beyond doubt, and contrary to Crystallex's position, that a specific license is required before any concrete steps in furtherance of a contingent auction or other sale of PDVH shares can be taken.  Crystallex has not obtained any such license to proceed towards such a contingent sale.

The Honorable Leonard P. Stark
December 9, 2019
Page 3

In addition, FAQ 808 provides:

**808. Do I need a specific license from OFAC to file a suit in U.S. court against a person designated or blocked pursuant to Venezuela-related sanctions? Does a U.S. court, or its personnel, need a specific license from OFAC to hear such a case?**

No. A specific license from OFAC is not ordinarily required to initiate or continue U.S. legal proceedings against a person designated or blocked pursuant to OFAC's Venezuela sanctions program, or for a U.S. court, or its personnel, to hear such a case. However, <u>a specific license from OFAC is required for</u> the entry into a settlement agreement or <u>the enforcement of any</u> lien, <u>judgment</u>, or other order <u>through</u> execution, <u>garnishment, or other judicial process purporting to</u> transfer or otherwise alter or <u>affect property or interests in property blocked</u> pursuant to the Venezuela Sanctions Regulations (31 C.F.R. Part 591). This includes the purported creation or perfection of any legal or equitable interests (including contingent or inchoate interests) in blocked property. While terminology may vary in different jurisdictions and proceedings, a specific license from OFAC would be required for measures such as:

- Taking Possession (Actual or Constructive)
- Seizing
- Levying Upon
- <u>Attaching</u>
- Encumbering
- Pledging
- Conveying
- <u>Selling (Final or Contingent)</u>
- Freezing
- Assuming or Maintaining Custody
- Sequestering

For additional information, see 31 C.F.R. §§ 591.309, 591.310, 591.407 and 591.506. [12-09-2019] (Emphasis added.)

FAQ 808 makes clear that, although no license is required to initiate or continue U.S. proceedings against a person blocked pursuant to the Venezuelan Sanctions Regulations, the Regulations' prohibition on "enforcement of any . . . judgment . . . through execution, garnishment,

The Honorable Leonard P. Stark
December 9, 2019
Page 4

or other judicial process purporting to transfer or otherwise alter or affect [blocked] property or interests in [blocked] property" expressly includes attachment. Neither OI European Group B.V., nor any other plaintiff seeking attachment of PDVH shares, has shown that it has obtained such a license.

As a consequence, Crystallex's application to move towards a contingent sale of PDVH shares, and OIEG's motion to attach PDVH shares, should be denied, or the cases stayed, until those parties obtain a specific license from OFAC to proceed. If the Court is not inclined to dismiss the *Saint-Gobain* case for lack of personal jurisdiction and improper venue, that case should also be stayed until Saint-Gobain obtains a specific license from OFAC.

Respectfully Submitted,

/s/ A. Thompson Bayliss
A. Thompson Bayliss (#4379)
*Counsel for the Bolivarian Republic of Venezuela*

/s/ Samuel T. Hirzel
Samuel T. Hirzel (#4415)
*Counsel for the Petróleos de Venezuela, S.A.*

/s/ Scott R. Haiber
Scott R. Haiber (#2995)
*Counsel for the Petróleos de Venezuela, S.A.*

ATB/scc
Attachment
  cc:   All Counsel of Record (via email)

{A&B-00638413}