IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION, | : | |
| Plaintiff, | : : : | |
| v. | : | C.A. No. 17-mc-151-LPS |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | : : | |
| Defendant. | : : | |

## MEMORANDUM ORDER

Having reviewed the parties' briefs (*see* D.I. 157, 160, 161), IT IS HEREBY ORDERED that Plaintiff Crystallex International Corporation's Motion to Modify Stay (D.I. 156) is GRANTED IN PART and DENIED IN PART, for the reasons and to the extent as follows:

1. Crystallex's request that Petróleos de Venezuela Holding, Inc. ("PDVH") be required to answer the writ is DENIED. Crystallex has failed to persuade the Court that the Office of Foreign Assets Control ("OFAC") will necessarily deny, will fail to meaningfully consider, and/or will unreasonably delay consideration of a request for a specific license if Crystallex submits it without the information Crystallex contends it would obtain through an answer. Crystallex simply speculates that its "application to OFAC for a specific license *may* be deemed unripe or deficient." (D.I. 157 at 8 (emphasis added); *see also* D.I. 160 at 1 (Defendant: "Crystallex merely reasserts – without any support – that it will be unable to apply for an OFAC license until PDVH answers the writ.")) The Court perceives no barrier to Crystallex seeking a license. Should Crystallex do so, and should it be denied based on lack of information it can only obtain through an answer, or should it otherwise develop evidence that

1

OFAC requires additional information Crystallex can only obtain through an answer, Crystallex may file another motion with the Court.[1]  Otherwise, and on the present record – including from Crystallex's repeated assertion that answering the writ is a simple ministerial act (*see, e.g.*, D.I. 161 at 6 (arguing "PDVH . . . can easily provide" information sought by Crystallex); *id.* at 7 ("Most critically, Venezuela does not dispute that PDVH could easily answer the writ if ordered to do [so].")) – the Court concludes that whenever the Court orders PDVH to answer the writ (i.e., after the stay is lifted or modified), PDVH will be able to do so quickly.[2]

2.      Crystallex's request that the continued imposition of the stay be conditioned on the Republic not seeking an extension from the United States Supreme Court of the time in which the Republic's petition for a writ of certiorari ("cert. petition") is due is GRANTED. (*See, e.g.*, D.I. 161 at 8) ("[T]his Court should at least condition the ongoing stay on Venezuela not seeking an extension of the certiorari deadline.")  Venezuela has provided no persuasive argument that it needs more than the ordinary amount of time to prepare and file a cert. petition.

---

[1] The Court agrees with Crystallex that OFAC's guidance "does not constrain this Court's inherent authority to order a judgment debtor to take the ministerial step of answering a writ of attachment." (D.I. 161 at 2; *see also id.* at 5 ("[T]here is nothing stopping this Court from ordering PDVH to take the next incremental step of responding to the writ while staying any subsequent steps that conflict with OFAC's guidance."))  The Court's decision not to require an answer at this time is not based on the Court's lack of authority but, rather, what the Court has determined to be the most reasonable and appropriate exercise of its discretion. (*See* D.I. 154 ("Stay Order") at 3-4)

[2] Defendant Bolivarian Republic of Venezuela ("Venezuela" or "Republic") assures the Court that it "may dismiss out of hand Crystallex's assertion that it needs information about declared shareholder dividends.  PDVH has been forbidden to pay dividends since August 2017 . . . ." (D.I. 160 at 6) (internal quotation marks and citation omitted)  The Court reads this statement as a representation that PDVH has not, in fact, declared or paid any dividends since August 2017.  Presumably, Crystallex can rely on this representation to the Court in any filing with OFAC, to the extent Crystallex needs such information for such a filing.

That ordinary due date, which the parties agree is February 19, 2020, is 205 days after July 29, 2019, the day the Third Circuit issued the opinion the Republic will be asking the Supreme Court to review. It is also still three full weeks from today. While it is no doubt true that, as the Republic insists, the "Supreme Court benefits from independent, careful preparation of the petition and opposition papers" (D.I. 160 at 9), the Court has every confidence that the Republic's attorneys can prepare an adequate and effective cert. petition without any extension.

3.   While the Court is partially granting Crystallex's motion, several other points must be made. First, Crystallex has not explained what it believes to be the appropriate consequence if the Republic seeks an extension from the Supreme Court. Second, as must be obvious, this Court cannot deprive the Republic of its right to seek whatever relief it wishes from the Supreme Court – and the Court does not intend by this Order to do so. Finally, it is, of course, entirely for the Supreme Court (and not at all for this Court) to decide whether to grant any forthcoming request from the Republic. Still, the Court agrees with Crystallex that it should "remove the incentive for Venezuela and PDVSA to drag out the Supreme Court proceedings while Crystallex and its creditors go unpaid." (D.I. 157 at 9)[3] And it further agrees with Crystallex's implicit position that an unnecessary request by the Republic to extend proceedings in the Supreme Court would create circumstances under which the Court should reevaluate whether its stay needs further modification.

Accordingly, the Court's Stay Order (D.I. 154) of December 12, 2019 is MODIFIED such that:

---

[3] It should be noted that, in its Stay Order, the Court *rejected* the longer stay requested by the Republic. (*See* D.I. 154 at 8-10)

      A.      The Republic SHALL NOTIFY Crystallex and the Court of any request it (or PDVSA or PDVH) files for an extension of time to file a cert. petition in the United States Supreme Court and SHALL PROVIDE such notice on the same date as the filing of such a request for an extension.

      B.      Within no later than two (2) business days after receiving notice consistent with A. above, Crystallex shall file a letter brief requesting whatever (if any) relief it seeks due to the requested extension, to which the Republic shall respond within two (2) business days.

      C.      Absent any further Order of this or any other Court, the Court's stay is HEREBY LIFTED EFFECTIVE on the fifth business day after any request by the Republic (or PDVSA or PDVH) to extend the due date of its cert. petition.

January 28, 2020
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT COURT