

Travis S. Hunter
302-651-7564
hunter@rlf.com

**VIA ELECTRONIC FILING**

The Honorable Leonard P. Stark
U.S. District Court for the
 District of Delaware
844 North King Street
Wilmington, Delaware 19801

> Re:  *Crystallex International Corp. v. Bolivarian Republic of Venezuela*,
>      No. 17-151-LPS

Dear Chief Judge Stark:

We write on behalf of Crystallex International Corporation ("Crystallex") to advise the Court that on May 18, 2020, the United States Supreme Court denied the petition for certiorari filed by the Bolivarian Republic of Venezuela ("Venezuela") and Petróleos de Venezuela, S. A. ("PDVSA"). There were no registered dissents, and, despite Venezuela's repeated urging, the Court did not believe it was necessary or appropriate to call for the views of the Solicitor General on behalf of the United States government.  The denial of certiorari renders final and unappealable this Court's August 2018 decisions, affirmed by the Third Circuit on July 29, 2019, authorizing issuance of a writ of attachment against the shares of PDV Holding, Inc. ("PDVH") in satisfaction of Crystallex's $1.2 billion, plus interest, judgment against Venezuela.  To date, eighteen arbitrators and judges and nine Supreme Court Justices have considered Venezuela's arguments.  Not one has expressed agreement with Venezuela's positions.

This Court's December 12, 2019 stay order stays further proceedings in this case "until the conclusion of proceedings in the Supreme Court," at which point this Court stated that it "intends to proceed toward selling those shares."  D.I. 154 at 4, 5.  According to those terms, now that the Supreme Court proceedings have concluded, this Court can resume preparations for a judicial sale of the shares of PDVH.

Although any final sale of the shares of PDVH remains subject to OFAC approval under the current sanctions regime, Crystallex has now submitted its application for a specific license authorizing the sale of the shares of PDVH and is awaiting OFAC's decision.  Thus, there is every reason to move forward in these proceedings and prepare for an eventual sale subject to final OFAC approval.  In particular, Crystallex believes that this Court can, and should, resolve two preliminary issues currently before it that have been stayed until now.  First, Crystallex respectfully requests that this Court direct PDVH to answer the writ of attachment, which answer was originally due more than 18 months ago.  In its order partially modifying the December 12 stay, this Court contemplated ordering PDVH to "answer the writ … after the stay is lifted …" D.I. 166 at 2.  Now that the Supreme Court proceedings are over, there is no reason why PDVH should not be compelled to respond to the writ.  Second, this Court should resolve the parties' disagreement over

The Honorable Leonard P. Stark
May 19, 2020
Page 2

the mechanics by which the sale of PDVH is to occur. There is currently a dispute as to whether the sale should take place pursuant to the process set forth under Delaware statutes (Crystallex's position) or a brokered sale (as suggested by Intervenor CITGO Holding). Deciding now which of these paths is legally appropriate will serve to expedite further proceedings as it will allow the parties to properly plan and design the best way to assure that PDVH sells for a fair price with the Court's guidance in mind. Put simply, there is no basis to delay the implementation of this Court's affirmed orders.

Crystallex has been diligently enforcing its rights against Venezuela for the better part of a decade. During that time, ever more creditors have sought and obtained arbitration awards and judgments against Venezuela and PDVSA. The 2020 bondholders, holders of over a billion dollars of claims against PDVSA and the only other known secured creditor of the Republic or its alter ego PDVSA, are only months away from being able to enforce their security interest in 50.1% of the shares of CITGO Holding, PDVH's principal asset.[1] Further, the longer the shares of PDVH remain in the hands of Venezuela and PDVSA the greater the risk of dissipation of the value of the asset. Venezuela has no incentive to preserve PDVH or its subsidiaries if it knows its ownership interests are lost. At the same time, selling the shares of PDVH will actually improve the financial outlook for CITGO Petroleum—the principal source of the value of PDVH's shares. As Fitch Ratings explained in July of this year, CITGO's "credit profile would be expected to improve under nearly any other owner besides PDVSA."[2] Preparing for such a sale now will help to maximize the value of PDVH and its subsidiaries while reducing the prejudice that unnecessary delay will cause to Crystallex.

In addition to these preliminary steps, Venezuela and PDVSA have previously indicated that they intend to file "a motion to quash or a Rule 60(b) motion to alter this Court's judgment," i.e. the Court's now fully-affirmed August 2018 orders. D.I. 139 at 14. If that is still Venezuela and PDVSA's intention, they should now be required to file those motions expeditiously. Indeed, Venezuela and PDVSA have already recognized that, absent a stay, the Court "should set a briefing schedule for a motion to quash or a Rule 60(b) motion." *Id*. Crystallex agrees. But the motions practice should not be one-sided or seriatim. Any further motions by Venezuela and PDVSA should be resolved in conjunction with setting the procedures for the auction, and only after PDVH has answered the writ of attachment.

As the Third Circuit explained, "Venezuela owes Crystallex from a judgment that has been affirmed in our courts. Any outcome where Crystallex is not paid means that Venezuela has avoided its obligations." 932 F.3d 126, 149 (3d Cir. 2019). And, this Court has been clear that it does "not intend[] to permit Venezuela to accomplish such a result." D.I. 154 at 4. Accordingly,

---

[1] The only other known secured creditor, Rosneft Trading, is, to the best of Crystallex's knowledge, on the verge of being paid off—if it has not been already.

[2] *See* Fitch Assigns 'B+'/'RR1' Expected Rating to CITGO Holdco Issuances; Upgrades Holdco IDR to 'CCC+', https://www.fitchratings.com/research/corporate-finance/fitch-assigns-b-rr1-expected-rating-to-citgo-holdco-issuances-upgrades-holdco-idr-to-ccc-16-07-2019 (last visited May 18, 2020).

The Honorable Leonard P. Stark
May 19, 2020
Page 3

Crystallex respectfully requests that the Court (1) confirm the expiration of its stay of further proceedings pending the conclusion of proceedings in the Supreme Court; (2) require PDVH to answer the writ of attachment; and (3) set a schedule for motion practice to resolve any remaining disputes as to the form and nature of the auction.

    Respectfully submitted,

    */s/ Travis S. Hunter*

    Travis S. Hunter (#5350)

cc: All Counsel of Record (via ECF)

RLF1 23453021v.1