**ABRAMS & BAYLISS LLP**
20 Montchanin Road, Suite 200
Wilmington, DE 19807
Main: 302-778-1000
Fax: 302-778-1001

A. Thompson Bayliss

Direct Dial Number
302-778-1033
Bayliss@AbramsBayliss.com

May 21, 2020

**BY FILE & SERVEXPRESS AND HAND DELIVERY**

The Honorable Leonard P. Stark
United States District Court
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, Delaware 19801-3555

      Re:    *Crystallex International Corp.* v. *Bolivarian Republic of Venezuela*,
            C.A. No. 1:17-mc-00151-LPS

Dear Chief Judge Stark:

      I write on behalf of the Bolivarian Republic of Venezuela (the "Republic") in response to the letter submitted Tuesday by counsel for Crystallex International Corporation ("Crystallex").

      We agree that it is appropriate to address the schedule and sequencing of motion practice now that the certiorari petition of the Republic and PDVSA has been denied. We suggest that a process similar to what the court ordered in its original stay order (D.I 132 stat 2-3)[1] would be a fair and expeditious way to move forward. That order contemplated a joint status report in the *Crystallex Asset Proceeding* (No. 17-mc-151) within 14 days of the Third Circuit's disposition of the appeal, followed by status reports within 7 days thereafter in the then-pending related cases (Nos. 15-cv-1082, 16-cv-1007, 16-cv-901 and 17-cv-28). There are now three additional related cases (Nos. 18-cv-1963, 19-cv-290, and 19-mc-290). Applying the approach from the original stay order, a joint status report would be due in the *Crystallex Asset Proceeding* on June 1, 2020 (14 days from the denial of certiorari), and in the related cases on June 8,2020. That procedure will enable the parties to attempt to reach agreement on a reasonable process for resolving the remaining disputes.

      Crystallex urges this Court to immediately direct (1) PDVH to answer the writ of attachment, and (2) the parties to brief the procedures by which the sale of PDVH shares will occur. That request overlooks significant legal issues that must be resolved before preparations

---

[1] Citations to the docket index ("D.I.") are to the *Crystallex Asset Proceeding*.

{A&B-00666778}

The Honorable Leonard P. Stark
May 21, 2020
Page 2

for any sale can proceed. In particular, this Court and the Third Circuit have recognized that in light of the significant factual and legal developments since this Court issued the writ, there should be an opportunity to move to quash the writ of attachment or for reconsideration under Rule 60(b). See *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 932 F. 3d 126, 144 (3d Cir. 2019) ("On remand, Venezuela may direct to the District Court credible arguments to expand the record with later events."); D.I. 154 at 15 ("[E]ven in this case, the record may be supplemented in the next step of the proceedings, which could potentially lead to different findings" with respect to the alter ego issue.); *Crystallex Int'lCorp.* 333 F. Supp. 3d 380, 425 (observing that Venezuela or PDVSA could "seek to quash the writ" based on "additional evidence [that] materially alters the Court's findings"). The "change in the U.S.-recognized government of Venezuela" (D.I. 154 at 6),[2] has fundamentally altered the factual circumstances of this case, as well as the United States' interest in the proceedings. Chief among the new factual circumstances is "the change in the Boards of Directors at PDVSA, PDVH, [and other indirect subsidiaries of PDVSA], and consequent changes in the relationship of PDVSA to the Republic," D.I. 154 at 5—indeed, PDVSA and Venezuela are not now alter egos.

In addition, U.S. foreign policy toward Venezuela has evolved substantially since this Court issued the writ of attachment. *Id.* The United States supports the Guaido government and its efforts to address the humanitarian crisis in Venezuela. D.I. 154 at 7. And in furtherance of that support, OFAC regulations now prohibit any enforcement of any judgment or any "concrete steps" toward any auction or sale and execution of a judgment. D.I. 154 at 8-9 n.13. Recognizing the strong United States interest, and the Executive Branch's primacy in matters of foreign relations, this Court has invited the Executive to file a statement of interest in this case. In the Republic's view, these considerations, among others, require quashing or reconsidering the writ of attachment.

Crystallex's argument that there is "no basis to delay implementation" of the writ, and that the parties should "resume preparations for sale" (D.I. 167 at 1-2), ignores "Crystallex's lack of a license from the Office of Foreign Assets Control ('OFAC')." D.I. 154 at 4-5. Crystallex now represents that it has applied for a license. We would be interested in learning more about that application, but for present purposes, it suffices to say that no license has been granted, and that under current OFAC guidance, no concrete steps towards the sale may occur absent a license. Before any steps toward a sale are taken, the parties will also need to address the other considerations this Court discussed in its memorandum order of December 12, 2019. Those include significant concerns about the consequences of moving forward with the sale, including "the Court's concern not to create a run on the bank, that is, an influx of creditors to the Court, with negative consequences for the Republic, for U.S. policy (which favors an orderly transition of power in the Republic and a coordinated restructuring of its debts), and, potentially, this Court." D.I. 154 at 5-6. Those questions should be addressed in a logical sequence that takes into account the foreign policy of the United States, the welfare of the Venezuelan people, and the interests of all stakeholders in not destroying the value of the property at issue. In addition, because Crystallex's continued lack of a special license to sell the PDVH stock and the Court's resolution

---

[2] Footnotes are omitted from citations.

{A&B-00666778}

The Honorable Leonard P. Stark
May 21, 2020
Page 3

of any motion to quash or reconsider the writ of attachment in a movant's favor would obviate the need for PDVH to answer the writ, there is no reason to compel PDVH to respond to the writ at this time.

For present purposes, however, we request that the Court instruct the parties to the *Crystallex Asset Proceeding* to meet and confer, discuss the sequence and schedule in the Court going forward, and provide a joint report to the Court by June 1, 2020 or such other date as the Court deems appropriate, setting forth what sequence and proposed schedule they have been able to agree on, and where they cannot agree, what they propose; and that a joint status report or reports be filed in the related cases by June 8, 2020.

Respectfully Submitted,

*/s/ A. Thompson Bayliss*
A. Thompson Bayliss (#4379)

*Counsel for the Bolivarian Republic of Venezuela*

cc:   All Counsel of Record (via email)

{A&B-00666778}