

Travis S. Hunter
302-651-7564
hunter@rlf.com

**VIA ELECTRONIC FILING**

The Honorable Leonard P. Stark
U.S. District Court for the
 District of Delaware
844 North King Street
Wilmington, Delaware 19801

      Re:  *Crystallex International Corp. v. Bolivarian Republic of Venezuela*,
           No. 17-151-LPS

Dear Chief Judge Stark:

We write on behalf of Crystallex International Corporation ("Crystallex") in response to the May 21, 2020, letters of the Bolivarian Republic of Venezuela ("Venezuela"), D.I. 168, as well as the joinders filed by Petróleos de Venezuela, S.A. ("PDVSA"), D.I. 169, and PDVH Holding, Inc. ("PDVH"), CITGO Holding, Inc. and CITGO Petroleum Corp., D.I. 170.  While couched as requests that this Court direct the parties to meet and confer and then file a Joint Status Report, the true intent of these letters is to perpetuate delay—the same delay that has been Venezuela's driving goal since it first took Crystallex's mining interests more than a decade ago.  In an attempt to distract this Court from moving forward now, Venezuela offers three principal arguments.  None has merit.

First, there is no basis for quashing the writ of attachment or for reconsideration under Rule 60(b).  Nor does Venezuela seriously attempt to offer any.  Instead, it merely asserts that this Court should overturn its prior decision because Interim President Guaido, not President Maduro, now controls PDVSA.  D.I. 168 at 2.  Venezuela made the same arguments unsuccessfully to the Third Circuit.  Indeed, Venezuela intervened on appeal for the principal purpose of presenting that very argument.  Contrary to Venezuela's suggestion, the Third Circuit did not endorse Venezuela's proposed motion practice; rather, consistent with its "standard practice," it simply noted that Venezuela, like any other litigant, may "direct to the District Court credible arguments to expand the record with later events."  *Crystallex*, 932 F.3d at 144.  At no point did the Third Circuit—or any other court— find that any such credible arguments existed or are likely to exist.  In any event, the relevant question in this case—in contrast to other cases involving Venezuela and PDVSA before this Court—is not whether PDVSA and Venezuela are alter egos today.  Instead, it is whether they were alter egos in August 2018.  *See* D.I. 154 at 14.  This Court's answer to that question is no longer subject to challenge.  While Crystallex cannot prevent Venezuela from filing a meritless motion, Venezuela's professed intent to do so should not serve to delay further proceedings.

Second, Venezuela contends, yet again, that this Court should avoid taking action because a sale of the shares of PDVH would be inconsistent with Executive Branch policies.  Venezuela asked the Third Circuit to defer to the purported views of the Executive Branch in connection with the

The Honorable Leonard P. Stark
May 21, 2020
Page 2

original appeal of this Court's writ of attachment and in its petition for rehearing. The Third Circuit declined. *See, e.g.*, *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 932 F. 3d 126, 151 (noting that the OFAC licensing process provides a mechanism for the government to express its views). Venezuela then repeatedly urged the Supreme Court to seek the views of the Solicitor General before any decision on its petition for certiorari. The Supreme Court denied Venezuela's petition without making any such request. If the Executive Branch wants to be heard in this matter it will so inform the Court. Indeed, the Executive Branch has *already* stated as much in response to this Court's December 12, 2019 Stay Order. *Crystallex Int'l Corp. v. Petroleos de Venezuela, S.A. et al.*, No. 15-cv-01082, D.I. 122 at 3. The theoretical possibility that a statement of interest might be filed at some unknown point in the future is not a reason for further delay. Policy considerations cannot undo Venezuela's obligations under final and binding judgments of our own federal courts—much less can they alter Crystallex's rights under those judgments. Venezuela's hopes for a particular U.S. policy cannot serve to hold this case in abeyance indefinitely.

Third, there is no reason to delay proceedings while Crystallex's application for a specific license is pending. No Executive Branch order or regulation prohibits this Court from moving forward in determining how the attached shares will be sold. This Court has already "recognize[d] that it has discretion to move forward in the manner Crystallex requests." D.I. 154 at 9 n.13. Current sanctions only prevent the ultimate sale of the shares without OFAC approval. The best way to ensure that Crystallex's application gets a full and fair review is to present OFAC with the full picture of the proposed sale process—a decision that ultimately rests with this Court. Accordingly, there is every reason to determine the mechanics of the sale process expeditiously.

Crystallex is, of course, always willing to meet and confer with its adversaries, but it is obvious that Venezuela's goal here is delay—to stretch out these proceedings for as long as possible so as to delay payment for as long as possible. The parties' letters make their positions clear. No meet and confer session or joint status report—in this action or any other action involving Venezuela—will change the questions before this Court. Accordingly, Crystallex requests that the Court (1) require PDVH to answer the writ of attachment, and (2) set a prompt schedule for simultaneous motion practice to resolve any remaining disputes, including Crystallex's intended motion for an order on the form and nature of the auction of the shares of PDVH and any motion to quash and/or for reconsideration to be filed by Venezuela and/or PDVSA.

    Respectfully submitted,

    */s/ Travis S. Hunter*

    Travis S. Hunter (#5350)

cc: All Counsel of Record (via ECF)