**.IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

CRYSTALLEX INTERNATIONAL CORP.,

Plaintiff, Case No: 1:17-mc-00151

v.

BOLIVARIAN REPUBLIC OF VENEZUELA,

Defendant,

PETRÓLEOS DE VENEZUELA, S.A. ,

Defendant

---

**YOU ARE IN POSSESSION OF A DOCUMENT FILED IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE THAT IS CONFIDENTIAL AND FILED UNDER SEAL. If you are not authorized by Court order to view or retrieve this document read no further than this page.**

---

You should contact the following person:

Jorge Alejandro Rodriguez-Moreno.
Avanzada Progresista.

Torre Credicard, Sabana Grande
Sede de Avanzada Progresista, Caracas, Venezuela
Phone: (305) 508-46-28
E-Mail: paiscondestino@gmail.com

**THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

CRYSTALLEX INTERNATIONAL CORP.,

Plaintiff, Case No: 1:17-mc-00151

v.

BOLIVARIAN REPUBLIC OF VENEZUELA,

Defendant,

PETRÓLEOS DE VENEZUELA, S.A. ,

Defendant

---

**MOTION FOR LEAVE TO FILE EXTRAORDINARY WRIT BRIEF AMICI CURIAE OF JORGE ALEJANDRO RODRIGUEZ-MORENO AND AVANZADA PROGRESISTA (POLITICAL PARTY IN VENEZUELA) AS AMICI CURIAE IN SUPPORT OF DEFENDANT BOLIVARIAN REPUBLIC OF VENEZUELA'S MOTION FOR RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(B) AND TO INFORM THE COURT OF SEVERAL FACTS THAT MIGHT MOVE THE COURT TO A PRO SE RELIEF OR OTHER ACTION.**

---

Avanzada Progresista.
Jorge Alejandro Rodriguez Moreno
Torre Credicard, Sabana Grande
Sede de Avanzada Progresista, Caracas, Venezuela
Phone: (305) 508-46-28
E-Mail: paiscondestino@gmail.com

*In propria persona*

**THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND**

## INTRODUCTION

1. We, AVANZADA PROGRESISTA (a political party duly established in Venezuela) acting *in propria persona* by its Political Secretary Jorge Alejandro Rodriguez-Moreno duly authorized by the party President, Esq. Henri Falcon Fuentes and the National Executive Committee of the Party (CENAP); Jorge Alejandro Rodriguez-Moreno, Venezuelan citizen acting *in propria persona* (collectively, "Amici Curiae" or "Amici") respectfully move the Court for leave to file a brief amici curiae in support of Defendant BOLIVARIAN REPUBLIC OF VENEZUELA'S MOTION FOR RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(B) AND IN ORDER TO INFORM THE COURT OF SEVERAL FACTS THAT MIGHT MOVE THE COURT TO A PRO SE RELIEF OR OTHER ACTION.

2. The proposed brief accompanies this motion, to which a proposed order is attached.

## CORPORATE DISCLOSURE STATEMENT

3. Avanzada Progresista is a political party organized under the laws of Republica Bolivariana de Venezuela. It has no parent corporation, and no publicly held corporation owns 10 percent or more of its stock. Not the Plaintiff nor the Defendant parties, affiliates or similars, have provided any type of financial support or contribution to Avanzada Progresista.

4. Jorge Alejandro Rodriguez Moreno is a private individual. Not the Plaintiff nor the Defendant parties, affiliates or similars, have provided any type of financial support or contribution to Jorge Alejandro Rodriguez-Moreno.

5. No party's counsel authored the brief in whole or in part. No party or party's counsel contributed money that was intended to fund preparing or submitting the brief. No person other than the *Amici*, its members, and counsel (*Amici* acting *in propia persona*) contributed money that was intended to fund preparing or submitting this brief.

**IDENTITY OF AMICI CURIAE**

6. Pursuant to Fed. R. Civ. P. 7.1, *Amici* state as follows:

7. AVANZADA PROGRESISTA is a political party duly established in Venezuela, dedicated to work for a new government "democratic, broad, plural and progressive." As well as fighting for the defense and full validity of the Constitution of the Bolivarian Republic of Venezuela. Party members are currently Congressmen in the Venezuelan National Assembly. Members of the party have held prominent directive position in the Venezuelan National Assembly, have been elected State Governors, members of Regional Legislative bodies, City Councils and all levels of Venezuelan democratic institutions. Avanzada Progresista has no parent corporation and issues no stock.

8. Jorge Alejandro Rodriguez-Moreno is a Venezuelan citizen with the following qualifications: Holds an Electrical Engineering Degree in the field of Electrical Power Systems issued by the Armed Forces Polytechnic Institute (IUPFAN, Venezuela, 1987); Holds a Magister Scientiarum (MSc) from Instituto de Estudios Superiores de Administración, IESA, in Caracas; Holds a Masters Degree in International Business from Tulane University in New Orleans; Has acted as expert witness in the Venezuelan Supreme Court (2007, ANAUCO vs. Venezuelan Banking

THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND

Association on Constitutional Court); Has filed actions in the Electoral Tribunal of the Venezuelan Supreme Court against rulings taken by he Venezuelan Electoral Authority that favored the government of deceased Hugo Chavez *(Jorge A. Rodriguez vs. Consejo Nacional Electoral, 2004, Venezuelan Supreme Court);* has directed or participated in different NGOs opposing the government of Hugo Chavez and Nicolas Maduro dating back to the first election of Hugo Chavez in 1998; has founded in 2004 of the *Comité por la Libertad de los Presos Políticos* (Coalition for the freedom of political prisoners in Venezuela), and participated in a number of other non partisan NGOs; has filed in Venezuela Attorney General's Office *(Fiscalia General de la Republica)* requests against several ministers and high ranking officers of Hugo Chavez, including but not limited to current de facto president Nicolas Maduro, Maria Cristina Iglesias, Aristobulo Isturiz, Nervis Villalobos, Diosdado Cabello, Rafael Ramirez and others, many of them currently imprisoned or sanctioned by the US Government; Has been an active member of venezuelan political parties Solidaridad (early in the century) and Avanzada Progresista (currently serving in its directive body as Political Secretary); In February and March 2019 has privately or in limited groups presented information to several venezuelan congressmen, including but not limited to Congressmen Jose Guerra and Rafael Guzman, members of the Venezuelan National Assembly Finance and Economic Development Committee advising against the convenience of making any payments pertaining to the bonds known as PDVSA2020, having published in Venezuelan news portals detailed reports on such position, position against the recommendation of Venezuela"s Procurador Especial Mr. Hernandez (Mr. Hernandez), a person known to this court; has attended an extensive Congressional Hearing (June 5th, 2019 attended ), which had respectfully been

THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND

requested to the Oil and Energy Committee of the Asamblea Nacional, in order to officially inform the Venezuelan National Assembly of the severe conflicts of interest related to Procurador Especial Hernandez in several cases under his supervision, including Crystallex vs. Republica de Venezuela in this Court of Law, as well as other cases involving the PDVSA2020 Bonds, the alleged looting of PDVSA by oil traders in complicity with PDVSA Officials and other cases. It was voted and agreed in such June 2019 hearing by the Congressmen in the Oil Committee to investigate Mr. Hernandez. It was specifically stated by Congressmen Jorge Millan (Primero Justicia political party), Oscar Ronderos (Accion Democratica political party) and Commission President Elias Matta (UNT political party) they had no knowledge of any type of involvement, professional relationship, professional engagement or similar, of Mr. Hernandez with any of the companies the Republica de Venezuela has ongoing or pending litigation. It was also proposed in the hearing, by Congressman Luis Stefanelli (Voluntad Popular political party) a Confidence Vote on the appointment of Mr. Hernandez, this confidence vote was denied and counted only with congressman Stefanelli´s lone vote. Jorge Alejandro Rodriguez-Moreno offered and fulfilled a 90 day non-disclosure on the topics treated in the hearing; in August 6th 2019, Mr. Rodriguez Moreno publicly requested the removal of Mr Carlos Vecchio, Mr. Hernandez, Mr. Alejandro Grisanti, Ms. Luisa Palacios and Mr. Ricardo Hausmann of all activities linked to CITGO, PDVSA and any public office related to these companies or their securities; To this day Mr. Jorge Alejandro Rodriguez has been active promoting in public forum the different alternatives for the Republic to protect its interests and honor its debts; In general terms Mr. Rodriguez is a known person in the venezuelan political media.

## INTERESTS OF AMICI CURIAE

9. Amici curiae have a clear involvement and commitment in the pursuit of well being of the Venezuelan people, under a peaceful and democratic transition to democracy under the Rule of Law.

10. A number of well known economists have expressed their view on the importance of the CITGO oil refining complex for the future recovery of Venezuela, be it tomorrow or in one or five years time.

11. The massive amount of Venezuelan debt on one side and the vast natural resources in Venezuela on the other show that under proper government, a country that for seven decades in the 20th century held all types of positive records for economic growth, peace and stability, can go back into the track of peace and prosperity among nations.

12. The current regrettable situation of Venezuela is known to this court and further explanation might be disrespectful to the court's time.

13. Experience and academic evidence show the extent into which criminal activities by well connected officers have found fertile ground in countries returning to democracy, leaving behind a tyranny, or without real control within a nation's territory. The cases of former communist countries provide clear evidence on this.

14. *Amici* have the interest of bringing to this court facts that are new to the case and will not be presented by the parties.

15. The facts to be brought by *Amici* to this court are not in the Plaintiff's interest and even though they are in the Defendant's best legitimate interest, have not been brought to the attention of the court by the Defendant's counsel, and *Amici* have proper ground to ascertain that these news, information and views will, as they already have, not

only not been presented to the court by the counsel but even hidden from the court, as these facts are against the interest of those currently representing the Republic of Venezuela and therefore the People of Venezuela. *Amici* have explained in sworn testimony to the Venezuelan National Assembly its consideration the conflicts of interest of Mr. Hernandez and others of a possible fraud having been perpetrated against the Republic of Venezuela in their appointment of Hernandez as Ad Hoc Attorney General in formal hearing conducted on June 5th, 2019 where Amicus Jorge Alejandro Rodríguez-Moreno provided detailed lecture to the Permanent Committee on Oil and Energy of the National Assembly (Comisión Permanente de Energía y Petróleo de la Asamblea Nacional).

16. The information, insight, and context provided in the Amici Brief to the Court, should the leave hereby requested be granted, is to provide evidence of this assertion.

17. This information includes but is not limited to the following: official statements from current US Government recognized Venezuelan Congressmen denying any knowledge of the conflicts of interest of Mr. Hernandez, current Ad Hoc Attorney General for Venezuela in the U.S. and other jurisdictions; statements of current US Government recognized Venezuelan Congressmen on the negative of Hernandez to provide evidence of his separation from this case; decision of the Venezuelan Assembly Oil and Energy Committee to investigate the possibility and extent of a conflict of interest from Mr. Hernandez pertaining to this case and aggravating, to several other similar cases; the request filed by Amici to the Department of Justice, Fraud unit of the Foreign Corrupt Practices Act (FCPA) to investigate the relationship between Crystallex and Mr. Hernandez; the incriminating answers given by Hernandez to the Venezuelan Assembly Oil and Energy Committee in a recent hearing dated June 3rd

2020; the incriminating statements expressed by Mr. Hernandez on and since June 18th stating a "betrayal" performed by the Venezuelan Assembly Oil and Energy Committee against him.

18. Amici's interest in this case is in ensuring that the court and the venezuelan people are not defrauded by means of sophisticated schemes extremely difficult to detect for the layman specially when performed by individuals with extensive education in a coordinated way.

19. Moreover, the disposition of this case is critically important in setting a precedent that will either protect or endanger the Venezuelan´s possibilities for recovery in the future.

20. *Amici* are to offer unique and valuable perspectives on the legal questions before the Court in this case. As skilled professionals and advocates for the rights of Venezuelans, *Amici* drawing on the unique insight gained through careful observation of this case, the politicians and parties involved, the venezuelan situation, *Amici*'s brief takes a broad view of the issue, with insight and facts that are not to be found in the parties´ briefs and there are strong reasons to believe they will not be provided by the parties as currently represented, thereby providing a larger context to the controversy.

21. Thus, it "will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs." *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003) (discussing the criteria for deciding whether to permit an Amicus Brief). Any entity or individual, other than the U.S. government, seeking to act as amicus must therefore first seek permission which we hereby humbly request. See Cantu v. Flanigan, 705 F. Supp. 2d 220, 224 (E.D.N.Y.

2010). "[T]he decision to grant leave to file a brief amicus curiae is in the firm discretion of the court." Lehman XS Tr., Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc., 2014 WL 265784, at Page 12 of 26 8 (S.D.N.Y. Jan. 23, 2014). This Court has "broad discretion to grant or deny an appearance as amicus curiae in a given case." Picard v. Greiff, 797 F. Supp. 2d 451, 452 (S.D.N.Y. 2011)

**CONCLUSION**

22. *Amici* are concerned that, if this Court were to deny the DEFENDANT'S BOLIVARIAN REPUBLIC OF VENEZUELA'S MOTION FOR RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(B) for the reason of such motion not having had taken into account the many relevant facts the Amici ask for leave to bring to this court, or be it that the court has not informed of several facts pertaining to the case which are commented in the Amici Curiae Brief, facts that might move the court under F.R.C.P. 60(B) for relief of the Defendant or any other action the court of law might construct *Pro Se* or *Sua Sponte* for an effective mean of justice to protect the rights of the Venezuelan people.

23. The obvious conflicts of interests from the side of the representatives of the Republic of Venezuela might of have prevailed and caused a perhaps irreversible damage to the rights of the Venezuelan People. As such, we respectfully request that the Court grant this motion for leave to file the accompanying Brief Amici Curiae attached as Exhibit A, and, if granted, allow Amicus to participate in future arguments which might arise at the discretion of the Court .

24. If the Court so decides, we respectfully request that the Court grant Amici the authorization to register as a user of CM/ECF in accordance with the procedures of this Court.

FILED
JUL 13 2020
US DISTRICT COURT
DISTRICT OF DELAWARE

RECEIVED
JUL 13 2020
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

RECEIVED

CLERK OF THE DISTRICT COURT
844 N KING ST
WILMINGTON DE 19801
P: ORANGE S: LEFT
525 - 4854
1Z879R5A0332813113

KEVIN GUSTAFSON
(507) 720-2084
THE UPS STORE #1966
5614 CONNECTICUT AVE NW
WASHINGTON DC 20015-2604
3 LBS 1 OF 1
SHP WT: 3 LBS
DATE: 10 JUL 2020
SHIP TO: COURT OF DELAWARE
CLERK OF THE DISTRICT COURT
844 N KING ST
WILMINGTON DE 19801-3518
DE 197 9-25
UPS GROUND
TRACKING #: 1Z 879 R5A 03 3281 3113
BILLING: P/P