.IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE


CRYSTALLEX INTERNATIONAL CORP.,

Plaintiff,

v.

BOLIVARIAN REPUBLIC OF VENEZUELA,

Defendant,

PETRÓLEOS DE VENEZUELA, S.A. ,

Defendant

Case No: 1:17-mc-00151

---

**YOU ARE IN POSSESSION OF A DOCUMENT FILED IN THE  UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE THAT IS CONFIDENTIAL AND FILED UNDER SEAL. If you are not authorized by Court order to view of retrieve this document read no further than this page.**

---

You should contact the following person:

Jorge Alejandro Rodriguez-Moreno.
Avanzada Progresista.

Torre Credicard, Sabana Grande
Sede de Avanzada Progresista, Caracas, Venezuela
Phone: (305) 508-46-28
E-Mail: paiscondestino@gmail.com

Certificate of Compliance With Type-Volume Limit,
Typeface Requirements, and Type-Style Requirements

1.   This document MOTION FOR LEAVE TO FILE EXTRAORDINARY WRIT
BRIEF AMICI CURIAE contains certainly less than 2,500 words with or  around 2,334
words

2.   This document has been prepared in a proportionally spaced typeface using Google
Docs word processing program, using type Times New Roman style in size 12 font

(s)_____

Pro se  Jorge Alejandro Rodriguez-Moreno    _____

Dated: Jul 6th, 2020

THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND

Certificate of Compliance With Type-Volume Limit,
Typeface Requirements, and Type-Style Requirements


1.  This document Brief of Amici Curiae contains certainly less than 8,500 words with or around 8,200 words

2.  This document has been prepared in a proportionally spaced typeface using Google Docs word processing program, using type Times New Roman style in size 12 font


(s)_____


Pro se  Jorge Alejandro Rodriguez-Moreno  _____


Dated: Jul 6th, 2020


THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER

.IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CRYSTALLEX INTERNATIONAL CORP.,

Plaintiff,                                                    Case No: 1:17-mc-00151

v.

BOLIVARIAN REPUBLIC OF VENEZUELA,

Defendant,

PETRÓLEOS DE VENEZUELA, S.A. ,

Defendant

---

**YOU ARE IN POSSESSION OF A DOCUMENT FILED IN THE  UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE THAT IS CONFIDENTIAL AND FILED UNDER SEAL. If you are not authorized by Court order to view or retrieve this document read no further than this page.**

---

You should contact the following person:

Jorge Alejandro Rodriguez-Moreno.
Avanzada Progresista.

Torre Credicard, Sabana Grande
Sede de Avanzada Progresista, Caracas, Venezuela
Phone: (305) 508-46-28
E-Mail: paiscondestino@gmail.com

**THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CRYSTALLEX INTERNATIONAL CORP.,

Plaintiff,                                         Case No: 1:17-mc-00151

v.

BOLIVARIAN REPUBLIC OF VENEZUELA,

Defendant,

PETRÓLEOS DE VENEZUELA, S.A. ,

Defendant

---

**AMICI CURIAE BRIEF OF JORGE ALEJANDRO RODRIGUEZ-MORENO AND AVANZADA PROGRESISTA (POLITICAL PARTY IN VENEZUELA), AS AMICI CURIAE IN SUPPORT OF DEFENDANT'S BOLIVARIAN REPUBLIC OF VENEZUELA'S MOTION FOR RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(B) AS EXTRAORDINARY WRIT AND IN ORDER TO INFORM THE COURT OF SEVERAL FACTS THAT MIGHT MOVE THE COURT TO A PRO SE OR SUA SPONTE RELIEF OR OTHER ACTION**

---

Jorge Alejandro Rodriguez Moreno
Avanzada Progresista.
Torre Credicard, Sabana Grande
Sede de Avanzada Progresista, Caracas, Venezuela
Phone: (305) 508-46-28
E-Mail: paiscondestino@gmail.com

*In propria persona*

**THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER**

## CORPORATE DISCLOSURE STATEMENT

1. Pursuant to Federal Rules of Civil Procedure, Rule 7.1. Amici provides the following disclosures:

2. Jorge Alejandro Rodriguez Moreno is a private individual. Not the Plaintiff nor the Defendant parties, affiliates or similars, have provided any type of financial support or contribution to Jorge Alejandro Rodriguez-Moreno.

3. Avanzada Progresista is a political party organized under the laws of Republica Bolivariana de Venezuela. It has no parent corporation, and no publicly held corporation owns 10 percent or more of its stock. Not the Plaintiff nor the Defendant parties, affiliates or similars, have provided any type of financial support or contribution to Avanzada Progresista.

4. No party's counsel authored the brief in whole or in part. No party or party's counsel contributed money that was intended to fund preparing or submitting the brief. No person other than the *Amici*, its members, and counsel (*Amici* acting *in propria persona*) contributed money that was intended to fund preparing or submitting this brief.

## STATEMENT REGARDING CONSENT TO FILE AND SEPARATE BRIEFING

5. Pursuant to Fed. R. App. P. 29, Amici file this Brief attached to the MOTION FOR LEAVE TO FILE BRIEF AMICI CURIAE OF JORGE ALEJANDRO RODRIGUEZ-MORENO, AVANZADA PROGRESISTA (POLITICAL PARTY IN VENEZUELA), AS AMICI CURIAE IN SUPPORT OF DEFENDANT'S BOLIVARIAN REPUBLIC OF VENEZUELA'S MOTION FOR RELIEF UNDER

THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER

FEDERAL RULE OF CIVIL PROCEDURE 60(B) AS EXTRAORDINARY WRIT AND IN ORDER TO INFORM THE COURT OF SEVERAL FACTS THAT MIGHT MOVE THE COURT TO A PRO SE OR SUA SPONTE RELIEF OR OTHER ACTION.

THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER

## TABLE OF CONTENTS

Certificate of Compliance With Type-Volume Limit …………………………….        1

CORPORATE DISCLOSURE STATEMENT …………...4

STATEMENT REGARDING CONSENT TO FILE AND SEPARATE BRIEFING….4

TABLE OF CONTENTS……………….…………….…………….………..…………..6

TABLE OF AUTHORITIES……………….…………….…………….…………….…………..7

INTRODUCTORY STATEMENT …………………………………………………...8

STATEMENT OF THE IDENTITY OF THE AMICI CURIAE, OUR
 INTEREST IN THE CASE, AND THE SOURCE OF OUR AUTHORITY TO FILE…..8

FACTS BROUGHT TO THE ATTENTION OF THE COURT BY AMICI CURIAE…..13

SUMMARY OF ARGUMENT AND ARGUMENT………..………….26.

CONCLUSION………..………….…..:……..………..……….…………..34

PROPOSED ORDER………………………………………………36

THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND
ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER

## TABLE OF AUTHORITIES

Federal Cases

1.  Jin v. Ministry of State Sec., 557 F. Supp. 2d 131, 136 (D.D.C. 2008)

2.  Stuart v. Huff, 706 F.3d 345, 355

3.  Am. Humanist Ass'n v. Maryland Nat'l Capital Park & Planning Comm'n, 147 F. Supp. 3d 373, 389 (D. Md. 2015)

4.  Abdur'Rahman v. Bell (In re Abdur'Rahman), 392 F.3d 174, 193 (6th Cir. 2004) (Siler, J., dissenting).

5.  FED. R. CIV. P. 12(h). by Ala. Disabilities Advocacy Program v. Nachman, 969 F. Supp. 682, 690 (M.D. Ala. 1997)

6.  Drake v. Dennis, 209 B.R. 20, 28 (S.D. Ga. 1996)

Rules

1.  Fed. R. App. P. 29

2.  Fed. R. App. P. 29(a)(3)

3.  Supreme Court of the United States, Rules 1.7 and 1.9.

4.  DELAWARE LAWYERS' RULES OF PROFESSIONAL CONDUCT Rules 1.7 and 1.9.

Other Authorities

Books

Organized Crime, Political Transitions and State Formation in Post-Soviet ...

**THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER**

A. Kupatadze  PP 8,9

THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND
ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER

## INTRODUCTORY STATEMENT

6.  We,   Jorge  Alejandro  Rodriguez-Moreno,  Venezuelan  citizen  acting   *in propria*
    *persona*,  AVANZADA  PROGRESISTA  (a  political  party  duly  established  in
    Venezuela)  acting  *in propria persona*  by  its  Political  Secretary  Jorge  Alejandro
    Rodriguez-Moreno duly authorized by the party President, Esq. Henri Falcon Fuentes
    and  the  National  Executive  Committee  of  the  Party  (CENAP);  (collectively,  "Amici
    Curiae"  or  "Amici")  respectfully  file  a  brief  as  amici  curiae  in  support  of
    BOLIVARIAN  REPUBLIC  OF  VENEZUELA'S  MOTION  FOR  RELIEF  UNDER
    FEDERAL  RULE  OF  CIVIL  PROCEDURE  60(B)  AS  EXTRAORDINARY  WRIT
    AND IN ORDER TO INFORM THE COURT OF SEVERAL FACTS THAT MIGHT
    MOVE  THE  COURT  TO  A  PRO  SE  OR  SUA  SPONTE  RELIEF  OR  OTHER
    ACTION, had the proper leave been issued by this Court of Law.

7.  A proposed order is attached to this brief.

## STATEMENT OF THE IDENTITY OF THE AMICI CURIAE, OUR INTEREST IN THE CASE, AND THE SOURCE OF OUR AUTHORITY TO FILE

8.  We, the amici state as follows:

9.  AVANZADA  PROGRESISTA  is  a  political  party  duly  established  in  Venezuela,
    dedicated to work for a new government "democratic, broad, plural and progressive."
    As  well  as  fighting  for  the  defense  and  full  validity  of  the  Constitution  of  the
    Bolivarian  Republic  of  Venezuela.  Party  members  are  currently  Congressmen  in  the
    Venezuelan National Assembly. Members of the party have held prominent directive
    position  in  the  Venezuelan  National  Assembly,  have  been  elected  State  Governors,

**THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND
ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER**

members of Regional Legislative bodies, City Councils and all levels of Venezuelan democratic institutions.

10. Jorge Alejandro Rodriguez-Moreno is a Venezuelan citizen with the following qualifications: Holds an Electrical Engineering  Degree in the field of Electrical Power Systems issued by the Armed Forces Polytechnic Institute (IUPFAN, Venezuela, 1987); holds a Magister Scientiarum (MSc) from Instituto de Estudios Superiores de Administración, IESA, in Caracas; holds a Masters Degree in International Business from Tulane University in New Orleans; has acted as expert witness in the Venezuelan Supreme Court (2007, ANAUCO vs. Venezuelan Banking Association on Constitutional Court); has filed actions in the Electoral Tribunal of the Venezuelan Supreme Court against rulings taken by he Venezuelan Electoral Authority that favored the government of deceased Hugo Chavez, i.e. actions against Hugo Chavez government; has directed or participated in different NGOs opposing the government of Hugo Chavez and Nicolas Maduro dating back to the first election of Hugo Chavez in 1998; Mr. Jorge Alejandro Rodriguez has been the promoter of CLIPP also known as Comité por la Libertad de los Presos Políticos (Committee for the Freedom of Political Prisoners) since 2004, an unincorporated association of venezuelans that has worked to promote the well being of Venezuelans imprisoned for political reasons since 2004. CLIPP has provided good faith advice,  financial aid, short term scholarships and support in general terms to Venezuelan politically imprisoned citizens or their families, furthermore the CLIPP has engaged in many types of non partisan political activities promoting a peaceful transition for Venezuela

**THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER**

to democracy[1], and participated in a number of other non partisan NGOs; has filed in Venezuela Attorney General's Office requests against several ministers and high ranking officers of Hugo Chavez, including but not limited to current de facto president Nicolas Maduro, then Minister of Labor Maria Cristina Iglesias, then Minister of Education Aristobulo Isturiz, then Minister of Electricity Nervis Villalobos, former Vice President Diosdado Cabello, then president of PDVSA Rafael Ramirez and others, some of them currently imprisoned, pending extradition or sanctioned by the US Government; has been an active member of venezuelan political parties Solidaridad (early in the century) and Avanzada Progresista (currently serving in its directive body as Political Secretary); has during February and March 2019 privately or in limited groups presented information to several venezuelan congressmen, including but not limited to venezuelan opposition Congressmen Jose Guerra and Rafael Guzman, members of the Venezuelan National Assembly Finance and Economic Development Committee advising against the convenience of making any payments pertaining to the bonds known as PDVSA2020, having published in Venezuelan news portals detailed reports on such position, position against the recommendation of Venezuela´s Procurador Especial Mr. Jose Ignacio Hernandez (Mr. Hernandez), a person known to this court; has attended an extensive Congressional Hearing[2] (June 5th, 2019 attended ), which had respectfully been requested to the Oil and Energy Committee of the Asamblea Nacional (The Oil and Energy Committee) in order to formally inform the Venezuelan National Assembly of the severe conflicts of interest related to Procurador Especial Hernandez in several

---

[1] Exhibit I: See 2004 information and photographs on the installation of the CLIPP at:
http://urru.org/_eventos/octubre_2004/20041017_1.htm
http://urru.org/fotos/0_2004/20041017_CLIPP1.htm
[2] See complete Hearing at https://www.youtube.com/watch?v=PG5eKkSlFLY

THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND
ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER

cases under his supervision, including Crystallex vs. Republica de Venezuela in this Court of Law, as well as other cases involving the PDVSA2020 Bonds, the alleged looting of PDVSA by oil traders in complicity with PDVSA Officials[3] and other cases. To this day Mr. Jorge Alejandro Rodriguez has been active promoting in public forum the different alternatives for the Republic to both protect the interest of the Republic as well as to honor its debts[4]. Mr. Jorge Alejandro Rodriguez is a known person in the venezuelan political sector.

11. *Amici* have a clear involvement and commitment in the pursuit of well being of the Venezuelan people, under a peaceful and democratic transition to democracy under the Rule of Law[5]. A number of well known economists have expressed their view on the importance of the CITGO oil refining complex for the future recovery of Venezuela[6], be it tomorrow or in one or five years time. The massive amount of Venezuelan debt on one side and the vast natural resources in Venezuela on the other show that under proper government, a country that for seven decades in the 20th century held all type of positive records for economic growth, peace and stability, can go back into the track of peace and prosperity among nations. The current regrettable situation of Venezuela is known to this court and further explanation might be

---

[3] Exhibit III: Cover of UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA Miami Division PDVSA U.S. LITIGATION TRUST, Plaintiff, v. LUKOIL PAN AMERICAS LLC;et Al., Defendants. Case No. 1:18-CV-20818 (DPG)
[4] Exhibit IV: On Jorge Alejandro Rodriguez as a Public known person see the Google search for "Jorge Alejandro Rodriguez" CITGO:
https://www.google.com/search?safe=active&sxsrf=ALeKk00Q9mWTVT2XUKyCKb9sjhWlhzb5dw%3A1592945161235&ei=CWryXt_yDZiT8gKfh4XlAw&q=%22jorge+alejandro+rodriguez%22+citgo+pdvsa&oq=%22jorge+alejandro+rodriguez%22+citgo+pdvsa&gs_lcp=CgZwc3ktYWlQAzoCCAA6BggAEBYQHjoFCCEQoAE6BAghEBU6BwghEAoQoAFQtwdYyShgli1oAHAAeACAAXyIAaMMkgEDNy42mAEAoAEBggEHZ3dzLXdpeg&sclient=psy-ab&ved=0ahUKEwifm-2T55jqAhWYiVwKHZ9DATkQ4dUDCAw&uact=5
[5] Foundational Statement of Avanzada Progresista
[6] On the importance of CITGO for Venezuelan recovery see:
http://www.petroleoamerica.com/2014/09/opinion-importancia-de-citgo-para-pdvsa.html

**THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER**

disrespectful to the court's time. Experience and academic evidence show the extent into which criminal activities by well connected officers have found fertile ground in countries returning to democracy, leaving behind a tyranny, or without real control within a nation's territory. The cases of former communist countries provide clear evidence on this[7] , [8]. *Amici* have the interest of bringing to this court facts that are new to the case and will not be presented by the parties. These facts brought by *Amici* are not in the Plaintiff's interest and even though being in the Defendant's best legitimate interest, have not been brought to the attention of the court by the Defendant's counsel, and *Amici* have proper ground to ascertain that these news, information and views will, as they already have, not only not been presented to the court by the counsel but even hidden from the court, as these facts are against the interest of those currently representing the Republic of Venezuela. Amici have considered in sworn testimony to the Venezuelan National Assembly its consideration the conflicts of interest of Mr. Hernandez and others of a possible fraud having been perpetrated against the Republic of Venezuela in their appointment of Hernandez as Ad Hoc Attorney General (also known as Procurador Especial).

12. This information includes but is not limited to the following, official statements from current US Government recognized Venezuelan Congressmen denying any knowledge of any conflicts of interest of Mr. Hernandez, current Ad Hoc Attorney General for Venezuela in the U.S. and other jurisdictions, as well as of other PDVSA and CITGO

---

[7] Organized Crime, Political Transitions and State Formation in Post-Soviet ...
A. Kupatadze  PP 8,9
https://books.google.ch/books?id=dRx_DAAAQBAJ&pg=PA8&lpg=PA8&dq=corruption+during+politic
al+transitions&source=bl&ots=pXbGGWVAzv&sig=ACfU3U1gnwFKdiholkFoghSF-dOxxC7Jpw&hl=es
&sa=X&ved=2ahUKEwjnlszr65jqAhVOXsAKHXSiCvE4ChDoATAJegQICRAB#v=onepage&q=corrupti
on%20during%20political%20transitions&f=false
[8] Corruption and Democratic Consolidation
http://www1.worldbank.org/publicsector/anticorrupt/Princeton.pdf  pp 29

**THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER**

executives linked to this case; statements of several current US Government recognized Venezuelan Congressmen on the negative of Hernandez to provide evidence of his separation from this case; decision of the Venezuelan Assembly Oil and Energy Committee to investigate the possibility and extent of a conflict of interest from Mr. Hernandez pertaining to this case and aggravating, to several other similar cases[9]; the request filed by Amici to the Department of Justice, Fraud unit of the Foreign Corrupt Practices Act (FCPA) to investigate the relationship between Crystallex and Mr. Hernandez[10],[11]; the incriminating answers given by Hernandez to the Venezuelan Assembly Oil and Energy Committee in a recent hearing dated June 3rd 2020[12]; the incriminating statements expressed by Mr. Hernandez on and since June 18th stating a "betrayal" performed by the Venezuelan Assembly Oil and Energy Committee against him.

13. On August 6th 2019, Mr. Rodriguez Moreno publicly requested the removal of Mr Carlos Vecchio, Mr. Hernandez, Mr. Alejandro Grisanti, Ms. Luisa Palacios and Mr. Ricardo Hausmann of all activities linked to CITGO, PDVSA and any public office related to these companies, affiliates or with any relation to securities of these firms [13].

### FACTS BROUGHT TO THE ATTENTION OF THE COURT BY AMICI CURIAE

---

[9] EXHIBIT VI: See statement by Congressman Oscar Rondero on the decision to proceed with an investigation following Amicus Jorge Alejandro Rodriguez´ hearing to the Oil and Energy Committee at: https://www.globovision.com/article/diputado-oscar-ronderos

[10] EXHIBIT VII: See news report of Internet filing to the OFAC by Mr. Jorge Alejandro Rodriguez-Moreno at:
https://www.eluniversal.com/economia/47685/piden-investigar-injerencias-en-juicios-contra-citgo

[11] EXHIBIT VIII See news report of Internet filing to the OFAC by Avanzada Progresista at:
http://www.petroguia.com/pet/noticias/petr%C3%B3leo/avanzada-progresista-solicit%C3%B3-investigar-procurador-especial-jos%C3%A9-ignacio

[12] Transcript provided in Parragraph 51, Page 23 of this Amicus Brief.

[13] EXHIBIT IX: See news report of public request by Mr. Jorge Alejandro Rodriguez-Moreno at
https://talcualdigital.com/piden-destitucion-de-procurador-designado-por-la-asamblea-nacional-por-fallo-contra-citgo/

**THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER**

14. According to documents filed with the World Bank's arbitration court, US Owens-Illinois retained Hernández as an expert witness in its case against the Venezuelan government in 2013, in a case known to this court ( ICSID Case No. ARB/11/25).

15. On February 9th, 2019,  Plaintiff Owens-Illinois in Owens-Illinois vs. Republic of Venezuela claimed while PDVSA Holding, Citgo Holding, and Citgo Petroleum were "nominally Delaware corporations," in reality they were "alter egos, and mere instrumentalities of Venezuela itself" ( Case 1:19-cv-00290-UNA Document 1 Filed 02/11/19  Page 28 Num 116.)

16. On February 11th Venezuelan National Assembly appointed board members of PDVSA and several subsidiaries as it is known to this court.  This appointment was was brought by Crystallex to the Delaware Court of Appeals for the Third Circuit in its defense. This appointment was considered as relevant by the Delaware Court of Appeals for the Third Circuit in its ruling against PDVSA and The Republic.  This appointment, to the best of our understanding was prepared by Mr. Hernandez, who was perfectly in the known of its inappropriateness.

17. In May 2019 Mr. Rodriguez-Moreno respectfully requested a formal Congressional Hearing to the both the Venezuelan National Assembly Finance and Economic Development Committee (the Finance Committee)[14] and the  Venezuelan National Assembly Oil and Energy Commission (the Oil Committee)[15], request to which the Finance Committee never gave an answer and the Oil Committee approved to have the requested hearing on June 5th, 2019.

---

[14] EXHIBIT X: See Request of Hearing by Jorge Alejandro Rodriguez Moreno to the Finance Committee dated May 7th, 2020.
[15] EXHIBIT XI: See Request of Hearing by Jorge Alejandro Rodriguez Moreno to the Oil Committee dated May 7th, 2020.

THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER

18. In June 5th, 2019 attended an extensive Congressional Hearing, which had respectfully been requested as above mentioned, to the Oil and Energy Committee of the Asamblea Nacional, in order to officially inform the Venezuelan National Assembly of the conflicts of interest related to Procurador Especial Jose Ignacio Hernandez in several cases under his supervision, including Crystallex vs. Republica de Venezuela in this Court of Law, as well as other cases involving the PDVSA2020 Bonds, the alleged looting of PDVSA by oil traders in complicity with PDVSA Officials[16] , the Owens-Illinois vs. Republica de Venezuela known to this Court , given Mr. Hernandez performances as expert witness hired by (or on behallf of) Crystallex, Owens-Illinois, Trafigura et Al in cases litigating against the Republic of Venezuela or Republic of Venezuela owned companies. It was voted and agreed in such June 2019 hearing by the Congressmen in the Oil Committee to investigate Mr. Hernandez. It was specifically stated by Congressmen Jorge Millan (Primero Justicia political party), Oscar Ronderos (Accion Democratica political party) and Commission President Elias Matta (UNT political party) that no one of them, members of a Permanent Committee had knowledge of any type of involvement, professional relationship, professional engagement or similar of Mr. Hernandez with any of the companies the Republica de Venezuela has ongoing or pending litigation. It was also proposed in the hearing, by Congressman Luis Stefanelli (Voluntad Popular political party) a statement of confidence on the appointment of Mr. Hernandez, this confidence statement was refuted by all other members of The Oil and Energy Committee present in the hearing.  Jorge Alejandro Rodriguez-Moreno offered and

---

[16] See Order by Judge Otazo, UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA MIAMI DIVISION CASE NO. 18-20818-CIV-GAYLES/OTAZO-REYES PDVSA U.S. LITIGATION TRUST, Plaintiff, v. LUKOIL PAN AMERICAS LLC, et al.,
**THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER**

fulfilled a 90 day non-disclosure on the topics treated in the hearing. I was also stated by Congressmen Millan and Ronderos, and affirmed by the President of the Committee, Congressman Elias Matta, they had neither any knowledge of former relationship to the PDVSA2020 bonds of PDVSA Ad Hoc appointed member Alejandro Grisanti and CITGO Petroleum Chairwoman Luisa Palacios.

19. . Congressmen Millan and Ronderos proposed to open an investigation headed by the Oil and Energy Committee on the links and relations between Mr. Hernandez and the firms to which he had provided any type of professional service and of any non disclosed conflict of interest by any of the appointed members of the several boards *in commento*. It was so approved to open such investigation. In order to avoid political struggles about this case and in the best interest of the Republic of Venezuela, Jorge Alejandro Rodriguez-Moreno and the Congressmen mutually offered and fulfilled a 90 day non-disclosure to the public on the topics treated in the hearing in order to allow for a proper time for the commission to begin the approved investigation of Mr. Hernandez and any conflicts of interest that might of made his appointment spurious.

20. On July 29th Third Circuit Court of Appeals ruled in favor of Crystallex which underlined the consequences of not respecting well known practices of corporate governance and which supported the Alter Ego allegations as exposed by Mr. Hernandez for Crystallex. Mr. Hernández responded to the ruling on July 31, tweeting: "no creditor can judicially execute on PDVSA properties, including Citgo." It is known and is to be noted this court of law has ruled different.

**THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER**

21. On August 6th, 2019 a video containing the entirety of the hearing was made available to all members (Congressmen) of the Asamblea Nacional and the public as well[17].

22. On August 6th 2019, Mr. Rodriguez Moreno publicly requested the removal of Mr Carlos Vecchio, Mr. Jose Ignacio Hernandez, Mr. Alejandro Grisanti, all known to this court and Ms. Luisa Palacios - President of the CITGO Board, and Mr. Ricardo Hausmann, then Representative of Venezuela to the Interamerican Development Bank and chief advisor to Juan Guaido, of all activities linked to CITGO, PDVSA and any public office related to these firms or to the PDVSA2020 bonds. These requests were made on the basis of the clear conflicts of interest that make these persons unfit for public office in the positions they were appointed, conflicts of interest which were explained by Mr. Jorge Alejandro Rodriguez in the June 5th hearing.

23. On August 8th, 2019, a request was made by Jorge Alejandro Rodriguez-Moreno accompanied by AVANZADA PROGRESISTA to the United States Department of Justice (DOJ) in order to investigate if the contractual relationship between Mr. Jose Ignacio Hernandez and Crystallex was in breach of the United States Foreign Corrupt Practices Act (FCPA). This request was made in public in the Department of Justice filing system via Internet[18] and reported by the venezuelan press[19]. Request was

---

[17] See "Citgo betrayal was announced to the National Assembly" at
https://www.youtube.com/watch?v=PG5eKkSIFLY
[18] See filing confirmation from the DOJ at EXHIBIT XII
[19] https://www.eluniversal.com/economia/47685/piden-investigar-injerencias-en-juicios-contra-citgov

https://talcualdigital.com/piden-a-estados-unidos-investigar-actos-del-procurador-especial/

http://www.petroguia.com/pet/noticias/petr%C3%B3leo/avanzada-progresista-solicit%C3%B3-investig
ar-procurador-especial-jos%C3%A9-ignacio

**THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER**

addressed to Mr. William Barr, United States Attorney General and Mr. Robert Zink Acting Chief, Fraud Section, FCPA.

24. On August 9th, 2019, according to an statement to News Media Hispanopost,  Mr. Hernandez stated he was in the known of a presumed document forgery of documents by Crystallex[20], presumed forgery which would be against the Republic of Venezuela, presumed forgery which to the best of *Amici* knowledge has not been brought to this court, and which according to such same statement, are clearly relevant to this case. It is to be underlined that a forgery of a transaction with the Republic by Crystallex as stated by Mr. Hernandez would require a criminal investigation which seems unexplainable not to bring to the attention of this Court of Law. It is to be noted Mr. Hernandez was in the known of this presumed forgery, according to his own account, at least from March 13, 2019. It is not known of him reporting this to the National Assembly (See Exhibit XV).

25. On August 13, Juan Guaidó, U.S. Government Recognized Interim President of Venezuela held a press conference to discuss the nominee for the post of Citgo Petroleum Corporation's CEO. "We have interviewed Carlos Jorda," Guaidó announced explaining that the candidate to oversee CITGO would be tasked with "supporting and helping Citgo [safeguard its] assets." It can not be understood that proper advice would not be have been given  by Mr. Hernandez to Guaidó on the consequences of such statements, specifically attempting against the already difficult situation of the trial in this court of law after the ruling from the Court of Appeals. It

---

[20] EXHIBIT XIII: See statement "The Republic spent 425 million dollars without  budgetary allocation, and there is also a complaint of falsification or modification of the transaction (by Crystallex)"  (".La República dispuso de 425 millones de dólares sin presupuesto, y encima hay una denuncia de falsificación o modificación de la transacción")
https://www.hispanopost.com/he-sido-difamado-y-sometido-al-escarnio-pubico-segun-el-codigo-penal

**THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER**

is to be noted this statement was made after the July 29th Third Circuit Court of Appeals ruled in favor of Crystallex which underlined the consequences of not respecting well known practices of corporate governance and which supported the Alter Ego allegations as exposed by Mr. Hernandez for Crystallex.

26. It is known to this court that in 2017 Mr. Hernandez declared as an expert witness for Crystallex in order to express his views on the Alter Ego. It is not known to the National Assembly that and if the relationship between Mr. Hernandez and Crystallex has ended and under which terms. It is not known if Crystallex gave written consent to Mr. Hernandez. It is known Mr. Hernandez participated as the Republic special legal representative in at least one meeting with Crystallex in order to discuss this case. It has been recognized by him.

27. By guiding and allowing Venezuela's National Assembly to illegally appoint the board of PDVSA's subsidiaries, Hernández helped prove a crucial aspect of Crystallex's case against the Venezuelan government.

28. As Special Attorney Ad Hoc (Acting General Attorney), it was up to Mr. Hernández not only to provide counsel to the National Assembly to the appointment of PDV Ad Hoc and other subsidiaries board but to avoid and prevent them from performing it in the way it was done and thereby jeopardizing Venezuela's defense in the Crystallex case. Furthermore, as stated to the press by Jorge Alejandro Rodriguez "It was absolutely unacceptable for him to proceed with the appointment, no matter what the National Assembly would have said,"[21]

---

[21] EXHIBIT XIV: Jorge Alejandro Rodriguez Moreno quoted on CITGO Betrayal, Parampil, Anya https://thegrayzone.com/2019/09/03/the-citgo-conspiracy-opposition-figures-accuse-guaido-officials-of-scam-to-liquidate-venezuelas-most-prized-international-asset/

THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER

29. Crystallex capitalized on the error within a matter of weeks, introducing a court filing which lambasted "the Guaidó-led National Assembly's complete disregard for corporate formalities in reappointing the boards of PDVSA's subsidiary" arguing its failure to follow procedure was "hardly a sign of [the subsidiaries] independence from government control."

30. On July 31, 2019, Mr. Hernández dismissed the allegations of his involvement with Crystallex as "false" later that same day on TV, stating to US Based "TV Venezuela" that he had recused himself from the Crystallex case in March 2019.

31. On July 31, 2019 , Mr. Carlos Vecchio tweeted the alleged inhibition letter, which was delivered to *Amicus* Jorge Alejandro Rodriguez by WhatsApp by Congressman José Guerra. The alleged letter signed by Mr. Hernández stated he had "decided to recuse [himself] from conversations which could begin with Crystallex" due to "an independent expert testimony" he provided the company "in one of the lawsuits [it] maintained against the State." The alleged letter was dated March 13, 2019.

32. On July 31, 2019, in an interview with Union Radio, *Amicus* Jorge Alejandro Rodriguez stated and declared that based on the PDF File Metadata, the document had been created not on March 13, as alleged by Mr. Vecchio and Mr. Hernández, but on the afternoon of the very same July 31.

33. It was later accounted by Mr. Hernandez and Mr. Vecchio for the inconsistency by claiming the document's metadata merely reflected the time that they had converted it into a PDF for circulation among Venezuela's opposition, not the date it was actually written, failing to provide any prove or record of their alleged original document.

34. According to normal government practice, a document carrying such importance would typically have to be signed as a hard copy and stamped with the date and time

**THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER**

it was received. In any case, the alleged inhibitory letter only states Mr. Hernandez intention not participate in conversations with Crystallex, which is far from an inhibitory statement .

35. The alleged letter made no mention of Hernández's role in the Owens-Illinois case, which is still in litigation.

36. Mr. Hernández did not address the recusal to his superior, interim president, Juan Guaidó – as any attorney general would typically do – but to Venezuelan Ambassador to the U.S. Carlos Vecchio. Exactly when, if ever, Juan Guaidó was made aware of Hernández's dealings is still unknown.

37. It has been reported Venezuela's US representative Carlos Vecchio is a former functionary of the US oil industry. Vecchio spent the vast majority of his career working as a top lawyer for ExxonMobil. It is known to this Court ExxonMobil has been shortlisted by Crystallex as one of the possible buyers of the attached shares in dispute.

38. According to documents filed with the World Bank's arbitration court, US Owens-Illinois also retained Hernández as an expert witness in its case against the Venezuelan government in 2013, in a case known to this court filed on February 9th, 2019. Plaintiff Owens-Illinois claimed while PDVSA Holding, Citgo Holding, and Citgo Petroleum were "nominally Delaware corporations," in reality they were "alter egos, and mere instrumentalities of Venezuela itself".

39. It can be observed  Owens-Illinois seeked to benefit from Mr. Hernández's failure to ensure that Venezuela's National Assembly followed proper procedure in its management of PDVSA and Citgo. Mr. Hernández was asked about his testimony on behalf of Owens-Illinois in an interview with media Hispano Post. "I was not a lawyer

**THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER**

for the company, nor did I promote their interests". When Hispano Post pressed the lawyer about any payment he might have received from the company, Hernández rejected the suggestion as "absolutely false." Owens-Illinois "made a payment, which was not for me, but for the law firm in which I was a partner at that time," he insisted.

40. World Bank Court Documents Court documents state Owens-Illinois made a $163,720 payment for the legal expertise it received from Hernández. The filing did not cite any law firm. Instead, it specifically named "José Ignacio Hernández" as the recipient of the money.[22]

41. Hernández's public statements regarding Owens-Illinois were not the only aspects of his public statements which directly contradicted by official court documents.

42. "I never analyzed the alter ego thesis nor its merits," Hernández told Hispano Post, regarding the nature of his Crystallex testimony. Mr. Hernandez claimed that his court declaration was limited to interpretations of Venezuelan law, but Crystallex stated and so was noted and recognized by the Third Circuit Court of Appeals in the case known to this court, in a March 2019 court filing known to such court, Crystallex stated that "before assuming his current position, José Ignacio Hernández—Special Counsel to the Venezuelan National Assembly tasked with evaluating creditor claims against Venezuela—provided expert testimony supporting Crystallex's alter ego arguments."

43. It is to be noted that as of June 23rd, 2020,  it is not known whether Mr. Hernández an ongoing contract or other type of relationship to Crystallex.

44. On August 2019, Mr. Carlos Vecchio publicly expressed "The Attorney General has been an honest professional who has contributed greatly to protect our assets and join efforts to cease usurpation."

---

[22] http://icsidfiles.worldbank.org/icsid/ICSIDBLOBS/OnlineAwards/C1800/DC5643_Sp.pdf

**THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER**

45. On June 3rd, 2020, the Venezuelan National Assembly Oil and Energy Committee performed a Hearing to Procurador Especial Jose Ignacio Hernandez and PDVSA Ad Hoc President Luis Pacheco. Records of this hearing have not been released, even though this was a public hearing according to the internal rulings of the Venezuelan National Assembly Oil and Energy Committee, not the public or the press, neither the Congressmen members of the Venezuelan National Assembly are in the known of what was discussed in such hearing except for the information provided on June 18th by the De Facto Government.

46. The De Facto Government stated that the assistants to the Hearing were: Congressman Elias Matta, Chair, Congressman Oscar Ronderos, Congressman Jorge Millán, Congressman Luis Stefanelli, Mr. Hernández, Mr. Luis Pacheco (PDVSA Ad Hoc).

47. On June 18th, 2020, at meridiem time in Venezuela De Facto Government Vice President U.S. sanctioned Ms. D. Rodriguez accompanied by the De Facto Government Procurador Especial Mr. Pedroza presented by national venezuelan television what was said by them to be non edited audios of the June 3rd, 2020 hearing above mentioned.

48. On June 18th, 2020, De Facto Government Vice President presented videos and audios recognized by Mr. Hernandez as non edited and corresponding to some of his answers to the questions made by Congressmen during the June 3rd, 2020 hearing.

49. On June 19th, 2020 Mr. Hernandez stated he had previously, on May 28th resigned to his post, a peculiar statement given that on June 3, under oath, made no mention of it to the Congressmen of The Oil and Energy Commission during the investigative hearing.

THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER

50. Furthermore, later that day, Procurador Especial Hernandez recognized such audios as true and that he had been betrayed by the Congressmen members of the Venezuelan National Assembly Oil and Energy Committee and stated had resigned to the post of Procurador Especial on May 28th, 2020.  This seems unlikely as there is no evidence from the hearing on June 3rd the Venezuelan National Assembly had any knowledge of such resignation and in his Tweets during June 18th and June 19th he states his resignation was a consequence of the betrayal upon him, statement that creates a unsolvable contradiction in the timeline of events of the alleged resignation.

51. The following are transcriptions of the three audios aired in Venezuelan public television by De Facto Government Vice President,  the translation of the following transcriptions are provided under sworn testimony by Amicus Jorge Alejandro-Rodriguez, with sound knowledge of English and Spanish languages.

> AUDIO 1:
>
> Congressman Ronderos:
>
> For the Crystallex trial who are the appointed attorneys and what was the mechanism for their selection? Which official decided about your inhibition and who is to head the representation of the Republic in this case?
>
> Mr. Hernández:
>
> Well, I return to the issue of Crystallex, congressman, which officials in the office the attorney do you refer to? it does not exist here, there are no officials, there is no structure, there is no bureaucracy, there is

THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER

nothing, then with respect, I say that there is a great inconsistency between the legal formalisms that is intended to be demanded and the reality that the s

Special Attorney office does not exist, does not exist or never existed at any event. Ambassador Vecchio I repeat, it is him who leads the judicial defense of the Republic, the attorneys for the prosecution who have been appointed by communications in cases in which, I have inhibited myself, it is impossible to do anything else, because there are no means or resources and I have expressly warned this since August of last year and unfortunately I never obtained no effective response.

AUDIO 2:

Congressman Jorge Millán: The problem Mr. Attorney,  is that for a long time questions have been raised and there are no answers of any kind such as Trafigura, their percentage increase is to become the main supplier of Citgo, and this company is in the middle of the Morillo case, and I believe that you were also witness expert in that case, then there is something, we have been requesting answers and we have not received any documentation until today.

AUDIO 3:

Mr Hernandez:

I hope that this meeting will be confidential because it is not good for our weaknesses to come to light, but I am going to tell you that I am

**THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER**

surprised at how long these protective walls that it has built have lasted.

I never thought that those walls were going to last 16 months as they have, but sooner rather than later I am telling you, because I built those walls and modesty apart no one knows better the walls of judicial defense, that I tell you that those walls they are weak and fractured and will collapse.

If we add a possible political change in the United States and what to say in Venezuela we can be 6 months at most from an even worse situation it was in January 2019.

## SUMMARY OF ARGUMENT AND ARGUMENT

52. District courts have discretion whether to grant leave to file an amicus brief. Jin v. Ministry of State Sec., 557 F. Supp. 2d 131, 136 (D.D.C. 2008); see also Stuart v. Huff, 706 F.3d 345, 355 (4th Cir. 2013) (noting that non-parties have the option to file amicus briefs in district court proceedings and that such amicus "often make useful contributions to litigation"). No Federal Rule of Civil Procedure applies to motions for leave to appear as amicus curiae in district court, so district courts often look for guidance to Fed. R. App. P. 29, which applies to amicus briefs in federal appellate cases. See, e.g., Am. Humanist Ass'n v. Maryland Nat'l Capital Park & Planning Comm'n, 147 F. Supp. 3d 373, 389 (D. Md. 2015). Rule 29 provides that prospective amici must file along with the proposed brief, a motion that states "the movant's

THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER

interest" and "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3)

53. Mr. Jose Ignacio Hernandez failed to disclose his links with several companies and individuals litigating against the Republic of Venezuela and its interests. Mr. Jose Ignacio Hernandez responsibilities are to oversee and manage the complete litigation strategy and cases in the U.S. and all courts and venues where the administration of the President of the National Assembly is recognized as Interim President of Venezuela.

54. Mr. Jose Ignacio Hernandez failed to request any type of consent from the National Assembly in order to accept being appointed as Government Officer to oversee all the cases involving parties for whom he had provided previous assistance. Furthermore it can be questioned if Mr. Hernandez at any point seeked or obtained written consent from the parties he previously worked for in order to head the legal representation for which he was appointed.  It is known that expert witness in many cases become familiar with the litigation strategy of the party for which he is to provide expert witness testimony, and it would be extremely unusual for a party to allow a person in the known of his legal strategy to have such a prominent position with his counterparty.  On the other hand it is difficult to understand how could a person who provided not a *prima facie* opinion but sworn court statement on a given position, move to the opposite side and guide a team of lawyers to defend the contrary.

55. Mr. Jose Ignacio Hernandez failed to disclose the fact that his sworn statements as expert witness in U.S. Courts and other international venues were against the position defended by the Republic of Venezuela, not only in present case but in several cases involving tens of billions of dollars in alleged bribes, damages, etc.

THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER

56. Mr. Jose Ignacio Hernandez misguided the National Assembly into appointing the Board of Directors of several PDVSA, PDVSA Ad Hoc, PDVHoldings and other companies, which was taken as an *Alter Ego* evidence by Crystallex to the Third Court of Appeals and was so conceded by the Third Circuit Court of Appeals  in his ruling.   Such misguidance and omissions are   inexcusable for a lawyer of his credentials.

57. Amici have decided to file at the earliest possible time a Motion to leave file of Amicus Brief similar to this into the Delaware Court of Appeals for the Third Circuit, Case: 18-2797 ; as it is the opinion of Amici such court is also to be notified of these findings..

58. As per the known audio transcripts of the June 3rd hearing to the National Assembly, Mr. Jose Ignacio Hernandez refused to provide the National Assembly the contracts involving his relationship to the firms above mentioned, including Crystallex, and failed to explain his relation with the parties litigating against the Republic of Venezuela even after been requested by the National Assembly for a period of time extending close to a year and as of this date.

59. Given that the Department of Justice as of this date has not provided any report to the public or to *Amici* on the possible breach on the FCPA by Crystallex and Mr. Hernandez it is not possible to assert on the conclusion or advance of this investigation.

**THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER**

60. Given the question raised by Congressman Jorge Millán in the Venezuelan National Assembly Oil and Energy Committee pertaining to the US PDVSA Litigation Trust vs. Trafigura et al, a civil suit on the amount of over 10,000,000,000.00 USD (USD Ten billion) where it is clear Congressman Millán nor the Oil and Energy Committee had received the information requested for long from Mr. Hernandez and the fact that such answer is still unknown to the public and to the National Assembly as a whole.

61. April 9, 2020, Crystallex submitted an application to OFAC for a specific license authorizing the sale of the shares of PDVH. The license seeks formal approval of the commencement of the sale process, through and including the auction of the shares of PDVH.

62. As Crystallex has indicated a list of potential buyers in Case 1:17-mc-00151-LPS Document 182-2   Filed 06/17/20    Page 2 of 3 PageID #: 5350    for the attached shares pertaining to this trial,

63. As Mr. Hernandez has provided legal opinion to an extent that has been hidden from the Venezuelan National Assembly in litigations involving several of these firms, *Amici* believe the THE DELAWARE LAWYERS' RULES OF PROFESSIONAL CONDUCT have been breached as well as those established by the Supreme Court of the United States, Rules 1.7 and 1.9.

64. As  Mr. Carlos Vecchio has publicly declared he has been Tax Manager for Exxon in Venezuela in the past, which clearly disqualifies him, at least since the date such list was presented by Crystallex and perhaps from the moment there could have been a clear sign of interest from EXXON on the CITGO operations, to manage this or any other case involving the ownership of CITGO.

THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER

65. Given the fact that in July 31, 2019 by public media Procurador Especial Hernandez stated he had withdrawn from the Crystallex vs Republica de Venezuela case by means of a letter addressed to Mr. Carlos Vecchio on May, 2019, and a forensic review of the Metadata pertaining to the PDF file provided by Congressman Jose Guerra to the public of such withdrawal could indicate a false statement by both Vecchio and Hernandez who failed to provide any documentation which could trace to the withdrawal effectively been done in the alleged dates.

66. Given the fact that Congressman Oscar Ronderos announced that Venezuelan National Assembly Oil and Energy Committee had asked for the withdrawal or inhibitory writing of Mr. Hernandez to this Court of Law, and as it can be observed in the case docket, no such filing on behalf of Mr. Hernandez ever occurred.

67. Given the fact that Mr. Hernandez states on the Venezuelan National Assembly Oil and Energy Committee June 3rd 2020 Hearing he was responsible for all the protections ("murallas") built to legally defend the Republic, statement which is not consistent with his alleged inhibition in matters pertaining to this case.

68. Having brought under Motion for Stay Under FRCP 60(b) and given the facts concerning the necessary analysis by the Venezuelan Government of all actions involving Mr. Hernandez and Mr. Vecchio in this case, a 180 day motion for stay could be granted by the court or constructed Pro Se by this honourable Court of Law in the best interest of serving justice.

69. If it is the case Procurador Especial Hernandez or esq. Carlos Vecchio have failed to perform in favor of the people of Venezuela, not by negligence but by fraud or similar construct, hiding facts from the Venezuelan National Assembly regarding their commitments, contractual or De Facto, current or past, with parties with ongoing

**THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER**

litigations against the Republic of Venezuela, the Republic of Venezuela has been not without proper representation, but with a representation acting against its interest by means of a  fraudulent conspiration.  The facts discovered since June 3rd, 2020 and made partially public on June 18th, 2020  make it clear that the Venezuelan National Assembly has been misguided by Mr. Hernandez and *Amici* humbly bring to this court the consideration for  a  proper time to be allocated for the Republic of Venezuela to address these newly discovered facts.

70. This honorable Court of Law could, if so deemed appropriate, ask the Department of Justice of the outcome or advance, if any, on the investigation requested in August 8th, 2019, on the relation between Mr. Hernandez and Crystallex.

71. As this Amici Curiae Brief is filed, it has been made public the appointment on July 1st, 2020, of a new Procurador Especial to substitute Mr. Hernández, reputed lawyer Dr. Enrique Sanchez Falcon, whom Amici have ground to believe will perform with honesty and without any known conflict of interest in the defense of the Republic of Venezuela.

72. As Rule 60(b) strikes a balance between finality of judgments and fairness in the proceedings, it implicates the court's institutional integrity and enables the court to manage its own affairs. As a result, a court can raise it Sua sponte. It is known, protecting against fraud is an inherent power of the court. Consequently, it is grounds for relief from judgment under both 60(b)(3) and 60(b)(6).94 Rule 60(b)(3) codifies an "'historic power of equity to set aside fraudulently begotten judgments'. . . . [which] is necessary to [uphold] the integrity of the courts . . . ." Protecting against fraud under this rule is the same as the court's ability to impose sanctions through its Rule 11-like power.  If courts can exercise their inherent powers Sua sponte, and these

**THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER**

powers are codified matters capable of judicial determination. Its enforcement is essential to the maintenance of social order; for, the aid of judicial tribunals would not be invoked for the vindication of rights of person and property, if, as between parties and their privies, conclusiveness did not attend the judgments of such tribunals in respect of all matters properly put in issue and actually determined by them[23]. Subclauses 60(b)(1) and 60(b)(2) concern relief from judgment for mistake and newly discovered evidence,97 and subclauses 60(b)(4) and 60(b)(5) permit relief from judgment when the judgment is void or when "it is no longer equitable to impose the judgment." These rules address the broad equitable powers of the courts. Specifically, "Rule 60(b)(5) represents a codification of preexisting law, recognizing the inherent power of a court sitting in equity to modify its decrees prospectively to achieve equity." Parties bring their disputes to court to receive justice. If a party, in this case a Government might have been defrauded by appointed officers in connivence with the Plaintiff, the fraud would be not only against the Government, be it foreign or not, but against justice. Rules such as 60(b) are designed to give the court flexibility to manage cases equitably by ensuring that a court's holding is accurately reflected in its decision and is based on all of the facts. Therefore, these Rules maintain the integrity of the court so that the institution will guarantee verdicts that reflect a court's intention. Like 41(b), Rule 60(b) enhances a court's ability to fairly manage its own affairs and efficiently dispose of cases. This Rule and its subsections allow the court to do post-trial what an appellate court can do on appeal. However, to require parties

---

[23] See FED. R. CIV. P. 12(h). 92 R.C. by Ala. Disabilities Advocacy Program v. Nachman, 969 F. Supp. 682, 690 (M.D. Ala. 1997); see also Drake v. Dennis, 209 B.R. 20, 28 (S.D. Ga. 1996). 93 Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (citing Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)); see also United States v. Buck, 281 F.3d 1336, 1339 (10th Cir. 2002); Abdur'Rahman v. Bell (In re Abdur'Rahman), 392 F.3d 174, 193 (6th Cir. 2004) (Siler, J., dissenting).

**THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER**

to re-litigate issues proscribed under the Rule would be expensive. Furthermore, it would be "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities."Under 41(b), it would be inequitable to permit a party to delay proceedings, run up litigation costs, and waste judicial resources.Similarly, Rule 60(b) allows a court to bypass the appellate process by relieving parties from its judgments, saving the parties time and money on appeal and conserving judicial resources. Because these subsections implicate a court's inherent power, courts should be able to raise them sua sponte. Rule 60(b) would make little sense if viewed in terms of waiver. In order to Rule 60(b)(1) and 60(b)(2) state: On motion and upon such terms as are just, the court may relieve a party or a party ' s legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b). FED. R. CIV. P. 60(b). ; SEC v. Worthen, 98 F.3d 480, 482 (9th Cir. 1996). The issue of fraud does concern the parties because it may influence the disposition of a case. However, Rule 60(b) is not necessary to ensure that fraud is remedied, as a party will always have the option of bringing an independent action to get relief from judgment. Similarly, parties do have an interest in obtaining closure in a lawsuit; but if the judgment is the result of error or fraud, then finality impedes the pursuit of justice. In cases dealing with a court's inherent power, the harm inflicted influences issues that are broader than the two parties to the suit—it affects the entire judicial institution. Rule 60(b) cures fraud, mistake, and error that implicate the court's institutional integrity.The drafters did not "inten[d] to displace the inherent power, but rather simply to provide courts with an

**THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER**

additional tool by which to control the judicial process.". Rule 60(b) concerns the maintenance and integrity of the courts and the efficient disposition of cases. It codifies a court's equitable authority to give relief to judgments when appropriate and reinforces the proscription of fraudulent behavior.  Judges must be equipped with the tools to maintain the integrity of the courts, and Rule 60(b) is such a tool. Therefore, judges should be able to raise Rule 60(b) motions sua sponte. Of course, one should not second-guess the language of the Federal Rules in every instance.

73. FED. R. CIV. P. 60 advisory committee note. " Therefore, when the Federal Rules explicitly permit a court to raise a motion, no further analysis should be performed to determine if it is in fact a necessary power of the court. Where there is explicit language granting such power, the drafters are either codifying the power a court already possesses or they are identifying a power that a court should have regardless of its necessity."

74. In this case Amici bring to the attention of the court under Rule 60(b) (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b).  We also have sound grounds to believe additional evidence will come from the ongoing investigation in the National Assembly in Venezuela.

## [24]CONCLUSION

75. For the reasons set forth above, Having brought under Motion for Stay Under FRCP 60(b) and given the facts concerning the necessary analysis by the Venezuelan

---

[24]  EXHIBIT XVI : Northwestern University School of Law Vol. 106 Northwestern University Law Review Colloquy Pages 111 and Subsequent  RETHINKING EXTRAORDINARY CIRCUMSTANCES Scott Dodson*https://scholarlycommons.law.northwestern.edu/cgi/viewcontent.cgi?article=1063&context=nulr_online

THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER

Government of all actions involving Mr. Hernandez and Mr. Vecchio in this case, a 180 day motion for stay could be granted by the court or constructed Pro Se by this honourable Court of Law in the best interest of serving justice and protect millions of Venezuelans, as well as legitimate creditors,

76. *Amici* respectfully request permission to file electronically Pro Se in this Honorable Court of Law for this case.

77. *Amici* respectfully request permission to seek discovery from the Republic and counsel, Mr. Hernandez, Crystallex and counsel, Ambassador Vecchio, PDVSA and counsel on the communications pertaining to the relationship between Mr. Hernandez, Mr. Vecchio and Crystallex.

78. Amici respectfully ask this Honourable Court of Law to address the Department of Justice on the current situation of the reported investigation request made in August 2019 by *Amici* of a possible breach of the FCPA by Crystallex and Mr. Hernandez.

79. *Amici* respectfully ask this Honourable Court of Law to provide the necessary restrictions on PDVSA, PDVSA Ad Hoc and CITGO in order to prevent any substantial change in its equity, unreasonable issuance of debt or any other event which might damage its final owners, the people of Venezuela.

80. *Amici* respectfully ask this Honourable Court of Law to provide the Pro Se constructs the Honourable Court might consider appropriate in the best interest of serving justice.

**THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CRYSTALLEX INTERNATIONAL CORP.,

Plaintiff,                                              Case No: 1:17-mc-00151

v.

BOLIVARIAN REPUBLIC OF VENEZUELA,

Defendant,

PETRÓLEOS DE VENEZUELA, S.A. ,

Defendant

---

### PROPOSED ORDER

---

MEMORANDUM AND ORDER

81. Taken into account the facts and circumstances presented by Jorge Alejandro Rodriguez-Moreno and Avanzada Progresista *(Amici)*, this Court rules,

82. A 180 day motion for stay is granted by the court in order to analyze all circumstances relevant to this case.

83. *Amici* are granted hereby permission to file electronically Pro Se in the EC/MCF system in this Honorable Court of Law for this case .

84. Court grants *Amici* to seek discovery from the Republic and counsel, Mr. Hernandez, Crystallex and counsel, Ambassador Vecchio, PDVSA and counsel on the communications pertaining to the relationship between Mr. Hernandez, Mr. Vecchio and Crystallex.

**THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER**

85. Court requests the Department of Justice to inform this Court on the current situation of the alleged investigation request made in August 2019 by *Amici* of a possible breach of the FCPA by Crystallex and Mr. Hernandez. Information to be provided to this Court no later than August 2nd, 2020.

86. Court orders PDVSA, PDVSA Ad Hoc and CITGO to refrain from issuing any type of debt without the permission of this Court, in order to prevent any substantial change in its equity, unreasonable issuance of debt or any other event which might damage its final owners, the people of Venezuela.

87. Court orders PDVSA, PDVSA Ad Hoc and CITGO to make public disclosure of all debt incurred since June 1st 2014, including issuance terms, holder and all financial information pertaining to it. Information to be disclosed by public internet access no later than August 2nd, 2020.

88. Court orders PDVSA, PDVSA Ad Hoc and CITGO to make public disclosure of all crude purchases June 1st 2014, including contract terms, sellers and all relevant financial information pertaining to it. Information to be disclosed by public internet access no later than August 2nd, 2020.

89. Court orders Mr. Jose Hernandez and Mr. Luis Pacheco to provide this Court of Law with a complete audio, transcript and sworn translation of the June 3rd, 2020 Venezuela National Assembly Hearing to Mr. Jose Hernandez and Mr. Luis Pacheco. Information to be provided to this Court no later than August 2nd, 2020.

90. Court orders Mr. Jose Hernandez, Mr. Carlos Vecchio, Mr. Luis Pacheco and Mrs. Luisa Palacios to provide this court detailed description and discovery of all documents pertaining to their relationship with Crystallex, Owens-Illinois,

**THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER**

Conoco-Philips and Exxon Mobil as well as any meetings held with executives of

Crystallex, ExxonMobil, Conoco-Philips and Owens-Illinois, since Jan 1st, 2019

Wilmington, Delaware

/s/_____

HONORABLE LEONARD P. STARK

UNITED STATES DISTRICT JUDGE

**THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND
ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER**