**EXHIBIT 2**



DEPARTMENT OF THE TREASURY
WASHINGTON, D.C. 20220

July 16, 2020

Ethan P. Davis
Assistant Attorney General
Civil Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

      Re:    *Crystallex International Corporation v. Bolivarian Republic of Venezuela*
                (D. Del. 17-mc-151-LPS)

Dear Mr. Davis:

      This letter is in response to the U.S. District Court for the District of Delaware's invitations on December 12, 2019, and May 22, 2020, to provide certain input concerning the above-referenced litigation. I would appreciate your assistance in forwarding this letter to the Court.

      As the Director of the U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC"), I, Andrea M. Gacki, confirm the following:

      On April 9, 2020, Crystallex submitted a specific license application requesting OFAC "to provide Crystallex a Specific License to allow the federal court in the District of Delaware (which has jurisdiction over the shares in question and in whose constructive possession the shares are currently held) to pursue all activities necessary and ordinarily incident to organizing and conducting a judicial sale of the shares as provided for by U.S. federal and Delaware law, regulations, and precedents." In other words, Crystallex seeks OFAC authorization for an auction and sale of the shares of PDV Holding, Inc. ("PDVH") belonging to Petróleos de Venezuela, S.A. ("PDVSA"). PDVH is the holding company for CITGO Holding, Inc., which in turn wholly owns CITGO Petroleum Corp. ("CITGO"). Crystallex's license application is predicated on its possession of a valid writ of attachment against the PDVH shares issued by the U.S. District Court for the District of Delaware (Case No. C.A. No. 17-mc-00151-LPS).

      In its December 12, 2019, Memorandum Order, the District of Delaware expressed interest in hearing directly from the Executive Branch regarding "whether OFAC will refrain from issuing a license until the bidding process is complete." It is my understanding that the "bidding process" referenced in the Court's order is Crystallex's proposed auction of the PDVH shares to execute on its writ of attachment. Subsequently, OFAC has monitored the Court's stay of the litigation and has reviewed the parties' recent motions and briefing in response to the

Court's May 22, 2020, Memorandum Order lifting that stay.  In the May 22 Memorandum Order, the Court reiterated its interest in receiving input from the Executive Branch.

In response to the Court's question, it is not the case that OFAC is waiting to adjudicate Crystallex's license application until after a public auction of PDVH's shares has been held.  Indeed, a license is required before a public auction or contingent sale could occur.  *See* Executive Orders 13808, 13835, 13850, 13884; 31 C.F.R. §§ 591.201, 591.506(c) & 591.407; *see also* OFAC Frequently Asked Questions 808 & 809.  In fact, taking the steps Crystallex proposes toward an auction and sale of PDVH's shares would not in any way facilitate OFAC's license adjudication process with respect to Crystallex's instant license application.  It is well within OFAC's licensing discretion to evaluate and determine whether to issue Crystallex's requested license without needing to know the identity of the "winning bidder" in advance.  OFAC uses its substantial discretion to evaluate a range of options when considering any specific licensing request, from a decision to deny the license in its entirety, to grant the license in its entirety, to grant the license subject to certain conditions, or even to bifurcate the license request and sequence the authorization of actions in the future.  When evaluating a specific licensing request, OFAC could also separately determine that additional information or supplemental specific license requests are needed.

Although OFAC is not yet in a position to issue a decision to Crystallex on its license application, OFAC would like to take this opportunity to discuss the license application review process.  Unlike a routine OFAC license application, which may present a straightforward request to license a single transaction or limited set of transactions involving the applicant and a sanctioned person or a sanctioned jurisdiction, Crystallex's submission implicates a series of complicated legal and policy questions, such as (1) the rapidly evolving and delicate political and economic situation in Venezuela, including the United States' recognition of Juan Guaidó as the Interim President of Venezuela; (2) developments in OFAC sanctions to address the changed circumstances in Venezuela; and (3) the claims of numerous other creditors against Venezuela arising from the malign actions of the regimes of former Presidents Hugo Chávez and Nicolás Maduro.  Moreover, other creditors have submitted license applications that implicate the PDVH shares.  Based on complex considerations such as these, OFAC's internal review of Crystallex's license application, as well as the U.S. government's corresponding interagency review, remain ongoing.

As you know, Elliott Abrams, the U.S. Department of State's Special Representative for Venezuela, has submitted to the U.S. Department of Justice (with a copy to OFAC) a letter intended for this Court indicating that any auction or sale of PDVH's shares at this time would undermine current U.S. foreign policy on Venezuela.  Absent a change in the above considerations, these factors will weigh heavily in OFAC's license determination and could prove to be dispositive in adjudicating this license application.

OFAC also notes that the pending license application is predicated on Crystallex's possession of a valid writ of attachment.  OFAC is aware that the Court is currently considering (1) Venezuela's Motion for Relief Under Federal Rule of Civil Procedure 60(b); and (2) PDVSA, PDVH, and CITGO's Motion to Quash the Writ of Attachment.  If the Court grants either of these two motions, then Crystallex's pending license application will become moot.

- 3 -

      OFAC intends to continue its review of Crystallex's license application while monitoring the District of Delaware litigation and communicating with the U.S. Department of State regarding Venezuela's evolving political and economic situation.

      Sincerely,

*Andrea M. Gacki*
Digitally signed by Andrea M. Gacki
Date: 2020.07.16 13:28:58 -04'00'

Andrea Gacki
Director
Office of Foreign Assets Control