

Travis S. Hunter
Director
302-651-7564
Hunter@rlf.com

July 21, 2020

**VIA CM/ECF & HAND DELIVERY**
The Honorable Leonard P. Stark
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3555

Re: *Crystallex International Corp. v. Bolivarian Republic of Venezuela.*,
No. 17-151-LPS

Dear Chief Judge Stark:

I write on behalf of the parties in the *Crystallex Asset Proceeding*, in response to the Court's July 17, 2020 Order requiring the parties to file a joint status report on or before July 21, 2020 addressing:

> (i) what further briefing, if any, any party wishes to file in light of [the] filing of the Government's Statement of Interest, along with a proposed briefing schedule and page limits for any such briefing; and (ii) the parties' positions regarding whether the Court should schedule another oral argument to address the sales process issues . . . and, if so, when argument should be scheduled and how much time the parties request for it.

D.I. 213. The parties, ConocoPhillips and the United States have conferred and their positions are set forth below.

**Crystallex's Position:**

Crystallex International Corporation ("Crystallex") respectfully requests that the Court enter the following briefing schedule for responses to the United States' Statement of Interest in this case:

> 1) Crystallex alone will be permitted to submit a letter brief not to exceed seven single-spaced pages addressing the contentions set forth in the government's submission of July 17, 2020 no later than 5 p.m. on July 27, 2020.
>
> 2) The Venezuela parties (the Republic, and PDVSA and all its subsidiaries) will be permitted to file a single responsive filing not to exceed five single-spaced pages no later than 5 p.m. on August 3. The United States may also file a response of the same length on that date if it chooses to do so.
>
> 3) Crystallex alone will be permitted to submit a letter reply not to exceed three single-spaced pages no later than 5 p.m. on August 6.

One Rodney Square ■ 920 North King Street ■ Wilmington, DE 19801 ■ Phone: 302-651-7700 ■ Fax: 302-651-7701

www.rlf.com

The Honorable Leonard P. Stark
July 21, 2020
Page 2

> 4) Crystallex requests a hearing on the sale motions with counsel using a telephone or Zoom format, provided that the public is confined to a streaming channel. Counsel for each party will work with Court representatives to set up the logistics.

The Court will recall that after briefing on Venezuela's Rule 60(b) motion and PDVSA's motion to quash the writ was completed, the United States, on the evening of July 16, 2020, filed a Statement of Interest, in which it expressed the view that "changed circumstances" in Venezuela may justify granting the Republic's motion, and that this Court should not authorize Crystallex to "proceed toward the contemplated sale of shares of PDV Holding, Inc." at this time. D.I. 212, at 1. As this Court has already recognized, the purpose of the current letter briefs is not to reopen briefing on Venezuela's and PDVSA's already-briefed motions, but to allow "the parties" to be heard "in light of last night's filing of the Government's Statement of Interest." D.I. 213.

Consistent with that purpose, Crystallex initially proposed a briefing sequence that would have permitted Crystallex and Venezuela to file simultaneous opening letter briefs not to exceed 7 single-spaced pages by no later than 5 p.m. on July 27, 2020, and simultaneous reply letter briefs not to exceed 5 single-space pages no later than 5 p.m. on July 31, 2020. The proposal was fair and efficient, and allowed each party to be heard simultaneously. However, the Republic rejected this proposal, insisting instead that it be permitted to file the final letter brief in support of the United States' Statement of Interest and in opposition to Crystallex's position. Crystallex maintains that it is inappropriate to permit the Republic and PDVSA, whose motions are already briefed, to have the last word in responding to the United States, which essentially supports their position.

Crystallex also respectfully submits that any supplemental briefing be limited to the parties in this proceeding: Crystallex, on the one hand, and the Republic, PDVSA, and all its subsidiaries, on the other hand. The Court has not granted leave for non-parties Phillips Petroleum Company Venezuela Limited and ConocoPhillips Petrozuata B.V. ("ConocoPhillips") to intervene in this action, and their active participation in these proceedings is inconsistent with their status as judgment creditors who do not have, and may never have, a writ of attachment against assets of the Republic. Crystallex has no objection if the Court wishes to hear from counsel for ConocoPhillips at a hearing on the sale procedures, but ConocoPhillips' participation in the briefing in Crystallex's proceeding would be inappropriate and inefficient.

Finally, Crystallex respectfully requests a hearing on its sale procedure motion. *See* D.I. 182. Crystallex has diligently pursued its writ of attachment for nearly two years and would benefit from the Court's decision on the procedural framework for a sale. In light of the differing sale procedures proposed by the parties and the United States, oral argument also would benefit the Court in deciding the outstanding issues. In light of the problems experienced in the prior hearing, Crystallex respectfully requests that members of the public who wish to observe the hearing be confined to a streaming channel.

### The Republic, PDVSA, and its subsidiaries Position:

The Republic, PDVSA, and its subsidiaries propose the following briefing schedule:

The Honorable Leonard P. Stark
July 21, 2020
Page 3

> 1. Crystallex (and any other party wishing to heard, such as Conoco Philips) will be permitted to submit a letter brief not to exceed seven single-spaced paged addressing the contentions set forth in the government's submission of July 17, 2020 no later than 5 p.m. on July 27, 2020.
>
> 2. The Republic, and PDVSA and its subsidiaries (the "Movants") will be permitted to file a single responsive filing not to exceed five single-spaced pages no later than 5 p.m. on August 3. The United States may also file a response of the same length on that date if it chooses to do so.
>
> 3. The Movants do not believe further oral argument on further proceedings is necessary in light of the extensive briefing to date and particularly in light of the government's explanation in its July 17 submission that OFAC is not yet in a position to issue a license decision and that proceeding toward a sale will not aid that determination. But if the Court wishes to hear the parties after the foregoing briefing is completed, we would be happy to be heard.

The Movants do not agree that Crystallex should be permitted to file a reply brief. The purpose of the contemplated additional briefing is to give the parties the opportunity to respond to the government's July 17 submission. It therefore makes sense, and is most efficient, to treat the government's submission as the equivalent of an opening brief. The Movants agree with the government's submission; Crystallex disagrees with it. Crystallex should therefore file an opposition to the government's submission, and the government and the Movants should each file replies to Crystallex's opposition. Permitting Crystallex to then file what is in essence a sur-reply would be excessive and inefficient.

**ConocoPhillips Position:**

Phillips Petroleum Company Venezuela Limited and ConocoPhillips Petrozuata B.V. (together, "ConocoPhillips") are interested in this action because of ConocoPhillips' judgment against PDVSA and pending motion for a writ of fieri facias against the PDVH shares in Phillips Petroleum Co. Venezuela Ltd., et al. v. Petróleos de Venezuela, S.A., et al., Case No. 19-mc-00342-LPS. If ConocoPhillips wishes to respond to the United States' submission of July 16, 2020, it will be permitted to submit a letter brief not to exceed seven single-spaced pages by no later than July 27, 2020. In light of the Statement of Interest filed by the United States, ConocoPhillips does not believe that argument to address the sales process issues is necessary at this time. However, if the Court does hear oral argument to address the sales process issues or any questions not addressed at the July 17, 2020 hearing, ConocoPhillips will be permitted to participate.

**The United States' Position:**

The U.S. Government's preference is for the briefing schedule put forward by Venezuela, as such a schedule appears to be more efficient for the Court.

The Honorable Leonard P. Stark
July 21, 2020
Page 4

In light of the Statement of Interest filed by the United States, the United States does not believe that argument on the remaining motion is necessary at this time. Should the Court view argument as helpful, however, the United States stands ready to participate to the extent it would aid the Court.

*   *   *

Counsel are available if the Court has any questions.

Respectfully,

*/s/ Travis S. Hunter*

Travis S. Hunter (#5350)

TXH/tec
cc:   All Counsel of Record (via CM/ECF)