# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347

———

(302) 658-9200
(302) 658-3989 FAX

**Kenneth J. Nachbar**
(302) 351-9294
(302) 425-3013 FAX
knachbar@mnat.com

September 23, 2020

**VIA ELECTRONIC FILING**

The Honorable Leonard P. Stark
United States District Court
District of Delaware
844 North King Street
Wilmington, DE 19801

        Re:    *Crystallex International Corp. v. Bolivarian Republic of Venezuela*, C.A. No. 17-151-LPS

Dear Chief Judge Stark:

        Pursuant to D. Del. L.R. 7.1.2(b), I write on behalf of Petróleos de Venezuela, S.A., PDV Holding, Inc., and CITGO Petroleum Corporation in the above-captioned action to submit supplemental authority in response to the Court's question at the September 17, 2020 hearing regarding whether PDVSA was required to raise merits defenses to Crystallex's motion for a writ of attachment at the same time as it briefed its entitlement to immunity under the Foreign Sovereign Immunities Act. *See* Hr'g Tr. 40:8-9, Sept. 17, 2020 ("Isn't it true that you could have raised [this argument]? And if so, why is that not dispositive?").

        In *Process and Industrial Developments Ltd. v. Federal Republic of Nigeria*, 962 F.3d 576, 579 (D.C. Cir. 2020), filed June 19, 2020, the United States Court of Appeals for the D.C. Circuit held that a district court erred when it required a foreign sovereign to "brief the merits before resolving a colorable assertion of immunity." According to the D.C. Circuit, because "foreign sovereigns enjoy immunity from litigation burdens as well as from the entry of adverse judgments," courts "must resolve colorable assertions of immunity before the foreign sovereign may be required to address the merits at all." *Id.* at 585-86.

        The D.C. Circuit's decision supports counsel for PDVH's statement, in response to this Court's question, that PDVSA "had every right" not to be forced to litigate merits issues until its assertion of immunity was finally resolved. *See* Hr'g Tr. 40:10-14 (PDVH counsel responding to the Court's question); *see also id.* at 62:9-12 (PDVH counsel pointing to Crystallex's

The Honorable Leonard P. Stark
September 23, 2020
Page 2

representation that "PDVSA may, of course, seek to challenge the writ on non-jurisdictional grounds by a motion to quash brought after the writ has issued and before the Court allows the execution process to commence") (quoting *Crystallex Int'l Corp.*, 333 F. Supp. 3d at 425)).

We have enclosed a copy of the *Process and Industrial Developments Ltd.* decision with this letter. Counsel are available at the Court's convenience to discuss any questions or concerns the Court may have.

    Respectfully,

    */s/ Kenneth J. Nachbar*

    Kenneth J. Nachbar (#2067)

Enclosure
cc:    All Counsel of Record (via CM/ECF)