

Travis S. Hunter
302-651-7564
hunter@rlf.com

October 13, 2020

**VIA ELECTRONIC FILING**

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, Delaware 19801

      Re: *Crystallex International Corporation v. Bolivarian Republic of Venezuela et al.*,
          C.A. No. 17-mc-151-LPS

Dear Chief Judge Stark:

We write on behalf of Crystallex in the above-referenced litigation in response to the September 23, 2020 letter filed by Petróleos de Venezuela, S.A. ("PDVSA") and its affiliates, PDV Holding, Inc. ("PDVH"), and CITGO Petroleum Corporation ("CITGO"). D.I. 227. PDVSA argues that it should be permitted to relitigate the "merits" of the attachment under Delaware law because, PDVSA contends, it was not previously "required to raise merits defenses" to Crystallex's motion for a writ of attachment. *Id.* at 1. As Crystallex has explained, however, PDVSA and its affiliates are estopped from relitigating these issues because PDVSA actually litigated the merits of the writ of attachment of its own accord and this Court and the Third Circuit actually decided them adversely to PDVSA's arguments. D.I. 199, at 21-24, 39-40. The merits of this Court's order directing issuance of the writ of attachment have been fully litigated and finally resolved.

Nothing in PDVSA's letter changes this conclusion. PDVSA argues that under the D.C. Circuit's June 19, 2020 decision in *Process and Industrial Developments Ltd. v. Federal Republic of Nigeria*, 962 F.3d 576 (D.C. Cir. 2020), courts "must resolve colorable assertions of immunity before the foreign sovereign may be required to address . . . merits" issues. D.I. 227, at 1. In that decision, which was available to PDVSA during briefing on its motion to quash, the D.C. Circuit held that the district court erred by ordering Nigeria, over its objection, to present all of its jurisdictional and "merits arguments" in a single response to a petition to confirm an arbitration award. 962 F.3d at 580. That is not remotely what happened here, and PDVSA was never "'forced to submit a merits defense.'" *Id.* at 581.

Instead, as outlined in Crystallex's opposition to PDVSA's motion to quash, *see* D.I. 199, at 4, 21-22, PDVSA voluntarily intervened in this litigation and elected to oppose Crystallex's motion for a writ of attachment on both jurisdictional and merits grounds. PDVSA argued that it was not Venezuela's alter ego for either purpose. *See* D.I. 26, at 2 (arguing that PDVSA's separate legal status both prevented Crystallex from "establish[ing] its alter ego claim" on the merits, and defeated "subject matter jurisdiction" under the Foreign Sovereign Immunities Act). PDVSA

The Honorable Leonard P. Stark
October 13, 2020
Page 2

argued at length that Crystallex had failed to "establish the indispensable requirement of abuse of the corporate form to work a fraud or injustice upon it," *id.* at 25, and faulted Crystallex for presenting no "allegations, much less evidence, that PDVSA is grossly undercapitalized or that the Republic is its primary source of funding," *id.* at 27. PDVSA even disputed the nature of Venezuela's expropriation of Crystallex's assets. *Id.* at 20-23. The D.C. Circuit decision on which PDVSA now relies makes clear that PDVSA was "free to oppose" Crystallex's motion in this way by electing to "brief immunity and merits issues in a single motion to dismiss," *Process & Indus. Devs. Ltd.*, 962 F.3d at 585, and PDVSA liberally exercised that right.

In the end, this Court disagreed with PDVSA's arguments and held that PDVSA and Venezuela were alter egos for purposes of both "[s]ubject matter jurisdiction . . . [and] the merits." *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, 333 F. Supp. 3d 380, 394 n.10 (D. Del. 2018); *see also id.* at 406, 415; D.I. 95, at 1 (noting the Court's finding that the PDVH shares were "subject to attachment and execution"). On that basis, the Court both denied PDVSA's motion to dismiss and ordered issuance of the writ. 333 F. Supp. 3d at 426; D.I. 95, at 2. PDVSA appealed both orders, and the Third Circuit affirmed both. *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, 932 F.3d 126, 136, 152 (3d Cir. 2019) ("[I]f the relationship between Venezuela and PDVSA cannot satisfy the Supreme Court's extensive-control requirement, we know nothing that can."). The panel expressly reviewed this Court's order denying immunity under the collateral order doctrine, and this Court's order granting the writ of attachment as "a final judgment," *id.* at 136, a determination that PDVSA never challenged in its petitions for rehearing and certiorari.

It is therefore irrelevant whether PDVSA *could* have been "required" to litigate the merits of Crystallex's motion for a writ of attachment over its objection. D.I. 227, at 1. PDVSA *chose* to litigate the merits in three separate courts; it simply does not like the result. PDVSA is estopped from relitigating those issues.

            Respectfully submitted,

            */s/ Travis S. Hunter*

            Travis S. Hunter (#5350)

cc: All Counsel of Record