# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
(302) 658-9200
(302) 658-3989 FAX

Kenneth J. Nachbar
(302) 351-9294
(302) 425-3013 FAX
KNachbar@mnat.com

October 16, 2020

**VIA ELECTRONIC FILING**

The Honorable Leonard P. Stark
United States District Court
District of Delaware
844 North King Street
Wilmington, DE 19801

         Re:    *Crystallex International Corp. v. Bolivarian Republic of Venezuela*,
               C.A. No. 17-151-LPS

Dear Chief Judge Stark:

      I write on behalf of Petróleos de Venezuela, S.A., PDV Holding, Inc., and CITGO Petroleum Corporation in the above-captioned in reply to Plaintiff Crystallex International Corp.'s October 13, 2020 response, D.I. 229, to my notice of supplemental authority filed on September 23, 2020. On September 23, 2020, I filed a letter submitting supplemental authority in response to a question by this Court to counsel for PDVH and CITGO at the September 17, 2020 hearing in this matter. *See* D.I. 227 (submitting *Process & Industrial Developments, Ltd. v. Federal Republic of Nigeria*, 962 F.3d 576 (D.C. Cir. 2020)). Crystallex's belated response, inexplicably submitted almost three weeks after my letter was filed, is an improper attempt to supplement the record with additional argument and briefing. It also ignores the fact that Crystallex previously represented to the Court that "PDVSA may, of course, seek to challenge the writ on non-jurisdictional grounds by a motion to quash brought after the writ has issued and before the Court allows the execution process to commence." *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 333 F. Supp. 3d 380, 425 (D. Del. 2018). Moreover, Crystallex's letter confuses the jurisdictional—and sovereign immunity—based question of whether its motion for a writ of attachment could proceed (which was litigated) with the substantive question of whether the writ could issue under state law (which was not litigated). That confusion requires correction.

      Contrary to Crystallex's baseless assertion, PDVSA did not voluntarily choose to litigate the merits of the propriety of the writ of attachment under Rule 69 and Delaware law. In fact,

PDVSA steadfastly maintained from the outset that both PDVSA and its property were entitled to immunity under the FSIA, and when the Court disagreed, PDVSA argued both to this Court and to the Third Circuit that litigation on the merits could not proceed until PDVSA's appeal of its denial of immunity was finally resolved. That is precisely the D.C. Circuit's holding in *Process & Industrial Developments, Ltd.*, *see* 962 F.3d at 584-86. Notably, Crystallex does not dispute that the D.C. Circuit's holding is a correct interpretation of the law.

At the outset of this litigation, PDVSA filed a cross-motion to dismiss asking the Court to "dismiss this action in its entirety for lack of subject matter jurisdiction and lack of personal jurisdiction under the Foreign Sovereign Immunities Act." D.I. 25 at 1. First, PDVSA argued that "[t]his Court lacks subject matter jurisdiction over the Attachment Motion under the FSIA" because, under *Peacock v. Thomas*, 516 U.S. 349 (1996), "a plaintiff seeking to shift liability on a judgment to a third party, as Crystallex seeks to do here, must establish an independent basis for the Court's subject matter jurisdiction with respect to the claim against the third party." D.I. 26 at 2-3. And because the FSIA makes PDVSA immune from jurisdiction unless an enumerated exception applies, and because Crystallex could not point to any exception as to PDVSA, there was no independent basis for jurisdiction. *Id.* at 3.

Second, PDVSA argued that Crystallex's allegation that PDVSA was an alter ego of Venezuela was insufficient "as a matter of law" to serve as an alternative basis for jurisdiction, "unhinged from any of the FSIA's enumerated exceptions." *Id.* As support for this proposition, PDVSA relied on the Eleventh Circuit's decision in *Butler v. Sukhoi Co.*, 579 F.3d 1309, 1313 (11th Cir. 2009). In *Butler*, PDVSA argued, "the Eleventh Circuit found the district court had abused its discretion in allowing an enforcement action to proceed against a third party foreign state based upon an alter ego theory where the plaintiff failed to establish that the putative alter ego's alleged 'conduct' satisfied any of the FSIA's statutory exceptions to immunity." D.I. 26 at 12 (quoting *Butler*, 579 F.3d at 1313-14); *see also Crystallex Int'l Corp.*, 333 F. Supp. 3d at 390 ("PDVSA contends that because Crystallex's motion seeks to impose liability on PDVSA for Venezuela's debt, Crystallex is in effect suing PDVSA, and the Court cannot adjudicate such a suit without having a basis to exercise subject matter jurisdiction over PDVSA.").

Third, PDVSA argued that even if Crystallex could rely on an alter ego claim to defeat PDVSA's FSIA immunity, "Crystallex cannot overcome the presumption of separateness to which PDVSA is entitled under *Bancec*." D.I. 26 at 3; *see also id.* at 13 n.2 ("In any event, to the extent that Crystallex could rely upon the alleged alter ego relationship between PDVSA and the Republic as a basis for the Court's jurisdiction over PDVSA, this effort fails because, as set forth below, Crystallex cannot meet the test for disregarding the presumptive separateness to which PDVSA is entitled under *Bancec*."); D.I. 55 at 2 ("Here, the only exception to [FSIA] immunity having any plausible relevance to this case is the FSIA's arbitration exception, 28 U.S.C. § 1605(a)(6). Thus, Crystallex must provide clear and convincing evidence that PDVSA is the alter ego of the Republic with respect to the arbitral award such that it is liable on that award.").

Finally, PDVSA argued that "PDVSA's shares of PDVH are immune from execution under the FSIA because they are not 'used for a commercial activity in the United States,' as required for any attachment under 28 U.S.C. § 1610(a)." D.I. 26 at 4; *see also Crystallex Int'l*

The Honorable Leonard P. Stark
October 16, 2020
Page 3

*Corp.*, 333 F. Supp. 3d at 426 ("As PDVSA's counsel succinctly and correctly stated . . . PDVSA is a presumptively separate sovereign instrumentality that is entitled to come to this court, invoke its own sovereign immunity, and is presumptively immune from the court['s] subject matter jurisdiction, presumptively separate from Venezuela, and its property is presumptively immune from attachment and execution." (quoting Aug. Tr. at 17)).

This Court's August 9, 2018 decision interpreted the relevant questions presented by PDVSA's motion in the same way. The Court held that "if Crystallex meets its burden to show that the Court has subject matter jurisdiction with respect to Venezuela under Section 1605(a)(6), and if Crystallex further demonstrates that PDVSA is the alter ego of Venezuela, then Crystallex will also necessarily have established that the Court may exercise subject matter jurisdiction with respect to PDVSA as well." *Crystallex Int'l Corp.*, 333 F. Supp. 3d at 394. It construed PDVSA's motion as presenting "both a facial and factual attack to subject matter jurisdiction" predicated upon the threshold issue of sovereign immunity. *See id.* at 389-90 ("Unless Crystallex can meet its burden to establish the applicability of exceptions to sovereign immunity, the Court is required to dismiss the case."). And it held that, "[i]n addition to showing that Venezuela and PDVSA are not immune from exercise of this Court's subject matter jurisdiction, Crystallex must also establish an exception to attachment and execution immunity" under the FSIA. *Id.* at 394.

Contrary to Crystallex's mischaracterization, whether Crystallex could overcome the presumption of separateness under the federal common law *Bancec* doctrine did not concern the "merits" of its entitlement to a writ of attachment under Rule 69, which is determined by Delaware law. Rather, the *Bancec* question pertained to sovereign immunity under the FSIA. *See Crystallex Int'l Corp.*, 333 F. Supp. 3d at 422 ("Provided that, as the Court has found, any sovereign immunity that would otherwise protect PDVSA and its specified property has been overcome—by the judgment against Venezuela, the finding that PDVSA is Venezuela''s alter ego, and the findings with respect to the 'commercial' use of the PDVH shares—then the FSIA is no bar to the relief sought by Crystallex.").[1]

---

[1] With respect to PDVSA's facial challenge to subject matter jurisdiction, the Court held that, "[t]aking Crystallex's allegations as true, Crystallex has shown at least probable cause for a finding that <u>PDVSA is not immune from suit</u>. That is because Crystallex has stated sufficient allegations that, if proven, would rebut the presumption of separateness and establish that PDVSA is the alter ego of Venezuela." *Id.* at 401 (emphasis added). With respect to PDVSA's factual challenge to the Court's subject-matter jurisdiction, the Court found "that Crystallex has proven by a preponderance of the evidence that <u>PDVSA is not immune from suit</u>." *Id.* at 406 (footnote omitted) (emphasis added); *see also id.* at 414 ("[T]he Court finds that Crystallex has rebutted the presumption of separateness and has shown that PDVSA may be deemed the alter ego of Venezuela pursuant to the exclusive control prong of *Bancec* and its progeny. <u>Therefore, Crystallex has proven the applicability of an exception to PDVSA's sovereign immunity</u>." (emphasis added)).

The Honorable Leonard P. Stark
October 16, 2020
Page 4

In its August 9, 2018 decision, this Court instructed the parties to file "a joint status report providing their position(s) as to how this case should now proceed." *Id.* at 426. In the filed status report, PDVSA took the position that "until the Third Circuit finally resolves PDVSA's appeal from this Court's denial of its sovereign immunity, this Court can take no further action with respect to issuance or enforcement of the Writ." D.I. 86 at 8. PDVSA specifically contended that "this Court's decision denying PDVSA's sovereign immunity is 'effectively unreviewable' unless an immediate appeal is taken, because the 'legal and practical value' of PDVSA's sovereign immunity defense and presumption of separateness would be 'destroy[ed]' by the issuance and enforcement of the Writ pending appeal," citing cases holding that sovereign immunity is in part an immunity from the burdens of litigation. *Id.* at 7; *see also id.* at 7-8 n.9 (arguing that "there is no need to enter a stay pending appeal, because the effect of PDVSA's Notice of Appeal from the denial of its sovereign immunity is sufficient to stop all further proceedings," but noting that, "out of an abundance of caution, some courts have entered unconditional stays to avoid embroiling the sovereign entity in further burdensome litigation").

Moreover, immediately after this Court issued its August 23, 2018 order authorizing issuance and service of the writ, PDVSA filed a petition for a writ of mandamus in the Third Circuit. PDVSA argued that its appeal "conferred exclusive jurisdiction on [the Court of Appeals] and divested the District Court of jurisdiction to proceed with issuance or enforcement of the Writ until this Court conclusively determines the threshold issue of whether PDVSA is entitled to sovereign immunity under the FSIA." Pet. for Writ of Mandamus at 2, *In re Petróleos de Venezuela, S.A.*, No. 18-2889 (3d Cir. Aug. 24, 2020). As it did in this Court, PDVSA asserted that being required to engage in further "burdensome litigation" would destroy the legal and practical value of its sovereign immunity from suit. *See id.* at 21.

Nor did the Third Circuit decide the issues presented in PDVSA, PDVH, and CITGO's motion to quash. That court was explicit about what it was deciding: "The District Court acted within its jurisdiction when it issued a writ of attachment on PDVSA's shares of PDVH to satisfy Crystallex's judgment against Venezuela, and the PDVH shares are not immune from attachment. Thus we affirm." *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 932 F.3d 126, 152 (3d Cir. 2019). The Third Circuit did not review or decide anything about the propriety of the attachment under Rule 69 and Delaware law, and PDVSA did not present any of those issues. *See* Br. for Intervenor-Appellant at 5-6, *Crystallex Int'l Corp.*, No. 18-2797 (3d Cir. Dec. 10, 2018) (statement of issues on appeal).

Crystallex attempts to construe PDVSA's appeal of this Court's August 23, 2018 order as litigation on the merits, but the reason PDVSA filed a separate notice of appeal from this Court's August 23, 2018 order was "out of an abundance of caution" to ensure that its appeal encompassed both the denial of its immunity from suit and the denial of the immunity of its property from attachment and execution. D.I. 117 at 1; *see also* Resp. of PDVSA to Crystallex's Mot. to Consolidate Appeals at 3, *Crystallex Int'l Corp.*, No. 18-2797 (3d Cir. Oct. 15, 2018) ("PDVSA consents to [Crystallex's motion to consolidate the appeals] without prejudice to its position that both the issues of whether the District Court erred in abrogating PDVSA's immunity from suit under the FSIA, § 1604, and whether the District Court erred in holding that

4

The Honorable Leonard P. Stark
October 16, 2020
Page 5

the PDVH shares are not entitled to immunity from attachment and execution under the FSIA, § 1609, are already properly before the Third Circuit pursuant to the collateral order doctrine by virtue of PDVSA's August 10 Notice of Appeal."); *id.* at 4 ("Furthermore, by consenting to the Motion to Consolidate, PDVSA does not waive, and expressly preserves, its position that the filing of its August 10 Notice of Appeal divested the District Court of jurisdiction to take any action with respect to PDVSA and its property pending resolution of the threshold issue of PDVSA's own immunity from suit . . . .").

      Finally, in its response letter, Crystallex contends that PDVH and CITGO are vicariously barred by collateral estoppel from moving to quash the writ. In addition to directly contradicting Crystallex's previous representations to this Court, that position is frivolous. Collateral estoppel applies only where a previously decided issue arises in a subsequent action, not in a later stage of the same case. *See* D.I. 206 at 7. Moreover, PDVH and CITGO are proper parties to this ongoing litigation and have asserted independent interests that would be harmed if the writ of attachment is not quashed. It is indisputable that the proper time for interested parties to move to quash is <u>after</u> the writ has been served. *See* D.I. 3-1 at 9 (Crystallex's statement that its "requested writ of attachment *fi. fa.* is the standard way by which a judgment creditor may enforce a federal judgment against corporate shares in a Delaware corporation belonging to a judgment debtor, and, if any party has a claim to the shares at issue, that party can raise the issue with the Court after the writ is served").

Respectfully,

*/s/ Kenneth J. Nachbar*

Kenneth J. Nachbar (#2067)

Enclosure
cc:    All Counsel of Record (via CM/ECF)