

Travis S. Hunter
302-651-7564
hunter@rlf.com

October 21, 2020

**VIA ELECTRONIC FILING**

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, Delaware 19801

    Re:  *Crystallex International Corporation v. Bolivarian Republic of Venezuela et al.*,
           C.A. No. 17-mc-151-LPS

Dear Chief Judge Stark:

Crystallex submits this brief response to PDVSA's latest five-page letter to the Court. D.I. 230. Both of PDVSA's post-hearing letters are improper because neither identifies any "subsequent authorities." D. Del. L. R. 7.1.2(b). For the reasons that Crystallex has already set forth in multiple rounds of briefing and at two oral arguments, it is indisputable that PDVSA actually litigated, and this Court and the Third Circuit conclusively decided, the propriety of the writ of attachment. Indeed, PDVSA admitted as much in arguing, successfully, that the attachment adequately secured Crystallex during the pendency of PDVSA's appeals and made a supersedeas bond unnecessary. Crystallex will not further address PDVSA's extended efforts to grant itself additional briefing on its motion to quash unless invited by the Court.

In contrast to the D.C. Circuit decision that PDVSA belatedly cites, Crystallex also writes to bring to the Court's attention a *subsequent* development of real significance to this case. On October 16, 2020, the United States District Court for the Southern District of New York ruled that, as a result of PDVSA's default on its obligations under bonds scheduled to come due in 2020, PDVSA's 2020 bondholders are entitled to exercise their contractual right to the sale or purchase of a majority stake in CITGO. *See* Opinion and Order, No. 1:19-cv-10023 (S.D.N.Y. Oct. 16, 2020), D.I. 215, at 67-68 (attached hereto as Exhibit 1). Any such sale would transfer more than 50% of the equity value of CITGO, the principal commercial asset underlying the PDVH shares on which Crystallex holds an attachment. *See id.* at 2. Notably, Judge Failla issued that ruling notwithstanding the United States' assertion in that case that "[a]ny . . . loss of PdVSA's U.S.-based assets . . . would be detrimental to U.S. policy and the interim government's priorities," and even that "the impact of a loss of these assets . . . would be greatly damaging and perhaps beyond recuperation." *Id.* at 45-46.

Although the 2020 bondholders cannot at present pursue a sale because the Office of Foreign Assets Control has temporarily suspended their license to do so, the suspension is set to lapse in January 2021, allowing them to proceed. If the 2020 bondholders are permitted to sell a majority stake of CITGO, they could severely diminish the value of the PDVH shares that Crystallex

The Honorable Leonard P. Stark
October 21, 2020
Page 2

attached in 2018, causing Crystallex even further irreparable harm.  Crystallex respectfully submits that this development makes it even more imperative for this Court promptly to order the sale process that Crystallex has requested.

                    Respectfully submitted,

                    */s/ Travis S. Hunter*

                    Travis S. Hunter (#5350)

cc:  All Counsel of Record