IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION, | : |
| Plaintiff, | : |
| v. | : Misc. No. 17-151-LPS |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | : |
| Defendant. | : |

## MEMORANDUM ORDER

On January 14, 2021, the Court issued an opinion and corresponding order on several motions brought by Plaintiff Crystallex International Corp. ("Crystallex"), Defendant Bolivarian Republic of Venezuela ("Venezuela"), and Intervenors Petróleos de Venezuela, S.A. ("PDVSA"), PDV Holding, Inc. ("PDVH"), and CITGO Petroleum Corp. ("CITGO") (collectively with Venezuela, PDVSA, and PDVH, the "Venezuela Parties"). (D.I. 234, 235) One of those motions, filed by Crystallex, sought an order approving the process for the sale of shares of PDVH held by its parent company, PDVSA. (D.I. 181) The Court granted that motion in part and denied it in part. (D.I. 235 ¶ 3) In particular, the Court "set out some of the contours of the sales procedures that it will follow" in conducting a sale of PDVSA's shares of PDVH. (D.I. 234 at 34)

At the same time, the Court recognized that the parties[1] would need to "submit more specific proposals" and that more detailed procedures would need to be established before a sale

---

[1] On the issue of sales procedures, the Court also received input from nonparties Phillips Petroleum Company Venezuela Limited and ConocoPhillips Petrozuata B.V., who are presenting similar issues in a different case on the Court's docket. *See generally Phillips Petroleum Co. Venezuela Ltd. v. Petróleos de Venezuela, S.A.*, Misc. No. 19-342-LPS (D. Del.).

1

could occur. (*Id.*) The parties agreed that the Court could appoint a special master to oversee the design and implementation of detailed sales procedures, and the Court decided that it would appoint someone to fill that role. (*Id.* at 34-35)

Subsequently, the parties agreed on a process to identify possible candidates for the special master position. (D.I. 237 at 1; D.I. 238) Eventually, the parties presented the Court with three candidates. (D.I. 244) The Court agrees with the parties that all three candidates are highly experienced, would faithfully carry out the duties of the special master, and would assist the Court.

Notably, while the parties expressed competing preferences among the three individuals they proposed, no party had any objection to the Court appointing any of them. (*See* D.I. 256 at 62-65) This is a particularly striking fact, given how litigious these parties have been over the past decade. (*See, e.g., id.* at 84 ("[T]he Venezuela parties have vigorously litigated the validity of the [writ] and continue to do so."); *id.* at 94 ("Crystallex was injured . . . 13 years ago, and has spent the ensuing years in multiple courts, and no doubt spent millions of dollars trying to recover what was wrongfully taken from it.")) Thus, while there are undoubtedly other professionals who would also be qualified to serve as the special master in this case, it is most appropriate, in the Court's view, to select one of the candidates presented by the parties themselves, to whom there are no objections.

The parties encouraged the Court to conduct interviews with each of the three candidates. (*See id.* at 72-73) Having done so, the Court has decided to appoint Robert B. Pincus.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Court appoints Robert B. Pincus as special master in this case, to assist with the sale of PDVSA's shares of PDVH to satisfy Crystallex's judgment.

2

2.  The parties are directed to work with Mr. Pincus so that he may submit, no later than **April 30, 2021** (unless he asks for an extension), a proposed order setting out: (a) arrangements for how Mr. Pincus will be paid for his time and reimbursed for reasonable expenses incurred in fulfilling his responsibilities, including the retention of necessary professional and other services; (b) any other details required to effectuate the appointment, *see, e.g., Cirba Inc. v. VMware, Inc.*, C.A. No. 19-742-LPS D.I. 958 (Order Appointing Special Master); and (c) a deadline for Mr. Pincus, after meeting and conferring with the parties and obtaining whatever additional assistance he reasonably needs, to submit a proposed Sales Procedures Order.

3.  At the appropriate time, the parties will have an opportunity to object to the proposed Sales Procedures Order.

April 13, 2021
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE