IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BOLIVARIAN REPUBLIC OF VENEZUELA, )<br>)<br>Defendant. )<br>)<br>_____ ) | C.A. No. 1:17-mc-00151-LPS |

**[PROPOSED] ORDER REGARDING SPECIAL MASTER**

WHEREAS, on January 14, 2021, the Court issued an opinion and corresponding order, D.I. 234, 235, on several motions brought by Plaintiff Crystallex International Corp. ("Crystallex"), Defendant the Bolivarian Republic of Venezuela ("the Republic"), and Intervenors Petróleos de Venezuela, S.A. ("PDVSA"), PDV Holding, Inc. ("PDVH"), and CITGO Petroleum Corp. ("CITGO") (collectively with Venezuela, PDVSA, and PDVH, the "Venezuela Parties"), in which the Court "set out some of the contours of the sales procedures that it will follow" in conducting a sale of PDVSA's shares of PDVH, D.I. 234 at 34;

WHEREAS, by order dated April 13, 2021, D.I. 258, the Court appointed Robert B. Pincus as a special master (the "Special Master") in this case "to assist with the sale of PDVSA's shares of PDVH" (the "Sale");

WHEREAS, U.S. persons are governed by certain regulations and unless authorized pursuant to a specific license issued by the Office of Foreign Assets Control ("OFAC") may not enforce any lien, judgment, arbitral award, decree, or other order through execution, garnishment,

1

or other judicial process purporting to transfer or otherwise alter or affect property or interests in blocked property such as PDVSA's shares of PDVH;

WHEREAS, the Venezuela Parties have submitted a request for guidance or a specific license to OFAC regarding the obligations contemplated herein;

WHEREAS, this Court has previously found, "the most reasonable and appropriate course of action, in light of the totality of the circumstances, is to set up the sales procedures and then to follow them to the maximum extent that can be accomplished without a specific license from OFAC." D.I. 234 at 32-33;

WHEREAS, the Court directed the Parties[1] to work with the Special Master to enable him to submit a proposed order setting out "(a) arrangements for how the Special Master will be paid for his time and reimbursed for reasonable expenses incurred in fulfilling his responsibilities, including the retention of necessary professional and other services; (b) any other details required to effectuate the appointment . . . and (c) a deadline for [the Special Master], after meeting and conferring with the parties and obtaining whatever additional assistance he reasonably needs, to submit a Proposed Sales Procedures Order," D.I. 258 at ¶ 2; and

WHEREAS, the Special Master has met and conferred with the Parties and ConocoPhillips[2] and has submitted this [Proposed] Order Regarding Special Master;

**NOW THEREFORE, this ___ day of _____, 2021, it is HEREBY ORDERED that:**

    1.    The appointment of Robert B. Pincus as Special Master is made pursuant to Federal Rule of Civil Procedure 53.

---

[1] The "Parties" refers to Crystallex and the Venezuela Parties.
[2] "ConocoPhillips" refers collectively to Phillips Petroleum Company Venezuela Limited and ConocoPhillips Petrozuata B.V.

2. ***Special Master's Duties.***  The Special Master shall devise a plan for the sale of shares of PDVH as necessary to satisfy the outstanding judgment of Crystallex and the judgment of any other judgment creditor added to the Sale by the Court and/or devise such other transaction as would satisfy such outstanding judgment(s) while maximizing the sale price of any assets to be sold (the "Proposed Sales Procedures Order").  Consistent with these duties, the Special Master shall, among other things, oversee the execution of a protective order to ensure that confidential information provided or exchanged during the course of the Special Master's tenure is properly protected from disclosure that could cause competitive or other harm, work to become knowledgeable about the business operations and assets of CITGO and PDVH, and ascertain the total amount of the outstanding judgment owed to Crystallex by the Republic of Venezuela.

3. The Special Master shall provide the Parties and ConocoPhillips with a draft of his Proposed Sales Procedures Order in advance of submission to the Court with reasonable time for the Parties and ConocoPhillips to provide comments and suggestions to the Special Master.

4. "[A]fter meeting and conferring with the Parties [and ConocoPhillips] and obtaining whatever additional assistance he reasonably needs," D.I. 258 at 3, the Special Master will submit the Proposed Sales Procedures Order to the Court, the Parties, and ConocoPhillips, under seal. The Proposed Sales Procedures Order shall be submitted no later than sixty days after entry of this Order, unless such date is otherwise extended by the Special Master (upon notice) or this Court, and shall be consistent with this Court's January 14, 2021 Order.  *See* D.I. 234 at 34-36.

5. After the Special Master submits a Proposed Sales Procedures Order, the Parties and ConocoPhillips are given an opportunity to be heard, and the Court adopts and/or modifies the Order (thereafter, the "Final Sales Procedures Order"), the Parties and ConocoPhillips shall meet

and confer and submit proposal(s) to the Court regarding steps to be taken by the Special Master with respect to execution of the Final Sales Procedures Order and the timing thereof.

6. ***Communications with the Parties, ConocoPhillips, and the Court.*** The Special Master may communicate ex parte with the Court, any Party, any Party's attorneys, ConocoPhillips, and ConocoPhillips' attorneys at the Special Master's discretion as necessary to carry out his duties.

7. ***Provision of Information***. The Venezuela Parties (including their directors, officers, employees and agents) shall, to the extent available to them, use reasonable efforts to promptly provide the Special Master with any and all non-privileged information and documents (confidential or otherwise) concerning the Venezuela Parties that the Special Master requests in order to permit him to prepare and file the Proposed Sales Procedures Order and otherwise perform his duties as Special Master, including, without limitation, any and all financial information and documents about the Venezuela Parties' businesses (historic, existing or potentially prospective), creditors, stockholders, directors, officers, employees and agents. Without limiting the foregoing, and for the avoidance of doubt, these informational rights of the Special Master extend to include, at a minimum, books and records of the Venezuela Parties (defined as broadly as possible), including electronic mail, and include information on the Venezuela Parties' or their subsidiaries' server(s) or located elsewhere (electronic or otherwise). While the Venezuela parties are entitled to assert applicable privileges, the furnishing of information pursuant to the Order shall not waive any applicable attorney client privilege or work product doctrine. As used in the Order, the phrases "information related to the Venezuela Parties," "information concerning the Venezuela Parties," "Venezuela Parties' confidential information" and "communications related to the Venezuela Parties" apply equally to the Venezuela Parties and their subsidiaries, provided, however, that the

Special Master shall not share any written information provided to him by the Venezuela Parties that is marked highly confidential with any of the other Parties, ConocoPhillips, or any other third party.

8.  ***The Record of the Special Master.***  The Special Master shall provide the Court with a status report under seal on a monthly basis informing the Court of his progress; provided, however, that the Special Master shall not be required to disclose any information that he, in his sole discretion, believes would negatively impact the performance of his duties under this Order or adversely affect the Parties or ConocoPhillips. The Special Master shall maintain normal billing records of his time spent on this matter, with reasonably detailed descriptions of his activities and matters worked on. The Special Master shall preserve copies of all materials received from the Parties and ConocoPhillips, and any notes or work product developed by the Special Master, and in any event, until final resolution of these proceedings (including any and all appeals).

9.  ***Judicial Review of the Special Master's Recommendations and Submissions***. The Special Master shall reduce any finding, report, recommendation, or plan (including, but not limited to, the Proposed Sales Procedures Order) to writing and file it with the Court. With the exception of the regular status reports the Special Master will file monthly, any Party or ConocoPhillips may file an objection to a finding, report, recommendation, or plan by the Special Master within 14 days of the date it is submitted to the Court. *See* Fed. R. Civ. P. 53(f)(1). After "giv[ing] the parties [and ConocoPhillips] notice and an opportunity to be heard," the Court will determine whether to adopt the Special Master's finding, report, recommendation, or plan. *Id.* The Court reviews factual issues for clear error, legal issues *de novo*, and procedural issues for abuse of discretion. Fed. R. Civ. P. 53(f)(3)–(5).

10. ***Retention of Advisors***.  The Special Master is authorized to and has retained the law firms of Potter Anderson & Corroon LLP as counsel and Jenner & Block LLP as Office of Foreign Assets Control ("OFAC") counsel (the law firms collectively, "Counsel") to represent him in his role as Special Master and to assist him in the performance of his duties as Special Master. The Special Master is also authorized to retain one or more additional law firms and consultants or advisors, including financial advisors and other professionals (together, "Advisors"), as the Special Master, after consultation with the Parties and ConocoPhillips, deems appropriate for purposes of assisting him in performing his duties as Special Master. The Special Master will consult with the Parties and ConocoPhillips and solicit their input prior to hiring Advisors.  The Special Master is authorized to enter into any agreements with such Advisors on terms that he, after consultation with the Parties and ConocoPhillips, believes are appropriate. The Court shall have the authority to rescind retention of Advisors or Counsel, or require modification of their retention, scope of work, and compensation.

11. ***Compensation of the Special Master***.  The Special Master shall be compensated at his usual hourly rate of $950 per hour and shall also be reimbursed for reasonable travel and other expenses incurred in the performance of his duties.  Crystallex, ConocoPhillips, and the Venezuela Parties shall, upon approval by the Court, bear the cost of the Special Master and his Advisors' compensation equally, with each contributing one-third.

12. The Special Master shall incur only such fees and expenses as may be reasonably necessary to fulfill his duties under this Order, or such other Orders as the Court may issue in this proceeding.  Unless authorized by a subsequent order of this Court, and with leave for the Special Master to seek additional funding as may be necessary, the fees and expenses of the Special Master,

Counsel and Advisors in connection with submitting to the Court the Proposed Sales Procedures Order shall not exceed $2 million in the aggregate.

13. Any payments made by the Parties and ConocoPhillips shall be reimbursed out of the first proceeds of any sale of shares of PDVH, notwithstanding any claim or attachment by any creditor of any of the Venezuela Parties.

14. The Special Master shall submit to the Court an itemized statement of fees and expenses on a monthly basis (each an "Itemized Statement"), which the Court will inspect for regularity and reasonableness. *See* Fed. R. Civ. P. 53(a)(3). The fees of any counsel or advisors retained to assist the Special Master in carrying out his duties shall be calculated based on the rates charged by such counsel or advisor to other clients of their firms.

15. If the Court determines, after considering any objections or comments from the Parties or ConocoPhillips, that the Itemized Statement is regular and reasonable, the Parties and ConocoPhillips shall remit to the Special Master their share of any amount the Court determines is regular and reasonable, within 30 calendar days of such determination by the Court.

16. ***Cooperation of the Parties and ConocoPhillips***.  All Parties and ConocoPhillips, including their directors, officers, employees, consultants and agents, shall reasonably cooperate with the Special Master in the performance of his duties under this Order. Subject to the other provisions of this Order, the Parties and ConocoPhillips will, to the extent available to them, to the extent it is required, make available to the Special Master any and all facilities and all files, databases, and documents which are necessary to fulfill the Special Master's functions under this Order, subject to confidentiality restrictions.

17. ***Judicial Immunity***. The Special Master is entitled to judicial immunity in performing his duties as authorized by the orders of this Court. The Special Master's Counsel and

Advisors are entitled to judicial immunity in performing services at the direction of the Special Master within the scope of this Order or a Court-approved engagement.

18. ***Fiduciary Duties***.  The Special Master, as an appointee of the Court to undertake the duties hereunder, owes duties to the Court and does not owe fiduciary or other duties to any of the Parties, or creditors of any Parties.

19. ***Parties and ConocoPhillips' Rights***.  None of (1) the entry of this Order, (2) the participation by any Party or ConocoPhillips in its drafting, (3) the payment of the Special Master's fees and expenses, and/or (4) the process of developing the Proposed Sales Procedures Order, shall be a waiver of any rights or arguments with respect to the writ of attachment or the sales process, including any appellate rights or arguments.  Specifically, the aforementioned actions shall not waive or otherwise affect the Venezuela Parties' appeal regarding this Court's January 14, 2021 Order, including, but not limited to, the current appeal pending before the United States Court of Appeals for the Third Circuit.  Moreover, all Parties and ConocoPhillips retain their right, if any, to seek appellate review arising from this Order, the Final Sales Procedures Order, any other order associated with the matters contemplated herein, and any ultimate order of sale, notwithstanding the entry of this Order or the aforementioned participation.

        IT IS SO ORDERED this _____ day of _____, 2021.

        _____
        The Honorable Leonard P. Stark
        United States District Chief Judge