

Travis S. Hunter
302-651-7564
hunter@rlf.com

**VIA ELECTRONIC FILING**

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, Delaware 19801

> **Re:** *Crystallex International Corporation v. Bolivarian Republic of Venezuela et al.*,
> **C.A. No. 17-mc-151-LPS**

Dear Chief Judge Stark:

We write on behalf of Crystallex in reference to the Proposed Order Regarding Special Master, filed by the Special Master on May 9, 2021.  D.I. 260.  The Bolivarian Republic of Venezuela, Petróleos de Venezuela, S.A., PDV Holding, Inc., and CITGO Petroleum Corporation (collectively, "Venezuela") have taken the position that in order for the Special Master to carry out his mandate of designing and implementing a process for the sale of PDVH shares to satisfy Crystallex's unpaid judgment, the parties—and perhaps the Special Master—will need to obtain guidance and a license from the U.S. Treasury's Office of Foreign Asset Control ("OFAC") at practically every step of the process.  This is simply an attempt by Venezuela to inject into the Special Master process the same objections it unsuccessfully advanced in its effort to forestall the entry of the sale order and the appointment of the Special Master.  If accepted now, this conduct will embolden Venezuela to continue its well-documented history of using every conceivable procedural maneuver to hinder collection of the judgment.  There is no reason why OFAC's guidance or approval is needed for the Special Master to be paid or to carry out his mandate.

To address any lingering concerns regarding OFAC approval, Crystallex believes that the Special Master order should make clear that the Special Master is acting as an "arm of the Court."  To that end, Crystallex proposes the following paragraph for inclusion in the Special Master order:

> **Arm of the Court.** The Court has found that "the most reasonable and appropriate course of action, in light of the totality of the circumstances, is to set up sales procedures and then to follow them to the maximum extent that can be accomplished without a specific license from OFAC." D.I.  234 at 32-33. To assist the Court in this task, the Special Master has been appointed to "to oversee the design and implementation of detailed sales procedures" for shares of PDVH. D.I. 258 at 1-2. The Court finds that the Special Master, in effecting his court-appointed duties, is acting pursuant to Federal Rule of Civil Procedure 53 and thus as an arm of the Court. Accordingly, the Court finds that any payments to the Special Master (and by him to any advisers engaged) pursuant to this Order relate to the official business of the United States Courts, and accordingly to the official business of the U.S. Government, for sanctions purposes. See 31 CFR 591.509 ("All transactions

■ ■ ■

The Honorable Leonard P. Stark
May 10, 2021
Page 2

> that are for the conduct of the official business of the United States Government by
> employees, grantees, or contractors thereof are authorized.").

This proposed paragraph should allay any lingering concerns regarding the payment of the Special Master's fees and the lawfulness of the Special Master's activities. It is indisputable that the Special Master and his agents are exercising authority delegated by the Court to perform a judicial function. Indeed, if that were not so, it is difficult to see how the Special Master could have judicial immunity. Because the Special Master is an arm of Court, his activities, and those of his agents, qualify as government business for purposes of the OFAC sanctions. Just as Venezuela can pay appeal fees and other Court costs without fear of violating the OFAC sanctions, the parties can pay the fees incurred by the Special Master in his performance of a judicial function. Crystallex's proposed language in the Special Master order would make this clear and thus avoid the need for any further discussion of OFAC issues in this order.

Given the protracted history of this litigation, Crystallex is concerned that any references in the Special Master order to the possible need for OFAC guidance or a license likely would be exploited by Venezuela to create more delay in the future. Throughout this litigation, Venezuela repeatedly has invoked OFAC as a supposed reason why the sale process cannot proceed. But this Court already resolved these issues in ordering the sale process to go forward. For example, at the March 17, 2021 hearing, the Court found as follows:

> Further, my orders, I don't think, violate any OFAC regulations and do not, I believe, require any individual or entities to take any prefatory steps which OFAC would have lawful authority to deem to be a violation of any sanctions. It's unclear at this point to what extent the OFAC sanctions are binding on this Court. And notably, the government previously told the Court that it can do whatever it wants. That was, I think, in a transcript, but you can find it at D.I. 226 at page 105.

Memorandum Order at 5 (Mar. 17, 2021), D.I. 257. The Court's finding mirrored the Government's statements at the September 17, 2020 hearing:

> MR. DeMOTT: Well, your Honor, I think OFAC has tried to draw a distinction in FAQs 808 and 809 between, you know, whether there is -- whether it is imposing limitation on what Your Honor can do and what Crystallex can do. So the United States hasn't taken the position that Your Honor is blocked from moving forward. You know, the Court can do whatever it wants.

Tr. at 105:1-7 (Sept. 17, 2020), D.I. 226. Simply put, OFAC sanctions do not—and cannot— prevent a federal court from enforcing the fully affirmed judgment of another federal court.

Accordingly, Crystallex respectfully requests that the Special Master order make clear that the Special Master is functioning as an arm of the Court, and the order should refrain from suggesting,

The Honorable Leonard P. Stark
May 10, 2021
Page 3


even implicitly, that OFAC guidance or approval may be needed for the Special Master to carry
out his mandate or for payments to the Special Master (or his advisors) to be made.

Respectfully submitted,

*/s/ Travis S. Hunter*

Travis S. Hunter (#5350)


cc:  All Counsel of Record