

Travis S. Hunter
302-651-7564
hunter@rlf.com

**VIA ELECTRONIC FILING**

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, Delaware 19801

      Re:  *Crystallex International Corporation v. Bolivarian Republic of Venezuela et al.*,
           C.A. No. 17-mc-151-LPS

Dear Chief Judge Stark:

On behalf of Crystallex, we write in response to the letter from the Intervenor Bondholders, filed on May 9, 2021, requesting that the Court refrain from entering the Proposed Order Regarding Special Master filed on the same date. *See* D.I. 261. Crystallex has no objection in principle to a process in which the Special Master seeks input from parties such as the Intervenor Bondholders (as they note, the Special Master provided a draft for comment but apparently received none). But Crystallex does not believe this Court's order contemplates that any creditor potentially affected by Venezuela's financial condition is to participate in the Special Master process. Nor would such a cumbersome process be appropriate or practicable. Crystallex is the only judgment creditor of Venezuela with a secured lien, and the execution sale that the Special Master process contemplates is at Crystallex's instance, for the exclusive purpose of satisfying Crystallex's long-outstanding judgment.

As the Court is fully aware, Crystallex has spent many years and countless resources seeking payment on a fully adjudicated debt by Venezuela that the Republic refuses obstinately to pay. This Court entered the sale order to right that wrong. The Special Master should be permitted to move the sale process forward as expeditiously as practicable without undue interference by rival creditors who, unlike Crystallex, are not the beneficiaries of that Order.

Other creditors of Venezuela that have been granted party status in this proceeding, such as the Intervenor Bondholders, can of course offer their views, but their intervenor-party status does not entitle them to structure the sale process, or participate in an execution sale being held solely to pay a single debt—that owed by Venezuela to Crystallex. If the Intervenor Bondholders ultimately obtain enforceable rights against the shares of PDVH—they have none at present and their current litigation against PDVSA relates to the shares of CITGO Holding—the Intervenor Bondholders could potentially enforce those rights only from whatever residue remains from the execution *after* Crystallex's judgment and costs have been fully satisfied and paid.

Non-party ConocoPhillips has participated in the discussions concerning the Special Master and the sale process in part because it has offered to fund a proportionate one-third of the costs of the execution sale, subject to the same expectation of potential recovery after Crystallex's judgment

The Honorable Leonard P. Stark
May 10, 2021
Page 2

is paid in full and ConocoPhillips' rights are perfected  If the Intervenor Bondholders wish to participate in these discussions on comparable terms, they should be required to pay a proportionate one-fourth of the costs of the Special Master and his advisers in designing and implementing the ultimate sale.

    Respectfully submitted,

    */s/ Travis S. Hunter*

    Travis S. Hunter (#5350)

cc:  All Counsel of Record