

100 S. West Street, Suite 400 • Wilmington, DE
19801 Telephone 302.576.1600 • Facsimile
302.576.1100 www.ramllp.com

Garrett B. Moritz

Direct Dial 302.576.1604
gmoritz@ramllp.com

May 19, 2021

**VIA E-FILING**

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, Delaware
19801

Re:   *Crystallex International Corporation v. Bolivarian Republic of Venezuela, et al.,*
       C.A. No. 17-mc-151-LPS

Dear Chief Judge Stark:

We write on behalf of Phillips Petroleum Company Venezuela Limited and ConocoPhillips Petrozuata B.V. ("ConocoPhillips") to object to certain portions of the Proposed Order filed by the Special Master on May 14, 2021, D.I. 265.

ConocoPhillips understands that, after conferring with counsel for the Crystallex parties and ConocoPhillips, the Special Master has decided not to further revise the initial Proposed Order, filed on May 9, 2021, with respect to issues concerning applicable U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC")'s sanctions regulations. D.I. 265. Specifically, the Special Master has rejected a request by ConocoPhillips to include certain proposed language to ensure that the process to be embarked upon by the Special Master will be in compliance with applicable OFAC sanctions regulations.

Based on its understanding of applicable OFAC sanctions regulations, ConocoPhillips believes that the Special Master Order should contain language that clearly circumscribes the Special Master's duties in order to avoid the possibility of running afoul of OFAC sanctions in any respect. The following language was proposed by ConocoPhillips for inclusion in the Proposed Order but ultimately rejected by the Special Master. ConocoPhillips objects to that exclusion and respectfully requests that the Court include the following paragraph or language to similar effect in the Special Master Order:

*Authorized Conduct.* The activities of the Special Master (and his Counsel and Advisors), in effecting his court-appointed duties under this Order, do not purport to encumber, transfer or otherwise affect the PDVH shares or PDVSA's interests in the PDVH shares or require him to engage in dealings with Specially Designated Nationals ("SDN"s). The Special Master, his Counsel and Advisors shall not engage in, and the Parties and ConocoPhillips are not financing, any conduct or transaction that purports to encumber, transfer or otherwise affect the PDVH shares, or that constitutes a prohibited dealing with an SDN, unless authorized by OFAC to do so and carried out pursuant to a subsequent order of this Court

This proposed paragraph reflects the language of the OFAC regulations and provides an additional layer of clarity and security to the Court, the Special Master and any of the funding parties. Crystallex proposed certain language in its May 10, 2021 letter to the Court, D.I. 262, that defines the Special Master as an "arm of the court." In ConocoPhillips' view, this language does not provide the same level of protection to all involved parties as the paragraph ConocoPhillips has proposed above.

ConocoPhillips additionally objects to the Proposed Order's initial fee cap of $2 million. ConocoPhillips' position is that the Proposed Order should reflect an initial fee cap of no more than $1 million. The Special Master's activities will of necessity be of an exploratory, investigative and preparatory nature. While it may be that such activities will require as much as $2 million, inasmuch as there is no assurance that a sale will occur, ConocoPhillips believes that $1 million is an adequate starting point. In the event that additional funding above $1 million is required, ConocoPhillips suggests that incremental increases be subject to the parties' agreement and the approval of the Court.

Finally, regardless of the amount of the initial fee cap, and consistent with its agreement as a non-party to share in the funding of the Special Master, ConocoPhillips believes that, should the Intervenor Bondholders be permitted to participate fully in the share sale process, they should also be required to share equally in the funding of the Special Master. This is consistent with Crystallex's position as expressed in its May 10, 2021 letter to the Court, D.I. 263. There is no sound reason why, as parties not named in the underlying action, ConocoPhillips and the Intervenor Bondholders should be treated differently with respect to funding obligations.

Respectfully submitted,

*/s/ Garrett B. Moritz*

Garrett B. Moritz (#5646)

cc: All Counsel of Record
Robert Pincus, Special Master