# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
(302) 658-9200
(302) 658-3989 FAX

Kenneth J. Nachbar
(302) 351-9294
(302) 425-3013 FAX
KNachbar@morrisnichols.com

May 21, 2021

**VIA ELECTRONIC FILING**

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, Delaware 19801

        Re: *Crystallex International Corporation v. Bolivarian Republic of Venezuela et al.,* C.A. No. 17-mc-151-LPS

Dear Chief Judge Stark:

        We write on behalf of PDV Holding, Inc. and CITGO Petroleum Corporation in response to the May 19, 2021 letters to the Court from Crystallex International Corp., D.I. 268, and ConocoPhillips Petrozuata B.V., D.I. 266.

Crystallex's and ConocoPhillips' Objections Related to OFAC Sanctions

        Crystallex and ConocoPhillips propose adding language to the Special Master's appointment order regarding OFAC sanctions that the Special Master has considered and rejected twice already. The arguments put forward in Crystallex's and ConocoPhillips' letters were proposed during the meet-and-confer process and made directly to the Special Master. He and his OFAC counsel spoke extensively with the parties about these matters, and they decided that the proposals were either unnecessary, incorrect, or outside the scope of his assignment. PDVH and CITGO agree with the Special Master that the proposed language is not necessary to protect the efforts of the Special Master and his agents. The Special Master's immunity, and the immunity of his agents, is fully and adequately covered under the "Judicial Immunity" section of the proposed order. Though apparently critical of CITGO and PDVH for seeking guidance or a specific license from OFAC regarding their participation in this process, what Crystallex and ConocoPhillips truly seek is a preemptory order from this Court that *their* participation in this matter—past, present, and future—complies with the Venezuelan sanctions regime, regardless of the regulations.[1] Crystallex's and ConocoPhillips' attempts to immunize themselves with an

---

[1] *See Crystallex Int'l Corp.*, Case No. 1:17-mc-00151-LPS, D.I. 262, at 2 (arguing that the court and the U.S. Government have already held that the "sale process" can "go forward," that "OFAC sanctions do not—and cannot—prevent a federal court from enforcing the fully affirmed judgment of another federal court," and by extension, that OFAC cannot restrict any private entity's participation in those efforts).

May 21, 2021
Page 2

advisory opinion (issued without briefing and without the participation of the United States) would be improper and incorrect.

Crystallex's accusation that the Venezuela Parties have raised the issue of OFAC sanctions to delay the proceedings is unfounded. As Crystallex knows but neglected to mention, before the Special Master even filed his proposed order, PDVH and CITGO sought guidance and/or a specific license from OFAC—*on an expedited basis*—to eliminate any legal ambiguity with respect to their ability to participate in and fund the Special Master's contemplated process, something they have voluntarily undertaken to assure the adequacy of the process.

To be sure, the Special Master and his agents will be protected by judicial immunity in these proceedings. Contrary to the claim by Crystallex, the Venezuela Parties have never suggested otherwise. That, however, says nothing about the legal exposure of the Venezuela Parties or of other private parties, including the many third-party financial institutions whose compliance departments will be required to evaluate requests for funds transfers to pay the Special Master's invoices. Banks, for example, may refuse to wire funds from CITGO or PDVH to the Special Master absent some approval from OFAC, for fear that the banks themselves will run afoul of federal law.

Far from seeking to cause delay, therefore, PDVH and CITGO have sought expedited consideration by OFAC in order to ensure that PDVH and CITGO, each of which is a closely regulated entity under the existing Venezuelan sanctions regime, may participate in the Court's ordered process without regulatory obstacles that could hinder the sharing of important and relevant information and/or the prompt payment of invoices from the Special Master. Although PDVH and CITGO believe that the Court's decision to initiate the sales process despite OFAC guidance to the contrary was erroneous, and although PDVH and CITGO have appealed that decision, PDVH and CITGO have committed to the Court and to the Special Master to cooperate in good faith and to do everything they can to make the process run smoothly. It is in PDVH and CITGO's best interests to maximize the value of the PDVH stock if it is sold to satisfy Crystallex's judgment.

Neither this Court nor the U.S. Government have ever determined that OFAC sanctions do not apply to any and all forms of private-party participation with an unlicensed court-ordered sale of PDVH shares. Indeed, this Court has never determined how far it will proceed with the proposed sale-process—instead, it has declared its intent to "proceed with the sale to whatever extent is possible in the absence of a specific OFAC license[.]" *Crystallex Int'l Corp*, Case No. 1:17-mc-00151-LPS, D.I. 234, at 34. Crystallex also blatantly misrepresents the position of the U.S. Government, which was provided to the Court in the September 17, 2020 hearing. There, the U.S. Government drew a clear distinction between what *a court* is able to do, and what private entities are able to do, stating that the former is unbound, but the latter remains subject to U.S. sanctions for any execution of judgments on blocked property. Tr. at 105:1-7 (Sept. 17, 2020), D.I. 226 ("Well, your Honor, I think OFAC has tried to draw a distinction in FAQs 808 and 809 between, you know, whether there is -- whether it is imposing limitation on what Your Honor can do and what Crystallex can do."). Crystallex's attempt to cloak itself in judicial immunity for any actions *it* takes to collect on its judgment directly contravenes that statement, as well as the plain meaning of the relevant regulations and guidance from OFAC.

The notion that 31 CFR § 591.509, authorizing the official business of the U.S. government, extends some sort of blanket immunity to all such participants is unsupported by

May 21, 2021
Page 3

any regulatory or judicial authority. Crystallex ignores that 31 CFR § 591.509 is expressly limited by 31 CFR § 591.407. *See* Note 1 to 31 CFR § 591.509 (referring to 31 CFR § 591.407 for judicial proceedings dealing with blocked property). And 31 CFR § 591.407 expressly disables the general license provided by 31 CFR § 591.509 with respect to any "judicial process purporting to transfer or otherwise alter or affect property or interests in property blocked pursuant to § 591.201, as referenced in § 591.506(c)[.]" The relevant question here is at what point *this* judicial process becomes the kind of judicial process contemplated by 31 CFR § 591.407. And in that respect, Crystallex continues to hope that all parties will simply ignore the on-point published guidance from OFAC on this question, which directs private parties such as Crystallex to obtain a specific license for any "concrete steps in furtherance of an auction or sale" even when such "concrete steps" take place within the context of a judicial proceeding. OFAC FAQ No. 809; *see also* OFAC FAQ No. 808. Crystallex may believe that it will suffer no consequences by flouting OFAC's published interpretation of the U.S. sanctions regime, but that belief should not be imposed upon other parties, such as PDVH and CITGO, who continue to believe that compliance with both the letter and spirit of operative U.S. law is not a matter of discretion.

Crystallex's Objection to the Standard of Review

PDVH and CITGO had agreed to the language in the proposed order regarding the standard of review, but it appears that Crystallex does not consent to the proposed standard, and Federal Rule of Civil Procedure 53(f)(3) requires that, without the consent of all parties, objections to findings of fact made or recommended by the Special Master must be reviewed de novo.

Crystallex's and ConocoPhillips' Objections to the Participation of Bondholders

PDVH and CITGO agree with Crystallex and ConocoPhillips that if the Bondholders wish to participate on comparable terms as other parties, then they should be required to share equally in the funding of the Special Master, but are willing to participate on the basis proposed by the Special Master.

ConocoPhillips' Objection to the Initial Fee Cap

PDVH and CITGO agree with ConocoPhillips that the Special Master's activities will of necessity be of an exploratory, investigative, and preparatory nature. Nevertheless, PDVH and CITGO have consented to the proposed initial fee cap of $2 million, given the complex nature of the Special Master's task and the need for the Special Master to seek the assistance of multiple advisors. PDVH and CITGO are confident that the Special Master will be judicious in his use of resources, which is subject to approval by this Court, and that requiring further proceedings to increase the fee cap would be inefficient.

Respectfully submitted,

*/s/ Kenneth J. Nachbar*

Kenneth J. Nachbar (#2067)

cc:   All Counsel of Record (Via E-Filing)