PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

500 DELAWARE AVENUE, SUITE 200, POST OFFICE BOX 32, WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

WRITER'S DIRECT DIAL NUMBER
(302) 655-4425

WRITER'S DIRECT E-MAIL ADDRESS
dmason@paulweiss.com

WRITER'S DIRECT FACSIMILE
(302) 261-7884

May 21, 2021

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, Delaware 19801

*Crystallex International Corp.* v. *Bolivarian Republic of Venezuela, et al.*,
C.A. No. 17-mc-151-LPS

VIA ELECTRONIC FILING

Dear Chief Judge Stark:

The Special Master, after reviewing written submissions from the parties, recommended that the Intervenor Bondholders be accorded "a limited set of rights" in proceedings before him. D.I. 265, at 1. The Special Master also found that "[i]n view of the set of rights I have proposed to provide to the Intervenor Bondholders and their role in this proceeding, I have determined not to seek to apportion fees to the Intervenor Bondholders." *Id*. The Court should adopt these recommendations.

The Intervenor Bondholders are beneficial owners of PDVSA's senior secured notes due 2020. The 2020 Notes are secured by a pledge of 50.1% of the shares of CITGO Holding. CITGO Holding is a subsidiary of PDVH and the parent of CITGO Petroleum. Because CITGO Holding is closer than PDVH to the operating company, that pledge of shares of CITGO Holding is structurally senior to the interests that Crystallex and ConocoPhillips are seeking to establish through this action in shares of PDVH.

In litigation arising from PDVSA's payment default on the 2020 Notes, Judge Failla awarded damages of approximately $1.9 billion to the Trustee for those notes. Judge Failla also ruled that the security interest protecting the 2020 Notes is enforceable. *See PDVSA* v. *MUFG Union Bank, N.A.*, 495 F. Supp. 3d 257 (S.D.N.Y. 2020), *judgment entered*, No. 19-cv-10023 (Dec. 1, 2020), D.I. 228, 229. Judge Failla stayed foreclosure on the collateral protecting the 2020 Notes pending PDVSA's appeal to the Second Circuit. *See* 2020 WL 7711522 (S.D.N.Y. Dec. 29, 2020). That appeal is in progress.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Leonard P. Stark                                                                                  2

The Intervenor Bondholders have asserted two limited and defensive but highly important interests in proceedings before the Special Master in this action. First, the Intervenor Bondholders wish to participate in those proceedings so that they will become aware in a timely way of any attempt by Crystallex, ConocoPhillips, or the Venezuela Parties to structure the sales process for PDVH shares in a way that is prejudicial to the holders of the 2020 Notes. If that were to happen, the Intervenor Bondholders seek to be assured of a timely opportunity to object before the Special Master and this Court. Some background for this concern may be helpful.

A purchaser of PDVH shares in a sale directed by this Court would acquire those shares subject to the security interest protecting the 2020 Notes. That result is dictated by the documents governing the 2020 Notes. In the view of the Intervenor Bondholders, that result could not be affected by any structure or procedure adopted in this action for the sale of PDVH shares. The Intervenor Bondholders, however, cannot currently anticipate all structures or procedures that other parties to this action might propose in an effort to cloud or obstruct future enforcement of the security interest protecting the 2020 Notes.

All other participants in the proceedings before the Special Master have declared their hostility to enforcement of the security interest protecting the 2020 Notes. In the action before Judge Failla, PDVSA and PDVH sought to prohibit the Trustee and the Collateral Agent for the 2020 Notes from enforcing that pledge of collateral. The Republic of Venezuela filed amicus submissions supporting PDVSA and PDVH. Crystallex is separately seeking avoidance of that pledge of collateral as an alleged fraudulent transfer. *See Crystallex Int'l Corp.* v. *PDV Holding, Inc.*, No. 16-cv-01007, Second Am. Compl. ¶¶ 15–20, 71–112, 146–50, D.I. 41-1. According to ConocoPhillips, that pledge of collateral was "a continuation of Venezuela and PDVSA's campaign to liquidate, expatriate, encumber and/or shield [PDVSA's] United States assets so that they cannot be seized by Venezuela and PDVSA's many judgment creditors." *ConocoPhillips Petrozuata B.V.* v. *PDVSA*, No. 16-cv-904 (D. Del. Oct. 6, 2016), Compl. ¶ 62, D.I. 1; *see also id.* ¶¶ 13–14, 58–61, 85.

Second, the Intervenor Bondholders have an interest in ascertaining that full disclosure is made to prospective purchasers of PDVH shares concerning the pledge of collateral protecting the 2020 Notes.

The Special Master is a judicial officer. The record on the critical issues within the scope of his appointment will be compiled in the first instance before him. Whatever formal standard of review may apply, this Court will evaluate his rulings with respect in light of his expertise and immersion in the subject matter. And the Intervenor Bondholders may not receive timely notice of developments if they are excluded from participation in proceedings before the Special Master.

"'When a party intervenes, it becomes a full participant in the lawsuit and is treated just as if it were an original party.'" *Wayne Land & Min. Grp. LLC* v. *Del. River Basin Comm'n*, 894 F.3d 509, 521 n.6 (3d Cir. 2018) (quoting *Schneider* v. *Dumbarton*

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Leonard P. Stark                                                                 3

*Dev., Inc.*, 767 F.2d 1007, 1017 (D.C. Cir. 1985)). In granting the Intervenor Bondholders' motion to intervene, this Court held that they "ha[ve] a sufficient interest to protect (i.e., an interest in collecting money owed to them by the Republic) that may be affected or impaired by the disposition of this action . . ., which is not adequately represented by the existing parties in this litigation." D.I. 154, at 12. In reaching that result, the Court, following Third Circuit precedent, "prefer[red] pragmatism and elasticity over rigidity." *Id.*; *see also id.* at 11. The Intervenor Bondholders seek to participate in proceedings before the Special Master for the forward-looking reason identified by this Court: to protect their "interest in collecting money owed to them" by PDVSA. The Court granted the Intervenor Bondholders' motion to intervene after the Third Circuit had affirmed this Court's issuance of the writ of attachment. The Court did not limit the scope of the intervention in the manner Crystallex now suggests.

The Intervenor Bondholders will not be "disruptive," as Crystallex hypothesizes without evidence or reasonable basis, in proceedings before the Special Master. Crystallex does not claim that they have previously been disruptive. The Special Master's recommendation suggests that he is not concerned about this possibility. Counsel for the Intervenor Bondholders recently participated in conference calls among counsel in this action. Counsel for the Intervenor Bondholders were largely silent, because most matters under discussion did not involve the interests of the Intervenor Bondholders. That pattern is likely to continue for most issues. And this Court and the Special Master have ample tools to prevent disruptive conduct by any litigant.

Fed. R. Civ. P. 53(g)(3) specifies that in allocating liability for a Special Master's fees, a court should consider "the nature and amount of the controversy, the parties' means, and the extent to which any party is more responsible than other parties for the reference to a master." These factors fully justify the Special Master's decision not to allocate any liability for fees to the Intervenor Bondholders. Crystallex, ConocoPhillips, and the Venezuela Parties have voluntarily agreed to pay the Special Master's fees. Crystallex and ConocoPhillips would benefit directly from such a sale. In contrast, the Intervenor Bondholders are not at all responsible for the reference to a master. They have not sought in this proceeding to enforce the money judgment awarded by Judge Failla to the Trustee for the 2020 Notes. The Trustee has not intervened in this action; it is seeking to enforce its security interest in shares of CITGO Holding through the action before Judge Failla. The Intervenor Bondholders have limited and defensive interests in the proceedings before the Special Master. They would recede from participation in those proceedings rather than pay a portion of fees, but they should not be put to that choice.

Respectfully submitted,

*s/ Daniel A. Mason*
Daniel A. Mason (#5206)

cc: All Counsel of Record