

Travis S. Hunter
302-651-7564
hunter@rlf.com

May 21, 2021

**VIA ELECTRONIC FILING**

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, Delaware 19801

   Re: *Crystallex International Corporation v. Bolivarian Republic of Venezuela et al.*,
      C.A. No. 17-mc-151-LPS

Dear Chief Judge Stark:

Crystallex writes in response to the objections filed on May 19, 2021 by ConocoPhillips, D.I. 266, and PDVH and CITGO, D.I. 267, to the Proposed Order Regarding Special Master submitted by the Special Master on May 14, 2021, D.I. 265-1 (the "Proposed Order"). As explained in Crystallex's May 19, 2021 letter, D.I. 268, at 3-5, Crystallex agrees with ConocoPhillips that Intervenors Blackrock Financial Management, its affiliates, and Contrarian Capital Management (the "Bondholders") should not be permitted to participate before the Special Master on terms superior to other parties. Crystallex takes no position on which Venezuela party will make payment for Venezuela's share of the Special Master's compensation, D.I. 267, at 1, though Crystallex does not agree with PDVH and CITGO that the U.S. Treasury's Office of Foreign Asset Control ("OFAC") sanctions necessitate any of the modifications they proposed, *id.*

Crystallex nonetheless opposes ConocoPhillips's proposal to reduce the Special Master's initial $2 million budget to $1 million. D.I. 266, at 2. The proposed change would create opportunities for Venezuela and the Bondholders to impede progress by driving up costs and exhausting the initial budget. Crystallex trusts that the Special Master will not incur unnecessary expenses.

Crystallex also opposes ConocoPhillips's proposed addition of language prohibiting the Special Master from "any conduct or transaction that purports to encumber, transfer or otherwise affect the PDVH shares, or that constitutes a prohibited dealing" under OFAC regulations. D.I. 266, at 2. There is no need to include prohibitory language in the order because this Court has already determined that the work of the Special Master "do[es]n't … violate any OFAC regulations" and "do[es] not … require any individual or entities to take any prefatory steps which OFAC would have lawful authority to deem to be a violation of any sanctions." D.I. 257, at 5. The Government has likewise confirmed that "the Court can do whatever it wants" because OFAC regulations do not impose limitations on the Court's activity. D.I. 226, at 105:1-7. The Special Master is acting pursuant to Federal Rule of Civil Procedure 53 and thus as an arm of the Court. His work—and any payments made to him—therefore relate to the official business of the United States Courts, and accordingly to the official business of the U.S. Government, for sanctions purposes. *See* 31

The Honorable Leonard P. Stark
May 21, 2021
Page 2

C.F.R. § 591.509 ("All transactions that are for the conduct of the official business of the United States Government by employees, grantees, or contractors thereof are authorized."). Crystallex's May 19, 2021 letter proposes language to clarify that the Special Master's work, and payment to him and his advisors, are therefore not subject to OFAC sanctions. D.I. 268, at 2.

The Court's rulings and Crystallex's proposed language obviate the need for any additional limitation on the work of the Special Master. Adding prohibitory language would merely add uncertainty that the Venezuela parties may exploit to hinder the Special Master's progress.

ConocoPhillips argues that its proposed language better protects "the Court, the Special Master and any of the funding parties" than does Crystallex's proposal. D.I. 266, at 2. But ConocoPhillips's limited involvement in these proceedings—filing objections and comments and compensating the Special Master—does not put it at risk of violating OFAC sanctions. If ConocoPhillips believes otherwise, its continued participation before the Special Master remains voluntary. The Special Master was appointed for the singular purpose of designing and implementing a process for selling PDVH shares to satisfy Venezuela's debt to Crystallex. ConocoPhillips has no legal right to participate, and is participating solely based on its agreement to contribute to the Special Master's compensation. If ConocoPhillips believes it cannot lawfully make payments to the Special Master, it is free to withdraw its participation. Its views on what protection is needed are thus irrelevant.

Nor are ConocoPhillips's proposed limitations needed to protect the Court and the Special Master, who are already protected by judicial immunity. D.I. 265-1, at 8. The Special Master has not sought additional protection from OFAC sanctions; no party other than ConocoPhillips has objected to the Proposed Order on the grounds that ConocoPhillips's proposed language is needed; and the time for other parties to join ConocoPhillips's objections has expired. D.I. 264.

Rather than protecting any party, ConocoPhillips's proposed language would merely provide an additional basis for the Venezuela parties to impede the work of the Special Master. This Court should accordingly adopt the additional language proposed by Crystallex and reject the language proposed by ConocoPhillips.

Respectfully submitted,

/s/ Travis S. Hunter

Travis S. Hunter (#5350)

cc: All Counsel of Record