IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., : | |
| Plaintiff, : | |
| v. : | Misc. No. 17-151-LPS |
| BOLIVARIAN REPUBLIC OF VENEZUELA, : | |
| Defendant. : | |

## MEMORANDUM ORDER

On April 13, 2021, the Court issued an order appointing Robert B. Pincus as a special master in this case. (D.I. 258) On May 14, 2021, the Special Master submitted a revised proposal for an order formalizing his appointment. (D.I. 265, 265-1) The Court permitted objections to the proposed order to be filed within five days. (D.I. 264) The Court received objections from Plaintiff Crystallex International Corporation ("Crystallex"), Intervenors PDV Holding, Inc. ("PDVH") and CITGO Petroleum Corporation ("CITGO"), and nonparties Phillips Petroleum Company Venezuela Limited and ConocoPhillips Petrozuata B.V. (together, "ConocoPhillips"). (*See generally* D.I. 266, 267, 268) The Court subsequently received responsive letters from Crystallex, PDVH and CITGO, Defendant Bolivarian Republic of Venezuela ("the Republic"), Intervenor Petróleos de Venezuela S.A. ("PDVSA"), and Intervenors Blackrock Financial Management, Inc. and Contrarian Capital Management, L.L.C. (together, "Intervenor Bondholders"). (*See generally* D.I. 269, 270, 271, 273, 274-1)[1] The

---

[1] In their responsive letters, the Republic and PDVSA agreed with the positions taken by

Court will briefly address each issue raised in the letters.

Standard of Review for Factual Findings.   Crystallex objects to the Court reviewing the Special Master's factual findings for clear error.  (D.I. 268 at 1)  Given that objection, the Venezuela Parties concede that Federal Rule of Civil Procedure 53(f)(3) requires the Court to review the Special Master's factual findings de novo.  (D.I. 269 at 3)  The Court agrees with the parties' reading of the rule.  Accordingly, the Court will review the Special Master's factual findings de novo.

OFAC Language.   Crystallex and ConocoPhillips both request that the Court add language to the proposed order regarding sanctions imposed on Venezuela by the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC").  Crystallex asks the Court to add language stating that the Special Master is acting as an "arm of the Court."  (D.I. 268 at 1-3)  Similarly, ConocoPhillips requests that the Court add language stating that the Special Master's activities are "authorized conduct" under the OFAC sanctions and prohibiting certain other conduct by the Special Master.  (D.I. 266 at 1-2)  The Venezuela Parties advise the Court that the Special Master "and his OFAC counsel spoke extensively with the parties about these matters, and they decided that the proposals were either unnecessary, incorrect, or outside the scope of his assignment."  (D.I. 269 at 1; *see also* D.I. 265 at 1 (Special Master reporting that his OFAC counsel had discussions with OFAC counsel of the various parties))  The Venezuela Parties further accuse Crystallex and ConocoPhillips of seeking "a preemptory order from this Court that ***their*** participation in this matter – past, present, and future – complies with the

---

PDVH and CITGO in their opening and responsive letters.  (*See generally* D.I. 270, 271)  The Court refers generally to the positions of all four of these entities as those of the "Venezuela Parties."

Venezuelan sanctions regime, regardless of the regulations." (*Id.*) (internal footnote omitted)

Crystallex's proposed language is adopted in part and rejected in part. The Court will include the following provision in its appointment order:

> ***Arm of the Court.*** The Court finds that the Special Master, in effectuating his Court-appointed duties, is acting pursuant to Federal Rule of Civil Procedure 53 and, thus, as an arm of the Court.

(*See* D.I. 268 at 2) (non-substantive modifications have been made to Crystallex's proposal) While likely unnecessary, the Court agrees with Crystallex that this portion of its proposed language is nonetheless appropriate because it "is correct and would facilitate the efficient exercise of the Special Master's authority." (*Id.*)

The Court will not, however, include Crystallex's additional proposal, which would have the Court find, for sanctions purposes, that any payments to the Special Master relate to the official business of the United States. (*See id.*) (citing 31 C.F.R. § 591.509)[2] Nor will the Court include ConocoPhillips' proposed provision, which would require the Court to find that "the Parties and ConocoPhillips are not financing . . . any conduct or transaction that purports to encumber, transfer or otherwise affect the PDVH shares, or that constitutes a prohibited dealing with" a Specially Designated National. (D.I. 266 at 2) The Court has not determined that Crystallex's or ConocoPhillips' positions are wrong, but neither has it, to this date, made a determination that one or both of them is correct. While the Court may soon be required to resolve additional issues regarding the OFAC regulations, the Court need not do so at this time in

---

[2] The Court is also not including the first two sentences of Crystallex's proposal, which repeat certain language from prior decisions of the Court, some of which is already contained in a "Whereas" provision of the Special Master's proposed order.

order to finalize the Special Master's appointment.

Fee Cap. ConocoPhillips objects to the initial fee cap of $2 million for the Special Master, his counsel, and his other advisors. (D.I. 266 at 2) ConocoPhillips proposes that the cap instead be set at $1 million. (*See id.*) That objection is overruled. Given the scope and complexity of the anticipated sale of PDVH shares, the Court concludes that $2 million is a reasonable cap at this point. The Court also agrees with the other parties that requiring additional proceedings to raise the fee cap above ConocoPhillips' preferred $1 million would be an inefficient use of resources. (*See* D.I. 269 at 3; D.I. 273 at 1) Like the parties, the Court is confident that the Special Master and his advisors will perform their functions efficiently and prudently.

Contributions by Intervenor Bondholders. Crystallex, ConocoPhillips, and the Venezuela Parties all object to the participation of the Intervenor Bondholders in the structuring of the sale without paying a portion of the fees and costs. (*See* D.I. 266 at 2; D.I. 268 at 3-5; D.I. 269 at 3) Those objections are sustained.

The Court agrees with Crystallex that the Intervenor Bondholders should not have opportunities to increase expenses for the other parties without sharing in those costs themselves. (*See* D.I. 268 at 5) The Court also agrees with ConocoPhillips that there is no persuasive reason why it should be treated differently from the Intervenor Bondholders. (*See* D.I. 266 at 2) While the Intervenor Bondholders are parties in this case and ConocoPhillips is a third party, the sale for which the Court is preparing involves – at least at present – only the satisfaction of the Republic's debt to Crystallex. Currently in this proceeding, neither ConocoPhillips nor the Intervenor Bondholders have an interest in the PDVH shares to be sold that is nearly as strong as

Crystallex's. If, like ConocoPhillips, the Intervenor Bondholders nonetheless wish to be included in the discussions with the Special Master, the Intervenor Bondholders, like ConocoPhillips, should pay a proportionate share of the fees incurred by the Special Master (including his counsel and other advisors).

To the extent the Special Master envisioned allowing the Intervenor Bondholders to participate in these proceedings but with lesser rights than other parties (*see, e.g.*, D.I. 265 at 1) ("I do, however, propose to revise the Proposed Order to include a limited set of rights to the Intervenor Bondholders."), the Court believes that such limited participation would only complicate these proceedings and would increase the risk of unnecessary delay and expense. As the Intervenor Bondholders correctly state, "'[w]hen a party intervenes, it becomes a full participant in the lawsuit and is treated just as if it were an original party.'" (D.I. 274-1 at 2) (quoting *Wayne Land & Min. Grp. LLC v. Del. River Basin Comm'n*, 894 F.3d 509, 521 n.6 (3d Cir. 2018) (other internal quotation marks omitted)) Here, being a "full participant" means bearing a proportionate share of the expenses incurred by the Special Master.[3] Accordingly, if the Intervenor Bondholders wish to participate in this process, then they should be responsible for the same portion of the Special Master's fees as Crystallex, the Venezuela Parties, and

---

[3] This conclusion is consistent with Federal Rule of Civil Procedure 53(g)(3), which provides that the Court "must allocate payment among the parties after considering the nature and amount of the controversy, the parties' means, and the extent to which any party is more responsible than other parties for the reference to a master." While the Intervenor Bondholders are not responsible for the reference to a master, the nature and amount of the controversy as well as the Intervenor Bondholders' means fully support, under the circumstances here, imposing the same obligations on them as all other parties (and non-party ConocoPhillips) are bearing. *See also generally* Fed. R. Civ. P. 24 (1966 Adv. Comm. Notes) ("An intervention of right . . . may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings.").

ConocoPhillips (i.e., a one-quarter share).

Given today's ruling, the Court understands that the Intervenor Bondholders may prefer not to participate going forward. (*See* D.I. 274-1 at 3) They write that they "would recede from participation in [these] proceedings rather than pay a portion of fees." (*Id.*) Now that they are aware of the Court's ruling, the Intervenor Bondholders may well determine that the "limited and defensive interests" they have in "the proceedings before the Special Master" are fully and/or adequately protected without their further participation. (*Id.*)[4] The Court does not wish to guess which way the Intervenor Bondholders will come out on a choice to which they do not believe they should have been put. (*See id.*) Therefore, by no later than tomorrow, May 26, 2021, the Intervenor Bondholders shall file a letter with the Court indicating whether they will either (i) participate and pay their one-quarter share of the fees and costs, or (ii) withdraw from further discussions with the Special Master.

Compensation Language. The Venezuela Parties request that the Court modify language in the proposed order to clarify that their share of fees and costs may come from any of four entities (i.e., the Republic, PDVSA, PDVH, or CITGO). (*See generally* D.I. 267) Crystallex does not take a position on the issue. (*See* D.I. 273 at 1) The Court will adopt a version of the Venezuela Parties' proposal. Like Crystallex, the Court is not concerned about which entity will provide the necessary funds. The Court does expect, however, that all the Venezuela

---

[4] The Intervenor Bondholders identify "two limited and defensive but highly important interests in proceedings before the Special Master." (D.I. 274-1 at 2) First, "the Intervenor Bondholders seek to be assured of a timely opportunity to object before the Special Master and this Court." (*Id.*) Second, "the Intervenor Bondholders have an interest in ascertaining that full disclosure is made to prospective purchasers of PDVH shares concerning the pledge of collateral protecting the 2020 Notes." (*Id.*)

6

Parties will work together to ensure that their portion of the Special Master's fees and costs are reimbursed promptly.

Conclusion. After the Court receives the Intervenor Bondholders' position on how they will proceed, the Court will issue an order finalizing the Special Master's appointment.

May 25, 2021
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE