# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., | ) |
| Plaintiff, | ) |
| v. | ) Misc. No. 17-151-LPS |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | ) |
| Defendant. | ) |

## SPECIAL MASTER CONFIDENTIALITY ORDER

WHEREAS, on May 27, 2021, the Court issued the Order Regarding Special Master (D.I. 277, the "Special Master Order");

WHEREAS, Paragraph 2 of the Special Master Order requires that the Special Master "oversee the execution of a protective order to ensure that confidential information provided or exchanged during the course of the Special Master's tenure is properly protected from disclosure that could cause competitive or other harm";

WHEREAS, pursuant to Paragraph 9 of the Special Master Order, "[t]he Venezuela Parties (including their directors, officers, employees, and agents) shall, to the extent available to them, use reasonable efforts to promptly provide the Special Master with any and all non-privileged information and documents (confidential or otherwise) concerning the Venezuela Parties that the Special Master requests in order to permit him to prepare and file the Proposed Sales Procedures Order and otherwise perform his duties as Special Master";[1]

---

[1] Capitalized terms not otherwise defined herein shall have the meaning defined in the Special Master Order.

WHEREAS, such information may include "financial information and documents about the Venezuela Parties' businesses (historic, existing, or potentially prospective), creditors, stockholders, directors, officers, employees, and agents," and this information to be provided is considered confidential;

WHEREAS, pursuant to Paragraph 19 of the Special Master Order, "the Parties and ConocoPhillips will, to the extent available to them and to the extent it is required, make available to the Special Master any and all facilities and all files, databases, and documents that are necessary to fulfill the Special Master's functions under this Order, subject to confidentiality restrictions";

WHEREAS, such information from the Parties and ConocoPhillips, together with any other information produced, exchanged, communicated, or generated related to the Special Master and his duties, is deemed "Confidential Information"; and

WHEREAS, the Parties and ConocoPhillips, having conferred, stipulate, subject to the approval of the Court, to the following confidentiality order (the "Confidentiality Order"):

**NOW THEREFORE,** this ___ day of _____, 2021, it is **HEREBY ORDERED** that the use and disclosure of Confidential Information shall be governed as follows:

1. "Confidential Information" is information from the Parties or ConocoPhillips produced pursuant to Paragraphs 9 and 19 of the Special Master Order and any other information produced, exchanged, communicated, or generated related to the Special Master and his duties whether provided by the Venezuela Parties, any other Party, or ConocoPhillips.

2. Any document filed with the Court by the Special Master pursuant to the Special Master Order (including the Proposed Sales Procedure Order and any invoice or billing record) that contains Confidential Information shall automatically be filed under seal pursuant to

Section (G) of the Court's Administrative Procedures Governing Filing and Service by Electronic Means and Federal Rule of Civil Procedure 5.2(d). Within 72 hours of service of a document filed under seal with the Court by the Special Master, the Parties and ConocoPhillips shall exchange proposed redactions to the under-seal filing. By no later than the fifth calendar day following the filing of an under-seal document, the parties and ConocoPhillips shall jointly submit proposed redactions to the Special Master. Such proposed redactions will be filed by the Special Master thereafter.

3. Confidential Information may not be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to any person or entity other than (i) the Court; (ii) the Special Master, (iii) the Special Master's Counsel and the Special Master's Advisors (as defined in the Special Master Order and including, but not limited to, the Special Master's financial advisors); (iv) outside counsel for the Parties and ConocoPhillips, and (v) other persons to whom the Special Master agrees may possess Confidential Information. Should the Special Master wish to disclose Confidential Information to any persons specified in item (v), the Parties shall be given prompt notice and an opportunity to object to the disclosure of such information, with any dispute to be resolved by the Court prior to disclosure by the Special Master. Access to Confidential Information by persons specified in items (iii) and (v) of this Paragraph 3 shall be subject to Paragraph 5 herein.

4. Confidential Information shall be used solely for purposes related to the Special Master and the Special Master's duties as ordered by the Court, and shall not be used by any person or entity for any other purpose whatsoever, including, without limitation, any business, commercial, or public purpose, or in any other litigation or proceeding.

5. Confidential Information may be provided to persons in Paragraph 3(iii) and (v) only after each such person executes and files with the Court an agreement to be bound by this Confidentiality Order in the form attached hereto as **Exhibit 1**. Among other things, such agreement to be bound will confirm that each such person consents to personal jurisdiction in the State of Delaware for all matters relating to the above-captioned action, including, but not limited to, all matters relating in any way to the Special Master Order or the Special Master, any Confidential Information, or this Confidentiality Order.

6. Any person identified in Paragraph 3 to whom Confidential Information is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised that the Confidential Information is being disclosed pursuant to and subject to the terms of this Confidentiality Order and may not be disclosed, summarized, described, characterized, or otherwise communicated or made available to any unauthorized person or entity, and may not be used for purposes other than those permitted hereunder. Each such person shall maintain the Confidential Information and information derived therefrom in a manner reasonably calculated to prevent unauthorized disclosure or use.

7. Any pleading, brief, memorandum, motion, letter, affidavit, or other document filed with the Court (a "Filing") that discloses, summarizes, describes, characterizes, or otherwise communicates Confidential Information (a "Confidential Information Filing") shall be filed under seal with the Court, and must be filed in accordance with the provisions of Section (G) of the Court's Administrative Procedures Governing Filing and Service by Electronic Means and Federal Rule of Civil Procedure 5.2(d). A public version of the filing, pursuant to the Court's procedures and the procedures of Paragraph 2, above, shall be filed within seven days.

8. There is good cause to provide confidential treatment to Confidential Information Filings and any information therein, and any public interest in disclosure of such documents or information is outweighed by the harm that such disclosure would cause. Any person or entity filing a public version of a Confidential Information Filing shall redact its entire contents from any public version.

9. Any Party or ConocoPhillips may apply, within 48 hours, for an order providing additional safeguards or clarification with respect to the use and handling of Confidential Information or Confidential Information Filings, or for an order remedying any violation of this Confidentiality Order.

10. The Venezuela Parties may provide information to the Special Master pursuant to Paragraph 9 of the Special Master Order with the designation "Highly Confidential Pursuant to Order of the United States District Court for the District of Delaware, *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*." Information received from the Venezuela Parties with the request that such information be treated as "Highly Confidential" may be shared with such of the Special Master's Counsel and Advisors who have executed and filed with the Court an agreement to be bound by this Confidentiality Order in the form attached hereto as **Exhibit 1** but may not be shared with any of the other Parties, ConocoPhillips, their outside counsel, or any other person or entity, and shall not be filed with the Court.

11. Nothing herein shall be deemed to waive any applicable common law or statutory privilege or work-product protection.

12. The confidentiality provisions of this Confidentiality Order shall survive indefinitely, notwithstanding the termination of the above-captioned action or any appeals therefrom, and shall be released from confidential treatment only upon further order of this Court.

13. Prior to any court proceeding in which Confidential Information or Confidential Information Filings are to be used, counsel shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of such Confidential Information or Confidential Information Filings.

14. If any person or entity (a "Receiver") in possession of Confidential Information or Confidential Information Filings (other than the Special Master) receives a subpoena or other compulsory process seeking the production or other disclosure of Confidential Information or Confidential Information Filings (collectively, a "Demand"), the Receiver shall give written notice (by hand, email, or facsimile transmission) to counsel for the Special Master within three business days of receipt of such Demand (or if a response to the Demand is due in less than three (3) business days, at least 24 hours prior to the deadline for a response to the Demand), identifying the Confidential Information and/or Confidential Information Filings sought and enclosing a copy of the Demand, and must object to the production of the Confidential Information and/or Confidential Information Filings on the grounds of the existence of this Confidentiality Order until such time as a court of competent jurisdiction directs the Receiver to produce the Confidential Information and/or Confidential Information Filings, except if the party that produced the Confidential Information (a) consents, or (b) fails to file a motion to quash or fails to notify the Receiver in writing of its intention to contest the production of the Confidential Information, Confidential Information Filings, or the information contained therein prior to the date designated for production of the Protected Material, in which event the Receiver may produce on the production date, but no earlier.

15. Except as may be required by law, no person or entity shall reveal any Confidential Information, Confidential Information Filings, or the information contained therein, to anyone not

entitled to receive Confidential Information under the terms of this Confidentiality Order. In the event that any Confidential Information, any Confidential Information Filings, or any information contained therein, are disclosed to any person or entity other than in the manner authorized by this Confidentiality Order, or that any information comes to a person's or entity's attention that may indicate there was or is likely to be a loss of confidentiality of any Confidential Information, any Confidential Information Filings, or information contained therein, the person or entity responsible for the disclosure or loss of confidentiality (and any person or entity with knowledge of such disclosure) shall immediately inform the Special Master and his Counsel of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person or entity to whom the disclosure was made. The person or entity responsible for the disclosure or loss of confidentiality shall also exercise best efforts to prevent disclosure of Confidential Information or Confidential Information Filings by each unauthorized person or entity who receives the information.

16. By entering this Confidentiality Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any Party, person, or entity subject to this Confidentiality Order who becomes subject to a motion to disclose another Party's or entity's information designated "Confidential Information" pursuant to this Confidentiality Order shall promptly notify that Party or entity of the motion so that the Party or entity may have an opportunity to appear and be heard on whether that information should be disclosed.

17. This Confidentiality Order, and any dispute arising out of or relating in any way to this Confidentiality Order, shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to conflict-of-laws principles. The sole and exclusive

forum for any dispute relating in any way to the Special Master Order, any Confidential Information, any Confidential Information Filings, or this Confidentiality Order shall be the United States District Court for the District of Delaware.

       IT IS SO ORDERED this _____ day of _____, 2021.

 

_____
The Honorable Leonard P. Stark
United States District Chief Judge

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., | ) |
| Plaintiff, | ) |
| v. | ) Misc. No. 17-151-LPS |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | ) |
| Defendant. | ) |

**UNDERTAKING ACKNOWLEDGING AND AGREEING
TO BE BOUND BY SPECIAL MASTER CONFIDENTIALITY ORDER**

1. I have read the Special Master Confidentiality Order issued in the above-captioned action.

2. I am a person whom the Special Master has determined may possess Confidential Information.

3. I understand and acknowledge the terms of the Special Master Confidentiality Order and agree to be bound by them.

4. I agree not to disclose, summarize, describe, characterize or otherwise communicate or make available, in whole or in part, any Confidential Information or Confidential Information Filings (each as defined in the Special Master Confidentiality Order), except to such persons expressly referenced in Paragraph 3 of the Special Master Confidentiality Order, and who also have executed the required undertaking, if required.

5. I agree not to use Confidential Information or Confidential Information Filings for any purpose other than those expressly referenced in Paragraph 4 of the Special Master Confidentiality Order. I further agree not to disclose, summarize, describe, characterize, or

otherwise communicate or make available, in whole or in part, Confidential Information or Confidential Information Filings, except in documents filed confidentially with the Court pursuant to the Special Master Confidentiality Order.

6. I further agree to abide by the additional restrictions placed on information designated "Highly Confidential Pursuant to Order of the United States District Court for the District of Delaware, *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*" set forth in Paragraph 10 of the Special Master Confidentiality Order.

7. I agree that, in the event of a violation of the Special Master Confidentiality Order, I shall be subject to such sanctions and penalties as the Court deems just and proper.

8. I agree that the Special Master Confidentiality Order is valid and enforceable against me, and I waive any argument to the contrary.

9. I agree to personal jurisdiction in the United States District Court for the District of Delaware for all matters relating to the above-captioned action, including, but not limited to, all matters relating in any way to the Special Master Confidentiality Order, any Confidential Information, and/or any Confidential Information Filings.

10. I hereby submit to the exclusive and continuing jurisdiction of the United States District Court for the District of Delaware for all matters relating in any way to the Special Master Confidentiality Order, any Confidential Information, and/or any Confidential Information Filings.

11. I agree to file this Undertaking Acknowledging and Agreeing to Be Bound by Special Master Confidentiality Order with the Court in the above-captioned action.

Date: _____    Signature: _____

Name: _____

Affiliation: _____

Title: _____