PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

500 DELAWARE AVENUE, SUITE 200, POST OFFICE BOX 32, WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

WRITER'S DIRECT DIAL NUMBER
(302) 665-4425

WRITER'S DIRECT E-MAIL ADDRESS
dmason@paulweiss.com

WRITER'S DIRECT FACSIMILE
(302) 261-7884

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

June 23, 2021

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, Delaware 19801

        *Crystallex International Corp.* v. *Bolivarian Republic of Venezuela, et al.*,
                                  C.A. No. 17-mc-151-LPS

Dear Chief Judge Stark:

      The Intervenor Bondholders respectfully object to the proposed Special Master Confidentiality Order (the "Proposed Order" or "PO") on the grounds set forth below.

      As a threshold matter, the Intervenor Bondholders note that the Court's order concerning objections referred to objections by "the Parties or ConocoPhillips." D.I. 284. The Special Master Order excludes the Intervenor Bondholders from its definition of "Parties." *See* D.I. 277, at 2 n.1; *id*. ¶ 11. The Intervenor Bondholders, however, do not understand these orders to preclude them from submitting this objection. Any such restriction would be incompatible with the Court's recognition that the Intervenor Bondholders are parties to this action, D.I. 154, at 11, and thus have the right to be heard before Your Honor concerning orders that may affect them. *See also* Fed. R. Civ. P. 53(f)(1) ("In acting on a master's order, report, or recommendations, the court must give the parties notice and an opportunity to be heard.").

      The Intervenor Bondholders do not seek by this objection to re-litigate the Court's determination that they may not participate in "discussions with the Special Master" without paying a portion of the related costs. D.I. 275, at 6. But the Intervenor Bondholders "do not understand [their] decision [to withdraw from those discussions] as affecting their ability to participate in proceedings before Your Honor." D.I. 276. The Intervenor Bondholders submit this objection to protect their right to meaningful participation in future proceedings before Your Honor.

      *First*, the Proposed Order appears to deny counsel of record for the Intervenor Bondholders access to "Confidential Information," including Confidential Information

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Leonard P. Stark                                                   2

contained in papers filed with the Court. The Proposed Order incorporates a definition of the term "Parties" that excludes the Intervenor Bondholders. PO 1 n.1. The Proposed Order, read in light of that definition, contains no provision allowing counsel for the Intervenor Bondholders access to Confidential Information. *See* PO ¶ 4. Documents that contain Confidential Information must be filed with the Court under seal. PO ¶¶ 2, 7. These provisions require the sealing of proposed orders and other documents filed by the Special Master that contain Confidential Information, "including the Proposed Sales Procedure Order." PO ¶ 2. It is unclear whether final orders may be sealed.

      The Proposed Order should be modified to grant counsel of record for the Intervenor Bondholders access to Confidential Information. Counsel cannot do their job without access to unredacted copies of court papers. Due process entitles a party to no less. And if there is litigation in the district court on issues affecting the Intervenor Bondholders, their counsel should be entitled to seek access to discovery materials containing Confidential Information. The Proposed Order should not impose, as it currently appears to do, a categorical preemptive bar on such requests. We are not aware of any federal precedent for the imposition of restrictions such as those contained in the Proposed Order on access to purportedly confidential information by counsel for a party.

      Such restrictions are especially inappropriate in this case. The Intervenor Bondholders are holders of PDVSA's 2020 Notes. D.I. 274-1, at 1-2. The 2020 Notes are secured by a pledge of 50.1% of the shares of CITGO Holding. *Id.* The Intervenor Bondholders thus wish to understand the structure and terms of any proposed sale of the attached shares of PDVH. If terms are proposed that are unfair to the holders of the 2020 Notes, the Intervenor Bondholders wish to be in a position to draw that unfairness to the attention of the Court. *See id.* at 2.

      The Venezuela Parties have economic reasons for attacking the rights of creditors of PDVSA and its subsidiaries. Crystallex and ConocoPhillips also have economic reasons for attacking the rights of other creditors. *See id.* In light of these potential motivations, it is important that counsel for the Intervenor Bondholders be able to understand the terms of any proposed sale of PDVH shares. That will require access to unredacted court papers and may require access to additional Confidential Information. Of course, counsel for the Intervenor Bondholders will observe the provisions in the Protective Order restricting further dissemination of Confidential Information.

      Accordingly, paragraph 3(iv) of the Proposed Order should be revised to add outside counsel for the Intervenor Bondholders to the persons that may have access to Confidential Information.

      *Second*, the Proposed Order does not impose any limitations on the designation of documents or information as Confidential or Highly Confidential. That aspect of the Proposed Order greatly increases the prejudice to the Intervenor Bondholders arising from the provisions barring their counsel from access to Confidential Information. That aspect of the Proposed Order is also independently improper under governing law.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Leonard P. Stark 3

The Proposed Order defines "Confidential Information" to include *all* information produced by the Parties or ConocoPhillips that is "related to the Special Master and his duties." PO ¶ 1. Confidential Information includes all information produced pursuant to paragraph 9 of the Special Master Order. PO ¶ 1. That paragraph, in turn, refers to the production of information that may be "confidential *or otherwise*." D.I. 277 ¶ 9 (emphasis added). The Proposed Order thus appears to transmute nonconfidential information produced under paragraph 9 into Confidential Information.

This approach is unwarranted by the facts and law. Any protective order entered in this action should apply only to Confidential Information as defined in a reasonable manner that is consistent with the law.[1] Similarly, any protective order should contain a reasonable definition of Highly Confidential Information.[2] The Protective Order should contain a procedure under which a litigant may object to unwarranted designations of information as Confidential or Highly Confidential. *See* Ex. A ¶ 8. The first sentence of paragraph 8 contains a purported finding of fact by the Court concerning the justification for affording confidential treatment to discovery materials. There is no evidentiary basis before the Court for any such finding at this time; that sentence should be removed.[3] The second sentence of paragraph 8 appears to be garbled; read literally, the sentence seems inconsistent with paragraphs 2 and 7. It should also be removed.

The provisions in the Proposed Order that define all information produced as Confidential, and that confer apparently unlimited discretion on the Venezuela Parties to designate information as Highly Confidential, are incompatible with standard provisions in protective orders and with the law. Under Rule 26(c), a party seeking confidential treatment must demonstrate good cause. Good cause means that "disclosure will work a clearly defined and serious injury" to the party opposing disclosure. And that "injury must be shown with specificity." *Pansy* v. *Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (quoting *Publicker Indus., Inc*. v. *Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).

---

[1] Chief Magistrate Judge Thynge of this district has promulgated a Default Discovery Confidentiality Order that is available on the website of this Court; a copy is annexed as Exhibit A. Paragraphs 1 and 12 of that order, read together, contain a definition of Confidential Information that the Court may wish to adopt.

[2] *See* Ex. A ¶ 2. The Intervenor Bondholders are unaware of any basis for withholding Highly Confidential Information from counsel of record for other parties. They therefore object to the provision establishing that restriction and effectively permitting *ex parte* evidentiary submissions. PO ¶ 10. In any event, because submissions of Highly Confidential Information may shape the Special Master's recommendations, the Intervenor Bondholders have an interest in confining the category of Highly Confidential Information within reasonable limits.

[3] *Cf.* Agreed Protective Order ¶ 14, *Andrews* v. *USPI Holding Co.*, C.A. No. 20-CV-344-LPS (D. Del. June 11, 2020), D.I. 28 (copy annexed as Exhibit B).

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Leonard P. Stark                                                                                                  4

Documents filed with the Court or used in judicial proceedings in this case are subject to the First Amendment right of public access to civil trials.  *See In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 673-74 (3d Cir. 2019); *see also Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 120, 124 (2d Cir. 2006).  Delaware law requires a "public sale" of the attached shares, 8 Del. C. § 324(a), and judicially ordered sales are traditionally public.  This case, moreover, involves a potential sale of some or all of the shares in the indirect parent of an extremely valuable and substantial U.S.-based operating company.  Stakeholders in those companies have compelling interests in the subject matter.  Commentators and journalists are following the case.  It has been claimed that foreign-policy interests of the United States and Venezuela may be implicated.  OFAC is involved.  The First Amendment right of access, which applies here in light of the facts just described, manifestly does not permit the routine and blanket sealing contemplated by the Proposed Order.  *See Avandia*, 924 F.3d at 673-74.

Furthermore, in this Circuit the "filing of a document with a court 'clearly establishes' it is subject to the [common-law] right of access" to "judicial records."  *In re Garlock Sealing Tech.*, 488 B.R. 281, 298 (D. Del. 2013) (quoting *Goldstein* v. *Forbes* (*In re Cendant Corp.*), 260 F.3d 183, 192 (3d Cir. 2001)); *see also Avandia*, 924 F.3d at 672.  "Consideration of the public's right of access must be the starting point, not just one of multiple factors. The scale is tipped at the outset in favor of access.  And the right of access is not a mere formality."  *Avandia*, 924 F.3d at 677.  To overcome the presumption of access, the district court must articulate "the *compelling countervailing interests* to be protected," make "specific findings on the record concerning the effects of disclosure," and "provide[ ] an opportunity for interested third parties to be heard."  *Cendant*, 260 F.3d at 194 (quoting *Miller* v. *Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).  This demanding standard cannot be met without a "document-by-document review."  *Avandia*, 924 F.3d at 677.  "'[B]road allegations of harm, bereft of specific examples or articulated reasoning,' are insufficient, on their own, to establish [the] strong interest in maintaining confidentiality" that is needed to overcome the right of access.  *LEAP Sys., Inc.* v. *MoneyTrax, Inc.*, 638 F.3d 216, 222 (3d Cir. 2011) (quoting *Cendant*, 260 F.3d at 194).  These standards also do not permit routine or blanket sealing.

In short, this case calls for maximum disclosure of the underlying facts to litigants and others seeking to enforce Rule 26(c) and the First Amendment and common-law rights of access.  The Proposed Order should be entered only if modified as described above.

                                                               Respectfully submitted,

                                                               */s/ Daniel A. Mason*
                                                               Daniel A. Mason (#5206)

BY ELECTRONIC FILING

cc: All Counsel of Record