

Travis S. Hunter
302-651-7564
hunter@rlf.com

June 23, 2021

**VIA ELECTRONIC FILING**

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, Delaware 19801

> Re:  ***Crystallex International Corporation v. Bolivarian Republic of Venezuela et al.***,
> **C.A. No. 17-mc-151-LPS**

Dear Chief Judge Stark:

Crystallex writes in response to the Court's June 21, 2021 order directing the parties and ConocoPhillips to provide this Court with any objections to the Proposed Confidentiality Order filed by the Special Master on June 16, 2021.

As indicated in the Special Master's letter of June 16, 2021, D.I. 283, the primary dispute between the parties concerns the designation of documents provided to the Special Master as "highly confidential," and the corresponding limitations on the use and sharing of documents so designated. Crystallex has no objection to the inclusion of a highly confidential designation in the proposed confidentiality order, so long as it is made available to all entities that may be asked to provide information to the Special Master, which under the May 27, 2021 Order includes the Venezuela Parties, Crystallex and ConocoPhillips. There should be nothing particularly controversial about such an agreement—highly confidential designations are commonplace in modern confidentiality orders.[1] And yet the Venezuela Parties contend that they, and only they, should be able to designate documents as highly confidential, that documents they so designate can be shared solely with the Special Master and his advisors, and no one else, including counsel for Crystallex and ConocoPhillips, and that there should be no mechanism for anyone to challenge any such designations as improper. Meanwhile, the Venezuela Parties could access every document provided to the Special Master by Crystallex and ConocoPhillips. There is simply no basis for such a one-sided protective order.

This Court's May 27, 2021 Order Regarding Special Master (the "May 27 Order") charges the Special Master with (i) overseeing the execution of a protective order to prevent "disclosure that would cause competitive or other harm"; "work to become knowledgeable about the business

---

[1]   *See, e.g.*, Form Scheduling Order in Non-Patent Cases,
https://www.ded.uscourts.gov/sites/ded/files/chambers/Form_Scheduling_Order-Non-Patent_Rev-08-14.pdf (in which this Court provides its procedure for protective order and notes the possible use of "highly confidential" or attorney designations).

The Honorable Leonard P. Stark
June 23, 2021
Page 2

operations and assets of CITGO and PDVH"; and ascertain the "outstanding judgment owed to Crystallex … and … ConocoPhillips".  D.I. 277 at 3-4.  In order to help effectuate those responsibilities, the May 27, 2021 Order further provides that the Venezuela Parties, Crystallex and ConocoPhillips will "make available to the Special Master" any and all "documents necessary to fulfill the Special Master's functions under this Order, subject to confidentiality restrictions." *Id*. at 9.  Notably, the May 27 Order is silent as to what sort of information may be sought from Crystallex and ConocoPhillips as well as the form or nature of "confidentiality restrictions" that should be available for information that Crystallex and ConocoPhillips may provide the Special Master.

The only specific discussion of information that might be provided to the Special Master and the confidentiality protections that might be afforded such information is set out in Paragraph 9 of the May 27 Order, entitled "Provision of Information," which provides that the Venezuela Parties shall provide numerous categories of "financial information and documents" to aid the Special Master. D.I. 277 at 5.  The same paragraph further provides that "the Special Master shall not share any written information provided to him by the Venezuela Parties that is marked highly confidential with Crystallex, ConocoPhillips or any other third party." *Id*. at 6.  According to the Venezuela Parties, the inclusion of Paragraph 9—which solely concerns obligations of the Venezuela Parties and provides the Venezuela Parties the ability to designate documents as highly confidential without mention of Crystallex—means that Crystallex should be prohibited from also designating certain information shared with the Special Master as highly confidential.  The argument is misguided.  The failure to include a reference to Crystallex's right to designate documents as highly confidential in a paragraph that is solely about the production of information by the Venezuelan Parties is hardly surprising.  Nor is it particularly relevant.  The May 27 Order provides that necessary information may be produced by "[a]ll Parties and ConocoPhillips" "subject to confidential restrictions." *Id*. at 9.  And the May 27 Order recognizes that some documents may need to be designated as highly confidential and thus subject to further restrictions on the sharing and use of those documents.  Nothing in the language of the May 27 Order limits Crystallex's ability to designate documents as "highly confidential" where and if appropriate.

The Venezuela Parties have previously suggested that they should be entitled to designate documents as "highly confidential" because they may be asked to provide the Special Master with confidential business information that could put PDVH and/or CITGO at a competitive disadvantage and the provision of competitively sensitive information to Crystallex could give Crystallex an unfair advantage in any future auction.  It is difficult to imagine what business information the Venezuela Parties might provide the Special Master that would not ultimately end up in the data room and thus available to all bidders at the auction.  In any event, the argument says nothing about why Crystallex should be precluded from designating documents as highly confidential.  The possibility that the Venezuela Parties may be asked to produce highly confidential information does not mean that Crystallex may not be faced with a similar request. Until such time as Crystallex's judgment is fully satisfied, Crystallex remains in active competition with other creditors of Venezuela (and PDVSA).  And, while it remains unknown what information the Special Master will ultimately seek in order to determine the amount of Crystallex's judgment

The Honorable Leonard P. Stark
June 23, 2021
Page 3

still outstanding,[2] the documents supporting the calculation of that amount may include financial information and other highly sensitive documents, including materials sealed by the Ontario court overseeing Crystallex's insolvency proceedings in Canada, the disclosure of which could harm Crystallex.

To be clear, Crystallex does not believe that the total amount outstanding on the judgment is highly confidential, and at the end of the day Venezuela should be able to know how much it has paid Crystallex and when—indeed, the Maduro regime in Venezuela already knows the answer to that question (and requested that information be kept confidential while it was still the recognized government of Venezuela).  But the fact that Venezuela cannot be asked to over-satisfy Crystallex's judgment does not mean that Crystallex's financial and legal records should be handed over to the Venezuela Parties, much less ConocoPhillips, willy-nilly.  As this Court knows, Venezuela twice reneged on settlement agreements after achieving its desired delay by making initial payments and then failing to make subsequent settlement payments as agreed.  Crystallex received part of the agreed upon payment for the second aborted settlement in securities at a price agreed upon with Venezuela at the time of the conveyance.  Forcing Crystallex to disclose its precise bond holdings will, among other things, put Crystallex at a competitive disadvantage in the market and risk ancillary litigation that will benefit no one but will further the Venezuela Parties' perpetual efforts to delay resolution of these proceedings.  The Venezuela Parties' prior submissions in this case effectively admit that they want access to Crystallex's documents as part of a fishing expedition aimed at finding an excuse—any excuse—to avoid paying what they are owed.  *See, e.g.*, D.I. 196 at 16 (Venezuela arguing that the terms of the settlement agreement were "extraordinarily generous" and speculating, without one iota of evidence, that the so-called "Maduro insiders who made the deal are getting a cut" of the settlement amount).  This Court's decision to charge the Special Master with confirming the amount necessary to satisfy Crystallex's judgment should not be a back door to allow the Venezuela Parties access to all of Crystallex's financial records.

The Venezuela Parties' desire to be the only parties with the right to designate information as highly confidential is particularly worrisome given the restrictions on the use of such documents under the proposed confidentiality order.  As currently drafted, the proposed order (i) provides no guidance or limitation as to which documents can be designated as highly confidential, (ii) provides that highly confidential documents will not be shared with anyone other than the Special Master and his advisors, and (iii) provides no mechanism for challenging any highly confidential designations as improper.  *See* D.I. 283-1, at 3-4.  Unsurprisingly, the Venezuela Parties have resisted efforts to modify these restrictions in any way, leading the Special Master to ask this Court for guidance.  *See* D.I. 283 at 1-2.  The Venezuela Parties have rushed to negotiate

---

[2]   By letter dated June 15, 2021, the Special Master requested that Crystallex provide certain information to aid in the calculation of the outstanding judgment.  That request contains requests for information concerning Crystallex's enforcement efforts that Crystallex believes are irrelevant to the calculation of the outstanding judgment, but which could, potentially, be provided to the Special Master on a highly confidential basis so as to avoid potential disputes.

The Honorable Leonard P. Stark
June 23, 2021
Page 4

settlement agreements whenever Crystallex was on the cusp of advancing its right to collect on its judgment only to renege on those settlement agreements when the immediate threat of execution had passed (as happened when this Court issued the Writ of Attachment, which was then temporarily stayed by the Third Circuit). The same parties then told this Court that Crystallex's attachment was secure in order to avoid posting a bond pending appeal only to argue that there was no perfected security in the shares of PDVH once Venezuela's appeal of the Writ had been rejected. Given this history, the Venezuela Parties should not now be granted the unfettered right to shield information from Crystallex's eyes—or even the eyes of Crystallex's attorneys as would typically be allowed with respect to highly confidential information—while avoiding any review of those designations by anyone, including this Court. There should be a mechanism for ensuring that documents designated as highly confidential are, in fact, highly confidential, particularly in the absence of any limitation in the proposed confidentiality order on which documents may be so designated.

Respectfully, Crystallex believes that there is a simple solution for the current impasse: The Venezuela Parties, Crystallex and ConocoPhillips should each have the right to designate documents as highly confidential under the current terms of the proposed confidentiality order, and the Special Master should be given the power to challenge such designations if he believes that any such designation is inappropriate or otherwise hinders or interferes with the execution of the sales process that the Special Master has been tasked with designing and conducting as an arm of this Court. This would provide protection from disclosure and avoid the possibility of misuse of documents shared with the other parties, while also providing a check on the inappropriate designation of documents as highly confidential.

Respectfully submitted,

/s/ Travis S. Hunter

Travis S. Hunter (#5350)

cc: All Counsel of Record