

Travis S. Hunter
302-651-7564
hunter@rlf.com

June 25, 2021

**VIA ELECTRONIC FILING**

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, Delaware 19801

   Re: *Crystallex International Corporation v. Bolivarian Republic of Venezuela et al.*,
     C.A. No. 17-mc-151-LPS

Dear Chief Judge Stark:

Pursuant to this Court's June 21, 2021 order, D.I. 284, Crystallex submits this letter brief opposing the Bondholders' objections, D.I. 286, to the Proposed Confidentiality Order ("Proposed Order") filed by the Special Master on June 16, 2021, D.I. 283-1. The Bondholders' demand—for their counsel to have "access to Confidential Information" that the parties and ConocoPhillips may give the Special Master, D.I. 286, at 2—is incompatible with the limited basis for the Bondholders' intervention in this litigation, and with their decision to not participate before the Special Master. To the extent the Bondholders read the Proposed Order as "transmut[ing]" all "nonconfidential information" produced to the Special Master "into Confidential Information," *id.* at 3, Crystallex does not object to clarifying that the parties must *designate* the documents they want protected. But the Bondholders' claim to unlimited disclosure of documents so designated is meritless.

As Crystallex explained in its May 19, 2021 letter, D.I. 268, the purpose of the current Special Master proceedings is to vindicate *Crystallex*'s right to payment of its fully adjudicated judgment against Venezuela. The Bondholders have no present enforceable rights to the shares of PDVH or the proceeds from a sale. The Bondholders sought and were granted leave to intervene based on their limited "interest … in seeking to prevent attachment and execution of the PDVH shares," D.I. 105, at 7; *see also* D.I. 154, at 12— an interest that their former counsel conceded (in withdrawing from the representation) was "complete[d]" once the Third Circuit affirmed Crystallex's attachment of the PDVH shares, D.I. 152, at 1-2. As the Advisory Notes to Federal Rule of Civil Procedure 24 recognize, that Rule allows this Court to "subject [intervenors] to appropriate conditions or restrictions" in their participation in the litigation. Yet despite the Bondholders' lack of any legal interest in the remaining proceedings before this Court, Crystallex offered, D.I. 268, at 3, and this Court agreed, D.I. 275, at 4-5, that the Bondholders could participate in proceedings before the Special Master if they agreed to do so on equal terms to the other participants, *i.e.*, by paying their share of the Special Master's fees. Unwilling to pay the price of admission, the Bondholders *elected* not to participate. D.I. 276.

■ ■ ■

The Honorable Leonard P. Stark
June 25, 2021
Page 2

The Bondholders now seek to leverage their long-expired interest in this litigation into unlimited access for their counsel to confidential information "including" documents "filed with the Court." D.I. 286, at 1-2. But much of this information—*e.g.*, concerning Crystallex's partial collection of its judgment, D.I. 287, at 2-3 & n.2—will be of no relevance to the Bondholders. And much of it may never even be filed with the Court. The Bondholders cannot use the speculative prospect of district court filings that may never occur, and in which they may have no interest, to backdoor their way into a backseat in the Special Master process after having *elected* not to participate.

Nor are the Bondholders entitled categorically to all documents filed with the Court. "[T]he right [to access] is not absolute," *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988), and the notion that the public at large should be able to inspect confidential business information simply because it is filed in Court is preposterous. To the extent the Bondholders can later establish a *legitimate* legal interest in *specific* court filings—rather than speculation that they "may require access" in the future, D.I. 286, at 2—they are free *at that time* to raise any meritorious objections to the "evidentiary basis" for sealing those particular documents, *id.* at 3, or based on the First Amendment right of public access to civil trials, *id.* at 4. Until then, the Proposed Order's approach—directing the filing of confidential information only under seal, with a redacted public version, D.I. 283-1, at 3—best serves the parties' interest in confidentiality while avoiding delay. The ordinary process to object to the sealing of filings—as the Bondholders' access-to-court cases illustrate—is thus to move to unseal *after* the filing has been made. *E.g.*, *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 219-20 (3d Cir. 2011); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 112 (2d Cir. 2006). Requiring an individualized evidentiary basis for confidentiality *before* any document can even be filed would grind progress to a halt. There is no legal basis for saddling the parties with that cumbersome showing.

Rule 26(c) is not to the contrary. It governs motions for protective orders during discovery, not proceedings before a Special Master. But to the extent relevant, it merely confirms the Special Master's approach, since courts applying Rule 26 may "construct a broad umbrella protective order upon a threshold showing … of good cause," subject to a document-by-document review after the fact if particular sealed documents are challenged. *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 671 n.5 (3d Cir. 2019).

Finally, to the extent the Bondholders object to sealing "the structure and terms of any proposed sale of the attached shares of PDVH," D.I. 286, at 2, their objection comes too late. The Special Master Order already authorizes the Special Master to "initially file the Proposed Sales Procedures Order under seal," followed 7 days later by a redacted version, if "necessary … to protect confidential information." D.I. 277, at 4. The Bondholders had a chance to object to the sealing of this information, D.I. 264, but they did not do so.

                                                    Respectfully submitted,
                                                    */s/ Travis S. Hunter*
                                                    Travis S. Hunter (#5350)

The Honorable Leonard P. Stark
June 25, 2021
Page 3

cc: All Counsel of Record