# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
WILMINGTON, DELAWARE 19801
(302) 658-9200

KENNETH J. NACHBAR
(302) 351-9294
(302) 425-3013 FAX
KNachbar@Morrisnichols.com

June 25, 2021

**VIA ELECTRONIC FILING**

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, Delaware 19801

    Re: *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela et al.,* C.A. No. 17-mc-151-LPS

Dear Chief Judge Stark:

    ***Crystallex's Objections*—**Under the Order Regarding Special Master entered by this Court on May 27, 2021, D.I. 277 ("May 27 Order"), the Venezuela Parties have a unique obligation to give the Special Master "financial information and documents about the Venezuela Parties' businesses (historic, existing, or potentially prospective), creditors, stockholders, directors, officers, employees, and agents" in order to allow the Special Master "to become knowledgeable about the business operations and assets of CITGO and PDVH" so that he can "prepare and file the Proposed Sales Procedures Order." (D.I. 277, ¶¶ 2, 9.) To protect the Venezuela Parties' non-public financial and business information, and especially to prevent potential bidders Crystallex and ConocoPhillips—and the counsel advising them—from obtaining an unfair timing and information advantage in the bidding process, the May 27 Order provides "that the Special Master shall not share any written information provided to him by the Venezuela Parties that is marked highly confidential with Crystallex, ConocoPhillips, or any other third party." (*Id.* ¶ 9.)[1]

    Crystallex does not have any similar obligation, and its information thus does not require similar heightened protections. But that does not mean information submitted by Crystallex is completely unprotected: The Special Master's proposed confidentiality order provides that all information submitted by any of the Parties and ConocoPhillips will be treated as confidential and cannot be disclosed except to the Parties and ConocoPhillips, the Special Master's Counsel and Advisors, and third parties approved by the Special Master.

    Crystallex did not challenge these provisions of the May 27 Order, but now proposes revising the Special Master's draft confidentiality order to allow it to prevent the Venezuela Parties from seeing information Crystallex submits to the Special Master regarding the amount Venezuela has paid to satisfy Crystallex's judgment—the only information it is required to produce. During discussions over the draft confidentiality order, PDV Holding and CITGO sent Crystallex an email asking it to explain what documents or information it envisioned requiring heightened protections, but Crystallex never responded, nor has it explained here what of that information should be kept from the Venezuela Parties or why it is appropriate to keep that information secret. The Special Master appropriately proposed a confidentiality order consistent with the May 27 Order (and thus rejected Crystallex's proposal), but asked this Court for guidance to the extent Crystallex objected. Crystallex's objection is meritless.

    Crystallex has claimed that its calculation of the amounts paid on the judgment are simple and that the Special Master and the Venezuela Parties should blindly trust that calculation. (*See* D.I. 287 at

---

[1] The Venezuela Parties are using their good faith judgment in designating as highly confidential only non-public business and financial information. Although the Special Master has not raised any concerns with the confidentiality order as drafted, and although Crystallex did not propose this revision during the drafting process, the Venezuela Parties do not oppose providing the Special Master with the authority to challenge "highly confidential" designations, with any resulting disputes resolved by the Court after in-camera, *ex parte* review of the challenged documents.

The Honorable Leonard P. Stark
June 25, 2021
Page 2

3.) Yet, at the same time, Crystallex's objection letter makes clear that various payments were made in the form of bonds and other securities, pursuant to various agreements and dealings with the Maduro regime. (*See also* Settlement Agreement at 2-3, *attached as* Ex. 1 (providing for payment in liquid securities which, if sold, would affect the amount credited on the judgment).) If calculating the amount owed is simple, and if Crystallex has nothing to hide, then it should have no concerns about the Venezuela Parties seeing this information, to which they certainly are entitled.

Crystallex does not point to any harm it might suffer under the Special Master's existing confidentiality protections. The Special Master is not requesting "all of Crystallex's financial records." (D.I. 287 at 3.) There is no conceivable reason that providing information regarding how and under what terms Crystallex has obtained payments from and provided releases to Venezuela on the judgment would put Crystallex "at a competitive disadvantage in the market" (D.I. 287 at 3), for instance. Nor, contrary to Crystallex's unsupported assertion, will disclosing this information delay the process here.

***Bondholders' Objections***—The Bondholders voluntarily withdrew from the Special Master proceedings after refusing to contribute to his work (D.I. 276; 275 at 4-6), and they do not have sufficient interest in these proceedings to object to the confidentiality order, as nothing that happens in the Special Master proceedings affects their security interest. (*See* D.I. 275 at 4-5 (Court's statement that these proceedings relate only to "satisfaction of the Republic's debt to Crystallex" and that the Bondholders have no "interest in the PDVH shares to be sold that is nearly as strong as Crystallex's").) They are not "Parties" within the scope of the confidentiality order (or the May 27 Order), and they have no standing to challenge its contents. To the extent any documents are filed with the Court under seal, the Bondholders can attempt to litigate whether those documents meet the standard for sealing at that time.

Even if they did have standing, the Bondholders' objections are without merit. First, there is no reason to allow the Bondholders access to confidential information submitted to the Special Master, as they are not participating in the process of designing the proposed sales procedure order. Second, the Bondholders' counsel should not have access to documents designated Highly Confidential. The Bondholders are potential bidders, and the counsel advising them in this process should not have special, early access to documents that could give them an unfair timing or information advantage over other bidders.

The Bondholders' suggestion that there is no "basis for withholding Highly Confidential Information from counsel of record" (D.I. 286 at 3 n.2), is baseless. Complaints that providing the Special Master with highly confidential information amounts to *ex parte* contacts are a bit late; the May 27 Order already permits *ex parte* submission of any information by the Venezuela Parties to the Special Master (as agreed to by Crystallex and ConocoPhillips). D.I. 277 ¶ 9. And, contrary to the Bondholders' suggestion, there is precedent for such submissions from the very case in which Mr. Pincus previously served as special master. *See* Order for Custodian to Undertake a Sale Process, *In re: Transperfect Global, Inc.*, Nos. 9700-CB, 10449-CB, 2016 WL 3949840, at *3 (July 18, 2016) ("The Custodian has the discretion not to share information about the sale process with the other directors or any other person if he, in his sole discretion, believes that restrictions on the sharing of such information would be appropriate.").

Third, the Bondholders' proposal that each and every document submitted to the Special Master go through a rigorous confidentiality review and motion practice in advance of the Court's July 26 deadline for a proposed sale procedures order is not advocated for by the Special Master or any of the parties participating in the Special Master process, and would be manifestly unworkable. It also would chill the parties' willingness to freely disclose sensitive information to the Special Master, given the fear that the Bondholders' officious intermeddling might result in public disclosure of documents.

The Honorable Leonard P. Stark
June 25, 2021
Page 3

                                                 Respectfully submitted,

                                                 */s/ Kenneth J. Nachbar*

                                                 Kenneth J. Nachbar (#2067)

cc:    All Counsel of Record (Via E-Filing)