IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. No. 17-151-LPS |

## MEMORANDUM ORDER

On May 27, 2021, the Court issued an order formalizing the appointment of Robert B. Pincus as the Special Master in this case. (D.I. 277) That order directed the Special Master to, among other things, "oversee the execution of a protective order to ensure that confidential information provided or exchanged during the course of the Special Master's tenure is properly protected from disclosure that could cause competitive or other harm." (*Id.* at 3) On June 16, 2021, the Special Master submitted a proposed confidentiality order. (D.I. 283, 283-1) The Court permitted letter briefing on any objections to the proposed confidentiality order. (D.I. 284) The Court received objections from Plaintiff Crystallex International Corporation ("Crystallex"), as well as Intervenors Blackrock Financial Management, Inc. and Contrarian Capital Management, L.L.C. (together, "Intervenor Bondholders"). (D.I. 286, 287) The Court subsequently received responsive letters from Crystallex and Intervenor PDV Holding, Inc. ("PDVH"). (D.I. 288, 289)[1] The Court will briefly address each issue raised in the letters.

---

[1] Although the letter was submitted by counsel for PDVH, the Court understands that the

Designations of Highly Confidential Information.   Under the proposed confidentiality order, only the Venezuela Parties may mark information as "Highly Confidential."  (*See* D.I. 283-1 ¶ 10)   Further, under the proposed order, Highly Confidential Information may be shared only with the Special Master and his Advisors; that information "may not be shared with any of the other Parties, ConocoPhillips, their outside counsel, or any other person or entity, and shall not be filed with the Court."  (*Id.*)   Crystallex objects to this one-sided arrangement and requests that all Parties and ConocoPhillips be given the opportunity to mark information as Highly Confidential.  (D.I. 287 at 1)   The Court agrees with Crystallex and will grant its request.

Crystallex points out that it has been asked to provide information about enforcement proceedings and may be asked to provide financial information that has been sealed in foreign judicial proceedings.  (*Id.* at 2-3 & n.2)   There appears to be no reason to provide only the Venezuela Parties with the ability to mark their most sensitive information as Highly Confidential.   Provided that any Party or ConocoPhillips produces material to the Special Master that meets the confidentiality order's definition of Highly Confidential Information, that entity should have the opportunity to designate such information as Highly Confidential Information.

The Court's May 27 order is not to the contrary.   Paragraph 9 of that order states that "the Special Master shall not share any written information provided to him by the Venezuela Parties that is marked highly confidential with Crystallex, ConocoPhillips, or any other third

---

positions in the letter are shared by PDVH, Defendant Bolivarian Republic of Venezuela, and Intervenors Petróleos de Venezuela S.A. and CITGO Petroleum Corporation (collectively, the "Venezuela Parties").  (*See generally* D.I. 289) (not distinguishing among entities)

party." (D.I. 277 ¶ 9)  In approving this protection for the Venezuela Parties, and knowing that a more complete protective order would be submitted, the Court did not intend to place restrictions on the ability of Crystallex or ConocoPhillips to make similar designations.  Instead, as Crystallex correctly states, "[t]he failure to include a reference to Crystallex's right to designate documents as highly confidential in a paragraph that is solely about the production of information by the Venezuelan Parties is hardly surprising. . . .  Nothing in the language of the May 27 Order limits Crystallex's ability to designate documents as 'highly confidential' where and if appropriate."  (D.I. 287 at 2)

While all Parties and ConocoPhillips will have the ability to mark information as Highly Confidential under the final confidentiality order, such designations will be subject to potential challenge, and the Court expects that any such designations will be limited.[2]  The Court's confidentiality order will also make clear that the Special Master retains discretion to share any information, including Highly Confidential Information, with the Court, at any time.

---

[2] The Special Master writes: "Pursuant to the agreed upon terms of the Special Master Confidentiality Order, information designated 'Highly Confidential' cannot be shared with any of the other Parties, ConocoPhillips, their outside counsel, or any other person or entity, and shall not be filed with the Court."  (D.I. 283 at 1)  Both sides have their reasons for not wanting anyone other than the Special Master to see their Highly Confidential Information.  (*See, e.g.*, D.I. 287 at 3 ("Forcing Crystallex to disclose its precise bond holdings will, among other things, put Crystallex at a competitive disadvantage in the market and risk ancillary litigation that will benefit no one but will further the Venezuela Parties' perpetual efforts to delay resolution of these proceedings."); D.I. 289 at 1 (describing desire "[t]o protect the Venezuela Parties' non-public financial and business information, and especially to prevent potential bidders Crystallex and ConocoPhillips – and the counsel advising them – from obtaining an unfair timing and information advantage in the bidding process"))  At this point, the Court will not question the wisdom of this agreed-upon provision.  All involved in the Special Master proceedings should understand, however, that the Intervenor Bondholders, the media, and the public have certain rights.  Any or all of those entities may seek to effectuate those rights, which could eventually lead the Court to require disclosure (on a redacted or unredacted basis) of material marked "Highly Confidential."

<u>Confidentiality Is Not Automatic.</u>   As the Intervenor Bondholders request and as no Party appears to dispute, the Court will make clear that information does not automatically become Confidential or Highly Confidential simply by virtue of being submitted to the Special Master.   (*See* D.I. 286 at 3; *see also* D.I. 288 at 1 ("Crystallex does not object to clarifying that the parties must ***designate*** the documents they want protected."))   Should such status be desired, the entity producing the material to the Special Master must designate it as "Confidential" or "Highly Confidential," and the producing entity must do so in good faith and only if it believes the material meets the definitions that will be provided in the confidentiality order.   It follows that some information provided to the Special Master may not properly be accorded either "Confidential" or "Highly Confidential" status.

<u>Challenges to Confidentiality Designations.</u>   Crystallex contends that "the Special Master should be given the power to challenge [Highly Confidential] designations if he believes that any such designation is inappropriate or otherwise hinders or interferes with the execution of the sales process."   (D.I. 287 at 4)   The Venezuela Parties "do not oppose providing the Special Master with the authority to challenge 'highly confidential' designations, with any resulting disputes resolved by the Court after in-camera, *ex parte* review of the challenged documents."   (D.I. 289 at 1 n.1)   The Court finds that these procedures, as articulated more specifically by the Venezuela Parties, are reasonable for resolving any disputes that arise over information marked Highly Confidential.

<u>Intervenor Bondholders' Objections.</u>   While the Intervenor Bondholders are parties to this action (*see* D.I. 154 at 11; D.I. 286 at 1), their status does not give them rights with respect to the Special Master proceedings, as the Intervenor Bondholders expressly chose not to accept

the conditions for participation in those proceedings (*see* D.I. 276).  The Intervenor Bondholders, like any party, have the right to be heard by the Court; however, under the circumstances here, objections based on lack of access or insight into the Special Master proceedings are meritless.

The advisory committee notes to Federal Rule of Civil Procedure 24 state that "intervention of right . . . may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings."  The Court finds that restricting confidential information to Crystallex, ConocoPhillips, and the Venezuela Parties will significantly promote efficiency in the Special Master's proceedings.  As the Venezuela Parties put it, "there is no reason to allow the [Intervenor] Bondholders access to confidential information submitted to the Special Master, as they are not participating in the process of designing the proposed sales procedure order."  (D.I. 289 at 2)  Moreover, as Crystallex adds, the Intervenor Bondholders joined this case because of their limited interest in preventing the attachment of the PDVH shares.  (*See* D.I. 288 at 1)  Now that the shares are attached, the Intervenor Bondholders "have no present enforceable rights to the shares of PDVH or the proceeds from a sale."  (*Id.*)  Hence, the Court finds that the restrictions placed on the Intervenor Bondholders are reasonable and consistent with Rule 24.

The Court overrules the Intervenor Bondholders' objections and will not revise the confidentiality order to add outside counsel for the Intervenor Bondholders as persons who may have access to Confidential Information.  (*See* D.I. 286 at 2)  The Court need not, and will not,

5

address the Intervenor Bondholders' specific objections or proposals.  (*See id.* at 2-4)[3]  Should the Intervenor Bondholders later believe that they have a legitimate interest in the unsealing of a particular filing, they – like any other individual or entity – remain free to raise the issue at the appropriate time.   The Intervenor Bondholders will also have an opportunity to object to the Proposed Sales Procedures Order.

Conclusion.   The Court is conferring with the Special Master and will issue a final confidentiality order consistent with the above rulings.

July 6, 2021  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE

---

[3] In any event, the Intervenor Bondholders' proposals (essentially, pre-designation review, on a document-by-document basis) would be cumbersome and would undoubtedly delay these proceedings.   (*See* D.I. 288 at 2 ("[C]ourts applying Rule 26 may 'construct a broad umbrella protective order upon a threshold showing . . . of good cause,' subject to a document-by-document review after the fact if particular sealed documents are challenged.") (quoting *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 671 n.5 (3d Cir. 2019)); D.I. 289 at 2)