IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Misc. No. 17-151-LPS |
| ) | |
| BOLIVARIAN REPUBLIC OF VENEZUELA, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

## SPECIAL MASTER CONFIDENTIALITY ORDER

WHEREAS, on May 27, 2021, the Court issued the Order Regarding Special Master (D.I. 277) (the "Special Master Order");

WHEREAS, Paragraph 2 of the Special Master Order requires that the Special Master "oversee the execution of a protective order to ensure that confidential information provided or exchanged during the course of the Special Master's tenure is properly protected from disclosure that could cause competitive or other harm";

WHEREAS, pursuant to Paragraph 9 of the Special Master Order, "[t]he Venezuela Parties (including their directors, officers, employees, and agents) shall, to the extent available to them, use reasonable efforts to promptly provide the Special Master with any and all non-privileged information and documents (confidential or otherwise) concerning the Venezuela Parties that the Special Master requests in order to permit him to prepare and file the Proposed Sales Procedures Order and otherwise perform his duties as Special Master";[1]

---

[1] Capitalized terms not otherwise defined herein shall have the meaning defined in the Special Master Order.

WHEREAS, such information may include "financial information and documents about the Venezuela Parties' businesses (historic, existing, or potentially prospective), creditors, stockholders, directors, officers, employees, and agents," and this information, as well as information submitted by Crystallex or ConocoPhillips, may be considered confidential or highly confidential;

WHEREAS, pursuant to Paragraph 19 of the Special Master Order, "the Parties and ConocoPhillips will, to the extent available to them and to the extent it is required, make available to the Special Master any and all facilities and all files, databases, and documents that are necessary to fulfill the Special Master's functions . . . subject to confidentiality restrictions"; and

WHEREAS, the Parties, ConocoPhillips, the Special Master, and the Court all agree that Confidential Information and Highly Confidential Information should be accorded certain protections, consistent with the governing law:

**NOW THEREFORE, this 6th day of July, 2021, it is HEREBY ORDERED** that the use and disclosure of "Confidential Information" and "Highly Confidential Information," as defined below, shall be governed by this Confidentiality Order, as follows:

1.  Any Party or ConocoPhillips may designate any documents or information as "Confidential Information" if such party in good faith believes that such documents or information contain non-public, confidential, proprietary, or commercially sensitive information that requires the protections provided in this Order. Any Party or ConocoPhillips must designate such documents or information as "Confidential Information" by affixing the legend "Confidential Information" to each page containing such Confidential Information or in the case of electronically stored information produced in native format, by including "Confidential Information" in the file or directory name, or by affixing the legend "Confidential Information" to the media. The

producing party must designate such documents or information as "Confidential Information" to receive the protections of this Order.

2.    Any Party or ConocoPhillips may designate any documents or information as "Highly Confidential Information" if such party in good faith believes that disclosure of such non-public, confidential, proprietary, or commercially sensitive information other than as permitted pursuant to this Order is substantially likely to cause injury to the producing party. Any Party or ConocoPhillips must designate such documents or information as "Highly Confidential Information" by affixing the legend "Highly Confidential Information" to each page containing such Highly Confidential Information or in the case of electronically stored information produced in native format, by including "Highly Confidential Information" in the file or directory name, or by affixing the legend "Highly Confidential Information" to the media. The producing party must designate such documents or information as "Highly Confidential Information" to receive the protections of this Order.

3.    Any document filed with the Court by the Special Master pursuant to the Special Master Order (including the Proposed Sales Procedure Order and any invoice or billing record) that contains Confidential Information shall automatically be filed under seal pursuant to Section (G) of the Court's Administrative Procedures Governing Filing and Service by Electronic Means and Federal Rule of Civil Procedure 5.2(d). Within 72 hours of service of a document filed under seal with the Court by the Special Master, the Parties and ConocoPhillips shall exchange proposed redactions to the under-seal filing. No later than five calendar days after the filing of an under-seal document, the Parties and ConocoPhillips shall jointly submit proposed redactions to the Special Master. The Special Master will file such redactions as soon as practicable thereafter.

4. Confidential Information may not be disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, to any person or entity other than (i) the Court and its personnel; (ii) the Special Master, (iii) the Special Master's Counsel and the Special Master's Advisors (as defined in the Special Master Order and including, but not limited to, the Special Master's financial advisors); (iv) outside counsel for the Parties and ConocoPhillips, and (v) other persons whom the Special Master agrees may possess Confidential Information. Should the Special Master wish to disclose Confidential Information to any persons specified in item (v), the Parties shall be given prompt notice and an opportunity to object to the disclosure of such information, with any dispute to be resolved by the Court prior to disclosure by the Special Master. Access to Confidential Information by persons specified in items (iii) and (v) of this Paragraph 4 shall be subject to Paragraph 6 herein.

5. Confidential Information and Highly Confidential Information shall be used solely for purposes related to the Special Master and the Special Master's duties as ordered by the Court, and shall not be used by any person or entity for any other purpose whatsoever, including, without limitation, any business, commercial, or public purpose, or in any other litigation or proceeding.

6. Confidential Information may be provided to persons in Paragraph 4(iii) and (v) only after each such person executes and files with the Court an agreement to be bound by this Confidentiality Order in the form attached hereto as **Exhibit 1**. Among other things, such agreement to be bound will confirm that each such person consents to personal jurisdiction in this Court for all matters relating to the above-captioned action, including, but not limited to, all matters relating in any way to the Special Master Order or the Special Master, any Confidential Information or Highly Confidential Information, or this Confidentiality Order.

7. Any person identified in Paragraph 4 to whom Confidential Information is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised that the Confidential Information is being disclosed pursuant to and subject to the terms of this Confidentiality Order and may not be disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, to any unauthorized person or entity, and may not be used for purposes other than those permitted hereunder. Each such person shall maintain the Confidential Information and any information derived therefrom in a manner reasonably calculated to prevent unauthorized disclosure or use.

8. Any pleading, brief, memorandum, motion, letter, affidavit, or other document filed with the Court that discloses, summarizes, describes, characterizes, or otherwise communicates Confidential Information (a "Confidential Information Filing") shall be filed under seal with the Court in accordance with the provisions of Section (G) of the Court's Administrative Procedures Governing Filing and Service by Electronic Means and Federal Rule of Civil Procedure 5.2(d). A public version of the filing, pursuant to the Court's procedures and the procedures of Paragraph 3 in this Confidentiality Order, shall be filed within seven calendar days.

9. There is good cause to provide confidential treatment to Confidential Information Filings and any Confidential Information therein, and any public interest in disclosure of such documents or information is outweighed by the harm that such disclosure would cause. These findings are subject to review by the Court, at an appropriate time and pursuant to procedures to be set by the Court, in connection with any particular document. Any person or entity filing a public version of a Confidential Information Filing shall redact any Confidential Information from the public version.

10. Any Party or ConocoPhillips objecting to the designation of any document or information as Confidential Information may, after making a good-faith effort to resolve any such objection with the producing party, move the Special Master for an order vacating the designation. The producing party shall have 48 hours to show cause. While such a motion is pending, the Confidential Information in question shall be treated as Confidential Information pursuant to this Order. The provisions of this Order are not intended to shift any burdens of proof, including the burden of establishing that any document or information validly constitutes Confidential Information, which burden remains on the party that designates such document or information as Confidential Information.

11. Any Party or ConocoPhillips may apply, within 48 hours after the use or handling of Confidential Information or service of a Confidential Information Filing, for an order providing additional safeguards or clarification with respect to the use or handling of Confidential Information or Confidential Information Filings, or for an order remedying any violation of this Confidentiality Order.

12. Highly Confidential Information may be shared with the Special Master's Counsel and Advisors who have executed and filed with the Court an agreement to be bound by this Confidentiality Order in the form attached hereto as **Exhibit 1**. Highly Confidential Information may not be shared with any of the other Parties, ConocoPhillips, their outside counsel, or any other person or entity, and it shall not be filed with the Court. Notwithstanding the foregoing, the Special Master may (i) share a document validly marked "Highly Confidential Information" *in camera* with the Court; or (ii) file such document if he deems it in furtherance of his duties provided that he redacts such documents and otherwise complies with this paragraph and other provisions of this Order. In the event the Special Master files such document with the Court, the Special Master

shall file the document under seal, provide to the Court and counsel of record for those parties that would otherwise receive a service copy of the sealed filing a version in which all Highly Confidential information and documents are redacted, and provide to the Court an unredacted copy of the sealed filing. For the avoidance of doubt, the Special Master shall not be required to challenge the designation of Highly Confidential prior to sharing with the Court or filing such Highly Confidential Information under seal provided that no other party or person other than the Court shall be entitled to see or access such document.

13. If the Special Master believes (i) that filing a document publicly or making it available to a person or party other than the Court *in camera* is necessary or appropriate in the furtherance of his duties; and (ii) a document or information has been improperly designated as Highly Confidential Information, he shall provide written notice to the producing party to show cause why such document should not be designated as Confidential. The producing party shall have 48 hours to show cause why the document or information should not be treated as Confidential Information. If, after the producing party has had the opportunity to show cause, the Special Master still believes that the document or information should be treated as Confidential Information, the producing party shall have the opportunity to submit the document to the Court (with copy to the Special Master) for *in camera* review and determination regarding its designation. If the producing party fails to timely respond to the Special Master's notice to show cause, or does not submit the document or information for review within 48 hours after being informed by the Special Master of his determination, the document or information that was the subject of the notice shall be deemed Confidential Information and shall no longer receive the protections afforded to Highly Confidential Information pursuant to this order.

14. Nothing herein shall be deemed to waive any applicable common law or statutory privilege or work-product protection.

15. The provisions of this Confidentiality Order shall survive indefinitely, notwithstanding the termination of the above-captioned action or any appeals therefrom. Confidential Information shall be released from confidential treatment only upon further order of this Court.

16. Prior to any court proceeding in which Confidential Information or Confidential Information Filings are to be used, counsel shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of such Confidential Information or Confidential Information Filings.

17. If any person or entity (a "Receiver") in possession of Confidential Information or Confidential Information Filings (other than the Special Master) receives a subpoena or other compulsory process seeking the production or other disclosure of Confidential Information or Confidential Information Filings (a "Demand"), the Receiver shall give written notice (by hand, email, or facsimile transmission) to counsel for the Special Master within three business days of receipt of such Demand (or if a response to the Demand is due in less than three business days, at least 24 hours prior to the deadline for a response to the Demand), identifying the Confidential Information and/or Confidential Information Filings sought and enclosing a copy of the Demand. The Receiver must object to the production of the Confidential Information and/or Confidential Information Filings on the grounds of the existence of this Confidentiality Order until such time as a court of competent jurisdiction directs the Receiver to produce the Confidential Information and/or Confidential Information Filings, except if the party that produced the Confidential Information (a) consents, (b) fails to file a motion to quash, or (c) fails to notify the Receiver in

writing of its intention to contest the production of the Confidential Information and/or Confidential Information Filings prior to the date designated for production of the Confidential Information and/or Confidential Information Filings, in which event the Receiver may produce those materials on the production date, but no earlier.

18. Except as may be required by law, no person or entity shall reveal any Confidential Information, Confidential Information Filings, or any information contained therein to anyone not entitled to receive Confidential Information under the terms of this Confidentiality Order. In the event that any Confidential Information, any Confidential Information Filings, or any information contained therein is disclosed to any person or entity other than in the manner authorized by this Confidentiality Order, or in the event that any information comes to a person's or entity's attention that may indicate there was or is likely to be a loss of confidentiality of any Confidential Information, any Confidential Information Filings, or any information contained therein, the person or entity responsible for the actual or likely disclosure or loss of confidentiality (and any person or entity with knowledge of such actual or likely disclosure or loss of confidentiality) shall immediately inform the Special Master and his Counsel of all pertinent facts relating to the actual or likely disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person or entity to whom the disclosure was made (or to whom the likely disclosure may be made). The person or entity responsible for the actual or likely disclosure or loss of confidentiality shall also exercise best efforts to prevent disclosure of Confidential Information or Confidential Information Filings by each unauthorized person or entity who receives or may receive the information.

19. All of the protections provided by this Confidentiality Order for Confidential Information shall also apply to Highly Confidential Information. In addition, Highly Confidential

Information is not to be shared with any individual or entity besides the Special Master, his Advisors, and the entity that produced the Highly Confidential Information (and, as set out elsewhere in this Confidentiality Order, the Court).

20. By entering this Confidentiality Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any Party, person, or entity subject to this Confidentiality Order who becomes subject to a motion to disclose another Party's or entity's Confidential Information shall promptly notify that Party or entity of the motion so that the Party or entity may have an opportunity to appear and be heard on whether that information should be disclosed.

21. This Confidentiality Order, and any dispute arising out of or relating in any way to this Confidentiality Order, shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to conflict-of-laws principles. The sole and exclusive forum for any dispute relating in any way to the Special Master Order, any Confidential Information, any Confidential Information Filings, or this Confidentiality Order shall be the United States District Court for the District of Delaware.

IT IS SO ORDERED this 6th day of July, 2021.

_____
The Honorable Leonard P. Stark
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Misc. No. 17-151-LPS |
| ) | |
| BOLIVARIAN REPUBLIC OF VENEZUELA, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

**UNDERTAKING ACKNOWLEDGING AND AGREEING
TO BE BOUND BY SPECIAL MASTER CONFIDENTIALITY ORDER**

1. I have read the Special Master Confidentiality Order issued in the above-captioned action.

2. I am a person whom the Special Master has determined may possess Confidential Information and/or Highly Confidential Information.

3. I understand and acknowledge the terms of the Special Master Confidentiality Order and agree to be bound by them.

4. I agree not to disclose, summarize, describe, characterize, or otherwise communicate or make available, in whole or in part, any Confidential Information, Highly Confidential Information, or Confidential Information Filings (each as defined in the Special Master Confidentiality Order), except (if permitted) to such persons expressly referenced in Paragraph 4 of the Special Master Confidentiality Order, and who also have executed the required undertaking, if required.

5. I agree not to use Confidential Information, Highly Confidential Information, or Confidential Information Filings for any purpose other than those expressly referenced in

Paragraph 5 of the Special Master Confidentiality Order. I further agree not to disclose, summarize, describe, characterize, or otherwise communicate or make available, in whole or in part, Confidential Information, Highly Confidential Information, or Confidential Information Filings, except (if permitted) in documents filed confidentially with the Court pursuant to the Special Master Confidentiality Order.

6. I further agree to abide by the restrictions placed on information designated "Highly Confidential Pursuant to Order of the United States District Court for the District of Delaware, *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*," as set forth in the Special Master Confidentiality Order.

7. I agree that, in the event of a violation of the Special Master Confidentiality Order, I shall be subject to such sanctions and penalties as the Court deems just and proper.

8. I agree that the Special Master Confidentiality Order is valid and enforceable against me, and I waive any argument to the contrary.

9. I agree to personal jurisdiction in the United States District Court for the District of Delaware for all matters relating to the above-captioned action, including, but not limited to, all matters relating in any way to the Special Master Confidentiality Order, any Confidential Information, Highly Confidential Information, and/or any Confidential Information Filings.

10. I hereby submit to the exclusive and continuing jurisdiction of the United States District Court for the District of Delaware for all matters relating in any way to the Special Master Confidentiality Order, any Confidential Information, Highly Confidential Information, and/or any Confidential Information Filings.

11. I agree to file this Undertaking Acknowledging and Agreeing to Be Bound by Special Master Confidentiality Order with the Court in the above-captioned action.

Date: _____

Signature: _____

Name: _____

Affiliation: _____

Title: _____