

Travis S. Hunter
302-651-7564
hunter@rlf.com

August 20, 2021

**VIA ECF**                                           **REDACTED PUBLIC VERSION**

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, Delaware 19801

Re:   *Crystallex International Corporation v. Bolivarian Republic of Venezuela et al.*,
      **C.A. No. 17-mc-151-LPS**

Dear Judge Stark:

I write in response to the Court's Order dated August 16th [D.I. 307] requesting that the parties submit sealed letter briefs identifying material that should remain under seal in the Proposed Sales Procedures Order [D.I. 302] and Special Master's Statement [D.I. 303].

Crystallex understands that the Venezuela Parties have proposed keeping both the Proposed Sales Procedures Order and the Special Master's Statement under seal in their entirety. Crystallex has no objection to this request, at least until such time as the Court has issued its order on the sales procedures to be followed.[1] However, should the Court determine that public versions of the documents are required, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ For the avoidance of doubt, Crystallex does not seek to redact the total amount of its judgment that remains outstanding. Crystallex also does not seek any redactions of the Proposed Sales Procedures Order.

As set out below, the proposed redactions are necessary and appropriate, as they: (i) do not relate to matters that are central to any claims before the Court or the entry of the proposed sales order; (ii) are necessary to protect the confidentiality of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓; and (iii) are necessary to protect Crystallex's strategic business interests,

---

[1] Similarly, Crystallex does not oppose the Venezuela Parties' alternative request that information designated as highly confidential information be redacted in any publicly-filed version of the Special Master's Statement provided to Crystallex.

[2] Attached as Exhibit A to this letter is the version of the Special Master's Statement provided to Crystallex, with Crystallex's proposed redactions implemented at paragraphs 49 and 50.

The Honorable Leonard P. Stark
August 20, 2021
Page 2

███████████████████████████████████████████████████████████
████████████████████████████████████████.

***First***, courts regularly permit confidential treatment of information that is not material to the determination of a dispute. *See Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 510 (D. Del. 2012) (approving redactions to portions of agreements that were irrelevant to the parties' dispute). ████████████████████████████████████████████████████████████████████████████████

████████████████ The question before the Court is whether the proposed process is designed to satisfy Crystallex's judgment, consistent with Delaware law, while giving appropriate consideration to maximizing the value of the PDVH Shares within the context of a forced sale. To achieve this end, the Court, in relevant part, directed the Special Master to "devise a plan for the sale of shares of PDVH as necessary to satisfy the outstanding judgment of Crystallex." D.I. 277 at 3. Only the total amount of Crystallex's judgment that remains outstanding is relevant to this objective, and Crystallex does not seek to redact that information. ████████████████████████████████████████████████████████████████████████████

████████████████████████████ Accordingly, the public interest in disclosure of these details is minimal at best, and does not outweigh the significant interests in maintaining the confidential nature of this information, the importance of which is described in further detail below.

***Second***, courts may restrict access to materials in order to maintain the confidentiality of ████████████████████████████████████████████████████████████████████████████████████████

██████████████ In the present case, ████████████████████████████████████████████████████████████████████████████████████████████████[3] Crystallex's proposed redactions are necessary to maintain the confidentiality ████████████████████████████████████████████████████████████████████████████████████████.

***Third***, courts may invoke their inherent "supervisory power . . . [to] deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing." *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988). Courts generally protect materials when disclosure may "harm . . . a litigant's standing in the marketplace." *Mars, Inc. v. JCM Am. Corp.*, 2007 WL 496816, at *2 (D.N.J. Feb. 13, 2007). Here, Crystallex is in insolvency proceedings in Canada as a result of Venezuela's illegal conduct, ██████████████████████████████████████████████████████████. ███████████████████████████████████████████████████████████████

---

[3] Given the expedited timeline for making this submission, ████████████████████████████████

The Honorable Leonard P. Stark
August 20, 2021
Page 3

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

In addition, ████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████.

In sum, Crystallex's proposed redactions are narrowly tailored to avoid public disclosure of confidential information while still allowing public scrutiny of relevant information that is material to legal questions before the Court. ████████████████████████████████████████████████████████████████████████████████████████████████████████.[4]  Crystallex therefore respectfully requests that the Court order the redaction of those portions of the Special Master's Statement identified at paragraphs 49 and 50 in the attached Exhibit A.

                                            Respectfully submitted,

                                            */s/ Travis S. Hunter*

                                            Travis S. Hunter (#5350)

Enclosures: Exhibit A (Special Master's Statement with Crystallex's proposed redactions at paragraphs 49 and 50)

---

[4] The redactions Crystallex seeks are consistent with sealing orders and redactions approved by Canadian courts overseeing Crystallex's bankruptcy. Although Canadian courts are not guided by precisely the same principles as this Court, the considerations involved in sealing requests are similar. Crystallex submits that it would be prudent, and consistent with principles of comity and respect for parallel foreign judicial proceedings, to order the proposed redactions.