

Travis S. Hunter
302-651-7564
hunter@rlf.com

September 15, 2021

**VIA ECF**

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, Delaware 19801

   Re: *Crystallex International Corporation v. Bolivarian Republic of Venezuela et al.*,
     C.A. No. 17-mc-151-LPS

Dear Judge Stark:

I write to provide the Court a copy of a letter from Andrea M. Gacki, Director of the Office of Foreign Asset Control, to Adam M. Smith, counsel for Crystallex, dated September 10, 2021 (the "OFAC Letter"). As noted in Crystallex's filing of the same date, OFAC denied Crystallex a license to sell the PDVH Shares without prejudice, and suggested that early 2022 may be an appropriate time for Crystallex to renew its application. *See* D.I. 343 at 14.

The OFAC Letter does not change the questions before the Court or require any modification of the process this Court previously contemplated when it appointed the Special Master. The letter confirms that a final sale of the PDVH Shares cannot take place under the current sanctions regime.[1] But the letter also suggests that this Court may take all the prefatory actions short of a sale that it previously contemplated and approved—including the entry of a Sales Procedures Order and initial actions consistent with that order—in anticipation of the eventual enforcement of its judgment through the execution and sale of the PDVH Shares once OFAC acts favorably on a renewed application. Indeed, the OFAC Letter expressly acknowledges this Court's "elect[ion] to proceed with prefatory steps toward a judicial sale" that stop short of selling the PDVH Shares, without challenge or objection.[2] In other words, nothing has altered this Court's ability to proceed as far as current OFAC regulations allow. D.I. 234 at 33 ("[A]ll the preparatory steps that can be taken without [an OFAC] license can, and should, be taken. . . . At this point, the Court agrees with Crystallex that there is no just reason not to advance this litigation to the furthest point that OFAC's sanctions regime permits.") (internal quotation and citation omitted).

The OFAC Letter also does not reflect OFAC's final view on the matter. The denial is expressly made without prejudice and OFAC's letter repeatedly notes that Crystallex may reapply at an appropriate time. And OFAC suggests that the appropriate time is likely only a few months away. OFAC recognized the fluid situation in Venezuela, including the impending expiration of the

---

[1] OFAC Letter at 1 ("Absent a license from OFAC, any sale of the PDVH shares is prohibited pursuant to OFAC's Venezuela-related sanctions authorities . . . .").

[2] *Id.* at 5.

One Rodney Square ■ 920 North King Street ■ Wilmington, DE 19801 ■ Phone: 302-651-7700 ■ Fax: 302-651-7701

www.rlf.com

RLF1 25996895v.1

The Honorable Leonard P. Stark
September 15, 2021
Page 2

Guaidó government's mandate in January 2022, and the likelihood that events on the ground could result in a shift in U.S. foreign policy. As OFAC emphasized:

> Negotiations between the unified democratic opposition led by Interim President Guaidó and the Maduro regime regarding the future of Venezuela are currently ongoing, and the National Assembly's mandate ends in January 2022. The United States will reassess whether the sale of the PDVH shares is consistent with United States foreign policy, as the situation in Venezuela evolves. The United States anticipates doing so during the first half of 2022 as warranted by changed circumstances.[3]

Whatever the ultimate outcome of those negotiations, the impending expiration of the National Assembly's mandate—and the termination of Guaidó's authority as interim President in a few months—is a virtual certainty. Changed circumstances are thus inevitable, providing an ample basis for reassessing OFAC's current position that a sale of the PDVH Shares would disserve purported U.S. foreign policy interests.

Significantly, OFAC's position hinges on its view that Crystallex and the holders of PDVSA 2020 bonds (including the Intervenor Bondholders in this action), are similarly situated. To the extent that argument has merit, it is only true until January 21, 2022, when the current restriction on the 2020 bondholders' ability to foreclose on the shares of CITGO Holding ends. But, as OFAC explains, the Intervenor Bondholders have been granted a license to enforce against the shares of CITGO Holding—a license whose effect has now been delayed until January 21, 2022, the day after the Guaidó government's mandate is expected to expire.[4] On the day that license goes into effect, the Intervenor Bondholders will be permitted to undertake "all transactions related to, the provision of financing for, and other dealings in" the 2020 PDVSA bonds.[5] Thus, if a Sales Procedures Order is not entered, and initial preparations are not undertaken so that the Special Master is prepared to conduct a sale of the PDVH Shares within a reasonable period after January 2022, Crystallex risks being put at a significant disadvantage to the Intervenor Bondholders despite obtaining the writ attaching the PDVH Shares more than a year before the Intervenor Bondholders' claims matured.

---

[3] *Id.* at 8. *See also id.* at 1 ("[T]he State Department has also noted that the National Assembly's mandate ends in January 2022, when the term of the 2015 National Assembly, Venezuela's last democratically elected body, expires following a 12-month Extension. A request for a specific license for the sale of the PDVH shares is therefore denied without prejudice to reconsideration at a later time if the foreign policy considerations change.").

[4] *Id.* at 2.

[5] *See* OFAC, General License No. 5H, September 10, 2021, *available at* https://home.treasury.gov/system/files/126/venezuela_gl5h.pdf.

The Honorable Leonard P. Stark
September 15, 2021
Page 3

For these reasons, the OFAC Letter confirms that while a sale cannot be entirely completed under the current sanctions regime, multiple prefatory steps can be conducted in preparation for such time as a license is issued (or the current sanctions regime is revised). Accordingly, the Court may continue to advance execution proceedings to the fullest extent possible, by approving sales procedures, commencing efforts to make available financial and other information that may be relevant to potential bidders, and initiating communications with potential bidders so that the sale of the PDVH Shares may proceed quickly, as it should, at the appropriate time.

Respectfully submitted,

/s/ Travis S. Hunter

Travis S. Hunter (#5350)

CC: All counsel of record

Enclosures: Letter from Andrea M. Gacki, Director, Office of Foreign Assets Control, to Adam M. Smith, counsel for Crystallex, dated September 10, 201.