**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., <br><br> Plaintiff, <br><br> vs. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Case No. 1:17-mc-00151-LPS <br><br> **Public Version Filed September 17, 2021** |

**THE VENEZUELA PARTIES MOTION FOR RECONSIDERATION
OF DENIAL OF MOTION TO SEAL**

The Venezuela Parties respectfully move pursuant to Federal Rule of Civil Procedure 54(b) for reconsideration of the Court's September 8, 2021 Memorandum Order (D.I. 337) denying the Venezuela Parties' motion to seal in one respect: to address CITGO's request that certain limited portions of the Special Master's Report and accompanying Hiltz Declaration remain under seal to protect CITGO's competitive business information, as shown in Exhibit A.[1] *See* Fed. R. Civ. P. 54(b) (providing that an interlocutory order "may be revised at any time before the entry of a judgment"); *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) (noting that "a district court ordinarily has the power to modify or rescind its orders at any point prior to final judgment in a civil case" (citing Rule 54(b)); *State Nat'l Ins. Co. v. Cty. of Camden*, 824 F.3d 399, 406 (3d Cir. 2016) ("[T]he District Court has the inherent power to reconsider prior interlocutory orders."). *Cf.* D. Del. L. R. 7.1.5 (permitting re-argument of prior orders). In support of their motion, the Venezuela Parties state as follows:

---

[1] As explained in the Venezuela Parties' accompanying Local Rule 7.1.1 Statement, ConocoPhillips supports this motion. The Special Master takes no position on the motion, and Crystallex does not object to the motion.

1.      In their letter to the Court, the Venezuela Parties requested that the Court seal the details of the sale procedures that appeared throughout the Special Master's Proposed Order and Report. In the alternative, they asked that certain limited non-public Highly Confidential financial information in the Special Master's Report and accompanying Hiltz Declaration regarding CITGO's funded debt amounts and financial projections (which was supplied to the Special Master at his request) be redacted. D.I. 313 at 1 n.1. That information was designated as Highly Confidential pursuant to this Court's Confidentiality Order. D.I. 291 ¶¶ 2–5.

2.      Respectfully, although the Court specifically addressed the first issue and ruled that the details of the proposed sale procedures should be unsealed, D.I. 337 at 6–7, it appears that the Court may have overlooked the latter request, which was not separately addressed in the Court's opinion. *See Lupia v. Medicredit, Inc.*, --- F.4th ---, 2021 WL 3627103, at *11 (10th Cir. Aug. 17, 2021) (explaining that "a motion for reconsideration is appropriate where the court has misapprehended . . . a party's position" (quotation marks omitted)).[2]

3.      It is appropriate to seal information that would cause "competitive injury" if disclosed, such as "commercial intelligence," internal assessments of a company's business, and market analyses. D.I. 313 at 3 ("August 20 Motion") (citing *Joint Stock Soc'y v. UDV N. Am., Inc.*, 104 F. Supp. 2d 390, 403 (D. Del. 2000); *Genentech, Inc. v. Amgen, Inc.*, Civ. No. 17-1407-CFC & 18-924-CFC, 2020 WL 9432700, at *4 (D. Del. Sept. 2, 2020)).

4.      In its July 6, 2021 Confidentiality Order, this Court anticipated that filings in this proceeding may contain this type of competitive information, which should be redacted prior to public disclosure. D.I. 291 ¶¶ 8–9; *see also id.* ¶ 9 (stating that "[t]here is good cause to provide

---

[2] For the avoidance of doubt, the limited nature of this motion for reconsideration is without prejudice to the Venezuela Parties' rights to appeal the denial of their motion to seal in its entirety.

confidential treatment" to information designated as Confidential or Highly Confidential and that "any public interest in disclosure of such documents or information is outweighed by the harm such disclosure would cause").

5.    As the Venezuela Parties noted in their August 20, 2021 motion to seal ("August 20 Motion"), the Special Master's Report contains non-public financial information and forward-looking market analyses based on CITGO's proprietary methods and data provided to the Special Master by CITGO that could harm CITGO's business if disclosed. D.I. 313 at 1 n.1, 4. Specifically:

- The amounts of CITGO's outstanding funded debt listed in Paragraph 64 of the Explanatory Report;
- Paragraph 65 and accompanying footnotes of the Explanatory Report and paragraph 14 of the Hiltz Declaration, which list the outstanding amounts of CITGO's funded debt;
- The numbers contained in paragraph 69 of the Explanatory Report and paragraph 19 of the Hiltz Declaration, which were calculated based on CITGO's outstanding funded debt;
- The final sentence of paragraph 75 of the Explanatory Report and paragraph 28 of the Hiltz Declaration, which list CITGO's projected 2021 adjusted EBITDA; and
- Paragraph 76 of the Explanatory Report and paragraph 28 of the Hiltz Declaration, which contain projections derived from CITGO's highly confidential internal business analyses.

6.    The material contained in these provisions clearly meets the definition of Highly Confidential Information set forth in the Court's July 2021 Confidentiality Order: *i.e.,* "non-public, confidential, propriety, [and] commercially sensitive information" that is "substantially likely to cause injury" to CITGO. D.I. 291 ¶ 2. This information could be used by CITGO's competitors and other counterparties to gain improper insight into CITGO's finances, its future plans, and assessments of the marketplace. Additionally, no party, intervenor, or non-party has challenged the redaction of this competitive information, which is not central to any issue or dispute in this

case. Maintaining this information under seal will not prevent the delivery of "a clear and consistent message to possible bidders," D.I. 337 at 5, who will have access to CITGO's financial information as part of the due diligence process after signing an appropriate confidentiality agreement.

7.  In addition, the Venezuela Parties respectfully request the Court stay the unsealing of the Special Master's Proposed Order and Report for five days following the resolution of this motion. If the Special Master's Proposed Order and Report were unsealed while this motion is pending, this motion, as well as any subsequent appeal, would effectively be rendered moot.

## CONCLUSION

For the foregoing reasons, the Venezuela Parties request that the Court reconsider its September 8, 2021 decision denying their motion to seal to the limited extent that it grants their motion to maintain the above-listed material under seal.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:

Nathan P. Eimer
Lisa S. Meyer
Daniel D. Birk
Gregory M. Schweizer
EIMER STAHL LLP
224 South Michigan Avenue
Suite 1100
Chicago, IL 60604
(312) 660-7600
NEimer@eimerstahl.com
LMeyer@eimerstahl.com
DBirk@eimerstahl.com
GSchweizer@eimerstahl.com

*/s/ Kenneth J. Nachbar*
Kenneth J. Nachbar (#2067)
Alexandra M. Cumings (#6146)
1201 North Market Street
Wilmington, DE 19801
(302) 658-9200
KNachbar@mnat.com
ACumings@mnat.com

*Attorneys for PDV Holding, Inc., and CITGO Petroleum Corporation*

4

|  | HEYMAN ENERIO GATTUSO & HIRZEL LLP |
|---|---|
| OF COUNSEL:<br><br>Joseph D. Pizzurro<br>Julia B. Mosse<br>Kevin A. Meehan<br>Juan O. Perla<br>CURTIS, MALLET-PREVOST,<br>COLT & MOSLE LLP<br>101 Park Avenue<br>New York, NY 10178<br>(212) 696-6000<br>jpizzurro@curtis.com<br>jmosse@curtis.com<br>kmeehan@curtis.com<br>jperla@curtis.com | */s/ Samuel Taylor Hirzel II*<br>Samuel Taylor Hirzel, II (#4415)<br>300 Delaware Avenue, Suite 200<br>Wilmington, DE 19801<br>(302) 472-7300<br>shirzel@hegh.law<br><br>*Attorney for Petróleos de Venezuela, S.A.* |
|  | ABRAMS & BAYLISS LLP |
| OF COUNSEL:<br><br>Donald B. Verrilli, Jr.<br>Elaine J. Goldenberg<br>Ginger D. Anders<br>Brendan B. Gants<br>Jacobus P. van der Ven<br>Munger, Tolles & Olson LLP<br>601 Massachusetts Avenue NW<br>Suite 500 E<br>Washington, D.C. 20001<br>(202) 220-1100<br>Donald.Verrilli@mto.com<br><br>George M. Garvey<br>Munger, Tolles & Olson LLP<br>350 South Grand Avenue, 50th Floor<br>Los Angeles, CA 90071<br>(213) 683-9100<br>George.Garvey@mto.com | */s/ Stephen C. Childs*<br>A. Thompson Bayliss (#4379)<br>Stephen C. Childs (#6711)<br>20 Montchanin Road, Suite 200<br>Wilmington, DE 19807<br>(302) 778-1000<br>bayliss@abramsbayliss.com<br>childs@abramsbayliss.com<br><br>*Attorneys for Bolivarian Republic of Venezuela* |

5