# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
(302) 658-9200
(302) 658-3989 FAX

**Kenneth J. Nachbar**
(302) 351-9294
(302) 425-3013 FAX
KNachbar@morrisnichols.com

October 15, 2021

**VIA ELECTRONIC FILING**

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, Delaware 19801

Re: *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela, et al.*, C.A. No. 17-mc-151-LPS

Dear Judge Stark:

  CITGO Petroleum Corporation ("CITGO") and PDV Holding, Inc. ("PDVH") write to express their objection to the Special Master and his Advisors' September 2021 fees, D.I. 353, which are further in excess of the $2 million cap agreed to by CITGO and PDVH and initially set by the Court in its May 27, 2021 Order, D.I. 277 ¶ 15, and the expansions of the cap ordered by this Court on September 8, 2021, D.I. 337 at 2, and October 14, 2021, D.I. 378. The Special Master's September 2021 fees bring the total sum of the fees nearly $700,000 over the agreed-to limit. CITGO and PDVH reiterate the Venezuela Parties' prior objection that the Special Master and his Advisors have not provided sufficient justification for exceeding the cap and/or explained what efforts they undertook or are undertaking—whether with regard to staffing or hourly rates—to adhere to the cap. *See* D.I. 327 at 3; D.I. 371 at 1.

  In fact, the Special Master's recent filings requesting approval of his September 2021 fees make <u>no reference</u> to the fee cap. D.I. 377; D.I. 377.2. CITGO and PDVH note, however, that, in further lifting the $2 million cap to cover the entirety of the Special Master's August fees, the Court rejected the Special Master's previous position that the fee cap expired on August 9, 2021. D.I. 369 at 2-3 (Special Master arguing the fee cap expired upon submission of the proposed sale procedures order); D.I. 369.2 (Special Master's proposed fee-approval order bifurcating August fees into pre-cap and post-cap categories); D.I. 378 (Court approving Special Master's August fees and ordering "the fee cap…increased accordingly"). As more fully explained in CITGO and PDVH's September 22, 2021 letter, D.I. 371 at 1-2, the May Order is currently the only Rule 53-authorized mechanism by which the Special Master and his Advisors can be paid, and its $2 million cap for "the fees and expenses [incurred]…in connection with submitting to the Court the Proposed Sales Procedures Order," D.I. 277 ¶ 6, is still applicable. Indeed, many of the fees incurred in September related to revising the proposed order and—as with the Special Master's August fees—responding to the Sale Process Parties' objections to the first proposed order, as expressly contemplated by the May Order. D.I. 277 ¶ 6; *accord* D.I. 371 at 1. Accordingly, *any* further payment to the Special Master and his Advisors requires another increase in the fee cap established in the May Order, to which CITGO and PDVH object.

At this time, CITGO and PDVH do not request further briefing but reserve all rights regarding the fees—including regarding the propriety of paying Evercore in light of the conflict of interest its fee arrangement poses, as explained in the Venezuela Parties' August 25 objections brief, D.I. 354 at 16-18; *accord* D.I. 355 at 25 n.23.  CITGO and PDVH appreciate the Court's attention to this matter and understand that this filing requires expenditure of the Court's resources.  CITGO and PDVH respectfully believe it is important to make their position clear regarding each of the Special Master's fee submissions.

        Respectfully submitted,

        */s/ Kenneth J. Nachbar*

        Kenneth J. Nachbar (#2067)

cc: All Counsel of Record (Via E-Filing)