# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

-------------------------------------------------------------------------------------------------------------

CRYSTALLEX INTERNATIONAL                  :
CORPORATION,                              :
                                          :
        **Plaintiff,**                :
                                          :
     **v.**                           :    Misc. No. 17-151-LPS
                                          :
BOLIVARIAN REPUBLIC                       :
OF VENEZUELA,                             :
                                          :
        **Defendant.**               :

-------------------------------------------------------------------------------------------------------------

**PROPOSED CONSENT ORDER REGARDING**
**DISCLOSURE BY ROSNEFT TRADING S.A. AND**
**PETRÓLEOS DE VENEZUELA, S.A REGARDING CITGO HOLDING PLEDGE**

WHEREAS, on August 9, 2021, the Special Master filed the *Proposed Order (A) Establishing Sale and Bidding Procedures, (B) Approving Special Master's Report and Recommendation Regarding Proposed Sale Procedures Order, (C) Affirming Retention of Evercore as Investment Banker by Special Master and (D) Regarding Related Matters* (D.I. 302) (as revised on September 10, 2021 by the *Response of Special Master to Objections to Proposed Sale Procedures Order* (D.I. 341-1) (the "**Proposed Sale Procedures Order**")) and the *Special Master's Report and Recommendation Regarding Proposed Sale Procedures Order* (D.I. 303) (the "**Report**");

WHEREAS, the Proposed Sale Procedures Order sets forth, *inter alia,* certain proposed requirements (the basis for which is explained in the Report) for Rosneft Trading S.A. (together with any successor in interest, "**RTSA**") and Intervenor Petróleos de Venezuela, S.A. ("**PDVSA**") regarding the disclosure to the Special Master, on a non-confidential basis, the amount of any outstanding balance of obligations, if any, purported to still be secured by a pledge of the equity

of CITGO Holding, Inc. ("**CITGO Holding**") as well as copies of any documents evidencing any obligations (or assignment of such obligations) whether now or previously owed (the "**Required Disclosures**");

WHEREAS, the Special Master has met and conferred with each of Plaintiff Crystallex International Corp. ("**Crystallex**"), Defendant Bolivarian Republic of Venezuela (the "**Republic**"), PDVSA, Garnishee PDV Holding, Inc. ("**PDVH**"), Intervenor CITGO Petroleum Corp. ("**CITGO Petroleum**," and together with the Republic, PDVSA, and PDVH, the "**Venezuela Parties**"), and non-parties Phillips Petroleum Company Venezuela Limited and ConocoPhillips Petrozuata B.V. (together, **ConocoPhillips**," and collectively with Crystallex and the Venezuela Parties, the "**Sale Process Parties**") regarding the Required Disclosures;

WHEREAS, each of the Sale Process Parties has agreed to this Court's entry of this Order prior to the Court's entry of the Proposed Sale Procedures Order;

**NOW, THEREFORE, IT IS HEREBY DECREED AND ORDERED:**

1.     On August 31, 2018, RTSA submitted to this Court's jurisdiction by filing *Rosneft Trading S.A.'s Motion to Intervene* (D.I. 100), which the Court granted on December 12, 2019 (D.I. 154).

2.     By no later than twenty-one calendar days following entry of this Order and service of this Order by the Special Master on counsel of record for both RTSA and PDVSA, each of RTSA and PDVSA shall each deliver to the Special Master a separate statement (each statement, a "**Disclosure Statement**") on a non-confidential basis (copies of which the Special Master shall share with the Sale Process Parties) indicating the amount of any outstanding balance of obligations, if any, purported to still be secured by a pledge of the equity of CITGO Holding (each, a "**CITGO Holding Pledge**") as well as copies of any documents evidencing any

2

obligations whether now or previously owed.  In addition to the foregoing, each Disclosure Statement shall state, at a minimum:

- whether the disclosing party or any of its affiliates has entered into any (a) export agreement that has not expired or otherwise been terminated (or may not be expired or may not yet have been terminated) and is secured by a CITGO Holding Pledge, including any amendments, modifications, or other changes (each, an "**Export Agreement**"), (b) any loan, prepayment agreement, guarantee agreement, other agreements related to obligations owed under an Export Agreement or any other type of agreement that has outstanding obligations (or may have obligations in the future) purported to be secured by a CITGO Holding Pledge, or (c) any other document or agreement that has outstanding obligations (or may have obligations in the future) purported to be secured by a pledge of shares or other equity interests in CITGO Holding in favor of RTSA, its successor in interest, or any assignee (collectively, the documents in (a), (b), and (c), the "**RTSA Documents**");

- if the RTSA Documents have, are purported to have, or purport to have outstanding obligations (or may have obligations in the future) that remain secured by a pledge on the shares or other equity interests of CITGO Holding, any information in RTSA's, PDVSA's or any of their affiliates' possession, as applicable, regarding the date under which such obligations will be complete or are anticipated to be complete and any facts relevant to determining the date that such obligations will be complete;

- any information in RTSA's, PDVSA's or any of their affiliates' possession, as applicable, regarding the specific and precise physical location of any shares or interests of CITGO Holding pledged in favor of RTSA, its successor, or any assignee or any other facts relevant for determining the physical location of such shares or interests, the custodian of such shares or interests, and the identity of any party with the power or right (whether or not contingent on any

act, event, or authorization) to direct the sale, transfer, assignment, or return of such shares or interests;

- if RTSA purports to have transferred or assigned any obligations secured by any pledge on the equity of CITGO Holding, RTSA shall identify the party to whom such obligations were transferred or assigned, submit any documentation evidencing such transfer (and any OFAC license obtained in connection with such transfer or assignment), use all reasonable efforts to detail what amounts were outstanding at the time of such transfer or assignment and the current amount of the outstanding balance of the transferred or assigned obligations, if any;

- whether RTSA or any of its affiliates purports to have also transferred or assigned an interest of any kind in a CITGO Holding Pledge (and, if so, to whom), as well as copies of any documents evidencing such transfer or assignment (and any OFAC license obtained in connection with such transfer or assignment);

- whether RTSA or any of its affiliates claims or is aware of a claim that any obligations secured by a CITGO Holding Pledge are currently in default and the basis for and circumstances surrounding such a claim or awareness;

- whether RTSA or any of its affiliates continues to claim an interest of any kind in a CITGO Holding Pledge;

- whether RTSA or the person with the power or right to direct the transfer of any shares or interests of CITGO Holding pledged in favor of RTSA, its successor, or any assignee, is prepared to release, or authorize or direct the release, of those shares or interests to PDVH upon issuance of authorization from OFAC; and

- any other information reasonably pertinent to the Court's inquiry regarding the RTSA Documents as to which RTSA, PDVSA, or their affiliates have or should have knowledge.

3.      In connection with each Disclosure Statement, the disclosing party shall deliver copies by email to the Special Master of any agreements, amendments, and available support for any assertions or disclosures made.  RTSA and PDVSA shall cooperate with and otherwise comply with any reasonable follow-up questions by the Special Master or his Advisors (as defined in the Report).

4.      If RTSA or PDVSA fail to respond or otherwise provide sufficient documentation of any alleged obligations, the Special Master shall file a report and recommendation with the Court that includes a proposed order to be issued by the Court in response to the failure of either RTSA or PDVSA to comply with this Order, which may include, with respect to RTSA, a permanent injunction enjoining RTSA and any entity or person directly or indirectly controlled by RTSA or acting in concert with RTSA from enforcing any pledge or claim against the equity of CITGO Holding or such other relief that may be appropriate.  If either RTSA or PDVSA demonstrate to the Special Master that it is acting in good faith and working to provide the requested information within a reasonable period of time, the Special Master may, in his sole discretion, extend the twenty-one calendar day deadline to submit the Disclosure Statement and copies of related documents; *provided* that the Special Master is not obligated to grant such an extension.

5.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6.      In addition to and without limiting any of the provisions set forth herein, the Special Master is authorized to take all reasonable steps necessary or appropriate to carry out this Order.

7.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.


Dated:  _____, 2021
        Wilmington, Delaware


        _____
        HONORABLE LEONARD P. STARK
        UNITED STATES DISTRICT JUDGE