IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION,<br><br>        Plaintiff,<br><br>   v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>        Defendant. | C.A. No. 17-151-LPS |

**CRYSTALLEX INTERNATIONAL CORPORATION'S OPPOSITION TO ADELSO ADRIANZA'S MOTION TO INTERVENE AND FOR AN ORDER REQUIRING AN INDEPENDENT DETERMINATION OF THE AMOUNT THAT NEEDS TO BE COLLECTED TO SATISFY CRYSTALLEX'S JUDGMENT**

OF COUNSEL:

Robert L. Weigel
Jason W. Myatt
Rahim Moloo
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Tel: (212) 351-4000
Fax: (212) 351-4035

Miguel A. Estrada
Lucas C. Townsend
Adam M. Smith
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 955-8500
Fax: (202) 467-0539

Dated: December 1, 2021

Raymond J. DiCamillo (#3188)
Jeffrey L. Moyer (#3309)
Travis S. Hunter (#5350)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware  19801
Tel:  (302) 651-7700
Fax:  (302) 651-7701

*Attorneys for Plaintiff*

1

**TABLE OF CONTENTS**

Page

**CONTENTS**

NATURE AND STAGE OF THE PROCEEDINGS ................................................................... 1

SUMMARY OF ARGUMENT ........................................................................................................ 5

ARGUMENT ....................................................................................................................................... 6

    I.    Mr. Adrianza's Demands Are Duplicative of His Pending Requests Before the Delaware Bankruptcy Court ............................................................................. 6

    II.    Mr. Adrianza Is Not Entitled to Intervene as of Right ........................................... 7

        A.    Mr. Adrianza Has Not Demonstrated a Protectable Interest in the Litigation ........................................................................................................... 8

        B.    Mr. Adrianza Has Not Demonstrated That Any Protectable Interest Would Be Affected or Impaired by This Litigation ................................. 10

        C.    Mr. Adrianza's Interests Are Adequately Represented by Crystallex ................................................................................................... 10

        D.    Mr. Adrianza's Motion to Intervene Is Untimely ................................... 12

    III.    In Any Event, There Is No Merit to Mr. Adrianza's Request for an Independent Determination of the Amount That Needs to Be Collected ............ 14

CONCLUSION .................................................................................................................................. 14

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Anthony v. Indep. Ins. Advisors, Inc.*,
   2012 WL 1313413 (V.I. Apr. 2, 2012) ..........................................................................8, 12, 13

*In re Cedant Corp. Sec. Litig.*,
   109 F. Supp. 2d 273 (D.N.J. 2000), *aff'd* 264 F.3d 286 (3d Cir. 2001)....................................9

*In re Fine Paper Antitrust Litig.*,
   695 F.2d 494 (3d Cir. 1982)....................................................................................................13

*Harris v. Pernsley*,
   820 F.2d 592 (3d Cir. 1987)......................................................................................................8

*In re Johnson & Johnson Derivative Litig.*,
   900 F. Supp. 2d 467 (D.N.J. 2012) ...................................................................................11, 12

*Kusner v. First Penn. Corp.*,
   74 F.R.D. 606 (E.D. Pa. 1977), *aff'd*, 577 F.2d 726 (3d Cir. 1978) ....................................9, 10

*Liberty Mut. Ins. Co. v. Pac. Indem. Co.*,
   76 F.R.D. 656 (W.D. Pa. 1977) .................................................................................................8

*Matter of Liquidation of Indemnity Ins. Corp., RRG*,
   2018 WL 6431747 (Del. Ch. Dec. 6, 2018)..............................................................................10

*Moosehead Sanitary Dist. v. S. G. Phillips Corp.*,
   610 F.2d 49 (1st Cir. 1979).....................................................................................................12

*Mountain Top Condominium Assoc. v. Dave Stabbert Master Builder, Inc.*,
   72 F.3d 361 (3d Cir. 1995)........................................................................................................9

*In re Safeguard Scis.*,
   220 F.R.D. 43 (E.D. Pa. 2004)................................................................................................11

*In re Stone & Webster, Inc.*
   335 Fed. Appx. 202 (3d Cir. 2009)...........................................................................................9

*United States v. Alcan Aluminum, Inc.*,
   25 F.3d 1174 (3d Cir. 1994)....................................................................................................14

*United States v. Territory of Virgin Islands*,
   748 F.3d 514 (3d Cir. 2014)......................................................................................................8

## Statutes

11 U.S.C. § 362................................................................................................................................7

28 U.S.C. § 1961(a) ............................................................................................................................14

**Rules**

Fed. R. Civ. P. 24(b)(3)........................................................................................................................8

Plaintiff and Judgment Creditor Crystallex International Corporation ("Crystallex") respectfully submits this Opposition to the *pro se* motion to intervene and for an order requiring an independent determination of the amount that needs to be collected to satisfy Crystallex's judgment (the "Motion") filed by non-party Adelso Adrianza ("Mr. Adrianza").

## NATURE AND STAGE OF THE PROCEEDINGS

The pending Motion is the latest in a never-ending effort by Mr. Adrianza, one of Crystallex's shareholders, to air meritless allegations regarding Crystallex's corporate governance that are irrelevant to the issues in dispute between Crystallex and Venezuela in at least three different courts in two separate countries. But no amount of repetition can save Mr. Adrianza's claims, which all turn on the illogical notion that Crystallex is not acting to maximize its recovery on the judgment that is at the core of this multi-year action before this Court. Even a casual glance at the docket in this case puts the lie to Mr. Adrianza's assertions.

According to Mr. Adrianza, he is a "Crystallex shareholder that has followed the company through its boom and bust periods" over several years. D.I. 193 at 1. And over those several years, Mr. Adrianza has repeatedly made clear, including in letters to this Court and in filings before the Canadian and U.S. Bankruptcy Courts,[1] that he disagrees with the corporate governance and asset distribution procedures approved by the Canadian Court responsible for overseeing Crystallex's estate as it seeks to recover the full value of its arbitral award against Venezuela—Crystallex's sole remaining asset. *See, e.g.*, D.I. 134 (Mr. Adrianza describing his allegations against the

---

[1] Respectively, the proceedings under Canada's Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36, as amended (the "CCAA"), pending before the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court") (the "Canadian CCAA Proceedings") and *In re Crystallex International Corp.*, 11-bk-14074 (LSS) (the "Delaware Bankruptcy Proceedings") before the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court").

Crystallex board of directors and his numerous filings before the Canadian Court and Delaware Bankruptcy Court regarding the same); D.I. 176 (same); D.I. 217 (same); D.I. 233 (same); D.I. 279 (same); D.I. 368 (same). *See also* D.I. 193 (suggesting, without analysis, alternative means by which he believes Crystallex could satisfy its judgment). The current Motion is no different.

In the main, Mr. Adrianza complains (erroneously) that, notwithstanding the presence of Ernst & Young as the Canadian Court-appointed monitor (the "Monitor") tasked with regular review and reporting of Crystallex's actions to that court, he has been harmed by the alleged self-interest of Crystallex's board of directors and the debtor-in-possession ("DIP") lender who provided the financing that permitted Crystallex to pursue the arbitration and these enforcement efforts in the first place. *See* D.I. 404, ¶ 3 (alleging harm as the result of "Fraudulent Transfer of Tax Benefits," "Misappropriation, Misuse and Waste of Estate Property," "Illegal Post-petition Interest Payment on Unsecured Debt," "Breach of The Loyalty and Care Duties by a Self-interested BOD [board of directors]," "Fraudulent Misrepresentations," and "Distributing the Estate's property using the Mechanics of Distribution (MOD), which is in essence a structured dismissal that is not permissible under precedential U.S. case law").

However misguided, Mr. Adrianza's criticisms of Crystallex and others bear no relation to the action before this Court between Crystallex and Venezuela regarding the enforcement of Crystallex's judgment. This may explain why, despite venting his complaints in *ad hoc* letters to this Court, *see, e.g.*, D.I. 134, 176, 193, 217, 233, and 279, and despite his clear familiarity with these proceedings, Mr. Adrianza has never sought to intervene in the more than four years that Crystallex has sought to confirm and enforce its judgment in the United States.

Recently, however, Mr. Adrianza appears to have decided to change tack. In July of this year, Mr. Adrianza expanded his *pro se* efforts by filing in the Delaware Bankruptcy Court a

"motion for an order directing the appointment of an examiner and independent counsel for the shareholders" of Crystallex. *See* Delaware Bankruptcy Proceedings, D.I. 328 (Bankr. D. Del. Jul. 26, 2021). Among other (highly contested) allegations, Mr. Adrianza asserted that Crystallex has failed to maximize recovery for the estate by: (*i*) failing to monetize its mining data, *see id*. ¶¶ 34–35; (*ii*) incorrectly calculating post-Award interest, *see id.* ¶¶ 39–40; and (*iii*) entering into settlement agreements that do not accord with Mr. Adrianza's perception of Crystallex's optimal enforcement strategy, *see id.* ¶¶ 43–46. On the basis of these and other nonsensical allegations that Crystallex is somehow trying to minimize its recovery from Venezuela, Mr. Adrianza asked the Delaware Bankruptcy Court to disregard the Canadian Court's appointment of an independent Monitor and appoint an independent examiner to investigate Crystallex's litigation strategies. *See id.* ¶ 8 (alleging that Crystallex has not sought the "[p]rotection and maximization of [its] assets"). Mr. Adrianza also asked the Delaware Bankruptcy Court to provide him with independent legal counsel, noting that he was not capable of representing his own interests, the interests of the corporation, or the interests of Crystallex's shareholders on his own. *See id*. ¶¶ 3–4, 13.

Crystallex has contested Mr. Adrianza's allegations in the Delaware Bankruptcy Proceedings, and has done so in the strongest possible terms. *See generally*, Delaware Bankruptcy Proceedings, D.I. 339 (Bankr. D. Del. Aug. 13, 2021). Specifically, Crystallex explained that there was no basis for Mr. Adrianza's requests, which are fundamentally at odds with the principle of international comity underlying Chapter 15 proceedings and plainly seek a second bite at the apple to assert allegations that have already failed to convince, *inter alia*, Crystallex and the Canadian Court. *See id.* ¶¶ 1–4. Crystallex also explained that Mr. Adrianza's requests for an independent examiner were unnecessary in light of the Monitor—a statutory appointee and officer of the Canadian Court—put in place to oversee Crystallex's affairs. *Id.* ¶ 7. As Crystallex further

explained, the Monitor is "charged with many of the same duties any examiner appointed [in the Delaware Bankruptcy Proceedings] would presumably undertake (among others)."[2]  *Id.* ¶ 4.

Now, through the instant Motion, Mr. Adrianza yet again raises the same allegations presented to the Delaware Bankruptcy Court earlier this year and seeks materially identical relief—*i.e.*, an independent review of Crystallex's enforcement efforts.  *See* D.I. 404 at 1.  Indeed, after filing the Motion with this Court, Mr. Adrianza wrote to the Delaware Bankruptcy Court to inform Judge Silverstein that Mr. Adrianza had "ask[ed] the District Court for relief seeking to ensure that the property of the Company's Estate is protected and maximized **in accordance with the Bankruptcy Code**."  *See* Delaware Bankruptcy Proceedings, D.I. 361 (Bankr. D. Del. Nov. 22, 2021) (emphasis added).  But the proceedings before this Court are not the place for Mr. Adrianza to air his perceived grievances with Crystallex's various insolvency proceedings.

Following years of protracted litigation in which Crystallex has been successful at every material turn—including defeating appeals to the D.C. Circuit, the Third Circuit, and a petition for certiorari to the Supreme Court—this Court, the Special Master, and the parties are now working towards the commencement of a sales process to satisfy Crystallex's outstanding judgment.  *See, e.g.*, D.I. 234 at 34 (ordering that a special master would be appointed to "oversee the day-to-day and detailed implementation of the sales procedures").  The sale of the attached PDVH Shares is likely to fully satisfy Crystallex's judgment, and thus end Venezuela's years'-long affront to the United States judicial system.  Mr. Adrianza should not be permitted to frustrate that process to the detriment of Crystallex, its creditors, and its shareholders (including Mr. Adrianza himself).

---

[2]  Crystallex commenced the Canadian CCAA Proceedings on December 23, 2011, and on January 20, 2012, the Delaware Bankruptcy court entered an order recognizing the Canadian proceeding as a "foreign main proceeding" under 11 U.S.C. § 1517.  Delaware Bankruptcy Proceedings, D.I. 339 (Bankr. D. Del. Aug. 13, 2021) at 3–4.

## SUMMARY OF ARGUMENT

1.  Mr. Adrianza's Motion should be dismissed because his allegations are duplicative of allegations aired in countless letters to courts in three countries for years, and most recently lodged in the Delaware Bankruptcy Proceedings (in which Mr. Adrianza seeks relief that has already been denied in the Canadian CCAA Proceedings).

2.  Mr. Adrianza is not entitled to intervene as of right. Mr. Adrianza's arguments relate primarily to the Canadian Court-approved corporate governance of Crystallex and the Canadian Court-approved plan for distributing Crystallex's assets to its creditors and other stakeholders. These concerns, which in any event are meritless, are irrelevant to this litigation. Thus, Mr. Adrianza fails to show that he has a sufficient interest in this litigation, much less that any purported interest in this action would be affected or impaired absent his intervention. In an attempt to create a potentially viable dispute, Mr. Adrianza frames his complaints as an effort to maximize Crystallex's recovery. But there can be no question that Mr. Adrianza's interests and Crystallex's interests are aligned in this regard, further dooming Mr. Adrianza's Motion to intervene. Finally, to the extent Mr. Adrianza quibbles with the math used to calculate Crystallex's judgment, his Motion is untimely—Crystallex has made clear on numerous occasions the amount of its judgment that remains outstanding, and Mr. Adrianza provides no excuse for his substantial delay in raising his allegations (which are in any event unfounded, as discussed in Section III).

3.  In addition to the fact that he has no right to intervene, Mr. Adrianza's Motion rests on plainly incorrect allegations. To wit, Mr. Adrianza's challenges to the calculation of Crystallex's judgment—the only issue raised in the Motion that is arguably relevant to this dispute—rest entirely on Mr. Adrianza's misunderstanding of the law regarding the application of post-judgment (as opposed to post-arbitral award) interest, and the requirement that Crystallex

5

credit Venezuela for the payments it has made to partly satisfy Crystallex's judgment in connection with prior settlement agreements that Venezuela subsequently breached.

## ARGUMENT

### I. Mr. Adrianza's Demands Are Duplicative of His Pending Requests Before the Delaware Bankruptcy Court

Mr. Adrianza's Motion should be rejected because it seeks intervention in order to obtain relief that is duplicative of his pending request to appoint an examiner in Crystallex's ongoing bankruptcy proceedings. The allegations in the Motion are materially identical to those Mr. Adrianza has advanced in the Delaware Bankruptcy Proceedings—before the only U.S. court that has authority to consider claims affecting Crystallex's bankruptcy estate. For example, in both the Delaware Bankruptcy Proceedings and the instant Motion, Mr. Adrianza accuses Crystallex of (*i*) failing to monetize its mining data and thus failing to maximize recoveries for the estate, *compare* Delaware Bankruptcy Proceedings, D.I. 328 (Bankr. D. Del. July 26, 2021), ¶¶ 34–35 *with* D.I. 404, ¶ 13; (*ii*) incorrectly calculating post-Award interest owed to Crystallex, *compare* Delaware Bankruptcy Proceedings, D.I. 328, ¶¶ 39–40 *with* D.I. 404, ¶ 11; and (*iii*) entering into settlement agreements that Mr. Adrianza believes to be contrary to Crystallex's strategic interests, *compare* Delaware Bankruptcy Proceedings, D.I. 328, ¶¶ 43–46 *with* D.I. 404, ¶ 12.

Mr. Adrianza also seeks virtually identical relief from both this Court and the Delaware Bankruptcy Court. In the Delaware Bankruptcy Proceedings, Mr. Adrianza seeks the appointment of an independent examiner to investigate Crystallex's efforts to enforce its judgment, including the calculation of the outstanding balance on Crystallex's judgment. *See* Delaware Bankruptcy Proceedings, D.I. 328 (Bankr. D. Del. July 26, 2021), ¶¶ 1, 8. Here, Mr. Adrianza asks the Court to order an independent investigation of Crystallex's enforcement efforts, including a review of the calculation of the outstanding balance of Crystallex's judgment. *See* D.I. 404, p. 1.

There can be no doubt that Mr. Adrianza's Motion is duplicative of his recent filings in the Delaware Bankruptcy Proceedings. Mr. Adrianza did not even change the caption used on his Motion (which references the Delaware Bankruptcy Proceedings despite having been filed in this Court), nor did Mr. Adrianza amend his allegation that "[t]his matter is a core proceeding pursuant to 28 U.S.C. § 157(b)." *See* D.I. 404 at 1 (caption); ¶ 18. While it can sometimes be appropriate to grant *pro se* litigants leeway for errant citations, Mr. Adrianza's apparent reuse of his filings before the Delaware Bankruptcy Court is telling, and should resolve any doubt as to the fact that Mr. Adrianza's Motion is merely a gambit to obtain from this Court relief Mr. Adrianza is already seeking in the Delaware Bankruptcy Proceedings.[3]

Thus, Mr. Adrianza's Motion should be denied as duplicative of his pending motion before the Delaware Bankruptcy Court.

## II. Mr. Adrianza Is Not Entitled to Intervene as of Right

In the Third Circuit, a nonparty-applicant seeking to intervene as of right must demonstrate: (1) "a sufficient interest in the litigation;" (2) that "may be affected or impaired, as a practical matter by the disposition of the action;" (3) that "is not adequately represented by an existing

---

[3] Indeed, as discussed above, Mr. Adrianza wrote to Judge Silverstein, who oversees the Delaware Bankruptcy Proceedings, to inform her that Mr. Adrianza had "ask[ed] the District Court for relief seeking to ensure that the property of the Company's Estate is protected and maximized **in accordance with the Bankruptcy Code**." *See* Delaware Bankruptcy Proceedings, D.I. 361 (Bankr. D. Del. Nov. 22, 2021) (emphasis added). In so doing, Mr. Adrianza effectively admitted that he sees his Motion as an act "to exercise control over property of the estate," 11 U.S.C. § 362, which, absent a lifting of the bankruptcy stay, is a request for relief in violation of the stay issued by the Delaware Bankruptcy Court. *See* Delaware Bankruptcy Proceedings, D.I. 44 (Bankr. D. Del. Jan. 20, 2012) ("[E]xcept as expressly provided otherwise in paragraphs 16 and 17 of the Initial Order, the automatic stay of section 362 of the Bankruptcy Code applies with respect to the Debtor and any of its property that is within the territorial jurisdiction of the United States."). In fact, Mr. Adrianza himself recognizes that Crystallex "and its property" are "under the protection of the U.S. Bankruptcy Code and the Delaware Bankruptcy Court." D.I. 404, ¶ 2.

party" and (4) that "the application for intervention is timely." *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987).[4]  "Although these requirements are intertwined, each must be met to intervene as of right," *id.*, and "the applicant bears the burden of persuading the court that each element is met." *Anthony v. Indep. Ins. Advisors, Inc.*, 2012 WL 1313413, at *4 (V.I. Apr. 2, 2012) (applying Third Circuit precedent).  None of these factors is met here.

### A. Mr. Adrianza Has Not Demonstrated a Protectable Interest in the Litigation

Mr. Adrianza does not explain what interest he has in this litigation that allows him to intervene as of right.  This is unsurprising, as Mr. Adrianza has no individual interests in this case.  Rather, Mr. Adrianza's interests are entirely derivative of Crystallex's ultimate recovery.  Tellingly, Mr. Adrianza's complaints are directed at challenging actions of Crystallex rather than those of Venezuela.  Indeed, were he allowed to intervene, Mr. Adrianza's appears intent on airing grievances regarding the Canadian Court's handling of the insolvency proceedings, not Venezuela's refusal to pay the amount owed under the judgment.  But this action is about Crystallex's right to enforce its judgment against Venezuela by attaching and selling the shares of PDVH, a right this Court and the Third Circuit have both confirmed.  Mr. Adrianza's purported

---

[4] Mr. Adrianza seeks only to intervene as of right, and does not seek permissive intervention.  In any event, the significant considerations weighing against intervention as of right also weigh against granting permissive intervention.  Initially, "a motion for permissive intervention under Rule 24(b) *must* have grounds in claims for relief which share *questions of fact or law in common with the main action*, and not in the coincidence of financial interests." *Liberty Mut. Ins. Co. v. Pac. Indem. Co.*, 76 F.R.D. 656, 660 (W.D. Pa. 1977) (emphases added).  The only claim Mr. Adrianza has raised is that the outstanding judgment amount is too low, and that he has a derivate interest in that judgment as a Crystallex shareholder—this is insufficient to grant permissive intervention.  *See id.* ("The mutual self-interest of the plaintiff and the prospective intervenor is not enough for intervention by permission.").  Additionally, the untimeliness of Mr. Adrianza's application would be dispositive in and of itself. *United States v. Territory of Virgin Islands*, 748 F.3d 514, 524 (3d Cir. 2014) ("In exercising its discretion, the [district court] must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.") (alteration in original) (quoting Fed. R. Civ. P. 24(b)(3)).

8

shareholder grievances are irrelevant to the considerations before this Court, and he thus has no interest that would be protected were he to be granted the right to intervene.

### 1. Mr. Adrianza's Status as a Shareholder Does Not Create a Protectable Interest in This Litigation

Third Circuit precedent is clear that Mr. Adrianza's Motion must fail. In the matter of *Cedant Corp. Sec. Litig.*, the court considered a motion to intervene filed by a shareholder objecting to a litigation settlement the issuing company sought to execute. *In re Cedant Corp. Sec. Litig.*, 109 F. Supp. 2d 273, 275–76 (D.N.J. 2000), *aff'd* 264 F.3d 286 (3d Cir. 2001). Citing Third Circuit precedent, the court held that permitting intervention:

> would sanction "the intervention of any stockholder in any suit in which the trust or corporation whose stock the stockholder owns is a party." . . . "The logical result of this would be that a corporation could not prosecute or settle any suit by or against it without obtaining the approval of every shareholder (and perhaps every holder of a debt instrument as well). Clearly the corporate entity was never intended to be so limited in its ability to make decisions and to act on them."

*Id.* at 277 (quoting *Kusner v. First Penn. Corp.*, 74 F.R.D. 606, 611 (E.D. Pa. 1977), *aff'd*, 577 F.2d 726 (3d Cir. 1978)); *see also*, *In re Stone & Webster, Inc.* 335 Fed. Appx. 202, 204 (3d Cir. 2009) ("[A] mere economic interest in the outcome of a litigation is insufficient to support a motion to intervene.") (quoting *Mountain Top Condominium Assoc. v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995)). Delaware courts have likewise held that "a stockholder with merely derivative interests will generally not satisfy the Rule 24(a) test." *Matter of Liquidation of Indemnity Ins. Corp., RRG*, 2018 WL 6431747, at *7 (Del. Ch. Dec. 6, 2018). Mr. Adrianza does not claim to have any *personal* interest in this litigation—the only interest he wishes to "protect" is *Crystallex's* interest in collecting the money it is already seeking to recover. But the law is clear that Mr. Adrianza's status as a shareholder confers no special right to second guess Crystallex's litigation strategy—which has been successful to date. Mr. Adrianza thus fails to identify a

protectable interest in this case and fails to satisfy the elements required to intervene as of right. *Kusner*, 74 F.R.D. at 611.

### 2. Mr. Adrianza's Arguments Regarding the Distribution of Estate Assets Are Irrelevant to This Proceeding

To the extent they can be discerned, Mr. Adrianza's concerns appear to relate to the corporate governance of Crystallex and the proper distribution of assets after Crystallex executes on its award. *See* D.I. 404, ¶¶ 13, 16. They are irrelevant to this litigation. The Canadian Court has approved mechanisms governing Crystallex's distribution of assets. The place to challenge those procedures is in the Canadian Court, not here. Simply put, Mr. Adrianza's arguments regarding the distribution of Crystallex's assets bear no relation to this litigation; they are irrelevant to any determinations to be made by the Court, the Special Master, or the parties regarding the appropriate method of conducting an execution sale in order to satisfy Crystallex's judgment.

### B. Mr. Adrianza Has Not Demonstrated That Any Protectable Interest Would Be Affected or Impaired by This Litigation

The sale of the attached PDVH Shares will not affect Mr. Adrianza's rights. "Whatever rights he had as a stockholder for redress of improper actions of officers and directors of the [company], he still has." *Kusner*, 74 F.R.D. at 611. Accordingly, Mr. Adrianza's motion to intervene should be denied because he cannot demonstrate an adequate interest in this litigation that would be impaired by this Court enforcing its judgment against Venezuela.

### C. Mr. Adrianza's Interests Are Adequately Represented by Crystallex

Mr. Adrianza's Motion should fail for the further reason that his interests are already represented by Crystallex, which shares Mr. Adrianza's goal of maximizing Crystallex's recovery. In order to prevail in showing that his interests are not adequately represented by Crystallex, Mr. Adrianza would need to show that: "(1) the interest of the applicant so diverges from those of the

10

representative party that the representative party cannot devote proper attention to the applicant's interest; (2) there is collusion between the existing parties; or (3) the representative party is not diligently prosecuting the suit." *In re Safeguard Scis.*, 220 F.R.D. 43, 48 (E.D. Pa. 2004). Mr. Adrianza has not attempted to demonstrate any of these factors here, nor can he.

Mr. Adrianza does not explain why Crystallex's interests allegedly diverge from the interests of its shareholders. Nor could he. It is commonly understood that "the objective of all shareholders" is "for the corporation to succeed, comply with governing laws, and be profitable." *In re Johnson & Johnson Derivative Litig.*, 900 F. Supp. 2d 467, 477 (D.N.J. 2012). This also appears to be Mr. Adrianza's interest. And it is Crystallex's goal too.[5] Crystallex's dogged pursuit of Venezuela's assets in this case and other actions—each time drawing imitations from other creditors of Venezuela—speaks for itself.[6] Indeed, even Mr. Adrianza recognizes that, while Venezuela's attempts to delay its comeuppance have been "unyielding," Crystallex has nevertheless prevailed in "every action . . . in the U.S. Courts all the way to the Supreme Court." D.I. 404, ¶ 17.

---

[5] There is no merit to the argument that Crystallex has "given up its right and responsibility to seek the recovery of the expenses forced upon it by the Republic." *See* D.I. 404, ¶ 14. First, Mr. Adrianza's citation to the principle of full reparation in the arbitration award, *see id.*, is inapposite. That principle has nothing to do with the recovery of post-award costs of enforcement. Second, Mr. Adrianza's reliance on Chancery Court rules regarding the award of costs incurred in the face of bad faith litigation is misplaced. This is not a Chancery Court action. In any event, whether and when Crystallex seeks recovery of costs of enforcement is not a question before the Court in connection with the sale of the PDVH Shares.

[6] To the extent Mr. Adrianza asserts that Crystallex is colluding with Venezuela, nothing could be further from the truth. Crystallex and Venezuela have been engaged in heated litigation for a decade, with Crystallex consistently prevailing over Venezuela's many objections. And allegations with respect to the terms of Crystallex's settlements with Venezuela are irrelevant. This is not an action to enforce those agreements. The only relevance of the settlement agreements is that Crystallex has applied Venezuela's initial payments against Venezuela's outstanding debt to Crystallex. This is not controversial—the payments must be given *some* value—and Mr. Adrianza provides no basis to use a valuation other than the valuation agreed between Crystallex and Venezuela at the time of transfer, which is what Crystallex has done.

11

In sum, the Motion fails to show any of the factors that might indicate the required tension between Crystallex's and Mr. Adrianza's interests. In circumstances like these, "[w]here the party seeking to intervene has the same ultimate goal as a party already in the suit, courts have applied a presumption of adequate representation." *Moosehead Sanitary Dist. v. S. G. Phillips Corp.*, 610 F.2d 49, 54 (1st Cir. 1979). Mr. Adrianza does not, and cannot, explain why Crystallex's objective is any different from his or any other shareholders'—to collect as much money on the judgment as possible. *See In re Johnson & Johnson*, 900 F. Supp. 2d at 477. For that reason, Mr. Adrianza cannot show that he is not adequately represented by Crystallex and the Motion should be denied.

        **D.**        **Mr. Adrianza's Motion to Intervene Is Untimely**

Three factors must be considered when analyzing the timeliness of a motion to intervene: "(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." *Anthony*, 2012 WL 1313413, at *5. None weighs in Mr. Adrianza's favor.

***First***, the Motion is untimely because there are no claims or defenses left for the Court to decide and it is therefore too late in the proceedings to intervene. *See In re Fine Paper Antitrust Litig.*, 695 F.2d 494, 500 (3d Cir. 1982) ("[A] motion to intervene after entry of a decree should be denied except in extraordinary circumstances.") (internal quotations omitted). "[C]ourts generally find intervention untimely" when sought after "the filing of dispositive motions" "unless there is a compelling reason for the delay in filing." *Anthony*, 2012 WL 1313413, at *6.

Here, Mr. Adrianza's Motion was filed years after all legal questions have been resolved and when the only remaining task is a procedural one—conducting a sale of the PDVH Shares. Mr. Adrianza was aware of all of these proceedings and even submitted *ad hoc* letters to this Court regarding Crystallex's enforcement efforts, *see* D.I. 134, 176, 193, 217, and 233, but never sought to intervene to protect his purported rights. Allowing Mr. Adrianza's proposed eleventh-hour

12

intervention would serve no purpose other than to create delay, which would actively harm Crystallex and its shareholders (including Mr. Adrianza), who have already waited years to collect on the judgment. *See* D.I. 234 at 33 (recognizing that further indefinite delay "cannot be justified given the decade and resources that Crystallex has already spent trying to collect on its judgment").

*Second*, allowing Mr. Adrianza to intervene at this late stage would prejudice Crystallex by further delaying the sale it has litigated for years to conduct. The sale process is already well under way and Mr. Adrianza's motion, if granted, could substantially delay the process by forcing the litigation of issues irrelevant to this proceeding and more appropriately litigated in other fora, as Mr. Adrianza's prior pleas to the Canadian Court and Delaware Bankruptcy Court make clear.

*Third*, despite challenging without any basis the calculation of Crystallex's judgment, Mr. Adrianza provides no legitimate excuse for filing the Motion now, nearly four years after the Judgment was registered with this Court. "To the extent the length of time an applicant waits before applying for intervention is a factor in determining timeliness, it should be measured from the point at which the applicant knew, or should have known, of the risk to its rights." *United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 1183 (3d Cir. 1994). The outstanding judgment Mr. Adrianza now quibbles with has been known for years. Mr. Adrianza, who claims to follow these proceedings closely, offers no explanation for his substantial delay in disputing that calculation.

Because no dispositive legal questions remain to be resolved, because intervention would delay Crystallex's ability to collect on its judgment, and because Mr. Adrianza has no explanation for his substantial delay in contesting the judgment amount or any other aspect of the case, the Motion is untimely and should be denied.

### III. In Any Event, There Is No Merit to Mr. Adrianza's Request for an Independent Determination of the Amount That Needs to Be Collected

Mr. Adrianza faults Crystallex's calculation of the judgment set forth in the Proposed Sales Procedures because it does not apply the post-award interest rate set out in the arbitration award itself. D.I. 404, ¶ 11. But once the District Court for the District of Columbia entered judgment on April 7, 2017, any post-award interest rate ceased to be relevant to the amount owed to Crystallex *under the judgment* (as opposed to the arbitral award). Mr. Adrianza ignores that, once the award was converted into a U.S. judgment, the Federal post-judgment interest rate governs. 28 U.S.C. § 1961(a) ("interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield . . ."). It is the amount owed under the judgment, not the arbitral award, that is at issue here.

Additionally, Mr. Adrianza argues that Crystallex improperly applied against its judgment the value of non-cash compensation Venezuela paid pursuant to the second 2018 settlement agreement between Crystallex and Venezuela. *See* D.I. 404, ¶ 10. While that agreement later became ineffective following Venezuela's breach, there is no basis for Mr. Adrianza's apparent insistence that Crystallex ignore the value it received from Venezuela's Initial Payment, a value which was agreed by the parties because of the substantial discount from par and lack of regular trade quotes applicable to the securities that Venezuela delivered to Crystallex.

### CONCLUSION

For the reasons set forth above, Crystallex respectfully requests that this Court deny Mr. Adrianza's Motion and grant such other and further relief as the Court deems just and proper.

15

OF COUNSEL:

Robert L. Weigel
Jason W. Myatt
Rahim Moloo
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
(212) 351-4000

Miguel A. Estrada
Lucas C. Townsend
Adam M. Smith
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 955-8500
Fax: (202) 467-0539

Dated:  December 1, 2021

*/s/ Jeffrey L. Moyer*
Raymond J. DiCamillo (#3188)
Jeffrey L. Moyer (#3309)
Travis S. Hunter (#5350)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
dicamillo@rlf.com
moyer@rlf.com
hunter@rlf.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2021, a true and correct copy of the foregoing CRYSTALLEX INTERNATIONAL CORPORATION'S OPPOSITION TO ADELSO ADRIANZA'S MOTION TO INTERVENE AND FOR AN ORDER REQUIRING AN INDEPENDENT DETERMINATION OF THE AMOUNT THAT NEEDS TO BE COLLECTED TO SATISFY CRYSTALLEX'S JUDGMENT was served upon *pro se* intervener Adelso Adrianza by the method listed below:

**Via US Mail**
Adelso Adrianza, Pro Se
113 Washington Street
Newton, MA  02458
aaadrianza@gmail.com

  */s/ Travis S. Hunter*
  Travis S. Hunter (#5350)
  Hunter@rlf.com