

1800 N. State Street, Suite 304
Dover, DE 19901
302 302 984 6035
www.potteranderson.com

**Myron T. Steele**
**Partner**
Attorney at Law
msteele@potteranderson.com
302-984-6030 Direct Phone
302-778-1192 Fax

March 31, 2022

**BY HAND DELIVERY & CM/ECF**

The Honorable Leonard P. Stark
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801-3570

Re:     Revised Proposed Sale Procedures Order and Special Master's Updated
        Recommendation Regarding Evercore Engagement Letter in *Crystallex International
        Corp. v. Bolivarian Republic of Venezuela*, D. Del. C.A. No. 1:17-mc-00151-LPS

Dear Judge Stark:

Pursuant to Your Honor's *Opinion* dated March 2, 2022 (D.I. 443, the "***Opinion***") and subsequent
*Consent Order Regarding Resolution of Outstanding Objections to Proposed Sale Procedures
Order* (D.I. 447, the "***Procedures Order***"), I hereby write to submit the *Fourth Revised Proposed
Order (A) Establishing Sale and Bidding Procedures, (B) Approving Special Master's Report and
Recommendation Regarding Proposed Sale Procedures Order, (C) Affirming Retention of
Evercore as Investment Banker by Special Master and (D) Regarding Related Matters* (attached
as **<u>Exhibit A</u>** hereto, the "***Revised Proposed Sale Procedures Order***") on behalf of the Special
Master in the above referenced matter.[1]

**<u>Special Master's Updated Recommendation Regarding Proposed Sale Procedures Order</u>**

The Revised Proposed Sale Procedures Order, which includes as <u>Exhibit 3-B</u> a revised draft of the
Special Master's proposed engagement letter with Evercore Group L.L.C. (the "**Revised
Proposed Evercore Engagement Letter**"), was prepared consistent with Your Honor's directions
and in consultation with the Sale Process Parties.  On March 18, 2022, the Special Master, through
his Advisors, shared a draft of the Revised Proposed Sale Procedures Order with each of the Sale
Process Parties.  Over the following two weeks, the Special Master solicited feedback and held
several meet and confers with the Sale Process Parties.  Each Sale Process Party had an opportunity
to propose changes, all of which were considered by the Special Master.

As a result of this process, it is the Special Master's understanding that both Crystallex and
ConocoPhillips remain supportive of the Revised Proposed Sale Procedures Order, except, in each
case, with respect to the Revised Proposed Evercore Engagement Letter, if the Special Master were
to recommend that form.  While both Crystallex and ConocoPhillips supported the prior version

---

[1] All capitalized terms used but not otherwise defined herein, have the meanings ascribed to such
terms in the Revised Proposed Sale Procedures Order.

The Honorable Leonard P. Stark                                                    Page 2
March 31, 2022

of the Proposed Evercore Engagement Letter that was submitted to the Court on November 24, 2021 (D.I. 411) (a structure that remains acceptable to Evercore), we anticipate they may object to the Revised Proposed Evercore Engagement Letter because of the non-contingent structure of the proposed compensation of Evercore, as explained in greater detail below.

With respect to the Venezuela Parties, despite the Special Master's and his Advisors' efforts to resolve their objections, we have made limited progress toward a consensual path forward. Consistent with the record of the Crystallex Case, we anticipate the Venezuela Parties will renew the majority of their outstanding objections in accordance with the briefing schedule set forth in the Procedures Order.  Notwithstanding the renewal of such objections, the Revised Proposed Sale Procedures Order represents the Special Master's and his Advisors' updated recommendation as to how the Court should proceed and we believe that it addresses as many of the Venezuela Parties' objections as could be resolved—consistent with the goals of the Proposed Sale Procedures Order—to provide for a process that is fair, open, and maximizes the value of the PDVH Shares to be sold pursuant to the Court's order.

## Special Master's Updated Recommendation Regarding Engagement of Evercore

As directed by Your Honor in the Opinion, the Special Master has further negotiated with Evercore regarding the terms and conditions of Evercore's proposed retention as investment banker in connection with the ultimate implementation of the Revised Proposed Sale Procedures following, and subject to, the entry of the proposed order.  The Special Master and his Advisors were ultimately successful in their efforts and succeeded in obtaining changes from Evercore regarding each of the provisions that Your Honor identified in the Opinion for the Special Master to pursue further negotiation, as outlined below.  The updated terms are set forth in the Revised Proposed Evercore Engagement Letter.[2]

First, Your Honor directed the Special Master to use his best efforts to include a provision in the Revised Proposed Evercore Engagement Letter which requires Evercore's fees to be subject to reasonableness review by the Court prior to such fees being paid.  *See* Opinion at pg. 11, fn. 11. As revised, the Revised Proposed Evercore Engagement Letter expressly states that that fees owed to Evercore will be subject to Court review similar to all other expenses of the Special Master and the procedures set forth therein.  *See Order Regarding Special Master Budget Procedures* (D.I. 395) (establishing a process for the Court to review and the Sale Process Parties to object to expenses of the Special Master).

Second, Your Honor directed the Special Master to attempt to negotiate "a non-contingency retention with Evercore."  The newly negotiated structure reflected in the Revised Proposed Evercore Engagement Letter is not contingent on the "Aggregate Consideration" raised in connection with a Sale Transaction and is, from the perspective of calculating Evercore's success fee, completely agnostic to the total number of PDVH Shares sold or the proceeds received.  More specifically, in consideration of Evercore's services under the revised arrangement, a flat "Milestone Fee" of $1.5 million would be earned upon receipt of a bona fide indication of interest received from a third-party bidder (subject to certain other conditions) and a "Completion Fee" of $20 million would be earned upon consummation of a Sale Transaction or Financing (each of

---

[2] As noted above, the Revised Proposed Evercore Engagement Letter is attached as Exhibit 3-B to the Revised Proposed Sale Procedures Order.

The Honorable Leonard P. Stark                                                          Page 3
March 31, 2022

which is broadly defined in the Revised Proposed Evercore Engagement Letter) in which the proceeds of such Sale Transaction or Financing are used to pay any amount of Crystallex's Judgment.  Other than the Upfront Amount of $3.5 million, the Completion Fee is payable only from the proceeds of a consummated transaction.[3]  With one exception, the Milestone Fee and Completion Fee do not change or otherwise fluctuate based on the type and size of the Sale Transaction or the proceeds therefrom; the only exception being that the Completion Fee is reduced in the scenario in which a Crystallex credit bid is the Successful Bid.  Because a credit bid from Crystallex is already available (based on representations from Crystallex), the Special Master and his Advisors continue to believe that a reduced fee is warranted in such a transaction.

Finally, the Court should take note that while the Revised Proposed Evercore Engagement Letter is acceptable to Evercore and, based on feedback from counsel to Crystallex and ConocoPhillips, we understand that Crystallex and ConocoPhillips both prefer the prior version of the proposed Evercore engagement letter that was previously submitted to the Court as, in their view, it better aligns Evercore's incentives to achieve a value maximizing Sale Transaction.  Thus, we understand that such parties may object to the Revised Proposed Evercore Engagement Letter, but do not object to the prior form.  Evercore is willing to work under either form of engagement letter and defers to the Court's discretion regarding which form should apply.  The Special Master does not object to the Court directing him to revert to the prior version, as the Special Master believes that under either arrangement, Evercore will be incentivized to pursue consummation of a value maximizing Sale Transaction that will generate proceeds on account of Attached Judgments, and likewise has no objection to the new form, if the Court's prefers.  What is most important to the Special Master is that Evercore is engaged and working to maximize value at the Court's direction.[4]

To the extent necessary, the Special Master will respond to any renewed objections and any objections to the Revised Proposed Evercore Engagement Letter pursuant to the briefing schedule set forth in the Procedures Order.  The Special Master remains available at the Court's convenience should Your Honor have any questions.

                                        Respectfully,

                                        */s/ Myron T. Steele*

                                        Myron T. Steele (#00002)

                                        *Counsel for Special Master Robert B. Pincus*

BAP:nmt/10090055/51819
Enclosures
cc:      Counsel of Record (via CM/ECF)

---

[3] The Completion Fee is further subject to reduction through crediting of certain other fees paid to Evercore, including by 100% of the amount of the Milestone Fee, if such fees are actually paid to and received by Evercore.

[4] The Revised Proposed Sale Procedure Order filed with this letter includes the original Evercore Engagement Letter at Exhibit 3-A and the Revised Proposed Evercore Engagement Letter described herein is included at Exhibit 3-B.