

1313 North Market Street, Suite 1001 • Wilmington, DE 19801
Telephone 302.576.1600 • Facsimile 302.576.1100
www.ramllp.com

Garrett B. Moritz

Direct Dial 302.576.1604
gmoritz@ramllp.com

April 11, 2022

**VIA E-FILING**

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, Delaware 19801

    Re:    *Crystallex International Corporation v. Bolivarian Republic of Venezuela et al.*,
           C.A. No. 17-mc-151-LPS

Dear Judge Stark:

      We write with respect to the Special Master's Revised Proposed Engagement Letter, as described in the Special Master's March 31, 2022 letter (D.I. 451).

      ConocoPhillips understands that the Special Master has sought to comply with the Court's instruction to examine whether it would be possible to "obtain an agreement that Evercore's compensation will not be contingent on the successful sale of the PDVH Shares." D.I. 443 at 11.  Nonetheless, ConocoPhillips respectfully submits that the Revised Proposed Engagement Letter fails to meet the stated goal of having Evercore's compensation not be "contingent on the successful sale" in that:

- The Milestone Fee is payable only on a receipt of an indication of interest from a third-party bidder.
- The Completion Fee is only payable on the completion of a successful sale; *and*
- The amount of the Completion Fee is itself determined by reference to three separate buckets:
    - Crystallex Credit Bid under $500 million:  The greater of $7 million or 2.0% of the amount of the Credit Bid
    - Crystallex Credit Bid over $500 million:  $15 million
    - Third-Party Bid:  $20 million.

The Honorable Leonard P. Stark
April 11, 2022
Page 2

This does not appear to meet the Court's instruction to negotiate a non-contingent compensation structure, which ConocoPhillips understood to contemplate a fixed-fee compensation structure.

More importantly, the Revised Proposed Engagement Letter is inferior to the prior proposal, and is particularly deleterious to ConocoPhillips' interests. The Court has held that a principal purpose of the sale process is to achieve a value-maximizing sale process that will hopefully generate proceeds sufficient to pay all of the Attached Judgments, including ConocoPhillips'. Under the Revised Proposed Engagement Letter, however, once Evercore obtains *any third-party bid proposal,* it will earn a $20 million fee, and will not be further compensated by procuring a superior bid which would be sufficient to reach ConocoPhillips' claim.

The Court should adhere to its principal determination: There is nothing improper about the Special Master hiring a banker incentivized to achieve the best possible sale price by obtaining a percentage of the proceeds of the ultimate sale.

ConocoPhillips also objects to the Milestone Fee proposed in the new structure. The Milestone Fee is similar to the Upfront Fee contained in the previous compensation structure in that it represents an advance on the Sale Fee/Completion Fee for progress milestones in the sale process. But all that is required to trigger this fee is the Special Master's receipt of a "bona fide indication of interest" from a party financially capable of consummating the sale. This requirement is not sufficiently firm to justify requiring a cash payment to Evercore from the Sale Process Parties. Any bidder with the financial wherewithal could provide an indication of interest with no assurance that it will stay the course and close a transaction. Worse still, ConocoPhillips would be required to pay the Milestone Fee even if the indication of interest is below the amount required to provide it with any recovery. There is simply no justification to require ConocoPhillips to pay a Milestone Fee in that circumstance.

In short, the Revised Proposed Engagement Letter's compensation structure does not actually resolve the Venezuela Parties' conflict-of-interest objection, and there is no reason to modify the compensation away from an appropriately incentive-based structure to a non-incentivizing structure.

We thank the Court for its consideration of ConocoPhillips' views in connection with this matter.

Respectfully submitted,

*/s/* Garrett B. Moritz

Garrett B. Moritz (#5646)

cc: All Counsel of Record
Robert Pincus, Special Master