IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION,<br><br>                Plaintiff,<br><br>   v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>                Defendant. | C.A. No. 17-mc-151-LPS |

**CRYSTALLEX INTERNATIONAL CORPORATION'S RESPONSE TO REVISED PROPOSED SALE PROCEDURES ORDER AND SPECIAL MASTER'S UPDATED RECOMMENDATION REGARDING EVERCORE ENGAGEMENT**

OF COUNSEL:

Robert L. Weigel
Jason W. Myatt
Rahim Moloo
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Tel: (212) 351-4000
Fax: (212) 351-4035

Miguel A. Estrada
Lucas C. Townsend
Adam M. Smith
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 955-8500
Fax: (202) 467-0539

Dated: April 11, 2022

Raymond J. DiCamillo (#3188)
Jeffrey L. Moyer (#3309)
Travis S. Hunter (#5350)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Tel: (302) 651-7700
Fax: (302) 651-7701

*Attorneys for Plaintiff*

Plaintiff and Judgment Creditor Crystallex International Corporation ("Crystallex") respectfully submits this response to the Revised Proposed Sale Procedures Order and Special Master's Updated Recommendation Regarding Evercore Engagement Letter (D.I. 451) (the "Special Master's Proposal"). As detailed herein, while the Revised Proposed Sale Procedures Order envisions a complex sale process for the sale of the PDVH Shares that the goes well beyond the straightforward requirements of Delaware law, provided that they are implemented as expected, the Revised Proposed Sale Procedures Order resolves Crystallex's objections to the Special Master's prior proposals.[1] However, Crystallex objects to the Special Master's Updated Recommendation Regarding Evercore Engagement Letter and the overly generous investment banking fees to which Evercore Group L.L.C. ("Evercore") would be entitled under the Special Master's and Evercore's latest proposal.

## NATURE AND STAGE OF THE PROCEEDINGS

On January 14, 2021, the Court authorized preparations for a judicial sale and called for the appointment of a Special Master to implement and handle the day-to-day conduct of the sale of the PDVH Shares. *See* D.I. 234 at 35. The Court subsequently entered an Order establishing the general parameters of the Special Master's responsibility to prepare "a plan for the sale of shares of PDVH as necessary to satisfy the outstanding judgment of Crystallex . . . ."). D.I. 277 at 3. In response, the Special Master submitted proposed sale procedures to the Sale Process Parties and this Court, which have been updated and revised on multiple occasions.

After several rounds of briefing and a full day hearing, on March 2, 2022, this Court issued a March 2, 2022 Opinion rejecting certain purported "'fundamental problems' with the Proposed

---

[1] To the extent not otherwise defined herein, capitalized terms have the same meaning ascribed to them in the Special Master's Proposal.

Sale Procedures Order" identified by the Venezuela parties. D.I. 443 at 1-2. The Court found that (i) the proposed sale process was not tainted by any purported conflict of interest of the Special Master's financial advisor, Evercore, and (ii) while OFAC considerations are relevant to the completion of the sale of the PDVH Shares, sanctions do not prohibit the Court from advancing the sale process so long as no final transfer takes place without OFAC approval (or a change in the current sanctions regime). D.I. 443 at 12, 39-40. The Court further directed the Special Master and the Sales Process Parties to prepare a revised sale procedures order implementing its decision and addressing as many remaining disputes as possible. D.I. 444 at 1-2. The resulting proposal, the Special Master's Fourth Revised Proposed Order (A) Establishing Sale and Bidding Procedures, (B) Approving Special Master's Report and Recommendation Regarding Proposed Sale Procedures Order, (C) Affirming Retention of Evercore as Investment Banker by Special Master and (D) Regarding Related Matters, was filed with this Court on March 31, 2022. D.I. 451.

## SUMMARY OF ARGUMENT

1. As detailed in Crystallex's prior objection to the Special Master's initial sale procedures proposal (D.I. 316), the Delaware law requirements for the sale of the attached PDVH Shares at public auction are clear and straightforward. The Revised Proposed Sale Procedures Order contemplates a sale process that Crystallex believes is unnecessarily long and overly complicated. However, the Revised Proposed Sale Procedures Order is now consistent with all applicable state law requirements. Accordingly, while Crystallex reserves its rights with respect to the implementation of the Revised Proposed Sale Procedures Order, it respectfully requests that this Court approve the sale process set forth therein.

2. The Revised Proposed Evercore Engagement Letter that accompanies the Special Master's Revised Proposed Sale Procedures Order, on the other hand, is seriously flawed. As suggested by the Court, the revised engagement letter largely removes the link between Evercore's

2

compensation and the implied value of the PDVH Shares, instead tying the bulk of Evercore's compensation to the occurrence of a Sale Transaction. In so doing, however, the proposed engagement terms overcompensate Evercore. In particular, the Revised Proposed Evercore Engagement Letter rewards Evercore with a Milestone Fee that is earned upon receipt of *any* third-party Non-Binding Indication of Interest, regardless of whether such indication ultimately results in a bid at the auction of the PDVH Shares and without regard to the dollar amount the Non-Binding Indication of Interest offers for the PDVH Shares. Similarly, the Revised Proposed Evercore Engagement Letter provides a windfall payment to Evercore if a Crystallex credit bid is the winning bid for the PDVH Shares in a competitive auction. Accordingly, the Court should either modify the terms of the Revised Proposed Evercore Engagement Letter or authorize the Special Master to retain Evercore on the terms set forth in the earlier Evercore Engagement Letter, which terms the Special Master, Evercore and Crystallex remain prepared to accept.

## ARGUMENT

### I. This Court Should Accept The Revised Proposed Sale Procedures Order

As this Court is well aware, the PDVH Shares are to be sold at public auction to the highest bidder, with only so many shares being sold as necessary to satisfy Crystallex's judgment. *See* 8 *Del. C.* § 324. In the context of this public sale, the process should provide notice sufficient to generate interest from prospective bidders and thereby maximize value within the circumstances of a statutory forced sale. *See Deibler v. Atl. Props. Grp., Inc.*, 652 A.2d 553, 557 (Del. 1995); *accord* D.I. 256 at 92:2–6 (ordering that the sale process be designed to "try to get the maximum price under the circumstances"). The Venezuela Parties should be permitted to supplement the notice provided by the Special Master or the Court, D.I. 234 at 35, Crystallex must be permitted to credit bid, and the priority of Crystallex's attachment must be preserved. *Id*. The Revised Proposed Sale Procedures Order now satisfies all of these requirements.

3

In addition, and notwithstanding the inevitable objections of the Venezuela Parties and others, in establishing a Six-Month Window for the Special Master to attempt to obtain further OFAC guidance, the Revised Proposed Sale Procedures Order strikes an appropriate balance by giving OFAC an opportunity to provide potentially valuable input on the proposed sale process without giving OFAC the ability to veto the initiation of the sale process. It is Crystallex's hope that the Special Master declines to use the full period "of no more than six months the from the order's entry", D.I. 443 at 40, that this Court has authorized to obtain any additional guidance from OFAC. And Crystallex firmly believes that the only proper outcome after the end of the Six-Month Window is the immediate initiation of the sale process. In all events, Crystallex respectfully requests that this Court deny any further objections to the sale process or the Revised Proposed Sale Procedures Order, so that this action can continue towards its long overdue completion.[2]

## II. The Revised Proposed Evercore Engagement Letter Should Be Rejected

While the Special Master's efforts to craft an acceptable sale procedures order have been largely successful, the Revised Proposed Evercore Engagement Letter represents a significant step back from the Special Master's and Evercore's prior proposal—a proposal that, subject to certain modifications addressed at the November 8, 2021 hearing, Crystallex had accepted. In particular, Crystallex takes issue with two changes to Evercore's compensation. First, Crystallex objects to the new Milestone Fee that Evercore would receive if any third party offers a Non-Binding

---

[2] For the avoidance of doubt, Crystallex's position on the Revised Proposed Sale Procedure Order is not intended to waive or otherwise limit its right to object to any bid selected by the Special Master that does not satisfy Crystallex's judgment to the fullest extent possible. *See generally* Crystallex International Corporation's Objections to the Special Master's Proposed Sale Procedures, D.I. 316, Section II.B (addressing Crystallex's concerns that the proposed sale procedures could be interpreted to favor bids that assign a high implied value to the PDVH Shares with providing sufficient cash consideration in satisfaction of Crystallex's judgment). Similarly, Crystallex reserves its right to challenge any future recommendation that no bidder should be selected as the winner of the auction of the PDVH Shares. *See id.*, Section II.A.

Indication of Interest in participating in the auction. Second, Crystallex objects to the revised Completion Fee to the extent that it overcompensates Evercore if a Crystallex credit bid of more than $500 million but less than Crystallex's entire judgment is the winning bid.

The new Milestone Fee is particularly concerning. As proposed, the Revised Proposed Evercore Engagement Letter provides that Evercore will be paid a $1.5 million Milestone Fee—on top of the $200,000 fee that Evercore will earn each month of the engagement and on top of the multi-million dollar Completion Fee that Evercore will earn when the PDVH Shares are sold—if any third-party offers a Non-Binding Indication of Interest. This Milestone Fee is awarded regardless of whether the third-party submits a binding bid in the auction. Even more disturbing, the Milestone Fee is awarded without regard to the Non-Binding Indication of Interest's proposed purchase price for the PDVH Shares. To put this provision in perspective, if a third party submits a Non-Binding Indication of Interest suggesting that it might bid an amount that would reduce Crystallex's judgment by a single dollar, Evercore is entitled to a $1.5 million fee. That outcome may be unlikely, but the same result occurs if a third-party indicates a willingness to bid $200 million for the PDVH Shares—a not insubstantial figure, but still lower than the credit bid that Crystallex has already suggested it will offer. There is no basis for rewarding Evercore just because a third party says it might bid at the auction, particularly at amounts less than the amount of Crystallex's anticipated credit bid for the PDVH Shares.

Crystallex accepts that some form of Milestone Fee could further incentivize Evercore to bring third parties to the auction. For that reason, Crystallex proposed an alternative Milestone Fee triggered by Evercore securing a Non-Binding Indication of Interest in excess of Crystallex's outstanding judgment—even if that Non-Binding Indication of Interest did not ultimately result in the submission of a binding bid at the auction. Such a fee would still incentivize Evercore, but it

5

would avoid rewarding Evercore for the questionable achievement of procuring a Non-Binding Indication of Interest that leaves Crystallex's judgment unsatisfied.

Crystallex also objects to the revised Completion Fee earned upon completion of a sale of the PDVH Shares. In particular, Crystallex objects to the new fixed $15 million Completion Fee that applies to any winning Crystallex credit bid in excess of the $500 million Credit Bid Threshold.[3] Under the previous proposal, the Special Master, Evercore and Crystallex agreed that the amount Evercore would receive in the event of a Crystallex credit bid in excess of $500 million would be tied to the amount of the credit bid, similar to the way the Completion Fee paid in the event of a winning Crystallex credit bid of less than $500 million is tied to the amount of Crystallex's credit bid. D.I. 411-2, Ex. 3 at 3. There is no reason for changing that arrangement now.

In objecting to the Special Master's prior proposal, the Venezuela Parties argued that Evercore suffered from a fatal conflict of interest. According to the Venezuela Parties, if the Completion Fee was calculated as a percentage of the sale price, then Evercore might advocate for the sale of all the PDVH Shares, even if a partial sale would satisfy Crystallex's judgment, because the larger sale would generate a higher fee. *See* D.I. 317 at 16-18. While the Court rejected the claim that Evercore was conflicted as a result of its work on the design of the proposed sale process, the Court nonetheless instructed that a different fee structure could eliminate any perceived issue entirely. D.I. 443 at 11. With that guidance, the Special Master and Evercore negotiated new

---

[3] Crystallex cannot fully compare the proposed fees under the previous proposed Evercore engagement letter with the updated fee set forth in the Revised Proposed Evercore Engagement Letter because the prior fee was calculated as a percentage of "Aggregate Consideration," the determination of which required certain financial information that Crystallex does not currently possess. However, Crystallex believes, based on the information it does have, that the revised Completion Fee increases Evercore's likely compensation in the event that Crystallex, as opposed to a third party, is the winning bidder at the auction of the PDVH Shares.

6

proposed engagement terms, including the payment of a set fee upon the close of most any Sale Transaction.  But the new proposal goes too far.

Whatever the merits of eliminating future arguments that Evercore advocated on behalf of a particular bid for its own benefit, that possibility simply does not arise if the winning bid is a Crystallex credit bid.  By definition any such bid will be for less than, or at least no more than, the amount of Crystallex's judgment.  Such a bid can only win if there is no alternative bid—partial or otherwise—that would "be sufficient to satisfy the [judgment]."  8 *Del. C.* § 324(a).  Moreover, as an increase in Crystallex's credit bid beyond the $500 million Credit Bid Threshold likely will come as the result of a competitive bidding process, a sale fee that incentivizes the creation of robust third-party bidding benefits Venezuela by reducing the amount of Crystallex's judgment that might remain outstanding after the completion of the sale of the PDVH Shares.  A Completion Fee for a winning credit bid of more than $500 million, but less than the amount of its judgment, of $10 million, plus 1% of the amount of the credit bid in excess of the Credit Bid Threshold, up to a total Completion Fee of $15 million, should be more than sufficient to incentivize Evercore.

Alternatively, Crystallex requests the Court authorize the Special Master to retain Evercore under the terms of the earlier proposed Evercore Engagement Letter, a result which Crystallex understands the Special Master, Evercore and ConocoPhillips are all prepared to accept.

## CONCLUSION

For the reasons set forth above, Crystallex respectfully requests that this Court enter the Revised Proposed Sale Procedures Order and authorize an engagement letter with Evercore consistent with the revised Milestone Fee and Completion Fee provisions detailed herein.

7

| | |
|---|---|
| OF COUNSEL:<br><br>Robert L. Weigel<br>Jason W. Myatt<br>Rahim Moloo<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, New York 10166<br>(212) 351-4000<br><br>Miguel A. Estrada<br>Lucas C. Townsend<br>Adam M. Smith<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C. 20036<br>Tel: (202) 955-8500<br>Fax: (202) 467-0539<br><br>Dated:  April 11, 2022 | */s/ Jeffrey L. Moyer*<br>Raymond J. DiCamillo (#3188)<br>Jeffrey L. Moyer (#3309)<br>Travis S. Hunter (#5350)<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware 19801<br>(302) 651-7700<br>dicamillo@rlf.com<br>moyer@rlf.com<br>hunter@rlf.com<br><br>*Attorneys for Plaintiff* |

8