# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Misc. No. 17-151-LPS |
| ) | |
| BOLIVARIAN REPUBLIC OF VENEZUELA, ) | |
| ) | |
| Defendant. ) | |

## RESPONSE OF SPECIAL MASTER TO RENEWED
## OBJECTIONS TO PROPOSED SALE PROCEDURES ORDER

OF COUNSEL:

Ray C. Schrock, P.C. (Admitted *pro hac vice*)
Alexander W. Welch (Admitted *pro hac vice*)
Jason L. Hufendick (Admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray.Schrock@weil.com
Alexander.Welch@weil.com
Jason.Hufendick@weil.com

Myron T. Steele (#000002)
Matthew F. Davis (#4696)
Bindu A. Palapura (#5370)
Abraham Schneider (#6696)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
msteele@potteranderson.com
mdavis@potteranderson.com
bpalapura@potteranderson.com
aschneider@potteranderson.com

*Counsel for Special Master Robert B. Pincus*

Dated: April 21, 2022
10116656/51819

I, Robert B. Pincus, solely in my capacity as special master (the "**Special Master**") for the United States District Court for the District of Delaware (the "**Court**") in *Crystallex International Corp. v. Bolivarian Republic of Venezuela* (D. Del. Case. No. 17-151-LPS) (the "**Crystallex Case**"), hereby submit this response ("**Response**") to the Court in response to the objections to the *Fourth Revised Proposed Order (A) Establishing Sale and Bidding Procedures, (B) Approving Special Master's Report and Recommendation Regarding Proposed Sale Procedures Order, (C) Affirming Retention of Evercore as Investment Banker by Special Master and (D) Regarding Related Matters* [D.I. 451-1] (the "**Revised Proposed Sale Procedures Order**")[1] that were filed by the Venezuela Parties [D.I. 457] (the "**Venezuela Parties' Objection**"), ConocoPhillips [D.I. 455], and Crystallex [D.I. 456] (collectively, the "**Objections**"):

1. In the weeks after Your Honor issued the *Opinion* dated March 2, 2022 [D.I. 443] (the "**March 2022 Opinion**"), my Advisors and I worked with the Sale Process Parties and successfully resolved all remaining issues raised by plaintiff Crystallex and ConocoPhillips to the form of the Revised Proposed Sale Procedures Order, except that neither party supports the "fixed fee" construct set forth in the Revised Evercore Engagement Letter that Your Honor directed me and my Advisors to attempt to negotiate with Evercore. As explained in their Objections, both Crystallex and ConocoPhillips prefer the original construct filed at Exhibit 3.A to the Revised Proposed Sale Procedures Order. *See* Exhibit 3.A. at D.I. 451. If the Court were

---

[1] Capitalized terms used but not defined shall have the meaning ascribed to such terms below or, if not defined below, the meaning ascribed to such terms in the Revised Proposed Sale Procedures Order or the *Special Master's Report and Recommendation Regarding Proposed Sale Procedures Order* filed August 9, 2021 [D.I. 303] (the "**Report**").

to accept the original version, the Revised Proposed Sale Procedures Order can be entered on a fully consensual basis *vis-à-vis* Crystallex and ConocoPhillips.[2]

2. In contrast, but consistent with their strategy to date, the Venezuela Parties have renewed more than 25 objections to the Revised Proposed Sale Procedures Order. To aid the Court, my Advisors and I have prepared the chart attached hereto at **Exhibit A** that outlines the Venezuela Parties' specific renewed objections and we have also provided our perspective with respect to each specific objection in the right hand column (the "**Objections Summary Chart**").

3. The majority of the Venezuela Parties' renewed objections are derived from the same incorrect premise that the Revised Proposed Sale Procedures Order is designed to result in a sale of more shares of PDVH than are necessary to be sold to satisfy the Attached Judgments. The actual text of the Revised Proposed Sale Procedures Order clearly says otherwise: the Revised Proposed Sale Procedures Order does not permit the Special Master (or any of his Advisors) to sell more shares than are necessary to satisfy the Attached Judgments. Specifically, this guard post is unambiguously stated throughout the Revised Proposed Sale Procedures Order.[3]

---

[2] I do not dispute their assertions that a "fixed fee" construct is not an industry standard arrangement for compensation of an investment banker. In my experience, investment bankers typically work on a contingent and success fee basis as was originally negotiated with Evercore and proposed by every investment banker that I interviewed in connection with this matter. Nonetheless, for the reasons explained by Your Honor in the March 2022 Opinion and in my Advisors' cover letter submitted to the Court contemporaneously with the Proposed Sale Procedures Order [D.I. 451], I am supportive of and believe that both constructs are reasonable under the circumstances. What is most important to the Special Master is that Evercore is engaged and working to maximize value at the Court's direction.

[3] *See e.g.*, Bidding Procedures at ¶ 14-15 (requiring the Special Master to select the highest bid that pays off the most of the Attached Judgments for the fewest PDVH Shares); *id.* at ¶ 5 (asking Potential Bidders to identify any minority shareholder rights, protections, or other desired terms in connection with any bid for less than 100% of the PDVH Shares); *id.* at ¶ 6 (permitting Special Master to designate as a stalking horse bid a bid for less than 100% of the PDVH Shares); *id.* at ¶ 8 (permitting bids for less than 100% of the PDVH Shares); *id.* at ¶ 9 (requiring bidders to specify any minority shareholder rights in connection with their bid).

4. Despite the quantity of Venezuela Parties' renewed objections, ultimately, they are all, in substance, challenges to the Court's discretionary powers. The existing law and standard for Your Honor's decision is crystal clear in this context: Federal Courts have inherent and broad authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)); *Lemon v. Kurtzman*, 411 U.S. 192, 200 (1973) ("In shaping equity decrees, the trial court is vested with broad discretionary power."); *see also Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971) (Where "a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies."); *accord* March 2022 Opinion at ¶ 24 (noting the inherent powers of Federal Courts to enforce their judgments).

5. No party disputes that certain of the sale procedures to be implemented in this case are unique—this entire situation is unique. The recommendations in the Revised Proposed Sale Procedures Order are based on my best judgment, our review of analogous restructuring situations, and the views of my experienced Advisors that such procedures will provide the best opportunity to result in a fair and value-maximizing Sale Process under the extraordinary circumstances. In this context, the law leaves the proper sale procedures to be adopted to Your Honor's discretion pursuant to applicable law. Based on the record before the Court, I believe that entry of the Revised Proposed Sale Procedures Order (subject to any alterations the Court believes appropriate) is squarely within the Court's discretion to adopt. The Venezuela Parties' Objections may be overruled on this basis alone. *See Peacock v. Thomas,* 516 U.S. 349, 356 (1996) ("Without jurisdiction to enforce a judgment entered by a federal court, the judicial power would be incomplete and entirely inadequate for the purposes for which it was conferred by the

Constitution."); *see also United States v. New York Tel. Co.*, 434 U.S. 159, 172 (1977) ("This Court has repeatedly recognized the power of a federal court to issue such commands under the All Writs Act as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained").

6. In sum, for the reasons set forth above and in the Objection Summary Chart, I continue to recommend the proposed procedures and believe they will ultimately provide the best path forward for the sale of the PDVH Shares and reserve the right to clarify or supplement any statements made in this Response at any time. Should the Court require evidence to decide any of these issues, I will make myself and my Advisors available at the Court's convenience.

*/s/ Robert B. Pincus*
Robert B. Pincus
Special Master for the United States District Court
for the District of Delaware

4