# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347
(302) 658-9200
(302) 658-3989 FAX

Kenneth J. Nachbar
(302) 351-9294
(302) 425-3013 FAX
KNachbar@morrisnichols.com

April 28, 2022

**FILED VIA ELECTRONIC FILING**

The Honorable Leonard P. Stark
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, D.C. 20439

> Re:  *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*,
> No. 1:17-mc-151-LPS (D. Del.)

Dear Judge Stark:

     Pursuant to D. Del. L.R. 7.1.2(b), I write on behalf of the Venezuela Parties to submit supplemental authority in the above-captioned action regarding their request (D.I. 446) to certify the Court's January 2021 denial of Petróleos de Venezuela, S.A. ("PDVSA"), PDV Holding, Inc. ("PDVH"), and CITGO Petroleum Corporation's (together, the "Movants") motion to quash (D.I. 234, 235) for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

     The Movants' motion argued that Federal Rule of Civil Procedure 69(a)(1) requires that state law, not federal common law, governs the substantive propriety of Crystallex's attachment (as opposed to questions of jurisdiction and immunity under the Foreign Sovereign Immunities Act, which are governed by federal law). The motion further argued that, because Delaware law requires Crystallex to prove fraud to attach the shares of an alleged alter ego of a judgment debtor, and because Crystallex could not prove such fraud, the attachment must be quashed. *See* D.I. 179 at 2-3, 7-14; D.I. 206 at 1-7; *see also* D.I. 446 at 8. On January 14, 2021, this Court denied the Movants' motion on the grounds that arguments regarding the substantive propriety of the attachment were collaterally estopped and/or untimely. D.I. 234 at 16-21, 24-31. In January 2022, the Third Circuit dismissed an appeal of this Court's January 2021 ruling on jurisdictional grounds (D.I. 441), but made clear that "Venezuela and other appellants will have an adequate opportunity to appeal the refusal to quash the attachment at a later stage." *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 24 F.4th 242, 249 (3d Cir. 2022). On March 9, 2022, the Movants requested that the denial of their motion to quash be certified for immediate appeal alongside this Court's March 2, 2022 Order, so that the Third Circuit may consider together issues that could eliminate the need to proceed with any sale proceedings. D.I. 446 at 2, 7-8.

     On April 21, 2022, the U.S. Supreme Court issued its decision in *Cassirer v. Thyssen-Bornemisza Collection Foundation*, No. 20-1566, 2022 WL 1177497 (U.S. Apr. 21, 2022), which confirms that state law governs the substantive propriety of Crystallex's writ of attachment. In *Cassirer*, California-based heirs of a woman who fled the Nazis brought state-law property causes of action against a Spanish museum, seeking the return of their ancestor's artwork. *Id.* at *2-3. The Spanish museum was deemed subject to suit under the FSIA. *Id.* at *3. The issue presented was

The Honorable Leonard P. Stark
April 28, 2022
Page 2

whether the choice-of-law regime applicable to the dispute was the one derived from federal common law or California state law. *Id.* at *3-4. Following federal common law choice-of-law principles would result in Spanish substantive law applying to the dispute, barring the heirs' recovery, whereas applying California's choice-of-law regime would result in California substantive law applying to the merits, likely permitting the heirs' action to move forward. *See id.* at *3-5. The Ninth Circuit applied federal common law, and the Supreme Court reversed. *Id.* at *3-4. The Supreme Court answered the question presented by applying Section 1606 of the FSIA, which dictates that once a foreign sovereign entity is deemed subject to suit, it "shall be liable in the same manner and to the same extent as a private individual under like circumstances." *Id.* at *4. The Court concluded that this mandate required application of the *state law* choice-of-law principles to the parties' dispute, just as it would in a similar dispute between private parties. *Id.*

Precisely the same logic applies to the Movants' motion in the judgment enforcement context: Once a court determines that a foreign sovereign is amenable to suit and that its property is not immune from attachment under the FSIA, Rule 69(a)(1)—which has the force of a statute[1]—likewise requires application of *state law*, not federal common law, to judgment enforcement proceedings, without regard to the identity of the litigants. The Movants made this argument in their motion to quash, but this Court suggested that it already had determined that federal common law—*i.e.*, the *Bancec* standard—applied to the substantive propriety of the attachment as well as to the separate, threshold questions of jurisdictional and attachment immunity.[2] Along with the authority cited in the briefing on the motion to quash, *Cassirer* confirms that this Court's application of *Bancec*'s federal common law veil-piercing standard (which, as articulated by this Court and the Third Circuit, does not require fraud) to the substantive propriety of the attachment, rather than Delaware's more stringent standard (which does), was incorrect. The logic of *Cassirer* is that courts cannot apply federal common law in defiance of a statutory command to apply state law merely because a foreign sovereign is a party. Yet the result of this Court's January 2021 decision is that different legal standards are applied to foreign sovereigns and private parties in enforcement proceedings, ironically resulting in *lesser* protections for foreign sovereign-owned corporations than for private corporations.

*Cassirer* is relevant to the Court's assessment of the Venezuela Parties' request to certify the January 2021 order for interlocutory review. It is now clear that this Court's denial of the Movants' motion to quash for procedural reasons cannot be affirmed on alternative grounds. Accordingly, if the Third Circuit reviews the January 2021 decision and disagrees that the motion is procedurally barred, then Crystallex's attachment will have to be quashed. Moreover, to the extent this Court's collateral estoppel ruling rested on a view that federal common law governs the substantive propriety of a writ of attachment, such a determination was clearly erroneous. This Court's procedural rulings, therefore, are "controlling" questions of law, reversal of which would

---

[1] *E.g.*, *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 506 (D.C. Cir. 2016) ("The Federal Rules are 'as binding as any statute duly enacted by Congress, and federal courts have no more discretion to disregard the . . . mandate [of a Federal Rule] than they do to disregard constitutional or statutory provisions.'" (quoting *Bank of Nova Scotia v. United States*, 487 U.S. 250, 255 (1988))).
[2] *See* D.I. 234 at 19 ("This means that if the *Bancec* standard is met—as it has been here—then PDVSA's shares of PDVH are validly attached and can be executed on[.]").

2

The Honorable Leonard P. Stark
April 28, 2022
Page 3

"materially advance the ultimate termination of the litigation," as vacating the writ of attachment would obviate the need for continued proceedings regarding the Proposed Sale Procedure Order or any sale process thereafter. In addition, allowing this issue to be resolved at this stage may reduce potentially lengthy delays while the closing of a sale is stayed pending appeal (especially if the Third Circuit reverses this Court's procedural rulings post-sale and remands to resolve the motion to quash).

    Respectfully submitted,

    */s/ Kenneth J. Nachbar*

    Kenneth J. Nachbar (#2067)

cc: All Counsel of Record (Via E-Filing)