IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. No. 17-151-LPS |

**MEMORANDUM ORDER**

WHEREAS, in an Opinion dated March 2, 2022, the Court concluded that the Venezuelan sanctions regime implemented by the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC") does not bar the Court from taking steps toward a sale of the PDVH Shares to satisfy Crystallex's registered judgment (*see generally* D.I. 443 ("March 2022 Opinion") at 12-40);[1]

WHEREAS, the Court also explained that it is "inclined to certify an interlocutory appeal" regarding the OFAC issue to the Third Circuit (*id.* at 47);

WHEREAS, the Court ordered a joint status report to "solicit . . . the views of the Special Master and the Sale Process Parties" on a potential interlocutory appeal (*id.*; *see also* D.I. 444 ("March 2022 Order") at 1);

WHEREAS, the Special Master and the Sale Process Parties submitted a joint status

---

[1] Capitalized terms not defined in this Memorandum Order have the same meaning as those terms in the March 2022 Opinion.

1

report (D.I. 446), which the Court has carefully considered;

WHEREAS, the Special Master is "supportive" of the Court certifying an interlocutory appeal regarding "the impact of the sanctions regime on the Court's ability to launch the sale process" (*id.* at 14);

WHEREAS, after the Special Master and the Sale Process Parties filed the joint status report, Defendant Bolivarian Republic of Venezuela, Intervenor Petróleos de Venezuela, S.A., Intervenor CITGO Petroleum Corporation, and Garnishee PDV Holding, Inc. (collectively, the "Venezuela Parties") filed a notice of appeal from the March 2022 Opinion and the Court's corresponding Order (*see generally* D.I. 452);

WHEREAS, the Third Circuit has recognized that the appeal is "from an order entered during ongoing post-judgment execution proceedings," which "may not be a final decision . . . or otherwise immediately appealable," *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 22-1606, ECF No. 4 (3d Cir. Apr. 7, 2022) (citing *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 24 F.4th 242, 249-58 (3d Cir. 2022));

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Court's March 2, 2022 Order (D.I. 444) is **AMENDED** to incorporate the Court's discussion and conclusions in the instant Memorandum Order.

1. The Court has discretion to certify an order for interlocutory review when "exceptional circumstances" merit a departure from the final judgment rule. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (internal quotation marks omitted), *superseded by rule on other grounds, as stated in Microsoft v. Baker*, 137 S. Ct. 1702 (2017). "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of

the opinion that [i] such order involves a controlling question of law [ii] as to which there is substantial ground for difference of opinion and that [iii] an immediate appeal from the order may materially advance the ultimate termination of the litigation, he [or she] shall so state in writing in such order."  28 U.S.C. § 1292(b); *see also, e.g.*, *Obasi Inv. Ltd. v. Tibet Pharm., Inc.*, 931 F.3d 179, 183 (3d Cir. 2019).   In this case, all three requirements under § 1292(b) are met with respect to the OFAC issue.

2. ***Controlling Question of Law.***   In the March 2022 Order, the Court overruled the Venezuela Parties' objections to the Proposed Sale Procedures Order with respect to the Venezuela Parties' contention that no additional steps toward a sale of the PDVH Shares may occur under the current OFAC sanctions regime.   (*See* D.I. 444 at 1)   Thus, the Court definitively determined that the OFAC sanctions do not prevent it from adopting a Sale Procedures Order and implementing such an order to the point just short of closing a sale transaction.   If the Third Circuit were to reverse this Court's ruling on that point, the Venezuela Parties' objections would need to be at least partially sustained, and all proceedings in this Court would effectively be halted unless and until Crystallex obtains a specific license from OFAC or the sanctions regime materially changes.   (*See* D.I. 443 at 45) ("If the Court of Appeals disagrees with this Court, it could prevent this Court from undertaking a costly, unnecessary, and legally invalid sale process.")   Thus, the March 2022 Order involves a controlling question of law.

3.   Crystallex argues that the March 2022 Order does not present a controlling question of law because the Court "has not yet ordered the Special Master to conduct a public auction or any step towards an auction."   (D.I. 446 at 10)   According to Crystallex, the Third

Circuit "has made clear that Section 1292(b) was not intended to allow interlocutory review of this type of advisory opinion on alternative courses of action that may never occur." (*Id.*) (internal quotation marks omitted) (citing *Link v. Mercedes-Benz of N. Am., Inc.*, 550 F.2d 860, 863-64 (3d Cir. 1977) (en banc))  The Court disagrees with Crystallex's portrayal of the circumstances presented here.  As the Court explained in its March 2022 Opinion, it has now decided that it "will proceed with the sale process, up to and including selecting a winning bid." (D.I. 443 at 36)  To that end, the Court "has directed the Special Master and his Advisors to engage in myriad tasks . . . including engaging with OFAC, assessing the market's willingness to participate in a sale process under varying levels of OFAC uncertainty, and drafting a recommendation to the Court about when and whether to initiate sale proceedings." (D.I. 446 at 5)  Given these concrete steps that the Special Master is and will be taking, the Court is not asking the Third Circuit to opine on "speculative matters." *See Link*, 550 F.2d at 863.  Rather, the Court's "definitive" overruling of what was likely the most important objection by the Venezuela Parties is "capable of affirmance or reversal" on appeal. *See id.*

        4.        ***Substantial Ground for Difference of Opinion.***  The Court "has done its best to evaluate the parties' competing arguments and to explain its reasoning for concluding that it has the authority, consistent with the sanctions, to adopt a Sale Procedures Order and to implement that order to the point at which a winning bidder for the PDVH Shares is selected." (D.I. 443 at 45)  The Court "has spent a great deal of time over the past year analyzing the sanctions regime," and the Court "is confident it has reached the best decisions it possibly can." *OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela*, 2022 WL 611563, at *11 (D. Del. Mar. 2, 2022). At the same time, the Court recognizes that the Venezuela Parties have presented coherent and

reasonable arguments supporting their interpretation of the OFAC sanctions.  In particular, the Venezuela Parties' arguments focus on the plain text of the relevant Executive Orders and OFAC regulations.  (*See, e.g.*, D.I. 408 at 6-12)  While the Court disagrees with the Venezuela Parties, they raise novel legal issues that have not been resolved by other courts.  Accordingly, the Court concludes that there is substantial ground for difference of opinion regarding the OFAC issue.

5. For this factor, Crystallex emphasizes that many judges have agreed that "Venezuela must pay its debt to Crystallex."  (D.I. 446 at 11)  That is true but not particularly relevant to the issue the Court is now considering.  To be sure, many judges have agreed that, at some point, Venezuela must pay its debts.  The question currently before the Court, however, relates to ***when*** that payment will be possible.  Crystallex's only other argument for this factor simply stresses the soundness of the Court's reasoning.  (*See id.* at 10)  While the Court agrees with Crystallex on the merits of its own Opinion, Crystallex has not shown that there is not a substantial ground for difference of opinion on the OFAC issue.

6. ***Material Advancement of the Litigation's Ultimate Termination.***  "The requirement that an appeal may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law."  16 Wright & Miller, *Federal Practice and Procedure* § 3930 (3d ed. Apr. 2022 Update).  As the Court explained above for the first factor, the Third Circuit's vacatur or reversal of the March 2022 Order might completely stop this litigation from proceeding in this Court (at least for now).  Conversely, if the Third Circuit agrees with this Court, "the Court of Appeals could provide greater comfort to market participants that this Court's process is lawful, thereby improving the chances of obtaining a fair value for the PDVH Shares."  (D.I. 443 at 45; *see also* D.I. 446 at 14

(Special Master supporting certification for this reason))   Thus, the Court concludes that an interlocutory appeal would materially advance the ultimate termination of this litigation.

7.      Crystallex argues that there would be no material advancement toward the ultimate termination of this litigation because an interlocutory appeal could only result in "delay."  (D.I. 446 at 11)   In Crystallex's view, material advancement occurs when "the interlocutory appeal eliminates: (1) the need for trial; (2) complex issues that would complicate trial; or (3) issues that would make discovery more costly or burdensome."   (*Id.*) (internal quotation marks omitted)   Crystallex's position is based on *Karlo v. Pittsburgh Glass Works, LLC*, 2014 WL 12539666, at *1 (W.D. Pa. July 3, 2014), a non-binding, non-post-judgment decision, which the Court finds inapplicable to the circumstances here.   Instead, as explained above, the Third Circuit's involvement at this stage would allow this Court, ultimately, to push this litigation toward its conclusion more efficiently than is otherwise possible.

8.      Crystallex further argues that the Court should not certify an interlocutory appeal because the Third Circuit is "unlikely to accept an appeal on this issue now, after having denied review of an appeal raising similar OFAC issues just . . . months ago."   (D.I. 446 at 11)   Crystallex ignores that much has changed since that decision of the Third Circuit: most notably, this Court issued an Opinion of nearly 50 pages ruling on the Venezuela Parties' principal objections to the Proposed Sale Procedures Order.   The Court understands that the Third Circuit has discretion to deny an interlocutory appeal.   *See Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974).   That possibility, however, does not deter this Court from exercising its

independent discretion to proceed in the manner it deems most appropriate.[2]

9. ***Exceptional Circumstances.*** The OFAC issue implicates significant U.S. foreign policy considerations that permeate this case and will permeate any future cases brought by any other judgment creditors of PDVSA and/or the Republic. These exceptional circumstances make interlocutory review particularly appropriate here. *See Crystallex Int'l Corp. v. Petróleos de Venezuela, S.A.*, 2016 WL 7440471, at *2 (D. Del. Dec. 27, 2016) (explaining that interlocutory appeal was warranted because "international comity is implicated" and "enormous sums of money are at stake").

10. ***Other Issues.*** In addition to the OFAC issue, the Venezuela Parties ask the Court to formulate two other issues for the Third Circuit's interlocutory review: (i) whether the Special Master's work has been tainted by an alleged conflict of interest afflicting his financial advisor, and (ii) whether the Court erroneously concluded that the Venezuela Parties were too late in bringing state law challenges to Crystallex's writ of attachment. (*See* D.I. 446 at 2, 6-8) The Court is not persuaded that there is a substantial ground for difference of opinion on these issues. Moreover, the Court's decision on the second of these issues was announced in a January 2021 Order; the Court agrees with Crystallex that the Venezuela Parties "offer[] no

---

[2] The Court further understands that if the Third Circuit accepts an interlocutory appeal, it "may address any issue fairly included within" the certified order. *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 204-05 (1996). From this reality, Crystallex portends that the Venezuela Parties will seek to expand the interlocutory appeal well beyond the questions certified by this Court, imposing further delay. (*See* D.I. 462 at 3) To this, all the Court can say is that it has certified those questions (and only those questions) it believes meet the statutory standards and should be, in the exercise of its discretion, certified; the Third Circuit, of course, will make its own judgment.

justification for [their] delay" in seeking to certify the Court's January 2021 Order.  (*Id.* at 13)[3] Accordingly, the Court declines to certify these issues for interlocutory review.

11. The Special Master "seeks authorization . . . to take any necessary steps to participate in any appeal of the March 2022 Opinion, including, if appropriate, by filing a responsive brief."  (D.I. 446 at 14)   To the extent this is a request to file a brief in the Third Circuit, the Court must defer to the Third Circuit to make decisions about briefing, should that Court accept the interlocutory appeal.   To the extent the Special Master believes a modification of the order appointing him is required to make clear that he may participate in appeals (and be reimbursed for his expenses in doing so), he will need to confer with the Sale Process Parties and then, if necessary, file an appropriate motion.

12. ***Conclusion.***   For the foregoing reasons, the Court certifies the following question for interlocutory review:

---

[3] The Court has reviewed the Venezuela Parties' notice of supplemental authority (*see generally* D.I. 461 (discussing *Cassirer v. Thyssen-Bornemisza Collection Foundation*, No. 20-1566, 2022 WL 1177497 (U.S. Apr. 21, 2022); *see also* D.I. 462 (Crystallex response)), which does not persuade the Court that interlocutory review of the Court's prior order denying the Venezuela Parties' motion to quash would be appropriate.

> Whether Executive Orders and regulations issued by the U.S. Treasury Department's Office of Foreign Assets Control, under which the PDVH Shares are blocked property, bar the Court from proceeding with steps toward an auction of the PDVH Shares to satisfy Crystallex's judgment, provided that no sale of the PDVH Shares will be permitted to close unless relevant parties obtain specific licenses from OFAC or the Venezuelan sanctions regime changes so that the PDVH Shares are no longer blocked property.[4]

May 4, 2022  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES CIRCUIT JUDGE

---

[4] The Venezuela Parties frame the issue somewhat differently: "Whether the Executive Orders and regulations issued by the Office of Foreign Asset Control (OFAC) that block sale of the PDVH shares also prohibit, in the absence of a specific OFAC license, the implementation of a court-ordered sale process in which a winning bidder of the shares would be decided via a public auction, but no sale would close before a license issues." (D.I. 446 at 2)