BCO-088

## UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

C.A. No. 22-1606

CRYSTALLEX INTERNATIONAL CORPORATION

v.

BOLIVARIAN REPUBLIC OF VENEZUELA

Bolivarian Republic of Venezuela; Petroleos De Venezuela Sa; Citgo Petroleum Corporation; PDV Holding Inc,
                                  Appellants

(D. Del. No. 1:17-mc-00151)

Present:   McKEE, SHWARTZ, and BIBAS, Circuit Judges

Submitted are

    (1)    Clerk's submission for possible dismissal due to jurisdictional defect.;

    (2)    Appellant's Response;

    (3)    Appellee's Response;

    (4)    Appellant's Supplemental Response; and

    (5)    Appellee's Reply to Supplemental Response

in the above-captioned case.

                                  Respectfully,

                                  Clerk

_____ORDER_____

On appeal is a post-judgment order overruling two of the appellants' objections to a special master's proposed order.  Other objections remain pending in the district court.

As the parties agree, this is not a traditional final judgment appealable under 28 U.S.C. § 1291.  See Crystallex Int'l Corp. v. Bolivarian Republic of Venez., 24 F.4th 242, 254–55 (3d Cir. 2022) (holding that there will be no traditional final judgment until "the District Court's judicial role is over" and there is "nothing to be done in the cause save to superintend, *ministerially*, the execution of the decree").

Neither is any part of the order appealable under the collateral-order doctrine.  Orders are collaterally appealable if they "(1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) [are] effectively unreviewable on appeal from a final judgment."  See Midland Asphalt Corp. v. United States, 489 U.S. 794, 799 (1989) (internal quotation marks omitted).  We examine the category to which a potential collateral order belongs instead of making case-by-case determinations.  See, e.g., Richardson-Merrell, Inc., v. Koller, 472 U.S. 424, 439–40 (1985).

The decision on the appellants' conflict-of-interest objection is not immediately appealable.  See Cobell v. Norton, 334 F.3d 1128, 1136–39 (D.C. Cir. 2003) (appointment of special master over objection to his impartiality under § 455 was concededly not appealable).  It is not, categorically, "separate from the merits of the action."  Cf. Richardson-Merrell, Inc., v. Koller, 472 U.S. 424, 439–40 (1985) (order regarding disqualification of an adversary's counsel was not separate from merits); Cordoza v. Pac. States Steel Corp., 320 F.3d 989, 997 (9th Cir. 2003) (order removing special master and disgorging his compensation was not separate from merits of post-judgment litigation).  The decision is also not "effectively unreviewable on appeal from a final judgment."  The objection did not seek relief that could not be granted if appropriate in a later appeal.

The decision on the appellants' OFAC objection is also not immediately appealable.  It is not, categorically, "separate from the merits of the action."  See JPMorgan Chase Bank, N.A., v. Asia Pulp & Paper Co., 707 F.3d 853, 868 (7th Cir. 2013) (order denying stay of ongoing post-judgment asset-discovery proceedings involved questions "coextensive with, not distinct from, the merits of the postjudgment proceedings"); United States v. Home Indem. Co., 549 F.2d 10, 12–13 (7th Cir. 1977) (order denying stay of post-judgment execution was "collateral to the cause of action" and appealable because there was "nothing left to do in the case").  Resolving the OFAC objection was merely a step toward establishing the sale procedures, determining whether an auction (contingent or otherwise) should take place, and if applicable, approving the sale.  See Crystallex Int'l Corp., 24 F.4th at 256–57.  The decision is also not "effectively unreviewable on appeal from a final judgment."  See id. at 255–56 (rejecting similar argument).

This appeal is therefore DISMISSED for lack of appellate jurisdiction.

By the Court,

s/Stephanos Bibas
Circuit Judge

Dated: August 3, 2022
CJG/cc:       All Counsel of Record

**A True Copy:**

Patricia S. Dodszuweit, Clerk
Certified Order Issued in Lieu of Mandate