

800 N. State Street, Suite 304
Dover, DE 19901
302 984 6000
www.potteranderson.com

Myron T. Steele
Partner
Attorney at Law
msteele@potteranderson.com
302 984-6030 Direct Phone

August 5, 2022

**BY HAND DELIVERY & CM/ECF**

The Honorable Leonard P. Stark
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801-3570

      Re:   *Crystallex International Corp. v. Bolivarian Republic of Venezuela*, D. Del. C.A. No. 1:17-mc-00151-LPS

Dear Judge Stark:

Pursuant to the Court's Order dated July 27, 2022, I write to submit this joint status report ("**Joint Status Report**") on behalf of Special Master Robert B. Pincus (the "**Special Master**"), as well as Crystallex, the Venezuela Parties and ConocoPhillips (collectively, the "**Sale Process Parties**," and each a "**Sale Process Party**") in the above-referenced matter. Consistent with the Order, the Special Master consulted with the Sale Process Parties regarding the contents of this Joint Status Report.[1]

## Joint Statement

On July 27, 2022, the Court issued a *Memorandum Order* [D.I. 469] (the "**Order**") in which the Court, among other things, (i) deemed as resolved Crystallex's and ConocoPhillips' objections to the *Fourth Revised Proposed Order (A) Establishing Sale and Bidding Procedures, (B) Approving Special Master's Report and Recommendations Regarding Proposed Sale Procedures Order, (C) Affirming Retention of Evercore as Investment Banker by Special Master and (D) Regarding Related Matters* [D.I. 451-1] (the "**Fourth Revised Proposed Sale Procedures Order**"), (ii) ruled on the Venezuela Parties' outstanding objections to the Fourth Revised Proposed Sale Procedures Order, (iii) authorized the Special Master to execute the original Proposed Evercore Engagement Letter [D.I. 411-1 Ex. 3], and (iv) ordered the Sale Process Parties and Special Master to meet and confer and, no later than August 5, 2022, to submit a joint status report advising the Court as to their position(s) as to the next steps the Court should take, and (v) directed the Special Master to

---

[1] Capitalized terms used but not defined shall have the meaning ascribed to such terms below or, if not defined below, the meaning ascribed to such terms in the Fifth Revised Proposed Sale Procedures Order.

The Honorable Leonard P. Stark
August 5, 2022
Page 2

include with the status report a revised version of the Fourth Revised Proposed Sale Procedures Order, consistent with the decisions announced in the Order, that the Court may sign and docket.

On August 2, 2022, the Special Master and the Sale Process Parties held a meet and confer to discuss the Court's instructions as set forth in the Order. Following such discussions, the Special Master and the Sale Process Parties have agreed to submit this Joint Status Report. Per the Court's instructions in the Order, a final proposed sale procedures order (the "**Fifth Revised Proposed Sale Procedures Order**") is attached as **Exhibit A** hereto. The Fifth Revised Proposed Sale Procedures Order incorporates the Court's rulings as set forth in the Order and as reflected in the redline attached as **Exhibit B** hereto.

With respect to next steps that the Court should take, the Special Master respectfully submits as follows.

The Special Master intends to carry out his duties and tasks as described in the Fifth Revised Proposed Sale Procedures Order as promptly as possible according to the timeline set forth therein. Accordingly, upon entry of the Fifth Revised Proposed Sale Procedures Order, the Special Master intends to (i) engage with the Executive Branch, including OFAC, to seek clarity or guidance on its support for (or non-opposition to) the launch of the Marketing Process, (ii) execute the original Proposed Evercore Engagement Letter,[2] and (iii) thereafter, carry out his duties in preparation for the Marketing Process as provided in the Fifth Revised Proposed Sale Procedures Order.

The Special Master further notes that he intends to commence discussions with the advisors to the PDVSA 2020 Bondholders, who have expressed their intention to play a constructive role in the sale process. While no formal engagement with counsel to the PDVSA 2020 Bondholders has been established, the Special Master believes exploring discussions with counsel to the PDVSA 2020 Bondholders about any participation, consent or other coordination with such bondholders in the current sale process contemplated by the Fifth Revised Proposed Sale Procedures Order could help further a value-maximizing transaction.

The Special Master is not aware of any positions contrary to the positions stated in this Joint Status Report, other than the following statement from the Venezuela Parties:

---

[2] While the Special Master plans to activate Evercore's services (and, by extension, its monthly fees for such services) shortly after submission of the Supplemental Report in order to facilitate initial communications with Potential Bidders before the Preparation Launch Date, the Special Master reserves the right to activate Evercore's services on an earlier date if he deems such services necessary to perform his duties. The Special Master will keep the Sale Process Parties apprised of any change in the timing of his decision to activate Evercore's services.

The Honorable Leonard P. Stark
August 5, 2022
Page 3

> The Venezuela Parties have objections and concerns related to the participation by the 2020 Bondholders in the sale process in the manner potentially contemplated by the Special Master. As explained in more detail in the attached letter previously submitted to the Special Master, the Special Master's jurisdiction has limits and does not extend to any and all property of PDVH including the unattached CITGO Holding stock that is at issue in the 2020 Bondholders litigation; the Bondholders are currently barred from taking any action with regard to their collateral by virtue of a stay entered by the U.S. District Court for the Southern District of New York; and inclusion of the PDVSA Bondholders in discussions with OFAC would cause unnecessary complications that could delay OFAC's response to any inquiries or requests.  (The objection in Section IV of the attached letter has been sustained by the Special Master and corresponding revisions to the proposed sale procedures order have been incorporated.)  For the avoidance of doubt, the Venezuela Parties otherwise maintain and reserve all of their objections regarding the proposed sale procedures and the Evercore retention agreement but recognize that the Court has overruled those objections.

The letter from the Venezuela Parties' setting forth their objections is attached hereto as **Exhibit C.** The Special Master believes that this joint status report, as revised by the Special Master, addresses the concerns raised by the Venezuela Parties in their letter; however, the Special Master reserves the right to submit an additional response to the letter should he determine it necessary or appropriate.

In addition to the foregoing, ConocoPhillips has informed the Special Master of its position that to be a Sale Process Party, the PDVSA 2020 Bondholders must, at a minimum, have a Delaware registered judgment against PDVSA.  Crystallex has informed the Special Master that it has no objection to the Special Master engaging in discussions with the advisors to the PDVSA 2020 Bondholders as part of the sale process.  However, in the absence of any specific proposal as to the role, if any, the PDVSA 2020 Bondholders seek in connection with the sale process, Crystallex states that it cannot and does not, at this stage, take a position as to what further involvement, if any, of the PDVSA 2020 Bondholders may be appropriate.

The Special Master has informed the Sale Process Parties that if they have any views different from the Special Master, they should make the Court aware.

The Honorable Leonard P. Stark
August 5, 2022
Page 4

Respectfully,

*/s/ Myron T. Steele*

Myron T. Steele (#00002)

*Counsel for Special Master
Robert B. Pincus*

MTS/nmt/10289697
cc:     All Counsel (via CM/ECF)