**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., <br><br> *Plaintiff*, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> *Defendant*. | C.A. No. 17-mc-00151-LPS |

**RED TREE INVESTMENTS, LLC'S OPENING BRIEF IN SUPPORT OF ITS
MOTION TO INTERVENE AND TO MODIFY THE SALE PROCEDURES ORDER**

Dated:  November 4, 2022

Steven F. Molo
Justin M. Ellis
Mark W. Kelley
Lauren F. Dayton
MOLOLAMKEN LLP
430 Park Avenue, 6th Floor
New York, NY 10022
Tel.: (212) 607-8170
smolo@mololamken.com

Elizabeth K. Clarke
Pamela Yaacoub
MOLOLAMKEN LLP
300 N. LaSalle Street, Suite 5350
Chicago, IL 60654
Tel.: (312) 450-6700

LANDIS RATH & COBB LLP
Rebecca L. Butcher (No. 3816)
Jennifer L. Cree (No. 5919)
919 Market Street
Suite 1800
Wilmington, DE 19801
Tel: (302) 467-4400
butcher@lcrlaw.com
cree@lrclaw.com

*Counsel for Red Tree Investments, LLC*

{W0068882.}

## TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................ 1

SUMMARY OF ARGUMENT ...................................................................................... 2

STATEMENT OF FACTS ............................................................................................ 2

ARGUMENT ................................................................................................................ 5

I.     The Court Should Permit Red Tree To Intervene ............................................... 5

       A.     The Court Should Grant Intervention as of Right......................................5

              1.     Red Tree's Motion Is Timely............................................................6

              2.      Red Tree Has an Interest in this Case that Would Be Threatened
                     Absent Intervention...........................................................................6

              3.     Other Parties May Not Adequately Represent Red Tree's Interests............8

       B.     The Court Should Grant Permissive Intervention......................................8

II.    The Court Should Modify the Sale Procedures Order to Include Red Tree as a
       Sale Process Party ........................................................................................... 10

CONCLUSION........................................................................................................... 12

{W0068882.}

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Amgen Inc. v. Amneal Pharms. LLC*,
No. 16 Civ. 853, 2020 WL 6060441 (D. Del. Oct. 14, 2020)......................................................6

*Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pa.*,
701 F.3d 938 (3d Cir. 2012)........................................................................................................6

*Brody By & Through Sugzdinis v. Spang*,
957 F.2d 1108 (3d Cir. 1992)...................................................................................................7, 8

*Commonwealth of Pennsylvania v. President United States of Am.*,
888 F.3d 52 (3d Cir. 2018)..........................................................................................................8

*Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*,
333 F. Supp. 3d 380 (D. Del. 2018)............................................................................................4

*Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*,
No. 17 Misc. 151, 2021 WL 129803 (D. Del. Jan. 14, 2021)...................................................10

*Crystallex Int'l Corp. v. PDV Holding Inc.*,
No. 15 Civ. 1082, 2019 WL 6785504 (D. Del. Dec. 12, 2019).........................................6, 7, 8

*Fairchild Semiconductor Corp. v. Power Integrations, Inc.*,
No. 12 Civ. 540, 2018 WL 1358814 (D. Del. March 16, 2018)...............................................10

*U.S. ex rel. Frank M. Sheesley Co v. St. Paul Fire & Marine Ins. Co.*,
239 F.R.D. 404 (W.D. Pa. 2006) ................................................................................................9

*Kleissler v. U.S. Forest Serv.*,
157 F.3d 964 (3d Cir. 1998).........................................................................................................6

*Mountain Top Condo Ass'n v. Dave Stabbert Master Builder, Inc.*,
72 F.3d 361 (3d Cir. 1995)...........................................................................................................7

*OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela*,
No. 19 Misc. 290, 2022 WL 611563 (D. Del. Mar. 2, 2022) ........................................3, 10, 11

*Peterson v. Islamic Republic of Iran*,
290 F.R.D. 54 (S.D.N.Y. 2013) ..............................................................................................7, 8

*Red Tree Invs., LLC v. Petróleos de Venezuela, SA*,
No. 22 Misc. 68, 2022 WL 1265516 (D. Del. Apr. 28, 2022)..................................2, 3, 7, 11

*Republic of the Philippines v. Abaya*,
   312 F.R.D. 119 (S.D.N.Y. 2015) ...........................................................................7, 8

*State Nat'l Ins. Co. v. County of Camden*,
   824 F.3d 399 (3d Cir. 2016)...................................................................................10

*United States v. Alcan Aluminum, Inc.*,
   25 F.3d 1174 (3d Cir. 1994)..................................................................................6, 7

*United States v. Jerry*,
   487 F.2d 600 (3d Cir. 1973)..................................................................................10

**STATUTES**

28 U.S.C. § 1963 ...........................................................................................................3

Fed. R. Civ. P. 24(a) ..................................................................................................5, 6

Fed. R. Civ. P. 24(a)(2)..................................................................................................5

Fed. R. Civ. P. 24(b) ......................................................................................................5

Fed. R. Civ. P. 24(b)(1)(B) ............................................................................................8

Fed. R. Civ. P. 24(b)(3)..................................................................................................8

Fed. R. Civ. P. 24(c) ......................................................................................................9

Red Tree Investments, LLC respectfully submits this brief in support of its motion for an order (a) permitting Red Tree to intervene in this action and (b) modifying the *Sixth Revised Proposed Order (A) Establishing Sale and Bidding Procedures, (B) Approving Special Masters Report and Recommendation Regarding Proposed Sale Procedures Order, (C) Affirming Retention of Evercore as Investment Banker By Special Master and (D) Regarding Related Matters* ("Sale Procedures Order") entered by the Court on October 7, 2022, D.I. 481, to add Red Tree as a "Sale Process Party."

## INTRODUCTION

The Court's PDVH sale process has correctly focused on empowering creditors with legal rights to the PDVH shares.  Under the Court's orders, Crystallex, ConocoPhillips, and Red Tree all have rights to attach the PDVH shares.  Those creditors should thus all have a seat at the table for a share sale aimed at repaying their debts.  For almost four years, Red Tree has diligently sought repayment on over $260 million of debts owed to it by PDVSA.  Like both Crystallex and ConocoPhillips, Red Tree has had no choice but to litigate for that recovery in numerous courtrooms across multiple jurisdictions.  And like Crystallex and ConocoPhillips, Red Tree's only recourse in the United States to satisfy its judgments has been to attach the PDVH shares.  The common thread for all three creditors is simply PDVSA's and Venezuela's unwillingness to repay their debts.

The Court should provide Red Tree the same rights and responsibilities towards the sale process as Crystallex and ConocoPhillips.  Red Tree, for its part, stands ready to work productively with the Special Master and other stakeholders in that process.  Indeed, Red Tree has been in consistent contact with counsel to the Special Master for months.  And Red Tree is also willing to contribute to the Special Master's fees and expenses going forward.  The Court

{W0068882.}

should allow Red Tree to intervene in this case, and it should also name Red Tree as an additional "Sale Process Party" under the Sale Procedures Order.

## SUMMARY OF ARGUMENT

1.      The Court should allow Red Tree to intervene in this case.

      a.      Red Tree is entitled to intervene as of right for much the same reasons the Court previously permitted other creditors to intervene.  Red Tree has obvious interests in this litigation, given its judgments against PDVSA and the attachment it has received against the PDVH shares at issue.  As a practical matter, those interests will be impaired if Red Tree cannot participate in the sale process on the same footing as other PDVSA creditors with attachments.  Nor will Red Tree's interests be fully represented by other parties.

      b.      Alternatively, the Court should exercise its discretion to permit Red Tree to intervene.  Red Tree's claims against PDVSA share common questions of law and fact with the other creditors' claims.  And Red Tree's participation in this case will not prejudice existing parties and will not delay the case.

2.      The Court should modify the Sale Procedures Order and name Red Tree as a Sale Process Party.  Red Tree should have the same rights and obligations as other Sale Process Parties, including ConocoPhillips, which also holds a conditional attachment.  Red Tree's participation will only help the Special Master by broadening the range of views the Special Master consults and by spreading the cost of the Special Master's work.  And no party would be prejudiced by Red Tree's status as a Sales Process Party.

## STATEMENT OF FACTS

Red Tree holds two judgments against PDVSA and PDVSA Petróleo arising out of PDVSA's defaulted debt.  *Red Tree Invs., LLC v. Petróleos de Venezuela, SA*, No. 22 Misc. 68,

2022 WL 1265516, at *1 (D. Del. Apr. 28, 2022).[1]   Under those judgments, which were originally issued by the Southern District of New York, PDVSA owes Red Tree over $260 million in principal and interest as of the date of this motion.  Ellis Decl. ¶2; No. 22 Civ. 68, D.I. 4-3, 4-4.[2]  Since the judgments were entered, PDVSA has made "no discernible efforts" to pay them.  *Red Tree*, 2022 WL 1265516, at *2 (quotation omitted).

In February 2022, Red Tree registered its judgments in this District after obtaining leave from the Southern District of New York.  No. 22 Civ. 68, D.I. 1; *see* No. 19 Civ. 2519 (S.D.N.Y.), D.I. 162; No. 19 Civ. 2523 (S.D.N.Y.), D.I. 163; *see also* 28 U.S.C. § 1963.  Then, in April, the Court issued an order granting Red Tree a conditional writ of attachment against PDVSA's interest in its shares of PDVH.  No. 22 Misc. 68, D.I. 15.  In that order, the Court explicitly granted Red Tree "the same relief that it granted to ConocoPhillips" in a parallel proceeding – authorization of the eventual issuance of a writ of attachment upon proof either that each creditor had received a specific license from OFAC or that OFAC had lifted sanctions on the PDVH shares.  *Red Tree*, 2022 WL 1265516, at *1, *3 (citing *OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela*, No. 19 Misc. 290, 2022 WL 611563, at *9 (D. Del. Mar. 2, 2022)).  The Court also rejected PDVSA's argument that the OFAC sanctions regime barred it from granting Red Tree a conditional writ of attachment.  *Id.* at *2.

Together with ConocoPhillips and Crystallex, Red Tree is one of only three creditors that currently hold an attachment (including a conditional attachment) on the PDVH shares.  *See OI Eur. Grp. B.V.*, 2022 WL 611563, at *9 (granting ConocoPhillips a conditional attachment);

---

[1] PDVSA has taken an appeal from those judgments to the U.S. Court of Appeals for the Second Circuit.  *See* Nos. 22-225 & 22-232 (2d Cir.).  Briefing of PDVSA's appeals was completed in August 2022.  *See* No. 22-225, D.I. 77.  Oral argument has not yet been scheduled.

[2] Citations in this brief to filings in 22 Misc. 68 also refer to the same filings in 22 Misc. 69, which are identical.

*Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 333 F. Supp. 3d 380, 426 (D. Del. 2018), *aff'd*, 932 F.3d 126 (3d Cir. 2019) (granting Crystallex an attachment).  Accordingly, Red Tree has repeatedly and productively engaged with the Special Master about Red Tree's interest in participating in the PDVH sale process.  Ellis Decl. ¶3; No. 22 Misc. 68, D.I. 18 at 2.  Among other steps, Red Tree, through its counsel, has joined the Special Master's Confidentiality Order so that it can receive information as appropriate about the Special Master's sale process.  D.I. 482.

In October 2022, the Court entered the Sale Procedures Order.  D.I. 481.  That order sets out procedures for the sale of the PDVH shares to satisfy the judgments of creditors with attachments against those shares (defined as "Attached Judgments").  *See id.*  The Sale Procedures Order names as "Sale Process Parties" the two other creditors that currently hold an attachment or conditional attachment on the PDVH shares – Crystallex and ConocoPhillips.  D.I. 481 at 1.  Under the order, the specified "Sale Process Parties" have significant consultation rights over the sale process that are not given to other, non-Sale-Process-Parties who simply hold an Attached Judgment.  Those rights include: the opportunity to object to the timing of the Marketing Process and the materials released in advance of launch, *id.* at 11 ¶3 & 13 ¶4; the right to be consulted about the Special Master's inquiry into bidders for the PDVH shares, *id.* at 12 ¶4, and any modifications to the Bidding Procedures,[3] *id.* at 16 ¶10, and the right to object to any such modification, *id.*; the right to be informed about the bids received for the PDVH shares and to move the Court to select a Successful Bid from among those received, *id.* at 17-18 ¶13; the right to object to the Special Master's recommendation about which bid is best and whether the Court should accept that bid, *id.* at 20 ¶19; the right to propose a list of Potential Bidders to

---

[3] Capitalized terms about the bidding process not defined here are as defined in the Sale Procedures Order.

the Special Master, *id.* at 31-32 ¶41; and the right to raise concerns that proposed bidders were unfairly excluded, *id.* at 32 ¶41.

Since the Sale Procedures Order was issued, Red Tree has engaged with the Special Master and the other Sale Process Parties about Red Tree's inclusion as a Sale Process Party. Among other points, Red Tree has expressed its willingness to contribute *pro rata* towards the Special Master's costs and expenses going forward.  Ellis Decl. ¶4.  The Special Master has advised that he does not take a position on Red Tree's motion.  *Id.* ¶5.  Likewise, ConocoPhillips has stated that it will not oppose Red Tree's inclusion as an additional Sale Process Party.  *Id.* ¶7.[4]  By contrast, the Bolivarian Republic of Venezuela, PDVH, PDVSA, and CITGO Petroleum Corp. (together, the "Venezuela Parties") object.

## ARGUMENT

### I.    THE COURT SHOULD PERMIT RED TREE TO INTERVENE

The Court should allow Red Tree to intervene as a party in this case.  Red Tree satisfies the four factors for intervention as of right under Federal Rule of Civil Procedure 24(a).  And it also satisfies the standard for permissive intervention under Rule 24(b).

#### A.    The Court Should Grant Intervention as of Right

Under Rule 24(a), the court "must permit anyone to intervene who" "claims an interest relating to the property or transaction" at issue if "disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest" and no existing party adequately represents the intervenor's interest.  Fed. R. Civ. P. 24(a)(2).  In the Third Circuit, when intervention is sought as of right, courts consider four factors:  "first, a timely application

---

[4] Red Tree asked Crystallex whether it objected, but did not get a response until today, at which point Crystallex asked for clarification (which Red Tree provided) about Red Tree's position on contributing to the Special Master's fees. Ellis Decl. ¶6. Red Tree will continue to discuss this issue with Crystallex. *Id.*

for leave to intervene; second, a sufficient interest in the litigation; third, a threat that the interest will be impaired or affected, as a practical matter, by the disposition of the action; and fourth, inadequate representation of the prospective intervenor's interest by existing parties to the litigation." *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998).  Because Red Tree satisfies all four factors, Red Tree is entitled to intervene as of right.

        1.      *Red Tree's Motion Is Timely*

There is no doubt Red Tree's motion is timely.  An intervention motion's timeliness is measured from the time when the intervenor knew, or should have known, of the risk to its rights.  *Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pa.*, 701 F.3d 938, 950 (3d Cir. 2012). Intervention within "a few months" after that point is generally timely.  *Amgen Inc. v. Amneal Pharms. LLC*, No. 16 Civ. 853, 2020 WL 6060441, at *3 (D. Del. Oct. 14, 2020).  The Court entered the Sale Procedures Order on October 7, 2022.  D.I. 481.  Red Tree filed this motion to intervene for the purpose of being added as a Sale Process Party to that order less than one month later.  Moreover, there is no reason why the passage of time would prejudice the other parties.

        2.      *Red Tree Has an Interest in this Case that Would Be Threatened Absent Intervention*

Red Tree also has an obvious interest in this case.  The only "interest" required to intervene is " 'one which the *substantive* law recognizes as belonging to or being owned by the applicant.' "  *United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 1185 (3d Cir. 1994) (quotation marks omitted).  Here, Red Tree holds two judgments against PDVSA totaling over $260 million.  Ellis Decl. ¶ 2.  As this Court has previously recognized, creditors – even creditors of the Republic, rather than PDVSA – have an interest in the action that supports intervention under Rule 24(a).  *Crystallex Int'l Corp. v. PDV Holding Inc.*, No. 15 Civ. 1082, 2019 WL 6785504, at *5 (D. Del. Dec. 12, 2019).  Other courts also routinely hold that judgment creditors

have an interest in intervening in enforcement proceedings like this one that concern how to distribute the judgment debtor's assets. *See, e.g.*, *Republic of the Philippines v. Abaya*, 312 F.R.D. 119, 124 (S.D.N.Y. 2015) (judgment creditor had interest warranting intervention in interpleader action over proceeds from a sale of judgment debtor's assets); *Peterson v. Islamic Republic of Iran*, 290 F.R.D. 54, 56 (S.D.N.Y. 2013) (similar). Moreover, Red Tree holds a conditional writ of attachment against the PDVH shares. No. 22 Misc. 68, D.I. 15. Such an "interest in a specific fund is sufficient to entitle intervention in a case affecting that fund." *Mountain Top Condo Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995) (collecting cases).

Likewise, there is little doubt that Red Tree's interest may be affected or impaired if it could not intervene in this case. That element requires only that an intervenor's interest "'*may be* affected or impaired, as a practical matter by the disposition of the action.'" *Brody By & Through Sugzdinis v. Spang*, 957 F.2d 1108, 1122 (3d Cir. 1992) (emphasis added). The Court has already concluded that the Republic's creditors meet that test here because their interests could be affected by the sale of the PDVH shares. *Crystallex Int'l Corp.*, 2019 WL 6785504, at *5. And Red Tree's interest may, as a practical matter, be impaired if it cannot have full input into the PDVH sale as a Sales Process Party.

PDVSA has earlier argued that Red Tree has "no rights or interests in the PDVH shares" because its attachment on those shares is only conditional. No. 22 Misc. 68, D.I. 18, at 3. PDVSA is wrong. The Court has already held that Red Tree has a legal right to attach the PDVH shares as soon as OFAC permits it to do so. *Red Tree*, 2022 WL 1265516, at *1. Whether or not Red Tree's attachment is fully perfected, it is an interest under substantive law that belongs to Red Tree and not someone else. Nothing more is needed for Red Tree to intervene as of right. *See Alcan Aluminum*, 25 F.3d at 1185. And in any event, Red Tree also holds a protectable

interest in the PDVH shares because it is a PDVSA judgment creditor.  *See Crystallex*, 2019 WL 6785504, at *5; *Abaya*, 312 F.R.D. at 124; *Peterson*, 290 F.R.D. at 56.

3.     *Other Parties May Not Adequately Represent Red Tree's Interests*

The burden of showing the last element of permissive intervention – that other parties may not adequately represent Red Tree's interests – is "generally 'treated as minimal.'" *Commonwealth of Pennsylvania v. President United States of Am.*, 888 F.3d 52, 60 (3d Cir. 2018).  This factor may be satisfied where the applicant's interests "are similar to those of a party," but their interests "diverge sufficiently that the existing party cannot devote proper attention to the applicant's interests." *Brody*, 957 F.2d at 1123.

That low bar is easily cleared here.  As one of three creditors that hold attachments on PDVSA's shares in PDVH, Red Tree's interest is inherently in tension with the interests of the other parties.  Other PDVSA (or Republic) creditors lack any incentive to help Red Tree recover on its judgments, and the Venezuela Parties have an obvious incentive to resist enforcement.  As this Court has previously recognized, given the zero-sum nature of enforcing many judgments against a limited pool of assets, creditors such as Red Tree cannot rely on other creditors – let alone the judgment debtors – to protect their interests.  *See Crystallex Int'l Corp.*, 2019 WL 6785504, at *5.  That conflict of interest, too, warrants Red Tree's intervention.

**B.     The Court Should Grant Permissive Intervention**

In the alternative, the Court should exercise its discretion to permit Red Tree to intervene.  Permissive intervention is available when an intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).  The decision to grant permissive intervention is "'highly discretionary.'" *Commonwealth of Pennsylvania*, 888 F.3d at 60.  In exercising that discretion, courts must consider whether "intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Red Tree's claim against PDVSA undoubtedly shares common questions of law and fact with the other claims in this action. Red Tree holds judgments against some of the same judgment debtors as the other creditors, and it is seeking to enforce its judgments against the same pool of assets. In fact, this Court has already recognized that "Red Tree is similarly situated to ConocoPhillips," which is already a part of this case as a Sales Process Party. *See* No. 22 Misc. 68, D.I. 15 at 6. Among others, issues of fact and law about the design of the sale process, the meaning or application of OFAC sanctions, and the participation of other creditors are just as relevant to Red Tree's claims as they are to ConocoPhillips'.

For the same reasons that support intervention as of right, the Court should also grant intervention by permission. *See* pp. 5-8, *supra*. And permitting Red Tree to intervene will not delay or prejudice the resolution of the current parties' rights. Red Tree already holds a conditional writ of attachment granted by this Court. No. 22 Misc. 68, D.I. 15. Because Red Tree is similarly situated to ConocoPhillips, any issues relevant to adjudication of Red Tree's claim would already have to be decided as to ConocoPhillips'. *Id.* at 6. And in any event, the other PDVSA creditors in this case have not objected to Red Tree's motion. Ellis Decl. ¶¶ 5-7. The Court should allow Red Tree to intervene.[5]

---

[5] While Rule 24(c) typically requires a pleading setting forth the intervenor's claims, courts may waive that requirement in their discretion. *U.S. ex rel. Frank M. Sheesley Co v. St. Paul Fire & Marine Ins. Co.*, 239 F.R.D. 404, 408 (W.D. Pa. 2006). Here, a proposed pleading is unnecessary because this action only concerns execution, not claims or defenses on the merits. Reflecting that context, the Court has allowed other creditors to intervene in this case without requiring that they file proposed pleadings. *See, e.g.*, D.I. 100 (successful motion to intervene by Rosneft Trading, S.A. not including any proposed pleading); D.I. 105 (successful motion to intervene by BlackRock and Contrarian not including any proposed pleading). The Court should do the same here. However, Red Tree is prepared to file a pleading if the Court requests one.

II.    **THE COURT SHOULD MODIFY THE SALE PROCEDURES ORDER TO INCLUDE RED TREE AS A SALE PROCESS PARTY**

The Court should also exercise its inherent authority to modify the Sale Procedures Order to include Red Tree as a Sale Process Party.  The Order itself contemplates that it will be modified as circumstances warrant.  *See* D.I. 481 at 27 ¶33 (permitting the Special Master to seek from the Court a material modification or amendment of the order).  And the Court has inherent authority to reconsider interlocutory orders when it is "consonant with justice to do so." *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973); *see State Nat'l Ins. Co. v. County of Camden*, 824 F.3d 399, 406 (3d Cir. 2016); *Fairchild Semiconductor Corp. v. Power Integrations, Inc.*, No. 12 Civ. 540, 2018 WL 1358814, at *7 (D. Del. March 16, 2018).

It would be consonant with justice to modify the Sale Procedures Order to include Red Tree for three reasons.  *First*, Red Tree is similarly situated to the other Sale Process Parties. Red Tree, like Crystallex and ConocoPhillips, holds an attachment on the PDVH shares.  No. 22 Misc. 68, D.I. 15.  In particular, Red Tree is identically situated to ConocoPhillips, which also holds a conditional attachment granted fewer than two months before Red Tree's attachment. *OI*, 2022 WL 611563, at *9.  This Court's observation that "[e]ach day that Crystallex does not recover on its judgment is arguably something of an affront to the United States judicial system" applies just as much to Red Tree as it does to Crystallex (or ConocoPhillips).  *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17 Misc. 151, 2021 WL 129803, at *18 (D. Del. Jan. 14, 2021), *appeal dismissed*, 24 F.4th 242 (3d Cir. 2022).  The interests of justice support affording Red Tree the same rights and responsibilities as the other Sale Process Parties.

*Second*, allowing Red Tree to participate in the sale process fully will help the Special Master maximize value for all stakeholders.  The Sale Procedures Order contemplates that, when the Special Master designs and oversees the sale process, he will consult with the Sale Process

Parties and gain the benefit of their views. *See* pp. 4-5, *supra*. Ensuring that a broader range of stakeholders can consult with the Special Master will foster a more thorough and efficient sale process. And because Red Tree is committed to paying its *pro rata* share of the Special Master's costs and expenses, Ellis Decl. ¶4, Red Tree's participation will ease the burden of funding those costs on other Sale Process Parties.

*Third*, there is no possible prejudice to any other party. Allowing Red Tree to consult with the Special Master, access certain information about the process, or object to certain actions would not impact any other party's right either to participate in the sale process or to realize value from the PDVH shares. Red Tree's status as a Sale Process Party would not give it any control over the sale process. Rather, any decisions on the sale process will ultimately be made by the Special Master and the Court. Because Red Tree's motion would, at most, give Red Tree a seat at the table, and not a veto, granting that motion will not affect other parties' rights.

Only the Venezuela Parties have objected to Red Tree's participating in the sale process. Ellis Decl. ¶¶5-8. And the only basis they give for objecting is that Red Tree purportedly lacks any interest in the PDVH shares because its attachment is conditional. As explained above, the Venezuela Parties are wrong. *See* pp. 7-8, *supra*. But even if the Venezuela Parties were right, that would not be a reason to deny Red Tree Sale-Process-Party status. There is no requirement in the original Sale Procedures Order that only judgment creditors with perfected attachments may act as Sale Process Parties. Rather, Red Tree has exactly the same legal standing as ConocoPhillips, which is already a Sale Process Party. *Compare OI*, 2022 WL 611563, at *9 (granting ConocoPhillips a conditional attachment), *with Red Tree*, 2022 WL 1265516, at *1-3 (granting Red Tree a conditional attachment). It is "consonant with justice" to treat similarly situated creditors similarly.

## **CONCLUSION**

Red Tree respectfully requests that the Court (a) permit Red Tree to intervene and (b)

modify the Sale Procedures Order to include Red Tree as a Sale Process Party.


Dated:    November 4, 2022

LANDIS RATH & COBB LLP

*/s/ Rebecca L. Butcher*
Rebecca L. Butcher (No. 3816)

Steven F. Molo
Justin M. Ellis
Mark W. Kelley
Lauren F. Dayton
MOLOLAMKEN LLP
430 Park Avenue, 6th Floor
New York, NY  10022
Tel.: (212) 607-8170
smolo@mololamken.com

Jennifer L. Cree (No. 5919)
919 Market Street
Suite 1800
Wilmington, DE  19801
Tel.: (302) 467-4400
butcher@lcrlaw.com
cree@lrclaw.com

Elizabeth K. Clarke
Pamela Yaacoub
MOLOLAMKEN LLP
300 N. LaSalle Street, Suite 5350
Chicago, IL  60654
Tel.: (312) 450-6700


*Counsel for Red Tree Investments, LLC*

{W0068882.}                    12