IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CRYSTALLEX INTERNATIONAL CORP.,

              *Plaintiff*,

  v.

BOLIVARIAN REPUBLIC OF VENEZUELA,

             *Defendant*.

C.A. No. 17-mc-00151-LPS

# RED TREE INVESTMENTS, LLC'S REPLY IN SUPPORT OF ITS MOTION TO INTERVENE AND TO MODIFY THE SALE PROCEDURES ORDER

Dated:   November 28, 2022

Steven F. Molo
Justin M. Ellis
Lauren F. Dayton
Mark W. Kelley
MOLOLAMKEN LLP
430 Park Avenue, 6th Floor
New York, NY 10022
Tel.: (212) 607-8170
Fax: (212) 607-8161
smolo@mololamken.com

Elizabeth K. Clarke
Pamela Yaacoub
MOLOLAMKEN LLP
300 N. LaSalle Street, Suite 5350
Chicago, IL 60654
Tel.: (312) 450-6700
Fax: (312) 450-6701

LANDIS RATH & COBB LLP
Rebecca L. Butcher (No. 3816)
Jennifer L. Cree (No. 5919)
919 Market Street
Suite 1800
Wilmington, DE 19801
Tel.: (302) 467-4400
Fax: (302) 467-4450
butcher@lcrlaw.com
cree@lrclaw.com

*Counsel for Red Tree Investments, LLC*

## **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ........................................................................................................................ 2

I.      The Court Should Allow Red Tree To Intervene ................................................... 2

        A.      The Court Should Grant Intervention as of Right ..................................... 2

        B.      The Court Should Grant Permissive Intervention ..................................... 7

II.     Crystallex's Fee Demands Are Unwarranted ....................................................... 8

CONCLUSION .................................................................................................................... 10

## **TABLE OF AUTHORITIES**

Page(s)

### **CASES**

*Amgen Inc. v. Amneal Pharms. LLC*,
 No. 16 Civ. 853, 2020 WL 6060441 (D. Del. Oct. 14, 2020)......................................................4

*Anthony v. Independent Insurance Advisors, Inc.*,
 56 V.I. 516 (2012)........................................................................................................................4

*Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*,
 No. 17 Misc. 151, 2021 WL 129803 (D. Del. Jan. 14, 2021)......................................................7

*Crystallex Int'l Corp. v. PDV Holding, Inc.*,
 No. 15 Civ. 1082, 2019 WL 6785504 (D. Del. Dec. 12, 2019)...............................................1, 2

*Kreisler v. U.S. Forest Serv.*,
 157 F.3d 964 (3d Cir. 1998).........................................................................................................1

*MiiCs & Partners Am., Inc. v. Toshiba Corp.*,
 No. 14 Civ. 803, 2016 WL 11488672 (D. Del. June 15, 2016)...................................................4

*Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*,
 72 F.3d 361 (3d Cir. 1995)..................................................................................................2, 4, 6

*Red Rock Commodities Ltd. v. M/V KOPALNIA SZOMBIERKI*,
 No. 92 Civ. 6016, 1994 WL 440822 (S.D.N.Y. Aug. 15, 1994) .................................................5

*Schumacher Homes Operations, Inc. v. Rsrv. Builders, L.L.C.*,
 No. 05 Civ. 1715, 2006 WL 8454037 (N.D. Ohio Apr. 14, 2006)..............................................5

*United States v. Alcan Aluminum, Inc.*,
 25 F.3d 1174 (3d Cir. 1994).....................................................................................................2, 3

*Zurich Am. Ins. Co. v. Ascent Constr., Inc.*,
 No. 20 Civ. 89, 2021 WL 3726607 (D. Utah Aug. 23, 2021) .....................................................5

### **OTHER AUTHORITIES**

Fed. R. Civ. P. 24(b)(1)(B) ................................................................................................................7

Fed. R. Civ. P. 53(g)(3)..................................................................................................................8, 9

Fed. R. Civ. P. 62(a) .........................................................................................................................2

Red Tree Investments, LLC ("Red Tree") respectfully submits this reply in support of its motion to intervene in this action and to modify the Sale Procedures Order to add Red Tree as a "Sales Process Party."

## INTRODUCTION

The Third Circuit has instructed district courts to favor pragmatism over rigid, narrow rules when considering motions to intervene. *Crystallex Int'l Corp. v. PDV Holding, Inc.*, No. 15 Civ. 1082, 2019 WL 6785504, at *5 (D. Del. Dec. 12, 2019) (citing *Kreisler v. U.S. Forest Serv.*, 157 F.3d 964, 972 (3d Cir. 1998)).  This Court has already held that pragmatism counsels allowing creditors broad intervention rights in this case. *Id.*  Under those standards, Red Tree's motion to intervene should be an easy question.  When a creditor like Red Tree holds a conditional attachment on the assets in a sales process, works promptly to participate in that process after getting its attachment, offers to provide the insight that seasoned market participants can provide, and agrees to share the sales process's costs, pragmatism supports allowing that creditor to intervene so it can have a seat at the table.

Crystallex opposes Red Tree's intervention, just as it has opposed every other creditor's attempt to participate in this case.  All Crystallex offers, however, are misleading technicalities.  It claims that Red Tree's motion is untimely.  But in context, Red Tree has been diligent.  Red Tree acted quickly to secure an attachment on the PDVH shares, and since then has held long-running, productive discussions with the Special Master about participating as a Sales Process Party.  Red Tree has moved with more than enough dispatch to join a sales process that has not even started yet.  Crystallex's timeliness argument, by contrast, is the sort of rigid formalism the Third Circuit has rejected.  And Crystallex's arguments for imposing outsize fees on Red Tree are wrong.  The Court should grant Red Tree's motion and allow it to intervene.

1

**ARGUMENT**

**I.      THE COURT SHOULD ALLOW RED TREE TO INTERVENE**

    **A.      The Court Should Grant Intervention as of Right**

Crystallex concedes that Red Tree's interests in this case are strong enough to intervene, that Red Tree's interests could be impaired if it cannot intervene, and that nobody else in the case will adequately represent Red Tree's interests unless Red Tree intervenes.  D.I. 484 ("Opening Br.") 6-8; *see Crystallex Int'l Corp. v. PDV Holding Inc.*, No. 15 Civ. 1082, 2019 WL 6785504, at *6 (D. Del. Dec. 12, 2019) (finding these factors met for PDVSA creditors).  Crystallex's only argument against intervention is that Red Tree's motion to intervene is untimely.  D.I. 487 ("Crystallex Br.") 10-14.  Crystallex is wrong.

The Third Circuit has instructed district courts to be "reluctant to dismiss a request for intervention as untimely." *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 369 (3d Cir. 1995).  In particular, "where a party takes reasonable steps to protect its interests, its application [to intervene] should not fail on timeliness grounds." *United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 1182 (3d Cir. 1994) (reversing denial of motion to intervene).  There is no serious dispute that Red Tree has reasonably acted to protect its interests in the PDVH sales process.  Red Tree registered its judgments in Delaware as soon as the 30-day automatic stay of execution under Rule 62 ended (and even tried, unsuccessfully, to have that stay waived).[1]  The same day, Red Tree also moved for a conditional attachment of the PDVH shares.  No. 22 Misc. 68, D.I. 2.  Only one week after that, Red Tree contacted the Special Master to begin discussions about becoming a Sales Process Party.  Ellis Decl. ¶ 3.  And after the

---

[1] *See* No. 22 Misc. 68, D.I. 1 (judgment entered on January 6, 2022 and registered on February 8, 2022); Fed. R. Civ. P. 62(a) (automatic 30-day stay); No. 19 Civ. 2519, D.I. 142 (S.D.N.Y.) (denying Red Tree's motion to waive that stay).

Court granted Red Tree a conditional attachment in late April 2022, and the Third Circuit denied review of that attachment order in late July, Red Tree kept discussing its role with the Special Master via phone calls, letters, and emails through the summer and fall.  Ellis Decl. ¶3; *see* No. 22-8027, D.I. 16 (3d Cir. July 26, 2022).

Red Tree's extensive work to protect its rights has gone much further than the kind of effort the Court of Appeals has found enough to defeat a timeliness challenge.  *See Alcan Aluminum*, 25 F.3d at 1184 (writing a letter to the government about a consent decree sufficed to protect party's interest in intervening in that decree).  Crystallex ignores these facts.  It also concedes, as it must, that Red Tree filed its motion to become a Sales Process Party less than a month after the Court signed the Sales Procedure Order.  Crystallex Br. 12 (quoting Opening Br. 6).  Because Red Tree has acted reasonably to protect its interests, its intervention motion should not fail on timeliness grounds.  *Alcan Aluminum*, 25 F.3d at 1184.

Crystallex also disregards the obvious fact that the sales process has not begun and may not begin for some time.  The sales process will start on the defined "Launch Date" only after the Special Master has had up to six months to first discuss sanctions issues with OFAC.  D.I. 481 at 11.  In fact, the Special Master may not even make a recommendation about whether to trigger the Launch Date until May 2, 2023.  *Id.*  It cannot be untimely for Red Tree to ask to join a sales process over seven months before that process may begin.

Still, Crystallex insists, Red Tree filed its motion too late because "many of the legal questions and logistical issues" in the case were litigated "years" ago.  Crystallex Br. 10.  Crystallex does not cite any authority holding that a judgment creditor with an interest in a judgment debtor's property must intervene as soon as execution of that property is contemplated, no matter how far off execution may be.  Instead, it observes that, since May 2020, the Court has solicited comments on the Sales Procedure Order, and it argues that Red Tree should have

3

intervened then to make changes to that order. *See id.* 4-7, 12.  Crystallex misses the point.  Red Tree is not trying to change any of the Sales Procedure Order's rules for the PDVH sales process. It has simply asked to participate in that process as a Sales Process Party once the process begins.

Crystallex's other arguments about how Red Tree supposedly slept on its rights (at 11-12) are also non sequiturs.  While Crystallex points out (at 11-12) that Red Tree was aware of this case even before it got its judgments, that does not make Red Tree's request to be a Sales Process Party any less punctual.  Crystallex gives no reason why Red Tree should have asked any earlier to join a sales process that has not yet started.[2]  And while Crystallex suggests (at 11) that Red Tree may have had a sufficient interest to intervene even before it had a judgment, let alone an attachment, that is incorrect.  *See Mountain Top*, 72 F.3d at 366 (creditors' interest in "satisfy[ing] any judgment they may be able to obtain," by itself, does not justify intervention). Crystallex cannot avoid the fact that Red Tree has moved as quickly as possible to participate in the PDVH sales process once it had a full-fledged stake in that process.  Red Tree moved well within the "few months" that courts find generally timely to intervene.  *Amgen Inc. v. Amneal Pharms. LLC*, No. 16 Civ. 853, 2020 WL 6060441, at *3 (D. Del. Oct. 14, 2020).[3]

Moreover, Crystallex improperly blames Red Tree for working informally with the Special Master to resolve its status in this case.  Red Tree has discussed with the Special Master throughout 2022 whether to become a Sales Process Party.  Ellis Decl. ¶ 3.  Case after case

---

[2] *Anthony v. Independent Insurance Advisors, Inc.*, 56 V.I. 516 (2012), a Virgin Islands case Crystallex cites about intervening in an insurance dispute, has nothing to do with when Red Tree should have intervened in a post-judgment process for selling a judgment debtor's assets.

[3] Crystallex tries to distinguish *Amgen* because the intervenor filed "within days" once intervention became necessary.  Crystallex Br. 6.  But so did Red Tree.  *See* Opening Br. 6.  In any event, courts have found much longer delays acceptable.  *See, e.g.*, *MiiCs & Partners Am., Inc. v. Toshiba Corp.*, No. 14 Civ. 803, 2016 WL 11488672, at *3 (D. Del. June 15, 2016) (intervention timely when 21 months had elapsed when there was no prejudice).

4

recognizes that intervenors should not be punished for moving to intervene only after first trying to informally negotiate a way to protect their interests. *See, e.g.*, *Zurich Am. Ins. Co. v. Ascent Constr., Inc.*, No. 20 Civ. 89, 2021 WL 3726607, at *2 (D. Utah Aug. 23, 2021) (that movants "attempted to resolve this dispute informally before filing their motion to intervene" supported the timeliness of their motion); *Schumacher Homes Operations, Inc. v. Rsrv. Builders, L.L.C.*, No. 05 Civ. 1715, 2006 WL 8454037, at *1 (N.D. Ohio Apr. 14, 2006) (intervention motion was timely where movant filed "to protect its rights" once informal negotiations had not succeeded); *Red Rock Commodities Ltd. v. M/V KOPALNIA SZOMBIERKI*, No. 92 Civ. 6016, 1994 WL 440822, at *2 (S.D.N.Y. Aug. 15, 1994) (similar). Just as it gives no reason why Red Tree should have moved to join the sales process years ago, Crystallex gives no reason why Red Tree should have jumped the gun and moved to intervene before discussing its status with the Special Master.[4]

      Crystallex also tries to paint Red Tree as dilatory because ConocoPhillips became a Sales Process Party in 2020. Crystallex Br. 12. That makes no sense. As Crystallex admits, ConocoPhillips **never moved to intervene**. *Id.* Moreover, ConocoPhillips received a judgment against PDVSA in **2018**. *See* No. 19 Misc. 342, D.I. 1-1. It then suggested changes to the PDVH sales process in 2020 on the schedule the Court set for suggesting such changes. *See* D.I. 174, 180. By contrast, in 2020, Red Tree was almost two years away from receiving a judgment. And ConocoPhillips, unlike Red Tree, went beyond merely joining as a Sales Process Party to propose specific changes to the Sales Procedure Order. *See* D.I. 180. Because ConocoPhillips

---

[4] Crystallex tries to turn this fact against Red Tree by suggesting that, if it was discussing the sales process with the Special Master, Red Tree should have lodged "objections" to the sales process. *See* Crystallex Br. 13-14. But Crystallex does not explain what "objections" Red Tree should have raised. That Red Tree wants to become a Sales Process Party does not require Red Tree to object to any of the Sales Procedure Order's substantive terms.

and Red Tree are in different positions and sought different relief for different reasons, ConocoPhillips' actions have no bearing on whether Red Tree's intervention motion is timely.

In any event, "[t]he mere passage of time . . . does not render an application untimely." *Mountain Top*, 72 F.3d at 369. The "critical inquiry is" what "prejudice the delay in intervention may cause to the parties already involved." *Id.* at 369, 370. Crystallex argues that it would be prejudiced by the "complicat[ion]" and "delay" Red Tree's intervention would purportedly cause. Crystallex Br. 13-14. Crystallex will **benefit** from intervention, because it will have to pay less fees and get the results of a more robust sales process that involves more stakeholders. By contrast, Crystallex's warnings of delay are nothing but misleading speculation. While Crystallex conjectures (at 13) that Red Tree would somehow undermine the "certainty of process" the Special Master needs "to ensure productive discussions with OFAC," it gives no reason why having another Sales Process Party would do anything of the kind. In fact, Red Tree understands from the Special Master that he is handling discussions with OFAC directly without involving the Sales Process Parties. Crystallex's purported worries about the "costs" of Red Tree's involvement (at 14) likewise ignore that Red Tree would help pay the Special Master's costs. And Crystallex's musings about the "incentives" other creditors have to intervene (at 13) ignores both that only three parties currently have attachments on the PDVH shares and that any new intervenor would still have to meet the standards for intervention.

\* \* \*

Crystallex has opposed every attempt by other creditors to participate in this case. *See* D.I. 112 at 29-40 (opposing bondholders' motion to intervene); D.I. 198 at 4 (opposing sales process proposals from ConocoPhillips because it was a "non-party" that should not be able to "dictate the terms of the sale"); D.I. 414 (opposing Crystallex creditor's motion to intervene); Crystallex Br. Crystallex has taken that stance even if doing so means making contradictory

6

arguments. When certain bondholders sought to intervene in 2019, Crystallex argued that they lacked a sufficient interest to intervene because they lacked attachments on the PDVH shares. D.I. 112 at 34 (arguing that the bondholders had "no interest in, or right to, the PDVH shares"). Now, Crystallex argues that Red Tree should have intervened years before it got a judgment, let alone an attachment. Crystallex Br. 11.

Crystallex's clear goal is to keep out other creditors by any means possible. That goal is understandable, given that Crystallex's incentives for the sales process "extend only so far as to ensure that the result of the sales process is sufficient to recover what it is owed." *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17 Misc. 151, 2021 WL 129803, at *18 (D. Del. Jan. 14, 2021). But the Court already held three years ago, over Crystallex's objections, that other PDVSA creditors are entitled to intervene in this case so they can participate in the sales process. *Id.* *6. There is no reason to vary from that ruling now. The "whole point of the . . . sales process" is "to maximize the sales price obtained, regardless of [Crystallex's] incentives." *Id*. Whether or not Red Tree's intervention serves Crystallex's interests, it can help maximize the sales price by giving more stakeholders a seat at the table. Red Tree is entitled to intervene.

**B.     The Court Should Grant Permissive Intervention**

For similar reasons, Red Tree also qualifies for permissive intervention. Opening Br. 8-9. Red Tree's claims share common questions of law or fact with other creditors' claims about the sale process, OFAC sanctions, and other topics. Opening Br. 8-9; Fed. R. Civ. P. 24(b)(1)(B). Crystallex simply ignores these common questions when it claims that Red Tree has only "mere coincidence of financial interests" with other creditors. Crystallex Br. 14. And Crystallex also ignores that Red Tree has a conditional right to an attachment on the PDVH shares. The Court should grant permissive intervention in its discretion.

7

## II. CRYSTALLEX'S FEE DEMANDS ARE UNWARRANTED

While Crystallex opposes Red Tree's motion to intervene, it does not respond to Red Tree's arguments on the merits why it should be able to join as a Sales Process Party. Crystallex concedes both that the Court can amend the list of Sales Process Parties in the interests of justice and that justice supports adding Red Tree as a Sales Process Party. Opening Br. 10-11.

However, Crystallex challenges the amount of the Special Master's fees and expenses Red Tree should pay. Crystallex Br. 15-18. In its opening brief, Red Tree offered to pay a *pro rata* share of those fees going forward. Opening Br. 5. Crystallex insists that Red Tree should pay a one-fourth share going forward, even though Red Tree's judgment is less than one-tenth the size of the existing Sales Process Parties' judgments. Crystallex Br. 15-18; *see id.* at 17 (noting that Crystallex and ConocoPhillips have unsatisfied judgments of $1 billion and $2 billion, respectively); Ellis Decl. ¶2 (Red Tree's unsatisfied judgments total about $260 million). Crystallex also demands that Red Tree refund the other parties for one-fourth of the Special Master's more than $3.5 million of past costs. Crystallex Br. 18.

Crystallex's demands are baseless. Nothing in the Sales Procedure Order suggests that smaller creditors should subsidize larger creditors' expenses or that newer creditors should pay retroactive fees. Instead, Crystallex admits that the Court has applied Rule 53 to only require intervenors to pay a "proportionate share" of the Special Master's fees. Crystallex Br. 6 (quoting D.I. 275 at 4); *see* Fed. R. Civ. P. 53(g)(3).[5] Crystallex argues Red Tree's proportionate share should be one-fourth because the Court had instructed the bondholders to contribute a one-fourth

---

[5] Notably, in allocating costs, Rule 53(g)(3) requires the Court to take into account "the extent to which any party is more responsible than other parties for the reference to a master." Fed. R. Civ. P. 53(g)(3). Because Crystallex initially filed this case and has pushed long before Red Tree has for a sale of PDVH, it is far more responsible for, and thus correctly has paid more for, the Special Master's work to date.

8

share of fees and expenses to intervene. *Id.*; *see also* Crystallex Br. 17. But that was because the bondholders' claims – which totaled over $1.5 billion – were about the same size as Crystallex's claims. *See* D.I. 105 at 3. It would hardly be proportionate to impose the same size fee share on a creditor like Red Tree which holds less than a fifth as much of a claim.

Crystallex's other arguments for making Red Tree pay an outsize share of fees and costs also lack merit. Contrary to Crystallex's assertions (at 16), Red Tree would in no way "free ride off the parties' prior work" if it paid its *pro rata* share of expenses going forward. Red Tree is asking to participate in – and help pay for – a sales process that has not yet started. While Crystallex also claims that paying *pro rata* shares would "disturb" the parties' "now-settled understanding" about payment of fees, Crystallex Br. 16, it does not explain why that "understanding" supports making Red Tree pay the same fees as creditors with far larger claims.

Nor, contrary to Crystallex's assertions (at 17), is there anything difficult or arbitrary about dividing the creditor Sales Process Parties' share of the fees and expenses according to the size of their judgments.[6] Crystallex observes that the Venezuela Parties pay one-third of the Special Master's costs despite having no judgments. *Id.* But the Venezuela Parties originally agreed to pay one-third of costs. *See* D.I. 260 (proposed compensation terms agreed to by all parties). That is not a reason why the Court should make Red Tree pay an outsize share of fees compared to its judgments. And Crystallex's speculation that countless new creditors would have "perverse" incentives to join the Sales Procedure Order and pay "minute" shares (at 17-18) is baseless. Like its arguments about intervention, Crystallex's arguments about fee proposals are designed only to keep out other creditors from the sales process. The Court should reject

---

[6] While Crystallex faults Red Tree for "not explain[ing] how its proposed *pro rata* arrangement would work," Crystallex Br. 17, Crystallex could simply have asked Red Tree. Red Tree contacted Crystallex both before and after this brief was filed, explained its fee-sharing proposal, and offered to discuss further. Ellis Decl. ¶6. Crystallex has ignored that invitation.

9

those arguments and require Red Tree only to pay its *pro rata* share of fees and expenses going forward.

## CONCLUSION

The Court should allow Red Tree to intervene and modify the Sale Procedures Order to include Red Tree as a Sale Process Party.

Dated: November 28, 2022

Steven F. Molo
Justin M. Ellis
Lauren F. Dayton
Mark W. Kelley
MOLOLAMKEN LLP
430 Park Avenue, 6th Floor
New York, NY 10022
Tel.: (212) 607-8170
Fax: (212) 607-8161
smolo@mololamken.com

Elizabeth K. Clarke
Pamela Yaacoub
MOLOLAMKEN LLP
300 N. LaSalle Street, Suite 5350
Chicago, IL 60654
Tel.: (312) 450-6700
Fax: (312) 450-6701

LANDIS RATH & COBB LLP

*/s/ Rebecca L. Butcher*
Rebecca L. Butcher (No. 3816)
Jennifer L. Cree (No. 5919)
919 Market Street
Suite 1800
Wilmington, DE 19801
Tel.: (302) 467-4400
Fax: (302) 467-4450
butcher@lcrlaw.com
cree@lrclaw.com

*Counsel for Red Tree Investments, LLC*