# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CRYSTALLEX INTERNATIONAL CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-mc-00151-LPS |
| | ) | |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## VENEZUELA PARTIES' RESPONSE IN OPPOSITION TO
## RED TREE INVESTMENTS, LLC'S MOTION TO INTERVENE
## AND TO MODIFY THE SALE PROCEDURES ORDER

OF COUNSEL:
Nathan P. Eimer
Lisa S. Meyer
Daniel D. Birk
Gregory M. Schweizer
Emily E. Sullivan
EIMER STAHL LLP
224 South Michigan Avenue
Suite 1100
Chicago, IL 60604
(312) 660-7600
NEimer@eimerstahl.com
LMeyer@eimerstahl.com
DBirk@eimerstahl.com
GSchweizer@eimerstahl.com
ESullivan@eimerstahl.com

Kenneth J. Nachbar (#2067)
Alexandra M. Cumings (#6146)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, DE 19801
(302) 658-9200
KNachbar@mnat.com
ACumings@mnat.com

*Attorneys for PDV Holding, Inc., and*
*CITGO Petroleum Corporation*

OF COUNSEL:
Joseph D. Pizzurro
Kevin A. Meehan
Juan O. Perla
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178
(212) 696-6000
jpizzurro@curtis.com
kmeehan@curtis.com
jperla@curtis.com

Samuel Taylor Hirzel, II (#4415)
HEYMAN ENERIO GATTUSO & HIRZEL LLP
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
shirzel@hegh.law

*Attorney for Petróleos de Venezuela, S.A.*


OF COUNSEL:
Donald B. Verrilli, Jr.
Elaine J. Goldenberg
Ginger D. Anders
Brendan B. Gants
Jacobus P. van der Ven
Munger, Tolles & Olson LLP
601 Massachusetts Avenue NW
Suite 500 E
Washington, D.C. 20001
(202) 220-1100
Donald.Verrilli@mto.com

George M. Garvey
Munger, Tolles & Olson LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100
George.Garvey@mto.com

A. Thompson Bayliss (#4379)
Stephen C. Childs (#6711)
ABRAMS & BAYLISS LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807
(302) 778-1000
bayliss@abramsbayliss.com
childs@abramsbayliss.com

*Attorneys for Bolivarian Republic of Venezuela*

**TABLE OF CONTENTS**

NATURE AND STAGE OF PROCEEDINGS ................................................................................. 1

SUMMARY OF ARGUMENT ..................................................................................................... 2

STATEMENT OF FACTS ............................................................................................................ 4

ARGUMENT ................................................................................................................................ 6

    I.      The Court Should Deny Red Tree's Motion to Intervene ..................................... 6

          A.      Red Tree Is Not Entitled To Intervene as a Matter of Right ...................... 6

                  1.      Red Tree Does Not Have An Interest Supporting Intervention As-Of-Right. ................................................................................. 7

                  2.      Red Tree's Interests Are Adequately Represented. ........................ 9

          B.      Red Tree Should Not be Permitted to Intervene. ....................................... 9

    II.     The Court Should Not Modify The Sale Procedures Order To Make Red Tree A Sale Process Party. ....................................................................................... 10

CONCLUSION ............................................................................................................................ 12

# TABLE OF AUTHORITIES

**Cases**

*Brody By & Through Sugzdinis v. Spang*,
  957 F.2d 1108 (3d Cir. 1992) ................................................................................ 10

*Harris v. Pernsley*,
  820 F.2d 592 (3d Cir. 1987) ........................................................................... 6, 7, 8

*Liberty Mut. Ins. Co. v. Treesdale, Inc.*,
  419 F.3d 216 (3d Cir. 2005) .................................................................................... 8

*Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*,
  72 F.3d 361 (3d Cir. 1995) ................................................................................ 7, 8

*OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela*,
  Misc. No. 19-290-LPS, Misc. No. 19-342-LPS, 2022 WL 611563 (D. Del. Mar. 2, 2022) ....... 7

*Red Tree Invs., LLC v. Petróleos de Venezuela, S.A.*,
  Misc. Nos. 22-68-LPS & 22-69-LPS, 2022 WL 1265516 (D. Del. Apr. 28, 2022)................ 6, 7

**Rules**

Federal Rule of Civil Procedure 24 ....................................................................... passim

The Venezuela Parties[1] respectfully submit this response in opposition to the motion of

Non-Party Red Tree Investments, LLC ("Red Tree") to Intervene and to Modify the Sale

Procedures Order.

## NATURE AND STAGE OF PROCEEDINGS

This is a post-judgment execution proceeding brought in 2017 by Plaintiff Crystallex, a

judgment creditor of the Republic. Crystallex has now attached and is seeking to execute upon

the PDVH Shares owned by the Republic's state-owned oil company, PDVSA. On October 11,

2022, this Court entered a Sale Procedures Order ("SPO") proposed by Special Master Pincus

and designed with input from the Sale Process Parties (Crystallex, the Venezuela Parties, and

non-party judgment creditor ConocoPhillips). *See* D.I. 481. The SPO sets forth procedures to be

followed for a sale of sufficient PDVH Shares to satisfy Crystallex's judgment. *See id.*

The SPO provides for a period of up to six months after the date of the SPO, during

which "the Special Master and his Advisors shall solicit and attempt to gain clarity or guidance

from the United States Department of the Treasury's Office of Foreign Assets Control (OFAC)

of its support for (or non-opposition to), the launch of the Marketing Process by the Special

Master, the viability of the Marketing Process, and any additional feedback or guidance that the

Special Master believes will more likely result in a value-maximizing Sale Transaction." *Id.* ¶ 3.

The SPO also provides that additional judgment creditors of PDVSA may seek to have their

judgments added to the Crystallex sale process if they obtain a valid attachment of the PDVH

Shares at some point before ten days after the Launch Date. *Id.* ¶ 30. Red Tree, which holds two

judgments against PDVSA and filed two separate judgment-enforcement proceedings against

---

[1] Capitalized terms used but not defined herein have the meaning ascribed to them in the Court's
January 14, 2022 Order, D.I. 234, and the Sale Procedures Order, D.I. 481.

PDVSA in this District in February 2022, has not and cannot obtain an attachment at this time, without which it has no right to have its judgment included in any sale that may occur. It nevertheless now asks the Court for leave to intervene in the sale process contemplated in this action and to modify the SPO by adding Red Tree as an additional Sale Process Party.

## SUMMARY OF ARGUMENT

1.       To the extent Red Tree is asking to intervene in order to participate in the sale process, Red Tree's motion should be denied. Red Tree is not entitled to intervene as a matter of right under Federal Rule of Civil Procedure 24(a), nor should the Court exercise its discretion to permit Red Tree to intervene under Rule 24(b). Red Tree argues that "creditors with legal rights to the PDVH shares … should … all have a seat at the table for a share sale aimed at repaying their debts." D.I. 484 at 1. But Red Tree does not have any legal rights to the PDVH Shares, and may never obtain any such rights, because it has not attached—and, under OFAC sanctions, cannot attach—the Shares. Moreover, the PDVH Shares sale is not aimed at repaying Red Tree's debts. It is aimed at satisfying the judgment of Crystallex and of any other person with an attachment when the sale begins (which, at this time, is no one). The SPO entered in this action already outlines a mechanism for addressing the claims of Red Tree and of other creditors in the same position, including ConocoPhillips, and for allowing them to participate in the sale if they satisfy the listed conditions, including obtaining a writ of attachment against the PDVH Shares (which, again, Red Tree has not yet done). *See* D.I. 481 ¶¶ 30–32. ConocoPhillips' participation as a Sale Process Party and the SPO's procedure for adding creditors with Attached Judgments to the sale adequately protect Red Tree's unmaterialized interests. The bond creditors who successfully moved to intervene in 2018 were differently situated. Specifically, they were seeking to prevent attachment and execution of the PDVH Shares by Crystallex and to ensure

that their allegedly superior security interests were respected. *See* D.I. 100 at 6; D.I. 105 at 11–13. In contrast, allowing Red Tree to intervene in the sale process would serve only to multiply and complicate these proceedings by multiplying the filings to which the parties and the Special Master will have to respond and which the Court will have to evaluate. This harm would be further exacerbated if allowing Red Tree to intervene causes a deluge of creditors without attachments to try to shoehorn themselves into the process as well, with each of them submitting their own filings and responding to every other party's filings.

      2.      Regardless of whether Red Tree is allowed to intervene, its request to modify the SPO to be added as a Sale Process Party should be denied. The Sale Process Parties are entities that were involved in the development of the SPO and contributed significant amounts of money to funding that process. Now that the SPO has been entered, there is no need to add any new Sale Process Parties, and certainly no reason to allow a deluge of creditors without attachments to weigh in on the implementation of the process. As noted above, the SPO already accounts for additional judgment creditors such as Red Tree by allowing any creditor who has attached the PDVH Shares to have its judgments added to the sale and participate in the process, while paying an equal share of expenses. If Red Tree lawfully obtains an attachment, the SPO provides that it can have its voice heard through that mechanism. Even assuming Red Tree's complaint that holders of an "Attached Judgment" are not afforded the same participation rights as Sale Process Parties is true, that complaint is not ripe, because Red Tree does not hold an Attached Judgment. If Red Tree ever comes to hold an Attached Judgment and is added to the sale process, it can raise issues regarding its participation rights at that point.

## STATEMENT OF FACTS

This Court issued a writ of attachment *fieri facias* to attach PDVH Shares in satisfaction of Crystallex's judgment on August 23, 2018. D.I. 95.

On May 27, 2021, the Court appointed Special Master Pincus to "devise a plan for the sale of shares of PDVH as necessary to satisfy the outstanding judgment of Crystallex and the judgment of any other judgment creditor added to the Sale by the Court and/or devise such other transaction as would satisfy such outstanding judgment(s)." D.I. 277 ¶ 2. As part of that order, the Court allowed ConocoPhillips, along with Crystallex and the Venezuela Parties, to participate in review of the proposed sale procedures order and provide comments. *Id.* ¶ 3. The three groups ultimately became what has been referred to as the "Sale Process Parties" and their role, as indicated by their name, was to assist in designing the process for the sale of shares in PDVH.

This Court anticipated exactly the circumstances here, ordering that part of the Special Master's role was to "consider implementing procedures to permit any other judgment creditor of Venezuela to request to participate in the Court's process." D.I. 234 at 36. After extensive briefing by the Sale Process Parties on the design of the sale process, the Court entered the SPO on October 11, 2022. D.I. 481. The Special Master proposed, and the Court adopted, provisions allowing judgment creditors with ***attachments*** on the PDVH Shares to be added to the sale process so that proceeds of any sale of the PDVH Shares could be used to satisfy those judgments. D.I. 481 ¶¶ 30–32. Within 10 days after the sale process is launched, "the Court will decide in accordance with applicable law which, if any," Attached Judgments "are to be considered by the Special Master for purposes of the Sale Transaction." *Id.* ¶ 30. The SPO further provides that "no PDVH Shares shall be sold, nor proceeds from any sale thereof

4

distributed, to satisfy any judgments" held by creditors without an attachment, and explicitly states that the SPO does not "limit any person's or entity's right to seek attachment to any proceeds following consummation of the Sale Transaction." *Id.*

Crystallex is the only creditor who has obtained an attachment on the PDVH Shares. The Order makes clear that ConocoPhillips—despite being a Sale Process Party that was consulted in the design of the SPO—does *not* have an Attached Judgment and therefore must follow the same protocol as any other creditor if it ever receives an enforceable attachment. D.I. 481 ¶ 30. The SPO also provides that "[i]f ConocoPhillips' Judgment is not made an Attached Judgment …, ConocoPhillips shall be excused from contributing to the payment of any Transaction Expenses incurred thereafter," but if ConocoPhillips "decline[]s to contribute to the funding of the sale process it shall no longer be treated as a Sale Process Party." *Id.*

Red Tree holds two judgments against PDVSA entered in the Southern District of New York on January 6, 2022. *Red Tree Investments, LLC v. Petróleos de Venezuela, S.A.*, Nos. 22-mc-00068 & 22-mc-00069, D.I. 1 at 1. Red Tree registered its judgments in the District of Delaware and moved for a writ of attachment on the PDVH Shares on February 8, 2022. *Id.* at 1; *Red Tree*, D.I. 2.

Red Tree has not attached the PDVH Shares and has not "received" what it calls a "conditional attachment." *See* D.I. 484 at 3. Instead, on April 28, 2022, the Court issued an order stating that, "upon [its] receipt of evidence that OFAC has either (a) authorized the issuance and service of a writ of attachment or (b) removed the sanctions under which the PDVH Shares are currently blocked property," the Court will issue an order directing the Clerk of Court to issue

Red Tree a writ of attachment against the PDVH Shares.[2] *Red Tree Invs., LLC v. Petróleos de Venezuela, S.A.*, Misc. Nos. 22-68-LPS & 22-69-LPS, 2022 WL 1265516, at \*1 (D. Del. Apr. 28, 2022). Red Tree now has moved to intervene in this proceeding for the purpose of participating in the sale process and to be added to the SPO as a Sale Process Party.[3]

ARGUMENT

**I.      The Court Should Deny Red Tree's Motion to Intervene.**

**A.  Red Tree Is Not Entitled To Intervene as a Matter of Right.**

Red Tree does not meet the criteria to intervene in the sale process as a matter of right. Under Federal Rule of Civil Procedure 24(a)(2), "[o]n timely motion, the court must permit anyone to intervene who … claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." *See Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987) ("[A] person is entitled to intervene if (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation.").

---

[2] PDVSA reserves its objections to that order for the reasons stated in that proceeding. *See Red Tree*, D.I. 10 at 6–11.

[3] Red Tree states that it "has joined the Special Master's Confidentiality Order so that it can receive information as appropriate about the Special Master's sale process." D.I. 484 at 4. The Venezuela Parties understand that the Special Master has not yet shared any confidential information with Red Tree, as the Special Master has not given the Venezuela Parties notice that he intends to disclose such information and an opportunity to object to disclosure, as required by the Confidentiality Order, D.I. 291 ¶ 4.

6

### 1. Red Tree Does Not Have An Interest Supporting Intervention As-Of-Right.

Red Tree does not have "a sufficient interest" that "may be affected or impaired" by the sale process. *Id.* To intervene as a matter of right, "[t]he applicant must demonstrate that there is a tangible threat to a legally cognizable interest." *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995). "[T]he interest must be a legal interest as distinguished from interests of a general and indefinite character," and "the applicant must do more than show that his or her interests may be affected in some incidental manner." *Harris*, 820 F.2d at 601 (internal quotation marks omitted). Here, Red Tree has no "legally cognizable interest" in the PDVH Shares or in the sale process.

First, Red Tree does not have any right to the PDVH Shares. Red Tree has not attached the Shares. Nor, contrary to Red Tree's assertions, has the Court issued a "conditional attachment." Instead, the Court determined that it intends to issue and order service of a writ of attachment at some point in the future *if* OFAC either "authorize[s] the issuance and service of a writ of attachment or []remove[s] the sanctions under which the PDVH Shares are currently blocked property." *Red Tree*, 2022 WL 1265516, at *1. This Court has stated that this form of relief does not create a property interest in or right to the PDVH Shares. *See OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela*, Misc. No. 19-290-LPS, Misc. No. 19-342-LPS, 2022 WL 611563, *6 (D. Del. Mar. 2, 2022) ("Authorizing the eventual issuance of a writ of attachment [to ConocoPhillips] contingent on an OFAC license or material modification of the sanctions does not establish a 'contingent' property interest prohibited by the regulations"; the relief granted amounts to "merely an expectancy and not a property right"). Regardless of whether the creation of such an expectancy is allowable under OFAC sanctions (PDVSA maintains it is not), it is, at most, "of a general and indefinite character." *Harris*, 820 F.2d at 601. As Red Tree may

7

never be issued a writ of attachment, its interest in the PDVH Shares is entirely speculative and contingent on events that may never occur (*e.g.*, a significant change in U.S. foreign policy).

Second, Red Tree's status as an unsecured creditor of PDVSA does not give it an interest in the sale process. As the Third Circuit has held, "ensur[ing] that" a debtor "would have sufficient resources to satisfy" its judgments ordinarily is not enough to grant intervention under Rule 24(a). *Mountain Top*, 72 F.3d at 366; *accord Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 223 (3d Cir. 2005) (The "fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene."). Here, to the extent Red Tree seeks to intervene only to provide input on the way the sale will be conducted so as to prevent some "incidental" impact on its future ability to conduct a sale of its own, it does not assert any cognizable interest, but merely one "of a general and indefinite character." *Harris*, 820 F.2d at 601.

Finally, Red Tree incorrectly claims that in allowing the bond creditors to intervene, this Court has held that all "creditors … have an interest in the action that supports intervention under Rule 24(a)." D.I. 484 at 6. Such a reading misunderstands the history of this action. In allowing certain holders of alleged secured debt issued by PDVSA to intervene, the Court was merely following established law permitting persons whose contractual or property rights "may be affected by a proposed remedy" to intervene to protect their interests. *Harris*, 820 F.2d at 601. Those creditors were seeking to prevent attachment and execution of the PDVH Shares by Crystallex, which could affect their interests directly, and to ensure that their allegedly superior security interests were respected. *See* D.I. 100 at 6; D.I. 105 at 11–13. The Court did not hold that judgment creditors like Red Tree have an inherent interest in participating in the execution sale process.

### 2.   Red Tree's Interests Are Adequately Represented.

Red Tree also fails to meet the requirements of Rule 24(a)(2) because any interest that it has in the sale process is adequately represented and will not be impaired if Red Tree does not intervene. ConocoPhillips, which was granted the same relief as Red Tree with respect to its petition for a writ of attachment, participated in the development of the SPO to ensure that it and other judgment creditors could be added to the sale process in the event they obtain a cognizable property interest via a writ of attachment. Such a provision has been included in the SPO. D.I. 481 ¶¶ 30–32. If Red Tree obtains an attachment, it will be able to take advantage of this provision. Notably, ConocoPhillips—the creditor to which Red Tree analogizes itself—has been able to protect those interests without intervening.

Given that Red Tree's interests in the sale process are already adequately represented by ConocoPhillips, granting intervention will only serve to render the process more unwieldy without yielding additional benefit. Allowing Red Tree to intervene to participate in the sale process will likely lead other judgment creditors to make the same request. This Court will be inundated with additional filings by intervenors who may never receive a writ of attachment against the PDVH Shares but who nevertheless will be able to weigh in on every issue that arises during the sale process, respond to every filing by every other party, and file appeals. Given that ConocoPhillips is already participating as a Sale Process Party, burdensome litigation is unnecessary.

### B.   Red Tree Should Not be Permitted to Intervene.

The Court also should not permit Red Tree to intervene for purposes of participating in the sale process under Federal Rule of Civil Procedure 24(b). Rule 24(b)(1)(B) provides: "On timely motion, the court may permit anyone to intervene who … has a claim or defense that

shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). For

the same reasons Red Tree is not entitled to intervene in the sale process as a matter of right here,

the Court should deny permissive intervention as well. *See Brody By & Through Sugzdinis v.*

*Spang*, 957 F.2d 1108, 1124 (3d Cir. 1992) ("[I]f intervention as of right is not available, the

same reasoning would indicate that it would not be an abuse of discretion to deny permissive

intervention as well.").

In addition, permissive intervention is not appropriate because Red Tree does not have "a

claim or defense that shares … a common question of law or fact" with any question of law or

fact to be decided in connection with the sale process. Fed. R. Civ. P. 24(b)(1)(B). Unlike Red

Tree, Crystallex has an attachment, and the questions of law and fact that remain to be

determined in the sale process relate to whether and how the PDVH Shares may be sold to

satisfy Crystallex's judgment and the judgments of any other creditors with an attachment.

Unless Red Tree obtains an attachment against the PDVH Shares and the Court adds Red Tree to

the sale process in accordance with Paragraph 30 of the SPO, none of those questions are

relevant to Red Tree.

Finally, as explained above, permitting Red Tree to intervene in the sale process will

encourage a slew of other judgment creditors to make the same request. As this Court is aware,

many creditors are seeking to attach the PDVH Shares. Each of them can seek to take advantage

of the SPO's Additional Judgments mechanism in the event they obtain attachments. The

multiplication of burden and expense that would result from each of these creditors also filing

their own intervention motion to participate in the sale process is self-evident.

## II.     The Court Should Not Modify The Sale Procedures Order To Make Red Tree A Sale Process Party.

Regardless of whether the Court allows Red Tree to intervene in the sale process, the

Court should not modify the SPO to make Red Tree a Sale Process Party. Adding Red Tree as a Sale Process Party will likely lead other judgment creditors to make the same request. Having multiple creditors without attachments weigh in on the day-to-day mechanics of the sale process will be costly and time consuming. There is no need for half a dozen intervenors to weigh in on, for example, the content of marketing materials sent to potential bidders or the protections afforded to a Stalking Horse Bidder. *See* D.I. 481 ¶¶ 4, 21. The participation of the existing Sale Process Parties is sufficient.

Second, Red Tree does not currently have an attachment, and thus has no right to have its judgment added to the sale, but if it does obtain an attachment, the SPO already offers Red Tree the ability to participate, as explained above. While it is true that ConocoPhillips is a Sale Process Party that does not hold an Attached Judgment, ConocoPhillips has spent years and hundreds of thousands of dollars working on the sale procedures. That ConocoPhillips has some right to weigh in on pre-Launch sale issues as a result is hardly unfair. Red Tree is not similarly situated to ConocoPhillips in this respect. Red Tree complains that parties added to the sale as holders of Attached Judgments do not have the same participation rights during the sale as Sale Process Parties, but that complaint is not yet ripe, because Red Tree is not yet a holder of an Attached Judgment. If it becomes one, then it can ask for greater participation rights.

Third, if the Court grants Red Tree Sale Process Party status now, and Red Tree does not obtain an attachment, it is unlikely that it will wish to continue to participate in—and pay for— the process. Instead, it likely will drop out, having wasted this Court's and the other parties' time with this distraction.

Finally, if the Court does add Red Tree as a Sale Process Party—over the Venezuela Parties' and Crystallex's objection—the Court should, at a minimum, do so on the condition that

11

Red Tree be responsible for the same share of costs as the other Sale Process Parties—*i.e.*, a per capita share. If Red Tree wishes to be similarly situated to ConocoPhillips, Red Tree should be required to pay one-quarter of the Transaction Expenses moving forward and should be required to reimburse the other Sale Process Parties for one-quarter of the Special Master's fees and expenses previously incurred. Red Tree states that it is "willing to contribute pro rata [apparently based on the amount of its judgment as compared to the judgments of Crystallex and ConocoPhillips] towards the Special Master's costs going forward." D.I. 485 ¶ 4. But that is not the arrangement that any of the Sale Process Parties have agreed to or that the Court has required in the past. *See* D.I. 275 at 5–6 (Mem. Order) ("[I]f the Intervenor Bondholders wish to participate in this process, then they should be responsible for the same portion of the Special Master's fees as Crystallex, the Venezuela Parties, and ConocoPhillips (i.e., a one-quarter share)."). Indeed, the Venezuela Parties are paying an equal share even though they do not hold any judgment. Equal shares of transaction expenses are also contemplated by the SPO for any Additional Judgment holders. *See* D.I. 481 ¶ 47. Allowing Red Tree greater participation rights than Additional Judgment holders for less of a share of the Transaction Expenses would be illogical and unfair.

## CONCLUSION

For the foregoing reasons, the Venezuela Parties respectfully request that the Court deny Red Tree's motion.

RESPECTFULLY SUBMITTED,

December 2, 2022

|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
|  | */s/ Kenneth J. Nachbar* |
| OF COUNSEL: | Kenneth J. Nachbar (#2067) |
| Nathan P. Eimer | Alexandra M. Cumings (#6146) |
| Lisa S. Meyer | 1201 North Market Street |
| Daniel D. Birk | Wilmington, DE 19801 |
| Gregory M. Schweizer | (302) 658-9200 |
| Emily E. Sullivan | KNachbar@mnat.com |
| EIMER STAHL LLP | ACumings@mnat.com |
| 224 South Michigan Avenue |  |
| Suite 1100 | *Attorneys for PDV Holding, Inc., and* |
| Chicago, IL 60604 | *CITGO Petroleum Corporation* |
| (312) 660-7600 |  |
| NEimer@eimerstahl.com |  |
| LMeyer@eimerstahl.com |  |
| DBirk@eimerstahl.com |  |
| GSchweizer@eimerstahl.com |  |
| ESullivan@eimerstahl.com |  |


|  | HEYMAN ENERIO GATTUSO & HIRZEL LLP |
|---|---|
|  | */s/ Samuel Taylor Hirzel, II* |
| OF COUNSEL: | Samuel Taylor Hirzel, II (#4415) |
| Joseph D. Pizzurro | 300 Delaware Avenue, Suite 200 |
| Kevin A. Meehan | Wilmington, DE 19801 |
| Juan O. Perla | (302) 472-7300 |
| CURTIS, MALLET-PREVOST, | shirzel@hegh.law |
| COLT & MOSLE LLP |  |
| 101 Park Avenue | *Attorney for Petróleos de Venezuela, S.A.* |
| New York, NY 10178 |  |
| (212) 696-6000 |  |
| jpizzurro@curtis.com |  |
| kmeehan@curtis.com |  |
| jperla@curtis.com |  |

13

ABRAMS & BAYLISS LLP

*/s/ Stephen C. Childs*

OF COUNSEL:                          A. Thompson Bayliss (#4379)
Donald B. Verrilli, Jr.              Stephen C. Childs (#6711)
Elaine J. Goldenberg                 20 Montchanin Road, Suite 200
Ginger D. Anders                     Wilmington, DE 19807
Brendan B. Gants                     (302) 778-1000
Jacobus P. van der Ven               bayliss@abramsbayliss.com
Munger, Tolles & Olson LLP           childs@abramsbayliss.com
601 Massachusetts Avenue NW
Suite 500 E                          *Attorneys for Bolivarian Republic of Venezuela*
Washington, D.C. 20001
(202) 220-1100
Donald.Verrilli@mto.com

George M. Garvey
Munger, Tolles & Olson LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100
George.Garvey@mto.com

14