

800 N. State Street, Suite 304
Dover, DE 19901
302 984 6000
www.potteranderson.com

Myron T. Steele
Partner
Attorney at Law
msteele@potteranderson.com
302 984-6030 Direct Phone

December 6, 2022

**BY HAND DELIVERY & CM/ECF**

The Honorable Leonard P. Stark
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801-3570

> Re:   *Crystallex International Corp. v. Bolivarian Republic of Venezuela*,
> D. Del. C.A. No. 1:17-mc-00151-LPS

Dear Judge Stark,

      I submit this letter on behalf of Special Master Robert B. Pincus (the "**Special Master**") in response to Red Tree Investments LLC's ("**Red Tree**") Motion to Intervene and to Modify the Sale Procedures Order [D.I. 483] (the "**Motion**"), and in consideration of the responses in opposition filed by Crystallex [D.I. 487] (the "**Crystallex Opposition**") and the Venezuela Parties [D.I. 492] (the "**Venezuela Parties Opposition**").[1]

      *First*, as Crystallex notes, Red Tree had ample opportunity to seek inclusion as a Sale Process Party prior to the Court's entry of the Sale Procedures Order.  *See* Crystallex Opposition at 4-8, 10-12.  The Special Master accordingly agrees with Crystallex that Red Tree's request to modify the Sale Procedures Order is untimely and should be rejected.

      *Second*, the Special Master believes that modification of the Sale Procedures Order is not required to protect Red Tree's interests.  The Sale Procedures Order already establishes a process by which Additional Judgment Creditors may have their Attached Judgments considered by the Special Master for purposes of the Sale Transaction.  *See* Sale Procedures Order ¶ 30; Crystallex Opposition at 5-6; Venezuela Parties Opposition at 1.  Adding Red Tree as a Sale Process Party—and providing it with the rights and responsibilities of a Sale Process Party—is therefore not necessary to ensure that Red Tree's judgment against the Republic is adequately accounted for during the sale process.  The interests of justice therefore do not, as Red Tree contends, compel modification of the Sale Procedures Order.  *See* Red Tree Brief in Support of Motion [D.I. 484] at 10.

---

[1] Capitalized terms used but not otherwise defined herein shall bear the respective meanings ascribed to such terms in the Sale Procedures Order [D.I. 481].

The Honorable Leonard P. Stark
December 6, 2022
Page 2

For the avoidance of doubt, the Special Master believes that the composition of the Sale Process Parties is a matter that should be determined by the existing Sale Process Parties and the Court. However, to the extent that adding Red Tree as a Sale Process Party requires modification of the entered Sale Procedures Order, the Special Master believes that doing so is not required to protect Red Tree's interests as a creditor of the Republic.

Furthermore, the Special Master does not take any position with respect to Red Tree's and Crystallex and the Venezuela Parties' conflicting positions on reimbursement of the Special Master's fees and expenses. The Special Master notes, however, that the Sale Procedures Order provides that "in the event any Additional Judgment Creditor becomes obligated to pay a portion of the Transaction Expenses pursuant to this Order, the Special Master shall meet and confer with the Sale Process Parties to determine such Additional Judgment Creditor's share of the reimbursement obligation." Sale Procedures Order ¶ 15. Accordingly, the Sale Procedures Order vests the Special Master with discretion—in consultation with the Sale Process Parties—to determine the reimbursement obligation of any Additional Judgment Creditor added to the sale process.

Finally and for completeness of the record, the Special Master wishes to clarify the nature of his counsel's communications with Red Tree. In Red Tree's Declaration in Support of the Motion [D.I. 485] (the "**Declaration**"), Red Tree asserts that "[o]n October 26, 2022, counsel for the Special Master informed me that the Special Master does not object to Red Tree moving the Court to amend the Sale Procedures Order to add Red Tree as a party." Declaration ¶ 5. In conversation with Red Tree's counsel regarding its interest in becoming a Sale Process Party, counsel to the Special Master did not state that the Special Master would not object to modification of the Sale Procedures Order to add Red Tree as a Sale Process Party. Rather, the Special Master's counsel informed Red Tree's counsel that the Special Master would not submit a motion on Red Tree's behalf—as Red Tree requested—and, instead, that Red Tree was free to seek such relief from the Court itself, but for the reasons set forth above, the Special Master believed that modification of the Sale Procedures Order was unwarranted.

Respectfully,

*/s/ Myron T. Steele*

Myron T. Steele (#00002)
*Counsel for Special Master*
*Robert B. Pincus*

MTS:nmt/10472472/21202.00001

Enclosures
cc:    All Counsel (via CM/ECF)