# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

---

CRYSTALLEX INTERNATIONAL CORP.,  )
                                 )
      Plaintiff,              )
                                 )
v.                               )   Misc. No. 17-151-LPS
                                 )
BOLIVARIAN REPUBLIC OF VENEZUELA,)
                                 )
      Defendant.              )

---

### RESPONSE TO VENEZUELA PARTIES' MOTION FOR AN ORDER DIRECTING THE SPECIAL MASTER TO PERMIT COUNSEL'S ATTENDANCE AT MEETINGS WITH THE UNITED STATES GOVERNMENT

Pursuant to the Court's Oral Order (D.I. 500), the Special Master hereby submits this Response to Venezuela Parties' Motion For An Order Directing The Special Master To Permit Counsel's Attendance At Meetings With The United States Government (D.I. 499) (the "***Motion***").

### PRELIMINARY STATEMENT

1. On October 7, 2022, this Court entered an order (D.I. 480-1) (the "***Sale Procedures Order***") directing the Special Master to, among other things, "solicit and attempt to gain clarity or guidance from [OFAC] of its support for (or non-opposition to), the launch of the Marketing Process by the Special Master, the viability of the Marketing Process, and any additional feedback or guidance that the Special Master believes will more likely result in a value-maximizing Sale Transaction." Sale Procedures Order ¶ 3.[1] Nothing in the Sale Procedures Order, which was litigated by the parties for more than a year and entered by the Court more than three months ago, requires or even implies that any Sale Process Party be permitted to attend such discussions. In

---

[1] Capitalized terms used and not defined herein shall bear the meanings ascribed to such terms in the Sale Procedures Order.

fact, the Special Master has previously had several meetings with parties, including OFAC, on an *ex parte* basis in its role to enforce the Court's judgment—as opposed to making a determination on the merits—all with the support of, and without any objection by, the Sale Process Parties. Nevertheless, on the eve of the Special Master's meeting with OFAC, the Venezuela Parties now demand that the Special Master permit them to attend the meeting, raising inapposite ethics concerns that this Court has already considered and rejected. This last-minute demand is yet another effort by the Venezuela Parties to delay the Court's process. The Court should deny the Motion for the reasons set forth below.[2]

## ARGUMENT

2.  As an initial matter, the Venezuela Parties' objection rests entirely on the premise that any *ex parte* communications between the Special Master and OFAC would violate Canon 3A(4) of the Code of Conduct for United States Judges (the "***Code of Conduct***"). That premise is unfounded. Canon 3A(4) contains several enumerated exceptions, one of which is that a judge (or a special master, as applicable) may "initiate, permit, or consider ex parte communications as authorized by law." Code of Conduct Canon 3A(4)(a). That exception applies here because the Federal Rules of Civil Procedure, which "are binding upon the court and parties alike, with fully the force of law," *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 844 (6th Cir. 2020); *see* 28 U.S.C. § 2072(a), permit courts to dictate "the circumstances, if any, in which [a] master may communicate ex parte with the court or a party," Fed. R. Civ. P. 53(b)(2)(B). The Court already

---

[2] The Special Master advises the Court that he and his Advisors fully intend to meet with representatives of the Executive Branch, including OFAC, on January 12, 2023 as currently planned and, barring an order from this Court to the contrary, do not intend to invite the Venezuela Parties or any other Sale Process Party to the meeting. The Special Master will comply with his obligations as set forth in the Sale Procedures Order unless and until those obligations are modified by the Court.

exercised that authority in its order of May 27, 2021 regarding the Special Master (D.I. 277) (the "***May 27 Order***") and, pursuant to the Sale Procedures Order, has further directed the Special Master to engage in discussions with OFAC regarding the sale process without requiring that any party be present. *See* May 27 Order ¶ 8; Sale Procedures Order ¶ 3. Accordingly, such communications are "authorized by law" and hence are entirely consistent with the Code of Conduct.

3.  Even if that exception to Canon 3A(4) did not apply (it does), the Venezuela Parties' invocation of "judicial norms of impartiality," Motion at 2, is entirely misplaced in the context of these proceedings. Unlike *In re Kensington International Ltd.*, 368 F.3d 289 (3d Cir. 2004), on which the Venezuela Parties heavily rely, this is not a case in which there is a risk that *ex parte* communications may improperly influence the Court as it resolves issues on the merits. Rather, this is a case in which a judgment (indeed, several judgments) have already been entered against the Republic, and the Court has appointed the Special Master "to assist the Court with the sale of PDVSA's shares in PDVH . . . as necessary to satisfy the outstanding judgment of Crystallex and the judgment of any other judgment creditor added to the sale by the Court." Sale Procedures Order at 2. There is no principle of judicial ethics requiring the Court's Special Master to not take actions, or even advocate, to enforce the Court's own judgment and those of other courts, of which the Special Master's engagement with OFAC is a part. Simply put, the Special Master's role in this matter is to assist the Court in overseeing and implementing the sale process so that the outstanding judgments against the Republic may be satisfied to the greatest extent possible. The Court has already decided the merits of the claims against the Republic, entered an order approving the process by which those judgments are to be satisfied, and directed the Special Master to execute the implementation of that process. Taking such steps as are necessary to

achieve that result is not a breach of any purported duty of judicial impartiality. Furthermore, the Special Master's task, per the Sale Procedures Order, is to implement the Court's decisions with respect to execution on judgments against the Republic as a defaulting judgment-debtor. Engaging with OFAC is how the Special Master accomplishes that express direction of the Court.

4. Moreover, the Sale Procedures Order was extensively litigated by the parties and the Special Master over more than a year and has long contemplated that the Special Master would directly engage OFAC. Indeed, the Venezuela Parties already objected to the Special Master's proposed outreach to OFAC, arguing that "federal courts do not advocate to the Government on behalf of particular parties or for particular outcomes in regulatory determinations affecting those parties—here, to authorize a sale that Crystallex desires but that the Republic opposes." Venezuela Parties' Objections to Special Master's Proposed Order at 21 (D.I. 354). The Special Master's understanding is that the Court considered and overruled that objection. *See* Opinion of March 2, 2022 at 17 (D.I. 443) ("After carefully considering the positions of the Sale Process Parties and the Special Master, which have been thoroughly briefed and argued, the Court has concluded that . . . the Special Master [shall] use his best efforts to obtain guidance from OFAC . . . expressing OFAC's view of the process and the likelihood that it will issue a specific license for a sale to close."). In the Special Master's judgment, the Court approved the Sale Procedures Order to authorize direct correspondence with OFAC without any express requirement to involve the Sale Process Parties in every engagement. Therefore, the Court should not permit the Venezuela Parties to revive this long-overruled objection under the guise of an ethics concern, and least of all on the eve of a long-scheduled meeting and under the false pretenses of a self-created emergency.

5. In the Special Master's judgment, having interacted with the Venezuela Parties over the last year and a half, this Motion represents another attempt by the Venezuela Parties to interfere

4

with and delay the sale process. Although the Venezuela Parties make much of their request "only to observe and listen" to the Special Master's meeting with OFAC, Motion at 4, it is undeniable that the mere presence of the Venezuela Parties would influence the discussions and would undermine the core purpose of the meeting—namely, to solicit OFAC's unencumbered views on the sale process, hear the Special Master's perspective on why OFAC cooperation with the Court's order is appropriate and necessary, and ascertain whether OFAC will issue a license or otherwise authorize the sale of the PDVH shares. Representatives of OFAC can hardly be expected to engage in frank, unguarded discussions with the Special Master regarding their thoughts on the sale process with representatives of a foreign government-debtor listening in on the conversation. And in fact, the Special Master is already in receipt of a letter from the Department of Justice, attached hereto as **Exhibit A**, noting that "depending on how the pending motion is resolved . . . it may be necessary to revise the meeting parameters or participants for our planned meeting." As this letter demonstrates, the Venezuela Parties' presence will only chill discussion and further impair the Special Master's efforts to carry out his duties in accordance with the Sale Procedures Order.

6. Indeed, for this very reason, it has been the Special Master's practice to meet with representatives of the Executive Branch and other parties involved in this matter without any of the Sale Process Parties present. As the Venezuela Parties are aware, such meetings have been held on several occasions, including on June 10, July 12, and September 17, 2021. The Venezuela Parties were informed of these meetings and their substance, yet they never once objected to their occurrence nor demanded an order from the Court compelling their attendance. The Venezuela Parties' current opposition to *ex parte* conversations between the Special Master and the Executive Branch is therefore belied by the position that the Venezuela Parties have taken to date, which has

been that it suffices for the Special Master to keep the Venezuela Parties informed of any such discussions.

7.      Finally, notwithstanding that the upcoming meeting between the Special Master and OFAC has been anticipated by the parties for well over a year, that the Sale Procedures Order was entered more than three months ago, and that on Friday, December 30, 2022 (not "last week," as the Venezuela Parties suggest, Motion at 4), the Special Master personally informed counsel to the Venezuela Parties of the date of the meeting and rejected counsel's request to attend the meeting, the Venezuela Parties waited until January 9, 2023—just three days before the meeting was scheduled to take place—to file their Motion demanding that they be permitted to attend. The Court should not reward this self-created emergency and derail the Special Master's meeting with OFAC at the eleventh hour. Rather, the Court should permit the meeting to proceed as contemplated by the Sale Procedures Order.

## CONCLUSION

8.      For the reasons set forth above, the Court should deny the Motion.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Ray C. Schrock, P.C. (Admitted *pro hac vice*)<br>Alexander W. Welch (Admitted *pro hac vice*)<br>Chase A. Bentley (Admitted *pro hac vice*)<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007<br>Ray.Schrock@weil.com<br>Alexander.Welch@weil.com<br>Chase.Bentley@weil.com<br><br>Dated: January 10, 2023<br>10541097 | POTTER ANDERSON & CORROON LLP<br><br>*/s/ Myron T. Steele*<br>Myron T. Steele (#00002)<br>Matthew F. Davis (#4696)<br>Bindu A. Palapura (#5370)<br>Abraham Schneider (#6696)<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>P.O. Box 951<br>Wilmington, DE 19801<br>Telephone: (302) 984-6000<br>Facsimile: (302) 658-1192<br>msteele@potteranderson.com<br>mdavis@potteranderson.com<br>bpalapura@potteranderson.com<br>aschneider@potteranderson.com<br><br>*Counsel for Special Master Robert B. Pincus* |