IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>    Defendant. | C.A. No. 17-151-LPS |

**CRYSTALLEX INTERNATIONAL CORPORATION'S RESPONSE TO
VENEZUELA PARTIES' MOTION TO PERMIT ATTENDANCE
AT MEETINGS WITH THE UNITED STATES GOVERNMENT**

OF COUNSEL:

Robert L. Weigel
Jason W. Myatt
Rahim Moloo
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York  10166
Tel: (212) 351-4000
Fax: (212) 351-4035

Miguel A. Estrada
Lucas C. Townsend
Adam M. Smith
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Tel: (202) 955-8500
Fax: (202) 467-0539

Dated: January 10, 2023

Raymond J. DiCamillo (#3188)
Jeffrey L. Moyer (#3309)
Travis S. Hunter (#5350)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware  19801
Tel:  (302) 651-7700
Fax:  (302) 651-7701

*Attorneys for Plaintiff*

This Court's Sale Procedures Order directs the Special Master to "solicit and attempt to gain clarity of guidance from the United States Department of the Treasury's Office of Foreign Assets Control ('OFAC') of its support for (or non-opposition to), the launch of the Marketing Process by the Special Master, the viability of the Marketing Process, and any additional feedback or guidance that the Special Master believes will more likely result in a value-maximizing Sale Transaction."  D.I. 481 ¶ 3.  Pursuant to that instruction, the Special Master has scheduled a meeting with Executive Branch representatives on January 12, 2023.  The Sale Procedures Order plainly contemplates that the Special Master would have direct, one-on-one conversations with the government and report the government's views to the Court.  That approach falls well within the bounds of the judicial ethics code, and the Special Master appropriately rebuffed the Venezuela Parties' request to attend the Special Master's meetings with the government.  The Venezuela Parties' motion should be denied.

Although Crystallex opposed requiring the Special Master to solicit OFAC's views before proceeding with the sale procedures, *see* D.I. 409 at 24-25, this Court chose to follow that approach in issuing the Sale Procedures Order, directing the Special Master to "solicit" "feedback and guidance" from OFAC regarding the Marketing Process, D.I. 481 ¶ 3.  Having embarked on this course, the Court should not permit counsel for parties to chill the Special Master's discussions with the government by introducing additional participants with their own agendas into the mix—particularly counsel for Venezuela, the party that has attempted to delay and multiply proceedings at every step over many years.  Indeed, permitting any counsel to observe the Special Master's meetings with the government will destroy whatever value may be derived from the Special Master approaching OFAC directly.  The Venezuela Parties purport to disavow any interest in "participating in" the conversation, D.I. 499 at 3, but nothing can stop counsel for the Venezuela

1

Parties—once allowed into the room—from offering their self-interested views on how the process has proceeded or will proceed. There is nothing to be gained from permitting that result. And the Venezuela Parties' concerns about preserving their ability to "adequately respond" to the government's views lack merit, *id.* at 9, because the Venezuela Parties may themselves "seek an *ex parte* meeting with the Executive Branch as private parties" to obtain the government's views about the Marketing Process, *id.* at 7. Each party remains free to request whatever meeting it deems advisable with OFAC.

Nor can the Venezuela Parties force their way into the Special Master's conversation with OFAC by invoking judicial ethics. Canon 3(A)(4)(a) of the Code of Conduct for United States Judges expressly permits a judge to "initiate, permit, or consider ex parte communications as authorized by law." Federal Rule of Civil Procedure 53(b)(2)(B), in turn, expressly provides that authorization by permitting this Court, in appointing a special master, to specify "the circumstances . . . in which the master may communicate ex parte with the court or any party." This Court's appointment order did just that, broadly authorizing ex parte communications: "The Special Master may communicate ex parte with the Court, any Party, any Party's attorneys, ConocoPhillips, and ConocoPhillips' attorneys at the Special Master's discretion as necessary to carry out his duties." D.I. 277 ¶ 8. If that were not enough, the Special Master has met with OFAC and other Executive Branch officials throughout the process of developing the Sale Procedures Order without the Venezuela parties making any objection to this Court. *See* D.I. 285, at 2; D.I. 297, at 2; D.I. 303, at 20-21; D.I. 381, at 2. And consistent with that practice, the Sale Procedures Order expressly authorized communication with OFAC. Thus even assuming *arguendo* that a representative of the Court communicating with another representative of the U.S. government can be considered "ex parte" contact when the government is not a party in the litigation, the Sale

Procedures Order authorized that contact, as permitted by the Federal Rules. That was entirely proper. The purpose of ex parte communications rules is to ensure that decisions are "not influenced by private, off-the-record communications *from those personally interested in the outcome*." *Raz Inland Navigation Co. v. I.C.C.*, 625 F.2d 258, 260 (9th Cir. 1980) (emphasis added). If the Court may permit the Special Master to communicate ex parte with the *parties* (who have the greatest stake in the outcome), then it must be able to permit the Special Master to solicit the legal views of a coordinate branch of government which is not even a party to the litigation.

Were there any doubt, moreover, Canon 3(A)(4)(c) dispels it. That canon further permits a judge to "obtain the written advice of a disinterested expert on the law," "after giving advance notice to the parties of the person to be consulted and the subject matter of the advice and affording the parties reasonable opportunity to object and respond to the notice and to the advice received." Code of Conduct Canon 3(A)(4)(c). The Venezuela Parties have long been on notice that the Special Master would be consulting OFAC for its views on the Marketing Process, and they will have a meaningful opportunity to object and respond to the Special Master's "Supplemental Report . . . to the Court" based on his discussions with OFAC. D.I. 481 ¶ 3 (providing parties "the opportunity to object to the Special Master's recommendations in the Supplemental Report").

Accordingly, Crystallex respectfully requests that this Court deny the Venezuela Parties' motion to attend the Special Master's meetings with the federal government.

3

|  |  |
|---|---|
| OF COUNSEL:<br><br>Robert L. Weigel<br>Jason W. Myatt<br>Rahim Moloo<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, New York  10166<br>(212) 351-4000<br><br>Miguel A. Estrada<br>Lucas C. Townsend<br>Adam M. Smith<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C.  20036<br>Tel: (202) 955-8500<br>Fax: (202) 467-0539<br><br><br>Dated:  January 10, 2023 | */s/ Jeffrey L. Moyer*<br>Raymond J. DiCamillo (#3188)<br>Jeffrey L. Moyer (#3309)<br>Travis S. Hunter (#5350)<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware  19801<br>(302) 651-7700<br>dicamillo@rlf.com<br>moyer@rlf.com<br>hunter@rlf.com<br><br>*Attorneys for Plaintiff* |