IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CRYSTALLEX INTERNATIONAL CORP., | : | |
| Plaintiff, | : | |
| v. | : | Misc. No. 17-151-LPS |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | : | |
| Defendant. | : | |

**MEMORANDUM ORDER**

Having reviewed the Venezuela Parties' Motion for an Order Directing the Special Master to Permit Counsel's Attendance at Meetings with the United States Government (D.I. 499), as well as the filings associated with the motion (D.I. 502, 503, 504, 505), IT IS HEREBY ORDERED that the motion (D.I. 499) is **DENIED**.[1]

1.      The Court agrees with essentially all of the reasons for denying the motion set out in the opposition briefs filed by the Special Master (D.I. 503) and Crystallex (D.I. 504). In particular, the Venezuela Parties' motion was filed far too late. As the Special Master explains, the Court has contemplated for many months that the Special Master would pursue an *ex parte* meeting with representatives of the United States Government, for reasons that are well-known to the Sale Process Parties, including the Venezuela Parties. The Court considered the Venezuela Parties' objections to such interactions between the Special Master and the United States and overruled them. To the extent any of the Venezuela Parties' arguments and

---

[1] As used throughout this Order, any capitalized terms not defined herein have the meaning set out in the Sale Procedures Order (D.I. 481).

authorities have not previously been presented to and considered by the Court, the Venezuela Parties' reliance on them now – in an effort to interfere with a meeting that they have known about for 10 days, and which they asked the Court to rearrange just three days before it was to occur – simply comes too late.

2.  Additionally, the Special Master has had previous *ex parte* interactions with OFAC, as the Venezuela Parties have known, since at least the time of the first meeting in or around June 2021, more than 18 months ago. (*See* D.I. 297 at 3) The Venezuela Parties have not raised any concerns with the Court about these specific *ex parte* interactions. They provide no persuasive basis for the Court to suddenly find such efforts by the Special Master – taken pursuant to an express direction the Court provided in the Sale Procedures Order – are now improper.[2]

3.  The Court also emphasizes that since it appointed the Special Master, by order dated May 27, 2021, *ex parte* interactions have been expressly permitted and contemplated, and **consented to**, in the unusual and highly challenging post-judgment circumstances presented by this long-running and enormously contentious litigation. This includes, but is not limited to, *ex parte* interactions between the Special Master and OFAC, which have occurred on multiple occasions, as Crystallex (D.I. 504 at 2) and the Special Master (D.I. 503 at 5) point out. It also includes *ex parte* interactions between the Special Master and the Sale Process Parties and between the Special Master and the Court. (*See* D.I. 277 (May 27 Order) ¶ 8 ("The Special

---

[2] The Venezuela Parties take issue with what they characterize as the Special Master's intention to engage in *ex parte* "'advocacy'" before government officials. (D.I. 505 at 3) (citing D.I. 503 at 3) The Court understands the Special Master to mean he will "advocate" (if that word even has applicability here) for the enforcement of the Court's orders, consistent with his previous efforts (*see, e.g.*, D.I. 303 ¶¶ 39-41), and as the Court expressly contemplated and authorized him to do in aid of allowing the Court to fulfill its judicial duties (*see, e.g.*, D.I. 481 ¶ 4).

Master may communicate *ex parte* with the Court, any Party, any Party's attorneys, ConocoPhillips, and ConocoPhillips' attorneys at the Special Master's discretion as necessary to carry out his duties."); D.I. 409 at 263-64 ("I further want to reiterate, we all know this, but the May 27th order contemplates and permits *ex parte* discussions with the Special Master. I have had *ex parte* discussions with the Special Master, and I expect I may have more after today."); D.I. 443 at 4 n.7 ("The parties are reminded that the Court may meet, has met, and expects to continue to meet *ex parte* with the Special Master.") (citing D.I. 277 ¶ 8))

      IT IS FURTHER ORDERED that the teleconference scheduled for today at 3:30 p.m. is CANCELLED.

January 11, 2023  
Wilmington, Delaware

                                      HONORABLE LEONARD P. STARK  
                                      UNITED STATES DISTRICT COURT