**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CRYSTALLEX INTERNATIONAL CORP., Plaintiff, v. BOLIVARIAN REPUBLIC OF VENEZUELA, Defendant. | ) | C.A. No. 1:17-mc-00151-LPS |

**THE VENEZUELA PARTIES' MOTION TO STAY**
**PENDING THE RESOLUTION OF THEIR FORTHCOMING MANDAMUS PETITION**

The Venezuela Parties respectfully move to stay the Special Master's participation in these proceedings, including the preparation or submission of the Supplemental Report due April 30, 2023, pending resolution of their forthcoming petition for a writ of mandamus.

**NATURE AND STAGE OF THE PROCEEDINGS**

On January 20, 2023, the Venezuela Parties moved to disqualify the Special Master based on his *ex parte* communications with, and advocacy before, the Executive Branch in a January 12 meeting. *See* D.I. 509. This Court held a hearing on that motion on March 30, 2023 and denied the motion in a bench ruling that same day. D.I. 538. The Special Master's Supplemental Report based on his January 12 meeting is due April 30, 2023. *Id.*

**ARGUMENT**

The Venezuela Parties intend to file a petition for a writ of mandamus with the Third Circuit concerning this Court's denial of their motion to disqualify the Special Master and a motion for a stay of the Special Master's further participation in this case pending the resolution of that petition. A party seeking a stay pending the resolution of a mandamus petition, however, ordinarily must

first move for such relief in the district court before requesting a stay from the court of appeals. *See* Fed. R. App. P. 8(a). The Venezuela Parties believe that the factors this Court considers in deciding whether to issue a discretionary stay weigh in favor of staying the Special Master's further participation in this case until the Third Circuit can resolve whether to grant the mandamus petition. Those factors are: (1) whether the stay applicant has "a reasonable chance, or probability, of winning mandamus relief"; (2) whether the applicant "would suffer irreparable injury absent a stay"; (3) "whether a stay would substantially injure the [other parties interested in the proceeding]" and (4) "where the public interest lies." *In re Citizens Bank, N.A.*, 15 F.4th 607, 615–16 (3d Cir. 2021) (internal quotation marks omitted).

First, for the reasons explained in their briefing on the motion to disqualify, the Venezuela Parties, at a bare minimum, have a reasonable chance of obtaining mandamus relief based on the Special Master's *ex parte* communications and advocacy, which were neither untimely nor waived under Third Circuit precedent. *See* D.I. 509 at 3–4, 6–13; D.I. 515 at 2–5, 7–10; D.I. 524 at 1–5; D.I. 533 at 1–5. A party has " a clear and indisputable right to relief" whenever a "judicial officer's impartiality might reasonably be questioned," including when he "has personal knowledge of disputed evidentiary facts," *In re Brooks*, 383 F.3d 1036, 1041 (D.C. Cir. 2004) (internal quotation marks omitted), and "interlocutory review of disqualification issues on petitions for mandamus is both necessary and appropriate," as "review after final judgment . . . cannot cure the . . . harm to public confidence" from a "tainted" judicial officer. *In re Sch. Asbestos Litig.*, 977 F.2d 764, 776–78 (3d Cir. 1992).

Second, the Venezuela Parties will suffer irreparable injury unless the Special Master's participation is stayed during the pendency of the resolution of the mandamus petition, because "[w]hen the relief sought is recusal of a disqualified judicial officer, [ ] the injury suffered by a

party required to complete judicial proceedings overseen by that officer is by its nature irreparable." *Cobell v. Norton*, 334 F.3d 1128, 1139 (D.C. Cir. 2003). Moreover, if the Special Master submits a supplemental report tainted by his lack of impartiality, and the Court adopts a recommendation in that tainted report to launch the sale process, then the consequences to the recognized government of Venezuela would likely be severe and irreparable. As the United States has explained, "authoriz[ing] Crystallex to take further steps toward a forced sale" of the shares "would be greatly damaging" to the Venezuelan government, "and perhaps beyond recuperation." D.I. 212 at 12.

Third, the public interest likewise favors a stay. Allowing the Special Master to continue to operate while the mandamus petition is pending would undermine "the public's confidence in the judiciary, which may be irreparably harmed if a case is allowed to proceed before a [judicial officer] who appears to be tainted." *Sch. Asbestos*, 977 F.2d at 776.

Finally, Crystallex's attachment of the PDVH shares and its ability to seek post-judgment interest protect it against any potential delay in recovering on its judgment, which in any event is speculative because OFAC regulations prevent any execution sale from closing without a specific license, which Crystallex does not have. *See* Exec. Order No. 13850, 83 Fed. Reg. 55243 (Nov. 1, 2018); 31 C.F.R. § 591.202(a), (e). And any harm Crystallex may suffer is outweighed by the other factors.

**CONCLUSION**

For the foregoing reasons, the Republic, PDVSA, PDVH, and CITGO respectfully request that the Court stay the Special Master's participation in this case pending determination of the Venezuela Parties' forthcoming Petition for a Writ of Mandamus.

April 4, 2023

Respectfully submitted,

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Kenneth J. Nachbar*
Kenneth J. Nachbar (#2067)
Alexandra M. Cumings (#6146)
1201 North Market Street
Wilmington, DE 19801
(302) 658-9200
KNachbar@morrisnichols.com
ACumings@morrisnichols.com

*Attorneys for PDV Holding, Inc., and CITGO Petroleum Corporation*

OF COUNSEL:

Nathan P. Eimer
Lisa S. Meyer
Daniel D. Birk
Greg Schweizer
Emily Sullivan
EIMER STAHL LLP
224 South Michigan Avenue
Suite 1100
Chicago, IL 60604
(312) 660-7600
NEimer@eimerstahl.com
LMeyer@eimerstahl.com
DBirk@eimerstahl.com
GSchweizer@eimerstahl.com
ESullivan@eimerstahl.com

HEYMAN ENERIO GATTUSO & HIRZEL LLP

*/s/ Samuel Taylor Hirzel, II*
Samuel Taylor Hirzel, II (#4415)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
shirzel@hegh.law

*Attorney for Petróleos de Venezuela, S.A.*

OF COUNSEL:

Joseph D. Pizzurro
Kevin A. Meehan
Juan O. Perla
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178
(212) 696-6000
jpizzurro@curtis.com
kmeehan@curtis.com
jperla@curtis.com

ABRAMS & BAYLISS LLP

<u>*/s/ Stephen C. Childs*</u>
A. Thompson Bayliss (#4379)
Stephen C. Childs (#6711)
20 Montchanin Road, Suite 200
Wilmington, DE 19807
(302) 778-1000
bayliss@abramsbayliss.com
childs@abramsbayliss.com

*Attorneys for Bolivarian Republic of Venezuela*

OF COUNSEL:

Donald B. Verrilli, Jr.
Elaine J. Goldenberg
Ginger D. Anders
Brendan B. Gants
Munger, Tolles & Olson LLP
601 Massachusetts Avenue NW
Suite 500 E
Washington, D.C. 20001
(202) 220-1100
Donald.Verrilli@mto.com

George M. Garvey
Munger, Tolles & Olson LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100
George.Garvey@mto.com