

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

Myron T. Steele
Senior Counsel
Attorney at Law
msteele@potteranderson.com
302 984-6030 Direct Phone

April 6, 2023

**BY HAND DELIVERY & CM/ECF**

The Honorable Leonard P. Stark
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801-3570

      Re:    *Crystallex International Corp. v. Bolivarian Republic of Venezuela*,
              D. Del. C.A. No. 1:17-mc-00151-LPS

Dear Judge Stark:

Pursuant to the Court's instructions during the hearing held on March 30, 2023 (the "**March 30 Hearing**"), I write to submit this joint status report (this "**Joint Status Report**") on behalf of Special Master Robert B. Pincus (the "**Special Master**"), as well as Crystallex, the Venezuela Parties, and ConocoPhillips (collectively, the "**Sale Process Parties**," and each a "**Sale Process Party**") in the above-referenced matter. Consistent with the Court's instructions, the Special Master consulted with the Sale Process Parties regarding the contents of this Joint Status Report.[1]

## Joint Statement

During the March 30 Hearing, the Court (i) directed the Special Master and the Sale Process Parties to meet and confer, and (ii) directed the Special Master to submit, by no later than by April 6, 2023, this Joint Status Report setting out the Special Master's and the Sale Process Parties' respective positions, if any, on regular, ex parte meetings between the Court and the Special Master (the "**Ex Parte Meetings**"), and any limitations or precautions around such meetings.

On April 5, 2023, representatives of the Special Master and the Sale Process Parties met and conferred to discuss the Court's instructions as set forth at the March 30 Hearing. Following such discussions, the Special Master and the Sale Process Parties have agreed to submit this Joint Status Report.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the *Sixth Revised Proposed Order (A) Establishing Sale and Bidding Procedures, (B) Approving Special Master's Report and Recommendation Regarding Proposed Sale Procedures Order, (C) Affirming Retention of Evercore as Investment Banker by Special Master, and (D) Regarding Related Matters* [D.I. 481].

The Special Master advised that the Ex Parte Meetings have been occurring since the Special Master's appointment and are appropriate, authorized by law and the Court's orders, and that the cost of such a process outweighed the benefit of producing an agenda or documentation of the meetings, including by way of recorded minutes or any formal transcript or summary report to be delivered to any parties.  Crystallex and ConocoPhillips espoused similar positions.  Of course the Special Master serves at the Court's discretion and will follow whatever procedure is directed by the Court.  In the event the Court wishes to implement any procedures on a temporary or permanent basis, the Special Master would suggest that the Special Master circulates an agenda of topics covered to the Sale Process Parties following an Ex Parte Meeting, which process should not be a significant cost outlay in the context of this overall process.

The Venezuela Parties, however, take the position that there should be no Ex Parte Meetings until the resolution of the *Venezuela Parties' Motion to Stay Pending the Resolution of their Forthcoming Mandamus Petition* [D.I. 540] (the "**Stay Motion**").  The Venezuela Parties also noted that they intend to petition for writ of mandamus regarding the Court's order denying the disqualification of the Special Master, that they will seek a stay in the Court of Appeals if necessary, and that, under the circumstances, no Ex Parte Meetings should occur unless the mandamus petition is finally denied.  The Venezuela Parties maintain that, among other things, this would ensure that any mandamus relief the Venezuela Parties secure would not impact the Court itself.  The Venezuela Parties further take the position that, even if the Stay Motion or writ of mandamus is denied, or the Court otherwise permits the Ex Parte Meetings to go forward pending the outcome of the Stay Motion, all of the Sale Process Parties should be permitted to attend the Ex Parte meetings.  In the event the Court rejects such request for attendance, the Venezuela Parties request that (i) prior to each Ex Parte Meeting, the Special Master circulates a proposed agenda to the Sale Process Parties, and (ii) a transcript of each Ex Parte Meeting is recorded and, following each meeting, circulated under seal to the Court, the Special Master, and the Sale Process Parties.  If the Court decides against having a transcript that is available to the Sale Process Parties, the Venezuela Parties request that a transcript of the Ex Parte Meeting be created and filed under seal generally and that the Special Master prepare and circulate a summary of what was discussed at the Ex Parte Meeting to the Sale Process Parties as soon as practicable afterwards.

The Special Master disagrees with the Venezuela Parties' suggestions, as does Crystallex and ConocoPhillips.

Crystallex and ConocoPhillips note that the Court has ordered the parties to the alter ego creditors' cases (e.g., 1:19-mc-00290, 1:20-mc-00257, 1:21-mc-00046, 1:22-mc-00156, 1:21-mc-00481, 1:22-mc-00453), no later than 7 days after the Supplemental Report is filed in Crystallex, to submit a joint status report with a proposed briefing schedule regarding the formal addition of judgments under the terms of the Sale Procedures Order and to include the Sale Process Parties' views and Red Tree's view on that issue in their joint status report.  Crystallex and ConocoPhillips request that, to the extent the Court sets a briefing schedule in those cases, an identical schedule shall apply to the Sale Process Parties for briefing that issue.  ConocoPhillips separately requests the Court to order that briefing addresses, in addition to the issue of the addition of judgments, the issue of ranking or indicative priority of creditors.  The Venezuela Parties believe that Crystallex's and ConocoPhillips' requests should be raised in the joint status report submitted in the alter ego cases and addressed by the Court at that time.

The Special Master is not aware of any positions contrary to the positions stated in this Joint Status Report that have not already been ruled on by the Court. The Special Master has informed the Sale Process Parties that if they have any views different from those stated in this Joint Status Report, they should make the Court aware.

                Respectfully,

                */s/ Myron T. Steele*

                Myron T. Steele (#00002)

                *Counsel for Special Master*
                *Robert B. Pincus*

MTS:nmt/10732722

cc:    All Counsel (via CM/ECF)