# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

---

CRYSTALLEX INTERNATIONAL CORP., )
)
      Plaintiff, )
)
v. )   Misc. No. 17-151-LPS
)
BOLIVARIAN REPUBLIC OF VENEZUELA, )
)
      Defendant. )

---

## SPECIAL MASTER'S OPPOSITION TO
## THE VENEZUELA PARTIES' MOTION TO STAY PENDING THE RESOLUTION OF THEIR FORTHCOMING MANDAMUS PETITION

The Special Master hereby submits this Opposition to the *Venezuela Parties' Motion to Stay Pending the Resolution of Their Forthcoming Mandamus Petition* (D.I. 540).[1]

This Court should deny the motion for a stay. For years, the Venezuela Parties have refused to pay Crystallex a $1.2 billion judgment. A stay, at this time, would delay enforcement even further and likely cause the parties, including Crystallex, to incur substantial additional expenses. The Special Master respectfully submits that this Court correctly denied the disqualification motion, that the Venezuela Parties cannot establish a likelihood of success on a mandamus petition, and that the Venezuela Parties have failed to introduce evidence that they will suffer irreparable harm in the absence of a stay. The Special Master writes to emphasize how a stay would disrupt his work and harm the public interest in the prompt enforcement of judgments.

In April 2021, this Court determined that "more detailed procedures would need to be established" to execute the sale of PDVSA's shares in PDVH, and appointed the Special Master

---

[1] Capitalized terms used and not otherwise defined herein shall bear the meanings ascribed to such terms by the Sale Procedures Order (D.I. 481).

1

"to assist with the sale of PDVSA's shares of PDVH to satisfy Crystallex's judgment" and "oversee the design and implementation of detailed sales procedures." D.I. 258. Thus, at this stage, the only way for this case to efficiently move forward toward resolution is for the Special Master to design and recommend a sale process. The Special Master has already expended substantial time and effort meeting and conferring with the parties and the U.S. Government, evaluating CITGO's financial performance, analyzing the current state of the oil and gas industry and the relevant markets, assessing when to launch the sale process, and preparing a report memorializing his recommendations. Declaration of Robert B. Pincus ¶ 3 (Apr. 18, 2023) ("**Pincus Decl.**"). The report-writing process is almost done, and the Special Master is on track to submit it for the Court's consideration on or before April 30, 2023. *Id.* ¶ 4. Further, the Special Master has now received input from the U.S. Government, which will be factored into the Special Master's report, and while the Special Master does not intend to engage with the parties regarding the substance of the report during the drafting process, the parties will have the opportunity to review and respond to the report when it is filed. *See id.* ¶ 4; D.I. 481 ¶ 3.

First, if the Court were to grant the stay and suspend the Special Master's participation in this case, the Special Master's efforts would effectively grind to a halt until the Third Circuit rules on the Venezuela Parties' mandamus petition. That would stop the Special Master's ongoing efforts "to assist with the sale of PDVSA's shares of PDVH to satisfy Crystallex's judgment," D.I. 258 ¶ 1, and thus stop the Special Master from performing the very job this Court appointed him to do. Moreover, a stay would come at a particularly inopportune time, as the Special Master is on the cusp of issuing his report.

Second, a stay could affirmatively set back the Special Master's efforts. Specifically, if the Third Circuit were to deny the mandamus petition and permit the Special Master to continue his

work after the stay had been in place for a material amount of time, the Special Master and his advisors would need to re-do a substantial amount of work that they have already completed. Pincus Decl. ¶ 5. Among other things, the Special Master may need to work with the advisory firm to reevaluate CITGO's financial performance and refresh the market analysis, reconvene with the U.S. Government to understand whether its input remains applicable, and redraft his report to reflect the then-current market conditions and political landscape. *Id.* Those updates would require the Special Master and his advisors to incur significant additional attorneys' fees and costs. *Id.* In as much as Crystallex, ConocoPhillips, and the Venezuela Parties are collectively responsible for paying the Special Master's fees and costs, all these parties would be forced to incur additional expenses as a result of the delay. *See id.*; D.I. 277 ¶ 14; D.I. 481 ¶ 47.

"The public has an interest in the enforcement of judgments." *State Farm Mut. Auto. Ins. Co. v. Am. Rehab & Physical Therapy, Inc.*, 376 F. App'x 182, 184 (3d Cir. 2010). That interest would be sharply undermined if the Court were to grant a stay. By contrast, denying the stay would advance that interest by permitting the Special Master to continue his efforts to assist the Court.

## CONCLUSION

For these reasons, the Court should deny the Motion.

4

Dated: April 18, 2023

OF COUNSEL:

Ray C. Schrock, P.C. (Admitted *pro hac vice*)
Alexander W. Welch (Admitted *pro hac vice*)
Chase A. Bentley (Admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray.Schrock@weil.com
Alexander.Welch@weil.com
Chase.Bentley@weil.com

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

*/s/ Myron T. Steele*
Myron T. Steele (#00002)
Matthew F. Davis (#4696)
Bindu A. Palapura (#5370)
Abraham Schneider (#6696)
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
msteele@potteranderson.com
mdavis@potteranderson.com
bpalapura@potteranderson.com
aschneider@potteranderson.com

*Counsel for Special Master Robert B. Pincus*