IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CRYSTALLEX INTERNATIONAL
CORPORATION,

                Plaintiff,

v.

BOLIVARIAN REPUBLIC
OF VENEZUELA,

                Defendant.

C.A. No. 17-151-LPS

## CRYSTALLEX INTERNATIONAL CORPORATION'S RESPONSE TO VENEZUELA PARTIES' MOTION TO STAY

Crystallex respectfully submits this response to Venezuela's stay motion (D.I. 540).

### NATURE AND STAGE OF THE PROCEEDINGS

It cannot be disputed that Venezuela owes Crystallex roughly $1 billion pursuant to an affirmed and unappealable judgment. Having run out of legal recourse, Venezuela is engaged in a campaign of harassment and delay to avoid paying its lawful obligation. For the past four and a half years since Crystallex attached Venezuela's shares of PDVH, Venezuela has done everything it can to delay the sale of those shares. To date, that strategy has included nine appeals and mandamus petitions[1]—producing only one decision on the merits[2]—plus more than a dozen requests for stays or equivalent relief,[3] and now two separate attempts to disqualify the Special Master on

---

[1] 3d Cir. Nos. 18-2797, 18-2889, 18-3124, 21-1276, 21-1277, 21-1289, 22-1606, 22-8024, 23-1687.

[2] *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 932 F.3d 126 (3d Cir. 2019).

[3] D.I. 250 at 3-5 (listing thirteen requests to delay this litigation); Doc. 38, *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 21-1276 (3d Cir. May 19, 2021); D.I. 540.

separate grounds, D.I. 354, 509.  Venezuela's latest disqualification motion objected to the Special Master's alleged *ex parte* "advocacy" to the Office of Foreign Assets Control ("OFAC") at a January 12, 2023 meeting that, according to the Special Master, OFAC did not even attend.  *See* Mar. 30, 2023 Hr'g Tr. ("Tr.") at 10:8-12, 73:13-18.  This Court denied the motion, concluding that it lacked merit and that Venezuela had brought the motion and manipulated its timing as part of a calculated effort to "further delay" and hinder these proceedings, including holding back several arguments in a "strategic" effort to disqualify the Special Master and potentially the presiding judge of this Court.  D.I. 544 at 7.  Having failed in the initial phase of its strategy, Venezuela has now moved on to phase two:  Seeking Third Circuit review (this time by mandamus petition), and yet another stay pending appeal.

On April 4, 2023, Venezuela filed this motion asking this Court to "stay the Special Master's participation in these proceedings," D.I. 540 ("Mot.") at 1, which as it well knows effectively would mean staying any further steps toward execution on PDVH's shares—the same relief it has sought ever since this Court recognized Crystallex's right to execute on those shares.  One week later, Venezuela filed its mandamus petition and concurrently asked the Third Circuit for the same relief, Doc. 2, *In re Bolivarian Republic of Venezuela*, No. 23-1687 (3d Cir. Apr. 12, 2023), without even waiting for this Court to rule, as it concedes that Federal Rule of Appellate Procedure 8(a) requires, *see* Mot. 1-2.  Of course, Venezuela has not posted a bond to support its request for a stay even though it clearly has the wherewithal to post a bond, especially given the extraordinary level of profits generated by CITGO.

**ARGUMENT**

A motion for stay pending appeal turns on "four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the

other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 426 (2009). This same standard applies to stays pending mandamus petitions. *In re Citizens Bank, N.A.*, 15 F.4th 607, 615 (3d Cir. 2021). None of those factors supports a stay.

I. **Venezuela Has No Likelihood Of Success On The Merits Or Irreparable Harm**

Venezuela cannot make the required "'strong showing that [it] is likely to succeed on the merits,'" *Nken*, 556 U.S. at 426, because this Court's decision is unimpeachable, and Third Circuit review is premature. Mandamus is an "'extraordinary' remedy," and requires proof of: "(1) a clear and indisputable 'abuse of discretion'" or "'error of law,' (2) 'a lack of an alternate avenue for adequate relief,' and (3) 'a likelihood of irreparable injury.'" *In re Howmedica Osteonics Corp.*, 867 F.3d 390, 401 (3d Cir. 2017). None of these requirements is met.

A. Venezuela does not even attempt to prove that it will succeed in establishing a "clear and indisputable" error. *Howmedica*, 867 F.3d at 401. The mere sentence and a half that Venezuela devotes to this issue, Mot. 2, does not purport to identify *any* error in this Court's carefully reasoned decision. Instead, Venezuela merely cross-references the briefing on its motion. But incorporating briefs by reference is "entirely improper," *Sandgathe v. Maass*, 314 F.3d 371, 380 n.8 (9th Cir. 2002), and amounts to a "waive[r]" of Venezuela's arguments, *Miller UK Ltd. v. Caterpillar, Inc.*, 17 F. Supp. 3d 711, 719 n.2 (N.D. Ill. 2014).

Moreover, the briefs Venezuela cross-references were each filed before several critical developments at the hearing on Venezuela's motion that undercut Venezuela's arguments for disqualification. Those include the Special Master's uncontroverted statements that: (1) OFAC did not even attend the January 12 meeting, Tr. 10:8-12, 73:13-18; (2) the Special Master has never argued "for a change in policy or to subordinate foreign policy to the Court's judgment," *id.* at 37:9-12; *see id.* at 38:25-39:12, 45:2-9, 74:12-75:7; and (3) instead, at the meeting, the Special Master merely "tr[ied] to impress upon the U.S. government … that [the Court] need[s] guidance,"

3

*id.* at 43:4-12. Venezuela also conceded at the hearing that encouraging the government to share "DOJ's view"—precisely what the Special Master did here—would not "raise an issue" of disqualification. *Id*. at 21:7-22:2. Venezuela's prior briefs obviously do not address these later developments, and thus fail to explain how Venezuela could possibly overcome them.

Regardless, this Court has already considered Venezuela's arguments and rejected them on multiple independent grounds: Venezuela's arguments are (1) untimely, whether measured from May 2021, D.I. 544 at 3-4, or December 2022, *id.* at 5-7; (2) waived, *id.* at 8; (3) based on false factual premises contradicted by the undisputed record, *id.* at 2, 4-5, 8; and (4) legally groundless, *id.* at 8-9. The Third Circuit reviews those holdings under a deferential "abuse of discretion" standard. *In re Kensington Int'l Ltd.*, 368 F.3d 289, 300-01 (3d Cir. 2004). Any one of those holdings is a sufficient basis to deny mandamus—yet Venezuela identifies no flaw in *any* of them.

Finally, this Court should view Venezuela's predictions of success before the Third Circuit with a jaundiced eye given its past track record. This is the third time that Venezuela, in seeking a stay, has told this Court that it is likely to prevail on appeal. *See* D.I. 98 at 11; D.I. 243 at 11. Neither of Venezuela's past predictions came true. Instead, each of Venezuela's appeals and mandamus petitions has failed, either on the merits or for lack of appellate jurisdiction, and Venezuela's arguments have yet to persuade even *one* of the numerous judges, justices, or arbitrators to consider them, *see* Doc. 37 at 4, *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 22-1606 (3d Cir. Apr. 21, 2022). There is no reason to expect a different result this time around.

**B.** As this Court previously held in denying a stay, Venezuela also cannot show a likelihood of success because it has "not shown that the Third Circuit is even going to hear" its request for review. D.I. 257 at 4. Mandamus is the wrong vehicle for any argument to disqualify the

4

Special Master because Venezuela has shown neither that it lacks "'alternate avenue[s] for adequate relief,'" nor a "'likelihood of irreparable injury.'" *Howmedica*, 867 F.3d at 401. Rather, "the regular appeals process" is the appropriate remedy for Venezuela's alleged injuries, which are not irreparable. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380-81 (2004).

The general rule in this Circuit is that disqualification arguments are not reviewable on mandamus because any harm of unfairness to litigants is reparable on appeal. The *en banc* Third Circuit held long ago that mandamus is unavailable to review orders denying disqualification of district judges for actual bias under 28 U.S.C. § 144, making it "very plain" that "appeal" from a final order provides "adequate" remedy for any prejudice. *Green v. Murphy*, 259 F.2d 591, 594 (3d Cir. 1958). Since then, the Third Circuit has repeatedly reaffirmed that "[a] refusal to recuse is reviewable only after final judgment." *City of Pittsburgh v. Simmons*, 729 F.2d 953, 954 (3d Cir. 1984); *see also*, *e.g.*, *In re Sch. Asbestos Litig.*, 977 F.2d 764, 775 (3d Cir. 1992) (reaffirming that *Green*'s "blanket rule," with possible exceptions, "remains the law of this circuit, and [a] panel may not question it"). As a matter of law, a later appeal suffices to "cure" any alleged harm to "fairness to the litigants" from the denial of disqualification. *Sch. Asbestos*, 977 F.2d at 776.

Venezuela briefly references a narrow exception to that general rule under *School Asbestos*, which holds that "mandamus is sometimes appropriate to require a *judge's* recusal under 28 U.S.C. § 455." *United States v. Thomas*, 2022 WL 1482028, at *2 (3d Cir. Jan. 6, 2022) (emphasis added). But that exception applies only to self-recusal decisions by a judge, not an undisputedly impartial judge's decision not to disqualify a special master. Instead, "whether the special master [is] impartial" must be raised "on appeal." *In re Nissim Corp.*, 428 F. App'x 981, 983 (Fed. Cir. 2011).

Disqualification of a special master differs from recusal of a judge in three ways that each defeat the justification for immediate mandamus review. *First*, § 455 itself "do[es] not cover special masters," *Rios v. Enter. Ass'n Steamfitters*, 860 F.2d 1168, 1173 (2d Cir. 1988), and thus "Congress's" heightened "concern for the public's confidence in the judiciary" is not implicated, *Sch. Asbestos*, 977 F.2d at 776-78. Federal Rule of Civil Procedure 53 applies § 455's recusal grounds to special masters only in weakened form, permitting parties to waive all grounds for recusing a special master, and thus confirming that the goal is to protect the parties, not the public.[4] *Second*, *School Asbestos*'s concern that a judge subject to disqualification would "have no statutory power" to hear a case is not implicated because the "'judicial power'" rests with the judge, *id.* at 778, not the Special Master, whose power in this case is mainly limited to making "recommendations" to the Court, D.I. 481 ¶ 3. *Third*, the recusal decision is made by the Court, not the Special Master, and that layer of neutral review suffices to protect "public confidence" until the decision ultimately becomes reviewable. *Sch. Asbestos*, 977 F.2d at 776.[5]

---

[4] *See Cirba Inc. v. VMware, Inc.*, 2022 WL 606655, at *6 n.13 (D. Del. Jan. 7, 2022) (Stark, J.) ("'Because a master is not a public judicial officer, it may be appropriate to permit the parties to consent to appointment of a particular person as master in circumstances that would require disqualification of a judge.'"); *William L. Patton, Jr. Fam. Ltd. P'ship, LLLP v. Simon Prop. Grp., Inc.*, 2007 WL 9736172, at *24 (E.D. Ark. June 28, 2007) (same).

[5] Venezuela's citations are not to the contrary. It cites two D.C. Circuit cases, Mot. 2-3, neither of which addressed facts analogous to this case or held that denial of a request to disqualify a special master is grounds for mandamus in all circumstances. *In re Brooks*, 383 F.3d 1036 (D.C. Cir. 2004), merely suppressed work product of a master who had already resigned. *Id.* at 1038. And in *Cobell v. Norton*, 334 F.3d 1128 (D.C. Cir. 2003), mandamus was warranted because the "Special Master-Monitor['s]" role uniquely involved "interference with the internal deliberations of a Department of the Government of the United States" that "c[ould ]not be remedied by an appeal from the final judgment." *Id.* at 1140. Moreover, these cases' reasoning relies in part on the D.C. Circuit's mistaken conclusion that § 455 applies of its own force to special masters. *Brooks*, 383 F.3d at 1044 (citing *Jenkins v. Sterlacci*, 849 F.2d 627, 630-32 & n.1 (D.C. Cir. 1988)). The Third Circuit has never so held, and other courts have persuasively rejected that view based on § 455's text, history, and purpose. *E.g.*, *Rios*, 860 F.2d at 1174; *Morgan v. Kerrigan*, 530 F.2d 401, 426 (1st Cir. 1976). This Court has elsewhere implicitly rejected that view in recognizing that parties

**C.** Legal deficiencies aside, the Third Circuit is also likely to deny mandamus "in the exercise of [its] discretion," given Venezuela's history of strategic delay and abuse of the judicial system. *Howmedica*, 867 F.3d at 401. The court of appeals has already affirmed that "[a]ny outcome where Crystallex is not paid means that Venezuela has avoided its obligations," *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 932 F.3d 126, 149 (3d Cir. 2019), and has denied Venezuela relief many times in this case, including by exercising its discretion last year to deny permission under 28 U.S.C. § 1292(b) to appeal the Court's denial of Venezuela's *last* attempt to disqualify the Special Master, Doc. 28, *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 22-8024 (3d Cir. July 26, 2022). Venezuela's latest maneuver is even less deserving of and less likely to garner a favorable exercise of the Third Circuit's discretion now that the Court found that Venezuela filed the motion as part of a "strategic" effort to "delay" the PDVH sale. D.I. 544 at 7.

**II. The Equitable Stay Factors Weigh Heavily Against A Stay**

The remaining factors also each weigh against a stay. As discussed, *supra* at 4-6, Venezuela cannot establish irreparable harm "'[b]ecause a master is not a public judicial officer,'" *Cirba*, 2022 WL 606655, at *6 n.13, and therefore Venezuela's disqualification argument raises only private, "individual" injuries "cur[able]" on appeal, not any "additional, separable harm to public confidence" in the judiciary as required for mandamus, *Sch. Asbestos*, 977 F.2d at 776. By contrast, a stay threatens serious harm to Crystallex, which has diligently enforced its rights against Venezuela for well over a decade—through "multiple courts" at the cost of "millions of dollars," D.I. 257 at 7—while ever more creditors have obtained judgments against Venezuela and PDVSA,

---

may "consent" to appointment of a special master in circumstances that "'would require disqualification of a judge'" under § 455. *Cirba*, 2022 WL 606655, at *6 n.13.

threatening more litigation if a sale is further delayed. And as this Court has recognized, the public interest and the concept of fairness "continu[e] to favor enforcement of Crystallex's judgment[,] which requires that the work of proceeding toward a sale of the PDVH shares be completed without further unnecessary delay." *Id.*; *contra* Mot. 3.[6]

## CONCLUSION

Crystallex respectfully requests that the Court deny Venezuela's motion to stay.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Robert L. Weigel<br>Jason W. Myatt<br>Rahim Moloo<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, New York  10166<br>(212) 351-4000<br><br>Miguel A. Estrada<br>Lucas C. Townsend<br>Adam M. Smith<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C.  20036<br>Tel: (202) 955-8500<br>Fax: (202) 467-0539<br><br>Dated:  April 18, 2023 | */s/ Jeffrey L. Moyer*<br>Raymond J. DiCamillo (#3188)<br>Jeffrey L. Moyer (#3309)<br>Travis S. Hunter (#5350)<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware  19801<br>(302) 651-7700<br>dicamillo@rlf.com<br>moyer@rlf.com<br>hunter@rlf.com<br><br>*Attorneys for Plaintiff* |

---

[6] Venezuela improperly claims harm to the United States' interests. Mot. 3. That claim is factually baseless, relying on "outdated" statements that this Court recognized are "expressly time bound" and "without prejudice" to later changes in position. D.I. 544 at 4. Moreover, the government's position is a matter "for the executive branch and only the executive branch," *id.* at 5, and cannot bolster Venezuela's legally insufficient private injuries, which are reparable on appeal, *Sch. Asbestos*, 977 F.2d at 776. Regardless, this Court and the OFAC process already afford "proper weight" and "protect[ion]" to the government's interests. D.I. 257 at 6-7.