## EXHIBIT A

**April 7 DOJ Letter**



**U.S. Department of Justice**

*Civil Division*
*Federal Programs Branch*

---

April 7, 2023

Robert B. Pincus
Special Master
U.S. District Court for the District of Delaware

    Re:    ***Crystallex International Corp. v. Bolivarian Republic of Venezuela***,
             **No. 17-151-LPS (D. Del.)**

Dear Special Master Pincus:

    This letter is in response to your inquiries in furtherance of the United States District Court for the District of Delaware's order that you "solicit and attempt to gain clarity or guidance from the United States Department of the Treasury's Office of Foreign Asset Control ('OFAC') of its support for (or non-opposition to), the launch of the Marketing Process by the Special Master, the viability of the Marketing Process, and any additional feedback that the Special Master believes will more likely result in a value-maximizing Sale Transaction."  Sales Order, ECF No. 481, at 11.[1]  On behalf of the United States Government, I am authorized to convey the following:

    *First*, the United States Government acknowledges that there are a number of necessary steps prefatory and antecedent to the consummation of the Sales Transaction, including but not limited to the Marketing and Bidding Processes established in the Sales Order [hereinafter "Prefatory Steps"].  *See, e.g.*, Sales Order, ECF No. 481, at 6-9, 15-19, 20-24.  The United States Government further understands that this Court has already decided that the existing OFAC "sanctions regime does not require a specific license from OFAC before the Court may adopt a Sales Procedure Order," and that "the current sanctions regime does not prohibit the sales process." *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. MC 17-151-LPS, 2022 WL 611586, at *11, *16 (D. Del. Mar. 2, 2022), certification granted, judgment modified, No. MC 17-151-LPS, 2022 WL 1404702 (D. Del. May 4, 2022).

    Under the Court's ruling, the United States Government understands that the Court has held that a specific license is not necessary for, and that the current Venezuela sanctions regime does not prohibit, the Prefatory Steps antecedent to the consummation of the Sales Transaction to occur.  While the United States Government does not necessarily agree with the Court's construction of OFAC's regulations and authorities with respect to Prefatory Steps, nevertheless the United States Government is not seeking to contest that construction in this case and considers the Court to have resolved this issue as to the parties' claims.  The United States Government will accordingly issue public guidance that, under these circumstances, OFAC will not take enforcement action against individuals or entities for participating in or complying with the

---

    [1] Capitalized terms used in this letter have the meaning set out in the Court's Sales Order, ECF No. 481, unless otherwise defined.

Prefatory Steps set out in the Sales Order, as well as those who engage in transactions that are ordinarily incident and necessary to participation in and compliance with such steps, *e.g.*, potential or actual credit counterparties. The United States Government anticipates publishing guidance affirming this posture at a later date. The United States Government's view regarding its nonenforcement policy expressed above is limited to the facts and circumstances of this case.

*Second*, the United States Government notes that the Court accurately has "recogni[zed] that a specific license will be required to execute a sale." *Crystallex*, 2022 WL 611586, at *15. As is standard for OFAC's process before providing a license for the disposition of blocked property, the United States Government will require due diligence about the identity of a potential purchaser and will consider relevant details of the proposed transaction, as will any other United States Government departments or agencies, as warranted by their procedures. Before a potential purchaser has been identified, it would be premature to issue any such license or express a definitive view on the issuance of a specific license in a future scenario.

The United States Government nevertheless wishes to convey that OFAC intends to implement a favorable licensing policy for license applications in connection with the execution of a sale as contemplated in the Sales Order or, as applicable, the negotiation of a settlement agreement among the relevant parties. As with all OFAC licenses and statements of licensing policy, this licensing policy would be without prejudice to reconsideration if U.S. foreign policy and national security interests materially change and may be revoked or modified at any time.

The United States Government anticipates formalizing a public notification of a favorable licensing policy at a later date. To be clear, any such public notification of a favorable licensing policy will be limited to a license authorizing transactions otherwise prohibited by OFAC sanctions; this does not reflect any United State Government opinion on any other regulatory requirements, reviews, or approvals that may be required or warranted to finalize any sale.

We appreciate your consideration.

Sincerely,


*/s/ Joseph E. Borson*
Joseph E. Borson, Trial Attorney
Alexander K. Haas, Director
Diane Kelleher, Assistant Director


Civil Division, Federal Programs Branch
U.S. Department of Justice