

Steven F. Molo
MoloLamken LLP
430 Park Avenue
New York, NY 10022
T: 212.607.8160
F: 212.607.8161
smolo@mololamken.com

May 1, 2023

VIA CM/ECF

The Honorable Leonard P. Stark
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, D.C.  20439

    Re: *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela, et al.*, No. 1:17-mc-151-LPS:  Notice of New OFAC Action

Dear Judge Stark:

  We represent Red Tree.  We write to respectfully notify the Court that, today, the Office of Foreign Assets Control ("OFAC") published three new "Frequently Asked Questions" regarding Venezuela sanctions, amended Frequently Asked Question 808, and issued Venezuela General License 42.  Copies of these materials are attached to this letter as Exhibit A.

  Each of OFAC's actions is clearly material to the upcoming sales process for the PDVH shares.  New FAQ 1123 states that OFAC will not take enforcement action for "participating in, facilitating, or complying with the prefatory steps set out in the [C]ourt's Sales Procedure Order."  Ex. A at 3.  FAQ 808 has been amended to state that "creditors may file for writs of attachment without the need for OFAC authorization" and to remove language stating that a specific license would be required for "[a]ttaching" or "[e]ncumbering" blocked property such as the PDVH shares.  *See id.* at 15; Ex. B (redline of new FAQ 808 against earlier version).  And General License 42 authorizes otherwise-prohibited transactions that are "incident and necessary to the negotiation of settlement agreements" with the Venezuelan National Assembly about debt issued by Venezuela or PDVSA.  Ex. A at 18.  However, new FAQ 1125 clarifies that "G[eneral] L[icense] 42 does not authorize the entry into settlement agreements, contingent or otherwise."  *Id.* at 11.

  Among other questions, OFAC's new guidance may bear on whether any obstacles remain to the Court's granting full attachments on the PDVH shares and what priority should be accorded between the parties that have already received conditional attachments.  Red Tree therefore respectfully requests that the Court direct the parties to address that guidance in their upcoming briefing about which judgments against Venezuela or PDVSA should be considered "Additional Judgments" under the Sales Procedure Order.  *See* No. 19 Misc. 290, D.I. 134.  Red Tree will meet and confer with the other parties on an appropriate briefing schedule.

Hon. Leonard P. Stark
May 1, 2023
Page 2

                                                         Respectfully submitted,

                                                         <u>/s/ Steven F. Molo</u>
                                                         Steven F. Molo

Attachments

Cc:  All counsel of record via CM/ECF