

300 DELAWARE AVENUE • SUITE 200 • WILMINGTON, DELAWARE 19801
TEL: (302) 472.7300 • FAX: (302) 472.7320 • WWW.HEGH.LAW

Direct Dial: (302) 472-7315
Email: shirzel@hegh.law

May 8, 2023

**BY ELECTRONIC FILING**
The Honorable Leonard P. Stark
United States District Court
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, Delaware 19801

Re: *Crystallex International Corp. v. Bolivarian Republic of Venezuela*, Case No. 17-mc-151

*OI European Group B.V. v. Bolivarian Republic of Venezuela*, Case No. 19-mc-290

*Phillips Petroleum Company Venezuela Limited and ConocoPhillips Petrozuata B.V. v. Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A.*, Case No. 19-mc-342

*ConocoPhillips Gulf of Paria B.V., v. Corporación Venezolana del Petróleo S.A. and Petróleos de Venezuela, S.A*, Case No. 22-mc-264

*Northrop Grumman Ship Systems, Inc. v. The Ministry of Defense of the Republic of Venezuela*, Case No. 20-mc-257

*ACL1 Investments Ltd., ACL2 Investments Ltd., and LDO (Cayman) XVIII Ltd. v. Bolivarian Republic of Venezuela*, Case No. 21-mc-46

*Rusoro Mining Limited v. Bolivarian Republic of Venezuela*, Case No. 21-mc-481

*Red Tree Investments, LLC v. Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A.*, Case Nos. 22-mc-68 and 22-mc-69

*Koch Minerals Sàrl, Koch Nitrogen International Sàrl v. Bolivarian Republic of Venezuela*, Case No. 22-mc-156

*Gold Reserve Inc. v. Bolivarian Republic of Venezuela*, Case No. 22-mc-453

Dear Judge Stark:

Pursuant to this Court's orders entered on April 4, 2023, directing the parties to "meet and confer and, no later than 7 days after the Supplemental Report is filed in Crystallex (17-mc-151), submit a joint status report with a proposed briefing schedule regarding which judgments should



be regarded as 'Additional Judgments' under the Sale Procedures Order (id. D.I. 481),"[1] *see e.g.*, Case No. 19-mc-290, D.I. 134, I write on behalf of the following parties in the above-captioned proceedings: (i) Crystallex International Corporation ("Crystallex"), (ii) OI European Group B.V. ("OIEG"), (iii) Phillips Petroleum Company Venezuela Limited and ConocoPhillips Petrozuata B.V. (collectively, "ConocoPhillips"), (iv) Northrop Grumman Ship Systems, Inc., f/k/a Ingalls Shipbuilding, Inc., and now known as Huntington Ingalls Incorporated ("Huntington Ingalls"), (v) ACL1 Investments Ltd., ACL2 Investments Ltd., and LDO (Cayman) XVIII Ltd. (collectively, "ACL"), (vi) Rusoro Mining Limited ("Rusoro"), (v) Red Tree Investments, LLC ("Red Tree"); (vi) Koch Minerals Sàrl and Koch Nitrogen International Sàrl (collectively, "Koch"), (vii) Gold Reserve Inc. ("Gold Reserve"), (viii) Petróleos de Venezuela, S.A. ("PDVSA"), (ix) Bolivarian Republic of Venezuela (the "Republic," or "Venezuela"), (x) PDV Holding, Inc. and CITGO Petroleum Corp. (collectively, the "PDV Parties"), and (xi) Special Master Robert B. Pincus (the "Special Master").

On May 3, 2023, the parties met and conferred and subsequently provided comments regarding the contents of this Joint Status Report. On May 4, 2023, this Court entered a Memorandum Order attaching an OFAC specific license authorizing the issuance and service of a writ of attachment for parties with an "Additional Judgment" under the Sale Procedures Order. See Case No. 17-mc-151, D.I. 555 (the "May 4 Notice"). On May 5, 2023, in the attachment proceedings of OIEG, Huntington Ingalls, ACL, Rusoro, Gold Reserve and Koch (the "Appealed Cases"), the Third Circuit Court of Appeals entered a "temporary administrative stay . . . pending further order of th[e] Court" (the "Temporary Stay"), and referred PDVSA's motion to stay those cases to the panel "that will decide the merits of these appeals." The Third Circuit ordered that briefing be expedited and completed by June 9, 2023, and that the appeals "will proceed to a merits panel for disposition promptly after all briefs have been filed." *See*, *e.g.*, Case No. 19-mc-290, D.I. 148.

**OIEG, Huntington, Rusoro, Koch, ACL and Gold Reserve's Position**

Certain parties, including OIEG, Huntington, Rusoro, Koch, ACL and Gold Reserve believe that, especially in light of the May 4 Notice, there is no further OFAC obstacle to this Court adding any existing conditional writs of attachment as "Additional Judgments" to the Sale Procedures Order.[2] However, consistent with this Court's prior request for briefing regarding the

---

[1] The Supplemental Report was filed after 5:00 p.m. on April 28, 2023, *see* Case No. 17-mc-151, D.I. 553, and is therefore considered to be filed as of Monday, May 1, 2023, for scheduling purposes.

[2] OIEG does assert, however, that in making a determination with respect to such additions or timing of service of writs this Court should consider the extenuating circumstances of these proceedings including, for example, the fact that, but for the OFAC sanctions, OIEG would have been able to obtain its conditional writ on or before the date ConocoPhillips obtained its conditional writ (March 2, 2022). *See* Opinion, Case No. 19-mc-290, D.I. 109 at 27 n.20 ("The Court is declining to make findings of fact, notwithstanding certain of the judgment creditors' efforts to make a record on which such findings could be based, because it has concluded that it should first issue its legal conclusions about the impact of the [OFAC] sanctions and determine whether to certify an interlocutory appeal of those conclusions.").



addition of "Additional Judgments," OIEG, Huntington, Rusoro, Koch, ACL and Gold Reserve would propose the following questions and briefing schedule:

- Questions to be Addressed:
  1. Which judgments should be regarded as "Additional Judgments" under the Sale Procedures Order entered in the *Crystallex* proceeding?
  2. What procedures should be implemented (or orders entered) to address service and/or priority of the conditional writs of attachment that are added as "Additional Judgments"?

- Briefing Schedule:
  1. Conditional writ holders' opening briefs due: (i) for any conditional writ holder subject to a stay (including the Temporary Stay), ten (10) days after the Temporary Stay (or any such other applicable stay) is lifted, or (ii) ten (10) days after the Preparation Launch Date
  2. Responses due: ten (10) days after the creditors' submissions
  3. Replies (if any) due: seven (7) days after the creditors' submissions

OIEG, Huntington, Rusoro, Koch, ACL and Gold Reserve further submit that the setting of the Preparation Launch Date can and should be delayed briefly into June (which would be consistent with the Special Master's recommendation that the Launch Date be set no later than September 5, 2023) to allow sufficient time for the Temporary Stay to be lifted (and the appeal merits briefed and potentially decided)[3] and to allow the alter ego conditional writ holders to submit briefing on any remaining contested matters, if any (including priority). A brief delay with a further status conference in mid-June (or earlier if the Temporary Stay is lifted before that point) would allow the sale process to proceed in accordance with the Special Master's proposed schedule, while simultaneously safeguarding the rights of the parties currently holding conditional writs of attachment.

**Crystallex's Position**

Crystallex believes that the Court should adhere to the Sale Procedures Order and adopt the Special Master's recommendation that "preparations for the launch of the Marketing Process begin without any further delay" with a Preparation Launch Date "[a]s soon as practicable after June 5, 2023" and a Launch Date no later than September 5, 2023. Case No. 17-mc-151, D.I. 553 ¶ 7. Consistent with the Sale Procedures Order, Case No. 17-mc-151, D.I. 481, other creditors whose cases are not stayed should then have 10 days after the Preparation Launch Date to file submissions with the Court as to why they meet their burden to show they should be included as "Additional Judgments." Any creditors who submit to have their judgments included can express views on where they fall in priority—after Crystallex—for the final sale in early 2024. In order to assist the Court to "decide in accordance with applicable law which, if any," of the submissions

[3] As of the date of this Joint Status Report, certain of the conditional writ holders subject to the Temporary Stay intend to file a motion with the Third Circuit to reconsider and/or vacate the Temporary Stay.



should be included as Additional Judgments, *id.* ¶ 30, Crystallex proposes that the Court adopt the following briefing schedule:

1. Creditors file with the Court their submissions for inclusion as "Additional Judgments": 10 days after the Preparation Launch Date
2. Responses due: 10 days after creditors' submissions
3. Replies (if any) due: 7 days after responses

This proposed briefing schedule is consistent with the timing allowed for briefs under the proposed schedule of OIEG, *supra*, and would permit the Court to consider and rule on these submissions by the Sale Procedures Order's deadline of "no later than ten calendar days after the Launch Date," based on the Special Master's recommendation that the Launch Date be set as soon as practicable and no later than September 5, 2023. Case No. 17-mc-151, D.I. 481 ¶ 30; D.I. 553 ¶ 7.

In light of the stay issued by the Third Circuit on May 5, 2023 as to creditors asserting "alter ego" claims, Crystallex understands that only three creditors (*i.e.*, those creditors making direct claims against PDVSA: ConocoPhillips, Red Tree, and Siemens Energy, Inc.) would be potentially eligible to seek consideration for inclusion as "Additional Judgments," unless the Third Circuit fails to continue the current stay as to the alter-ego creditors beyond the completion of expedited briefing in those cases, which is scheduled to conclude on June 9, 2023. *See* Order, Doc. 24, No. 23-1647 (3d Cir. May 5, 2023) (staying proceedings as to OEIG, Huntington Ingalls, ACL, Rusoro, Koch, and Gold Reserve until further order of the Third Circuit). If the stay is not continued, the alter-ego creditors could potentially seek inclusion as "Additional Judgments," but since they are differently situated from creditors making direct claims against PDVSA and may have appeals pending, the Court's decision as to them may be different in any event.

Should the Court of Appeals maintain a stay of proceedings as to the alter-ego creditors beyond June 9, 2023 (or issue any new stay as to any creditor), this Court should not consider those creditors' judgments for inclusion as "Additional Judgments." It is unknowable how long the alter-ego creditors' appeals will take to resolve, and proceedings in those cases are stayed "pending further order" by the Third Circuit. Case No. 19-mc-290, D.I. 148. Crystallex respectfully submits that in light of the extraordinary delay and expense that have attended to its years-long effort to enforce its rights, under no circumstances should the Court delay the launch of the sale process, or any other deadlines under the Sale Procedures Order, pending the appellate process for any other creditors whose proceedings may be stayed.

**<u>ConocoPhillips' Position</u>**

ConocoPhillips recognizes the Court entered the order calling for this joint status report in the Alter Ego Cases (as defined below), and those cases have since been administratively stayed by the Third Circuit. In ConocoPhillips' view, it is nonetheless appropriate for the parties to file this joint status report either in the Alter Ego Cases or instead in Crystallex.



ConocoPhillips repeats its request for its judgments to be added as "Additional Judgments" to the Sale Procedures Order in Crystallex and refers the Court to its May 1, 2023 motion for the Court to direct the issuance and service of ConocoPhillips' writs of attachment. In the alternative, ConocoPhillips requests that the Court set a briefing schedule on Additional Judgments and related priority issues.

ConocoPhillips respectfully submits that, in light of the May 4 Notice, there is no further obstacle to this Court adding ConocoPhillips' judgments as Additional Judgments to the Sale Procedures Order in Crystallex, and that the Court should add them at the earliest possible opportunity. The only objection that has ever been raised to ConocoPhillips' Additional Judgment status has been based on the lack of a perfected attachment due to OFAC sanctions, an obstacle that has now been removed. In addition, ConocoPhillips believes that the Court should now issue and direct service of ConocoPhillips' writs of attachments, for which the only remaining obstacle was lack of OFAC clearance. As ConocoPhillips argued last week (D.I. 52 in Case No. 19-mc-432), and which OFAC's grant of a license now makes abundantly clear, OFAC is no longer standing in the way of creditors obtaining perfected attachments on the PDVH shares. And as argued in last week's filing, but for OFAC sanctions, ConocoPhillips would have perfected long ago and ahead of all of the creditors in the Alter Ego Cases, such that there is no other obstacle preventing ConocoPhillips from now proceeding to perfect its attachments.

The Court can and should enter orders providing for service of the writs of attachment in the following order: First, the writ in *Phillips Petroleum Company Venezuela Limited et al. v. Petróleos de Venezuela, S.A. et al*., No. 19-mc-342-LPS; Second, the writ in *Red Tree Investments, LLC v. Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A.,* Nos. 22-mc-68 and 22-mc-69 and Third, the writ in *ConocoPhillips Gulf of Paria B.V. v. Corporación Venzolana Del Petrólio, S.A., et al.*, No. 1:22-mc-00264-LPS.

To the extent that this Court believes that further briefing is necessary, ConocoPhillips joins OIEG's position regarding the questions to be addressed. ConocoPhillips proposed briefing schedule is as follows:

1. Conditional writ holders' opening briefs due: May 19, 2023
2. Responses due: May 30, 2023
3. Replies (if any) due: June 6, 2023

**Red Tree's Position**

For the reasons given in ConocoPhillips' position statement and in Red Tree's recent motion, there is no further obstacle to the immediate issuance and service of Red Tree's writ. See No. 22-mc-68, D.I. 28. Red Tree therefore also requests that Red Tree be named now as an Additional Judgment Creditor and that its writ be immediately issued and served. Red Tree further agrees with ConocoPhillips' position on the priority of any writs to be served. However, in the event that any further briefing is required, Red Tree agrees with ConocoPhillips' proposed briefing schedule.



**Venezuela Parties' Position**

This Court entered an order in *OI European Grp. B.V.*, *Northrop Grumman Ship Sys., Inc.*, *ACL1 Investments Ltd.*, *Rusoro Mining Ltd.*, *Gold Reserve Inc.*, and *Koch Minerals Sarl* directing the plaintiffs in those actions to meet and confer and submit a joint status report with a proposed briefing schedule regarding which judgments should be regarded as "Additional Judgments" under the Sale Procedures Order in *Crystallex*. *See, e.g.* Case No. 19-mc-290, D.I. 134. The Court also directed the plaintiffs to include the views of the *Crystallex* Sale Process Parties and *Red Tree* in the report. *See, e.g.*, *id.* All of the above-referenced cases (the "Appealed Cases") have been stayed by order of the Third Circuit. PDVSA sought and obtained the stay of the Appealed Cases on an emergency basis to obtain relief prior to the deadline for filing the present joint status report. In direct contravention of the Third Circuit's binding stay order, the plaintiffs in the Appealed Cases have insisted on filing the present joint status report. PDVSA is submitting this position under protest and nothing in this submission should be construed as a waiver of any rights or arguments by PDVSA.

The Venezuela Parties' position is that the Appealed Cases are presently stayed by order of the Third Circuit and therefore no further action can be taken in the Appealed Cases unless and until the Third Circuit lifts the stay. The Venezuela Parties further object to the extent this report is filed in *Crystallex* or any other case in which no status report was requested or authorized. To the extent the Court takes any action on the matters raised in this status report, the Venezuela Parties state as follows:

1. As they will explain in more detail in their response to the Special Master's recommendation, due May 22, 2023, the Venezuela Parties believe that the Preparation Launch Date, if authorized, should be deferred until the Appealed Cases or, at the very least, until the Third Circuit's stay is lifted, as proposed by OIEG, Huntington, Rusoro, and Koch.

2. Although Conoco Phillips' and Red Tree's cases are not stayed, the Venezuela Parties believe the most efficient course is to keep those cases aligned with the Appealed Cases and to establish a single briefing schedule for all contingent writ cases after the stay in the Appealed Cases is lifted. Although ConocoPhillips and Red Tree have filed motions for the issuance and service of writs of attachment, the Venezuela Parties believe those motions are premature and also should be held in abeyance until the Third Circuit has lifted the stay. ConocoPhillips' contention that no impediments remain to its inclusion in the sale process is incorrect. Although OFAC has issued a license allowing the issuance and service of writs of attachment in favor of any party deemed to be an additional judgment creditor by the Court, under Delaware law, an attachment of shares of stock "is not laid and no order of sale shall issue" unless and until the physical share certificate has been seized. 8 Del. C. § 324(a); see 6 Del. C. § 8-112(a) (providing that, "[e]xcept to the extent otherwise provided or permitted by §§ 169 and 324 of Title 8, §§ 365, 366

and Chapter 35 of Title 10, and subsection (d) hereof, the interest of a debtor in a certificated security may be reached by a creditor only by actual seizure of the security certificate by the officer making the attachment or levy"). As ConocoPhillips long has been aware, PDVH does not have the physical share certificate in its possession. Thus, service of a writ of attachment on PDVH would not affect a valid attachment of the shares or allow for a sale order including ConocoPhillips' judgment to issue. The Venezuela Parties thus believe that ConocoPhillips and any other party seeking to be added as an additional judgment creditor should address how they propose to resolve this impediment consistent with Delaware law. In any event, neither ConocoPhillips nor Red Tree has filed a motion arguing that they have met their burden of showing that they can and should be included in the sale process. *See* Remark, Case No. 1:19-mc-342-LPS (D. Del. Dec. 13, 2022) stating that "the Court expresses no opinion at this time with respect to ConocoPhillips' request for its judgment to be added as an 'Additional Judgment' with respect to the Sale Procedures Order in Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela. This remark does not create or detract from any rights ConocoPhillips may have to move to add any 'Additional Judgment'" (internal citations omitted)). If ConocoPhillips or Red Tree file such a motion, and if the Court disagrees that briefing on those motions should be aligned with briefing in the Appealed Cases, the Venezuela Parties request 14 days to respond, consistent with D. Del. Local Rule 7.1.2(b).

3. While the Venezuela Parties maintain that no briefing schedule can be entered in the Appealed Cases in light of the Temporary Stay and that no briefing schedule should be entered in any other cases at this time, if this Court sets a briefing schedule in any case notwithstanding the stay, the Venezuela Parties request 14 days to respond to any motion to be included in the sale process.

Respectfully submitted,

*/s/ Samuel T. Hirzel, II*

Samuel T. Hirzel, II (#4415)
*Counsel for Petróleos de Venezuela, S.A.*

cc: All Counsel of Record (via e-filing)