# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. No. 17-151-LPS |
| TIDEWATER INVESTMENT SRL and TIDEWATER CARIBE, S.A., <br><br> Plaintiffs, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. No. 19-79-LPS |
| OI EUROPEAN GROUP B.V., <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. No. 19-290-LPS |
| PHILLIPS PETROLEUM COMPANY VENEZUELA LIMITED and CONOCOPHILLIPS PETROZUATA B.V., <br><br> Plaintiffs, <br><br> v. <br><br> PETRÓLEOS DE VENEZUELA, S.A., CORPOGUANIPA, S.A., and PDVSA PETRÓLEO, S.A., <br><br> Defendants. | Misc. No. 19-342-LPS |

| | |
|---|---|
| NORTHROP GRUMMAN SHIP SYSTEMS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>THE MINISTRY OF DEFENSE OF THE REPUBLIC OF VENEZUELA,<br><br>    Defendant. | Misc. No. 20-257-LPS |
| CONTRARIAN CAPITAL MANAGEMENT, L.L.C., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN CAPITAL SENIOR SECURED, L.P., CONTRARIAN EM II, LP, CONTRARIAN EMERGING MARKETS, L.P., POLONIUS HOLDINGS, LLC, CONTRARIAN FUNDS, L.L.C., and CONTRARIAN DOME DU GOUTER MASTER FUND, LP,<br><br>    Plaintiffs,<br><br>    v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>    Defendant. | Misc. No. 21-18-LPS |
| ACL1 INVESTMENTS LTD., ACL2 INVESTMENTS LTD., and LDO (CAYMAN) XVIII LTD.,<br><br>    Plaintiff,<br><br>    v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>    Defendant. | Misc. No. 21-46-LPS |
| RUSORO MINING LIMITED,<br><br>    Plaintiff,<br><br>    v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>    Defendant. | Misc. No. 21-481-LPS |

| | |
|---|---|
| RED TREE INVESTMENTS, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>PETRÓLEOS DE VENEZUELA, S.A. and PDVSA PETRÓLEO, S.A.,<br><br>      Defendants. | Misc. No. 22-68-LPS |
| RED TREE INVESTMENTS, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>PETRÓLEOS DE VENEZUELA, S.A. and PDVSA PETRÓLEO, S.A.,<br><br>      Defendants. | Misc. No. 22-69-LPS |
| CONTRARIAN CAPITAL MANAGEMENT, L.L.C., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN DOME DU GOUTER MASTER FUND, LP, CONTRARIAN CAPITAL SENIOR SECURED, L.P., CONTRARIAN EM II, LP, CONTRARIAN EMERGING MARKETS, L.P., POLONIUS HOLDINGS, LLC, CONTRARIAN FUNDS, L.L.C., and EMMA 1 MASTER FUND, L.P.,<br><br>      Plaintiffs,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>      Defendant. | Misc. No. 22-131-LPS |
| KOCH MINERALS SÀRL, KOCH NITROGEN INTERNATIONAL SÀRL,<br><br>      Plaintiffs,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>      Defendant. | Misc. No. 22-156-LPS |

| | |
|---|---|
| CONTRARIAN CAPITAL MANAGEMENT, L.L.C., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN DOME DU GOUTER MASTER FUND, LP, CONTRARIAN CAPITAL SENIOR SECURED, L.P., CONTRARIAN EM II, LP, CONTRARIAN EMERGING MARKETS, L.P., BOSTON PATRIOT SUMMER ST LLC, POLONIUS HOLDINGS, LLC, CONTRARIAN FUNDS, L.L.C., EMMA I MASTER FUND, L.P., and E1 SP, A SEGREGATED ACCOUNT OF EMAP SPC,<br><br>    Plaintiffs,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>    Defendant. | Misc. No. 22-263-LPS |
| CONOCOPHILLIPS GULF OF PARIA B.V.,<br><br>    Plaintiff,<br><br>v.<br><br>CORPORACIÓN VENEZOLANA DEL PETRÓLEO, S.A., and PETRÓLEOS DE VENEZUELA, S.A.,<br><br>    Defendants. | Misc. No. 22-264-LPS |
| SIEMENS ENERGY, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>PETRÓLEOS DE VENEZUELA, S.A.,<br><br>    Defendant. | Misc. No. 22-347-LPS |
| GOLD RESERVE INC.,<br><br>    Plaintiff,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>    Defendant. | Misc. No. 22-453-LPS |

## MEMORANDUM ORDER

At Wilmington this 10th day of May, 2023:

**IT IS HEREBY ORDERED** that:

1. The Special Master[1] is reminded of his obligation to file redacted versions of his billing records (including itemized statements). He shall do so for all billing records for which redacted versions have not already been filed no later than **May 19, 2023**. Going forward, he shall file such redacted versions no later than **seven (7) days** after the submission of the billing records to the Court.

2. The Court recognizes that the cases initiated by six creditors (the "Six Creditor Actions") have been temporarily stayed by the U.S. Court of Appeals for the Third Circuit.[2] The Court does not read the Third Circuit's stay order as precluding the parties to the Six Creditor Actions from participating, to the extent required (e.g., PDVSA, which is a party to non-stayed actions) or desired (e.g., the six creditors), in non-stayed actions that may impact their rights or interests. Accordingly, the parties to the Six Creditor Actions are invited to participate in the briefing the Court is hereby ordering (or has already ordered) in Misc. No. 17-151 (the "*Crystallex* Action").

---

[1] All capitalized terms that are not expressly defined herein have the meanings given to them in the Sale Procedures Order filed in the *Crystallex* Action. (*See* Misc. No. 17-151 D.I. 481)

[2] The Six Creditor Actions are Misc. Nos. 19-290, 20-257, 21-46, 21-481, 22-156, and 22-453. This Order is being docketed in the Six Creditor Actions in an abundance of caution, simply to ensure that all parties to those actions have notice of what the Court is doing in related actions, most particularly in the *Crystallex* Action. The instant Order does not require the parties to the Six Creditor Actions to take any action (or refrain from taking any action) in their capacity as parties to one or more of the Six Creditor Actions. Nor does the instant Order set any dates or deadlines in the Six Creditor Actions. Accordingly, the Court believes it is acting in a manner consistent with the stay imposed by the Third Circuit in the Six Creditor Actions.

3.      The Sale Process Parties (i.e., Crystallex, ConocoPhillips, and the Venezuela Parties) **SHALL**, and any other interested creditor **MAY**, brief the following issues, according to the schedule set out in paragraph 4 below:

    a. Which, if any, judgments should be regarded as "Additional Judgments" under the Sale Procedures Order entered in the *Crystallex* Action?

    b. Should the Court issue full, unconditional orders of attachment (including by converting conditional grants) to any creditors? If yes, should the Court direct service of any such orders of attachment?

    c. How should the Court determine the priority of any judgments that are made Additional Judgments?

4.      Opening briefs (not to exceed 15 pages) are due **May 24, 2023**, answering briefs (not to exceed 10 pages) are due **June 7, 2023**, and reply briefs (not to exceed 5 pages) are due **June 14, 2023**. Any entity participating in the briefing may file an opening, answering, and reply brief.

5.      Responses to the Special Master's report and recommendation in the *Crystallex* Action, Misc. No. 17-151, including Launch Date Objections, remain due on **May 23, 2023** and replies thereto remain due on **June 5, 2023**.

6.      The Court is aware of the following motions (listed below) that are also pending. Briefing on these shall be completed according to the schedule currently in place or, alternatively, the parties to such motions shall submit agreed-upon scheduling orders that ensure completion of such briefing no later than **June 14, 2023**:

    a. Red Tree's motions for issuance and service of writs of attachment, Misc. Nos. 22-68 D.I. 28 and 22-69 D.I. 28;[3]

---

[3] The parties shall address in their briefing the Venezuela Parties' contention that "PDVH does not have the physical share certificate in its possession" and that this creates an "impediment" under Delaware law to attachment of shares of stock "unless and until the physical share certificate has been seized." (*Crystallex* Action, Misc. No. 17-151 D.I. 558 at 6-7)

2

      b. ConocoPhillips' motions for issuance and service of writs of attachment, Misc. Nos. 19-342 D.I. 51 and 22-264 D.I. 22;[4]

      c. Counsel for the Bolivarian Republic of Venezuela's motion to withdraw in *OI European Group B.V. v. Bolivarian Republic of Venezuela et al.*, C.A. No. 19-290 D.I. 75;[5] and

      d. Contrarian Capital's motions for conditional writs of attachment in Misc. Nos. 21-18 D.I. 3, 22-131 D.I. 3, and 22-263 D.I. 3.

7. The Court will hear argument on all disputed matters addressed by this Order on **Monday, June 26, 2023, beginning at 10:00 a.m.** in the Boggs Federal Building in Wilmington, Delaware. The Special Master and the Sale Process Parties are required to attend and be prepared to present argument at the hearing, as are the parties who submit filings in connection with paragraphs 5 and 6 of this Order. Other interested entities are free to appear and will be provided an opportunity to be heard.

8. Having considered the views expressed in the Special Master's joint status report of April 6 (*Crystallex* Action, Misc. No. 17-151 D.I. 541), the Court intends to conduct *ex parte* meetings (by telephone or in person) with the Special Master on an approximately monthly basis beginning in July 2023. The Court will coordinate the scheduling of these meetings directly with the Special Master or his designee, without any involvement of the Sale Process Parties. Within **seven (7) days** after the conclusion of such a meeting, the Special Master will file a notice on the docket of the *Crystallex* Action that such a meeting has occurred, its date and location, and additional information (if any) that the Court directs the Special Master to include in his filing. The Court intends to have a court reporter present at least at the first of these regular meetings,

---

[4] Footnote 3 applies to the parties to these motions as well.

[5] A similar motion is pending in *OI European Group B.V. v. Bolivarian Republic of Venezuela*, Misc. No. 19-290 D.I. 143. As this is one of the Six Creditor Actions that are stayed, the Court understands that briefing on the motion in connection with this action may be subject to the stay.

who will transcribe the discussion, and provide the sealed transcript to the Special Master, who will work with the Court to maintain and preserve such sealed transcripts, so they remain available for review should any further order of this or any reviewing court determine that such disclosure is necessary or warranted. The Court will discuss this procedure with the Special Master at the July meeting. The Special Master will indicate in his post-meeting notices on the docket whether a court reporter was present at any *ex parte* meeting with the Court and, if so, will represent that the transcript is being retained under seal. The Special Master is responsible for arranging for a court reporter to be present for the *ex parte* meetings with the Court and shall charge the Sale Process Parties for any costs incurred in connection with fulfilling this duty.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　HONORABLE LEONARD P. STARK
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT