# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | C.A.. No. 17-151-LPS |

## REFINERIA DI KORSOU N.V.'S OPENING BRIEF IN SUPPORT OF INCLUDING ITS JUDGMENT AS AN ADDITIONAL JUDGMENT

OF COUNSEL:

Jeffrey S. Boxer
Carter Ledyard & Milburn LLP
28 Liberty Street, 41st Fl.
New York, New York 10005
(212) 732-3200
boxer@clm.com

GELLERT SCALI BUSENKELL & BROWN, LLC
Michael Busenkell (DE 3393)
Margaret F. England (DE 4248)
Michael Van Gorder (DE 6214)
1201 N. Orange Street, Suite 300
Wilmington, DE 19801
Tel: (302) 425-5800
Fax: (302) 425-5814
mbusenkell@gsbblaw.com
mengland@gsbblaw.com
mvangorder@gsbblaw.com

*Attorneys for Interested Creditor Refineria Di Korsou N.V.*

May 24, 2023

11188690.2

# TABLE OF CONTENTS

NATURE AND STAGE OF PROCEEDINGS ................................................................................ 1

SUMMARY OF ARGUMENTS ..................................................................................................... 2

FACTUAL BACKGROUND ........................................................................................................... 2

    I.    The New York State Proceedings ................................................................................ 2

    II.   The Delaware State Proceedings ................................................................................. 4

ARGUMENT .................................................................................................................................... 5

    I.    The RDK Judgment Should be Included as an Additional Judgment. ........................ 5

    II.   Priority of Additional Judgments Should be Determined Under the Laws of the State of Delaware. ..................................................................................................................... 6

CONCLUSION ................................................................................................................................. 7

11188690.2

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

E. Sav. Bank, FSB v. Cach, LLC,
    2014 Del. Super. LEXIS 374 (Super. Ct. July 31, 2014)............................................................6

State ex rel. Sec'y of the DOT v. Fisher,
    1997 Del. Super. LEXIS 581 (Super. Ct. Dec. 22, 1997)...........................................................6

**Other Authorities**

Federal Rule of Civil Procedure 69 ................................................................................................6

Refineria Di Korsou N.V. ("RDK") respectfully submits this memorandum of law, in accordance with this Court's Memorandum Order of May 10, 2023 [D.I. 559] where the Court invited any other interested creditors to brief certain issues related to the *Sixth Revised Proposed Order (A) Establishing Sale and Bidding Procedures, (B) Approving Special Master's Report and Recommendation Regarding Proposed Sale Procedures Order, (C) Affirming Retention of Evercore as Investment Banker by Special Master and (D) Regarding Related Matters* (the "Sale Procedures Order"), entered in *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 1:17-mc-151-LPS (D. Del. Oct. 11, 2022) [D.I. 481].

## NATURE AND STAGE OF PROCEEDINGS

On May 10, 2023, this Court entered the above referenced Memorandum Order [D.I. 559], which, *inter alia*, provided that "any other interested creditor **MAY**" brief the following issues regarding the Sale Procedure Order:

a. Which, if any, judgments should be regarded as "Additional Judgments" under the Sale Procedures Order entered in the ***Crystallex*** Action?

b. Should the Court issue full, unconditional orders of attachment (including by converting conditional grants) to any creditors? If yes, should the Court direct service of any such orders of attachment?

c. How should the Court determine the priority of any judgments that are made Additional Judgments?

As discussed more thoroughly below, RDK is an interested creditor of Petroleos De Venezuela S.A. and is filing this opening brief to address, in part, the questions above.

1

11188690.2

## SUMMARY OF ARGUMENTS

1.  The Court, in exercising its discretion, should include the RDK Judgment (defined below) as an Additional Judgment under the Sale Procedures Order because: (i) the RDK Judgment is against Petroleos De Venezuela S.A. directly, final, and not subject to appeal; (ii) the RDK Judgment has been attached to the PDVH shares via a writ of attachment issued by the Superior Court of the State of Delaware; (iii) RDK's request to be included as an Additional Judgment is timely; and (iv) RDK is ready and willing to meet its obligations set forth in the Sale Procedures Order. As such, including the RDK Judgment as an Additional Judgment will not cause any further delay in the sale process.

2.  RDK does not take a position regarding the issues set forth in paragraph 3.b of the Court's May 10, 2023 Memorandum Order.

3.  The Court should determine the priority of any judgments that are made Additional Judgments pursuant to, and consistent with, the laws of the State of Delaware.

## FACTUAL BACKGROUND

### I. The New York State Proceedings

RDK obtained a judgment dated August 27, 2022 (the "RDK Judgment") from the Supreme Court of the State of New York, County of New York against Petroleos De Venezuela S.A. ("PDVSA") in the amount of $62,339,755.58.

The RDK Judgment arises out of a Guaranty dated as of May 22, 1998, as amended (the "Guaranty"), in which PDVSA guaranteed the obligations of its wholly-owned subsidiary Refineria Isla (Curazao), S.A. ("Isla").[1] On March 27, 1998, Defendant's subsidiary Isla entered into a Utilities Services Agreement (the "USA") with Curaçao Utilities Company N.V.[2] Under

---

[1] A true and correct copy of the Guaranty dated May 22, 1998, as amended, is attached hereto as Exhibit A.
[2] A true and correct copy of the Utilities Services Agreement is attached hereto as Exhibit B.

2

the USA, Isla agreed to make monthly payments in connection with utilities supplied by Curaçao Utilities Company N.V. to an oil refinery in Curaçao operated by Isla. On May 22, 1998, PDVSA executed the Guaranty which obligates PDVSA to pay amounts owed by Isla under the USA. Curaçao Utilities Company N.V. assigned its future rights and obligations under the USA to RDK effective March 1, 2012.

The USA is a contract for the supply of utilities to the oil refinery in Emmastad, Curaçao, which (first) PDVSA and (later) Isla leased from RDK, along with the oil transshipment terminal at Bullenbaai, Curaçao. The USA provides that Isla must pay RDK an amount determined pursuant to Article 5.1 of the USA on a monthly basis. The payments due under the USA are absolute and unconditional take-or-pay payments which would be due even if Isla had no use for the utilities or if the utilities were not supplied. The USA does not allow set-off or deductions. If sufficient utilities were not supplied, Isla's only remedy under the USA would be a claim for liquidated damages within annual and overall limits stipulated in the USA, provided, however, that the liquidated damages could not be set off against the take-or-pay payments. [USA, Articles 5.1.1.3, 5.4.3, 9.1.1 and 9.1.5.]

Isla failed to pay the monthly amounts due to RDK under the USA from early 2018 through the end of December 2019, for a total amount of $49,404,195. In addition, Isla continued to receive the services under the USA in the period 1 January 2020 through 15 January 2020, for which RDK charged Isla half of the monthly amount due under the USA ($1,880,977.46), bringing the total amount due to RDK to $51,285,172.46.

Pursuant to the Guaranty, PDVSA irrevocably and unconditionally agreed to guarantee the full and prompt payment of any amounts owed by its subsidiary Isla under the USA:

> [PDVSA] hereby irrevocably and unconditionally guarantees to [RDK] the full and prompt payment when due (taking into account all applicable notice and grace

> periods, if any) of all amounts, liabilities and obligations of [Isla], absolute or conditional, due or to become due, or now existing or hereafter incurred, that may arise out of the [USA] (the "Guaranteed Obligations") . . . [PDVSA] further agrees that if [Isla] shall fail to pay in full when due all or any of the Guaranteed Obligations, [PDVSA] will immediately pay the same upon demand.

Guaranty at Section 2(a). The Guaranty states that it is "an absolute, unconditional, and continuing Guaranty of the full and punctual payment of the Guaranteed Obligations." Guaranty, Section 2(b). It also requires that "All payments made by [PDVSA] hereunder shall be made without set-off or counterclaim and without any deduction or withholding for any reason, except as expressly provided to the contrary in the USA." Guaranty, Section 2(c).

The Guaranty is governed by New York law, and provides for jurisdiction and venue in the New York courts. Guaranty at 7(e)(i)-(iii). Accordingly, RDK commenced litigation in New York against PDVSA in or about August 2020 to enforce the Guaranty and collect the amounts due to RDK. PDVSA asked an arbitration panel in a separate arbitration between RDK and PDVSA to stay the New York litigation, but the arbitration panel rejected PDVSA's request. PDVSA then elected not to participate directly in the New York litigation, and RDK moved for a default judgment.

The New York court ultimately issued a judgment dated August 27, 2022 and filed August 30, 2022 against PDVSA in RDK's favor in the principal sum of $51,285,172.46 together with pre-judgment interest of $11,054,583.12, for a total judgment of $62,339,755.58.[3] The time for PDVSA to appeal from the issuance of the judgment has passed.

II.     **The Delaware State Proceedings**

On April 12, 2023, RDK filed a *Complaint to Domesticate and Enforce a Foreign Judgment* in the Superior Court of the State of Delaware, C.A. No. N23J-01330. On May 3, 2023,

---

[3] A true and correct copy of the judgment against PDVSA, dated August 27, 2022 is attached hereto as Exhibit C.

RDK filed a *Praecipe* requesting the Superior Court to issue a *Writ of Attachment Fieri Facias* (the "Writ") to the Sheriff of New Castle County instructing him to serve the Writ upon PDV Holding, Inc. ("PDVH") to attach all shares of stock and any other assets or rights incident to that stock ownership belonging or owing to PDVSA.  The Writ was issued the following day on May 4, 2023.  On May 10, 2023, the Writ and Fi Fa Attachment were served upon PDVH's registered agent.

## ARGUMENT

### I. The RDK Judgment Should be Included as an Additional Judgment.

The RDK Judgment should be added as and/or deemed to be an "Additional Judgment" pursuant to the Sale Procedures Order entered in *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 1:17-mc-151-LPS (D. Del. Oct. 11, 2022) [D.I. 481].  The Sale Procedures Order provides that the determination of Additional Judgments is a matter left to the discretion of the Court, and there is nothing in the Sale Procedures Order that prohibits the inclusion of the RDK Judgment, which has been attached to the PDVH shares via an issued and served writ of attachment.  *See* Sale Procedures Order at 25 ("the Court will decide in accordance with applicable law which, if any, additional judgments (the '**Additional Judgments**' and with the Crystallex Judgment, the '**Attached Judgments**') are to be considered by the Special Master for purposes of the Sale Transaction. . . .").

First, the RDK Judgment is directly against PDVSA, no longer subject to appeal, and is thus final in all respects.  Notably, because the RDK Judgment is directly against PDVSA as opposed to the alter ego of another entity, the Third Circuit's decision in the current pending appeals will have no effect on whether RDK can continue to pursue PDVSA's property.  Further, the RDK Judgment has been registered in Delaware, and the Writ attaching the judgment to the

PDVH shares has been issued and served upon PDVH's registered agent. RDK's request to be included as an Additional Judgment is timely under the Sale Procedures Order. *See* Sale Procedures Order at 25 (defining the Additional Judgment Deadline as "no later than ten calendar days after the Launch Date").

Finally, RDK is not seeking the status of a Sale Process Party or seeking to amend or modify the Sale Procedure Order. RDK is cognizant of the time, effort, and resources that that the Court, the Special Master and the Sale Process Parties have devoted to the Sale Procedure Order. As such, RDK does not seek to disturb the status quo and merely requests that the RDK Judgment be included as a judgment to be satisfied. Moreover, RDK is ready and willing to adhere to the duties and obligations set forth in the Sale Procedure Order, including paying its fair share of the Transaction Expenses and providing any information that the Special Master or the Sale Process Parties may require in conducting the process under the Sale Procedure Order.

As such, inclusion of the RDK Judgment would not cause any delay, prejudice any of the relevant parties, or create any further issues. There is no reason why the RDK Judgment should not be included as an Additional Judgment here.

## II. Priority of Additional Judgments Should be Determined Under the Laws of the State of Delaware.

Pursuant to Federal Rule of Civil Procedure 69, the "procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies. The general rule in Delaware is first in time, first in right. E. Sav. Bank, FSB v. Cach, LLC, 2014 Del. Super. LEXIS 374, at *9 (Super. Ct. July 31, 2014). "A lien created by state law derives its priority at the time it attaches to the property and has become choate." State ex rel. Sec'y of the DOT v. Fisher, 1997 Del. Super. LEXIS 581, at *5 (Super. Ct. Dec. 22, 1997). "To

be choate, a lien must be certain as to the amount, the identity of the lienor, and the property subject to the lien." Id.

RDK is unaware of a federal statute that would apply here, and thus, takes the position that the Laws of the State of Delaware apply regarding the priority of judgments. As such, the Court should determine priority based upon the above rules regarding priority.

## CONCLUSION

For all these reasons, RDK respectfully requests that this Court include the RDK Judgment as an Additional Judgment under the Sale Procedures Order, and determine priority of the Additional Judgments pursuant to the laws of the State of Delaware.

Dated: May 24, 2023

OF COUNSEL:

Jeffrey S. Boxer
Carter Ledyard & Milburn LLP
28 Liberty Street, 41st Fl.
New York, New York 10005
(212) 732-3200
boxer@clm.com

GELLERT SCALI BUSENKELL & BROWN, LLC

*/s/ Margaret F. England*
Michael Busenkell (DE 3393)
Margaret F. England (DE 4248)
Michael Van Gorder (DE 6214)
1201 N. Orange Street, Suite 300
Wilmington, DE 19801
Tel: (302) 425-5800
Fax: (302) 425-5814
mbusenkell@gsbblaw.com
mengland@gsbblaw.com
mvangorder@gsbblaw.com

*Attorneys for Interested Creditor Refineria Di Korsou N.V.*