# **<u>EXHIBIT A</u>**

# GUARANTY

## PETROLEOS DE VENEZUELA

This GUARANTY (the "Guaranty"), dated as of May, 22 1998, is issued by PETRÓLEOS DE VENEZUELA S.A. (the "Guarantor") in favor of CURAÇAO UTILITIES COMPANY N.V. (the "Company").

In consideration of the Company's entering into that certain Utilities Services Agreement, dated as of April 22, 1998 (as the same may be amended and supplemented from time to time, the "Agreement"), with Refineria Isla (Curazao), S.A. ("RICSA"), a wholly-owned subsidiary of the Guarantor, and in view of the benefits the Guarantor expects to receive as a result of RICSA'S being a party to the Agreement, the Guarantor hereby covenants and agrees with the Company as follows:

Section 1. Definitions: Capitalized terms used herein and not otherwise defined shall have their respective meanings as set forth in the Agreement.

Section 2. Guaranty.

(a) Guaranty. The Guarantor hereby irrevocably and unconditionally guarantees to the Company the full and prompt payment when due (taking into account all applicable notice and grace periods, if any) of all amounts, liabilities and obligations of RICSA, absolute or contingent, due or to become due, or now existing or hereafter incurred, that may arise out of the Agreement (the "Guarantied Obligations"); provided, however, that the Guarantor may, as a defense to the performance of its obligations under this Guaranty, assert any defense available to RICSA under the Agreement, other than those waived pursuant to subsection (b) below and other than any based on the personal or corporate incapacity of any Person. The Guarantor further agrees that if RICSA shall fail to pay in full when due all or any of the Guarantied Obligations, the Guarantor will immediately pay the same upon demand. This 

DR-A.10

Guaranty is irrevocable in nature and is made with respect to any Guarantied Obligations now existing or hereafter arising and shall remain in full force and effect until all of the Guarantied Obligations are fully and irrevocably satisfied and discharged. This Guaranty is a guaranty of full and punctual payment and not merely of collection.

(b) **Absolute Guaranty.** This Guaranty is an absolute, unconditional, and continuing Guaranty of the full and punctual payment of the Guarantied Obligations, and the Guarantor agrees that its obligations hereunder in respect of the Guarantied Obligations shall not be released, modified, altered, limited, impaired, or otherwise affected by any event, act or failure to act or any other cause or circumstance, including, without limitation:

i) the bankruptcy, receivership or insolvency of the Company or any other Person or the discharge of the Company's or any other Person's obligations in any bankruptcy, receivership or similar proceeding; or

ii) any modification, amendment, rescission, discharge, or release, in whole or in part, of the Agreement or the Guarantied Obligations.

(c) **Payments.** All payments made by the Guarantor hereunder shall be made without set-off or counterclaim and without any deduction or withholding for any reason, except as expressly provided to the contrary in the Agreement. All payments hereunder shall be made in U.S. dollars in immediately available funds.

(d) **Reinstatement.** Notwithstanding anything to the contrary contained herein, this Guaranty shall continue to be effective or be reinstated, as the case may be, if at any time any payment, or part thereof, under this Guaranty is rescinded or must otherwise be returned or restored by the Company upon the insolvency, bankruptcy, dissolution, liquidation or reorganization or similar event affecting RICSA or the Guarantor or any substantial part of its property, or otherwise, all as though such payment had not been made.

Section 3. <u>Other Provisions of the Guaranty.</u>

(a) <u>Costs and Expenses.</u> The Guarantor shall pay upon demand and presentation of invoices all costs and expenses of the Company, including, without limitation, reasonable attorneys's fees, disbursements, and taxes paid or incurred in connection with (i) the enforcement of, or modification of any amounts due under, this Guaranty, (ii) any waiver, extension, amendment or modification of any provision of this Guaranty, or (iii) the administration of this Guaranty.

(b) <u>Waivers by the Guarantor.</u> The Guarantor hereby waives, to the maximum extent permitted by applicable law: (i) all rights to require the Company to proceed against RICSA or any other Person at any time, or to proceed against or exhaust any right or take any action against RICSA or any other Person, or to pursue any other remedy whatsoever at any time; (ii) all rights to raise as a defense to the enforcement of this Guaranty any defense arising by reason of any disability or other defense of RICSA or any other Person, or by reason of the cessation from any cause whatsoever of the obligations of RICSA or any other Person under the Guaranty (other than by reason of payment of the Guarantied Obligations in accordance with their terms), and (iii) presentments, demands, notices, and protest of every kind and nature in connection with the delivery of, acceptance, performance, default, or enforcement of this Guaranty or any other instrument, document, or agreement relating thereto, except for demands and notices expressly provided for herein.

(c) <u>Deferral of Subrogation.</u> Until such time as the Guarantied Obligations have been indefeasibly paid in full, notwithstanding any payment made by the Guarantor hereunder or the receipt of any amounts by the Company with respect to the Guarantied Obligations, (i) the Guarantor (on behalf of itself, its successors and assigns, including any surety) hereby expressly and irrevocably waives any right it may have to be subrogated to any of the rights of the Company against RICSA or against any other collateral security held by the Company for the payment of the Guarantied Obligations and (ii) the Guarantor agrees that it will not seek any reimbursement from the Company in respect of payments made by the Guarantor in connection with the Guarantied Obligations, or amounts realized by the Company in connection with the Guarantied Obligations.

Section 4. **Representations and Warranties of the Guarantor.** The Guarantor hereby represents, warrants, and undertakes to the Company as follows:

(a) The Guarantor is duly organized, validly existing and in good standing under the laws of its jurisdiction of organization.

(b) The Guarantor has full power, authority and legal right to execute and deliver this Guaranty and all other instruments, documents and agreements required by the provisions of this Guaranty to be executed, delivered and performed by the Guarantor, and to perform its obligations hereunder and thereunder.

(c) The execution, delivery and performance of this Guaranty and all other instruments, documents and agreements required by the provisions of this Guaranty to be executed, delivered and performed by the Guarantor have been duly authorized by all necessary corporate action on the part of the Guarantor.

(d) This Guaranty and all other instruments, documents and agreements required by the provisions of this Guaranty to be executed, delivered and performed by the Guarantor have been duly executed and delivered by the Guarantor and constitute the legal, valid and binding obligations of the Guarantor, enforceable against it in accordance with their respective terms.

(e) All necessary action has been taken under the laws of the Republic of Venezuela to authorize the execution, delivery and performance of this Guaranty. No governmental approvals or other consents, approvals, or notices of or to any Person are required in connection with the execution, delivery, performance by the Guarantor, validity or enforceability of this Guaranty.

Section 5. **Sovereign Immunity.** The Guarantor unconditionally and irrevocably:

a) Agrees that the execution, delivery and performance by it of this Guaranty constitute private and commercial acts rather than public or governmental acts;

b) Agrees that, should any proceeding be brought against it or its assets in any jurisdiction in relation to this Guaranty or any transaction contemplated by this Guaranty, no



immunity from such proceedings shall, to the extent that it would otherwise be entitled to do so, be claimed by or on behalf of itself or with respect to its assets;

c) Waives any right of immunity which it or any of its assets now has or may acquire in the future in any jurisdiction; provided, however, that such waiver shall not be deemed to create any right on the part of the Company to attach any asset or property prior to the entry of judgment; and

d) Consents, with respect to the enforcement of any judgment against it in any such proceedings in any jurisdiction, to the giving of any relief or the issue of any process in connection with such proceedings (including, without limitation, the making, enforcement or execution against or in respect of any property whatsoever, irrespective of its use or intended use).

Section 6    Notices.    All notices, demands, instructions, waivers, consents, or other communications required or permitted hereunder shall be in writing in the English language; shall be effective upon receipt; and shall be sent by personal delivery, courier, certified mail or tested telex, to the following addresses:

(a) If to the Guarantor, to:    Petróleos de Venezuela S.A.
Attn: Corporate Vice-President Finance
8 th Floor, East Tower
La Campiña, Caracas 1010-A
Venezuela
Tel:   (582) 708-4227
Fax:   (582) 7084510

(b) If to the Company, to:    Curacao Utilities Company N.V.
C/o Refineria di Korsou N.V.
Ara Hill Top Building, Pletterijweg 1
P.O. Box 3627
Attn: CUC Project
Tel:   599-9-461-1050
Fax:   599-9-461-3377

with a copy to:   Apr 16, 200  Lancaster Distral Energy International, Inc.
1125 NE 7th Avenue
Dania, FL 33004-2503
Attn: President
Tel:  954-920-8100
Fax:  954-922-8686

Nations Energy Corporation
399 Carolina Avenue
Winter Park, FL 32789
Attn: President
Tel:  407-647-7077
Fax:  407-647-7751 or 2414

Constellation Power, Inc.
250 West Pratt Street
Baltimore, MD 21201-2423
Attn: Secretary
Tel:  410-783-2800
Fax:  410-783-3610

The addresses and telex numbers of either party for notices given pursuant to this Guaranty may be changed by means of a written notice given to the other party at least 15 business days prior to the effective date of such change.

Section 7   Miscellaneous Provisions.

(a)   Waiver; Remedies Cumulative. No failure on the part of the Company to exercise, and no delay on the part of the Company in exercising, any right or remedy, in whole or in part hereunder shall operate as a waiver thereof. No single or partial exercise of any right or remedy shall preclude any other or further exercise thereof or the exercise of any other right or remedy. No waiver by the Company shall be effective unless it is in writing and such writing expressly states that it is intended to constitute such waiver. Any waiver given by the Company of any right, power or remedy in any one instance shall be effective only in that

specific instance and only for the purpose for which given, and will not be construed as a waiver of any right, power or remedy on any future occasion. In addition, the Guarantor may not claim that the Company could have avoided or mitigated in any manner or through any action the damages resulting from a default of RICSA under the Agreement. The rights and remedies of the Company herein provided are cumulative and not exclusive of any rights or remedies provided by law.

(b) <u>Successors and Assigns</u>. This Guaranty shall be binding upon the successors of the Guarantor and shall inure to the benefit of the Company and its successors and permitted assigns. The Guarantor shall not assign or transfer all or any part of its rights or obligations hereunder without the prior written consent of the Company. Any purported assignment or delegation without such written consent shall be null and void. The Company may assign its rights and interests in this Guaranty to any assignee of the Company permitted in accordance with the Agreement. No other Persons shall be a beneficiary of this Guaranty or have or acquire any rights by reason of this Guaranty.

(c) <u>Amendment</u>. This Guaranty may not be modified, amended, terminated or revoked, in whole or in part, except by an agreement in writing signed by the Company and the Guarantor.

(d) <u>Termination and Release</u>. When all obligations of RICSA under or in connection with the Agreement are fully and irrevocably satisfied and discharged, then, and only then, shall this Guaranty be released; otherwise, it shall remain in full force and effect. No release of this Guaranty shall be valid unless executed by the Company and delivered to the Guarantor.

(c) GOVERNING LAW; JURISDICTION.

(i) THE RIGHTS AND OBLIGATIONS OF THE PARTIES UNDER OR PURSUANT TO THIS GUARANTY SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK, WITHOUT REGARD FOR ANY PRINCIPLES OF CONFLICTS OF LAW, THAT WOULD DIRECT OR PERMIT THE APPLICATION OF THE LAW OF ANY OTHER JURISDICTION.

(ii) ANY ACTION OR PROCEEDING AGAINST THE GUARANTOR MAY BE BROUGHT AND ENFORCED IN, AND GUARANTOR HEREBY SUBMITS TO THE JURISDICTION OF THE FEDERAL COURTS OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK; PROVIDED THAT, IF FOR WHATEVER REASON THE FEDERAL COURTS OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK WILL NOT OR CANNOT HEAR SUCH ACTION OR PROCEEDING, IT MAY BE BROUGHT AND ENFORCED IN, AND GUARANTOR HEREBY SUBMITS TO THE JURISDICTION OF THE COURTS OF THE STATE OF NEW YORK LOCATED IN NEW YORK CITY.

(iii) THE GUARANTOR WAIVES ANY OBJECTION WHICH IT MAY HAVE TO THE LAYING OF VENUE OF ANY SUCH SUIT, ACTION OR PROCEEDING IN ANY OF SUCH COURTS AND ANY CLAIM THAT ANY SUCH SUIT, ACTION OR PROCEEDING HAS BEEN BROUGHT IN AN INCONVENIENT FORUM.

(iv) THE GUARANTOR IRREVOCABLY CONSENTS TO THE SERVICE OF PROCESS OUT OF ANY OF THE AFOREMENTIONED COURTS BY REGISTERED OR CERTIFIED MAIL, POSTAGE PREPAID, TO THE

UNDERSIGNED AT ITS ADDRESS SET FORTH ABOVE, SUCH SERVICE TO BECOME EFFECTIVE 30 DAYS AFTER SUCH MAILING.

(v) THE GUARANTOR AGREES THAT FINAL JUDGMENT IN ANY SUCH ACTION OR PROCEEDING SHALL BE CONCLUSIVE AND MAY BE ENFORCED IN ANY OTHER JURISDICTION BY SUIT ON THE JUDGMENT OR IN ANY OTHER MANNER PROVIDED BY LAW.

(vi) NOTHING IN THIS SECTION SHALL AFFECT THE RIGHT OF THE COMPANY (A) TO SERVE LEGAL PROCESS IN ANY OTHER MANNER PERMITTED BY LAW, OR (B) TO BRING ANY SUIT, ACTION OR PROCEEDING AGAINST THE UNDERSIGNED OR ITS PROPERTIES IN THE COURTS OF ANY OTHER JURISDICTIONS.

(vii) THE FOREGOING PROVISIONS CONSTITUTE, AMONG OTHER THINGS, A SPECIAL ARRANGEMENT BETWEEN THE COMPANY AND THE GUARANTOR FOR PURPOSES OF SECTION 4(a) OF THE UNITED STATES FOREIGN SOVEREIGN IMMUNITIES ACT OF 1976, AS AMENDED (28 USC 1608).

(viii) THE GUARANTOR AND THE COMPANY WAIVE ANY RIGHT THEY MAY HAVE TO A TRIAL BY JURY.

(f) Survival. All representations and warranties made in this Guaranty and in any other instrument, document, and agreement delivered pursuant hereto or in connection herewith shall survive the execution and delivery of this Guaranty.

(g) Severability. Any provision of this Guaranty that is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof, and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction. Where provisions of law or regulation resulting in such prohibition or unenforceability may be waived they are hereby waived by the

Guarantor and the Company to the full extent permitted by law so that this Guaranty shall be deemed a valid binding agreement in each case enforceable in accordance with its terms.

This Guaranty has been duly executed on behalf of the Guarantor by its authorized officer as of the 22 day of May 1998.

PETRÓLEOS DE VENEZUELA S.A.

By: _____

Name: RAMÓN ESPINASA.

Title: Corporate Vice-President Finance

Acknowledged and Accepted:

CURAÇAO UTILITIES COMPANY N.V.

By: _____

Name: _____

Title: _____

Execution Copy

# AMENDMENT
# TO
# GUARANTY OF
# PETRÓLEOS DE VENEZUELA

Pursuant to a request of CURAÇAO UTILITIES COMPANY N.V. (the "Company"), PETRÓLEOS DE VENEZUELA S.A. (the "Guarantor") hereby amends that certain Guaranty (the "Guaranty"), dated as of May 22, 1998, issued by the Guarantor in favor of the Company as follows.

Section 1. Definitions: Capitalized terms used herein and not otherwise defined shall have their respective meanings as set forth in the Guaranty.

Section 2. Amendment of Guaranty.

(a) Amendment of Section 3(c). Clause (ii) of Section 3(c) of the Guaranty is hereby deleted in its entirety and the following is substituted in lieu thereof:

"(ii) the Guarantor agrees that it will not seek any reimbursement from RJCSA in respect of payments made by the Guarantor in connection with the Guarantied Obligations."

(b) Amendment of Section 6. Section 6 of the Guaranty is hereby deleted in its entirety and the following is substituted in lieu thereof:

"Section 6. Notices. All notices, demands, instructions, waivers, consents, or other communications required or permitted hereunder shall be in writing in the English language, shall be effective upon receipt; and shall be sent by personal delivery, courier, certified mail or tested telex, to the following addresses:

(a) If to the Guarantor, to:   Petróleos de Venezuela S.A.
                                Attn: Corporate Finance Coordinator
                                8th Floor, Torre Este
                                Avenida Libertador
                                La Campiña, Caracas 1010-A
                                Venezuela
                                Tel: (582) 708-4227
                                Fax: (582) 708-4510

(a) If to the Company, to:     Curaçao Utilities Company N V.
                                c/o Refinería di Korsou N.V.
                                Ara Hill Top Building, Pletterijweg 1
                                P.O. Box 3627
                                Attn: CUC Project
                                Tel: 599-9-461-1050

Apr 10, 2007 VEST GMFOLAST EDT
Fax: 599-9-461-3377

with a copy to:   Nations Energy Corporation
399 Carolina Avenue
Winter Park, FL 32789
Attn:  President
Tel.   407-647-7077
Fax:   407-647-7751 or 2414

The addresses and telex numbers of either party for notices given pursuant to this Guaranty may be changed by means of a written notice to the other party at least 15 business days prior to the effective date of such change."

Section 3. <u>Representations and Warranties of the Guarantor</u>. The Guarantor hereby represents, warrants, and undertakes to the Company as follows:

(a)   The Guarantor has full power, authority and legal right to execute and deliver this Amendment and to perform its obligations hereunder.

(b)   The execution, delivery and performance of this Amendment have been duly authorized by all necessary corporate action on the part of the Guarantor.

(c)   This Amendment has been duly executed and delivered by the Guarantor and constitutes the legal, valid and binding obligation of the Guarantor, enforceable against it in accordance with its terms.

(d)   All necessary action has been taken under the laws of the Republic of Venezuela to authorize the execution, delivery and performance of this Amendment. No governmental approvals or other consents, approvals, or notices of or to any Person are required in connection with the execution, delivery, performance by the Guarantor, validity or enforceability of this Amendment.

Section 4. <u>Miscellaneous Provisions</u>.

(a)   <u>GOVERNING LAW; JURISDICTION</u>. THE RIGHTS AND OBLIGATIONS OF THE PARTIES UNDER OR PURSUANT TO THIS AMENDMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK, WITHOUT REGARD FOR ANY PRINCIPLES OF CONFLICTS OF LAW THAT WOULD DIRECT OR PERMIT THE APPLICATION OF THE LAW OF ANY OTHER JURISDICTION.

(b)   <u>Survival</u>. All representations and warranties made in this Amendment and in any other instrument, document, and agreement delivered pursuant hereto or in connection herewith shall survive the execution and delivery of this Amendment.



DOCSNDLI 328494

2

(c) <u>Guaranty in Full Force and Effect as Amended</u>. Except as expressly amended hereby, the Guaranty shall continue to be and shall remain in full force and effect in accordance with its terms and is hereby ratified and confirmed. The amendments provided herein shall be limited precisely as drafted and shall not be construed to be an amendment of any other provision of the Guaranty other than as expressly provided herein.

This Amendment has been duly executed on behalf of the Guarantor by its authorized officer as of the 1st day of September, 1999.

PETROLEOS DE VENEZUELA S.A

By: _____
Name: L. CLAVENO
Title: CFO.

Consented to and Agreed:

CURAÇAO UTILITIES COMPANY N.V.

By: _____
Name: MANAGING DIRECTOR
Title: H Parisius

DOC SIX 1 83949 1

3