IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RED TREE INVESTMENTS, LLC,<br><br>   *Plaintiff*,<br> v.<br><br>PETRÓLEOS DE VENEZUELA, S.A. and PDVSA PETRÓLEO, S.A.,<br><br>   *Defendants*. | Nos. 22 Misc. 68 & 69 (LPS) |
| CRYSTALLEX INTERNATIONAL CORP.,<br><br>   *Plaintiff*,<br> v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>   *Defendant*. | No. 17 Misc. 151 (LPS) |

**RED TREE INVESTMENTS, LLC'S OPENING BRIEF REGARDING ADDITIONAL JUDGMENTS AND SERVICE OF WRIT OF ATTACHMENT**

Dated: May 24, 2023

| | |
|---|---|
| Steven F. Molo<br>Justin M. Ellis<br>Lauren F. Dayton<br>Mark W. Kelley<br>MOLOLAMKEN LLP<br>430 Park Avenue, 6th Floor<br>New York, NY  10022<br>Tel.: (212) 607-8170<br>Fax: (212) 607-8161<br>smolo@mololamken.com | Rebecca L. Butcher (No. 3816)<br>Jennifer L. Cree (No. 5919)<br>LANDIS RATH & COBB LLP<br>919 Market Street, Suite 1800<br>Wilmington, DE  19801<br>Tel.: (302) 467-4400<br>butcher@lrclaw.com<br>cree@lrclaw.com |

*Counsel for Red Tree Investments, LLC*

**TABLE OF CONTENTS**

ARGUMENT ........................................................................................................................... 1

I.   The Court Should Issue And Serve Red Tree's Writ And Name Red Tree An
     Additional Judgment Creditor .................................................................................. 2

II.  PDVSA's Physical-Certificate Argument Fails ....................................................... 3

     A.   The Physical-Certificate Argument Is Waived ............................................ 3

     B.   The Physical-Certificate Argument Is Collaterally Estopped ..................... 4

     C.   The Physical-Certificate Argument Is Judicially Estopped ........................ 4

     D.   The Court Can and Should Invoke Section 8-112(e) To Cure the Lack of a
          Physical Certificate ...................................................................................... 5

CONCLUSION ...................................................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Bartlett v. Gen. Motors Corp.*,
   36 Del. Ch. 131 (1956) ...................................................................................................6

*Calista Corp. v. Deyoung*,
   562 P.2d 338 (Alaska 1977) ............................................................................................6

*Chevron Corp. v. Donziger*,
   No. 19 Misc. 24295, 2020 WL 3643043 (S.D. Fla. July 6, 2020) ...................................6

*Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*,
   No. 17 Misc. 151, 2021 WL 129803 (D. Del. Jan. 14, 2021) .................................3, 4, 5

*Delaware v. BP Am. Inc.*,
   578 F. Supp. 3d 618 (D. Del. 2022) ................................................................................3

*House v. Williams*,
   573 So. 2d 1012 (Fla. Dist. Ct. App. 1991) ....................................................................6

*Huntington Nat'l Bank v. Entecap Corp.*,
   No. 05 Civ. 11, 2006 WL 3519346 (S.D. Miss. Dec. 6, 2006) .......................................6

*Huntington Nat'l Bank v. Bywood, Inc.*,
   2017 Ohio 2829 (Ohio App. Ct. 2017) ...........................................................................6

*Moreland v. Alpert*,
   124 P.3d 896 (Colo. App. Ct. 2005) ...............................................................................6

*Nastro v. D'Onofrio*,
   263 F. Supp. 2d 446 (D. Conn. 2003) .............................................................................6

*OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela*,
   No. 19 Misc. 290, 2022 WL 611563 (D. Del. Mar. 2, 2022) .........................................4

*Red Tree Invs., LLC v. Petróleos de Venezuela, S.A.*,
   No. 19 Civ. 2519, 2021 WL 6092462 (S.D.N.Y. Dec. 22, 2021) ...................................2

*Yield Dynamics, Inc. v. Zavecz*,
   No. H028585, 2005 WL 3485660 (Cal. Ct. App. Dec. 21, 2005) ...................................6

**STATUTES**

6 *Del. C.* § 8-112(a) ................................................................................................... *passim*

8 *Del. C.* § 8-405 ............................................................................................................................5

8 *Del. C.* § 168................................................................................................................................5

8 *Del. C.* § 168(b).........................................................................................................................6

8 *Del. C.* § 324..............................................................................................................................6

8 *Del. C.* § 324(a) .........................................................................................................................2

8 *Del. C.* § 324(b).........................................................................................................................6

10 *Del. C.* § 5031..........................................................................................................................2

Pursuant to the Court's May 10, 2023 scheduling order, D.I. 31 at 3,[1] Red Tree Investments, LLC ("Red Tree") respectfully submits this brief regarding (1) which judgments should be regarded as Additional Judgments under the Sale Procedures Order entered in the *Crystallex* Action, and (2) whether the Court should issue and serve full unconditional orders of attachment to any creditors.[2]

## ARGUMENT

PDVSA owes Red Tree more than $276 million under two judgments issued by the United States District Court for the Southern District of New York. Red Tree has fought for years to enforce those judgments and PDVSA's underlying debts. PDVSA has resisted its contractual obligations at every turn. The time has now come for PDVSA to pay what it owes.

For creditors like Red Tree with conditional attachments, becoming Additional Judgment Creditors may be the only meaningful chance to collect on their judgments. Without participating in the sale of PDVH – PDVSA's main asset in the United States – they may receive little or nothing. PDVSA has made clear it will not repay its debts otherwise. The most value-maximizing, efficient, and fair way forward is to allow all creditors with attachments to participate in a single PDVH sale now rather than doing piecemeal sales later.

PDVSA has relied on OFAC regulations to stave off attachments of the PDVH shares. That defense is no longer available. The only argument PDVSA has left – that Red Tree must

---

[1] Because Red Tree's two cases, Nos. 22 Misc. 68 and 69, have corresponding docket entries, this brief refers to one docket entry for both cases.

[2] Capitalized words not otherwise defined have the meaning ascribed to them in the Sixth Revised Proposed Order (A) Establishing Sale and Bidding Procedures, (B) Approving Special Master's Report and Recommendation Regarding Proposed Sale Procedures Order, (C) Affirming Retention of Evercore as Investment Banker by Special Master and (D) Regarding Related Matters, D.I. 481 (the "Sale Procedures Order"), in *Crystallex International Corporation v. Bolivarian Republic of Venezuela*, No. 17 Misc. 151 (the "*Crystallex* Action").

seize the PDVH share certificates to attach them – is waived, estopped, and wrong. The Court should name Red Tree an Additional Judgment Creditor and issue and serve its writ of attachment.

**I.    THE COURT SHOULD ISSUE AND SERVE RED TREE'S WRIT AND NAME RED TREE AN ADDITIONAL JUDGMENT CREDITOR**

In 2022, the Court granted Red Tree a conditional writ of attachment. Nos. 22 Misc. 68 & 69, D.I. 15. The only condition the Court placed on issuing and serving Red Tree's writ was that OFAC either lift sanctions or grant Red Tree a specific license. *Id.* at 3. On May 4, OFAC issued a specific license authorizing the issuance and service of writs of attachment against the PDVH shares for any Additional Judgment Creditors named by the Court. No. 17 Misc. 151, D.I. 555 at 6. Thus, that condition is satisfied.

Because Red Tree is entitled to attach the PDVH shares, it is entitled to have those shares sold to pay its judgments against PDVSA. *See* 10 *Del. C.* § 5031 (governing attachment); 8 *Del. C.* § 324(a) (governing attachment of shares in a Delaware corporation). Crystallex, of course, has that same right. So, the question is, should there be one sale or two?

A single sale makes sense. The existing sale process can allow for the sale of enough shares to pay both Crystallex and other creditors. *See, e.g.*, Sale Procedures Order ¶¶ 15, 26, 29, 32. Using that process will save time and money.

Equity also warrants naming Red Tree an Additional Judgment Creditor. Red Tree has fought PDVSA for years to collect debts that have been in default since 2017. Nos. 22 Misc. 68 & 69, D.I. 15 at 1; No. 19 Civ. 2519 (S.D.N.Y.), D.I. 3 at 297 (Red Tree complaint). PDVSA has opposed Red Tree at every turn, even while admitting it had defaulted. *See Red Tree Invs., LLC v. Petróleos de Venezuela, S.A.*, No. 19 Civ. 2519, 2021 WL 6092462, at *3 (S.D.N.Y. Dec. 22, 2021). PDVSA should not be allowed to put off paying its debts any longer. The Court should name Red Tree an Additional Judgment Creditor and order its writ to be issued and served.

## II. PDVSA'S PHYSICAL-CERTIFICATE ARGUMENT FAILS

In a status report, the Venezuela Parties have signaled that they will challenge Red Tree's and other creditors' attachments because PDVSA allegedly does not possess the physical PDVH share certificate. *Crystallex* Action, D.I. 558 at 6-7. In 2020, the Court rejected the same argument when the Venezuela Parties made it against Crystallex. *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17 Misc. 151, 2021 WL 129803, at *11 (D. Del. Jan. 14, 2021). The Court should reject the argument again now. The argument is waived because it should have been raised when Red Tree moved for a conditional writ. Collateral estoppel and judicial estoppel also bar the Venezuela Parties from raising it now. And the argument also fails on the merits.

### A. The Physical-Certificate Argument Is Waived

When Red Tree moved for a conditional attachment, it argued that "Delaware law permits attachment of PDVSA's PDVH shares." Nos. 22 Misc. 68 & 69, D.I. 3 (cleaned up). As the Court held in 2021, if "PDVSA thought that there were questions of Delaware law" about the validity of a writ, "the time to raise them was when the Court was adjudicating [the creditor's] motion for a writ." *Crystallex*, 2021 WL 129803, at *15 (cleaned up). "At a minimum," the Court directed, "PDVSA needed to put the Court on notice that, after the Court granted [an attachment] motion, PDVSA would still seek an opportunity to attack the validity of the writ on state law grounds." *Id.* But when PDVSA opposed Red Tree's writ, it chose to neither raise Section 8-112(a) nor to warn the Court that it might seek to do so later on. *See* Nos. 22 Misc. 68 & 69, D.I. 10 (opposition brief). That choice bars PDVSA from raising Section 8-112(a) now. *Crystallex*, 2021 WL 129803, at *15 (finding PDVSA's Section 8-112(a) argument untimely in *Crystallex*); *see Delaware v. BP Am. Inc.*, 578 F. Supp. 3d 618, 627 (D. Del. 2022) ("When a party files an opposition brief and fails to contest an issue raised in the opening brief, the issue is considered waived or abandoned.").

3

### B. The Physical-Certificate Argument Is Collaterally Estopped

For similar reasons, PDVSA is collaterally estopped. Collateral estoppel applies where "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." *Crystallex*, 2021 WL 129803, at *9. The identical issue – Red Tree's entitlement to the writ – was actually litigated in Red Tree's motion for a conditional attachment and PDVSA's cross-motion to dismiss for lack of jurisdiction. Nos. 22 Misc. 68 & 69, D.I. 10, 14. The Court granted Red Tree's motion, denied PDVSA's cross-motion, and rejected all of PDVSA's arguments. Nos. 22 Misc. 68 & 69, D.I. 15. Collateral estoppel bars PDVSA from using its "new" Section 8-112(a) argument to relitigate that issue. *Crystallex*, 2021 WL 129803, at *9 ("That PDVSA now raises new arguments in support of its old position does not defeat application of collateral estoppel.").[3]

### C. The Physical-Certificate Argument Is Judicially Estopped

PDVSA has repeatedly argued that OFAC sanctions prohibit attaching the PDVH shares because any attachment would transfer a property interest.[4] PDVSA benefited from that argument because, to avoid violating sanctions, the Court granted Red Tree only a conditional attachment. *See OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela*, No. 19 Misc. 290, 2022 WL 611563,

---

[3] Because PDVSA is in privity with PDVH and Citgo, PDVH and Citgo are estopped to the extent PDVSA is estopped. *Crystallex*, 2021 WL 129803, at *12-13.

[4] *See, e.g.*, *OI European Group B.V. v. Bolivarian Republic of Venezuela*, No. 19 Misc. 290 (D. Del. Nov. 11, 2019) D.I. 11 at 16 ("OIEG cannot seek to attach PDVH shares unless it obtains a license from OFAC."); *Red Tree Investments, LLC v. Petróleos De Venezuela, S.A. et al.*, No. 19 civ. 2519 (S.D.N.Y. Feb. 2, 2022) D.I. 157 ("[U]nder Delaware law, the writ of attachment that Red Tree presently seeks would act as a lien against Defendants' shares of PDVH"); *Red Tree Investments, LLC v. Petroleos De Venezuela, S.A. et al.*, Nos. 22 Misc. 68 & 69 (D. Del. Mar. 1, 2022) D.I. 10 at 11 (arguing that Red Tree's writ would create an "interest in blocked property [that] is barred by OFAC sanctions").

at *6 (D. Del. Mar. 2, 2022); Nos. 22 Misc. 68 & 69 D.I. 15.  Now, PDVSA argues that Red Tree cannot fully attach the PDVH shares because it does not possess the share certificate.  *See Crystallex* Action, D.I. 558 at 6-7.  But if PDVSA is right, there was never any risk that an attachment could violate sanctions because, without the share certificate, PDVSA's property interest in PDVH cannot be transferred.  Judicial estoppel bars PDVSA from switching its arguments in this way.  *See Crystallex*, 2021 WL 129803, at *11 (under judicial-estoppel principles, "a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory" (quotation omitted)).

### D. The Court Can and Should Invoke Section 8-112(e) To Cure the Lack of a Physical Certificate

Even if Section 8-112(a) could be validly raised at this point, that statute does not preclude attachment of the PDVH shares.  Section 8-112(e) of the UCC provides broad powers to "aid [Red Tree]  by injunction or otherwise, in reaching [a] certificated security . . . or in satisfying the claim by means allowed at law or in equity in regard to property that cannot readily be reached by means of other legal process."  6 *Del. C.* § 8-112(e).  If the Venezuela Parties invoke Section 8-112(a) to require physical seizure of the PDVSA shares, the Court has at least two tools under Section 8-112(e) to address that requirement.[5]

*First,* Delaware law allows an owner of a lost or destroyed share certificate to compel the issuer to re-issue and deliver a new certificate.  8 *Del. C.* § 168; *see also* 8 *Del. C.* § 8-405.[6]

---

[5] In addition, as Crystallex has previously argued, Delaware law preserves courts' historical powers to attach shares in Delaware corporations via service of a writ (rather than by seizure of shares).  *See Crystallex* Action, D.I. 199 at 28-32.

[6] These statutes require that, upon reissuance, the owner must "give the corporation a bond in such form and with such security as to the court appears sufficient to indemnify the corporation against any claim that may be made against it on account of the alleged loss, theft or destruction of any such certificate or the issuance of such new uncertificated shares or new certificate."  8 *Del. C.*

5

Delaware courts have recognized a similar power to order a corporation to cancel a judgment debtor's shares and reissue new shares for a creditor's benefit. *Bartlett v. Gen. Motors Corp.*, 36 Del. Ch. 131, 135 (1956) (citing 8 *Del. C.* § 324). And while Delaware courts have not specifically addressed whether Section 8-112(e) allows a court to compel the reissuance of shares, other courts have invoked the same clause of the UCC to order that relief.[7] If necessary, the Court should do the same here and direct PDVH to reissue and deliver the shares to the U.S. Marshals Service.

*Second*, the Court may waive Section 8-112(a) because PDVSA is trying to use it in a way that is contrary to its purpose. The goal of Section 8-112(a)'s physical-seizure requirement is to protect innocent transferees of certificated securities. 7 William D. Hawkland, U.C.C. Series § 8-112:1 (Mar. 2023 update); *see also* U.C.C. § 8-112 official cmt. 1 (the statute works to avoid "the possibility of the certificate's wrongfully finding its way into a transferee's hands"). Accordingly, courts have waived the physical-seizure requirement where "there is no innocent purchaser to protect." *Calista Corp. v. Deyoung*, 562 P.2d 338, 346 (Alaska 1977); *Huntington Nat'l Bank v. Entecap Corp.*, No. 05 Civ. 11, 2006 WL 3519346, at *7 (S.D. Miss. Dec. 6, 2006) (waiving the "physical seizure requirement [as] moot if the certificates have in fact been lost or destroyed"); *see also Moreland v. Alpert,* 124 P.3d 896, 903 (Colo. App. Ct. 2005) (allowing seizure of share

---

§ 168(b); *see also* 8 *Del. C.* § 324(b) (similar). Here, however, no bond is necessary because the only proper owner of the PDVH shares is PDVSA, PDVH's corporate parent.

[7] *See, e.g.*, *Chevron Corp. v. Donziger*, No. 19 Misc. 24295, 2020 WL 3643043, at *6 (S.D. Fla. July 6, 2020) ("[T]he Court has the authority to order the reissuance of stock certificates."); *House v. Williams*, 573 So. 2d 1012, 1013 (Fla. Dist. Ct. App. 1991) (similar); *Huntington Nat'l Bank v. Bywood, Inc.*, 2017 Ohio 2829, ¶ 25 (Ohio App. Ct. 2017) (Section 8-112 grants "the authority to order a corporation to issue a new stock certificate to replace a lost stock certificate"); *Yield Dynamics, Inc. v. Zavecz*, No. H028585, 2005 WL 3485660, at *13 (Cal. Ct. App. Dec. 21, 2005) (ordering judgment creditor to cancel judgment debtor's shares and to have "the value of those shares credited towards the judgment"); *Nastro v. D'Onofrio*, 263 F. Supp. 2d 446, 445 (D. Conn. 2003) (Section 8-112(a) "does not hamper the court's ability to issue new certificates as equitable relief" where otherwise permitted by law).

6

certificate through garnishment instead of physical seizure).

There is no risk that the PDVH shares have been transferred to an innocent party. The PDVH shares are "transferrable only on the books of the Corporation," and PDVH's records show that PDVSA is the sole owner of the PDVH shares. *Crystallex* Action, D.I. 177-1 at 1-2. Because PDVSA does not hold those shares, either they have been lost or destroyed, or they are held by an entity (such as the Maduro regime) that has no right to hold them. Enforcing Section 8-112(a)'s physical share requirement would thus be futile. If PDVSA is permitted to raise Section 8-112(a), and if the Court does not require PDVH to reissue the PDVH shares, it should waive Section 8-112(a) and allow Red Tree's writ to be effected by service on PDVSA.

## CONCLUSION

The Court should name Red Tree an Additional Judgment Creditor, name Red Tree's two judgments as Additional Judgments, and direct the Clerk of Court to issue and serve the writ.

Dated:   May 24, 2023

Steven F. Molo
Justin M. Ellis
Lauren F. Dayton
Mark W. Kelley
MOLOLAMKEN LLP
430 Park Avenue, 6th Floor
New York, NY 10022
Tel.: (212) 607-8170
Fax: (212) 607-8161
smolo@mololamken.com

Respectfully submitted,

LANDIS RATH & COBB LLP

*/s/ Rebecca L. Butcher*
Rebecca L. Butcher (No. 3816)
Jennifer L. Cree (No. 5919)
919 Market Street, Suite 1800
Wilmington, DE 19801
Tel.: (302) 467-4400
butcher@lrclaw.com
cree@lrclaw.com

*Counsel for Red Tree Investments, LLC*

7