# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP.,<br><br>Plaintiff,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>Defendant. | Misc. No. 17-151-LPS |
| TIDEWATER INVESTMENT SRL and TIDEWATER CARIBE, S.A.,<br><br>Plaintiffs,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>Defendant. | Misc. No. 19-79-LPS |
| OI EUROPEAN GROUP B.v.,<br><br>Plaintiff,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>Defendant. | Misc. No. 19-290-LPS |
| PHILLIPS PETROLEUM COMPANY VENEZUELA LIMITED and CONOCOPHILLIPS PETROZUATA B.v.,<br><br>Plaintiffs,<br><br>v.<br><br>PETRÓLEOS DE VENEZUELA, S.A., CORPOGUANIPA, S.A., and PDVSA PETRÓLEO, S.A.,<br><br>Defendants. | Misc. No. 19-342-LPS |

| | |
|---|---|
| NORTHROP GRUMMAN SHIP SYSTEMS, INC.,<br><br>      Plaintiff,<br><br>      v.<br><br>THE MINISTRY OF DEFENSE OF THE REPUBLIC OF VENEZUELA,<br><br>      Defendant. | Misc. No. 20-257-LPS |
| CONTRARIAN CAPITAL MANAGEMENT, L.L.C., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN CAPITAL SENIOR SECURED, L.P., CONTRARIAN EM II, LP, CONTRARIAN EMERGING MARKETS, L.P., POLONIUS HOLDINGS, LLC, CONTRARIAN FUNDS, L.L.C., and CONTRARIAN DOME DU GOUTER MASTER FUND, LP,<br><br>      Plaintiffs,<br><br>      v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>      Defendant. | Misc. No. 21-18-LPS |
| ACL I INVESTMENTS LTD., ACL2 INVESTMENTS LTD., and LOO (CAYMAN) XVIII LTD.,<br><br>      Plaintiff,<br><br>      v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>      Defendant. | Misc. No. 21-46-LPS |
| RUSORO MINING LIMITED,<br><br>      Plaintiff,<br><br>      v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>      Defendant. | Misc. No. 21-481-LPS |

| | |
|---|---|
| RED TREE INVESTMENTS, LLC,<br><br>     Plaintiff,<br><br>     v.<br><br>PETRÓLEOS DE VENEZUELA, S.A. and PDVSA PETRÓLEO, S.A.,<br><br>     Defendants. | Misc. No. 22-68-LPS |
| RED TREE INVESTMENTS, LLC,<br><br>     Plaintiff,<br><br>     v.<br><br>PETRÓLEOS DE VENEZUELA, S.A. and PDVSA PETRÓLEO, S.A.,<br><br>     Defendants. | Misc. No. 22-69-LPS |
| CONTRARIAN CAPITAL MANAGEMENT, L.L.C., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN DOME DU GOUTER MASTER FUND, LP, CONTRARIAN CAPITAL SENIOR SECURED, L.P., CONTRARIAN EM II, LP, CONTRARIAN EMERGING MARKETS, L.P., POLONIUS HOLDINGS, LLC, CONTRARIAN FUNDS, L.L.C., and EMMA 1 MASTER FUND, L.P.,<br><br>     Plaintiffs,<br><br>     v.<br><br>BOLJVARIAN REPUBLIC OF VENEZUELA,<br><br>     Defendant. | Misc. No. 22-131-LPS |
| KOCH MINERALS SÀRL, KOCH NITROGEN INTERNATIONAL SÀRL,<br><br>     Plaintiffs,<br><br>     v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>     Defendant. | Misc. No. 22-156-LPS |

| | |
|---|---|
| CONTRARIAN CAPITAL MANAGEMENT,. L.L.C., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN DOME DU GOUTER MASTER FUND, LP, CONTRARIAN CAPITAL SENIOR SECURED, L.P., CONTRARIAN EM II, LP, CONTRARIAN EMERGING MARKETS, L.P., BOSTON PATRIOT SUMMER ST LLC, POLONIUS HOLDINGS, LLC, CONTRARIAN FUNDS, L.L.C., EMMA I MASTER FUND, L.P., and E1 SP, A SEGREGATED ACCOUNT OF EMAP SPC,<br><br>        Plaintiffs,<br><br>   v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>        Defendant. | Misc. No. 22-263-LPS |
| CONOCOPHILLIPS GULF OF PARIA B.V.,<br><br>        Plaintiff,<br><br>   v.<br><br>CORPORACIÓN VENEZOLANA DEL PETRÓLEO, S.A., and PETRÓLEOS DE VENEZUELA, S.A.,<br><br>        Defendants. | Misc. No. 22-264-LPS |
| SIEMENS ENERGY, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>PETRÓLEOS DE VENEZUELA, S.A.,<br><br>        Defendant. | Misc. No. 22-347-LPS |
| GOLD RESERVE INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>        Defendant. | Misc. No. 22-453-LPS |

**OPENING BRIEF OF SIEMENS ENERGY INC. IN RESPONSE TO
MEMORANDUM ORDER DATED MAY 10, 2023**

Dated:  May 24, 2023

OF COUNSEL:

Nicole Lech
(*pro hac vice* admission pending)
REED SMITH LLP
599 Lexington Avenue
New York, NY 10022
(212) 521-5400
nlech@reedsmith.com

Brian M. Rostocki (No. 4599)
REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801
(302) 778-7500
brostocki@reedsmith.com

*Counsel for Siemens Energy, Inc.*

# TABLE OF CONTENTS

**Page**

SUMMARY OF ARGUMENT ....................................................................................... 1

STATEMENT OF FACTS ............................................................................................. 3

ARGUMENT ................................................................................................................. 6

1.   Which, if any, judgments should be regarded as "Additional Judgments" under
     the Sale Procedures Order entered in the Crystallex Action?............................. 6

2.   Should the Court issue full, unconditional orders of attachment (including by
     converting conditional grants) to any creditors?  If yes, should the Court direct
     service of any such orders of attachment? ........................................................ 9

     a.    Yes, the Court should issue full, unconditional orders of attachment to
           SEI, ConocoPhillips, and Red Tree. ...................................................... 9

     b.    The Court need not direct service of any additional orders of
           attachment because the relevant parties are already before this Court,
           and the Court will determine the order of judgment priority.............................. 10

3.   How should the Court determine the priority of any judgments that are made
     Additional Judgments?..................................................................................... 12

     a.    The Court should base priority on the date of conditional attachment. ............... 13

     b.    Alternatively, the Court should treat all Additional Judgments on a
           *Pari Passu* basis, after Crystallex is paid in full. .................................... 14

CONCLUSION ......................................................................................................... 15

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bricks Unlimited, Inc. v. Agee*,
  672 F.2d 1255 (5th Cir. 1982) ......................................................................13

*Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*,
  779 F.3d 214 (3d Cir. 2015)...........................................................................9

*Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*,
  2021 U.S. Dist. LEXIS 7793 (D. Del. Jan. 14, 2021)................................4, 9, 10, 11

*Dresser-Rand Co. v. PDVSA Petróleo, S.A.*,
  No. 22-47 (2d Cir. 2022), D.I. 80 ..................................................................3

*Dresser-Rand Co. v. Petroleós De Venezuela*,
  574 F. Supp. 3d 217 (S.D.N.Y. 2021).............................................................3

*Hecht Co. v. Bowles*,
  321 U.S. 321, 88 L. Ed. 754, 64 S. Ct. 587 (1944).......................................12

*Intergroup Corp. v. Equinox Bus. Credit Corp.*,
  2005 U.S. Dist. LEXIS 26329 (D.N.J. July 20, 2005).................................14

*New Hampshire v. Maine*,
  532 U.S. 742 (2001).........................................................................................9

*Resolution Trust Corp. v. Elman*,
  761 F. Supp. 245 (S.D.N.Y. 1991)................................................................12

*Siemens Energy, Inc. v. Petroleós De Venezuela, et al.*,
  No. 19-cv-02689 (S.D.N.Y. 2019), D.I. 84, 101 ..........................................3

*XL Specialty Ins. Co. v. Hallac*,
  2018 U.S. Dist. LEXIS 114575 (S.D.N.Y. June 20, 2018)..........................13

**Statutes**

10 *Del. C.* § 5031 ...............................................................................................12

10 *Del. C.* § 5081 ...............................................................................................12

10 *Del. C.* § 5082 ...............................................................................................12

10 *Del. C.* § 5084 ...............................................................................................12

**Rules**

Fed. R. Civ. P. 69(a) ...................................................................................................................10

**Other Authorities**

BLACK'S LAW DICTIONARY 1115 (6th ed. 1990) ................................................................14

Siemens Energy, Inc. ("SEI") submits this Opening Brief in response to the Court's Memorandum Order dated May 10, 2023 (the "May 10 Memorandum Order").

## SUMMARY OF ARGUMENT

1. There are three creditors before this Court with judgments directly against Petróleos de Venezuela S.A. ("PDVSA") to whom this Court has issued conditional attachments:  (i) SEI; (ii) ConocoPhillips;[1] and (iii) Red Tree Investments, LLC ("Red Tree," with ConocoPhillips and SEI, the "PDVSA Creditors").  The PDVSA Creditors have long been attempting to enforce their rights against PDVSA.  But for the Venezuela Sanctions Regulations (the "VSR") administered by the Office of Foreign Assets Control ("OFAC"), the PDVSA Creditors each would have fully and unconditionally attached PDVSA's principal asset—its shares in PDV Holding, Inc. ("PDVH" and the "PDVH Shares")—well over a year ago.  Instead, the PDVSA Creditors have been, through no fault of their own, stuck with conditional writs of attachment, which could not be issued or served without approval from OFAC or a change in the VSR.  As a result, the PDVSA Creditors' participation in the sales process set forth in the Court's Sales Procedure Order (No. 17-mc-151 D.I. 481) as Additional Judgment Creditors has been frustrated.[2]  Now, however, due to recent authorization from OFAC that Additional Judgment Creditors may take all actions "ordinarily incident and necessary to the issuance and service of a writ of attachment *fieri facias*," that impediment has been removed.  Thus, the only equitable result is for the PDVSA Creditors to now be treated as they would have been over a year ago when they first sought to attach PDVSA's assets had the VSR not been in place.

---

[1] Consisting, collectively, of Phillips Petroleum Company Venezuela Limited, ConocoPhillips Petrozuata B.V., and ConocoPhillips Gulf of Paria B.V.

[2] All capitalized terms that are not expressly defined herein have the meanings given to them in the Sale Procedures Order.

2.      The Court's May 10 Memorandum Order poses three questions: (1) which judgments should be considered Additional Judgments; (2) whether the Court should issue full, unconditional orders of attachment and, if so, whether the Court should direct their service; and (3) how should the Court determine priority.  *First*, the Court can and should recognize the PDVSA Creditors' judgments as Additional Judgments—and, by extension Attached Judgments—on the basis that these judgments would have been Attached Judgments all along but for the restrictions imposed by the VSR, which have now been removed.  *Second*, for the same reason, the Court can and should convert the PDVSA Creditors' conditional writs into full, unconditional writs.  Rather than directing service of any order of attachment, which will potentially create confusion and unnecessarily burden the parties (and potentially the Court), the Court should enter an order establishing the priority of the Additional Judgments.  *Third*, the Court should establish the priority of the Additional Judgments based on either (a) the date of the judgment holder's conditional attachment, because, but for the OFAC roadblock, each of the PDVSA Creditors would have immediately, and properly, effectuated service through the U.S. Marshall, or (b) *pari passu*, after Crystallex is paid in full, because the Additional Judgment Creditors each obtained conditional attachment under the same circumstances, and it would be appropriate for them to be treated equally.

3.      There is a class of creditors who would be left out of the above framework—but for good reason.  The creditors of the Republic of Venezuela or its agencies (the "Republic," with PDVSA and PDVH, the "PDV Parties") that hold conditional writs against the PDVH Shares do so on the basis that the Republic was found to be an alter ego of PDVSA (the "Alter Ego Creditors").  That decision is currently on appeal before the United States Court of Appeals for the Third Circuit (the "Third Circuit"), which has stayed all proceedings in the underlying district-

court actions pending resolution of the appeal.  This means that the Court cannot at this time, even if it were inclined to, convert the Alter Ego Creditors' conditional attachments into full attachments.  For this reason, along with the uncertainty as to if/when the stay will be lifted, the Court should not consider any of the Alter Ego Creditors' judgments to be Additional Judgments, as to do so would only further delay the enforcement of the PDVSA Creditors' rights just at the moment that OFAC has finally authorized such measures.  Moreover, regardless of whether the Court recognizes the Alter Ego Creditors as Additional Judgment Creditors—or if the stay is lifted and the Alter Ego Creditors obtain full, unconditional orders of attachment—under no scenario should any Alter Ego Creditor be paid before the PDVSA Creditors (and Crystallex) are paid in full.

### STATEMENT OF FACTS

SEI is the holder of a judgment dated December 9, 2021, against PDVSA in excess of $166 million (the "Judgment").  SEI's Judgment arises out of a January 2017 Note and Note Agreement between PDVSA and SEI's predecessor in interest, Dresser-Rand Company,[3] which PDVSA breached through nonpayment in October 2017.  *See Dresser-Rand Co. v. Petroleós De Venezuela*, 574 F. Supp. 3d 217, 219 (S.D.N.Y. 2021).  Despite SEI commencing an expedited proceeding in February 2019 to enforce its rights, PDVSA succeeded in stringing out the case for nearly three years with, among other things, extensive, unnecessary, and, in multiple instances, untimely party and non-party discovery, before SEI prevailed following a bench trial.  *See Siemens Energy, Inc.*

---

[3] As the Court is aware, D-R merged into SEI in December 2022 (the "Merger").  D.I. 16, ¶7.  On December 19, 2022, prior to the effective date of the Merger, D-R assigned the Judgment to SEI.  *id.*  D-R then moved to substitute SEI as the real-party-in-interest in the SDNY Action (as defined below), PDVSA's appeal of the Judgment, and in this action, which motions were granted on February 14 and 15, and March 2, 2023, respectively.  *See* SDNY Action, D.I. 168; *Dresser-Rand Co. v. PDVSA Petróleo, S.A.*, No. 22-47 (2d Cir. 2022), D.I. 80; and D.I. 16 in this action.  For simplicity, this brief refers only to SEI even with respect to actions undertaken prior to the Merger.

*v. Petroleós De Venezuela, et al.*, No. 19-cv-02689 (S.D.N.Y. 2019) (the "SDNY Action"), D.I. 84, 101. The Judgment thus represents a hard-fought victory against what even this Court has described as a "highly-recalcitrant" debtor. *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, 2021 U.S. Dist. LEXIS 7793, at *57 (D. Del. Jan. 14, 2021).

Unfortunately, until recently, the VSR represented an insurmountable obstacle to SEI fully enforcing its Judgment. Since obtaining the Judgment, SEI has undertaken all measures possible to be in a position to enforce the Judgment the moment the VSR obstacle is removed. First, SEI registered the Judgment in this District on August 16, 2022. Then, on October 31, 2022, SEI moved for an order authorizing a writ of attachment *fieri facias* against the PDVH Shares, conditioned upon either OFAC authorizing the issuance and service of the writ or the removal of the sanctions under which the PDVH Shares were blocked. No. 22-mc-347, D.I. 1, 2. Recognizing the futility of opposing SEI's motion, PDVSA stipulated to an order granting SEI's motion under the stated conditions and to the extent the Court granted similar relief to ConocoPhillips and Red Tree. The Court entered an order granting SEI's motion for conditional attachment on December 12, 2022. *Id.*, D.I. 14.

The first concrete indication in this Court that things were beginning to change came on April 28, 2023, when the Special Master submitted a Supplemental Report and Recommendation Pursuant to the Sale Procedures Order attaching a letter from the United States Department of Justice dated April 7, 2023, and indicating that, among other things, OFAC would not take enforcement action against a party participating in the procedures set forth in the Sale Procedures Order or other related and necessary transactions. *See* No. 17-mc-151, D.I. 553 at 2–3. Then, on May 1, OFAC issued License No. VENEZUELA-EO13884-2023-1057131-1 (the "License") to the Office of the Clerk of the Court, which provides:

> the Clerk of the Court … agents and/or contractors of the Court, and Additional Judgment Creditors named by the Court (collectively, the "Licensees"), are hereby authorized to engage in transactions and activities ordinarily incident and necessary to the issuance and service of a writ of attachment *fieri facias* for any party named an "Additional Judgment Creditor" by the Court pursuant to the Sale Procedures Order[.]

No. 17-mc-151, D.I. 555, at 8.

On the same day, OFAC published three new "Frequently Asked Questions," ("FAQ(s)") amended another, and issued General License 42, each relating to the interplay between the PDVH sales process and the VSR. *See* No. 17-mc-151, D.I. 554-1. Notably, FAQ 1123 states:

> OFAC will not take enforcement action against any individuals or entities for participating in, facilitating, or complying with the prefatory steps set out in the court's Sale Procedures Order, or for engaging in transactions that are ordinarily incident and necessary to participating in, facilitating, or complying with such steps

*Id.* Relatedly, FAQ 808, as amended, states that "creditors may file for writs of attachment without the need for OFAC authorization for matters involving property blocked under the VSR." *Id.*

In light of these developments, the Court entered the May 10 Memorandum Order posing three questions relating to the recognition of Additional Judgments, the conversion and service of unconditional writs of attachment, and the priority of the Additional Judgments.[4] SEI addresses these questions in turn.

---

[4] On May 1 and May 2, 2023, respectively, ConocoPhillips and Red Tree filed motions for the issuance and service of the conditional writs of attachment granted to them to "protect [their] rights" in light of the DOJ's letter and OFAC policy changes. *See* 19-mc-342, D.I. 51; 22-mc-264, D.I. 22; 22-mc-68, D.I. 28; 22-mc-69, D.I. 28. Subsequently, the Court issued the May 10 Memorandum Order and set a briefing schedule for all "interested creditor[s]" to opine on the issues raised by ConocoPhillips' and Red Tree's motions. Based upon the May 10 Memorandum Order, SEI understands that a decision regarding the issuance and service of *all* conditional writs will be made in connection with this briefing. *See* May 10 Memorandum Order ¶¶ 3, 6. However, in an abundance of caution, to the extent the Court grants the relief requested by ConocoPhillips and Red Tree pursuant to their motions, SEI requests the same relief and incorporates all of ConocoPhillips' and Red Tree's arguments in their moving papers.

## ARGUMENT

**1.    Which, if any, judgments should be regarded as "Additional Judgments" under the Sale Procedures Order entered in the Crystallex Action?**

Under the Sale Procedures Order, the only judgments that the Special Master will consider for purposes of the Sales Transaction are Attached Judgments.  *See* No. 17-mc-151, D.I. 481 ¶ 30. At this moment, Crystallex is the only creditor with an Attached Judgment.  *Id.*  As set forth below, however, due to the recent changes in the VSR, the Court should treat judgment creditors of PDVSA with conditional writs of attachment—*i.e.,* SEI, ConocoPhillips, and Red Tree—in the same manner as Crystallex and recognize their judgments as Additional Judgments and, by extension, Attached Judgments.

For years since the VSR was first implemented, PDVSA argued that the VSR prohibited the Court from taking *any* steps toward enforcement, that creditors' motions for attachment of the PDVH Shares were not ripe because there was no guarantee that OFAC would lift the sanctions, and that the registered judgments preceding the attachment were null and void.  *See, e.g.*, No. 22-mc-068, D.I. 10 at 6–14.  On March 2, 2022, the Court rejected those arguments, holding that, at that time, the VSR prevented the *actual* issuance of writ of attachment but not the *eventual* issuance conditioned on approval from OFAC.  *See* 19-mc-290, D.I. 109 at 13–16.  On this basis, SEI obtained a writ of attachment against the PDVH Shares, service of which was expressly conditioned upon OFAC "either (i) authoriz[ing] the issuance and service … or (ii) remov[ing] the sanctions under which the PDVH shares are currently blocked property."  D.I. 14, at 1–2.  The conditional status of SEI's writ, and the then-prevailing uncertainty regarding OFAC's stance with respect to creditors participating in the steps set forth in the Sale Procedures Order, warranted the Court withholding a determination as to whether SEI's Judgment should be considered an Additional Judgment alongside Crystallex's judgment.

Now, however, through the License, OFAC has removed any doubt as to the propriety of SEI's participation in the steps set forth in the Sale Procedures Order as an Additional Judgment Creditor.  By referring to "Additional Judgment Creditors named by the Court" and including such Additional Judgment Creditors as "Licensees," OFAC has expressed its (correct) understanding that the Court is empowered to recognize Additional Judgment Creditors and its expectation that the Court would do so.  No. 17-mc-151, D.I. 555, at 8.  Thus, there is no longer any uncertainty regarding OFAC's stance with respect to creditors participating in the steps set forth in the Sale Procedures Order; OFAC expects the Court to name the Additional Judgment Creditors entitled to participate.  Furthermore, OFAC has expressly authorized all Licensees to "engage in transactions and activities ordinarily incident and necessary to the issuance and service of a writ of attachment *fieri facias* for any party named an 'Additional Judgment Creditor.'"  *Id.*  Therefore, a judgment creditor's holding of a conditional writ can no longer be viewed as an impediment towards recognition as an Additional Judgment Creditor; to the contrary, OFAC has authorized the issuance and service of a writ on behalf of any party once that party has been named an Additional Judgment Creditor.  Accordingly, there are no remaining obstacles to the Court's recognition of SEI's Judgment as an Additional Judgment, and the Court should issue an order to that effect.[5]

SEI appreciates that there are also effectively six creditors[6]—the Alter Ego Creditors—of the Republic or its agencies to whom this Court has issued conditional writs against the PDVH Shares on the basis that the Republic is an alter ego of PDVSA.  As the Court knows, the determination that the Alter Ego Creditors are entitled to a conditional writ against the PDVH

---

[5] ConocoPhillips and Red Tree are similarly situated to SEI and, thus, their respective judgments may also be regarded as "Additional Judgments" for the same reasons.

[6] The six are: (1) OI European Group B.V.; (2) Huntington Ingalls; (3) ACL1 Investments Ltd., ACL2 Investments Ltd., and LDO (Cayman) XVIII Ltd; (4) Rusoro Mining Limited; (5) Koch Minerals Sàrl and Koch Nitrogen International Sàrl; and (6) Gold Reserve Inc.

Shares is currently on appeal before the Third Circuit, which, on May 5, 2023, issued a stay as to all proceedings in the underlying district-court actions pending resolution of the appeal. *See* No. 23-1647, D.I. 24.

Until the stay is lifted, the Court is prohibited from authorizing the issuance and service of writs of attachment in favor of the Alter Ego Creditors. Given the uncertainty as to if/when the stay will be lifted and how the appeals will be resolved, the Court should not recognize the Alter Ego Creditors' judgments as Additional Judgments. Otherwise, the parties authorized to participate in the prefatory steps set forth in the Sale Procedures Order would include a class of parties—the Alter Ego Creditors—who may ultimately not be permitted to participate in the sale due to the lack of a full, unconditional writ. This will result in a number of administrative issues, including, for instance, if the Special Master has to amend his treatment of a specific class of creditors during the course of the sales process. Nor should the Court wait for the appeals to play out; the PDVSA Creditors—as well as Crystallex—have been waiting years for authorization to enforce their rights against this "highly-recalcitrant" debtor, *Crystallex* 2021 U.S. Dist. LEXIS 7793, at *57, and SEI respectfully submits that it would be inequitable to sanction further delay for a class of creditors lacking judgments against PDVSA directly.

For these reasons, the Court should recognize SEI's Judgment, ConocoPhillips' judgments, and Red Tree's judgments as Additional Judgments, but not the Alter Ego Creditors' judgments.[7]

---

[7] As to the Tidewater and Contrarian parties, *see* Nos. 19-mc-079, 21-mc-018, 22-mc-131, and 22-mc-263, their judgments should not be recognized as Additional Judgments for the same reasons as with respect to the Alter Ego Creditors, as well as the additional reason that the Tidewater and Contrarian parties do not even hold conditional writs of attachment at this time. The same could be said for any other creditors similarly situated.

2. **Should the Court issue full, unconditional orders of attachment (including by converting conditional grants) to any creditors?  If yes, should the Court direct service of any such orders of attachment?**

   a. **Yes, the Court should issue full, unconditional orders of attachment to SEI, ConocoPhillips, and Red Tree.**

The only thing preventing the issuance of SEI's writ of attachment was *either* (i) authorization from OFAC *or* (ii) removal of the sanctions under which the PDVH Shares were blocked.  (D.I. 14, at 1–2.)  Under the License, "Additional Judgment Creditors named by the Court … are hereby authorized to engage in transactions at activities ordinarily incident and necessary to the issuance and service of a writ of attachment *fieri facias*."  *See*, No. 17-mc-151, D.I. 555, at 8.  Thus, if/when the Court recognize SEI's Judgment as an Additional Judgment, the first condition for issuance and service of SEI's writ—authorization from OFAC—will be satisfied, and SEI will be entitled to a full, unconditional order of attachment.  ConocoPhillips and Red Tree are similarly entitled for the same reasons.

Preemptively, the Court should not consider any arguments by the PDV Parties that Additional Judgment Creditors are not entitled to fully and unconditionally attach the PDVH Shares.  The Court has previously held that "PDVSA is collaterally estopped from arguing that the writ of attachment is invalid under Delaware law, as the validity of the writ was already litigated and determined by this Court in 2018 and upheld by the Third Circuit in 2019."  *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, 2021 U.S. Dist. LEXIS 7793, at *25 (D. Del. Jan. 14, 2021).

Nor can the PDV Parties reargue that the Additional Judgment Creditors must physically seize the shares to effectuate valid attachments.  The Court has already concluded "that PDVSA is judicially estopped from pressing its new contention based on lack of physical possession of shares certificating PDVSA's holdings because it contradicts numerous representations PDVSA made to

this Court and the Court of Appeals to obtain relief (such as stays and not having to post a bond)." *Id.*, at *26.[8]  Given the materiality and multitude of statements made by PDVSA to this Court (and the Third Circuit), the PDV Parties cannot now attempt to revive old arguments that the Additional Judgment Creditors must attach the stock certificates through physical possession.  It would be contrary to precedential rulings (not to mention inequitable) for SEI to be treated differently than Crystallex.  Indeed, PDVSA previously represented to the Court that "[t]he PDVH shares are located in Delaware, and they are not going anywhere." *Id.* at *37.  In light of Crystallex's proceeding under Delaware law, and the parties' reliance on such law, there is no reason for the Court to deviate from the application of Delaware law to the Additional Judgment Creditors' attachment of PDVH Shares.  *See generally* Fed. R. Civ. P. 69(a).

OFAC has cleared the procedural impediments to the sale proceeding, so the Court-sanctioned sale process may now proceed without delay.  Accordingly, it is appropriate for the Court to convert the conditional attachments into full attachments to streamline the sale process while also providing all parties with clarity regarding the judgments that will be paid from the sale proceeds.

> **b.      The Court need not direct service of any additional orders of attachment because the relevant parties are already before this Court, and the Court will determine the order of judgment priority.**

The Court should not direct service of any order of attachment.  Between the multiple

---

[8] The doctrine of judicial estoppel "prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase."  *Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 221-22 (3d Cir. 2015); *see also New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001) (identifying factors commonly considered in assessing whether to apply judicial estoppel, including (a) whether a party's current position is "clearly inconsistent" with its earlier position; (b) whether acceptance of a later inconsistent position would create the "perception" that the court had been "misled;" and (c) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposition party if not estopped.").  As the Court held previously, PDVSA is judicially estopped from raising any arguments regarding SEI's attachment of the physical stock certificates.

actions currently before this Court, as well as the Court's rightly cautious approach in ensuring that the May 10 Memorandum Order was docketed in all such actions, the universe of necessary parties required to receive notice of the attachment is already sufficiently established.  No party disputes that the sale proceeds from the sale of the PDVH Shares will be used to satisfy multiple judgments and that the critical exercise is determining the priority afforded to each judgment.  It would thus be unnecessary, and, respectfully, a waste of judicial resources, for the parties to race to the U.S. Marshall to attach their respective judgments when the Court can implement a clear process that will inform and involve necessary parties.

Here, the necessary parties are represented by sophisticated counsel and are active participants before the Court.  Crystallex has attached its judgment, and SEI, ConocoPhillips, and Red Tree Investments are all in position to have their respective conditional attachments converted into full attachments following the License issued by OFAC.  As the Court appears to have recognized by entering the May 10 Memorandum Order, the Court and parties' efforts are best aligned to determine what parties are deemed Additional Judgment Creditors and proceed with the process set forth in the Sale Order.

The Court has already established a robust and inclusive sale process (one that is akin to a section 363 sale process being conducted in a bankruptcy case).  Similar to the section 363 sale, the Court has set a sale timeline and will determine the universe of parties with Additional Judgments.  The designation of Additional Judgment Creditors will be made public to all parties in these related cases and the Court will determine (at the appropriate time) the priority of each Additional Judgment Creditor's claim.  Accordingly, it would not only be unnecessary but potentially duplicative and confusing for the parties to deliver their judgments to the U.S. Marshall

11

for service when the Court can dictate the process nimbly and with more clarity.[9]

### 3. How should the Court determine the priority of any judgments that are made Additional Judgments?

To begin, the Court has previously concluded (with agreement of the parties) that Federal Rule of Civil Procedure 69(a) dictates the application of Delaware law.  Specifically, Fed. R. Civ. P. 69(a) authorizes execution on property in accordance with "the procedure of the state where the court is located."  *See Crystallex*, 2021 U.S. Dist. LEXIS 7793, at *26.  Delaware law provides:

> The plaintiff in any judgment in a court of record, or any person for such plaintiff lawfully authorized, may cause an attachment, as well as any other execution, to be issued thereon, containing an order for the summoning of garnishees, to be proceeded upon and returned as in cases of foreign attachment.

10 *Del. C.* § 5031.  Furthermore, Section 5081 of the Delaware Code provides that "[a]n execution shall not bind goods and chattels until it is delivered to the sheriff or other proper officer to be executed." 10 *Del. C.* § 5081.  As discussed herein, however, it is appropriate for the Court to deviate from Section 5081 in these limited circumstances because the Additional Judgment Creditors have already achieved conditional attachment of their respective judgments and, further, service via the U.S. Marshall imposes an unnecessary burden with no benefit (and potential confusion based on the time of service).[10]

As set forth below, the Court should consider two options for determining the priority of the Additional Judgments: (1) based upon the date of the conditional attachment; or (2) on a *pari*

---

[9] The Court's sale process includes broad notice requirements, including by the publication of the sale in multiple publications and giving parties a period to object to the sale.

[10] "If several executions against the same defendant are delivered on the same day, the first delivered shall have priority.  If several executions against the same defendant are delivered together, they shall have priority according to their respective numbers."  10 *Del. C.* § 5082.  Further specified, "[t]he sheriff, or other officer, receiving an execution, shall, in a docket, set down the date of receiving it; and when several executions are delivered on the same day, the docket shall show the order in which they are received.  Such officer shall also endorse upon an execution, immediately on receiving it, the precise time of its delivery to him or her."  10 *Del. C.* § 5084.

*passu* basis after Crystallex is paid in full.

>    a.    **The Court should base priority on the date of conditional attachment.**

In a standard situation, a court would look to the date of final attachment to determine the priority among creditors.  Although this is not a standard situation, the Court can and should determine priority in a manner that best approximates what would have happened but for the VSR effectively preventing final attachment from taking place.[11]  Basing priority on the date of conditional attachment would accomplish that goal.  Specifically, establishing the priority of the Additional Judgments by the conditional attachment date is consistent with the assumption that if the judgments could have been fully attached (*i.e.*, if there had not been an OFAC roadblock), each respective Additional Judgment Creditor would have immediately, and properly, effectuated service through the U.S. Marshall.

SEI achieved conditional attachment of its judgment on December 12, 2022.  ConocoPhillips achieved conditional attachment of its judgments on March 2, 2022 and October 24, 2022, respectively, and Red Tree achieved conditional attachment of its judgments on April 28, 2022.  As set forth above, SEI, ConocoPhillips, and Red Tree are the only creditors with judgments that should be considered Additional Judgments.  So, for purposes of establishing priority, the Court can, and should, treat conditional attachment as actual attachment, and award priority (after Crystallex) as follows:  first to ConocoPhillips's judgment in No. 19-mc-342, second

---

[11] Sitting as a court of equity, this Court has broad discretion to fashion an appropriate remedy.  *See Resolution Trust Corp. v. Elman*, 761 F. Supp. 245, 248 (S.D.N.Y. 1991); *see also Hecht Co. v. Bowles*, 321 U.S. 321, 88 L. Ed. 754, 64 S. Ct. 587 (1944) ("The essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould each decree to the necessities of the particular case.").  SEI analogizes the current situation to a court determining the distribution of interpleaded funds, which may be established at the court's discretion.  *See XL Specialty Ins. Co. v. Hallac*, 2018 U.S. Dist. LEXIS 114575, *14–15 (S.D.N.Y. June 20, 2018); *Bricks Unlimited, Inc. v. Agee*, 672 F.2d 1255, 1261 (5th Cir. 1982) ("In determining the order of distribution of the interpleaded funds, we sit as a court of equity, and possess the remedial flexibility of a chancellor in shaping our decree so as to do complete equity between the parties.").

to Red Tree's judgments in Nos. 22-mc-68 and 22-mc-69, third to ConocoPhillips's judgment in No. 22-mc-264, and fourth to SEI's Judgment.

> **b.**       **Alternatively, the Court should treat all Additional Judgments on a *Pari Passu* basis, after Crystallex is paid in full.**

In light of the possibility that the sale of the PDVH Shares do not generate sufficient proceeds to pay Additional Judgments in full, the Court should treat all creditors with Additional Judgments on a *pari passu* basis, after Crystallex is paid in full.[12]  *Pari Passu* is defined as being "by an equal progress; equally; ratably; without preference.  Used especially of creditors who, in marshalling assets, are entitled to receive out of the same fund without any precedence over each other." *Intergroup Corp. v. Equinox Bus. Credit Corp.*, 2005 U.S. Dist. LEXIS 26329 (D.N.J. July 20, 2005) (citing BLACK'S LAW DICTIONARY 1115 (6th ed. 1990)).  Under the facts and circumstances of this case, the Court's application of *pari passu* would ensure that no Additional Judgment Creditor is left empty handed.  Because the Additional Judgment Creditors obtained conditional attachment under the same circumstances with the OFAC roadblock in place, *pari passu* treatment represents an equitable alternative.

Finally, regardless of whether the Court enforces priority on a *pari passu* basis or using the date of the conditional judgment, none of the Alter Ego Creditors should be paid before Crystallex, SEI, ConocoPhillips, and Red Tree are paid in full.  PDVSA's limited U.S.-based assets (*i.e.*, the PDVH Shares) must first be used to satisfy creditors with direct claims against PDVSA that have been reduced to an attached judgment, or in the case of Crystallex, a creditor who had already obtained a full, unconditional attachment prior to the implementation of the VSR.  Indeed, this Court has previously recognized that the holder of a judgment "directly against PDVSA … will

---

[12] SEI does not dispute that Crystallex has already attached its judgment against PDVSA and the PDVH Shares and is first in line for a recovery from the sale of the PDVH Shares.

almost certainly be in a better position than the other judgment creditors to establish its priority in the PDVH Shares by perfecting a lien." *See* 19-mc-342, D.I. 42, at 21–22.

## **CONCLUSION**

For the foregoing reasons, SEI requests that the Court enter an order:

1.      That only SEI's, ConocoPhillips's, and Red Tree's judgments be recognized as "Additional Judgments";

2.      Converting SEI's, ConocoPhillips's, and Red Tree's conditional orders of attachment into full, unconditional orders of attachment;

3.      Establishing priority of the Additional Judgments (a) based upon the date of conditional attachment or (b) on a *pari passu* basis after Crystallex is paid in full, provided that no Alter Ego Creditor is paid before, SEI, ConocoPhillips, and Red Tree are paid in full; and

4.      Upon such other terms as the Court deems just and proper.


Dated:  May 24, 2023                                                Respectfully submitted,

OF COUNSEL:                                                      REED SMITH LLP

Nicole Lech                                                           */s/ Brian M. Rostocki*
(*pro hac vice* admission pending)                   Brian M. Rostocki (No. 4599)
REED SMITH LLP                                              1201 Market Street, Suite 1500
599 Lexington Avenue                                       Wilmington, DE 19801
New York, NY 10022                                         (302) 778-7500
(212) 521-5400                                                   brostocki@reedsmith.com
nlech@reedsmith.com

                                                                            *Counsel for Siemens Energy, Inc.*