# EXHIBIT A

EFiled: May 31 2023 09:51AM EDT
Transaction ID 70110816
Case No. N23J-01330

# WILLKIE FARR & GALLAGHER LLP

1875 K Str
Washingto

Tel: 202 303 1000
Fax: 202 303 2000

May 25, 2023

**VIA EMAIL AND FEDEX**

Margaret F. England
Gellert Scali Busenkell & Brown, LLC
1201 N. Orange Street, Suite 300
Wilmington, DE 19801
mengland@gsbblaw.com

Re:   Refineria Di Korsou N.V. v. Petroleos de Venezuela, Case No. N23J-01330

Dear Counsel:

We represent PDV Holding, Inc. ("PDVH"), a corporation organized under the laws of Delaware and an interested party in the above-captioned action.

On May 10, 2023, PDVH was served with a writ of attachment fieri facias (the "RDK Writ") issued from the Superior Court of Delaware in the above-captioned action. The RDK Writ purports "to attach all shares of stock and any other assets or rights incident to that stock ownership belonging or owing to Petroleos de Venezuela, S.A." ("PDVSA") to satisfy an August 27, 2022 default judgment that Refineria di Korsou, N.V. ("RDK") purportedly obtained against PDVSA in a prior New York state-court action.

We write to inform you, in the event you are not already aware, that the RDK Writ was issued by the Court and subsequently served in clear violation of the laws of the United States.

Pursuant to authority conferred by the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701 et seq., the President of the United States has ordered that "[a]ll property and interests in property of the Government of Venezuela that are in the United States . . . are blocked and may not be transferred, paid, exported, withdrawn, or otherwise dealt in." E.O. 13884 § 1(a), *Blocking Property of the Government of Venezuela*, 84 Fed. Reg. 38843 (Aug. 5, 2019). PDVH is wholly owned by PDVSA, an agency or instrumentality of Venezuela, and is accordingly "property of the Government of Venezuela" blocked pursuant to that Order and other applicable orders and regulations. *See id.* § 6(d).

Implementing regulations promulgated by the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC") further provide that "the enforcement of any lien, judgment, arbitral award, decree, or other order through execution, garnishment, or other judicial process purporting to transfer or otherwise alter or affect property or interests in property blocked pursuant to" the foregoing "is prohibited unless authorized pursuant to a specific license issued by OFAC." 31 C.F.R. § 591.407.

EFiled: May 31 2023 09:51AM EDT
Transaction ID 70110816
Case No. N23J-01330

May 25, 2023
Page 2

> OFAC regulations further define the term "transfer" to mean
>
> any actual or purported act or transaction, whether or not evidenced by writing, and whether or not done or performed within the United States, the purpose, intent, or effect of which is to create, surrender, release, convey, transfer, or alter, directly or indirectly, any right, remedy, power, privilege, or interest with respect to any property. Without limitation on the foregoing, it shall include . . . the creation or transfer of any lien; the issuance, docketing, or filing of, or levy of or under, any judgment, decree, attachment, injunction, execution, or other judicial or administrative process or order, or the service of any garnishment . . . .

31 C.F.R. § 591.310.

Under the plain text of those binding regulations, the issuance of the RDK Writ constitutes a "transfer" of blocked property, and thus would violate federal law unless RDK obtained an authorizing license from OFAC, which to our knowledge it has not done. Further, OFAC regulations provide that "[a]ny transfer . . . that is in violation of any provision of this part or of any regulation, order, directive, ruling, instruction, or license issued pursuant to this part, and that involves any [blocked] property or interest in [blocked] property . . . is null and void and shall not be the basis for the assertion or recognition of any interest in or right, remedy, power, or privilege with respect to such property or property interest." 31 C.F.R. § 591.202(a).

Finally, we note that IEEPA makes it "unlawful for a person to violate, attempt to violate, conspire to violate, or cause a violation of any license, order, regulation, or prohibition issued under" the Act and imposes civil and criminal penalties for such violations. 50 U.S.C. § 1705(a).

For the foregoing reasons, PDVH respectfully requests that you voluntarily withdraw the RDK Writ and serve notice of the same on all affected parties.

Respectfully,

s/ Michael J. Gottlieb

Michael J. Gottlieb
Samuel Hall
WILLKIE FARR & GALLAGHER
1875 K Street NW
Washington, DC 20006
(202) 303-1442
mgottlieb@willkie.com

*Counsel for PDV Holding, Inc.*

cc: Hon. Colleen Redmond, Prothonotary, Superior Court of Delaware
    Hon. Scott T. Phillips, Sheriff, New Castle County