# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Crystallex International Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Bolivarian Republic of Venezuela,<br><br>Defendant. | No. 1:17-mc-00151-LPS |
| Valores Mundiales, S.L. and Consorcio Andino, S.L.;<br><br>Plaintiffs,<br><br>v.<br><br>Bolivarian Republic of Venezuela,<br><br>Defendant. | No. 1:23-mc-00298-UNA |

### JUDGMENT CREDITORS VALORES MUNDIALES, S.L. AND CONSORCIO ANDINO, S.L.'S ANSWERING SUBMISSION RELATING TO THE ISSUES IDENTIFIED IN THE COURT'S MAY 10, 2023 MEMORANDUM ORDER

Pursuant to the Court's May 10 Memorandum Order, Judgment Creditors Valores Mundiales, S.L. and Consorcio Andino, S.L. (collectively, "Valores/Consorcio") respectfully submit this answer to the views of other parties and non-parties regarding the naming of "Additional Judgments." *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 1:17-mc-00151-LPS (May 10, 2023) D.I. 559, ¶¶ 3-4 ("Memorandum Order"). For the reasons stated in their opening submission (D.I. 576) and below, Valores/Consorcio's judgment should be recognized as an "Additional Judgment" under the *Crystallex* Sale Procedures Order.

1

*See* Sixth Revised Sale Procedures Or., *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 1:17-mc-00151-LPS (Oct. 11, 2022) D.I. 481, ¶ 30 ("Sale Procedures Order").

## ARGUMENT

The Court has authority to decide which judgments the Special Master will consider for purposes of the sale of the shares of PDV Holding, Inc. ("PDVH") to satisfy the debts of the Bolivarian Republic of Venezuela ("Venezuela"). *Id.* Valores/Consorcio suffered substantial damages over a decade ago as a result of Venezuela's wrongful conduct, and have been award creditors of Venezuela for nearly six years (since July 25, 2017). They filed an enforcement action seeking recognition of that award over four years ago (in January 2019), and after multiple delays — caused in part by Venezuela — they obtained final judgment on May 22, 2023 from the U.S. District Court for the District of Columbia. *See* D.I. 576, Exhibit A. Valores/Consorcio registered that judgment with this Court at the earliest opportunity, on June 7, 2023.

Valores/Consorcio's judgment should be named an "Additional Judgment" under the Sale Procedures Order because it gives effect to a final, unappealable arbitral award, and the judgment was duly entered and registered in Delaware in accordance with applicable law. Nothing in the Sale Procedures Order mandates or contemplates any additional requirements before a judgment can be considered an "Additional Judgment," and nothing in the recently issued license from the Office of Foreign Asset Controls ("OFAC") requires any further finding by the Court with respect to Valores/Consorcio's judgment that would impede its consideration as an "Additional Judgment." *See* Mem. Order, *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 1:17-mc-00151-LPS (May 4, 2023) D.I. 555 ("OFAC License").

Other arguments to the contrary are unavailing. *First*, Venezuela and Crystallex are wrong to argue that attachment is necessary before the Court can declare a judgment an "Additional Judgment." *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 1:17-mc-00151-LPS (May 24, 2023), D.I. 571, at 5–7 ("Venezuela Brief"); *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 1:17-mc-00151-LPS (May 24, 2023), D.I. 573, at 6–12 ("Crystallex Brief"). Neither the Sale Procedures Order nor any other aspect of Delaware law supports this position.

*Second*, Venezuela is wrong to argue that the OFAC sanctions prevent any judgments from being recognized as an "Additional Judgment." *See* Venezuela Brief at 13. This is a circular (and incorrect) argument because OFAC has issued a license expressly permitting attachment by "Additional Judgment Creditors" named by the Court. The OFAC License authorizes the Clerk of Court and others "to engage in transactions and activities ordinarily incident and necessary to the issuance and service of a writ of attachment *fieri facias* for any party named an 'Additional Judgment Creditor' by the Court pursuant to the Sale Procedures Order." Thus, the OFAC License specifically requires a judgment to be included as an "Additional Judgment" *before* issuance of a writ of attachment, and it authorizes the Court to issue such writs *after* the judgment is named an "Additional Judgment."

*Third*, others have asserted that Delaware law requires valid attachment at the time of sale of a debtor's shares. *See* Venezuela Brief at 5–7; Crystallex Brief at 7–8. But that is not the issue currently before the Court. The issue is which judgments the Court should recognize in *preparation* for such a sale. Even if attachment were required before the sale of PDVH's shares,

3

the Sale Procedures Order and Memorandum Order allow for attachment *after* being recognized as an "Additional Judgment." *See* Sale Procedures Order ¶ 30; Memorandum Order ¶ 3.

Because the Court's Orders and the OFAC License recognize that additional judgments may be added and satisfied by the impending sale of PDVH's shares, and it would be efficient and equitable to do so, the Court should recognize Valores/Consorcio's judgment as an "Additional Judgment."

Dated: June 7, 2023

*Of Counsel*:

COVINGTON & BURLING LLP
Miguel López Forastier
One City Center
850 Tenth Street, N.W.
Washington, D.C. 20001
Tel: 202-662-5185

McCARTER & ENGLISH, LLP

*/s/ Andrew S. Dupre*
Andrew S. Dupre (#4621)
Sarah E. Delia (#5833)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
Tel: (302) 984-6300
adupre@mccarter.com
sdelia@mccarter.com

*Attorneys for Judgment Creditors
Valores Mundiales, S.L. and
Consorcio Andino, S.L.*

4