# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONTRARIAN CAPITAL MANAGEMENT, L.L.C., et al.,<br><br>                Plaintiffs,<br><br>    v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>                Defendant. | Nos. 21 Misc. 18, 22 Misc. 131 & 22 Misc. 263 (LPS) |
| CRYSTALLEX INTERNATIONAL CORP.,<br><br>                *Plaintiff*,<br>    v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>                *Defendant*. | No. 17 Misc. 151 (LPS) |

## CONTRARIAN CAPITAL MANAGEMENT, L.L.C., ET AL.'S ANSWERING BRIEF REGARDING ADDITIONAL JUDGMENTS AND SERVICE OF <u>WRITS OF ATTACHMENT</u>

Dated: June 7, 2023

| | |
|---|---|
| Steven F. Molo<br>Justin M. Ellis<br>Lauren F. Dayton<br>Mark W. Kelley<br>MOLOLAMKEN LLP<br>430 Park Avenue, 6th Floor<br>New York, NY 10022<br>Tel.: (212) 607-8170<br>Fax: (212) 607-8161<br>smolo@mololamken.com | Rebecca L. Butcher (No. 3816)<br>Jennifer L. Cree (No. 5919)<br>LANDIS RATH & COBB LLP<br>919 Market Street, Suite 1800<br>Wilmington, DE 19801<br>Tel.: (302) 467-4400<br>Fax: (302) 467-4450<br>butcher@lrclaw.com<br>cree@lrclaw.com |

*Counsel for Plaintiffs*

Contrarian Capital Management, L.L.C., Contrarian Capital Fund I, L.P., Contrarian Dome du Gouter Master Fund, LP, Contrarian Capital Senior Secured, L.P., Contrarian EM II, LP, Contrarian Emerging Markets, L.P., Boston Patriot Summer St LLC, Polonius Holdings, LLC, Emma 1 Master Fund, L.P., Contrarian Funds, L.L.C., and E1 SP, a Segregated Account of EMAP SPC (together, "Contrarian") respectfully submit this answering brief pursuant to the Court's May 10, 2023 scheduling order.  D.I. 9 at 3.[1]

## ARGUMENT

Contrarian has registered three judgments against the Bolivarian Republic of Venezuela and filed a motion for a conditional attachment of the PDVH shares based on PDVSA's alter-ego relationship with Venezuela.  *See* D.I. 4.  That motion is pending.  If the Court grants Contrarian a conditional attachment, Contrarian requests that the Court name Contrarian as an Additional Judgment Creditor and cause full, unconditional writs of attachment to be served on the PDVH shares for Contrarian's benefit.  *See* D.I. 20 ("Contrarian Opening Brief").[2]

The Venezuela Parties and Siemens Energy Inc. wrongly assert that Contrarian's case has been stayed by the Third Circuit.  *See Crystallex* Action, D.I. 571 at 14 (Venezuela Parties); No. 22 Misc. 347, D.I. 20 at 8 n.7 (Siemens).[3]  Contrarian's case is not stayed, and nothing prevents

---

[1] Because Contrarian's three cases have corresponding docket entries, this brief refers to one docket entry for all cases.

[2] Contrarian has filed a supplemental complaint in the Southern District of New York seeking additional missed interest and principal payments on Venezuela's debt to Contrarian.  *See* Third Supplemental Amended Complaint, *Contrarian Capital Management, LLC et al v. Bolivarian Republic of Venezuela*, No. 19 Civ. 11018 (S.D.N.Y. May 26, 2023), D.I. 132.  Contrarian reserves the right to move for a writ of attachment if that complaint is reduced to judgment before the Additional Judgment Deadline.

[3] Capitalized words not otherwise defined have the meaning ascribed to them in the Sixth Revised Proposed Order (A) Establishing Sale and Bidding Procedures, (B) Approving Special Master's Report and Recommendation Regarding Proposed Sale Procedures Order, (C) Affirming Retention of Evercore as Investment Banker by Special Master and (D) Regarding Related

the Court from granting Contrarian's motion or naming it an Additional Judgment Creditor. Neither the Venezuela Parties nor Siemens Energy offer an argument to the contrary.

Siemens's argument that Contrarian cannot be an Additional Judgment Creditor without a conditional writ of attachment misses the point. *See* No. 22 Misc. 347, D.I. 20 at 8 n.7. The Court should name Contrarian an Additional Judgment Creditor if and when it grants a conditional writ of attachment. *See* Contrarian Opening Brief. Allowing Contrarian to participate in the existing sale process is far more efficient than excluding it and requiring a new sale of remaining assets.

Finally, the Court should reject Gold Reserve Inc.'s argument that only parties who received conditional writs before May 4, 2023 should be named Additional Judgment Creditors. *Crystallex* Action, D.I. 572 at 2. Gold Reserve offers no justification for that arbitrary deadline, which would retroactively shut the door to Contrarian and other creditors without any notice and needlessly require a second sale to satisfy their attachments. The Court should abide by the Additional Judgment Deadline, which is 10 days after the Launch Date. Sale Procedures Order ¶ 30. The Special Master has recommended a September 5 Launch Date, leaving ample time for Contrarian and other creditors to obtain writs of attachment. *Crystallex* Action, D.I. 553 at 15.

## CONCLUSION

If the Court grants Contrarian a conditional attachment, Contrarian respectfully requests that it name Contrarian as an Additional Judgment Creditor and cause full, unconditional writs of attachment to be served on the PDVH shares for Contrarian's benefit.

---

Matters, D.I. 481 (the "Sale Procedures Order"), in *Crystallex International Corporation v. Bolivarian Republic of Venezuela*, No. 17 Misc. 151 (the "*Crystallex* Action").

| | |
|---|---|
| Dated:   June 7, 2023 | LANDIS RATH & COBB LLP |
| | */s/ Rebecca L. Butcher* |
| Steven F. Molo | Rebecca L. Butcher (No. 3816) |
| Justin M. Ellis | Jennifer L. Cree (No. 5919) |
| Lauren F. Dayton | 919 Market Street, Suite 1800 |
| Mark W. Kelley | Wilmington, DE  19801 |
| MOLOLAMKEN LLP | Tel.: (302) 467-4400 |
| 430 Park Avenue, 6th Floor | Fax: (302) 467-4450 |
| New York, NY  10022 | butcher@lrclaw.com |
| Tel.: (212) 607-8170 | cree@lrclaw.com |
| Fax: (212) 607-8161 | |
| smolo@mololamken.com | |

*Counsel for Plaintiffs*