## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------------------------------------------------------

CRYSTALLEX INTERNATIONAL      :
CORPORATION,      :
     :
         **Plaintiff,**      :
     :
         v.      :      **Misc. No. 17-151-LPS**
     :
BOLIVARIAN REPUBLIC OF      :
VENEZUELA,      :
     :
         **Defendant.**      :
     :

-----------------------------------------------------------------------------------------------------------

## SPECIAL MASTER'S RESPONSE TO OPENING BRIEFS
## IN RESPONSE TO THE COURT'S ORDER DATED MAY 10, 2023

OF COUNSEL:

| | |
|---|---|
| Ray C. Schrock (admitted *pro hac vice*) | Myron T. Steele (#000002) |
| Alexander W. Welch (admitted *pro hac vice*) | Matthew F. Davis (#4696) |
| Chase A. Bentley (admitted *pro hac vice*) | Bindu A. Palapura (#5370) |
| WEIL, GOTSHAL & MANGES LLP | Abraham Schneider (#6696) |
| 767 Fifth Avenue | POTTER ANDERSON & CORROON LLP |
| New York, New York 10153 | Hercules Plaza, 6th Floor |
| Telephone: (212) 310-8000 | 1313 North Market Street |
| Facsimile: (212) 310-8007 | P.O. Box 951 |
| Ray.Schrock@weil.com | Wilmington, DE 19801 |
| Alexander.Welch@weil.com | Telephone: (302) 984-6000 |
| Chase.Bentley@weil.com | Facsimile: (302) 658-1192 |
| | msteele@potteranderson.com |
| | mdavis@potteranderson.com |
| | bpalapura@potteranderson.com |
| | aschneider@potteranderson.com |

*Counsel for Special Master Robert B. Pincus*

Dated:  June 7, 2023
10858544

I, Robert B. Pincus, solely in my capacity as special master (the "**Special Master**") for the United States District Court for the District of Delaware (the "**Court**") in Crystallex International Corp. v. Bolivarian Republic of Venezuela (D. Del. Case. No. 17-151-LPS) (the "**Crystallex Case**"), hereby submit this response to the opening briefs filed pursuant to the Court's order of May 10, 2023 (D.I. 559) ("**May 10 Order**").

### Preliminary Statement

1.      The Court appointed the Special Master to, among other things, devise a plan for the sale of the PDVH Shares as necessary to satisfy the outstanding judgment of Crystallex[1] and the judgment of any other judgment creditor added to the sale by the Court and/or devise such other transaction as would satisfy such outstanding judgment(s) while maximizing the sale price of any assets to be sold.  *See* D.I. 277 ¶ 2.  With that mandate, the Special Master sought to design a process with the flexibility to accommodate the developing nature of the parallel cases being pursued by other creditors seeking judgments against the Venezuela Parties and to attract interest from potential bidders willing to purchase some or all of the PDVH Shares.   There is no immediate need to adjust the already-approved sale process outlined in the Sale Procedures Order to accommodate potential inclusion of other judgments.

2.      If any other judgments are deemed by the Court to be Additional Judgments within the timeframe provided under the Sale Procedures Order (*i.e.*, by no later than ten calendar days after the Launch Date), the Special Master sees no reason why those judgments should not be considered for satisfaction in connection with a Sale Transaction.  Outside of a general support for

---

[1] Capitalized terms used but not otherwise defined herein shall bear the meanings ascribed to such terms by the *Sixth Revised Proposed Order (A) Establishing Sale and Bidding Procedures, (B) Approving Special Master's Report and Recommendation Regarding Proposed Sale Procedures Order, (C) Affirming Retention of Evercore as Investment Banker by Special Master and (D) Regarding Related Matters* (the "**Sale Procedures Order**") entered in *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 1:17-mc-151-LPS (D. Del. Oct. 11, 2022) (D.I. 481).

the notion that, in the name of judicial economy, the Court and the Special Master should endeavor to include in a Sale Transaction as many judgments against the Venezuela Parties as possible in a manner that does not cause any further delay to the Crystallex Case, the Special Master takes no position with respect to the individual creditors or the merits of the arguments for or against the unconditional attachment of their judgments or the relative priority among them.

3.       While the Special Master does not offer any objection or support to the inclusion of any particular judgment creditor on any legal basis, the Special Master submits that as a condition to becoming an Additional Judgment Creditor, any holder must be willing and able to meet their obligations under the Sale Procedures Order, including paying their fair share of the Transaction Expenses on both a retroactive and going-forward basis as contemplated by the Sale Procedures Order.  To the extent petitioning judgment creditors are not prepared to meet those obligations—and state as much on the record—the Special Master objects to their participation in the Sale Transaction.

<u>Argument</u>

**A. Which, if any, judgments should be regarded as "Additional Judgments" under the Sale Procedures Order entered in the Crystallex Case?**

4.       The Sale Procedures Order provides that "the Court will decide in accordance with applicable law which, if any, additional judgments … are to be considered by the Special Master for purposes of the Sale Transaction."  Sale Procedures Order ¶ 30.  Interpretation of applicable law and advocacy for or against inclusion of any judgment, however, is outside the scope of the Special Master's mandate.  Accordingly, the Special Master takes no position as to the inclusion

2

of any Additional Judgments and, by extension, whether any holders of judgments are entitled to share in the proceeds of the sale of the PDVH Shares.

5.　　　That being said, although it is up to the Court to determine whether the Special Master should consider any additional judgments, to the extent the Special Master has expended significant time and effort to design and administer a sale process, it seems both logical and in the best interests of all parties to include as many judgments against the Venezuela Parties as permissible under applicable law and without causing any delay to the launch timeline proposed by the Special Master.

6.　　　Further, the Special Master stands ready to begin preparations for the Marketing Process.  Importantly, the success of this preparatory phase does not turn on the resolution of any of the questions currently pending before this Court.  As detailed in the Special Master's Reply to the Venezuela Parties' Objections to the Supplemental Report, preparation of the CIM and solicitation of bids will not be impacted by the pool of Attached Judgments.  *See* D.I. 583 at 7. The answers to the Court's current questions do not become relevant until well after the Launch Date.  Therefore, the Special Master submits that there should be no further delay in the preparation for or launch of the Marketing Process.

7.　　　While the Special Master does not take a position as to the questions raised in the May 10 Order, to the extent any purported judgment creditor desires to be qualified as an Additional Judgment Creditor, it must be prepared to meet all applicable obligations under the Sale Procedures Order.  Specifically, and without exclusion to any other provision of the Sale Procedures Order, all Additional Judgment Creditors are required to share in the reimbursement of Transaction Expenses.  *See* Sale Procedures Order ¶ 47 ("The Special Master shall be compensated and reimbursed for all expenses [] on a monthly basis by the Sale Process Parties

pursuant to the procedures set forth in the May Order [], which Transaction Expenses shall be shared by the Sale Process Parties and any Additional Judgment Creditors. . . "). For the avoidance of doubt, that reimbursement obligation applies not only to Transaction Expenses from and after the designation of such creditor as an Additional Judgment Creditor, but also on a retroactive basis. *See id*. ("[A]ny Additional Judgment Creditor shall be obligated to reimburse its share of the Transaction Expenses [] as if such Additional Judgment Creditor was a Sale Process Party…"); D.I. 507 at 5 ("[T]he Court agrees with Crystallex [] and the Venezuela Parties [] that if Red Tree were to be added as a new Sale Process Party, it would be equitable for the Court to require Red Tree to pay an equal, per capita share of the Special Master's fees and expenses, to include those incurred to date and all those going forward.").

8.     As of the date hereof, the Court has approved Transaction Expenses in an amount equal to $4,395,965.69.[2] Any Additional Judgment Creditor will be required to reimburse the Sale Process Parties for their respective reimbursement of Transaction Expenses to date and to share in any future Transaction Expenses pursuant to the May Order and the Sale Procedures Order, in each case on a per capita basis (*i.e.*, an equal share, not a pro rata share).

9.     In any event, so long as prospective Additional Judgment Creditors are prepared to shoulder their share of the Transaction Expenses, the Special Master has no objection to their consideration as part of the Sale Transaction.

---

[2] *See* D.I. 282, 295, 324, 361, 394, 415, 428, 439, 453, 467, 478, 520, and 539. The Special Master notes that should this Court approve the advisor fees requested in the Special Master's report for the period ending April 30, 2023 [D.I. 579], the total Transaction Expenses through April 30, 2023 will be $5,696,186.64.

**B. Should the Court issue full, unconditional orders of attachment (including by converting conditional grants) to any creditors?  If yes, should the Court direct service of any such orders of attachment?**

10.     The Special Master takes no position as to whether or how any circumstances, including the delivery of the April 7 DOJ Letter and public issuance of guidance by OFAC, may affect judgments held by creditors of the Venezuela Parties seeking to become Additional Judgment Creditors pursuant to the Sale Procedures Order.  Similar to Crystallex, though, the Special Master supports advancement of the Marketing Process without any delay to accommodate ancillary attachment proceedings.  *See* D.I. 573 at 13.  To the extent the Court determines any judgment—conditional or not—qualifies as an Additional Judgment as of the Additional Judgment Deadline, the Special Master will consider that judgment in his administration of the Marketing Process and any ultimate Sale Transaction.

**C. How should the Court determine the priority of any judgments that are made Additional Judgments?**

11.     The Special Master takes no position as to the determination of priority among any Additional Judgements.  If the sale of the PDVH Shares pursuant to a Sale Transaction generates sufficient proceeds such that any Additional Judgments are entitled to a recovery from those proceeds, the Special Master will arrange the distribution of those proceeds in accordance with the Sale Procedures Order and any subsequent orders of the Court.

## Conclusion

For the reasons set forth above, the Special Master respectfully requests that this Court proceed with a single sale process and without further delay.

/s/ Robert B. Pincus
Robert B. Pincus
Special Master for the United States District Court
for the District of Delaware

Dated:  June 7, 2023
10858544