# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP.,<br><br>Plaintiff,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>Defendant. | Misc. No. 17-151-LPS |

## GOLD RESERVE INC.'S ANSWERING BRIEF ADDRESSING ISSUES RAISED IN THE COURT'S MAY 10, 2023 MEMORANDUM ORDER

| | |
|---|---|
| *OF COUNSEL*:<br><br>Matthew H. Kirtland<br>NORTON ROSE FULBRIGHT US LLP<br>799 9th Street NW, Suite 1000<br>Washington, DC 20001<br>Tel: (202) 662-0200<br>matthew.kirtland@nortonrosefulbright.com<br><br>Katherine G. Connolly<br>NORTON ROSE FULBRIGHT US LLP<br>555 California Street, Suite 3300<br>San Francisco, CA 94104<br>Fax: (628) 231-6799<br>katie.connolly@nortonrosefulbright.com<br><br>Dated: June 7, 2023<br><br>. | Kevin J. Mangan (Del. Bar No. 3810)<br>Matthew P. Ward (Del. Bar No. 4471)<br>Stephanie S. Riley (Del. Bar No. 5803)<br>WOMBLE BOND DICKINSON (US) LLP<br>1313 N. Market St., Suite 1200<br>Wilmington, DE 19801<br>Telephone: 302-252-4320<br>kevin.mangan@wbd-us.com<br>matthew.ward@wbd-us.com<br>stephanie.riley@wbd-us.com<br><br>*Attorneys for Gold Reserve Inc* |

# **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................ 1

RESPONSE.................................................................................................................................... 1

    A.    OFAC Sanctions Do Not Prevent Issuance Of Unconditional Writs ...................... 1

    B.    Gold Reserve's Judgment Can and Should Be Added As An Additional Judgment ................................................................................................................. 2

    C.    All Additional Judgment Creditors with Writs or Conditional Writs Prior to OFAC's License Should Be Treated Equally ....................................................... 4

        1.    The Alter Ego Creditors should not be unfairly disadvantaged.................. 4

        2.    There should not be different priority between Additional Judgment Creditors that held writs or conditional writs prior to the OFAC License. ......................................................................................................... 6

CONCLUSION............................................................................................................................... 9

# TABLE OF AUTHORITIES

## Cases

*Burlington N. R. Co. v. Hyundai Merch. Marine Co.*,
  63 F.3d 1227 (3d Cir. 1995) .................................................................................................. 3

*Clarkson Co. v. Shaheen*,
  716 F.2d 126 (2d Cir. 1983) ................................................................................................... 4

*Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*,
  No. CV 17-MC-151-LPS, 2021 WL 129803 (D. Del. Jan. 14, 2021), appeal dismissed, 24 F.4th
  242 (3d Cir. 2022) ............................................................................................................. 2, 3

*Deng v. HK Xu Ding Co., Ltd.*,
  No. N21J-04630-AML, 2023 WL 3318322 (Del. Super. Ct. May 8, 2023) ............................ 2

*In re RS Air, LLC*, 2023 WL 3774652 (9th Cir. Bk June 2, 2023) ……………………….….. 6

*Peloro v. United States*, 488 F.3d 163 (3d Cir. 2007) ................................................................. 3

*Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*,
  81 F.3d 355 (3d Cir. 1996) ..................................................................................................... 3

*S. Rock, Inc. v. B & B Auto Supply*,
  711 F.2d 683 (5th Cir. 1983) .................................................................................................. 9

*Starboard Venture Shipping, Inc. v. Casinomar Transp., Inc.*,
  No. 93cv644, 1993 WL 464686 (S.D.N.Y. Nov. 9, 1993) ...................................................... 4

*United States v. 5 Unlabeled Boxes*,
  572 F.3d 169 (3d Cir. 2009) ................................................................................................... 5

*Wilson v. Blake*,
  53 Vt. 305 (1880) ............................................................................................................... 8, 9

## Statutes

10 Del. C. § 5081 ............................................................................................................................ 6

10 Del. C. § 5082 ............................................................................................................................ 6

6 Del. C. § 8-112 ............................................................................................................................. 6

6 Del. C. § 8-112(a) ........................................................................................................................ 2

6 Del. C. § 8-112(e) ........................................................................................................................ 3

8 Del.C. § 169 ............................................................................................................................... 4

8 Del.C. § 324(a)........................................................................................................................... 6

## INTRODUCTION

Gold Reserve Inc. ("Gold Reserve") respectfully submits this Answering Brief[1] to address the three questions posed by the Court in its May 10, 2023 Memorandum Order and to respond to the opening submissions of the other interested parties.[2]

## RESPONSE

### A. OFAC Sanctions Do Not Prevent Issuance Of Unconditional Writs

There is no merit to the argument put forth by the Venezuela Parties[3] that OFAC has not expressly authorized the issuance of writs of attachment to Gold Reserve and similarly situated creditors. (Venezuela Brief at 13). Even under the Venezuela Parties' narrow interpretation of

---

[1] Gold Reserve's opening brief is *Gold Reserve Inc.'s Opening Brief Addressing Issues Raised in The Court's May 10, 2023, Memorandum Order* ("Gold Reserve Brief") at D.I. 572.

[2] The Opening Briefs filed by other interested parties are, in alphabetical order: *ACL1 Investments Ltd. v. Bolivarian Republic of Venezuela* ("ACL Letter Brief"), Case No. 21-mc- 46-LPS at D.I. 72; *Banco San Juan Internacional's Response to Questions in the Court's Order Dated May 10, 2023* ("BSJI Brief") at D.I. 575; *Contrarian Capital Management, L.L.C., et al.'s Opening Brief Regarding Additional Judgments and Service of Writs of Attachment* ("Contrarian Brief") at D.I. 567; *Crystallex International Corporation's Opening Brief Pursuant to May 10, 2023 Scheduling Order* ("Crystallex Brief") at D.I. 573; *Huntington Ingalls' Response to The Court's May 10, 2023 Order* ("HI's Brief"), Case No. 20-mc-00257-LPS at D.I. 95; *OI European Group B.V.'s Opening Brief Regarding Additional Judgments And Sale Procedures Order* ("OIEG Brief"), Case No. 19-mc-00290-LPS at D.I. 154; *Sale Process Parties' Phillips Petroleum Company Venezuela Limited, ConocoPhillips Petrozuata B.V., And ConocoPhillips Gulf of Paria B.V.'s Brief in Response To The Court's May 10 Order* ("Phillips Brief") at D.I. 574; *Red Tree Investments, LLC's Opening Brief Regarding Additional Judgments and Service of Writ of Attachment* ("Red Tree Brief") at D.I. 566; *Refineria Di Korsou N.V.'s Opening Brief in Support of Including Its Judgment as An Additional Judgment* ("Refineria Di Korsou Brief") at D.I. 564; *Plaintiff Rusoro Mining Limited's Brief on Priority Issues* ("Rusoro Brief"), Case No. 21-mc-00481-LPS at D.I. 60; *Opening Brief of Siemens Energy Inc. In Response to Memorandum Order Dated May 10, 2023* ("SEI Brief") at D.I. 569; *Judgment Creditors Valores Mundiales, S.L. And Consorcio Andino, S.L.'s Opening Submission Relating to The Issues Identified in The Court's May 10, 2023 Memorandum Order* ("Valores/Consorcoa Brief") at D.I. 576; and *Brief Of the Venezuela Parties Regarding the Inclusion of Additional Judgments in The Sale Process and The Issuance Of Unconditional Orders Of Attachment* ("Venezuela Brief") at D.I. 571.

[3] Capitalized terms used but not defined herein have the meaning ascribed to them in the Court's January 14, 2022 Order, D.I. 234, and the Sale Procedures Order, D.I. 481.

OFAC's recent communications and actions, Gold Reserve can and should be added as an Additional Judgment Creditor (see below), and thus there is no impediment to the Court issuing its unconditional writ of attachment (after the Third Circuit temporary stay is lifted).

**B.     Gold Reserve's Judgment Can and Should Be Added As An Additional Judgment**

Once the Third Circuit's temporary administrative stay is lifted, there is no impediment to adding Gold Reserve, and other creditors with writs and conditional writs issued prior to May 4, 2023, as Additional Judgments because the PDVH Shares are in *custodia legis* and may be sold for the benefit of the Attached Judgments.

The Bolivarian Republic of Venezuela ("Republic") owns 100% of the shares of Petróleos de Venezuela, S.A. ("PDVSA"). PDVSA owns 100% of the shares of Petróleos de Venezuela Holding, Inc. ("PDVH"), a Delaware corporation. The property that all the judgment creditors of PDVSA seek to enforce their judgments against is PDVSA's ownership of PDVH Shares. The PDVH Shares are represented by one physical share certificate.

Under 6 Del. C. § 8-112(a) the interest of a debtor in a certificated security may be reached by a creditor only by actual seizure by the officer making the attachment or levy. *See Deng v. HK Xu Ding Co., Ltd.*, No. N21J-04630-AML, 2023 WL 3318322 (Del. Super. Ct. May 8, 2023) ("Delaware law requires physical seizure of a stock certificate before certificated shares may be attached and sold."). Here, the PDVH share certificate has not been actually seized and its location is unknown or undisclosed. However, this Court held that the Venezuela Parties are collaterally and judicially estopped from arguing non-compliance with 6 Del. C. § 8-112(a). *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. CV 17-MC-151-LPS, 2021 WL 129803, at *8 (D. Del. Jan. 14, 2021), appeal dismissed, 24 F.4th 242 (3d Cir. 2022); *Deng* at WL 129803, *5 (noting the estoppel basis of the *Crystallex* ruling).

Despite this holding, the Venezuela Parties argue that, because the share certificate was not

2

actually seized, no creditors should be named as Additional Judgment Creditors and therefore only Crystallex should participate in the prospective sale. The effect of this argument would be to minimize the number of PDVH shares that will be sold under the Sale Procedures so that only enough PDVH shares will be sold to satisfy the Crystallex judgment.

This argument is flawed for several reasons and should not be accepted. First, if the Venezuela Parties' argument is collaterally estopped as to Crystallex, it is collaterally estopped as to Gold Reserve. *Peloro v. United States*, 488 F.3d 163, 175 (3d Cir. 2007) ("Under the modern doctrine of non-mutual issue preclusion, however, a litigant may also be estopped from advancing a position that he or she has presented and lost in a prior proceeding against a different adversary."); *Burlington N. R. Co. v. Hyundai Merch. Marine Co.*, 63 F.3d 1227, 1232 (3d Cir. 1995) (complete identity of parties in the two suits is not required for the application of issue preclusion). Second, judicial estoppel, being a remedy against playing fast and loose with the courts and which looks at the connection between the litigant and the judicial system, is not limited to the same parties or the same action. *See Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 360 (3d Cir. 1996). Third, the Venezuela Parties' argument contradicts the Third Circuit's holding "that [Crystallex's] writ is valid." *Crystallex*, 2021 WL 129803, at *13. Finally, the effect of this argument would leave other diligent creditors such as Gold Reserve unpaid on the long-outstanding debts owed by Venezuela/PDVSA.

Rather than accept this argument, the Court should harmonize the statutory seizure requirement with the valid attachment here by holding that the PDVH Shares are in *custodia legis*, for the benefit of the to-be-determined Attached Judgments. This holding is authorized by 6 Del. C. § 8-112(e), which provides that a "creditor whose debtor is the owner of a certificated security . . . is entitled to aid from a court of competent jurisdiction, by injunction or otherwise, in reaching

the certificated security . . . or in satisfying the claim by means allowed at law or in equity in regard to property that cannot readily be reached by other legal process." And that *custodia legis* holding is the natural upshot of this Court's appointment of the Special Master and entry of the Sale Procedures Order. *See* 8 Del.C. § 169 (stock in a Delaware corporation is regarded as having its situs in Delaware for purposes of jurisdiction and attachment); *see also Clarkson Co. v. Shaheen*, 716 F.2d 126, 130 (2d Cir. 1983) (stock held in *custodia legis*; creditors could reach the debtor's contingent, residual interest). Accordingly, each creditor who seeks to share in the sale proceeds of the PDVH shares must go through this Court.[4]

Reissuance of the share certificate is therefore unnecessary, and there is no impediment to adding Gold Reserve (and other creditors with existing writs of attachment) as Additional Judgment Creditors at this time.

C. **All Additional Judgment Creditors with Writs or Conditional Writs Prior to OFAC's License Should Be Treated Equally**

1. **The Alter Ego Creditors should not be unfairly disadvantaged.**

Gold Reserve and the other judgment creditors holding conditional writs should be permitted to enforce their judgments against the PDVH Shares through the Sale Procedures adopted by this Court if and when the Third Circuit lifts the temporary administrative stay. Certain creditors with direct judgments against PDVSA seek to capitalize on the fact that the alter ego rulings are the subject of a pending appeal and that, because of the Third Circuit temporary stay, this Court cannot issue unconditional writs to the six alter ego creditors until the stay is lifted.

---

[4] Creditor Refineria Di Korsou N.V. ("RDK") did not go through this Court for its writ. RDK alleges that it obtained a writ in Delaware State Court on May 4, 2023, which was served on May 10, 2023. This writ should be held invalid because it was not issued by this Court. *See Starboard Venture Shipping, Inc. v. Casinomar Transp., Inc.*, No. 93cv644, 1993 WL 464686, at *4 (S.D.N.Y. Nov. 9, 1993) (*custodia legis* doctrine bars any attachment of funds in a court's registry and is most applicable when it prevents one court from interfering with the authority of another).

These creditors complain about delay in the sale process while waiting for the stay to lift. In reality, these creditors seek to take unfair advantage of the stay to jump ahead of the six alter ego creditors. There is no basis for this.

First, the pendency of an appeal does not affect the validity or finality of a judgment. *See United States v. 5 Unlabeled Boxes*, 572 F.3d 169, 175 (3d Cir. 2009). The Third Circuit has only stayed further action in the district court; it has not invalidated the alter ego judgments. As such, the alter ego judgments are of equal dignity with the direct judgments.

Second, there will not be undue delay on the alter ego decision because the Third Circuit has expedited the appeal in light of the Sale Procedures Order. *See* Appeal No. 23-1652 at D.I. 24. Third Circuit briefing has been completed and oral argument was held on June 1, 2023. Under the Sale Procedures Order, "[b]y no later than ten calendar days after the Launch Date (the "Additional Judgment Deadline"), the Court will decide in accordance with applicable law which, if any, additional judgments (the "Additional Judgments," and with the Crystallex Judgment, the "Attached Judgments") are to be considered by the Special Master for purposes of the Sale Transaction." The currently proposed Launch Date is September 5, 2023. The Third Circuit will likely have made its decision before the Additional Judgment Deadline and as such any stay will lift. It is entirely reasonable and proper that this Court would (as requested by Gold Reserve and other interested parties) defer the issuance of the existing unconditional writs until the Third Circuit stay lifts. In such a situation "[a] tactic of waiting until the appeal is disposed of [before the lower court makes a decision] may indeed be the best course if that disposition will not be long delayed." Restatement (Second) of Judgments, § 13, cmt. F; *see also 5 Unlabeled Boxes*, 572 F.3d at 175 ("The Restatement (Second) of Judgments, noting that a final judgment will customarily be given preclusive effect even though an appeal is pending, suggests, if possible, postponing decision

5

on the question of preclusion in a second action until the appeal of the first judgment has been concluded.").

Finally, there is no legal basis to treat alter ego judgments differently. Entities found to be alter egos have independent liability to their creditors, and judgments against them should be treated with the same dignity as a judgment against the entity itself. *See, e.g., In re RS Air, LLC*, 2023 WL 3774652 (B.A.P. 9th Cir. June 2, 2023).

### 2. There should not be different priority between Additional Judgment Creditors that held writs or conditional writs prior to the OFAC License.

Some creditors have suggested that priority should be determined by when the conditional writ orders were sought or obtained, or when a creditor registered its judgment in this Court.[5] This should not be accepted.

Prior to the May 1, 2023 OFAC License, the existence of the OFAC sanctions prohibited

---

[5] Venezuela argues that there is no need to reach question of priority of Additional Judgments at this time. Venezuela Brief at 15. Crystallex says that it is in first priority and takes no position on respective priorities of other judgment creditors. Crystallex Brief at 13-15. ConocoPhillips and Rusoro argue that priority should be based on when conditional writs were ordered. Phillips Brief at 8; Rusoro Brief at 6-10. SEI argues the same. Alternatively, SEI argues that conditional writ holders should receive pari passu treatment as a group after the PDVSA judgment holders. SEI Brief at 12-14. Banco San Juan similarly requests priority over judgments against Venezuela. BSJI Brief at 2. Red Tree, Contrarian, Tidewater and Valores Mundiales and Consorcio Andino take no position as to priority. *See generally*, Red Tree Brief; Contrarian Brief; Tidewater Brief; Valores/Consorcoa Brief. Huntington Ingalls and ACL request order of priority to be sent by the order in which each party filed their motions for a writ of attachment. HI Brief at 8; ACL Letter Brief. OIEG also asks for priority to be set based on date of filing of motion for writ of attachment or, alternatively, the date of court approval of conditional (or unconditional) writ of attachment. OIEG Brief at 12-14. Refineria Di Korsou asks for priority pursuant to Delaware law, i.e., when writ "attaches to the property and has become choate". Refineria Di Korsou Brief at 6-7. But under Delaware law, on personalty, the mere seeking and obtaining of a writ of execution does not result in a priority over other judgment creditors. *See* 10 Del. C. § 5081 (execution shall not bind goods and chattels until execution is delivered to the officer to be executed); § 5082 (discussing priority among executions that have been "delivered"); *see also* 8 Del.C. § 324(a) ("the attachment is not laid" on certificated securities unless 6 Del. C. § 8-112 has been satisfied).

any potential Additional Judgment Creditor from obtaining an unconditional writ of attachment that could actually issue against the PDVH Shares. These sanctions materially distorted the normal procedures and timing for establishing priority. Because of the sanctions, no judgment creditor could get ahead of any other judgment creditor in the collection race. So certain judgment creditors (including Gold Reserve) obtained conditional writ orders, which resulted in each conditional writ becoming effective as an unconditional writ simultaneously; namely, when the Court received "evidence" that the sanctions had lifted. Each conditional writ order contains the following identical condition:

> ORDERED that **upon the Court's receipt of evidence** that the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC") has either (i) authorized the issuance and service of a writ of attachment or (ii) removed the sanctions under which the PDV Holding, Inc. ("PDVH") Shares are currently blocked property, **then the Clerk of this Court is authorized** to affix its original signature and seal on Plaintiff's writ of attachment fieri facias [emphasis added];[6]

No judgment creditors obtained language in their conditional writ orders that would grant them priority over other judgment creditors because they sought or obtained their conditional writ first, or registered their judgment first.[7] Each alter ego judgment creditor who obtained a conditional writ in advance of the issuance of the OFAC License did so with the knowledge that the occurrence of the condition would not be unique to it. Thus, regardless of when a motion for a conditional writ was filed or granted, or when a party registered its judgment, it was entirely

---

[6] The Orders granting conditional writs are at: 22-mc-00453 D.I. 27 entered 3-31-23 [Gold Reserve Inc.]; 19-mc-00342 D.I. 43 entered 3-2-22 [Phillips Petroleum Company Venezuela Limited and ConocoPhillips Petrozuata B.V.]; 22-mc-00264 D.I. 20 entered 10-24-22 [ConocoPhillips Gulf of Paria B.V.]; 21-mc-00046 D.I. 57 entered 3-23-23 [OI European Group B.V., Huntington Ingalls Incorporated (fka Northrop Grumman Ship Systems, Inc.), ACL1 Investments Ltd., ACL2 Investments Ltd., LDO (Cayman) XVIII Ltd., Rusoro Mining Limited]; 22-mc-00156 D.I. 21 entered 3-31-23 [Koch Minerals Sàrl and Koch Nitrogen International Sàrl].

[7] See note 4 above.

predictable that once the OFAC License (or other evidence that the sanctions had lifted) was received by the Court,[8] it would result in multiple writs being issued simultaneously.

No writs could be effective until the occurrence of the condition clearly stated in the Orders. Now that all have been made simultaneously effective by the issuance of the OFAC License, each judgment creditor who had a conditional writ in place at that time is on equal footing. The same would not be true of any creditor that waited until after the License issued to attempt to obtain a writ of attachment. Those parties' writs have not, and by definition will not, become effective until after the writs of the creditors in the pre-May 4, 2023 Group.

Accordingly, Gold Reserve's position is that each Additional Judgment Creditor with a conditional writ approved prior to the issuance of the OFAC License should have equal priority and share in the proceeds of the PDVH shares pro rata. As Gold Reserve argued in its opening brief, when the sanctions and administrative stay lift, the conditional writs previously obtained will be effective simultaneously. *Accord* No. 1:19-mc-00290, D.I. 109 at 21 ("From the perspective of judicial administration, it makes sense that ConocoPhillips and the other judgment creditors will all have access to the same form of relief at the same point in their judgment enforcement efforts."). And because none of these simultaneously arising writs will have first-in-time priority over another, the proper course is to satisfy all of them on a pro rata basis.

Simultaneous attachments among judgment creditors means equal treatment of those creditors. *See Wilson v. Blake*, 53 Vt. 305, 313 (1880) ("This property was attached simultaneously on two writs, placed in the defendant's hands at the same time; . . . Judgments were recovered in each suit, and the executions were placed in the hands of the defendant simultaneously. He levied

---

[8] The OFAC License is dated May 1, 2023, but was docketed with the Court on May 4, 2023. Gold Reserve does not know exactly when the Court received the OFAC License.

the two executions on the property at the same time, and advertised it for sale on each, at the same time and place.  On these facts each plaintiff in the executions was entitled to an equal part of the avails of the sale.").

Gold Reserve is not asking for more than what these judgment creditors bargained for: all writs becoming equally effective when the same condition occurred.  To do otherwise would be inequitable as among the class of creditors holding a writ of attachment in advance of May 4, 2023, and this is the path that the conditional writ creditors implicitly agreed to in obtaining their writ orders.  Thus, it is appropriate that these conditional writ creditors have equal priority and share pro rata in the sale proceeds of the PDVH Shares. *See S. Rock, Inc. v. B & B Auto Supply*, 711 F.2d 683, 689 (5th Cir. 1983) (tax lien and creditor's security interest perfected simultaneously; held: government and creditor "share in the fund in proportion to their claims"); *Wilson v. Blake*, 53 Vt. 305, 313 (1880) (two executions levied at the same time; held: the two creditors must share equally).

## **CONCLUSION**

For these reasons, and as set forth in its Opening Brief, Gold Reserve respectfully requests that the Court enter an Order that:

(a)  Additional Judgments should include the Pre-May 4 Group;

(b) each conditional writ of attachment issued to the Pre-May 4 Group be made unconditional and issued by the Clerk and be allowed to be served by the U.S. Marshals if and when the Third Circuit lifts the temporary administrative stay;

(c) each of the Pre-May 4 Group have equal priority in the PDVH Shares sales proceeds; and

(d)  the Post-May 4 Group be ranked in priority after the Pre-May 4 Group priority in the order that each Post-May 4 Group judgment creditor obtains an order allowing its writ and delivers

9

such writ to the Marshals.

|  |  |
|---|---|
| *OF COUNSEL*: | **WOMBLE BOND DICKINSON (US) LLP**<br><br>By:*/s/ Kevin J. Mangan*<br>Kevin J. Mangan (Del. Bar No. 3810)<br>Matthew P. Ward (Del. Bar No. 4471)<br>Stephanie S. Riley (Del. Bar No. 5803) |

Matthew H. Kirtland
NORTON ROSE FULBRIGHT US LLP
799 9th Street NW, Suite 1000
Washington, DC 20001
Tel: (202) 662-0200
matthew.kirtland@nortonrosefulbright.com

1313 N. Market St., Suite 1200
Wilmington, DE 19801
Telephone: 302-252-4320
kevin.mangan@wbd-us.com
matthew.ward@wbd-us.com
stephanie.riley@wbd-us.com

Katherine G. Connolly
NORTON ROSE FULBRIGHT US LLP
555 California Street, Suite 3300
San Francisco, CA 94104
Fax: (628) 231-6799
katie.connolly@nortonrosefulbright.com

*Attorneys for Gold Reserve Inc.*

Dated: June 7, 2023