# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RED TREE INVESTMENTS, LLC,<br><br>*Plaintiff*,<br>v.<br><br>PETRÓLEOS DE VENEZUELA, S.A. and PDVSA PETRÓLEO, S.A.,<br><br>*Defendants*. | Nos. 22 Misc. 68 & 69 (LPS) |
| CRYSTALLEX INTERNATIONAL CORP.,<br><br>*Plaintiff*,<br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>*Defendant*. | No. 17 Misc. 151 (LPS) |

### RED TREE INVESTMENTS, LLC'S ANSWERING BRIEF REGARDING ADDITIONAL JUDGMENTS AND SERVICE OF WRIT OF ATTACHMENT

Dated: June 7, 2023

| | |
|---|---|
| Steven F. Molo | Rebecca L. Butcher (No. 3816) |
| Justin M. Ellis | Jennifer L. Cree (No. 5919) |
| Lauren F. Dayton | LANDIS RATH & COBB LLP |
| Mark W. Kelley | 919 Market Street, Suite 1800 |
| MOLOLAMKEN LLP | Wilmington, DE 19801 |
| 430 Park Avenue, 6th Floor | Tel.: (302) 467-4400 |
| New York, NY 10022 | Fax: (302) 467-4450 |
| Tel.: (212) 607-8170 | butcher@lrclaw.com |
| Fax: (212) 607-8161 | cree@lrclaw.com |
| smolo@mololamken.com | |

*Counsel for Red Tree Investments, LLC*

**TABLE OF CONTENTS**

                                                              Page

ARGUMENT ............................................................................................................................. 1

I. The Court Should Name Red Tree an Additional Judgment Creditor and Cause Its Writ To Be Served ......................................................................................................... 2

II. The Venezuela Parties' Physical-Certificate Argument Fails ............................................ 3

    A. The Venezuela Parties May Not Raise Section 8-112 .............................................. 3

    B. Section 8-112 Does Not Preclude Attachment .......................................................... 4

III. The Court Should Reject Counterfactual and Arbitrary Theories of Priority ..................... 5

IV. Refineria Di Korsou's Writ Is Invalid ................................................................................ 7

CONCLUSION ......................................................................................................................... 8

# TABLE OF AUTHORITIES

Page

### CASES

*Cory v. Tampax Inc.*,
  No. CIV.A. 3791, 1976 WL 1707 (Del. Ch. Apr. 30, 1976) ......................................................4

*Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17 Misc. 151,
  2021 WL 129803 (D. Del. Jan. 14, 2021)................................................................................3, 4

*Drug, Inc. v. Hunt*,
  35 Del. 339 (1933) ........................................................................................................................4

*In re Est. of Fenimore*,
  No. 7680, 1999 WL 959204 (Del. Ch. Oct. 8, 1999)...................................................................7

*OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela*,
  2023 WL 2609248 (D. Del. Mar. 23, 2023) ................................................................................6

### STATUTES & RULES

6 *Del. C.* § 8-112 ................................................................................................................................4

6 *Del. C.* § 8-112(a)...........................................................................................................................3

6 *Del. C.* § 8-112(e)...........................................................................................................................5

8 *Del. C.* § 168...................................................................................................................................4

8 *Del. C.* § 168(b)..............................................................................................................................5

8 *Del. C.* § 324(a) ..............................................................................................................................2

10 *Del. C.* § 4702................................................................................................................................7

10 *Del. C.* § 4704................................................................................................................................7

10 *Del. C.* § 5031................................................................................................................................2

31 C.F.R. § 591.202 ...........................................................................................................................7

31 C.F.R. § 591.310 ...........................................................................................................................5

Red Tree Investments, LLC ("Red Tree") respectfully submits this answering brief pursuant to the Court's May 10, 2023 scheduling order. Nos. 22 Misc. 68 & 69, D.I. 31 at 3.[1]

## ARGUMENT

Now that OFAC has greenlit attachment and sale of the PDVH shares, there is no reason for further delay. The Court should name Red Tree an Additional Judgment Creditor, perfect its attachments by causing its writ to be served, and proceed expeditiously toward sale of the PDVH shares.[2]

No party has provided a reason to depart from that path. First, the Court should name Red Tree an Additional Judgment Creditor and cause its writ to be served because Red Tree has a right to attach and sell the PDVH shares and delay would only invite further obstacles. Second, the Venezuela Parties' last-ditch argument that no writs may be perfected because PDVSA does not possess the physical PDVH certificates is waived and estopped. The argument is also wrong, because the Court may order PDVH to reissue the certificates. Third, while the Court should exercise its discretion to choose a method of prioritizing the parties' claims, it should not rely on counterfactuals or arbitrary deadlines. And fourth, the Court should not name Refineria Di Korsou N.V. an Additional Judgment Creditor because it violated OFAC sanctions.

---

[1] Because Red Tree's two cases, Nos. 22 Misc. 68 and 69, have corresponding docket entries, this brief refers to one docket entry for both cases.

[2] Capitalized words not otherwise defined have the meaning ascribed to them in the Sixth Revised Proposed Order (A) Establishing Sale and Bidding Procedures, (B) Approving Special Master's Report and Recommendation Regarding Proposed Sale Procedures Order, (C) Affirming Retention of Evercore as Investment Banker by Special Master and (D) Regarding Related Matters in *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17 Misc. 151 (the "*Crystallex* Action"), D.I. 481 (the "Sale Procedures Order").

## I. THE COURT SHOULD NAME RED TREE AN ADDITIONAL JUDGMENT CREDITOR AND CAUSE ITS WRIT TO BE SERVED

The only condition placed on Red Tree's conditional writ of attachment was that OFAC either lift sanctions or grant Red Tree a specific license. Nos. 22 Misc. 68 & 69, D.I. 15 at 3. OFAC satisfied that condition on May 4 by issuing a specific license for any Additional Judgment Creditors named by the Court. *Crystallex* Action, D.I. 555 at 6.

Siemens Energy Inc.'s argument that the Court need not serve the writs because the necessary parties are on notice of the sale, No. 22 Misc. 347, D.I. 20 at 10-11, misses the point – Red Tree **has a right** to attach the PDVH shares, 10 *Del. C.* § 5031, and Delaware law ***requires*** a party to perfect its attachment before participating in an asset sale, 8 *Del. C.* § 324(a). Siemens acknowledges there are no obstacles to service of its, Red Tree's, and ConocoPhillips' writs after the Court names them Additional Judgment Creditors. No. 22 Misc. 347, D.I. 20 at 11. Its principal concern – avoiding a "race to the U.S. Marshall" – can be satisfied by directing service of the writs, one at a time, in the order of priority the Court chooses.

The alter-ego parties' request to delay service of the writs until the Third Circuit resolves their appeal is an attempt to postpone long-overdue relief solely to preserve their chance at a better spot in line. *See* Nos. 19 Misc. 290, D.I. 154 at 6-10 (OI European Group); 20 Misc. 257, D.I. 95 at 5-7 (Huntington Ingalls); 22 Misc. 156, D.I. 34 at 5-7 (Koch Minerals). Those parties are not entitled to stall other creditors' executions based on the hope that they will prevail on appeal and the Court will adopt their position on priority. And for the reasons set forth below, those parties' proposal for priority relies on a counterfactual, ignores differences between alter-ego claims and claims against PDVSA, and would be impossible to administer. *See* pp. 5-7, *infra*.

2

## II. THE VENEZUELA PARTIES' PHYSICAL-CERTIFICATE ARGUMENT FAILS

The Venezuela Parties again argue that no conditional attachments may be perfected because Section 8-112(a) of the Delaware Code requires physical seizure of PDVH's stock certificates, and neither PDVH nor PDVSA know where those certificates are. *Crystallex* Action, D.I. 571 at 7-8. That argument is waived and estopped, and even if it may be raised, it is easily addressed through an order requiring PDVH to reissue the shares. *See id.*, D.I. 566 ("Red Tree Opening Brief") at 3-7.

### A. The Venezuela Parties May Not Raise Section 8-112

The Venezuela Parties argue that Section 8-112 requires physical seizure of the PDVH shares, but the Court should not allow them to raise that argument. First, the argument is waived. Red Tree Opening Brief at 3. PDVSA failed to raise Section 8-112 when it opposed Red Tree's motion for a conditional attachment. Nos. 22 Misc. 68 & 69, D.I. 10. As this Court stated, if "PDVSA thought that there were questions of Delaware law" regarding the validity of a writ, "the time to raise them was when the Court was adjudicating [the creditor's] motion for a writ." *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17 Misc. 151, 2021 WL 129803, at *15 (D. Del. Jan. 14, 2021) (cleaned up).

Second, the argument is collaterally estopped. Red Tree Opening Brief at 4. The issue of whether a writ of attachment may issue was litigated in Red Tree's motion for the writ and PDVSA's opposition and motion to dismiss for lack of jurisdiction. Nos. 22 Misc. 68 & 69, D.I. 10, 14. PDVSA cannot serially challenge Red Tree's entitlement to the writ every time PDVSA thinks of "new arguments in support of its old position." *Crystallex*, 2021 WL 129803, at *9.

Third, the argument is judicially estopped. Red Tree Opening Brief at 4-5. PDVSA repeatedly argued that the various creditors' writs would be effective and that OFAC sanctions prohibited the Court from granting an unconditional writ. *See, e.g.*, Nos. 22 Misc. 68 & 69, D.I.

3

10 at 11 (arguing Red Tree's writ would create an "interest in blocked property"). The Court heeded that argument, issuing conditional writs to Red Tree and other parties. Contrary to the Venezuela Parties' argument, *Crystallex* Action, D.I. 571 at 11, the "strong medicine" of judicial estoppel *is* appropriate here, where a "highly recalcitrant judgment debtor" has made every effort – including taking inconsistent positions – to avoid debts it acknowledges are owed, *Crystallex*, 2021 WL 129803, at *18.[3]

### B. Section 8-112 Does Not Preclude Attachment

Finally, even if the Court allows the Venezuela Parties to raise Section 8-112, that statute does not preclude attachment of the PDVH shares. Red Tree Opening Brief at 5-7. As the Sale Procedure Order explicitly contemplates (at ¶49), Section 8-112 empowers the Court "by injunction or otherwise" to "aid" creditors "in reaching [a] certificated security . . . or in satisfying the claim." The Court can and should exercise this authority by ordering PDVH to reissue the shares to PDVSA. *See* 8 Del. C. § 168.

The Venezuela Parties assert (at 10 n.2) that a bond is required to reissue the shares, but bond of a nominal amount will suffice because there is no risk that "'a third party may have superior title'" to the shares. *Cory v. Tampax Inc.*, No. CIV.A. 3791, 1976 WL 1707, at *6 (Del. Ch. Apr. 30, 1976) (quoting *Drug, Inc. v. Hunt*, 35 Del. 339, 358 (1933)). The PDVH shares are "transferrable only on the books of the Corporation," and PDVH's books show that PDVSA is the sole owner of its shares, *Crystallex* Action, D.I. 177 at 1-2; *see* Red Tree Opening Brief at 7. Accordingly, a bond in a nominal amount would be "sufficient to indemnify" PDVH, and any

---

[3] The Venezuela Parties argue that the inconsistent position they took in *Crystallex* should not give rise to judicial estoppel in this case. *Crystallex* Action, D.I. 571 at 10-11. But that ignores the inconsistent positions the Venezuela Parties took against Red Tree – *those* inconsistencies *do* estop them here.

4

claim against PDVH would be limited to the amount of the bond. 8 *Del. C.* § 168(b). The Venezuela Parties complain that no creditor has yet posted a bond, but no bond can be posted until the amount is set, which is the Court's prerogative. *See id*.

The Venezuela Parties' argument that reissuing the certificates would violate OFAC sanctions is simply wrong. An action is a prohibited "transfer" only if it will "create, surrender, release, convey, transfer, or alter, directly or indirectly, any right, remedy, power, privilege, or interest with respect to any property." 31 C.F.R. § 591.310. Reissuing the shares would do none of these things – it would only put the shares in the hands of their owner. PDVSA provides no argument to the contrary. And in any event, OFAC's license covers everything "ordinarily incident and necessary to the issuance and service of a writ of attachment *fieri facias*." *Crystallex* Action, D.I. 555 at 8. Because Delaware law contemplates reissuing shares in "aid" of attachment, 6 *Del. C.* § 8-112(e), and because no attachment can occur without doing so, reissuance of the PDVH shares is "incident and necessary" to the attachment.

### III. THE COURT SHOULD REJECT COUNTERFACTUAL AND ARBITRARY THEORIES OF PRIORITY

On or shortly after the June 26 hearing, the Court should exercise its equitable discretion to establish a priority scheme for the Additional Judgments, if only to avoid the "race to the U.S. Marshall" envisioned by Siemens. The Court has equitable discretion to select a method of prioritizing the parties' writs of attachment. There is more than one method of prioritization that would achieve equity and comport with Delaware Law. Red Tree defers to the Court to select the appropriate priority scheme, except to argue that the Court should reject the hypothetical, arbitrary, and self-serving theories of priority proffered by several parties.

First, the Court should reject OI European Group B.V.'s ("OIEG's") counterfactual proposal to imagine a world with no OFAC sanctions and award priority based on the date each

party moved for a writ of attachment. No. 19 Misc. 290, D.I. 154 at 13-14. That approach is transparently opportunistic. It is also impossible to administer because a counterfactual world without OFAC sanctions would be vastly different than the status quo. For example, but for OFAC sanctions, Red Tree would have obtained its judgment and moved for a writ of attachment much earlier, since PDVSA's only defense in Red Tree's breach-of-contract action was that sanctions rendered performance impossible. *See Red Tree Invs., LLC v. Petróleos de Venezuela., S.A.*, No. 19 Civ. 2519 (S.D.N.Y.), D.I. 119 (summary judgment opposition brief). It is also unclear why, even under its own theory, OIEG would obtain priority as of its November 2019 collateral-estoppel motion, since denial of that motion turned on changes to the governing regime in Venezuela, not OFAC sanctions. *See* No. 19 Misc. 290, D.I. 154 at 12 n.7, 13.[4] OIEG's proposal also wrongly assumes that, but for sanctions, the alter-ego parties would have obtained a writ of attachment "shortly after" moving for one. *Id.* at 13; *see also* No. 20 Misc. 257, D.I. 95 at 8 (Huntington Ingalls); No. 21 Misc. 46, D.I. 72 (ACL1); No. 22 Misc. 156, D.I. 34 at 8 (Koch Minerals). The alter-ego parties face an additional burden – proving an alter ego relationship – that requires additional time to resolve.[5]

The Court should also reject Gold Reserve Inc.'s proposal, which arbitrarily distinguishes between conditional writs of attachment granted before and after May 4, 2023, the day the Court docketed OFAC's specific license. *Crystallex* Action, D.I. 572 at 8. Red Tree received its

---

[4] OIEG appears to argue that, because PDVSA continued to act as Venezuela's alter ego even after the change in government, OIEG was right all along that collateral estoppel applied. That is incorrect. The Court denied OIEG's collateral-estoppel motion because the issue it sought to litigate was not "identical" to the one Crystallex litigated, and ***later*** found that OIEG established an alter-ego relationship under the new facts it presented. *OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela*, 2023 WL 2609248, at *5 (D. Del. Mar. 23, 2023).

[5] For example, Crystallex's attachment motion (which relied on an alter-ego argument) required one year to resolve, *Crystallex* Action D.I. 2, 78, while Red Tree's (which did not rely on an alter-ego argument) only required 79 days, Nos. 22 Misc. 68 & 69, D.I. 2, 15.

6

conditional writ of attachment well before that date, but Gold Reserve provides no reason that date should act as a deadline to retroactively shut the door to other creditors without notice. Rather, the relevant deadline is the Additional Judgment Deadline, 10 days after the Launch Date. Sale Procedures Order ¶ 30. Given the Special Master's recommended September 5 Launch Date, that deadline is likely still several months away. *Crystallex* Action, D.I. 553 at 15.

Finally, the Court should reject Tidewater Investment SRL and Tidewater Caribe, S.A.'s (collectively, "Tidewater's") proposal to prioritize judgments based on date of registration. No. 19 Misc. 79, D.I. 35 at 3 (citing 10 *Del. C.* § 4704). Delaware law only provides an automatic lien on **real property** owned by **the judgment debtor**. *See, e.g.*, *In re Est. of Fenimore*, No. 7680, 1999 WL 959204, at *3 (Del. Ch. Oct. 8, 1999) ("A judgement binds lands from the time it is entered.") (citing 10 *Del. C.* §§ 4702, 4704). Tidewater's theory of priority therefore departs from the law in two ways. First, it ignores the distinction in Delaware law between liens on real property, which spring automatically with a judgment, and liens on chattel and personal property, which require a writ of attachment *fieri facias*. Second, it ignores that the alter-ego parties' judgments are against Venezuela, not PDVSA, so even if they did bind automatically, they would only bind Venezuela, not PDVSA.

## IV. REFINERIA DI KORSOU'S WRIT IS INVALID

Refineria Di Korsou N.V. ("Korsou") attempted to secure priority for its judgment by ignoring OFAC sanctions and causing a writ of attachment to be served against PDVH. *See Crystallex* Action, D.I. 564 at 4-5; *see also Refineria di Korsou N.V. v. Petróleos de Venezuela*, No. N23J-01330 (Del. Super., May 15, 2023) D.I. 5 (sheriff's writ return). As the Court has observed, OFAC sanctions "block issuance of new writs of attachment on Venezuelan assets in the United States without an OFAC license." *Crystallex*, 2021 WL 129803, at *8. Because it violates OFAC sanctions, Korsou's writ of attachment is "null and void." 31 C.F.R. § 591.202.

Korsou therefore lacks a valid attachment, and the Court should not name it an Additional Judgment Creditor at this time.

## CONCLUSION

The Court should name Red Tree an Additional Judgment Creditor, name Red Tree's two judgments as Additional Judgments, and direct the Clerk of Court to issue and serve the writ.

Dated:   June 7, 2023

LANDIS RATH & COBB LLP

/s/ Rebecca L. Butcher

Steven F. Molo
Justin M. Ellis
Lauren F. Dayton
Mark W. Kelley
MOLOLAMKEN LLP
430 Park Avenue, 6th Floor
New York, NY  10022
Tel.: (212) 607-8170
Fax: (212) 607-8161
smolo@mololamken.com

Rebecca L. Butcher (No. 3816)
Jennifer L. Cree (No. 5919)
919 Market Street, Suite 1800
Wilmington, DE  19801
Tel.: (302) 467-4400
Fax: (302) 467-4450
butcher@lrclaw.com
cree@lrclaw.com

*Counsel for Red Tree Investments, LLC*