## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

RED TREE INVESTMENTS, LLC,

*Plaintiff*,

v.

PETRÓLEOS DE VENEZUELA, S.A. and
PDVSA PETRÓLEO, S.A.,

*Defendants*.

Nos. 22 Misc. 68 & 69 (LPS)

CRYSTALLEX INTERNATIONAL CORP.,

*Plaintiff*,

v.

BOLIVARIAN REPUBLIC OF
VENEZUELA,

*Defendant*.

No. 17 Misc. 151 (LPS)

## RED TREE INVESTMENTS, LLC'S REPLY BRIEF REGARDING ADDITIONAL JUDGMENTS AND SERVICE OF WRIT OF ATTACHMENT

Dated:    June 14, 2023

Steven F. Molo (*pro hac vice*)
Justin M. Ellis (*pro hac vice*)
Lauren F. Dayton (*pro hac vice*)
Mark W. Kelley (*pro hac vice*)
MOLOLAMKEN LLP
430 Park Avenue, 6th Floor
New York, NY  10022
Tel.: (212) 607-8170
Fax: (212) 607-8161
smolo@mololamken.com

Rebecca L. Butcher (#3816)
Jennifer L. Cree (#5919)
LANDIS RATH & COBB LLP
919 Market Street, Suite 1800
Wilmington, DE  19899
Tel.: (302) 467-4400
butcher@lrclaw.com
cree@lrclaw.com

*Counsel for Red Tree Investments, LLC*

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

ARGUMENT ........................................................................................................... 1

I.    The Venezuela Parties May Not Raise Section 8-112 ............................................. 1

    A.    The Venezuela Parties Are Judicially Estopped ...................................................1

    B.    The Venezuela Parties Waived the Argument and Are Collaterally
           Estopped ...........................................................................................................1

II.   Section 8-112 Does Not Preclude Attachment ...................................................... 2

    A.    Reissuing the PDVH Shares Would Not Violate OFAC Sanctions .......................2

    B.    The Court Should Reissue the PDVH Shares ..........................................................3

III.  The Court Should Reject Counterfactual Priority Theories .................................... 3

IV.   Red Tree Will Meet Its Obligations as an Additional Judgment Creditor........................ 4

CONCLUSION ....................................................................................................... 5

i

## **TABLE OF AUTHORITIES**

Page

### CASES

*Boyle v. Zachary*,
    31 U.S. 635 (1832)...........................................................................................................2

*Cory v. Tampax Inc.*,
    No. CIV.A. 3791, 1976 WL 1707 (Del. Ch. Apr. 30, 1976) ......................................3

*Deng v. HK Xu Ding Co., Ltd.*,
    No. N21J-04630-AML, 2023 WL 3318322 (Del. Super. May 8, 2023) ................2

*Jolls v. Keegan*,
    55 A. 340 (Del. Super. 1901)......................................................................................2

*Rivera v. Brickman Grp., Ltd.*,
    No. CIV. 05-1518, 2008 WL 81570 (E.D. Pa. Jan. 7, 2008)...................................3

### OTHER AUTHORITIES

6 *Del. C.* § 8-112(e)............................................................................................................3

8 *Del. C.* § 168(a) ..............................................................................................................3

8 *Del. C.* § 324(a) ...........................................................................................................1, 2

## ARGUMENT

I.  **THE VENEZUELA PARTIES MAY NOT RAISE SECTION 8-112**

    A.    **The Venezuela Parties Are Judicially Estopped**

When PDVSA opposed Red Tree's motion for an attachment, it argued that a writ of attachment would violate OFAC sanctions by creating an interest in blocked property.  *See* Red Tree Opening Br., D.I. 34 at 4-5.  PDVSA benefitted from that argument, since Red Tree was only able to obtain a conditional writ of attachment.  *Id.*  Judicial estoppel precludes the Venezuela Parties from now arguing that Red Tree's writ was void the entire time under Section 8-112.  *Id.*

The Venezuela Parties' only response is that PDVSA never took the position that Red Tree's writ of attachment was effective, only that OFAC sanctions would block Red Tree's writ even if it was void.  No. 17 Misc. 151 ("*Crystallex* Action"), D.I. 589 ("VP Br.") at 5.  That is a mischaracterization.  If PDVSA thought Red Tree's writ was void, it never would have argued that "[a]s soon as the writ is delivered to the U.S. Marshals Service, it becomes a lien on the attached property, and thereby creates an interest in blocked property."  D.I. 10 at 11 (citations omitted).

    B.    **The Venezuela Parties Waived the Argument and Are Collaterally Estopped**

The Venezuela Parties try to avoid collateral estoppel and waiver of their Section 8-112 argument by claiming the argument could only be raised "*after* the writ has been served," not "when the Court was evaluating [Red Tree's] motion to issue and serve" the writ.  VP Br. at 6.  But the Venezuela Parties did just that – twice.  First, PDVSA argued to the Third Circuit that Red Tree's writ, which has not been served, was void because of Section 8-112.  *See* Response Br., *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 23-1117 (3rd Cir. Mar. 24, 2023), D.I. 45 at 26 (citing 8 *Del. C.* § 324(a)).  Second, the Venezuela Parties are making that argument **right now**:  The Court asked the parties to brief whether writs of attachment should be issued and served, *Crystallex* Action, D.I. 559 at 2, and in their opening brief, the Venezuela Parties argued

that Section 8-112 prevents every creditor other than Crystallex from obtaining an order of attachment, *id.*, D.I. 571 at 7-8, 11.[1]

The Venezuela Parties are also wrong.  They seize upon the tense of one word in 8 *Del. C.* § 324(a) – which states that "an attachment is not laid" unless Section 8-112 is satisfied – but fail to explain why that means the provision may only be raised after a writ of attachment is issued. *Deng* does not support their argument either.  To be sure, that case did not apply Section 8-112 to a motion to issue a writ, but not because it would be improper to do so.  Rather, the judgment-debtor in *Deng* did not appear until after the writ was issued and served, and after the judgment-creditor had filed a motion to sell.  *Deng v. HK Xu Ding Co., Ltd.*, No. N21J-04630-AML, 2023 WL 3318322, at *2 (Del. Super. May 8, 2023).  *Deng* says nothing about the propriety of raising Section 8-112 arguments earlier.  *Id.*[2]

## II.   SECTION 8-112 DOES NOT PRECLUDE ATTACHMENT

The Venezuela Parties' Section 8-112 arguments also fail on the merits.

### A.   Reissuing the PDVH Shares Would Not Violate OFAC Sanctions

Reissuing the PDVH shares is not a prohibited "transfer" of property rights, so it would not violate OFAC sanctions.  Even if it did, the reissuance is covered by OFAC's specific license, which covers everything "ordinarily incident and necessary" to a writ of attachment.  *See* Red Tree Answering Br., D.I. 36 at 5.  Contrary to the Venezuela Parties' conclusory argument, VP Br. at 7, reissuance of the PDVH shares is "incident and necessary" because the procedure is

---

[1] The Venezuela Parties also raise their Section 8-112 argument in the very same brief where they claim the argument cannot be made at this time.  *See* VP Br. at 3.

[2] The other cases the Venezuela Parties cite predate the Uniform Commercial Code and are inapposite.  Neither involved a judgment-debtor that challenged the validity of an attachment, failed, and then proffered new reasons the attachment should fail.  *Jolls v. Keegan* is a 120-year-old jury charge asking a jury to determine whether a farmer inherited land.  55 A. 340 (Del. Super. 1901).  *Boyle v. Zacharie* is nearly 200 years old and applies Louisiana law.  31 U.S. 635 (1832).

contemplated by the Sale Procedures Order, ¶49, and by Delaware law, 6 *Del. C.* §8-112(e); 8 *Del. C.* §168(a).  Any lingering doubt is satisfied by OFAC's clarification that it "will not take enforcement action against individuals or entities for participating in or complying with the Prefatory Steps set out in the [Sale Procedures] Order." *Crystallex* Action, D.I. 553-1 at 1-2.[3]

### B.    The Court Should Reissue the PDVH Shares

Red Tree agrees with Phillips Petroleum Company Venezuela Limited and ConocoPhillips Petrozuata B.V. that reissuance of the PDVH shares would maximize the value of the sale process. *See Crystallex* Action, D.I. 595 at 5-7.  Accordingly, the Court should exercise its authority under Delaware law and the Sale Procedures Order to order PDVSA to request reissuance of the PDVH shares.  If PDVSA refuses, the Court should appoint a substitute to make the application.  Once the shares are reissued, they should be seized by the U.S. Marshals Service.

If the Court requires a bond for reissuance of the shares, it should order a bond in a nominal amount because there is no risk that "a third party may have superior title" to the shares.  *Cory v. Tampax Inc.*, No. CIV.A. 3791, 1976 WL 1707, at *6 (Del. Ch. Apr. 30, 1976); *see* Red Tree Answering Br., D.I. 36 at 4-5.

## III.   THE COURT SHOULD REJECT COUNTERFACTUAL PRIORITY THEORIES

While the Court has discretion to choose a method of prioritizing judgments, it should not award priority based on the date each party filed a motion for a writ of attachment.  By attempting to order priority as it would exist in a world without sanctions, that approach allows parties to cherry-pick historical facts and wish them away by blaming OFAC.  *See* Red Tree Answering Br.,

---

[3] The Venezuela Parties claim the OFAC license covers issuance and service of the writ but not acts relating to its validity. VP Br. at 7.  That cramped reading clashes both with OFAC's guidance that it will not take enforcement action against Prefatory Steps in the Sale Procedures Order, and with the definition of "incident and necessary," which includes "foreseeable" events.  *Rivera v. Brickman Grp., Ltd.*, No. CIV. 05-1518, 2008 WL 81570, at *11 (E.D. Pa. Jan. 7, 2008).

D.I. 36 at 5-6.  A counterfactual world without OFAC sanctions would change every creditor's timeline, not just the alter-ego parties', in ways both predictable and unpredictable.  *See id.* (noting that, but for OFAC sanctions, Red Tree would likely have received an attachment earlier).[4]  As argued, the approach would also allow OIEG and the alter-ego parties to avoid the Court's initial denial of their motion for a writ of attachment, which was denied based on lack of identity of issue, not OFAC sanctions.  *See id.* at 6 n.4.

The Court should also reject any theory of priority that establishes a deadline other than the Additional Judgment Deadline in Paragraph 30 of the Sale Procedures Order.  *See* Red Tree Answering Br., D.I. 36 at 6-7.  Although Red Tree received its conditional writ before that date, there is no basis to distinguish between writs granted before and after the day the Court docketed OFAC's specific license.  Gold Reserve argues that May 4 should function as a deadline for priority because, on the day OFAC's license was issued, all of the conditional writs automatically sprung "simultaneously."  *Crystallex* Action, D.I. 594 at 7.  That is doubly wrong.  First, the specific license only authorized issuance of writs to "Additional Judgment Creditors named by the Court," and the Court has not named any yet.  *Id.*, D.I. 555 at 8.  Second, the Court ordered the Clerk of Court "***not*** to issue or serve [Red Tree's] writ of attachment until further order of the Court," so it could not have issued automatically.  D.I. 15 at 3 (emphasis in original).

## IV. RED TREE WILL MEET ITS OBLIGATIONS AS AN ADDITIONAL JUDGMENT CREDITOR

In its Answering Brief, the Special Master takes the position that Additional Judgment Creditors are required to share in the reimbursement of Transaction Expenses, calculated

---

[4] ACL1 Investments Ltd., ACL2 Investments Ltd., and LDO (Cayman) XVIII Ltd. argue that awarding priority based on the date conditional attachments were *awarded* also relies on a "but for" argument.  *Crystallex* Action, D.I. 585 at 4-5.  But awarding priority based on the date conditional attachments were issued more closely approximates when writs would have issued than imagining how quickly the Court would have resolved those motions "but for" the sanctions.

retroactively.  *Crystallex* Action, D.I. 593 at 3 (citing Sale Procedures Order ¶ 47).  Red Tree stands ready to fulfill any obligation the Court places upon Additional Judgment Creditors.

## <u>CONCLUSION</u>

The Court should order reissuance of the PDVH shares, name Red Tree an Additional Judgment Creditor, name Red Tree's two judgments as Additional Judgments, and direct the Clerk of Court to issue and serve Red Tree's writ of attachment *fieri facias*.

Dated:   June 14, 2023

LANDIS RATH & COBB LLP

*/s/ Rebecca L. Butcher*

Steven F. Molo (*pro hac vice*)
Justin M. Ellis (*pro hac vice*)
Lauren F. Dayton (*pro hac vice*)
Mark W. Kelley (*pro hac vice*)
MOLOLAMKEN LLP
430 Park Avenue, 6th Floor
New York, NY  10022
Tel.: (212) 607-8170
Fax: (212) 607-8161
smolo@mololamken.com

Rebecca L. Butcher (#3816)
Jennifer L. Cree (#5919)
919 Market Street, Suite 1800
Wilmington, DE  19899
Tel.: (302) 467-4400
butcher@lrclaw.com
cree@lrclaw.com

*Counsel for Red Tree Investments, LLC*