# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONTRARIAN CAPITAL MANAGEMENT, L.L.C., et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>*Defendant*. | Nos. 21 Misc. 18, 22 Misc. 131 & 22 Misc. 263 (LPS) |
| CRYSTALLEX INTERNATIONAL CORP.,<br><br>*Plaintiff*,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>*Defendant*. | No. 17 Misc. 151 (LPS) |

**CONTRARIAN CAPITAL MANAGEMENT, L.L.C., ET AL.'S REPLY BRIEF REGARDING ADDITIONAL JUDGMENTS AND SERVICE OF <u>WRITS OF ATTACHMENT</u>**

Dated:   June 14, 2023

Steven F. Molo (*pro hac vice*)
Justin M. Ellis (*pro hac vice*)
Lauren F. Dayton (*pro hac vice*)
Mark W. Kelley (*pro hac vice*)
MOLOLAMKEN LLP
430 Park Avenue, 6th Floor
New York, NY  10022
Tel.: (212) 607-8170
Fax: (212) 607-8161
smolo@mololamken.com

Rebecca L. Butcher (#3816)
Jennifer L. Cree (#5919)
LANDIS RATH & COBB LLP
919 Market Street, Suite 1800
Wilmington, DE  19899
Tel.: (302) 467-4400
butcher@lrclaw.com
cree@lrclaw.com

*Counsel for Plaintiffs*

## ARGUMENT

Contrarian has three judgments against the Bolivarian Republic of Venezuela and a pending motion for a writ of attachment against PDVSA's shares of PDVH. *See* D.I. 4.[1] If the Court grants Contrarian a conditional attachment, it should name Contrarian as an Additional Judgment Creditor and cause full, unconditional writs of attachment to be served on the PDVH shares for Contrarian's benefit.

The Court should not adopt a method of prioritizing judgments that distinguishes between writs of attachment awarded before and after OFAC issued the specific license on May 4. *See, e.g.*, Gold Reserve Answering Br., No. 17 Misc. 151, D.I. 594 at 6-8. That approach imposes an arbitrary and retroactive deadline which would close the door to creditors like Contrarian no matter how diligently they have pursued their rights. Gold Reserve claims that grouping the pre-May 4 conditional attachments makes sense because they all became effective "simultaneously" when OFAC issued the specific license. *Id.* at 7. But that license only authorized issuance of writs for "Additional Judgment Creditors named by the Court." No. 17 Misc. 151, D.I. 555 at 8. Because the Court has not named any Additional Judgment Creditors, no party's conditional writ has become effective.

In its Answering Brief, the Special Master takes the position that Additional Judgment Creditors are required to share in the reimbursement of Transaction Expenses, calculated retroactively. No. 17 Misc. 151, D.I. 593 at 3 (citing Sale Procedures Order ¶ 47). If Contrarian is named an Additional Judgment Creditor, it stands ready to fulfill any obligation the Court places upon it and other Additional Judgment Creditors.

---

[1] Contrarian has also filed a supplemental complaint in the Southern District of New York and reserves the right to move for a writ of attachment when that complaint is reduced to judgment. *See* Contrarian Answering Brief, D.I. 30 n.2.

## CONCLUSION

If the Court grants Contrarian a conditional attachment, Contrarian respectfully requests that it name Contrarian as an Additional Judgment Creditor and cause full, unconditional writs of attachment to be served on the PDVH shares for Contrarian's benefit.

Dated:   June 14, 2023

Steven F. Molo (*pro hac vice*)
Justin M. Ellis (*pro hac vice*)
Lauren F. Dayton (*pro hac vice*)
Mark W. Kelley (*pro hac vice*)
MOLOLAMKEN LLP
430 Park Avenue, 6th Floor
New York, NY  10022
Tel.: (212) 607-8170
Fax: (212) 607-8161
smolo@mololamken.com

LANDIS RATH & COBB LLP

*/s/ Rebecca L. Butcher*
Rebecca L. Butcher (#3816)
Jennifer L. Cree (#5919)
919 Market Street, Suite 1800
Wilmington, DE  19899
Tel.: (302) 467-4400
butcher@lrclaw.com
cree@lrclaw.com

*Counsel for Plaintiffs*

2