# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>Defendant. | No. 1:17-mc-00151-LPS |
| VALORES MUNDIALES, S.L. and CONSORCIO ANDINO, S.L.,<br><br>Plaintiffs,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>Defendants. | No. 23-mc-00298-LPS |

### JUDGMENT CREDITORS VALORES MUNDIALES, S.L. AND CONSORCIO ANDINO, S.L.'S REPLY SUBMISSION RELATING TO THE ISSUES IDENTIFIED IN THE COURT'S MAY 10, 2023 MEMORANDUM ORDER

Pursuant to the Court's May 10 Memorandum Order, Judgment Creditors Valores Mundiales, S.L. and Consorcio Andino, S.L. (collectively, "Valores/Consorcio") respectfully submit this reply to the views of other parties and non-parties regarding the naming of "Additional Judgments." *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 1:17-mc-00151-LPS (May 10, 2023) D.I. 559, ¶¶ 3-4 ("Memorandum Order"). For the reasons stated in their opening and answering submissions (D.I. 576, 587) and below,

1

Valores/Consorcio's judgment should be recognized as an "Additional Judgment" under the *Crystallex* Sale Procedures Order. *See* Sixth Revised Sale Procedures Or., *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 1:17-mc-00151-LPS (Oct. 11, 2022) D.I. 481, ¶ 30 ("Sale Procedures Order").

## ARGUMENT

The Court has authority to recognize Valores/Consorcio's registered judgment as an "Additional Judgment." *See* Sale Procedures Order; *see also* D.I. 576; D.I. 587. Valores/Consorcio's judgment should be named an "Additional Judgment" under the Sale Procedures Order because it gives effect to a final, unappealable arbitral award, and the judgment has been duly entered and registered in Delaware in accordance with applicable law. *See* C.A. No. 23-mc-00298-LPS, D.I. 1.[1]

The other parties' arguments against naming Valores/Consorcio an "Additional Judgment Creditor" lack merit. *First*, some parties argue that Valores/Consorcio should not be recognized because unconditional or conditional orders of attachment are a pre-condition for being named an "Additional Judgment." *See Crystallex*, No. 1:17-mc-00151-LPS (June 7, 2023), D.I. 589, at 2 ("Venezuela Ans. Br."); *Crystallex*, No. 1:17-mc-00151-LPS (June 7, 2023), D.I. 590, at 3 ("Crystallex Ans. Br."); D.I. 39, at 7 ("Koch Ans. Br."); D.I. 40, at 7 ("Northrop Ans. Br."). This is incorrect. Nothing in the Sale Procedures Order, Memorandum Order, or other aspect of Delaware law requires a writ of attachment before a judgment can be recognized under the Sale Procedures Order. The Court's Orders state that "additional *judgments*" can be recognized and

---

[1] Valores/Consorcio intend to submit a motion for issuance of a writ of attachment *fieri facias* against the shares of Delaware corporation PDV Holding, Inc. as promptly as practicable.

"considered by the Special Master" for the upcoming sale of the shares of PDV Holding, Inc. ("PDVH"). Sale Procedures Order ¶ 30 (emphasis added); *see also* Memorandum Order ¶ 3 ("Which, if any, *judgments* should be regarded as 'Additional Judgments' under the Sale Procedures Order … ?") (emphasis added). Even if valid attachment were required later, the issue before the Court is which judgments to recognize in *preparation* for the sale of PDVH's shares.

*Second*, Venezuela asserts that OFAC sanctions prohibit recognition of unattached judgments. *See* Venezuela Ans. Br. at 9. As explained previously, that argument is circular and incorrect. *See* D.I. 587, at 3. OFAC has authorized issuance of "writ[s] of attachment *fieri facias* for any party *named* an 'Additional Judgment Creditor' by the Court." Mem. Order, *Crystallex*, No. 1:17-mc-00151-LPS (May 4, 2023), D.I. 555 (emphasis added). Thus, there is no sanctions issue if a party is named an "Additional Judgment Creditor," as Valores/Consorcio should be here.

*Third*, some argue that Valores/Consorcio's judgment should not be recognized because adding registered judgments would make the "sale process unmanageable." *ACL1 Invs. LTD. v. Bolivarian Republic of Venezuela*, No. 1:21-mc-00046-LPS (June 7, 2023), D.I. 74, at 3 ("ACL Ans. Br."). Far from it. The sale process would be much more unmanageable if the Court arbitrarily limited the sale to only Crystallex or only those creditors that have obtained writs. Were that the case, the Court would have to supervise multiple, successive sales to satisfy presently known creditors that are currently seeking relief from the Court. As the Special Master recognized, given the time and expense invested in the upcoming sale, it is "in the best interests of all parties

3

to include as many judgments against the Venezuela Parties as permissible." *Crystallex*, No. 1:17-mc-00151-LPS (June 7, 2023), D.I. 593, at 3.[2]

Because the Court's Orders and the OFAC License recognize that additional judgments may be added and satisfied by the impending sale of PDVH's shares, and it would be efficient and equitable to do so, the Court should recognize Valores/Consorcio's judgment as an "Additional Judgment."

Dated: June 14, 2023

*Of Counsel*:

COVINGTON & BURLING LLP
Miguel López Forastier
Jose E. Arvelo
One City Center
850 Tenth Street, N.W.
Washington, D.C. 20001
Tel: 202-662-5185

McCARTER & ENGLISH, LLP

*/s/ Sarah E. Delia*
Andrew S. Dupre (#4621)
Sarah E. Delia (#5833)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
Tel: (302) 984-6300
adupre@mccarter.com
sdelia@mccarter.com

*Attorneys for Judgment Creditors Valores Mundiales, S.L. and Consorcio Andino, S.L.*

---

[2] ACL also claims that "there may be valid arguments against execution based on those judgments." ACL Ans. Br. at 3. It raises no such specific arguments against Valores/Consorcio.