# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KOCH MINERALS SÀRL, KOCH NITROGEN INTERNATIONAL SÀRL,<br><br>     Plaintiffs,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>     Defendant. | C.A. No. 22-mc-156-LPS |
| CRYSTALLEX INTERNATIONAL CORP.,<br><br>     Plaintiff,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>     Defendant. | C.A. No. 1:17-mc-00151-LPS |
| TIDEWATER INVESTMENT SRL ET AL.,<br><br>     Plaintiff,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>     Defendant. | C.A. No. 1:19-mc-00079-LPS |

**PLAINTIFFS KOCH MINERALS SÀRL'S AND KOCH NITROGEN INTERNATIONAL SÀRL'S REPLY TO THE COURT'S MAY 10, 2023 ORDER**

| | |
|---|---|
| DATED: June 14, 2023 | Respectfully submitted: |
| | /s/ *Peter J. Keane*_____ |
| <u>OF COUNSEL:</u> | Laura Davis Jones (DE Bar No. 2436) |
| Alexander A. Yanos *pro hac vice* | Peter J. Keane (DE Bar No. 5503) |
| ALSTON & BIRD, LLP | Pachulski Stang Ziehl & Jones LLP |
| 90 Park Avenue, 15th Floor | 919 North Market Street, Suite 1700 |
| New York, NY 10016-1387 | P.O. Box 8705 |
| 212-210-9400 | Wilmington, DE 19899-8705 |
| alex.yanos@alston.com | (302) 652-4100 |
| | ljones@pszjlaw.com |
| Robert Poole *pro hac vice* | pkeane@pszjlaw.com |
| ALSTON & BIRD, LLP | |
| 1201 W. Peachtree St. NE, Suite 4900 | *Attorneys for Plaintiffs* |
| Atlanta, GA 30309 | |
| 404-881-4547 | |
| robert.poole@alston.com | |

# CONTENTS

ARGUMENT ............................................................................................................................. 1

    I.    The Koch Parties' judgment should be regarded as an "Additional Judgment" under the Sale Procedures Order entered in the *Crystallex* Action. ................................................................................................................. 1

    II.   The Court should not issue full, unconditional orders of attachment to any conditional writ holders until the lifting of the stay or conclusion of the Third Circuit Appeal, whichever comes first, and thereupon direct service in the order in which each conditional writ holder filed its respective motion for a writ of attachment *fieri facias* ........................................................................... 3

    III.  The Court should determine priority in accordance with the order in which parties filed their respective motions for writs of attachment *fieri facias*. ............. 4

CONCLUSION ........................................................................................................................ 5

DOCS_DE:243407.1 49998/001

## **TABLE OF AUTHORITIES**

**Page(s)**

**STATUTES**

8 *Del. C.* § 168(b) ...................................................................................................................3

**OTHER AUTHORITIES**

31 C.F.R. § 591.201 .................................................................................................................3

31 C.F.R. § 591.310 .................................................................................................................2

Executive Order 13808, 82 Fed. Reg. 41155 ..........................................................................3

OFAC, FAQ 1123, https://ofac.treasury.gov/faqs/1123 ..........................................................3

Plaintiffs and judgment creditors Koch Minerals Sàrl ("KOMSA") and Koch Nitrogen International Sàrl ("KNI") (collectively, "the Koch Parties"), submit this reply brief in support of their response to the questions posed by the Court in its May 10, 2023 order. *See* No. 22-mc-156, D.I. 34.

## ARGUMENT

### I. The Koch Parties' judgment should be regarded as an "Additional Judgment" under the Sale Procedures Order entered in the *Crystallex* Action.

The Venezuela Parties and Crystallex are wrong to define "Additional Judgments" so narrowly as to only include final, unconditional attachments. *See* 1:17-mc-141, D.I. 590 at 3-5; 1:17-mc-141, D.I. 589 at 2-3. Conditional writs qualify as well. The Sale Procedures Order purposefully defines Additional Judgments broadly to ensure that the Court and Special Master have flexibility for the *preparation* of a final sale. As ConocoPhillips,[1] a Sale Process Party holding a *conditional* writ of attachment, states in their response brief, "ConocoPhillips . . . specifically bargained for language in the Sale Procedures Order which did not limit an Additional Judgment to only those judgments associated with perfected attachments, a position accepted in the final version of the order." No. 1:17-mc-000151, D.I. 595 at 3. ConocoPhillips made clear that "[e]arlier drafts of the Sale Procedures Order described Additional Judgment creditors as 'persons or entities holding a perfected security interest in the shares of PDVH.'" *Id.* (citing No. 1:17-mc-000151, D.I. 411-1 at 46). But the Special Master agreed to remove that language from the Sale Procedures Order, and the final version approved by the Court defines "Attached Judgments" to include both the Crystallex final writ as well as other judgments the Court considers "Additional Judgments." *See* 1:17-mc-151, D.I. 481 at 25. The Special Master's response brief

---

[1] Phillips Petroleum Company Venezuela Limited, ConocoPhillips Petrozuata B.V., and ConocoPhillips Gulf of Paria B.V.

affirms ConocoPhillips's position and echoes the need to err on flexibility, stating that "it seems both logical and in the best interests of all parties to include as many judgments against the Venezuela Parties as permissible under applicable law and without causing any delay to the launch timeline proposed by the Special Master."  No. 1:17-mc-00151, D.I. 593 at 3.

Given ConocoPhillips's bargained-for language, it is unsurprising that OFAC interpreted the Sale Procedures Order to designate conditional writs as Additional Judgments, which the OFAC License thereafter allows the court to finalize through delivery to the U.S. Marshal and service upon PDVH.  While Crystallex believes that OFAC's interpretation of the Sale Procedures Order is irrelevant, No. 1:17-mc-151, D.I. 590 at 4, that argument ignores the fact that OFAC issued the specific license to the Court as a result of the Court's March 23, 2023 conditional writ order for the alter ego creditors.  No. 1:17-mc-00151, D.I. 555 ("OFAC License") at 6.

Because a final attachment is not required, the Venezuela Parties' physical certificate argument does not prevent the Court's designation of conditional judgments as "Additional Judgments."  In any event, the Venezuela Parties do not dispute that a mechanism does exist under Delaware law to regain possession of the physical certificate.  They simply argue, without support, that the OFAC sanctions program would prevent them from using that mechanism.  No. 1:17-mc-00151, D.I. 589 at 7.  Every aspect of this argument defies logic.  First, the OFAC sanctions program would not prevent the reissuance of the shares in this case because it would not amount to a "transfer." As the court is aware, the term "transfer" is defined by 31 C.F.R. § 591.310 as an "act or transaction" with "the purpose, intent, or effect of which is to create, surrender, release, convey, transfer, or alter, directly or indirectly, any right, remedy, power, privilege, or interest with respect to any property."  Reissuing the certificate would have no such effect unless the Venezuela Parties are arguing that it would affect a transfer from the Maduro government to the 2015 National

Assembly, which the Venezuelan Parties explicitly deny. According to the Venezuela Parties, PDVSA is currently exercising its rights over PDVH through its ownership of PDVH shares. Therefore, reissuing the certificate would not "transfer" any right or property PDVSA does not currently have. It simply formalizes the existence of that right.

Second, the OFAC License authorizes the Court to "engage in transactions and activities ordinarily incident and necessary to the issuance and service of the writ of attachment *fieri facias* for any party named an 'Additional Judgment Creditor.'" OFAC License at 8. If the Venezuela Parties are correct regarding the physical certificate requirement, then it follows that the reissuance of the physical certificate is *necessary* to the issuance and service of the writ of attachment *fieri facias*.[2]

The same reasoning allows PDVSA to post the required bond to receive the reissued certificate. Such an act is necessary for the issuance and service of the writ of attachment and therefore authorized under the OFAC License. Furthermore, as Crystallex points out, "[a]ny bond that PDVSA might be required to provide PDVH under 8 *Del. C.* § 168(b) would also be consistent with sanctions, since it would not be a distribution of 'profits' prohibited by § 1(a)(iv) of Executive Order 13808 as incorporated by OFAC regulations, 31 C.F.R. § 591.201." No. 1:17-mc-151, D.I. 590 at 10.

<blockquote>

**II.     The Court should not issue full, unconditional orders of attachment to any conditional writ holders until the lifting of the stay or conclusion of the Third Circuit Appeal, whichever comes first, and thereupon direct service in the order in which each conditional writ holder filed its respective motion for a writ of attachment *fieri facias*.**

</blockquote>

---

[2] *See also* OFAC, FAQ 1123, https://ofac.treasury.gov/faqs/1123 ("OFAC will not take enforcement action against any individuals or entities for participating in, facilitating, or complying with the prefatory steps set out in the court's Sale Procedures Order, or for engaging in transactions that are ordinarily incident and necessary to participating in, facilitating, or complying with such steps (such as serving as potential or actual credit counterparties).").

As set forth in the prior submissions of the Koch Parties, to preserve all issues of priority, the Court should refrain from taking any actions that would move the auction forward until the Third Circuit's stay is lifted or the appeal itself is finished, whichever occurs first.  The Third Circuit is considering the appeal on an expedited basis.  Oral argument has occurred, and the parties await a decision.  The prejudice on any other creditor is minimal and outweighed by the prejudice that the alter ego creditors would face if the proceedings continue and priority is set without consideration of those currently paralyzed by the Third Circuit stay.

### III. The Court should determine priority in accordance with the order in which parties filed their respective motions for writs of attachment *fieri facias*.

Red Tree Investments, LLC ("Red Tree") claims that measuring priority based on the date a party moves for a writ of attachment is "counterfactual."  No. 1:17-mc-151, D.I. 597 at 5-6.  And Tidewater[3] says that doing so amounts to an "entirely new standard or priority contrary to statute."  No. 1:29-mc-00079, D.I. 38 at 6.  Neither contention has merit.  Basing priority upon the date that a party moved the court for a writ of attachment avoids the inequitable results that occur when measuring by the date a judgment was registered or the date upon which the Court granted a conditional writ.  Starting with the first contention, measuring from the date of a registered judgment is a clear tactic that would allow creditors to jump the line even though they made no effort to collect on their award in Delaware, waiting for other creditors to expend time and resources to prove Venezuela's alter ego relationship with PDVSA.

While the Koch Parties stipulated to a stay in October 2022, they did so after compiling papers sufficient to prove an alter ego relationship between PDVSA and Venezuela.  Other creditors, including Tidewater, are only now putting in the time and money to substantiate the alter ego

---

[3] Tidewater Investment SRL and Tidewater Caribe S.A.

relationship.[4]  *See* No, 1:19-mc-79, D.I. 29.  The Court should measure the priority of such creditors based on the timing of their efforts to prove the alter ego relationship and therefore subordinate their position to that of the Koch Parties.

There is no logic to Red Tree's attempt to distinguish conditional writs involving judgments against PDVSA from conditional writs involving judgments against Venezuela.  That some parties were required to prove an alter ego relationship should not hinder their priority when, by definition, an alter ego finding means that the judgements against Venezuela and PDVSA are equal.

As a result, measuring priority based on the date a party moved for a writ of attachment is the best compromise.  This approach aligns with Delaware law, which bases priority to those that arrive first in time, while also awarding those that promptly moved the Court for relief.  It respects the timeliness in which the party registered its judgment (as you cannot move for a writ without first registering the judgment) while also respecting the parties' promptness in seeking an attachment.  This route also prevents the delay in an evidentiary finding of an alter ego relationship by the Court from being determinative.

## CONCLUSION

For the above reasons, the Koch Parties request that the Court stay the *Crystallex* auction proceedings until the conclusion of the Third Circuit's stay and/or the denial of PDVSA's appeal, whichever comes first.  At that time, the Koch Parties request that the Court issue final, unconditional writs of attachment and order their delivery and service upon PDVH in the order in which the judgment creditors filed their respective motions for writs of attachment *fieri facias*.

---

[4] The Court should disregard the date Tidewater initially filed its motion for writ of attachment as it fails to make any showing of an alter ego relationship aside from citing the Court's 2018 *Crystallex* finding.  *See* No. 1:19-mc-79, D.I. 5 ¶¶ 21, 22.

| | |
|---|---|
| DATED: June 14, 2023 | Respectfully submitted: |
| | /s/ Peter J. Keane_____ |
| OF COUNSEL: | Laura Davis Jones (DE Bar No. 2436) |
| Alexander A. Yanos *pro hac vice* | Peter J. Keane (DE Bar No. 5503) |
| ALSTON & BIRD, LLP | Pachulski Stang Ziehl & Jones LLP |
| 90 Park Avenue, 15th Floor | 919 North Market Street, Suite 1700 |
| New York, NY 10016-1387 | P.O. Box 8705 |
| 212-210-9400 | Wilmington, DE 19899-8705 |
| alex.yanos@alston.com | (302) 652-4100 |
| | ljones@pszjlaw.com |
| Robert Poole *pro hac vice* | pkeane@pszjlaw.com |
| ALSTON & BIRD, LLP | |
| 1201 W. Peachtree St. NE, Suite 4900 | *Attorneys for Plaintiffs* |
| Atlanta, GA 30309 | |
| 404-881-4547 | |
| robert.poole@alston.com | |