IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. No. 1:17-mc-00151-LPS |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | § § § | |
| Defendant. | § | |

**BANCO SAN JUAN INTERNACIONAL'S REPLY IN SUPPORT OF ITS RESPONSE
TO QUESTIONS IN THE COURT'S ORDER DATED MAY 10, 2023**

Pursuant to this Court's May 10, 2023 Order, D.I. 559, Banco San Juan Internacional

("BSJI") files this reply in support of its positions that (1) BSJI's judgments rendered by the

Commercial Court of England and Wales in the United Kingdom ("U.K. Court") should be

considered "Additional Judgments" under the Sale Procedures Order,[1] and (2) judgments directly

against Petróleos de Venezuela S.A. ("PDVSA") should be prioritized over judgments against

Venezuela.

**Background**

PDVSA (an intervenor in this litigation and one of the Sale Process Parties) owes BSJI

more than $100 million. PDVSA borrowed millions of dollars from BSJI to pay its vendors

(including vendors in the United States) but then defaulted and refused to pay BSJI. In December

2020, the U.K. Court found PDVSA liable and ordered it to pay. PDVSA requested appeal, but

---

[1] Capitalized terms used but not otherwise defined herein shall bear the meaning ascribed to such terms by D.I. 481, this Court's Sale Procedures Order.

the U.K. Court of Appeal refused its request. BSJI thus has a final, conclusive, and enforceable U.K. judgment against PDVSA, which PDVSA continues to disregard.

In December 2020, BSJI enforced PDVSA's liability against its guarantor and operating subsidiary PDVSA Petróleo, S.A. ("PPSA"), but PPSA too refused to pay. In July 2021, the U.K. Court found PPSA liable and ordered it to pay. Like the PDVSA judgment, this judgment is now final, conclusive, and enforceable, but PPSA fails to honor it.

OFAC previously granted BSJI a license to collect funds owed by PDVSA and PPSA. After obtaining the final judgments, BSJI reached out to PDVSA and PPSA in an effort to collect on the judgments without the need for further litigation and court intervention. However, PDVSA and PPSA willfully failed and refused to satisfy the U.K. judgments. Therefore, BSJI exercised its right to enforce the U.K. judgments in the United States by initiating action in this District in October 2022, ***before*** this Court entered the Sixth Revised Sale Procedures Order. Complaint for Recognition of Plaintiff's Foreign Money Judgments, *BSJI v. PDVSA*, No. 1:22-cv-01315-UNA (D. Del. Oct. 5, 2022).

From the outset, BSJI has sought involvement in the process for the sale of PDV Holding Inc.'s shares to satisfy its judgment against PDVSA. For example, upon BSJI's request, its case in this District was reassigned to Judge Stark because it is related to this litigation. Order Reassigning Case to Judge Leonard P. Stark, *BSJI v. PDVSA*, No. 1:22-cv-01315-LPS (D. Del. Oct. 19, 2022). Further, in its Status Report, BSJI specifically stated that it (1) "filed this action in this judicial district because of the ongoing litigation in this Court regarding the sale of PDVSA's shares in PDV Holding Inc. ('PDVH')"; and (2) seeks to add its judgments as Additional Judgments "to be considered by Special Master Robert B. Pincus for purposes of the sale procedure." BSJI's Status Report at 2, *BSJI v. PDVSA*, No. 1:22-cv-01315-LPS (D. Del.

Oct. 31, 2022). To that end, BSJI even wrote to Special Master Pincus's counsel in January 2023, stating that it intends to participate in the sale procedure as an Additional Judgment Creditor and have its judgments considered Additional Judgments.

### *BSJI's Reply on the Court's Question 3(a)*: BSJI's Judgments Should Be Regarded as Additional Judgments under the Sale Procedures Order.

There can be no doubt that BSJI has repeatedly sought to be regarded as an Additional Judgment Creditor for over ten (10) months. Some "interested parties" nonetheless assert that BSJI's judgments should not be regarded as Additional Judgments because it currently lacks a valid writ of attachment or because BSJI's judgments have not been registered in Delaware.[2] But the governing Sale Procedures Order contains no such requirements and instead provides only that "the Court will decide in accordance with applicable law which, if any, additional judgments . . . are to be considered by the Special Master for purposes of the Sale Transaction." D.I. 481 at ¶ 30. Likewise, OFAC's License related to the Court's Sale Procedures Order contains no such requirements and leaves it to "the Court to have full control over who is/isn't added as an Additional Judgment Creditor," after which any such creditor is authorized to participate in the sale process. D.I. 555 at 4. Notably, OFAC previously granted BSJI a license to collect funds owed by PDVSA and PPSA.

Further, the Special Master does not contest adding BSJI's judgments as Additional Judgments. *See generally* D.I. 593. On the contrary, he states that "it ***seems both logical and in the best interests of all parties to include as many judgments*** against the Venezuela Parties as permissible under applicable law[.]" D.I. 593 at ¶ 5 (emphasis added). Indeed, recognizing BSJI's judgments as Additional Judgments would be more efficient because it will preclude the

---

[2] *See, e.g.*, D.I. 592 at 7–8; D.I. 596 at 7–8.

need for this Court to engage in yet another sale procedure after BSJI registers its judgments in this District and/or obtains a writ of attachment against PDVSA.

***BSJI's Reply on the Court's Question 3(c)*: Judgments Directly Against PDVSA Should Be Prioritized.**

BSJI reiterates its position that judgments directly against PDVSA should be prioritized over judgments against Venezuela that must rely on alter-ego principles to reach PDVSA's assets in the United States. This includes BSJI's judgments, given that PDVSA borrowed money from BSJI for purposes of its U.S. operations but then defaulted. The sale of PDVSA's assets in the United States should therefore benefit BSJI before Venezuela's creditors, which otherwise had no dealings with PDVSA and to which PDVSA owes no contractual or other obligations. BSJI confirms that its position on priority pertains to Additional Judgments and Additional Judgment Creditors.[3]

For the foregoing reasons, BSJI respectfully requests that this Court (1) consider BSJI's judgments against PDVSA and PPSA as Additional Judgments for purposes of the Sale Procedures Order, and (2) prioritize judgments of PDVSA's creditors before those of Venezuela's creditors.

---

[3] Crystallex states that if BSJI's position on priority "pertains only to the relative priority among Additional Judgments," then Crystallex "takes no position" on BSJI's argument. D.I. 590 at 6.

4

WINSTON & STRAWN LLP

Paula W. Hinton
M. Imad Khan
Rachael E. Thompson
800 Capitol St., Suite 2400
Houston, TX 77002
Phone: (713) 651-2600
Fax: (713) 651-2700
phinton@winston.com
ikhan@winston.com
rthompson@winston.com

Kelly A. Librera
200 Park Avenue
New York, NY 10166
Phone: (212) 294-6700
Fax: (212) 294-4700
klibrera@winston.com

June 14, 2023

MCCOLLOM D'EMILIO SMITH
UEBLER LLC

*/s/ Thomas A. Uebler*
Thomas A. Uebler (#5074)
Adam J. Waskie (#6217)
2751 Centerville Rd., Suite 401
Wilmington, DE 19808
Phone: (302) 468-5960
Fax: (302) 691-6834
tuebler@mdsulaw.com
awaskie@mdsulaw.com

***Attorneys for Banco San Juan
Internacional, Inc.***