# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. No. 17-151-LPS |
| TIDEWATER INVESTMENT SRL and TIDEWATER CARIBE, S.A., <br><br> Plaintiffs, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. No. 19-79-LPS |
| OI EUROPEAN GROUP B.V., <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. No. 19-290-LPS |
| PHILLIPS PETROLEUM COMPANY VENEZUELA LIMITED and CONOCOPHILLIPS PETROZUATA B.v., <br><br> Plaintiffs, <br><br> v. <br><br> PETRÓLEOS DE VENEZUELA, S.A., CORPOGUANIPA, S.A., and PDVSA PETRÓLEO, S.A., <br><br> Defendants. | Misc. No. 19-342-LPS |

| | |
|---|---|
| NORTHROP GRUMMAN SHIP SYSTEMS, INC., <br><br>  Plaintiff, <br><br> v. <br><br> THE MINISTRY OF DEFENSE OF THE REPUBLIC OF VENEZUELA, <br><br>  Defendant. | Misc. No. 20-257-LPS |
| CONTRARIAN CAPITAL MANAGEMENT, L.L.C., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN CAPITAL SENIOR SECURED, L.P., CONTRARIAN EM II, LP, CONTRARIAN EMERGING MARKETS, L.P., POLONIUS HOLDINGS, LLC, CONTRARIAN FUNDS, L.L.C., and CONTRARIAN DOME DU GOUTER MASTER FUND, LP, <br><br>  Plaintiffs, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br>  Defendant. | Misc. No. 21-18-LPS |
| ACL I INVESTMENTS LTD., ACL2 INVESTMENTS LTD., and LOO (CAYMAN) XVIII LTD., <br><br>  Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br>  Defendant. | Misc. No. 21-46-LPS |
| RUSORO MINING LIMITED, <br><br>  Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br>  Defendant. | Misc. No. 21-481-LPS |

| | |
|---|---|
| RED TREE INVESTMENTS, LLC,<br><br>       Plaintiff,<br><br>   v.<br><br>PETRÓLEOS DE VENEZUELA, S.A. and PDVSA PETRÓLEO, S.A.,<br><br>       Defendants. | Misc. No. 22-68-LPS |
| RED TREE INVESTMENTS, LLC,<br><br>       Plaintiff,<br><br>   v.<br><br>PETRÓLEOS DE VENEZUELA, S.A. and PDVSA PETRÓLEO, S.A.,<br><br>       Defendants. | Misc. No. 22-69-LPS |
| CONTRARIAN CAPITAL MANAGEMENT, L.L.C., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN DOME DU GOUTER MASTER FUND, LP, CONTRARIAN CAPITAL SENIOR SECURED, L.P., CONTRARIAN EM II, LP, CONTRARIAN EMERGING MARKETS, L.P., POLONIUS HOLDINGS, LLC, CONTRARIAN FUNDS, L.L.C., and EMMA 1 MASTER FUND, L.P.,<br><br>       Plaintiffs,<br><br>   v.<br><br>BOLJVARIAN REPUBLIC OF VENEZUELA,<br><br>       Defendant. | Misc. No. 22-131-LPS |
| KOCH MINERALS SÀRL, KOCH NITROGEN INTERNATIONAL SÀRL,<br><br>       Plaintiffs,<br><br>   v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>       Defendant. | Misc. No. 22-156-LPS |

| | |
|---|---|
| CONTRARIAN CAPITAL MANAGEMENT,. L.L.C., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN DOME DU GOUTER MASTER FUND, LP, CONTRARIAN CAPITAL SENIOR SECURED, L.P., CONTRARIAN EM II, LP, CONTRARIAN EMERGING MARKETS, L.P., BOSTON PATRIOT SUMMER ST LLC,  POLONIUS  HOLDINGS, LLC, CONTRARIAN FUNDS, L.L.C., EMMA I MASTER FUND, L.P., and E1 SP, A SEGREGATED ACCOUNT OF EMAP SPC,<br><br>      Plaintiffs,<br><br>  v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>      Defendant. | Misc. No. 22-263-LPS |
| CONOCOPHILLIPS GULF OF PARIA B.V.,<br><br>      Plaintiff,<br><br>  v.<br><br>CORPORACIÓN VENEZOLANA DEL PETRÓLEO, S.A., and PETRÓLEOS DE VENEZUELA, S.A.,<br><br>      Defendants. | Misc. No. 22-264-LPS |
| SIEMENS ENERGY, INC.,<br><br>      Plaintiff,<br><br>  v.<br><br>PETRÓLEOS DE VENEZUELA, S.A.,<br><br>      Defendant. | Misc. No. 22-347-LPS |
| GOLD RESERVE INC.,<br><br>      Plaintiff,<br><br>  v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>      Defendant. | Misc. No. 22-453-LPS |

### REPLY BRIEF OF SIEMENS ENERGY INC. IN RESPONSE TO MEMORANDUM ORDER DATED MAY 10, 2023

Dated:  June 14, 2023

| | |
|---|---|
| OF COUNSEL: | Brian M. Rostocki (No. 4599) |
| | REED SMITH LLP |
| Nicole Lech | 1201 Market Street, Suite 1500 |
| (*pro hac vice* admission pending) | Wilmington, DE 19801 |
| REED SMITH LLP | (302) 778-7500 |
| 599 Lexington Avenue | brostocki@reedsmith.com |
| New York, NY 10022 | |
| (212) 521-5400 | |
| nlech@reedsmith.com | *Counsel for Siemens Energy, Inc.* |

## **TABLE OF CONTENTS**

**Page**

ARGUMENT ..................................................................................................................... 1

    I.      THE VENEZUELA PARTIES KNEW OF THEIR CERTIFICATE-SEIZURE ARGUMENT AT THE TIME SEI MOVED FOR ITS CONDITIONAL WRIT BUT DID NOT RAISE IT, AND THUS SHOULD NOT NOW BE PERMITTED TO CHALLENGE THE EFFECTIVENESS OF THE WRIT ON THIS BASIS ........................................... 1

    II.     DETERMINING PRIORITY BASED UPON THE ORDER IN WHICH CREDITORS FILED THEIR MOTIONS FOR WRITS OF ATTACHMENT WOULD UNDERMINE DELAWARE'S FIRST-IN-TIME POLICY ............................................................................................. 3

CONCLUSION .................................................................................................................. 5

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Boyle v. Zacharie*,
    31 U.S. 635 (1832) ............................................................................................................. 1

*Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*,
    24 F.4th 242 (3d Cir. 2022) ................................................................................................ 2

*Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*,
    2021 U.S. Dist. LEXIS 7793 (D. Del. Jan. 14, 2021) ........................................................ 2

*Jolls v. Keegan*,
    55 A. 340 (Del. Super. 1901) ......................................................................................... 1, 3

*In re Stanley's Asphalt Paving, Inc.*,
    353 B.R. 63 (Bankr. D. Del. 2006) ..................................................................................... 4

**Statutes**

Delaware Code Sections 5081, 5082 and 5084 ........................................................................ 3, 4

Siemens Energy, Inc. ("SEI") submits this Reply Brief in response to the Court's Memorandum Order dated May 10, 2023.[1]

## ARGUMENT

**I.   THE VENEZUELA PARTIES KNEW OF THEIR CERTIFICATE-SEIZURE ARGUMENT AT THE TIME SEI MOVED FOR ITS CONDITIONAL WRIT BUT DID NOT RAISE IT, AND THUS SHOULD NOT NOW BE PERMITTED TO CHALLENGE THE EFFECTIVENESS OF THE WRIT ON THIS BASIS**

In a strained effort to sidestep the impact of estoppel and waiver, the Venezuela Parties rely on 191- and 122-year-old cases—*Boyle v. Zacharie*, 31 U.S. 635, 647 (1832), and *Jolls v. Keegan*, 55 A. 340 (Del. Super. 1901)—to argue that they did not waive their certificate-seizure argument because it supposedly would have been "premature" to raise this known issue at the time that creditors such as SEI were seeking the issuance of conditional writs. But these cases do not support the Venezuela Parties' position; in fact, the disparity between this case and *Boyle* and *Jolls* serves to highlight that the Venezuela Parties are merely seeking to take advantage of the unique procedural posture of this case in order to continue to frustrate all enforcement measures.

A key feature of both *Boyle* and *Jolls* is that the debtor did not know that there was no property that could be attached until ***after*** the writ had been issued. As the Venezuela Parties put it, in *Boyle*, the Court observed that the debtor was able to challenge the effectiveness of the writ after service because "the garnishee ple[d] that it ha[d] no property that [could] be attached," while in *Jolls*, "the garnishee pled that he did not possess any property of the debtor" "after receiving the writ." No. 17-mc-151, D.I. 589, at 6. In other words, in both *Boyle* and *Jolls*, there was a change

---

[1] All capitalized terms that are not expressly defined herein have the meanings given to them in the Sale Procedures Order and the Opening Brief of Siemens Energy Inc. in Response to Memorandum Order Dated May 10, 2023, No. 17-mc-151, D.I. 569 ("SEI Opening Br.").

in circumstances between the time the writ was issued and the time of attachment—*i.e.*, learning that there was no property that could be attached.

Here, on the other hand, not only did the Venezuela Parties know that the PDVH Shares could not be physically seized, they had actually raised the issue to the Court previously when they moved to quash Crystallex's writ in January 2021. *See Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, 2021 U.S. Dist. LEXIS 7793, at *33 (D. Del. Jan. 14, 2021). Yet, when the time came for the Venezuela Parties to oppose SEI's motion for a writ, they objected to the conditional attachment on the basis that granting the requested relief would create a "contingent interest in blocked property"—contingent on the "lifting of sanctions or . . . securing a license." 22-mc-69, D.I. 10 at 11.[2] They said nothing about the supposed ineffectiveness of the writ for want of any property that could actually be seized. There was no change in circumstances here, like there was in *Boyle* and *Jolls*, so, instead, the Venezuela Parties are attempting to use the unique procedural posture of this case as an opportunity to raise arguments that could and should have been made at the time SEI's motion was made.[3]

*Boyle* and *Jolls* are distinguishable for other reasons as well. With respect to *Boyle*, the Third Circuit has already recognized that "*Boyle* … turned on the limited scope of the writ of error" but that "Congress 'abolished' the writ of error in 1928 and replaced it with the appeal." *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, 24 F.4th 242, 253 (3d Cir. 2022). Meanwhile, *Jolls* contains no analysis of the validity of the attachment but instead consists of a jury charge pertaining

---

[2] As noted in SEI's Response, in connection with SEI's motion conditional writ of attachment, PDVSA incorporated by reference its arguments its ConocoPhillips and Red Tree briefing. *See* 22-mc-347, D.I. 13, at 4, n.1.

[3] Indeed, the Venezuela Parties conceded that "[i]n the ordinary course of executing a judgment through the attachment process in Delaware, once the court grants the motion for a writ," issuance, service, and attachment would swiftly follow, leaving no opportunity for the gamesmanship in which the Venezuela Parties now seek to engage. 22-mc-69, D.I. 10 at 10–11.

to whether the garnishee was truthful when he said that he had no property of the judgment debtor in his possession.  55 A. 340.  Both cases are thus inapposite.

In sum, the Venezuela Parties should not be allowed to raise arguments that they could and should have asserted at the time they stipulated to SEI's conditional writ.[4]

## II. DETERMINING PRIORITY BASED UPON THE ORDER IN WHICH CREDITORS FILED THEIR MOTIONS FOR WRITS OF ATTACHMENT WOULD UNDERMINE DELAWARE'S FIRST-IN-TIME POLICY

Of the various alternatives proposed by the Venezuela Parties' creditors, the two that have received the most support are: (1) priority based upon the date of the conditional writ, which SEI, ConocoPhillips, and Red Tree endorse;[5] and (2) priority based upon the date of the motion for the writ,[6] which several of the Alter Ego Creditors endorse.[7]  Although these alternatives would result in different outcomes, there is one principle on which parties on both sides agree: the Court should adopt a rule for determining priority that best approximates Delaware's policy of first-in-time, first-in-right under Sections 5082 and 5084 of the Delaware Code.  *See, e.g.*, No. 17-mc-151, SEI Opening Br. at 13 (arguing for priority based on the date of the conditional writ; "the Court can and should determine priority in a manner that best approximates what would have happened but for the [sanctions]); Conoco Opening Br. at 9 (same; "Delaware's first-in-time, first-in-right policy should be reconciled with the OFAC sanctions by seeking to approximate what Delaware law

---

[4] As set forth by SEI's Response, section 8-112(e) confers broad authority on this Court to ensure an equitable result for creditors and prevent the Venezuela Parties from avoiding their debts through improper actions.

[5] SEI Opening Br. at 13; No. 17-mc-151, D.I. 574 ("Conoco Opening Br.") at 9; No. 22-mc-68, D.I. 28 at 2.

[6] No. 17-mc-151, D.I. 585 ("ACL Br.") at 4–6; D.I. 586 ("OIEG Br.") at 8–10; D.I. 592 ("Koch Br.") at 9–10; D.I. 596 ("Northrop Br.") at 9–10.

[7] The other proposed alternatives, including Gold Reserve's proposal and Tidewater's proposal, should be summarily rejected for the reasons set forth in No. 17-mc-151, D.I. 597 at 6–7.

would have done absent federal intervention"); ACL Br. at 4 (arguing for priority based on date of the motion; "[T]he orderly approach should honor Delaware's policy of first in time, first in right.").

The Alter Ego Creditors who advocate for priority based upon the date of the motion claim that such a system would "reward creditors for their diligence." ACL Br. at 4; *see also* Koch Br. at 9 ("Measuring from the date of *requesting* a writ of attachment is the most equitable route because it respects the work and effort of those parties that sought to prove a right of attachment first.") (emphasis in original); Northrop Br. at 9 (same). The problem with this argument is that in enacting Sections 5081, 5082 and 5084 of the Delaware Code, the Delaware legislature chose to establish priority based on the date of perfection, and the date of the conditional writ more closely approximates the legislature's choice than does the date of the motion. *See, e.g.*, *In re Stanley's Asphalt Paving, Inc.*, 353 B.R. 63, 65 (Bankr. D. Del. 2006) (applying Section 5081 of the Delaware Code and granting priority to a creditor that levied upon the debtor's assets over a chapter 7 trustee who did not have a perfected lien). That is, if perfection is not possible, then the closest approximation of perfection is the date of the writ, not the date of the motion, which, by contrast, is several steps removed from perfection.

Indeed, the further removed from perfection, the more the theory relies upon speculation. Whereas determining priority based upon the date of the writ rests upon the singular assumption that, in ordinary circumstances, the writ holder would have immediately effectuated service, priority based upon the date of the motion also requires one to assume the every motion for a writ would have been decided in the order in which the motions were made. Indeed, the ACL Parties[8] explicitly assume that "[c]omparable motions typically require comparable time to adjudicate, so

---

[8] ACL1 Investments Ltd., ACL2 Investments Ltd., and LDO (Cayman) XVIII Ltd.

that the order of issuance and service would follow from the order of the motions." ACL Br. at 4. Such a bald statement completely ignores the fact that the Alter Ego Creditors faced the additional step of proving an alter-ego relationship, which undermines the idea that all of the creditors' motions were "comparable." Establishing an alter-ego relationship is no easy task in Delaware, and motions premised on alter-ego relationships are therefore inherently more uncertain (and likely to take longer to resolve) than motions not so premised.

Some of the Alter Ego Creditors attempt to sweep this under the rug by stating that "[o]nce the Court ruled that PDVSA was the alter ego of Venezuela, the debts of Venezuela and the debts of PDVSA were one and the same." Koch Br. at 10; Northrop Br. at 10. Even assuming that there is no meaningful distinction between a debt of PDVSA and a debt of PDVSA's alter egos, this does not mean, as some creditors suggest, that it is somehow inequitable to adopt a framework that places a PDVSA creditor, like SEI, ahead of an Alter Ego Creditor that moved for its writ earlier. *Cf.* OIEG Br. at 9. It should be no surprise that it is easier for a creditor to attach its debtor's assets than for a creditor of the debtor's alter ego to attach the same assets—a fact this Court has already acknowledged. *See* 19-mc-342, D.I. 42, at 21–22 (recognizing that the holder of a judgment "directly against PDVSA … will almost certainly be in a better position than the other judgment creditors to establish its priority in the PDVH Shares by perfecting a lien").

Determining priority based upon the date of the conditional writ is the system that would best approximate Delaware's first-in-time, first-in-right policy and is, therefore, the system that this Court should adopt.

## CONCLUSION

For the foregoing reasons, SEI requests that the Court enter an order as set forth in SEI's Opening Brief.

- 6 -

| | |
|---|---|
| Dated:  June 14, 2023 | Respectfully submitted, |
| OF COUNSEL: | REED SMITH LLP |
| Nicole Lech<br>(*pro hac vice* admission pending)<br>REED SMITH LLP<br>599 Lexington Avenue<br>New York, NY 10022<br>(212) 521-5400<br>nlech@reedsmith.com | */s/ Brian M. Rostocki*<br>Brian M. Rostocki (No. 4599)<br>1201 Market Street, Suite 1500<br>Wilmington, DE 19801<br>(302) 778-7500<br>brostocki@reedsmith.com<br><br>*Counsel for Siemens Energy, Inc.* |