# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | C.A.. No. 17-151-LPS |

**REFINERIA DI KORSOU N.V.'S REPLY BRIEF IN SUPPORT OF INCLUDING ITS JUDGMENT AS AN ADDITIONAL JUDGMENT**

OF COUNSEL:

Jeffrey S. Boxer
Carter Ledyard & Milburn LLP
28 Liberty Street, 41st Fl.
New York, New York 10005
(212) 732-3200
boxer@clm.com

DATE: June 14, 2023

GELLERT SCALI BUSENKELL & BROWN, LLC
Michael Busenkell (DE 3393)
Margaret F. England (DE 4248)
Michael Van Gorder (DE 6214)
1201 N. Orange Street, Suite 300
Wilmington, DE 19801
Tel: (302) 425-5800
Fax: (302) 425-5814
mbusenkell@gsbblaw.com
mengland@gsbblaw.com
mvangorder@gsbblaw.com

*Attorneys for Interested Creditor Refineria Di Korsou N.V.*

11196168.2

**TABLE OF CONTENTS**

FACTUAL BACKGROUND ................................................................................................... 1

ARGUMENT .............................................................................................................................. 3

A. The District Court is allowed to enforce a judgment entered by a State Court ....................... 3
B. Lack of physical seizure of PDVH stock certificate does not invalidate RDK's attachment . 4

CONCLUSION ........................................................................................................................... 4

11196168.2

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

Deng v. HK Xu Ding Co., Ltd.,
    2023 WL 3318322 (Del. Super. May 8, 2023) ............................................................................4

GE Betz, Inc. v. Zee Co.
    718 F.3d 615 (7th Cir. 2013) .....................................................................................................3

Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venez.
    863 F.3d 96 (2d Cir. 2017)........................................................................................................3

**Statutes**

28 U.S.C.S. § 1963................................................................................................................................3

Refineria Di Korsou N.V. ("RDK") respectfully submits this reply in further support of its opening brief [D.I. 564] (the "Opening Brief") and in response to various arguments made in filings submitted by the ACL parties [D.I. 585]; the Venezuela parties [D.I. 589]; Crystellex [D.I. 590]; the Koch Parties [D.I. 592]; Gold Reserve [D.I. 594]; Phillips Petroleum [D.I. 595]; Huntington INgalls [D.I. 596]; and Red Tree [D.I. 597] pursuant to this Court's Memorandum Order of May 10, 2023 [D.I. 559]. The answering briefs submitted by the Venezuela Parties and certain other possible judgment creditors challenge the validity of the judgment obtained by RDK (the "RDK Judgment") and argue against RDK's inclusion as an Additional Judgment under the Sale Procedures Order for various factual and legal reasons. None of those purported reasons prevents the RDK Judgment from being deemed an Additional Judgment.

## FACTUAL BACKGROUND

The two primary factual reasons asserted as reasons not to include RDK's judgment as an Additional Judgment are based upon incorrect facts.

First, parties argue that the judgment or attachment were issued in violation of the Foreign Sovereign Immunities Act ("FSIA").[1] Second, parties argue that since RDK did not have an OFAC license, the attachment is not valid. Both of these assumptions made by the judgment creditors are incorrect.[2]

The judgment and attachment were not issued in violation of the FSIA. To the contrary, the guarantee on which the judgment was based includes a waiver by PDVSA of any claims of sovereign immunity that it might assert or that another entity might assert on behalf of PDVSA.

---

[1] *See* ACL Answering Brief [D.I. 585]; Venezuela Parties Answering Brief [D.I. 589]; Koch Parties [D.I. 592]; Gold Reserve [D.I. 595]; Huntington Ingalls [D.I. 596].
[2] *See* ACL Answering Brief [D.I. 585]; Venezuela Parties Answering Brief [D.I. 589]; Koch Parties [D.I. 592]; Gold Reserve [D.I. 595]; Huntington Ingalls [D.I. 596]; Red Tree [D.I. 597].

11196168.2

*See* Guarantee at Section 5(b) (Exhibit A to Opening Brief) ("The Guarantor (i.e. PDVSA) unconditionally and irrevocably … Agrees that, should any proceeding be brought against it or its assets in any jurisdiction in relation to this Guaranty or any transaction contemplated by this Guaranty, no immunity from such proceedings shall, to the extent that it would otherwise be entitled to do so, be claimed by or on behalf of itself or with respect to its assets …"). As PDVSA waived the protections of the FSIA when it signed the guarantee, the argument that the judgment or attachment is invalid under the FSIA is without merit.

Second, the parties are incorrect that RDK does not have an OFAC license. On November 21, 2019, RDK was issued its first OFAC license. This license was in effect when RDK filed suit against PDVSA. RDK has received yearly renewal licenses since 2019 and its current license is in effect until December 31, 2023. Copies of RDK's OFAC licenses are attached as Exhibit A to this reply. The licenses specifically permit RDK to engage in all "activities incident and necessary to the settlement of claims by" RDK against PDVSA and its subsidiary Refineria Isla (Curazao) S.A. ("Isla") arising from the operation by PDVSA and Isla of the oil refinery and terminal in Curacao. The RDK Judgment arises out of PDVSA's guarantee of Isla's obligations under the Utilities Services Agreement pursuant to which Isla agreed to make monthly payments for utilities at the oil refinery it operated in Curacao. Since RDK had a valid OFAC license at all relevant times, including 1) when it filed suit against PDVSA in August 2020, 2) when it obtained a judgment against PDVSA in August 2022,[3] 3) when it transferred the judgment to Delaware and

---

[3] PDVSA stated in its Answering Brief that it "will soon be moving" to vacate RDK's judgment as void due to ineffective service of process, and jurisdictional issues associated with the FSIA. PDVSA filed a Notice of Removal of the underlying case from the Supreme Court of New York to the Southern District of New York on June 14, 2023. PDVSA also filed a Motion to Vacate the Default Judgment in the Southern District of New York based primarily on the same arguments it is making to this Court to exclude RDK's judgment from consideration as an Additional Judgment. However, PDVSA filing a motion to vacate the judgment is not sufficient to prevent this Court from considering RDK's valid judgment as an Additional Judgment. Moreover, the issues PDVSA raises in this proceeding in opposition to treating the RDK Judgment as an Additional Judgment will be addressed in New York as

2

11196168.2

filed its Writ of Attachment in April and May of 2023, and 4) currently, the argument that RDK cannot proceed due to a lack of a valid OFAC license is without merit.

### ARGUMENT

The parties' legal arguments against RDK's judgment being deemed an Additional Judgment fall into two primary categories. First, the Venezuela Parties and Gold Reserve argue that this Court did not issue the judgment and cannot enforce state court judgments. [D.I. 590 and D.I. 594]. Second, Gold Reserve argues that the Delaware attachment is not valid because RDK has not seized the PDVH stock certificate.

**A. The District Court is allowed to enforce a judgment entered by a State Court**

The contention that RDK's judgment should not be included as an Additional Judgment because this Court is limited to enforcing federal judgments under Section 1963 is misplaced. Section 1963 does not limit this Court's jurisdiction as suggested by the Venezuela Parties, but rather expands this Court's jurisdiction. See 28 U.S.C.S. § 1963 ("The procedure prescribed under this section is in addition to other procedures provided by law for the enforcement of judgments."). The court in Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venez., on which the Venezuela Parties rely, merely discusses Section 1963 in dicta. 863 F.3d 96, 122 (2d Cir. 2017). Notably, in GE Betz, Inc. v. Zee Co., the Seventh Circuit held that a state court judgment could be registered under Section 1963. 718 F.3d 615, 624 (7th Cir. 2013).

Further, registration is not a requirement to be included as an Additional Judgment under the Sale Procedures Order. The Venezuela Parties utterly fail to provide a rationale as to why a

---

part of PDVSA's motion to vacate that judgment. Accordingly, those issues need not also be addressed in this proceeding. RDK agrees that if its judgment is vacated by the Southern District of New York, the judgment should not be considered as an Additional Judgment. However, unless and until the judgment is vacated, if it is vacated, RDK's judgment is still valid and should be considered an Additional Judgment.

Delaware state court judgment should not be included under a Sale Procedures Order that is predicated on Delaware laws and procedure regarding judgment executions.

### B. Lack of physical seizure of PDVH stock certificate does not invalidate RDK's attachment

Gold Reserve also argues that, under the recent Deng opinion, RDK's attachment cannot be considered valid because RDK has not seized the PDVH stock certificate. Deng v. HK Xu Ding Co., Ltd., 2023 WL 3318322 (Del. Super. May 8, 2023).[4] Interestingly, Gold Reserve spends several pages of its answering brief explaining why the Deng case should not apply to this matter, then asserts that the Superior Court's opinion in Deng should invalidate RDK's writ of attachment. However, as RDK is only asking this Court to consider its judgment as an Additional Judgment if the Court is able to proceed with the sale process, RDK is willing to adopt whatever procedures the Court deems proper to ensure the attachment of the shares under the Deng decision if needed.

## CONCLUSION

For the aforementioned reasons, RDK respectfully requests that this Court include the RDK judgment as an Additional Judgment under the Sale Procedures Order and determine priority in accordance with the laws of the State of Delaware.

---

[4] On June 7, 2023, the Deng decision was appealed to the Delaware Supreme Court. C.A. No.: 200,2023.

| | |
|---|---|
| Dated: June 14, 2023 | GELLERT SCALI BUSENKELL & BROWN, LLC |
| | |
| | */s/ Margaret F. England* |
| OF COUNSEL: | Michael Busenkell (DE 3393) |
| | Margaret F. England (DE 4248) |
| Jeffrey S. Boxer | Michael Van Gorder (DE 6214) |
| Carter Ledyard & Milburn LLP | 1201 N. Orange Street, Suite 300 |
| 28 Liberty Street, 41st Fl. | Wilmington, DE 19801 |
| New York, New York 10005 | Tel: (302) 425-5800 |
| (212) 732-3200 | Fax: (302) 425-5814 |
| boxer@clm.com | mbusenkell@gsbblaw.com |
| | mengland@gsbblaw.com |
| | mvangorder@gsbblaw.com |
| | |
| | *Attorneys for Interested Creditor Refineria Di Korsou N.V.* |

5

11196168.2