# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BOLIVARIAN REPUBLIC OF VENEZUELA, )<br>)<br>Defendant. )<br>)<br>_____ ) | Case No. 1:17-mc-00151-LPS |

### REPLY BRIEF OF THE VENEZUELA PARTIES REGARDING
### THE INCLUSION OF ADDITIONAL JUDGMENTS IN THE SALE PROCESS AND
### THE ISSUANCE OF UNCONDITIONAL ORDERS OF ATTACHMENT

OF COUNSEL:
Nathan P. Eimer
Lisa S. Meyer
Daniel D. Birk
Gregory M. Schweizer
Emily E. Sullivan
EIMER STAHL LLP
224 South Michigan Avenue
Suite 1100
Chicago, IL 60604
(312) 660-7600
NEimer@eimerstahl.com
LMeyer@eimerstahl.com
DBirk@eimerstahl.com
GSchweizer@eimerstahl.com
ESullivan@eimerstahl.com

Kenneth J. Nachbar (#2067)
Alexandra M. Cumings (#6146)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, DE 19801
(302) 658-9200
KNachbar@morrisnichols.com
ACumings@morrisnichols.com

*Attorneys for PDV Holding, Inc., and
CITGO Petroleum Corporation*

OF COUNSEL:
Joseph D. Pizzurro
Kevin A. Meehan
Juan O. Perla
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178
(212) 696-6000
jpizzurro@curtis.com
kmeehan@curtis.com
jperla@curtis.com

Samuel Taylor Hirzel, II (#4415)
HEYMAN ENERIO GATTUSO & HIRZEL LLP
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
shirzel@hegh.law

*Attorney for Petróleos de Venezuela, S.A.*

| | |
|---|---|
| OF COUNSEL:<br>Donald B. Verrilli, Jr.<br>Elaine J. Goldenberg<br>Ginger D. Anders<br>Munger, Tolles & Olson LLP<br>601 Massachusetts Avenue NW<br>Suite 500 E<br>Washington, D.C. 20001<br>(202) 220-1100<br>Donald.Verrilli@mto.com<br>Elaine.Goldenberg@mto.com<br>Ginger.Anders@mto.com<br><br>George M. Garvey<br>Munger, Tolles & Olson LLP<br>350 South Grand Avenue, 50th Floor<br>Los Angeles, CA 90071<br>(213) 683-9100<br>George.Garvey@mto.com | A. Thompson Bayliss (#4379)<br>Stephen C. Childs (#6711)<br>ABRAMS & BAYLISS LLP<br>20 Montchanin Road, Suite 200<br>Wilmington, DE 19807<br>(302) 778-1000<br>bayliss@abramsbayliss.com<br>childs@abramsbayliss.com<br><br>*Attorneys for Bolivarian Republic of Venezuela* |

## TABLE OF CONTENTS

                                                                                                              **Page**

A.  Additional Judgments ................................................................................................1

B.  Validity of Attachments ............................................................................................2

C.  Reissuance of Certificate ..........................................................................................3

D.  Estoppel.....................................................................................................................5

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Castro v. ITT Corp.*,
  598 A.2d 674 (Del. Ch. 1991)..................................................................................................3

*Cory v. Tampax Inc.*,
  No. CIV.A. 3791, 1976 WL 1707 (Del. Ch. Apr. 30, 1976) ......................................................4

*Deng v. HK Xu Ding Co.*,
  No. N21J-04630-AML, 2023 WL 3318322 (Del. Super. Ct. May 8, 2023)..........................2, 3

**STATUTES**

6 Del. C. § 8-112....................................................................................................................2, 3, 5

8 Del. C. § 168 .............................................................................................................................3, 4

8 Del. C. § 324 ..............................................................................................................................1, 2

**OTHER AUTHORITIES**

31 C.F.R. § 591.310 .........................................................................................................................4

31 C.F.R. § 591.404 .........................................................................................................................5

As the creditors' answering briefs largely retread covered ground, the Venezuela Parties (VPs) limit this reply to the new points raised on four key issues.

**A. *Additional Judgments.*** ConocoPhillips and others object that the rationale for requiring a valid attachment to add a judgment to the sale process is "circular." *E.g.*, D.I. 595 at 5. But contrary to their claim, no one is saying that a judgment can *never* be added to this sale process *before* an "unconditional writ" issues or "perfected attachment" occurs. *Id.* If the *only* remaining step necessary for a creditor's attachment to be valid is for the creditor's judgment to be added to the sale process—thus satisfying the OFAC license—then this Court could add the judgment and render the attachment valid. Here, however, adding other creditors' judgments will *not* make their attachments valid due to the failure to satisfy the certificate-seizure requirement under Delaware law. As Crystallex explains, *if* those creditors obtain otherwise-valid attachments before "10 calendar days after the 'Launch Date,'" *then* their judgments can be added to satisfy the OFAC license. D.I. 573 at 10. But a judgment cannot be added *now* when it is *uncertain* whether a valid attachment will exist by the deadline. As Crystallex puts it, "creditors holding only an expectation of obtaining an attachment" cannot "be added as 'Additional Judgment' creditors entitled to satisfaction in the anticipated sale *before* they actually attach the PDVH shares." D.I. 590 at 7.

That is compelled not only by Delaware law but by common sense. As Crystallex observes, because the Special Master can only "sell as much stock as is necessary to satisfy the attached judgments" under 8 Del. C. § 324, he has emphasized that there "must be a date 'when the writs of attachments would have to occur to be involved in the process'" in order for him "to determine the total sum of 'Attached Judgments' that the sale must satisfy." D.I. 573 at 13 (cleaned up). While the Special Master *now* suggests that "solicitation of bids" will not depend on "the pool of Attached Judgments," that could only be if he has improperly decided to sell *all* of the shares

regardless of whether doing so is necessary. D.I. 593 ¶ 6; *see* D.I. 583 ¶¶ 8-10. Whatever the Special Master's intentions, Crystallex is correct that this Court should avoid "jeopardizing the sale by providing unlawful relief to the ever-expanding crowd of creditors without attachments," and should instead wait to add any other judgment until the creditor satisfies all other requirements to perfect and lay its attachment under 8 Del. C. § 324. D.I. 590 at 5.[1]

**B. *Validity of Attachments.*** Although Crystallex recognizes that a valid attachment is necessary to be included in the sale process, it and others contend that Delaware law "permits attachment without physical seizure" of the share certificate. *E.g.*, D.I. 590 at 5. That is flat wrong.

*First*, Crystallex argues that the cross-references in 8 Del. C. § 324 and 6 Del. C. § 8-112(a) create "an endless feedback loop" that should be resolved by ignoring "the actual-seizure requirement." D.I. 590 at 6, 10. But as *Deng v. HK Xu Ding Co.* explains, "[j]ust because Sections 324 and 8-112 reference each other does not permit a conclusion that Section 324 does not mean what it expressly says"—*i.e.*, "'the attachment is not laid and no order shall issue unless § 8-112 … has been satisfied.'" No. N21J-04630-AML, 2023 WL 3318322, at *2-3 (Del. Super. Ct. May 8, 2023). The only "reasonable way to read those two sections in harmony," and escape any "circularity," is that "to attach certificated shares … , the officer making the attachment must actually seize the certificate." *Id.* at *3-4. Crystallex denigrates then-Judge (now Justice) LeGrow's cogent analysis in *Deng* as "an unpublished state 'trial court decision" unworthy of "'deference,'" D.I. 590 at 12 n.4, but Crystallex cannot deny that its view would nullify the Delaware General Assembly's purposeful decision to specifically add the actual-seizure requirement in 1998. Crystallex likewise errs in invoking *Castro v. ITT Corp.*, 598 A.2d 674 (Del. Ch. 1991). *See* D.I. 590 at 10-11. That case applied the "pre-1998 version of Section 324," which "permitted

---

[1] The VPs agree with the Special Master that no judgment can be added unless the creditor pays a "per capita" share of *all* Transaction Expenses, including those "incurred to date." D.I. 593 ¶ 7.

2

attachment and sale without physical seizure" and thus is precisely what the Delaware General Assembly changed in 1998. *Deng*, 2023 WL 3318322, at *5 n.36.

*Second*, nothing in the text supports Crystallex's proposal that the seizure requirement does not apply when the certificate "has been undisputedly lost, stolen, or destroyed." D.I. 590 at 11. Crystallex cites a drafters' comment accompanying the statute, *id.*, but that comment says only that "the security certificate itself must be reached to constitute a proper levy whenever the debtor has possession," 6 Del. C. § 8-112 cmt. 1, *not* that seizure is *unnecessary* if the debtor *lacks* possession. And the comment itself notes "a valid levy cannot be made unless all possibility of the certificate's wrongfully finding its way into a transferee's hands has been removed." *Id.* When a certificate is out of the debtor's possession—here, apparently in the hands of the rogue Maduro regime or others—the solution is not to ignore the statute, but to follow the statutory procedures for reissuance, as ConocoPhillips notes and Crystallex accepts. D.I. 595 at 10; D.I. 590 at 5.

**C. *Reissuance of Certificate.*** Reissuing the certificate here, however, faces two obstacles.

*First*, any creditor seeking to compel PDVSA to invoke the process specified by Delaware law to seek reissuance would need to post a bond under 8 Del. C. § 168. While ConocoPhillips recognizes that this requirement "protect[s] PDVH against the prospect that there may be a good-faith" holder of the original certificate that could "later make claims against PDVH," it and others urge this Court to waive the explicit bond requirement on the theory that "there is no realistic prospect" of such claims here. *E.g.*, D.I. 595 at 11. But Delaware law forecloses such a waiver, *see* D.I. 589 at 12, and the creditors cite nothing to the contrary.

Even if this Court had the legal authority to dispense with the bond requirement, there would be no factual basis for doing that here. On top of the risk that the rogue Maduro regime may have purported to sell the shares in a transaction not recorded on the corporate books, that regime

3

may also have tried *to pledge* the shares as collateral to a third party, as the CITGO Holding shares were pledged to Rosneft, D.I. 396. Indeed, the General Assembly adopted the certificate-share requirement to "enhance the utility of stock of a Delaware corporation as collateral" by eliminating this very risk—*i.e.*, "that the stock certificates of Delaware corporations in the[] possession" of "custodial holders" "could be made subject to judicial liens unknown to them." D.I. 179-1 at 14, 22. Even if PDVH may have defenses against such purchasers or lienors in the future, *see* D.I. 595 at 11, a bond is necessary *now* to "establish the outside limits of [PDVH's] liability" going forward. *Cory v. Tampax Inc.*, No. CIV.A. 3791, 1976 WL 1707, at *5 (Del. Ch. Apr. 30, 1976). Likewise, there is no justification for setting a "nominal" bond. D.I. 595 at 11. Rather, "this Court is required to order a bond in a sum sufficient to indemnify [PDVH]." *Cory*, 1976 WL 1707, at *5.

Northrop Grumman claims that posting a bond is solely "*PDVSA's* duty," D.I. 596 at 9 n.2, but PDVSA has no other available assets, which is precisely why these attachment proceedings are occurring. And if PDVSA does not post a bond, *PDVH*—the garnishee the bond requirement is meant to protect—cannot be compelled to reissue the certificate unless a creditor steps in and provides it with the financial protection Delaware law requires. *See* 8 Del. C. § 168(b).

*Second*, reissuance would require an additional OFAC license. D.I. 589 at 11-12. Crystallex and others contend that a license is not needed for reissuance, *e.g.*, D.I. 590 at 14, but "the making … of any … certificate" is *expressly defined* to be a prohibited "transfer" when "the purpose, intent, or effect of" such an act "is to create, surrender, release, convey, transfer, or alter, directly or indirectly, any right, remedy, power, privilege, or interest with respect to any [blocked] property," 31 C.F.R. § 591.310—as ConocoPhillips all but concedes, *see* D.I. 595 at 8; D.I. 418 at 4. Crystallex and others are also wrong that OFAC's existing license covers reissuance. *E.g.*, D.I. 590 at 14. As the VPs have explained (without any rebuttal), the process for reissuance is neither

4

"ordinarily incident" nor "necessary to the issuance and service of a writ of attachment," and would in any event require the participation of entities not covered by the existing license (PDVSA, PDVH, and the Court of Chancery). D.I. 589 at 11-12.[2] Likewise, because reissuance would require illegal actions by *parties other than* an "Article III" court, Crystallex's flawed separation-of-powers objection is particularly misplaced. D.I. 590 at 14; *see* D.I. 419 at 10-12. Finally, ConocoPhillips similarly errs in claiming that OFAC's nonenforcement policy obviates the need for a license. D.I. 595 at 4-5. By its terms, that policy applies only to "prefatory steps set out" in the SPO and to "transactions that are ordinarily incident and necessary" to such steps. OFAC FAQ 1123. It thus does not even purport to apply to the otherwise-prohibited reissuance of the share certificate. And anyway, this Court cannot order the VPs, let alone the Chancery Court, to engage in illegal conduct even if OFAC will decline to take action (for the moment). D.I. 571 at 18.

**D. Estoppel.** Crystallex and others retreat to the claim that the VPs are estopped from raising the failure of additional creditors to seize the certificate. *E.g.*, D.I. 590 at 12-13. That is incorrect. D.I. 571 at 15-17. In any event, ConocoPhillips and other creditors are *not* estopped, D.I. 589 at 8-9, which is presumably why Crystallex seeks reissuance. Nor is there merit to Crystallex's claim that it has "constructive possession" of the certificate under 6 Del. C. § 8-112(d). D.I. 590 at 12. Because the certificate is out somewhere in the world, Crystallex lacks "possession" in any sense, and this Court's 2021 estoppel ruling does not change that reality. Estoppel is a preclusion doctrine that bars a party from raising the truth as a defense if it previously said otherwise; it is not a basis for deeming a falsehood to be true for third parties in a different posture. *See* D.I. 589 at 8-9; D.I. 571 at 17. And while Red Tree and others offer additional preclusion arguments, *e.g.*, D.I. 597 at 6-7, the VPs have already explained why those arguments fail too, D.I. 589 at 9-11.

---

[2] Plus, "ordinarily incident transaction[s]," *if* "with a person" owning, or "involving … a transfer" of, blocked property, must be "*explicitly* authorized." 31 C.F.R. § 591.404 (emphasis added).

RESPECTFULLY SUBMITTED,

June 14, 2023

| | |
|---|---|
| OF COUNSEL:<br>Nathan P. Eimer<br>Lisa S. Meyer<br>Daniel D. Birk<br>Gregory M. Schweizer<br>Emily E. Sullivan<br>EIMER STAHL LLP<br>224 South Michigan Avenue<br>Suite 1100<br>Chicago, IL 60604<br>(312) 660-7600<br>NEimer@eimerstahl.com<br>LMeyer@eimerstahl.com<br>DBirk@eimerstahl.com<br>GSchweizer@eimerstahl.com<br>ESullivan@eimerstahl.com | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Kenneth J. Nachbar*<br>Kenneth J. Nachbar (#2067)<br>Alexandra M. Cumings (#6146)<br>1201 North Market Street<br>Wilmington, DE 19801<br>(302) 658-9200<br>KNachbar@morrisnichols.com<br>ACumings@morrisnichols.com<br><br>*Attorneys for PDV Holding, Inc., and CITGO Petroleum Corporation* |
| OF COUNSEL:<br>Joseph D. Pizzurro<br>Kevin A. Meehan<br>Juan O. Perla<br>CURTIS, MALLET-PREVOST,<br>COLT & MOSLE LLP<br>101 Park Avenue<br>New York, NY 10178<br>(212) 696-6000<br>jpizzurro@curtis.com<br>kmeehan@curtis.com<br>jperla@curtis.com | HEYMAN ENERIO GATTUSO & HIRZEL LLP<br><br>*/s/ Samuel Taylor Hirzel, II*<br>Samuel Taylor Hirzel, II (#4415)<br>300 Delaware Avenue, Suite 200<br>Wilmington, DE 19801<br>(302) 472-7300<br>shirzel@hegh.law<br><br>*Attorney for Petróleos de Venezuela, S.A.* |

| | |
|---|---|
| OF COUNSEL:<br>Donald B. Verrilli, Jr.<br>Elaine J. Goldenberg<br>Ginger D. Anders<br>Munger, Tolles & Olson LLP<br>601 Massachusetts Avenue NW<br>Suite 500 E<br>Washington, D.C. 20001<br>(202) 220-1100<br>Donald.Verrilli@mto.com<br>Elaine.Goldenberg@mto.com<br>Ginger.Anders@mto.com<br><br>George M. Garvey<br>Munger, Tolles & Olson LLP<br>350 South Grand Avenue, 50th Floor<br>Los Angeles, CA 90071<br>(213) 683-9100<br>George.Garvey@mto.com | ABRAMS & BAYLISS LLP<br><br>/s/ Stephen C. Childs<br>A. Thompson Bayliss (#4379)<br>Stephen C. Childs (#6711)<br>20 Montchanin Road, Suite 200<br>Wilmington, DE 19807<br>(302) 778-1000<br>bayliss@abramsbayliss.com<br>childs@abramsbayliss.com<br><br>*Attorneys for Bolivarian Republic of Venezuela* |

7