# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION,<br><br>                  Plaintiff,<br><br>    v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>                  Defendant. | Case No. 1:17-mc-00151-LPS |

### SALE PROCESS PARTIES PHILLIPS PETROLEUM COMPANY VENEZUELA LIMITED, CONOCOPHILLIPS PETROZUATA B.V., AND CONOCOPHILLIPS GULF OF PARIA B.V.'S REPLY BRIEF IN RESPONSE TO THE COURT'S MAY 10 ORDER

*Of Counsel*:

Michael S. Kim
Marcus J. Green
Josef M. Klazen
Lydia L. Halpern
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
(212) 488-1200
michael.kim@kobrekim.com
marcus.green@kobrekim.com
jef.klazen@kobrekim.com
lydia.halpern@kobrekim.com

Richard G. Mason
Amy R. Wolf
Michael H. Cassel
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York 10019
(212) 403-1000
RGMason@wlrk.com
ARWolf@wlrk.com
MHCassel@wlrk.com

Dated: June 14, 2023

ROSS ARONSTAM & MORITZ LLP

Garrett B. Moritz (Bar No. 5646)
Elizabeth M. Taylor (Bar No. 6468)
1313 North Market Street, Suite 1001
Wilmington, Delaware 19801
(302) 576-1600
gmoritz@ramllp.com
etaylor@ramllp.com

*Attorneys for Phillips Petroleum Company Venezuela Limited, ConocoPhillips Petrozuata B.V., and ConocoPhillips Gulf of Paria B.V.*

**TABLE OF CONTENTS**

                                                                                            Page

ARGUMENT ................................................................................................................................1

    A.    The Date of Registration Is Not Relevant to the Issue of Priority in This Litigation ........................................................................................................... 1

    B.    The Date of a Motion Should Not Control the Issue of Priority ............................ 2

    C.    Gold Reserve's Pro Rate Priority Proposal Contradicts Delaware Law ................. 3

## TABLE OF AUTHORITIES

Page(s)

**Statutes**

6 *Del. C.* § 8-112 .................................................................................................................. 1

8 *Del. C.* § 324(a) ................................................................................................................. 1

10 *Del. C.* § 4702 ................................................................................................................. 1

Phillips Petroleum Company Venezuela Limited and ConocoPhillips Petrozuata B.V., Plaintiffs in Case No. 19-mc-00342-LPS, and ConocoPhillips Gulf of Paria B.V., Plaintiff in Case No. 22-mc-00264-LPS (collectively, "ConocoPhillips"), pursuant to the Court's order of May 10, 2023 (D.I. 559) respectfully submit this Reply Brief.

## ARGUMENT

ConocoPhillips submits this Reply solely to address the various proposals by other creditors concerning the issue of priority. Put simply, priority should be based on the date of issuance of the conditional *fi fa* writs as ConocoPhillips requested because this approach most closely adheres to Delaware's first-in-time policy. The alter ego creditors' proposals attempt to erase the differences among creditors and therefore undermine or contradict Delaware law.

### A. The Date of Registration Is Not Relevant to the Issue of Priority in This Litigation

The argument that the date of registration should determine priority (*e.g.*, *Tidewater*), ignores both the reality of this case and the clear distinction under Delaware law between liens on real property and liens on personal property. First, unlike litigation involving real property where a judgment alone creates a lien, the timing of perfection of attachment is the key to priority among competing liens on personalty. *Compare* 10 *Del. C.* § 4702 ("A judgment shall bind lands only from the time of actually entering or signing it"); *with* 8 *Del. C.* § 324(a) ("the attachment is not laid" on certificated shares until 6 *Del. C.* § 8-112 has been satisfied). Second, reliance on the date of registration makes no sense here because, on the date the alter ego creditors' judgments were registered, they had judgments against the Republic only, not any claim or judgment against PDVSA, much less any attachments (conditional or otherwise) on the PDVH shares that would entitle them to priority under Delaware law. The date of registration simply is not relevant to the issue of priority among the creditors in this litigation.

### B. The Date of a Motion Should Not Control the Issue of Priority

The argument that the Court should treat the date of filing a motion requesting a *fi fa* writ as the benchmark for determining priority, is also flawed and should be rejected. The alter ego creditors offer a variety of rationales for using the motion date as controlling, none of which is compelling.

For example, a number of the alter ego creditors argue that the motion filing date should control because that approach would "reward creditors for their diligence" (D.I. 585 at 4) and that using the motion filing date would be the "most equitable" approach because "it respects the work and effort of those parties that sought to prove a right to attachment first." (D.I. 596 at 9). In this hypothetical world, these creditors would have the Court ignore the fact that they were not entitled to *fi fa* writs to attach the PDVH shares upon the mere filing of their motions. Like the registration date proposal, this approach again ignores the fact that these creditors had no judgment against PDVSA at the time their motions were filed. They still had to prove that PDVSA is the alter ego of the Republic, as OIEG found out when the Court *denied* its first motion for a *fi fa* writ filed in November 2019. Delaware's first-in-time policy does not reward a creditor for mere effort: it focuses on when a creditor perfected its attachment, and the closest proxy to that requirement here is this Court's issuance of a conditional writ. With that issuance, the creditor had completed every step in the process save for service of the writ, which was barred by sanctions.

Certain other alter ego creditors (OIEG, ACL1 and Gold Reserve) argue that the sanctions were the cause of the timing of the Court's alter ego rulings, and they therefore should be treated as if the Court had ruled earlier. This attempt to rewrite history, or to retrospectively pin blame on the Court for the timing of its rulings, does not provide a basis for using equitable principles to fashion a new theory of priority with no support in Delaware law. While ConocoPhillips has not requested that it be accorded priority because its claim is directly against PDVSA, having a direct

claim affected the timing of when ConocoPhillips obtained a conditional writ, because it had nothing more to prove. That is a perfectly reasonable basis for ConocoPhillips' earlier writ to have priority over writs issued to creditors which do not have such direct claims. Indeed, the Court recognized this difference in its March 2022 opinion, when it said: "ConocoPhillips will almost certainly be in a better position than the other judgment creditors to establish its priority in the PDVH shares by perfecting a lien." *See* Case No. 1:21-mc-46 (D.I. 33 at 22).

### C. Gold Reserve's Pro Rate Priority Proposal Contradicts Delaware Law

Gold Reserve argues that the Court should abandon all first-in-time principles, without citation to any Delaware authority, on the grounds that it is "not asking for more than what these judgment creditors bargained for: all writs becoming equally effective when the same condition [lifting of sanctions] occurred." D.I. 594 at 9. According to Gold Reserve, because of sanctions, "no judgment creditor could get ahead of any other judgment creditor in the collections race." *Id.* at 7.

It is unclear what the reference to what creditors "bargained for" means. *Id.* at 9. Enforcing judgments by way of judicially-sanctioned execution remedies is not a negotiation or "bargain." And although it is true that sanctions prevented creditors from perfecting their attachments, those sanctions did not prevent creditors from acting as promptly as possible to enforce their rights to the maximum extent possible under the sanctions regime. Accordingly, as ConocoPhillips pointed out in its Answering Brief, it may be appropriate to treat similarly situated alter ego creditors on a pro rata basis, but there is no basis in Delaware law to treat direct creditors of PDVSA, who were able to obtain earlier writs because they held direct claims against PDVSA. ConocoPhillips has followed Delaware's first-in-time policy and related guidance from this Court to enforce its rights as a direct judgment creditor "to the maximum extent that can be accomplished without a specific

3

license from OFAC" such that "all preparatory steps that can be taken without such a license can, and should, be taken."  D.I. 234 at 33.

ConocoPhillips' requested approach to priority based on the date of issuance of the conditional writs best effectuates Delaware law and this Court's rulings.  Gold Reserve disregards Delaware law and the Court's prior rulings, in favor of a so-called equitable approach that treats all creditors as though they were similarly situated in an attempt to rewrite the history of this litigation.

                                    Respectfully submitted,

                                    ROSS ARONSTAM & MORITZ LLP

*Of Counsel*:                       /s/ Garrett B. Moritz
                                    Garrett B. Moritz (Bar No. 5646)
Michael S. Kim                      Elizabeth M. Taylor (Bar No. 6468)
Marcus J. Green                     1313 North Market Street, Suite 1001
Josef M. Klazen                     Wilmington, Delaware 19801
Lydia L. Halpern                    (302) 576-1600
KOBRE & KIM LLP                     gmoritz@ramllp.com
800 Third Avenue                    etaylor@ramllp.com
New York, New York 10022
(212) 488-1200                      *Attorneys for Phillips Petroleum Company*
michael.kim@kobrekim.com            *Venezuela Limited, ConocoPhillips*
marcus.green@kobrekim.com           *Petrozuata B.V., and ConocoPhillips Gulf of*
jef.klazen@kobrekim.com             *Paria B.V.*
lydia.halpern@kobrekim.com

Richard G. Mason
Amy R. Wolf
Michael H. Cassel
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York 10019
(212) 403-1000
RGMason@wlrk.com
ARWolf@wlrk.com
MHCassel@wlrk.com

Dated: June 14, 2023