IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION, § § § | |
| Plaintiff, § § | |
| v. § | C.A. No. 1:17-mc-00151-LPS |
| § § | |
| BOLIVARIAN REPUBLIC OF VENEZUELA, § § § | |
| Defendant. § | |

**BANCO SAN JUAN INTERNACIONAL'S RESPONSE
TO QUESTIONS IN THE COURT'S ORDER DATED JUNE 21, 2023**

Pursuant to this Court's June 21, 2023 Order, D.I. 615, Banco San Juan Internacional ("BSJI"), as an interested entity,[1] submits this response to the Court's Question Nos. 4 and 5 in the Order.

As previously detailed, BSJI holds final, conclusive, and enforceable money judgments issued by the Commercial Court of England and Wales against Petróleos de Venezuela S.A. and its operating subsidiary PDVSA Petróleo, S.A., which currently owe BSJI almost $101 million. D.I. 575, at 1; D.I. 606, at 1–2. These judgments should be considered "Additional Judgments" under the Sale Procedures Order.[2] D.I. 575, at 2; D.I. 606, at 3–4.

Response to Question No. 4: The Special Master need not know which judgments are Additional Judgments for purposes of the sale process until *reasonably before* (i.e., two weeks in advance of) the deadline by which the Special Master must file his "recommendation with the

---

[1] The Court's Order permits "any other interested entity" to answer the questions posed. D.I. 615, at 1.

[2] Capitalized terms used but not otherwise defined herein shall bear the meaning ascribed to such terms by D.I. 481, this Court's Sale Procedures Order.

Court seeking final determination of any Attached Judgment," under the Sale Procedures Order. D.I. 481, ¶ 31. This timeline will not adversely affect the Special Master's ability to obtain a value-maximizing transaction, especially because the Special Master will already know soon after the Preparation Launch Date the amounts that creditors claim with respect to their judgments. D.I. 481, ¶ 32.

BSJI's position is this regard is consistent with the Special Master's approach because it allows as many judgments as possible against Venezuela to be included in the sales process. *See* D.I. 593, ¶ 5 (Special Master's submission stating that "it seems both logical and in the best interests of all parties to include as many judgments against the Venezuela Parties as permissible under applicable law"). BSJI's position also promotes efficiency by precluding the need for this Court to engage in yet-another sale procedure. A premature cutoff date has the potential of undermining the purpose of the sale and unnecessarily putting assets out of the reach of legitimate creditor claims.

Response to Question No. 5: Paragraphs 15 and 47 of the Sale Procedures Order do not conclusively resolve whether a party whose judgment is added as an Additional Judgment must pay (i) pro rata or per capita (ii) fees and expenses retroactive to the beginning of the Special Master's work or prospectively beginning on the date the party's judgment is made an Additional Judgment.

BSJI should cover only its pro rata share of any fees and expenses incurred beginning on the date BSJI's judgments are made Additional Judgments. BSJI should *not* be made to pay any fees and expenses incurred before its judgments are made Additional Judgments because it has not been involved or had any say in any of the Special Master's activities to implement the sale process. Nothing in the Sale Procedures Order mandates that BSJI pay fees and expenses

incurred before its judgments are added as Additional Judgments. Further, it is not reasonable to expect creditors seeking billions of dollars of assets to bear the same expenses as those seeking only a small fraction thereof.

For the foregoing reasons, BSJI respectfully requests that this Court find that (1) the Special Master need not know with certainty which Additional Judgments are to be added until reasonably before the deadline for the Special Master to file his recommendation in accordance with paragraph 31 of the Sale Procedures Order and (2) BSJI will pay a pro rata share of any fees and expenses incurred beginning on the date BSJI's judgments are added as Additional Judgments.

| | |
|---|---|
| WINSTON & STRAWN LLP | MCCOLLOM D'EMILIO SMITH UEBLER LLC |
| | /s/ Thomas A. Uebler |
| Paula W. Hinton | Thomas A. Uebler (#5074) |
| M. Imad Khan | Adam J. Waskie (#6217) |
| Rachael E. Thompson | Terisa A. Shoremount (#7113) |
| 800 Capitol St., Suite 2400 | 2751 Centerville Rd., Suite 401 |
| Houston, TX 77002 | Wilmington, DE 19808 |
| Phone: (713) 651-2600 | Phone: (302) 468-5960 |
| Fax: (713) 651-2700 | Fax: (302) 691-6834 |
| phinton@winston.com | tuebler@mdsulaw.com |
| ikhan@winston.com | awaskie@mdsulaw.com |
| rthompson@winston.com | |
| | |
| Kelly A. Librera | |
| 200 Park Avenue | |
| New York, NY 10166 | |
| Phone: (212) 294-6700 | *Attorneys for Banco San Juan* |
| Fax: (212) 294-4700 | *Internacional, Inc.* |
| klibrera@winston.com | |

June 23, 2023

MDSU W0381874.v1