# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF DELAWARE

| | |
|---|---|
| NORTHROP GRUMMAN SHIP SYSTEMS, INC., <br><br> Plaintiff., <br><br> v. <br><br> THE MINISTRY OF DEFENSE OF THE REPUBLIC OF VENEZUELA, <br><br> Defendant. | C.A. No. 20-mc-00257-LPS |
| CRYSTALLEX INTERNATIONAL CORP., <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | C.A. No. 17-mc-00151-LPS |

**NORTHROP GRUMMAN SHIP SYSTEMS, INC.'S
RESPONSE TO THE COURT'S JUNE 21, 2023 ORDER**

DATED: June 23, 2023

OF COUNSEL:
Alexander A. Yanos *pro hac vice*
ALSTON & BIRD, LLP
90 Park Avenue, 15th Floor
New York, NY 10016-1387
212-210-9400
alex.yanos@alston.com

Robert Poole *pro hac vice*
ALSTON & BIRD, LLP
1201 W. Peachtree St. NE, Suite 4900
Atlanta, GA 30309
404-881-4547
robert.poole@alston.com

Respectfully submitted:

*/s/ Peter J. Keane*
Laura Davis Jones (DE Bar No. 2436)
Peter J. Keane (DE Bar No. 5503)
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, Suite 1700
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100
ljones@pszjlaw.com
pkeane@pszjlaw.com

*Attorneys for Plaintiff*

LEGAL02/43087335v3

Plaintiff and judgment creditor Northrop Grumman Ship Systems, Inc., f/k/a Ingalls Shipbuilding, Inc., and now known as Huntington Ingalls Incorporated ("Plaintiff" or "Huntington Ingalls"), submits this letter brief in response to the Court's June 21, 2023 order. Specifically, Huntington Ingalls responds to the Court's third question, which asks:

> Should the Court certify to the Delaware Supreme Court the question of whether, notwithstanding the 1998 amendment of 8 Del. C. § 324 to add reference to Del. C. § 8-112, the Court retains authority under the circumstances presented here to order PDVH to reissue the share certificate or, alternatively, to waive the physical seizure requirement?

The answer to the Court's question is "no."

Delaware Supreme Court Rule 41 allows certification of a question from a district court where "there is an important and urgent reason for an immediate determination of such question or questions by this Court and the certifying court or entity has not decided the question or questions in the matter." Del. R. Sup. Ct. 41(a)(ii). The Delaware Supreme Court considers the following questions when deciding to accept the certified question:

(i)   *Original question of law.* -The question of law is of first instance in this State;

(ii)  *Conflicting decisions.* -The decisions of the trial courts are conflicting upon the question of law;

(iii) *Unsettled question.* -The question of law relates to the constitutionality, construction or application of a statute of this State which has not been, but should be, settled by the Court.

Del. R. Sup. Ct. 41(b).

The court's authority to (*i*) waive the physical share requirement in the Crystallex case based on judicial estoppel and (*ii*) order the Venezuela Parties to reissue the shares now to ensure that Additional Judgment Creditors are able to attach the relevant shares, is not controversial or unsettled and therefore does not warrant certification to the Delaware Supreme Court.

1

Section 324 of Title 8 of the Delaware Code states that an "attachment is not laid and no order of sale shall issue unless § 8-112 of Title 6 has been satisfied." 8 *Del. C*. § 324(a).  Section 8-112 of Title 6, in turn, provides that "the interest of a debtor in a certificated security may be reached by a creditor only by actual seizure of the security certificate by the officer making the attachment or levy." 6 *Del. C*. § 8-112(a).  Together, the Delaware code establishes that attachments normally require possession of a physical stock certificate.

But the Court is not helpless where the physical share certificates are absent because Subsection (e) of Section 8-112 empowers the Court to use its authority "by injunction or otherwise, in reaching the certificated security, uncertificated security, or security entitlement or in satisfying the claim by means allowed at law or in equity in regard to property that cannot readily be reached by other legal process." 6 *Del. C*. § 8-112(e).  Indeed, pursuant to Section 168 of Title 8, the Delaware Code explicitly allows the court to order the reissuance of a certificate that has been "lost, stolen, or destroyed." 8 *Del. C*. § 168.  As a result, Delaware law equipped the Court both to allow attachment, despite the absence of the physical share certificate, in Crystallex *and* to order the reissuance of the shares by the Venezuela Parties now.

Venezuela has never seriously challenged the latter point, concerning the authority of the Court to order the reissuance of the share certificates.  Instead, to date, the Venezuela Parties have merely argued that a bond is required under Section 168's reissuance procedures and that the OFAC sanctions prevent the Venezuela parties from fulfilling that requirement.  *See* No 1:17-mc-151, D.I. 571 at 10 n.2, D.I. 589 at 8, D.I. 610 at 4-5.  We have explained previously why that argument is wrong.[1]

---

[1] For the reasons stated in Huntington Ingalls' prior briefing, OFAC does not prevent the posting of a bond.  *See* No. 1:17-mc-151, D.I. 603 at 2-3.  Furthermore, the Court should use its authority

Because the law is clear and there is no controversy among the parties on this point of law, there are no grounds under Delaware's rules to certify the above question with regard to the reissuance of shares. The proper course is for the Court to order the reissuance of the physical certificate now, as Delaware law clearly allows the Court to do, and then immediately issue final awards in the order of priority that the Court decides based on the last round of briefing.[2]

DATED: June 23, 2023

Respectfully submitted:

/s/ Peter J. Keane

OF COUNSEL:
Alexander A. Yanos *pro hac vice*
ALSTON & BIRD, LLP
90 Park Avenue, 15th Floor
New York, NY 10016-1387
212-210-9400
alex.yanos@alston.com

Robert Poole *pro hac vice*
ALSTON & BIRD, LLP
1201 W. Peachtree St. NE, Suite 4900
Atlanta, GA 30309
404-881-4547
robert.poole@alston.com

Laura Davis Jones (DE Bar No. 2436)
Peter J. Keane (DE Bar No. 5503)
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, Suite 1700
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100
ljones@pszjlaw.com
pkeane@pszjlaw.com

*Attorneys for Plaintiff*

---

to adjust or eliminate the bond given the current circumstances in which it is obvious that PDVSA (and its alter ego, Venezuela) are owners of the stock. The need for a bond is minimal if not nonexistent.

[2] Again, the proper measure of priority is the date in which the parties moved the court for a writ of attachment. With regard to the alter ego creditors, that date should be the one in which the parties submitted the evidence and legal authority to prove that Venezuela's alter ego relationship to PDVSA continues past the 2018 *Crystallex* decision. Doing so will establish an order on priority that reflects time and effort that conditional writ holders already put into this process and separate them from the steady inflow of new creditors.