# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347
(302) 658-9200
(302) 658-3989 FAX

Kenneth J. Nachbar
(302) 351-9294
(302) 425-3013 FAX
KNachbar@morrisnichols.com

June 27, 2023

**VIA ELECTRONIC FILING**

The Honorable Leonard P. Stark
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, D.C. 20439

Re: *Crystallex International Corp. v. Bolivarian Republic of Venezuela*,
No. 1:17-mc-00151-LPS

Dear Judge Stark,

The Venezuela Parties respectfully submit this supplemental letter explaining why authorities cited for the first time by certain creditors at yesterday's hearing do not support their arguments regarding Delaware law's share certificate seizure and reissuance requirements.

***First,*** counsel for Red Tree argued that the Court may direct PDVH to reissue the share certificate or waive the physical seizure requirement entirely on the premise that this Court may disregard state procedure in a Rule 69 judgment enforcement proceeding. In support, Red Tree cited to *LNC Investments, Inc. v. Democratic Republic of Congo*, 69 F. Supp. 2d 607 (D. Del. 1999), *Mitchell v. Lyons Professional Services, Inc.*, 727 F. Supp. 2d 120 (E.D.N.Y. 2010), *Resolution Trust Corp. v. Ruggiero*, 994 F.2d 1221 (7th Cir. 1993), and *Thomas, Head and Greisen Employees Trust v. Buster*, 95 F.3d 1449 (9th Cir. 1996). These cases, however, do not support Red Tree's position. To the contrary, and as the Seventh Circuit recently held, a district court is not "empower[ed] to disregard" the state law that governs judgment-enforcement procedures. *Kelley v. Stevanovich*, 40 F.4th 779, 786 (7th Cir. 2022). *Kelley*, moreover, clarified that *Ruggiero* does not support Red Tree. In *Ruggiero*, the court had "suggested that federal courts have some discretion when conducting supplementary [execution] proceedings." *Kelley*, 40 F.4th at 786. But in *Kelley,* the Seventh Circuit clarified that, whatever gap-filling discretion may exist, where state law requires that a certain procedure be followed, federal courts are bound to follow that procedure "unless a federal statute says otherwise." *Id.* And here, no federal statute overrides Delaware law.

Likewise, in *LNC Investments*, the Delaware District Court expressly stated that "no precedent suggests" that the flexibility afforded to federal courts in applying state procedure "allows a court to wholly abandon state procedural requirements" in judgment enforcement

The Honorable Leonard P. Stark
June 27, 2023
Page 2

proceedings. 69 F. Supp. 2d at 611. To be sure, the court noted that, "*some flexibility*, such as the use of U.S. Marshals in substitution for sheriffs, is necessary to make Rule 69(a)'s reference to state law practicable," but reiterated that "state law governs the level of procedural compliance." *Id.* (emphasis added). To that point, in *Thomas Head*, the Ninth Circuit found that even though state procedural rules did not expressly authorize adjudicating fraudulent transfer issues in proceedings supplemental to a judgment enforcement action, the district court was permitted to do so because the Alaska Supreme Court had authorized similar proceedings. 95 F.3d at 1453. Thus, the court was satisfied that "Alaska courts would permit" the "supplementary proceeding" used by the district court under its Rule 69 authority. *Id.* At most, then, these cases allow federal courts to modify state procedures to make them practicable in federal court or utilize procedures recognized by the state supreme court. Neither of those situations is applicable here. Moreover, none of these cases support the proposition that federal courts may ignore the clear requirements of state law or create new procedures to evade those requirements.

Here, Delaware law provides that the owner of corporate shares "may apply to the Court of Chancery for an order" to reissue the share certificate in the event that it is "lost, stolen or destroyed." 8 Del. C. § 168(a). There is no federal statute that "says otherwise," and given the clarity of the procedure set out in the statute, there is no need to modify the state law to make it "more practicable." And, unlike *Thomas Head*, Red Tree did not point to any case under Delaware law that supports its contention that this Court may bypass the Delaware Court of Chancery and directly order PDVH to issue the share certificate—a power that the Delaware Superior Court plainly would *not* have if this judgment-enforcement proceeding were occurring in state court. Thus, the case law invoked by Red Tree is fully consistent with the requirement that this Court abide by the process for the reissuance of share certificate as set out in Delaware state law.

**Second,** counsel for Crystallex asserted that 8 Del. C. § 168(a) would be inapplicable in these circumstances due to a purported lack of "adversity" between PDVSA and PDVH, although the statute does not require adversity and counsel failed to cite any precedent supporting such a requirement. That is, by itself, enough to disregard Crystallex's contention, but in any event, there plainly would be adversity between PDVSA and PDVH in a proceeding under Section 168(a), because PDVSA would be requesting re-issuance of the certificate (under compulsion of this Court's order) and PDVH would be opposing re-issuance absent a bond for the value of the shares. That difference is enough to satisfy any "adversity" requirement regardless of whether PDVSA and PDVH may share the same interests or agree on the law. *See, e.g.*, *United States v. Windsor*, 570 U.S. 744, 757-59 (2013) (citing *INS v. Chadha*, 462 U.S. 919, 939-40 (1983)). Moreover, PDVSA's and PDVH's interests are not aligned in this regard, because PDVH is potentially liable to a good faith transferee or pledgee if it were to reissue the certificate, while PDVSA would not be. Accordingly, ordering PDVSA to invoke 8 Del. C. § 168(a) is the appropriate procedure under Delaware law (setting aside OFAC issues) to force PDVH to re-issue the certificate.

Crystallex also suggests that 6 Del. C. § 8-112(e) allows the Court to order reissuance by PDVH directly pursuant to 8 Del. C. § 167, but Section 167 merely says that a corporation *may*

reissue a lost, stolen, or destroyed certificate if it chooses to do so. It does not require or authorize a court to require reissuance. 8 Del. C. § 168 expressly governs the procedure for compelling reissuance when the corporation refuses to exercise its own discretion. Moreover, Sections 167 and 168 require posting of a bond, and the Delaware Supreme Court has held that a court may not dispense with the bond requirement. *Mastellone v. Argo Oil Corp.*, 82 A.2d 379, 383 (Del. 1951) ("the courts lack the power to dispense with [the bond] requirement against the corporation's will"). Crystallex does not point to any authority suggesting that a court may use Section 8-112(e) to circumvent these procedures, nor would invoking Section 8-112(e) to overcome the requirements of Section 8-112(a) be consistent with how other courts have resolved similar arguments. *See* D.I. 631 at 3.

**Third,** counsel for another judgment creditor cited *In re Stream TV Networks, Inc. Omnibus Agreement Litig.*, 283 A.3d 1183 (Del. Ch. 2022), to support its argument that the Court may rely on Delaware Court of Chancery Rule 70 to order PDVH to reissue the share certificate. This position is incorrect because Chancery Rule 70, like the substantially similar Federal Rule of Civil Procedure 70, is limited to enforcing the terms of a prior judgment for a specific act. *See* D.I. 631 at 3. *In re Stream* does nothing to undermine this. In *In re Stream*, the court had previously issued a final judgment under Rule 54(b) directing one of the parties to transfer its corporate shares to another and also enjoining the transferor from acting "in concert with any other parties" to use those shares "for any purpose outside of the ordinary course of business." 283 A.3d at 1185, 1191–92. In a plain violation of this judgment, the transferor "choreographed" a scheme to transfer the shares to a third party and keep them from the transferee. *Id.* at 1192. Under these circumstances, the court determined that Rule 70 supplied the appropriate remedy because the transferor had directly violated the court's final judgment. *See id.* at 1192–93.

In this case, however, the creditors' money judgments against the Republic and PDVSA do not direct PDVSA to initiate the reissuance process, much less direct non-judgment debtor PDVH to reissue them. And, as explained in the Venezuela Parties' June 23 Letter Brief, absent such a directive in the judgment and corresponding violation, Rule 70 is inapplicable—under both Delaware law and federal law. *See* D.I. 631 at 3; *see also* Del. Ch. Ct. R. 70 (providing only that "[i]f a judgment directs a party to . . . perform any other specific act and the party fails to comply within the time specified, the Court may direct the act to be done . . . party by some other person appointed by the Court and the act when so done has like effect as if done by the party.)

Respectfully submitted,

/s/ Kenneth J. Nachbar

Kenneth J. Nachbar (#2067)

cc: All Counsel of Record (Via E-Filing)