# LANDIS RATH & COBB LLP
### A LIMITED LIABILITY PARTNERSHIP
### ATTORNEYS AT LAW

919 MARKET STREET, SUITE 1800
P.O. BOX 2087
WILMINGTON, DELAWARE 19899
www.lrclaw.com

Rebecca L. Butcher
Direct Dial: (302) 467-4415
Email: butcher@lrclaw.com

Telephone: (302) 467-4400
Facsimile: (302) 467-4450

June 30, 2023

The Honorable Leonard P. Stark
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, D.C. 20439

Re: *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela, et al.*, No. 17-mc-151:
<u>Response to Venezuela Parties' June 27 Letter</u>

Dear Judge Stark:

We represent Red Tree Investments, L.L.C. We write to address a misstatement in the Venezuela Parties' letter of June 27. D.I. 639. The Venezuela Parties state that, at the June 26 conference, Mr. Molo argued that the Court "may disregard state procedure in a Rule 69 enforcement proceeding," and suggest that Mr. Molo argued that the Court may "wholly abandon state procedural requirements." *Id.* at 1. That is false. As the transcript makes clear, Mr. Molo did not argue that the Court may "disregard" or "wholly abandon" Delaware law.

Early in his remarks to the Court, Mr. Molo stated:

On the point about your authority, Rule 69(a)(1) specifically empowers a federal Court to make use of the procedures of the state court in which it sits to aid in the enforcement of judgments, and there's actually – [Wright &] Miller has a section on it, Section 3012.

After providing the court with the case citations, he stated:

There's no need to go to Chancery. You can do it here, and in fact, you don't have to strictly adhere to the procedures that are set forth in state law. There's an inherent flexibility in the nature of these proceedings that the courts have recognized. That's as to the issuance, and we agree that it would be helpful to the process to have a reissuance of the shares.

A copy of the relevant portion of the transcript is enclosed.

Lest there be any confusion, consistent with the case law and Rule 69(a)(1), we suggest that the Court not refer the matter to the Delaware Court of Chancery and, instead, order the reissuance of the share certificate itself.

Respectfully submitted,
*/s/ Rebecca L. Butcher*
Rebecca L. Butcher (No. 3816)

cc: All counsel of record via CM/ECF

# Attachment A

```
1        that's a difference in term between attached
2        judgments and additional judgment creditors, so
3        we wanted that clarified.
4               And if there are no other questions, Your
5        Honor, that's all I have.
6               THE COURT:  Thank you.  No other
7        questions.
8               Let me try to run through the rest of you
9        if you want to be heard.
10              Red Tree.
11              MR. MOLO:  Good afternoon, Judge.
12       Steven Molo for Red Tree.  I'm going to touch
13       on four points.  First, the authority for you
14       to order the issuance of the shares without
15       going to Chancery; second, this physical
16       seizure argument that's being made on the bond;
17       third, priority.
18              On the point about your authority, Rule
19       69(a)(1) specifically empowers a federal Court
20       to make use of the procedures of the state
21       court in which it sits to aid in the
22       enforcement of judgments, and there's
23       actually -- Red Miller has a section on it,
24       Section 3012, and I know you don't want anymore
25       briefs, so let me give you a couple cases here
```

1       I can read into the record.
2           There's a Delaware decision.  That's *LNC*
3   *Inc. versus Democratic Republic of Congo*, which
4   is 69 F. Supp. 2d 607, District of Delaware
5   1999.  And then there's a case out of the
6   Eastern District of New York which is actually
7   very similar, *Mitchell versus Lyons Pro Service*
8   *Inc.,* 727 F. Supp. 2d 120, EDNY 2010.  There's
9   a Seventh Circuit decision authored by Judge
10  Posner, *Resolution Trust Company versus*
11  *Ruggiero*, 994 F.2d 1221, which is Seventh
12  Circuit 1993.  And a Ninth Circuit case, *Thomas*
13  *Head and Gerson Employees Trust versus Buster*,
14  which is 93 F.3d. 1449.
15          There's no need to go to Chancery.  You
16  can do it here, and in fact, you don't have to
17  strictly adhere to the procedures that are set
18  forth in state law.  There's an inherent
19  flexibility in the nature of these proceedings
20  that the courts have recognized.  That's as to
21  the issuance, and we agree that it would be
22  helpful to the process to have a reissuance of
23  the shares.
24          As to the physical possession or seizure
25  of the shares, this argument that's been made