

Theodore A. Kittila
Halloran Farkas + Kittila LLP
5801 Kennett Pike, Suite C/D
Wilmington, Delaware 19807
Phone: (302) 257-2025
Email: tk@hfk.law

August 14, 2023

**BY ECF**

The Honorable Leonard P. Stark
United States District Court
for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, Delaware 19801-3570

Robert B. Pincus, Esq.
Special Master for the United States District
Court for the District of Delaware
PO Box 4570
Wilmington, Delaware 19807

    Re:  *Crystallex International Corporation v. Bolivarian Republic of Venezuela*,
          D. Del. C.A. No. 1:17-mc-00151-LPS

Dear Judge Stark and Special Master Pincus:

    In accordance with Special Master Pincus's letter of August 7, 2023 (D.I. 652), and the Court's oral order of August 8, 2023 (D.I. 654), we respectfully submit this Attached Judgment Statement[1] on behalf of Tenaris S.A., a Luxembourg Company ("Tenaris"), Talta-Trading e Marketing Sociedade Unipessoal Lda., a Portuguese company ("Talta"), and Gramercy Distressed Opportunity Fund LLC, a Delaware limited liability company, and its successor entities (together, "Gramercy").

    Tenaris and Talta are creditors of the Bolivarian Republic of Venezuela ("Venezuela") under two arbitral awards (the "Awards") issued under the auspices of the World Bank's International Centre for Settlement of Investment Disputes ("ICSID"),[2] which the U.S. District Court for the District of Columbia recognized and enforced on July 17, 2020 and August 24, 2021

---

[1]    As defined in the Special Master's August 7, 2023 letter (D.I. 652, at 1).

[2]    *See* **Exhibit E**, *Tenaris S.A. and Talta-Trading E Marketing Sociedade Unipessoal LDA vs. Bolivarian Republic of Venezuela*, ICSID Case No. ARB/11/26, Award (Jan. 29, 2016), and *Tenaris S.A. and Talta-Trading E Marketing Sociedade Unipessoal LDA vs. Bolivarian Republic of Venezuela*, ICSID Case No. ARB/12/23, Award (Dec. 12, 2016) (collectively the "Awards").

ATTORNEYS AT LAW
JACKSON HOLE, WY | MIAMI, FL | NEW YORK, NY | SILICON VALLEY, CA | WASHINGTON, DC | WILMINGTON, DE

Judge Stark and Special Master Pincus
August 14, 2023
Page 2

(as altered on November 5, 2021) respectively (together, the "Judgments").[3] The Judgments were not default judgments, are final and enforceable, have not been appealed, and are not subject to pending motions.[4]

On January 25, 2023, Gramercy, Tenaris and Talta entered into a certain Awards Purchase Agreement (the "APA"), whereby Gramercy has agreed to acquire all of Tenaris's and Talta's rights, title, and interests in the Awards and the Judgments. The U.S. Department of the Treasury's Office of Foreign Assets Control authorized the transaction and, on August 1, 2023, issued a license allowing Gramercy to acquire the Awards and Judgments from Tenaris and Talta. Gramercy's acquisition of Tenaris's and Talta's rights, title, and interests in the Awards and the Judgments is subject to the fulfillment of certain conditions in the APA and is expected to be consummated on a future date upon such fulfillment ("APA Closing"). Upon the APA Closing, Gramercy will become the sole holder of title and right to the Awards and the Judgments, succeeding Tenaris and Talta in all their rights therein, including their rights as prospective holders of Attached Judgments.[5] At such time, Gramercy anticipates filing a motion pursuant to Federal Rule of Civil Procedure 25 to substitute Gramercy for Tenaris and Talta in pending enforcement proceedings.

Tenaris, Talta, and Gramercy hereby notify that we intend to register the Judgments with the Court and seek the issuance of a Writ of *Fieri Facias* against the shares of PDV Holding Inc. in short order.

1. **Short Summary of Tenaris's and Venezuela's Underlying Dispute**

Tenaris is the leading manufacturer of pipes and related services for the world's energy industry and certain other industrial applications. Talta is a subsidiary of Tenaris. Tenaris and Talta owned investments in Venezuela, in the form of participation in three local companies operating across Venezuela's steel industry, namely, Matesi Materiales Siderúrgicos S.A. ("Matesi"), Tubos de Acero de Venezuela S.A. ("Tavsa"), and Complejo Siderúrgico de Guayana C.A. ("Comsigua").

Between 2007 and 2011, the Venezuelan Government nationalized the country's steel industry and illegally expropriated Tenaris's and Talta's investments in Venezuela. Tenaris and Talta initiated ICSID arbitration proceedings against Venezuela under the *Agreement between the Belgo-Luxembourg Economic Union and the Government of the Republic of Venezuela on the Reciprocal Promotion and Protection of Investments* and the *Agreement between Portugal and Venezuela for the Promotion and the Protection of the Investments* (the "Treaties"). Tenaris and Talta initiated the first arbitral proceeding, concerning government measures related to Matesi, on

---

[3] *See* **Exhibit B**, *Tenaris S.A. et al. v. Bolivarian Republic of Venezuela*, 18-1371-CRC (D.D.C. Jul. 17, 2020), D.I. 29, and *Tenaris S.A. et al. v. Bolivarian Republic of Venezuela*, 18-1373-CJN (D.D.C. Aug. 24, 2021), D.I. 32 (Nov. 5, 2021) and D.I. 34 (Nov. 5, 2021).

[4] *See* **Exhibit D**, *Tenaris S.A. et al. v. Bolivarian Republic of Venezuela*, 18-1371-CRC, Docket Report (accessed Aug. 11, 2023) and *Tenaris S.A. et al. v. Bolivarian Republic of Venezuela*, 18-1373-CJN, Docket Report (accessed Aug. 11, 2023).

[5] As defined in the Court's October 11, 2022 order (D.I., 481, at 25, ¶ 30).

Judge Stark and Special Master Pincus
August 14, 2023
Page 3

September 30, 2011, and the second arbitral proceeding, concerning government measures related to Tavsa and Comsigua, on August 21, 2012. Tenaris and Talta argued that Venezuela's treatment of their investments violated the international obligations that Venezuela owed Tenaris and Talta under the Treaties, and gave rise to an obligation to compensate Tenaris and Talta for the harm suffered.

The arbitral tribunals constituted to hear the claims under the Treaties agreed with Tenaris and Talta, and held that Venezuela unlawfully expropriated their investments in breach of the Treaties. On January 29, 2016, the first tribunal ordered Venezuela to pay Tenaris and Talta US$87,300,000 for the expropriation of Matesi.[6] On December 12, 2016, the second tribunal ordered Venezuela to pay Talta US$24,672,357 for the expropriation of Comsigua and Tenaris US$112,345,530 for Tavsa.[7] In both cases, the tribunals awarded Tenaris and Talta pre- and post-award interest, attorneys' fees, and costs.[8]

Tenaris and Talta sought recognition and enforcement of the Awards before the U.S. District Court for the District of Columbia. Venezuela appeared in the proceedings and did not oppose Tenaris's and Talta's claims for recognition. The U.S. District Court for the District of Columbia consequently issued the Judgments: on July 17, 2020, it ordered Venezuela to pay US$256,375,009.12 plus post-judgment interest pursuant to 28 U.S.C. § 1961,[9] and on August 24, 2021 (as altered on November 5, 2021), US$280,667,040.00 plus post-judgment interest pursuant to 28 U.S.C. § 1961.[10]

To date, Venezuela has not satisfied any of the amounts that it owes Tenaris and Talta under the Judgments.

   2. **Description of Any Collection Efforts by the Judgment Holders to Date**

To date, Tenaris and Talta have not undertaken collection efforts against Venezuela.

---

[6] See **Exhibit E**, *Tenaris S.A. and Talta-Trading E Marketing Sociedade Unipessoal LDA vs. Bolivarian Republic of Venezuela*, ICSID Case No. ARB/11/26, Award (Jan. 29, 2016), and *Tenaris S.A. and Talta-Trading E Marketing Sociedade Unipessoal LDA vs. Bolivarian Republic of Venezuela*, ICSID Case No. ARB/12/23, Award (Dec. 12, 2016).

[7] See id.

[8] See id.

[9] See **Exhibit B**, *Tenaris S.A. et al. v. Bolivarian Republic of Venezuela*, 18-1371-CRC (D.D.C. Jul. 17, 2020), ECF No. 29.

[10] See **Exhibit B**, *Tenaris S.A. et al. v. Bolivarian Republic of Venezuela*, 18-1373-CJN (D.D.C. Nov. 5, 2021), ECF No. 34.

Judge Stark and Special Master Pincus
August 14, 2023
Page 4

3. **Initial Amount of the Applicable Judgments**

    The initial amount of the Judgments is:

    | Case | Initial Amount |
    |---|---|
    | *Tenaris S.A. et al. v. Bolivarian Republic of Venezuela*, 18-1371-CRC | US$256,375,009.12 |
    | *Tenaris S.A. et al. v. Bolivarian Republic of Venezuela*, 18-1373-CJN | US$280,667,040.00 |
    | **Total** | **US$537,042,049.12** |

4. **Amount by Which the Judgments Have Been Reduced, If at All, as a Result of Any Collection Efforts by the Judgment Creditors**

    To date, the initial amounts of the Judgments have not been reduced.

5. **Proposed Rate at Which Post-Judgment Interest Is, or May Be, Accruing on the Applicable Judgments, Including a Proposed Formula to Be Used for Calculation of Post-Judgment Interest on a Daily Basis**

    The Judgments order Venezuela to pay Tenaris and Talta post-judgment interest in accordance with 28 U.S.C. § 1961,[11] thus accruing "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Post-judgment interest shall also "be computed daily . . . and . . . compounded annually." 28 U.S.C. § 1961(b).

    The parameters for calculating the post-judgment interest accruing on the Judgments are described in the table below. **Exhibit C** contains Tenaris's and Talta's proposed calculation of post-judgment interest under the Judgments as of August 14, 2023:

    | Case | Initial Amount | Start Date | Interest Rate | Compounding Period |
    |---|---|---|---|---|
    | *Tenaris S.A. et al. v. Bolivarian Republic of Venezuela*, 18-1371-CRC | US$256,375,009.12 | 07/17/2020 | 0.152% | Annual |
    | *Tenaris S.A. et al. v. Bolivarian Republic of Venezuela*, 18-1373-CJN | US$280,667,040.00 | 08/24/2021 | 0.068% | Annual |

---

[11]   *See* **Exhibit B**, *Tenaris S.A. et al. v. Bolivarian Republic of Venezuela*, 18-1371-CRC (D.D.C. Jul. 17, 2020), D.I. 29, and *Tenaris S.A. et al. v. Bolivarian Republic of Venezuela*, 18-1373-CJN (D.D.C. Aug. 24, 2021), D.I. 32 (Nov. 5, 2021) and D.I. 34 (Nov. 5, 2021).

Judge Stark and Special Master Pincus
August 14, 2023
Page 5

      The Awards order Venezuela to pay post-award interest at rates that exceed the statutory post-judgment rate applicable to the initial amount of the Judgments. Tenaris and Talta expressly reserve their rights to seek payment of the balance between the Judgments' post-judgment interest and the Awards' post-award interest outside the United States of America.

      We hope that the information provided herein and enclosed as **Exhibits A-E** is useful to the Court and the Special Master, and we remain available to provide any additional information that Special Master Pincus may need in connection with his evaluation of the Attached Judgment Statements.

                                                                           Respectfully submitted,

                                                                          */s/ Theodore A. Kittila* (DE Bar No. 3963)

                                                                          Theodore A. Kittila, Attorney at Law
                                                                          Halloran Farkas + Kittila LLP

                                                                          *Counsel for Tenaris S.A., Talta-Trading e Marketing Sociedade Unipessoal Lda., and Gramercy Distressed Opportunity Fund LLC*

Enclosures

cc:     Counsel of Record (By ECF)