# Exhibit B

Excerpt of ICSID Award

# CERTIFICATE

**VENEZUELA HOLDINGS, B.V., MOBIL CERRO NEGRO HOLDING, LLC, AND MOBIL CERRO NEGRO, LTD.**

v.

**BOLIVARIAN REPUBLIC OF VENEZUELA**

**(ICSID CASE NO. ARB/07/27)**
**RESUBMISSION PROCEEDING**

I hereby certify that the attached document is a true copy of the Tribunal's Award dated 10 July 2023.

Martina Polasek
Acting Secretary-General

Washington, D.C., 10 July 2023

**INTERNATIONAL CENTRE FOR SETTLEMENT OF INVESTMENT DISPUTES**

In the arbitration proceeding between

**VENEZUELA HOLDINGS, B.V., MOBIL CERRO NEGRO HOLDING, LLC, AND MOBIL CERRO NEGRO, LTD.**

Claimants

and

**BOLIVARIAN REPUBLIC OF VENEZUELA**

Respondent

**ICSID Case No. ARB/07/27
Resubmission Proceeding**

# AWARD

*Members of the Tribunal*
Prof. Nicolas Angelet, President
Mr. Stephen Drymer, Arbitrator
Prof. Andrea Giardina, Arbitrator

*Secretary of the Tribunal*
Ms. Alicia Martín Blanco

*Date of dispatch to the Parties:*

10 July 2023

## I. INTRODUCTION AND PARTIES

1. This is a case on resubmission after the partial annulment of an ICSID arbitral award. On 9 October 2014, an ICSID Arbitral Tribunal composed of H.E. Judge Gilbert Guillaume, President, Professor Gabrielle Kaufmann-Kohler, Arbitrator and Dr. Ahmed Sadek El-Kosheri, Arbitrator (the "**First Tribunal**"), rendered an arbitral award (the "**First Award**") in the case of *Venezuela Holdings B.V. and others v. Bolivarian Republic of Venezuela* (ICSID Case No. ARB/07/27)[1], based on the Agreement on Encouragement and Reciprocal Protection of Investments Between the Kingdom of the Netherlands and the Republic of Venezuela, which entered into force on 1 November 1993 (the "**BIT**").

2. The First Tribunal decided as follows:

   > "404. For the foregoing reasons, The Tribunal unanimously decides as follows:
   >
   > (a) the Tribunal has no jurisdiction over the claim arising out of the increase in the income tax rate for the participants to the Cerro Negro Project;
   >
   > (b) the Tribunal has jurisdiction over the remaining claims, i.e.:
   >
   > a. the claim arising out of the imposition of the extraction tax on the Cerro Negro Project;
   >
   > b. the claim arising out of the production and export curtailments imposed on the Cerro Negro Project in 2006 and 2007; and
   >
   > c. the claim arising out of the expropriation of the Claimants' investments in the Cerro Negro and La Ceiba Projects;
   >
   > (c) the Respondent shall pay to the Claimants the sum of US$ 9,042,482 (nine million, forty two thousand, four hundred and eighty two United States

---

[1] The claimants in the proceeding on the merits before the First Tribunal were Venezuela Holdings, B.V., Mobil Cerro Negro Holding, Ltd., Mobil Venezolana de Petróleos Holdings, Inc., Mobil Cerro Negro, Ltd. and Mobil Venezolana de Petróleos, Inc. Mobil Venezolana de Petróleos Holdings, Inc. and Mobil Venezolana de Petróleos, Inc. are not parties to this resubmission proceeding because the portion of the First Award related to their claims, which were related to the La Ceiba project (First Award, §404.f and Request for Resubmission, §16), were upheld by the *Ad hoc* Committee. This is not in dispute between the Parties.

> *dollars) in compensation for the production and export curtailments imposed on the Cerro Negro project in 2006 and 2007;*
>
> *(d) the Respondent shall pay to the Claimants the sum of US$ 1,411.7 million (one thousand, four hundred and eleven million, seven hundred thousand United States dollars) in compensation for the expropriation of their investments in the Cerro Negro Project;*
>
> *(e) the Tribunal takes note in both cases of the Claimants' representation that, in the event of favourable award, the Claimants are willing to make the required reimbursements to PDVSA. Double recovery will thus be avoided;*
>
> *(f) the Respondent shall pay to the Claimants the sum of US$ 179.3 million (one hundred seventy nine million, three hundred thousand United States dollars) in compensation for the expropriation of their investments in the La Ceiba Project;*
>
> *(g) these sums shall be paid to the Claimants net of any Venezuelan tax;*
>
> *(h) these sums shall be increased by annual compound interest on their amount at the rate of 3.25% from 27 June 2007 up to the date when payment of this sums has been made in full;*
>
> *(i) each Party shall bear its own costs and counsel fees;*
>
> *(j) the Parties shall equally share the fees and expenses of the Tribunal and the costs of the ICSID Secretariat; and*
>
> *(k) all other claims are rejected."*

3. On 9 March 2017, an ICSID *Ad hoc* Committee composed of Sir Franklin Berman, President of the Committee, Tan Sri Cecil Abraham, Member of the Committee and Professor Dr. Rolf Knieper, Member of the Committee (the "***Ad hoc* Committee**" or the "**Committee**") rendered a decision (the "**Annulment Decision**") partially annulling the First Award.

4. The *Ad hoc* Committee decided as follows:

> *"196. On the basis of the reasoning above, the Committee decides: -*
>
> *1) the request for the annulment of the Award on account of the Tribunal's assumption of jurisdiction is rejected;*

> *2) the request for the annulment of the Award on account of the Tribunal's refusal to order document production is rejected;*
>
> *3) the request for the annulment of the portion of the Award dealing with compensation for the expropriation of the Cerro Negro Project is upheld in part, as follows: paragraph 404(d) of the Award is annulled, together with certain paragraphs in Sections V, VI, and VIII of the Award bearing directly on the assessment of compensation and the basis therefor, that is to say paragraphs 216-218, paragraphs 223-225, and paragraphs 373-374;*
>
> *4) for the avoidance of doubt, the Committee specifies that the following parts of the Award are not affected by sub-paragraph 3) above, namely paragraphs 297-306, paragraphs 307-367, the first sentence of paragraph 368, paragraphs 386-400, and paragraph 403, as well as paragraphs 184-213 and the Decision on Jurisdiction of 10 June 2010;*
>
> *5) in accordance with the terms of paragraph 10.a of Procedural Order No. 2 of 28 July 2015, the stay of enforcement laid down in that Order will cease to have effect on the date of issue of the present Decision;*
>
> *6) each Party shall bear the costs of the preparation and presentation of its own case. The costs of the annulment proceedings, including the fees and expenses of the Members of the Committee and the costs of the Centre, shall be shared equally between the Applicant and the Respondents."*

5. On 26 September 2018, Venezuela Holdings, B.V., Mobil Cerro Negro Holding, LLC, and Mobil Cerro Negro, Ltd. (the "**Claimants**") filed a Request for Resubmission against the Bolivarian Republic of Venezuela (the "**Respondent**") with ICSID.

## II.    PROCEDURAL HISTORY

6. The Request for Resubmission, filed on 26 September 2018 and supplemented by letter of 22 October 2018, was registered by ICSID on 24 October 2018.

7. On 12 November 2018, the Centre informed the Claimants and the Respondent (together the "**Parties**") that Mr. Stephen Drymer, a national of Canada, had accepted his appointment by the Claimants as an arbitrator in this case.

8. On 30 January 2019, the Centre informed the Parties that Prof. Andrea Giardina, a national of Italy, had accepted his appointment by the Respondent as an arbitrator in this case.

3

288. In their Submission on costs of 10 March 2023, the Claimants request that costs and expenses be awarded to them "with pre- and post-award interest at the current U.S. prime rate of 7.75% compounded annually running from the date of the Award".[281] The Respondent states at paragraph 44b of its Submission on Costs that costs should "bear interest at the rate the Arbitral Tribunal may consider appropriate, as from the date of the Award on costs and until complete payment".

289. The non-annulled *dispositif* of the First Award states an interest rate for the amounts of compensation on the merits, including the one which was subsequently annulled.[282] This interest rate is *res judicata* and remains applicable to the amount of compensation that is accorded by the present Award on the merits. However, it does not apply to the costs and expenses which are addressed in subsequent paragraphs of the *dispositif* stating that "(i) each Party shall bear its own costs and counsel fees" and "(j) the Parties shall equally share the fees and expenses of the Tribunal and the costs of the ICSID Secretariat". As the First Tribunal applied the principle that costs lie where they fall, there was no need to decide on interests applicable to costs and expenses.

290. Given the current market conditions as referred to by the Claimants, and given the Respondent's reference to an interest rate the Tribunal may consider appropriate, the Tribunal decides that the abovementioned amount of costs shall bear interest at the rate of 7.75% compounded annually up to the date when payment of this sum has been made in full. Interest on the abovementioned amount shall run as from the date of the Award rendered by this Tribunal.

---

[281] Claimants' Submission on Costs, 10 March 2023, §31.
[282] First Award, §404.h.

## VIII. AWARD

291. For the reasons set forth above, and without prejudice to the non-annulled parts of the First Award's *dispositif*, the Tribunal decides as follows:

    (1) The Respondent shall pay to the Claimants the sum of USD 984,527,000 (nine hundred eighty-four million, five hundred twenty-seven thousand United States dollars) in compensation for the expropriation of their investments in the Cerro Negro Project.

    (2) The Respondent shall pay to the Claimants the sum of USD 1,018,515.045 representing (i) part of the legal fees and expenses incurred by the Claimants with respect to this Resubmission Proceeding; and (ii) half of the arbitration costs. This amount shall bear interest at the rate of 7.75% compounded annually, as from the date of this Award and up to the date when payment of this sum has been made in full.

    (3) All other claims are dismissed.

|  |  |
|---|---|
| Mr. Stephen L. Drymer<br>Arbitrator | Prof. Andrea Giardina<br>Arbitrator |
| Date: | Date: |

Prof. Nicolas Angelet
President of the Tribunal

Date: 6 July 2023

116

_____
Mr. Stephen L. Drymer
Arbitrator

Date: 6 July 2023

_____
Prof. Andrea Giardina
Arbitrator

Date:

_____
Prof. Nicolas Angelet
President of the Tribunal

Date:

117

|  |  |
|---|---|
| _____ | _____ |
| Mr. Stephen L. Drymer<br>Arbitrator | Prof. Andrea Giardina<br>Arbitrator |
| Date: | Date: 6 July 2023 |

_____
Prof. Nicolas Angelet
President of the Tribunal

Date:

118