# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CRYSTALLEX INTERNATIONAL CORP.,

        Plaintiff,

    v.                                                                Misc. No. 17-151-LPS

BOLIVARIAN REPUBLIC OF VENEZUELA,

        Defendant.

## **REFINERIA DI KORSOU N.V.'S ATTACHED JUDGMENT STATEMENT**

GELLERT SCALI BUSENKELL &
BROWN, LLC
Margaret F. England (DE 4248)
1201 N. Orange Street, Suite 300
Wilmington, DE 19801
Tel: (302) 416-3341
Fax: (302) 425-5814
mengland@gsbblaw.com

OF COUNSEL:

Jeffrey S. Boxer
Carter Ledyard & Milburn LLP
28 Liberty Street, 41st Fl.
New York, New York 10005
Tel: (212) 732-3200
boxer@clm.com

*Attorneys for Interested Creditor Refineria Di
Korsou N.V.*

August 14, 2023

1.      Refineria di Korsou N.V. ("RDK") submits this statement pursuant to the Court's Sixth Revised Proposed Order (A) Establishing Sale and Bidding Procedures, (B) Approving Special Master's Report and Recommendation Regarding Proposed Sale Procedures Order, (C) Affirming Retention of Evercore as Investment Banker by Special Master and (D) Regarding Related Matters [D.I. 481] (the "Sale Procedures Order"), the Court's July 27, 2023 Memorandum Order addressing the Additional Judgment process [D.I. 646], and the Letter from Counsel for the Special Master dated August 7, 2023 [D.I. 652].

2.      RDK seeks to have the judgment it obtained against Petróleos de Venezuela S.A.'s ("PDVSA") dated August 27, 2022 in the amount of $62,339,755.58 (the "RDK Judgment") declared an Additional Judgment as defined in the Sale Procedures Order. A certified copy of the RDK Judgment is attached as **Exhibit A**.

3.      The RDK Judgment arises out of PDVSA's guaranty of certain obligations of its wholly owned subsidiary Refineria Isla (Curazao), S.A. ("Isla").

4.      RDK owns an oil refinery in Emmastad, Curaçao and an oil transshipment terminal at Bullenbaai, Curaçao (jointly, the "Refinery"), which (first) PDVSA and (later) Isla leased from RDK.  Isla and RDK's predecessor entered into a Utilities Supply Agreement (the "USA") in 1998 related to the production and supply of utilities at the Refinery.

5.      PDVSA entered into a Guaranty dated as of May 22, 1998, as amended as of September 1, 1999 (the "Guaranty"), in which PDVSA guaranteed Isla's obligations under the USA.  A copy of the Guaranty is attached as **Exhibit B**.  In the Guaranty, PDVSA agreed to pay all amounts owed by Isla pursuant to the USA.  Guaranty, § 2(a).  The Guaranty is "an absolute, unconditional, and continuing Guaranty of the full and punctual payment of the Guaranteed Obligations."  Guaranty, § 2(b).  The Guaranty requires that "[a]ll payments made by [PDVSA]

1

hereunder shall be made without set-off or counterclaim and without any deduction or withholding for any reason, except as expressly provided to the contrary in the USA." Guaranty, § 2(c). Under the Guaranty, PDVSA must pay all amounts due "immediately" if Isla fails to make a payment, RDK need not first pursue Isla for unpaid amounts, and PDVSA waived any rights to "require [RDK] to proceed against [Isla] or any other Person at any time, or to proceed against or exhaust any right to take any action against [Isla] or any other Person, or to pursue any other remedy whatsoever at any time." Guaranty, §§ 2(a) and 3(b)(i). PDVSA waived sovereign immunity and agreed to a special arrangement for service of process. Guaranty, §§ 5, 7(c).

6.      Under the USA, a copy of which is attached as **Exhibit C**, Isla was obligated to make absolute and unconditional take-or-pay payments ("TOP"). The USA does not allow set-offs or deductions of these payments. If RDK (or its predecessor) did not supply sufficient utilities, Isla's only remedy would be a claim for liquidated damages within annual and overall limits stipulated in the USA, provided, however, that the liquidated damages could not be set off against the TOP. *See* USA, §§ 2.1.2, 5.1.1.3, 5.1.2, 5.4.3, 9.2 and 14.4. Any payment that is not timely made "shall bear interest from the date on which payment was required to have been made through and including the date such payment is actually received . . . , and such interest shall accrue at an annual rate equal to the Prime Rate plus 500 basis points . . . ." USA § 5.4.3.

7.      In the last two years of the Refinery lease, PDVSA and Isla failed to pay the TOP in full. In total, Isla failed to pay TOP of $49,404,195 (excluding interest) to RDK under the USA through the end of December 2019 when the lease ended. For the period through January 15, 2020, Isla continued to receive the utilities under the USA, for which RDK charged half of the monthly amount due under the USA ($1,880,977.46), bringing the total principal amount due to RDK to $51,285,172.46.

8.      On or about August 26, 2020, RDK commenced an action against PDVSA in the Supreme Court of the State of New York, New York County[1] alleging a single cause of action for PDVSA's breach of the Guaranty.

9.      RDK was unable to serve PDVSA by registered or certified mail as provided for in the Guaranty or by overnight courier (in a manner similar to that provided for in the Guaranty), so RDK made a motion for an alternative means of service and the New York court granted that motion. RDK served PDVSA with all filings in the New York litigation pursuant to the court's alternative service order.

10.      PDVSA did not appear in the New York litigation and RDK moved for a default judgment.  The New York court initially denied that motion because a court in Curaçao had already found PDVSA liable under the Guaranty and issued a judgment against PDVSA in RDK's favor. Upon RDK's motion to reargue, the New York court concluded that the Curaçao judgment was the result of a summary proceeding that did not have *res judicata* effect and did not preclude the court from granting RDK's motion for a judgment against PDVSA in the New York proceeding.

11.      The New York court found that RDK had demonstrated that PDVSA owed RDK the principal sum of $51,285,172.46 together with pre-judgment interest at the rate specified in the USA of $11,054,583.12.  The New York court thus issued the RDK Judgment in the total amount of $62,339,755.58.  *See* Exhibit A.

---

[1] The Guaranty is governed by New York law and provides for litigation in courts in New York.  Guaranty, § 7(c)(i), (ii) and (iii).

12.     On April 12, 2023, RDK domesticated the RDK Judgment in the Superior Court of Delaware in order to enforce the RDK Judgment, captioned as <u>Refineria Di Korsou N.V. v. Petroleos De Venezuela S.A.</u>, C.A. No. N23J-01330 (the "Superior Court Action").[2]

13.     On May 3, 2023, RDK filed a paecipe in the Superior Court Action requesting the Prothonotary issue a writ of attachment fieri facias to the Sheriff of New Castle County instructing him to attach, *inter alia*, all shares of stock of PDV Holding, Inc. belonging or owing to PDVSA (the "Writ").  The Writ was issued the following day and served upon PDV Holding's registered agent on May 15, 2023.

14.     On May 30, 2023, PDV Holding filed a verified answer in response to the Writ in the Superior Court Action.

15.     On or about June 13, 2023, PDVSA filed a notice of removal of the concluded New York state court action to federal court and then moved to vacate the RDK Judgment.  As of the date of this submission, that motion is fully briefed.[3]

16.     On or about June 20, 2023, PDVSA moved to quash the Writ in the Superior Court Action.  That motion will be fully briefed on August 24, 2023 and the court has set a hearing for September 8, 2023.

17.     RDK has not collected any amounts due under the RDK Judgment.  The RDK Judgment, therefore, has not been reduced as a result of collection efforts to date.

---

[2] RDK believes that the actions taken in the Superior Court Action are sufficient to meet the criteria for treating the RDK Judgment as an Additional Judgment, but to the extent the Court or Special Master may conclude that the judgment creditor needs to also take action to recognize or enforce a judgment in this Court, RDK expects to file such an action in this Court promptly.

[3] If the RDK Judgment is vacated in response to PDVSA's motion, then RDK will withdraw its application to have the RDK Judgment declared an Additional Judgment in this proceeding.

18.     Post-judgment interest should run on the RDK Judgment from August 27, 2022 at the Prime Rate plus 500 basis points.  The Guaranty guarantees obligations under the USA, and the USA provides that "interest shall accrue at an annual rate equal to the Prime Rate plus 500 basis points . . . ."  USA § 5.4.3.  The New York court applied that interest rate in calculating the pre-judgment interest reflected in the RDK Judgment.  *See* Exhibit A.

19.     Alternatively, if the interest provision in the USA does not apply, then interest should run on the RDK Judgment at the rate of 9% per annum.  The Guaranty is governed by New York law, and New York law provides (a) that "every money judgment shall bear interest from the date of its entry" (NY Civil Practice Law and Rules § 5103) and (b) "interest shall be at the rate of nine per centum per annum, except where otherwise provided by statute" (*id.* § 5103).

20.     A spreadsheet reflecting the calculation of post-judgment interest under both interest rates is attached as **Exhibit D**. RDK proposes the following formulae to be used for calculation of post-judgment interest on a daily basis:

a.  9% daily interest calculation = (total judgment amount of $62,339,755.58 multiplied by the 9% interest rate) and then divided by 365 days.
b.  Prime Rate + 500 basis points daily interest calculation = (total judgment amount of $62,339,755.58 multiplied by (U.S. effective federal funds prime rate on the relevant date + 5%)) and then divided by 365 days.

## **CONCLUSION**

For the foregoing reasons, RDK respectfully requests that the RDK Judgment be deemed

an Additional Judgment pursuant to the Sale Procedures Order and subsequent orders of the Court.


Date: August 14, 2023                               GELLERT SCALI BUSENKELL & BROWN, LLC

                                                    */s/ Margaret F. England*
                                                    Margaret F. England (DE 4248)
                                                    1201 N. Orange Street, Suite 300
OF COUNSEL:                                          Wilmington, DE 19801
Jeffrey S. Boxer                                    Tel: (302) 416-3341
Carter Ledyard & Milburn LLP                        Fax: (302) 425-5814
28 Liberty Street, 41st Fl.                          mengland@gsbblaw.com
New York, New York 10005
Tel: (212) 732-3200                                 *Attorneys for Interested Creditor Refineria Di Korsou*
boxer@clm.com                                       *N.V.*

The undersigned hereby certifies to the Special Master that:

1.  the information contained in the Attached Judgment Statement is a true and accurate recitation of the initial and outstanding amounts of the judgment held by Refineria di Korsou N.V.; and

2.  in the event the initial and outstanding amounts of the judgments described in the Attached Judgment Statement change, for any reason, I shall promptly, and in any event not less than three (3) business days following such change, notify the Special Master of the revised judgment amount.

By: _____
Name: Jeffrey S. Boxer
Title:   Partner, Carter Ledyard & Milburn LLP
            Counsel for Refineria di Korsou N.V.