# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP.,<br><br>    Plaintiff,<br><br>  v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>    Defendant. | C.A. No. 1:17-mc-00151-LPS |

## SAINT-GOBAIN PERFORMANCE PLASTICS EUROPE'S
## <u>JUDGMENT STATEMENT</u>

DATED: August 14, 2023

OF COUNSEL:
Alexander A. Yanos *pro hac vice*
ALSTON & BIRD, LLP
90 Park Avenue, 15th Floor
New York, NY 10016-1387
212-210-9400
alex.yanos@alston.com

Robert Poole *pro hac vice*
ALSTON & BIRD, LLP
1201 W. Peachtree St. NE, Suite 4900
Atlanta, GA 30309
404-881-4547
robert.poole@alston.com

Respectfully submitted:

*/s/ Laura Davis Jones* _____
Laura Davis Jones (DE Bar No. 2436)
Peter J. Keane (DE Bar No. 5503)
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, Suite 1700
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100
ljones@pszjlaw.com
pkeane@pszjlaw.com

*Attorneys for Saint-Gobain*

Plaintiffs and judgment creditor Plaintiff Saint-Gobain Performance Plastics Europe ("Saint-Gobain") submits this statement pursuant to the Special Master's August 7, 2023, Letter (D.I. 652) and Paragraph 32 of the Sale Procedure Order, which requires that:

> [b]y no later than 21 calendar days following the Preparation Launch Date any holder of an Attached Judgment or holder of a judgment seeking to be an Attached Judgment shall deliver to the Special Master and to counsel for the Venezuela Parties a statement indicating the amount such creditor contends remains outstanding with respect to their Attached Judgment or judgment. Such creditor shall provide reasonably sufficient supporting documentation regarding any alleged outstanding balance and all amounts and assets received by reason of the Attached Judgment or judgment and any other information pertinent to understanding the outstanding balance of the applicable Attached Judgment or judgment.

**1. Short summary of the parties' underlying dispute.**

On November 3, 2017, an ICSID tribunal (the "Tribunal")[1] issued an arbitration award ("Award") defining the quantum of compensation owed to Saint-Gobain by the Bolivarian Republic of Venezuela ("Venezuela") in connection with the unlawful expropriation of Saint-Gobain's investments in Venezuela. *See Saint-Gobain Performance Plastics Eur. v. Bolivarian Republic of Venez.*, Civil Action No. 20-129 (RC), 2021 U.S. Dist. LEXIS 18485, at *4 (D.D.C. Feb. 1, 2021).

Despite the Award rendered against it, Venezuela failed to pay Saint-Gobain compensation for its expropriation. As a result, in December of 2018, Saint-Gobain filed a complaint before this Court since it previously ruled in 2018 that Venezuela's state oil company, Petróleos de Venezuela S.A. ("PDVSA"), which was subject to suit in Delaware, was Venezuela's alter ego. *See Crystallex Int'l Corp. v. Bolivarian Republic of Venez.,* 333 F.Supp. 3d 380, 414 (D. Del. 2018) ("PDVSA may be deemed the alter ego of Venezuela. . ."), *aff'd*, 932 F.3d 126 (3d Cir. 2019). Saint-Gobain argued in that proceeding that Venezuela was subject to suit in the District of Delaware pursuant to 28 U.S.C. §1391(f)(3). After determining that the Court's 2018 alter ego decision did not have the effect of collateral estoppel, this Court transferred the proceedings to the District Court for the District of Columbia. *See Saint-Gobain Performance Plastics Europe v. Bolivarian Republic of Venez.,* No. 1:18-cv-01963-LPS (D. Del. Dec. 12, 2019), D.I. 39.

On March 9, 2020, Saint-Gobain filed a Motion for Summary Judgment before the D.C. District Court, seeking to enforce the Award and dismiss Venezuela's assertions that it was not properly served. *See Saint-Gobain Performance Plastics Europe v. Bolivarian Republic of Venez.,* No. 1:20-cv-00129-RC, D.I. 43 (D.D.C. Mar. 9, 2020). The D.C. District Court granted Saint-Gobain's Motion on February 1, 2021, rejecting Venezuela's service objections in the process. *See* No. 1:20-cv-00129-RC D.I. 54. Venezuela thereafter appealed and the United States Court of Appeals for the District of Columbia Circuit reversed the D.C. District Court's order, finding that Saint-Gobain did not properly serve Venezuela. *See Saint-Gobain Performance Plastics Eur. v. Bolivarian Republic*, 455 U.S. App. D.C. 332, 23 F.4th 1036 (2022). Saint-Gobain has since re-

---

[1] *See* Convention on the Settlement of Investment Disputes between States and Nationals of Other States, 17 U.S.T. 1270, 55 U.N.T.S. 159 (1965).

served Venezuela, this time through diplomatic channels.  *See* No. 1:20-cv-00129-RC, D.I. 73, 74. Since then, Venezuela has stipulated to a consent judgment ("Judgment"), which is attached to this Judgment Statement as Exhibit B.

Saint-Gobain is now in the process of registering the Judgment in this District.  Once here, Saint-Gobain will promptly move for a writ of attachment *fieri facias* ("*fi. fa.*") in accordance with Section 1610(a)(6) of the Foreign Sovereign Immunities Act ("FSIA"), Rule 69(a)(1) of the Federal Rules of Civil Procedure, and Sections 5031 (10 Del. C. § 5031) and 324 (8 Del. C. § 324(a)) of the Delaware Code as to the shares of PDV Holding, Inc. ("PDVH"), a Delaware corporation fully-owned by PDVSA, the state oil company and alter ego of judgment debtor Venezuela.[2]  Because the Sales Procedure Order requests judgment amounts from a "holder of a judgment seeking to be an Attached Judgment," Saint-Gobain files this Judgment Statement ahead of its motion for a writ of attachment.

**2. Description of any collection efforts by the Judgment Holder to-date.**

Saint-Gobain has no other collection efforts against the Venezuela Parties.

**3. The initial amount of the applicable judgment.**

The initial amount of the judgment, attached as Exhibit B, is **$49,280,891.94**. This includes pre- and post-award interest, which is calculated as illustrated in Exhibit C.[3]

**4. The amount by which the judgment has been reduced, if at all, as a result of any collection efforts by the Judgment Creditor.**

Saint-Gobain has not received any payment reducing the amount of the judgment owed.

**5. The proposed rate at which post-judgment interest is, or may be, accruing on the applicable judgment, including a proposed formula to be used for calculation of post-judgment interest on a daily-basis.**

The judgment calls for post-judgment interest pursuant to 28 U.S.C. § 1961, which is calculated "from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). "Interest shall be computed daily to the date of payment . . . and shall be compounded annually." 28 U.S.C. § 1961(b).

The applicable interest rate for Saint-Gobain's Judgment is 5.38%.  The formula to calculate interest pursuant to Section 1961 is as follows:

---

[2] Venezuela, PDVSA, and PDVH are collectively referred to as "the Venezuela Parties."

[3] Attached as Exhibit C is a pdf of an excel worksheet that calculates the total amount owed, including interest.  Saint-Gobain will email a native version of the excel sheet to the Special Master, as well as the Venezuela Parties, so that they may inspect the document's formulas.

$$(\$ \text{ Judgment Amount} \times \text{Interest Rate} / 365) + \text{Days Passed in Current Year}$$

The above formula is compounded annually. To date, the total owed to Saint-Gobain amounts to:

$$((((\$49{,}280{,}891.94 \times 5.38\%) / 365) \times 12^4) + \$49{,}280{,}891.94 = \$49{,}368{,}058.36$$

* * *

In accordance with the Special Master's letter, the following documents are appended to this Judgment Statement:

- Ex. A - Signed Certification
- Ex. B - Docketed Version of Saint-Gobain's Judgment
- Ex. C - Excel Workbook of Judgment Calculation

DATED: August 14, 2023

OF COUNSEL:
Alexander A. Yanos *pro hac vice*
ALSTON & BIRD, LLP
90 Park Avenue, 15th Floor
New York, NY 10016-1387
212-210-9400
alex.yanos@alston.com

Robert Poole *pro hac vice*
ALSTON & BIRD, LLP
1201 W. Peachtree St. NE, Suite 4900
Atlanta, GA 30309
404-881-4547
robert.poole@alston.com

Respectfully submitted:

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
Peter J. Keane (DE Bar No. 5503)
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, Suite 1700
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100
ljones@pszjlaw.com
pkeane@pszjlaw.com

*Attorneys for Saint-Gobain*

---

[4] This is the amount of days that have passed since the Judgment was entered on August 2, 2023.