

**Brian M. Rostocki**
Direct Phone:  +1 302 778 7561
Email:  brostocki@reedsmith.com

Reed Smith LLP
1201 North Market Street
Suite 1500
Wilmington, DE 19801-1163
+1 302 778 7500
Fax +1 302 778 7575
reedsmith.com

August 14, 2023

**VIA ECF**

The Honorable Leonard P. Stark
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801-3570

**Re**:  *Crystallex International Corporation v. Bolivarian Republic of Venezuela* (D. Del. No. 1:17-mc-00151-LPS);
*Siemens Energy, Inc. v. Petróleos de Venezuela, S.A.* (D. Del. No. 22-mc-00347-LPS)
**Siemens Energy, Inc.'s Attached Judgment Statement**

Dear Judge Stark and Special Master Pincus:

We represent Siemens Energy, Inc. ("SEI"), and write consistent with Your Honor's Order dated August 8, 2023 [D.I. 654], wherein the Court adopts the proposed procedures set forth by the Special Master in his letter dated August 7, 2023 [D.I. 652] (the "Letter") regarding the filing of Attached Judgment Statements.[1]  The information requested by the Special Master in the Letter is set forth below, as well as relevant background for purposes of understanding SEI's role as a holder of an Attached Judgment.  Additionally, attached hereto as Exhibit A is a signed certification attesting that the information contained in this Attached Judgment Statement is a true and accurate recitation of the initial and outstanding amounts of the judgments held by SEI.

**A. Relevant Procedural History**

On January 20, 2017, Dresser-Rand Company ("D-R"),[2] as Noteholder and Administrative Agent, Petróleos de Venezuela, S.A. ("PDVSA"), as Issuer, and PDVSA Petróleo, S.A. ("Petróleo," and together with PDVSA, the "PDVSA Parties"), as Guarantor, entered into a Note Agreement (the "Note Agreement") and corresponding Note (the "Note").  In February 2019, SEI commenced a lawsuit in New

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Sixth Revised Proposed Order (A) Establishing Sale and Bidding Procedures, (B) Approving Special Master's Report and Recommendation Regarding Proposed Sale Procedures Order, (C) Affirming Retention of Evercore as Investment Banker by the Special Master and (D) Regarding Related Matters [D.I. 481] (the "Sales Procedures Order").

[2] As this Court is aware, D-R merged into SEI in December 2022 (the "Merger").  S.D.N.Y. Action, D.I. 168.  On December 19, 2022, prior to the effective date of the Merger, D-R assigned the PDVSA Judgment to SEI.  *Id.*   D-R then moved to substitute SEI as the real-party-in-interest in the S.D.N.Y. Action (as defined herein), PDVSA's appeal of the PDVSA Judgment, and in this action, which motions were granted on February 14 and 15, and March 2, 2023, respectively.  *See id.*; *Dresser-Rand Co. v. PDVSA Petroleo, S.A.*, No. 22-47 (2d Cir. 2022), D.I. 80; and *Siemens Energy, Inc. v. Petróleos de Venezuela, S.A.* (D. Del. No. 22-mc-00347-LPS), D.I. 168.  For simplicity purposes, this letter refers only to SEI even with respect to actions taken prior to the Merger.

The Honorable Leonard P. Stark
Sepcial Master Pincus
August 14, 2023
Page 2

ReedSmith

York state court against the PDVSA Parties on the basis that they breached the Note and Note Agreement, as hereinafter described. Shortly thereafter, the PDVSA Parties removed the state court action to the United States District Court for the Southern District of New York ("S.D.N.Y."). *See Siemens Energy, Inc. v. Petróleos De Venezuela, S.A. et al,* No. 1:19-cv-02689 (S.D.N.Y. 2019) (the "S.D.N.Y. Action"), D.I. 1.

On February 11, 2020, the S.D.N.Y. granted summary judgment in favor of SEI and against Petróleo, finding SEI established a *prima facie* case for recovery on the Note as against Petróleo. *See id.*, D.I. 59. Thereafter, the court entered a judgment against Petróleo and in favor of SEI in the amount of $149,517,709.96. *See id.*, D.I. 78, 79.

On December 9, 2021, following a bench trial, the S.D.N.Y. found that PDVSA's performance under the Note Agreement was not discharged under the doctrine of impossibility, and entered a judgment against PDVSA and in favor of SEI in an amount of $166,082,240.21, plus post-judgment interest at a rate of 8.5% per annum (the "Judgment").[3] *See id.*, D.I. 150, 152. PDVSA noticed an appeal of the Judgment on January 10, 2022.[4] Despite the appeal, on February 18, 2022, PDVSA stipulated that it is liable to D-R for its costs and attorneys' fees incurred by SEI connection with its pursuit in the Judgment, in the amount of $1,604,737.62 (the "Fee Stipulation").[5] *See id.*, D.I. 162. The Fee Stipulation makes clear: "[t]he Costs and Fees set forth in this Stipulation . . . do not include any costs or fees that D-R has incurred or will incur in connection with (i) the pending appeal between the parties . . ., and (ii) D-R's enforcement of the Judgment." *Id.*

On August 16, 2022, SEI registered the Judgment in Delaware. *See Siemens Energy, Inc. v. Petroleos De Venezuela, S.A. et al,* No. 1:22-mc-00347 (D. Del. 2022) (the "Delaware Action"), D.I. 1. Then, on October 31, 2022, SEI moved for an order authorizing a writ of attachment *fieri facias* against the shares owned by PDVSA in PDV Holding, Inc. (the "PDVH Shares"), conditioned upon either OFAC authorizing the issuance of service of the writ or removal of the sanctions under which the PDVH Shares were blocked, which PDVSA ultimately stipulated to. *See id.*, D.I. 2-3, 13. Accordingly, on December 12, 2022, this Court entered an order granting SEI's motion for conditional attachment. *See id.*, D.I. 14.

B. **Responses to Specific Questions in the Special Master's Letter**

1. **A Short Summary of the Parties' Underlying Dispute**

As noted above, the Judgment arises out of a January 2017 Note and Note Agreement between PDVSA, as Issuers, Petróleo, as Guarantor, and, SEI's predecessors in interest, D-R, as Noteholder.[6] Under the Note Agreement and Note, PDVSA agreed to pay SEI the principal sum of $119,645,069.70, with annual interest at a rate of 6.5% and default interest at a rate of 8.5%. *See* Ex. D, §§ 2.02, 2.03, 2.04.

---

[3] A true and correct copy of the PDVSA Judgment is attached hereto as Exhibit B.
[4] PDVSA's appeal is fully submitted and currently pending before the Second Circuit. *See Dresser-Rand Company v. Petróleos De Venezuela, S.A.*, No. 22-00047 (2d Cir. 2022).
[5] A true and correct copy of the Fee Stipulation is attached hereto as Exhibit C.
[6] A true and correct copy of the Note Agreement is attached hereto as Exhibit D.

The Honorable Leonard P. Stark
Sepcial Master Pincus
August 14, 2023
Page 3

The Note Agreement set forth a specified schedule of payments, requiring PDVSA to repay SEI on a quarterly basis. *See id.*, § 2.05 & Ex. A. PDVSA made the first two payments in accordance with the Note Agreement on April 20, 2017 and July 20, 2017, but failed to make all other remaining, required payments. *See* S.D.N.Y. Action, D.I. 150.

As such, SEI pursued claims against PDVSA and its guarantor, Petróleo, and ultimately obtained judgments against both PDVSA and Petróleo, as described above.

### 2. Description of Collection Efforts by the Judgment Holder To-Date

SEI has taken all measures possible to be in a position to enforce the Judgement the moment the Venezuela Sanctions Regime obstacle is removed. First, SEI registered the Judgment in this District on August 16, 2022. *See* Delaware Action, D.I. 1. Then, on October 31, 2022, SEI moved for an order authorizing a conditional writ of attachment *fieri facias* against the PDVH Shares, which it ultimately obtained in December 2022. *See id.*, D.I. 3, 14. Most recently, SEI actively engaged in briefing in this Action in an effort to ensure its standing and priority as an Additional Judgment Creditor under the Sales Procedures Order.

Additionally, SEI sought post-judgment discovery from both PDVSA and Petróleo, seeking to understand, among other things, the location and extent of the PDVSA Parties' assets. Those efforts, however, proved to be futile, as the PDVSA Parties largely took the position that PDVSA's Ad Hoc Board does not have access to, control over, or knowledge of PDVSA's assets in Venezuela, and, thus, it is impossible for the Ad Hoc Board to provide responses to the majority of the questions lodged in SEI's information subpoena.

### 3. Initial Amount of the Applicable Judgment

As noted above, SEI's judgment against PDVSA is in the amount of $166,082,240.21. *See* Ex. B. Additionally, PDVSA stipulated that it is liable for $1,604,737.62 of costs and attorneys' fees incurred by SEI connection with SEI's pursuit of the Judgment. *See* Ex. C. Thus, setting aside post-judgment interest, and SEI's fees and expenses from the date of the Fee Stipulation forward—both of which are discussed more fully in Section 5 below, PDVSA is liable to SEI in the amount of $167,686,977.83.

### 4. The Amount by Which the Judgement Has Been Reduced, If at All, As a Result of Any Collection Efforts by the Judgment Creditor

To date, the Judgment has not been reduced by any amount.

### 5. The Proposed Rate at Which Post-Judgment Interest Is, or May Be, Accruing on the Applicable Judgment, Including a Proposed Formula to be Used for Calculation Of Post-Judgment Interest on a Daily-Basis.

The PDVSA Judgment awards SEI post-judgment interest "at the rate of 8.5% per annum pursuant to Section 2.04 of the Note Agreement." Ex. B. Section 2.04 of the Note Agreement, in turn, provides, in relevant part:

ReedSmith

The Honorable Leonard P. Stark
Sepcial Master Pincus
August 14, 2023
Page 4

> **Section 2.04  Default Interest.**  If (a) the Issuer shall default in the payment of any principal of or interest on any Note or any other amount due hereunder or under any other Finance Document, by acceleration or otherwise (including automatic acceleration), . . . then, in the cause of <u>clause (a)</u> above, until such defaulted amount shall have been paid in full . . . all amounts outstanding under this Agreement and the other Finance Documents shall bear interest (after as well as before judgment), payable on demand, ***based on and computed on the basis of actual number of days elapsed on a year of three hundred sixty five (365) days, at a rate per annum equal to eight and one-half percent (8.5%)***.

Ex. D, § 2.04 (emphasis added).  Thus, both the Judgment and Note Agreement require that default interest and post-judgment interest be calculated on a daily-basis at a daily rate of 0.0232877% (or 8.5% divided by 365).

Applying this post-judgment interest rate from the date of the Judgment (December 9, 2021) until the present (August 10, 2023), the total amount of post-judgment interest incurred is $25,308,918.19, for a total judgment and post-judgment interest amount of $191,429,835.09.[7]  Indeed, assuming SEI does not recover on the Judgment until the Tentative Sale Hearing Date, which has been set for on July 14, 2024,[8] SEI will have incurred an additional $15,771,345.74 in post-judgment interest, for a total of $41,080,263.93 in post-judgment interest.  For ease, these figures are set out in chart form below.

| **Relevant Date** | | **Total Outstanding Balance Based on Contractual Interest of 8.5%** | **Interest Accrued from Last Relevant Date** |
|---|---|---|---|
| Date of Judgment | December 9, 2021 | $166,082,240.21 | -- |
| **Current Date** | **August 10, 2023** | **$191,429,835.09** | **$25,308,918.19** |
| Tentative Sale Hearing Date | July 15, 2024 | $207,201.180.83 | $15,771,345.74 |

Additionally, in the approximately eighteen (18) months since the date of the Fee Stipulation, SEI has incurred an additional $736,323.77 in legal fees and expenses costs in connection with the PDVSA appeal and SEI's efforts to enforce on the Judgment.  Thus, in total, to date, when accounting for post-judgment interest, the Stipulated Fees, and fees thereafter incurred, PDVSA is liable to SEI in the amount of **$193,770,896.48**.

---

[7]  Consistent with the Letter, SEI has provided the Special Master's "Advisors an Excel document with a detailed calculation of the amount such holder contends is outstanding with respect to [its] judgment, including the amount set forth in items 3 through 5 [of the Letter]."

[8]  Pursuant to this Court's Memorandum and Order, dated July 27, 2023, the Tentative Sales Hearing Date for the sales process outlined under the Sales Procedures Order is July 15, 2024.  *See Crystallex International Corporation v. Bolivarian Republic of Venezuela* (D. Del. No. 1:17-mc-00151-LPS, D.I. 646 at 2.

The Honorable Leonard P. Stark
Sepcial Master Pincus
August 14, 2023
Page 5



\* \* \* \*

      We thank the Court for its attention to this matter, and remain at the Court's disposal should the Court or the Special Master have any follow-on questions.

Respectfully submitted,

*/s/ Brian M. Rostocki*

Brian M. Rostocki (No. 4599)

Enclosures (4)

cc:    All Counsel of Record (via ECF)