IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION,<br><br>                    Plaintiff,<br><br>    v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>                    Defendant. | Case No. 1:17-mc-00151-LPS |

**CONOCOPHILLIPS' MOTION FOR CONTINUED SEALING OF
ATTACHED JUDGMENT STATEMENT**

Non-parties Phillips Petroleum Company Venezuela Limited, ConocoPhillips Petrozuata B.V., ConocoPhillips Gulf of Paria B.V., and ConocoPhillips Hamaca B.V. (plaintiffs in Cases No. 19-mc-00342-LPS, No. 22-mc-00264-LPS, and No. 22-mc-464-LPS) (collectively, "ConocoPhillips"), by and through their undersigned counsel, respectfully moves pursuant to this Court's order, D.I. 654, for the continued sealing of ConocoPhillips' statement regarding the amounts of its judgments (the "Attached Judgment Statement"). The grounds for this motion are as follows:

1. Although there is a "presumption in favor of public accessibility," a court has authority to seal documents "when justice so requires," provided the party requesting sealing demonstrates that the "interest in secrecy outweighs the presumption" of access. *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 221 (3d Cir. 2011); *see also Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 507–08 (D. Del. 2012) (affirming a "good cause" standard to justify sealing judicial records, which requires a "balancing process, in which courts weigh the harm of disclosing information against the importance of disclosure to the public"). "[C]ourts may deny access to judicial records, for example, where they are sources of business information that might harm a

litigant's competitive standing." *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988) (quoting *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978)); *see also Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) ("Documents containing trade secrets or other confidential business information may be protected from disclosure.").

2. The Attached Judgment Statement discusses information that is business confidential and highly sensitive, such that disclosure to the public, including to other creditors of PDVSA and the Republic of Venezuela, may seriously prejudice ConocoPhillips' global efforts to recover on its judgments and protect its rights. Disclosure of information of this nature disadvantages ConocoPhillips and harms its "competitive standing." *See Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 507 (D. Del. 2012) (unfair business disadvantage a basis for sealing).

3. In specifically requesting that the Court establish a procedure for sealing the Attached Judgment Statements, the Special Master has acknowledged that the information he has requested from the Judgment Holders is likely to be of a sensitive and confidential nature, and asked the Court to establish a procedure to allow parties to file their Attached Judgment Statements under seal. *See* D.I. 652 at 2 (August 7, 2023 Letter from the Special Master). The Court subsequently issued an order allowing Judgment Holders to file their Attached Judgment Statements under seal and to seek approval to continue to maintain the documents under seal. *See* D.I. 654 ("any Judgment Holder may initially file its Attached Judgment Statement and supporting documentation under seal provided that (a) such filings are accompanied by a supporting memorandum detailing how, under applicable law, the Court may approve the continued sealing of any or all of the party's filing and (b) the party files a redacted, publicly-available version within no later than two (2) business days.").

4. Accordingly, ConocoPhillips has filed its Attached Judgment Statement under seal and further respectfully submits that good cause exists for the continued sealing of the Attached Judgment Statement. ConocoPhillips will file a redacted version of its Attached Judgment Statement within two (2) days after the sealed documents have been listed on the docket.

WHEREFORE, ConocoPhillips moves this Court for an Order permitting the continued sealing of the Attached Judgment Statement and providing for the filing of redacted versions within two (2) days after the sealed documents have been listed on the docket.

Respectfully submitted,

ROSS ARONSTAM & MORITZ LLP

*Of Counsel*:

Michael S. Kim
Marcus J. Green
Josef M. Klazen
Lydia L. Halpern
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
(212) 488-1200
michael.kim@kobrekim.com
marcus.green@kobrekim.com
jef.klazen@kobrekim.com
lydia.halpern@kobrekim.com

Richard G. Mason
Amy R. Wolf
Michael H. Cassel
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York 10019
(212) 403-1000
RGMason@wlrk.com
ARWolf@wlrk.com
MHCassel@wlrk.com

Dated: August 14, 2023

*/s/ Garrett B. Moritz*
Garrett B. Moritz (Bar No. 5646)
Elizabeth M. Taylor (Bar No. 6468)
1313 North Market Street, Suite 1001
Wilmington, Delaware 19801
(302) 576-1600
gmoritz@ramllp.com
etaylor@ramllp.com

*Attorneys for Phillips Petroleum Company Venezuela Limited, ConocoPhillips Petrozuata B.V., ConocoPhillips Hamaca B.V., and ConocoPhillips Gulf of Paria B.V.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION,<br><br>     Plaintiff,<br><br> v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>     Defendant. | Case No. 1:17-mc-00151-LPS |

### **[PROPOSED] ORDER**

IT IS HEREBY ORDERED this ____ day of _____, 2023, upon consideration of ConocoPhillips' Motion for Continued Sealing of Attached Judgment Statement, the Motion is hereby GRANTED and ConocoPhillips' Attached Judgment Statement shall remain under seal. Redacted versions of the attached Judgment Statement shall be filed within two (2) days after the sealed documents have been listed on the docket.

                _____
                The Honorable Leonard P. Stark