

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

Myron T. Steele
Senior Counsel
Attorney at Law
msteele@potteranderson.com
302 984-6030 Direct Phone

August 24, 2023

**BY HAND DELIVERY & CM/ECF**

The Honorable Leonard P. Stark
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801-3570

      Re:   *Crystallex International Corp. v. Bolivarian Republic of Venezuela*,
             D. Del. C.A. No. 1:17-mc-00151-LPS

Dear Judge Stark:

Pursuant to the Court's July 27, 2023 *Memorandum Order* [D.I. 646] (the "**July 27 Order**"), I write to submit this joint status report (this "**Joint Status Report**") on behalf of Special Master Robert B. Pincus (the "**Special Master**"), as well as Crystallex, the Venezuela Parties, and ConocoPhillips (collectively, the "**Sale Process Parties**," and each a "**Sale Process Party**") in the above-referenced matter. Consistent with the Court's instructions, the Special Master consulted with the Sale Process Parties, and solicited input from other interested parties, regarding the contents of this Joint Status Report.[1]

## Joint Statement

**1) The Special Master's Recommendation Regarding the Step 5 (Writ) Deadline.**

Pursuant to the July 27 Order, to become an Additional Judgment Creditor under the Sale Procedure Order, a Creditor must obtain at least a conditional writ of attachment by the Step 5 deadline, a date which will be determined by the Court after further consultation, but which may be the same date as the Additional deadline or some date thereafter, perhaps even days, weeks, or months later. July 27 Order at 12–13. As directed by the Court, the Special Master consulted with the Sale Process Parties, and solicited input from other interested entities, regarding their views on the appropriate date for the Step 5 (Writ) Deadline.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Court's July 27, 2023 *Memorandum Order* [D.I. 646].

The Honorable Leonard P. Stark
August 24, 2023
Page 2

**The Special Master recommends the Step 5 (Writ) Deadline be set for the date that is ten (10) calendar days prior to the deadline for the first round of bidding, whether that be for Stalking Horse bids or regular-way bids.[2]**

The Summary of Important Dates included in the Bidding Procedures approved by the Sale Procedures Order, [D.I. 480-1], currently contemplate a Stalking Horse bidding process following the Launch Date; however, the dates set forth in the Summary of Important Dates are intended to be illustrative, so that the Special Master can maintain flexibility in execution of the Marketing Process to maximize the value of the PDVH Shares:

> The Special Master may, subject to the exercise of his reasonable judgment, in a manner consistent with his duties to the Court, and in good faith consultation with the Sale Process Parties (as defined below), modify, delay implementation of, or terminate these Bidding Procedures, waive terms and conditions set forth herein, extend any of the deadlines or other dates set forth herein or adjourn any Auction and/or Sale Hearing, in each case, at any time and without specifying the reasons therefor, to the extent not materially inconsistent with these Bidding Procedures and/or the Sale Procedures Order.

Sale Procedures Order, Ex. 1 at 2.

The Special Master believes that this particular date—ten (10) calendar days prior to the deadline for submission of the first round of bids—appropriately balances the Special Master's need to understand the universe of judgments to be satisfied by the Marketing Process, with interests of judicial economy, and does not jeopardize Crystallex's interest to have its judgment satisfied in an expeditious manner.  More specifically, knowing which judgments have secured a writ of attachment prior to receiving the first round of bids will enable the Special Master and his Advisors to engage in productive discussions with the bidders regarding the ultimate amount of the PDVH Shares to be sold through this sale process.  Moreover, setting the Step 5 (Writ) Deadline at a date that is months from now will provide ample time for judgment holders to progress their respective claims through the process proscribed by the Court in the July 27 Order.

Based on the foregoing, it is the Special Master's recommendation, in consultation with the Sale Process Parties, that the Court set the Step 5 (Writ) deadline for the date that is ten (10) calendar days prior to the deadline for submission of the first round of bids in the Marketing Process.

The following parties expressed a preference for a Step 5 (Writ) Deadline different from the date recommended by the Special Master:

a) <u>Venezuela Parties</u>:  The Venezuela Parties propose that the Step 5 (Writ) Deadline be thirty (30) days prior to the deadline for the submission of the first round of bidding, whether that be the Stalking Horse bids or regular-way bids, to give bidders sufficient time prior to the

---

[2]  All time periods and deadlines described in this Joint Status Report shall be calculated pursuant to Fed. R. Civ. P. 6.

first-round deadline to determine the amounts of their bids and the percentage of shares that they are offering to purchase based on the actual—rather than projected—amount of judgments to be satisfied. Based on the illustrative timeline included in the Bidding Procedures attached to the Sale Procedures Order that would be Friday, December 22, 2023 (*i.e.*, thirty (30) days prior to the illustrative Stalking Horse Bid Deadline of Monday, January 22, 2024).

**2) The Special Master's Recommendation Regarding the Step 7 (Perfected Writ) Deadline.**

Pursuant to the July 27 Order, a creditor seeking to obtain proceeds from the sale must have perfected its attachment of the PDVH Shares by by the Step 7 (Perfected Writ) Deadline. The Court desires to set the Step 7 (Perfected Writ) Deadline for a date after the Step 5 (Writ) Deadline and before the Sale Hearing. *Id*. at 17. As directed by the Court, the Special Master consulted with the Sale Process Parties, and solicited input from other interested entities, regarding their views on the appropriate date for the Step 7 (Perfected Writ) Deadline.

In the July 27 Order, the Court indicated the "logical Step 7 (Perfected Writ) Deadline may be halfway between the deadline to submit Stalking Horse Bids and the deadline for the Special Master to designate a stalking horse bidder - which would be 120 days after the Launch Date, or February 20, 2024." *Id*. at 19. After consultation with the Sale Process Parties, and considering the recommended Step 5 (Writ) Deadline described above, the Special Master believes that additional time beyond February 20, 2024 may be needed for the Court and the Special Master to organize and implement an orderly Step 6 and Step 7, in an effort to avoid an unseemly run on the U.S. Marshal. The Special Master, however, recognizes that the Step 7 (Perfected Writ) Deadline should be set sufficiently in advance of the culmination of the Marketing Process, so as to avoid confusion regarding the final judgment pool when selecting the winning bidder.

**Therefore, the Special Master recommends the Step 7 (Perfected Writ) Deadline be set for the date that is ninety (90) calendar days after the Step 5 (Writ) Deadline, but in no event should such date occur later than the date that is ten (10) calendar days prior to the deadline for the final round of bidding.**

With respect to the Court's proposed Step 7 (Perfected Writ) Deadline of February 20, 2024, the Special Master, upon consultation with the Sale Process Parties, recommends the Court consider whether it is necessary to leave five (5) months between the Step 7 (Perfected Writ) Deadline and the currently-scheduled July 15, 2024 Sale Hearing. The Special Master submits that once the Step 5 (Writ) Deadline—arguably the most crucial deadline in the Marketing Process—has passed, the parties should not be rushed to implement the priority scheme and perfection process contemplated by the Court. After the completion of Step 5, the Special Master will essentially know the quantum of Attached Judgments, absent a mistake by a judgment holder in missing its window to execute on Steps 6 and 7. Setting the Step 7 (Perfected Writ) Deadline ninety (90) calendar days from the Step 5 (Writ) Deadline should provide a sufficient amount of time for the Court to issue an order setting priority and directing the sequencing and execution of Step 6 and Step 7, including any necessary coordination with the U.S. Marshal.

The Honorable Leonard P. Stark
August 24, 2023
Page 4

The following parties expressed a preference for a Step 7 (Perfected Writ) Deadline different from the date recommended by the Special Master:

a) <u>Venezuela Parties</u>:  The Venezuela Parties propose that the Step 7 (Perfected Writ) Deadline be ninety (90) days after the Step 5 (Writ) Deadline, but in no event shall such date occur later than the date that is thirty (30) days prior to the deadline for the submission of the final round of bidding, to give bidders sufficient time prior to the final round of bidding to determine the amounts of their bids and the percentage of shares that they are offering to purchase based on the actual—rather than projected—amount of judgments to be satisfied.  Based on the illustrative timeline included in the Bidding Procedures attached to the Sale Procedures Order, and the Step 5 (Writ) Deadline proposal above, that would be Thursday, March 21, 2024 (*i.e.*, ninety (90) days after the Step 5 (Writ) Deadline).

**3) The Special Master's Recommendation Regarding the Implementation of the Court's Articulated Priority Arrangement**

In the July 27 Order, the Court directed the Special Master to consider how to implement a priority scheme that avoids a run on the U.S. Marshal's office. *Id.* at 26, 33.  To that end, the Special Master conferred with the Sale Process Parties, and solicited input from other interested parties, and makes the following suggestions regarding the Court's priority arrangements.

a) <u>Organization</u>: The Special Master proposes that the Court include in its further contemplated order a direction that each party seeking to become an Additional Judgment Creditor file on the docket of the Crystallex case, no later than three (3) business days of entry of such order, a summary of the dates of all completed Steps, as contemplated by the July 27 Order, including supporting documentation thereof.  After each holder's initial submissions, the holder must make further filings in the Crystallex case within three (3) business days of any additional Step completed, including all applicable supporting documentation.  The Special Master will keep a chart (the "<u>Steps Chart</u>") tracking the progress of each holder and will submit the chart to the Court on a regular basis.

b) <u>Execution</u>: Consistent with the Court's July 27 Order, the Special Master proposes the following execution of Steps 6 and 7 to avoid a run on the U.S. Marshal:

   i. Promptly after the Step 5 (Writ) Deadline has passed, the Special Master will submit the Steps Chart to the Court by filing it on the docket of the *Crystallex* case.  If the Special Master disagrees with any of the date assertions by a holder, he will attempt to resolve the issue directly with the holder promptly upon becoming aware of the issue.  If the issue cannot be resolved at the time, then the Special Master will note the dispute in the version of the Steps Chart submitted to the Court after the Step 5 (Writ) Deadline.

   ii. After receipt of the Steps Chart from the Special Master, and assuming that the new PDVH Share certificate has been issued to PDVSA and has been delivered via PDVSA or directly to the Special Master per the Court's order or the Court has determined otherwise in respect of the method for service of writs of attachment or

    the sale of the PDVH Shares, *see* July 27 Order at n. 10, the Court will issue an order (the "Priority Order") stating the relative priority of Crystallex and all Additional Judgment Creditors consistent with the holdings in the July 27 Order.[3]

iii. Each Additional Judgment Creditor shall then comply with Local Rule 69.1 and submit the completed proposed form of the writ, with a copy of the Priority Order, to the Clerk of Court within two (2) business days from the issuance of the Priority Order.  Within one (1) business day of completing the foregoing, each Additional Judgment Creditor shall obtain and file on the *Crystallex* case docket an affidavit from the person who made delivery of the documents to the Clerk of Court, containing, at a minimum, (1) a description of the documents delivered, including the number of copies of each, (2) the date, time, and location of delivery, and (3) the name of the individual accepting delivery.

iv. Following the second business day from the issuance of the Priority Order, the Court shall enter an order (the "Writ Order"):

    A. Directing the Clerk to issue a writ of attachment for each Additional Judgment Creditor on the new PDVH Share Certificate conditioned by the order of priority set by the Court;

    B. Providing each Additional Judgment Creditor, in the order of priority set by the Court, a window of two business days to deliver to the U.S. Marshal, (1) the required number of copies of the applicable writ, (2) a copy of the Priority Order, (3) a copy of the Writ Order, (4) the Form USM-285, and (5) any additional information or payment required by the U.S. Marshal in accordance with ordinary course procedures; and

    C. Requiring each Additional Judgment Creditor, within one (1) business day of completing delivery of the foregoing to the U.S. Marshal, to obtain and file on the *Crystallex* case docket an affidavit from the person who made delivery of the documents to the U.S. Marshal, containing, at a minimum, (1) a description of the documents delivered, including the number of copies of each, (2) the date, time, and location of delivery, and (3) the name of the individual accepting delivery.

After implementation of the procedures contemplated by the Priority Order and the Writ Order, the Special Master will submit to the Court an updated Steps Chart that either revises or confirms the priority set by the Court pursuant to the Priority Order.  In the event an Additional Judgment

---

[3] The Special Master believes that, given the complexity of the priority arrangement procedures, it may be advisable for the Special Master to establish contact with the U.S. Marshal upon issuance of the Priority Order, and to stay closely coordinated with the U.S. Marshal throughout the remainder of the Marketing Process regarding the priority of the Additional Judgment Creditors, to ensure an orderly execution of Step 6 and Step 7.

Creditor does not complete service of its writ in the window contemplated by section 3(b)(ii)(C) above, and ultimately serves its writ after successive holders, it will lose its priority determined by the Court in the Priority Order.

After receipt of the revised Steps Chart from the Special Master, the Court will issue an order (i) either confirming or revising the priority set in the Priority Order (the "Final Priority"), and (ii) directing the U.S. Marshal to serve all received writs of attachment of the Additional Judgment Creditors on the Special Master in the order of the Final Priority.  For avoidance of doubt, the Special Master will take custody of the newly issued PDVH Shares certificate immediately upon its issuance, unless ordered otherwise by the Court.[4]  The Special Master recommends directing the U.S. Marshal in this manner (*i.e.*, in accordance with the Final Priority)—rather than requesting the U.S. Marshal serve the writs in the order in which they were received—will avoid any complications arising from Additional Judgment Creditors that were supposed to receive equal treatment according to the procedures outlined in the July 27 Order and the proposed Priority Order, but did not simultaneously serve their writs on the U.S. Marshal.

The following parties expressed a preference for a different set of priority arrangement procedures from those recommended by the Special Master:

a) Venezuela Parties: The Venezuela Parties take no position on the Special Master's proposal except to propose that that, in addition to service on the Special Master, certified copies of all attachment process to be served on PDVH pursuant to 8 Del C. § 324(b) and the creditors' and Special Master's submissions be filed publicly on the *Crystallex* docket.[5]

b) Crystallex Corporation:  Crystallex proposes the PDVH Share certificate should be delivered to the Special Master, as custodian for the U.S. Marshals Service, pursuant to the writ of attachment previously issued and served on behalf of Crystallex, the first (and currently only) party to obtain a perfected writ of attachment.  The Special Master would then be the party to receive service from the U.S. Marshal of all subsequent writs of attachment on the PDVH Shares.

c) Red Tree Investments, LLC: Red Tree agrees with the Special Master's proposal regarding implementation of the Court's articulated priority arrangement, and respectfully requests that the Court consider entering an order tolling the 60-day deadline for levying a writ of attachment for all Additional Judgment Creditors.  *See* 10 *Del. C.* § 5081.

---

[4] Given the special circumstances of this sale process, the Special Master believes it is prudent for the Special Master, consistent with the Court's order dated July 17, 2023 [D.I. 644], to hold the newly-issued PDVH Shares certificate, until the conclusion of the sale process.

[5] The Special Master believes the procedures set out in this Joint Status Report are consistent with the Venezuela Parties' proposition including by calling for submissions—or where more appropriate, affidavits—to be entered on the *Crystallex* case docket.

The Honorable Leonard P. Stark
August 24, 2023
Page 7

### 4) Update on the Special Master's Diligence Process

Since the Preparation Launch Date, the Special Master and his Advisors have worked diligently to implement the Marketing Process approved by the Court in the Sale Procedures Order. Among other things, the Special Master and his Advisors have been working collaboratively with the Venezuela Parties and the CITGO management team in connection with the Special Master's preparation of the Confidential Information Memorandum and the collection and evaluation of diligence materials associated therewith. Further, on August 7, 2023, as mandated by the Sale Procedures Order, the Special Master met and conferred with PDVSA regarding potential minority shareholder rights or other protections that could facilitate a sale of minority shares in PDVH.

Respectfully,

/s/ Myron T. Steele

Myron T. Steele (#00002)

*Counsel for Special Master
Robert B. Pincus*

MTS/nmt: 10983451

cc:     All Counsel (via CM/ECF)