IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CRYSTALLEX INTERNATIONAL
CORPORATION,

           Plaintiff,

v.

BOLIVARIAN REPUBLIC OF VENEZUELA,

           Defendant.

Case No. 1:17-mc-00151-LPS

**CONOCOPHILLIPS' JOINDER IN CRYSTALLEX INTERNATIONAL
CORPORATION'S MOTION FOR
<u>RECONSIDERATION OF THIS COURT'S JULY 17, 2023 ORDER</u>**

Non-parties Phillips Petroleum Company Venezuela Limited, ConocoPhillips Petrozuata B.V., ConocoPhillips Gulf of Paria B.V., and ConocoPhillips Hamaca B.V. (plaintiffs in Cases No. 19-mc-00342-LPS, No. 22-mc-00264-LPS, and No. 22-mc-464-LPS) (collectively, "ConocoPhillips") hereby join in Crystallex International Corporation's motion for reconsideration of this Court's July 17, 2023 Order ("the Crystallex Motion"). In support thereof, ConocoPhillips respectfully states as follows:

1. In filings with this Court leading up to the entry of the Court's July 17, 2023 Order ("the July 17 Order") Dkt. 644, ConocoPhillips expressed the concern that in order to have a successful, value-maximizing auction, potential purchasers will require certainty that they can acquire incontestable title to the shares of PDV Holding, Inc. ("PDVH") (the "PDVH Shares"). This can only be accomplished through delivery of the original, or a reissued, PDVH share certificate.

2. In response to these concerns raised by ConocoPhillips and others, the Court entered the July 17 Order. The July 17 Order allowed the Venezuela Parties to control the process

1

through which the share certificate would be reissued, but the Court made clear that the reissuance of the share certificate must occur expeditiously, and that this limited grant of control was not to be used to impede or delay the sale. Unfortunately, the Venezuela Parties' conduct appears designed to impede or delay the sale.

3. Petróleos de Venezuela, S.A. ("PDVSA") elected to initiate an action in the Delaware Court of Chancery (the "Chancery Action"). In its brief filed in the Chancery Action on August 25, PDVH argued that it must be provided an indemnity bond of as much as **$40 billion** to protect it against the possibility that a *bona fide* transferee or pledgee of the shares later presents the original stock certificate. Ostensibly, PDVH asks for security against the risk that PDVSA's Maduro-appointed directors may have secretly alienated or pledged the missing certificate to some unknown good-faith purchaser or creditor. But the record shows that it is completely implausible for there to be a *bona fide*, good faith purchaser or pledgee of the shares.

4. There are two relevant time periods to evaluate whether there could be a *bona fide*, good faith purchaser or pledgee: post-sanctions and pre-sanctions.

5. *Post-Sanctions*: Since January 28, 2019, there have been sanctions in place issued by the Department of the Treasury's Office of Foreign Assets Control ("OFAC"), pursuant to Executive Order 13850, blocking all property and interests in property of PDVSA subject to U.S. jurisdiction, including its interests in PDVH, and preventing any transfer or encumbrance of those shares. PDVH is a Delaware corporation, and any person attempting to take an interest in a Delaware corporation must do so subject to U.S. law. In light of the sanctions, no transferee or pledgee of the PDVH Shares subsequent to January 28, 2019 could have validly acquired an interest in the shares from PDVSA under U.S. law, much less have done so in good faith.

6. *Pre-Sanctions*: It is also implausible that any *bona fide*, good faith purchaser or transferee acquired an interest in the PDVH Shares before January 28, 2019. If such a transferee exists, both the Maduro and Guaidó representatives would have repeatedly withheld or misrepresented crucial facts while seeking relief concerning the shares from U.S. courts. Additionally, this hypothetical transferee would have had to stay completely silent while those proceedings were ongoing. For example:

a. The Maduro-appointed directors of PDVH repeatedly confirmed to the Delaware Court of Chancery and the Delaware Supreme Court that PDVSA held a 100% interest in PDVH following the OFAC sanctions. For example, in their June 25, 2019 *Verified Complaint* and in their July 11, 2019 *Opening Brief for Judgment on the Pleadings* in *Jiménez et al. v. Palacios et al.* (by which the Maduro-appointed directors sought declaratory and injunctive relief from the Court of Chancery against the Guaidó-appointed directors), the Maduro directors affirmed that PDVSA was then the sole stockholder of PDVH. *See Jimenez v. Palacios,* 2019 WL 2620722, at *2 (Del. Ch. June 25, 2019); *Jimenez v. Palacios,* 2019 WL 3081328, at *5 (Del. Ch. July 11, 2019) ("PDVSA is the sole stockholder of PDV Holding.").

b. The Guaidó-backed PDVH directors, in seeking to have themselves recognized as the legitimate directors of PDVH, asked the Court of Chancery to recognize their control of the company without mentioning the loss of the share certificate or seeking reissuance. Had there been a third-party transferee with rights in the shares, those directors would have exposed themselves to enormous liability by usurping the legitimate rights

3

of that transferee. Moreover, no such third-party ever surfaced to assert any rights in the Court of Chancery.

c. On August 2, 2019, the Court of Chancery issued its opinion ruling in favor of the Guaidó-appointed directors, finding that "[o]n February 15, 2019, the Guaidó-appointed Managing Board, *acting for PDVSA as the sole stockholder of [PDVH]* took action by a written consent . . . to elect a new board of [PDVH]." (emphasis added). *Jimenez v. Palacios*, 250 A.3d 814, 825 (Del. Ch. 2019).

d. On November 5, 2019, in briefing on their appeal from the Court of Chancery decision to the Delaware Supreme Court, the Maduro-appointed directors again confirmed PDVSA's 100% interest in the PDVH shares. *See Jimenez v. Palacios*, 2019 WL 5963758 at *2 (Del. Nov. 5, 2019) ("PDV Holding is a wholly-owned subsidiary of PDVSA.").

e. Further, beyond those statements and other representations made to this Court highlighted in the Crystallex Motion, since 2019 representatives of the Maduro government have repeatedly confirmed through public pronouncements that PDVSA continues to own 100% of Citgo through PDVH. *See* Exhibit 1 (August 15, 2023 TeleSurEnglish Article) (Maduro government calling for return of CITGO to Venezuelans as a company that "was purchased, well managed and run by Venezuela").

7. In sum, there is *no* risk that the share certificate could be presented by a good faith transferee. And it is utterly implausible that the PDVH Shares have been secretly

4

encumbered or validly sold under U.S. law.  Accordingly, no bond, or alternatively only a bond in a nominal amount, should be required.

8. This Court graciously permitted the Venezuela Parties to address the loss of the share certificate themselves.  Unfortunately, it has become clear that the Chancery Action, between PDVSA and PDVH, will not serve as an expeditious mechanism for reissuance of the share certificate.  PDVH is undoubtedly aware that there is no realistic possibility that a good faith transferee exists and that PDVSA will claim it cannot satisfy a multi-billion-dollar bond requirement.  PDVH's position in the Court of Chancery therefore appears designed to delay or derail the auction.  The Venezuela Parties' purported attempts to comply with the July 17 Order and produce the share certificate are, in ConocoPhillips' view, "unsatisfactory."  Accordingly, ConocoPhillips urges the Court to reconsider the July 17 Order.

In light of the above ConocoPhillips joins in the request for relief in the Crystallex Motion and respectfully requests that the Court order PDVH to reissue the share certificate without further delay.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | ROSS ARONSTAM & MORITZ LLP |
| *Of Counsel*: | /s/ *Garrett B. Moritz* |
|  | Garrett B. Moritz (Bar No. 5646) |
| Michael S. Kim | Elizabeth M. Taylor (Bar No. 6468) |
| Marcus J. Green | 1313 North Market Street, Suite 1001 |
| Lydia L. Halpern | Wilmington, Delaware 19801 |
| KOBRE & KIM LLP | (302) 576-1600 |
| 800 Third Avenue | gmoritz@ramllp.com |
| New York, New York 10022 | etaylor@ramllp.com |
| (212) 488-1200 |  |
| michael.kim@kobrekim.com | *Attorneys for Phillips Petroleum Company* |
| marcus.green@kobrekim.com | *Venezuela Limited, ConocoPhillips* |
| jef.klazen@kobrekim.com | *Petrozuata B.V., ConocoPhillips Hamaca* |
| lydia.halpern@kobrekim.com | *B.V., and ConocoPhillips Gulf of Paria B.V.* |

Richard G. Mason
Amy R. Wolf
Michael H. Cassel
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York 10019
(212) 403-1000
RGMason@wlrk.com
ARWolf@wlrk.com
MHCassel@wlrk.com

Dated:  September 8, 2023