## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>    Defendant. | Case No. 1:17-mc-00151-LPS |

## CONOCOPHILLIPS' REPLY IN SUPPORT
## OF MOTION FOR RECONSIDERATION OF THIS COURT'S JULY 17, 2023 ORDER

*Of Counsel*:

Michael S. Kim
Marcus J. Green
Lydia L. Halpern
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
(212) 488-1200
michael.kim@kobrekim.com
marcus.green@kobrekim.com
jef.klazen@kobrekim.com
lydia.halpern@kobrekim.com

Richard G. Mason
Amy R. Wolf
Michael H. Cassel
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York 10019
(212) 403-1000
RGMason@wlrk.com
ARWolf@wlrk.com
MHCassel@wlrk.com

Dated: September 25, 2023

ROSS ARONSTAM & MORITZ LLP

Garrett B. Moritz (Bar No. 5646)
Elizabeth M. Taylor (Bar No. 6468)
1313 North Market Street, Suite 1001
Wilmington, Delaware 19801
(302) 576-1600
gmoritz@ramllp.com
etaylor@ramllp.com

*Attorneys for Phillips Petroleum Company Venezuela Limited, ConocoPhillips Petrozuata B.V., ConocoPhillips Hamaca B.V., and ConocoPhillips Gulf of Paria B.V.*

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

    A.    PDVH's Fiduciary-Duty Concerns Are Meritless ............................................................. 2

    B.    The Evident Purpose of the Court of Chancery Action Is to Frustrate this Proceeding................................................................................................................................. 5

    C.    PDVH's Invitation to Intervene in the Court of Chancery Runs Afoul of the *Princess Lida* Doctrine ..................................................................................................... 7

CONCLUSION.............................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anadarko Petroleum Corp.* v. *Panhandle E. Corp.*,
　545 A.2d 1171 (Del. 1988) ......................................................................................................2, 3

*Castro* v. *ITT Corp.*,
　598 A.2d 674 (Del. Ch. 1991) ......................................................................................................4

*Chase Nat'l Bank* v. *Norwalk*,
　291 U.S. 431 (1934) ..............................................................................................................7 n.2

*Cleveland* v. *Chamberlain*,
　66 U.S. 419 (1861) ......................................................................................................................6

*Dailey* v. *Nat'l Hockey League*,
　987 F.2d 172 (3d Cir. 1993) ........................................................................................................8

*Dyno* v. *Dyno*,
　2021 WL 3508252 (3d Cir. Aug. 10, 2021) ............................................................................8, 9

*Estate of Levin* v. *Wells Fargo Bank, N.A.*,
　2023 WL 3750577 (D.D.C. June 1, 2023) ..................................................................................8

*F.D.I.C.* v. *Four Star Holding Co.*,
　178 F.3d 97 (2d Cir. 1999) ..........................................................................................................8

*Gould* v. *Control Laster Corp.*,
　866 F.2d 1391 (Fed. Cir. 1989) ...................................................................................................6

*Hamilton Partners, L.P.* v. *Englard*,
　11 A.3d 1180 (Del. Ch. 2010) ................................................................................................2, 3

*In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine)*
　*Prod. Liability Litig.*,
　282 F.3d 220 (3d Cir. 2002) ........................................................................................................9

*In re Rehab. of Manhattan Re-Ins. Co.*,
　2011 WL 4553582 (Del. Ch. Oct. 4, 2011) .................................................................................8

*Jimenez* v. *Palacios*,
　250 A.3d 814 (Del. Ch. 2019) .....................................................................................................3

*Leopard Marine & Trading, Ltd.* v. *Easy Street Ltd.*,
　876 F.3d 174 (2d Cir. 2018) ......................................................................................................10

*Lord* v. *Veazie*,
    49 U.S. 251 (1850)..................................................................................................6

*Martin* v. *Wilks*,
    490 U.S. 755 (1989)............................................................................................7 n.2

*Merrill Lynch Pierce Fenner & Smith, Inc.* v. *North European Oil Royalty Trust*,
    490 A.2d 558........................................................................................................4

*Mid-Jersey Nat'l Bank* v. *Fidelity-Mortg. Inv.*,
    518 F.2d 640 (3d Cir. 1975)................................................................................10

*Petroleos de Venezuela, S.A.* v. *MUFG Union Bank, N.A.*,
    51 F.4th 456 (2d Cir. 2022) ............................................................................. 3-4

*Petroleos de Venezuela, S.A.* v. *PDV Holding, Inc.*,
    C.A. No. 2023-0778-PAF (Del. Ch. Sept. 21, 2023)..............................................4, 5

*Princess Lida of Thurn & Taxis* v. *Thompson*,
    305 U.S. 456 (1939)..................................................................................... *passim*

*Quadrant Structured Products Co., Ltd.* v. *Vertin*,
    102 A.3d 155 (Del. Ch. 2014)...............................................................................2

*South Spring Hill Gold-Min. Co.* v. *Amador Medean Gold-Min. Co.*,
    145 U.S. 300 (1892)...............................................................................................6

*Trenwick Am. Litig. Trust* v. *Ernst & Young, L.L.P.*,
    906 A.2d 168 (Del. Ch. 2006)...............................................................................5

*United States* v. *Klein*,
    303 U.S. 276 (1938)............................................................................................10

**Statutes**

8 *Del. C.* § 167 ........................................................................................................4

8 *Del. C.* § 169 ....................................................................................................4 n.1

Non-parties Phillips Petroleum Company Venezuela Limited, ConocoPhillips Petrozuata B.V., ConocoPhillips Gulf of Paria B.V., and ConocoPhillips Hamaca B.V. (plaintiffs in Cases No. 19-mc-00342-LPS, No. 22-mc-00264-LPS, and No. 22-mc-464-LPS) (collectively, "ConocoPhillips") hereby replies in support of the motion for reconsideration of this Court's July 17 Order, and respectfully states as follows:

## PRELIMINARY STATEMENT

The July 17 Order was not an invitation for the Venezuela Parties to engage in tactical litigation to frustrate the sale process. Rather, it reflected a determination by the Court that the PDVH share certificate would need to be reissued expeditiously to facilitate the sale process. It included a limited grant of permission to allow PDVSA to resolve the missing share certificate issue on its own, but PDVH's demand in the Court of Chancery for a substantial bond that it knows PDVSA cannot post is an abuse of that limited permission.

PDVH is a *wholly owned, solvent subsidiary* of PDVSA. It is entirely subject to the control and direction of its sole stockholder. As such, any of PDVH's acts, including its demand for a substantial bond in a proceeding ostensibly brought against it by PDVSA, is subject to the control of PDVSA. PDVSA cannot be in satisfactory compliance with this Court's Order to produce the share certificate when it is allowing (or directing) its wholly owned subsidiary to seek to obstruct that very Order.

PDVH's suggestion that creditors should intervene in the Court of Chancery is not the appropriate means of resolving the problem PDVSA and PDVH have created. This Court has exclusive jurisdiction and authority over the PDVH shares, and this Court, not the Court of Chancery, has the exclusive power to enter orders affecting them. *See Princess Lida of Thurn & Taxis* v. *Thompson*, 305 U.S. 456, 466 (1939). Creditors who have long been proceeding before this Court to attach the PDVH shares cannot be required to intervene in another forum to protect

their interest in those very shares. *Id.* The July 17 Order invited the Sale Process Parties and the Special Master to seek reconsideration if the results of the limited permission given to PDVSA were "unsatisfactory," and the Movants here properly followed the Court's procedure. Respectfully, the Court should immediately direct PDVH to produce a new certificate.

## ARGUMENT

ConocoPhillips' previously filed joinder and the submissions of Crystallex and Red Tree in the Court of Chancery (annexed as <u>Exhibit A</u>) adequately establish the facts demonstrating that PDVH's concern about the potential existence of a good-faith purchaser or pledgee with an interest in the PDVH shares is both implausible and contrary to prior representations to this Court and the Court of Chancery. In this reply, ConocoPhillips addresses other points raised by PDVH in its response.

### A.   PDVH's Fiduciary-Duty Concerns Are Meritless

PDVH claims that it is merely fulfilling its directors' "fiduciary duty to protect the company" by insisting on a substantial bond. D.I. 724 at 1, 10. This claim is contrary to Delaware law, which dictates that PDVH's sole fiduciary duty is to its owner, PDVSA. The Delaware Supreme Court has held that "in a parent and wholly-owned subsidiary context, the directors of the subsidiary are obligated only to manage the affairs of the subsidiary in the best interests of the parent and its shareholders." *Anadarko Petroleum Corp.* v. *Panhandle E. Corp.*, 545 A.2d 1171, 1174 (Del. 1988); *accord Quadrant Structured Products Co., Ltd.* v. *Vertin*, 102 A.3d 155, 184 (Del. Ch. 2014) ("when the subsidiary is solvent . . . the directors of the subsidiary are obligated only to manage the affairs of the subsidiary in the best interests of the parent and its shareholders" (internal quotations omitted)); *Hamilton Partners, L.P.* v. *Englard*, 11 A.3d 1180, 1208 (Del. Ch. 2010) ("The fiduciary duties owed by directors of a wholly owned subsidiary[y] run only to the parent."). There is no doubt that PDVH is solvent; therefore, PDVH's choice to defy the wishes

of its sole stockholder (and even litigate to prevent those wishes from being carried out) is a clear breach of fiduciary duty, not in furtherance of it. And if by insisting on the bond PDVH is carrying out the wishes of its parent (as would be expected), then PDVSA (notwithstanding what PDVSA has said in its filings) is undermining this Court's order through PDVH.

PDVSA appointed all of PDVH's directors in its capacity as sole shareholder and can replace them at will. *See Jimenez* v. *Palacios*, 250 A.3d 814, 825) (Del. Ch. 2019). PDVH is therefore entirely subject to PDVSA's control and direction. PDVH's refusal to issue a new certificate and its decision to litigate against PDVSA is entirely up to *PDVSA*, not PDVH's "independent" judgment. *See generally Hamilton Partners*, 11 A.3d at 1206 ("the parent corporation determines, through its 100 percent control, whether or not the subsidiary will sue"). A solvent, wholly owned subsidiary's proper role is not to be adverse when its parent company makes a permissible direction, but instead to carry out that direction. PDVH is thus simply wrong when it says that its directors are entitled to insist on a bond in contravention of PDVSA's direction—their sole duty is to "to manage the affairs of [PDVH] in the best interests of [PDVSA] and [PDVSA's] shareholders." *Anadarko*, 545 A.2d at 1174.

In furtherance of its refusal to carry out its parent's instructions, PDVH claims uncertainty as to the identity of its owner. Such uncertainty is based on rank speculation and is disingenuous. Nothing has occurred in the years during which this highly publicized litigation has been taking place that indicates there is any basis to question PDVH's own repeated admissions that it is wholly owned by PDVSA. PDVH Ch. Rep. at 21. This Court has already ruled that PDVH is a wholly owned subsidiary of PDVSA and is in privity with PDVSA for purposes of the *Crystallex* litigation. *Crystallex*, 2021 WL 129803, at *13 (D. Del. Jan. 14, 2021). In 2019, PDVH signed a complaint alleging that "[t]hrough PDV Holdings, a wholly-owned subsidiary, PDVSA indirectly

3

owns 100% of CITGO, a major, U.S.-based oil refiner." *Petroleos de Venezuela, S.A.* v. *MUFG Union Bank, N.A.*, ECF No. 1 ¶ 34 in No. 19-cv-10023-KPF (S.D.N.Y. Oct. 29, 2019).  In 2020, PDVH signed a Rule 56.1 statement agreeing that it was "undisputed" that PDVH is a wholly owned subsidiary of PDVSA.  ECF No. 166 ¶ 15 in No. 19-cv-10023-KPF (S.D.N.Y. July 6, 2020).  In the 2020 bondholder litigation, the Second Circuit ruled that PDVH "is wholly owned by PDVSA."  51 F.4th 456, 460 (2d Cir. 2022).  It is only in this context, where it is convenient (for both PDVH and PDVSA) to manufacture a dispute, that PDVH purports to be unclear as to whether PDVSA is its sole owner.  These newfound expressions of doubt are not to be taken seriously.[1]

PDVH was instructed by its indisputable 100% owner to issue a new certificate pursuant to this Court's instructions.  As PDVH admits in its response, 8 *Del. C.* § 167 provides sufficient authority for PDVH to issue a new certificate to PDVSA at its request.  *See* Resp. at 14 n.14 ("It allows a shareholder to request reissuance, but the decision of whether to do so is discretionary [with the Issuer].").  Unlike the cases cited by PDVH (D.I. 724 at 11), where an unrelated shareholder is seeking to replace a lost certificate, there should have been no need for PDVSA to bring a legal action against its wholly owned subsidiary to compel compliance with its instruction to issue a new certificate.  *See Merrill Lynch Pierce Fenner & Smith, Inc.* v. *North European Oil Royalty Trust*, 490 A.2d 558 (request made by holders of small numbers of shares); *Castro* v. *ITT Corp.*, 598 A.2d 674 (Del. Ch. 1991) (same).

---

[1] PDVH argued to the Court of Chancery that non-U.S. persons might have received the shares from the Maduro government and would be unconcerned about whether the transfer violated U.S. law.  *Petroleos de Venezuela, S.A. v. PDV Holding, Inc.*, C.A. No. 2023-0778-PAF (Del. Ch. Sept. 21, 2023) (D.I. 42 at 6).  Even if so, this would be of no moment.  Inasmuch as the purportedly transferred asset is shares in a Delaware corporation, which are deemed to be located in Delaware, 8 *Del. C.* § 169, the claimed ownership rights of such persons need not and would not be recognized by a U.S. court.

### B. The Evident Purpose of the Court of Chancery Action Is to Frustrate this Proceeding

PDVH's insistence that its fiduciary duty to "the company" requires it to demand a substantial bond before obeying the instructions of its parent is contrary to Delaware law. A wholly owned solvent subsidiary "is to be operated for the benefit of its parent." *Trenwick Am. Litig. Trust* v. *Ernst & Young, L.L.P.*, 906 A.2d 168, 202 (Del. Ch. 2006). Thus, PDVH's demand for a bond is either a violation of its duties to PDVSA or, more likely, is in furtherance of *PDVSA*'s actual goal: obstruction of the sale process. Both PDVH and PDVSA have admitted that PDVSA is not capable of posting *any* bond, much less a substantial one. *See* D.I. 610 at 4. PDVH's litigation position is nothing but a contrivance of an excuse for failure to reissue the certificate, thereby facilitating PDVSA's defiance of this Court's July 17 Order.

PDVH's overheated argument in its response that it "did not ask for a $32–40 billion bond" is disingenuous. D.I. 1-2. PDVH in fact asked the Court of Chancery to require a bond that is "sufficient" to protect PDVH from "substantial" potential liability and expenses, which, it said, could be between $32 billion and $40 billion. (D.I. 711-1 at 14.) When called out on that astronomical demand, PDVH moderated its position and indicated the bond should be closer to $1.5 billion. *Petroleos de Venezuela, S.A.* v. *PDV Holding, Inc.*, C.A. No. 2023-0778-PAF (Del. Ch. Sept. 21, 2023) (D.I. 42 at 10). But in the end, the amount is of no consequence, given PDVSA's representation to the Court of Chancery that it cannot pay *any* bond. Whatever the amount, the result will be the same: There will be no bond posted. Accordingly, unless this Court intervenes and requires reissuance of the certificate, the auction may be permanently derailed, to the benefit of both PDVSA and PDVH.

The reality that PDVSA will win by losing in the Court of Chancery demonstrates that this is precisely the sort of situation that the long-standing rule against collusive proceedings is meant

5

to guard against—the risk that both sides actually prefer the same outcome, to the manifest prejudice of third parties.

PDVH's assertion that the proceeding is not collusive (D.I. 724 at 15) because it and PDVSA are disputing the necessity and amount of the bond misses the mark. Courts have long recognized that when non-adverse litigants seek judicial intervention, there is a substantial risk that the true purpose of the proceeding is to prejudice others. *See Cleveland* v. *Chamberlain*, 66 U.S. 419, 426 (1861) ("It is plain that this is no adversary proceeding . . . . [respondent] becomes the sole party in interest on both sides, makes up a record, and has a case made to suit himself, in order that he may obtain an opinion of this court, affecting the rights and interest of persons not parties to the pretended controversy."); *Lord* v. *Veazie*, 49 U.S. 251, 255-56 (1850) ("[A]ny attempt . . . to obtain the opinion of the court upon a question of law which a party desires to know for his own interest or his own purposes, when there is no real and substantial controversy between those who appear as adverse parties to the suit, is an abuse which courts of justice have always reprehened [sic]."). The rule against non-adverse proceedings is particularly relevant when both parties are controlled by the same person: Such proceedings are categorically viewed as inherently lacking in adversity. *South Spring Hill Gold-Min. Co.* v. *Amador Medean Gold-Min. Co.*, 145 U.S. 300, 301 (1892) ("We cannot, however, consent to determine a controversy in which the plaintiff in error has become the *dominus litis* on both sides."); *accord Gould* v. *Control Laster Corp.*, 866 F.2d 1391, 1394 (Fed. Cir. 1989) ("The fact that seemingly adverse parties appear on two sides of an action is not controlling. If one party is actually and formally in control of the other party, adjudication must be refused. . . . .").

A proceeding that lacks adversity as a matter of law, as in the case of the Court of Chancery proceedings between PDVSA and its wholly owned subsidiary PDVH, does not become adverse

6

when the two parties make arguments nominally in opposition to each other in the hopes of setting up a disputed question for a court to resolve. *See* D.I. 724 at 12. That is precisely the concern with a non-adversary proceeding: A court cannot be confident it is correctly resolving the legal questions presented to it when the parties are under common control, with one party seeking to throw the game.

### C. PDVH's Invitation to Intervene in the Court of Chancery Runs Afoul of the *Princess Lida* Doctrine

PDVH has repeatedly urged the judgment creditors in the *Crystallex* proceeding to seek to intervene in the Court of Chancery. ConocoPhillips has refused this invitation; others have sought to and have had their voices heard without actually intervening.[2] ConocoPhillips has made no filings in the Court of Chancery because it believes that this Court's jurisdiction over the PDVH Shares is exclusive. The July 17 Order made clear that the Sale Process Parties and the Special Master would have recourse to this Court if they believed that the actions of PDVSA in pursuing the reissuance of the certificate were "unsatisfactory." D.I. 644 at 3. Fabrication of adversity between a wholly owned subsidiary and its corporate parent in an effort to secure a bond requirement that *cannot and will not be posted* is plainly unsatisfactory. ConocoPhillips confines its request to ensure the reissuance of the certificate to this Court because, under the *Princess Lida* doctrine, this Court has exclusive jurisdiction over the PDVH Shares.

The *Princess Lida* doctrine derives from the decision of the United States Supreme Court in *Princess Lida of Thurn & Taxis* v. *Thompson*, 305 U.S. 456, 466 (1939), where the Court stated:

> the principle applicable to both federal and state courts that *the court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other*, is not restricted to cases where property has been actually

---

[2] Of course, potentially prejudiced persons are *never* required to intervene in a collusive proceeding to cure its deficiencies. *See Martin* v. *Wilks*, 490 U.S. 755, 763 (1989) ("'The law does not impose upon any person absolutely entitled to a hearing the burden of voluntary intervention in a suit to which he is a stranger.'" (quoting *Chase Nat'l Bank* v. *Norwalk*, 291 U.S. 431, 441 (1934))).

>seized . . . , but applies as well where suits are brought to marshal assets, administer trusts, or liquidate estates, and in suits of a similar nature where, to give effect to its jurisdiction, the court must control the property.  (Emphasis added.)

The *Princess Lida* doctrine has been applied in the modern era in the Third Circuit to divest a court of subject-matter jurisdiction "when: (1) the litigation in both the first and second fora are *in rem* or *quasi in rem* in nature, and (2) the relief sought requires that the second court exercise control over the property in dispute and such property is already under the control of the first court."  *Dailey* v. *Nat'l Hockey League*, 987 F.2d 172, 176 (3d Cir. 1993).  Importantly, property is under the control of the first court within the meaning of *Princess Lida* even if the relevant "property has not actually been seized."  *Dyno* v. *Dyno*, 2021 WL 3508252, at *2 (3d Cir. Aug. 10, 2021).  Merely commencing an action seeking to seize and control property is sufficient.  *See Estate of Levin* v. *Wells Fargo Bank, N.A.*, 2023 WL 3750577, at *9 (D.D.C. June 1, 2023) ("Once such a suit is filed, the property comes within the jurisdiction of that particular proceeding."); *F.D.I.C.* v. *Four Star Holding Co.*, 178 F.3d 97, 102 (2d Cir. 1999) (in foreclosure proceeding, "the federal court acquired jurisdiction over the res upon commencement of the action").  Crystallex's writ-by-estoppel would alone suffice to give this Court exclusive jurisdiction over the PDVH shares; ConocoPhillips' conditional writ of attachment is equally sufficient for this Court to have exclusive jurisdiction under *Princess Lida*.

The matter before this Court—the attachment, execution and sale of the PDVH Shares—requires that the Court control the relevant property to give effect to its jurisdiction.  *See Dyno*, 2021 WL 3508252, at *3.  Proceedings on attachment are a paradigmatic form of *in rem* proceeding within the meaning of *Princess Lida*.  *See Estate of Levin*, 2023 WL 3750577, at *8-9; *see also In re Rehab. of Manhattan Re-Ins. Co.*, 2011 WL 4553582, at *6 (Del. Ch. Oct. 4, 2011) ("Attachment, garnishment, and execution are all *in rem* actions ….").  Because the relief PDVH

8

seeks in the Court of Chancery would have "the practical effect" of hindering this Court's exclusive jurisdiction over the PDVH shares by impeding the attachment, execution and sale of the shares, the Court of Chancery cannot grant that relief. *Dyno*, 2021 WL 3508252, at *3. Indeed, if necessary, this Court could enjoin PDVSA and PDVH from proceeding with the Court of Chancery action. *See In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liability Litig.*, 282 F.3d 220, 234 (3d Cir. 2002) (under Anti-Injunction Act, "federal courts are permitted to stay later-initiated state court proceedings over the same res in actions in rem, because the exercise by the state court of jurisdiction over the same res necessarily impairs, and may defeat, the jurisdiction of the federal court already attached." (internal citation omitted)).

In the July 17 Order, the Court said that it "anticipates and intends that this Order will not materially impact the launch or progress of the *Crystallex* sale process," July 17 Order at 3, and that giving PDVSA "the first opportunity (for a very limited time) to determine how to proceed should not be construed as an indication the Court believes . . . Delaware law poses an impediment to this Court ordering reissuance of the PDVH share certificate." *Id.* at 2. The Court did not suggest that it was divesting its exclusive control over the PDVH shares or opening up a new front for PDVSA to prevent the sale. To the contrary, the Court made clear that it was retaining control, and that if "PDVSA's actions to comply with this Order and produce the share certificate are not proceeding with the necessary speed, or are otherwise unsatisfactory," a Sale Process Party, the Special Master or any other creditor of Venezuela or PDVSA could move for reconsideration. *Id.* at 3. PDVSA's decision to permit its wholly owned and controlled subsidiary to litigate against it for the purpose of frustrating this Court's sale process is plainly "unsatisfactory."

Had PDVSA taken the limited opportunity the Court provided and asked the Court of Chancery to facilitate reissuance of the certificate as a ministerial matter, without attempting to

9

obtain substantive rulings that would interfere with this Court's control over the PDVH shares, perhaps the proceeding could have gone forward consistent with *Princess Lida*. *See Leopard Marine & Trading, Ltd.* v. *Easy Street Ltd.*, 876 F.3d 174, 192-93 (2d Cir. 2018) ("even when property is within the 'possession' and 'exclusive jurisdiction' of one court, a second court does not lose power to render any judgment not in conflict with [the first] court's authority to decide questions within its jurisdiction and to make effective such decisions by its control of the property" (internal citations omitted)); *see also Mid-Jersey Nat'l Bank* v. *Fidelity-Mortg. Inv.*, 518 F.2d 640, 643 (3d Cir. 1975) (federal court has "exclusive jurisdiction . . . so far as restriction of the power of other courts is necessary for the federal court's appropriate control and disposition of the property" (citing *United States* v. *Klein*, 303 U.S. 276, 277 (1938)). But a ministerial proceeding for the purpose of facilitating the ultimate disposition of the PDVH Shares is not what PDVSA and PDVH have embarked on. Instead, despite being entirely subject to PDVSA's control and direction, PDVH is attempting to frustrate this Court's sale process by purporting to fight its parent's direction in the Court of Chancery. Under the *Princess Lida* doctrine, the Court of Chancery is not empowered to countenance that effort.

## CONCLUSION

For the reasons stated herein, in ConocoPhillips' joinder in Crystallex's motion for reconsideration, and in the submissions of Crystallex and Red Tree in the Court of Chancery, PDVSA is abusing the Court's limited grant of permission in the July 17 Order. ConocoPhillips respectfully requests that the Court reconsider its July 17 Order and immediately direct PDVH to produce a new certificate.

10

<div style="display: flex;">

<div>

*Of Counsel*:

Michael S. Kim
Marcus J. Green
Lydia L. Halpern
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
(212) 488-1200
michael.kim@kobrekim.com
marcus.green@kobrekim.com
lydia.halpern@kobrekim.com

Richard G. Mason
Amy R. Wolf
Michael H. Cassel
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York 10019
(212) 403-1000
RGMason@wlrk.com
ARWolf@wlrk.com
MHCassel@wlrk.com

Dated:  September 25, 2023

</div>

<div>

Respectfully submitted,

ROSS ARONSTAM & MORITZ LLP

*/s/ Garrett B. Moritz*
Garrett B. Moritz (Bar No. 5646)
Elizabeth M. Taylor (Bar No. 6468)
Hercules Building
1313 North Market Street, Suite 1001
Wilmington, Delaware 19801
(302) 576-1600
gmoritz@ramllp.com
etaylor@ramllp.com

*Attorneys for Phillips Petroleum Company Venezuela Limited, ConocoPhillips Petrozuata B.V., ConocoPhillips Hamaca B.V., and ConocoPhillips Gulf of Paria B.V.*

</div>

</div>