IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> BOLIVARIAN REPUBLIC OF VENEZUELA, : <br> : <br> Defendant. : | Misc. No. 17-151-LPS |

## MEMORANDUM ORDER

On July 27, 2023, the Court entered a memorandum order (D.I. 646) ("July 27 Order") in which the Court set out the "criteria to designate Additional Judgments[1] and their relative priority to receive proceeds from the upcoming sale of shares of PDVH owned by PDVSA." (*Id.* at 3) The Court determined that "a creditor wishing to be made an Additional Judgment Creditor under the [Sale Procedures Order ("SPO")] must obtain at least a conditional writ of attachment by the Step 5 (Writ) Deadline" and that "any creditor wishing to obtain some portion of the proceeds of that sale" must have perfected its attachment of the PDVH shares by the "Step 7 (Perfected Writ) Deadline." (*Id.* at 12, 17) The Court also determined that the priority of any Additional Judgments would be "based on the date on which a creditor moved for a writ of attachment (or a conditional writ of attachment) *fieri facias* that was eventually granted" and that "creditors with identical priority dates will be treated equally." (*Id.* at 23, 25)

In the July 27 Order, the Court indicated that it would, "by separate order," set the Step 5 (Writ) Deadline, "by which any creditor wishing to participate in the forthcoming sale as an

---

[1] All capitalized terms have the same meaning given to them in the Sale Procedures Order. (D.I. 481)

Additional Judgment Creditor must obtain a writ, which may be conditional or unconditional," and the Step 7 (Perfected Writ) Deadline, "by which any creditor wishing to participate in the forthcoming sale as an Additional Judgment Creditor must have had its writ issued and served." (*Id.* at 6-7) The Court also indicated that it would "by separate Order and after consultation with the Special Master," set out an arrangement for determining the priority by which any judgments will be paid. (*Id.* at 26)

In the July 27 Order, the Court directed the Special Master to submit a joint status report, providing his recommendations as to "(i) what date the Court should set as the Step 5 (Writ) Deadline, (ii) what date the Court should set as the Step 7 (Perfected Writ) Deadline, and (iii) how the Court may best implement its articulated priority arrangement in an orderly manner." (*Id.* at 33) The Court ordered that the joint status report "include the Sale Process Parties' positions on these issues" and further instructed the Special Master to "make efforts to obtain and provide the Court with the views of other entities, including other creditors, on these same matters." (*Id.*)

On August 24, 2023, the Special Master submitted a joint status report (D.I. 693) ("August 24 Joint Status Report"), in which the Special Master provided his recommendations regarding the Step 5 (Writ) Deadline, the Step 7 (Perfected Writ) Deadline, and the implementation of the Court's priority arrangement articulated in the July 27 Order. The August 24 Joint Status Report also included positions expressed by one or more Sale Process Parties and other interested entities that differ from the Special Master's recommendations on these issues. (*Id.* at 2-4, 6)

The Court has reviewed the August 24 Joint Status Report. The Court further discussed these issues with the Special Master, the Sale Process Parties, and other interested entities at a

status conference held on September 12, 2023. Pursuant to the Court's "discretion in setting the terms and conditions for judicial sales," *United States v. Branch Coal Corp.*, 390 F.2d 7, 10 (3d Cir. 1968), **IT IS HEREBY ORDERED** that:

1. The Step 5 (Writ) Deadline **SHALL** be the date that is ten (10) calendar days prior to the deadline for the first round of bidding, whether that be for Stalking Horse bids or regular-way bids.[2] This date was recommended by the Special Master in the August 24 Joint Status Report and is now adopted by the Court as the Step 5 (Writ) Deadline. The SPO sets the date for the first round of bidding as 90 days after October 23, 2023 (the anticipated Launch Date) – that is, January 22, 2024, under the now-governing schedule (*see* D.I. 480 Ex. 1 at 2; D.I. 643 at 11). Accordingly, the Step 5 (Writ) Deadline will be January 12, 2024, under the now-governing schedule. The Step 5 (Writ) Deadline is subject to change if the Launch Date and/or the deadline for the first round of bidding change.

The Court agrees with the Special Master that the date the Court is adopting "appropriately balances the Special Master's need to understand the universe of judgments to be satisfied by the Marketing Process, with interests of judicial economy, and does not jeopardize Crystallex's interest to have its judgment satisfied in an expeditious manner." (D.I. 693 at 2) This date, which is well in advance of the actual sale, also addresses the Venezuela Parties' concerns that more shares will be sold than are necessary to satisfy the judgments, as the maximum amount of judgments the Special Master will attempt to satisfy through the sale will be ascertained by this date.

The Venezuela Parties are the only Sale Process Parties or other interested entities who

---

[2] The Step 5 (Writ) Deadline and the Step 7 (Perfected Writ) Deadline shall be calculated in accordance with Federal Rule of Civil Procedure 6.

3

oppose the Special Master's recommendation. They propose, instead, that the Step 5 (Writ) Deadline be "thirty (30) days prior to the deadline for the submission of the first round of bidding, whether that be the Stalking Horse bids or regular-way bids." (*Id.*) The Venezuela Parties' proposal, which differs from the date the Court has adopted by only about three weeks, is not unreasonable. Still, the Court finds that the Step 5 (Writ) Deadline proposed by the Special Master is better aligned with the need to "promote the interests of including as many creditors as possible in the forthcoming sale" (D.I. 646 at 13) while not materially hindering the prospective bidders' ability to decide their bidding strategy based on the universe of actual judgments to be satisfied.

2. The Step 7 (Perfected Writ) Deadline **SHALL** be the date that is ninety (90) calendar days after the Step 5 (Writ) Deadline, but in no event will such date occur later than the date that is ten (10) calendar days prior to the deadline for the final round of bidding. This date was recommended by the Special Master in the August 24 Joint Status Report and is now adopted by the Court as the Step 7 (Perfected Writ) Deadline. The SPO sets the date for the final round of bidding as 210 days after October 23, 2023 (the anticipated Launch Date) – that is, May 20, 2024, under the now-governing schedule (*see* D.I. 480 Ex. 1 at 2; D.I. 643 at 11). Accordingly, the Step 7 (Perfect Writ) Deadline will be April 11, 2024, under the now-governing schedule, which is ninety (90) calendar days after the Step 5 (Writ) Deadline, and is not later than ten (10) calendar days prior to the deadline for the final round of bidding. The Step 7 (Perfect Writ) Deadline is subject to change if the Launch Date, the deadline for the final round of bidding, and/or the Step 5 (Writ) Deadline change.

In the July 27 Order, the Court proposed that the "logical Step 7 (Perfected Writ) Deadline may be halfway between the deadline to submit Stalking Horse Bids and the deadline

4

for the Special Master to designate a stalking horse bidder – which would be 120 days after the Launch Date, or February 20, 2024." (D.I. 646 at 18) In the August 24 Joint Status Report, the Special Master indicated that "[a]fter consultation with the Sale Process Parties, and considering the recommended Step 5 (Writ) Deadline . . ., the Special Master believes that additional time beyond February 20, 2024 may be needed for the Court and the Special Master to organize and implement an orderly Step 6 and Step 7, in an effort to avoid an unseemly run on the U.S. Marshal." (D.I. 693 at 3)

The Court agrees with the Special Master that while the Step 7 (Perfected Writ) Deadline should be set "sufficiently in advance of the culmination of the Marketing Process, so as to avoid confusion regarding the final judgment pool when selecting the winning bidder," it should also "provide a sufficient amount of time for the Court to issue an order setting priority and directing the sequencing and execution of Step 6 and Step 7, including any necessary coordination with the U.S. Marshal." (*Id.*) The Court believes that the Step 7 (Perfected Writ) Deadline recommended by the Special Master appropriately balances the Special Master's need to know, with certainty, the amount of judgments to be satisfied by the Marketing Process, Crystallex's entitlement to expeditious satisfaction of its debt, and the Venezuela Parties' interest in understanding the total amount of judgments as early as practicable, with the other creditors' interest in having their judgments satisfied and judicial economy, which favors conducting the minimum number of sales.

The Venezuela Parties agree with the Special Master that the Step 7 (Perfected Writ) Deadline should be "ninety (90) days after the Step 5 (Writ) Deadline," but propose that the Step 7 (Perfected Writ) Deadline "in no event shall . . . occur later than the date that is thirty (30) days prior to the deadline for the submission of the final round of bidding." (D.I. 693 at 4)

While the Venezuela Parties' proposal, which (potentially) differs from the date the Court has adopted by only about three weeks, is not unreasonable, the Court nonetheless finds that the Special Master's proposal better serves the need to "promote the interests of including as many creditors as possible in the forthcoming sale" (D.I. 646 at 13) without materially affecting the prospective bidders' ability to determine their bids based on the actual amount of judgments. Allowing additional time after the Step 5 (Writ) Deadline to perfect the attachments may also be helpful given the currently unsettled status of the share certificate establishing PDVSA's ownership of PDVH. (*See, e.g.*, D.I. 644, 648, 650, 709).[3]

3. The Special Master's recommendations regarding procedures to implement the priority arrangement outlined in the Court's July 27 Order are **ADOPTED**. (*See* D.I. 693 at 4-6) Each party seeking to become an Additional Judgment Creditor **SHALL** file on the docket of the *Crystallex* case (Misc. No. 17-151-LPS), no later than three (3) business days after entry of this Memorandum Order, a summary of the dates of all completed Steps, as outlined in the July 27 Order (*see* D.I. 646 at 3-7), including supporting documentation sufficient to support the party's representations. After this initial filing, each party seeking to become an Additional Judgment Creditor **SHALL** make further filings on the docket of the *Crystallex* case (Misc. No. 17-151-LPS) indicating any additional Step completed, no later than three (3) business days after the completion of such additional Step, including supporting documentation sufficient to support the

---

[3] On July 31, 2023, PDVSA filed an action in the Delaware Court of Chancery, asking that it order PDVH to reissue the share certificate. (*See* D.I. 650) Vice Chancellor Fioravanti held a hearing on September 22 and indicated that he would issue a ruling in the case by the end of October. (*See* D.I. 736) The Court intends to hold in abeyance the pending motion filed by Crystallex (which ConocoPhillips joined and the Special Master moved to join) seeking an expedited order to compel PDVH to immediately reissue the share certificate (D.I. 709, 718, 720) until sometime after the Vice Chancellor issues his ruling. For the avoidance of any doubt, the Court reiterates that it has *not* determined that it lacks authority to order PDVH to reissue the share certificate. (*See* D.I. 644 at 2-3)

6

party's representations. The Special Master **SHALL** maintain a chart ("Steps Chart") tracking the progress of each party seeking to become an Additional Judgment Creditor and shall submit the Steps Chart to the Court by filing on the docket of the *Crystallex* case (Misc. No. 17-151-LPS) on no less than a monthly basis. The Court will, as necessary, issue additional orders consistent with the procedures recommended by the Special Master, and now adopted by the Court, to further implement the priority arrangement procedures.

The Venezuela Parties, Crystallex, and Red Tree Investments, LLC made several additional proposals and requests regarding the priority arrangement procedures. (*See* D.I. 693 at 6; D.I. 727) These proposals and requests appear to be complementary to, rather than inconsistent with, the priority arrangement procedures recommended by the Special Master. The Special Master indicated at the September 12 status conference and in a letter filed on September 20 (D.I. 729) that he does not object to these proposals and requests. Nor has the Court received any objections from the Sale Process Parties or any other interested entities regarding these proposals and requests. Therefore, the proposals and requests made by the Venezuela Parties, Crystallex, and Red Tree Investments, LLC with respect to priority arrangement procedures (*see* D.I. 693 at 6), including the language necessary to implement Crystallex's proposal, submitted by Crystallex pursuant to the Court's instruction at the September 12 status conference (*see* D.I. 727), are **ADOPTED**.

The Court will enter additional orders, consistent with this Memorandum Order, in each of the creditor actions.

October 11, 2023  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT COURT