# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Case No. 17-mc-151-LPS |
| OI EUROPEAN GROUP B.V., <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Case No. 19-mc-290-LPS |
| NORTHROP GRUMMAN SHIP SYSTEMS, INC., <br><br> Plaintiff., <br><br> v. <br><br> THE MINISTRY OF DEFENSE OF THE REPUBLIC OF VENEZUELA, <br><br> Defendant. | Case No. 1:20-mc-00257-LPS |
| ACL1 INVESTMENTS LTD., et. al, <br><br> Plaintiffs, <br><br> v. | Case No. 21-mc-46-LPS |

| | |
|---|---|
| BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>Defendant. | |
| RUSORO MINING LIMITED,<br><br>      Plaintiff,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>Defendant. | Case No. 21-mc-481-LPS |
| KOCH MINERALS SÀRL, KOCH NITROGEN INTERNATIONAL SÀRL,<br><br>      Plaintiffs,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>Defendant. | Case No. 22-mc-156-LPS |
| GOLD RESERVE INC.,<br><br>      Plaintiff,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>Defendant. | Case No. 22-mc-453-LPS |

**MOTION FOR MISCELLANEOUS RELIEF IN CONNECTION WITH THE SALE**

**PROCEDURES ORDER**

OI European Group B.V. ("OIEG"); Northrop Grumman Ship Systems, Inc., f/k/a Ingalls Shipbuilding, Inc., and now known as Huntington Ingalls Incorporated ("Huntington Ingalls"); ACL1 Investments Ltd., ACL2 Investments Ltd., and LDO (Cayman) XVIII Ltd. (together, "ACL"); Rusoro Mining Limited; Koch Minerals Sàrl ("KOMSA") and Koch Nitrogen International Sàrl ("KNI," and, together with KOMSA, the "Koch Parties"); and Gold Reserve Inc. (collectively, the "Six Creditors") hereby respectfully move for an order conclusively designating the Six Creditors (and any other eligible conditional attachment recipients) as Additional Judgment Creditors (and/or Sale Process Parties, if necessary) under the Sale Procedures Order (1:17-mc-151, D.I. 481, the "SPO"), confirming that the SPO is applicable in the Six Creditor actions captioned above, and/or ordering such relief as the Court deems necessary to clarify that the SPO will remain in full force and effect irrespective of any possible resolution of the judgments obtained by the existing Sale Process Parties.

## BACKGROUND

The undersigned Six Creditors have all obtained conditional writs of attachment and thus have completed Steps 1 through 5 prescribed by the Court in its July 27, 2023 Order.  *See* 1:17-mc-151, D.I. 743, 744, 748, 754, 756, 757.  As a result, the undersigned Six Creditors are, at the very least, eligible to be designated at this time by the Court as "Additional Judgment Creditors" within the meaning of the SPO.  *See* 1:17-mc-151, D.I. 646 at 12-13 (noting that holders of conditional writs of attachment are eligible to be designated Additional Judgment Creditors, listing the Six Creditors as parties that "have obtained conditional writs" and "should be eligible to be named Additional Judgment Creditors . . . .").

Until recently, however, the manner for perfecting service of the conditional writs of attachment was clouded by the assertion by Petróleos de Venezuela, S.A. ("PDVSA") that it was

unable to locate its stock certificate for PDV Holding, Inc. ("PDVH"). Indeed, PDVSA's inability to locate its stock certificates is one of the express reasons given by the Court for delaying deadlines for the completion of Steps 6 and 7 for those parties, like the Six Creditors, that have completed Step 5. *See* 1:17-mc-151, D.I. 738, at 6 ("Allowing additional time after the Step 5 (Writ) Deadline to perfect their attachments may also be helpful given the currently unsettled status of the share certificate establishing PDVSA's ownership of PDVH.").

However, in the past week, the matter of PDVSA's "lost" stock certificates has been resolved, because: (*i*) on November 28, 2023, Vice Chancellor Fioravanti of the Delaware Court of Chancery rendered a judgment and issued an opinion and order in the matter of *Petróleos de Venezuela, S.A. v. PDV Holding, Inc.*, C.A. No. 2023-0778-PAF, ordering PDVH to issue a replacement stock certificate, conditioned on PDVSA's posting of an unsecured bond of $10,000;[1] and (*ii*) on December 7, 2023, PDVSA provided the bond and filed a notice stating that all parties agreed that the bond is a sufficient security. *See* Ex. A. With the bond posted, PDVH must now reissue the physical share certificate (the Six Creditors are unaware of the status of the reissuance, but assume that PDVH will be reissuing the share shortly, if not already, and will provide notice of such reissuance on the docket).

Once that occurs, the Six Creditors will be eligible to perfect their writs of attachment in accordance with, and prior to the expiration of, the current deadlines for Steps 5 through 7. However, time is of the essence. As the sale approaches, there is a meaningful risk that the Venezuela Parties could attempt to thwart the sale process, including potentially by satisfying or otherwise consensually resolving the judgments owed to the current Sale Process Parties,

---

[1] *See* 1:17-mc-151, D.I. 792 (attaching order).

Crystallex International Corporation ("Crystallex") and ConocoPhillips Petrozuata B.V. ("ConocoPhillips").

In such a scenario, the interests of the Six Creditors (and all other recipients of conditional writs of attachment prior to the Step 5 deadline) could be jeopardized. In particular, unless the Court clarifies and ensures that the sale process will continue, even in the event of a settlement between the Venezuela Parties and a current Sale Process Party, the Special Master may erroneously conclude that his work should cease, based on the language in the SPO providing that, "[i]f at any time all Attached Judgments become satisfied in full (or otherwise are consensually resolved), then the Special Master shall cease implementation of the Sale Procedures and seek further direction from the Court." SPO at 24. At minimum, such circumstances (in the absence of other Attached Judgments) could create ambiguity concerning whether and on what schedule the sales process will continue, which would contradict the Court's oft-stated maxim that the sale process must and will continue in a manner that will generate a value-maximizing sale of the PDVH shares for the benefit of the maximum number of creditors.

To be clear, the Six Creditors do not agree that this would be an appropriate result, even if both Crystallex and ConocoPhillips have their relevant judgments satisfied. Any such discontinuation would destroy the work of, and hinder or delay the prospects of recovery for, the many additional creditors, like the Six Creditors, who have, in good faith, expended significant resources to secure their interests through a Court-ordered sale process that is already underway. The stock certificate is ready to be levied upon. There is no reason to risk a scenario where the entire sale process must be delayed or restarted because the parties were artificially waiting for the Step 5 deadline to arrive in order to perfect their attachments.

## **RELIEF REQUESTED**

The undersigned Six Creditors, in order to avoid the potential negative consequences of any efforts to undermine the significant efforts all have made to ensure that the sale process is not derailed due to unnecessary delay in the service of their conditional writs of attachment, request that the Court issue an order clarifying that, in the event that Crystallex and/or ConocoPhillips discontinue their pursuit of the sale process (or any other event that would result in the removal of Crystallex and/or ConocoPhillips as Sale Process Parties or a potential delay of the existing sale process): (*a*) the SPO shall apply with full force and effect in the Six Creditors' proceedings and the current timeline shall not be modified without further order of the Court; and (*b*) the Six Creditors shall be deemed Additional Judgment Creditors for purposes of paying the fees and expenses of the Special Master going forward.

The Six Creditors seek only to clarify the continued effect of the SPO for the benefit of the non-Sale Process Parties and as an assurance for the Special Master's ongoing role.  Thus, the Six Creditors recognize that there could be alternative forms of relief available and request that the Court provide any relief it deems appropriate to clarify that the sale process will continue in accordance with the SPO and the current deadlines thereunder, irrespective of any possible resolution of the judgments obtained by the existing Sale Process Parties.  Such alternative or additional relief could include:

1.) designating immediately the Six Creditors (and all other creditors that have reached Step 5) as Additional Judgment Creditors (and/or Sale Process Parties in the event that all creditor Sale Process Parties are no longer seeking to enforce their judgments through the SPO), or

2.) implementing the perfection process immediately in accordance with the Court's priority scheme.

The above-referenced measures would help protect the Court's sale process and continued effect of the SPO on the current timeline. To start, making the SPO applicable to all creditors' actions would forestall arguments that discontinuation of the *Crystallex* action should prejudice other creditors. Further, designating the Six Creditors (and all other Step 5 creditors) as Additional Judgment Creditors would sufficiently protect the sale process because Additional Judgment Creditors have rights under both the order appointing the Special Master and the SPO. *See* 1:17-mc-151, D.I. 277 ¶ 2 (Special Master should devise a plan "to satisfy the outstanding judgment of . . . any other judgment creditor added to the Sale"); D.I. 481 ¶ 29 (allowing Special Master to stop work only if all Attached Judgments, which includes Additional Judgments, are satisfied). And nonparties with rights under orders can enforce those orders. Fed. R. Civ. P. 71 ("When an order grants relief for a nonparty . . . , the procedure for enforcing the order is the same as for a party.").

To avoid any doubt, the Six Creditors do not request to be designated as Sale Process Parties unless and until the current creditor Sale Process Parties were to resolve their claims with the Venezuela Parties. The Six Creditors have no intent to alter or derail the current process under the SPO. They are, however, willing to step into the role of the creditor Sale Process Parties in the event that role were to become vacant, to sustain the sale process. Similarly, the Six Creditors are ready and willing to become Additional Judgment Creditors and share the Transaction Expenses in relation to the sale in accordance with the SPO and this Court's prior orders.

With regard to perfecting all Step 5 creditors' writs, such a measure would simply be implementing the Special Master's previously recommended (and Court-adopted) priority perfection process on a rolling basis prior to the current Step 5 deadline. By obtaining perfected

writs of attachment, any potential bidders would be comforted by the fact that the sale process includes a perfected attachment at all times even if Crystallex were to choose to no longer be part of the process (as only perfected attachments may be satisfied at the closing of the sale).

The contents of this motion were disclosed to the Special Master prior to filing.

Dated: December 15, 2023

| **MORGAN, LEWIS & BOCKIUS LLP**<br><br>By: /s/ Jody C. Barillare<br>Jody C. Barillare (#5107)<br>1201 N. Market St., Suite 2201<br>Wilmington, DE 19801<br>Telephone: 302-574-3000<br>Facsimile: 302-574-3001<br>jody.barillare@morganlewis.com<br><br> - and -<br><br>Jonathan Albano (*pro hac vice*)<br>Christopher L. Carter (*pro hac vice*)<br>One Federal Street<br>Boston MA 02110<br>Telephone: 617-341-7700<br>Facsimile: 617-341-7701<br>jonathan.albano@morganlewis.com<br>christopher.carter@morganlewis.com<br><br><br>**SEQUOR LAW, P.A.**<br>Edward H. Davis, Jr. (*pro hac vice*)<br>Fernando J. Menendez (*pro hac vice*)<br>1111 Brickell Ave., Suite 1250<br>Miami, FL 33131<br>Telephone: 305-372-8282<br>Facsimile: 305-372-8202<br>edavis@sequorlaw.com<br>fmenendez@sequorlaw.com<br><br>*Attorneys for OI European Group B.V.* | **PACHULSKI STANG ZIEHL & JONES, LLP**<br><br>By: /s/ Peter J. Keane<br>Laura Davis Jones (#2436)<br>Peter J. Keane (#5503)<br>919 North Market Street, Suite 1600<br>P.O. Box 8705<br>Wilmington, DE 19899-8705<br>Telephone: 302-652-4100<br>ljones@pszjlaw.com<br>pkeane@pszjlaw.com<br><br><br>**ALSTON & BIRD LLP**<br>Alexander A. Yanos (*pro hac vice*)<br>Robert Poole (*pro hac vice*)<br>90 Park Avenue, 15th Floor<br>New York, NY 10016-1387<br>Telephone: 212-210-9400<br>alex.yanos@alston.com<br>robert.poole@alston.com<br><br>*Attorneys for: (i) Northrop Grumman Ship Systems, Inc., f/k/a Ingalls Shipbuilding, Inc. and now known as Huntington Ingalls Incorporated, and (ii) Koch Minerals Sàrl and Koch Nitrogen International Sàrl* |

| | |
|---|---|
| **ASHBY & GEDDES**<br><br>By: */s/ Marie M. Degnan*<br>Marie M. Degnan (#5602)<br>Randall J. Teti (#6334)<br>500 Delaware Ave., 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>Telephone: 302-654-1888<br>mdegnan@ashbygeddes.com<br>rteti@ashbygeddes.com<br><br>**RILEY & JACOBSON, PLC**<br>Joshua S. Bolian<br>Jared A. Hagler<br>1906 West End Avenue<br>Nashville, Tennessee 37203<br>Telephone: 615-320-3700<br>jbolian@rjfirm.com<br>jhagler@rjfirm.com<br><br>*Attorneys for ACL1 Investments Ltd., ACL2 Investments Ltd. and LDO (Cayman) XVIII Ltd.* | **DLA Piper LLP (US)**<br><br>By: */s/ Craig Martin*<br>R. Craig Martin (#005032)<br>1201 North Market Street<br>Suite 2100<br>Wilmington, DE 19801<br>Telephone: 302-468-5655<br>Fax: 302-778-7834<br>craig.martin@us.dlapiper.com<br><br>- and -<br><br>James E. Berger<br>Charlene C. Sun<br>Joshua S. Wan<br>1251 Avenue of the Americas<br>New York, NY 10020<br>Telephone: 212-335-4715<br>Fax: 212-884-8715<br>James.berger@us.dlapiper.com<br>Charlene.sun@us.dlapiper.com<br>Joshua.wan@us.dlapiper.com<br><br>*Attorneys for Rusoro Mining Limited* |
| **WOMBLE BOND DICKINSON (US) LLP**<br><br>By: */s/ Kevin J. Mangan*<br>Kevin J. Mangan (#3810)<br>Matthew P. Ward (#4471)<br>Stephanie S. Riley (#5803)<br>1313 N. Market St., Suite 1200<br>Wilmington, DE 19801<br>Telephone: 302-252-4320<br>Kevin.mangan@wbd-us.com<br>Matthew.ward@wbd-us.com<br>Stephanie.riley@wbd-us.com<br><br><br>**NORTON ROSE FULBRIGHT US LLP**<br>Matthew H. Kirtland (*pro hac vice*)<br>799 9th Street NW, Suite 1000 | |

| | |
|---|---|
| Washington, DC 20001<br>Telephone: 202-662-0200<br>Matthew.kirtland@nortonrosefulbright.com<br><br>- and -<br><br>Katherine G. Connolly (*pro hac vice*)<br>555 California Street, Suite 3300<br>San Francisco, CA 94101<br>Telephone: 628-231-6816<br>Katie.connolly@nortonrosefulbright.com<br><br>*Attorneys for Gold Reserve Inc.* | |