# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION,<br><br>                     Plaintiff,<br><br>     v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>                     Defendant. | No. 17 Misc. 151 (LPS) |
| RED TREE INVESTMENTS, LLC,<br><br>                     Plaintiff,<br><br>     v.<br><br>PETRÓLEOS DE VENEZUELA, S.A. and PDVSA PETRÓLEO, S.A.,<br><br>                     Defendants. | Nos. 22 Misc. 68 & 22 Misc. 69 (LPS) |
| CONTRARIAN CAPITAL MANAGEMENT, L.L.C., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN DOME DU GOUTER MASTER FUND, LP, CONTRARIAN CAPITAL SENIOR SECURED, L.P., CONTRARIAN EM II, LP, CONTRARIAN EMERGING MARKETS, L.P., BOSTON PATRIOT SUMMER ST LLC, POLONIUS HOLDINGS, LLC, EMMA 1 MASTER FUND, L.P., CONTRARIAN FUNDS, L.L.C., and E1 SP, A SEGREGATED ACCOUNT OF EMAP SPC,<br><br>                     Plaintiffs,<br><br>     v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>                     Defendant. | Nos. 21 Misc. 18, 22 Misc. 131 & 22 Misc. 263 (LPS) |

**RED TREE INVESTMENTS, LLC'S AND CONTRARIAN'S MOTION FOR MISCELLANEOUS RELIEF IN CONNECTION WITH THE SALE PROCEDURE ORDER AND LIMITED JOINDER IN THE SIX CREDITORS' MOTION FOR MISCELLANEOUS RELIEF IN CONNECTION WITH THE SALE PROCEDURE ORDER**

Red Tree Investments, LLC ("Red Tree"), Contrarian Capital Management, L.L.C., Contrarian Capital Fund I, L.P., Contrarian Dome du Gouter Master Fund, LP, Contrarian Capital Senior Secured, L.P., Contrarian EM II, LP, Contrarian Emerging Markets, L.P., Boston Patriot Summer St LLC, Polonius Holdings, LLC, Emma 1 Master Fund, L.P., Contrarian Funds, L.L.C., and E1 SP, a Segregated Account of EMAP SPC ("Contrarian") respectfully move for an order (1) conclusively designating them (and any other eligible conditional attachment recipients) as Additional Judgment Creditors and (2) expediting the service of their conditional writs of attachment on the PDVH shares. Red Tree and Contrarian also join the Six Creditors' Motion for Designation as Additional Judgment Creditors to the extent it requests the same relief.

Red Tree and Contrarian already qualify as Additional Judgment Creditors. They have been issued conditional writs of attachment and have satisfied Steps 1 through 5 set by the Court's July 27 order. *See* 17 Misc. 151 D.I. 646 (order), 578 (Red Tree steps submission), 780 (Contrarian steps submission). They thus meet the only requirement the Court imposed to be an Additional Judgment Creditor – to "obtain at least a conditional writ of attachment by the Step 5 (Writ) Deadline." *Id.*, D.I. 646 at 12; *see also id.*, D.I. 738 at 3 (setting the Step 5 deadline as January 12, 2024). There is no reason to put off acknowledging that they have that status now.

Nor are there any hurdles left to serving Red Tree's and Contrarian's writs now. The Delaware Court of Chancery ordered PDVH to issue a replacement PDVH stock certificate on November 28, 17 Misc. 151 D.I. 792-1, resolving the Venezuela Parties' argument against serving writs based on the stock certificate. OFAC has issued a license authorizing service of writs of attachment on the PDVH shares for Additional Judgment Creditors such as Red Tree and Contrarian. *Id.*, D.I. 555. The Venezuela Parties' motions to take interlocutory appeals from Red Tree's and Contrarian's conditional attachments have been denied. 22-8027, D.I. 16 (3d Cir. July 26, 2022); 23 Misc. 18, D.I. 92. And while the Venezuela Parties have also attempted to take a

direct appeal from the order granting Contrarian's conditional attachment, they have not sought a stay pending that appeal. *See also* 21-3144, D.I. 4 (3d Cir. Dec. 8, 2023) (order raising whether there is a jurisdictional defect in the direct appeal).

Further, recognizing Red Tree and Contrarian as Additional Judgment Creditors and serving their writs will not impede the Court's and Special Master's efforts to organize the perfection and priority of attachments. Much of that work has already been done. The Court has already laid down rules for the priority of attachments, 17 Misc. 151 D.I. 646 at 23-25, the Special Master has applied those rules to determine creditors' actual priorities,[1] *id.*, D.I. 789-1, and the Court has determined the process for how writs should be served, first by judgment creditors and then by the Marshal, *id.*, D.I. 646 at 26-27. Once the Special Master's priority list is finalized, the Court can immediately permit Additional Judgment Creditors to serve writs on the U.S. Marshal in that order of priority. Notably, while more parties may yet qualify as Additional Judgment Creditors by the Step 5 deadline, their priority is already set relative to existing Additional Judgment Creditors, and thus will not be affected by the service of those existing creditors' writs.

Granting this relief will promote important interests. First, as set forth in the Six Creditors' Motion, 17 Misc. 151 D.I. 801 at 2-3, without it the Venezuela Parties may (incorrectly) attempt to thwart the sales process in the event of a settlement with Crystallex. Second, it would also promote a value-maximizing sale of the PDVH shares by supporting efforts to organize credit bids for those shares. Recognition of Additional-Judgment-Creditor status and a perfected security interest will make it easier to organize a credit bid by dispelling uncertainty about Red Tree's and

---

[1] Certain creditors, including Red Tree and others, have raised questions or concerns with the Special Master about the Special Master's priority calculations. Red Tree stands ready to assist the Special Master in resolving those concerns expeditiously. If need be, the Court can and should set an imminent deadline for any further challenges to the priority order.

Contrarian's rights to participate in the sale. That certainty will allow those parties – and other similarly situated Additional Judgment Creditors – to approach the market with proposals that commercial parties are comfortable with.

Red Tree and other creditors have been waiting years for Venezuela and PDVSA to pay debts they do not dispute are owed. Perfecting those creditors' writs and recognizing their Additional Judgment Creditor status would both protect their rights and instill further confidence in the sale process. The Court should take steps to expedite that process to help complete the sale.

Dated:   December 18, 2023

Steven F. Molo (admitted *pro hac vice*)
Justin M. Ellis (admitted *pro hac vice*)
Lauren F. Dayton (admitted *pro hac vice*)
Mark W. Kelley (admitted *pro hac vice*)
MoloLamken LLP
430 Park Avenue, 6th Floor
New York, NY  10022
Tel.: (212) 607-8170
Fax: (212) 607-8161
smolo@mololamken.com

Lois S. Ahn (admitted *pro hac vice*)*
MoloLamken LLP
600 New Hampshire Avenue, NW, Suite 500
Washington, DC  20037
Tel.: (202) 556-2000
Fax: (202) 556-2001
*admitted only in New York; practice limited to matters before federal courts and federal agencies

Respectfully submitted,

*/s/ Jennifer L. Cree*
Rebecca L. Butcher (#3816)
Jennifer L. Cree (#5919)
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE  19801
Tel.: (302) 467-4400
butcher@lrclaw.com
cree@lrclaw.com

*Counsel for the Creditors*