**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CRYSTALLEX INTERNATIONAL CORP. | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 17-mc-00151-LPS |
| | ) | |
| v. | ) | |
| | ) | |
| THE BOLIVARIAN REPUBLIC OF VENEZUELA | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| PHARO GAIA FUND, LTD., and PHARO MACRO FUND, LTD., | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 23 Misc. 360-LPS |
| | ) | |
| v. | ) | |
| | ) | |
| THE BOLIVARIAN REPUBLIC OF VENEZUELA, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| PHARO GAIA FUND, LTD., PHARO MACRO FUND, LTD. and PHARO TRADING FUND, LTD., | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 23 Misc. 361-LPS |
| | ) | |
| v. | ) | |
| | ) | |
| THE BOLIVARIAN REPUBLIC OF VENEZUELA, | ) | |
| | ) | |
| Defendant. | ) | |

**PHARO GAIA FUND, LTD.'S, PHARO MACRO FUND, LTD.'S, AND PHARO TRADING FUND, LTD.'S MOTION FOR RELIEF IN CONNECTION WITH THE SALE PROCEDURE ORDER AND LIMITED JOINDER IN THE MOTIONS BY THE SIX CREDITORS AND RED TREE AND CONTRARIAN FOR MISCELLANEOUS <u>RELIEF IN CONNECTION WITH THE SALE PROCEDURE ORDER</u>**

Plaintiffs Pharo Gaia Fund, Ltd., Pharo Macro Fund, Ltd., and Pharo Trading Fund, Ltd. ("Pharo") respectfully move for an order (1) conclusively designating them (and any other eligible conditional attachment recipients) as Additional Judgment Creditors and (2) expediting the service of their conditional writs of attachment on the PDVH shares. Pharo joins the Six Creditors' Motion for Miscellaneous Relief in Connections with the Sale Procedures Order (the "Six Creditors' Motion") (17 Misc. 151, D.I. 801) and Red Tree Investments, LLC's and Contrarian's Motion for Miscellaneous Relief in Connection with the Sale Procedure Order and Limited Joinder in the Six Creditors' Motion for Miscellaneous Relief in Connection with the Sale Procedure Order (the "Red Tree and Contrarian Motion," and with the Six Creditors' Motion, the "Motions") (17 Misc. 151, D.I. 802), to the extent they request the same relief sought herein.

The Pharo entities each already qualify as Additional Judgment Creditors, as they have been issued conditional writs of attachment and have satisfied Steps 1 through 5 set by the Court's July 27 order. (*See* 17 Misc. 151 D.I. 646 (order), 778, and 777.) As already set forth in the Motions, Pharo has met the requirement the Court imposed to be an Additional Judgment Creditor – to "obtain at least a conditional writ of attachment by the Step 5 (Writ) Deadline." (*Id.,* D.I. 646 at 12; *see also id.,* D.I. 738 at 3 (setting the Step 5 deadline as January 12, 2024).) As set forth in the other Motions, there is no reason for Pharo and the other similarly situated creditors not to be acknowledged as Additional Creditors now.

Additionally, there are no hurdles left to serving Pharo's writs now. As this Court is aware and as set forth in the other Motions, the Delaware Court of Chancery ordered PDVH to issue a replacement PDVH stock certificate on November 28, (17 Misc. 151 D.I. 792-1), resolving the Venezuela Parties' argument against serving writs based on the stock certificate. Further, OFAC

has issued a license authorizing service of writs of attachment on the PDVH shares for Additional Judgment Creditors, which would include Pharo. (*Id.,* D.I. 555.)

Just last week on December 14, 2023, this Court denied the Venezuela Parties' motion to take an interlocutory appeal from Pharo's conditional attachment. (23 Misc. 361, D.I. 49; 23 Misc. 360, D.I. 49). While the Venezuela Parties have also attempted to take a direct appeal from the order granting Pharo's conditional attachment, they have not sought a stay pending that appeal. (*See also* 21-3144, D.I. 4 (3d Cir. Dec. 8, 2023) (order raising whether there is a jurisdictional defect in the direct appeal).)

Recognizing Pharo as an Additional Judgment Creditor and serving their writs will not impede either the Court's or the Special Master's efforts to organize the perfections and priority of attachments, especially as much of that work has already been done. The Court has already laid down rules for the priority of attachments, (17 Misc. 151 D.I. 646 at 23-25), the Special Master has applied those rules to determine creditors' actual priorities, (*id.,* D.I. 789-1), and the Court has determined the process for how writs should be served, first by judgment creditors and then by the Marshal, (*id.,* D.I. 646 at 26-27). Moreover, the Special Master filed a chart with the Court, confirming the progress of Pharo and similarly situated creditors, and Pharo, along with other creditors in the Chart are listed as having completed Step 5, along with his recent status report. (17 Misc. 151, D.I. 803-1.)

Further, the Court issued an Oral Order on December 19, 2023 that stated, "[h]aving considered the Special Master's report for the period ending October 31, 2023 (D.I. 804), IT IS HEREBY ORDERED that if any Sale Process Party has any objections, it shall notify the Court of its objections by letter no later than December 22, 2023, and indicate in its letter whether it is proposing a schedule and page limits for short letter briefing to address such objections." (17

Misc. 151, D.I. 805.) However, no such objections would impact the status of Pharo as an Additional Judgment Creditor.

Therefore, once the Special Master's priority list is finalized and any outstanding objections are resolved, the Court can immediately permit Additional Judgment Creditors to serve writs on the U.S. Marshal in that order of priority.[1] Notably, while more parties may yet qualify as Additional Judgment Creditors by the Step 5 deadline, their priority is already set relative to existing Additional Judgment Creditors, and thus will not be affected by the service of those existing creditors' writs.

Granting this relief will promote important interests. First, as set forth in the Motions (Misc. 151 D.I. 801 at 2-3 and *id.*, D.I. 802 at 3), without it the Venezuela Parties may (incorrectly) attempt to thwart the sales process in the event of a settlement with Crystallex. Second, it would also promote a value-maximizing sale of the PDVH shares by supporting efforts to organize credit bids for those shares. Recognition of Additional-Judgment-Creditor status and a perfected security interest will make it easier to organize a credit bid by dispelling uncertainty about Pharo's (and other similarly situated creditors) rights to participate in the sale. That certainty will allow those parties – and other similarly situated Additional Judgment Creditors – to approach the market with proposals that commercial parties are comfortable with.

Pharo as well as many of the other creditors have been waiting years for the Venezuela Parties to pay debts they do not dispute are owed. Perfecting those creditors' writs and recognizing their Additional Judgment Creditor status would both protect their rights and instill further

---

[1] Pharo reserves its right to object to the Court's priority order and agrees with Contrarian that the Court should set a deadline for further challenges to the priority order.

confidence in the sale process. The Court should take steps to expedite that process to help complete the sale.

Dated: December 20, 2023

BAYARD, P.A.

*/s/ Stephen B. Brauerman*
Stephen B. Brauerman (#4952)
Sarah T. Andrade (#6157)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
(302) 655-5000
SBrauerman@bayardlaw.com
sandrade@bayardlaw.com

*Counsel for Plaintiffs Pharo Gaia Fund, Ltd., Pharo Macro Fund, Ltd., and Pharo Trading Fund, Ltd.*