UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION,<br>    Plaintiff,<br>vs.<br>BOLIVARIAN REPUBLIC OF VENEZUELA, a foreign state,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Misc. No. 17-151-LPS |
| RICARDO DEVENGOECHEA,<br>    Plaintiff,<br>vs.<br>BOLIVARIAN REPUBLIC OF VENEZUELA, a foreign state,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) | Misc. No. 23-609-UNA |

**PLAINTIFF-JUDGMENT-CREDITOR RICARDO DEVENGOECHEA'S
STATUS REPORT**

Plaintiff-Judgment-Creditor Ricardo Devengoechea reports that he has accomplished Steps 1-4 in this Court's 7-Step process (D.I. 646 at pp.3-8). Plaintiff Devengoechea has proven his case against Defendant Venezuela and has obtained a judgment in his favor. The judgment was entered on December 4, 2023 after trial on the merits in the Southern District of Florida in the action *Ricardo Devengoechea v. Bolivarian Republic of Venezuela,* S.D.Fla. case no 12-CV-23743 (D.I. 1 in Misc. 23-609; D.I. 295 in S.D.Fla.) (Step 2). Thereafter Plaintiff Devengoechea registered the judgment in this Court (D.I. 1 in Misc. 23-609) (Step 3). After obtaining from the Florida Court the necessary determination under 28 U.S.C. § 1610(c) that a reasonable time had elapsed post-judgment to permit enforcement of the judgment (EXHIBIT A; 12/22/2023 Order at S.D.Fla. D.I. 299), Plaintiff Devengoechea today is filing his motion in Misc. 23-609 in this Court for a writ of attachment *fieri facias* (Step 4).

-2-

In light of this Court's determinations that Defendant Venezuela is the alter ego of Petroleos de Venezuela S.A. ("PDVSA") (D.I. 83) and that this has collateral estoppel effect in favor of other judgment-creditors of Defendant Venezuela (D.I. 84 in *Tidewater Investment SRL v. Bolivarian Republic of Venezuela,* Misc. No. 19-79-LPS) ("*Tidewater*"), Plaintiff Devengoechea should not need to separately prove the alter ego status of PDVSA in order to obtain a writ of attachment or separately litigate the collateral estoppel issues which this Court has already adjudicated.

Dated:  December 29, 2023

                            LAW OFFICE OF DENNIS GROSSMAN

                            *DennisGrossman*
by: _____
      Dennis Grossman
Attorney for Plaintiff
6701 Sunset Drive (Suite 104)
Miami, Florida 33143
(516) 466-6690
dagrossmanlaw@aol.com
(Authorized by D.Del.L.R. 83.5(e)(1)
for 30 days; Local Counsel to be Retained)

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| RICARDO DEVENGOECHEA,  )<br>    Plaintiff,             )<br>                           )<br>vs.                        )<br>                           )<br>BOLIVARIAN REPUBLIC OF     )<br>VENEZUELA, a foreign state,)<br>    Defendant.             )<br>_____) | Case No.: 12-CV-23743-HUCK |

**ORDER PERMITTING ENFORCEMENT OF JUDGMENT INCLUDING BY EXECUTION AND/OR ATTACHMENT PURSUANT TO 28 U.S.C. § 1610(c)**

This cause came before this Court on December 22, 2023 on the Emergency Motion by Plaintiff for an Order pursuant to 28 U.S.C. § 1610(c) determining that a reasonable amount of time has elapsed since entry of the judgment without payment by Defendant despite prompt notice to Defendant of the entry of the judgment, thereby permitting Plaintiff to enforce the judgment entered in this action by execution, attachment, and/or otherwise.

Plaintiff has shown that after the trial and entry of judgment in this action on December 4, 2023 (ECF 295), Plaintiff promptly on the next day December 5, 2023 served upon Defendant by email, by DHL Express, and by Postal mail copies of the following 4 documents: (1) this Court's Final Judgment after trial (ECF 295), (2) this Court's Findings of Fact and Conclusions of Law (ECF 293), (3) this Court's order permitting immediate enforcement and registration of the judgment as authorized by Fed.R.Civ.P. 62(a) and 28 U.S.C. § 1963 (ECF 294), and (4) formal Notice of Entry of the foregoing three documents (ECF 297).

Defendant was not in default but appeared in this action by counsel and then pro se which is permitted under the Foreign Sovereign Immunities Act, although Defendant declined to appear at trial on the merits. This Court did not hold Defendant in default but treated the trial as a full trial on the merits where Plaintiff bore all evidentiary burdens.

Plaintiff reports that he has not received any payment toward the judgment.

Plaintiff has shown that Defendant has unreasonably delayed this action, by *inter alia* entering into a settlement agreement in December 2018 (ECF 225-228) which Defendant refused to consummate (ECF 229) which delayed this action for several years and which forced Plaintiff to proceed to trial on the merits after several years' delay, and that as a result of trial on the merits Plaintiff obtained a judgment against Defendant (ECF 295). Plaintiff further has shown that the only reasonably foreseeable opportunity for Plaintiff to enforce the judgment in this action is by writ of attachment in the United States District Court for the District of Delaware in the action entitled *Crystallex International Corp. v. Bolivarian Republic of Venezuela,* Misc. No. 17-151-LPS (D.Del.) ("*Crystallex*") where the Delaware Court has ordered the sale of Venezuelan-owned shares in Citgo Oil Corp. to satisfy the judgments obtained by judgment-creditors of Defendant Bolivarian Republic of Venezuela.

Plaintiff has shown that in the *Crystallex* action there are extremely tight deadlines imposed by Court Order. These deadlines require that Plaintiff as judgment-creditor quickly must do more than merely register his judgment in Delaware. Rather, by Court Order in the *Crystallex* action, Plaintiff must register his judgment in Delaware, and move for a writ of attachment, and actually obtain a writ of attachment – all by January 12, 2024 (*Crystallex* at ECF 738 p.3) (ordering a January 12, 2024 deadline to obtain a writ of attachment as "step 5" in an intricate 7-step process for judgment-creditors to participate in the recovery from the sale of shares in Venezuelan-owned Citgo Oil Corp.). The 7-step process was detailed and explained by the Delaware Court in its prior order, *Crystallex* at ECF 646 pp.3-8 (ordering and explaining the 7-step process).

Plaintiff thus has shown that he is caught in a two-sided time squeeze. On the one hand, Plaintiff needs to move as quickly as legally possible to meet the Delaware Court's January 12, 2024 deadline in *Crystallex* to obtain a writ of attachment. On the other hand, Plaintiff must wait

a reasonable period of time after entry of judgment before moving to enforce it against a foreign country, as required by 28 U.S.C. § 1610(c).

It appears to this Court that there is no just cause for further delay after entry of judgment in this action, and that in light of all the circumstances – including Defendant's prompt receipt of notice of the judgment, Defendant's unreasonable delay of this action, and the tight deadline which Plaintiff now confronts in Delaware to enforce the judgment – that a reasonable amount of time has elapsed since entry of the judgment in this action as prescribed by 28 U.S.C. § 1610(c). Accordingly it is

ORDERED that Plaintiff's Emergency Motion is granted; and it is further

ORDERED that a reasonable amount of time has elapsed after entry of the judgment in this action, as prescribed by 28 U.S.C. § 1610(c), and that Plaintiff therefore may proceed to enforce the judgment in this action by execution, attachment and/or otherwise; and it is further

ORDERED that this Order does not affect or impair, and leaves undisturbed, this Court's prior Order dispensing with the 30-day stay of enforcement of the judgment under Fed.R.Civ.P. 62(a) as authorized by that Rule and dispensing with the 30-day waiting period for registration of the judgment in another District under 28 U.S.C. § 1963 as authorized by that section (ECF 294). This Court's prior Order under Rule 62(a) and § 1963 (ECF 294) was for purposes of that Rule and that section only and did not address the reasonable-time requirement under 28 U.S.C. § 1610(c) which could not be addressed until after a reasonable time had elapsed post-judgment.

**DONE AND ORDERED** in Miami, Florida on December 22, 2023.

Hon. Paul C. Huck
United States District Judge