**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

-----------------------------------------------------------

CRYSTALLEX INTERNATIONAL CORP.,  )
                                              )
           Plaintiff,               )
                                              )
      v.                     )     Misc. No. 17-151-LPS
                                              )
BOLIVARIAN REPUBLIC OF VENEZUELA,  )
                                              )
           Defendant.          )

-----------------------------------------------------------

**SPECIAL MASTER'S
RESPONSE TO THE SIX CREDITORS' MOTION FOR MISCELLANEOUS
RELIEF IN CONNECTION WITH THE SALE PROCEDURES ORDER**

The Special Master hereby submits this response to the Six Creditors'[1] *Motion for Miscellaneous Relief in Connection with the Sale Procedures Order* (D.I. 801) (the "**Motion**").[2]

**PRELIMINARY STATEMENT**

On December 15, 2023, the Six Creditors filed a Motion seeking the Court's assurance that the sale process will continue in the hypothetical scenario where the Venezuela Parties settle claims held by Crystallex and ConocoPhillips—the current Sale Process Parties under the Sale Procedures Order—and proceed to cancel the sale process in its entirety.  To ensure the sale process continues, the Six Creditors seek a determination by the Court that (i) the Sale Procedures Order shall apply

---

[1] The "Six Creditors", by their own definition, include: OI European Group B.V.; Northrop Grumman Ship Systems, Inc., f/k/a Ingalls Shipbuilding, Inc., and now known as Huntington Ingalls Incorporated; ACL1 Investments Ltd., ACL2 Investments Ltd., and LDO (Cayman) XVIII Ltd.; Rusoro Mining Limited; Koch Minerals Sàrl and Koch Nitrogen International Sàrl; and Gold Reserve, Inc. *See* Mot. at 1.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in *Sixth Revised Proposed Order (A) Establishing Sale and Bidding Procedures, (B) Approving Special Master's Report and Recommendation Regarding Proposed Sale Procedures Order, (C) Affirming Retention of Evercore as Investment Banker by Special Master and (D) Regarding Related Matters* (D.I. 481) (the "**Sale Procedures Order**").

to their individual cases, and (ii) each of the Six Creditors be named Additional Judgment Creditors pursuant to the Sale Procedures Order. Alternatively, the Six Creditors recommend other or additional relief, which may include immediate implementation of the perfection process in accordance with the Court's priority scheme.

By this response, the Special Master only takes issue with the proposed alternative relief— that is, the Six Creditors' suggested change to the existing perfection scheme would disrupt a process carefully considered by the Special Master (in consultation with parties-in-interest, including the Six Creditors) and months-ago approved by order of the Court. As to the relief specifically requested by the Six Creditors, the Special Master (i) in light of his position as a representative appointed to assist in the administration of the *Crystallex* matter, takes no position as to whether the Sale Procedures Order should apply to the Six Creditors' cases, and (ii) has no opposition to each of the Six Creditors being deemed an Additional Judgment Creditor, consistent with the recommendation in his November 15, 2023 letter to the Court regarding the Steps Chart (D.I. 789).

## ARGUMENT

**A.      The Special Master Takes No Position With Respect To Application Of The Sale Procedures Order In The Actions Of The Six Creditors**

The Special Master was appointed by the Court, pursuant to its Memorandum Order dated April 13, 2021 (D.I. 258), to assist with the sale of the PDVH Shares in satisfaction of the Crystallex judgment in the instant matter. The Special Master's mandate and authority does not currently extend to the proceedings of the Six Creditors. As such, the Special Master shall not at this time expound on the reasons for or against applying the Sale Procedures Order beyond the *Crystallex* matter. If the Court were to dismiss the *Crystallex* matter for any reason, and the Court directs the Special Master to continue the sale process under a different case, he will do so.

Nevertheless, to the extent helpful to the Court and parties-in-interest, the Special Master has conveyed to the Venezuela Parties (even before the filing of the Six Creditors' Motion) his expectation that any settlement affecting the sale process, or the assets being sold thereunder, would be properly noticed and subject to Court approval. The Venezuela Parties gave the Special Master assurances, on multiple occasions, that would be the case.

Of course, if the Venezuela Parties were to seek the Court's approval to enter into settlements with Crystallex and/or ConocoPhillips, and the Court were inclined to approve any such settlements, the impact to the Sale Procedures Order and the sale process more generally would need to be addressed. For the avoidance of doubt, the Special Master has no issue with any party discussing settlement, so long as all parties-in-interest are given due notice and time to consider the implications to the sale process.

**B.      The Six Creditors Should Be Designated As Additional Judgment Creditors**

The Six Creditors argue that their immediate designation as Additional Judgment Creditors "would sufficiently protect the sale process because Additional Judgment Creditors have rights under both the order appoints the Special Master and the [Sale Procedures Order]." Mot. at 4. Without opining on whether the action of naming Additional Judgment Creditors alone would ensure the continuation of the sale process beyond a hypothetical dismissal of the *Crystallex* case, the Special Master agrees that the Six Creditors (among others) should be immediately designated as Additional Judgment Creditors.

The Special Master has already recommended that all parties included in the Steps Chart filed on November 15, 2023 be named Additional Judgment Creditors. *See* Initial Steps Chart at 2 (D.I. No. 789) ("At this time, the Special Master recommends the Court include each of the parties listed on the Steps Chart as an Additional Judgment Creditor and part of the 'maximum

universe of all judgment that could ***potentially*** be made part of the sale.'"). The Six Creditors were among the parties listed in the initial Steps Chart and, therefore, the Special Master has no opposition to the Six Creditors' request in this respect.

**C.**     **Immediate Perfection Of The Six Creditors' Judgments Will Jeopardize The Court's Carefully Constructed Priority Determination Scheme**

Lastly, the Six Creditors invite the Court to fashion an alternative remedy, including to "implement[] the perfection process immediately in accordance with the Court's priority scheme." Mot. at 4–5. The Special Master strongly believe the Court should decline this invitation.

Granting the Six Creditors immediate leave to perfect their judgments would defeat the carefully constructed priority perfection process set forth in the Court's July 27, 2023 *Memorandum Order* (D.I. 646) and October 11, 2023 *Memorandum Order* (D.I. 738). Notably, the October order adopted the priority arrangement procedures outlined in the Special Master's recommendations in a *Joint Status Report* (D.I. 693) which included feedback from the Six Creditors, among other parties-in-interest. The possibility of a Venezuela-Crystallex settlement existed at the time of that *Joint Status Report*, so the opportunity to raise this issue has passed.

Aside from the Six Creditors' untimely suggestion of altering the perfection procedures, such a drastic reaction to a still-hypothetical scenario would create undue burden for the Special Master. The Special Master continues to review the parties' voluminous Attached Judgment Statements and related status reports alongside conducting the sale process itself. The final determination of the priority and amount of Attached Judgments will be made in due course and in accordance with carefully set procedures. Any unnecessary change to that process at this stage could disrupt the proper arrangement of priority. Accordingly, the Court should deny the Six Creditors' Motion to the extent they seek immediate perfection of their judgments.

## CONCLUSION

For these reasons, the Special Master requests that the Court grant such relief as it deems just, necessary, and proper in response to the Six Creditors' Motion.


Dated:  December 29, 2023

OF COUNSEL:

Ray C. Schrock (Admitted *pro hac vice*)
Alexander W. Welch (Admitted *pro hac vice*)
Chase A. Bentley (Admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray.Schrock@weil.com
Alexander.Welch@weil.com
Chase.Bentley@weil.com

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

*/s/ Myron T. Steele*
Myron T. Steele (#00002)
Matthew F. Davis (#4696)
Bindu A. Palapura (#5370)
Abraham Schneider (#6696)
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
msteele@potteranderson.com
mdavis@potteranderson.com
bpalapura@potteranderson.com
aschneider@potteranderson.com

*Counsel for Special Master Robert B. Pincus*

11237653