# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION,<br><br>      Plaintiff,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>Defendant. | Case No. 17-mc-151-LPS |
| OI EUROPEAN GROUP B.V.,<br><br>      Plaintiff,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>Defendant. | Case No. 19-mc-290-LPS |
| NORTHROP GRUMMAN SHIP SYSTEMS, INC.,<br><br>      Plaintiff,<br><br>   v.<br><br>THE MINISTRY OF DEFENSE OF THE REPUBLIC OF VENEZUELA,<br><br>Defendant. | Case No. 1:20-mc-00257-LPS |
| ACL1 INVESTMENTS LTD., et. al,<br><br>      Plaintiffs,<br><br>v. | Case No. 21-mc-46-LPS |

| | |
|---|---|
| BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>Defendant. | |
| RUSORO MINING LIMITED,<br><br>       Plaintiff,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>Defendant. | Case No. 21-mc-481-LPS |
| KOCH MINERALS SÀRL, KOCH NITROGEN INTERNATIONAL SÀRL,<br><br>       Plaintiffs,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>Defendant. | Case No. 22-mc-156-LPS |
| GOLD RESERVE INC.,<br><br>       Plaintiff,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>Defendant. | Case No. 22-mc-453-LPS |

**REPLY IN SUPPORT OF MOTION FOR MISCELLANEOUS RELIEF IN
<u>CONNECTION WITH THE SALE PROCEDURES ORDER</u>**

The Six Creditors[1] hereby respectfully submit this reply brief in support of their Motion for Miscellaneous Relief in Connection with the Sale Procedures Order, 1:17-mc-151, D.I. 801 ("Motion").

## PRELIMINARY STATEMENT

There is no dispute that the Court should immediately designate the Six Creditors (and all other creditors that have reached Step 5) as Additional Judgment Creditors. The Special Master *endorsed* the Six Creditors' Motion in this respect, and the Venezuela Parties do not oppose this request. *See* 1:17-mc-151, D.I. 821 ("Special Master's Response") at 3; 1:17-mc-151, D.I. 822 ("Venezuela Parties' Response") at 2-3. Such a designation is necessary to protect the sale process because only those creditors deemed Additional Judgment Creditors have express rights under both the SPO and the order appointing the Special Master. *See* Motion at 5.

With respect to the remaining relief requested in the Motion, the Venezuela Parties[2] have represented that: (*i*) any satisfaction or consensual resolution of the current Sale Process Parties' judgments would be only upon notice and/or motion to the Special Master and the Court; and (*ii*) PDVSA would not seek to take immediate possession of the reissued PDVH share certificate in the event Crystallex's judgment were so resolved. *See* 1:17-mc-151, D.I. 822 ("Venezuela Parties' Response") at 2, 3. However, those assurances are inadequate given the interests at stake and the considerable resources that have been invested in the sale process by the Court, Special Master,

---

[1] OI European Group B.V. ("OIEG"); Northrop Grumman Ship Systems, Inc., f/k/a Ingalls Shipbuilding, Inc., and now known as Huntington Ingalls Incorporated ("Huntington Ingalls"); ACL1 Investments Ltd., ACL2 Investments Ltd., and LDO (Cayman) XVIII Ltd. (together, "ACL"); Rusoro Mining Limited; Koch Minerals Sàrl ("KOMSA") and Koch Nitrogen International Sàrl ("KNI," and, together with KOMSA, the "Koch Parties"); and Gold Reserve Inc.

[2] Capitalized terms used but not defined herein have the meaning ascribed to them in the Court's January 14, 2022 Order (1:17-mc-151, D.I. 234) and the Sale Procedures Order. (1:17-mc-151, D.I. 481).

1

and a long line of judgment creditors. The Court should now put in place procedural mechanisms to ensure a clear and orderly process in the event that a resolution with a current Sale Process Party occurs.

In their Motion, the Six Creditors suggested appropriate and alternative forms of protective mechanisms, and neither the Special Master's nor the Venezuela Parties' responsive briefs detract from the virtue of procedurally reenforcing the sale process through such means. In fact, the Special Master's response makes clear his view of the limited scope of the SPO as it currently stands, stating that "[t]he Special Master's mandate and authority does not currently extend to the proceedings of the Six Creditors." 1:17-mc-151, D.I. 821 ("Special Master's Response") at 2. In their Motion, the Six Creditors simply request that the Court make it clear that, in the event of any resolution involving Crystallex or Crystallex and ConocoPhillips, the SPO shall continue in full force and, most fundamentally, the Special Master's mandate (to carry out a process for the sale of the PDVH shares at the maximum value and for the benefit of the maximum number of judgment creditors designated by this Court) shall remain unchanged and the sales process deadlines shall not be affected.

Otherwise, the risk will always loom over the sale process that the Special Master will cease implementation of the sale process if a notice or motion is filed purporting to settle or satisfy the judgments of the current Sale Process Parties. *See* 1:17-mc-151, D.I. 481 (Sale Procedures Order) at 24. That risk jeopardizes the viability of the sale process and could chill bidding given the potential uncertainty of closing, thus undermining the recovery efforts of the long line of creditors now queueing before the Court.

Because a threat to the existence and value of the sale process still very much remains, the Court should grant the Six Creditors' requested relief for the reasons stated below and in their Motion.

## ARGUMENT

**I.  The Court Should Designate the Six Creditors As "Additional Judgement Creditors."**

As stated, there is no dispute that the Court should immediately designate the Six Creditors (and all other creditors that have reached Step 5) as Additional Judgment Creditors. Accordingly, this relief should be granted.

**II.  The Court Should Apply the SPO to the Six Creditors' Respective Actions.**

The Special Master takes no position on the Six Creditors' request to apply the SPO to their respective actions and thus makes plain the virtue of such an action:

> The Special Master was appointed by the Court … to assist with the sale of the PDVH Shares in satisfaction of the Crystallex judgment in the instant matter. The Special Master's mandate and authority does not currently extend to the proceedings of the Six Creditors.

Special Master's Response at 2.

While the Venezuela Parties oppose applying the SPO to the Six Creditors' actions, they do so based only on vague fears of "procedural and docketing" complications.[3] Venezuela Parties' Response at 3. But the Court can easily address any such concerns. For example, the Court could issue an order that explicitly extends the SPO and the Special Master's authority to all Six

---

[3] For instance, the Venezuela Parties refer to the Court's prior order denying Red Tree's motion to intervene. Venezuela Parties' Response at 3. But Red Tree sought to be added as a Sales Process Party in that earlier stage of these proceedings. *See* 1:17-mc-151, D.I. 507 at ¶ 2(b). Here, the Six Creditors only seek such a designation in the event that the current creditor Sale Process Parties resolve their claims with the Venezuela Parties. *See* Motion at 4; *see also infra* Section III. Further, Red Tree made its request during a stage where there was not a perceived threat of settlement or the potential of mooting the sale process.

3

Creditors' actions while requiring filing to remain on the *Crystallex* docket at this time. The Court could make the order conditioned on the event that the *Crystallex* action were discontinued and designate the next-in-line creditor's action as the controlling docket for purposes of proceeding with the sale process. The Venezuela Parties' arguments about purported procedural complications do not outweigh, much less obviate, the availability and need for protective measures to ensure that the sale process continues without delay in the event the current creditor Sale Process Parties are no longer seeking to enforce their judgments through the SPO.

**III.    The Court Should Designate the Six Creditors as Sale Process Parties Upon Resolution of Existing Sale Process Parties' Judgments.**

To be clear: the Six Creditors are not seeking designation as Sale Process Parties *today*. Rather, the Six Creditors request only a conditional order that, in the event that the judgments of the current creditor Sale Process Parties are consensually resolved (or if the current creditor Sale Process Parties otherwise cease being Sale Process Parties), the Six Creditors can immediately step in their shoes, shoulder their responsibilities, and ensure the continuation of the sale process without delay. Designating the Six Creditors as Sale Process Parties *if and when* the existing creditor Sale Process Parties are no longer participating in the sale process would in no way negatively impact the process. To the contrary, it would ensure continuity of the sale process, including assurance of funding for the Special Master and certainty for potential bidders that the process will continue as currently scheduled.

**IV.    The Court Should Expedite Service of Writs Within the Framework of its Past Orders.**

The only request in the Motion that the Special Master opposes is the Six Creditors' alternative request that the Court "implement[] the perfection process immediately in accordance with the Court's priority scheme." Motion at 4–5; Special Master's Response at 4. The Special Master's position with regard to this alternative request all the more supports why the Court should

4

grant the less burdensome relief discussed above. To minimize disruption to the determination of the priority and amount of Attached Judgments, the Six Creditors respectfully request that the Court ensure that the service process commence as soon as practicable and possible after the Step 5 deadline.

## CONCLUSION

For the reasons stated above, the Six Creditors request that the Court clarify the continued effect of the SPO for the benefit of the non-Sale Process Parties and as an assurance for the Special Master's ongoing role. In doing so the Court should:

1.) designate immediately the Six Creditors (and all other creditors that have reached Step 5) as Additional Judgment Creditors;

2.) conditionally designate the Six Creditors (and all other creditors that have reached Step 5) as Sales Process Parties in the event that the judgments of the current creditor Sale Process Parties are consensually resolved (or if the current creditor Sale Process Parties otherwise cease being Sale Process Parties); and

3.) order that the Sales Process shall continue in accordance with the SPO (as if the SPO were entered in each of the Six Creditor actions) in the event that the judgments of the current creditor Sale Process Parties are consensually resolved (or if the current creditor Sale Process Parties otherwise cease being Sale Process Parties), unless and until the Court orders otherwise.

Dated: January 5, 2024

| MORGAN, LEWIS & BOCKIUS LLP | PACHULSKI STANG ZIEHL & JONES, LLP |
|---|---|
| By: */s/ Jody C. Barillare*<br>Jody C. Barillare (#5107)<br>1201 N. Market St., Suite 2201<br>Wilmington, DE 19801 | By: */s/ Peter J. Keane*<br>Laura Davis Jones (#2436)<br>Peter J. Keane (#5503) |

| | |
|---|---|
| Telephone: 302-574-3000<br>Facsimile: 302-574-3001<br>jody.barillare@morganlewis.com<br><br> - and -<br><br>Jonathan Albano (*pro hac vice*)<br>Christopher L. Carter (*pro hac vice*)<br>One Federal Street<br>Boston MA 02110<br>Telephone: 617-341-7700<br>Facsimile: 617-341-7701<br>jonathan.albano@morganlewis.com<br>christopher.carter@morganlewis.com<br><br><br>**SEQUOR LAW, P.A.**<br>Edward H. Davis, Jr. (*pro hac vice*)<br>Fernando J. Menendez (*pro hac vice*)<br>1111 Brickell Ave., Suite 1250<br>Miami, FL 33131<br>Telephone: 305-372-8282<br>Facsimile: 305-372-8202<br>edavis@sequorlaw.com<br>fmenendez@sequorlaw.com<br><br>*Attorneys for OI European Group B.V.* | 919 North Market Street, Suite 1600<br>P.O. Box 8705<br>Wilmington, DE 19899-8705<br>Telephone: 302-652-4100<br>ljones@pszjlaw.com<br>pkeane@pszjlaw.com<br><br><br>**ALSTON & BIRD LLP**<br>Alexander A. Yanos (*pro hac vice*)<br>Robert Poole (*pro hac vice*)<br>90 Park Avenue, 15th Floor<br>New York, NY 10016-1387<br>Telephone: 212-210-9400<br>alex.yanos@alston.com<br>robert.poole@alston.com<br><br>*Attorneys for: (i) Northrop Grumman Ship Systems, Inc., f/k/a Ingalls Shipbuilding, Inc. and now known as Huntington Ingalls Incorporated, and (ii) Koch Minerals Sàrl and Koch Nitrogen International Sàrl* |
| **ASHBY & GEDDES**<br><br>By: */s/ Marie M. Degnan*<br>Marie M. Degnan (#5602)<br>Randall J. Teti (#6334)<br>500 Delaware Ave., 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>Telephone: 302-654-1888<br>mdegnan@ashbygeddes.com<br>rteti@ashbygeddes.com<br><br>**RILEY & JACOBSON, PLC**<br>Joshua S. Bolian<br>Jared A. Hagler<br>1906 West End Avenue<br>Nashville, Tennessee 37203<br>Telephone: 615-320-3700 | **DLA Piper LLP (US)**<br><br>By: */s/ Craig Martin*<br>R. Craig Martin (#005032)<br>1201 North Market Street<br>Suite 2100<br>Wilmington, DE 19801<br>Telephone: 302-468-5655<br>Fax: 302-778-7834<br>craig.martin@us.dlapiper.com<br><br> - and -<br><br>James E. Berger<br>Charlene C. Sun<br>Joshua S. Wan<br>1251 Avenue of the Americas<br>New York, NY 10020 |

| | |
|---|---|
| jbolian@rjfirm.com<br>jhagler@rjfirm.com<br><br>*Attorneys for ACL1 Investments Ltd., ACL2 Investments Ltd. and LDO (Cayman) XVIII Ltd.* | Telephone: 212-335-4715<br>Fax: 212-884-8715<br>James.berger@us.dlapiper.com<br>Charlene.sun@us.dlapiper.com<br>Joshua.wan@us.dlapiper.com<br><br>*Attorneys for Rusoro Mining Limited* |
| **WOMBLE BOND DICKINSON (US) LLP**<br><br>By: */s/ Kevin J. Mangan*<br>Kevin J. Mangan (#3810)<br>Matthew P. Ward (#4471)<br>Stephanie S. Riley (#5803)<br>1313 N. Market St., Suite 1200<br>Wilmington, DE 19801<br>Telephone: 302-252-4320<br>Kevin.mangan@wbd-us.com<br>Matthew.ward@wbd-us.com<br>Stephanie.riley@wbd-us.com<br><br><br>**NORTON ROSE FULBRIGHT US LLP**<br>Matthew H. Kirtland (*pro hac vice*)<br>799 9th Street NW, Suite 1000<br>Washington, DC 20001<br>Telephone: 202-662-0200<br>Matthew.kirtland@nortonrosefulbright.com<br><br>- and -<br><br>Katherine G. Connolly (*pro hac vice*)<br>555 California Street, Suite 3300<br>San Francisco, CA 94101<br>Telephone: 628-231-6816<br>Katie.connolly@nortonrosefulbright.com<br><br>*Attorneys for Gold Reserve Inc.* | |