# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. No. 17-151-LPS |
| OI EUROPEAN GROUP B.V., <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. No. 19-290-LPS |
| NORTHROP GRUMMAN SHIP SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE MINISTRY OF DEFENSE OF THE REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. No. 20-257-LPS |

| | |
|---|---|
| CONTRARIAN CAPITAL MANAGEMENT, L.L.C., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN CAPITAL SENIOR SECURED, L.P., CONTRARIAN EM II, LP, CONTRARIAN EMERGING MARKETS, L.P., POLONIUS HOLDINGS, LLC, CONTRARIAN FUNDS, L.L.C., and CONTRARIAN DOME DU GOUTER MASTER FUND, LP, <br><br> Plaintiffs, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. No. 21-18-LPS |
| ACL1 INVESTMENTS LTD., ACL2 INVESTMENTS LTD., and LDO (CAYMAN) XVIII LTD., <br><br> Plaintiffs, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. No. 21-46-LPS |
| RUSORO MINING LIMITED, <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. No. 21-481-LPS |

| | |
|---|---|
| RED TREE INVESTMENTS, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PETROLEOS DE VENEZUELA, S.A. and<br>PDVSA PETROLEO, S.A.,<br><br>　　　　Defendants. | Misc. No. 22-68-LPS |
| RED TREE INVESTMENTS, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PETROLEOS DE VENEZUELA, S.A. and<br>PDVSA PETROLEO, S.A.,<br><br>　　　　Defendants. | Misc. No. 22-69-LPS |
| CONTRARIAN CAPITAL MANAGEMENT, L.L.C., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN DOME DU GOUTER MASTER FUND, LP, CONTRARIAN CAPITAL SENIOR SECURED, L.P., CONTRARIAN EM II, LP, CONTRARIAN EMERGING MARKETS, L.P., POLONIUS HOLDINGS, LLC, CONTRARIAN FUNDS, L.L.C., EMMA 1 MASTER FUND, L.P., and E1 SP, A SEGREGATED ACCOUNT OF EMAP SPC,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>　　　　Defendant. | Misc. No. 22-131-LPS |

| | |
|---|---|
| KOCH MINERALS SARL and<br>KOCH NITROGEN INTERNATIONAL SARL,<br><br>      Plaintiffs,<br><br>    v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>      Defendant. | Misc. No. 22-156-LPS |
| CONTRARIAN CAPITAL MANAGEMENT, L.L.C., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN DOME DU GOUTER MASTER FUND, LP, CONTRARIAN CAPITAL SENIOR SECURED, L.P., CONTRARIAN EM II, LP, CONTRARIAN EMERGING MARKETS, L.P., BOSTON PATRIOT SUMMER ST LLC, POLONIUS HOLDINGS, LLC, CONTRARIAN FUNDS, L.L.C., EMMA 1 MASTER FUND, L.P., and E1 SP, A SEGREGATED ACCOUNT OF EMAP SPC,<br><br>      Plaintiffs,<br><br>    v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>      Defendant. | Misc. No. 22-263-LPS |
| SIEMENS ENERGY, INC.,<br><br>      Plaintiff,<br><br>    v.<br><br>PETROLEOS DE VENEZUELA, S.A.,<br><br>      Defendant. | Misc. No. 22-347-LPS |

| | |
|---|---|
| GOLD RESERVE INC.,<br><br>Plaintiff,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>Defendant. | Misc. No. 22-453-LPS |
| PHARO GAIA FUND LTD. and<br>PHARO MACRO FUND LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>Defendant. | Misc. No. 23-360-LPS |
| PHARO GAIA FUND LTD., PHARO MACRO FUND LTD. and PHARO TRADING FUND, LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>Defendant. | Misc. No. 23-361-LPS |

## **MEMORANDUM ORDER**

**WHEREAS**, on December 15, 2023, a group of creditors – OI European Group B.V. ("OIEG"); Northrop Grumman Ship Systems, Inc., f/k/a Ingalls Shipbuilding, Inc., and now known as Huntington Ingalls Incorporated ("Huntington Ingalls"); ACL1 Investments Ltd., ACL2 Investments Ltd., and LDO (Cayman) XVIII Ltd. (collectively, "ACL"); Rusoro Mining

1

Limited ("Rusoro"); Koch Minerals Sàrl and Koch Nitrogen International Sàrl (collectively, the "Koch Parties"); and Gold Reserve Inc. ("Gold Reserve") (collectively, the "Six Creditors") – filed a motion for miscellaneous relief.  (Misc. Nos. 17-151 ("*Crystallex* Action") D.I. 801;[1] 19-290 D.I. 170; 20-257 D.I. 108; 21-46 D.I. 83; 21-481 D.I. 71; 22-156 D.I. 47; 22-453 D.I. 46)  In the motion, the Six Creditors requested that the Court issue an order clarifying that, in the event that Crystallex and/or ConocoPhillips discontinue their pursuit of the sale process, the Sale Procedures Order ("SPO")[2] entered in the *Crystallex* Action (D.I. 481) will apply with full force and effect in the Six Creditors' proceedings (D.I. 801 at 4).  As additional or alternative relief, the Six Creditors requested that the Court immediately designate them and all other creditors that have reached Step 5 (*see* D.I. 646 at 5) as Additional Judgment Creditors, and/or immediately implement the perfection process in accordance with the Court's priority scheme (D.I. 801 at 4-5).

**WHEREAS**, on December 18 and 20, 2023, several additional creditors – Red Tree Investments, LLC ("Red Tree"); Contrarian Capital Management, L.L.C., Contrarian Capital Fund I, L.P., Contrarian Dome du Gouter Master Fund, LP, Contrarian Capital Senior Secured, L.P., Contrarian EM II, LP, Contrarian Emerging Markets, L.P., Boston Patriot Summer St LLC, Polonius Holdings, LLC, Emma 1 Master Fund, L.P., Contrarian Funds, L.L.C., and E1 SP, a Segregated Account of EMAP SPC (collectively, "Contrarian"); Pharo Gaia Fund, Ltd., Pharo Macro Fund, Ltd., and Pharo Trading Fund, Ltd. (collectively, "Pharo"); and Siemens Energy, Inc. ("Siemens") (collectively, the "Four More Creditors") – filed motions (D.I. 802, 808, 809;

---

[1] All references to the docket index ("D.I.") are to Misc. No. 17-151, unless otherwise noted.

[2] Capitalized terms not otherwise defined in this Order have the meaning given to them in the Sale Procedures Order (D.I. 481).

Misc. Nos. 21-18 D.I. 93; 22-68 D.I. 43; No. 22-69 D.I. 43; 22-131 D.I. 92; 22-263 D.I. 91; 22-347 D.I. 29; 23-360 D.I. 50; 23-361 D.I. 50) similar to that of the Six Creditors, requesting an order designating them as Additional Judgment Creditors and expediting service of their conditional writs of attachment on the PDVH shares.  The Four More Creditors also join the Six Creditors' motion to the extent it requests the same relief as their own motions.

**WHEREAS**, on December 29, 2023 and January 3, 2024, the Special Master filed responses to the creditors' motions.  (D.I. 821, 829)  The Special Master "takes no position as to whether the Sale Procedures Order should apply to the Six Creditors' cases" and "has no opposition to" each creditor who has reached Step 5 being deemed an Additional Judgment Creditor.  (D.I. 821 at 2; D.I. 829 at 1-2)  The Special Master also, however, "strongly believe[s]" that the Court should decline the Six Creditors' invitation to "implement[] the perfection process immediately" and "opposes any change to the existing perfection scheme."  (D.I. 821 at 4; *see also* D.I. 829 at 2)

**WHEREAS**, on December 29, 2023, Petróleos de Venezuela, S.A. ("PDVSA"), PDV Holding, Inc. ("PDVH"), and CITGO Petroleum Corporation ("CITGO") filed a response to the creditors' motions, joined by the Bolivarian Republic of Venezuela ("Venezuela" and, collectively with PDVSA, PDV, and CITGO, the "Venezuela Parties").  (D.I. 822, 823)  The Venezuela Parties "do not object to the Court recognizing that qualified creditors have reached Step 5 and are thus provisionally entitled to 'Additional Judgment Creditor' status under the Court's relevant orders."  (D.I. 822 at 2-3)  They do object to the creditors' other requested relief.  (*Id.* at 1)

**WHEREAS**, on January 5, 2024, the Six Creditors filed a reply.  (D.I. 835; Misc. Nos. 19-290 D.I. 171; 20-257 D.I. 109; 21-46 D.I. 84; 21-481 D.I. 72; 22-156 D.I. 48; 22-453 D.I. 47)

3

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. The motions filed by the Six Creditors and the Four More Creditors (Misc. Nos. 17-151 D.I. 801, 802, 808, 809; 19-290 D.I. 170; 20-257 D.I. 108; 21-18 D.I. 93; 21-46 D.I. 83; 21-481 D.I. 71; 22-68 D.I. 43; 22-69 D.I. 43; 22-131 D.I. 92; 22-156 D.I. 47; 22-263 D.I. 91; 22-347 D.I. 29; 22-453 D.I. 46; 23-360 D.I. 50; 23-361 D.I. 50) are **GRANTED IN PART**, to the extent and for the reasons explained below.  The Court hereby designates all creditors who have, by this date, obtained a conditional or unconditional writ of attachment *fieri facias* against the PDVH shares owned by PDVSA (i.e., the creditors who have, by this date, reached Step 5 (*see* D.I. 646 at 5)) as Additional Judgment Creditors.  Such a designation is consistent with both the Court's Memorandum Order issued on July 27, 2023 (*id.* at 12 ("[T]he Court has determined that ***a creditor wishing to be made an Additional Judgment Creditor under the SPO must obtain at least a conditional writ of attachment by the Step 5 (Writ) Deadline***.") and the Special Master's recommendation (D.I. 789 at 2 ("At this time, the Special Master recommends the Court include each of the parties listed on the Steps Chart as an Additional Judgment Creditor.")).  The Venezuela Parties do not oppose these designations.

2. The motions filed by the Six Creditors and the Four More Creditors are **DENIED IN PART**, and specifically **DENIED** in all other respects than those stated above, for the reasons explained below.

First, the request that the Court enter an order "to clarify that the SPO will remain in full force and effect irrespective of any possible resolution of the judgments obtained by the existing Sale Process Parties" (D.I. 801 at 1) is premature.  The Court has been presented with no evidence that any Sale Process Party is going to cease efforts to enforce the SPO.  Nor has the Special Master advised the Court that any uncertainty as to the continued implementation of the

4

SPO (even assuming there is any such uncertainty, a point which has not been demonstrated) is having any impact on the ongoing sale process. Moreover, the Court's designation of Additional Judgment Creditors now "sufficiently protect[s] the sale process because Additional Judgment Creditors have rights under both the order appointing the Special Master and the SPO," as even the Six Creditors themselves acknowledge. (D.I. 801 at 5) Furthermore, the Venezuela Parties represent that they "will notify the Special Master and the Court of any intention to satisfy or consensually resolve the current Sale Process Parties' judgment before any such resolution is implemented." (D.I. 822 at 3) Likewise, the Special Master states that the Venezuela Parties have given him "assurances, on multiple occasions," that "any settlement affecting the sale process . . . would be properly noticed and subject to Court approval." (D.I. 821 at 3) It follows that in the event that any of the Sale Process Parties proposes to settle its differences with any of the Venezuela Parties, the Six Creditors, the Four More Creditors, and any other interested entity will have an opportunity to be heard on whether the Court should approve such a settlement and, if it does, on how the potential resolution or settlement might affect the sale process.[3] As the Special Master further observes, "[i]f the Court were to dismiss the *Crystallex* matter for any reason, and the Court directs the Special Maser to continue the sale process under a different case, he will do so." (*Id.* at 2)

        Second, the Court agrees with the Special Master that the creditors' requested change to the existing perfection scheme would "defeat the carefully constructed priority perfection

---

[3] The Special Master is now in possession of the PDVH share certificate, which belongs to PDVSA, which owns 100% of the shares of PDVH. (*See* D.I. 822 at 3) PDVSA will be held to its representation that it "will not request its return while conditional attachments are outstanding, even if Crystallex's judgment were satisfied or consensually resolved." (*Id.*) The Special Master is holding the certificate for the Court (and the United States Marshal) and it will not be released absent a further Order of the Court.

process set forth in the Court's July 27, 2023 *Memorandum Order* (D.I. 646) and October 11, 2023 *Memorandum Order* (D.I. 738) . . . [which] adopted the priority arrangement procedures outlined in the Special Master's recommendations in a *Joint Status Report* (D.I. 693) which included feedback from the Six Creditors, among other parties-in-interest." (D.I. 821 at 4)  The Court sees no "sound reason to short circuit that process" (D.I. 822 at 4) in a "drastic reaction to a still-hypothetical scenario" which would likely "create undue burden for the Special Master" (D.I. 821 at 4).

3. The Special Master, the Sale Process Parties, the Six Creditors, the Four More Creditors, and any other creditors hereby designated as Additional Judgment Creditors **SHALL** meet and confer and, by no later than **January 12, 2024**, submit any additional proposed order(s) they believe are necessary to clearly and fully implement the relief provided by this Memorandum Order.

January 8, 2024
Wilmington, Delaware

_____
HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT COURT

6