# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Case No. 1:17-mc-00151-LPS |
| ALTANA CREDIT OPPORTUNITIES FUND SPC, ALTANA CREDIT OPPORTUNITIES FUND 1 SP, and ALTANA FUNDS LTD. CAYMAN, <br><br> Plaintiffs, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Case No. 1:23-mc-00608-LPS |

**THE BOLIVARIAN REPUBLIC OF VENEZUELA'S OPPOSITION TO (1) ALTANA'S MOTION FOR EXTENSION OF DEADLINES FOR SUBMISSION OF ATTACHED JUDGMENT STATEMENT AND STATUS SUMMARY AND (2) ALTANA'S MOTION FOR AN ORDER AUTHORIZING A WRIT OF ATTACHMNT *FIERI FACIAS***

OF COUNSEL:

Donald B. Verrilli, Jr.
Elaine J. Goldenberg
Ginger D. Anders
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW
Suite 500 E
Washington, D.C. 20001
(202) 220-1100
Donald.Verrilli@mto.com
Elaine.Goldenberg@mto.com
Ginger.Anders@mto.com

A. Thompson Bayliss (#4379)
Christopher Fitzpatrick Cannataro (#6621)
ABRAMS & BAYLISS LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807
(302) 778-1000
bayliss@abramsbayliss.com
childs@abramsbayliss.com
cannataro@abramsbayliss.com

*Attorneys for Bolivarian Republic of Venezuela*

George M. Garvey
Adeel Mohammadi
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100
George.Garvey@mto.com
Adeel.Mohammadi@mto.com

OF COUNSEL:

Nathan P. Eimer
Lisa S. Meyer
Daniel D. Birk
Gregory M. Schweizer
Emily E. Sullivan
EIMER STAHL LLP
224 South Michigan Avenue
Suite 1100
Chicago, IL 60604
(312) 660-7600
NEimer@eimerstahl.com
LMeyer@eimerstahl.com
DBirk@eimerstahl.com
GSchweizer@eimerstahl.com
ESullivan@eimerstahl.com

Kenneth J. Nachbar (#2067)
Susan W. Waesco (#4476)
Alexandra M. Cumings (#6146)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, DE 19801
(302) 658-9200
KNachbar@morrisnichols.com
SWaesco@morrisnichols.com
ACumings@morrisnichols.com

*Attorneys for PDV Holding, Inc., and CITGO Petroleum Corporation in the* Crystallex *Action*

**TABLE OF CONTENTS**

**Page**

NATURE AND STAGE OF PROCEEDINGS ...................................................................................1

SUMMARY OF ARGUMENT ........................................................................................................2

ARGUMENT ....................................................................................................................................3

    I.    The Court Should Deny Altana's Untimely Motion for an Extension of the Deadlines to Submit its Additional Judgment Statement and its Status Summary. ...........................................................................................................................3

    II.    The Court Should Also Deny Altana's Motion for a Writ of Attachment ...............7

        A.    Because Altana Failed to File a Timely Additional Judgment Statement, it is Not Entitled to Become an Additional Judgment Creditor and Cannot Be Issued a Writ of Attachment. .................................7

        B.    The Attachment Motion Should Also Be Denied Because Altana Failed to Comply with the FSIA's Requirements for Service of Default Judgments. ..........................................................................................7

    III.    The Republic Preserves its Rights Concerning FSIA Immunity and Rule 69 ............................................................................................................................10

CONCLUSION ...............................................................................................................................11

i

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Agudas Chasidei Chabad of United States v. Russian Fed'n*,
659 F. Supp. 3d 1 (D.D.C. 2023) ..................................................................................10

*Barot v. Embassy of the Republic of Zambia*,
785 F.3d 26 (D.C. Cir. 2015) .........................................................................................10

*Democratic Republic of Congo v. FG Hemisphere Assocs., LLC*,
508 F.3d 1062 (D.C. Cir. 2007) ......................................................................................9

*Dietz v. Bouldin*,
579 U.S. 40 (2016) ..........................................................................................................6

*Est. of Fishbeck v. Islamic Republic of Iran*,
No. 18-CV-2248 (CRC), 2021 WL 6808189 (D.D.C. Mar. 1, 2021) ..............................9

*OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela*,
73 F.4th 154 (3d Cir. 2023) ...........................................................................................10

*Panahi v. Islamic Republic of Iran*,
C.A. No. 19-0006 (ABJ), 2020 WL 6591425 (D.D.C. Nov. 10, 2020) ..........................8

*Republic of Sudan v. Harrison*,
139 S. Ct. 1048 (2019) ..................................................................................................10

*Saint-Gobain Performance Plastics Eur. v. Bolivarian Republic of Venezuela*,
23 F.4th 1036 (D.C. Cir. 2022) .................................................................................8, 10

*Tidewater Inv. SRL v. Bolivarian Republic of Venezuela*,
No. MC 19-79-LPS, 2023 WL 7182179 (D. Del. Nov. 1, 2023) ..........................5, 6, 12

**FEDERAL STATUTES**

28 U.S.C. § 1608(a) .............................................................................................. *passim*

28 U.S.C. § 1608(c)(1) ....................................................................................................9

28 U.S.C. § 1608(e) ...................................................................................................7, 10

28 U.S.C. § 1610(c) ...............................................................................................3, 7, 10

**FEDERAL REGULATIONS**

22 C.F.R. § 93.1(d), (e) ...................................................................................................9

The Bolivarian Republic of Venezuela (the "Republic") respectfully submits this brief in opposition to the motions of Plaintiffs Altana Credit Opportunities Fund SPC, Altana Credit Opportunities Fund 1 SP, and Altana Funds Ltd. Cayman (together, "Altana") for an order authorizing a writ of attachment *fieri facias* and for an extension of the deadlines for submission of an Attached Judgment Statement and Status Summary.[1]

## NATURE AND STAGE OF PROCEEDINGS

As the Court is aware, the sale process is currently in full swing. More than a year ago, the Court established procedures governing the sale of as many shares of PDVH as necessary to satisfy Attached Judgment Creditors, and it set August 14, 2023, as the deadline for any "holder of a judgment seeking to be an Attached Judgment" to file and serve its Attached Judgment Statement. *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17-mc-151 ("*Crystallex*"), D.I. 481, ¶ 32; D.I. 652. Additionally, the Court ordered that any "party seeking to become an Additional Judgment Creditor" was to file a "summary of the dates of all completed Steps" by October 16, 2023, and set an "Additional Judgment Deadline" of November 2, 2023, by which "the maximum universe of all judgments that could *potentially* be made part of the Sale" was to have been established. *See Crystallex*, D.I. 646, at 2, 13 (emphasis in original); D.I. 738, at 6. The Special Master is currently marketing the PDVH shares, and the first round of bidding is scheduled to proceed on January 22, 2024. *Crystallex*, D.I. 738, at 3. Ten days before then — on January 12, 2024 — is the Step 5 Deadline, before which all creditors must obtain writs or conditional writs of attachment. *Id.*

---

[1] PDV Holding, Inc. ("PDVH") and CITGO Petroleum Corporation join the Republic's opposition to Altana's motion for an extension of the deadlines for submission of an Attached Judgment Statement and Status Summary in the *Crystallex* action. PDVH and CITGO are not parties to the *Altana* action in which the motion for an order authorizing a writ of attachment *fieri facias* was filed.

1

Notwithstanding that nearly every other creditor has adhered to the Court's deadlines, on December 21, 2023, Altana filed a motion for a writ of attachment alongside a motion for an extension of the deadlines for the submission of its Additional Judgment Statement and its Status Summary. Altana is an institutional investor whose relevant fund specializes "in the distressed sovereign debt of Venezuela." *See* Cannataro Aff., Ex. A, at 4 (the Altana website). Its present motion for a writ of attachment is based on a default judgment entered five months earlier, on July 19, 2023, by the U.S. District Court for the Southern District of New York against the Republic in the amount of approximately $533 million.[2] Altana now seeks an exemption for its untimely filed papers and seeks to participate in the sale process alongside the creditors who filed timely papers.

## SUMMARY OF ARGUMENT

1. The Court should deny Altana's motion for a *nunc pro tunc* extension of the deadline to file an Attached Judgment Statement and a Status Summary. This Court laid out clear rules in its Sale Procedures Order, which required that any "holder of a judgment seeking to be an Attached Judgment" file and serve its Attached Judgment Statement "no later than 21 calendar days following the Preparation Launch Date," *Crystallex*, D.I. 481, ¶ 32, a deadline which passed on August 14, 2023, *Crystallex*, D.I. 652. The Court also set October 16, 2023, as the deadline to submit a Status Summary and November 2, 2023, as the Additional Judgment Deadline. *Crystallex*, D.I. 646, at 2, 13; D.I. 738, at 6. The "maximum universe of all judgments that could ***potentially*** be made part of the Sale" was fixed on November 2, 2023, specifically to "provid[e] the Special Master with enough information to discuss the universe of judgments to be satisfied by the Sale Transaction and the required amount of net proceeds to be provided with potential

---

[2] While the U.S. District Court for the Southern District of New York issued an amended default judgment on November 16, 2023, Altana is seeking a writ of attachment on the basis of the July 19, 2023 default judgment only. *See* Opening Brief in Support of Altana's Motion for an Order Authorizing a Writ of Attachment *Fieri Facias*, at 2 n.2.

bidders." D.I. 646, at 13 (emphasis in original) (internal quotation marks omitted). Allowing the Altana parties to join the sale process at this late stage will cause prejudice to the parties and disrupt the sale process, which is already well underway. The Court should therefore decline to permit Altana to participate in the sale process.

2.  The Court should also deny Altana's motion for a writ of attachment. Because the Office of Foreign Assets Control ("OFAC") has granted a license for the issuance of attachments only to Additional Judgment Creditors, *Crystallex*, D.I. 555, the Court should also deny Altana's attachment motion, as its inability to participate in the sale process will likewise foreclose its ability to receive an attachment under the current sanctions regime.

3.  Separately, the Court should also deny Altana's motion for a writ of attachment because Altana failed to comply with Foreign Sovereign Immunities Act's ("FSIA") requirements for the service of default judgments. Altana appears to rely on the FSIA's provision of service through diplomatic channels, but that requires that the "Secretary [of State] shall transmit" the relevant papers "through diplomatic channels" and that the Secretary of State "shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted." *See* 28 U.S.C. § 1608(a)(4). Altana cannot satisfy these requirements. And because proper service is a prerequisite to attachment, *see* 28 U.S.C. § 1610(c), Altana's motion for a writ of attachment must be denied.

### ARGUMENT

**I.   The Court Should Deny Altana's Untimely Motion for an Extension of the Deadlines to Submit its Additional Judgment Statement and its Status Summary.**

Almost four months late — while the sale process is fully underway and on the eve of the Step 5 deadline — Altana now seeks to file its Additional Judgment Statement and become an Additional Judgment Creditor on the basis of a default judgment issued on July 19, 2023, by the

3

U.S. District Court for the Southern District of New York. This Court laid out clear rules in its Sale Procedures Order, which required that any "holder of a judgment seeking to be an Attached Judgment" file and serve its Attached Judgment Statement "no later than 21 calendar days following the Preparation Launch Date." *See Crystallex*, D.I. 481, ¶ 32. That deadline passed on August 14, 2023, *see Crystallex*, D.I. 652, almost four months before Altana's recent attempt to file an untimely Attached Judgment Statement on December 21, 2023.

Moreover, following the deadline to file Attached Judgment Statements, on October 11, 2023, the Court ordered that "[e]ach party seeking to become an Additional Judgment Creditor SHALL file on the docket of the *Crystallex* case . . . a summary of the dates of all completed Steps" by October 16, 2023. *See Crystallex*, D.I. 738, at 6. Altana failed to file a timely Status Summary and instead waited another two months before seeking an extension of the October 16, 2023 deadline.

Altana erroneously attempts to excuse its delay by arguing that there will be no prejudice if it were granted an extension *nunc pro tunc*. Motion for Extension, at 5. At this late stage of the sales process — days before the Step 5 deadline of January 12, 2024, *see Crystallex*, D.I. 771, at 2, and while the Special Master is actively engaged in marketing activities related to the sale, which will result in the submission of nonbinding bids on or before January 22, 2024, *see id.*; D.I. 804 — adding a claimed judgment for more than half a billion dollars threatens to complicate the sale process, confuse potential bidders, cause delay, and invite other creditors to continue submitting untimely filings. Indeed, the Court imposed the August 14, 2023 deadline for filing Additional Judgment statements and the November 2, 2023 Additional Judgment Deadline to ensure potential bidders were aware of the scope of the full universe of claims that could potentially be included in the sale. Allowing Altana to file an Additional Judgment statement now would defeat the purpose

4

of those deadlines and could affect, or chill, bidders' non-binding bids, which are due on January 22, 2024, *Crystallex*, D.I. 771 at 2.  The potential ripple effects of granting Altana's requests are not hypothetical: in the time since Altana filed its papers requesting an extension of the relevant deadlines, another creditor has also sought leave to file an untimely Attached Judgment Statement, *Crystallex*, D.I. 818, 826.

As Altana concedes, its position is "distinguishable" from the plaintiffs in the *Lovati* action (Misc. No. 23-340).  *See* Motion for Extension, at 5.  In *Lovati*, the Court granted a brief, 10-day extension *nunc pro tunc* for the August 14, 2023 deadline to allow the *Lovati* creditors to file an Attached Judgment Statement.  *See Tidewater Inv. SRL v. Bolivarian Republic of Venezuela*, No. MC 19-79-LPS, 2023 WL 7182179, at *11–12 (D. Del. Nov. 1, 2023).  Unlike the *Lovati* creditors, Altana here seeks a nearly *four-month* long extension for the Attached Judgment Statement deadline.  Moreover, at this late date, Step 5 deadline does not "remain . . . several months away," *id.* at *12, but rather merely days away, on January 12, 2024.  And unlike the *Lovati* plaintiffs, Altana attempts to submit its Attached Judgment Statement months after the Additional Judgment Deadline of November 2, 2023. *See Crystallex*, D.I. 646, at 2.

As the Court concluded with the *Lovati* creditors, Altana's attempts to excuse its delay on the fact that it did not receive service of the *Crystallex* orders are "unsatisfactory." *See Tidewater*, 2023 WL 7182179, at *11.  While Altana may not have entered an appearance in *Crystallex* until December 21, 2023, it is difficult to believe that it was not aware of the *Crystallex* proceedings until that date.  Altana's ambiguously worded representation that "at the time of such filings [*i.e.*, the Special Master's August 7, 2023 letter or the Court's August 8, 2023 oral order] . . . [it] w[as] not aware of the AJS Deadline," *see* Motion for Extension, at 3, a representation that conspicuously

5

avoids disclosing when Altana became aware of the sale process schedule, is not supported by any sworn declaration or affidavit.

Furthermore, Altana's purported unawareness of the *Crystallex* proceedings is belied by the fact that Altana is an opportunistic investor in distressed debt, and according to its own website, the fund in question specializes exclusively in seeking "asymmetric return opportunities in the distressed sovereign debt of Venezuela — currently the world's largest distressed credit event." *See* Cannataro Aff., Ex. A, at 4.  Notably, Altana's chief investment officer is cited in numerous recent news articles, including in an August 31, 2023 news report (predating its December motion by *months*, but post-dating its July judgment) about the *Crystallex* sale process.  *See* Cannataro Aff., Ex. B, at 3; *see also id.*, Ex. C–E.  Taken as a whole, "[i]t is difficult, then, to believe that the [Altana] creditors were not monitoring the docket of the *Crystallex* Action, despite not being parties to it." *See Tidewater*, 2023 WL 7182179, at *11.  Nor would Altana be unduly prejudiced, to the extent that would be relevant, as the Court has noted that "[e]ven if a judgment is not designated as an Additional Judgment, the SPO expressly recognizes that the 'Additional Judgment Deadline does not impair or in any way limit any person's or entity's right to seek attachment to any proceeds following consummation of the Sale Transaction.'" *Crystallex*, D.I. 646, at 10–11 n. 8 (quoting *id.*, D.I. 481 ¶ 30).

Given the prejudice to the sale process and Altana's lack of diligence, the Court should deny its motion for an extension of the relevant deadlines to file an Attached Judgment Statement and a Status Summary.  *See Crystallex* D.I. 646 at 13 (noting a creditor's "diligence in preserving their rights" is "an important principle embodied in Delaware law"); *see also Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) ("[D]istrict court possesses inherent powers that are governed . . . by the control

necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." (citation and internal quotation marks omitted)).

## II. The Court Should Also Deny Altana's Motion for a Writ of Attachment.

### A. Because Altana Failed to File a Timely Additional Judgment Statement, it is Not Entitled to Become an Additional Judgment Creditor and Cannot Be Issued a Writ of Attachment.

Issuance and service of a writ of attachment on the PDVH shares has only been authorized by OFAC for Additional Judgment Creditors. *Crystallex*, D.I. 555. Because an Additional Judgment Creditor was required by the Court to file a timely Additional Judgment Statement, *Crystallex*, D.I. 481, ¶ 32, Altana cannot now join the sale process as an Additional Judgment Creditor. This, in turn, means that Altana cannot fall within the ambit of the OFAC license that might otherwise permit them to obtain such attachment. Accordingly, its motion for a writ of attachment should also be denied. *See ConocoPhillips v. Bolivarian Republic of Venezuela*, No. 19-mc-342, D.I. 42 at 20-21 (declining to issue writ of attachment in absence of specific license from OFAC authorizing same). Altana, of course, remains free to seek a specific license from OFAC authorizing it to attach any proceeds resulting from consummation of the Sale Transaction.

### B. The Attachment Motion Should Also Be Denied Because Altana Failed to Comply with the FSIA's Requirements for Service of Default Judgments.

Separately, Altana's motion for an order seeking a writ of attachment should be denied because of its failure to comply with the FSIA's requirements for the service of default judgments. The FSIA requires that "[a] copy of any . . . default judgment shall be sent to the foreign state or political subdivision in the manner prescribed for service in this section." 28 U.S.C. § 1608(e). This service requirement is a prerequisite to any "attachment or execution." *See id.* § 1610(c) ("No attachment or execution referred to in subsections (a) and (b) of this section shall be permitted until the court has ordered such attachment and execution after having

7

determined that a reasonable period of time has elapsed following the entry of judgment *and the giving of any notice required under section 1608(e)* . . . ." (emphasis added)).

Section 1608 identifies four methods of service upon a foreign state, "in descending order of preference." *Saint-Gobain Performance Plastics Eur. v. Bolivarian Republic of Venezuela*, 23 F.4th 1036, 1038 (D.C. Cir. 2022). Here, Plaintiffs purport to have satisfied the fourth method of service, as laid out in 28 U.S.C. § 1608(a)(4). *See* Altana Judgment Statement, D.I. 812, at 2. This method of service is accomplished "by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services — and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted." 28 U.S.C. § 1608(a)(4); *see also Altana Credit Opportunities Fund SPC v. Bolivarian Republic of Venezuela*, No. 20-cv-8402 (AT) ("*Altana* SDNY Docket") (Nov. 12, 2020, S.D.N.Y.), D.I. 16 (reproduced herein at Cannataro Aff., Ex. F) (Judge Torres authorizing service according to the method set forth in 28 U.S.C. § 1608(a)(4)). On August 3, 2023, the Clerk's Office of the U.S. District Court for the Southern District of New York certified that it sent by Federal Express two copies of the default judgment and a translation to the U.S. Department of State. *See Altana* SDNY Docket, D.I. 77 (reproduced herein at Cannataro Aff., Ex. G).

That is not enough to effectuate service under 28 U.S.C. § 1608(a)(4). It is an "element[]" of the diplomatic-channels method of service "the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state" and then "shall send to the clerk of the court a

8

certified copy of the diplomatic note indicating when the papers were transmitted." 28 U.S.C. § 1608(a)(4); *Panahi v. Islamic Republic of Iran*, C.A. No. 19-0006 (ABJ), 2020 WL 6591425, at *6 (D.D.C. Nov. 10, 2020). Regulations require transmittal to "be accompanied by a diplomatic note of transmittal," and require a State Department official to "promptly send the certified copy [of the diplomatic note of transmittal] to the clerk of the court concerned" once the documents are delivered. 22 C.F.R. § 93.1(d), (e). The FSIA "deem[s]" service to have been made "as of the date of transmittal indicated in the certified copy of the diplomatic note." 28 U.S.C. § 1608(c)(1). Without receipt of the certified copy of the diplomatic note indicating when the papers were transmitted, therefore, service has not been effected. Consistent with this, courts regularly treat receipt of the certified copy of the diplomatic note as necessary to properly effect service under 28 U.S.C. § 1608(a)(4). *See, e.g., Democratic Republic of Congo v. FG Hemisphere Assocs., LLC*, 508 F.3d 1062, 1064 (D.C. Cir. 2007); *Est. of Fishbeck v. Islamic Republic of Iran*, No. 18-CV-2248 (CRC), 2021 WL 6808189, at *4 (D.D.C. Mar. 1, 2021).

Here, Altana has not provided any evidence that a diplomatic note indicating when the papers were transmitted to the Republic was issued or that a certified copy of that diplomatic note was sent to the Clerk's Office of the U.S. District Court for the Southern District of New York. At most, Altana can point to an email from the State Department claiming that the default judgment was "transmitted" in October 2023, though that email also indicates that a certified copy of the diplomatic note had not yet been obtained. *See Altana* SDNY Docket, D.I. 86-1 (reproduced at Cannataro Decl, Ex. H) ("[W]e are waiting to obtain the certified copy of the diplomatic note.").[3]

---

[3] The *Altana* SDNY Docket contains a text-only entry stating that a "Clerk Certificate of Mailing [was] received for [o]ne copy of the Default Judgment and Translation into Spanish, the official language of Venezuela, and the translators affidavit mailed to Bolivarian Republic of Venezuela 1099 30th St NW Washington, DC 20007 on 8/03/2023 by Federal Express tracking # 7816 0707 5723." *Altana* SDNY Docket, D.I. 87 (reproduced at Cannataro Decl, Ex. I)

9

Without a certified copy of the diplomatic note sent to the Clerk's Office, service pursuant to 28 U.S.C. § 1608(a)(4) has not been established. *See Barot v. Embassy of the Republic of Zambia*, 785 F.3d 26, 27 (D.C. Cir. 2015) ("When serving a foreign sovereign, strict adherence to the terms of 1608(a) is required." (citation and internal quotation marks omitted)); *see also Saint-Gobain*, 23 F.4th at 1040 ("Courts must also adhere to the plain text when interpreting the FSIA's requirements for service given the 'sensitive diplomatic implications' of suits against foreign sovereigns." (quoting *Republic of Sudan v. Harrison*, 139 S. Ct. 1048, 1062 (2019))); *Agudas Chasidei Chabad of United States v. Russian Fed'n*, 659 F. Supp. 3d 1, 12 (D.D.C. 2023) ("[Section 1608(e)'s] notice requirement is no mere technicality. Rather, it is an important procedural protection for foreign states and their instrumentalities built into the FSIA." (citation and internal quotation marks omitted)). "And because "[n]o attachment or execution . . . shall be permitted" until "the giving of any notice required under section 1608(e)," 28 U.S.C. § 1610(c), issuance of a writ of attachment before service has been effectuated would be improper. Altana's motion for a writ of attachment should therefore be denied.

**III.    The Republic Preserves its Rights Concerning FSIA Immunity and Rule 69.**

Respectfully, the Republic disagrees with the Third Circuit's decision in *OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela*, 73 F.4th 154 (3d Cir. 2023) ("*OIEG II*"), holding that Petróleos de Venezuela, S.A. and its asserts are not immune from attachment under the FSIA. The Republic expressly preserves all rights on appeal and the right to contest FSIA immunity issues —

---

(capitalization removed). According to the Federal Express website, that tracking number shows that the relevant documents were sent on August 3, 2023 — the same day that the Clerk's Office sent copies of the default judgment and translation to the Department of State — and were sent from New York City and not Washington, D.C. *See* Cannataro Decl, Ex. J. It is not clear who sent these papers, but even if they were sent by the State Department, they do not appear to be a transmission from the Secretary of State "through diplomatic channels." 28 U.S.C. § 1608(a)(4). And, in any event, this text-only docket entry certainly does not constitute a "certified copy of the diplomatic note indicating when the papers were transmitted." *Id*.

including that Altana's motion for attachment should be denied on that basis — in the event that *OIEG II* is reversed, modified, or overruled. The Republic also respectfully disagrees with this Court's determination that Rule 69 of the Federal Rules of Civil Procedure and the FSIA do not require application of Delaware alter-ego law and/or that collateral estoppel precludes the Republic from arguing otherwise. *See Tidewater*, 2023 WL 7182179, at *8–11. The Republic expressly preserves all rights on appeal and the right to argue that Rule 69 requires the application of Delaware alter ego standards in this case, and that Altana's failure to satisfy these standards requires denial of its attachment motion. For the sake of judicial economy, the Republic will not repeat the arguments it presented on these issues in prior briefing, but the Republic incorporates them by reference fully herein.

## CONCLUSION

For each of the reasons set forth above, the Republic respectfully urges the Court to deny (i) Altana's motion for an extension of the deadlines for submission of its Attached Judgment Statement and its Status Summary; and (ii) its motion for an order authorizing a writ *fieri facias*.

Dated: Janauary 8, 2024

Respectfully submitted,

*/s/ Christopher Fitzpatrick Cannataro*

OF COUNSEL:

Donald B. Verrilli, Jr.
Elaine J. Goldenberg
Ginger D. Anders
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW
Suite 500 E
Washington, D.C. 20001
(202) 220-1100
Donald.Verrilli@mto.com
Elaine.Goldenberg@mto.com
Ginger.Anders@mto.com

George M. Garvey
Adeel Mohammadi
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100
George.Garvey@mto.com
Adeel.Mohammadi@mto.com

A. Thompson Bayliss (#4379)
Christopher Fitzpatrick Cannataro (#6621)
ABRAMS & BAYLISS LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807
(302) 778-1000
bayliss@abramsbayliss.com
childs@abramsbayliss.com
cannataro@abramsbayliss.com

*Attorneys for Bolivarian Republic of Venezuela*

OF COUNSEL:

Nathan P. Eimer
Lisa S. Meyer
Daniel D. Birk
Gregory M. Schweizer
Emily E. Sullivan
EIMER STAHL LLP
224 South Michigan Avenue
Suite 1100
Chicago, IL 60604
(312) 660-7600
NEimer@eimerstahl.com
LMeyer@eimerstahl.com
DBirk@eimerstahl.com
GSchweizer@eimerstahl.com
ESullivan@eimerstahl.com

*/s/ Alexandra M. Cumings*
Kenneth J. Nachbar (#2067)
Susan W. Waesco (#4476)
Alexandra M. Cumings (#6146)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, DE 19801
(302) 658-9200
KNachbar@morrisnichols.com
SWaesco@morrisnichols.com
ACumings@morrisnichols.com

*Attorneys for PDV Holding, Inc., and CITGO Petroleum Corporation in the* Crystallex *Action*

12