IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Misc. No. 17-151-LPS |
| ) | |
| BOLIVARIAN REPUBLIC OF VENEZUELA, ) | |
| ) | |
| Defendant. ) | |

---

### SPECIAL MASTER'S OPPOSITION TO PLAINTIFF RICARDO DEVENGOCHEA'S MOTION FOR LEAVE TO FILE AT THIS TIME HIS ATTACHED STATEMENT OF JUDGMENT WHICH COULD NOT HAVE BEEN FILED EARLIER

On December 29, 2023, Ricardo Devengochea ("Plaintiff") moved for leave to file his Attached Judgment Statement. D.I. 826. The Special Master opposes Plaintiff's motion for extension of deadlines that have now long passed and, in support hereof, the Special Master respectfully states as follows:

1. On July 27, 2023, this Court issued a Memorandum Order, which laid out the steps creditors must follow to participate in a sale of the PDVH Shares[1] to satisfy Attached Judgments in compliance with the milestones set forth in the Sales Procedures Order. *See* D.I. 646. As part of the Sale Procedures Order, the Court set numerous milestones to ensure an orderly sale process, which were designed to help the Court understand the universe of judgments that would potentially

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the *Sixth Revised Proposed Order (A) Establishing Sale and Bidding Procedures Order, (B) Approving Special Master's Report and Recommendation Regarding Proposed Sale Procedures Order, (C) Affirming Retention of Evercore as Investment Banker by Special Master and (D) Regarding Related Matters* [D.I. 481] (the "**Sale Procedures Order**").

be satisfied by the sale, as well as to address the Venezuela Parties' concerns that only the shares necessary to satisfy the judgments would be sold.  *See id.* at 13.

2. Specifically, the Sale Procedures Order requires:

> [b]y no later than 21 calendar days following the Preparation Launch Date any holder of an Attached Judgment or holder of a judgment seeking to be an Attached Judgment shall deliver to the Special Master and to counsel for the Venezuela Parties a statement indicating the amount such creditor contends remains outstanding with respect to their Attached Judgment or judgment.

Sale Procedures Order, ¶ 32.

3. On August 7, 2023, the Special Master publicly filed a letter to remind all interested parties of their obligation under the Sale Procedures Order to submit a statement describing their judgment and including all relevant supporting documentation (the "**Attached Judgment Statements**") by August 14, 2023 (*i.e.*, 21-days after the Preparation Launch Date) if they wished to participate in the Court's sale process.  *See* D.I. 652 at 2.

4. On October 11, 2023, this Court directed the judgment holders to file a summary of the dates of all completed perfection steps, including documentation in support of the parties' representations therein (the "**Status Summary**"), by October 16, 2023.  D.I. 738 at 6.

5. Plaintiff now asks for an extension of these deadlines to December 29, 2023, the date on which he filed his Attached Judgment Statement and Status Summary, to ensure his participation in the sale process.  *See* D.I. 819; D.I. 826.  This would amount to an extension of over four months from the deadline to file Attached Judgment Statements set by the Court.  *See* D.I. 652; D.I. 654.

6. The Court has previously emphasized the importance of an orderly and efficient sale process.  *See* D.I. 646 at 13; D.I. 738 at 3.  Specifically, the Court has noted that establishing deadlines "will promote the interests of including as many creditors as possible in the forthcoming sale while still providing the Special Master with enough information to 'discuss the universe of

judgments to be satisfied by the Sale Transaction and the required amount of net proceeds to be provided' with potential bidders." D.I. 646 at 13 (quoting D.I. 633 at 2). The Court has also reiterated the importance of balancing the "Special Master's need to understand the universe of judgments to be satisfied by the Marketing Process, with interests of judicial economy," and addressing the Venezuela Parties' "concerns that more shares will be sold than are necessary to satisfy the judgments." *See* D.I. 738 at 3.

7. Plaintiff argues that an extension is appropriate because his Attached Judgment Statement "could not have been filed earlier." D.I. 826 at 1. However, with the Step 5 (Writ) Deadline and the Step 7 (Perfect Writ) Deadline quickly approaching, and the sale process well underway, permitting an extension of the deadlines to any Plaintiff who could not have filed the appropriate documentation earlier will no doubt impact the Special Master's ability to identify the universe of judgments that are to be satisfied by the sale. It will also undermine the orderly and efficient sale process established by the Court and may serve to open the floodgates to more requests undermining the orderly process in place.

8. The Special Master is not questioning Plaintiff's due diligence or suggesting Plaintiff could have filed its Attached Judgment Statement earlier. Rather, the Special Master is merely defending the orderly nature of this sale process and highlighting the need to adhere to carefully crafted deadlines rather than seeking to accommodate or address every judgment that may exist against PDVSA down to the day before a sale is approved.

9. Plaintiff's claim that extending the deadlines to file its Attached Judgment Statement and Status Summary will not prejudice any other interested party is without merit. Plaintiff ignores that an extension of the deadlines at this juncture in the sale process risks the Special Master's ability to understand the universe of judgments that are to be satisfied by the sale

3

process. At a minimum, permitting Plaintiff to avoid the deadlines in the sale process opens the door for other parties to do the same, and will continue to expand the universe of judgments to be satisfied by the sale even though key deadlines for the sale process are quickly approaching. Arbitrary and ad hoc extension of the deadlines will result in uncertainty among potential bidders as to whether the universe of judgments will continue to move. Furthermore, it is difficult to see where requests such as this would stop if the Court were inclined to grant every such request.

10. For these reasons, the Special Master respectfully requests that the Court deny Plaintiff's Motion to Extend Deadlines.

Dated: January 12, 2024

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

*/s/ Myron T. Steele*

OF COUNSEL:

Ray C. Schrock (Admitted *pro hac vice*)
Alexander W. Welch (Admitted *pro hac vice*)
Chase A. Bentley (Admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray.Schrock@weil.com
Alexander.Welch@weil.com
Chase.Bentley@weil.com

Myron T. Steele (#00002)
Matthew F. Davis (#4696)
Bindu A. Palapura (#5370)
Abraham Schneider (#6696)
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
msteele@potteranderson.com
mdavis@potteranderson.com
bpalapura@potteranderson.com
aschneider@potteranderson.com

*Counsel for Special Master Robert B. Pincus*