# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
(302) 658-9200
(302) 658-3989 FAX

Alexandra M. Cumings
(302) 351-9248
(302) 425-4670 FAX
acumings@morrisnichols.com

January 20, 2024

**BY EFILING**

The Honorable Leonard P. Stark
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, D.C. 20439

Re:   *Crystallex International Corp. v. Bolivarian Republic of Venezuela*
No.: 17-mc-00151-LPS

*Ostrider Limited v. PDVSA Petróleo S.A.*
No.: 1:23-cv-01405-LPS

*UML Blandford Limited v. PDVSA Petróleo S.A.*
No.: 1:23-cv-01406-LPS

*Union Glory Limited v. PDVSA Petróleo S.A.*
No.: 1:23-cv-01407-LPS

*Clion Limited v. PDVSA Petróleo S.A.*
No.: 1:23-cv-01408-LPS

*Clion Limited v. PDVSA Petróleo S.A.*
No.: 1:23-cv-01409-LPS

Dear Judge Stark:

I write pursuant to this Court's January 18, 2024 Order inviting any Sale Process Party who wishes to respond to motions by Petitioners Ostrider Limited, UML Blandford Limited, Union Glory Limited, and Clion Limited's for an extension of "Step 5 and related deadlines" to file a letter with the Court by January 20, 2024. D.I. 869 at 4.[1] The Bolivarian Republic of Venezuela, Petróleos de Venezuela, S.A. ("PDVSA"), PDV Holding, Inc., and CITGO Petroleum Corporation (together, the "Venezuela Parties") oppose the extensions sought by Petitioners for substantially

---

[1] All references to D.I. numbers refer to the *Crystallex* docket unless otherwise stated.

The Honorable Leonard P. Stark
January 20, 2024
Page 2

the same reasons as stated in the Republic's oppositions to the Altana and Devengoechea petitioners' requests for extensions to file Additional Judgment Statements. D.I. 840 at 3-7; D.I. 858 at 3-6. The Venezuela Parties further oppose Petitioners' motions for extension because they have not satisfied even the first step necessary to participate in the sale process—much less reached Step 5, the deadline for which already has passed. D.I. 646 at 3; D.I. 738 at 3.

As explained in the Republic's *Altana* and *Devengoechea* briefs, this Court laid out clear rules in the Sale Procedures Order, which required that any "holder of a judgment seeking to be an Attached Judgment" file and serve its Attached Judgment Statement "no later than 21 calendar days following the Preparation Launch Date," D.I. 481 ¶ 32, a deadline which passed on August 14, 2023, D.I. 652 at 2; D.I. 654. The Court also set October 16, 2023, as the deadline to submit a Status Summary and November 2, 2023, as the Additional Judgment Deadline. D.I. 646 at 2; D.I. 738 at 6. The Court intended to fix "the maximum universe of all judgments that could *potentially* be made part of the Sale" on November 2, 2023, specifically to "provid[e] the Special Master with enough information to discuss the universe of judgments to be satisfied by the Sale Transaction and the required amount of net proceeds to be provided with potential bidders." D.I. 646 at 13 (emphasis in original) (internal quotation marks omitted). As the Special Master has stated in the context of other creditors seeking to belatedly file Additional Judgment Statements, allowing Petitioners to join the sale process at this late stage will cause prejudice to the parties and disrupt the sale process, which is already well underway. *See* D.I. 830 at 4; D.I. 853 at 3-4. Indeed, non-binding bids are due on January 22, D.I. 839 at 2, *before* the new Step 5 deadline proposed by Petitioners. The Court should decline to permit Petitioners to adjust deadlines and participate in the sale process.

Petitioners' motion should further be denied because, unlike the petitioners in *Altana* and *Devengoechea*, the Step 5 deadline has already passed, and they have not fulfilled even the first step required by this Court to participate in the sale process, much less reached Step 5. D.I. 646 at 3. Specifically, while Petitioners now have a confirmed award, they have not proved that they are owed some debt by either the Republic or PDVSA. *Id.* (requiring "[a] creditor proves it is owed some debt by a *Venezuela Party*") (emphasis added). Petitioners' arbitral awards are against PDVSA Petróleo—not PDVSA—and this Court has never held PDVSA Petróleo to be an alter ego of PDVSA or the Republic. Substantial additional proceedings likely will be required before Petitioners can even fulfill these three initial steps. To allow Petitioners to circumvent this Court's clearly delineated procedures, especially *after* the Step 5 deadline has already passed, would be unjust and disruptive to the sale process.[2]

---

[2] For the avoidance of doubt, the Venezuela Parties do not concede that Petitioners' separate motions for conditional writs of attachment (*e.g.*, No. 23-cv-1405-LPS (D.I. 15)) should be granted. The Venezuela Parties understand that the Court only invited comment on Petitioners' motions to extend the sale procedure deadlines and that the attachment petitions will be the subject of separate briefing.

The Honorable Leonard P. Stark
January 20, 2024
Page 3

Respectfully,

*/s/ Alexandra M. Cumings*

Alexandra M. Cumings (#6146)

Enclosure

cc: All Counsel of Record (Via E-Filing)