ROBERT B. PINCUS in his capacity as<br>
Special Master for the United States District Court for the District of Delaware<br>
PO Box 4570<br>
Wilmington, DE 19807

January 20, 2024

**BY HAND DELIVERY & CM/ECF**

The Honorable Leonard P. Stark
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801-3570

Re: *Crystallex International Corporation v. Bolivarian Republic of Venezuela*,
D. Del. C.A. No. 1:17-mc-00151-LPS (the "*Crystallex* Case");
Response to January 18, 2024 Memorandum Order

Dear Judge Stark:

I write regarding the Court's January 18, 2024 Memorandum Order requesting the Special Master[1] to advise the Court of his position regarding:

> (1) Petitioners/Plaintiffs' motions for extension of "Step 5 and related deadlines" (*see, e.g.*, Misc. No. 17-151 D.I. 849); (2) the issues relating to Attached Judgment Statements raised in the January 12, 2024 letter filed by Petitioners/Plaintiffs (*see, e.g.*, C.A. No. 23-1405 D.I. 18); and (3) any other issues relating to Petitioners/Plaintiffs' actions on which the Special Master wishes to be heard.

D.I. 869 at 4.

The Special Master opposes the Petitioners' motion to extend the Step 5 (Writ) Deadline from January 12, 2024 to February 13, 2024 and the deadline for being considered an Additional Judgment Holder to a date the Court deems appropriate. Like with similar requests for extensions filed by other creditors, the Special Master's opposition is grounded in a commitment to a timely, orderly, and efficient sale process.[2]

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Sixth Revised Proposed Order (A) Establishing Sale and Bidding Procedures, (B) Approving Special Master's Report and Recommendation Regarding Proposed Sale Procedures Order, (C) Affirming Retention of Evercore as Investment Banker by Special Master and (D) Regarding Related Matters* [D.I. 481] (the "**Sale Procedures Order**").

[2] The Special Master intended to oppose the Petitioners' motion to extend the deadlines filed in the *Crystallex* matter in due course by January 25, 2024. The Special Master did not respond to the Court's Order to Show Cause, *see* C.A. No. 23-1405, D.I. 10 (the "**Order to Show Cause**"), filed in *Ostrider Ltd. v. PDVSA Petroleo S.A.*, C.A. No. 23-1405 (D. Del.) because the Special Master had not appeared in that matter, similar to his approach with respect to matters of other judgment holders.

The Honorable Leonard P. Stark
January 20, 2024
Page 2

The Court has emphasized the importance of an orderly and efficient sale process on multiple occasions. *See* D.I. 646 at 13; D.I. 738 at 3.[3] Specifically, the Court has noted that establishing deadlines "will promote the interests of including as many creditors as possible in the forthcoming sale while still providing the Special Master with enough information to 'discuss the universe of judgments to be satisfied by the Sale Transaction and the required amount of net proceeds to be provided' with potential bidders." D.I. 646 at 13 (quoting D.I. 633 at 2). The Court has also reiterated the importance of balancing the "Special Master's need to understand the universe of judgments to be satisfied by the Marketing Process, with interests of judicial economy," and addressing the Venezuela Parties' "concerns that more shares will be sold than are necessary to satisfy the judgments." *See* D.I. 738 at 3.

The Marketing Process launched on October 23, 2023 and is well underway. First round bids are due this coming Monday, January 22, 2024, and the Special Master is in the process—following the expiration of the Step 5 (Writ) Deadline on January 12, 2024—of evaluating the proposed final amounts of attached judgments, which the Special Master will formally submit to the Court by February 20, 2024 for the Court's final approval. Certainty around the universe of judgments to be satisfied by the Sale Transaction is critical to the Marketing Process to allow potential bidders to make informed bids. As just one example, the Special Master has received inquiries from credit bidders, *i.e.*, judgment holders that may submit a bid using their claim as full or partial consideration, as to the total amount of judgments to be satisfied and their place in the priority waterfall because, according to the Bidding Procedures, those credit bidders would need to "provide sufficient cash to satisfy any obligations secured by a senior lien on the PDVH Shares." D.I. 480-1 at 9. Accordingly, allowing the Petitioners—and other creditors—to extend the Step 5 (Writ) Deadline to become Additional Judgment Creditors at this late stage would delay the Marketing Process and impede the Special Master's ability to adequately market the shares.

The Special Master understands that the Petitioners received an arbitral award against PDVSA, Petroleo, S.A. ("**PDVSA Petroleo**") on April 14, 2023 and an addendum to the award on May 31, 2023, nearly eight months ago. *See* D.I. 850. While the Special Master does not question the Petitioners' "good faith efforts to act expeditiously in trying to meet the prescribed deadlines," D.I. 849 at 5, permitting the Petitioners to bypass the deadlines opens the door for other parties to do the same, which will continue to expand the universe of judgments to be satisfied by the Sale Transaction even though key deadlines for the Marketing Process have passed and others are quickly approaching. Further, it is difficult to see where extension requests such as this would end if they were continuously granted.[4]

---

[3] Citations to the docket index ("D.I.") are to the docket in the *Crystallex* Case, Misc. No. 17-151, unless otherwise specified.

[4] To the extent the Petitioners argue an extension is appropriate because they were not aware of the deadlines, the Court has already found those arguments to be "unsatisfactory" under similar circumstances. *See Tidewater Investment SRL et al. v. Bolivarian Republic of Venezuela*, 2023 WL 7182179, *11 (D. Del. Nov. 1, 2023) ("The Court finds the *Lovati* creditors' explanations for the delay – that they were not 'parties to the *Crystallex* proceedings, and did not receive

The Honorable Leonard P. Stark
January 20, 2024
Page 3

Most importantly, the Petitioners seek a conditional writ of attachment, but the judgment they hold is against PDVSA Petroleo, not PDVSA whose assets are being attached and sold as part of the Marketing Process. Petitioners acknowledge that, before a conditional writ can be granted, the Court must first find that "PDVSA [is] an alter ego of PDVSA Petroleo." *See* D.I. 849 at 6. And while the Petitioners state that the record to date "amply support[s] piercing the corporate veil of PDVSA," C.A. No. 23-1405, D.I. 8 at 3, the Court has yet to address this complex issue. Granting Petitioner's request for an extension of the Step 5 (Writ) Deadline to allow for the Court to resolve this complex issue would further delay and impede the Marketing Process.

Petitioners also argue that it is appropriate for this Court to grant a writ of attachment "conditioned" on the Court's finding that PDVSA is an alter ego of PDVSA Petroleo. The Special Master disagrees. In its Memorandum Order dated July 27, 2023 (the "**July 27 Order**"), the Court noted that it had "awarded some creditors conditional writs of attachment, which cannot be formally issued and served until some future event (usually a condition outside the control of the Court or the creditor) occurs." *See* D.I. 646 at 6. In its July 27 Order, the Court was referring to the sanctions imposed on Venezuela by the Office of Foreign Assets Control ("**OFAC**"), not the situation contemplated here, which was well within the control of the Court and creditors. *See* D.I. 646 at 6 ("For example, in *OI European Group B.V. v. Bolivarian Republic of Venez.*, 2022 WL 611563, at *11 (D. Del. Mar. 2, 2022), the Court agreed with certain judgment creditors that 'any writ of attachment for PDVH Shares should not be served until either OFAC grants it a specific license to obtain an interest in the PDVH Shares or the sanction regime changes and the PDVH Shares are no longer blocked.'"). Accordingly, the Petitioners' request that an extension be granted, and a conditional writ issued, so that the Court can adjudicate whether PDVSA Petroleo is an alter ego of PDVSA, should be denied.

The Petitioners further assert this is a situation where there are conditions "outside control of the Court or the creditor," such as "the timing of the arbitration awards" and "the Court's docket in setting deadlines in cases to which Petitioners were not a party and had no timely notice." *See* C.A. No. 23-1405, D.I. 18. While the Special Master does not question that the Petitioners moved with "deliberate speed," granting the Petitioners an extension on the deadlines ignores the fact that the "timing of the arbitration award," released in May 2023, still allowed the Petitioners ample time to enforce their judgment in the United States. In fact, the Petitioners had more than eight months to pursue and achieve the steps outlined in the July 27 Order, actions that were well-within their control. That they chose not to do so should not be a reason to permit an extension of the deadlines. In this instance, there are no conditions outside of the Court's or the creditors' control that merit the granting of a conditional writ.

Lastly, the letters filed by the Petitioners in the Crystallex matter, purporting to be Attached Judgment Statements, *see* D.I. 794, D.I. 795, D.I. 796, D.I. 797, D.I. 798, are premature. Should the Court determine that an extension is warranted, the Special Master would not oppose the letters remaining on the record.

---

service of the Sale Procedures Order or the August 7 Letter, and were not aware of the [Attached Judgment Statement] Deadline' (D.I. 16 at 4) – unsatisfactory.").

The Honorable Leonard P. Stark
January 20, 2024
Page 4

      For the reasons set forth herein, the Special Master respectfully requests that the Court deny Petitioners' request for an extension of the deadlines.

Sincerely,

*/s/ Robert B. Pincus*

Robert B. Pincus, in my capacity as Special Master for the United States District Court for the District of Delaware

cc:    Clerk of Court (via hand delivery)
        Counsel of Record (via CM/ECF and E-Mail)