

Travis S. Hunter
302-651-7564
hunter@rlf.com

January 20, 2024

**VIA ECF**

The Honorable Leonard P. Stark
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

      Re: *Crystallex International Corporation v. Bolivarian Republic of Venezuela et al.*, **C.A. No. 17-mc-151-LPS**

Dear Judge Stark:

Pursuant to the Court's January 18, 2024 Order, D.I. 869, I write on behalf of Crystallex in response to the motions for extension of the Step 5 and related deadlines filed by the petitioners/plaintiffs in C.A. Nos. 23-1405, 23-1406, 23-1407, 23-1408, and 23-1409 ("Petitioners/Plaintiffs").

Crystallex opposes the Petitioners/Plaintiffs' motions for an extension of the Step 5 and related deadlines in the Sale Procedures Order. Crystallex shares the Special Master's views, expressed in prior submissions to the Court, that adherence to the long-established and well-publicized deadlines in the Sale Procedures Order is critical to protect the "orderly nature of this sale process." *See* D.I. 853 at 3. There are now at least eight creditors seeking extensions of the Court's deadlines, and there are sure to be more before the sale is complete. Attempting to accommodate each potential creditor that may emerge in the coming months risks undermining and needlessly prolonging the sale process, with no discernible benefit to the Sale Process Parties (including the Venezuela Parties), judicial economy, or the creditors that have complied with this Court's deadlines. To provide assurance to Sale Process Parties and potential bidders seeking to participate in an organized and predictable auction, the Court should enforce the deadlines in the Sale Process Order, which have long been a matter of public record.

The case against extending the sale process deadlines is particularly strong here. To start, none of the Petitioners/Plaintiffs holds a claim against any of the Venezuela Parties. Rather, each purports to be entitled to damages from PDVSA Petróleo S.A., a subsidiary of PDVSA that has not yet been found (by this Court or otherwise) to be an alter ego of PDVSA, the entity that nominally owned the shares of PDV Holding to be auctioned pursuant to the Sale Procedures Order. Moreover, the Petitioners/Plaintiffs do not yet hold U.S. judgments; they have merely obtained arbitration awards that remain to be confirmed and converted to judgment by U.S. courts. *See* D.I. 794 (Ostrider Limited); D.I. 795 (Clion Limited); D.I. 796 (Clion Limited); D.I. 797 (UML Blandford Limited). Thus, the Petitioners/Plaintiffs seek pre-judgment writs of attachment that are barred under the Foreign Sovereign Immunities Act. *See S & S Mach. Co. v. Masinexportimport*, 706 F.2d 411,

The Honorable Leonard P. Stark
January 20, 2024
Page 2

415–16 (2d Cir. 1983) ("Foreign states," including their "agencies or instrumentalities," "are immune from prejudgment attachment of their assets in the United States, unless the immunity is explicitly waived as provided in § 1610(d)."). Though the Court's deadlines should be enforced regardless, these extreme circumstances make plain that the Petitioners/Plaintiffs motions should be denied. Indeed, permitting the Petitioners/Plaintiffs to join the Sale Process as Additional Judgment Creditors at this late (and yet premature in the timeline for enforcement of the Petitioners/Plaintiffs' awards) stage, would open the floodgates to petitions to join the sale process from any potential future creditor of any entity associated in any way with the Venezuela Parties.[1] In such a world, the sale process would become truly unmanageable.

For these reasons, Crystallex respectfully submits that the Court should deny Petitioners/Plaintiffs' motions to extend the Step 5 and related deadlines.

Respectfully submitted,

*/s/ Travis S. Hunter*

Travis S. Hunter (#5350)

CC: All counsel of record

---

[1] For the avoidance of doubt, nothing prohibits future judgment holders from eventually sharing in any excess sale proceeds after the existing lien creditors' judgments are satisfied—even if the Court's deadlines are not extended.