UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION,<br>    Plaintiff,<br>vs.<br>BOLIVARIAN REPUBLIC OF VENEZUELA, a foreign state,<br>    Defendant. | ) ) ) ) ) ) ) ) ) ) | Misc. No. 17-151-LPS |
| RICARDO DEVENGOECHEA,<br>    Plaintiff,<br>vs.<br>BOLIVARIAN REPUBLIC OF VENEZUELA, a foreign state,<br>    Defendant. | ) ) ) ) ) ) ) ) ) | Misc. No. 23-609-LPS |

**PLAINTIFF-JUDGMENT-CREDITOR RICARDO DEVENGOECHEA'S REPLY IN SUPPORT OF HIS MOTIONS FOR (1) WRIT OF ATTACHMENT, AND FOR (2) LEAVE TO FILE HIS STATEMENT OF JUDGMENT, AND FOR (3) EXPEDITED TREATMENT OF THESE MOTIONS**

Pursuant to this Court's Order (D.I. 13-14 in Misc. 23-609; D.I. 842-843 in Misc. 17-151), Plaintiff-Judgment-Creditor Ricardo Devengoechea now files his Reply in support of his motions for (1) a Writ of Attachment, and for (2) leave to file his Statement of Judgment at this time, and for (3) expedited treatment of these motions. As shown below and in Plaintiff's motions, Plaintiff has moved as rapidly as possible; his filings will not disrupt or delay the sale process; and it was only because of Venezuela's unfair delay tactics in the Florida lawsuit leading to a delayed judgment against it that Plaintiff is now placed in this unfair time squeeze. Neither the Special Master nor any party, except the Venezuela parties, opposes Plaintiff's motions.

    **I.    THE SPECIAL MASTER HAS NOT OPPOSED PLAINTIFF DEVENGOECHEA'S MOTIONS**

Apparently recognizing that Plaintiff Devengoechea has proceeded as quickly as possible and that enforcement of his judgment against the sale proceeds will not disrupt or delay the sale

process – discussed in detail below – the Special Master has not opposed Plaintiff Devengoechea's motions. As Plaintiff Devengoechea's motions show, he proceeded at lightning speed to enforce his judgment, and his participation in the sale process will not harm it. Unlike other judgment-creditors whose enforcement efforts have triggered opposition from the Special Master for undue delay and sale disruption (D.I. 830 in Misc. 17-151), there is no such delay or disruption posed by Devengoechea's lightning-speed efforts to enforce his judgment. Moreover, as the Florida District Court expressly found, whatever delay existed in the entry of Devengoechea's judgment in Florida was caused by Defendant Venezuela and its deceptive delay tactics in the Florida litigation – for which Plaintiff Devengoechea should not be blamed (pp.2-4 *infra*). These are significant factors, apparently recognized by the Special Master in his lack of opposition, which warrant the granting of Plaintiff Devengoechea's present motions. Plaintiff Devengoechea now addresses these matters in greater detail.

## II. THE VENEZUELA PARTIES – THE ONLY PARTIES WHO OPPOSE PLAINTIFF DEVENGOECHEA'S MOTIONS – DO NOT DISPUTE THAT PLAINTIFF DEVENGOECHEA PROCEEDED WITH LIGHTNING SPEED TO ENFORCE HIS JUDGMENT AND THAT VENEZUELA ITSELF WAS THE CAUSE OF THE DELAY IT NOW ATTRIBUTES TO PLAINTIFF DEVENGOECHEA

The sole focus of the opposition by the Venezuela parties ("Venezuela") is simply that Plaintiff Devengoechea "unfortunately" is too late to enforce his judgment in the *Crystallex* action – that the August 14, 2023 deadline for filing a Statement of Judgment has passed and that Devengoechea is simply out of luck. Thus while Venezuela acknowledges that Devengoechea's motions "could not have been filed earlier," it then argues that "that is simply the point ... [because] some claimed creditors may be unable to meet these deadlines" (Misc. 23-609 D.I. 15 pp.5-6). Venezuela's argument is misplaced for several reasons:

First, it is disingenuous in the extreme. The sole reason why Plaintiff Devengoechea could not meet the August 14, 2023 deadline is because of Defendant Venezuela itself. As the

Florida District Court expressly found, it was Defendant Venezuela itself which unreasonably – and deceptively – delayed the Florida litigation and judgment by several years. Plaintiff Devengoechea and Defendant Venezuela settled the Florida action on the eve of trial in December 2018 which placed the Florida action on hold while Plaintiff Devengoechea sought the necessary OFAC license to receive the settlement sum. The OFAC process took over 2 years. When Plaintiff Devengoechea finally received the OFAC license 2+ years later, Defendant Venezuela did an about-face and reneged on the settlement agreement, refusing to pay it. Defendant Venezuela obviously used the ruse of "settlement" and its related OFAC delays solely to delay the Florida action for several years. Plaintiff Devengoechea was finally able to push the Florida case to trial and judgment on December 4, 2023 (Misc. 23-609 D.I. 1) – several years after a trial could have been held in 2019 but for Defendant Venezuela's 2018 "settlement" ruse. Defendant Venezuela should not now be rewarded for its deception and delay in the Florida action.

Second, the Florida District Court expressly found that Defendant Venezuela had delayed the action through its deceptive "settlement" ruse. According to the Florida District Court:

> "Plaintiff has shown that Defendant has unreasonably delayed this action, by *inter alia* entering into a settlement agreement in December 2018 (ECF 225-228) ***which Defendant refused to consummate (ECF 229) which delayed this action for several years and which forced Plaintiff to proceed to trial on the merits after several years' delay….***
>
> "It appears to this Court that there is no just cause for further delay after entry of judgment in this action, and that in light of all the circumstances – including Defendant's prompt receipt of notice of the judgment, ***Defendant's unreasonable delay of this action,*** and the tight deadline which Plaintiff now confronts in Delaware to enforce the judgment – that a reasonable amount of time has elapsed since entry of the judgment in this action as prescribed by 28 U.S.C. § 1610(c)."

(Dec. 22, 2023 Order in S.D.Fla. case no. 12-CV-23743 at D.I. 299 pp.2&3; filed in D.Del. Misc. 23-609 at D.I. 4 exh.A; emp.added).

Third, Venezuela does not dispute that it perpetrated a "settlement" ruse in the Florida action nor dispute the Florida District Court's finding that it did. In its present opposition, Venezuela ***never disputed*** its deceptive "settlement agreement" in the Florida action and ***never disputed*** the Florida District Court's finding that it (Venezuela) was responsible for wrongfully delaying the Florida action by several years through its "settlement" ruse. Yet Venezuela now seeks to prejudice Plaintiff Devengoechea for the very same delay for which Defendant Venezuela now essentially admits its own culpability.

Fourth, nor does (or could) Defendant Venezuela blame Plaintiff Devengoechea for delay – and for good reason. The record shows that Plaintiff Devengoechea proceeded as fast as humanly possible. Plaintiff Devengoechea:

- obtained his judgment in Florida on December 4, 2023 (D.I. 1), the same day as Plaintiff's trial, and

- simultaneously moved for and obtained an Order dispensing with the 30-day stays under Fed.R.Civ.P. 62(a) and 28 U.S.C. § 1963 (D.I. 1-1), as that Rule and Statute permit,

- followed promptly by obtaining a further Order on December 22, 2023 determining that a reasonable time had elapsed post-judgment to permit enforcement (D.I. 4 at exh.A), as specially required by 28 U.S.C. § 1610(c) for judgments against foreign countries, and

- ***only 4 business days later*** over the Christmas holiday weekend, on December 29, 2023, promptly filed his motions for a Writ of Attachment and for leave to file his Statement of Judgment (D.I. 2 & 4), and

- simultaneously on December 29, 2023 filed his Status Report showing Steps 1-4 taken to enforce the judgment (D.I. 3). No more could reasonably be asked of Plaintiff Devengoechea.

### III. THE VENEZUELA PARTIES MAKE CONCLUSORY, NON-SPECIFIC, AND MERITLESS ARGUMENTS CONCERNING POSSIBLE PREJUDICE TO THE SALE PROCESS

Venezuela sole argument is that the extension which Plaintiff Devengoechea seeks will disrupt the sale process. Venezuela makes conclusory arguments that Devengoechea's motions will "undermine the orderly and efficient sale process established by the Court" and "will result in uncertainty among potential bidders as to whether the universe of judgments will continue to move" (D.I. 15 at p.5) and will cause "ripple effects" on other judgment-creditors seeking extensions of time (*Id.,* at pp.4-5).

Not true. Defendant Venezuela offers no specifics as to how the granting of Plaintiff Devengoechea's motions in particular will have these effects. Nor could Defendant Venezuela offer such specifics. Plaintiff Devengoechea's position is unique. Plaintiff Devengoechea is the only judgment-creditor who has proceeded as rapidly as he did – promptly seeking a Writ of Attachment and leave to file his Statement of Judgment **only 4 business days** after receiving permission to enforce his judgment (p.4 *supra*) – and is the only judgment-creditor whose current position was caused by Defendant Venezuela itself. As mentioned above, it was Defendant Venezuela's unfair and deceptive litigation tactic and settlement ruse which delayed entry of the judgment in Plaintiff Devengoechea's favor by several years (pp.2-4 *supra*). And it was the Florida District Court which expressly confirmed that Defendant Venezuela had perpetrated this unfair and deceptive litigation tactic (quoted p.3 *supra*) – a finding which Venezuela does not dispute (pp.3-4 *supra*). But for this deceptive delay tactic by Venezuela, Plaintiff Devengoechea would have enjoyed entry of his judgment years earlier and would not confront the time problem now at issue. *Id.* Plaintiff Devengoechea's situation is a unique and exceptional situation among judgment-creditors which will not "open the floodgates" for other

judgment-creditors seeking extensions of time.[1]

## IV. THE VENEZUELA PARTIES' SUBSTANTIVE CHALLENGE AGAINST PLAINTIFF DEVENGOECHEA'S REQUEST FOR A WRIT OF ATTACHMENT IS BARRED BY COLLATERAL ESTOPPEL AND THIS COURT'S PRIOR DECISIONS

Defendant Venezuela purports to reserve its "rights" against any Writ of Attachment granted by this Court and against this Court's decision granting collateral estoppel effect in favor of other judgment-creditors (D.I. 15 at p.8). These are matters already adjudicated by this Court. In light of this Court's determinations that Defendant Venezuela is the alter ego of Petroleos de Venezuela S.A. ("PDVSA") (D.I. 83 in Misc. 17-151) and that this has collateral estoppel effect in favor of other judgment-creditors of Defendant Venezuela (D.I. 84 in Misc. 19-79, *Tidewater Investment SRL v. Bolivarian Republic of Venezuela)*, Plaintiff Devengoechea's substantive entitlement to a Writ of Attachment is already established. Plaintiff Devengoechea should not need to separately prove the alter ego status of PDVSA in order to obtain a Writ of Attachment or separately litigate the collateral estoppel issues which this Court has already resolved.

## V. THE VENEZUELA PARTIES' SUBSTANTIVE CHALLENGE ASSERTTING EXECUTION IMMUNITY IS BARRED BY COLLATERAL ESTOPPEL AND IS INCONSITENT WITH ITS OWN ARGUMENT

Venezuela asserts execution immunity and that Plaintiff Devengoechea allegedly fails to overcome it (D.I. 15 at pp.7-8). Venezuela's argument fails in two respects.

First, collateral estoppel. This Court has already held that the PDVH shares owned by PDVSA and its alter ego Venezuela are subject to a Writ of Attachment and not protected by execution immunity (D.I. 83 in *Crystallex,* Misc. 17-151) and that this determination benefits other judgment creditors by reason of collateral estoppel, granting Writs of Attachment to other

---

[1] Plaintiff Devengoechea takes no position on the motions by other judgment-creditors and does not seek to disparage them. Plaintiff Devengoechea merely observes and asserts that his situation is unique among judgment-creditors for the reasons given in the text – which Venezuela does not dispute – and that the granting of his motions will not cause the sale disruption which Venezuela posits.

judgment-creditors (D.I. 84 in *Tidewater*, Misc. 19-79). The same determination should benefit Plaintiff Devengoechea as judgment creditor as well.

Second, Venezuela acknowledges that it already lost on these immunity issues and "reserves" all rights to an appeal (D.I. 15 at p.8). Venezuela's asserted appeal does not destroy the existing collateral estoppel effect of this Court's Order denying execution immunity.

## VI. THE VENEZUELA PARTIES' SUBSTANTIVE CHALLENGE AGAINST PLAINTIFF DEVENGOECHEA'S JUDGMENT IS DOOMED TO FAILURE AND IS PRESENTED IN THE WRONG COURT

Venezuela males a perfunctory challenge against Plaintiff Devengoechea's judgment in Florida by asserting the allege merit of its appeal (D.I. 15 at p.8). Apart from the fact that this Court is the wrong Court for challenging Plaintiff's Florida judgment, Venezuela's perfunctory mention of its appeal from the Florida judgment omits mention of its likely failure. Defendant Venezuela, after litigating the Florida action for many years through counsel, declined to appear at trial on the merits and clearly waived whatever (meritless) objections it might have had at trial. At trial, the Florida District Court scrupulously protected Venezuela's rights by declining to hold Venezuela in default (Venezuela was not under compulsory process to attend), by entering detailed Findings of Fact and Conclusions of Law (D.I. 4 exh.C at sub-exh.1; D.I. 293 in Florida action), and by expressly imposing all evidentiary burdens on Plaintiff Devengoechea. As the Florida District Court held:

> "Defendant was not in default but appeared in this action by counsel and then pro se which is permitted under the Foreign Sovereign Immunities Act, although Defendant declined to appear at trial on the merits. This Court did not hold Defendant in default but treated the trial as a full trial on the merits where Plaintiff bore all evidentiary burdens."

(Dec. 22, 2023 Order in S.D.Fla. case no. 12-CV-23743 at D.I. 299 p.1; filed in D.Del. Misc. 23-609 at D.I. 4 exh.A).

Through its counsel, Venezuela litigated the Florida action intensely prior to trial. Venezuela's counsel took aggressive discovery (extensive interrogatories, document requests, and depositions of Plaintiff and his fact witness), engaged in extensive motion practice including motions to dismiss and for summary judgment (S.D.Fla. D.I. 151 & 221-224) which the Florida District Court denied (S.D.Fla. D.I. 165 & 270), and took a sovereign-immunity appeal to the Eleventh Circuit challenging the Florida District Court's subject matter jurisdiction in which Plaintiff again prevailed. The Eleventh Circuit expressly upheld the jurisdictional sufficiency of Plaintiff's claim. *Devengoechea v. Bolivarian Republic of Venezuela,* 889 F.3d 1213 (11th Cir. 2018) (affirming District Court's jurisdiction and denial of immunity).

In short, Defendant Venezuela's pending appeal to the Eleventh Circuit from the Final Judgment is not a basis for declining recognition of the judgment – apart from the fact that this Court in Delaware is simply the wrong Court to review the Florida judgment in the first place.

## VII. <u>CONCLUSION</u>

This Court should grant Plaintiff Devengoechea's motions and should authorize and direct the issuance of a Writ of Attachment in his favor and should permit Plaintiff Devengoechea to file his Statement of Judgment and any other required documents pertinent to his participation as an Additional Creditor in these actions.

Dated: January 18, 2024

LAW OFFICE OF DENNIS GROSSMAN

*Dennis Grossman*
by: _____
Dennis Grossman
Attorney for Plaintiff
 Ricardo Devengoechea
6701 Sunset Drive (Suite 104)
Miami, Florida 33143
(516) 466-6690
dagrossmanlaw@aol.com
(Authorized by D.Del.L.R. 83.5(e)(1)
for 30 days; Local Counsel to be Retained)