


# The Rosner Law Group LLC

Attorneys at Law

January 22, 2024

**VIA HAND DELIVERY & CM/ECF**
The Honorable Leonard P. Stark
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, Delaware 19801-3570

      Re:    *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, C.A. No. 17-mc-151-LPS; *Ostrider Limited v. PDVSA Petroleo S.A.*, C.A. 23-cv-1405-LPS; *UML Blandford Limited v. PDVSA Petroleo S.A.*, C.A. 23-cv-1406-LPS; *Union Glory Limited v. PDVSA Petroleo S.A.*, C.A. 23-cv-1407-LPS; *Clion Limited v. PDVSA Petroleo S.A.*, C.A. 23-cv-1408-LPS; *Clion Limited v. PDVSA Petroleo S.A.*, C.A. 23-cv-1409-LPS; **Reply Pursuant to Memorandum Order dated January 18 (D.I. 20 & 869)**[1]

Dear Judge Stark:

      We are counsel for Petitioners, five (5) creditors of PDVSA Petroleo S.A. ("PDVSA S.A.") holding London maritime arbitration awards against PDVSA S.A., the wholly-owned subsidiary and alter ego of Petróleos de Venezuela ("PDVSA"), for which this Court's orders granted recognition, confirmation and enforcement on January 18, 2024 (D.I. 19), and proposed judgments are being filed today pursuant to this Court's orders (D.I. 20). Pursuant to the Court's Memorandum Order dated January 18, 2024 (D.I. 20 & 869), we reply to the three (3) letters (D.I. 872, 873 and 874) in opposition to the pending motion for extension of time.

      No judgment creditor other than Crystallex opposes the requested extension. The Special Master and PDVSA (with alter egos, Venezuela, PDVH and CITGO) also oppose the extension. None of the arguments warrant denial of the brief extension requested. In fact, none of the oppositions mentions, or disputes, that the strong federal policy embodied in the Convention on the Recognition and Enforcement of Foreign Arbitral Awards and the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, and 9 U.S.C. § 201, *et seq.*, (a) favors full enforcement of arbitration awards, as those granted here to Petitioners in London and now recognized, confirmed and subject to enforcement as a judgment by this Court's January 18 orders (D.I. 19), and (b) weighs strongly in

---

[1] Referring to C.A. Nos. 23-1407 and 17-151, respectively. Substantively identical documents have been filed in C.A. Nos. 23-1405, 23-1406, 23-1407, 23-1408, and 23-1409.

January 22, 2024
Page 2

favor of the brief extensions requested. By contrast, no federal statute or rule prevents the requested extension. We address each response as follows:

**Special Master and Crystallex**[2]

Despite the Court's Order of January 5 inviting the Special Master's letter (D.I. 10), the Special Master chose not to oppose the extensions by the Court's deadline of January 17. The Special Master now opposes the extensions based on his generalized concerns that: (1) the extensions for Petitioners "and other creditors" to extend the deadline for Step 5 "would delay the Marketing Process and impede the Special Master's ability to adequately market the shares" (D.I. 873 at 2); (2) the extension would "open the door" for other creditors and "expand the universe of judgments to be satisfied by the Sale Transaction;" (3) litigation of the alter ego status would address a "complex issue;" (*Id*. at 4); and (4) Petitioners "had ample time to enforce their judgment in the United States." (*Id*.)

**First**, the extension will not disrupt the Special Master's marketing plans, since he has known the amount of the judgment sought by Petitioners for over a month - - which is modest compared to the billions of dollars claimed by other judgment creditors he still is assessing - - and may take that into account in planning.

As the Special Master recognized last Friday, January 19, the "universe of judgment creditors" remains as an approximate "asserted" figure, subject to change and confirmation for at least about the next month. (D.I. 870 at 2). The Special Master acknowledges that the figures ***"do not necessarily include all amounts owed, including accrued or accruing interest." (D.I. 870-1, Ex. A, n.2)*** (Emphasis added). The Special Master's Status Report to the Court earlier this month***,*** on January 8, 2024, likewise acknowledged that a number of deadlines in the marketing process remain "To be determined," including the Step 7 (Perfected Writ) Deadline, and ***that he "may elect to modify" strategy for the marketing process which "may result in changes to the deadlines set forth in this Status Report."*** (D.I. 839 at 3-4) (Emphasis added). The Special Master's planning process thus remains subject to change; and the Court's slight modification of that flexible process accords with the same flexibility the Special Master claims to reserve. No sound reason supports a rigid denial of the brief and limited extension. Such a denial would only benefit PDVSA and its alter ego subsidiaries by allowing them to evade valid judgments. Indeed, the Special Master never directed that PDVSA notify such creditors as Petitioners with potential claims of the deadlines, as he could have done, and as the law and the interest of justice generally require, for example, for notice of a bar date in federal bankruptcy or similar court attachment proceedings. By contrast, the brief extension promotes the strong federal policy for enforcing such judgments, judicial economy in not complicating the process of OFAC licensing and further auctions or other enforcement proceedings, and this Court's expressed policy of maximizing the number of creditors included in the auction process.

**Second**, there is no showing that the brief extensions would prevent the Special Master or the Court from maintaining an orderly and efficient sale process. The process loses no "certainty" by limiting the extension to Petitioners and their relatively modest judgment amounts. There is no

---

[2] Crystallex advances in essence the same arguments as the Special Master. Petitioners' reply above to the Special Master's concerns applies as well to Crystallex's arguments.

January 22, 2024
Page 3

showing that "floodgates would open." In any event, the Court can draw the line after Petitioners' judgments where necessary. No prejudice is shown by any party - - Petitioners would prime none of the judgment holders in the Court's priority scheme.

**Third**, the alter ego status of PDVSA presents a straight-forward matter for resolution, not a "complex" issue. (*See e.g.* C.A. No. 23-1407, D.I. 15 at 6-12). The Court's prior detailed findings and the motion record establish the requisite showing of alter ego.

**Fourth**, neither the Special Master nor any other party question Petitioners' good faith and expedited approach with "deliberate speed" to seek to obtain and enforce judgment in this Court pursuant to Court deadlines. In alleging that Petitioners had "ample time to enforce their awards in the United States," the Special Master overlooks that, unlike other creditors seeking extensions, the London-based Petitioners were not parties to the court proceedings here and were not provided prior notice of the deadlines, as described in the motion. By contrast, the Special Master could have directed PDVSA to provide such notice to Petitioners, but never did so.

**PDVSA and Venezuela Parties**

They contend Petitioners are not owed a debt by Venezuela or PDVSA since PDVSA S.A. is not a "Venezuela Party." Their contention disregards that PDVSA S.A. is the wholly-owned subsidiary and alter ego of Venezuela and PDVSA; they would have the Court ignore that PDVSA and PDVSA S.A. have jointly litigated these related matters as Venezuela parties with blatant disregard for the corporate forms. Both parties have used the same lawyers in multiple related cases. In *Red Tree*, for example, they filed joint motions to dismiss. (C.A. 1:22-mc-00068-LPS, D.I. 9). The same lawyers have indicated they seek to intervene in the instant cases for PDVSA.

PDVSA hired the London counsel for PDVSA S.A. in the arbitration, received notices of the Court's orders, and have refused to comply with them. PDVSA could have notified Petitioners of the pending proceedings and deadlines, or simply paid the awards, but chose to try to run out the clock instead. Indeed, they even requested and received extensions in the arbitration.

No one denies that Petitioners would sustain severe prejudice if excluded. A balancing of the equities weighs heavily in favor of allowing Petitioners to collect on their awards, particularly considering the accelerated speed with which Petitioners have acted. Thus, we respectfully submit the Court should grant Petitioners' Motion for Extension.

Respectfully submitted,

*/s/ Scott Leonhardt*
Scott Leonhardt (DE 4885)

cc: Counsel of Record

{00037921. }