UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., ) <br>     Plaintiff, ) <br> vs. ) <br> BOLIVARIAN REPUBLIC OF ) <br> VENEZUELA, a foreign state, ) <br>     Defendant. ) <br> _____ ) | Misc. No. 17-151-LPS |
| RICARDO DEVENGOECHEA, ) <br>     Plaintiff, ) <br> vs. ) <br> BOLIVARIAN REPUBLIC OF ) <br> VENEZUELA, a foreign state, ) <br>     Defendant. ) <br> _____ ) | Misc. No. 23-609-LPS |

FILED
JAN 23 2024
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**PLAINTIFF-JUDGMENT-CREDITOR RICARDO DEVENGOECHEA'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF HIS MOTIONS FOR (1) WRIT OF ATTACHMENT, AND FOR (2) LEAVE TO FILE HIS STATEMENT OF JUDGMENT, AND FOR (3) EXPEDITED TREATMENT OF THESE MOTIONS**

Plaintiff Ricardo Devengoechea now files his Supplemental Memorandum in support of his pending motions. Pursuant to this Court's directive, this fling is limited to the issue of attachment immunity under 28 U.S.C. § 1610. Plaintiff may attach on three alternative grounds:

**First**: Attachment is permitted under 28 U.S.C. §§ 1610(a)(1) and/or (b)(1) because of Defendant Venezuela's implied waiver. Implied waiver exists where Defendant contractually agreed to apply U.S. law, *Aldossari v. Ripp,* 49 F.4th 236, 251n.23 (3d Cir. 2022) (contract "mandating the use of U.S law"), which Defendant Venezuela did in two ways: **(1)** by agreeing to pay for or return Plaintiff's collection to him at his home ***in Florida*** which triggered Florida law (FFCL at pp.10-11; Fla. D.I. 293 at pp.10-11; filed here in Misc. 23-609 at D.I. 4 exh.C at sub-exh.1), ***and* (2)** by Defendant's ***consistently*** litigating the underlying case under Florida law. *See* Def.Mems. in S.D.Fla. case 12-CV-23743 at D.I. 119 p.9, D.I. 138 pp.14-15, D.I. 141 pp.19-20, D.I. 149 pp.9-10, D.I. 151 pp.19-20, and D.I. 221 pp.16-18 – all invoking Florida law.

-1-

**Second**: Attachment is available under 28 U.S.C. § 1610(a)(3) because the prospective "execution relates to a judgment establishing rights in property which has been taken in violation of international law." International law prohibits a sovereign's taking property of a foreign national, such as Venezuela's taking the property of Plaintiff, a U.S. citizen. (Venezuela's taking Plaintiff's valuable collection of Bolivarian artifacts and memorabilia is the subject of his claim (D.I. 4 at pp.4-6 in Misc. 23-609)). *Federal Republic of Germany v. Phillip,* 592 U.S. 169, 185-186 (2021) (property "taken in violation of international law" involves a sovereign's "taking of a *foreign* national's property"; emp.in orig.). The fact that Plaintiff's jurisdictional basis for suit (commercial activity, § 1605(a)(2)) differs from his jurisdictional basis for attachment (taking violative of international law, § 1605(a)(3)) is permitted. The two areas of inquiry may differ, *Rubin v. Islamic Republic of Iran,* 583 U.S. 202, 212 (2018) (differentiating suit immunity from attachment immunity), but they are not mutually exclusive; they may coexist under the same set of facts. *DeCsepel v. Republic of Hungary,* 859 F.3d 1094, 1102-1103 (D.C.Cir. 2017) (coexistence of claim based on commercial activity with same claim involving a taking in violation of international law); *Cf. Ezeiruaku v. Bull,* 617 Fed.Appx. 179, 181-182 (3d Cir. 2015) (separately addressing commercial activity and a taking which involve the same set of facts).

**Third**: Attachment is proper under 28 U.S.C. §1610(b)(2) which permits attachment of:

> "any property in the United States of an agency or instrumentality of a foreign state engaged in commercial activity in the United States ... if –

> "(2) the [underlying] judgment relates to a claim for which the agency or instrumentality is not immune by virtue of section 1605(a)(2) ... of this chapter, regardless of whether the property is or was involved in the act upon which the claim is based."

All elements of § 1610(b)(2) are present here. The property which Plaintiff seeks to attach (PDVSA's shares of stock in PDVH) is the property of an "agency or instrumentality" of Venezuela (PDVSA) which was engaged in commercial activity in the United States, and the jurisdictional basis for Plaintiff's underlying claim lies in 28 U.S.C § 1605(a)(2). Section

1605(a)(2), in turn, provides three bases for FSIA jurisdiction over Plaintiff's claim, all of which exist here per findings of the Florida District Court which held after trial that:

> "The FSIA grants American Courts jurisdiction over a foreign country in three circumstances involving the foreign country's commercial activities – where the claim is based upon (1) the foreign country's commercial activity within the United States, or upon (2) the foreign country's act within the United States in connection with the foreign country's commercial activities elsewhere, or upon (3) the foreign country's act outside the United States in connection with its commercial activity outside the United States that causes a direct effect within the United States. 28 U.S.C. § 1605(a)(2). This Court concludes that *jurisdiction against Venezuela under the FSIA attaches under all three clauses of § 1605(a)(2)*."

(Florida District Court's Findings of Fact and Conclusions of Law ["FFCL"] at p.9; S.D.Fla. D.I. 293 at p.9; filed in this Court in Misc. 23-609 at D.I. 4 exh.C at sub-exh.1; emp.added).

PDVSA clearly is an "agency or instrumentality" of Defendant Venezuela. This Court expressly so held (Misc. 17-151 D.I. 83 at p.10 ("PDVSA indisputably is an 'agency or instrumentality of a foreign state' as defined in the FSIA"), reaffirming D.I. 26 at p.12), which this Court extended to other judgment-creditors by collateral estoppel in Misc. 19-79 at D.I. 84.

Admittedly, jurisdictional immunity from suit does not always mirror immunity from attachment. *Compare* 28 U.S.C.§ 1605(a)(2) (exceptions to suit immunity) *with* 28 U.S.C. § 1610(a,b) (exceptions to attachment immunity). *Cf. Rubin, supra*. Nevertheless, *the specific FSIA sub-sections which apply here do equate* the two immunities. As discussed above, § 1610(b)(2) overrides attachment immunity precisely where § 1605(a)(2) overrides suit immunity "regardless of whether the property is or was involved in the act upon which the claim is based."

Dated:  January 23, 2024                    LAW OFFICE OF DENNIS GROSSMAN
                                                                *Dennis Grossman*
                                                                by: _____
                                                                        Dennis Grossman
                                                             Attorney for Plaintiff Ricardo Devengoechea
                                                             6701 Sunset Drive (Suite 104)
                                                             Miami, Florida 33143, tel: (516) 466-6690
                                                             dagrossmanlaw@aol.com (Authorized by
                                                             D.Del.L.R. 83.5(e)(1) for 30 days)