ABRAMS & BAYLISS LLP
20 MONTCHANIN ROAD, SUITE 200
WILMINGTON, DE 19807
MAIN: 302-778-1000
FAX: 302-778-1001

CHRISTOPHER FITZPATRICK
CANNATARO

DIRECT DIAL NUMBER
(302) 778-9367
CANNATARO@ABRAMSBAYLISS.COM

January 23, 2024

**VIA CM/ECF**

The Honorable Leonard P. Stark
United States Circuit Judge
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, D.C. 20439

   Re: *Crystallex International Corporation v. Bolivarian Republic of Venezuela*, D. Del. C.A. No. 1:17-mc-00151-LPS (D. Del.)
     *Devengoechea v. Bolivarian Republic of Venezuela*, D. Del. C.A. No. 1:23-mc-609-LPS (D. Del.)

Dear Judge Stark:

  On behalf of the Bolivarian Republic of Venezuela (the "Republic"), I submit this supplemental letter in response to Plaintiff Ricardo Devengoechea's supplemental filing of earlier today. *See* 23-mc-609, D.I. 22 ("Devengoechea's Supp. Br.").

  At yesterday's hearing, counsel for Devengoechea relied on 28 U.S.C. § 1605 in order to argue that an exception to the Foreign Sovereign Immunities Act's ("FSIA") grant of attachment immunity, *see* 28 U.S.C. § 1609, allows for the Court to attach Petróleos de Venezuela, S.A.'s ("PDVSA") shares in PDV Holding, Inc. ("PDVH"). Devengoechea's reliance on Section 1605 was misplaced: Section 1605 deals with jurisdictional immunity and not attachment immunity. "[T]he FSIA's provisions governing jurisdictional immunity, on the one hand, and execution immunity, on the other, operate independently." *Walters v. Indus. & Com. Bank of China, Ltd.*, 651 F.3d 280, 288 (2d Cir. 2011).

  In his filing today, Devengoechea tacitly concedes that he must show an exception to attachment immunity under Section 1610 and attempts for the first time to make that showing. As a threshold matter, Devengoechea waived the arguments asserted today, because none of those arguments was made in his opening brief, reply, or even at yesterday's hearing.

  In any event, today's filing fails to meet Devengoechea's burden to "'identify the particular foreign-state property he seeks to attach and then establish that it falls within a statutory exception'" to attachment immunity *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 333 F. Supp. 3d 380, 415 (D. Del. 2018) ("*Crystallex I*") (citation omitted), *aff'd and remanded*, 932 F.3d 126 (3d Cir. 2019) ("*Crystallex II*"). None of the exceptions cited in today's filing renders PDVSA's shares subject to attachment.

51322155.2

The Honorable Leonard P. Stark
January 23, 2024
Page 2

*First*, Devengoechea's argument that Section 1610(a)(1)'s waiver exception should apply here is unavailing. It is undisputed that the Republic never expressly waived its entitlement to attachment immunity. Devengoechea argues now that the Court should find an implied waiver of that immunity, but he provides no support to justify such a finding. A finding of implied waiver would require this Court to find the "*intentional relinquishment* of a known right." *Walters*, 651 F.3d at 295 (internal quotation marks omitted). The implied waiver provision of Section 1610(a)(1) "must be construed narrowly" and "courts have been reluctant to find an implied waiver where the circumstances were not . . . unambiguous." *Id.* at 296 (internal quotation marks omitted).

Devengoechea's sole authority in support of his implied waiver argument — a case relating to jurisdictional immunity and not attachment immunity — notes that "courts have typically found [implied] waivers only in three scenarios: when the foreign state has entered into a contract with a choice-of-law clause mandating the use of U.S. law, when it has responded to a complaint without asserting immunity, or when it has agreed to arbitrate disputes in the United States." *Aldossari on Behalf of Aldossari v. Ripp*, 49 F.4th 236, 251 n.23 (3d Cir. 2022). None of these circumstances applies here. There is no evidence (not even an allegation) that the Republic agreed to a "choice-of-law clause" in any contract in the underlying action.[1] And far from unambiguously waiving any form of sovereign immunity when it defended itself in the Florida action, the Republic unambiguously and repeatedly *asserted* its rights under the FSIA, both in the district court and on appeal. *See, e.g., Devengoechea v. Bolivarian Republic of Venezuela*, 889 F.3d 1213 (11th Cir. 2018); Misc. 23-609-LPS, D.I. 4, p. 32 of 41. Tellingly, Devengoechea never even invoked the FSIA's waiver exception to jurisdictional immunity in the underlying case.

*Second*, Devengoechea's attempt to invoke Section 1610(a)(3) — the expropriation exception to attachment immunity — is futile. Devengoechea expressly took the position in the underlying Florida action that "this case clearly does not involve expropriation" under the parallel exception to jurisdictional immunity, 28 U.S.C. § 1605(a)(3),[2] because the Republic "engaged in the 'type of transaction that private actors could complete.'" *See* S.D. Fla. 12-cv-

---

[1] Even if a choice of law provision were assumed to exist, it would not justify an exception to attachment immunity. While *Aldossari* recognized that a foreign state may implicitly waive its immunity from the *jurisdiction* of U.S. courts under Section 1605(a)(1) by entering into a contract containing a U.S. choice-of-law clause, that case says nothing about attachment immunity under Section 1610(a)(1). A "waiver of immunity from the jurisdiction of a court . . . to adjudicate a dispute does not constitute a waiver of immunity with respect to enforcement of the resulting judgment against the foreign state." *Nassif v. Republic of Iraq*, Civil Action No. 1:17-cv-02193 (KBJ/GMH), 2021 U.S. Dist. LEXIS 253984, at *52 (D.D.C. July 29, 2021) (quoting Restatement (Fourth) of the Foreign Relations Law of the United States § 453(4)). Devengoechea offers no authority or rationale to infer a waiver of attachment immunity.

[2] Section 1605(a)(3) applies to "any case . . . in which rights in property taken in violation of international law are in issue" and there is an adequate nexus between the property and commercial activity in the United States. 28 U.S.C. § 1605(a)(3).

51322155.2

The Honorable Leonard P. Stark
January 23, 2024
Page 3

23743, D.I. 118, at 4-5.  The Eleventh Circuit agreed, holding that "FSIA expropriation involves *sovereign* 'takings' of property without just compensation." *Devengoechea v. Bolivarian Republic of Venezuela*, 889 F.3d 1213, 1228 (11th Cir. 2018) (emphasis added and citation omitted). The Eleventh Circuit expressly concluded that this case did not involve a taking in violation of international law because "Venezuela did not invoke any of its sovereign powers to obtain possession of the Bolivar Collection or to fail to return or pay for the Bolivar Collection." *Id*. at 1229.  "[A]s we have explained, FSIA expropriation has a very precise meaning, and on this record, Venezuela's actions do not satisfy it."  *Id.* at 1230.[3]  Because the underlying judgment did not, therefore, "establish[] rights in property which has been taken in violation of international law or which has been exchanged for property taken in violation of international law," the Section 1610(a)(3) exception is not applicable.

*Third*, Devengoechea's reliance on Section 1610(b) is misplaced.  Devengoechea has a judgment against the Republic, not PDVSA, and his motion for a writ of attachment rests on the theory that the Republic is the alter ego of the PDVSA.  *See* 23-mc-609, D.I. 4, at 1-4.  But in *Crystallex I*, this Court expressly held that "because the Court concludes that PDVSA is to be treated as Venezuela's alter ego for purposes of jurisdictional immunity, PDVSA must also be treated as Venezuela's alter ego for purposes of execution immunity." *Crystallex I*, 333 F. Supp. 3d at 415.  Thus, the Court concluded in *Crystallex I* that creditors like Devengoechea seeking to attach PDVSA's shares in PDVH must satisfy one of the statutory exceptions listed in Section 1610(a), not Section 1610(b).  *Id.* at 415-16.  The Third Circuit affirmed, reasoning that "only section 1610(a) is relevant" because PDVSA "only enters the picture as Venezuela's alter ego." *Crystallex II*, 932 F.3d at 150 n.14; *see also Af-Cap, Inc. v. Chevron Overseas (Congo) Ltd.*, 475 F.3d 1080, 1095 (9th Cir. 2007) (same).  The holdings in both *Crystallex* decisions dispose of Devengoechea's argument under Section 1610(b).

Because Devengoechea is unable to show that any of the exceptions to attachment immunity apply in this case, the Court should deny his motion for a writ of attachment.

As always, I am available should the Court have any questions.

Respectfully,

*/s/ Christopher Fitzpatrick Cannataro*

Christopher Fitzpatrick Cannataro (#6621)

CFC/
Cc:  All Counsel of Record (via CM/ECF)

---

[3]     The only case cited by Devengoechea that found that the expropriation exception applied involved numerous exercises of sovereign power, including anti-Semitic statutes, a government commission that required all Jews to register their artworks and other valuables, and "a program of wholesale plunder of Jewish property" authorized and carried out by the government including its state police. *DeCespel v. Republic of Hungary*, 859 F.3d 1094, 1097-98 (D.C. Cir. 2015).