IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------
CRYSTALLEX INTERNATIONAL CORP.,    )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )    Misc. No. 17-151-LPS
                                   )
BOLIVARIAN REPUBLIC OF VENEZUELA,  )
                                   )
        Defendant.                 )
---------------------------------------------------------------

### SPECIAL MASTER'S MOTION REQUESTING AMENDMENT OF CERTAIN PRIORITY ARRANGEMENT PROCEDURES

Robert B. Pincus, in his capacity as Special Master for the United States District Court for the District of Delaware (the "Special Master"), respectfully requests entry of an order amending certain procedures for implementing the Court's priority arrangement in Steps 6 and 7 previously adopted by the Court to accommodate an expanded universe of Attached Judgments[1] and ongoing briefing on certain writs of attachment, and to facilitate an orderly and efficient sale process. Prior to filing, the Special Master provided a draft of this motion to each of the Venezuela Parties, Crystallex, the Additional Judgment Creditors, and parties Devengoechea and Cimontubo. Most of the foregoing parties also participated in meet and confers by video conference arranged by the Special Master.

In support thereof, the Special Master respectfully states as follows:

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the *Sixth Revised Proposed Order (A) Establishing Sale and Bidding Procedures Order, (B) Approving Special Master's Report and Recommendation Regarding Proposed Sale Procedures Order, (C) Affirming Retention of Evercore as Investment Banker by Special Master and (D) Regarding Related Matters* [D.I. 481] (the "Sale Procedures Order").

1. On July 27, 2023, this Court issued a Memorandum Order (the "July 27 Order"), which laid out the steps creditors must follow to participate in a sale of the PDVH Shares to satisfy Attached Judgments in compliance with the milestones set forth in the Sales Procedures Order. *See* D.I. 646.

2. On August 24, 2023, after meeting and conferring with parties-in-interest, the Special Master submitted a Joint Status Report (the "August 24 Report") setting forth, among other things, his recommendation (i) regarding procedural steps to implement the Court's priority arrangement scheme articulated in the July 27 Order (the "Priority Arrangement Procedures"), and (ii) to set the Step 7 (Perfected Writ) Deadline ninety (90) calendar days after the Step 5 (Writ Deadline), but in no event should such date occur later than the date that is ten (10) calendar days prior to the deadline for the final round of bidding in the Marketing Process. *See* D.I. 693, at 4-6.

3. On October 11, 2023, the Court filed a Memorandum Order (the "October 11 Order") adopting the Special Master's proposed Priority Arrangement Procedures, among other recommendations of the Special Master. *See* D.I. 738, at 6. The Court also noted that it "will, as necessary, issue additional orders consistent with the procedures recommended by the Special Master, and now adopted by the Court, to further implement the priority arrangement procedures." D.I. 738, at 7.

4. The Step 5 (Writ) Deadline occurred on January 12, 2024 and, therefore, the Step 7 (Perfected Writ) Deadline is April 11, 2024.[2]

---

[2] The Special Master does not currently anticipate setting a deadline for the final round of bidding that would necessitate moving the Step 7 (Perfected Writ) Deadline to a date before April 11, 2024.

5. The Special Master now seeks amendment of the Priority Arrangement Procedures, as certain circumstances relating to the proposed Attached Judgments have changed since the Special Master's submission of the August 24 Report and the Court's October 11 Order.

6. There are two reasons amendment is necessary. First, the universe of Attached Judgments has greatly expanded. As of August 24, 2023, there were only thirteen (13) judgments (including Crystallex's judgment) that had reached Step 5. *See* D.I. 870. Today, there are twenty-six (26) such judgments, with two additional judgments that may be added before the Priority Arrangement Procedures. *See* D.I. 870. In the August 24 Report, the Special Master recommended each Additional Judgment Creditor be allocated two business days to deliver its writ and accompanying materials to the U.S. Marshal. *See* D.I. 693, at 5 (providing that each Additional Judgment Creditor "in the order of priority set by the Court" would have "a window of two business days to deliver to the U.S. Marshal, (1) the required number of copies of the applicable writ, (2) a copy of the Priority Order, (3) a copy of the Writ Order, (4) the form USM-285, and (5) any additional information or payment required by the U.S. Marshal in accordance with ordinary course procedures" (the "Required Materials")). With the number of applicable judgments having doubled, service on the U.S. Marshal would take at least thirty-eight (38) business days. Based on the current status of implementation of the Priority Arrangement Procedures, it would be impossible to complete the process by the current Step 7 (Perfected Writ) Deadline of April 11, 2024.

7. Second, there is briefing ongoing regarding two additional writs of attachment and thus two potential Additional Judgment Creditors who may be added, as well as a motion to change the priority scheme articulated by the Court in the July 27 Order. All three pending motions could have independent impacts on the priority of the Attached Judgments approved by the Court in its

forthcoming Priority Order (as defined in the August 24 Report). The briefing for each of the Devengoechea, Cimontubo, and Gramercy motions will be completed by February 12, 2024, a month after the Step 5 (Writ) Deadline. *See* D.I. 900; D.I. 921; D.I. 908. When the Priority Arrangement Procedures were initially adopted, the intention was to commence implementation of the process immediately after the Special Master's filing of the January Steps Chart, itself filed "promptly" following the Step 5 (Writ) Deadline. *See* D.I. 738. However, if the Court grants any of the pending motions, the Steps Chart will need to be updated after the February 14, 2024 Status Conference, which will then trigger the commencement of the remaining Priority Arrangement Procedures and restart the clock on the implementation schedule. Amending the Priority Arrangement Procedures at this juncture ensures that the Step 7 (Perfected Writ) Deadline will still be met, even with the potential addition of Additional Judgment Creditors.

8.      As the Court recognized, it has "discretion in setting the terms and conditions for judicial sales." *See* D.I. 646 (quoting *United States v. Branch Coal Corp.*, 390 F.2d 7, 10 (3d Cir. 1986)). "[T]he rule in federal courts is well settled that the matter of confirming a judicial sale rests in the sound judicial discretion of the trial court and this discretion will not be disturbed on appeal except in cases of its abuse." *U.S. v. Heasley*, 283 F.2d 422, 426 (8th Cir. 1960). The Court's "sound judicial discretion" includes managing and directing the orderly process of the sale. The Special Master respectfully requests that the Court exercise that jurisdiction and amend the Priority Arrangement Procedures as described herein.

9.      In order to maintain an orderly and efficient sale process, the Special Master proposes an amendment to these procedures by designating two business days, following the Clerk's issuance of writs of attachment (*see* D.I. 693, at 5) during which all Additional Judgment Creditors will deliver the Required Materials to the U.S. Marshal, regardless of the order of

physical delivery, as opposed to each Additional Judgment Creditor having their own window of two business days. This amendment would condense what could be a thirty-eight (38) business day process[3] into a two business day process, ensuring the Priority Arrangement Procedures are completed well in advance of the Step 7 (Perfect Writ) Deadline.

10. In the October 11 Order, the Court adopted the Special Master's recommendation that the Court will file a Final Priority Order, "directing the U.S. Marshal to serve all received writs of attachment of the Additional Judgment Creditors in the order of the Final Priority." D.I. 693, at 6 (as adopted by D.I. 738). The Final Priority Order, therefore, will determine the order in which the writs are served by the U.S. Marshal upon the Special Master, who is in possession of the PDVH Share Certificate. *See id.*; *see* D.I. 810. Further, absent any unforeseen issues with the Additional Judgment Creditors' completion of their respective service on the U.S. Marshal, the Final Priority Order should match the priority set out in the Priority Order issued by the Court following the Special Master's final Steps Chart.

11. To ensure that the judgment priority set forth in the Priority Order is maintained when the Additional Judgment Creditors serve the Required Materials upon the U.S. Marshal, the Special Master requests the Court exercise its discretion to deem all writs to have been served upon the U.S. Marshal in accordance with and in the order set by the [Final] Priority Order. *See U.S. v.*

---

[3] If parties Devengoechea and Cimontubo are granted conditional writs of attachment, there would be twenty-seven (27) judgments—excluding Crystallex, since Crystallex has already perfected its writ of attachment—subject to the Priority Arrangement Procedures. According to the July 27 Order, priority of the Attached Judgments is based on the date on which the applicable party filed a motion for writ of attachment that was ultimately issued (i.e., Step 4). *See* D.I. 646, at 23. The twenty-seven (27) judgments seeking attachment account for nineteen (19) distinct days on which their applicable motions were filed, with multiple judgments being filed on the same day in certain circumstances. Nineteen (19) days for purposes of priority determination translates to thirty-eight (38) business days' worth of Additional Judgment Creditors serving their Required Materials on the U.S. Marshal.

*Zimmerman*, 2023 WL 2882696, *2 (3d Cir. Apr. 11, 2023) ("[T]he District Court had authority . . . to decree a sale of the property, and along with that authority, had the discretion to set the terms and conditions of the sale."). As the Special Master is requesting the Priority Order deem all writs of attachment to be served on the U.S. Marshal in the appropriate order and Final Priority Order will designate the priority of the writs and the order in which they are to be served by the U.S. Marshal on the Special Master, the priority placement of creditors who act diligently will be preserved.

12.     As an alternative to the amendments proposed herein, all Additional Judgment Creditors could deliver the Required Materials to the U.S. Marshal on a date certain. In this scenario, all Additional Judgment Creditors would arrive to the Court on the same day at the same time, would be placed in a line in accordance with the Priority Order, and would then proceed to deliver the Required Materials to the U.S. Marshal in that order. This, with the direction that the U.S. Marshal deliver the writs to the Special Master in the order of priority outlined by the Court, would satisfy either reading of the ambiguity in the law regarding whether perfection is "determined when a writ is placed in the hands of the [Marshal]" or "upon the service by the [Marshal]." D.I. 646 at 26; *see also* 10 *Del. C.* § 5082 ("[I]f several executions against the same defendant are delivered on the same day, the first delivered shall have priority").

13.     The Special Master's proposed amendments to the Priority Arrangement Procedures—as well as the line-up alternative described above—comport with the Court's July 27 Order, aligning with the Court's emphasis on an orderly and efficient sale process, as well as the importance of avoiding an unseemly run on the U.S. Marshal's office. Condensing the Additional Judgment Creditors' deliveries of the Required Materials to one or two business days, as opposed to the thirty-eight (38) business days that would be required under the current Priority Arrangement

6

Procedures, would obviate the need for an extension of the Step 7 (Perfected Writ) Deadline. While the Court could extend the Step 7 (Perfected Writ) Deadline instead of amending the Priority Arrangement Procedures, the Special Master strongly recommends the latter as it does not require any further delay to what has already been a protracted process of attachment for each of the Additional Judgment Creditors.

14. Furthermore, the proposed amended Priority Arrangement Procedures would not cause a run on the U.S. Marshal's office because the writs would either be deemed to be delivered in accordance with the Priority Order or be served on the Marshal on the same day in the order set forth in the Priority Order. Therefore, the Additional Judgment Creditors would preserve their priority placement by delivering the Required Materials during the one or two designated business days. There would be no rush to ensure that each writ is received at a certain time, so long as it is delivered to the U.S. Marshal during the time period designated by the Court in the Priority Order.

15. The substantive amendments to the Priority Arrangement Procedures described above, as well as certain ancillary additions, are reflected in the redline attached hereto as **Exhibit A**.

16. Amending the Priority Arrangement Procedures in accordance with the Special Master's motion will ensure that the Step 7 (Perfected Writ) Deadline is met without any delay in furtherance of an orderly and efficient nature of the sale process.

## CONCLUSION

For the reasons articulated above, the Special Master requests that the Court enter an Order amending the Priority Arrangement Procedures.

8

| | |
|---|---|
| Dated: February 5, 2024 | Respectfully submitted, |
| | POTTER ANDERSON & CORROON LLP |
| | */s/ Myron T. Steele* |
| OF COUNSEL: | Myron T. Steele (#00002) |
| | Matthew F. Davis (#4696) |
| Ray C. Schrock (Admitted *pro hac vice*) | Bindu A. Palapura (#5370) |
| Alexander W. Welch (Admitted *pro hac vice*) | Abraham Schneider (#6696) |
| Luna Barrington (Admitted *pro hac vice*) | Hercules Plaza, 6th Floor |
| Chase A. Bentley (Admitted *pro hac vice*) | 1313 North Market Street |
| WEIL, GOTSHAL & MANGES LLP | P.O. Box 951 |
| 767 Fifth Avenue | Wilmington, DE 19801 |
| New York, New York 10153 | Telephone: (302) 984-6000 |
| Telephone: (212) 310-8000 | Facsimile: (302) 658-1192 |
| Facsimile: (212) 310-8007 | msteele@potteranderson.com |
| Ray.Schrock@weil.com | mdavis@potteranderson.com |
| Alexander.Welch@weil.com | bpalapura@potteranderson.com |
| Chase.Bentley@weil.com | aschneider@potteranderson.com |
| | *Counsel for Special Master Robert B. Pincus* |

11311016