# EXHIBIT A

The Special Master proposes the following amendments to the Priority Arrangement Procedures[1] outlined in the August 24, 2023 Status Report, *see* D.I. 693, as adopted by the Court's October 11, 2023 Memorandum Order, *see* D.I. 738:.

Execution: ~~Consistent with the Court's July 27 Order, t~~The Special Master proposes the following execution of Steps 6 and 7 to avoid a run on the U.S. Marshal:

i. On February 14, 2023, the Court will hear oral argument on Gramercy's Motion for Miscellaneous Relief in Connection with the Sale Procedures Order, Devengoechea's Renewed Motion for an Order Authorizing the Issuance of a Writ of Attachment, and Cimontubo's Renewed Motion for a Writ of Attachment (the "Pending Motions"). *See* D.I. 893; D.I. 922.

~~i.~~ii. Promptly after the Court enters its Orders resolving the Pending Motions ~~Step 5 (Writ) Deadline has passed~~, the Special Master will submit the Steps Chart to the Court by filing it on the docket of the *Crystallex* case. If the Special Master disagrees with any of the date assertions by a holder, he will attempt to resolve the issue directly with the holder promptly upon becoming aware of the issue. If the issue cannot be resolved at the time, then the Special Master will note the dispute in the version of the Steps Chart submitted to the Court ~~after the Step 5 (Writ) Deadline~~. In conjunction with the Steps Chart, the Special Master will file proposed orders for the Priority Order and for the Writ Order (as defined below).

~~ii.~~iii. After receipt of the Steps Chart from the Special Master, ~~and assuming that the new PDVH Share certificate has been issued to PDVSA and has been delivered via PDVSA or directly to the Special Master per the Court's order or the Court has determined otherwise in respect of the method for service of writs of attachment or the sale of the PDVH Shares, *see* July 27 Order at n. 10,~~ the Court will issue an order (the "Priority Order") stating the relative priority of Crystallex and all Additional Judgment Creditors consistent with the holdings in the July 27 Order, or any orders modifying that order.[2]

~~iii.~~iv. Each Additional Judgment Creditor shall then comply with Local Rule 69.1 and submit the completed proposed form of the writ, with a copy of the Priority Order, to the Clerk of Court within two (2) business days from the issuance of the Priority Order. Within one (1) business day of completing the foregoing, each Additional

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to the terms in the accompanying Special Master's Motion Requesting Amendment of Certain Priority Arrangement Procedures.

[2] ~~The Special Master believes that, given the complexity of the priority arrangement procedures, it may be advisable for the Special Master to establish contact with the U.S. Marshal upon issuance of the Priority Order, and to stay closely coordinated with the U.S. Marshal throughout the remainder of the Marketing Process regarding the priority of the Additional Judgment Creditors, to ensure an orderly execution of Step 6 and Step 7.~~

        Judgment Creditor shall obtain and file on the *Crystallex* case docket an affidavit from the person who made delivery of the documents to the Clerk of Court, containing, at a minimum, (1) a description of the documents delivered, including the number of copies of each, (2) the date, time, and location of delivery, and (3) the name of the individual accepting delivery.

iv.v.    Following the second business day from the issuance of the Priority Order, the Court shall enter an order (the "Writ Order"):

    A.  Directing the Clerk to issue a writ of attachment for each Additional Judgment Creditor on the new PDVH Share Certificate conditioned by the order of priority set by the Court;

    A.B.  Providing all each Additional Judgment Creditors, in the order of priority set by the Court, a window of two business days to deliver to the U.S. Marshal, (1) the required number of copies of the applicable writ, (2) a copy of the Priority Order, (3) a copy of the Writ Order, (4) the Form USM-285, and (5) any additional information or payment required by the U.S. Marshal in accordance with ordinary course procedures,; and deeming all writs to have been served on the U.S. Marshal in the priority listed in the Priority Order; OR

    C.  In the alternative, providing Additional Judgment Creditors with one business day to deliver to the U.S. Marshal (1) the required number of copies of the applicable writ, (2) a copy of the Priority Order, (3) a copy of the Writ Order, (4) the Form USM-285, and (5) any additional information or payment required by the U.S. Marshal in accordance with ordinary course procedures, in the priority listed in the Priority Order;

    B.D.  Requiring each Additional Judgment Creditor, within one (1) business day of completing delivery of the foregoing to the U.S. Marshal, to obtain and file on the *Crystallex* case docket an affidavit from the person who made delivery of the documents to the U.S. Marshal, containing, at a minimum, (1) a description of the documents delivered, including the number of copies of each, (2) the date, time, and location of delivery, and (3) the name of the individual accepting delivery.

v.vi.    After implementation of the procedures contemplated by the Priority Order and the Writ Order, the Special Master will submit to the Court an updated Steps Chart that either revises or confirms the priority set by the Court pursuant to the Priority Order. In the event an Additional Judgment Creditor does not complete service of its writ in the window contemplated by section v3(b)(ii)(C) above, and ultimately serves its writ after successive holders, it will lose its priority determined by the Court in the Priority Order.

vii. After receipt of the revised Steps Chart from the Special Master, the Court will issue an order (i) either confirming or revising the priority set in the Priority Order (the "Final Priority"), and (ii) directing the U.S. Marshal to serve all received writs of attachment of the Additional Judgment Creditors on the Special Master in the order of the Final Priority.  For the avoidance of doubt, the U.S. Marshal ~~can~~ will serve all received writs of attachment on the same day, but the writs of attachment should be handed over to the Special Master in accordance with the order set in the Final Priority Order.

~~For avoidance of doubt, T~~the Special Master will take custody of the newly issued PDVH Shares certificate immediately upon its issuance, unless ordered otherwise by the Court.[3]  ~~The Special Master recommends directing the U.S. Marshal in this manner (*i.e.*, in accordance with the Final Priority) – rather than requesting the U.S. Marshal serve the writs in the order in which they were received – will avoid any complications arising from Additional Judgment Creditors that were supposed to receive equal treatment according to the procedures outlined in the July 27 Order and the proposed Priority Order, but did not simultaneously serve their writs on the U.S. Marshal.~~

~~vi.~~viii. After the Special Master receives the writs from the U.S. Marshal, the Special Master will file a Status Report confirming that the writs have been received in the order deemed by the Court.

---

[3] ~~Given the special circumstances of this sale process, the Special Master believes it is prudent for the Special Master, consistent with the Court's order dated July 17, 2023 [D.I. 644], to hold the newly-issued PDVH Shares certificate, until the conclusion of the sale process.~~

3