## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION, | |
| Plaintiff, | |
| v. | Case No. 1:17-mc-00151-LPS |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | |
| Defendant. | |

**SALE PROCESS PARTIES PHILLIPS PETROLEUM COMPANY VENEZUELA LIMITED, CONOCOPHILLIPS PETROZUATA B.V., CONOCOPHILLIPS HAMACA B.V., AND CONOCOPHILLIPS GULF OF PARIA B.V.'S RESPONSE IN OPPOSITION TO GRAMERCY MOTION**

*Of Counsel*:

Michael S. Kim
Marcus J. Green
Josef M. Klazen
Lydia L. Halpern
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
(212) 488-1200
michael.kim@kobrekim.com
marcus.green@kobrekim.com
jef.klazen@kobrekim.com
lydia.halpern@kobrekim.com

Richard G. Mason
Amy R. Wolf
Michael H. Cassel
WACHTELL, LIPTON, ROSEN
   & KATZ
51 West 52nd Street
New York, New York 10019
(212) 403-1000
RGMason@wlrk.com
ARWolf@wlrk.com
MHCassel@wlrk.com

Dated:  February 7, 2024

ROSS ARONSTAM & MORITZ LLP
Garrett B. Moritz (Bar No. 5646)
Elizabeth M. Taylor (Bar No. 6468)
Hercules Building
1313 North Market Street, Suite 1001
Wilmington, Delaware 19801
(302) 576-1600
gmoritz@ramllp.com
etaylor@ramllp.com

*Attorneys for Phillips Petroleum*
*Company Venezuela Limited,*
*ConocoPhillips Petrozuata B.V.,*
*ConocoPhillips Hamaca B.V., and*
*ConocoPhillips Gulf of Paria B.V.*

Phillips Petroleum Company Venezuela Limited, ConocoPhillips Petrozuata B.V., ConocoPhillips Hamaca B.V., and ConocoPhillips Gulf of Paria B.V., Plaintiffs in Case Nos. 19-mc-00342-LPS, 22-mc-00264-LPS, and 22-mc-00464-LPS (collectively, "ConocoPhillips"), respectfully submit this response in opposition to Gramercy Distressed Opportunity Fund, LLC, Rudy Lovati, and Alessandro Lucibello Piano's *Motion for Miscellaneous Relief in Connection with the Sale Procedures Order* [D.I. 893 in Case No. 17-mc-151].[1]

### RESPONSE

The principal basis for the July 27, 2023 Order on priority of judgments was that the otherwise ministerial act of reaching Step 7 (a perfected writ of attachment) had been frustrated by OFAC sanctions. The Court therefore set out a priority order that was as close as possible to the priority that would have occurred under Delaware law absent OFAC sanctions.

The Court carefully considered and rejected arguments that all creditors should be treated on a *pro rata* basis as inconsistent with Delaware law's first-in-time, first-in-line scheme. And it made that adjustment only for delays in the steps that had been subject to interference from OFAC sanctions (Steps 5 and 7). No adjustments were made for other forms of delay.

Although Movants here limit their requested relief to motions for writs of attachment made after July 27, 2023, in substance Movants are making essentially the same *pro rata* argument that was previously considered and rejected. The Motion is also untimely under the Local or Federal Rules, and the Movants have no persuasive basis to excuse their delay. For those reasons, the Motion should be denied.

---

[1] Capitalized terms have the same meanings as in the Motion or the July 27 Order, as applicable.

## A.     THE MOTION IS UNTIMELY.

Under any of the potentially applicable rules, the Motion is untimely.  Local Rule 7.1.5(a) requires that a motion for reargument of an interlocutory ruling be made within 14 days of the challenged ruling.  A Rule 59 motion must be brought within 28 days.  Fed. R. Civ. P. 59(e).  And a Rule 60 motion must be brought "within a reasonable time."  Fed. R. Civ. P. 60(c).

The Movants have been active participants in these proceedings since August 2023, including by filing Additional Judgment Statements and litigating their entitlement to conditional writs of attachment.  *See, e.g.*, D.I. 565 (Aug. 18, 2023); D.I. 752 (Oct. 16, 2023); D.I. 783 (Nov. 6, 2023).  The existence of other motions for writs of attachment that came after the July 27 Order but before the Movants filed their motions must have been known to the Movants since at least mid-August 2023.  Nonetheless, they waited five months, until January 26, 2024, to bring this Motion.  The Motion is therefore untimely under any of the potentially applicable rules.

## B.     THE JULY 27 ORDER DOES NOT REQUIRE RECONSIDERATION.

The Motion also fails to satisfy the strict requirements for obtaining reconsideration. A motion for reconsideration requires that a party show "(i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice." *Shahin v. Del. Fed. Credit Union*, 2014 WL 12603505, at *1 (D. Del. May 15, 2014).

The principal new facts or arguments that Movants seek to raise are that (1) the size of the ConocoPhillips III judgment means that the Movants' judgments will not receive a recovery unless the sale proceeds exceed $18.2 billion; (2) the date on which each creditor has received an enforceable judgment has been subject to delays for various reasons; and (3) the dates on which creditors moved for writs of attachment sometimes differed by mere days.

None of those reasons supports reconsideration.

Delaware's first-in-time, first-in-line system necessarily contemplates that a large judgment creditor might get to an asset before a smaller one, and leave the smaller creditor without a recovery. Delaware law may appear harsh in this respect, but the Court has adhered as closely as possible to state law, with only modest adjustments to address the impact of OFAC sanctions.

The Court also considered and chose not to make adjustments based on the date on which each creditor reached Step 2. D.I. 646 at 16. Making adjustments for delays in reaching Step 1 would be completely impracticable. For example, the ConocoPhillips III judgment is the result of arbitration proceedings that began in *November 2007*, and which did not result in a court judgment until August 19, 2022. Delaware's first-in-time, first-in-line scheme takes judgments as it finds them, even though there are often delays in reducing a claim to an enforceable judgment.

Finally, the Movants point to the fact that in some cases mere days elapsed between the dates on which the 2023 Additional Judgment Creditors moved for writs of attachment. But that was true of the earlier judgments too. For instance, Tidewater moved only eleven days before ConocoPhillips I, Red Tree moved one day before Rusoro, and Koch moved thirteen days before Gold Reserve. The inevitable consequence of a first-in-time, first-in-line scheme is that sometimes one creditor will barely beat out another. That is also not a basis for reconsideration.

The remaining arguments in the Motion are not new. Movants generally rely on cases from other contexts, such as federal bankruptcy law, which by statute provide for equal treatment among creditors. *See* Mot. at 10-11. These are essentially the same arguments that Gold Reserve made in its May 2023 briefing on priority, and that the Court rejected. *See* D.I. 572 at 9-10 (Gold Reserve briefing); D.I. 646 at 21-23 (rejecting Gold Reserve's proposal). The Court indicated that it is conducting a sale based on Delaware law for execution of judgments, not federal bankruptcy law. The Court used its equitable powers to replicate the normal functioning of Delaware judgment

sales, not to replace it with an alternative *pro rata* scheme.  As those arguments were carefully considered in the July 27 Order, reconsideration is not warranted.

## CONCLUSION

For the reasons set forth above, the Motion should be denied.

Respectfully submitted,

ROSS ARONSTAM & MORITZ LLP

*/s/ Garrett B. Moritz*
Garrett B. Moritz (Bar No. 5646)
Elizabeth M. Taylor (Bar No. 6468)
Hercules Building
1313 North Market Street, Suite 1001
Wilmington, Delaware 19801
(302) 576-1600
gmoritz@ramllp.com
etaylor@ramllp.com

*Of Counsel*:

Michael S. Kim
Marcus J. Green
Josef M. Klazen
Lydia L. Halpern
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
(212) 488-1200
michael.kim@kobrekim.com
marcus.green@kobrekim.com
jef.klazen@kobrekim.com
lydia.halpern@kobrekim.com

*Attorneys for Phillips Petroleum Company Venezuela Limited, ConocoPhillips Petrozuata B.V., ConocoPhillips Hamaca B.V., and ConocoPhillips Gulf of Paria B.V.*

Richard G. Mason
Amy R. Wolf
Michael H. Cassel
WACHTELL, LIPTON, ROSEN
 & KATZ
51 West 52nd Street
New York, New York 10019
(212) 403-1000
RGMason@wlrk.com
ARWolf@wlrk.com
MHCassel@wlrk.com

Dated:  February 7, 2024