# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. No. 17-151-LPS |
| RUDI LOVATI and <br> ALESSANDRO LUCIBELLO PIANI, <br><br> Plaintiffs, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. No. 23-340-LPS |
| GRAMERCY DISTRESSED OPPORTUNITY FUND LLC, <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. No. 23-378-LPS |

| | |
|---|---|
| GRAMERCY DISTRESSED OPPORTUNITY FUND LLC,<br><br>       Plaintiff,<br><br>       v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>       Defendant. | Misc. No. 23-379-LPS |

## **MEMORANDUM ORDER**

**WHEREAS**, on May 10, 2023, the Court invited the Sale Process Parties[1] "*and any other interested creditor*" to submit briefing on the question of "[h]ow should the Court determine the priority of any judgments that are made Additional Judgments" (D.I. 559 at 2)[2] (emphasis added);

**WHEREAS,** on July 27, 2023, the Court issued a memorandum order ("July 2023 Memorandum Order") addressing the "priority by which [the Additional Judgment Creditors] will be paid, in the event the sale proceeds are not sufficient to pay 100% of all judgments that are made part of the sale" (D.I. 646 at 19);

**WHEREAS**, in the July 2023 Memorandum Order, the Court set out the principles driving the priority arrangements as follows: (1) "[p]riority will be determined based on the date an Additional Judgment Creditor moved for a writ of attachment that was eventually issued;" and

---

[1] Capitalized terms not otherwise defined have the meaning ascribed to them in the Sixth Revised Proposed Order (A) Establishing Sale and Bidding Procedures, (B) Approving Special Master's Report and Recommendation Regarding Proposed Sale Procedures Order, (C) Affirming Retention of Evercore as Investment Banker by Special Master and (D) Regarding Related Matters (Misc. No. 17-151 D.I. 481) ("Sale Procedures Order").

[2] All references to the docket index ("D.I.") are to Misc. No. 17-151, unless otherwise noted.

(2) "[w]here there are ties in priority, those entities with the same date of priority will be treated equally" (*id.* at 23, 25);

**WHEREAS**, in the July 2023 Memorandum Order, the Court also ordered the Special Master to submit a joint status report addressing, among other things, "how the Court may best implement its articulated priority arrangements in an orderly manner" (*id.* at 33);

**WHEREAS**, on August 24, 2023, the Special Master submitted a joint status report, indicating he had "conferred with the Sale Process Parties, and solicited input from other interested parties, and [was] mak[ing] . . . suggestions regarding the Court's priority arrangements" (D.I. 693 at 4-6);

**WHEREAS**, on September 12, 2023, the Court held a status conference, as called for in the Sale Procedures Order, during which the Court solicited input on the topics in the Special Master's joint status report, including on his suggestions as to how to implement the Court's priority arrangements;

**WHEREAS**, on October 11, 2023, the Court issued a memorandum order ("October 2023 Memorandum Order") in which the Court adopted the Special Master's recommendations regarding procedures to implement the priority arrangement outlined in the July 2023 Memorandum Order (D.I. 738 at 6);

**WHEREAS**, on January 26, 2024, Gramercy Distressed Opportunity Fund, LLC ("Gramercy"), along with Rudi Lovati and Alessandro Lucibello Piani (collectively "Lovati"), filed a motion seeking to amend the priority arrangements ("Priority Motion") so that "[i]f . . . the sale proceeds are insufficient to satisfy all attached judgments held by the 2023 Additional

2

Judgment Creditors[3] in full, these creditors should have their attached judgments paid on a *pro rata* basis" (D.I. 893 at 2; *see also* Misc. No. 23-340 D.I. 53; Misc. No. 23-378 D.I. 51; Misc. No. 23-379 D.I. 49);

**WHEREAS**, on February 7, 2024, the Special Master filed a response to the Priority Motion, "not tak[ing] a position on the merits of the proposed relief" while also observing that "altering the priority scheme established by the Court's July 2023 Order casts some level of uncertainty – albeit temporary – over evaluation of Credit Bids" (D.I. 935 at 1-2);

**WHEREAS,** on that same date, Phillips Petroleum Company Venezuela Limited, ConocoPhillips Petrozuata B.V., ConocoPhillips Hamaca B.V., and ConocoPhillips Gulf of Paria B.V. (collectively "ConocoPhillips"); Contrarian; and Valores filed responses opposing the Priority Motion (D.I. 937-39);

**WHEREAS**, on February 8, 2024, Altana Credit Opportunities Fund SPC, Altana Credit Opportunities Fund 1 SP, and Altana Funds Ltd. Cayman (collectively, "Altana") filed a response taking no position on the Priority Motion but agreeing with Gramercy and Lovati that, if the Priority Motion is granted, Altana should also be treated as a 2023 Additional Judgment Creditor (D.I. 944 at 2);

**WHEREAS**, on February 12, 2024, Gramercy and Lovati filed a reply (D.I. 957);

---

[3] According to Gramercy and Lovati, the 2023 Additional Judgment Creditors include: Consorcio Andino, S.L. and Valores Mundiales, S.L. (collectively, "Valores"); Contrarian Capital Management, L.L.C. ("Contrarian") (holding October 2020 and May 2021 judgments); ConocoPhillips (holding ICSID award) ("ConocoPhillips III"); Pharo Gaia Fund Ltd., Pharo Macro Fund Ltd., Pharo Gaia Fund, Ltd., Pharo Macro Fund, Ltd., Pharo Trading Fund, Ltd. (collectively, "Pharo") (holding judgments issued in 19-cv-3123 (S.D.N.Y.) and 20-cv-8497 (S.D.N.Y.)); Lovati; Gramercy (holding judgments issued in 18-1371-CRC (D.D.C.) and 18-1373-CJN (D.D.C.)); and Saint-Gobain Performance Plastics Europe ("Saint-Gobain"). (*See* D.I. 893 at 2 n.1).

**WHEREAS**, the Court reviewed the materials filed in connection with the Priority Motion;[4]

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Gramercy and Lovati's Priority Motion (Misc. Nos. 17-151 D.I. 893; 23-340 D.I. 53; 23-378 D.I. 51; 23-379 D.I. 49) is **DENIED**.

1. Gramercy and Lovati's Priority Motion is untimely. These two creditors fail to show good cause for why they could not have sought the relief they now request much earlier in the already highly-complicated sale process. Gramercy registered its judgments in this Court and moved for writs of attachment on August 17, 2023. (*See* Misc. Nos. 23-378 D.I. 1, 2; 23-379 D.I. 1, 2) Lovati appeared in Delaware even sooner, registering its judgment in this Court on July 13, 2023 and moving for a writ of attachment on August 2, 2023. (*See* Misc. No. 23-340 D.I. 1, 2) Both Gramercy and Lovati had multiple opportunities to be heard as the Court was addressing difficult questions relating to priority. Indeed, both of these moving creditors appeared at the status conference on September 12, 2023, during which the Court heard argument relating to the priority arrangements.[5] The priority scheme the Court is implementing as part of the Sale Procedures was established by the Court's Memorandum Orders of July 27 and October 11, 2023. But, inexplicably, it was not until January 26, 2024 – more than five months after they registered their judgments here, three months after the Marketing Process was

---

[4] The Court had scheduled oral argument on the Priority Motion in Wilmington, Delaware on February 14, 2024. (*See* D.I. 908) Due to inclement weather, on February 13 the Court canceled the February 14 argument (and other related proceedings) and rescheduled it for February 27. During preparation for the February 14 and anticipated February 27 proceedings, the Court determined that it could resolve the Priority Motion without oral argument.

[5] As Contrarian correctly observes, the July 27, 2023 Memorandum Order "followed extensive briefing – ***sixty-three*** briefs and letters total – and a marathon conference open to every creditor who wished to be heard." (D.I. 938 at 2)

4

launched, and weeks after the Step 5 deadline and submission of first-round nonbinding bids – that Gramercy and Lovati made their preferred positions on priority known to the Court. Under the circumstances, this is too late and the Court will not reconsider the priority-related decisions it made last year.

2. Gramercy and Lovati seek to excuse their tardiness by pointing to the fact that the actual number of Additional Judgment Creditors, and the approximate amounts of their collective judgments, was not known until recently. (*See* D.I. 893 at 8) This is unavailing. All creditors have long known that at some point the Court would need to finalize the list of Additional Judgment Creditors that may participate in the sale process. The moving creditors provide no persuasive reason to conclude that they needed actual knowledge of "the maximum universe of all judgments that could ***potentially*** be made part of the Sale" (*id.*) in order to file something like the Priority Motion.

3. Gramercy and Lovati's requested relief is also inconsistent with Delaware's first-in-time priority requirement. Delaware law relating to the enforcement of money judgments requires sales proceeds to be "distributed according to a first in time, first in line priority of recording." *E. Sav. Bank, FSB v. CACH, LLC*, 55 A.3d 344, 350 (Del. 2012). Consistent with Delaware law, while also considering the "unique factors that have arisen in connection with efforts to collect on Venezuela's debts" – including the requirement of obtaining a license from the United States Treasury Department's Office of Foreign Assets Control ("OFAC") – the Court decided back in July 2023 to reject a *pro rata* distribution scheme and, instead, adopt a first-in-time scheme based on the date a creditor files a motion for a writ of attachment that is eventually granted. (D.I. 646 at 20-25) The Priority Motion would overturn this arrangement and give all Additional Judgment Creditors who filed writ motions in 2023 (which were eventually granted)

identical priority to one another, rather than arrange these creditors according to how early each filed its motion relative to one another.  By permitting a later-filing creditor to have the same priority as an earlier-filing creditor, the relief requested in the Priority Motion is inconsistent with Delaware law.[6]

4. Gramercy and Lovati complain of the inequity of "the current priority scheme," which they contend "is likely to produce dramatically different outcomes for similarly situated creditors."  (D.I. 893 at 9)  They argue that at least some 2023 Additional Judgment Creditors, including themselves, "would recover ***nothing*** if the sale yields $18.2 billion or less," even though they filed their motions for a writ of attachment within weeks of other creditors who – having higher priority – may recover 100% of their judgments.  (*Id.*)  Whatever one thinks of the "fairness" of such an outcome, it is the result dictated by careful application of Delaware law, which expressly contemplates a judgment creditor who "wins the race to the courthouse steps" getting fully paid even if that leaves an only slightly-junior creditor with nothing.  (*See, e.g.*, D.I. 937 at 3) (ConocoPhillips: "Delaware's first-in-time, first-in-line system necessarily contemplates that a large judgment creditor might get to an asset before a smaller one, and leave the smaller creditor without a recovery."); *see also E. Sav. Bank*, 55 A.3d at 350 ("This distribution follows a first in time priority consistent with Delaware's 'race to the courthouse' statute . . . whether the proceeds are sufficient to reach all of [the lien holders] or not.").[7]

5. Finally, it is worth noting that Gramercy and Lovati could have attained higher

---

[6] The Priority Motion cites cases it admits arise "[i]n other contexts," such as bankruptcy.  (D.I. 893 at 11)  Such cases are inapposite to the unusual, perhaps unique, circumstances the Court is confronting.

[7] It bears emphasis that nothing the Court is doing eliminates or even reduces the value of the moving creditors' claims.  If they fail to collect on their judgments as part of the ongoing sale process, they will remain free to pursue other collection efforts.

priority had they acted more quickly to enforce their judgments. Gramercy's predecessors-in-interest, Tenaris and Talta, held judgments against Venezuela issued in 2020 and 2021, but neither they nor Gramercy took any steps to enforce them in this District until August 2023. Lovati registered its judgment here on July 13, 2023 but waited until August 2, 2023 to file a motion for a writ of attachment. In the intervening weeks, Contrarian (with judgments of around $395 million) and ConocoPhillips (with a judgment of approximately $10.5 billion) filed their ultimately-successful motions for writs. (D.I. 893 at 4) Even though the Court did not decide until July 27, 2023 that priority would be determined based on the filing date of a motion for a writ that is ultimately granted, Delaware law has long based priority on the "first-in-time first-in-line" principle, as was undoubtedly well-known to all judgment creditors seeking to collect here, including Gramercy and Lovati.[8]

**IT IS FURTHER ORDERED** that the oral argument scheduled for February 27 is **CANCELED**.

February 15, 2024
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT COURT

---

[8] These facts further establish, as Valores points out, that Gramercy and Lovati were among the "interested" parties the Court invited to be heard on priority issues (*see* D.I. 559 at 2) as far back as May 2023. (*See* D.I. 939 at 6) ("Gramercy plainly was an interested party, having already conditionally agreed to buy the judgments from Tenaris and Talta at that time. Lovati was also an interested party, as they were litigating claims against Venezuela in U.S. court since 2019, and obtained their final judgment on June 9, 2023.") (internal citations to record omitted)