UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION., <br>     Plaintiff, <br> vs. <br> BOLIVARIAN REPUBLIC OF VENEZUELA, a foreign state, <br>     Defendant. | Case No. 1:17-mc-00151-LPS |
| RICARDO DEVENGOECHEA, <br>     Plaintiff, <br> vs. <br> BOLIVARIAN REPUBLIC OF VENEZUELA, a foreign state, <br>     Defendant. | Case No. 1:23-mc-00609-LPS |

**PLAINTIFF RICARDO DEVENGOECHEA'S BRIEF IN SUPPORT OF HIS MOTION FOR RECONSIDERATION AND/OR A NARROW AND LIMITED STAY PENDING APPEAL**

Dated: February 25, 2024

*/s/ Michael Joyce*_____
Michael Joyce (No. 4563)
**JOYCE LLC**
1225 N. King Street (Suite 800)
Wilmington, DE 19801
(302) 388-1944
mjoyce@mjlawoffices.com

Dennis Grossman (*admitted pro hac vice*)
**LAW OFFICE OF DENNIS GROSSMAN**
6701 Sunset Drive (Suite 104)
Miami, Florida 33143
(516) 466-6690
dagrossmanlaw@aol.com

*Attorneys for Plaintiff Ricardo Devengoechea*

-i-

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES………………………………………………………………..ii

BACKGROUND………………………………………………………………………………..1

SUMMARY OF ARGUMENT………………………………………………………………...1

ARGUMENT…………………………………………………………………………………...3

    1.    This Court Should Grant Plaintiff's Motion for Reconsideration and/or Amendment and Should Grant Plaintiff's Motion for a Writ of Attachment…….3

    2.    Alternatively This Court Should Grant This Motion for A Narrow and Limited Stay Pending Appeal………………………………….7

        a.    The Limited and Narrow Scope of the Requested Stay Pending Appeal……….8

        b.    The Compelling Merit in Plaintiff Devengoechea's Prospective Appeal…   …8

        c.    The Irreparable Harm to Plaintiff in the Absence of a Stay………………..…..9

        d.    The Lack of Prejudice or Injury to Any Party or to the Sale Process……..……9

        e.    A Narrow and Limited Stay Pending Appeal is in The Public Interest……….10

    CONCLUSION…………………………………………………………………10

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Aldossari v. Ripp,* 49 F.4th 236 (3d Cir. 2022)……………………………………….……...2-6

*Hilton v. Braunskill,* 481 U.S. 770 (1987)………………………………………………………...8

*Nken v. Holder,* 556 U.S. 418 (2009)……………………………………………………………..8

*Walters v. Industrial and Commercial Bank of China, Ltd.,*
651 F.3d 280 (2d Cir. 2011)………………………………………………………………………4

**Laws and Rules**

28 U.S.C. § 1291……………………………………………………………………………………10

28 U.S.C. § 1605(a)(1)……………………………………………………………………………….4

28 U.S.C. § 1610(a)………………………………………………………………………………2,6,7

28 U.S.C. § 1610(a)(1)…………………………………………………………………….3,4,6,7,9

28 U.S.C. § 1610(a)(2)……………………………………………………………………………….7

28 U.S.C. § 1610(a)(1-5)…………………………………………………………………………….9

Fed.R.Civ.P. 59(e)…………………………………………………………………………………...3

D.Del.L.R. 7.1.5(a)…………………………………………………………………………………..3

**Legislative History**

H.R.Rep.94-1487; 1976 U.S.C.C.A.N. 6604; 1976 WL 14078 (Leg.Hist.)……......................4,6,7

Plaintiff Devengoechea submits this Brief in support of his motion for (1) reconsideration and/or amendment of this Court's Memorandum Order denying his renewed motion for a Writ of Attachment, and alternatively for (2) a narrow and limited stay pending appeal of this Court's Memorandum Order denying his renewed motion for a Writ of Attachment.

## BACKGROUND

Plaintiff Devengoechea is a judgment creditor of Defendant Venezuela and registered his judgment in this Court to participate in the recovery from the sale of shares of stock in PDVH owned by Defendant Venezuela's alter ego PDVSA.  When this Court denied Plaintiff Devengoechea's renewed motion for a Writ of Attachment, this Court overlooked Plaintiff's ***primary*** argument for an implied waiver of immunity and skipped to Plaintiff's ***alternative*** arguments without ever addressing the former.  The former argument which is primary warrants the Writ.

In addition, this Court imposed upon Plaintiff Devengoechea an additional requirement that does not exist in the statute and is contrary to the statutory language and Legislative History.

Plaintiff Devengoechea alternatively seeks a narrow and limited stay pending appeal which will not disrupt or delay the sale process and which is needed to prevent irreparable harm to Plaintiff.

## SUMMARY OF ARGUMENT

In denying Plaintiff Devengoechea's renewed motion for the Writ of Attachment, this Court appears to have overlooked or misapprehended two matters in Plaintiff's renewed motion which warrant reconsideration and the granting of Plaintiff's renewed motion.  First, this Court overlooked and never addressed Plaintiff Devengoechea's ***primary*** argument in support of his contention of implied waiver of immunity.  This Court skipped over Plaintiff's ***primary*** argument and went directly to Plaintiff's ***alternative*** arguments, and then denied the latter

without addressing the former.  Plaintiff's ***primary*** argument, which this Court overlooked, directly invoked one of the examples of implied waiver listed by the Third Circuit in *Aldossari v. Ripp,* 49 F.4th 236, 251n.23 (3d Cir. 2022), and showed that Defendant Venezuela's actions from the outset of the parties' relationship embodied the equivalent of this same example of implied waiver approved by the Third Circuit.  This Court never addressed this ***primary*** argument which warrants the granting of Plaintiff's renewed motion.

Second, this Court imposed upon Plaintiff Devengoechea an unnecessary requirement which is contrary to the statutory text and Legislative History.  This Court required Plaintiff to show an implied waiver of immunity directed ***specifically*** to the property which Plaintiff seeks to attach, the shares of stock in PDVH owned by Defendant Venezuela's alter ego PDVSA.  This is not a requirement of the statute and is contrary to the statutory text and Legislative History.  Plaintiff need show only that the property to be attached by reason of an implied waiver of immunity consists of "property in the United States … used for a commercial activity in the United States," 28 U.S.C. § 1610(a), which the PDVH shares of stock clearly are.  The stricter requirement imposed by this Court is erroneous.  This Court should reconsider its Memorandum Order denying Plaintiff's renewed motion for a Writ of Attachment and should grant the Writ.

Alternatively, Plaintiff Devengoechea seeks a narrow and limited stay pending appeal. Plaintiff's accompanying Brief shows that this alternative relief is warranted, if this Court denies Plaintiff's primary request for reconsideration.  The stay which Plaintiff seeks is narrow and limited.  It would permit the sale process to proceed as before but simply would stay, pending appeal, this Court's Memorandum Order concerning Plaintiff Devengoechea's judgment, so that, pending appeal, Plaintiff Devengoechea would be treated as an approved judgment creditor with a set-aside for the amount of his relatively small judgment.  This is necessary to prevent irreparable harm to Plaintiff in the absence of a stay.  Without a stay, a reversal by the Third

Circuit will come too late to avail Plaintiff and thus would deny Plaintiff meaningful appellate review. In addition, Plaintiff's prospective appeal is meritorious for the reasons discussed above, especially since all facts and equities have been resolved in Plaintiff's favor, and the appeal involves a single issue of law – implied waiver under 28 U.S.C. § 1610(a)(1) – over which the Third Circuit should exercise de novo review. Nor would a stay prejudice any party or the sale process. As mentioned above, under the proposed narrow and limited stay, the sale process would proceed as before, and the minor additional set aside for the relatively small amount of Plaintiff's judgment – only seven-one-hundredths of one percent (0.07%) of the total judgment pool, $17 *million* out of $24 *billion* – will not disrupt or affect anything. Four days ago, on Feb. 21, 2024, Plaintiff by email requested the consent and feedback of Defendant Venezuela and the Special Master concerning this proposed narrow and limited stay (attached exhibit). Plaintiff has not received a response nor any statement of opposition.

## ARGUMENT

### 1. This Court Should Grant Plaintiff's Motion for Reconsideration and/or Amendment and Should Grant Plaintiff's Motion for a Writ of Attachment

Reconsideration and/or amendment of this Court's Memorandum Order is appropriate where this Court has overlooked or misapprehended certain matters. Fed.R.Civ.P. 59(e); D.Del.L.R. 7.1.5(a). This Court appears to have overlooked Plaintiff's arguments and pertinent authority in two respects.

First, this Court appears to have overlooked Plaintiff's *primary* argument for implied waiver and instead focused only on Plaintiff's *alternative* arguments. Plaintiff *primarily* argued that Defendant Venezuela's actions constituted an implied waiver of immunity under the Third Circuit's test in *Aldossari v. Ripp,* 49 F.4th 236, 251n.23 (3d Cir. 2022). In *Aldossari,* the Third Circuit held there exists an implied waiver of immunity where a contract contains a choice-of-

law clause applying U.S. law. *Id.* Plaintiff Devengoechea, in his renewed motion for a Writ, argued *primarily* that Defendant Venezuela's actions satisfied this *Aldossari* test for an implied waiver because its actions embodied the *equivalent* of such a contractual term at the outset of the parties' relationship. *See* Plaintiff's *primary* argument at D.I. 39 pp.5-8 (Opening Brief asserting this equivalency) & at D.I. 44 pp.3-4 (Reply Brief asserting this equivalency) in Misc. 23-609. [1]

This Court overlooked this *primary* argument and did not address it. Instead, this Court skipped to Plaintiff's *alternative* arguments (D.I. 44 pp.5-10) where Plaintiff argued that the three examples of implied waiver listed in *Aldossari* were not exclusive and that this Court should look beyond them to find implied waiver. *See* this Court's Order at D.I. 47 pp.5-10 in Misc. 23-609 where this Court addressed Plaintiff's *alternative* arguments and held that "Devengoechea acknowledges that none of these three scenarios is literally present…. Instead, Devengoechea emphasizes that the list of three 'typical' scenarios is not exhaustive," *id.,* at 5-6). This Court then rejected Plaintiff's *alternative* arguments without addressing Plaintiff's *primary* argument that the *Aldossari* test for implied waiver, in a contractual choice-of-U.S.-law, was itself satisfied by Defendant's actions which were its equivalent.

This Court should grant Plaintiff's *primary* argument of implied waiver. Defendant Venezuela's actions, at the outset of the parties' relationship, embodied the *equivalent* of a contractual choice of Florida law – and were as firm and deliberate a commitment to apply

---

[1] Although *Aldossari* involved implied waiver of jurisdictional immunity under 28 U.S.C. § 1605(a)(1), the same standard of implied waiver applies to execution immunity under 28 U.S.C. § 1610(a)(1). *Walters v. Industrial and Commercial Bank of China, Ltd.,* 651 F.3d 280, 296 (2d Cir. 2011) ("waivers of execution immunity under § 1610(a)(1) are governed by the same principles that apply to waivers of immunity from jurisdiction under section 1605(a)(1)"); *see also* H.R.Rep. 94-1487; 1976 U.S.C.C.A.N. 6604, 6627 ("Paragraph (1) [in § 1610(a)(1)] relates to explicit and implied waivers [of execution immunity] and is governed by the same principles that apply to waivers of immunity from jurisdiction under section 1605(a)(1)").

Florida law at the outset as a contractual choice of law clause – and thus directly satisfied the *Aldossari* test for implied waiver. The facts found by the Florida Court compel this finding. Defendant Venezuela did not merely litigate the case under Florida law, but went out of its way, at the outset of the parties' relationship, to take specific concrete actions directed to and within Florida that necessarily triggered the application of Florida law at the outset as firmly as would a contractual choice-of-law clause. Defendant Venezuela strategically sent its officials onto American soil in ***Florida*** for the specific purpose of targeting Plaintiff, a U.S. citizen, who lived in ***Florida*** where Defendant met Plaintiff and finalized a contract with him in ***Florida*** under which Plaintiff was required to act within ***Florida*** to gather his valuable Bolivarian collection and bring it to Defendant's officials within ***Florida*** and under which Defendant committed to perform its obligations (either return the collection or pay for it) within ***Florida.*** This is an iron-clad commitment at the outset of the parties' relationship to apply Florida law – no other law could possibly apply – equivalent to a contractual choice-of-law clause. It was as firm and deliberate a commitment to apply Florida law at the outset of the parties' relationship as any choice-of-law clause in a contract. *Aldossari* at 251n.23. *See* Plaintiff Devengoechea's argument at D.I. 39 pp.5-8 (Opening Brief) & at D.I. 44 pp.3-4 (Reply Brief) in Misc. 23-609.

It is difficult to conceive of a defendant's actions that would be a stronger equivalent to a contractual choice-of-law clause than the actions of Defendant Venezuela in this case. The law should allow for an equivalent set of circumstances to satisfy *Aldossari,* and likely there is no stronger equivalent than Defendant Venezuela's actions here.

Defendant's Florida-based actions at the outset of the parties' relationship also triggered the same reliance as a contractual choice-of-law clause. The rationale behind waiver in such a clause is the reliance it creates: "[A] foreign state which has induced a private person into a contract by promising not to invoke its immunity cannot, when a dispute arises, go back on its

-5-

promise." H.R.Rep. 94-1487; 1976 U.S.C.C.A.N. 6604, 6617.  The same reliance follows from Defendant's multi-faceted Florida-focused conduct at the outset of the parties' relationship.  It triggered as much reliance on Florida law as a contractual choice-of-law clause (pp.4-5 *supra*).

In short, the strong merit of Plaintiff Devengoechea's ***primary*** argument in his renewed motion, *id.* – that Defendant Venezuela's deliberate actions within and directed to Florida at the outset of the parties' relationship were equivalent to a contractual choice of Florida law which the Third Circuit holds to be an implied waiver of immunity, *Aldossari* at 251n.23 – warrants reconsideration and the granting of Plaintiff's renewed motion for a Writ of Attachment.

Second, and separately, Plaintiff respectfully submits this Court overlooked governing law.  This Court held that Plaintiff failed to show an implied waiver of immunity ***specifically*** regarding the PDVH shares of stock to be attached.  This Court held that "[i]n order to obtain a writ of attachment, Devengoechea is required to show … that the ***specific*** property on which he seeks to execute – PDVSA's shares of stock in Delaware corporation PDVH – are not immune from attachment and execution" (D.I. 47 p.4 in Misc. 23-609; emp.added).  This is not the correct legal standard and contravenes both the statutory language and Legislative History.  Plaintiff ***need not*** show an implied waiver concerning the specific property to be attached ***but only*** that the property to be attached by reason of an implied waiver is "property in the United States … used for a commercial activity in the United States," 28 U.S.C. § 1610(a), which the shares of stock in PDVH clearly are.  There is no requirement under § 1610(a)(1) that Plaintiff show implied waiver specifically concerning property to be attached.

Nor does the Legislative History support such a requirement.  To the contrary, the Legislative History expressly confirms that any of a defendant's "property in the United States … used for a commercial activity in the United States" (§ 1610(a)) may be attached once an exception to immunity is shown under any sub-section in §§ 1610(a)(1-5):

> "The property in question must be used for a commercial activity in the United States. If so, attachment in aid of execution, and execution, upon judgments entered by Federal or State courts against the foreign state would be permitted in ***any of the circumstances set forth in paragraphs (1)-(5) of section 1610(a).***"

(H.R.Rep. 94-1487; 1976 U.S.C.C.A.N. 6604, 6627; emp.added).

In short, under § 1610(a)(1), there simply is no requirement in the statute or Legislative History to support an alleged requirement for implied waiver directed to the specific property to be attached. Both the statutory language and Legislative History expressly show the contrary. *See also* Plaintiff's argument in his renewed motion at D.I. 44 p.9 in Misc. 23-609.

Plaintiff respectfully submits that this Court may have ***conflated*** what it perceived to be a requirement under § 1610(a)(1) for waiver concerning specific property ***with*** such a requirement in a different sub-section. Under § 1610(a)(2), a waiver of immunity exists regarding specific property that "was used for the commercial activity upon which the claim is based," 28 U.S.C. § 1610(a)(2), a sub-section that does not apply here. Nor does Plaintiff assert § 1610(a)(2). By contrast, there is no such requirement for waiver directed to specific property under § 1610(a)(1) which applies here and which simply requires that ***any*** of a defendant's "property in the United States … used for a commercial activity in the United States" (§ 1610(a)) may be attached once an exception to immunity is shown under ***any*** sub-section in §§ 1610(a)(1-5) (pp.6-7 *supra*).

For one or both of the above reasons, this Court should reconsider its denial of Plaintiff Devengoechea's renewed motion for a Writ of Attachment and grant the renewed motion. [2]

### 2. Alternatively This Court Should Grant This Motion for A Narrow and Limited Stay Pending Appeal

A stay pending appeal is appropriate where there is substantial merit to the appeal, irreparable harm to movant in the absence of a stay, lack of prejudice to other parties if a stay is

---

[2] The strong merit of Plaintiff's arguments in the present motion and in Plaintiff's underlying renewed motion for a Writ of Attachment also supports Plaintiff's alternative request in this motion for a narrow and limited stay pending appeal. *See* pp.7-10 *infra*.

granted, and the public interest supports a stay. *Nken v. Holder,* 556 U.S. 418, 434 (2009); *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987). Plaintiff Devengoechea shows all the above.

### a. The Limited and Narrow Scope of the Requested Stay Pending Appeal

The proposed stay would be extremely narrow and limited. It would not stay the sale process, or enforcement of any other orders, or any filings or hearings pending the prospective appeal. All other judgments would be enforced as before. The proposed stay simply would provide, pending appeal, for a temporary set aside of the amount of Plaintiff Devengoechea's relatively small judgment and its temporary inclusion in the pool of judgments to be enforced, so that, if the Third Circuit reverses, Plaintiff's judgment sum would be available for recovery.

Under the stay, the amount to be set aside for Plaintiff Devengoechea as an additional sum is miniscule in comparison to the total judgment pool. Plaintiff's relatively small judgment represents only seven-one-hundredths of one percent (0.07%) of the total judgment pool, only $17 ***million*** out of $24 ***billion.*** The requested stay will not materially disrupt or affect anything.

### b. The Compelling Merit in Plaintiff Devengoechea's Prospective Appeal

Plaintiff Devengoechea has shown above the merit in his prospective appeal (pp.1-7 *supra*). *See also* Plaintiff's Opening Brief (D.I. 39) and Reply Brief (D.I. 44) in support of his renewed motion for a Writ of Attachment. In addition, this Court resolved and/or accepted all the underlying facts in Plaintiff's favor, including the factual background of the case which included the Florida District Court's detailed findings of fact in Plaintiff's favor after trial on the merits which are binding here (D.I. 47 pp.2-4 in Misc. 23-609). This Court also acknowledged and accepted, as it must, the Florida District Court's express finding that it was Defendant Venezuela which caused the lion's share of the delay by improperly using the judicial process in Florida as an instrument to gain for itself years of delay in Plaintiff's recovery and then did not bother to show up at trial (D.I. 47 p.9 in Misc. 23-609). This Court also recognized that

immunity would permit (if not encourage) foreign countries to repeat the abuse perpetrated by Venezuela by permitting foreign countries to target specific U.S. citizens and send officials here to initiate and consummate deals in the U.S. with specific U.S. citizens under which the foreign countries committed to perform in the U.S. but then not answer in the U.S. for the obligations they incurred here (D.I. 47 pp.9-10 in Misc. 23-609).  This Court also found that "the equities here … overwhelming favor Mr. Devengoechea" (D.I. 28 p.14 in Misc. 23-609).  The only remaining issue is the legal issue of implied waiver of execution immunity under 28 U.S.C. § 1610(a)(1) – a pure issue of law on which the Third Circuit should exercise de novo review.

    **c.**  **The Irreparable Harm to Plaintiff in the Absence of a Stay**

There is no doubt Plaintiff Devengoechea will suffer irreparable harm in the absence of a stay pending appeal.  Without a stay, Plaintiff Devengoechea will be denied meaningful appellate review because any reversal by the Third Circuit will come too late to permit Plaintiff to participate in the sale of PDVH's shares of stock.  This likely will deprive Plaintiff Devengoechea of any realistic opportunity to collect on his judgment.  The requested stay is the *only* way to prevent this irreparable harm to Plaintiff Devengoechea by preserving his right to meaningful appellate review.

    **d.**  **The Lack of Prejudice or Injury to Any Party or to the Sale Process**

The narrow and limited stay which Plaintiff seeks will not prejudice or injure any party or the process of selling the Citgo shares of stock.  As mentioned above, the proposed stay will not affect the sale of Citgo shares to compensate other judgment creditors.  Their recovery will proceed as before.  And under the proposed stay, as mentioned above, the minor additional set aside for Plaintiff Devengoechea's relatively small judgment – which represents only seven-one-hundredths of one percent (0.07%) of the total judgment pool, only $17 *million* out of $24 *billion* – will not materially disrupt or affect anything or any party.

Simply stated, there is no prejudice or injury to any party or to the sale process in the limited and narrow stay Plaintiff Devengoechea seeks.

### e. A Narrow and Limited Stay Pending Appeal is in The Public Interest

It is certainly in the public interest to preserve Plaintiff Devengoechea's right to meaningful appellate review of this Court's final order. 28 U.S.C. § 1291. As just mentioned, the lack of a stay pending appeal will effectively deprive Plaintiff Devengoechea of this right.

It is also in the public interest to ensure that the Third Circuit has the final say on this matter as the authoritative appellate court and that it not be deprived, for all practical purposes, of its meaningful authority as an appellate court. The lack of a stay pending appeal will effectively deprive the Third Circuit of its appellate authority for all practical purposes.

It is also in the public interest to ensure that Plaintiff Devengoechea has a realistic opportunity to enforce the judgment he recovered after years of litigation in the Florida District Court. A stay pending appeal is necessary to ensure this opportunity.

It is also in the public interest to consider the equities of the case, as this Court already found that "the equities here … overwhelming favor Mr. Devengoechea" (D.I. 28 p.14 in Misc. 23-609).

### CONCLUSION

This Court should grant Plaintiff Devengoechea's motion for reconsideration and should grant his renewed motion for a Writ of Attachment. Alternatively, this Court should grant Plaintiff Devengoechea's motion for the narrow and limited stay pending appeal he seeks.

[*Signature Page to Follow*]

Dated:  February 25, 2024               Respectfully submitted,

*/s/ Michael Joyce*
Michael Joyce (No. 4563)
**JOYCE LLC**
1225 N. King Street (Suite 800)
Wilmington, DE 19801
(302) 388-1944
mjoyce@mjlawoffices.com

-and-

Dennis Grossman (*Admitted Pro Hac Vice)*
**LAW OFFICE OF DENNIS GROSSMAN**
6701 Sunset Drive (Suite 104)
Miami, Florida 33143
(516) 466-6690
dagrossmanlaw@aol.com

*Attorneys for Plaintiff
Ricardo Devengoechea*

# EXHIBIT

**From:** dagrossmanlaw@aol.com <dagrossmanlaw@aol.com>
**To:** Chase Bentley <chase.bentley@weil.com>; Mason Thomson <thomson@abramsbayliss.com>; A. Thompson Bayliss <bayliss@abramsbayliss.com>; Ray Schrock <ray.schrock@weil.com>; Alexander Welch <alexander.welch@weil.com>; George Garvey <george.garvey@mto.com>; Chris Cannataro <cannataro@abramsbayliss.com>
**Cc:** Max Price <mprice@pricelegal.com>; Victoria <victoria@pricelegal.com>; Mia Bertemati <mia@pricelegal.com>
**Sent:** Wednesday, February 21, 2024 at 09:28:20 PM EST
**Subject:** Devengoechea v Venezuela

**Counsel -**

**Pursuant to FRAP 8, Plaintiff Devengoechea requests the consent of the Special Master and Defendant Venezuela to a limited and narrow stay pending appeal of the District Court's order denying his renewed motion for a Writ of Attachment.**

**The proposed stay would be extremely narrow and limited. It would not stay the sale process, or enforcement of any other orders, or any filings or hearings pending the prospective appeal. The proposed stay simply would provide, pending appeal, for a temporary set aside of the amount of Plaintiff Devengoechea's relatively small judgment and its inclusion in the pool of judgments to be enforced, so that, if the Third Circuit reverses, Plaintiff Devengoechea's judgment sum would be available for recovery.**

**The absence of a stay would effectively deprive Plaintiff Devengoechea of meaningful appellate review.**

**The likelihood of reversal is substantial, in light of the equities and facts already found in Plaintiff Devengoechea's favor by the District Court and the strong arguments by Plaintiff on the single remaining legal issue of implied waiver which is subject to de novo review in the Third Circuit.**

**Nor will any party or the sale process be prejudiced or injured by the requested narrow stay. All parties with approved judgments will proceed as before, and the minor additional set aside for Plaintiff Devengoechea's relatively small judgment -- which represents only seven-one-hundredths of one percent, 0.07%, of the total judgment pool, only $17 million out of $24 billion -- will not materially disrupt or affect anything.**

**At your earliest convenience, please let me know if the Special Master and Defendant Venezuela consent to the proposed narrow and limited stay.**

**Thanks,**
**Dennis**

**Dennis Grossman**
**Attorney at Law**
**6701 Sunset Drive (#104)**
**Miami, Florida 33143**
**tel.: 516-466-6690**

**cc:  Max, Victoria**