ROBERT B. PINCUS in his capacity as
Special Master for the United States District Court for the District of Delaware
PO Box 4570
Wilmington, DE 19807

February 29, 2024

**BY HAND DELIVERY & CM/ECF**

The Honorable Leonard P. Stark
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801-3570

**RE**:   *Crystallex International Corp. v. Bolivarian Republic of Venezuela,* D. Del. C.A. No. 1:17-mc-00151-LPS; Special Master's Steps Chart regarding Additional Judgment Creditors

Dear Judge Stark:

Pursuant to the *Memorandum Order* entered on October 11, 2023 [D.I. 738] ("**October 11 Order**"):[1]

[t]he Special Master **SHALL** maintain a chart ("Steps Chart") tracking the progress of each party seeking to become an Additional Judgment Creditor and shall submit the Steps Chart to the Court by filing on the docket of the *Crystallex* case (Misc. No. 17-151-LPS) on no less than a monthly basis.

October 11 Order at 7 (emphasis in original)

Since the filing of the Steps Chart (as defined in the October 11 Order) on January 19, 2024 [D.I. 870] (the "**January Steps Chart**"), the Court has decided a number of motions by judgment holders seeking to become Additional Judgment Creditors, including:

---

[1]  All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Sixth Revised Proposed Order (A) Establishing Sale and Bidding Procedures, (B) Approving Special Master's Report and Recommendation Regarding Proposed Sale Procedures Order, (C) Affirming Retention of Evercore as Investment Banker by Special Master and (D) Regarding Related Matters* [D.I. 481] (the "**Sale Procedures Order**"), the *Memorandum Order* entered on July 27, 2023 [D.I. 646] (the "**July 27 Order**"), or the *Order Granting Amendment of Certain Priority Arrangement Procedures* [D.I. 990] (the "**Procedural Order**"), as applicable.

The Honorable Leonard P. Stark
February 29, 2024
Page 2

1. On January 24, 2024, the Court granted motions[2] filed by Altana Credit Opportunities Fund SPC, Altana Credit Opportunities Fund 1 SP, and Altana Funds Ltd. Cayman (together, the "**Altana Plaintiffs**"). *See* D.I. 886. Having reviewed the *Supplemental Status Submission Pursuant to Court's October 11, 2023 Order* [D.I. 894] and considering the *Memorandum Order* entered on January 29, 2024 [D.I. 902], I have amended the Steps Chart to include the Altana Plaintiffs as Additional Judgment Creditors;

2. On January 24, 2024, the Court denied the *Motion for Extension of Step 5 and Related Deadline* [D.I. 849], filed by Ostrider Limited, UML Blandford Limited, Union Glory Limited and Clion Limited's (collectively, the "**UK Arbitration Creditors**"). *See* D.I. 887. Therefore, the UK Arbitration Creditors are not included in the Steps Chart as Additional Judgment Creditors;

3. On February 6, 2024, the Court denied the *Renewed Motion to Extend Deadlines Set Forth in the Sale Procedures Order* and related materials [D.I. 925 & 926] filed by Cimontubo - Tubagens E Soldadura LDA ("**Cimontubo**"). *See* D.I. 931. Therefore, Cimontubo is not included in the Steps Chart as an Additional Judgment Creditor;

4. On February 15, 2024, the Court denied the *Renewed Motion for an Order Authorizing the Issuance of a Writ of Attachment* Fieri Facias *Pursuant to 28 U.S.C. § 1610(c)* [D.I. 922] filed by Ricardo Devengoechea ("**Devengoechea**"). *See* D.I. 964. I am aware that Devengoechea's *Motion for Reconsideration and/or a Narrow and Limited Stay Pending Appeal* [D.I. 980] and the opening brief in support of the same [D.I. 981] are currently pending before the Court and Devengoechea has not yet been named an Additional Judgment Creditor by the Court. Therefore, I have not included Devengoechea as an Additional Judgment Creditor in the attached Steps Chart. If the Court ultimately grants Devengoechea's motions and deems Devengoechea to be an Additional Judgment Creditor, the relative priority of the Attached Judgments in the Steps Chart would remain unchanged because, in all circumstances, Devengoechea would be placed at the bottom of the Steps Chart;

5. On February 15, 2024, the Court denied the *Motion for Miscellaneous Relief in Connection with the Sale Procedures Order* [D.I. 893], filed by Gramercy Distressed Opportunity Fund, LLC, Rudi Lovati, and Alessandro Lucibello Piani. See D.I. 963. Therefore, the amendment of the priority scheme requested therein has not been incorporated in the attached Steps Chart; and

6. After conferring with judgment holder Northrop Grumman Ship Systems, Inc, f/k/a Ingalls Shipbuilding, Inc., now known as Huntington Ingalls Incorporated, I have

---

[2] Altana Plaintiffs' *Motion for* an Order *Authorizing a Writ of Attachment Fieri Facias* [Misc. No. 23-608 D.I. 3] and *Motion for Extension of Deadlines for Submission of Attached Judgment Statement and Status Summary* [D.I. 814].

revised the appropriate name of judgment holder Northrop Grumman Ship Systems, Inc. to "Huntington Ingalls Incorporated" and updated the Steps Chart accordingly.

Therefore, the attached Steps Chart reflects my recommendation to the Court as to the priority of Attached Judgments to be reflected in the Court's forthcoming Priority Order.

Having made revisions as described above, I respectfully submit the updated Steps Chart attached hereto as **Exhibit A**.  A redlined version against the January Steps Chart is attached hereto as **Exhibit B**.

In light of the Court's entry of the Procedural Order on February 27, 2024, I respectfully request the Court enter the Priority Order, a proposed form of which is attached hereto as **Exhibit C**, at the Court's earliest convenience.  Further, I attach hereto as **Exhibit D** a proposed form of the Writ Order, to be entered by the Court at the appropriate time in accordance with the Procedural Order.

Notwithstanding my recommendation included in this letter, I note the Steps Chart continues to be an organization of each party's asserted claim amount and the date(s) on which such party claims to have completed the applicable step(s) prescribed by the Court in the July 27 Order.  Until the entry by the Court of an order confirming Final Priority in accordance with the Priority Arrangement Procedures, the relative priority of Attached Judgments is not final.

To the extent any party disputes the information displayed on the Steps Chart, such party should contact my Advisors.

Sincerely,

*/s/  Robert B. Pincus*

Robert B. Pincus, in my capacity as
Special Master for the United States District Court
for the District of Delaware

Enclosures
cc: All Counsel of Record (via CM/ECF and E-Mail)