IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. No. 17-151-LPS |
| RICARDO DEVENGOECHEA, <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. No. 23-609-LPS |

## MEMORANDUM ORDER

**WHEREAS**, on December 29, 2023, the plaintiff in Misc. No. 23-609 (the "*Devengoechea* Action"), Ricardo Devengoechea ("Devengoechea"), filed a motion pursuant to Federal Rule of Civil Procedure 69(a)(1), 8 *Del. C.* § 324, and 10 *Del. C.* § 5031, seeking an order authorizing the issuance of a writ of attachment *fieri facias* on the shares of PDV Holding, Inc. ("PDVH") owned by Petróleos de Venezuela, S.A. ("PDVSA") (D.I. 4);[1]

**WHEREAS**, the Court heard argument on the motion on January 22, 2024 and thereafter ordered supplemental briefing (*see* D.I. 28 at 13);

---

[1] For simplicity, unless otherwise indicated, the Court cites only to the filings in Misc. No. 23-609. Identical filings were also made in Misc. No. 17-151.

1

**WHEREAS**, the Court received supplemental briefing on January 23, 2024 (D.I. 22, 23);

**WHEREAS**, on January 24, 2024, during a teleconference, the Court denied the motion without prejudice to Devengoechea filing a renewed motion (D.I. 24, 28);

**WHEREAS**, on February 2, 2024, Devengoechea filed a renewed motion for a writ of attachment (D.I. 38);

**WHEREAS**, on February 15, 2024, the Court issued a memorandum order denying the renewed motion (D.I. 47) ("February Order" or "Feb. Or.");

**WHEREAS**, on February 25, 2024, Devengoechea filed a motion for reconsideration of the February Order and/or a motion for a "narrow and limited stay" pending appeal (D.I. 49);

**WHEREAS**, the Court has reviewed the materials filed by Devengoechea and the Bolivarian Republic of Venezuela ("Venezuela") in connection with the pending motion (*see, e.g.*, D.I. 50, 53-55);

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Devengoechea's motion for reconsideration and/or a motion for a "narrow and limited stay" pending appeal (Misc. No. 23-609 D.I. 49; *see also* Misc. No. 17-151 D.I. 980) is **DENIED**.

1. A motion for reconsideration (or reargument) is governed by Local Rule 7.1.5. *See, e.g., Helios Software, LLC v. Awareness Techs., Inc.*, 2014 WL 906346 (D. Del. Mar. 5, 2014). Such a motion "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Parkell v. Frederick*, 2019 WL 1435884, at *1 (D. Del. Mar. 31, 2019) (internal quotation marks omitted). Reconsideration may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but

2

of apprehension." *Wood v. Galef-Surdo*, 2015 WL 479205, at *1 (D. Del. Jan. 26, 2015) (internal quotation marks omitted). While the decision on a motion for reconsideration is within the discretion of the Court, such motions "should only be granted sparingly and should not be used to rehash arguments already briefed or to allow a never-ending polemic between the litigants and the Court." *Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999) (internal quotation marks omitted).

2. Devengoechea first argues that the Court "overlooked" and "did not address" his "***primary* argument**" that "Venezuela's actions . . . embodied the ***equivalent*** of" a "contractual term" – that is, a choice-of-law clause applying U.S. law – "at the outset of the parties' relationship." (D.I. 50 at 4) The Court did not overlook this argument. In the February Order, the Court expressly discussed Devengoechea's contention that "his agreement with Venezuela was 'Florida-focused,' and hence was 'functionally the same as a commitment in a contractual choice-of-law clause.'" (Feb. Or. at 6) (quoting D.I. 39 at 5) The Court explained that Devengoechea did not cite any authority to support his theory and, relatedly, the Court was not persuaded that the Florida "focus" of the parties' early interactions amounted to "strong evidence" "unambiguously demonstrating that Venezuela unequivocally expressed an intent to relinquish its sovereign immunity." (*Id.* at 7) As should be evident from the February Order – and, to the extent it is unclear, the Court now makes it undeniably explicit – the Court is not persuaded that the parties' Florida "focus" functions as an "equivalent" to a contractual choice-of-law clause. This is especially so because an election to apply Florida law would typically constitute a waiver of sovereign immunity, but the waiver exception of the Foreign Sovereign Immunities Act ("FSIA") is to be construed strictly and "requires strong evidence – in the form of clear and unambiguous language or conduct – that the foreign state intended to waive its

sovereign immunity." *Aldossari on Behalf of Aldossari v. Ripp*, 49 F.4th 236, 250 (3d Cir. 2022) (internal quotation marks omitted). The Court found, and continues to find, that Devengoechea's Florida-focus theory does not satisfy this high burden.

3.  Devengoechea also contends that the Court "overlooked governing law" by holding that he "failed to show an implied waiver of immunity *specifically* regarding the PDVH shares of stock to be attached." (D.I. 50 at 6) This argument misunderstands the Court's holding. In the February Order, the Court stated: "[i]n order to obtain a writ of attachment, Devengoechea is required to show . . . that the *specific property* on which [he] seeks to execute – PDVSA's shares of stock in Delaware corporation PDVH – *are not immune from attachment and execution* under the [FSIA]." (Feb. Or. at 4) (emphasis added; internal quotation marks omitted). This articulation is consistent with this Court's and the Third Circuit's previous articulations of the law.[2] In the February Order, the Court found that Devengoechea's theories based on Venezuela's Florida-related business and litigation activities (and interactions directly with him) failed to demonstrate an implied waiver of immunity from attachment under 28 U.S.C. § 1610(a)(1) in general.[3] As Venezuela correctly points out, "[n]othing in this Court's decision relied on some fact unique to the PDVH shares." (D.I. 53 at 5)

4.  As an alternative to being granted a writ, Devengoechea requests that the Court at

---

[2] *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 333 F. Supp. 3d 380, 395 (D. Del. 2018) ("In order for the Court to issue the requested writ of attachment, the Court must be satisfied that the *specific property* on which Crystallex seeks to execute – PDVSA's shares of stock in Delaware corporation PDVH – *are not immune from attachment and execution* under the FSIA.") (emphasis added); *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 932 F.3d 126, 149 (3d Cir. 2019) ("Crystallex must also show that the *particular property* at issue in the attachment action – the PDVH stock – *is not immune from attachment* under the Sovereign Immunities Act.") (emphasis added).

[3] The Court need not, did not, and does not reach the issue of whether § 1610(a)(1) requires a waiver of immunity specific to the property sought to be attached.

4

least issue what he calls a "narrow and limited stay" pending appeal.[4] Specifically, he asks for, "pending appeal, a temporary set aside of the amount of Plaintiff Devengoechea's relatively small judgment and its temporary inclusion in the pool of judgments to be enforced." (D.I. 50 at 8) While not entirely clear, it appears that Devengoechea is asking that he be treated as an Additional Judgment Creditor (as that term is defined in the Sale Procedures Order, Misc. No. 17-151 D.I. 481 at ¶ 15), and be added to the bottom of the Priority Order (*see* Misc. No. 17-151 D.I. 996), with his judgment to be potentially satisfied by the forthcoming sale. To the extent that is what he seeks, it is tantamount to being granted a writ of attachment, which the Court has denied (repeatedly). To the extent he is seeking some lesser relief, he has not been sufficiently clear as to what it is and, in any event, with him having demonstrated no realistic prospect of prevailing on appeal, and having asked for relief that might potentially interfere with the Court's efforts to implement the Sale Procedures Order in a timely manner, the Court deems it best to exercise its discretion not to grant any type of stay.

The telephonic hearing scheduled for March 18 (*see* D.I. 52) is **CANCELED**.

March 14, 2024
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT COURT

---

[4] To determine whether to grant a stay pending appeal, the Court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009).

5