

Travis S. Hunter
302-651-7564
hunter@rlf.com

March 15, 2024

**VIA HAND DELIVERY**

The Honorable Leonard P. Stark
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

      Re:  *Crystallex International Corporation v. Bolivarian Republic of Venezuela et al.*,
           C.A. No. 17-mc-151-LPS

Dear Judge Stark:

We represent Crystallex International Corporation ("Crystallex"). As this Court is aware, the Clerk of Court issued Crystallex a writ of attachment *fieri facias* on August 23, 2018, which was served by the U.S. Marshals Service the next day, D.I. 96. As directed by this Court's March 1, 2024 Priority Order, D.I. 996, Crystallex subsequently submitted a further proposed writ of attachment to the Clerk's office, as detailed in the March 5, 2024 Affidavit of Travis Hunter, D.I. 1027.[1] Crystallex's second writ was signed and issued by the Clerk on March 8, 2024.[2] Since that time, and consistent with the Court's October 11, 2023 Memorandum Order, "each party seeking to become an Additional Judgment Creditor," D.I. 738 at 6, has updated this Court that its respective writ has issued, thereby completing Step Six of the seven steps to judgment enforcement set forth in the Court's July 27, 2023 Memorandum Order, D.I. 646. Crystallex is not an Additional Judgment Creditor, and as this Court previously held, "Crystallex[] has completed all of these steps and reached Step 7." D.I. 646 at 7. For the avoidance of doubt, however, Crystallex hereby confirms that its March 2024 writ has also been issued by the Clerk. *See* Exhibit A.

                                               Respectfully submitted,

                                               */s/ Travis S. Hunter*

                                               Travis S. Hunter (#5350)

---

[1] This writ of attachment *fieri facias* was submitted by Crystallex without prejudice to, but rather reaffirming, the writ previously issued by the Clerk at this Court's direction. For the avoidance of doubt, by submitting the March 2024 writ Crystallex is not seeking a double recovery on its judgment in this action.

[2] The issuance of this writ, as well as the August 2018 writ, is reflected on the docket in this action, but without a corresponding docket identification number.