IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION,<br><br>              Plaintiff,<br><br>    v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>              Defendant. | C.A. No. 17-mc-151-LPS |

**CRYSTALLEX INTERNATIONAL CORPORATION'S RESPONSE TO
ADELSO ADRIANZA'S SECOND MOTION TO INTERVENE**

OF COUNSEL:

Robert L. Weigel
Jason W. Myatt
Rahim Moloo
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Tel: (212) 351-4000
Fax: (212) 351-4035

Miguel A. Estrada
Lucas C. Townsend
Adam M. Smith
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 955-8500
Fax: (202) 467-0539

Dated: March 26, 2023

Raymond J. DiCamillo (#3188)
Jeffrey L. Moyer (#3309)
Travis S. Hunter (#5350)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Tel: (302) 651-7700
Fax: (302) 651-7701

*Attorneys for Plaintiff*

## TABLE OF CONTENTS

Page(s)

SUMMARY OF ARGUMENT ............................................................................................... 1

ARGUMENT ..................................................................................................................... 3

    I.     No Change In Circumstances Warrants Revisiting The Court's Prior Decision Denying Mr. Adrianza's Motion To Intervene ....................................... 3

    II.    Mr. Adrianza's Motion Violates The Automatic Stay And Raises Issues Not Properly Before This Court ............................................................................... 7

CONCLUSION .................................................................................................................. 9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anthony v. Indep. Ins. Advisors, Inc.*,
    2012 WL 1313413 (V.I. Apr. 2, 2012) ................................................................4, 5, 6

*In re Cendant Corp. Sec. Litig.*,
    109 F. Supp. 2d 273 (D.N.J. 2000), *aff'd*, 264 F.3d 286 (3d Cir. 2001)................................4, 5

*Constitution Bank v. Tubbs*,
    68 F.3d 685 (3d Cir. 1995)....................................................................................8

*In re Crystallex International Corp.*,
    11-bk-14074 (LSS) ...........................................................................................1, 2

*Dentsply Int'l, Inc. v. Kerr Mfg. Co.*,
    42 F. Supp. 2d 385 (D. Del. 1999)..........................................................................3

*Harris v. Pernsley*,
    820 F.2d 592 (3d Cir. 1987)..................................................................................4

*In re Johnson & Johnson Derivative Litig.*,
    900 F. Supp. 2d 467 (D.N.J. 2012) ........................................................................6

*Kusner v. First Penn. Corp.*,
    74 F.R.D. 606 (E.D. Pa. 1977), *aff'd*, 577 F.2d 726 (3d Cir. 1978) ........................................5

*In re Linear Electric Co., Inc.*,
    852 F.3d 313 (3d Cir. 2017).................................................................................7, 9

*NAACP v. New York*,
    413 U.S. 345 (1973)...........................................................................................6

**Statutes**

11 U.S.C. § 362(a)(3)................................................................................................7

Plaintiff and Judgment Creditor Crystallex International Corporation ("**Crystallex**") submits this opposition to Adelso Adrianza's second *pro se* motion to intervene, D.I. 1041 ("**Motion**").

## SUMMARY OF ARGUMENT

For the second time, Adelso Adrianza improperly moves to intervene in this action. Mr. Adrianza first sought to intervene more than two years ago, asserting a variety of purported improprieties, including Crystallex's alleged failure to monetize its mining data, incorrect calculation of post-Award interest, and execution of suboptimal settlement agreements. D.I. 404.[1] Based on these complaints, Mr. Adrianza asked the Court to appoint an independent examiner. *Id.* Simultaneously, Mr. Adrianza moved for identical relief from the United States Bankruptcy Court for the District of Delaware (the "**Delaware Bankruptcy Court**"), which is overseeing Crystallex's chapter 15 proceedings. *See In re Crystallex International Corp.*, 11-bk-14074 (LSS) (the "**Delaware Bankruptcy Proceedings**"), D.I. 328 ¶¶ 34-35; 39-40; 43-46. Both this Court and the Delaware Bankruptcy Court rightly rejected Mr. Adrianza's motions. *See* D.I. 426; Delaware Bankruptcy Proceedings, D.I. 372.

Mr. Adrianza now submits, essentially, the same motion, with the same arguments and hopes for a different result.[2] *Compare* D.I. 414 at 6 (listing Mr. Adrianza's accusations in first

---

[1] Over the years, Mr. Adrianza has filed repeated letters with this Court and motions in the Canadian and U.S. Bankruptcy Courts stating his grievances with Crystallex's management and the asset distribution procedure. *See, e.g.*, D.I. 134 (Mr. Adrianza listing his allegations against the Crystallex board of directors and his numerous filings before the Canadian Court and Delaware Bankruptcy Court regarding the same); D.I. 176 (same); D.I. 217 (same); D.I. 233 (same); D.I. 279 (same); D.I. 368 (same); D.I. 556 (same); D.I. 723 (same). *See also* D.I. 193 (suggesting, without analysis, alternative means by which he believes Crystallex could satisfy its judgment). This Motion is no different.

[2] Crystallex disagrees with all of Mr. Adrianza's claims and has previously explained to this Court and the Delaware Bankruptcy Court the lack of merit in Mr. Adrianza's allegations. *See* D.I. 414; Delaware Bankruptcy Proceedings, D.I. 339.

1

motion to intervene and Delaware Bankruptcy Court filing), *with* D.I. 1041, ¶ 2 (listing same accusations). Yet Mr. Adrianza gives no reason why the Court should revisit its previous decision to deny intervention under Federal Rule of Civil Procedure 24(a), nor can he.

Indeed, even if the Court were to reconsider Mr. Adrianza's arguments in support of intervention, it should deny his Motion because it requests, in violation of the Delaware Bankruptcy Court's automatic stay, relief this Court cannot grant regarding the management and division of Crystallex's assets. As Crystallex explained in its opposition to Mr. Adrianza's prior attempt to intervene, D.I. 414, this action is about enforcing Crystallex's judgment against *Venezuela's assets* and the "commencement of a sales process to satisfy Crystallex's outstanding judgment." *Id.* at 4. This case is not about the division of *Crystallex's assets* or the management of its estate. Whatever misplaced disputes Mr. Adrianza may have with Crystallex's management, those issues can be properly addressed only by a court administrating Crystallex's insolvency proceedings.[3] In any event, no assets have been "abandoned" by Crystallex. The assets upon which Mr. Adrianza focuses—to the extent they exist at all—are already part of the bankruptcy estate, and any purported residual rights Mr. Adrianza claims to have as a shareholder could only be distributed to Shareholders after all claims with higher priority have been satisfied. There is simply no underlying relief for Mr. Adrianza to seek in this action.

---

[3] The Canadian proceedings are under Canada's Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36, as amended (the "CCAA"), pending before the Ontario Superior Court of Justice (Commercial List).

Mr. Adrianza did not meet the intervention standard in November 2021 when he filed his first motion to intervene, and he does not meet it now.[4]  He also moves, in violation of the automatic stay, for relief that, respectfully, this Court cannot grant even if the stay were to be lifted by the Delaware Bankruptcy Court in the future.  For these reasons, the Court should deny Mr. Adrianza's Motion.

## ARGUMENT

### I. No Change In Circumstances Warrants Revisiting The Court's Prior Decision Denying Mr. Adrianza's Motion To Intervene

Mr. Adrianza's renewed Motion to intervene is little more than a motion for reconsideration brought under a different name more than two years after his first failed motion.  But rather than attempt to meet the high burden an untimely motion for reconsideration imposes,[5] Mr. Adrianza brings the same arguments as his previous motion, which the Court rightly denied.  *See* D.I. 426 (minute order finding Mr. Adrianza's motion failed to meet the standard for intervention as of right and permissive intervention, and that he requested relief this Court cannot properly grant).  In denying Mr. Adrianza's first motion to intervene, the Court found Mr. Adrianza "has not shown

---

[4] Then, as now, Mr. Adrianza did not move for permissive intervention under Federal Rule of Civil Procedure 24(b).  Even if the Court were to "liberally construe[]" Mr. Adrianza's Motion "to include such a request," the Court should deny it for the same reasons it should deny the Motion under Federal Rule of Civil Procedure 24(a).  *See* D.I. 426 (denying Mr. Adrianza's first motion to intervene under Federal Rule of Civil Procedure 24(a) and 24(b) even though Mr. Adrianza did not move to intervene under Rule 24(b)).

[5] As this Court knows, motions for reconsideration or reargument "shall be sparingly granted" and must be filed "within 14 days after the Court issues its opinion or decision."  Local R. 7.1.5.  Mr. Adrianza has not come even close to meeting that deadline.  Motions to reconsider also "should not be used to rehash arguments already briefed or to allow a never-ending polemic between the litigants and the Court."  *See* D.I. 1065 (denying Mr. Devengoechea's motion for reconsideration) (citing *Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999)).  As explained in this opposition, Mr. Adrianza's Motion does both of those things.

that Crystallex does not adequately represent his interests," D.I. 426 (crediting Crystallex's opposition, D.I. 414 at 11: "Crystallex's dogged pursuit of Venezuela's assets in this case . . . speaks for itself"), and that "it is not even clear that Adrianza has any protectable interest in this litigation at all." D.I. 426 (citing *In re Cendant Corp. Sec. Litig.*, 109 F. Supp. 2d 273, 277 (D.N.J. 2000) ("explaining that permitting shareholder to intervene would improperly restrict corporate decision-making")).

In his second Motion to intervene, Mr. Adrianza offers no reasons why the Court should revisit its prior ruling. It remains indisputably true that Crystallex and Mr. Adrianza share the same interest of maximizing Crystallex's recovery from Venezuela, that Crystallex continues to doggedly (and successfully) pursue such recovery, and that Mr. Adrianza lacks any protectable interest in this litigation about the enforcement of Crystallex's judgment via the sale of Venezuela's assets in the United States. And the only arguable changed circumstance Mr. Adrianza identifies is the fact that the Special Master has formally proposed to this Court his calculations of the judgments held by Crystallex and the various additional judgment creditors. *See* D.I. 1041 at 4. But this Court has already held that such ministerial acts do not restart the clock for belated requests to reconsider and reargue "long known" facts and circumstances. *See* D.I. 963 at 5 (denying motion for reconsideration of priority determinations). Accordingly, the Court should deny Mr. Adrianza's Motion.

To intervene as of right under Federal Rule of Civil Procedure 24(a), a nonparty movant must meet each of four intertwined requirements: (1) "a sufficient interest in the litigation;" (2) that "may be affected or impaired[] as a practical matter by the disposition of the action;" (3) that "is not adequately represented by an existing party;" and (4) that "the application for intervention is timely." *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987). The nonparty movant

4

bears the burden of convincing the court that all four requirements are met. *Anthony v. Indep. Ins. Advisors, Inc.*, 2012 WL 1313413, at *4 (V.I. Apr. 2, 2012) (applying Third Circuit precedent). None of these requirements was met when Mr. Adrianza filed his first motion to intervene, and none is met now.

First, Mr. Adrianza has no protectible interest in this litigation. Third Circuit precedent is clear that a movant's mere status as a shareholder does not create a protectible interest. *See In re Cendant*, 109 F. Supp. 2d at 275–76. Permitting intervention of any shareholder objecting to a litigation settlement would "sanction the intervention of any stockholder in any suit," with the logical result that "a corporation could not prosecute or settle any suit by or against it without obtaining the approval of every shareholder." *Id.* (internal quotation marks omitted); *see also* D.I. 426 (citing *In re Cendant* for the same proposition). Mr. Adrianza has given the Court no reason to disturb its previous finding that "it is not even clear that Mr. Adrianza has any protectable interest in this litigation at all." D.I. 426. Mr. Adrianza does not point to any change in circumstances other than the Special Master's proposed final calculation of the Attached Judgment amounts, which the Court rejected as a basis to reconsider arguments concerning long-known facts. Mr. Adrianza bears the burden of persuasion, *Anthony*, 2012 WL 1313413, at *4, and he has not met it.

Second, Mr. Adrianza has not demonstrated that any protectable interest would be affected or impaired by this litigation. The sale will not affect Mr. Adrianza's rights, and his arguments about the distribution of Crystallex's assets are irrelevant to this proceeding. *See* D.I. 414 at 10 (citing *Kusner v. First Penn. Corp.*, 74 F.R.D. 606, 611 (E.D. Pa. 1977), *aff'd*, 577 F.2d 726 (3d Cir. 1978) ("[w]hatever rights he had as a stockholder for redress of improper actions of officers and directors of the [company], he still has")).

5

Third, Crystallex adequately represents Mr. Adrianza's interests. This Court previously found that "[b]oth Crystallex and Adrianza share the goal of 'maximizing Crystallex's recovery' and promoting value for the shareholders, including Adrianza," and that Mr. Adrianza has not shown otherwise. D.I. 426. The Delaware Bankruptcy Court likewise confirmed there is "no evidence that the interests of Crystallex and its shareholders are not aligned at this time in respect of maximizing recoveries on the PDVH Stock." Delaware Bankruptcy Proceedings, D.I. 372 at 11. As before, Mr. Adrianza does not, and cannot, demonstrate why "Crystallex's objective is any different from his or any other shareholders'—to collect as much money on the judgment as possible." *See* D.I. 414 at 12 (citing *In re Johnson & Johnson Derivative Litig.*, 900 F. Supp. 2d 467, 477 (D.N.J. 2012) (it is commonly understood that "the objective of all shareholders" is "for the corporation to succeed, comply with governing laws, and be profitable")). Crystallex continues to make every effort to satisfy its judgment against Venezuela for the benefit of its estate and its shareholders. Nothing about that has changed since the Court made its previous finding.

Finally, Mr. Adrianza's Motion is not timely. Courts consider three factors in evaluating timeliness: "(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." *Anthony*, 2012 WL 1313413, at *5. An untimely motion must be denied. *NAACP v. New York*, 413 U.S. 345, 365 (1973). Crystallex explained in its opposition to Mr. Adrianza's first motion to intervene why that motion was untimely. In sum: (1) all legal questions had been resolved, with the only remaining task a procedural one—the sale of the PDVH shares; (2) allowing Mr. Adrianza to intervene at this late stage would prejudice Crystallex—and indeed all creditors—because it may further delay a sale that has been years in the making; and (3) Mr. Adrianza provided no legitimate excuse for filing the motion so late—then, nearly four years after the Judgment was registered, and now nearly seven. *See* D.I. 414 at 12–13. Those

6

reasons stand. Mr. Adrianza's first motion was untimely, and his second Motion is even more untimely. The legal questions in this case remain resolved, the prejudice to the parties at this late stage of the proceedings would be even greater now if Mr. Adrianza were allowed to intervene, and Mr. Adrianza continues to provide no legitimate excuse for his tardiness. Mr. Adrianza suggests that the final nature of the auction will "foreclose any future remedy" for Mr. Adrianza and other shareholders. D.I. 1041, ¶ 15. But even if true (which Crystallex does not concede), that is a fact that was always true about the sale and it is not more true now that the sale is impending. Had intervention ever been warranted (and it is not), it could only have been justified much earlier in the process, not near the end, after so much time and expense and when the risk of prejudice is so high. For this reason alone, the Court should again deny Mr. Adrianza's Motion as untimely.

## II. Mr. Adrianza's Motion Violates The Automatic Stay And Raises Issues Not Properly Before This Court

Even if the Court were willing to reconsider its findings that Mr. Adrianza lacks a protectable interest in the litigation and that Crystallex adequately represents any interest he could arguably claim, the Court should still deny Mr. Adrianza's Motion because it violates the Delaware Bankruptcy Court's automatic stay and requests relief this Court cannot properly grant.

Crystallex's insolvency proceedings in the United States have been subject to an automatic stay for more than ten years. *See* Delaware Bankruptcy Proceedings, D.I. 44 (Jan. 20, 2012) ("[E]xcept as expressly provided otherwise in paragraphs 16 and 17 of the Initial Order, the automatic stay of section 362 of the Bankruptcy Code applies with respect to the Debtor and any of its property that is within the territorial jurisdiction of the United States."). Mr. Adrianza has not sought relief from the automatic stay, the Delaware Bankruptcy Court has not lifted the automatic stay, and the stay has not expired. Accordingly, Mr. Adrianza's Motion in this Court for relief with respect to Crystallex's assets, *i.e.*, property of the Crystallex estate, is a legal nullity.

7

The scope of an automatic stay is broad. *See In re Linear Electric Co., Inc.*, 852 F.3d 313, 317 (3d Cir. 2017). Once entered, an automatic stay halts "any act to obtain possession of property of the estate" or "to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Relief from the automatic stay "can be granted only by the bankruptcy court having jurisdiction over a debtor's case." *Constitution Bank v. Tubbs*, 68 F.3d 685, 691 (3d Cir. 1995).

Mr. Adrianza complains of alleged "impending harm to the Estate and the Shareholders [because of] actions and omissions by the Company's Board of Directors and Debtor in Possession." D.I. 1041, ¶ 2. He raised fundamentally the same complaints in his 2022 request that the Delaware Bankruptcy Court appoint an examiner. *See, e.g.*, D.I. 364, ¶ 3 (complaining of Crystallex's alleged "failure to pursue the full collection of the arbitration award and the costs incurred in legal actions in U.S. Courts pursuing the collection of the award and the judgment against Venezuela"). The Delaware Bankruptcy Court properly considered Mr. Adrianza's prior motion to appoint an examiner, predicated on the complaints he now brings before this Court, found that Mr. Adrianza had failed to establish a basis for the relief he sought, and denied the motion. *See* Delaware Bankruptcy Proceedings, D.I. 372 at 13.[6]

Mr. Adrianza himself has admitted that Crystallex "and its property" are "under the protection of the U.S. Bankruptcy Code and the Delaware Bankruptcy Court." D.I. 404, ¶ 2. That has not changed. Mr. Adrianza has not applied for or received a lift of the automatic stay, nor has he renewed his motion before the Delaware Bankruptcy Court. Mr. Adrianza's renewed Motion asks this Court to divide Crystallex's assets into separate piles to be administered separately by the Company and "the Estate," but no such distinction exists at law. In any event, even if such

---

[6] The Delaware Bankruptcy Court denied Mr. Adrianza's motion for an examiner "without prejudice." *See* Delaware Bankruptcy Proceedings, D.I. 372 at 13.

relief were theoretically possible, Mr. Adrianza's Motion would still fly in the face of clear law and prior rulings from multiple courts (including this one) that only the courts overseeing Crystallex's insolvency have authority over Crystallex's assets.  In light of the broad purpose of the automatic stay, *In re Linear Electric*, 852 F.3d at 317, the Court should deny Mr. Adrianza's Motion as improper.

## CONCLUSION

For the foregoing reasons, the Court should deny Mr. Adrianza's second Motion to intervene because he meets none of the factors for intervention under the Federal Rules of Civil Procedure and because he has improperly filed his Motion in violation of the Delaware Bankruptcy Court's automatic stay, seeking relief this Court cannot properly grant.

| | |
|---|---|
| OF COUNSEL: | */s/ Travis S. Hunter*<br>Raymond J. DiCamillo (#3188)<br>Jeffrey L. Moyer (#3309) |
| Robert L. Weigel<br>Jason W. Myatt<br>Rahim Moloo<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, New York  10166<br>(212) 351-4000 | Travis S. Hunter (#5350)<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware  19801<br>(302) 651-7700<br>dicamillo@rlf.com<br>moyer@rlf.com |
| Miguel A. Estrada<br>Lucas C. Townsend<br>Adam M. Smith<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C.  20036<br>Tel:  (202) 955-8500<br>Fax:  (202) 467-0539 | hunter@rlf.com<br><br>*Attorneys for Plaintiff* |

Dated:  March 26, 2024

9