Adelso Adrianza
4 Repton Cir., Unit 4210
Watertown, MA 02472



Office of the Clerk
U.S. District Court - Delaware
844 North King Street, Unit 18
Wilmington, DE 19801-3570

**ADELSO A. ADRIANZA**
4 Repton Cir. Unit 4210 – Watertown, MA 02472 – U.S.A.
M: (859) 803-2279 | aaadrianza@gmail.com

March 28, 2024

**FILED VIA HAND DELIVERY TO THE DELAWARE DISTRICT COURT CLERK'S OFFICE**

The Honorable Leonard P. Stark
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, D.C. 20439

Re: _Crystallex International Corporation v. Bolivarian Republic of Venezuela_, No. 1:17-mc-151-LPS

Dear Judge Stark,

     Adelso Adrianza, a shareholder of Crystallex International Corporation ("Crystallex"), pro se and on behalf of similarly situated U.S. shareholders ("Shareholders"), respectfully object to the Special Master's motion seeking final approval on the determination of the attached judgments (D.I. 992). This objection is limited to the determination of the amount due to Crystallex on account of its attachment Judgment in connection to the sale of the PDVH shares to satisfy it. The limited objection is based on said determination being in error and, as a result, being prejudicial to Crystallex's bankruptcy Estate and, consequently, its Shareholders.

     The undersigned provided and elaborated on the particularized basis for the Special Master's final determination being in error and the attending harm to the Estate and the Shareholders in the Motion to Intervene and for an Order to Assign Property Rights Abandoned by Crystallex International Corporation to its Estate and Shareholders (D.I. 1041), which are incorporated by reference. Specifically, Crystallex's waiver or abandonment of legal rights and interest related to the ICSID arbitration award, and the Amended Settlement Agreement with the Republic forecloses the possibility of future legal action in pursuit of restitution. Therefore, the Court's approval of the final determination would bar the Estate and the Shareholders from undertaking legal action by operation of Delaware law and the onset of the equitable mootness doctrine. Further, the approval of the erroneous determination would preempt the Delaware Bankruptcy Court from redressing the harm caused.

     The injury that would result from the Court's approval is specific to the Estate and the Shareholders. This is factually the case per the sub-rosa plan approved by the Board of Directors and Debtor in Possession ("BOD/DIP") and the Controlling DIP Lender. As structured, the plan assures all stakeholders, except for the Shareholders (i.e., the secured DIP Lender and unsecured creditors and the self-interested Board of Directors) more than full compensation in the plan of distribution of the Estate's property.

Respectfully submitted,

Adelso A. Adrianza

cc: Mr. Myron T. Steele, Potter Anderson & Corroon, LLP.
    Mr. Travis S. Hunter, Richards, Layton & Finger, P.A.
    Mr. Kenneth J. Nachbar, Morris, Nichols, Arsht & Tunnell LLP.