# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., *Plaintiff*, v. BOLIVARIAN REPUBLIC OF VENEZUELA, *Defendant*. | C.A. No. 17-mc-00151-LPS |

## DECLARATION OF JUAN O. PERLA

JUAN O. PERLA declares:

1. I am a partner of Curtis, Mallet-Prevost, Colt & Mosle LLP, counsel for Petróleos de Venezuela, S.A. (PDVSA), intervenor in the above-captioned action.

2. I submit this declaration in support of the Objection of PDVSA and the Bolivarian Republic of Venezuela (the "Republic") to the Special Master's Motion Seeking Final Determination of the Attached Judgments. The facts set forth in this declaration are based upon my personal knowledge and recollection.

3. On February 28, 2024, PDVSA, the Republic, ConocoPhillips ("Conoco"), and the Special Master, through their counsel, met and conferred via Zoom pursuant to the Court's direction at the February 27, 2024 hearing. I participated on that call on behalf of PDVSA. George Garvey of Munger, Tolles & Olson was on the call for the Republic.

4. Among the other attorneys on the call were Luna Barrington and Chase Bentley of Weil, Gotshal & Manges for the Special Master. Amy Wolf of Wachtell Lipton and Lydia Halpern of Kobre & Kim were on the call for Conoco.

-2-

5. I began by restating the basis for the Republic and PDVSA's objection. I explained that the amount of the ICSID judgment as determined by the Special Master had to be offset by the full amount recovered under the Petrozuata/Hamaca Judgment. I explained that the timing of our objection was compelled by Paragraph 31 of the Sale Procedures Order. I noted our concern that, without accounting for the offset, the amount owed under the ICSID Judgment as determined by the Special Master would become fixed for purposes of the sale process.

6. Conoco's counsel (Ms. Halpern) agreed that it would be a double recovery if Conoco were to collect the full amount of the ICSID Judgment plus the Petrozuata/Hamaca Judgment. However, Conoco took the position that this issue did not to be resolved now because the scenario in which Conoco recovers the full amount of both judgments in this sale process is very remote. Ms. Halpern did not raise any issue with respect to the amount of the set-off.

7. I recall that, at one point, counsel for the Special Master asked whether there was any disagreement as to the amount of the set-off. Ms. Halpern confirmed there was no disagreement as to the amount, but only as to the timing of when an offset should be made.

8. The call concluded with the understanding that the issue was only one of timing in terms of when the parties' disagreement should be resolved, and each side would confer with their respective clients as to a potential stipulation to that effect. *See* Status Report, D.I. 999.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed: April 4, 2024
           New York, New York

_____
Juan O. Perla