IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---

CRYSTALLEX INTERNATIONAL CORP.,   )
                                  )
         Plaintiff,               )
                                  )
   v.                             )   Misc. No. 17-151-LPS
                                  )   **PUBLIC VERSION-**
BOLIVARIAN REPUBLIC OF VENEZUELA, )
                                  )
         Defendant.               )

---

**SPECIAL MASTER'S RESPONSE TO THE REPUBLIC AND PDVSA'S OBJECTION TO THE SPECIAL MASTER'S MOTION SEEKING FINAL DETERMINATION OF ATTACHED JUDGMENTS WITH RESPECT TO CONOCO'S JUDGMENTS**

Robert B. Pincus, in his capacity as Special Master[1] for the United States District Court for the District of Delaware, respectfully responds to the *Republic and PDVSA's Objection to the Special Master's Motion Seeking Final Determination of Attached Judgments with Respect to Conoco's Judgments*. *See* D.I. 989.

In support thereof, the Special Master respectfully states as follows:

1. On October 11, 2022, the Court issued the Sale Procedures Order, which set forth the governing procedures for the sale of PDVH shares to satisfy the Attached Judgments. *See* D.I. 481. The Sale Procedures Order requires the Special Master to "file under seal a notice or recommendation with the Court seeking final determination of any Attached Judgments, including the rate at which interest continues to accrue and serve such notice or recommendation on the holder of the Attached Judgment and Sale Process Parties." D.I. 481 ¶ 31.

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the *Sixth Revised Proposed Order (A) Establishing Sale and Bidding Procedures Order, (B) Approving Special Master's Report and Recommendation Regarding Proposed Sale Procedures Order, (C) Affirming Retention of Evercore as Investment Banker by Special Master and (D) Regarding Related Matters* [D.I. 481] (the "Sale Procedures Order").

2. The Special Master timely filed a Motion Seeking Final Determination of the Attached Judgments (the "Motion") on February 20, 2024. *See* D.I. 969.

3. Three of those Attached Judgments are for ConocoPhillips, of which two are relevant to the present dispute. The Petrozuata/Hamaca Judgment[2] is third in the order of priority and has a principal amount of ▮▮▮▮▮▮▮▮, with post-judgment interest accruing at a rate of ▮▮▮▮. *See* D.I. 1102 at 3; D.I. 969, Ex. A. ConocoPhillips has received ▮▮▮▮▮▮ in partial satisfaction of this judgment. *See* D.I. 969, Ex. A. The ICSID Judgment[3] is fourteenth in the order of priority and has a principal amount of ▮▮▮▮▮▮▮▮ with post-judgment interest accruing at a rate of ▮▮▮▮ *See* D.I. 1102 at 4; D.I. 969, Ex. A.

4. Pursuant to the Sale Procedures Order, "[n]o later than seven calendar days after service, the holder of the Attached Judgment and the Sale Process Parties shall file any objection to the Special Master's notice or recommendation." D.I. 481, ¶ 31.

5. The Republic and PDVSA timely filed a Response to the Special Master's Motion Seeking Final Determination of the Attached Judgments on February 27, 2024 (the "Objection"). *See* D.I. 989. Specifically, the Republic and PDVSA objected to the final determination of the amounts of ConocoPhillips' Attached Judgments, alleging that the Special Master's final determination was incorrect due to the ICSID Judgment not accounting for an offset based on the Petrozuata/Hamaca Judgment. *See id.*

6. On February 28, 2024, PDVSA, the Republic, ConocoPhillips, and the Special

---

[2] The "Petrozuata/Hamaca Judgment" refers to an August 23, 2018 judgment entered in favor of Phillips Petroleum Company Venezuela Limited and ConocoPhillips Petrozuata B.V. against PDVSA, PDVSA Petroleo S.A., and Corpoguanipa S.A. by the United States District Court for the Southern District of New York.

[3] The "ICSID Judgment" refers to an August 19, 2022 judgment entered in favor of ConocoPhillips Petrozuata B.V., ConocoPhillips Hamaca B.V., and ConocoPhillips Gulf of Paria B.V., against the Republic by the United States District Court for the District of Columbia, which together with the Petrozuata/Hamaca Judgment will be referred to as the "Judgments."

Master met and conferred to discuss the Objection.  Conoco, PDVSA, and the Republic were unable to reach a resolution on the issue.  A briefing schedule was agreed upon.

7. The Republic and PDVSA filed a brief in support of the Objection on March 20, 2024 (the "Brief").  *See* D.I. 1068.  In the Brief, the Republic and PDVSA requested that the Final Judgment Amounts for ConocoPhillips' judgments be recalculated and revised by "(i) offsetting the amount owed under the ICSID Judgment by the full amount of ████████ received by ConocoPhillips' in partial satisfaction of the Petrozuata/Hamaca Judgment, and (ii) clarifying that the ICSID Judgment must be offset by any additional amounts recovered under the Petrozuata/Hamaca Judgment."  *Id.* at 7.

8. ConocoPhillips filed its *Opposition to the Venezuela Parties' Objection to the Special Master's Motion Seeking Final Determination with Respect to Conoco's Judgments* (the "Opposition") on March 29, 2024.  *See* D.I. 1099.  ConocoPhillips opposed the Venezuela Parties' requests for relief, and requested that the Court defer this dispute until the amount of proceeds from the Sale Transaction is known, as the dispute will not be ripe until then.  *See id.* at 8-9.  In the alternative, ConocoPhillips argued that the Objection is incorrect on the merits, as its obligation is "to offset or reimburse PDVSA for any duplicative amounts recovered under the [Petrozuata/Hamaca] Judgment if, and only if, ConocoPhillips actually recovers overlapping amounts from the Republic," *id.* at 10, and that it is not required to reduce the amount owed on the ICSID Judgment while it is continuing to seek recovery on both Judgments.  *See id.*

9. At this time, it is not clear whether the Sale Transaction will generate enough proceeds sufficient to satisfy both the Petrozuata/Hamaca and ICSID Judgments in full.  The Petrozuata/Hamaca Judgment is third in the order of priority and the ICSID Judgment is fourteenth in the order of priority.  Because the contemplated offset may never come to pass, the Special

Master agrees that the dispute is not yet ripe for adjudication. Rather, this dispute should be resolved once the purchase price for the PDVH shares are finalized and the Special Master can determine the total amount of proceeds to be distributed to the Additional Judgment Creditors.

10. If the Court is inclined to resolve the merits of the Objection at this time, the Special Master does not believe that it is appropriate—at this time—to offset the amount owed under the ICSID Judgment by the full amount of ▮▮▮▮▮ received by ConocoPhillips' in partial satisfaction of the Petrozuata/Hamaca Judgment. Reducing the ICSID Judgment at this juncture—when there is no guarantee that ConocoPhillips will receive any amount of damages for the ICSID Judgment that overlap with the amount received in partial satisfaction of the Petrozuata/Hamaca Judgment—is premature. The amount of offset, if any, is therefore also premature, and more appropriately determined when the amount of ConocoPhillips' recovery for each of the Judgments is known.[4]

11. With respect to PDVSA's request that the ICSID Judgment be offset by any additional amounts recovered under the Petrozuata/Hamaca Judgment, ConocoPhillips has already acknowledged that it should not collect any overlapping damages.

12. Indeed, ConocoPhillips acknowledges that a portion of the damages awarded in the Petrozuata/Hamaca Judgment and the ICSID Judgment overlap. *See* D.I. 676 at 4 (stating that "a portion of the measure of damages for the award underlying the ICSID Judgment may overlap with a portion of the measure of damages for the award underlying the Petrozuata/Hamaca Judgment"). ConocoPhillips also expressly states that it does not seek double recovery on the overlapping amounts. *See id*. ("[I]n the event ConocoPhillips obtains payment of all amounts due on the ICSID Judgment, it will not seek recovery under the Petrozuata/Hamaca Judgment for

---

[4] The mechanics of the offset, if any, can be appropriately determined at a later date.

damages that were paid under the ICSID Judgment."). Accordingly, ConocoPhillips is not seeking a double recovery on the overlapping amounts, and the Special Master takes no issue with clarifying that the ICSID Judgment must be offset by any additional amounts recovered under the Petrozuata/Hamaca Judgment, as neither ConocoPhillips nor the Republic and PDVSA oppose this relief.

## CONCLUSION

For the reasons articulated above, the Special Master agrees with ConocoPhillips that this dispute is not yet ripe for adjudication. In the event that the Court is inclined to resolve the dispute on the merits, however, the Special Master does not believe that it is appropriate, at this time, to offset the ICSID Judgment by the amount received in partial satisfaction of the Petrozuata/Hamaca Judgment. In addition, the Special Master believes that it should be clarified that ConocoPhillips will not receive double recovery for the damages that overlap between the Judgments. The Special Master requests that this clarification occurs in the Order that adopts the final determination of the Attached Judgments.

|  |  |
|---|---|
| Dated:  April 4, 2024 | Respectfully submitted, |
|  | POTTER ANDERSON & CORROON LLP |
|  | */s/ Bindu A. Palapura* |
| OF COUNSEL: | Myron T. Steele (#00002) |
|  | Matthew F. Davis (#4696) |
| Ray C. Schrock (Admitted *pro hac vice*) | Bindu A. Palapura (#5370) |
| Alexander W. Welch (Admitted *pro hac vice*) | Hercules Plaza, 6th Floor |
| Luna Barrington (Admitted *pro hac vice*) | 1313 North Market Street |
| Chase A. Bentley (Admitted *pro hac vice*) | P.O. Box 951 |
| WEIL, GOTSHAL & MANGES LLP | Wilmington, DE 19801 |
| 767 Fifth Avenue | Telephone: (302) 984-6000 |
| New York, New York 10153 | Facsimile: (302) 658-1192 |
| Telephone: (212) 310-8000 | msteele@potteranderson.com |
| Facsimile: (212) 310-8007 | mdavis@potteranderson.com |
| Ray.Schrock@weil.com | bpalapura@potteranderson.com |
| Alexander.Welch@weil.com |  |
| Luna.Barrington@weil.com | *Counsel for Special Master Robert B. Pincus* |
| Chase.Bentley@weil.com |  |