# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., | : |
| *Plaintiff*, | : Case No. 1:17-mc-00151-LPS |
| v. | : Hon. Leonard P. Stark |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | : **PUBLIC VERSION** |
| *Defendant*. | : |

**THE REPUBLIC AND PDVSA'S REPLY IN SUPPORT OF THEIR OBJECTION TO THE SPECIAL MASTER'S MOTION SEEKING FINAL DETERMINATION WITH RESPECT TO CONOCO'S JUDGMENTS**

A. Thompson Bayliss (#4379)
Christopher Fitzpatrick Cannataro (#6621)
ABRAMS & BAYLISS LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807
(302) 778-1000
bayliss@abramsbayliss.com
cannataro@abramsbayliss.com

OF COUNSEL:
Donald B. Verrilli, Jr.
Elaine J. Goldenberg
Ginger D. Anders
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW
Suite 500 E
Washington, D.C. 20001
(202) 220-1100
Donald.Verrilli@mto.com
Elaine.Goldenberg@mto.com
Ginger.Anders@mto.com

*- cont. -*

Samuel T. Hirzel, II (#4415)
Brendan Patrick McDonnell (#7086)
HEYMAN ENERIO GATTUSO & HIRZEL LLP
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
SHirzel@hegh.law
bmcdonnell@hegh.law

OF COUNSEL:
Joseph D. Pizzurro (*pro hac vice*)
Kevin A. Meehan (*pro hac vice*)
Juan O. Perla (*pro hac vice*)
Aubre G. Dean (*pro hac vice*)
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178
(212) 696-6000
jpizzurro@curtis.com
kmeehan@curtis.com
jperla@curtis.com
adean@curtis.com

*Attorneys for Intervenor
Petróleos de Venezuela, S.A.*

George M. Garvey
Adeel Mohammadi
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100
George.Garvey@mto.com
Adeel.Mohammadi@mto.com

*Attorneys for Bolivarian Republic of Venezuela*

Dated: April 4, 2024

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................... 1

ARGUMENT ....................................................................................................................... 2

CONCLUSION .................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Cases**

*Actrade Fin. Techs. v. Aharoni*,
   No. 20168, 2003 Del. Ch. LEXIS 114 (Del. Ch. Oct. 17, 2003) ................................................. 6

*Chisholm v. UHP Projects, Inc.*,
   205 F.3d 731 (4th Cir. 2000) ..................................................................................................... 6

*Commerzanstalt v. Telewide Sys.*,
   880 F.2d 642 (2d Cir. 1989) ...................................................................................................... 6

*Mt. W. Series of Lockton Cos., LLC v. Alliant Ins. Servs.*,
   No. 2019-0226-JTL, 2019 Del. Ch. LEXIS 231 (Del. Ch. June 20, 2019) ............................... 6

*Singer v. Olympia Brewing Co.*,
   878 F.2d 596 (2d Cir. 1989) ...................................................................................................... 6

*Sky View at Las Palmas, LLC v. Mendez*,
   555 S.W.3d 101 (Tex. 2018) ..................................................................................................... 8

*United States Indus. v. Touche Ross & Co.*,
   854 F.2d 1223 (10th Cir. 1988) ................................................................................................. 8

*US Wind Inc. v. InterMoor, Inc.*,
   No. SAG-19-02984, 2024 U.S. Dist. LEXIS 41936 (D. Md. Mar. 11, 2024) ........................... 8

*UTHE Tech. Corp. v. Aetrium, Inc.*,
   808 F.3d 755 (9th Cir. 2015) ..................................................................................................... 6

**Other Authorities**

Restatement (Third) of Suretyship & Guaranty § 1(b) .................................................................. 5

Restatement (Third) of Suretyship & Guaranty § 27(1) ................................................................ 5

Restatement (Third) of Suretyship & Guaranty § 37(4) ................................................................ 5

The Bolivarian Republic of Venezuela (the "Republic") and Petróleos de Venezuela, S.A. (PDVSA) respectfully submit this reply in support of their objection (D.I. 989) to the Special Master's Motion Seeking Final Determination of the Attached Judgments (D.I. 969).

## INTRODUCTION

It is truly shocking to see how Conoco can so flippantly change positions in the same dispute, and even in the same proceeding before the same court, to gain an undue advantage. As PDVSA previously cautioned, if it were to Conoco's benefit to argue that the Republic and PDVSA are separate entities in contradiction of this Court's determination that they are one and the same, there is little doubt Conoco would take that position. *See ConocoPhillips Petrozuata B.V. v. Bolivarian Republic of Venezuela*, No. 22-mc-00464 (D. Del.), D.I. 20 at 9. Sure enough, Conoco is now attempting to revive its position that PDVSA and the Republic are juridically separate entities in order to skirt the general prohibition on double recovery and avoid its own commitment and good faith duty not to seek double recovery.

But Conoco's flip-flopping does not stop there. In the meet and confer between Conoco, the Republic, PDVSA and the Special Master, Conoco represented that there was no disagreement as to the amount of the set-off identified in the Republic and PDVSA's objection, but only as to the timing of when the set-off should be made. Declaration of Juan O. Perla ¶¶ 6-7 ("Perla Decl."), filed concurrently herewith. Now, Conoco claims that the damages awarded in the Petrozuata/Hamaca Judgment do not overlap "dollar-for-dollar" with the same amount in the ICSID Judgment. D.I. 1099 at 4 n.2. Even putting this about-face aside, Conoco is wrong on the merits, as the damages awarded in the Petrozuata/Hamaca and ICSID Judgments cover the same alleged injury. Other than vague assertions about "tax measures and interest," *id*. at 8, Conoco offers no evidence or even detailed allegations as to what the disputed amount is or the basis for the alleged discrepancy.

Conoco has also changed its tune from demanding at the February 27, 2024 hearing that the Republic and PDVSA's objection be resolved quickly to now asking that resolution of the objection be postponed indefinitely. But contrary to Conoco's arguments, the Republic and PDVSA's objection is ripe for resolution now, because that is what is required to make a final determination of the judgment amounts for purposes of the sale process under Paragraph 31 of the Sale Procedures Order. *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17-mc-0151 (D. Del.), D.I. 481 at 27. Conoco provides no authority to support its argument that the ICSID Judgment amount should be inflated by double-counting because the sale is unlikely to generate proceeds sufficient to pay it in full.

Therefore, the Special Master should be directed to offset the ICSID Judgment by the amount already recovered by Conoco in partial satisfaction of the Petrozuata/Hamaca Judgment and to do the same with any further amounts recovered by Conoco on the Petrozuata/Hamaca Judgment.

## ARGUMENT

Conoco raises three arguments in opposition to the Republic and PDVSA's objection to the Special Master's final determination of the amount owing under Conoco's ICSID Judgment. Not only has Conoco flipped positions on each of these arguments within this proceeding, but also its arguments fail on the merits.

*First*, Conoco argues that it has a supposed contractual right and obligation *vis-à-vis* PDVSA to obtain recovery from the Republic in full before crediting or reimbursing PDVSA for any overlapping amounts. D.I. 1099 at 12-13. Conoco's brief thus confirms that its opposition to the Republic and PDVSA's objection is predicated on the position that the Republic and PDVSA are legally separate entities with distinct obligations and liabilities—the same position Conoco took in the ICSID arbitration to obtain the ICSID award. Conoco is attempting to revert back to

that position after having successfully argued to this Court that PDVSA is now the Republic's alter ego. *See Conoco*, No. 22-mc-0464, D.I. 40 at 2, 6. While this Court has ruled that these positions may be reconciled because they were supposedly taken in two different contexts, *id.* at 4, there is no justification, and Conoco has not offered any, for allowing Conoco to take contradictory positions on PDVSA's separateness within the same enforcement context.[1]

Because Conoco prevailed before this Court on the theory that PDVSA is the Republic's alter ego for purposes of enforcing the ICSID Judgment against PDVSA's assets, this Court should hold Conoco to the logical consequences of that determination, *i.e.*, that any recovery by Conoco from PDVSA for the same damages under the Petrozuata/Hamaca Judgment and the ICSID Judgment should be treated as if Conoco were recovering from the Republic. Therefore, the amount owed by Republic on the ICSID Judgment should be reduced by any overlapping amounts recovered by Conoco from PDVSA on the Petrozuata/Hamaca Judgment.

To be clear, as previously explained, the Republic and PDVSA agree with Conoco that, under the Association Agreements, Conoco recognized the juridical distinction between the Republic and PDVSA. Conoco then relied on that distinction to obtain the ICSID award against the Republic. *See, e.g.*, *Conoco*, No. 22-mc-0464, D.I. 12 at 6-7, 11-12. In fact, this Court found that Conoco "advocated the view that Venezuela and PDVSA were separate entities" in the ICSID arbitration. *Conoco*, No. 22-mc-0464, D.I. 40 at 3. That is why the Republic and PDVSA argued that Conoco should be judicially estopped from taking a contrary position now. But this Court disagreed. It make no sense to treat PDVSA as the alter ego of the Republic for purposes

---

[1] The Republic and PDVSA have appealed this Court's decision on judicial and collateral estoppel to the Third Circuit. No. 22-mc-0464, D.I. 42, 44. That appeal is still being briefed. The Republic has also applied for annulment of the ICSID award before an ICSID annulment committee. That proceeding is still pending. As previously stated, the Republic and PDVSA submit this objection and make arguments in support of the objection without prejudice to their pending appeals before the Third Circuit or the annulment application in ICSID. *See* D.I. 1078 at 7 n.2.

3

of enforcing the ICSID Judgment against PDVSA's assets (as the Court has done at Conoco's urging, and over the objections of PDVSA and the Republic) and then refuse to reduce the ICSID Judgment by the amounts already recovered by Conoco from PDVSA for overlapping liabilities on the basis that they are legally separate entities.

In any case, Conoco's interpretation of the Association Agreements is wrong. The provisions of the Association Agreements relied upon by Conoco do not "require" Conoco to seek compensation from the Republic before crediting the amounts PDVSA has already paid. D.I. 1099 at 7. Nor do they obligate PDVSA or the Republic to pay for the same damages after Conoco has already been compensated by one or the other. Those provisions merely provide one possibility for avoiding double recovery by requiring Conoco to credit or reimburse PDVSA in the event Conoco receives compensation for the same damages twice (first from PDVSA and then from the Republic), but they do not supersede the application of general principles, such as the one satisfaction rule, for preventing double recovery in the first instance.

Conoco also twists the words of its own representations to the ICC and ICSID tribunals to argue that it was not really committing to avoid double recovery, but only to credit or reimburse PDVSA once Conoco had recovered fully for the same damages from the Republic. D.I. 1099 at 13. In other words, Conoco was purportedly only committing to undo any double recovery only after it had doubly recovered. But that strained and nonsensical interpretation is contradicted by Conoco's own explanation to the ICSID tribunal that a risk of double recovery could arise, not only when it obtains payment on the ICSID award, but also when it "obtain[s] payment on the ICC Award." No. 22-mc-0464, D.I. 13-2 at 325 (¶ 961). Moreover, the ICSID tribunal did not understand Conoco's commitment to be as limited as Conoco claims, as the ICSID tribunal imposed a general duty of good faith on Conoco "not to seek double recovery,"

without any caveats, based on Conoco's representations. No. 22-mc-0464, D.I. 13-2 at 325 (¶ 965). Conoco completely ignores these points in its brief.

Other than insisting on a formalistic and narrow reading of the Association Agreements, Conoco offers no legal or practical justification for why it should receive payment for the same damages twice, only to then turn around and credit or reimburse PDVSA for the overpayment. Conoco's reliance on the *Restatement (Third) of Suretyship & Guaranty* is misplaced. To start, the Association Agreements are governed by Venezuelan law, not U.S. law. *Conoco*, No. 22-mc-0464, D.I. 13-3 at 51-52, 59 (¶ 89). There is no basis, and Conoco offers none, for applying U.S. surety law to ascertain the scope of Conoco's and PDVSA's obligations under the Association Agreements. But even if the Restatement were relevant, it actually supports PDVSA's, not Conoco's, position. Section 1 provides that when a portion of a secondary obligation is actually paid (here, PDVSA's partial payment of the Petrozuata/Hamaca Judgment), the obligee (Conoco) is not entitled to performance of the underlying obligation (here, payment for the same amounts under the ICSID Judgment). RESTATEMENT (THIRD) OF SURETYSHIP & GUARANTY § 1(b). The sections of the Restatement upon which Conoco relies are inapposite. There is no risk of any impairment under section 37(4), because PDVSA is not asking for the ICSID Judgment to be offset by the full amount of the Petrozuata/Hamaca Judgment now, but only by the amount already paid by PDVSA in partial satisfaction of that judgment. The ICSID Judgment would be reduced by the outstanding amount under the Petrozuata/Hamaca Judgment only once Conoco actually receives proceeds from the sale or other payments from PDVSA to cover that amount. And section 27(1) does not support the proposition that Conoco is entitled to receive duplicative collections and then reimburse or credit the overpayment to PDVSA. It merely provides that PDVSA (the secondary obligor) would receive Conoco's (the obligee's) right to recover against

the Republic (the primary obligor) to the extent that PDVSA's payments under the Petrozuata/Hamaca Judgment (performance of the secondary obligation) contribute to satisfying the same overlapping damages in the ICSID Judgment (the underlying obligation).

Nor does Conoco have an answer to the one satisfaction rule, which applies to prevent double recovery on U.S. judgments. *See UTHE Tech. Corp. v. Aetrium, Inc.*, 808 F.3d 755, 761 (9th Cir. 2015); *Chisholm v. UHP Projects, Inc.*, 205 F.3d 731, 737 (4th Cir. 2000); *Commerzanstalt v. Telewide Sys.*, 880 F.2d 642, 649 (2d Cir. 1989); *Singer v. Olympia Brewing Co.*, 878 F.2d 596, 600 (2d Cir. 1989); *Mt. W. Series of Lockton Cos., LLC v. Alliant Ins. Servs.*, No. 2019-0226-JTL, 2019 Del. Ch. LEXIS 231, at *73 (Del. Ch. June 20, 2019); *Actrade Fin. Techs. v. Aharoni*, No. 20168, 2003 Del. Ch. LEXIS 114, at *27 (Del. Ch. Oct. 17, 2003). Conoco argues that the cases cited by PDVSA do not involve the specific situation contemplated under the Association Agreements. D.I. 1099 at 14. But that argument is a red herring. Again, Conoco's obligation under the Association Agreements to credit or reimburse PDVSA for any duplicative collections from the Republic does not displace the one satisfaction rule to prevent double recovery in the first instance. Indeed, Conoco has not cited a single case, and research has revealed none, in which a court held that a plaintiff was entitled to duplicative collections in the first instance.

*Second*, Conoco argues that the amount of damages awarded under the Petrozuata/Hamaca Judgment does not overlap fully with the same amount of damages awarded under the ICSID Judgment. Conoco is attempting to backtrack on its contrary representation during the parties' meet and confer with the Special Master.

In their objection, the Republic and PDVSA sought an immediate offset of the total amount already paid by PDVSA in partial satisfaction of the Petrozuata/Hamaca Judgment and

requested that the Special Master note that any additional amounts recovered by Conoco on the Petrozuata/Hamaca should also be offset. D.I. 989 at 3-4. When Conoco, the Republic, PDVSA and the Special Master met and conferred on February 28, 2024, at the direction of this Court, Conoco agreed there would be a double recovery if Conoco recovered the full amount of the ICSID Judgment plus the Petrozuata/Hamaca Judgment, without raising any issue as to the amount of the set-off. The Special Master's counsel asked if there was any disagreement as to the amount of any set-off. Conoco's counsel confirmed there was no dispute as to the amount and stated that the only disagreement was in respect of the timing of the set-off. Perla Decl. ¶¶ 6-7. At no time during the meet and confer or in subsequent correspondence did Conoco raise any issue "in respect of Venezuelan tax measures and interest that are owing only under the ICC Judgment and not the ICSID Judgment." D.I. 1099 at 8. Conoco must abide by its representation.

Regardless, Conoco is wrong on the merits. Conoco sought compensation for the same alleged injury both in the ICSID and ICC arbitrations, *i.e.*, the loss of its investments in Venezuela allegedly caused by the Republic's expropriation and related actions. *Compare* ICSID Award, *Conoco*, No. 22-mc-0464, D.I. 13-1 at 65-67 (claiming for "unlawfully expropriating and/or taking measures equivalent to expropriation with respect to ConocoPhillips' investments in Venezuela" and "impairing the use and enjoyment of its investments in Venezuela."), *with* ICC Award, *Conoco*, No. 22-mc-0464, D.I. 13-3 at 40-44 ("As a direct result of these qualified measures, the Claimants claim to have lost the entire value of their investment in the Projects.").

While the legal grounds for granting damages may have differed as Conoco's claims arose under different instruments in each arbitration, the ICSID and ICC tribunals determined the total amount owed to Conoco by the Republic and PDVSA for the same alleged injury. There is no dispute that PDVSA has already paid ███████ on the Petrozuata/Hamaca Judgment.

7

Neither the Petrozuata/Hamaca Judgment nor the underlying ICC award allocate damages based on specific measures. *See* Judgment, *Phillips Petroleum Co. Venezuela Ltd. v. Petroleos de Venezuela, S.A.*, No. 18-cv-3716 (S.D.N.Y. Aug. 23, 2018), D.I. 25 at 2; ICC Award, *Conoco*, No. 22-mc-0464, D.I. 13-3 at 440-41; Addendum to ICC Award, No. 22-mc-0464, D.I. 13-4 at 22. Therefore, the Republic and PDVSA have made the necessary showing to create a presumption that an offset is required. *See United States Indus. v. Touche Ross & Co.*, 854 F.2d 1223, 1261-62 (10th Cir. 1988); *US Wind Inc. v. InterMoor, Inc.*, No. SAG-19-02984, 2024 U.S. Dist. LEXIS 41936, at *28-29 (D. Md. Mar. 11, 2024) (relying on *Sky View at Las Palmas, LLC v. Mendez*, 555 S.W.3d 101 (Tex. 2018)).

The ultimate burden falls on Conoco to prove that "certain amounts should not be credited" by submitting evidence showing that any payments received were not for overlapping damages such that they would not provide for "double recovery." *US Wind*, 2024 U.S. Dist. LEXIS 41936, at *28 (internal quotation marks and citation omitted). This burden-shifting framework is appropriate because "the plaintiff is in the best position to demonstrate why" allowing the additional recovery "would not amount to the plaintiff's double recovery." *Id.* (citation omitted).

Conoco has not satisfied its burden. Conoco states that "the exact portion of the ICC Judgment that overlaps with the ICSID Judgment would require further determination," but does not offer a calculation of the disputed amount or any explanation for carving that amount out of the ICSID Judgment other than to refer vaguely to "tax measures and interest." D.I. 1099 at 8. Conoco also references a potential "deduction for legal and expert costs," *id.*, but PDVSA is not asking for an offset of any legal fees and costs, only the damages portion of the award. Plus, the ICC tribunal did not award legal fees and costs. No. 22-mc-0464, D.I. 13-3 at 441 (¶ 1163(xi)).

8

In terms of costs, it awarded only a relatively miniscule amount of administrative expenses ($231,200 plus interest). *Id*. at ¶ 1163(xii).

***Third***, Conoco argues that resolution of the Republic and PDVSA's objection should be deferred until the prospect of double recovery actually materializes. That position is contrary to the position Conoco took at the February 27, 2024 hearing, when Conoco insisted that the Republic and PDVSA's objection be resolved "efficiently and quickly." 2/27/24 Tr. 42:17; *see also id*. at 40:19-41:04 ("[T]his needs to be addressed on an expeditious basis."). Conoco does not even acknowledge these prior statements, much less offer any explanation for its change in position. Rather, Conoco argues that the Republic and PDVSA's objection is "prudentially unripe" because there is uncertainty as to whether Conoco will receive any proceeds from the sale to cover the ICSID Judgment (D.I. 1099 at 11)—a possibility that already existed at the time Conoco urged this Court to resolve the Republic and PDVSA's objection expeditiously. This ripeness argument is unavailing.

The Sale Procedures Order itself calls for a final determination of the Attached Judgment amounts for purposes of the sale process. Paragraph 31 of the Sale Procedures Order requires the Special Master to serve a notice or recommendation seeking final determination of the Attached Judgments thirty days prior to the designation of a Stalking Horse Bidder, and requires any objections to be made within seven days after the Special Master serves such notice or recommendation. D.I. 481 at 26. The Republic and PDVSA timely objected to the Special Master's recommendation with respect to the Conoco judgments in accordance with Paragraph 31 of the Sale Procedures Order. A failure to object would have meant that "the amount set forth in the Special Master's notice or recommendation shall become the amount of the Attached Judgment for purposes of the Sale Procedures." *Id*.

More fundamentally, Conoco cites no authority for the proposition that judgment amounts determined by the Special Master may be inflated by amounts already paid simply because the judgments may not be satisfied with proceeds from the sale. Indeed, none of the cases cited by Conoco in support of its ripeness argument have anything to do with offsetting a judgment by amounts already paid. Nor do any of the "concerns motivating the ripeness doctrine" invoked by Conoco apply here. D.I. 1099 at 12. There is nothing speculative about the fact that Conoco has received payments from PDVSA in partial satisfaction of the Petrozuata/Hamaca Judgment or that at least some portion of that payment overlaps with the same amount in the ICSID Judgment. *See* D.I. 676 at 2, 4.

In short, there is no reason to wait to reduce the ICSID Judgment by the ▮▮▮▮▮▮ that Conoco has already received from PDVSA in partial satisfaction of the Petrozuata/Hamaca Judgment and to include a note in the Special Master's recommendations clarifying that the ICSID Judgment must also be offset by any additional amounts recovered by Conoco on the Petrozuata/Hamaca Judgment.

## CONCLUSION

For these reasons, the Republic and PDVSA's objection should be granted now.

Dated: April 4, 2024

                                            Respectfully submitted,

                                            HEYMAN ENERIO GATTUSO & HIRZEL LLP

|  |  |
|---|---|
|  | */s/ Samuel T. Hirzel, II* |
| A. Thompson Bayliss (#4379) | Samuel T. Hirzel, II (#4415) |
| Christopher Fitzpatrick Cannataro (#6621) | Brendan Patrick McDonnell (#7086) |
| ABRAMS & BAYLISS LLP | 300 Delaware Avenue, Suite 200 |
| 20 Montchanin Road, Suite 200 | Wilmington, DE 19801 |
| Wilmington, DE 19807 | (302) 472-7300 |
| (302) 778-1000 | SHirzel@hegh.law |
| bayliss@abramsbayliss.com | bmcdonnell@hegh.law |
| cannataro@abramsbayliss.com |  |
|  |  |
| OF COUNSEL: | OF COUNSEL: |
|  |  |
| Donald B. Verrilli, Jr. | Joseph D. Pizzurro (*pro hac vice*) |
| Elaine J. Goldenberg | Kevin A. Meehan (*pro hac vice*) |
| Ginger D. Anders | Juan O. Perla (*pro hac vice*) |
| MUNGER, TOLLES & OLSON LLP | Aubre G. Dean (*pro hac vice*) |
| 601 Massachusetts Avenue NW | CURTIS, MALLET-PREVOST, |
| Suite 500 E | COLT & MOSLE LLP |
| Washington, D.C. 20001 | 101 Park Avenue |
| (202) 220-1100 | New York, NY 10178 |
| Donald.Verrilli@mto.com | (212) 696-6000 |
| Elaine.Goldenberg@mto.com | jpizzurro@curtis.com |
| Ginger.Anders@mto.com | kmeehan@curtis.com |
|  | jperla@curtis.com |
| George M. Garvey | adean@curtis.com |
| Adeel Mohammadi |  |
| MUNGER, TOLLES & OLSON LLP | *Attorneys for Intervenor* |
| 350 South Grand Avenue, 50th Floor | *Petróleos de Venezuela, S.A.* |
| Los Angeles, CA 90071 |  |
| (213) 683-9100 |  |
| George.Garvey@mto.com |  |
| Adeel.Mohammadi@mto.com |  |

*Attorneys for Bolivarian Republic of Venezuela*