IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. No. 17-151-LPS |

## MEMORANDUM ORDER

**WHEREAS**, on October 11, 2022, the Court entered the Sale Procedures Order, which set forth the governing procedures for the sale of shares of PDV Holding, Inc. ("PDVH") owned by Petroleos de Venezuela, S.A. ("PDVSA") to satisfy the Attached Judgments[1] (D.I. 481);[2]

**WHEREAS**, the Sale Procedures Order requires that the Special Master "file under seal a notice or recommendation with the Court seeking final determination of any Attached Judgment" (*id.* at ¶ 31);

**WHEREAS**, on February 20, 2024, the Special Master filed a motion seeking final determination of the Attached Judgments (D.I. 969);

**WHEREAS**, the Sale Procedures Order provides that "[n]o later than seven calendar days after service, the holder of the Attached Judgment and the Sale Process Parties shall file any objection to the Special Master's notice or recommendation" (D.I. 481 at ¶ 31);

---

[1] Capitalized terms not otherwise defined in this Memorandum Order have the meaning given to them in the Sale Procedures Order (D.I. 481).

[2] All references to the docket index ("D.I.") are to Misc. No. 17-151, unless otherwise noted.

1

**WHEREAS**, on February 27, 2024, the Bolivarian Republic of Venezuela ("Venezuela") and PDVSA (collectively, "Venezuela Parties") filed an objection to the Special Master's motion, contending that, regarding the Attached Judgments held by ConocoPhillips, "[t]he Special Master['s] final determination is incorrect due to a failure to offset the amount owed under the ICSID award . . . by the amount received by Conoco[Phillips] in partial satisfaction of the Petrozuata/Hamaca Judgment" (D.I. 989 at 3);

**WHEREAS**, on March 1, 2024, ConocoPhillips filed a letter, informing the Court that ConocoPhillips, the Venezuela Parties, and the Special Master were "attempting to reach a consensual agreement by which briefing and adjudication of the Objection may be postponed until such time as it becomes relevant" (D.I. 999);

**WHEREAS**, on March 20, 2024, the Venezuela Parties filed a brief in support of their objection, in which they stated that the effort to reach an agreement had failed (D.I. 1068);

**WHEREAS**, on March 29, 2024, ConocoPhillips filed a response to the Venezuela Parties' objection (D.I. 1099);

**WHEREAS**, on April 4, 2024, the Venezuela Parties filed a reply (D.I. 1104);

**WHEREAS**, on April 4, 2024, the Special Master filed a response to the Venezuela Parties' objection (D.I. 1106);

**WHEREAS**, no other holder of the Attached Judgment or Sale Process Party filed an objection to the Special Master's motion;[3]

---

[3] At the status conference held on February 27, 2024, counsel for the Contrarian creditors indicated that because the Special Master's motion was filed under seal, they were not able to "know if there were a calculation error for an upstream creditor that would affect [Contrarian's] standing in line." (D.I. 1001 at 48) The Special Master responded that if, after the Contrarian creditors receive unredacted "information down the road that allows [them] to make . . . challenges" to the Special Master's determinations of Attached Judgments, he would not view

**NOW, THEREFORE, IT IS HEREBY ORDERED** that: (1) the Venezuela Parties' objection (D.I. 989) is **OVERRULED** without prejudice to it being renewed, as explained further below; and (2) the Special Master's final determination of the Attached Judgments (*see* D.I. 969-1) is **ADOPTED**.

1. The Venezuela Parties contend that "the full amount of the Petrozuata/Hamaca Judgment overlaps with the same amount owed under the ICSID Judgment,"[4] and the amount "paid in partial satisfaction of the Petrozuata/Hamaca Judgment overlaps with the same amount owed under the ICSID Judgment." (D.I. 1068 at 5) Relying on the "one satisfaction" rule, which "prevents double recovery of overlapping judgments," the Venezuela Parties request that the final judgment amounts for ConocoPhillips' Attached Judgments be revised as follows: "(i) offsetting the amount owed under the ICSID Judgment by the full amount . . . received by Conoco[Phillips] in partial satisfaction of the Petrozuata/Hamaca Judgment, and (ii) clarifying that the ICSID Judgment must also be offset by any additional amounts recovered under the Petrozuata/Hamaca Judgment." (*Id.* at 4, 7)

---

such an objection as untimely. (*Id.* at 51) The Court understands, therefore, that it has no ripe objection by Contrarian before it.

Subsequently, on March 28, 2024, the Court received a letter from non-party Adelso A. Adrianza, stating that he objected to the Special Master's motion. (D.I. 1096) Adrianza is neither a holder of any Attached Judgment nor a Sale Process Party; he cannot, therefore, press an objection to the Special Master's motion. (*See* D.I. 481 at ¶ 31) Thus, Adrianza's objection is **DISMISSED**.

[4] The "Petrozuata/Hamaca Judgment" refers to "an August 23, 2018 judgment entered in favor of Phillips Petroleum Company Venezuela Limited and ConocoPhillips Petrozuata B.V. against PDVSA, PDVSA Petroleo S.A., and Corpoguanipa S.A. by the United States District Court for the Southern District of New York." (D.I. 1106 at 2 n.2) The "ICSID Judgment" refers to "an August 19, 2022 judgment entered in favor of ConocoPhillips Petrozuata B.V., ConocoPhillips Hamaca B.V., and ConocoPhillips Gulf of Paria B.V., against [Venezuela] by the United States District Court for the District of Columbia." (*Id.* at 2 n.3)

3

2.  CononoPhillips responds that unless and until it has recovered any overlapping payments, "there is no prospect of a double recovery and no dispute to be resolved." (D.I. 1099 at 1) ConocoPhillips adds that the "possibility of a double recovery will not arise until, if ever, the sale process raises at least *$16.3 billion*." (*Id.* at 2) The Special Master takes essentially the same position, stating that "this dispute should be resolved once the purchase price for the PDVH shares are finalized and the Special Master can determine the total amount of proceeds to be distributed to the Additional Judgment Creditors." (D.I. 1106 at 4)

3.  The Court agrees with ConocoPhillips and the Special Master that this dispute is not ripe for adjudication. It is far from clear whether the sale process will generate an amount of proceeds sufficient to satisfy both the Petrozuata/Hamaca Judgment and the ICSID Judgment to the extent that the possibility of an overlapping recovery will arise. The Venezuela Parties may renew their objection when the amount of ConocoPhillips' recovery for each of the Petrozuata/Hamaca Judgment and the ICSID Judgment becomes ascertainable.

4.  ConocoPhillips "agrees that it cannot ultimately recover twice for the same damages." (D.I. 1099 at 1) This is correct. Accordingly, as the Special Master requests (*see* D.I. 1106 at 5), the Court hereby **CLARIFIES** that ConocoPhillips will not receive and retain a double recovery for the damages that overlap between the Petrozuata/Hamaca Judgment and the ICSID Judgment.

April 25, 2024  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT COURT