IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. No. 17-151-LPS |

**MEMORANDUM ORDER**

On November 17, 2021, non-party Adelso A. Adrianza filed a motion seeking to intervene in this action and obtain "an independent determination of the amount" of a judgment held by Crystallex International Corporation ("Crystallex"). (D.I. 404 at 1) The Court denied the motion, finding, among other things, he had "not shown that Crystallex does not adequately represent his interests." (D.I. 426) Recently, on March 12, 2024, Adrianza filed a new motion seeking (i) "to intervene in this action," (ii) "an order assigning [Crystallex's] abandoned property rights to its Estate and the Shareholders as residual owners," or (iii) "alternatively, granting a stay pending appeal of the Court's denial of the relief requested." (D.I. 1041 at 1) ("Motion") The Motion is opposed by Crystallex and fully briefed. (*See* D.I. 1073, 1103)

Federal Rule of Civil Procedure 24(a)(2) entitles a person to intervene as a matter of right if, among other things, "the applicant has a sufficient interest in the litigation" and "the interest is not adequately represented by an existing party in the litigation." *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987). Adrianza fails to make either of these required showings. Instead, he simply repeats the contentions the Court has already rejected in denying his earlier motion to intervene. (*Compare, e.g.*, D.I. 404 ¶¶ 7, 8, 16, 17 *with* D.I. 1041 ¶¶ 10, 11, 24, 25 (both

1

complaining of alleged failure of Crystallex's "self-interested" directors to pursue "the full collection of the arbitration award under the terms of [an] ICSID" award)) As Crystallex correctly points out, Adrianza has identified no change in circumstance that warrants revisiting the Court's prior decision. (*See* D.I. 1073 at 3) Moreover, Adrianza has again failed to show that he, as a shareholder of Crystallex, has a sufficient interest in this action. *See In re Cendant Corp. Sec. Litig.*, 109 F. Supp. 2d 273, 277 (D.N.J. 2000) (having stake in company involved in litigation "is insufficient to imbue [shareholders] with the degree of 'interest' required for Rule 24(a) intervention"), *aff'd*, 264 F.3d 286 (3d Cir. 2001). Additionally, the Court continues to find he has failed once more to show that Crystallex inadequately represents Adrianza's interests in this action, as both are interested in maximizing Crystallex's recovery (and chances of recovering) on its judgment against Venezuela.[1]

Nor is there any basis for the Court to grant any of the alternative relief Adrianza requests. He seeks "an order assigning [Crystallex's] abandoned property rights to its Estate and the Shareholders as residual owners" (D.I. 1041 at 1), but the Court agrees with Crystallex that "distribution of Crystallex's assets [is] irrelevant to this proceeding" (D.I. 1073 at 5). And the Court will not grant a stay pending any appeal as Adrianza has not made the necessary "strong showing of . . . likelihood of success" on appeal nor demonstrated that he "will suffer irreparable harm" in the absence of a stay. *In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015).

Accordingly, **IT IS HEREBY ORDERED** that the Motion (D.I. 1041) is **DENIED**.

April 25, 2024  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT COURT

---

[1] The Court is neither rejecting nor agreeing with the other potential deficiencies in the Motion.