# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

---

CRYSTALLEX INTERNATIONAL CORP.,  )
                                 )
      Plaintiff,          )
                                 )
v.                               )    Misc. No. 17-151-LPS
                                 )
BOLIVARIAN REPUBLIC OF VENEZUELA, )    **REVISED PUBLIC VERSION**
                                 )
      Defendant.          )

---

## SPECIAL MASTER'S MOTION SEEKING FINAL DETERMINATION OF THE ATTACHED JUDGMENTS

OF COUNSEL:

Ray C. Schrock (Admitted *pro hac vice*)
Alexander W. Welch (Admitted *pro hac vice*)
Luna Barrington (Admitted *pro hac vice*)
Chase A. Bentley (Admitted *pro hac vice*)
Sarah M. Sternlieb (Admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray.Schrock@weil.com
Alexander.Welch@weil.com
Luna.Barrington@weil.com
Chase.Bentley@weil.com
Sarah.Sternlieb@weil.com

Myron T. Steele (#00002)
Matthew F. Davis (#4696)
Bindu A. Palapura (#5370)
Abraham Schneider (#6696)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
msteele@potteranderson.com
mdavis@potteranderson.com
bpalapura@potteranderson.com
aschneider@potteranderson.com

*Counsel for Special Master Robert B. Pincus*

Dated: February 20, 2024
11338258
REVISED PUBLIC VERSION
Dated: May 1, 2024

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---

CRYSTALLEX INTERNATIONAL CORP.,  )
                                                         )
            Plaintiff,                     )
                                                       )
      v.                              )     Misc. No. 17-151-LPS
                                                       )
BOLIVARIAN REPUBLIC OF VENEZUELA,   )     **REVISED PUBLIC VERSION**
                                                       )
           Defendant.            )

---

## SPECIAL MASTER'S MOTION SEEKING FINAL DETERMINATION OF THE ATTACHED JUDGMENTS

       Robert B. Pincus, in his capacity as Special Master[1] for the United States District Court for the District of Delaware, respectfully requests entry of an order setting forth the final determination of the Attached Judgments.

### BACKGROUND

       In support thereof, the Special Master respectfully states as follows:

       1.       On October 11, 2022, the Court issued the Sale Procedures Order, which set forth the governing procedures for the sale of PDVH shares to satisfy the Attached Judgments. *See* D.I. 481. The Sale Procedures Order requires the Special Master to "file under seal a notice or recommendation with the Court seeking final determination of any Attached Judgment[s], including the rate at which interest continues to accrue and serve such notice or recommendation on the holder of the Attached Judgment and Sale Process Parties." D.I. 481 ¶ 31.

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the *Sixth Revised Proposed Order (A) Establishing Sale and Bidding Procedures Order, (B) Approving Special Master's Report and Recommendation Regarding Proposed Sale Procedures Order, (C) Affirming Retention of Evercore as Investment Banker by Special Master and (D) Regarding Related Matters* [D.I. 481] (the "Sale Procedures Order").

2. To fulfill this mandate, the Special Master directed any judgment holders to file a statement describing their judgment and including all relevant supporting documentation (the "Attached Judgment Statements") by August 14, 2023, *see* D.I. 652, at 2.

3. While a number of creditors filed Attached Judgment Statements,[2] only the creditors who obtained "at least a conditional writ of attachment by the Step 5 (Writ) Deadline," D.I. 646, at 12, became Additional Judgment Creditors. Accordingly, the Special Master only evaluated the accuracy of the Attached Judgment Statements of Crystallex International Corporation ("Crystallex") and those Additional Judgment Creditors that had obtained a conditional writ of attachment by the Step 5 (Writ) Deadline.

4. The Special Master, with the assistance of his advisors, including Evercore L.L.C. as financial advisor, reviewed twenty-five Attached Judgment Statements submitted by the seventeen Additional Judgment Creditors and Crystallex, including the applicable court orders granting the Attached Judgments and confirmed (i) the principal amount of each Attached Judgment, (ii) the pre-judgment interest (if any) awarded by the underlying court for each of the Attached Judgments, and (iii) the appropriate rate of post-judgment interest to be applied to each of the Attached Judgments.

5. The final amount due on account of each Attached Judgment is calculated through the date of payment. *See* 28 U.S.C. § 1961. The ultimate date of payment of the Attached

---

[2] The following entities filed Attached Judgment Statements in this action but did not reach Step 5: Mobil Cerro Negro Holding, LLC, Venezuela Holdings, B.V., and Mobil Cerro Negro Ltd. ("ExxonMobil"); Refineria di Korsou N.V.; Girard Street Investment Holdings, LLC; G&A Strategic Investments I LLC, G&A Strategic Investments II LLC, G&A Strategic Investments III LLC, G&A Strategic Investments IV LLC, G&A Strategic Investments V LLC, G&A Strategic Investments VI LLC, and G&A Strategic Investments LLC VII ("G&A Strategic Investments"); Banco San Juan Internacional Inc. and Ricardo Devengoechea. *See* D.I. 660, D.I. 662, D.I. 672, D.I. 675, D.I. 678, D.I. 826. Because they did not reach Step 5, they are not Additional Judgment Creditors.

Judgments will be on or shortly after the closing of a Sale Transaction, which has yet to be determined. Therefore, for illustrative purposes only, Evercore calculated the total amount due and owing on account of each Attached Judgment as of February 20, 2024 and December 31, 2024.

6. For all Attached Judgments, the illustrative post-judgment interest was calculated (i) beginning on the date of entry of the judgment, (ii) based on the actual number of days in each year and (iii) compounded annually, unless otherwise specified by the applicable court order. Specifically, for each judgment, Evercore:

 a. used the date of entry of judgment and divided the time from the date of judgment to February 20, 2024 and December 31, 2024 into year-long periods;
 b. used the principal amount of the judgment, including any pre-judgment interest, as the beginning balance;
 c. multiplied the beginning balance by the applicable rate under 28 U.S.C. § 1961 or the relevant contract to find the annual interest;
 d. divided the annual interest amount by the number of actual days in the calendar year to find the per diem interest;
 e. multiplied the *per diem* interest amount by the number of days in the period to find the accrued interest amount for the first period;
 f. added the accrued interest to the principal amount to find the total balance as of the first anniversary of the judgment.
 g. used the total balance as of the first anniversary of the judgment as the basis for the interest that will accrue during the next period;
 h. repeated the process to find the annual interest, the per diem interest, and the accrued interest; and
 i. added the accrued interest to the balance for each subsequent period until February 20, 2024 and December 31, 2024.

7. The principal amount of each Attached Judgment and the post-judgment interest rate at which interest continues to accrue on each Attached Judgment is set forth on **Exhibit A** (the "Final Judgment Amounts"). Exhibit A also sets forth an illustrative calculation of post-judgment interest calculated through February 20, 2024 and through December 31, 2024.

8. The Special Master provided notice to each of the Additional Judgment Creditors and Crystallex of an individual accounting of their Final Judgment Amounts pursuant to the Sales Procedure Order. To the extent the Special Master's Final Judgment Amounts differed from the

3

amounts set forth in the Attached Judgment Statements, the Special Master addressed those issues directly with Crystallex and each Additional Judgment Creditor and attempted to resolve any disputes prior to filing this Motion. Pursuant to the Sale Procedures Order, the Special Master will serve a copy of this Motion and its accompanying exhibit to the Sales Process Parties upon filing.

9.  Crystallex and each of the Additional Judgment Creditors have confirmed the Final Judgment Amounts.[3]

10.  On December 8, 2023, Additional Judgment Creditor Red Tree Investments, LLC ("Red Tree") informed the Special Master that the district court granting Additional Judgment Creditor Gold Reserve, Inc.'s ("Gold Reserve") underlying judgment incorrectly applied post-judgment interest at a rate of LIBOR plus 2%, rather than post-judgment interest pursuant to 28 U.S.C. § 1961, and that Gold Reserve's Attached Judgment Statement claimed interest at this incorrect amount. The Special Master reviewed the underlying court order and judgment, which granted Gold Reserve post-judgment interest on its arbitration award "inclusive of pre-award interest, at a rate of LIBOR plus 2%, compounded annually, from September 22, 2014, until payment in full." D.I. 663-2, at 1. Because Gold Reserve was expressly granted post-judgment interest at a rate of LIBOR plus 2% pursuant to a court order, the Special Master applied the court's rate to Gold Reserve's Attached Judgment.

11.  Red Tree has also advised the Special Master that it received a fee award in the amount of $2,446,043.36 from the District Court for the Southern District of New York for the underlying proceeding in which it received its Attached Judgment, but that the fee award was not entered until after Red Tree was granted a conditional writ of attachment by this Court. D.I. 758-

---

[3] While Siemens Energy, Inc. ("SEI") confirmed the principal amount of the judgment and the post-judgment interest, SEI disagreed with the calculation of accrued interest for illustrative purposes, as well as the exclusion of post-judgment attorneys' fees. *See infra* ¶¶ 12, 13.

4

4; D.I. 758-8. Notwithstanding the timing of entry of the fee award, the Special Master included Red Tree's fee award in the amount it should recover from the Sale Transaction because the district court's delay in awarding Red Tree its fees incurred in connection with the enforcement of its Attached Judgment should not preclude Red Tree from recovering those fees here. *See, e.g.*, *Matter of Gober*, 100 F.3d 1195, 1208 (5th Cir. 1996) ("[T]he status of ancillary obligations such as attorney's fees and interest depends on that of the primary debt."); Fed. R. Civ. P. 58(a)(3) (fee awards do not require a "separate document" from a merits judgment).

12.     Additional Judgment Creditor SEI advised the Special Master that it is entitled to recover post-judgment attorneys' fees for its enforcement of its judgment in connection with this Sale Transaction, separate and apart from the stipulated cost and fees award of $1,604,737.62 that was ordered by the district court in the underlying judgment. While the underlying Note Agreement provides for recovery of attorneys' fees for enforcement of the judgment, SEI did not provide the Special Master with a court order establishing a specific calculation and entitlement to those fees. Accordingly, the Special Master did not include SEI's claimed post-judgment attorneys' fees in his determination of SEI's Attached Judgment.

13.     SEI also claimed entitlement to daily compounding of post-judgment interest based on the terms of the underlying Note Agreement. Unlike the federal post-judgment interest statute that expressly provides for annual compounding, *see* 28 U.S.C. § 1961, the Note Agreement does not provide for daily compounding. Accordingly, the Special Master did not provide for daily compounding in calculating SEI's Final Judgment Amount.[4]

---

[4] As explained *supra* (*see* n.3), SEI objects to the exclusion of post-judgment attorneys' fees and daily compounding in its Final Judgment Amount.

14. The Special Master now moves for entry of an order seeking final determination of the Attached Judgments. In support thereof, the Special Master applied the following principles to determine the Final Judgment Amounts.

## ARGUMENT

15. **Entitlement to Post-Judgment Interest.** The Special Master reviewed the underlying judgments for each of the Attached Judgments to determine whether the applicable court awarded post-judgment interest and, if so, the rate at which post-judgment interest would apply.

16. To the extent the underlying judgments were silent on post-judgment interest and did not expressly grant such interest, the Special Master determined that post-judgment interest is awarded as a matter of law and is "automatically added, whether or not the district court orders it." *Nationalist Movement v. City of York*, 340 F. App'x 91, 94 (3d Cir. 2009) (quoting *Dunn v. HOVIC*, 13 F.3d 58, 62 (3d Cir.1993)); *see also Kurschinske v. Meadville Forging Co.*, 2011 WL 165842, at *3 (W.D. Pa. Jan. 19, 2011), *aff'd*, 481 F. App'x 736 (3d Cir. 2012) ("Post-judgment interest is awarded by statute as a matter of law so it is automatically added, 'whether or not the district court orders it.'") (citing *Dunn*, 13 F.3d at 62). Accordingly, the Special Master included post-judgment interest in the Final Judgment Amounts for those Attached Judgments where post-judgment interest was not explicitly granted in the underlying court order.

17. **Post Judgment Interest Rate.** The Special Master applied the post-judgment interest rate set forth in the underlying judgment as awarded by the district court. For those Attached Judgments for which 28 U.S.C. § 1961 applies, the Special Master determined the post-judgment interest rate as directed by statute.

18. Under 28 U.S.C. § 1961, post-judgment interest is "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961; *see also Corso v. Concordia Healthcare USA, Inc.*, 2023 WL 2930255, at *2 (D. Del. Apr. 13, 2023); *W.R. Berkley Corp. v. Dunai*, 2022 WL 17735944, at *1 (D. Del. Dec. 16, 2022). To determine the applicable post-judgment interest rate, the Special Master identified the daily "1-year constant maturity Treasury yield . . . for the calendar week preceding the date of [each] judgment" and calculated the average of those rates. 28 U.S.C. § 1961.

19. **Accrual Period.** The Special Master determined that post-judgment interest accrues from the date each Attached Judgment was entered by the district court through to the date each Attached Judgment is satisfied. *See* 28 U.S.C. § 1961 ("Such interest shall be calculated from the date of the entry of the judgment" until "the date of payment."); *Pedrick v. Roten*, 70 F. Supp. 3d 638, 653 (D. Del. 2014); *Mattern & Assocs., LLC v. Seidel*, 678 F. Supp. 2d 256, 275 (D. Del. 2010). The interest is compounded annually. *See* 28 U.S.C. § 1961. Because the Attached Judgments will be satisfied on or after the closing of a Sale Transaction, the Special Master used February 20, 2024 and December 31, 2024 as illustrative dates to demonstrate the total amount owed for each Attached Judgment.

20. **Total Principal Amount.** The Special Master calculated the post-judgment interest based on the principal judgment and any award of pre-judgment interest. *See Skretvedt v. EI DuPont de Nemours*, 372 F.3d 193, 217 (3d Cir. 2004) ("[P]ostjudgment interest should be calculated based upon the underlying judgment and award of prejudgment interest."); *CIGNEX Datamatics, Inc. v. Lam Research Corp.*, 2021 WL 212692, at *3 (D. Del. Jan. 21, 2021) (same).

7

Since post-judgment interest is included on any awards of costs or fees, including attorneys' fees, arbitral costs, and similar expenses awarded by the court, the Special Master calculated post-judgment interest on awards of costs and fees where applicable. *See Devex Corp. v. Gen. Motors Corp.*, 749 F.2d 1020, 1026 (3d Cir. 1984) (holding that post-judgment interest accrues on costs); *Axiva Health Solutions, Inc. v. Infusion Ctr. of Pa.*, 2022 WL 1028707, at *6 n.8 (E.D. Pa. April 6, 2022) ("Post-judgment interest accrues on costs in addition to attorneys' fees.").

21. The Final Judgment Amounts have been verified and confirmed by Crystallex and each respective Additional Judgment Creditor, notwithstanding SEI's objection.

## **CONCLUSION**

For the reasons articulated above, the Special Master requests that the Court enter an Order setting the final determination of the Attached Judgments, based on the information set forth in Exhibit A.

| | |
|---|---|
| Dated: February 20, 2024<br>REVISED PUBLIC VERSION<br>Dated: May 1, 2024 | Respectfully submitted,<br><br>POTTER ANDERSON & CORROON LLP |
| OF COUNSEL:<br><br>Ray C. Schrock (Admitted *pro hac vice*)<br>Alexander W. Welch (Admitted *pro hac vice*)<br>Luna Barrington (Admitted *pro hac vice*)<br>Chase A. Bentley (Admitted *pro hac vice*)<br>Sarah M. Sternlieb (Admitted *pro hac vice*)<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007<br>Ray.Schrock@weil.com<br>Alexander.Welch@weil.com<br>Luna.Barrington@weil.com<br>Chase.Bentley@weil.com<br>Sarah.Sternlieb@weil.com | */s/ Myron T. Steele*<br>Myron T. Steele (#00002)<br>Matthew F. Davis (#4696)<br>Bindu A. Palapura (#5370)<br>Abraham Schneider (#6696)<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>P.O. Box 951<br>Wilmington, DE 19801<br>Telephone: (302) 984-6000<br>Facsimile: (302) 658-1192<br>msteele@potteranderson.com<br>mdavis@potteranderson.com<br>bpalapura@potteranderson.com<br>aschneider@potteranderson.com<br><br>*Counsel for Special Master Robert B. Pincus* |