IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION,<br><br>                Plaintiff,<br><br>      v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>                Defendant. | Case No. 1:17-mc-00151-LPS |

**CONOCOPHILLIPS' OPPOSITION TO THE VENEZUELA PARTIES' OBJECTION TO THE SPECIAL MASTER'S MODIFICATIONS OF BIDDING PROCEDURES**

Sale Process Parties Phillips Petroleum Company Venezuela Limited, ConocoPhillips Petrozuata B.V., ConocoPhillips Gulf of Paria B.V., and ConocoPhillips Hamaca B.V. (Plaintiffs in Cases No. 19-mc-00342-LPS, No. 22-mc-00264-LPS, and No. 22-mc-00464-LPS) ("ConocoPhillips") respectfully submit this opposition to the *Venezuela Parties' Objection to the Special Master's Modification of Bidding Procedures* [D.I. 1144] (the "Objection").

**BACKGROUND**

The Sale Procedures Order sets out a process through which the shares of PDV Holding, Inc. ("PDVH") will be sold to satisfy judgments against PDVSA (its nominal owner) and the Republic of Venezuela (as PDVSA's alter ego). PDVH's only asset is its 100% ownership interest in CITGO Holding, Inc. ("CITGO Holding").

In 2016, PDVSA completed an exchange offer for holders of certain of its outstanding obligations, purportedly creating the PDVSA 2020 Notes. As part of the exchange offer, the holders of the PDVSA 2020 Notes received a purported pledge of 50.1% PDVH's shares in CITGO Holding. The validity of that pledge and the 2020 Notes themselves have been the subject of

intense controversy and litigation. In late 2019, PDVSA and PDVH brought a proceeding in the Southern District of New York seeking to have the 2020 Notes declared invalid and the pledge declared unenforceable. *See Petroleos de Venezuela S.A.* v. *MUFG Union Bank, N.A.*, 51 F.4th 456, 464 (2d Cir. 2022). Other challenges to the 2016 exchange transaction were commenced and remain pending as well. Although the Southern District of New York ruled that the pledge and the notes were valid, on appeal, the Second Circuit certified to the New York Court of Appeals the question of whether New York law or Venezuelan law governs the validity of the pledge and the notes. *Id.* at 475.

On February 29, 2024, the New York Court of Appeals ruled that Venezuelan law, not New York law, governs the validity of the issuance of the notes. *Petroleos de Venezuela S.A.* v. *MUFG Union Bank, N.A.*, 2024 WL 674251 (N.Y. Feb. 20, 2024). The matter is once again before the Second Circuit, where the parties have submitted supplemental briefs. The 2020 PDVSA Notes are not Attached Judgments and have no rights to the proceeds of the sale, but, if the pledge is ultimately declared valid and not subject to avoidance, it would affect the value of the PDVH shares being sold in this process because 50.1% of PDVH's only asset would be encumbered by an approximately $2 billion liability.

According to the Objection,[1] the Special Master circulated drafts of a letter to be provided to potential bidders in Round 2 of the sales process to CITGO, which the Venezuela Parties represent provided them to the Republic and PDVH. Those draft letters contain language that appears to require bidders to indicate how they intend to address the PDVSA 2020 Notes and

---

[1] ConocoPhillips only learned of the letters from the Objection and does not have independent knowledge of whether the declaration contains the complete set of relevant materials.

whether the bidders would accept a resolution of the 2020 Notes litigation negotiated by the Special Master. No terms of such a resolution are provided.

## ARGUMENT

In their Objection, the Venezuela Parties object to any modification of the bidding procedures as reflected in the draft letters. The Objection is plainly unripe and premature. It appears that the Special Master has not yet settled on what approach he proposes to take regarding the 2020 Notes, as evidenced by the redlined drafts appended to the Objection. In addition, based on representations made to ConocoPhillips by counsel to the Special Master, the draft letters were shared only with CITGO and were not intended to be made available to the other Venezuela Parties, much less to the public by their filing on the docket.

It is no secret that the purpose behind virtually every filing the Venezuela Parties have made is to cause delay, and the Objection is no different. After raising what ConocoPhillips believes are legitimate questions concerning whether there should be a requirement that the 2020 Notes be addressed as part of this process (as to which there might be reasonable answers), the Venezuela Parties make an entirely unreasonable request that the auction be adjourned until the 2020 Notes litigation is complete. That remedy is unwarranted. It would result in a waste of the tremendous effort and expense that have already gone into the sale process, would likely chill the bidding in any future auction, and would be highly detrimental to the interests of the holders of Attached Judgments, who have already waited far too long to be paid.

However, ConocoPhillips does believe that the issue of whether the Special Master can or should impose a condition or propose a settlement that would resolve the PDVSA 2020 Notes litigation in connection with the sale process is a serious one. The Court previously found "credible" the argument made by counsel to Crystallex that "bidders will simply price their view

of the risk associated with currently pending litigation when formulating their bids." July 2023 Order at 10.  Indeed, the Special Master expressed a similar view.  *Id.*

As a Sale Process Party, ConocoPhillips (and Crystallex) should be consulted by the Special Master and his advisors regarding the best approach to take on this issue, including consideration of the feedback from potential bidders and others.  ConocoPhillips respectfully requests that the Objection be taken off the Court's calendar at this time until such consultation occurs and the proposed condition, if any, is finalized and susceptible to judicial review.

## CONCLUSION

The Objection should be denied without prejudice to renewal once the Special Master comes to a determination on the foregoing matters.

Respectfully submitted,

ROSS ARONSTAM & MORITZ LLP

*/s/ Garrett B. Moritz*
Garrett B. Moritz (Bar No. 5646)
Elizabeth M. Taylor (Bar No. 6468)
1313 North Market Street, Suite 1001
Wilmington, Delaware 19801
(302) 576-1600
gmoritz@ramllp.com
etaylor@ramllp.com

*Attorneys for Phillips Petroleum Company Venezuela Limited, ConocoPhillips Petrozuata B.V., ConocoPhillips Gulf of Paria B.V., and ConocoPhillips Hamaca B.V.*

*Of Counsel*:

Michael S. Kim
Marcus J. Green
Josef M. Klazen
Lydia L. Halpern
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
(212) 488-1200
michael.kim@kobrekim.com
marcus.green@kobrekim.com
jef.klazen@kobrekim.com
lydia.halpern@kobrekim.com

Richard G. Mason
Amy R. Wolf
Michael H. Cassel
WACHTELL, LIPTON, ROSEN
 & KATZ
51 West 52nd Street
New York, New York 10019
(212) 403-1000
RGMason@wlrk.com
ARWolf@wlrk.com
MHCassel@wlrk.com

Dated:  May 13, 2024