

Travis S. Hunter
302-651-7564
hunter@rlf.com

May 13, 2024

**VIA ECF**

The Honorable Leonard P. Stark
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

      Re:  *Crystallex International Corporation v. Bolivarian Republic of Venezuela et al.*,
           **C.A. No. 17-mc-151-LPS**

Dear Judge Stark:

Pursuant to this Court's May 9, 2024 Order (D.I. 1146), Crystallex International Corporation respectfully submits this response to the objections of the Venezuela Parties filed on May 8, 2024 (D.I. 1144).

To be clear, Crystallex opposes the Venezuela Parties' proposed modification of the sale schedule. D.I. 1144 at 12. In their latest filing, the Venezuela Parties—yet again—ask this Court to indefinitely delay the sale of the attached shares of PDV Holding based on the Venezuela Parties and their affiliates' ongoing battle with the 2020 bondholders over the enforceability of PDVSA's 2020 bonds and the associated pledge of 50.1% of the equity of CITGO Holding. But there is no need to tie the auction to a resolution of the 2020 bondholders' litigation in New York or await a hypothetical settlement of their controversy. As Crystallex has previously explained, the mere existence of purported liens on assets owned by PDVH does not justify delay. *E.g.*, D.I. 582 at 7. Prospective bidders for the PDVH Shares are sophisticated and well-counseled institutions that can appraise any risk from the pledge of CITGO Holding equity and, if necessary, discount their bids accordingly. Following this course is especially appropriate because the New York litigation is proceeding slowly and will not be resolved any time soon. The purportedly "modest" modification that the Venezuela Parties propose would in reality be an open-ended and lengthy delay that would jeopardize the sale and significantly *increase* uncertainty. That proposal should be rejected.

The Sale Process is intended to satisfy the debts of Crystallex and other Attached Judgment Holders through the sale of the shares of PDVH, *not* by selling the underlying assets PDVH owns. The Sale Process is a forced sale of the attached PDVH Shares only, and must be guided by the Court's "'twin commands' of (i) selling the shares at a public sale to the highest bidder and (ii) meeting the notice requirements." D.I. 234 at 34-35. Additional considerations may be taken into account, but they should not be permitted to derail or further delay the Sale Process that satisfies the requirements this Court made clear more than three years ago.

The Honorable Leonard P. Stark
May 13, 2024
Page 2

The purpose of the Bidding Procedures is to establish the process by which bidders will submit proposals to acquire the shares of PDVH.  *See* D.I. 480-1 at 41.  Venezuela's motion is based on a draft of the Special Master's proposed Round 2 Bid Procedures Letter that the Special Master had shared with PDV Holding and CITGO Holding but not yet with the other Sales Process Parties.[1] That draft includes language suggesting that bidders may assume the pledge of the shares of CITGO Holding will be discharged prior to a final sale of the PDVH Shares.  Bidders, of course, are generally permitted to make numerous assumptions in formulating and presenting a bid, the reasonableness of which will evaluated as part of the process of comparing bids.

Selling corporate shares often involves the transfer of assets subject to lien.  Crystallex understands that the Special Master's proposal will in fact permit each bidder to appraise the risk from the CITGO Holding equity pledge and to bid on the shares on that basis, regardless of whether the pledge has been or will be released before the auction and sale.  The Venezuela Parties are therefore incorrect to claim otherwise.  Some potential buyers may assume that the pledge will be released—which may or may not come to pass before a winning bidder is selected.  If the Special Master believes that receiving additional bids based on the assumption that he will clear the 2020 pledge before closing will enhance the success of the auction, he should be free to accept additional bids on this basis.  Of course, in no event can settlement of the CITGO Holding equity pledge be *required* as part of the bid process.  This is neither a bankruptcy nor a receivership, and this Court cannot simply extinguish the pledge.  If bids assuming the pledge will be released prior to closing are ultimately received, the Special Master, in consultation with the Sale Process Parties (*see* D.I. 480-1 at 57), can then consider the reasonableness of that assumption when selecting the Successful Bidder to be presented to this Court.

Crystallex is prepared to discuss these points in additional depth and address any questions the Court may have at the May 17, 2024 hearing.

Respectfully submitted,

*/s/ Travis S. Hunter*

Travis S. Hunter (#5350)

cc: All counsel of record

---

[1] Crystallex was surprised by the Venezuela Parties filling an objection to a draft document that had not yet been shared with all of the Sales Process Parties.  Nevertheless, Crystallex understands the Special Master is not seeking to add new requirements into the Bidding Procedures.