UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Case No. 1:17-mc-00151-LPS |

# DECLARATION OF SAMUEL HALL

Pursuant to 28 U.S.C. § 1746, I, Samuel Hall, declare as follows:

1. I am over the age of eighteen and have personal knowledge of the facts in this declaration.

2. I am an attorney and am admitted to practice in the District of Columbia. I represent PDV Holding, Inc. ("PDVH") and CITGO Petroleum Corp. ("CITGO") in the above-captioned lawsuit.

3. I also represent Willkie Farr & Gallagher LLP ("Willkie"), as well as PDVH, in the following Freedom of Information Act ("FOIA") lawsuits: *PDV Holding, Inc. v. U.S. Dep't of Treasury et al.*, No. 23-cv-1304 (D.D.C.) ("*PDVH v. Treasury*"); *Willkie Farr & Gallagher LLP v. U.S. Dep't of Justice*, No. 23-cv-1591 (D.D.C.) ("*Willkie v. DOJ*"); *Willkie Farr & Gallagher LLP v. U.S. Dep't of State*, No. 23-cv-1593 (D.D.C.) (collectively, the "FOIA Litigation").

4. As part of the FOIA Litigation, on September 12, 2023, October 20, 2023, October 30, 2023, January 17, 2024, February 16, 2024, March 11, 2024, March 19, 2024, March 25, 2024, and April 3, 2024, I, along with my colleagues at Willkie (collective, "PDVH counsel"), attended relevant meet and confers with counsel for the Department of Justice

1

("DOJ" or the "Department") and the Department of Treasury/Office of Foreign Assets Control ("Treasury" and "OFAC," respectively)—which were both represented first by Assistant U.S. Attorney ("AUSA") Sean Tepe, and later AUSA Joseph Carilli, Jr. My recollection of relevant portions of those meet and confers is included below and supported by contemporaneous notes.

5. On February 1, 2023, PDVH submitted two FOIA requests to the Department of Treasury/OFAC. The narrower of the two requests sought "All documents and communications relating to a meeting between the Office of Foreign Assets Control ('OFAC') and the U.S. District Court for the District of Delaware on January 12, 2023 (the 'Meeting'), including but not limited to any related scheduling materials, presentations, hand-outs, notes, follow-up materials, and/or correspondence." Compl. Ex. 2, *PDVH v. Treasury*, No. 23-cv-1304 (D.D.C. May 8, 2023), ECF No. 1. OFAC agreed to prioritize this narrower request. Joint Status Report, *PDVH v. Treasury*, No. 23-cv-1304 (D.D.C. Aug. 23, 2023), ECF No. 11, ¶ 4.

6. On August 10, 2023, in its first interim response, OFAC stated that it had referred 300 responsive pages to the DOJ (the "300-page consult"). Joint Status Report filed by the DOJ, *PDVH v. Treasury*, No. 23-cv-1304 (D.D.C. Aug. 23, 2023), ECF No. 11, ¶ 5. OFAC subsequently disclosed it had referred several hundred additional pages to the DOJ. A true and correct copy of OFAC's Second Interim Response Letter (Sep. 11, 2023) is attached as Exhibit 1.

7. On September 12, 2023, a meet and confer was held between PDVH counsel and DOJ's counsel AUSA Sean Tepe (who also represented Treasury/OFAC). PDVH counsel stated it was most interested in having the document referrals from OFAC prioritized, as they

were most likely to contain materials and documents related to the January 12, 2023 meeting that was the subject of the narrower of PDVH's FOIA requests to OFAC. Mr. Tepe agreed to reiterate PDVH's request for prioritization to the DOJ.

8. On September 29, 2023, the DOJ "preliminarily processed 320 pages [the "320-page consult"], for which it determined that it must engage in the submitter notice process. The DOJ sent the submitter notice on September 29, 2023, and requested responses to be submitted by October 13, 2023." Joint Status Report filed by the DOJ, *Willkie v. DOJ*, No. 23-cv-1591 (D.D.C. Oct. 2, 2023), ECF No. 14, ¶ 2.

9. On October 20, 2023, a meet and confer was held between PDVH counsel and AUSA Tepe, wherein Mr. Tepe confirmed that all documents originating from the Special Master that were processed by Treasury/OFAC had been referred to the DOJ for production.

10. "On October 25, 2023, the Department provided its second interim response. The Department received a response to the 320-page submitter notice, which the Department is reviewing. The Department preliminary [sic] processed an additional 300 pages, for which it determined that it must engage in the submitted [sic] notice process." Joint Status Report filed by the DOJ, *Willkie v. DOJ*, No. 23-cv-1591 (D.D.C. Nov. 1, 2024), ECF No. 16, ¶ 3.

11. On October 30, 2023, in a meet and confer with the DOJ, AUSA Joseph Carilli, Jr. represented that the Department still had outstanding questions relating to the 320-page consult.

12. "On November 30, 2023, the Department provided its third interim response . . . . However, before release, the Department stated it must further consult with the submitter to ensure the records are not the subject of a court order. The Department anticipates that it will be in a position to respond further by December 29, 2023." Joint Status Report filed

by the DOJ, *Willkie v. DOJ*, No. 23-cv-1591 (D.D.C. Dec. 1, 2023), ECF No. 17, ¶ 5. Also on November 30, 2023, the DOJ agreed that "on February 9, 2024, . . . the Department [of Justice] will complete its release of the 320-page consult." *Id.* ¶ 6(b).

13. "On December 29, 2023, the Department provided its fourth interim response. The Department noted that it is still coordinating with the submitter to ensure certain records contained in the 320-page submitter notice noted in the first interim response are not subject to a court order." Joint Status Report filed by the DOJ, *Willkie v. DOJ*, No. 23-cv-1591 (D.D.C. Jan. 11, 2024), ECF No. 18, ¶ 5.

14. On January 11, 2024, the Department again represented, with respect to the 320-page consult, that "before release, the Department must further consult with the submitter to ensure the records are not the subject of a court order." *Id.* ¶ 4.

15. In a meet and confer on January 17, 2024, AUSA Carilli represented to PDVH that the DOJ was ready to release records, but that DOJ counsel was still seeking clarification from the Special Master, and further explained that counsel for the DOJ had been seeking that clarification from the Special Master since late November 2023.

16. On February 9, 2024, the DOJ failed to meet its production deadline for the 320-page consult. Joint Status Report filed by the DOJ, *Willkie v. DOJ*, No. 23-cv-1591 (D.D.C. Feb. 22, 2024), ECF No. 19, ¶ 5(b)(1).

17. On February 13, 2024, the DOJ explained that it had failed to meet its release deadline on February 9, 2024, in part, because the DOJ required "further clarification from the Special Master." *Id.*

18. In a meet and confer on February 16, 2024, AUSA Carilli stated that the DOJ had been unable to resolve with the Special Master whether documents that had been marked with

certain headers had, in fact, been filed under seal. Mr. Carilli stated that, despite counsel for the DOJ having gone back to the Special Master or his counsel multiple times regarding the markings, counsel for the DOJ required further clarification from the Special Master or his counsel to allow DOJ to produce the documents.

19. Later on February 16, 2024, the DOJ only released 18 pages (17 pages in full and one page in part) of the 320-page consult. Joint Status Report filed by the DOJ, *Willkie v. DOJ*, No. 23-cv-1591 (D.D.C. Feb. 22, 2024), ECF No. 19, ¶ 7. That same day, the DOJ's Fifth Interim Response stated that, with respect to the 320-page consult that was originally subject to a submitter notice response due October 13, 2023, "We are still processing eleven pages from that batch, and we are still engaged in the submitter notice process on the remaining 291 pages to determine whether those pages are subject to a court order." A true and correct copy of the DOJ's Fifth Response Letter (Feb. 16, 2024) is attached here as Exhibit 2.

20. On February 28, 2024, counsel for PDVH filed a Motion to Compel the DOJ to produce the 320-page consult in light of the long-delayed submitter notice process and the DOJ's failure to meet its February 9, 2024 production deadline. Plaintiffs' Motion for a Scheduling Order and an Order Compelling Defendant to Produce FOIA Non-exempt Documents, *Willkie v. DOJ*, No. 23-cv-1591 (D.D.C. Feb. 28, 2024), ECF No. 20 (PDVH's "Motion to Compel").

21. "On March 1, 2024, the Department provided its sixth interim response. The Department released 11 pages in part from the 320-page submitter notice and released 259 pages in part from the 300-page submitter notice, noting 38 pages were duplicates. It further noted that it was still coordinating with the submitter to ensure certain records contained in the 320-

page submitter notice discussed in the first interim response were not subject to a court order and it required additional time to consult on 3 pages contained in the 300-page submitter notice." Joint Status Report filed by the DOJ, *Willkie v. DOJ*, No. 23-cv-1591 (D.D.C. Apr. 8, 2024), ECF No. 27, ¶ 8. Upon receipt of these partial productions from the 320-page and 300-page consults, PDVH counsel identified the dates of the correspondence as originating in 2021, which significantly predated the January 12, 2023 meeting and which suggested that the two tranches of documents may not, in fact, contain a presentation given on January 12, 2023.

22. Given these developments, on March 7, 2024, PDVH offered to withdraw its Motion to Compel if the DOJ would renew its "search for a specific record, namely a PowerPoint presentation from January 12, 2023 [the Presentation], and produce [it] at the earliest opportunity." Joint Status Report filed by the DOJ, *Willkie v. DOJ*, No. 23-cv-1591 (D.D.C. Apr. 8, 2024), ECF No. 27, ¶ 9.

23. On March 11, 2024, a meet and confer was held between PDVH counsel and AUSA Carilli, wherein Mr. Carilli stated that the DOJ had located a PowerPoint presentation dated January 12, 2023. Mr. Carilli explained that the DOJ determined that the Presentation had to go through the submitter notice process, and confirmed that the Presentation was sent to the Special Master the previous week with a deadline for the Special Master to respond no later than March 22, 2024.

24. On March 16, 2024, Mr. Carilli indicated by e-mail that, "As previously discussed, the Department of Justice requested that the Special Master respond to the submitter notice for the January 12, 2023 PowerPoint presentation by March 22, 2024, and to the Department's earlier question about the markings on some of the records on the 320-page batch. Earlier

this week, counsel for the Special Master indicated that they would not be in a position to respond until after March 29, 2024." A true and correct copy of this E-mail from Joseph Carilli, Jr. (March 16, 2024) is attached here as Exhibit 3.

25. On March 19, 2024, a meet and confer was held between PDVH counsel and AUSA Carilli, wherein Mr. Carilli indicated that counsel for the Special Master had replied that the Special Master had a meeting planned for March 29, 2024, one week after the DOJ's submitter notice response deadline, and that, at this meeting, the Special Master would discuss the markings on the 320-page consult, as well as the submitter notice response for the PowerPoint presentation. Mr. Carilli indicated that counsel for the Special Master had decided to "couple" these two distinct issues together. At PDVH counsel's request, Mr. Carilli indicated that the DOJ would request that the Special Master de-couple these issues such that the submitter notice response could be completed before March 29, 2024.

26. On March 20, 2024, counsel for the DOJ requested that the Special Master "de-couple" the two separate submitter notice inquiries and requested that the Special Master respond to the March 8 submitter notice request prior to March 29, 2024. Exhibit C to the Special Master's Opposition to Motion to Disqualify. Counsel for the Special Master declined, stating only: "We plan to discuss all of the requests with Judge Stark in the same meeting." *Id*.

27. On March 21, 2024, AUSA Carilli informed PDVH counsel that "Counsel for the Department of Justice indicated, the Special Master's counsel stated that they would respond 'as soon as possible' after the March 29 meeting." A true and correct copy of this E-mail from Joseph Carilli, Jr. (March 21, 2024) is attached here as Exhibit 4.

28. On March 25, 2024, a meet and confer was held between PDVH counsel and AUSA Carilli, wherein Mr. Carilli confirmed to PDVH counsel that DOJ counsel had expressed to Special Master's counsel the urgency of resolving the PowerPoint submitter notice response, as well as PDVH's request that the two submitter notice responses be de-coupled.

29. On March 26, 2024, counsel for PDVH filed a second Motion to Compel, seeking to compel the DOJ to produce the Presentation, given the prospect of another indefinite submitter notice process. Plaintiffs' Motion to Compel Defendant to Produce FOIA Non-exempt Document, *Willkie v. DOJ*, No. 23-cv-1591 (D.D.C. Mar. 26, 2024), ECF No. 23.

30. On April 1, 2024, counsel for the DOJ sent an e-mail to the Special Master's counsel stating: "I am writing to check the status of the FOIA submitter review. Do you have an estimated reply date to us? Plaintiff in the FOIA case against DOJ filed a motion to compel, so we would like to close our review here at DOJ as soon as we can." Exhibit C to the Special Master's Opposition to Motion to Disqualify. Counsel for the Special Master did not provide an answer, but instead requested to discuss the issue the following day, April 2, 2024. *Id*.

31. On April 3, 2024, a meet and confer was held between PDVH counsel and AUSA Carilli. Mr. Carilli indicated that DOJ counsel had scheduled a follow-up discussion with counsel for the Special Master for that day (April 3) because "questions remained" following the April 2 meeting.

32. "On April 4, 2024, the Department provided its seventh interim response. The Department released 18 pages in full and 1 page in part," which together comprised the Presentation. Joint Status Report filed by the DOJ, *Willkie v. DOJ*, No. 23-cv-1591 (D.D.C. Apr. 8, 2024), ECF No. 27, ¶ 10.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 17, 2024, in Washington, D.C.

*/s/ Samuel Hall*
Samuel Hall
