IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION,<br><br>                    Plaintiff,<br><br>       v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>                    Defendant. | C.A. No. 17-151-LPS |

**CRYSTALLEX INTERNATIONAL CORPORATION'S RESPONSE TO
<u>ADELSO ADRIANZA'S MOTION FOR RECONSIDERATION</u>**

OF COUNSEL:

Robert L. Weigel
Jason W. Myatt
Rahim Moloo
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
(212) 351-4000

Miguel A. Estrada
Lucas C. Townsend
Adam M. Smith
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-8500

Dated:  June 7, 2024

Raymond J. DiCamillo (#3188)
Jeffrey L. Moyer (#3309)
Travis S. Hunter (#5350)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
dicamillo@rlf.com
moyer@rlf.com
hunter@rlf.com

*Attorneys for Plaintiff*

RLF1 31077146v.1

Plaintiff and Judgment Creditor Crystallex International Corporation ("**Crystallex**") submits this opposition to Adelso Adrianza's motion for reconsideration, D.I. 1178 ("**Motion**").

Hoping that third time's a charm, Mr. Adrianza's Motion repeats arguments the Court has already rejected twice. *See* D.I. 426, 1137. But Mr. Adrianza's latest Motion is nothing more than a transparent effort to use motion practice "as a substitute for appeal, which is not allowed." *Virgin Records America, Inc. v. Sparano*, 245 Fed. App'x 200, 201 n.3 (citing *Martinez-McBean v. Gov't of Virgin Islands*, 562 F.2d 908, 911 (3d Cir. 1977) ("[I]t is improper to grant relief under Rule 60(b) if the aggrieved party could have reasonably sought the same relief by means of appeal."); *see also Commonwealth of Pennsylvania v. President United States of America*, 888 F.3d 52, 57 (3d Cir. 2018) ("the denial of a motion to intervene as of right is a final, appealable order"). The Motion should be denied on that basis alone.

Even if the Motion were not an improper substitute for an appeal, Mr. Adrianza raises no new arguments and thus fails to meet the standard to prevail on a motion for reconsideration. A motion for reconsideration is proper only if it demonstrates "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *See Apeldyn Corp. v. Samsung Electronics Co., Ltd.*, 693 F. Supp. 2d 399, 402 (D. Del. 2010) (citing *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). A motion that "simply rehashes materials and theories already briefed, argued, and decided," however, "should be denied." *See Pharmacy Corp. of America/Askari Consolidated Litig.*, 2020 WL 3060366, at *1 (D. Del. June 9, 2020) (quotations omitted). Mr. Adrianza's third Motion does just that. Accordingly, it can—and respectfully should—be quickly denied.

Just as the Court found when it denied Mr. Adrianza's most recent motion to intervene, D.I. 1041, the current Motion "simply repeats the contentions the Court has already rejected," D.I. 1137 at 1.  Mr. Adrianza's Motion does not suggest any material change in facts or circumstances, nor could it.  Among other things, Mr. Adrianza still lacks "a sufficient interest in this litigation" and fails to show that his "interest is not adequately represented by an existing party in the litigation." *Id.*  In his Motion, Mr. Adrianza claims the Court "overlooked controlling precedent in regard to FRCP 24 and shareholder rights." *See* D.I. 1178 at 2 (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972) and *Taylor v. Sturgell*, 553 U.S. 880 (2008)).  But Mr. Adrianza cited both cases in his second motion to intervene.  *See* D.I. 1041 at 6.  Mr. Adrianza has thus already presented his arguments to the Court, which rejected—not "overlooked"—them.  *See, e.g.*, *Donald M. Durkin Contracting, Inc. v. City of Newark*, 2006 WL 2724882, at *3 (D. Del. Sept. 22, 2006) ("Motions for reconsideration should not be used to rehash arguments already briefed.").

Regardless, neither case Mr. Adrianza argues the Court "overlooked" supports his position, and the Court should reject Mr. Adrianza's arguments (again).  *Taylor* is not about intervention and has no application here.  And *Trbovich* states only that the standard is low for movants seeking to demonstrate they are inadequately represented in litigation.  But simply stating that the standard is low for movants seeking to demonstrate they are inadequately represented is not enough to establish inadequate representation.  "The most important factor in determining adequacy of representation is how the interest of the absentee compares with the interest of the present parties."  *See Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 368-69 (3d Cir. 1995) (quoting 7C Wright, Miller & Kane, *Federal Practice & Procedure* § 1909, at 318-19 (1986)).  Whatever quibbles Mr. Adrianza has with Crystallex's management, Crystallex and

Mr. Adrianza's interests in maximizing recovery for Crystallex on its judgment are perfectly aligned, as the Court has found multiple times, and there is no indication the Court based its prior decisions on any incorrect legal standard.  *See* D.I. 1137 at 2 (finding that Mr. Adrianza "has failed once more to show that Crystallex inadequately represents Adrianza's interest in this action, as both are interested in maximizing Crystallex's recovery (and chances of recovering) on its judgment against Venezuela."); D.I. 426 ("Adrianza has not shown that Crystallex does not adequately represent his interests. … Both Crystallex and Adrianza share the goal of 'maximizing Crystallex's recovery' and promoting value for the shareholders, including Adrianza." (quoting D.I. 414 at 10-11) ("Crystallex's dogged pursuit of Venezuela's assets in this case and other actions ... speaks for itself.")).

Repetition cannot disguise the fact that Mr. Adrianza has not shown that he meets *any* of the requirements for intervention.  Mr. Adrianza's grievances largely boil down to baseless disagreements with Crystallex's calculation of interest in accordance with the very judgment this action was brought to enforce and his misplaced allegation that Crystallex has abandoned the possibility of recovering attorneys fees and other costs.  *See* D.I. 1178 at 6.  But the Court already rejected Mr. Adrianza's argument that he has an interest in micromanaging Crystallex's (pioneering and successful) litigation decisions.  D.I. 1137 at 2.  And, again, to the extent Adrianza has any interest in the outcome of this case, it is fully aligned with Crystallex's goal of maximizing value from the sale of the PDVH shares.  *Id*.  *See also* D.I. 426 ("Both Crystallex and Adrianza share the goal of maximizing Crystallex's recovery and promoting value for the shareholders, including Adrianza." (quotations omitted)).

Similarly, Mr. Adrianza gives the Court no reason to depart from its earlier conclusion that the "distribution of Crystallex's assets [is] irrelevant to this proceeding."  D.I. 1137 at 2.  *See also*

D.I. 1073 at 7-9 ("even if [the relief Mr. Adrianza seeks] were theoretically possible, Mr. Adrianza's Motion would still fly in the face of clear law and prior rulings from multiple courts (including this one) that only courts overseeing Crystallex's insolvency have authority over Crystallex's assets."). Indeed, the two new authorities Mr. Adrianza cites[1] are inapposite tax cases regarding the treatment of corporate reorganizations and that were decided long before he filed both previous motions to intervene, and which could not possibly alter the Court's analysis in any event. *See* D.I. 1178 at 5-6 (citing *Gregory v. Helvering*, 293 U.S. 465 (1935) (new corporation created "was nothing more than a contrivance" and "an elaborate and devious form of conveyance masquerading as a corporate reorganization, and nothing else" which, if upheld, would "exalt artifice above reality and deprive" a tax provision "of all serious purpose") and *Summa Holdings, Inc. v. Comm'r of Internal Revenue*, 848 F.3d 779 (6th Cir. 2017) (discussing whether, "[i]f the government can undo transactions that the terms of the [Internal Revenue] Code expressly authorize, it's fair to ask what the point of making these terms accessible to the taxpayer and binding on the tax collector is."). *See also, e.g.*, *ACM Partnership v. C.I.R.*, 157 F.3d 231, 246 (3d Cir. 1998) (referring to *Gregory v. Helvering* as the Supreme Court's "foundational exposition of economic substance principles *under the Internal Revenue Code*" (emphasis added)). Mr. Adrianza's Motion says nothing the Court has not already heard (and rejected) before. The Motion thus fails to come anywhere close to meeting the standard required on a motion for reconsideration and should therefore be denied.

---

[1] Mr. Adrianza cites one other authority apparently for the first time, *Deckert v. Independence Shares Corp.*, 311 U.S. 282 (1940), in a block quote and without comment. As best Crystallex can discern, Mr. Adrianza uses this argument to support his argument for standing and does not assert that this authority supports his argument that the Court should reconsider its decision.

Finally, in addition to the Motion's myriad shortcomings discussed above, nothing about the scope of the bankruptcy court's automatic stay has changed, and Mr. Adrianza Motion does not argue otherwise. *See* D.I. 1178 (failing to even discuss the automatic stay). The authority to allocate Crystallex's assets continues to lie solely with the courts overseeing Crystallex's insolvency. *See* D.I. 426 ("To the extent that Adrianza takes issue with proceedings before the Delaware Bankruptcy Court, those issues are not before this Court.").

## CONCLUSION

For the foregoing reasons, the Court should deny Mr. Adrianza's Motion because he has used the Motion as an improper substitute for an appeal, has demonstrated no changed circumstances that warrant the Court's revisiting its prior decisions, and because, as before, he has improperly filed his Motion in violation of the Delaware Bankruptcy Court's automatic stay, seeking relief this Court cannot properly grant.

| | |
|---|---|
| OF COUNSEL:<br><br>Robert L. Weigel<br>Jason W. Myatt<br>Rahim Moloo<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166<br>(212) 351-4000<br><br>Miguel A. Estrada<br>Lucas C. Townsend<br>Adam M. Smith<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C. 20036<br>(202) 955-8500<br><br>Dated: June 7, 2024 | */s/ Jeffrey L. Moyer*<br>Raymond J. DiCamillo (#3188)<br>Jeffrey L. Moyer (#3309)<br>Travis S. Hunter (#5350)<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br>dicamillo@rlf.com<br>moyer@rlf.com<br>hunter@rlf.com<br><br>*Attorneys for Plaintiff* |