**Exhibit A**

June 24, 2024

The Honorable Katherine Polk Failla
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

*Petróleos de Venezuela, S.A. et al.* v. *MUFG Union Bank, N.A. et al.*, No. 1:19-cv-10023

Dear Judge Failla:

I write to you as General Counsel of Fintech Advisory Inc. Fintech is a significant holder of bonds issued by Petróleos de Venezuela S.A. ("PdVSA") that matured in 2020 (the "Bonds"). We would like to bring two critical issues to the Court's attention.

The first is the potential erosion of value at Petróleos de Venezuela Holdings, Inc. ("PdVH") and its indirect subsidiary CITGO Petroleum (together with its affiliates, "Citgo") – including the value of unsecured claims against PdVH as a result of a potential breach of warranty under the Pledge Agreement – before the claims of all holders of the Bonds for which these assets serve as collateral are finally settled. For now, we are currently confident that U.S. government (OFAC) restrictions prevent any movement of value out of PdVH/Citgo. But we are keenly aware this circumstance will change shortly as a result of the auction process being administered by the Delaware Court, which is moving rapidly toward conclusion. If PdVH/Citgo is sold to a non-sanctioned party, as we expect will be the case, we are concerned that a new owner may gut the value of PdVH and our collateral by siphoning dividends from them or engaging in other tactics to strip value from these assets. This concern has already been highlighted to this Court in a letter sent on behalf of the Trustee and Collateral Agent for the Bonds dated May 21, 2024, and we reiterate their alarm.

We urge the Court to immediately issue a preliminary injunction preventing the destruction of value at PdVH in order to protect the value of the collateral securing the Bonds as

well as the value of any potential claim by holders of the Bonds for breach of warranty under the Pledge Agreement to which PdVH is a party. Delays in the resolution of the matters before this Court have, unfortunately, put bondholders in a precarious position vis-à-vis the resolution of the matters being decided by the Delaware Court. Such a preliminary injunction need not impair the Delaware sale process or harm the new owner in any way, and we implore this Court to consider the interests of all bondholders in the collateral by issuing a preliminary injunction as outlined above.

The second critical issue to which we draw the Court's attention is a potential settlement by a prospective buyer of PdVH/Citgo with the majority of the holders of the Bonds, which may discriminate against the minority of holders of the Bonds. While the Trustee has advocated for the preservation of value at PdVH/Citgo in the aforementioned letter of May 21, 2024, the Trustee did not raise this secondary but also significant issue, which is the potential discrimination against minority holders. While we acknowledge that the majority of holders of the Bonds enjoy certain rights under the Indenture, this does not impede the Court from taking measures to protect the collateral securing the Bonds to the benefit of all holders, and in particular, the minority of holders, which, without the protection of the requested preliminary injunction, face a risk of the loss of the value of their collateral. As the Court is aware, the current market value of PdVH is more than sufficient to cover the claims of all bondholders, including the minority. The Court can assure the protection of value at PdVH by issuing a preliminary injunction that would prevent the removal of value (whether by dividends or otherwise) beyond the threshold for which sufficient reserve would be maintained at PdVH/Citgo to cover any and all potential claims from bondholders, including under the Pledge Agreement. We reiterate that the maintenance of such a reserve would not harm a prospective buyer of PdVH/Citgo or the majority of bondholders, but rather would simply assure the equal treatment of all secured bondholders.

The Court's swift action in issuing a preliminary injunction against any movement of bondholder collateral would provide necessary and long-overdue certainty in a sale process, which will be scrutinized at great length, in the court of public opinion and, perhaps will even find its way back to this very court, if bondholders should conclude that their security interests have been infringed.

Thank you for your attention to these important matters.

Respectfully submitted,

/s/ Mary Connell Lifton

Mary Connell Lifton
General Counsel, Fintech Advisory Inc.