IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

in the case of:

| CRYSTALLEX INTERNATIONAL CORP, Plaintiff, v BOLIVARIAN REPUBLIC OF VENEZUELA, : Defendant. | Case 1:17-CV-00151-LPS |
|---|---|

**Motion for Relief from Judgment under FRCP 60(b) and Request for Sealed Filing of Supplement**

To: The Honorable Judge Leonard P. Stark

From: Ivan Freites and Lead Plaintiff in Case 1:23-CV-00989-JLH

Lead Plaintiff in Case *989 and Ivan Freites respectfully move this Honorable Court for relief from judgment pursuant to Federal Rules of Civil Procedure 60(b)(2) and 60(b)(3) based on newly discovered evidence and fraud, misrepresentation, or misconduct by the opposing parties. This motion is supported by the detailed allegations and evidence outlined in the accompanying Memorandum of Law. Additionally, Lead Plaintiff in Case 1:23-CV-00989-JLH (**Lead Plaintiff in Case *989** from hereon) and Ivan Freites request a 180-day stay of proceedings to allow for thorough investigation and proper adjudication of the newly uncovered evidence and issues. Furthermore, Lead Plaintiff in Case *989 and Ivan Freites emphasize that the outcome of this case will severely impact the possibility for small creditors, protected under both US and Venezuelan law, to obtain relief.

FILED
JUN 28 2024
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**Memorandum of Law in Support of Motion**

**I. Introduction**

Lead Plaintiff in Case *989 and Ivan Freites have uncovered substantial evidence indicating ongoing fraudulent activities and misrepresentations by the Venezuelan authorities, both of The Maduro regime and The Asamblea Nacional 2015 or Guaido government institutions, de facto Procurador Pedrosa, former Procurador Especial Hernández, PDVSA, and CITGO, affecting the integrity of the proceedings and the interests of the creditors. This motion seeks relief from the judgment to ensure justice and the protection of creditors' rights.
The evidence to be presented to the court when so granted is additional and aggravating of the evidence presented by Jorge Alejandro Rodriguez in D.I. 208.

**II. Background**

The actions of the Maduro government in order to benefit Crystallex with a payment agreement ahead of other creditors is questionable, and additionally:

**1. Procurador Especial and Conflicts of Interest**

José Ignacio Hernández, acting as Procurador Especial, failed to disclose his conflicts of interest and misled the Venezuelan National Assembly into decisions favoring Crystallex and other litigants against the Republic of Venezuela as alleged by Crystallex and confirmed by the court.

Lead Plaintiff in Case *989 and Ivan Freites pray the court to consider documents **Document 208: Amicus Curiae Crystallex 1 17-mc-00151-LPS** and **Letter to Judge Stark, October 12, 2023** as fully reproduced.

The role of the Procurador Especial, specifically José Ignacio Hernández, has been under scrutiny due to undisclosed conflicts of interest and misleading the Venezuelan National Assembly into decisions that favored the interests of Crystallex and other litigants against the Republic of Venezuela.

Hernández's roles as an expert witness for firms litigating against Venezuela and as the legal representative of the Venezuelan government present a clear conflict of interest that can not be explained in the light of fairness and justice.

The failure of the Asamblea Nacional and the Interim Government to further investigate the allegations and evidence presented in Congressional hearings; The failure of the CITGO Defendants, the PDVSA Defendants, the representatives of the Bolivarian Republic of Venezuela to further investigate the allegations and evidence presented to the case in this court through the Amici Curiae brief filed by Lead Plaintiff in Case *989, additional to the Congressional hearings held in Venezuela in 2019 and 2024, can not be explained in the light of fairness and justice.

## 2. Misrepresentation and Omission of Material Facts

Hernández did not disclose his prior engagements and conflicts of interest, leading to significant legal missteps, including the improper appointment of board members to PDVSA and its subsidiaries, which were used as alter ego evidence by Crystallex in court. This fact has been accepted and the court has ruled on it.

## 3. PDVSA's Debt and Mismanagement

PDVSA, under the interim government's ad hoc board, acknowledged debts exceeding $20 billion to over twenty thousand small creditors, as confirmed by Horacio Medina.
Most of these small creditors are former workers fired by PDVSA and CITGO and persecuted in violation of their human rights by PDVSA and CITGO, not only in Venezuela but in the United States.
The criminal activities of several of CITGO highest executives needs no further confirmation. Charges on money laundering, bribery, violations of the FCPA and others are known to the court and to the public.
The ad hoc board's mismanagement further exacerbated the financial instability of the state-owned enterprise.

4. Conspiracy to Defraud Creditors

Evidence suggests a conspiracy involving high-ranking officials and external entities to defraud creditors through manipulation of legal processes and strategic misinformation, specifically against the small creditors.

### III. Evidence from 2023 and 2024

1. Letter to Register Claim and Related Issues (October 12, 2023)
   On October 12, 2023, a letter was filed addressing the court's oral order dated August 8, 2023 (D.I. 654), adopting the Special Master's Letter Regarding Attached Judgment Statements (D.I. 652). This letter highlighted key issues, including the undisputed debt of over $10 billion owed by the defendants to workers and union leaders persecuted for political reasons since 2002.
   Plaintiffs sought a prejudgment writ of attachment and a temporary protective order to prevent the disposal of assets, citing the defendants' history of concealment and failure to meet obligations.

### IV. Legal Analysis

1. Federal Rules of Civil Procedure (FRCP) 60(b)
   Relief is warranted under Rule 60(b)(2) for newly discovered evidence and Rule 60(b)(3) for fraud, misrepresentation, or misconduct by an opposing party.

2. Inherent Powers of the Court
   The court's inherent power to prevent fraud and ensure justice supports the need for intervention and relief from judgment.

**Request for Sealed Filing of Supplement**

Plaintiffs further request permission to file a Supplement to the Memorandum of Law under seal, detailing additional actions by the offenders after the filing of the letter on October 12, 2023. This Supplement contains sensitive information that necessitates a sealed condition to protect the integrity of the ongoing investigations and the rights of all parties involved.

**Conclusion**

For the reasons stated above, Plaintiffs respectfully request that this Honorable Court:

1. Grant relief from judgment under FRCP 60(b)(2) and 60(b)(3).
2. Permit the filing of the Supplement to the Memorandum of Law under seal, addressing the actions of the offenders post-October 12, 2023.
3. Grant a 180-day stay of proceedings to allow for a thorough investigation and proper adjudication of the newly uncovered evidence and issues.
4. Recognize the severe impact on small creditors, protected under both US and Venezuelan law, and ensure their ability to obtain relief is not compromised by the fraudulent actions of the defendants

Respectfully submitted,

Mr. Lead Plaintiff in Case *989.

*JA.*

and

*IF.*

Mr. Ivan Freites

Date: June 28, 2024

Certificate of Service

I hereby certify that a copy of the foregoing Motion for Relief from Judgment under FRCP 60(b) and Request for Sealed Filing of Supplement was served on all counsel of record via [method of service].

---

Lead Plaintiff in Case *989

*JR*
and

*JF.*
Ivan Freites