IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Misc. No. 17-151-LPS |
| ) | |
| BOLIVARIAN REPUBLIC OF VENEZUELA, ) | |
| ) | |
| Defendant. ) | |

---

**SPECIAL MASTER'S MOTION REQUESTING**
**ADJOURNMENT OF THE JULY 15, 2024 TENTATIVE SALE HEARING**

Robert B. Pincus, in his capacity as Special Master for the United States District Court for the District of Delaware (the "**Special Master**"), respectfully requests entry of an order adjourning the Sale Hearing[1] tentatively scheduled for July 15, 2024, to provide the Special Master with additional time to finalize the selection of a value-maximizing Successful Bid from the pool of bids received on June 11, 2024.

## BACKGROUND

In support thereof, the Special Master respectfully states as follows:

1. On October 11, 2022, the Court entered the *Sixth Revised Proposed Order (A) Establishing Sale and Bidding Procedures, (B) Approving Special Master's Report and Recommendation Regarding Proposed Sale Procedures Order, (C) Affirming Retention of Evercore as Investment Banker by Special Master and (D) Regarding Related Matters* (the "**Sale**

---

[1] All capitalized terms used but not otherwise defined herein, have the meanings ascribed to such terms in the May 27 Order and the Sixth Revised Proposed Order (A) Establishing Sale and Bidding Procedures, (B) Approving Special Master's Report and Recommendation Regarding Proposed Sale Procedures Order, (C) Affirming Retention of Evercore as Investment Banker by Special Master and (D) Regarding Related Matters [D.I. 481] (the "***Sale Procedures Order***").

**Procedures Order**") [D.I. 481].

2. The Sale Procedures Order provides that "[f]ollowing the Launch Date, a hearing to consider approval of any Sale Transaction resulting from the implementation of the Sale Procedures shall be scheduled for approximately 270 calendar days after the Launch Date and noticed on the docket of the Crystallex Case [], and may be adjourned or rescheduled by the Court upon notice by the Special Master." Sale Procedures Order, ¶ 2.

3. The Court established July 15, 2024 as the tentative date for the Sale Hearing in its *Memorandum Order* dated July 17, 2023. *See* Mem. Order at 11 [D.I. 643].

4. Since the Launch Date, the Special Master has filed status reports on October 23, 2023 [D.I. 771], January 8, 2024 [D.I. 839], and April 16, 2024 [D.I. 1134], notifying parties of important deadlines regarding the Marketing Process, including the tentative Sale Hearing date of July 15, 2024.

5. The deadline for Potential Bidders to submit binding bids for the PDVH Shares occurred on June 11, 2024 (the "**Round 2 Bid Deadline**"). The Special Master received several competitive bids, and it is the Special Master's opinion that multiple bids are actionable. Since the passing of the Round 2 Bid Deadline, the Special Master and his Advisors have been diligently evaluating the bids and conferring with bidders to clarify terms of the bids. The Special Master has also shared the bids with the Sale Process Parties and has spoken initially with them regarding certain terms of the bids.

6. Given the number of bids, as well as the strength of those bids, the Special Master and his Advisors require additional time to review bids, choose a Successful Bid, negotiate definitive documentation with the Successful Bidder, and present the Successful Bid for the Court's consideration with sufficient time for parties-in-interest to comment on to the Special

Master's selection. This process will not be completed in time for a hearing to proceed on the tentative July 15, 2024 Sale Hearing date.

7. Accordingly, to (i) maximize the value of the PDVH Shares and (ii) ensure that all parties-in-interest have sufficient time to consider the Special Master's selection of a Successful Bid, the Special Master respectfully requests that this Court enter an order adjourning the tentative Sale Hearing scheduled for July 15, 2024, to a date on or about September 19, 2024, which is consistent with the proposed timeline and briefing schedule set forth below.

## RELIEF REQUESTED

8. Pursuant to the Sale Procedures Order, the Special Master is authorized to "adjourn[] or reschedule[]…[the Sale Hearing] upon notice." Sale Procedures Order, ¶ 2. After consideration and consultation with his Advisors, as well as notice to and consultation with the Sale Process Parties, the Special Master believes, in his reasonable judgment, that an adjournment of the Sale Hearing is warranted to maximize sale value.

9. This Marketing Process is complex, with myriad issues and considerations that affect the value of the PDVH Shares. Unsurprisingly, the bids received by the Special Master by the Round 2 Bid Deadline are likewise complex and based on each bidder's assumptions regarding many variables related both to CITGO's business and this litigation itself. A careful alignment of these differing assumptions is crucial to ensure a fair and accurate comparison of the bids and the process required to interpret the assumptions and confirm the Special Master's understanding with each of the bidders is time consuming. Beyond a clarification of the bid assumptions, the Special Master must then continue to evaluate the bids, work to improve the bids, negotiate a definitive sale agreement, and prepare his request for the Court's approval.

10. For the avoidance of doubt, the Special Master must also retain flexibility to

consider higher or better bids he may receive after the Round 2 Bid Deadline, in furtherance of effectuating a value-maximizing sale process. Indeed, the Special Master seeks to preserve the possibility to consider and select an unsolicited bid—higher or better than the bids received by the Round 2 Deadline—as a Successful Bid.

## PROPOSED TIMELINE

11. To ensure the Special Master has adequate time to identify the Successful Bid and that all parties-in-interest have sufficient notice and opportunity to comment, the Special Master proposes the following timeline, subject to Court approval. In the event the Special Master believes further adjournment beyond the tentative schedule set forth below, he will promptly notify the Court and parties-in-interest.

| Event | Date |
| --- | --- |
| Notice of Successful Bid | The Special Master hopes to be in a position to execute definitive documentation with the Successful Bidder by the end of July 2024.[2] Notice of the Successful Bidder and a motion seeking approval of the consummation of the Sale Transaction with the Successful Bidder (the "**Sale Motion**") will be submitted by the Special Master as soon as practicable after the execution of the definitive documents. |
| Deadline to Object to the Sale Motion and the Successful Bid | 21 days from filing of the Sale Motion |
| Deadline to Reply to the Sale Motion | 21 days for the Special Master to reply to any objections |
| Tentative Sale Hearing | September 19, 2024 |

12. In light of the foregoing, and to (i) maximize the value of the sale process and (ii) ensure that all parties have sufficient time to consider the bids and respond to the proposed

---

[2] For the avoidance of doubt, the effectiveness of any definitive documentation entered into by and between the Special Master and the Successful Bidder will be subject to approval by the Court.

Successful Bid, the Special Master respectfully requests that this Court enter an order adjourning the Sale Hearing currently scheduled for July 15, 2024, to a date on or about September 19, 2024, which is consistent with the proposed timeline and briefing schedule set forth above. The Special Master conferred with the Sale Process Parties regarding this motion, and the Sale Process Parties do not oppose the relief requested herein.

## CONCLUSION

For the reasons articulated above, the Special Master requests that the Court enter an Order adjourning the Sale Hearing from July 15, 2024 to a date on or about September 19, 2024, which is consistent with the proposed timeline and briefing schedule set forth herein.

|  |  |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP<br><br>*/s/ Myron T. Steele*<br>Myron T. Steele (#00002) |
| Ray C. Schrock, P.C. (Admitted *pro hac vice*)<br>Alexander W. Welch (Admitted *pro hac vice*)<br>Chase A. Bentley (Admitted *pro hac vice*)<br>Luna N. Barrington (Admitted *pro hac vice*)<br>Sarah M. Sternlieb (Admitted *pro hac vice*)<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007<br>Ray.Schrock@weil.com<br>Alexander.Welch@weil.com<br>Chase.Bentley@weil.com<br>Luna.Barrington@weil.com<br>Sarah.Sternlieb@weil.com | Matthew F. Davis (#4696)<br>Bindu A. Palapura (#5370)<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>P.O. Box 951<br>Wilmington, DE 19801<br>Telephone: (302) 984-6000<br>Facsimile: (302) 658-1192<br>msteele@potteranderson.com<br>mdavis@potteranderson.com<br>bpalapura@potteranderson.com<br><br>*Counsel for Special Master Robert B. Pincus* |

Dated:  June 28, 2024
11587121/21202.00001