IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

in the case of:

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP, <br><br> Plaintiff, <br><br> v <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, : <br><br> Defendant. | Case <br><br> 1:17-CV-00151-LPS |

Mr. Ivan Freites

and the Lead Plaintiff in Case 1:23-CV-00989-JLH

The Honorable Leonard P. Stark

United States District Court for the District of Delaware

J. Caleb Boggs Federal Building

844 N King St Unit 18

Wilmington, DE 19801-3570

**Re: Motion for Reconsideration of Oral Order (D.I.1218) Dated July 9th, 2024; Denying the Motion for Relief from Judgment under FRCP 60(b) and Request for Sealed Filing of Supplement**

Honorable Judge Stark,

Come now Mr. Ivan Freites and the Lead Plaintiff in Case 1:23-CV-00989-JLH, respectfully moving this Honorable Court to reconsider its oral order dated 9th of July 2024 denying **Motion for Relief from Judgment under FRCP 60(b) and Request for Sealed Filing of Supplement**, on the grounds that *"as a non-party who has neither appeared nor moved to intervene, Mr. Freites cannot file motions seeking substantive relief in this case."*

The Court's decision was based on a misunderstanding of the legal standard for standing, as outlined below. Additionally, the motion was timely under Rule 60(b) given the ongoing nature of the fraudulent activities.

The denial of this motion jeopardizes the principles of justice and fairness, particularly given the substantial evidence of fraud, misrepresentation, and newly discovered evidence affecting the integrity of the proceedings. Furthermore, the denial of the request for sealed filing endangers the plaintiffs, making public filing impossible due to the grave risk of irreparable harm.
The court's order, which asserts that Mr. Freites lacks standing as a non-party and that his motion is untimely and lacks substantive evidence, misinterprets both the procedural posture and the substantive merits of the motion. Jurisprudence from the Third Circuit supports the reconsideration of this order.

## II. Legal Standard for Relief under FRCP 60(b) and Jurisprudence.

Legal Standard.
FRCP 60(b) provides grounds for relief from a final judgment under specific circumstances, including:
FRCP 60(b)(2): Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b).

FRCP 60(b)(3): Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party.

Jurisprudence.

1. Standing of Non-Parties to Seek Relief:

The court cites Taliaferro v. Darby Tp. Zoning Bd., 458 F.3d 181 (3rd Cir. 2006), to assert that Mr. Freites lacks standing. However, Third Circuit jurisprudence acknowledges that non-parties can have standing if they demonstrate a direct and substantial interest in the outcome. In Taliaferro, the Third Circuit held that to establish standing, a party must show an "injury in fact" that is concrete and particularized. Mr. Freites, as a union leader representing thousands of Venezuelan creditors, including those persecuted by the Venezuelan government, has articulated specific injuries related to the fraudulent actions affecting the creditors' ability to obtain relief. His substantial interest in ensuring a fair adjudication process provides sufficient grounds for standing.

Moreover, the Third Circuit has recognized the standing of non-parties in certain circumstances, such as when they are directly affected by the judgment. See In re Fine Paper Antitrust Litigation, 695 F.2d 494, 500 (3d Cir. 1982), where non-parties with a significant interest in the litigation were allowed to intervene. Mr. Freites' interest is both direct and significant, warranting reconsideration of his ability to seek relief.

2. Timeliness of the Motion under Rule 60(b):

The court's assertion that the motion is untimely, referencing Dukes v. Wood, 2023 WL 5928490 (3d Cir. Sept. 12, 2023), overlooks the provision in Rule 60(b)(3) regarding fraud. Rule 60(b) motions based on fraud, misrepresentation, or misconduct by an opposing party can be filed beyond one year if they are made within a reasonable time. The ongoing and concealed nature of the fraudulent actions by Venezuelan authorities, as detailed by Mr. Freites, justifies the timing of the motion.

In Dukes, the Third Circuit emphasized the importance of timely filings but also acknowledged exceptions where ongoing concealment of fraud exists. This aligns with the principle that courts must ensure justice, especially when fraud impacts the integrity of the judicial process.

3. New Evidence and Substantive Claims:

The court's dismissal of Mr. Freites' claims as "conclusory statements" fails to consider the detailed evidence of conflicts of interest and fraudulent behavior presented. Mr. Freites has uncovered substantial new evidence, including the involvement of José Ignacio Hernández and other officials in manipulating the legal process to benefit certain creditors over others. The Third Circuit has held that newly discovered evidence warranting relief must be credible and have the potential to change the outcome of the case. See United States v. McDonald, 919 F.3d 957, 962 (3d Cir. 2019).

Mr. Freites' evidence includes documented instances of fraud and misrepresentation, which were not available at the time of the original judgment. These new facts are material and directly impact the fairness of the proceedings,

necessitating relief under Rule 60(b)(2) and (3).

## III. Grounds for Opposition

### 1. Newly Discovered Evidence (FRCP 60(b)(2)):

The motion asks to present substantial new evidence indicating ongoing fraudulent activities and misrepresentations by Venezuelan authorities, including both the Maduro regime and Guaidó government institutions. This evidence, which was unavailable at the time of the original judgment, is critical to achieving a just outcome.

Not only was some of this evidence unavailable but additional to it, a large number of fraudulent actions have been taken by the Defendants, including the head of the Junta Administradora ad hoc de PDVSA against creditors.

### 2. Fraud, Misrepresentation, and Misconduct (FRCP 60(b)(3)):

The evidence uncovered demonstrates a pattern of fraudulent behavior and misrepresentation by key figures, including more recently Horacio Medina and José Ignacio Hernández, whose conflicts of interest were not disclosed as brought to the attention of the court and then parties in the case(year 2020), leading to decisions favoring certain litigants over others.

Significant evidence suggests a conspiracy involving high-ranking officials to defraud creditors through manipulation of legal processes and strategic misinformation, specifically targeting small creditors. Such is the evidence to be filed as sealed when so granted by the court upon reconsideration.

### 3. Compromise of Process Due to Denial of Sealed Filing:

The request for sealed filing was based on credible threats to plaintiffs' safety, which were documented and presented to the Court. The denial of the request for sealed filing makes public filing impossible due to the grave danger of irreparable harm to the plaintiffs.

Confidential information critical to the case, if disclosed, could severely compromise the integrity of the judicial process and endanger the plaintiffs. The decision to deny sealed filing fails to protect sensitive information that must remain confidential to ensure the safety and fairness of the proceedings.

### 4. Failure to Act on Evidence of Fraudulent Behavior:

Despite the substantial evidence of fraudulent behavior presented to the court in D.I. 208 by Jorge Alejandro Rodriguez, neither the court has acted *sua sponte* nor have the parties signaled this fraudulent behavior. This lack of action further highlights the need for the court to revisit the judgment and consider the newly discovered evidence and allegations of fraud.

## IV. Specific Arguments against the Denial

### 1. Risk of Irreparable Harm:

Plaintiffs face irreparable harm if the judgment is not revisited and the evidence is not allowed to be presented under seal. The threats to their safety and the potential financial loss from fraudulent activities necessitate immediate judicial intervention to prevent irreparable harm.

### 2. Evidence from 2023 and 2024:

The evidence from Congressional hearings and additional filings post-October 2023 highlights undisputed debts and the necessity for protective orders to prevent

asset disposal by defendants.

The court must consider this evidence to prevent injustice and ensure that the rights of all creditors, particularly small creditors, are protected.

### 3. Inherent Powers of the Court:

The court has inherent powers to prevent fraud and ensure justice. Denying the motion disregards these principles and allows fraudulent actions by the defendants to go unchecked.

### 4. Breach of Confidentiality Obligations:

The Venezuela Parties and other stakeholders have breached their confidentiality obligations by publicly disclosing sensitive documents. This breach undermines the integrity of the process and further justifies the need for sealed filings to protect the interests of all parties involved.

The allegation of such breach is not simply the opinion of the undersigned but has been strongly argued by Special Master Robert Pincus.

Special Master Pincus highlighted breaches of confidentiality obligations by CITGO and PDVH, which had a significant negative impact on the integrity of the judicial process (Case 1:17-mc-00151-LPS Document 1155) . In the current case, CITGO's actions similarly undermine the fairness of the proceedings. The unauthorized disclosure of confidential information by CITGO constitutes a serious breach that warrants the denial of their motion. The integrity of the judicial process must be preserved by ensuring all parties adhere to their confidentiality obligations.

> *"Not only is the Venezuela Parties' Objection procedurally improper, by failing to file the bid letter*

> *under seal, the Venezuela Parties have disclosed a confidential Marketing Process document and violated their confidentiality obligations under the Sales Procedures Order."*
> (Case 1:17-mc-00151-LPS Document 1155).

> *"CITGO and PDVH expressly breached their confidentiality obligations by filing a draft of the Confidential Bid Letter publicly on the docket, unsealed and unredacted."*
> (Case 1:17-mc-00151-LPS Document 1155)

Maintaining confidentiality is crucial to protecting the integrity of the judicial process. Special Master Pincus emphasized the negative implications of breaching confidentiality on the judicial process *(Case 1:17-mc-00151-LPS Document 1155)*. In our case, it is vital to uphold the confidentiality of sensitive information to ensure the safety and privacy of all parties involved. The breach of these obligations by CITGO undermines trust in the judicial system and necessitates the denial of their motion.

> - *"Abiding by confidentiality obligations is critical to the complex and delicate process the Special Master is tasked with designing and implementing."*
> (Case 1:17-mc-00151-LPS Document 1155).

> - *"The confidentiality obligations are also critical to the fundamental respect and decency the numerous entities*

> *involved in the Marketing Process owe to each other and to the Court."*
> *(Case 1:17-mc-00151-LPS Document 1155).*

Deliberated bad faith in leakage and disclosure of confidential information by CITGO:

A critical aspect undermining the integrity of the legal process is the repeated breaches of confidentiality obligations by CITGO and PDVH. Pincus emphasized,

> *"Parties with an interest in the Marketing Process, including CITGO and PDVH, are beholden to numerous confidentiality obligations... CITGO and PDVH expressly breached their confidentiality obligations by filing a draft of the Confidential Bid Letter publicly on the docket, unsealed and unredacted"*

CITGO's actions demonstrate a clear pattern of bad faith and disregard for judicial orders. Pincus noted, "It is hard to accept that these actions were honest mistakes made in good faith. In addition to being a sophisticated party that should be well-aware of its confidentiality obligations, CITGO was reminded of these exact obligations just weeks ago: Following numerous leaks about the Marketing Process from an involved party, on April 25, 2024, the Special Master sent CITGO Counsel an explicit reminder of its confidentiality obligations, and the consequences of violating them" (Pincus, p. 9).

Despite this reminder, CITGO continued to breach confidentiality obligations, indicating a deliberate and egregious effort to undermine the judicial process. The Special Master further emphasized, "the egregious conduct by the Venezuela

Parties in their steadfast attempts to delay and deter the Marketing Process provide the Special Master considerable basis" for imposing sanctions (Pincus, p. 9). This continuous lack of respect for court orders and procedural integrity by CITGO underscores the necessity of imposing immediate and appropriate sanctions to restore compliance and uphold the integrity of the judicial process.

The leakage of sensitive information from CITGO is particularly egregious, compromising not only the integrity of the current proceedings but also affecting related cases.

This breach has had significant repercussions, allowing opposing parties to manipulate the process unfairly and jeopardize the legitimate interests of Venezuela and its legitimate creditors, specially the smallest creditors such as workers and all those in the condition of Plaintiffs.

The improper disclosure of confidential documents has led to strategic misinformation and further legal complications, highlighting a grave fault that necessitates immediate and stringent judicial intervention.

Not only have CITGO and its associates leaked confidential information but have engaged in a defamatory, fraudulent and therefore criminal pattern of conduct that requires severe sanctions.

It is not the Plaintiffs in this case who consider the CITGO pattern of conduct as unacceptable but also the Special Master Pincus, who suggested the possibility of sanctions due to the egregious conduct of the Venezuela Parties in their attempts to delay the process *(Case 1:17-mc-00151-LPS Document 1155)*. Similarly to the case of Special Master Pincus, but of far more damaging consequences as it has exposed the life of several persons to irreparable damage, CITGO's conduct in this

case, including breaches of confidentiality and attempts to unduly delay the proceedings, warrants consideration of sanctions. The court should consider imposing sanctions to deter such conduct and uphold the integrity of the judicial process.

> *"Like all judicial officers, the Special Master does not take his authority to impose sanctions lightly. However, the egregious conduct by the Venezuela Parties in their steadfast attempts to delay and deter the Marketing Process provide the Special Master considerable basis to do so."*
> *(Case 1:17-mc-00151-LPS Document 1155).*

## 5. The Impact of PDVSA and CITGO's Misconduct on Creditor Value, denial of fair process for small creditors and Venezuelan Interests:

The wrongdoings of CITGO, including their breaches of confidentiality obligations, have significantly undermined the value obtainable by creditors and damaged Venezuela.

Special Master Pincus asserted that confidentiality obligations are essential to maintaining fundamental respect and decency among the entities involved in the Marketing Process and to maximizing the value obtained from it. He noted, "If potential bidders feel that their information or other confidential information associated with the Marketing Process may be compromised, they will be less likely to submit a bid, diminishing competition."

## V. Conclusion

For the reasons stated above, the denial of the Motion for Relief from Judgment under FRCP 60(b) and the request for sealed filing of the supplement should be reconsidered. The newly discovered evidence and the fraudulent actions by the defendants warrant relief from the judgment to ensure justice and protect the plaintiffs' rights.

The court's denial of Ivan Freites' motion on the grounds of lack of standing, untimeliness, and lack of substantive evidence misinterprets the applicable jurisprudence and the factual basis of the motion.

The Third Circuit's precedents support reconsideration of the order to ensure justice and fairness. Mr. Freites' substantial interest, timely filing in light of concealed fraud, and the presentation of new, material evidence warrant relief from the judgment.

Moreover, the denial of sealed filing endangers the plaintiffs and compromises the judicial process, making public filing impossible due to the grave danger of irreparable harm. Additionally, the court's failure to act on the substantial evidence of fraud presented in D.I. 208 necessitates a thorough review and reconsideration of the judgment.

Respectfully submitted,

| Mr. Ivan Freites | Lead Plaintiff in Case 1:23-CV-00989-JLH |

cc: All Counsel of Record through Clerk of the Court Electronic Filing.



CRYSTALLEX INTERNATIONAL CORP,
Plaintiff,
v
BOLIVARIAN REPUBLIC of VENEZUELA,
Defendant.

Case
1:17-CV-00151-LPS

Reconsideration to D.I.1214