UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BOLIVARIAN REPUBLIC OF VENEZUELA, ) <br> ) <br> Defendant. ) <br> ) | Case No. 1:17-mc-00151-LPS |

## PDVH AND CITGO'S RESPONSE TO *PRO SE* PLAINTIFF IVAN FREITES' MOTION FOR RECONSIDERATION

PDV Holding, Inc. ("PDVH") and CITGO Petroleum Corporation ("CITGO") respectfully submit this response to *pro se* plaintiff Ivan Freites' July 10, 2024 motion (D.I. 1219) seeking reconsideration of the Court's denial (D.I. 1218) of his "Motion for Relief from Judgment and Request for Sealed Filing of Supplement" (D.I. 1200).

CITGO and PDVH categorically deny any involvement in any purported conspiracy or other misconduct alleged by Freites in his filings. Freites has not presented—and cannot present—any credible evidence (newly discovered or otherwise) to the contrary.

As further context for the Court, Freites has filed a case in this District against PDVSA, PDVH, CITGO Holding, and CITGO (Case No. 1:23-cv-00989-JLH (D. Del.)) purportedly seeking to represent a class of former employees of PDVSA. That case is effectively stayed pending effective service of the complaint on PDVSA and resolution of any sovereign immunity defenses PDVSA may raise. 23-cv-00989 D.I. 53. Any relief or judgment that Freites (and the other alleged individual creditors of PDVSA he purports to represent) may eventually obtain will take place in that action.

Freites and the putative class do not hold a judgment against PDVSA; do not hold an attachment against the shares of PDVH; do not hold a prejudgment attachment that Freites

requested last year (D.I. 786); and were they to obtain a judgment between now and the conclusion of the sale process, it would be well past the Court's deadline to join the sale process. D.I. 902 at 4 (setting deadline for inclusion in sale process as filing a writ of attachment "meaningfully in advance" of January 12, 2024). The Court should summarily deny the pending motion for reconsideration.[1]

| | |
|---|---|
| OF COUNSEL: | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| Nathan P. Eimer<br>Lisa S. Meyer<br>Daniel D. Birk<br>Gregory M. Schweizer<br>EIMER STAHL LLP<br>224 South Michigan Avenue<br>Suite 1100<br>Chicago, IL 60604<br>(312) 660-7600<br>NEimer@eimerstahl.com<br>LMeyer@eimerstahl.com<br>DBirk@eimerstahl.com<br>GSchweizer@eimerstahl.com | /s/ Alexandra M. Cumings<br>Kenneth J. Nachbar (#2067)<br>Susan W. Waesco (#4476)<br>Alexandra M. Cumings (#6146)<br>1201 North Market Street<br>Wilmington, DE 19801<br>(302) 658-9200<br>KNachbar@morrisnichols.com<br>SWaesco@morrisnichols.com<br>ACumings@morrisnichols.com<br><br>*Attorneys for PDV Holding, Inc., and CITGO Petroleum Corporation* |
| OF COUNSEL:<br>Michael J. Gottlieb<br>Samuel G. Hall<br>WILLKIE FARR & GALLAGHER LLP<br>1875 K Street NW<br>Washington, DC 20006<br>mgottlieb@willkie.com shall@willkie.com | |

July 15, 2024

---

[1] To the extent Freites' motion for reconsideration renews his original request to file materials under seal (D.I. 1200), he has not met the requirements for receiving permission to do so. He has not, for example, "delineat[ed] the injury to be prevented" with specificity. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) ("Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient" to justify sealing.).