IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. No. 17-151-LPS |

**MEMORANDUM ORDER**

**WHEREAS**, on March 12, 2024, non-party Adelso Adrianza ("Adrianza") filed a motion seeking 1) an order allowing Adrianza to intervene in the current action, 2) an order assigning Crystallex's property rights to its estate and Crystallex shareholders as residual owners, and alternatively, 3) an order granting a stay pending an appeal of the Court's denial of the relief requested (D.I. 1041);

**WHEREAS**, on April 25, 2024, after the motion was fully briefed (*see* D.I. 1073, 1103), the Court issued a Memorandum Order ("April 25 Memorandum Order") denying Adrianza's motion on the grounds that Adrianza had not 1) identified any change in circumstance that warranted revisiting the Court's earlier decision denying his prior motion to intervene filed in 2021 (*see* D.I. 426), 2) shown he had sufficient interest in the proceedings as required by Federal Rule of Civil Procedure 24(a), 3) shown he was inadequately represented by Crystallex, nor 4) demonstrated any basis for the Court to grant the alternative relief that he sought (D.I. 1137);

**WHEREAS**, on May 24, 2024, Adrianza filed a motion (D.I. 1178) for leave to file *instanter* a motion for reconsideration of the Court's April 25 Memorandum Order;

**WHEREAS**, on June 6, 2024, Crystallex filed a response to Adrianza's latest motion

1

(D.I. 1188);

**WHEREAS,** on June 17, 2024, Adrianza filed a reply (D.I. 1190);

**WHEREAS,** the Court has reviewed the materials filed in connection with Adrianza's pending motion (D.I. 1178, 1188, 1190);

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Adrianza's motion for leave to file a motion for reconsideration (D.I. 1178) is **DENIED.**

1. A motion for reconsideration (or reargument) is governed by Local Rule 7.1.5. *See, e.g., Helios Software, LLC v. Awareness Techs., Inc.*, 2014 WL 906346 (D. Del. Mar. 5, 2014). Such a motion "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Parkell v. Frederick*, 2019 WL 1435884, at *1 (D. Del. Mar. 31, 2019) (internal quotation marks omitted). Reconsideration may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Wood v. Galef-Surdo*, 2015 WL 479205, at *1 (D. Del. Jan. 26, 2015) (internal quotation marks omitted). While the decision on a motion for reconsideration is within the discretion of the Court, such motions "should only be granted sparingly and should not be used to rehash arguments already briefed or to allow a never-ending polemic between the litigants and the Court." *Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999) (internal quotation marks omitted).

2. As he has previously, Adrianza argues that Crystallex "does not adequately represent the interests of the shareholders." (D.I. 1178 at 3; *see also id.* at 6-9) He has raised this argument – and the Court has rejected it – multiple times. (*See* D.I. 426; D.I. 1041 at 6) As

the Court has held, "[b]oth Crystallex and Adrianza share the goal of maximizing Crystallex's recovery and promoting value for the shareholders, including Adrianza." (D.I. 426) The Court has also previously considered, and rejected, Adrianza's related contention (D.I. 1178 at 4-5, 9-10) that rulings of the Delaware Bankruptcy Court somehow give him standing to intervene. (D.I. 426 ( "To the extent that Adrianza takes issue with proceedings before the Delaware Bankruptcy Court, those issues are not before this Court."); *see also* D.I. 1188 at 5)

3. Adrianza argues that the Court's recent adoption of the final determination of judgment amounts constitutes a change in the circumstances warranting reconsideration of his contentions. (D.I. 1178 at 3) But the Court's determination had nothing to do with, and has no impact on, Adrianza's articulated reasons for intervention; nor does it in any way show he has sufficient interest in this action (or that, if he did, it is inadequately represented by Crystallex).

4. Finally, the Court will not grant a stay pending appeal as Adrianza has not made the necessary "strong showing of . . . likelihood of success" of any appeal, nor has he demonstrated that he "will suffer irreparable harm" in the absence of a stay. *In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir.2015).

August 29, 2024
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT COURT