IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., ) ) Plaintiff, ) ) v. ) ) BOLIVARIAN REPUBLIC OF VENEZUELA, ) ) Defendant. ) | Misc. No. 17-151-LPS |

---

**SPECIAL MASTER'S REPLY IN SUPPORT OF HIS MOTION TO EXPEDITE BRIEFING AND CONSIDERATION OF THE SPECIAL MASTER'S MOTION TO ENJOIN THE ALTER EGO CLAIMANTS FROM ENFORCING CLAIMS AGAINST THE REPUBLIC OR PDVSA BY RECOVERING FROM PDVH OR ITS SUBSIDIARIES IN OTHER FORUMS**

Robert B. Pincus, in his capacity as special master (the "Special Master") in the above-captioned case, respectfully submits this reply (the "Reply") in further support of his Motion to Expedite Briefing and Consideration of the Special Master's Motion to Enjoin the Alter Ego Claimants from Enforcing Claims Against the Republic or PDVSA by Collecting from PDVH or Its Subsidiaries in Other Forums (the "Motion to Expedite") (D.I. 1251).[1]

## I. Expedited Briefing Is Necessary

In the Motion to Expedite, the Special Master requested a briefing schedule in which the Alter Ego Claimants would file their answering brief to the Motion on September 16, 2024 (7 days after the opening brief) and the Special Master's reply would be due on September 20, 2024 (4 days after the answering brief). *See* D.I. 1251 at 2. The Special Master explained that this

---

[1] Capitalized terms used but not described herein shall have the meaning ascribed to them in the Special Master's Motion to Enjoin the Alter Ego Claimants from Enforcing Claims Against the Republic or PDVSA by Collecting from PDVH or Its Subsidiaries in Other Forums (the "Motion") (D.I. 1248).

expedited consideration is necessary because as negotiations with bidders have neared completion—and with the upcoming deadline for filing the Notice of Final Recommendation—the threat that the Alter Ego Claimants may be able to collect from PDVH or its subsidiaries in the Alter Ego Actions is impeding the Special Master's ability to fulfill this Court's mandate of securing a value-maximizing sale of the PDVH Shares. *Id.* at 1-2; *see also, e.g.*, Motion at 12-15.

After appearing and failing to raise their alter ego claims before this Court, and then waiting until the culmination of the sale process to file their alter ego lawsuits elsewhere, the Alter Ego Claimants now seek to delay resolution of the Motion by seeking additional time for briefing. Specifically, they request that briefing by any of the Sale Process Parties is to be filed by September 16, 2024 (7 days after the opening brief), the Alter Ego Claimants' answering brief is to be filed by September 26, 2024 (17 days after the opening brief), and the Special Master's reply would be due by September 30, 2024 (4 days after the answering brief). *See* D.I. 1254 ("Opp.") at 1-2. Thus, rather than offering a compromise position, the Alter Ego Claimants seek more time to answer the opening brief than is even permitted by the Local Rules.

The Alter Ego Claimants offer no good reason to postpone the resolution of this critical and urgent issue. Much of the Opposition focuses on the merits of the Motion and not on the issue of expedition—except insofar as it illustrates the Alter Ego Claimants' familiarity with the issues presented in the Motion and their preparedness to respond to them expeditiously. *See* Opp. at 3, 9-10.

*First*, the reason for the timing of the Special Master's filing of the Motion is for urgency, not delay. The Alter Ego Claimants contend that "any purported urgency is of [the Special Master's] own making," because "[t]he Special Master conceded that he has been on notice of the G&A Action and the Girard Street Action since June 2024." Opp. at 8. But the Special Master

2

did not file the Motion seeking injunctive relief until such relief became necessary to avoid irreparable harm to the sale process. While the Special Master and his advisors have been aware of the Alter Ego Actions since their filing, it is only as the sale process has neared its conclusion that the Alter Ego Actions have become an impediment to that process, as bidders have increasingly expressed significant concerns about the risks that the Alter Ego Claimants present to the assets they are seeking to purchase. *See* Mot. to Expedite at 1. To address and (hopefully) allay these concerns, the Special Master filed the Motion when it became evident that the Alter Ego Actions had become a gating issue that was impeding the Special Master's ability to move forward in the sale process, negotiate with bidders, close a sale transaction, and complete a value-maximizing sale of the PDVH Shares. *See id.* at 1-2. Unlike the cases the Alter Ego Claimants cite, where a movant's delay in seeking relief from an existing harm was cited to deny expedition, *see* Opp. at 9, here the Special Master acted with urgency to seek relief when the need for it arose. A delay in resolving this issue could only harm the sale process and the Special Master's ability to achieve a value-maximizing sale of the PDVH Shares.

*Second*, the Special Master's schedule will not deprive the Alter Ego Claimants (or any other party) of any fundamental right to be heard. Although it is more truncated than the Court's default briefing schedule, the seven-day response deadline the Special Master proposes is consistent with deadlines often set by this Court. *See* D.I. 307 (ordering submission of letter briefs within four days); D.I. 741 (ordering opposition to a motion to be filed within five days and a reply within two days of the opposition); D.I. 930 (granting expedited briefing on the Special Master's Motion Requesting Amendment of Certain Priority Arrangement Procedures). The Alter Ego Claimants fail to cite even a single case for their argument that the proposed expedited briefing here would violate due process. Opp. at 9. It would not. *See A.L.K. Corp. v. Columbia Pictures*

*Indust., Inc.*, 440 F.2d 761, 763 (3d Cir. 1971) (in evaluating a request for an injunction, "a district court must have considerable discretion because of the infinite variety of situations which may confront it."). And, as the Alter Ego Claimants note, counsel for the Special Master met and conferred with them to advise of its intention to file the Motion last Friday, giving them a few extra days head-start to prepare to respond to the Motion. *See* Motion at 9-10.

Moreover, the Special Master does not oppose giving the Alter Ego Claimants a few more days, beyond what the Special Master has proposed, to respond to the Motion if they truly need additional time. In fact, after the Alter Ego Claimants proposed their alternative briefing schedule during the meet and confer, the Special Master responded by offering to withdraw this Motion to Expedite to accommodate their alleged need for more time—and revert to the default briefing schedule under the Local Rules, whereby their opposition would be due on Monday, September 23—if the Alter Ego Claimants would agree to forgo discovery, which the Alter Ego Claimants had initially sought three weeks to complete, and not use the withdrawal to argue that the Special Master did not move diligently to resolve these issues. The Alter Ego Claimants did not accept this proposal and instead filed their Opposition.

In arguing for an extended schedule, the Alter Ego Claimants also mischaracterize the relief the Motion seeks. The Alter Ego Claimants claim that the Special Master seeks to enjoin the Alter Ego Actions in their entirety and to enjoin any other creditor who might bring a similar suit in the future. *See* Opp. at 9-10. Not so. The Special Master seeks only to enjoin *these* claimants and only to the extent that *the specific relief they seek—i.e.*, to enforce judgments against PDVSA or the Republic by recovering from PDVH, its subsidiaries, or their assets—is irreconcilable with this Court's sale process. *See* Motion at 20. To the extent the Alter Ego Actions may be pursued without causing such conflict, they may proceed; to the extent the Alter Ego Actions conflict with

4

this Court's sale process, they should be enjoined. Neither the proposed expedited briefing schedule nor the Motion itself pose any risk to the rights of creditors from pursuing a recovery against assets of the PDVSA and the Republic, other than from the assets already within the jurisdiction of this Court. *See id.* at 4.

Indeed, the Motion seeks only to prevent the Alter Ego Claimants from seeking relief that they could have sought—but chose not to seek—from this Court earlier in this sale process. Simply put, the Alter Ego Claimants, who all appeared in this Court, are seeking priority over other creditors in recovering from PDVH and its subsidiaries on account of their claims against PDVSA or the Republic—exactly the relief this Court refused to provide them. *See id.* at 13. The Alter Ego Claimants cannot be prejudiced by expedition when it is a consequence of their own decision not to raise these issues in front of this Court in the first instance,[2] and instead to bypass this Court's process in the hopes of a better result in another forum just as this Court's sale process is reaching a pivotal milestone in the selection of a winning bidder.

The process of marketing the PDVH Shares is in its final stages, and the Special Master and his advisors are diligently working toward negotiating a Sale Purchase Agreement and Proposed Sale Order. But, the Alter Ego Actions have created uncertainty among bidders that creditors will later lay claim to the assets underlying the PDVH Shares. *See id.* at 2. This doubt and uncertainty has impeded the Special Master's ability to continue negotiating with bidders and move toward completing the Sale Transaction, as bidders are reluctant to move forward in light of the risk that the assets they seek to purchase could be encumbered by the Alter Ego Claimants' claims. *See id.* at 6. In order to fulfill his mandate to secure a value-maximizing sale, the Special

---

[2] Gramercy, for its part, *did* object to this Court's priority scheme, but chose not to raise its alter ego claim. *See* D.I. 893. That objection was denied by the Court. *See* D.I. 963.

5

Master thus seeks to resolve the issue of the Alter Ego Actions as expeditiously as possible and the Alter Ego Claimants offer no good reason for delay. *See* Mot. to Expedite at 1-2.

## II. The Court Should Not Disclose The Contents Of The *Ex Parte* Meeting With the Special Master

The Alter Ego Claimants also ask the Court, in a single paragraph, to unseal and disclose the transcript of the *ex parte* meeting between the Court and the Special Master in which the Special Master informed the Court of his intent to file the Motion. *See* Opp. at 10-11. As a threshold matter, the Alter Ego Claimants' new request for relief—presented as an argument in its brief in opposition to the Special Master's Motion to Expedite—fails to satisfy any of this Court's procedural requirements for ordinary motion practice. *See* D. Del. LR 7.1.2. It can be rejected on that ground alone.

Moreover, the Alter Ego Claimants provide no legal basis for the unsealing of the transcript of an *ex parte* meeting between the Court and the Court-appointed Special Master.[3] Instead, they merely assert that they have been told about the *ex parte* conference and request that the Court unseal the transcript, claiming that they could not respond to the Motion without knowledge of what was specifically said at the *ex parte* conference. There are no "silent facts," Opp. at 11, to which the Alter Ego Claimants need to respond. All of the facts and legal arguments concerning the Motion are contained within the Motion and the corresponding Declaration of Raymond B. Strong, III. The Alter Ego Claimants' improperly presented and unsupported request should be denied.

---

[3] The cases cited by the Alter Ego Claimants are inapposite. In *In re Kensington*, there were no transcripts of the *ex parte* conferences at issue and, therefore, the court did not have to decide whether to unseal and disclose the transcripts. *See In re Kensington Internat'l Ltd.*, 368 F.3d 289 (3d Cir. 2004). And in *U.S. Gypsum Co.*, the meeting at issue was only discussed in a concurring opinion, and the court did not discuss its previous decision to unseal the transcript of this meeting. 550 F.2d 115, 131-32 (3d Cir. 1977).

## **CONCLUSION**

For these reasons, the Special Master respectfully requests that the Motion to Expedite be granted. The Special Master also requests that the Court reject the Alter Ego Claimants' request to unseal and disclose the transcript of the *ex parte* conference.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | POTTER ANDERSON & CORROON LLP |
| OF COUNSEL: |  |
|  | */s/ Myron T. Steele* |
| Ray C. Schrock (Admitted *pro hac vice*) | Myron T. Steele (#00002) |
| David Lender (Admitted *pro hac vice*) | Matthew F. Davis (#4696) |
| Alexander W. Welch (Admitted *pro hac vice*) | Bindu A. Palapura (#5370) |
| Chase A. Bentley (Admitted *pro hac vice*) | Hercules Plaza, 6th Floor |
| WEIL, GOTSHAL & MANGES LLP | 1313 North Market Street |
| 767 Fifth Avenue | P.O. Box 951 |
| New York, New York 10153 | Wilmington, DE 19801 |
| Telephone: (212) 310-8000 | Telephone: (302) 984-6000 |
| Facsimile: (212) 310-8007 | Facsimile: (302) 658-1192 |
| Ray.Schrock@weil.com | msteele@potteranderson.com |
| David.Lender@weil.com | mdavis@potteranderson.com |
| Alexander.Welch@weil.com | bpalapura@potteranderson.com |
| Chase.Bentley@weil.com |  |
|  | *Counsel for Special Master Robert B. Pincus* |
| Dated: September 11, 2024 |  |
| 11732073 |  |