IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. No. 17-151-LPS |

## MEMORANDUM ORDER

Having reviewed the materials submitted relating to the Special Master's[1] Motion to Expedite ("Expedite Motion") (D.I. 1251, 1254, 1255, 1256, 1257, 1258), which concerns his Motion to Enjoin the Alter Ego Claimants ("Injunction Motion") (D.I. 1248), **IT IS HEREBY ORDERED** that:

1. The Court agrees that expedited consideration is appropriate, for reasons including that the Special Master will be making his recommendation on or about September 16 and the Court will be holding a sale hearing on November 19.

---

[1] Capitalized terms not otherwise defined have the meaning given to them in the Sale Procedures Order. (*See* D.I. 481) The term "Alter Ego Claimants" has the meaning ascribed to it in the Special Master's Opening Brief in Support of the Injunction Motion. (D.I. 1249)

1

The Injunction Motion appears to be somewhat complex and highly unusual; it may also implicate the Special Master's ability to fulfill his mandate. Thus, it is in no one's interest that resolution of the Injunction Motion be unnecessarily delayed. However, the Court must also consider its own schedule and commitments and ensure that the Alter Ego Claimants (like any litigant) have an adequate opportunity to prepare their arguments and be fully and fairly heard. Under these circumstances, the Court considers the schedule it is adopting to be expedited and supported by good cause, and believes it will place the Court in a position to make a timely decision.

2. Accordingly, the Expedite Motion (D.I. 1251) is **GRANTED** and the following schedule **SHALL** apply to the remaining briefing on the Injunction Motion:

   a. Crystallex, ConocoPhillips, and any other entity supporting the Injunction Motion may file a brief due on **September 17**.

   b. The consolidated brief of the Alter Ego Claimants in opposition to the Injunction Motion, not to exceed **thirty-five (35) pages**, is due on **September 24**.

   c. Any other briefs from any other entity opposing the Injunction Motion are due on **September 24**.

   d. The reply brief of the Special Master in support of the Injunction Motion is due on **September 27**.

3. A hearing is scheduled for **Tuesday, October 1 beginning at 2:00 p.m.** at the **National Courts Building, 717 Madison Place NW, Washington, DC**. The Court will determine closer to the hearing (i) how much time will be

allocated to those participating, (ii) whether evidence may be presented, and (iii) whether, alternatively, the hearing should be canceled and the Injunction Motion be decided on the papers.

4. In order to ensure that the forthcoming briefing on the Injunction Motion is as helpful to the Court as necessary, those submitting briefs shall address, in addition to any other issue they believe pertinent, the following questions (to the extent they have knowledge and/or a position relating to the question):

    a. Why isn't the relief sought by the Injunction Motion more appropriately obtained from the New York and Texas courts where the Alter Ego Claimants' suits are pending?

    b. What efforts, if any, has the Special Master and/or any Sale Process Party made, or intend to make, to advise the New York and Texas courts of this Court's proceedings and the impact those proceedings may have on these?

    c. On what basis did bidders for the PDVH Shares come to "expect[] to purchase those shares free and clear of claims or encumbrances from judgment creditors of PDVSA?" (D.I. 1249 at 4)

    d. The Injunction Motion seems to request of the Court something akin to an "automatic stay" that might be issued from a Bankruptcy Court. Is this what the Special Master is seeking and, if so, are there any precedents for a non-bankruptcy court to grant such relief?

3

e. If the Court determines that the Sale Process is an in rem or quasi in rem action, is the application of the *Princess Lida* doctrine "compulsory?" *See Dailey v. Nat'l Hockey League*, 987 F.2d 172, 176 (3d Cir. 1993).

f. In evaluating the Injunction Motion, to what extent should the Court consider, and what weight should the Court give to, the fact that the Alter Ego Claimants previously participated in this Court's process and failed to obtain the relief they sought?

5. The Court is inclined to grant the Alter Ego Claimants' request to view portions of the transcript of the ex parte meeting held with the Special Master on August 29, 2024. The Special Master **SHALL** meet and confer further with the Alter Ego Claimants as soon as practicable and, should the Special Master and these entities not come to an agreement, they shall file letter briefs on the following schedule:

    a. Alter Ego Claimants' opening letter brief, not to exceed three (3) pages, due **Friday, September 13**;

    b. Special Master's answering letter brief, not to exceed three pages, due **Saturday, September 14**; and

    c. Alter Ego Claimants' reply letter brief, not to exceed two pages, due **Sunday, September 15**.

September 11, 2024  
Washington, DC

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT COURT