# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------
CRYSTALLEX INTERNATIONAL CORP.,   )
                                  )
            Plaintiff,            )
                                  )
      v.                          )   Misc. No. 17-151-LPS
                                  )
BOLIVARIAN REPUBLIC OF VENEZUELA, )
                                  )
            Defendant.            )
---------------------------------------------------------------

## SPECIAL MASTER'S BRIEF IN OPPOSITION TO THE REPUBLIC AND PDVSA'S MOTION FOR A SHORT PAUSE IN THE SALE PROCESS

OF COUNSEL:

Ray C. Schrock (Admitted *pro hac vice*)
David Lender (Admitted *pro hac vice*)
Alexander W. Welch (Admitted *pro hac vice*)
Chase A. Bentley (Admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray.Schrock@weil.com
David.Lender@weil.com
Alexander.Welch@weil.com
Chase.Bentley@weil.com

Myron T. Steele (#00002)
Matthew F. Davis (#4696)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
msteele@potteranderson.com
mdavis@potteranderson.com
bpalapura@potteranderson.com

*Counsel for Special Master Robert B. Pincus*

Dated: September 24, 2024
11753243

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

FACTUAL BACKGROUND........................................................................................................2

ARGUMENT..................................................................................................................................4

      I.      The Court Should Not Grant a Pause of the Sale Process Based on the Possibility that a New Venezuelan Government Assumes Power by January 2025. ................4

            A.      The Event Underlying the Republic and PDVSA's Request for a Pause Remains Highly Uncertain to Occur............................................................4

            B.      The Republic and PDVSA's Request for a Pause in the Sale Order is Merely Another Delay Tactic. ..................................................................7

      II.     Neither the Alter Ego Actions or the 2020 Bondholders Litigation Justifies Postponing the Sale Process.......................................................................................8

            A.      Alter Ego Actions ......................................................................................8

            B.      2020 Bondholders .......................................................................................9

CONCLUSION.............................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*,
  No. MC 17-151-LPS, 2022 WL 611586 (D. Del. Mar. 2, 2022), *certification granted, judgment modified*, No. MC 17-151-LPS, 2022 WL 1404702 (D. Del. May 4, 2022) .................................................................................................7

*Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*,
  No. MC 17-151-LPS, 2023 WL 2891452 (D. Del. Apr. 11, 2023) ..........................................7

*Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*,
  No. MC 17-151-LPS, 2024 WL 2804668 (D. Del. May 31, 2024) ...........................1, 2, 6, 7, 8

*Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*,
  No. MC 17-151-LPS, 2024 WL 325133 (D. Del. Jan. 29, 2024) ..............................................4

*Hamilton Rsrv. Bank Ltd. v. Democratic Socialist Republic of Sri Lanka*,
  No. 22-CV-5199 (DLC), 2023 WL 7180683 (S.D.N.Y. Nov. 1, 2023) ...................................6

*Landis v. North American Co.*,
  299 U.S. 248 (1936) ...............................................................................................................4, 5

*Petroleos De Venezuela S.A. v. MUFG Union Bank, N.A.*,
  106 F.4th 263 (2d Cir. 2024) ....................................................................................................9

*Pewabic Min. Co. v. Mason*,
  145 U.S. 349 (1892) ..................................................................................................................7

*Pravin Banker Assocs., Ltd. v. Banco Popular Del Peru*,
  109 F.3d 850 (2d Cir. 1997) ..................................................................................................6, 7

Robert B. Pincus, in his capacity as special master of the United States District Court for the District of Delaware (the **"Special Master"**) in the above-captioned case, respectfully submits this brief in opposition to the Republic and PDVSA's *Motion for a Short Pause in the Sale Process* (the **"Motion"**).[1]  *See* D.I. 1272.

## PRELIMINARY STATEMENT

The Special Master has been working diligently towards fulfilling his mandate to conduct a value-maximizing sale of the PDVH Shares.  Under the current schedule, the Special Master's deadline to file a Notice of Final Recommendation and Notice of Successful Bid is September 26, 2024, and the Sale Hearing is set for November 19, 2024.  *See* D.I. 1283.  There is no good reason to suspend the sale process just as it is nearing its culmination, and doing so would risk losing all progress made to date.

This Court should accordingly deny the Republic and PDVSA's Motion, which appears to be just another effort "to delay, hinder, and prevent their creditors from receiving payment on their judgments at every possible turn."  *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. MC 17-151-LPS, 2024 WL 2804668, at *3–4 (D. Del. May 31, 2024) (**"Crystallex I"**) (quoting D.I. 1150 at 1-2).  The Motion is predicated on a series of uncertain contingencies that will not occur within the next four months—if they ever occur at all.  Specifically, the Republic and PDVSA rely on "the *possibility* that a new Venezuelan government" will come to power in January 2025 and will thereafter "*propose* a global resolution of Venezuela's debts" that might "present a window of opportunity" for an alternative resolution of Venezuela's debts.  D.I. 1273 at 2-3

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Sale Procedures Order, D.I. 481 (the "**Sale Procedures Order**"), the July 27 Order, D.I. 646, or the *Special Master's Opening Brief in Support of his Motion to Enjoin the Alter Ego Claimants from Enforcing Claims Against the Republic or PDVSA by Collecting from PDVH or Its Subsidiaries in Other Forums* (the **"Alter Ego Motion"**), D.I. 1249.

(emphasis added).  Awaiting this mere possibility of a proposal does not justify abandoning the substantial progress the Special Master has made towards a sale recommendation and would come at great cost and risk to the holders of Attached Judgments.  Moreover, if all the contingencies that need to occur in fact do occur, nothing prevents the Venezuelan government from then choosing to pay any creditors it wants whose claims are not resolved by the Court's sale of the PDVH Shares.  A possible change in government and a possible alternative outcome doesn't justify delaying the sale at the 11th hour.

The Republic and PDVSA also argue that a pause would "allow for greater clarity (and perhaps resolution) of" the Alter Ego Actions and the 2020 bondholder litigation.  D.I. 1273 at 9.  But the Special Master is already diligently working to resolve these issues in connection with the current schedule—indeed, the Court has scheduled a hearing for October 1, 2024, to address the Alter Ego Motion.  The Special Master is not blind to the issues presented by these suits and is diligently working to resolve them in a manner that will secure a value-maximizing sale of the PDVH Shares for the benefit of the holders of Attached Judgments on the timeline the Court has ordered.  A pause would only undermine those efforts and the Court should yet again be "suspicio[us] … as to the Venezuela Parties' motivations for filing such a meritless motion at such a precarious time."  *Crystallex I*, 2024 WL 2804668, at *4.

## FACTUAL BACKGROUND

The Special Master is tasked with designing and running a process to sell the PDVH Shares to satisfy the holders of Attached Judgments against the Republic and PDVSA.  *See* D.I. 258 at 2; Sale Procedures Order ¶ 54 (authorizing the Special Master "to take all reasonable steps necessary or appropriate to carry out" the Sale Procedures Order).  Under the supervision of this Court, the Special Master has worked with holders of Attached Judgments, the Venezuela Parties, and other

2

interested entities for years to design and effectuate a sale process and priority scheme to compensate judgment creditors for debts owed by PDVSA and the Republic. *See* Sale Procedures Order. In doing so, the Court has established detailed sale procedures, *see id.* at Ex. A, and put in place a series of steps judgment creditors must complete to participate in the sale process. *See*, *e.g.*, D.I. 646 at 3-8; D.I. 738. These steps culminated in a final priority order of creditors. *See* D.I. 1102.

In tandem, the Special Master has engaged in robust discussions with potential bidders and with CITGO management for months. The Bidding Procedures, as modified by the Special Master upon notice from time-to-time, set out detailed instructions and deadlines that parties have relied upon throughout the process. *See* Sale Procedures Order. Parties displeased with any aspect of the sale process, including the Republic and PDVSA,[2] have had every opportunity to object in this Court.[3]

---

[2] *See, e.g.*, D.I. 457 (Venezuela Parties' Apr. 11, 2022 Objections to Fourth Revised Proposed Sale Procedures Order); D.I. 561 (Venezuela Parties' May 23, 2023 Objections to Special Master's Supplemental Report); D.I. 1144 (Venezuela Parties' May 8, 2024 Objections to Special Master's Modification of Bidding Procedures).

[3] *See, e.g.*, Sale Procedures Order ¶ E (establishing procedures for a Sale Process Party to raise objection if the Sale Process Party believed that further service of a Sale Notice or any additional publication or notice was necessary or appropriate); *id.* ¶ 3 ("The Sales Process Parties shall have the opportunity to object to the Special Master's recommendations in the Supplemental Report regarding the Preparation Launch Date and the Launch Date . . . ."); *id.* ¶ 16 (setting deadline to object to any Sale Transaction, and providing that a Sale Objection not otherwise resolved "shall be heard by the Court at the Sale Hearing"); *id.* ¶ 19 ("For the avoidance of doubt, the Sale Process Parties shall have the opportunity to object to the Special Master's recommendation as to which bid is best and whether the Court should accept or reject such bid. Upon hearing all Sale Objections, the Court will make the final decision as to whether to accept or reject any bid. Nothing in this Order shall affect the rights of any party to appeal such a decision by the Court."); *id.* ¶ 34 (establishing procedures for "any person object[ing] to a request by the Special Master that specifically invokes . . . paragraph 34"); D.I. 480-1, Ex. 1 at 18-19 (establishing procedures for objecting to Sale Transaction as part of Bidding Procedures); D.I. 234 at 36 ("The Venezuela Parties will have a fair and reasonable opportunity to be involved in the prefatory procedures, the sale, and any negotiations . . . .") (emphasis omitted).

Now, as the Special Master closes in on securing a buyer and preparing a sale recommendation, the Republic and PDVSA ask this Court to stop the process in its tracks for what they characterize as a four-month pause, but in reality is an indefinite hiatus and an untenable request to pursue some path other than the sale of the PDVH Shares.

## ARGUMENT

The Special Master does not dispute that this Court has discretion to modify the timeline of the sale process. *See* D.I. 1273 at 6. However, when the Court "consider[s] the relative prejudice to the parties who are before [the Court] that might arise from granting or denying the requested relief" it is clear that the Republic and PDVSA's requested relief is not warranted. *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. MC 17-151-LPS, 2024 WL 325133, at *3 (D. Del. Jan. 29, 2024).

The judgment creditors who diligently met every deadline and jumped every hurdle required by this Court, and the sale process itself, will be prejudiced by the pause because it risks allowing an approaching deal to fall through and sending the parties back to step one. The Republic and PDVSA's reliance on *Landis v. North American Co.*, 299 U.S. 248 (1936) is therefore misguided. *See* D.I. 1273 at 6. The court in *Landis* explained that a "supplicant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." 299 U.S. at 255. The Republic and PDVSA fail to make such a case.

**I.    The Court Should Not Grant a Pause of the Sale Process Based on the Possibility that a New Venezuelan Government Assumes Power by January 2025.**

    **A.    The Event Underlying the Republic and PDVSA's Request for a Pause Remains Highly Uncertain to Occur.**

While the Motion is framed as a request for short-term relief, it is in fact a disguised attempt to stay this action for months or even years to await a series of contingencies that are uncertain to

4

ever occur. The Republic and PDVSA's Motion is based on "the ***possibility*** that a new Venezuelan government" will come to power in January 2025 and "***propose*** a global resolution of Venezuela's debts." *See* D.I. 1273 at 3 (emphasis added). So, while the Motion asks for a stay only until January, the movants concede that no resolution will be achieved at that point, only the possibility of a proposal.

Indeed, the Republic and PDVSA concede that the basis for their request is highly contingent at every single step. First, they admit in their Motion for Pause that "it is too early to tell if Mr. Maduro will cede power to the democratically-elected Mr. Gonzalez." *See id.* at 6.

Second, even if the transition of power occurs, there is no guarantee that it will lead to a global resolution of the claims of the judgment creditors. The Republic and PDVSA offer no evidence in connection with their motion to show that any such proposal currently exists or will exist by January 2025, much less that such a proposal would be accepted and approved. On the contrary, the Republic and PDVSA assert that January 2025 would be the *beginning* of a completely new process where Attached Judgment holders who complied with this Court's process will be forced to join Venezuela's negotiations to reach a global resolution with all of its creditors starting from scratch. *See* id. at 7. There is no guarantee such a resolution will ever be achieved, and the Republic and PDVSA do not even argue that resolution will occur during the pause they seek. Their effective request for "a stay of indefinite duration" can be easily "disposed of." *Landis*, 299 U.S. at 255. And of course, an indefinite delay risks losing the current bidder with whom the Special Master is negotiating definitive documentation, and any other interested bidding parties, which is more likely the goal here given the Republic and PDVSA's prior efforts to delay, hinder and prevent creditors from receiving payment on their judgments at every turn.

The Republic and PDVSA look to *Hamilton Rsrv. Bank Ltd. v. Democratic Socialist Republic of Sri Lanka*, No. 22-CV-5199 (DLC), 2023 WL 7180683, at *1 (S.D.N.Y. Nov. 1, 2023) as an example of a court granting a sovereign a stay so that it could engage in debt-restructuring negotiations during a time of political crisis. *See* D.I. 1273 at 8. But in *Hamilton*, the plaintiff brought a breach of contract claim against the Democratic Republic Socialist Republic of Sri Lanka (**"Sri Lanka"**) for defaulting on bonds while Sri Lanka was "actively working with [the International Monetary Fund] to resolve its financial crisis." *See* 2023 WL 7180683, at *2-3. In contrast, this litigation "has now stretched to nearly seven years," and the Republic has not once sought international assistance to restructure its debt. *See Crystallex I*, 2024 WL 2804668, at *6–7. Moreover, in *Hamilton*, the United States explained in its Statement of Interest, "U.S policy is 'to afford sovereigns who are negotiating in good faith . . . a limited opportunity to achieve a consensual resolution before judgments are entered or enforced against their debts.'" *See* 2023 WL 7180683, at *5 (citation omitted). Here, the Republic and PDVSA have shown no commitment to living up to obligations to pay their debts.

The Republic and PDVSA's reliance on international comity, as set forth in *Pravin Banker Assocs., Ltd. v. Banco Popular Del Peru*, 109 F.3d 850, 854 (2d Cir. 1997), is equally unavailing. *See* D.I. 1273 at 8. In affirming the district court's decision to deny the Republic of Peru's motion for a stay, the Second Circuit explained that "[a]lthough courts in this country have long recognized the principles of international comity . . . comity remains a rule of 'practice, convenience, and expediency' rather than of law." *Pravin*, 109 F.3d at 854 (citation omitted). "[E]xtending comity to [a sovereign's] debt negotiations is only appropriate if it is consistent with United States government policy." *Id.* at 855. And it is United States policy to take a "strong interest in ensuring

6

the enforceability of valid debts under the principles of contract law, and in particular, the continuing enforceability of foreign debts owed to United States lenders." *Id*.

### B. The Republic and PDVSA's Request for a Pause in the Sale Order is Merely Another Delay Tactic.

This Court has previously been suspicious of the Republic and PDVSA's attempts to "delay, hinder, and prevent their creditors from receiving payment on their judgments at every possible turn." *Crystallex I,* 2024 WL 2804668, at *3–4 (admonishing the Venezuela Parties for filing a "meritless motion [to disqualify the Special Master] at such a precarious time" and "shar[ing] the suspicions expressed by the Special Master and several creditors . . . 'that the Venezuela Parties have attempted and will attempt to delay, hinder, and prevent their creditors from receiving payment on their judgments at every possible turn.'") (quoting D.I. 1150 at 1-2); *see also Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. MC 17-151-LPS, 2023 WL 2891452, at *4 (D. Del. Apr. 11, 2023) (denying the Venezuela Parties' motion to disqualify the Special Master because the motion was untimely and "conclud[ing] that the delay was strategic" and "designed with at least a partial goal of further delaying these proceedings").

"The litigation before the Court simply cannot be permitted to continue forever." *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. MC 17-151-LPS, 2022 WL 611586, at *19 (D. Del. Mar. 2, 2022), *certification granted, judgment modified*, No. MC 17-151-LPS, 2022 WL 1404702 (D. Del. May 4, 2022). "There comes a time in the history of a litigation like this when . . . there must be a sale." *Pewabic Min. Co. v. Mason*, 145 U.S. 349, 357–58 (1892). "This litigation has now stretched to nearly seven years . . . [and t]he Venezuela Parties have had innumerable opportunities to litigate every conceivable challenge to this Court's approach – and they have often done so." *Crystallex I*, 2024 WL 2804668, at *6.

The Republic and PDVSA have "filed [their latest motion] at a moment of particular sensitivity in the sale process." *See id.* at *3. The Special Master is in the final stages of negotiating a sale of the PDVH Shares. The Republic and PDVSA's motion, predicated on a series of events uncertain to occur, seeks to disrupt the sale process. Therefore, denying the Motion is in line with this Court's obligation "to take all reasonable and lawful steps to avoid an outcome in which Venezuela succeeds in not living up to its obligations to pay its debts." *Id.*, at *7.

## II. Neither the Alter Ego Actions or the 2020 Bondholders Litigation Justifies Postponing the Sale Process.

The Republic and PDVSA's claim that "a pause would allow for greater clarity (and perhaps resolution)" of the Alter Ego Actions and 2020 Bondholders litigation is beside the point, as the Special Master is working to diligently address these issues within the Court's existing timeline for the sale process. *See* D.I. 1273 at 9.

### A. Alter Ego Actions

The Alter Ego Claimants seek to hold PDVH liable for judgments against PDVSA in a blatant attempt to circumvent this Court's sale process and jump the line set by this Court's priority scheme. As things currently stand in these actions, the default judgments that were the bases of Girard Street's and G&A Strategic's Alter Ego Actions have been vacated as of September 10, 2024. *See G&A Strategic Invs. I-VII LLC v. Petróleos de Venezuela, S.A.*, No. 1:23-cv-10766-JSR (S.D.N.Y. Sept. 10, 2024), D.I. 67; *Girard St. Inv. Holdings, LLC v. Petróleos de Venezuela, S.A.*, No. 1:23-cv-10772-JSR (S.D.N.Y. Sept. 10, 2024), D.I. 59. And PDVH has moved to dismiss Gramercy's alter ego claims. *See Gramercy Distressed Opportunity Fund, LLC v. PDV Holding, Inc.*, No. 4:24-cv-02981 (S.D. Tex. Aug. 30, 2024), D.I. 15. If they are permitted to proceed, these actions will not be resolved, or be close to resolved, on the merits by January 2025.

8

In order to address these actions within the confines of the Court's sale process, the Special Master has filed the Alter Ego Motion to enjoin the Alter Ego Claimants from seeking to enforce judgments against PDVSA or the Republic by recovering from PDVH, its subsidiaries, or their assets in the Alter Ego Actions. *See* D.I. 1249. The Court has scheduled a hearing on this motion for October 1, 2024. A four-month pause can only harm the sale process and the Special Master's ability to close a value-maximizing sale transaction.

### B. 2020 Bondholders

A separate action concerning holders of debt instruments issued by PDVSA (the "**2020 Bondholders**") remains pending before the United States District Court for the Southern District of New York. *Petroleos de Venezuela S.A. v. MUFG Union Bank, N.A.*, No. 1:19-cv-10023-KPF (S.D.N.Y.). The Second Circuit recently vacated the Southern District of New York's entry of judgment against PDVSA and related entities, holding that Venezuelan law governs the validity of the instruments at issue, and remanded the case to the district court. *Petroleos De Venezuela S.A. v. MUFG Union Bank, N.A.*, 106 F.4th 263, 265 (2d Cir. 2024).

This Court should reject the Republic and PDVSA's suggestion that all parties just wait and see—again, for what is practically an uncertain and indefinite amount of time—what happens in the 2020 Bondholders litigation. *See* D.I. 1273 at 11-12. Like the merits of the Alter Ego Actions, the 2020 Bondholders litigation will not be resolved, or be close to resolved, by January 2025, meaning that there is no benefit to a four-month stay. Instead, the Special Master is likewise working diligently to address the impact of the 2020 Bondholders litigation on this sale process within the contours and timeline authorized by the Court.

Indeed, this Court has already ruled that the existence of the 2020 Bondholders litigation is not a reason to halt the sale process. *See* Sale Procedures Order ¶ 39 (authorizing and

9

empowering the Special Master, "in his sole discretion and at any time, to communicate and, as applicable, negotiate with . . . any holders of that certain series of bonds issued by PDVSA due in 2020"); D.I. 643 at 8-10 (overruling the Venezuela Parties' objection "seek[ing] to delay the launch of the sale process" due to the existence of the 2020 Bondholders litigation, asserting that "the Court will not await [the 2020 Bondholders litigation] outcome before moving forward").

In sum, a four-month pause based on the 2020 Bondholders litigation will not be helpful to the sale process in any way. *See Petróleos de Venezuela S.A.*, No. 1:19-cv-10023-KPF, D.I. 320 (ordering in the 2020 Bondholders litigation that opening supplemental submissions are to be filed by January 17, 2025 and responses to the supplemental submissions are to be filed by March 18, 2025).

## **CONCLUSION**

After years of hard work and negotiations, the sales process is nearing its denouement. Instead of supporting that process and getting at least some creditors paid, the Republic and PDVSA, as they have done throughout, now seek to undermine that process by seeking further delay, based on hypothetical political events, which may lead to uncertain, alternative outcomes. And if the result of the added delay is the loss of any interested bidder for the assets, the Republic and PDVSA get what they have wanted all along – preventing creditors from receiving payments on their judgments at every possible turn. Their latest effort at the final hour to pause the process should be rejected. Accordingly, the Special Master requests that this Court deny the Republic and PDVSA's prayer for a pause in the sale process.

|  |  |
|---|---|
| OF COUNSEL: | Respectfully submitted,<br>POTTER ANDERSON & CORROON LLP<br><br>/s/ Myron T. Steele |
| Ray C. Schrock (Admitted *pro hac vice*)<br>David Lender (Admitted *pro hac vice*)<br>Alexander W. Welch (Admitted *pro hac vice*)<br>Chase A. Bentley (Admitted *pro hac vice*)<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007<br>Ray.Schrock@weil.com<br>David.Lender@weil.com<br>Alexander.Welch@weil.com<br>Chase.Bentley@weil.com | Myron T. Steele (#00002)<br>Matthew F. Davis (#4696)<br>Bindu A. Palapura (#5370)<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>P.O. Box 951<br>Wilmington, DE 19801<br>Telephone: (302) 984-6000<br>Facsimile: (302) 658-1192<br>msteele@potteranderson.com<br>mdavis@potteranderson.com<br>bpalapura@potteranderson.com<br><br>*Counsel for Special Master Robert B. Pincus* |

Dated: September 24, 2024
11753243