# LANDIS RATH & COBB LLP
### A LIMITED LIABILITY PARTNERSHIP
### ATTORNEYS AT LAW

919 MARKET STREET, SUITE 1800
P.O. BOX 2087
WILMINGTON, DELAWARE 19899
www.lrclaw.com

Rebecca L. Butcher
Direct Dial: (302) 467-4415
Email: butcher@lrclaw.com

Telephone: (302) 467-4400
Facsimile: (302) 467-4450

October 1, 2024

VIA CM/ECF

The Honorable Leonard P. Stark
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, D.C. 20439

  Re: *Crystallex International Corporation v. Bolivarian Republic of Venezuela*,
    Case No. 1:17-mc-00151-LPS

Dear Judge Stark:

  I represent Red Tree Investments, LLC. I respectfully write concerning the September 27 "Notice of Special Master's Recommendation" (D.I. 1325) and Gold Reserve, Inc.'s September 30 letter requesting a briefing schedule regarding that notice (D.I. 1334).

  Red Tree agrees with Gold Reserve that an expedited briefing schedule is warranted. Serious issues with the proposed sale transaction are apparent from the Notice. With the Court's permission, Red Tree will detail these in forthcoming briefing. However, creditors cannot fully assess the proposed transaction at this time because large swathes of the proposed share purchase agreement – including nearly all economic terms – have been redacted without explanation or justification. Notably, neither the Special Master nor the buyer have made any effort to seal that filing, or even suggested that the rigorous standards for sealing have been met. To the contrary, there is a "strong presumption" that judicial records filed in this action should be open to public view. *In re Cendant Corp.*, 260 F.3d 183, 193 (3d Cir. 2001). Even if information filed on the docket may be confidential or subject to a protective order, a party who seeks to file that information under seal must still independently meet the demanding First Amendment test for sealing. *Aleynikov v. The Goldman Sachs Grp., Inc.*, No. CV 12-5994 (KM), 2013 WL 12159350, at *2 (D.N.J. Aug. 15, 2013) (collecting cases).

  At a minimum, the Additional Judgment Creditors must be able to see the full terms of the proposed transaction which, if consummated, appears to threaten to deprive them of their

Hon. Leonard P. Stark
October 1, 2024
Page 2

rights under Delaware law.[1] To the extent the Special Master or the buyer asks that the Court take or refrain from taking any action based on the Notice – including any action in connection with the pending motion for an anti-suit injunction – the parties to this case should be entitled to access the unredacted Notice as a matter of due process. Moreover, because the Notice redacts almost all information about the economic terms of the proposed transaction or the bid protections afforded to the buyer, potential bidders lack the information necessary to assess a potential topping bid. That secrecy will not be conducive to a value-maximizing sales process. And any legitimate concerns about the proposed agreement's confidentiality could be addressed through the Court's protective order, which imposes strict limitations on who may access confidential information or how it may be used. Dkt. 291; *see, e.g.*, *In re Application of Gilead Pharmasset LLC*, No. CV 14-MC-243 (GMS), 2015 WL 1903957, at *5 (D. Del. Apr. 14, 2015) (finding that "any concerns about confidentiality," including purported competitive harm, "can be addressed by [an] appropriate protective order"); *In re O'Keefe*, 646 F. App'x 263, 268-69 (3d Cir. 2016) (similar).[2]

Red Tree thus respectfully requests that the Court direct the Special Master to immediately provide unredacted copies of the Notice to all Additional Judgment Creditors and to set a briefing schedule for objections to the Notice.

Respectfully submitted,

*/s/ Rebecca L. Butcher*

Rebecca L. Butcher (No. 3816)

---

[1] Counsel for Red Tree attempted to meet and confer with counsel for the Special Master about their unsealing request. In response, counsel for the Special Master merely stated without explanation that "The Special Master will not be distributing an unredacted SPA at this time."
[2] Red Tree's counsel has already executed an undertaking to comply with that order. Dkt. 482.