wamblebonddickinson.com



September 25, 2024

The Honorable Leonard P. Stark
United States District Court
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, Delaware 19801

**Re:**  *Crystallex International Corp. v. Bolivarian Republic of Venezuela,* Case No. 17-mc-151

Womble Bond Dickinson (US) LLP

1313 North Market Street
Suite 1200
Wilmington, DE 19801

t:  302.252.4320
f:  302.252.4330

Kevin J. Mangan
Partner
Direct Dial: 302-252-4361
Direct Fax: 302-661-7729
E-mail: Kevin.Mangan@wbd-us.com

Dear Judge Stark:

We represent Gold Reserve Inc. ("Gold Reserve") in these proceedings.  Gold Reserve is both an Additional Judgment Creditor and a Potential Bidder.

Yesterday, Gold Reserve filed with the other five members of the "Six Creditors" group its opposition to Venezuela's and PDVSA's Motion for a Short Pause in the Sale Process (the "Venezuela Stay Motion") (D.I. 1272).  The purpose of this letter is to bring to the Court's attention two additional issues implicated by the Venezuela Stay Motion and the Court's September 20 and 25 Oral Orders (D.I. 1283, 1313).



Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/us/legal-notice for further details.





<div align="center">*****</div>

In Gold Reserve's view, the Topping Period procedures should have already been made known, and the Data Room opened, to all Potential Bidders so that adequate time existed to prepare Topping Bids before the Sale Motion was filed. The Special Master did not agree, and Gold Reserve has reserved its rights on these issues.

In the event the Sale Motion is filed on or about September 26, 2024, as is now scheduled, Gold Reserve will take up any issue with the Topping Period procedures, including Data Room access, once such procedures are made public in the Sale Motion. However, if a further extension of the Sale Process is requested by the Special Master, or if the Topping Period procedures, including Data Room access, are not disclosed in the Sale Motion, Gold Reserve respectfully requests that the Court set an expedited briefing schedule to resolve the two issues identified herein, i.e.:

> (1) whether the Special Master should, at present, disclose the Topping Period procedures to all Potential Bidders; and
>
> (2) whether the Special Master should, at present, reopen the Data Room to all Potential Bidders.

We appreciate the Court's consideration of this request.

<div style="margin-left: 40%;">

Respectfully,

**Womble Bond Dickinson (US) LLP**

*/s/ Kevin J. Mangan*
Kevin J. Mangan (Del. Bar No. 3810)

Matthew H. Kirtland (admitted *pro hac vice*)
**NORTON ROSE FULBRIGHT US LLP**
799 9th Street NW, Suite 1000
Washington, DC 20001
Telephone: 202-662-0200
matthew.kirtland@nortonrosefulbright.com

</div>

cc: Counsel to Special Master