# Exhibit 1

# Public Version of D.I. 1309-1



**Curtis, Mallet-Prevost, Colt & Mosle LLP**

| | | | |
|---|---|---|---|
| Almaty | Houston | | **Telephone +1 212 696 6000** |
| Astana | London | | **Facsimile +1 212 697 1559** |
| Beijing | Mexico City | 101 Park Avenue | www.curtis.com |
| Bogotá | Milan | New York, New York 10178-0061 | |
| Brussels | Muscat | | |
| Buenos Aires | Paris | | **Juan O. Perla** |
| Dubai | Riyadh | | Tel: +1 212 696 6196 |
| Frankfurt | Rome | | Fax: +1 917 368 8996 |
| Geneva | Washington, D.C. | | E-Mail: jperla@curtis.com |

September 22, 2024

<u>**VIA EMAIL – CONFIDENTIAL**</u>
Mr. Robert Pincus
Special Master
108 Rockford Grove Lane
Wilmington, DE 19806
rbpincus@gmail.com

Re: <i>Crystallex International Corporation v. Bolivarian Republic of Venezuela</i><br>(No. 17-mc-151-LPS) – <u>Notice of Final Recommendation</u>

Dear Special Master:

We write on behalf of the ad hoc Board of Petróleos de Venezuela, S.A. (PDVSA), joined by the Bolivarian Republic of Venezuela (the "Republic"), with regards to your motion to extend the deadline to file a "Notice of Final Recommendation" (the "Extension Motion"), and Judge Stark's order entered on September 20, 2024, granting that motion in part (the "Extension Order").

In the Extension Motion, you requested an extension of the deadline to submit to the court the "Notice of Final Recommendation and Notice of Successful Bid" to on or about September 26, 2024. Extension Motion at 4. You indicated that you were seeking this extension to "finalize the selection of the Successful Bidder" and to ensure that "all parties-in-interest have sufficient notice and opportunity to comment on the Final Recommendation." *Id*. Accordingly, the court's Extension Order directs that "the Special Master's Notice of Final Recommendation is due on or about September 26, 2024," and provides a schedule for objecting to the "Final Recommendation."

The Sale Procedures Order (SPO) does not refer to a "Notice of Final Recommendation." However, Paragraph 12 of the SPO provides that "[a]s soon as reasonably practicable following selection of a Successful Bid, the Special Master shall file with the Court a notice containing information about the Successful Bidder with the proposed definitive agreement attached thereto . . . (the "**Notice of Successful Bidder**")." SPO at ¶ 12. Paragraph 19 of the SPO further provides: "For the avoidance of doubt, the Sale Process Parties shall have the opportunity to object to the Special Master's recommendation as to which bid is best and whether the Court should accept or reject such bid. *Upon hearing all Sale Objections, the Court will make the final decision as to*



**Curtis, Mallet-Prevost, Colt & Mosle LLP**

September 22, 2024
Page 2

*whether to accept or reject any bid.*" SPO at ¶ 19 (emphasis added). Other provisions of the SPO refer to an "executed definitive Stalking Horse Agreement" and an "executed Confidentiality Agreement," but nowhere does the SPO provide for or contemplate an "executed definitive agreement" with a Successful Bidder before court approval.

Furthermore, the Republic and PDVSA agree with, and hereby incorporate, the concerns and objections raised in Mr. Nathan Eimer's letter to you dated September 13, 2024 (the "September 13 Letter"), regarding the current draft of the Stock Purchase Agreement (SPA) and the OFAC and court approvals that must be obtained before the SPA may be validly executed or have any legal effect.

Based on the SPO, the Extension Motion, the Extension Order, and applicable law, the Republic and PDVSA understand that on or about September 26, 2024, you will submit to the court only a Notice of Final Recommendation and Notice of Successful Bidder with a copy of the "proposed definitive agreement," not a copy of an executed agreement. And you may not execute the SPA or otherwise enter into any other similar agreement with the Successful Bidder on or about September 26, 2024, or at any time before the court has heard all of the interested parties' objections and you have obtained the requisite regulatory and court approvals. We also do not see how practically you could execute an SPA while the alter ego cases in New York and Texas are still pending, given your own assessment in your Motion for Injunction that those cases "create a cloud of uncertainty over the PDVH Shares, and threaten to inhibit [your] ability to close a value-maximizing sale transaction and fulfill [your] mandate." D.I. 1249 at 7.

To the extent you disagree with the Republic and PDVSA's understanding, we ask that you immediately clarify the content of what you intend to submit to the court on or about September 26, 2024, and the timing of when you intend to execute the SPA or any other similar agreement with the Successful Bidder.

In addition, consistent with the position taken by PDV Holding, Inc. (PDVH) and CITGO Petroleum Corp. (CITGO) in the September 13 Letter, the Republic and PDVSA agree that the SPA cannot, of its own force, impose any obligations or restrictions on PDVH and CITGO or any of the Venezuela Parties, as they would not be parties to that agreement. *See* September 13 Letter at 2-3. Considering how restrictive the SPA's deal protection provisions seem to be (which the Republic only in the last few days was permitted to preview), they would interfere with the Republic's ability to pursue and propose a viable global resolution of Venezuela's debts. If you were to seek to enforce those provisions against any of the Venezuela Parties for any period between the execution of the SPA and the closing of a Sale Transaction, the Republic and PDVSA would vigorously oppose that effort because, among other reasons, it would undermine the relief requested in their pending motion to pause the sale process. Thus, we ask that you clarify whether you intend to execute the SPA on or about September 26, or at any time before the court has ruled on the pending motion to pause the sale process, and whether you intend to seek enforcement of the SPA's provisions before the closing of a Sale Transaction.

The Republic and PDVSA reserve all rights.



**Curtis, Mallet-Prevost, Colt & Mosle LLP**

September 22, 2024
Page 3

Yours truly,

Juan O. Perla

cc:    Ray Schrock (*via email*)
       Chase Bentley (*via email*)
       George Garvey (*via email*)
       Nathan Eimer (*via email*)