# Exhibit 2

# Public Version of D.I. 1309-2

# EimerStahl LLP

224 South Michigan Avenue
Suite 1100 Chicago, Illinois 60604
Tel 312 660 7600 Fax 312 692 1718

Chicago • Madison • Silicon Valley

Nathan P. Eimer
(312) 660-7601
neimer@eimerstahl.com

September 22, 2024

**VIA EMAIL – CONFIDENTIAL**
Mr. Robert Pincus
Special Master
108 Rockford Grove Lane
Wilmington, DE 19806
rbpincus@gmail.com

Re: *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela* (No. 17-mc-151-LPS) – Motion for an Extension Deadline to File Notice of Final Recommendation and Adjournment of Sale Hearing

Dear Special Master,

I write on behalf of CITGO and PDVH in response to your motion to extend the deadline to file a Notice of Final Recommendation, D.I. 1282, and Judge Stark's order entered on September 22, 2024, granting that motion in part, D.I. 1283. CITGO and PDVH write seeking clarification of what you intend to file on or about September 26, 2024.

*First*, I understand, based on conversations you have had with one of the counsel for CITGO and PDVH regarding the terms of the draft stock purchase agreement ("SPA") that you may be intending to file an executed, purportedly binding SPA. As explained in my September 13 letter, we do not believe you may do so without court and OFAC approval. Nor does the Sale Procedures Order ("SPO") authorize you to file an executed agreement with the recommended Successful Bidder.[1] To the contrary, the SPO explicitly directs you to file a copy of the "*proposed* definitive agreement" and "a notice containing information about the Successful Bidder" as soon as reasonably practicable following the selection of any such bidder. D.I. 481 ¶ 12 (emphasis added). Further, the SPO provides that "no later than seven (7) days prior to the . . . Sale Objection Deadline, the Special

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Sixth Revised Proposed Order (A) Establishing Sale and Bidding Procedures, (B) Approving Special Master's Report and Recommendation Regarding Proposed Sale Procedures Order, (C) Affirming Retention of Evercore as Investment Banker by Special Master and (D) Regarding Related Matters* [D.I. 481] (the "Sale Procedures Order").

EimerStahl<sub>LLP</sub>

Mr. Robert Pincus
September 22, 2024
Page 2 of 3

Master shall file a report under seal (and serve a copy to the Sale Process Parties) that provides a summary of the Bids, including their cash and non-cash consideration components." *Id.* ¶ 13. Accordingly, the SPO contemplates that the Court—and the Sale Process Parties—will have an opportunity to review both the terms of the "proposed definitive agreement" and the materials that you relied on in support of your recommendation *before* the agreement is executed.

*Second,* while you have shared drafts of the SPA with counsel for CITGO and PDVH, negotiations about the terms of that agreement are ongoing and they have been sending comments to you for nearly two weeks with no response. Accordingly, any document filed on or about September 26, 2024, that purports to be a "final" or "binding" version of the SPA would deprive CITGO and PDVH of the opportunity to present the Court with their objections to the terms of the SPA. This would again be contrary to the SPO which explicitly contemplates a process whereby the Sale Process Parties can raise, and attempt to resolve, any objections they have to the terms of the "proposed definitive agreement." *See* D.I. 481 ¶¶ 12–13.

*Finally,* if you were to file a definitive agreement with the Court on or about September 26, it would be definitive in name only. The agreement would, of course, be subject to your pending motion to enjoin the alter ego actions filed against PDVH. *See* D.I. 1248. You advised the Court that the alter ego litigation "threatens to undermine the sale process", "create[s] a cloud of uncertainty over the PDVH Shares, and threaten[s] to inhibit [your] ability to close a value-maximizing sale transaction and fulfill [your] mandate." D.I. 1249 at 7; *accord* D.I. 1250 (Evercore declaration) ¶ 6 (stating that the alter ego cases are "interfering with the sale process and the Special Master's ability to effectively execute a sale transaction"); D.I. 1258 at 1–2. You also claimed that the bidders in the sale process "are reasonably concerned about the risk that creditors will later lay claim to the assets the bidders are seeking to purchase." D.I. 1249 at 7. However, if any of that is true, this "cloud of uncertainty" will not be removed, at the earliest, until after the Court rules on your injunction motion, but the Court won't even hear argument on your motion until October 1, 2024—five days after you intend to file a Notice of Final Recommendation.

Accordingly, CITGO and PDVH urge you not to execute an SPA this week and reiterate their view that, if you do, such agreement would not be legally enforceable. Moreover, given your representations that the resolution of your motion to enjoin the pending alter ego cases will affect your efforts to maximize the value of the PDVH shares, CITGO and PDVH encourage you to wait to file any Notice of Final Recommendation until after the Court hears argument on your motion and issues a decision on the same. According to your representations to the Court, failure to do so would likely destroy value, contrary to your mandate.

EimerStahl LLP

Mr. Robert Pincus
September 22, 2024
Page 3 of 3

Therefore, we respectfully request that you inform us by 12:00 pm on September 24, 2024, if you intend to file the proposed definitive SPA with the Court or if you intend to file an executed SPA with the Court so that we may raise our objections with Judge Stark.

Sincerely,

[signature]