# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., | ) |
| *Plaintiff*, | ) ) ) No. 1:17-mc-00151-LPS |
| v. | ) ) **PUBLIC VERSION OF D.I. 1311** |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | ) ) |
| *Defendant*. | ) ) |

## PDVH AND CITGO'S SUPPLEMENTAL OBJECTION TO THE SPECIAL MASTER'S MATERIAL MODIFICATION OF THE SALE PROCEDURES ORDER

PDV Holding, Inc. ("PDVH") and CITGO Petroleum Corporation ("CITGO") hereby respectfully submit this supplemental objection, pursuant to Paragraph 10 of the Sale Procedures Order ("SPO") (D.I. 481),[1] to the Special Master's modification of the SPO. Unlike PDVH and CITGO's Objection to the Special Master's Material Modification of the Sale Procedures Order ([SEALED] D.I. 1309), this filing contains information which the Republic is not permitted to view, pursuant to the confidentiality designations applicable to the draft stock purchase agreements exchanged between the Special Master and CITGO and PDVH. This supplemental objection fully incorporates PDVH and CITGO's primary objection ([SEALED] D.I. 1309).

**Preliminary Statement**

1.   CITGO and PDVH have not seen a final stock purchase agreement ("SPA") drafted by the Special Master and the potential winning bidder, and CITGO and PDVH have the right to object to the terms of any SPA the Special Master submits to the Court—executed or otherwise—

---

[1] Capitalized terms not otherwise defined herein have the meanings given them in the SPO and its Bidding Procedures.

as part of their objections brief, due twenty-one days after the Special Master files a Notice of Final Recommendation to the Court. However, in an abundance of caution to avoid any argument that CITGO and PDVH waived objections to the terms of the draft SPA they *have* seen—a version of which could, based on discussion with the Special Master's advisors, be executed on or before September 26, 2024—and in further support of PDVH and CITGO's Objection to the Special Master's Material Modification of the Sale Procedures Order ([SEALED] D.I. 1309), this supplemental objection provides the Court with additional information and context about the Special Master's draft SPA and his engagement with CITGO and PDVH regarding the same. In short, while the SPO requires the Special Master to collaborate with the relevant Sale Process Parties throughout implementation of the sale process, *see* D.I. 481 ¶ 42 ("The Special Master shall consult with the Sale Process Parties periodically and as appropriate in implementing the Sale Procedures."), the Special Master has failed to meaningfully do so with regard to the SPA—especially during these recent weeks of likely intense negotiations with a potential bidder. The result is a draft SPA rife with problematic provisions.

2. CITGO and PDVH have repeatedly provided feedback to the intermittent drafts of the SPA provided by the Special Master, identifying—among other things—terms that are factually incorrect, that CITGO or PDVH cannot confirm, that unduly impede value maximization, and/or that are contrary to law. Given that the Special Master has, to date, not substantively engaged with CITGO and PDVH regarding their most recent proposals and objections to the draft SPA (submitted to the Special Master on September 13, 2024), CITGO and PDVH simply do not know the status of current iteration of the draft SPA—much less the one that may be executed as soon as

2

this week.[2] While CITGO and PDVH believe lodging objections now is premature and is better handled in their objections brief due after the Special Master submits a formal recommendation to the Court, CITGO and PDVH present the Court with a summary of some of the key objections and proposed revisions to the draft SPA that CITGO and PDVH have made to the Special Master. CITGO and PDVH reserve the right to bring more fulsome objections once an SPA (signed or otherwise) is finalized and filed with the Court as a part of any objections they file to the proposed winning bid and associated agreements.[3] *See* Exhibit 1, July 2, 2024 H'rg Tr. at 26:19–27:2 (The Court: "If you [CITGO and PDVH] feel you're not getting what you need from the [S]pecial [M]aster, I'd much rather you come to me a little bit early and say they're not being cooperative or tell them you're coming to me if they don't give you what you think you're entitled to because I need you to be in a position if you're going to object…to be able to object and be fully heard").

## Background

3.  Since April 6, 2024 (before negotiations with any particular bidder had begun), the Special Master has shared a number of working drafts of the SPA with CITGO and PDVH and solicited comments. CITGO and PDVH have submitted at least seven rounds of comments (including, in many cases, extensive mark-ups) and objections diligently and in good faith and

---

[2] At 6:35pm ET on the date of this filing, September 24, 2024, CITGO and PDVH received hundreds of pages of revised documents (including a revised draft of the SPA) from the Special Master's advisors (including mark-ups of documents reflecting comments from the *bidder's* advisors only). The Special Master's advisors requested to confer with counsel for the bidder and counsel for CITGO and PDVH the following day regarding certain of the provisions in the draft SPA "in light of the desired timing to reach resolution asap." This suggested discussion, which would be a mere 24 hours in advance of an intended signing, would be the first substantive engagement CITGO and PDVH have had with advisors of the Special Master and the bidder in weeks, despite the fact that both have had CITGO and PDVH's proposed revisions to the draft SPA for more than 10 days.

[3] As explained in CITGO and PDVH's primary objection ([SEALED] D.I. 1309), CITGO and PDVH maintain and reserve the right to pursue all objections to the sale process's design, implementation, and outcome that they have previously made and that they are entitled to make upon submission by the Special Master for a formal recommendation to the Court. This objection is solely about the potential execution of an SPA before Court and OFAC approval and should not be read to supersede any other objections CITGO and PDVH have previously made or make in the future.

have conferred verbally with the Special Master's advisors regarding the same. The Special Master has repeatedly rejected recommendations by CITGO and PDVH, and—in the time since bidders have been involved in the negotiations—has accepted changes from bidders that disregard or contravene CITGO and PDVH's proposals. CITGO and PDVH have made important, value-maximizing comments and objections in good faith and consistent with customary practice for a transaction of this magnitude. The Special Master's advisors have not provided sufficient transparency regarding how, if at all, these comments and objections will be addressed, as CITGO and PDVH have been excluded from discussions between the Special Master and bidders on issues related to draft SPAs.

4. Most recently, CITGO and PDVH submitted suggestions and objections to the terms of the draft SPA on September 13, 2024. Exhibit 2.[4] The Special Master's advisors did not substantively respond to those suggestions and objections for more than ten days (*see* n.3, *supra*). CITGO and PDVH do not know the current status of their suggestions and objections, or the current status of the draft SPA that the Special Master contemplates executing and filing with the Court on or about September 26, 2024. *See* PDVH and CITGO's Objection ([SEALED] D.I. 1309 at 4).

## Discussion

5. As the Court has been advised by counsel for the Special Master, Exhibit 1, July 2, 2024 H'rg Tr. at 21:11–20, CITGO and PDVH have gone to extraordinary lengths to facilitate the sale process once it was launched to maximize value and to work with the Special Master and his advisors in their negotiation of an SPA with various bidders. However, in addition to the reasons set forth in PDVH and CITGO's Objection ([SEALED] D.I. 1309), CITGO and PDVH further

---

[4] On September 19, 2024, CITGO and PDVH also sent the Special Master proposed revisions to disclosures that would accompany the SPA. Exhibit 3.

object to the Special Master executing or agreeing in principle to an SPA at this time because he has failed to adequately engage with CITGO and PDVH and to consider their proposed objections and revisions to the terms of the SPA. While CITGO and PDVH reserve all rights to fulsomely object to the terms of any SPA submitted to the Court as part of their objection brief due twenty-one days after the Special Master submits a final recommendation, they provide here—for the Court's benefit and to avoid any implication or suggestion of waiver of these objections—a summary of categories of some of the primary objections made to the draft SPA CITGO and PDVH most recently reviewed. CITGO and PDVH also attach as an exhibit a redline showing line-by-line proposed revisions to the SPA (along with explanatory footnotes) sent to the Special Master on September 13, 2024 (Exhibit 2),[5] and a table that summarizes some of the objections outlined below in greater detail (Exhibit 4).[6] Three broad categories[7] of key objections include:

    a. ***Provisions that unduly impede value maximization.*** CITGO and PDVH have objected to myriad provisions that limit the ability of the Special Master to accept—or CITGO or PDVH to assist in advancing—an alternative to the winning bid that would generate greater value for judgment creditors. CITGO and PDVH have also objected to provisions that would give the bidder leverage to demand a lower price or other terms favorable to the bidder after an SPA is signed or to benefit from the CITGO Companies'[8] pre-closing cash flow at the expense of attachment judgment

---

[5] Some recommendations made by CITGO and PDVH to earlier iterations of the draft SPA were accepted by the Special Master and his advisors (*e.g.*, with respect to post-closing employment matters). Those changes do not appear as changes in Exhibit 2. PDVH and CITGO reserve the right to raise such objections if the Special Master reverts back to language previously objected to by CITGO and PDVH.

[6] For the avoidance of doubt, the instant objection identifies key categories of objections. CITGO and PDVH do not waive any additional objections reflected in the redline (Exhibit 2) or otherwise (including those that may arise when an SPA is submitted to the Court).

[7] Some objections fall into multiple categories, but for purposes of this filing, CITGO and PDVH assign each objection to only one category for ease of review.

[8] "CITGO Companies" refers to PDVH and all of its subsidiaries, including CITGO Holding, Inc. and CITGO.

creditors. Such provisions contravene Delaware law's directive and the Special Master's mandate to maximize value. *See* 8 Del. C. § 324(a); D.I. 277 ¶ 2.

b. ***Provisions that restrict the CITGO Companies from operating their respective businesses.*** PDVH and CITGO have objected to provisions that would empower the Special Master and/or the bidder to restrict the CITGO Companies' ability to manage and run their businesses and finances during the period between execution of the SPA and closing of a sale transaction. *E.g.*, Section 6.1 (requiring, *inter alia*, PDVH and CITGO to take no actions out of the ordinary course, and prohibiting PDVH and CITGO from, *inter alia*, making certain capital expenditures, entering certain contracts, taking on debt in excess of certain thresholds, declaring dividends, etc.); former Section 6.24 (establishment of an "observation committee" to oversee the CITGO Companies prior to closing). Such restrictions could prevent the CITGO Companies from taking actions that could be in the best, value-maximizing interests of the companies pending a transaction that may never close. In the event that the sale does not close, such restrictions would thus prejudice PDVH, CITGO, their current owners, and any ultimate owner to of the PDVH shares. PDVH and CITGO have also objected to provisions that would empower the Special Master to attempt to force PDVH and CITGO to make certain decisions that, by law, belong solely to PDVH and CITGO and that may violate OFAC sanctions. *E.g.*, Draft SPA Section 6.22 (purportedly empowering Special Master to "cause" PDVH to "terminate, sever or assign" contracts); Section 6.25 (purportedly empowering Special Master to "cause" PDVH to effect the distribution of equity interests of certain PDVH subsidiaries to PDVSA). PDVH

and CITGO object that there is no authority under federal or Delaware law (or the SPO[9]) to support these provisions. *See also* Exhibit 5 (informing Special Master of bases for objecting to such provisions).

c. ***Provisions that could expose the CITGO Companies and their representatives to liability claims.*** PDVH and CITGO have objected to provisions that could expose the CITGO Companies and their directors, officers, and employees to liability claims. *E.g.*, Sections 6.6, 9.11, 9.15. PDVH and CITGO have also objected to inclusion and/or language of certain representations and warranties (and disclosures related thereto) that are contrary to industry standards and that CITGO and PDVH cannot verify. For the avoidance of doubt, PDVH and CITGO *are not making and cannot make* such representations or warranties—the Special Master is making them, despite PDVH and CITGO indicating their inability to verify the accuracy of such statements.[10] In addition, PDVH and CITGO have objected to inclusion of a termination fee for which the bidder would purportedly have a claim against the CITGO Companies in the event that the sale does not close, including in any number of scenarios that are not the fault of the CITGO Companies.

6. Simply put, even in its draft form, PDVH and CITGO object to numerous provisions of the current draft SPA that are value-destroying, contrary to industry standards, exceed the Special Master's legal authority, or otherwise prejudice the CITGO Companies (including those that may harm the CITGO Companies' business and hamper their ability to maximize value

---

[9] Indeed, the SPO requires the Special Master to seek Court guidance in the event PDVH or CITGO decline to take an action requested by the Special Master. SPO ¶ 39.

[10] To the extent that the accuracy of such representations and warranties are conditions to closing, including them—with knowledge by the CITGO Companies of their potential inaccuracy—only gives the bidder an easy avenue to identify some shortfall and renegotiate the deal for a lower price or worse terms (or to terminate the deal altogether)—all of which would result in a further failure to maximize value.

in the event a sale does not close). Nothing in the SPO, operative law, or the conduct by CITGO and PDVH justify these provisions. The Court should not permit the Special Master to ignore these issues identified by CITGO and PDVH, and all of these defects in the draft SPA are further reason to prohibit the Special Master from executing such agreement until the Court has had full briefing on—and resolved—objections to the terms of whatever iteration of the SPA may be proposed by the Special Master as final.

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | */s/ Alexandra M. Cumings* |
| OF COUNSEL: | Kenneth J. Nachbar (#2067) |
|  | Alexandra M. Cumings (#6146) |
| Nathan P. Eimer | Susan W. Waesco (#4476) |
| Lisa S. Meyer | Kirk Andersen (#7156) |
| Daniel D. Birk | 1201 North Market Street |
| Gregory M. Schweizer | Wilmington, DE 19801 |
| Hannah Bucher | (302) 658-9200 |
| EIMER STAHL LLP | KNachbar@mnat.com |
| 224 South Michigan Avenue | ACumings@mnat.com |
| Suite 1100 | SWaesco@morrisnichols.com |
| Chicago, IL 60604 | KAndersen@morrisnichols.com |
| (312) 660-7600 |  |
| NEimer@eimerstahl.com | *Attorneys for PDV Holding, Inc. and* |
| LMeyer@eimerstahl.com | *CITGO Petroleum Corporation* |
| DBirk@eimerstahl.com |  |
| GSchweizer@eimerstahl.com |  |
| HBucher@eimerstahl.com |  |

September 24, 2024