# EXHIBIT B-1

## Exhibit B-1

## Crystallex

As a Sales Process Party, Crystallex was broadly aware of the course of the bidding process and of the negotiations undertaken by the Special Master and his advisors with potential bidders. Crystallex objected to the terms of the proposed bid before the Special Master signed a proposed agreement with the recommended bidder, and it also objected to the very lengthy period of exclusivity that was accorded to the bidder that the Special Master now recommends. Although Crystallex conferred with the Special Master and the proposed bidder following this Court's October 1, 2024 hearing, the objectionable aspects of the proposed bid remain unchanged. Crystallex believes that the proposed bid does not comply with Delaware law, and should the Special Master proceed with his plan to seek bidder protections for the Amber Bid, Crystallex intends to oppose that request.

Crystallex objects to the Special Master's invocation of his purported "discretion to respect certain provisions of the SPA on a voluntary basis," because the provisions that the Special Master supposedly is observing "voluntarily"—confidentiality, exclusivity and non-solicitation of alternative proposals—effectively grant bidder protections that only this court can approve, and seriously harm a sales process that has gone severely off course. In Crystallex's view, the Special Master should make the unredacted SPA available to all creditors immediately, and it should also reopen the data room as soon as practicable to permit other potential qualified bidders to refresh their bids (or submit new bids) within a reasonable time, not to exceed 45 days. Following this Court's October 1, 2024 hearing, Crystallex has become aware of several parties who have expressed interest in submitting bids that comply with Delaware law and that would offer cash to creditors in the waterfall without the escrow arrangement advocated by the Special Master.

Any concerns about CITGO's confidential information can be appropriately addressed through non-disclosure agreements and/or by restricting certain disclosures to counsel only. In no event should such concerns be permitted to shield how the adjustments to the proposed bid that the proposed SPA contemplates may or will likely work in practice to reduce the purported "topline" value of the proposed bid. Crystallex further suggests that Evercore, the Special Master's financial advisor, be required to submit promptly to the Court any estimates it has prepared on the impact that such adjustments on the purchase price and potential distributions to creditors in the current waterfall. In addition to enabling the submission of new and refreshed bids that comply with Delaware law, immediate reopening of the data room will enable creditors to assess the reasonableness of Evercore's projections and assumptions.

Once new bids that comply with Delaware law are submitted to the Court, the Court should, after hearing from the Special Master and all interested parties, select a "winning" bid based on the certainty of payment and closing and the extent of debt relief that the bid accords to the debtors from judgments in the existing waterfall. Based on the degree of consensus secured by the winning bid, the Court can then decide whether a topping period is needed and what its terms, including any period for hearing any further objections, should be.

Crystallex does not believe that a motion seeking bidder protections—especially a motion that seeks to lock in an exorbitant "break up" fee—is remotely appropriate for a proposed sale that is

likely to be opposed nearly unanimously by the creditors and by the debtors.  Nor does Crystallex believe that such a motion should be considered by the Court before the Special Master submits a fully documented bid, including completed escrow-related documentation, such that every potentially significant fact about how and when the proposed escrow might be disbursed can be examined by the creditors and be subjected to adversarial testing.  If the Special Master does file such a motion, however, parties should be given at least 21 days to respond, not 14 days as the Special Master recommends.