# EXHIBIT B-3

## Exhibit B-3

### Red Tree and Contrarian

Red Tree and Contrarian join Crystallex's, ConocoPhillips's, and the Alternative Proposal Judgment Creditors' position statements, with the sole exception that Red Tree and Contrarian believe more time – specifically, 60 days – is needed for the topping period so that potential bidders can prepare a value maximizing bid.

Red Tree and Contrarian agree with Crystallex, ConocoPhillips, and the Alternative Proposal Judgment Creditors that (1) the Special Master's proposed "bidder protection motion" would waste the parties' and the Court's time, given that the current bid is not economically viable; (2) that 21 days, not 14 days, are required for Additional Judgment Creditors to oppose that motion if it is nonetheless filed; (3) the data room should be reopened immediately; (4) that the current bid should not receive any bidder protections; and (5) the Court should instead design a new topping period that allows for a bid creditors can support.

Red Tree and Contrarian also write separately to note that the proposed "bidder protection motion" should be summarily denied because the bid the Special Master seeks to "protect" suffers from at least two fatal legal defects.

*First*, the proposed bid would violate Delaware law. If approved, that proposed bid would strip Additional Judgment Creditors of their attachments without satisfying their judgments with cash. Instead, Additional Judgment Creditors would receive interests in a trust that may not pay them for years – if ever. *See* D.I. 1325-1 at 135-43. In effect, the Special Master is proceeding as if this were a bankruptcy case and Additional Judgment Creditors – who have secured interests in the PDVH shares – could be "crammed down." *Cf.* 11 U.S.C. § 1129(b)(2)(A) (allowing a bankruptcy court to implement plans of reorganization over secured creditors' objections). But this is not a bankruptcy case, and the Court has no power to force Additional Judgment Creditors to accept anything other than cash for their judgments. *See* Am. Jur. Judgments § 778 ("Generally, the only way a money judgment can be satisfied is by payment in money, unless the parties agree otherwise."); *Griffin v. Thompson*, 43 U.S. 244, 256 (1844). In particular, the Delaware statute authorizing the Court to sell the PDVH shares is crystal clear: "***The money arising from the sale . . . shall be applied and paid***" to creditors. 8 Del. Code § 324(d) (emphasis added). Because the proposed transaction does not apply and pay the money from the PDVH sale to creditors, it cannot be approved under Delaware law.

*Second*, the proposed transaction also violates the Sales Procedures Order. That order requires any credit bid based on an Attached Judgment to pay off all senior liens in full. D.I. 481 (SPO) ¶ 26; D.I. 472-1 (bidding procedures) at 8 § ii(d). Under the proposed transaction, Attached Judgments purchased by the buyer are deemed "Assumed Claims" and credited against the price the buyer will pay for the PDVH shares. *See* D.I. 1347-2 at 124 (defining "Assumed Claims"), 125 (deducting the "Assumed Claims Amount" from the "Closing Consideration"). That credit, in effect, makes the proposed transaction a credit bid. *See In re Philadelphia Newspapers, LLC*, 599 F.3d 298, 305 (3d Cir. 2010) (a "credit bid" allows a creditor to "offset its bid with the value of its secured interest"). Yet the SPA does not provide that creditors senior to the Assumed Claims are paid in full, as the Sales Procedure Order requires. Nor does Section 6.26 of the SPA cure this

issue – that Section only requires that the Sales Process Order be respected as to "proceeds to be distributed by the Special Master," a limitation which would not implicate the purchase price reduction under the definition "Closing Consideration." Worse, based on the information currently available to Red Tree and Contrarian, the "Assumed Claims" include relatively junior judgments formerly held by Koch Minerals Srl and Koch Nitrogen International Srl – judgments so junior that they would not likely be paid off under normal circumstances. Because the proposed transaction allows the buyer to credit bid junior creditors without paying off senior creditors, it cannot be approved under the Sales Procedure Order.

These are only the two most apparent defects with the bid known so far to Red Tree and Contrarian. The Special Master has so far refused to provide a fully unredacted copy of the SPA – which should be provided immediately – and has apparently not yet even executed documentation about the proposed trust that may well yet further violate applicable law and impair Additional Judgment Creditors' rights. Red Tree and Contrarian will more fully raise these and other objections when given a full opportunity to do so. Objections to the claims will also require discovery. At this time, however, the defects in the proposed transaction are so obvious that the Court should summarily reject the bidder protection motion, avoid the need for discovery, and solicit expedited briefing on alternative next steps.