IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CRYSTALLEX INTERNATIONAL CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Misc. No. 17-151-LPS |
| | ) | |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | ) ) | |
| | ) | |
| Defendant. | ) | |

**AMBER ENERGY INC.'S MEMORANDUM IN
SUPPORT OF REDACTIONS TO *AMICUS CURIAE* SUBMISSION**

Pursuant to the Court's October 21, 2024 Order, D.I. 1380, Amber Energy Inc. ("Buyer") by and through its undersigned counsel, respectfully submits this memorandum in support of redactions to Buyer's *Amicus Curiae* Submission, submitted in sealed and unredacted form at D.I. 1365, and submitted in partially redacted form at D.I. 1379-1.

"[T]he right to inspect and copy judicial records is not absolute," and courts routinely exercise their "supervisory power over [their] own records and files" to deny that access. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). As such, this Court has the authority to seal documents "when justice so requires," so long as the party seeking to maintain confidentiality demonstrates that the "interest in secrecy outweighs the presumption" of access. *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 221 (3d Cir. 2011). This balancing weighs heavily in a movant's favor when the information sought to be sealed is (i) "the type of information which, while largely incidental to the substantive issues in this case, could cause real and serious harm to the parties' future negotiations if disclosed to competitors," or (ii) represents "business information that might harm a litigant's competitive standing." *Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 510 (D. Del. 2012); *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988).

Here, as described below, Buyer's minimal redactions seek to redact: (1) commercially sensitive financial information of CITGO, which is subject to a confidentiality agreement; (2) Buyer's past confidential bids, which were made as part of the Special Master's sale process that contemplates confidential bids; and (3) confidential information related to certain Attached Judgments[1] that is protected from disclosure under a confidentiality agreement.  Each category of confidential information represents "the type of information which, while largely incidental to the substantive issues in this case, could cause real and serious harm to the parties' future negotiations if disclosed to competitors" and "business information that might harm a litigant's competitive standing."  *Mosaid Techs. Inc.*, 878 F. Supp. 2d at 510; *Littlejohn*, 851 F.2d at 678; *see also Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) ("Documents containing trade secrets or other confidential business information may be protected from disclosure.").  In line with the Third Circuit's and this Court's guidance with respect to the appropriate scope of narrowly-tailored redactions of confidential information in public filings, Buyer seeks to redact fewer than two full lines and one footnote of Buyer's 11-page Submission.

*First*, Buyer's proposed redactions include confidential financial information, including forward-looking financial projections, of CITGO (*see* D.I. 1379-1, at 3 n. 2), which Buyer received subject to a confidentiality agreement entered into with the Special Master pursuant to the Sale Procedures Order.  D.I. 481.  Courts routinely permit sealing of confidential business information and company financial projection.  *See, e.g.*, *Uvaydov v. Fenwick-Smith*, 2023 WL 4614766, at *3 (Del. Ch. July 18, 2023) (finding forward-looking projections were confidential); *Mosaid Techs. Inc.*, 878 F. Supp. 2d at 510 (business information that might harm competitive standing may

---

[1] Capitalized terms used but not defined herein have the meanings in the Sales Procedures Order (D.I. 481).

properly be redacted). Furthermore, on October 22, 2024, the Court granted CITGO's request to file related confidential information under seal. D.I. 1384. Buyer asked for CITGO's consent to file the redacted confidential information publicly, but CITGO did not consent.

*Second*, Buyer's proposed redactions also contain confidential information concerning Buyer's past bids and negotiations in the confidential bidding process conducted by the Special Master (*see* D.I. 1379-1, at 6). *See, e.g.*, D.I. 480-1 at 13-14; D.I. 481 at 31-32. Public disclosure of these previous confidential bids to other potential bidders could cause serious harm to Buyer's continued negotiations with the Special Master, and is precisely the kind of information that the Special Master intended to be kept confidential. Indeed, throughout this process, information about confidential bids has been kept confidential (except as voluntarily disclosed by a bidder).

*Third*, Buyer's proposed redactions contain confidential information related to Buyer's current bid regarding certain Attached Judgments (*see* D.I. 1379-1 at 7), that is protected from disclosure under a confidentiality agreement. The Court has a standing confidentiality order in this matter permitting the sealing of confidential information for good cause (D.I. 291 ¶ 9), as well as an order permitting the filing under seal of the writ holders' Attached Judgment Statements, D.I. 654. Notably, Buyer has agreed to make certain of the information contained in these proposed redactions public in connection with the Special Master's bidder protection motion.

\*   \*   \*

For the foregoing reasons, Buyer respectfully requests that the Court approve the continued sealing of Buyer's *Amicus Curiae* Submission in its unredacted form, D.I. 1365, and continued redaction of Buyer's *Amicus Curiae* Submission in its public form, D.I. 1379-1.

Dated: October 23, 2024

| | |
|---|---|
| *Of Counsel* | /s/ Michael A. Barlow |
| | Michael A. Barlow (No. 3928) |
| Andrew J. Rossman | QUINN EMANUEL URQUHART |
| Susheel Kirpalani | & SULLIVAN, LLP |
| Matthew R. Scheck | 500 Delaware Avenue, Suite 220 |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | Wilmington, Delaware 19801 |
| 51 Madison Avenue, 22nd Floor | (302) 302-4000 |
| New York, New York 10010 | michaelbarlow@quinnemanuel.com |
| (212) 849-7000 | |
| andrewrossman@quinnemanuel.com | *Attorneys for Amber Energy Inc.* |
| susheelkirpalani@quinnemanuel.com | |
| matthewscheck@quinnemanuel.com | |

-and-

Stephen M. Baldini
Stephanie Lindemuth
Richard J. D'Amato
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036-6745
(212) 872-1000
sbaldini@akingump.com
slindemuth@akingump.com
rdamato@akingump.com

-and-

Julius Chen
AKIN GUMP STRAUSS HAUER & FELD LLP
Robert S. Strauss Tower
2001 K St NW
Washington, DC 20006-1037
(202) 887-4000
jchen@akingump.com

-and-

Erin E. Murphy
H. Bartow Farr
CLEMENT & MURPHY PLLC
706 Duke Street
Alexandria, Virginia 22314
(202) 742-8900