

1313 North Market Street, Suite 1001 • Wilmington, DE 19801
Telephone 302.576.1600 • Facsimile 302.576.1100
www.ramllp.com

Garrett B. Moritz

Direct Dial 302.576.1604
gmoritz@ramllp.com

October 25, 2024

**VIA E-FILING**

The Honorable Leonard P. Stark
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Re:   *Crystallex International Corp.* v. *Bolivarian Republic of Venezuela*,
      CA No. 1:17-mc-00151-LPS

Dear Judge Stark:

We write on behalf of ConocoPhillips in response to the Special Master's proposed order regarding the Motion to Enjoin the Alter Ego Claimants and the accompanying letter from counsel dated October 18, 2024, which lays out a proposed schedule for consideration of the merits of the alter ego claims.

For the Court's convenience, we enclose as Exhibit A a copy of ConocoPhillips' declaratory judgment action filed in this Court on October 14, 2024, and served on two of the three Gramercy Parties and Siemens on that date. The action seeks a declaratory judgment that PDVH is not subject to reverse veil piercing. In the alternative, in the event that PDVH is determined to be subject to reverse veil piercing, it seeks issuance of a writ of attachment on PDVH's only material asset, the shares of CITGO Holding, on behalf of each of Crystallex, ConocoPhillips, and the other Additional Judgment Creditors in the order of priority established by the Court's March 1, 2024 priority order.

ConocoPhillips commenced its action to ensure that the merits of the reverse veil piercing claims are placed before Your Honor. ConocoPhillips believes that reverse veil piercing is unavailable as a matter of law under these circumstances, where there is an adequate remedy at law, *i.e.,* the *Crystallex* judgment enforcement action, and intends to seek judgment on the pleadings once the defendants have answered or moved. Alternatively, if the Court were to rule that reverse veil piercing is available, ConocoPhillips seeks in its action to preserve the existing priority order in the face of the alter ego claims that are an effort to subvert it.

The premise of the Special Master's proposal appears to be that the merits of the alter ego claims are not placed at issue by the Injunction Motion itself, but rather that the merits of those

The Honorable Leonard P. Stark
October 25, 2024
Page 2

claims will be placed before the Court by the ConocoPhillips action and, if the alter ego claimants' other actions are enjoined, by those claimants if they choose to bring their actions in this Court. A third possibility exists, which is that this Court could request that *Girard Street Investment Holdings LLC* v. *Petroleos de Venezuela, S.A. and PDVSA Petroleo S.A.*, Case No. 1:23-cv-10772-JSR, pending in the Southern District of New York, be transferred to this Court. PDVH has already moved to dismiss the alter ego claims in that case and briefing will conclude on November 5, 2024.

Judge Rakoff's recent ruling on Red Tree's request to intervene in the *Girard Street* action (enclosed as Exhibit B) illustrates the need for the relief sought by the Injunction Motion, and in particular, for this Court to exercise control over enforcing its Priority Order and prevent interference with its sale process by enjoining litigants from using other courts to defeat this proceeding. Judge Rakoff concluded that there was not the potential for interference in the sale process based on suppositions about Red Tree's place in this Court's Priority Order and the headline value of the Amber Energy bid, suppositions which appear to be based on the court not having been provided with a full understanding of the issues as to the bid's executability if the Alter Ego Claimants succeed on their theories, or as to the likelihood that the amount that will be distributed to creditors in the *Crystallex* proceeding will fall short of the headline bid. The lack of detailed familiarity with the terms of the Amber Energy bid is understandable, as it remains largely under seal. Absent this Court ruling that the Alter Ego Actions are impermissible attempts to use other courts to subvert this Court's Priority Order and its sale process, similar questions can continue to be litigated in other courts around the country, with the potential for aberrant results. The Alter Ego issue needs to be litigated once, in this Court.

ConocoPhillips therefore favors whatever procedure will be the most efficient means of eliminating the specter of this liability as a roadblock to a sale of the PDVH shares. The Special Master's proposal appears to envision a several month process, which may well not be necessary to dispose of claims which appear to have little if any merit. ConocoPhillips has the following suggestions regarding the Special Master's proposed schedule:

**Special Master's Proposal:** All discovery shall be completed by January 15, 2025.

> **ConocoPhillips' Response:** It is not at all clear that there is a need for discovery. Count 1 of ConocoPhillips' action seeks a declaration that reverse veil piercing is precluded here as a matter of law, and does not require a determination of whether the normal alter ego factors can be established. As noted, ConocoPhillips intends to move for judgment on the pleadings or summary judgment on this count once the alter ego defendants have answered or moved.
>
> If any discovery is to be permitted, the Gramercy Parties and Siemens should be required to make a proffer to the Court as to the specific discovery they seek and for what purpose. The three months provided in the proposed schedule may be far longer than any targeted discovery would require.

The Honorable Leonard P. Stark
October 25, 2024
Page 3

**Special Master's Proposal:** ConocoPhillips and any alter ego claimants shall file their respective pre-hearing briefs by January 24, 2025.

> **ConocoPhillips' Response:** As ConocoPhillips believes the availability of reverse veil piercing is susceptible of resolution on a motion, it is hopeful that such pre-hearing briefs will not prove necessary.
>
> Inasmuch as it is not yet clear which action or actions will be the means of addressing these claims, it may be premature to decide now whose briefs should be filed first. The Special Master's proposal was premised on the anticipated plaintiffs (ConocoPhillips in its action and the alter ego claimants in theirs) filing first. It may make more sense to require the alter ego claimants, who will in either action have the burden of proof, to file first.
>
> Count 2 of ConocoPhillips' complaint is pleaded in the alternative to protect the existing priority order and may need to be decided only if the reverse veil piercing relief that ConocoPhillips opposes is granted. In the interest of judicial economy, the Court may therefore elect to defer the adjudication of Count 2.

**Special Master's Proposal:** All parties named as defendants in any alter ego pleadings before this Court shall file their respective pre-hearing response briefs by February 10, 2025. Any other interested parties, including the Special Master and the recommended bidder, may file pre-hearing briefs by February 19, 2025.

> **ConocoPhillips' Response:** In addition to the considerations described above, it is unclear why there should be one date for the filing of pre-hearing briefs by the corporate defendants (*i.e.,* PDVH and PDVSA) and a later date for other parties who similarly oppose veil piercing. In the interest of expedition, all responding briefs should be due simultaneously, and ConocoPhillips proposes that a date well before February 10, 2025 would be the appropriate response date.
>
> It is also unclear why the recommended bidder, who has no interest in this proceeding other than as a suitor, should be participating in this action as if it were a party.

**Special Master's Proposal:** ConocoPhillips and any alter ego claimants shall file their reply briefs by February 26, 2025.

> **ConocoPhillips' Response:** Once again, ConocoPhillips would suggest a tighter schedule than has been proposed. In addition, it may be that the order of briefing should be based on whether parties oppose or support reverse veil piercing rather than whether they are plaintiffs or defendants.

For the sake of completeness, ConocoPhillips is not offering any comments on the proposed Injunction Order.

The Honorable Leonard P. Stark
October 25, 2024
Page 4

As always, we appreciate the Court's consideration of this matter.

Respectfully submitted,

*/s/ Garrett B. Moritz*

Garrett B. Moritz (Bar No. 5646)

cc: All Counsel of Record