

Travis S. Hunter
302-651-7564
hunter@rlf.com

October 25, 2024

**VIA ECF**

The Honorable Leonard P. Stark
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

      Re: *Crystallex International Corporation v. Bolivarian Republic of Venezuela et al.*,
          C.A. No. 17-mc-151-LPS

Dear Judge Stark:

Pursuant to this Court's October 9, 2024 Oral Order (D.I. 1358), Crystallex International Corporation respectfully submits this response to the Special Master's revised proposed order granting his Injunction Motion and the accompanying letter proposal recommending that this Court conduct proceedings to address the merits of any alter-ego claims against PDVH, filed on October 18, 2024 (D.I. 1374).

As Crystallex has previously informed the Court, D.I. 1277, at 2-3, Crystallex believes that claims brought by creditors of Venezuela and PDVSA seeking to hold PDVH liable on an alter-ego theory are nuisance claims designed to extract a recovery to which the claimants are not entitled. Nothing more. Like every Attached Judgment Creditor, the Alter Ego Claimants—Gramercy, G&A Strategic, and Girard Street—are creditors of Venezuela and PDVSA who sought to have their judgments satisfied by the sale of the PDVH Shares pursuant to this Court's orders. D.I. 656, 672, 675. But unlike most Attached Judgment Creditors, the Alter Ego Claimants either obtained their judgments too late to be entitled to recover from sale proceeds representing the value of PDVH and its subsidiaries, or—in the case of Gramercy—was placed near the bottom of this Court's priority order based on being among the last to seek relief from this Court. D.I. 1102, at 4.

The Alter Ego Claimants' actions are without merit. Rather, they are transparent attempts to circumvent this Court's priority order and are unlikely to succeed. They do, however, interfere with the *res* in this Court's custody and with the process that this Court has painstakingly devised for the auction of that *res* over several years. It would therefore be appropriate for this Court to enjoin those actions. Because the injunction sought in the Special Master's motion could be beneficial and help bring these proceedings to a long-overdue conclusion, Crystallex supports entry of the injunction requested in the Special Master's motion. D.I. 1249.

Crystallex therefore agrees with paragraphs 1-4 of the Proposed Order submitted by the Special

The Honorable Leonard P. Stark
October 25, 2024
Page 2

Master, and it further agrees (as observed in paragraph 5) that the recent filing by Additional Judgment Creditor Siemens of a copycat alter-ego action provides additional support for the need for the requested injunctive relief. Crystallex respectfully submits that the Court should therefore enjoin Gramercy, G&A Strategic, and Girard Street from prosecuting any alter-ego claims in the Alter Ego Actions, without prejudice to their respective rights to seek direct relief against PDVSA or Venezuela respectively in any court of competent jurisdiction.

Crystallex respectfully submits that the motion before the Court provides no occasion for the Court broadly to enjoin at this time "all claimants or writ holders who have filed an Attached Judgment Statement in these proceedings," as suggested in paragraph 7 of the Special Master's Proposed Order. The motion before the Court relates solely to cases filed by Gramercy, G&A Strategic, and Girard Street. Although Siemens has filed a copycat action, its complaint suggests that it will be bound by this Court's ruling on the pending motion with respect to the Gramercy cases. Crystallex believes that a ruling by this Court enjoining the opportunistic actions by the Gramercy parties should suffice to dissuade others who might be tempted to emulate their behavior.

For similar reasons, Crystallex does not agree with paragraph 8 of the Special Master's Proposed Order, which essentially would require every Additional Judgment holder in the case to bring its own alter-ego claim against PDVH by November 13, 2024, or forever be barred. Since Crystallex believes these actions by the Gramercy parties are belated, opportunistic and filed solely to seek tactical advantage, it cannot support the Special Master's actions to encourage filing more of them. Again, the motion before this Court did not ask for such expansive relief; it has come to be solely as a result of the current bidder's purported desire to assuage unreasonable fears about such hypothetical future suits. Nor has there been any explanation as to why it is "necessary or appropriate" for this Court to issue an All Writs Act injunction against parties that have never suggested they might file an alter-ego action against PDVH in another jurisdiction. 28 U.S.C. § 1651(a).

Crystallex respectfully submits that it would be counterproductive for this Court to grant the overbroad relief requested in paragraphs 7 and 8 of the Special Master's revised proposed order. Because that relief would require creditors to file alter-ego claims in this Court within three weeks or lose the right to ever raise them, it would only encourage the filing of more alter-ego claims, even if just to "protect the right" to assert such claims—however unmeritorious they may be. That would needlessly divert this Court's and the parties' time and resources to the wasteful adjudication of a flurry of protective alter-ego claims, a distracting sideshow that would further delay these proceedings. There is no need to enjoin anyone other than the Alter Ego Claimants, let alone create the perverse incentive to file additional protective alter-ego claims. As Siemens noted in its recently filed alter-ego action, it brought the action only "to preserve its rights and ensure that it shares fully and fairly in any recovery against PDVH," *not* to "circumvent or frustrate" the jurisdiction of this Court. Original Petition 4 n.4, *Siemens Energy, Inc. v. PDV Holding, Inc.*, No. 24-BC11B-0010 (D. Ct. Tex. Oct. 4, 2024). Thus, if this Court makes clear that the Alter Ego Claimants' gambit will not succeed, there will be no need for anyone to file protective alter-ego claims and those who have already done so would respond by once again seeking to recover from the value of PDVH exclusively through this Court's sale process. On the other hand, actively inviting the filing of additional alter-ego claims would serve only to further delay and impede the satisfaction of "the outstanding judgment of Crystallex and the judgment of any other judgment creditor

The Honorable Leonard P. Stark
October 25, 2024
Page 3

added to the sale by the Court," which—it bears repeating—is the entire point of the judgment-enforcement proceedings in this Court.  D.I. 481, at 2.

Finally, Crystallex agrees that the Court should give the Alter Ego Claimants the option of presenting the merits of the enjoined claims to this Court.  But if they choose to do so, there is no need for the lengthy, months-long period the Special Master recommends for discovery and briefing on the merits of these claims.  Any claims the Alter Ego Claimants might assert in this Court could, respectfully, be resolved on the papers.  However, if the Court is inclined to conclude otherwise, Crystallex requests that the Court order the Alter Ego Claimants to submit a proffer detailing the information they require to prosecute their claims and direct that any discovery and subsequent briefing be conducted on an expedited basis.  Proceeding in that manner would ensure that the alter-ego claims against PDVH can cease serving as a distraction and that the sale process for the PDVH Shares can continue without further delay.

Respectfully submitted,

/s/ *Travis S. Hunter*

Travis S. Hunter (#5350)

cc: All counsel of record