

Andrew L. Cole
Member
Admitted in DE, FL, MD and VA

Reply to Delaware Office
Writer's Direct Line: 302.651.2011
Writer's Direct Fax: 302-652-3117
Writer's E-Mail: acole@coleschotz.com

500 Delaware Avenue, Suite 200
Wilmington, DE 19801
302-652-3131   302-652-3117 fax

New Jersey

New York

Maryland

Texas

Florida

November 1, 2024

**VIA CM/ECF FILING**

The Honorable Leonard P. Stark
United States District Court
  for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801-3570

      Re:    *Crystallex International Corp. v. Bolivarian Republic of Venezuela*
              D. Del. C.A. No. 1:17-mc-00151-LPS

Dear Judge Stark:

      We write on behalf of Siemens Energy, Inc. ("SEI") pursuant to the Court's October 9, 2024 Oral Order [D.I. 1358] and in response to the Special Master's revised proposed order and accompanying letter dated October 18, 2024 [D.I. 1374].

      As the Special Master noted in his letter, as a result of the colloquy with the Court at the October 1 hearing, SEI filed an alter ego lawsuit against PDVH in Texas.[1] However, as SEI explicitly stated in the Texas Action – and as other parties in interest have already recognized[2] – SEI acted solely to preserve its "rights and ensure that it shares fully and fairly in any recovery against PDVH" and "***not*** to frustrate the jurisdiction of [this Court]."[3] Ironically, the specific concern animating SEI's decision to file the Texas Action was a statement made at the hearing by counsel for ConocoPhillips – now the plaintiff in a declaratory action filed *against* the Alter Ego Claimants[4] – that it, and potentially other creditors, were considering filing their own alter ego actions in other jurisdictions. The prospect of a flood of new litigation in other jurisdictions

---

[1] *See Siemens Energy, Inc. v. PDV Holding, Inc.,* No. 24-BC11B-0010 (D. Ct. Tex. Oct. 4, 2024) ("Texas Action").

[2] *See*, *e.g.*, D.I. 1397 (letter from counsel to Crystallex noting Siemens' petition was filed as a protective measure only and not to circumvent jurisdiction of this Court or frustrate Sale Process).

[3] *Id*. at Original Petition at 4 n. 4 (emphasis in original).

[4] *See ConocoPhillips Petrozuata B.V., et al., v. Girard Street Investment Holdings LLC, et al.*, No. 24-1140 (D. Del. Oct. 14, 2024).

coleschotz.com

40000/0785-48730924



The Honorable Leonard P. Stark
November 1, 2024
Page 2

prompted SEI to act. Nevertheless, SEI was clear in its petition and reiterates here that it intends to comply fully with any order of this Court with respect to litigation in other jurisdictions once the Special Master's motion for an injunction is finally adjudicated by the Delaware court.

    With respect to the Special Master's proposed schedule, it appears to assume that the Court will determine that it may and should decide the alter ego claims, and that the Court will enjoin state and federal court lawsuits against PDVH, by November 13. Given the potentially complex substantive and procedural issues surrounding those threshold determinations, SEI believes that the Special Master's proposed timeline is likely too ambitious. However, if the Court does ultimately determine that it may and should decide the alter ego claims, and enjoins state and federal lawsuits against PDVH, then SEI would not be opposed to an expedited schedule for the subsequent determination of alter ego claims.

                                              Respectfully,

                                              Andrew L. Cole (No. 5712)

ALC:mev
cc:    All Counsel of Record (Via CM/ECF Filing)

40000/0785-48730924