IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CRYSTALLEX INTERNATIONAL CORP.,

*Plaintiff,*

v.

BOLIVARIAN REPUBLIC OF VENEZUELA,

*Defendant.*

No. 1:17-mc-151-LPS

## GRAMERCY'S, G&A'S, AND GIRARD STREET'S RESPONSE TO THE SPECIAL MASTER'S REVISED PROPOSED ORDER AND PROPOSAL FOR FURTHER PROCEEDINGS IN CONNECTION WITH HIS INJUNCTION MOTION

Andrew H. Sauder (Bar No. 5560)
**DAILEY LLP**
1201 N. Orange St., Ste. 7300
Wilmington, DE 19801
(302) 415-3560
asauder@DaileyLLP.com

Michael Baratz*
Emma Marshak*
**STEPTOE LLP**
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-3000
mbaratz@steptoe.com
emarshak@steptoe.com

*Counsel to G&A Strategic Investments I LLC,*
*G&A Strategic Investments II LLC,*
*G&A Strategic Investments III LLC,*
*G&A Strategic Investments IV LLC,*
*G&A Strategic Investments V LLC,*
*G&A Strategic Investments VI LLC,*
*G&A Strategic Investments VII LLC, and*
*Girard Street Investment Holdings LLC*

Theodore A. Kittila (Bar No. 3963)
**HALLORAN FARKAS + KITTILA LLP**
5722 Kennett Pike
Wilmington, DE 19807
(302) 257-2025
tk@hfk.law

Mark W. Friedman*
William H. Taft V*
Carl Micarelli*
Juan Fandiño*
Caroline Wallace*
**DEBEVOISE & PLIMPTON LLP**
66 Hudson Boulevard
New York, NY 10001
(212) 909-6000
mwfriedman@debevoise.com
whtaft@debevoise.com
cmicarelli@debevoise.com
jfandino@debevoise.com
chwallace@debevoise.com

*Counsel to Gramercy Distressed*
*Opportunity Fund LLC*

*Additional counsel listed on following page*

\* Admitted *pro hac vice*

Robert Drain*
Lisa Laukitis*
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
One Manhattan West
New York, NY 10001
(212) 735-3000
robert.drain@skadden.com
lisa.laukitis@skadden.com

*Counsel to Gramercy Distressed Opportunity Fund LLC, G&A Strategic Investments I LLC, G&A Strategic Investments II LLC, G&A Strategic Investments III LLC, G&A Strategic Investments IV LLC, G&A Strategic Investments V LLC, G&A Strategic Investments VI LLC, G&A Strategic Investments VII LLC, and Girard Street Investment Holdings LLC*

* Admitted *pro hac vice*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................. 1

FACTUAL BACKGROUND ................................................................................ 4

I.    The Special Master Moves for an Urgent Injunction but Fails to Articulate the Relief Requested ................................................................................ 4

II.   The Special Master Files a Materially Different (But Still Legally Impermissible) Revised Proposed Order ............................................................. 5

III.   The Special Master Enters into and Recommends A Stock Purchase Agreement, Drawing Opposition From Relevant Stakeholders. ........................ 6

IV.   Siemens and ConocoPhillips Filed Complaints Seeking to Litigate PDVH's Alter Ego Status. ................................................................................... 7

V.    Opposing Creditors' Actions Continue Progressing Towards Trial. ............... 8

ARGUMENT ....................................................................................................... 9

I.    The Parties Do Not Seek Further Proceedings Relating to the Injunction Motion. ......... 9

II.   The RPO Does Not Address the Arguments Preventing Issuance of an Injunction. ..... 11

     A.    The *Princess Lida* Doctrine Does Not Support the Injunction. .............................. 11

     B.    The All Writs Act Does Not Support the Injunction. ................................................. 12

     C.    The First-Filed Rule Does Not Support the Injunction. ............................................ 13

     D.    The RPO Does Not Satisfy the Traditional Requirements for Injunctive Relief. ..... 14

     E.    The Court Lacks Personal Jurisdiction over Girard Street. ...................................... 16

III.   The Revised Proposed Order Exceeds the Court's Power. ........................................... 16

IV.   The RPO Would Prolong, Rather than Expedite, Resolution of the Alter Ego Claims. ................................................................................................. 17

CONCLUSION .................................................................................................... 18

# TABLE OF AUTHORITIES

## Cases

*Alabama v. U.S. Army Corps Of Engineers*,
    424 F.3d 1117 (11th Cir. 2005) ...................................................................................14

*Caterpillar Inc. v. Williams*,
    482 U.S. 386 (1987)......................................................................................................16

*Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*,
    333 F. Supp. 3d 380 (D. Del. 2018), *aff'd and remanded*,
    932 F.3d 126 (3d Cir. 2019)...................................................................................... 9-10

*Dailey v. Nat'l Hockey League*,
    987 F.2d 172 (3d Cir. 1993)........................................................................................11

*Dyno v. Dyno*,
    2021 WL 3508252 (3d Cir. Aug. 10, 2021)...............................................................11

*HBMA Holdings, LLC v. LSF9 Stardust Holdings LLC*,
    2017 WL 6209594 (Del. Ch. Dec. 8, 2017)...............................................................17

*In re Fruehauf Trailer Corp.*,
    250 B.R. 168 (D. Del. 2000).......................................................................................17

*In re Orthopedic "Bone Screw" Products Liab. Litig.*,
    132 F.3d 152 (3d Cir. 1997)...............................................................................9, 11, 12

*In re TransPerfect Glob., Inc.*,
    2016 WL 3477217 (Del. Ch. June 20, 2016)............................................................12

*Int'l Tel. & Tel. Corp. v. Alexander*,
    396 F. Supp. 1150 (D. Del. 1975)..............................................................................10

*Kollmorgen Corp. v. Gettys Corp.*,
    760 F. Supp. 65 (3d Cir. 1991) ..................................................................................16

*Optical Recording Corp. v. Capitol-EMI Music, Inc.*,
    803 F. Supp. 971 (D. Del. 1992).................................................................................13

*Peacock v. Thomas*,
    516 U.S. 349 (1996)......................................................................................................9

*Porto Rico Tel. Co. v. Puerto Rico Commc'n Auth.*,
    189 F.2d 39 (1st Cir. 1951).........................................................................................14

*Raytech Corp. v. White,*
    54 F.3d 187 (3d Cir. 1995)......................................................................................10

*Shields v. Zuccarini,*
    254 F.3d 476 (3d Cir. 2001)......................................................................................9

*U.S. v. Int'l Brotherhood of Teamsters,*
    907 F.2d 277 (2d Cir. 1990)....................................................................................16

**Statutes**

28 U.S.C. § 1651 ..........................................................................................2, 11, 12

**Other Authorities**

Fed. R. Civ. P. 45 ..............................................................................................8

Fed. R. Civ. P. 69 ......................................................................................2, 9, 10

*Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d* § 2942...........................14-15

Pursuant to the Court's October 2 and 9, 2024 oral orders, D.I. 1340, D.I. 1358, the Opposing Creditors submit their response to: (*i*) the revised proposed order filed by the Special Master for the Court to consider in connection with the pending Injunction Motion ("**RPO**"), D.I. 1374-1; and (*ii*) the Special Master's proposal for further proceedings to determine whether PDVH is an alter ego of PDVSA.[1]  D.I. 1374.

## INTRODUCTION

The Special Master, Crystallex, and ConocoPhillips abandon any pretext of applying recognized legal doctrines by pushing the Court to reach beyond its limited jurisdiction to adjudicate claims first filed in the Southern District of New York and in Texas courts.  In the interest of ensuring a fair and efficient resolution of Opposing Creditors' alter ego claims, the Court should deny the Injunction Motion and allow the proceedings currently underway to proceed.  Those courts indisputably have subject matter jurisdiction over the claims, personal jurisdiction over the relevant defendants, and are presently considering dispositive motions and conducting discovery.  In Girard Street's case before the SDNY, discovery is ongoing, with the case expected to be trial-ready by February 28, 2025.  That New York case—and not the unprecedented faux-bankruptcy proceeding proposed by the Special Master, which would use ConocoPhillips' second-filed and procedurally defective declaratory judgment action for resolving claims by some (but not all) creditors of Venezuela and PDVSA—provides the shortest and surest path to resolution of the alter ego claims.

---

[1]  Capitalized terms have the meanings specified in the Sale Procedures Order, D.I. 481 ("**SPO**"), the Opposing Creditors' Opposition to the Special Master's Motion for Expedited Briefing of His Injunction Motion, D.I. 1254, and the Opposing Creditors' Opposition to the Special Master's Injunction Motion, D.I. 1306, unless otherwise noted.  All docket citations are to the *Crystallex* docket, No. 1:17-mc-00151-LPS, unless otherwise noted.

While the Special Master did not squarely address the Court's question whether an inquiry into the merits of the alter ego claims might be useful for purposes of resolving the Injunction Motion, it is clear that the Special Master, Opposing Creditors, Crystallex, and ConocoPhillips all agree that no further proceedings are needed prior to the Court's determination of the Injunction Motion. Any such litigation in the context of the Injunction Motion would be a waste of judicial resources because the Injunction Motion must be denied on several separate, independent grounds and any findings made by the Court would lack preclusive effect in any event.

None of those separate flaws requiring denial of the Injunction Motion are addressed in the creative, albeit unjustified and legally impossible, RPO submitted by the Special Master. **First**, the *Princess Lida* doctrine remains inapplicable because there are not overlapping *in rem* or *quasi in rem* claims. Nothing in the alter ego actions affects this Court's ability to complete a sale of the PDVH Shares on an "as is, where is" basis. **Second**, the All Writs Act does not authorize an injunction because, as recognized by Judge Rakoff, Girard Street's complaint seeking an *in personam* judgment against PDVH does not interfere with this Court's jurisdiction over the PDVH Shares. And ***third***, as highlighted by ConocoPhillips' belated filing of a declaratory judgment action on October 14, 2024, no overlapping litigation was pending before this Court when the Opposing Creditors commenced their actions, as required for application of the first-filed rule.

The RPO would compound these problems (any of which would prevent entry of the Injunction) by setting a bar date to transform the Court into an exclusive forum for certain alter ego claims against PDVH. Not even a bankruptcy court, which this Court is not, could grant such partial and discriminatory relief. The Court also cannot exercise supplemental jurisdiction in this Rule 69 proceeding to determine PDVH's primary liability on the alter ego claims—a point made

in Opposing Creditor's opposition brief that remains wholly unrebutted.  Nor may the Court bind parties not subject to personal jurisdiction such as Girard Street.

Events during and subsequent to the October 1, 2024 Hearing ("**Hearing**," D.I. 1357 ("**Tr.**")) also confirm that the traditional equitable requirements for injunctive relief have not been satisfied, and that the proposed Injunction (although sorely desired by the Special Master's currently preferred bidder as a way to sweeten its deal) is unnecessary and therefore unwarranted. Specifically, no irreparable harm exists because other bidders are prepared to purchase the PDVH Shares on an "as is/where is" basis and the ongoing adjudication of the claims in the first-filed fora provide an adequate legal remedy.  Further, the Special Master has made no showing (and seeks no opportunity to establish) that the Opposing Creditors' alter ego actions lack merit or that the SPA would be approved even if the Injunction were entered.  Finally, the equities and public interest weigh against the Injunction.

Consistent with its limited jurisdiction in this garnishment proceeding, and in the interest of bringing all of the proceedings to an expeditious conclusion, the Court should deny the Injunction Motion.  Granting the Injunction in favor of the second-filed ConocoPhillips declaratory judgment action would sanction precisely the type of forum shopping the first-filed rule guards against, exacerbated by the Special Master's, ConocoPhillips' and Crystallex's attempts to use these submissions to set a case management order for a complaint that has not been served on all defendants and over which the Court lacks subject matter jurisdiction.  Opposing Creditors will raise their defenses to the ConocoPhillips action in a motion to dismiss in accordance with the Federal Rules of Civil Procedure.

## FACTUAL BACKGROUND

I.    **The Special Master Moves for an Urgent Injunction but Fails to Articulate the Relief Requested.**

The Special Master filed the Injunction Motion months after the Opposing Creditors filed the Actions seeking to establish PDVH's direct liability for judgments against Venezuela and PDVSA, arguing that urgent resolution of the motion was indispensable to a proposed sale of the PDVH Shares. D.I. 1248. Throughout briefing, and at the Hearing, the relief being sought was a moving target. Initially, the Special Master sought to enjoin the Opposing Creditors "from seeking to enforce judgments against [PDVSA] or [the Republic] by recovering from [PDVH], its subsidiaries, or their assets in the Alter Ego Actions." D.I. 1248-1. Then, in a reply brief supporting his motion to expedite briefing, he backtracked, seeking an Injunction only "to the extent that … recovering from PDVH, its subsidiaries, or their assets—is irreconcilable with this Court's sale process." D.I. 1258 at 4. At the Hearing, counsel for the Special Master reformulated the requested relief once more, stating that it "would not prevent [the Opposing Creditors] from pursuing their claims in other courts if they wanted to," but sought only to enjoin enforcement of the resulting orders, rendering the proceedings meaningless. Tr. at 74–77.

Also at the Hearing, in connection with a discussion of the "success on the merits" prong of the equitable test for permanent injunctions, the Court invited the parties to consider whether it might be possible to "invite [the Special Master] to make [his] case on the merits and figure out if PDVH is the alter ego of PDVSA," to develop a record on which to decide the Injunction Motion. Tr. at 124:22–25.

In light of the conflicting formulations of the requested Injunction—and to assess whether it "need[s] further help in resolving this motion or whether [it has] what [it needs] to resolve" the Injunction Motion, Tr. at 142:13–17—the Court ordered the Special Master to (*a*) submit a revised

proposed order for the Court to consider in connection with the pending Injunction Motion, and (*b*) advise the Court of the Special Master's position regarding whether the Court should conduct proceedings to determine whether PDVH is the alter ego of PDVSA.  D.I. 1340.

## II.    The Special Master Files a Materially Different (But Still Legally Impermissible) Revised Proposed Order.

The Special Master responded to the Court's orders on October 18, 2024 (after obtaining a 10-day extension) with a letter and the RPO, indicating that he does not seek further proceedings to resolve the Injunction Motion, thus rejecting the Court's suggestion of a possible merits determination as part of its consideration of the Injunction Motion.  RPO ¶¶ 1, 7.  Instead, he asks the Court to issue the Injunction and require any creditors of Venezuela or PDVSA which submitted an Attached Judgment Statement in these proceedings to either (*1*) file an alter ego claim in Delaware, or (*2*) be forever barred from asserting alter ego claims against PDVH and its subsidiaries.  *Id.* ¶ 8.  The RPO bears no resemblance to the previous proposals, and the Special Master cited no legal authority for the expansive powers embodied in the RPO's request for entry of a partial bar date order and no new precedent for the issuance of the Injunction more broadly.

On October 25, 2024 ConocoPhillips confirmed its view that "the Special Master's proposal appears to be that the merits of the alter ego claims are not placed at issue by the Injunction Motion itself," and refused to offer "any comments on the [RPO]."  D.I. 1395.  On that same date, Crystallex expressed support for the Special Master's request that this Court enjoin the Opposing Creditors but described the Special Master's proposal that the bar date Injunction apply to the subset of all claimants or writ holders who have filed an Attached Judgment Statement in these proceedings, and the Special Master's proposed bar date, as "overbroad."  D.I. 1397 at 1-2. Notably, neither Crystallex nor ConocoPhillips proposed a deadline or procedure for dismissing

their own claims asserting liability directly against PDVH which are currently subject to stays pending the outcome of the PDVH Sales Process.[2]

### III.     The Special Master Enters into and Recommends A Stock Purchase Agreement, Drawing Opposition From Relevant Stakeholders.

On September 27, 2024, the Special Master filed a purported Notice of his Recommendation along with a Proposed SPA under seal.  D.I. 1325, 1325-1.  The SPA was substantially redacted.  D.I. 1325-1.  The filing did not conform with the SPO's requirement for a notice of recommendation, and the Court has confirmed that the filing did not trigger any time periods described in the SPO.  Tr. 50:25–51:8.

Relevant stakeholders, including the Sale Process Parties and Additional Judgment Creditors, oppose the SPA for myriad reasons.  *See, e.g.*, D.I. 1373 at 3-12; D.I. 1357 at 29:20-21 (Crystallex describing its "major significant objections to the proposed transaction"); *id.* at 42:1-19 (ConocoPhillips expressing concerns about the escrow terms and the timing and terms of the objection and topping periods); *id.* at 37:20-24 (OIEG, which filed a response along with ACL, Huntington, Koch, Gold Reserve, and Rusoro, enumerating concerns about the topping period, the escrow provisions, and the limited information available to other potential bidders); *id.* at 52:14-22 (PDVH and Citgo asserting the financial inadequacy of the current bid, saying the value of the stock is close to $17 billion, while the offer is worth less than $7 billion).  All in all, the Sale Process Parties and Additional Judgment Creditors would send the Special Master back to the drawing board to negotiate a different and better deal.

---

[2]     Unlike Crystallex, ConocoPhillips represented that it was prepared to withdraw its claims against PDVH, but did not say *when* it would do so, Tr. 93:19-23; 96:25-97:1, and has not done so yet.

The fierce, widespread opposition to the SPA, and the emergence of alternative bidders, undercuts the Special Master's assertion that the requested Injunction would clear the path for approval of the SPA.  Rather, the SPA's escrow for alter ego claims brought by other creditors of Venezuela and PDVSA that would not be subject to the RPO, the proposed resolution of the 2020 Bondholder claims, and other provisions that materially depart from the first-in-time, first-in-right principle of Delaware law all would continue as independent and intractable obstacles to the SPA's approval.

### IV. Siemens and ConocoPhillips Filed Complaints Seeking to Litigate PDVH's Alter Ego Status.

Amid these debates, on October 4, 2024, Siemens Energy, Inc. ("**Siemens**") filed a complaint against PDVH seeking to recover $200 million from a defaulted promissory note issued by Venezuela based on the allegation that PDVH is the alter ego of PDVSA.[3]

On October 14, 2024, ConocoPhillips filed suit in this Court against the Opposing Creditors, the Venezuela Parties, and Siemens ("**ConocoPhillips' Declaratory Judgment Action**").[4]  That suit asks this Court to issue a declaratory judgment that PDVH is not subject to claims of reverse veil piercing, and, in the alternative, a writ of attachment against PDVH's shares in Citgo Holding.  *Id.* ¶ 1.  ConocoPhillips' complaint has not yet been served on Venezuela or PDVSA.  G&A and Gramercy will file their motion to dismiss the action on November 15, 2024, as directed by the Court.

---

[3] *Siemens Energy, Inc. v. PDV Holding, Inc.*, No. 24-BC11B-0010 (Tex. Bus. Ct. Oct. 4, 2024).
[4] *ConocoPhillips Petrozuata B.V. v. Girard Street Investment Holdings LLC et al.*, No. 1:24-cv-01140 (D. Del. Oct. 14, 2024).

## V.    Opposing Creditors' Actions Continue Progressing Towards Trial.

The Opposing Creditors' Actions remain pending before courts of competent jurisdiction in New York and Texas.  As of November 1, 2024, the parties before the SDNY have exchanged initial disclosures, requests for production, and interrogatories; Rule 45 subpoenas have been served on over 14 third parties, and the parties have been served notice of an additional nine subpoenas that will be served shortly; and Girard Street has filed its memorandum of law in opposition to a motion to dismiss.  The case will be prepared for trial by February 28, 2025, and a final pretrial conference is scheduled for March 10, 2025.[5]  On October 23, 2024, Judge Rakoff denied a motion by an Additional Judgment Creditor, Red Tree, to intervene in the SDNY action, emphasizing that "the proceedings in front of [SDNY] will not interfere" with this Court's sale process.  *Girard Street Investment Holdings LLC v. PDV Holding, Inc.*, No. 1:24-cv-04448 (S.D.N.Y. Oct. 23, 2024), D.I. 58 at 4 ("**Red Tree's Int. Dec.**").  In the two suits currently before the Southern District of Texas, (*1*) G&A, PDVH and PDVSA agreed to a stay pending resolution of the underlying action in SDNY which will resolve the pending motion to dismiss the alter ego claims and whether G&A is entitled to a judgment against PDVSA;[6] and (*2*) Gramercy filed an amended complaint on October 16, 2024 which is already subject to a motion to dismiss filed by PDVH on October 30, 2024.[7]

---

[5] *Girard Street Investment Holdings LLC v. PDV Holding, Inc.*, No. 1:24-cv-04448, D.I. 47, 49, 50-51, 59.
[6] *G&A Strategic Investments I LLC et al. v. PDV Holding, Inc.*, No. 4:24-cv-02774, D.I. 52, 57.
[7] *Gramercy Distressed Opportunity Fund, LLC v. PDV Holding, Inc.*, No. 4:24-cv-02981, D.I. 47, 47.

## ARGUMENT

**I.     The Parties Do Not Seek Further Proceedings Relating to the Injunction Motion.**

The Opposing Creditors agree with the Special Master that the Court should not hold further proceedings addressing the merits of the alter ego claim before deciding the Injunction Motion. Rather, the Court should immediately deny the Injunction Motion based on multiple independent grounds. *See infra* at 11-16. If, however, the Court believes that a finding that the Opposing Creditors' Actions lack merit is necessary for resolving the Injunction Motion, the burden of making such a showing surely lies with the Special Master. *Shields v. Zuccarini*, 254 F.3d 476 (3d Cir. 2001) ("In deciding whether to grant a permanent injunction, the district court must consider whether . . . the moving party has shown actual success on the merits"). And the Special Master made no such showing in his moving papers and has now rebuffed the Court's suggestion that further proceedings might be convened for that purpose.

Given the current procedural posture, any findings on the merits of the Alter Ego Claims would fall outside the Court's subject matter jurisdiction, and therefore constitute an improper advisory opinion. A court which "lacks subject matter jurisdiction . . . cannot decide the case on the merits." *In re Orthopedic "Bone Screw" Products Liab. Litig.*, 132 F.3d 152, 155 (3d Cir. 1997) (inherent authority over persons appearing before it did not empower district court to dismiss case over which it lacked subject matter jurisdiction). As discussed in the Opposing Creditors' Opposition to the Injunction Motion ("**Opp.**," D.I. 1306), this Court's limited Rule 69 ancillary jurisdiction does not extend over the Opposing Creditors' claims "to impose an obligation to pay an existing federal judgment on a person not already liable for that judgment." *Peacock v. Thomas*, 516 U.S. 349, 357 (1996); Opp. at 19. The Special Master has also not established "an independent basis to exercise subject matter jurisdiction as to the third party." *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 333 F. Supp. 3d 380, 393 (D. Del. 2018), *aff'd and remanded*,

932 F.3d 126 (3d Cir. 2019).  Because the Court lacks the power to resolve the alter ego claims on the merits in this proceeding, any resulting findings would be purely advisory, and therefore improper. *See Int'l Tel. & Tel. Corp. v. Alexander*, 396 F. Supp. 1150, 1161 (D. Del. 1975) ("Since a judgment on the merits declaring the respective rights of the parties would at this juncture not serve to resolve the issues in the instant case, the Court, in essence, is being asked to issue an advisory opinion," and the Court "lack[s] the power to issue advisory opinions.").

Even if the Court could reach the merits of the alter ego claim in the context of deciding the Special Master's Injunction Motion, any such ruling would lack preclusive effect.  Collateral estoppel applies when "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action."  *Raytech Corp. v. White*, 54 F.3d 187, 190 (3d Cir. 1995).  None of these requirements are satisfied:  the question of whether PDVH is the alter ego of PDVSA cannot be actually litigated in this proceeding because PDVH is not a defendant on the Injunction Motion and its interests are not represented; the Special Master's RPO does not provide for adequate discovery to adjudicate the claims; and a determination of PDVH's alter ego status is not necessary to either the Injunction Motion or this Court's Rule 69 enforcement action.  The provisional quality of any ruling on the merits on the alter ego claims necessarily follows from the procedural posture:  a court considering a motion to enjoin proceedings in another district cannot, in the course of addressing that motion, dispose of the matter on the merits *before* determining that the injunction can and should be granted.

**II.     The RPO Does Not Address the Arguments Preventing Issuance of an Injunction.**

The Opposing Creditors already demonstrated that the Injunction is not warranted under the *Princess Lida* doctrine, the All Writs Act, the first-filed rule, or the equitable elements of injunctive relief.  Opp. at 16-27, 29-33.  The RPO does not redress any of these failings, requiring denial of the Injunction Motion.

A.     <u>The *Princess Lida* Doctrine Does Not Support the Injunction.</u>

The Injunction Motion is inappropriate under the *Princess Lida* doctrine because the Alter Ego Actions seek an *in personam* declaration of liability against PDVH that has no bearing on the Court's control over the PDVH Shares.  *See Dailey v. Nat'l Hockey League*, 987 F.2d 172, 176 (3d Cir. 1993) ("*Princess Lida* applies when (1) the <u>litigation in both the first and second fora are</u> <u>*in rem* or *quasi in rem* in nature,</u> and (2) the relief sought requires that the second court exercise control over the property in dispute and such property is already under the control of the first court.") (emphasis added).

Neither of the authorities cited in the RPO supports issuance of the Injunction.  The Third Circuit's holding in *Dyno v. Dyno* that "[t]he practical effect of the relief, rather than the precise labelling of in rem or quasi in rem, is dispositive," 2021 WL 3508252, at *3 (3d Cir. Aug. 10, 2021), is inapposite.  In *Dyno*, there was no injunction barring proceedings in another court.  Rather the court dismissed an action seeking specific performance on the grounds that the relief sought required the court to exercise control over shares that were the subject matter of an *in rem* proceeding in state court.  That is not the case here where the Opposing Creditors' Actions only seek an *in personam* order against PDVH, without recourse to the PDVH Shares, the res under this Court's control.  *In re Orthopedic "Bone Screw" Litigation* further undercuts the Special Master's position.  132 F.3d 152, 156 (3d Cir. 1997).  There, the Third Circuit held that a court's inherent

authority over its docket extends to imposing Rule 11 sanctions so long as the sanctions do *not* amount to a determination of the merits of a case over which the court lacks subject matter jurisdiction, which is precisely what the Special Master seeks to do here. *Id.* at 156–7.

       B.    <u>The All Writs Act Does Not Support the Injunction.</u>

The All Writs Act does not permit issuance of the Injunction because relief is not necessary to protect the Court's jurisdiction or prior orders. The Alter Ego Claims will not prevent an as-is sale of the PDVH Shares and will not change the priority of creditors with respect to proceeds from that sale. Opp. at 2, 5–9, 19–20; Red Tree's Int. Dec. at 4–6 (holding that "the proceedings in front of [SDNY] will not interfere" with the *Crystallex* sale process). While any actual or potential judgment against PDVH (whether obtained by the Opposing Creditors or some other plaintiff) may reduce the proceeds generated by a sale of the PDVH Shares, litigation risk alone does not undermine the Court's ability to sell the shares "as is, where is" for a value that reflects the company's assets and liabilities. Opp. at 3; Tr. at 6:9–10 ("this is an as-is where-is sale of stock"). The potential impact on the value of the PDVH Shares does not interfere with the Court's jurisdiction because the Court is not tasked with *increasing* the value of the PDVH Shares by discharging PDVH's liabilities. "The purpose of the sale process is to maximize the value of the Company *as it is* and not to derive a hypothetically higher value based on contractual protections the Company may not currently possess." *In re TransPerfect Glob., Inc.*, 2016 WL 3477217, at *4 (Del. Ch. June 20, 2016) (rejecting imposition by Robert Pincus, Esq., in his capacity as custodian, of non-compete clauses in a judicial sale). Similarly here, the Special Master cannot seek to increase the value of the PDVH Shares by enjoining litigation against PDVH.

Opposing Creditors' Actions also do not contravene the Priority Order.  Attached Judgment Creditors will receive the sale proceeds in accordance with the Court-approved waterfall regardless of the results of the Opposing Creditors' Actions.  Opp. at 20; Red Tree's Int. Dec. at 4–6.

C.    The First-Filed Rule Does Not Support the Injunction.

Tacitly acknowledging that no overlapping alter ego claim was pending in this Court when the Special Master filed the Injunction Motion, the RPO does not invoke the first-filed rule.  Rather, it attempts to leverage a later-filed declaratory judgment action as a basis for enjoining the Opposing Creditor's Actions in contravention of the very same precedents relied on in the motion papers.  RPO at 2; D.I. 1249 at 15–20.

As a second-filed case, the ConocoPhillips' Declaratory Judgment Action provides no basis for enjoining overlapping actions in other district courts.  The first-filed rule exists to avoid wasteful and duplicative litigation and ensure that plaintiffs are not deprived of their chosen forum absent exceptional circumstances.  *See, e.g.*, *Optical Recording Corp. v. Capitol-EMI Music, Inc.*, 803 F. Supp. 971, 979 (D. Del. 1992).    In the RPO, the Special Master concedes that ConocoPhillips' Declaratory Judgment Action involves "substantially identical issues of fact and law" as the Opposing Creditors' Actions.  RPO ¶ 8.  At the Hearing, counsel for the Special Master acknowledged just such a claim would be susceptible to challenge under the first-filed rule.  Tr. at 77:1–5 ((Counsel for the Special Master) "obviously if we file the declaratory judgment action in front of you, then we might be dealing with the same kinds of arguments there, right, under the first filing (sic)").  In the absence of an overlapping first-filed case, the Injunction Motion should be denied in favor of the proceedings in Texas and New York.

Moreover, the procedural defects in ConocoPhillips' Declaratory Judgment Action— including lack of personal jurisdiction over certain defendants and a lack of subject matter

jurisdiction—counsel against an RPO that uses the declaratory judgment action as a vehicle for resolving the alter ego claims on the merits.

D.    The RPO Does Not Satisfy the Traditional Requirements for Injunctive Relief.

The Injunction Motion also fails because it does not meet the traditional requirements for injunctive relief.  *See* Opp. at 29–33.  **First**, there is no evidence of *irreparable harm*.  The Special Master's allegations that the Opposing Creditors' Actions "impair the Special Master's ability to achieve a value-maximizing sale," D.I. 1327 at 13, have proven to be incorrect as alternative bidders have since emerged.  *See* Tr. at 56:14–16 ((Counsel for Crystallex) "We would credit bid despite our inclination not to do so if this is . . . the only deal that's on the table."); D.I. 1373, Ex. B-1 (Crystallex) at 1 ("Crystallex has become aware of several parties who have expressed interest in submitting bids that comply with Delaware law and that would offer cash to creditors in the waterfall without the escrow arrangement advocated by the Special Master."); *id.*, Ex. B-4 (AP Judgment Creditors) at 4 ("[A]ssuming the Data Room is re-opened immediately, there should be no impediment to finalizing the terms of a materially superior Gold Reserve bid in short order.").  The Special Master has not shown that, absent the Injunction, these alternative bids could not proceed; nor has the bidder definitively stated that it or some other buyer would not proceed with a bid absent the Injunction.  D.I. 1379-1 at 3 (Amber Energy, Inc. *amicus* brief describing possibility of an "as is, where is" sale with minimal protections).

**Second**, there are *alternative remedies at law*.  "Generally, if a party will have [the] opportunity to raise its claims in the concurrent federal proceeding sought to be enjoined, that concurrent proceeding is deemed to provide an adequate remedy at law."  *Alabama v. U.S. Army Corps Of Engineers*, 424 F.3d 1117, 1132 (11th Cir. 2005) (citing to *Porto Rico Tel. Co. v. Puerto Rico Commc'n Auth.*, 189 F.2d 39, 41 (1st Cir. 1951); 11A *Wright, Miller & Kane, Federal Practice*

14

*and Procedure: Civil 2d* § 2942).  PDVH as defendant and PDVSA as intervenor will have an opportunity to contest the merits of the Opposing Creditors' Actions in the SDNY and S.D. Tex. Given that PDVSA has not been served, and may never be served, in ConocoPhillips' Declaratory Judgment Action, and without prejudice to other arguments against that action proceeding, the Opposing Creditors' Actions are clearly superior fora for resolving these claims.

  ***Third***, the *balance of hardships* and the *public interest* weigh against granting the Injunction.  The Injunction is not necessary to consummate an otherwise viable proposed SPA, and therefore will not facilitate the enforcement of any judgments.  Instead, the Injunction would unfairly single out the Opposing Creditors' Actions from other active and stayed litigation against PDVH, including the PDVSA 2020 Bondholders' case.  That unfairness would be compounded by Crystallex's suggestion that *only* the Opposing Creditors' Actions should be enjoined, without impacting claims against PDVH asserted by Siemens, Crystallex itself, and others.

  The Special Master's proposal to enjoin only creditors who filed an Attached Judgment Statement is also inappropriate.  RPO ¶ 7.  Submitting an Attached Judgment Statement did not require a waiver of other rights, nor did it entitle the filing party to any relief.  *See* D.I. 646.  The SPO required creditors to deliver Attached Judgment Statements to the Special Master and counsel for the Venezuela Parties solely for the purpose of providing "information pertinent to understanding the outstanding balance of the applicable Attached Judgment or judgment," SPO ¶ 32, and Girard Street and G&A obliged, notwithstanding that they had not yet even secured judgments against PDVSA.  Enjoining only creditors who filed an Attached Judgment Statement would punish Girard Street and G&A for their diligence, disadvantaging them vis-à-vis other current and potential creditors who did not file Attached Judgment Statements and would therefore remain free to file alter ego claims against PDVH.

E.     The Court Lacks Personal Jurisdiction over Girard Street.

Finally, the Special Master still has not demonstrated that the Court can exercise personal jurisdiction to enjoin Girard Street, a limited liability corporation incorporated in the Cayman Islands, headquartered in Connecticut, with no contacts with Delaware.  Opp. at 27–28.

## III.    The Revised Proposed Order Exceeds the Court's Power.

The Special Master's RPO, which would adjudicate in this attachment proceeding certain *in personam* claims against PDVH that have been or may be filed in other jurisdictions, relies on a bizarre and unprecedented hybrid of bankruptcy jurisdiction not available to this Court.  The Special Master has offered no support (because none exists) for an order requiring the Opposing Creditors and other Additional Judgment Creditors, but no other creditors, to file new alter ego actions against PDVH in this Court by a certain date, or have those claims permanently barred. *Cf. Kollmorgen Corp. v. Gettys Corp.*, 760 F. Supp. 65, 66 (3d Cir. 1991) (emphasizing "plaintiff's right to choose the forum so long as jurisdiction over the controversy is proper"); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("[T]he plaintiff [is] the master of the claim").  *U.S. v. Int'l Brotherhood of Teamsters* did not involve such an order.  907 F.2d 277 (2d Cir. 1990).  While the SDNY and the Second Circuit determined that certain claims against officers appointed by the SDNY must be litigated in the SDNY, they did so pursuant to a consent decree which was binding on all involved parties.  *Id.* at 280-81.  Here, there is no consent decree or other order requiring creditors of PDVSA and Venezuela to seek enforcement only in this jurisdiction on an alter ego basis or on any other grounds.  *Cf.*  D.I. 963, ¶ 4 n.7 (confirming that Gramercy "will remain free to pursue other collection efforts").

The Special Master likewise provides no support for his request that this Court bar all claims not brought before it by a given date.  While the theory of equitable tolling under Delaware

law allows courts to *extend* a statute of limitations in certain circumstances, *see In re Fruehauf Trailer Corp.*, 250 B.R. 168, 193 (D. Del. 2000), a court may only *shorten* the relevant limitations period if the parties agree to do so by contract and the agreed upon time period is found to be reasonable.  *See HBMA Holdings, LLC v. LSF9 Stardust Holdings LLC*, 2017 WL 6209594, at *6 (Del. Ch. Dec. 8, 2017).  The basis for a bar date in a bankruptcy case, upon which the Special Master's proposal appears to be modeled, simply does not exist with respect to the bar date proposed in the RPO.  A bar date works fairly in a bankruptcy case because the court exercises bankruptcy jurisdiction over all of the debtor's assets as well as all claims against the debtor.  In that context a claims bar date facilitates the process of allocating *all* of the assets among *all* of the claims.  The RPO proposal, on the other hand, would apply when only one asset is before the Court—the PDVH Shares—and singles out only certain potential claimants to other assets— PDVH's—for compliance with the bar order, while leaving everyone else free to pursue claims against PDVH in other courts.  The Special Master fails to address the evident unfairness of this hybrid model and its infirm jurisdictional basis.

## IV.    The RPO Would Prolong, Rather than Expedite, Resolution of the Alter Ego Claims.

The shortest path to a resolution on the merits of the Opposing Creditors' Actions is to allow them to proceed uninterrupted in the SDNY and S.D. Tex.  The parties in the SDNY are actively engaged in discovery—scheduled to close on January 24, 2025—and will be trial-ready by February 28, 2025.  In the S.D. Tex., one suit is stayed pending the SDNY's determination of whether G&A is entitled to a judgment against PDVSA, while in the Gramercy action PDVH has filed a dispositive motion to dismiss.  Proceedings on the merits in SDNY—where all necessary parties are properly joined and present—will be completed before or around the same time as the hearing date proposed by the Special Master.  D.I. 1374 at 2-3.  On the contrary, enjoining the

Opposing Creditors' Actions and forcing new claims to be filed here would entail months of delay and great legal uncertainty. The Special Master's proposal contemplates a procedural schedule that bears no resemblance to the Federal Rules of Civil Procedure and would fall short of the full litigation on the merits that is underway in New York and Texas, and to which the Opposing Creditors are entitled.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in the Opposition and at the Hearing, the Court should deny the Injunction Motion and the RPO.

Dated: November 1, 2024

Respectfully submitted,

*Theodore A. Kittila*
Theodore A. Kittila (Bar No. 3963)
**HALLORAN FARKAS + KITTILA LLP**
5722 Kennett Pike
Wilmington, DE 19807
(302) 257-2025
tk@hfk.law

Mark W. Friedman*
William H. Taft V*
Carl Micarelli*
Juan Fandiño*
Caroline Wallace*
**DEBEVOISE & PLIMPTON LLP**
66 Hudson Boulevard
New York, NY 10001
(212) 909-6000
mwfriedman@debevoise.com
whtaft@debevoise.com
jfandino@debevoise.com
chwallace@debevoise.com

Robert Drain*
Lisa Laukitis*
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
One Manhattan West
New York, NY 10001
(212) 735-3000
robert.drain@skadden.com
lisa.laukitis@skadden.com

*Counsel to Gramercy Distressed Opportunity Fund LLC*

19

*Andrew H. Sauder*
Andrew H. Sauder (Bar No. 5560)
**DAILEY LLP**
1201 N. Orange St., Ste. 7300
Wilmington, DE 19801
(302) 415-3560
asauder@DaileyLLP.com

Michael Baratz*
Emma Marshak*
**STEPTOE LLP**
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-3000
mbaratz@steptoe.com
emarshak@steptoe.com

Robert Drain*
Lisa Laukitis*
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
One Manhattan West
New York, NY 10001
(212) 735-3000
robert.drain@skadden.com
lisa.laukitis@skadden.com

*Counsel to G&A Strategic Investments I LLC,
G&A Strategic Investments II LLC,
G&A Strategic Investments III LLC,
G&A Strategic Investments IV LLC,
G&A Strategic Investments V LLC,
G&A Strategic Investments VI LLC,
G&A Strategic Investments VII LLC, and
Girard Street Investment Holdings LLC*

\* Admitted *pro hac vice*