**Potter Anderson & Corroon LLP**
1313 North Market Street, 6th Floor
Wilmington, Delaware 19801-6108
302.984.6000
potteranderson.com



Myron T. Steele
Senior Counsel
msteele@potteranderson.com
Direct 302.984.6030

November 6, 2024

**BY HAND DELIVERY & CM/ECF**

The Honorable Leonard P. Stark
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801-3570

      Re:  *Crystallex International Corp. v. Bolivarian Republic of Venezuela*,
           D. Del. C.A. No. 1:17-mc-00151-LPS

Dear Judge Stark:

I write to submit this status report (this "**Status Report**") on behalf of Special Master Robert B. Pincus (the "**Special Master**") in the above-referenced matter. In the last several weeks since the filing of the *Notice of Special Master's Recommendation* [D.I. 1325] (the "**Notice**"), the Special Master and Amber Energy Inc. ("**Amber Energy**") have been engaged in discussions regarding the terms of the Stock Purchase Agreement dated September 27, 2024 (the "**SPA**") related to the escrow of sale proceeds.[1]

As the Court is aware, the proposed transaction has received criticism from the Sale Process Parties and certain Additional Judgment Creditors, particularly with respect to the Attached Judgment Creditor Escrow (as defined in the Trust Structure Term Sheet attached as Exhibit A to the SPA, the "**Trust Structure Term Sheet**").

Although the Special Master and his advisors continue to believe the terms of the transaction embodied in the SPA provide a path to maximizing the value of the PDVH Shares for the benefit of Attached Judgments (including more junior Attached Judgments), we also acknowledge the dissatisfaction among certain stakeholders, including Crystallex and ConocoPhillips, and the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the *Sixth Revised Proposed Order (A) Establishing Sale and Bidding Procedures, (B) Approving Special Master's Report and Recommendation Regarding Proposed Sale Procedures Order, (C) Affirming Retention of Evercore as Investment Banker by Special Master and (D) Regarding Related Matters* (D.I. 481) (the "**Sale Procedures Order**") or in the SPA (as defined herein).

The Honorable Leonard P. Stark
November 6, 2024
Page 2

difficulty of prosecuting a transaction that faces substantial opposition from key stakeholders. Heeding these concerns, and despite proposing the existing transaction in the SPA as a way to mitigate the risk of alter ego actions for stakeholders, the Special Master requested that Amber Energy consider proposing either an additional alternative transaction structure or a substitute transaction structure that does not contain an Attached Judgment Creditor Escrow, but instead pays Additional Judgment Creditors directly upon closing a transaction and obtaining control of the PDVH Shares.

To that end, earlier today, Amber Energy submitted the letter and term sheet attached hereto as Exhibit A (the "**Alternative Transaction Term Sheet**") to the Special Master. The Special Master understands that, while Amber Energy has not abandoned the original transaction proposed in the SPA (and which proposal the Special Master continues to support), in an effort to garner support among the stakeholders, it is proposing a modified transaction structure that includes an alternative transaction that removes the Attached Judgment Creditor Escrow (i.e. that *does not* set aside sale proceeds pending the resolution of Alter Ego Claims (as defined in the Trust Structure Term Sheet)), but instead pays Additional Judgment Creditors directly upon closing a transaction and obtaining control of the PDVH Shares. This alternative transaction results in a deduction to the original transaction purchase price, changes to the closing conditions that require affirmation by the Third Circuit of any appeals on the Sale Order or Injunction Order, and certain other changes specified in the Alternative Transaction Term Sheet. For the avoidance of doubt, the alternative transaction does not modify the material assumptions and adjustments to the purchase price contemplated by the existing SPA. During the topping period, the Special Master will consider competing proposals, if any, from interested parties in comparison to both the original transaction proposed in the SPA and the alternative transaction.

Subject to any input from the Court on a go-forward schedule or next steps, the Special Master has requested that Amber Energy—in consultation with the Sale Process Parties— expeditiously incorporate the terms of the Alternative Transaction Term Sheet into a revised SPA (the "**Revised SPA**"). In the event the Special Master and Amber Energy reach agreement on definitive documentation, the Revised SPA will be appended to any Bidder Protection Motion filed by the Special Master, as outlined in the October 18, 2024 *Joint Status Report* [D.I. 1373] (the "**Joint Status Report**"). At that time, the full terms of both bid structures will be fully public.

Notwithstanding the foregoing, the Special Master acknowledges the Court is considering the positions set forth in the Joint Status Report, and the Special Master's proposed steps in this report are qualified in their entirety by any order issued by the Court in connection with the Joint Status Report.

The Honorable Leonard P. Stark
November 6, 2024
Page 3

                                      Respectfully,

                                      */s/ Myron T. Steele*

                                      Myron T. Steele (#00002)

                                      *Counsel for Special Master*
                                      *Robert B. Pincus*

cc:     All Counsel (via CM/ECF)