# EXHIBIT A

Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
Bank of America Tower
New York, NY 10036

T   +1 212.872.1000
F   +1 212.872.1002
akingump.com

**Akin**

**Dan Fisher**
+1 212.872.7450/fax: +1 202.887.4288
dfisher@akingump.com

November 6, 2024

VIA E-MAIL

Robert B. Pincus in his capacity as Special Master
for the United States District Court for the District
of Delaware
PO Box 4570
Wilmington, DE 19807
Email: RBPincus@gmail.com

Evercore
909 Fannin, Suite 1800
Houston, Texas 77010
Attention: Ray Strong; William Hiltz
Email: ray.strong@evercore.com;
hiltz@evercore.com

Dear Messrs. Pincus, Strong and Hiltz:

At your request, we respectfully submit this letter to you on behalf of our client, Amber Energy Inc., a Delaware corporation (the "*Buyer*"), regarding that certain Stock Purchase Agreement, dated as of September 27, 2024 (as amended, restated or otherwise modified from time to time, the "*Signed SPA*") by and between the Buyer and Robert B. Pincus, solely in his capacity as special master (the "*Special Master*" or "*you*" and, together with the Buyer, the "*Parties*" and each a "*Party*") for the Honorable Leonard P. Stark, United States District Court for the District of Delaware (the "*Court*").  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Signed SPA.

The Buyer (and for avoidance of doubt, Elliott Investment Management L.P.) continues to believe the Signed SPA and the transactions contemplated thereby present a positive path to maximize value for the Claimholders and the Buyer remains committed to such transactions. However, we have noted the concerns raised by stakeholders in filings and oppositions submitted to the Court regarding the Signed SPA (including the trust structure contemplated therein) and, at the Special Master's request, the Buyer is willing to consider an alternative transaction structure (an "*Alternative Transaction*") that would remove the trust structure currently contemplated by the Signed SPA and allow for a distribution of proceeds to Claimholders concurrently with the



November 6, 2024
Page 2

closing of the Alternative Transaction, as further described in the term sheet attached hereto as <u>Exhibit A</u>.

      Regardless of whether the Parties pursue the transactions contemplated by the Signed SPA or the Alternative Transaction, we note that the Bidder requires sufficient bidder protections to continue participating in this process. The Buyer's entry into any Alternative Transaction would be contingent upon the Special Master promptly filing with the Court a recommendation seeking approval of a bid protections order in form and substance acceptable to the Buyer with respect to the Alternative Transaction.

      We want to emphasize that this alternative remains subject to the Special Master continuing to abide by the exclusivity terms in the Signed SPA. To the extent that the Court or the Special Master determine that such exclusivity terms are no longer in place or take other actions to undermine the exclusivity arrangements, then Buyer will stop pursuing any transaction with the Special Master and terminate the Signed SPA.

Sincerely,

AKIN GUMP STRAUSS HAUER & FELD LLP

Daniel Fisher, Partner

CC:   Weil, Gotshal & Manges LLP
       767 Fifth Avenue
       New York, New York 10153
       Attention: Michael J. Aiello; Ray C. Schrock; Eoghan P. Keenan
       Email: michael.aiello@weil.com; ray.schrock@weil.com; eoghan.keenan@weil.com



EXHIBIT A

Alternative Transaction Term Sheet

(Attached)

**Exhibit A**

**Term Sheet for Alternative Transaction**

  *Capitalized terms used but not defined in this term sheet (this "**Term Sheet**") shall have the meanings ascribed to them in that certain Stock Purchase Agreement, dated as of September 27, 2024 (as amended, restated or otherwise modified from time to time, the "**Signed SPA**") by and between Amber Energy Inc., a Delaware corporation (the "**Buyer**"), and Robert B. Pincus, solely in his capacity as special master (the "**Special Master**" and, together with the Buyer, the "**Parties**") for the Honorable Leonard P. Stark, United States District Court for the District of Delaware (the "**Court**"). This Term Sheet is being distributed for discussion purposes only, and remains subject to definitive documentation in all respects which shall be acceptable to the parties in their sole discretion.*

| | |
|---|---|
| *Transaction Structure* | Purchase of 100% of the issued and outstanding capital stock of the Company on terms and conditions consistent with the Signed SPA except as otherwise described in this Term Sheet (the "***Alternative Transaction***"). |
| | The Alternative Transaction will not include the trust structure contemplated by the Trust Structure Term Sheet attached as Exhibit A to the Signed SPA.  At the closing of the Alternative Transaction, the Buyer shall pay (a) an amount equal to the Closing Consideration *minus* the 2020s Escrow Amount to the Paying Agent for distribution as directed by the Special Master, and (b) the 2020s Escrow Amount to the 2020s Escrow Account. Following the Closing, any escrowed amounts to be released for the benefit of the Claimholders shall be paid to the Paying Agent for further distribution as directed by the Special Master. |
| | In the event that a Competing Proposal is made prior to the No-Shop Period, the provisions of <u>Section 6.17(e)</u> (and related definitions) shall apply to both the transaction currently contemplated by the Signed SPA (the "***Original Transaction***") and the Alternative Transaction, and if the Special Master determines (in good faith, after consultation with his financial and legal advisers) that a Competing Proposal is a Superior Proposal with respect to the Original Transaction but such Competing Proposal is not a Superior Proposal with respect to the Alternative Transaction, then the Special Master shall recommend to the Court and seek entry of an alternative sale order approving the Alternative Transaction. For the avoidance of doubt, the Special Master must determine (in good faith, after consultation with his financial and legal advisers) that a Competing Proposal is a "Superior Proposal" with respect to both the Original Transaction and the Alternative Transaction in order for such Competing Proposal to be a "Superior Proposal" under the A&R SPA (as defined below). |

In the event that (a) no Competing Proposal is made prior to the No-Shop Period or (b) any such Competing Proposal does not result in a Superior Proposal, the Special Master shall determine (in good faith, after consultation with his financial and legal advisers) whether the Alternative Transaction constitutes a "Superior Proposal" with respect to the Original Transaction. In such event, if the Alternative Transaction is determined to be a Superior Proposal with respect to the Original Transaction, then (i) the Special Master shall recommend to the Court and shall seek entry of an alternative sale order approving the Alternative Transaction and (ii) for the avoidance of doubt, no Termination Fee would be payable to the Buyer except as otherwise provided in Section 8.3(b) of the Signed SPA. In the event that the Special Master does not determine that a Competing Proposal or the Alternative Proposal constitutes a Superior Proposal, the Special Master shall recommend to the Court the approval of the Original Transaction.

The Special Master shall determine whether the Alternative Transaction is a "Superior Proposal" within one (1) Business Day following the commencement of the No-Shop Period.

| | |
|---|---|
| ***A&R SPA*** | The Parties will negotiate and execute an amended and restated version of the Signed SPA (the "***A&R SPA***") to include such modifications as are necessary to reflect the Alternative Transaction as set forth in this Term Sheet or are otherwise mutually agreed by the Parties. |
| ***Bid Protections*** | No later than one (1) Business Day following the later of (x) the date on which the Court enters an Order granting the Injunction Motion and (y) execution and delivery by the Parties of the A&R SPA, the Special Master shall file, or cause to be filed, with the Court a recommendation seeking approval of an order (the "***Bid Protections Order***") in form and substance acceptable to the Buyer in its sole discretion with respect to the bidder protections provided in the A&R SPA. On or prior to the date on which the Special Master files his recommendation seeking approval of the Bid Protections Order, the Buyer shall deliver or cause to be delivered to the Special Master executed equity and debt commitment letters in form and substance acceptable to the Parties in their sole discretion. |
| ***Adjustment to Purchase Price for Alternative Transaction*** | In the event that the Alternative Transaction is pursued in accordance with the terms and conditions of the A&R SPA, the Lock Box Consideration Amount will be subject to an additional downward adjustment equal to $2,000,000,000 (the "***Alternative Transaction Adjustment***"). |
| | Except as otherwise described in this Term Sheet, the payments to be made by the Buyer upon the closing of the Alternative |

2

Transaction shall be as set forth in the Signed SPA, including with respect to the adjustment escrow holdback and other purchase price adjustments.

***Alternative Transaction Closing Conditions***

The A&R SPA shall include conditions to the closing of the Alternative Transaction consistent with this Term Sheet and the closing conditions set forth in the Signed SPA; <u>provided</u>, that:

1. the A&R SPA shall include the following condition to the closing of the Alternative Transaction instead of the condition set forth in <u>Section 7.2(d)</u> of the Signed SPA: "the Sale Order shall have become final and non-appealable, shall not be subject to any stay, and shall not have been vacated or modified in a manner adverse to the Buyer in the Buyer's sole discretion; or if the Sale Order was appealed, and such appeal is not dismissed, the Third Circuit shall have affirmed the Sale Order and shall not have vacated or modified it in a manner adverse to the Buyer in the Buyer's sole discretion"; and

2. the injunction contemplated by the Injunction Motion shall be limited in scope to enjoin all claimants or writ holders who have filed an Attached Judgment Statement in the Specified Litigation or who are Attached Judgment Creditors, shall have become final and non-appealable, shall not be subject to any stay, and shall not have been vacated or modified in a manner adverse to the Buyer in the Buyer's sole discretion; or if the Injunction Motion was appealed, and such appeal is not dismissed, the Third Circuit shall have affirmed the Injunction Motion and shall not have vacated or modified it in a manner adverse to the Buyer in the Buyer's sole discretion.

***2020 Bonds***

The A&R SPA shall provide that the Special Master and the Buyer shall take such actions as provided in the Trust Structure Term Sheet, or such other actions mutually agreed by the Special Master and the Buyer, to obtain a resolution with respect to the Equity Pledge.

***Alternative Transaction Termination Fee***

In the event that the Special Master determines that the Alternative Transaction is a Superior Proposal, the Termination Fee shall equal 3.0% of an amount equal to Enterprise Value *minus* the Assumed Claims Amount *minus* the Alternative Transaction Adjustment, and shall only be payable to the Buyer as set forth in <u>Section 8.3(b)</u> of the Signed SPA and, for the avoidance of doubt, shall not be triggered because the Special Master elects to recommend the Alternative Transaction instead of the Original Transaction.