**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

CRYSTALLEX INTERNATIONAL CORP.,

                Plaintiff,

      v.

BOLIVARIAN REPUBLIC OF VENEZUELA,

                Defendant.

Case No. 1:17-mc-00151-LPS

PUBLIC VERSION FILED
NOVEMBER 12, 2024

---

**THE BOLIVARIAN REPUBLIC OF VENEZUELA'S OPENING BRIEF IN SUPPORT
OF ITS MOTION TO ENFORCE ACCESS TO THE STOCK PURCHASE
AGREEMENT AND SERVICE OF PAPERS**

OF COUNSEL:

Donald B. Verrilli, Jr.
Elaine J. Goldenberg
Ginger D. Anders
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW
Suite 500 E
Washington, D.C. 20001
(202) 220-1100
Donald.Verrilli@mto.com
Elaine.Goldenberg@mto.com
Ginger.Anders@mto.com

George M. Garvey
Adeel Mohammadi
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100
George.Garvey@mto.com
Adeel.Mohammadi@mto.com

A. Thompson Bayliss (#4379)
Christopher Fitzpatrick Cannataro (#6621)
ABRAMS & BAYLISS LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807
(302) 778-1000
bayliss@abramsbayliss.com
cannataro@abramsbayliss.com

*Attorneys for Bolivarian Republic of Venezuela*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

STATEMENT OF FACTS ...................................................................................................2

ARGUMENT ....................................................................................................................5

    I.        The Republic Is Entitled To An Unredacted Copy Of The SPA. ..........................6

    II.      The Republic Is Entitled To Unredacted Copies Of All Court Filings...................7

    III.    The Special Master Is Causing Significant Prejudice To The Republic By Refusing To Provide The SPA And Requiring That Docket Filings Be Withheld From The Republic. ...................................................................................9

CONCLUSION................................................................................................................12

EXHIBIT LIST ..............................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ayestas v. Davis*,
    584 U.S. 28 (2018) ...................................................................................................9

*In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*,
    924 F.3d 662 (3d Cir. 2019)..............................................................................6, 7

*In re Kensington Int'l Ltd.*,
    368 F.3d 289 (3d Cir. 2004)..............................................................................8, 9

*In re Sch. Asbestos Litig.*,
    977 F.2d 764 (3d Cir. 1992) ................................................................................9

RULES

Federal Rule of Civil Procedure 5(a) ..........................................................................7, 8

OTHER AUTHORITIES

4B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1143 (4th
    ed.) ......................................................................................................................7

The Bolivarian Republic of Venezuela (the "Republic") respectfully requests that this Court order the Special Master to provide the Republic with an unredacted copy of the Stock Purchase Agreement ("SPA"), and to cease instructing parties to withhold from the Republic portions of their filings on this Court's docket. The Special Master has provided an unredacted copy of the SPA to each of the remaining Sale Process Parties,[1] yet has repeatedly refused to provide one to the Republic, to allow other Sale Process Parties (including other Venezuela Parties) to share an unredacted copy with the Republic, or even to permit other parties to disclose to the Republic information from the SPA that appears in papers filed with this Court. The Special Master's refusal has significantly prejudiced the Republic's ability to participate fully and fairly in the litigation process. Instead, the Republic is now forced to analyze the partial SPA and evaluate proposals from the Special Master (including his requests for relief from this Court) and other parties without access to key information about the terms of the proposed agreement with Amber Energy Inc. ("Amber Energy"). Accordingly, this Court should issue an order clarifying that the Republic is entitled to service of the full SPA, as well as all filings made on the Court docket.[2]

---

[1]     All capitalized terms used but not otherwise defined herein shall have the meaning ascribed to hem in the Sale Procedures Order, D.I. 481.

[2]     While the Special Master has suggested that he intends to provide the Republic with the SPA when he files on the docket an unredacted version "in connection with the Bidder Protection Motion," D.I. 1373, at 6, whether the Court will in fact adopt his proposal for a Bidder Protection Motion and, if so, when he would file such a motion remain unclear. All the while, the Republic continues to suffer prejudice because of its inability to access the terms of the SPA with which all remaining Sale Process Parties have been served. The Court should therefore act now to order the Special Master to provide the Republic with the SPA and cease instructing parties to withhold Court filings from the Republic.

## STATEMENT OF FACTS

In his recent status report, the Special Master erroneously reported that the Republic "elected not to receive any drafts of the SPA." D.I. 1373, at 6 n.4. Not so. The Republic has requested the SPA on numerous occasions, but the Special Master has consistently refused to share it with the Republic while providing it to the other Sale Process Parties. This selective disclosure has placed the Republic at a significant disadvantage.

The Special Master's rationale for his refusal to share the SPA seems to stem from the Republic's representation to the Special Master in July 2024 — at the time the second round of bids had been received by the Special Master — that the Republic "reserves the right to make in the future an offer to purchase such shares and/or to submit to the Court and/or the Special Master other mechanisms that are more effective and equitable than an order approving a sale." Exhibit A (Statement of Position of the Bolivarian Republic of Venezuela). At the time, the Special Master took the position that under his Bidding Procedures, if the Republic's representatives received unredacted bid letters and related documents ("Bid Documentation"), the Republic would be "hereafter 'precluded from submitting any bid or other offer for the PDVH Shares.'" Exhibit B, at 1 (July 9, 2024 email from Special Master's counsel to the Republic's counsel) (citing D.I. 481-1 ("Bidding Procedures"), at 13-14). The Republic protested the Special Master's position as "inappropriate," but "[t]o preserve its rights and options," the Republic declined to review copies of the unredacted Bids to which the Special Master attached his "hereafter 'precluded'" condition at that time. Exhibit B, at 1 (July 11, 2024 email from the Republic's counsel to the Special Master's counsel).

At no point, however, did the Republic forego its right to information about the bid the Special Master ultimately elected to recommend to the Court — much less, to being denied full access to documents filed with the Court. In direct communications with counsel for the Special

2

Master and in papers filed with the Court, the Republic repeatedly reiterated its objection to the special Master's position. *See, e.g.,* Exhibit C, at 1 (September 26, 2024 email from the Republic's counsel to the Special Master's counsel); D.I. 1352, at 1-2 (October 4, 2024 Joinder); Exhibit D, at (October 18, 2024 email from the Republic's counsel to the Special Master's counsel); D.I. 1387, at 5 (public version of statements in October 18, 2024 Joint Status Report).

Still, in the following months, the Special Master has withheld multiple versions of his SPA with Amber Energy — including both drafts and the version he has represented was executed — from the Republic. On September 26, 2024, in response to objections filed by the Venezuela Parties at D.I. 1309 about what they argued were material modifications of the Sale Procedures Order by the Special Master, the Special Master filed a sealed draft of the SPA alongside his response papers. *See* D.I. 1317-1.[3] In response to the Republic's request that the Special Master provide with the draft SPA filed on this Court's docket, the Special Master refused, reporting that he did "not intend to share the SPA with the Republic before it is filed publicly and likewise does not consent to PDVSA or any other parties doing so." Exhibit C (September 26, 2024 email from the Special Master's counsel to the Republic's counsel).

Similarly, though the CITGO Parties and PDVSA filed another draft SPA — this time a redline — on the Court's docket on September 26, 2024, in connection with the same briefing, D.I. 1319-1, the Special Master did not permit the Republic to see that redline. Thus, the Republic

---

[3]     While the Special Master subsequently filed that draft SPA on the public docket, *see* D.I. 1344-1, he did not do so until October 3, 2024, a full week after the Republic's deadline to respond to the Special Master's filing and after the October 1 hearing — thus depriving the Republic of the opportunity to respond to evidence the Special Master had put before the Court.

was unable to respond to that version either.[4]  On September 27, 2024, the Special Master notified the Court that he had selected Amber Energy as the "Successful Bidder" and filed a redacted version of the SPA he executed with Amber Energy.  D.I. 1325.[5]  He has provided unredacted copies of the execution version SPA to each of the Sale Process Parties except the Republic, but despite the Republic's repeated requests, he has not permitted the Republic to see a copy.  Instead, the Special Master has stated that the Republic will receive the SPA through ECF when it is publicly filed, proposing to do so "in connection with the Bidder Protection Motion" he recently proposed.  D.I. 1373, at 6.  Whether the Court will in fact adopt his proposal for a Bidder Protection Motion and, if so, when he would file such a motion remain unclear.  The Special Master initially suggested that he would file that motion on November 1, 2024, D.I. 1373-1, though that date is almost certain to be pushed back given the Court has indicated that it intends to wait until November 6, 2024, to even schedule a status conference, D.I. 1389.  Under the Special Master's proposal, therefore, there remains no specific date by which he intends to provide the Republic with the unredacted SPA.

Meanwhile, in their filings and statements before this Court, both the Special Master and Amber Energy have selectively relied on bits of the information they are withholding from the Republic.  Both Amber Energy and the Special Master have made representations about the top line "enterprise value" of $7.286 billion specified in the SPA, D.I. 1325, at 2; D.I. 1365-1, at 7,

---

[4]    The Republic did not receive the SPA redline until a full week later (after the Court had already ruled on the underlying objections), when the Special Master finally permitted the CITGO Parties and PDVSA to file the redline on the public docket on October 3, 2024.  D.I. 1347-1.

[5]    Counsel for the Special Master has represented that the SPA he submitted to the Court has been executed by the Special Master and Amber Energy, even though escrow agreements covering important issues, and whose completion are a condition of Amber Energy's obligations, have yet to be completed.  *See* Oct. 1, 2024 Tr., at 12 (counsel for the Special Master: "We have a party who has filed a share purchase agreement, has signed it.  The Special Master has signed it.").

but have blacked out all terms of the SPA relating to the consideration to be paid, D.I. 1325-1, at 17-24, thereby preventing the Republic from seeing the unspecified adjustments by which the SPA reduces the amount Amber Energy is actually to pay.  Amber Energy has also disclosed ████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████  Similarly, counsel for the Special Master represented that the SPA calls for a 3% breakup fee, Oct. 1 Transcript, at 8, but has blacked out all provisions of the SPA related to the breakup fee, *see* D.I. 1325-1, at 94-96.[6]

## ARGUMENT

Unlike the interim, second-round bid information that the Special Master withheld from the Republic in July, the Amber Energy SPA that the Special Master continues to withhold is the agreement the Special Master has signed with the party he identifies as the "Successful Bidder." D.I. 1325, at 1.  The Special Master provided a copy of the full, unredacted SPA to each of the Sale Process Parties except the Republic.  D.I. 1373, at 6.  Now that he is recommending the Amber Energy SPA, the Special Master seeks specific forms of relief — including the entry of a proposed schedule that contemplates a motion to enshrine protections for Amber Energy on the basis of the SPA as well as a "Topping Period" — all of which are predicated on advancing the terms of the SPA.  Under these circumstances, the Special Master can no longer justify withholding the full, unredacted SPA from the Republic (while providing it to each of the other Sale Process Parties).[7]

---

[6]    An earlier draft of the SPA, which the Special Master initially withheld but eventually filed in public the day after the hearing, has the breakup fee at 5%, not 3%, and it is a percentage of the "Enterprise Value," not of the amount the buyer actually pays.  *See* D.I. 1347-1, at 111.

[7]    To be clear, the Republic recognizes the need to protect CITGO's confidential business information from public disclosure and supports the redaction of that information from public filings.  *See* D.I. 1384 (Court order recognizing the need to redact "CITGO confidential information"); *see also In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 671

Nor should he be permitted to continue instructing other parties to withhold from the Republic complete copies of papers filed on this Court' docket.

## I.    The Republic Is Entitled To An Unredacted Copy Of The SPA.

Whatever rationale the Special Master may have had for withholding unredacted copies of various Bids from the Republic in July 2024, that rationale does not permit him to withhold from the Republic the SPA with Amber Energy, the bidder he is recommending to the Court.

In July, the Special Master relied on the Sale Process Parties section of the Bidding Procedures appended to the Sale Procedures Order, D.I. 480-1, at 13-14, in which the consultation rights of the Sale Process Parties are recognized.  That section provided that "upon a Sale Process Party's receipt of a copy of any Bid, such Sale Process Party shall thereafter be precluded from submitting any bid or other offer for the PDVH Shares."  *Id.*,.  Today the Special Master is no longer dealing with Bids; he has "selected Amber Energy . . . as the Successful Bidder" and has "recommend[ed] to the Court approval of [Amber Energy's] purchase of all of the PDVH Shares pursuant to the terms and conditions set forth in the proposed executed [SPA]."  D.I. 1325, at 1. In other words, the Special Master is no longer withholding bids; he is withholding the terms of the agreement he has reached with the bidder he has selected.

To the extent that the Special Master suggests that his SPA with Amber Energy is "analogous" to a Stalking Horse Bid, *see, e.g.*, D.I. 1373, at 3, that suggestion confirms that the Bidding Procedures do not contemplate withholding the SPA from the Republic.  The Bidding

---

(3d Cir. 2019) (noting that redaction is appropriate where "disclosure will work a clearly defined and serious injury to the party seeking closure" (citation omitted)).  But the need to redact CITGO's confidential business information from *public* view poses an entirely distinct issue from the one presented here: whether the Special Master may continue to withhold the SPA from *the Republic*, a Sale Process Party subject to the Court's confidentiality order, *see* D.I. 291, who is now forced to analyze court filings and the positions of other litigants without access to the same materials that others do.

Procedures expressly state: "For the avoidance of doubt, if the only Bid that a Sale Process Party receives a copy of is the Stalking Horse Bid designated by the Special Master, such Sale Process Party may submit a Bid like any other. . . ." D.I. 480-1, at 14. The Republic's refusal to waive its right to propose an alternative to a forced sale cannot justify the Special Master's withholding of the SPA from the Republic.

The Special Master's decision to withhold the SPA from the Republic, alone among the Sale Process Parties, is particularly indefensible given that other Sale Process Parties — just like the Republic — have reserved the right to propose alternatives to a sale to Amber Energy. *E.g.* Oct. 1, 2024 Tr., at 35 (counsel for Crystallex suggesting that "we would do [a credit bid] reluctantly if this were the only thing on the table and we believe that there are other creditors who would feel in the same way"). There exists no justification for the Special Master to continue withholding the SPA from the Republic while providing it to other Sale Process Parties.

## II.    The Republic Is Entitled To Unredacted Copies Of All Court Filings.

Nor can the Special Master continue withholding from the Republic, or instructing other parties to withhold, complete copies of the papers they file on the Court's docket. Doing so violates the procedural protections afforded to litigants by the Federal Rules of Civil Procedure. Rule 5(a) states that written filings in a case — including a "pleading filed after the original complaint," "a written motion, except one that may be heard ex parte," and a "written notice, appearance, demand, or offer of judgment, or any similar paper" — "must be served on *every* party." Fed. R. Civ. P. 5(a) (emphasis added). "Rule 5 should be construed broadly to require service of virtually every written communication in an action on all parties." 4B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1143 (4th ed.). As the Advisory Committee notes, the Rule "promotes full exchange of information among the parties by requiring service of papers on all the parties to the action, except as otherwise provided in the rules." Fed. R. Civ. P.

5(a) advisory committee notes to 1963 amendment.  The Special Master's continued insistence on withholding information filed on the Court's docket from the Republic — without Court approval to do so — stands in violation of Rule 5(a).

The Special Master's reliance on the Republic's decision in June 2024 to preserve its right to propose alternatives to the Special Master's selection of a winning bid is misplaced for two reasons.  *First*, as discussed *supra* in Section I, now that the Special Master has designated a Successful Bidder and signed the SPA, there remains no justification for the Republic to continue without access to the SPA terms.  *Second*, by declining to review Bid Documentation submitted <u>*to the Special Master*</u> at an earlier stage in the sale process, in no way has the Republic agreed to forego its right to receive materials submitted <u>*to the Court*</u> by parties seeking to advocate for their respective positions.  Indeed, it remains unclear what authority the Special Master invokes to restrict a party's ability to access materials filed on the Court docket.

By insisting that he and others can advocate before the Court without providing the Republic with access to the full contents of the materials they file, the Special Master is forcing the Court and other litigants to engage in ex parte communications.  He insists on filing (and requiring that other parties file) materials that can be reviewed by the Court and other parties — for example, the attachments to the filings by the Special Master and the CITGO Parties/PDVSA in connection with the Venezuela Parties' objections to material modifications of the Sale Procedures Order, *see* D.I. 1317-1; 1319-1, and even portions of the statements made by the CITGO Parties and PDVSA in the most recent Joint Status Report, D.I. 1387 — while the Republic, a Sale Process Party, is unable to view the materials and unable to respond to the respective positions presented to the Court.  He has no basis in law to do so.  In this Circuit, ex parte communications are strongly "disfavor[ed]," *In re Kensington Int'l Ltd.*, 368 F.3d 289, 294

(3d Cir. 2004); *see also Ayestas v. Davis*, 584 U.S. 28, 40 (2018) ("In our adversary system, ex parte motions are disfavored . . . ."), and are only "tolerated of necessity," *In re Sch. Asbestos Litig.*, 977 F.2d 764, 789 (3d Cir. 1992).  There exists no such necessity here: now that the Special Master has already selected a winning bid, any rationale for restricting the terms of that bid from the Republic has evaporated.

**III.    The Special Master Is Causing Significant Prejudice To The Republic By Refusing To Provide The SPA And Requiring That Docket Filings Be Withheld From The Republic.**

By withholding the SPA from the Republic and requiring that filings made on the Court's docket be withheld from the Republic, the Special Master has caused significant prejudice to the Republic.  The Republic is now forced to litigate without full access to the contents of other litigants' positions, undermining its ability to respond effectively and protect its interests.

For one, the Special Master — who is now actively advocating for the Court to adopt specific procedures that would favor the Amber Energy SPA he has identified as the winning bid — is relying on information from the SPA unavailable to the Republic.  For example, the Special Master has presented a novel proposal for a round of briefing on what he styles as a "Bidder Protection Motion," which will seek approval of certain bidder protection provisions in the SPA — but refuses to permit the Republic to see those terms.  *See generally* D.I. 1373.  Whether the Court should even entertain such a Bidder Protection Motion at this juncture is an open question which will invariably affect the course of the sale process and the substantive rights of the Sale Process Parties.  *See, e.g.*, 1373-2, at 2-3 ("Crystallex does not believe that a motion seeking bidder protections — especially a motion that seeks to lock in an exorbitant 'break up' fee — is remotely appropriate . . . .  Nor does Crystallex believe that such a motion should be considered by the Court before the Special Master submits a fully documented bid, including completed escrow-related documentation . . . .").  But the Special Master presses the Court to adopt his proposal for a round

9

of briefing on the Bidder Protection Motion *before* providing the Republic with the complete SPA or an opportunity to analyze and respond to its contents.

In addition, other parties who have access to the SPA are submitting sealed filings advocating for their respective positions before this Court, referencing terms of the SPA while the Republic — an equal party to this litigation — is left in the dark about those terms and the contents of the arguments made to the Court.  For example, in their position statement filed alongside the October 18, 2024 Status Report, the CITGO Parties and PDVSA advocate for their respective positions by referencing terms of the "SPA and escrow-related documentation" that were either "redacted or omitted."  D.I. 1376, at 3.  Because of the Special Master's position, the Republic only received copies of the filing by the CITGO Parties and PDVSA with significant redactions; in other words, the Republic is unable to see what other parties are advocating for on behalf of their respective clients.  While the Republic has no reason to believe that the CITGO Parties and PDVSA have taken positions in their recent filings with which it would disagree, the Republic — as an independent and co-equal Sale Process Party — is entitled to make that determination for itself.  Instead, the Republic has been forced to partially join in those portions of the remaining Venezuela Parties' filings that it does have access to, while remaining unable to agree or disagree with the remainder.

Similarly, while the Special Master, Amber Energy, and the remaining Sale Process Parties have had a month (and will have weeks or months more) to analyze the SPA and prepare their arguments in favor or against its adoption, the Republic is losing out on this valuable window to review the proposed transaction and fully understand its complex terms.  The Republic is instead forced to make inferences from incomplete information trickled out by the Special Master and Amber Energy.  For example, only because Amber Energy served a partially unredacted version

of its recent amicus brief, D.I. 1365-1, on the Republic, the Republic has learned that ███████ ████████████████████████████████████████████, *id.* at 7, a critical feature of the proposed transaction that was redacted from the SPA served on the Republic and which the Republic would not have learned otherwise.  Similarly, counsel for the Special Master represented at the October 1 hearing that the SPA calls for a "three percent breakup fee," *see* Oct. 1 Transcript, at 8, thereby revealing a small bit of the many pages of bidder protection features the Special Master redacted from the SPA filed with the Court; all Sale Process Parties *except the Republic* have information about how that fee is calculated (*i.e.*, three percent of what exactly?) and what events would trigger it.  The Republic is entitled to know what terms the Special Master has agreed upon with Amber Energy.

Apart from the Republic's legal entitlement to the SPA, the Special Master's decision to continue withholding the SPA has created numerous logistical burdens for the Court and the parties.  For example, because the Republic has not yet seen the full SPA, the Republic cannot even view the complete contents of certain filings by the other Venezuela Parties or other Sale Process Parties, hampering the parties' efforts, for example, to present a streamlined Joint Status Report.  *See, e.g.*, D.I. 1386 (sealed filing by CITGO and PDVH); *see also* D.I. 1352, at 2 n.1 (noting that "[b]efore the Republic's counsel could review the CITGO/PDVH reply, counsel for CITGO and PDVH reviewed their draft reply and redacted from it those portions that quote portions of the draft SPA").  This fragments the record and increases the burden on the Court and its staff.  *E.g.*, D.I. 1387 (containing a separate statement by the Republic because the Republic could not join statements of CITGO, PDVH, and PDVSA that it has not seen).  In addition, this burdens counsel for the Republic and other parties, who are forced to withhold information from materials they circulate to each other.

Finally, the Special Master's continued refusal to turn over an SPA that he has already undertaken to file publicly has consequences outside the courtroom as well. The Maduro regime continues to exploit the possibility that the proceedings here will amount to a giveaway of CITGO. Mr. Maduro's attorney general has recently announced that the regime will investigate opposition leader María Corina Machado and a number of other opposition lawmakers in connection with what the regime labels as the "robbery" of CITGO. *See La Fiscalía venezolana investigará a opositores, partidos y ONG por el "robo" de Citgo*, Infobae (Oct. 25, 2024), available at https://www.infobae.com/america/agencias/2024/10/25/la-fiscalia-venezolana-investigara-a-opositores-partidos-y-ong-por-el-robo-de-citgo/. As this Court is aware, the Maduro regime has distorted the sale process to attack political opponents who resist the authoritarian government, *see, e.g.*, D.I. 1273, at 7-8, a tactic exacerbated by the Special Master's lack of transparency in these proceedings.

## <u>CONCLUSION</u>

For the foregoing reasons, the Republic respectfully requests that this Court order the Special Master to provide the Republic with the same unredacted SPA that he provided to the remaining Sale Process Parties. Additionally, the Republic requests that this Court order the Special Master and all other parties to serve the Republic with all papers they file with the Court.

Dated:  November 1, 2024

OF COUNSEL:

Donald B. Verrilli, Jr.
Elaine J. Goldenberg
Ginger D. Anders
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW
Suite 500 E
Washington, D.C. 20001
(202) 220-1100
Donald.Verrilli@mto.com
Elaine.Goldenberg@mto.com
Ginger.Anders@mto.com

George M. Garvey
Adeel Mohammadi
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100
George.Garvey@mto.com
Adeel.Mohammadi@mto.com

Respectfully submitted,

*/s/ Christopher Fitzpatrick Cannataro*
A. Thompson Bayliss (#4379)
Christopher Fitzpatrick Cannataro (#6621)
ABRAMS & BAYLISS LLP
20 Montchanin Road, Suite 200
Wilmington, DE  19807
(302) 778-1000
bayliss@abramsbayliss.com
cannataro@abramsbayliss.com

*Attorneys for Bolivarian Republic
of Venezuela*

## EXHIBIT LIST

A.    July 8, 2024 Statement of Position of the Bolivarian Republic of Venezuela

B.    July 8 – July 11, 2024 Email Exchange Between Counsel for the Republic and Counsel for the Special Master

C.    September 26, 2024 Email Exchange Between Counsel for the Republic and Counsel for the Special Master

D.    October 10 – October 18, 2024 Email Exchange Between Counsel for the Republic and Counsel for the Special Master

# EXHIBIT A

## **Statement of Position of the Bolivarian Republic of Venezuela**

Although the Bolivarian Republic of Venezuela ("Republic") is not currently able to present an offer for the purchase of the shares of PDV Holding, Inc ("PDVH"), the Republic reserves the right to make in the future an offer to purchase such shares and/or to submit to the Court and/or the Special Master other mechanisms that are more effective and equitable than an order approving a sale, the outcome of which would not maximize value and would satisfy only a few creditors.

Presidential elections will be held in Venezuela on July 28, 2024, and the National Assembly of 2015 is making the necessary efforts to carry out these elections to ensure that the candidate of the democratic forces obtains a victory that is recognized nationally and internationally, and with it, the conditions for establishing mechanisms that allow the preservation of CITGO as a fundamental asset for the economic reconstruction of the country, to overcome the humanitarian crisis, stop forced migration and enable millions of Venezuelans to return to their homeland.

The Republic also reserves all its rights and the positions that it has asserted or may assert in the District Court or on appeal in connection with the writs of attachment and the sale process, and considers it inappropriate to require the waiver of its right to acquire the shares as a condition of obtaining additional information about the bids.

# EXHIBIT B

| | |
|---|---|
| **From:** | Garvey, George |
| **To:** | Bentley, Chase |
| **Cc:** | Schrock, Ray; Welch, Alexander; Project Horizon; Horizon Weil Main |
| **Subject:** | RE: Statement of the Republic regarding bidding |
| **Date:** | Thursday, July 11, 2024 12:39:25 PM |

Dear Chase:

Thank you for your email, and for making the Bid Documentation available. To preserve its rights and options as outlined in the Republic's statement of position, the Republic is declining to receive the Bid Documentation at this time, and we have not used the link your firm sent me.

Best regards,
George

**George M. Garvey (he/him/his)** | **Munger, Tolles & Olson LLP**
350 South Grand Avenue | Los Angeles, CA 90071
Tel: 213.683.9153 | Mobile: 310.890.8019 | george.garvey@mto.com | www.mto.com

**From:** Bentley, Chase <Chase.Bentley@weil.com>
**Sent:** Tuesday, July 9, 2024 12:57 PM
**To:** Garvey, George <George.Garvey@mto.com>
**Cc:** Schrock, Ray <Ray.Schrock@weil.com>; Welch, Alexander <Alexander.Welch@weil.com>; Project Horizon <Project-Horizon@evercore.com>; Horizon Weil Main <Horizon.Weil.Main@weil.com>
**Subject:** RE: Statement of the Republic regarding bidding

George,

Thank you for providing your confirmation. Based on the representations made by the Republic, the Special Master is ok to provide you with unredacted bid letters and other bid documents submitted by the bidders, as well as summaries of the same prepared by the Special Master's advisors (collectively, the "Bid Documentation"). You will be receiving a cloud link invite to the Bid Documentation.

Further, as discussed yesterday, it is inaccurate to describe the Special Master's request for this confirmation as an "inappropriate... waiver of [the Republic's] right"—the request is only an affirmation of a provision in the Court-approved Bidding Procedures. Pursuant to the Sale Procedures Order, receipt of the Bid Documentation means the Republic is hereafter "precluded from submitting any bid or other offer for the PDVH Shares." Bidding Procedures at 13-14 [D.I. 481-1]. The Special Master, of course, recognizes your ability to object or respond to the selection of a Successful Bidder, if any, and the request is not a waiver the Republic's rights.

Once you've had a chance to review the Bid Documentation, we are happy to arrange a call to discuss any questions you may have.

Thanks,
Chase



**Chase Bentley**
Counsel

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Chase.Bentley@weil.com
+1 212 310 8871 Direct
+1 401 258 8529 Mobile

---

**From:** Bentley, Chase
**Sent:** Monday, July 8, 2024 8:26 PM
**To:** 'Garvey, George' <George.Garvey@mto.com>
**Cc:** Schrock, Ray <Ray.Schrock@weil.com>; Welch, Alexander <Alexander.Welch@weil.com>
**Subject:** RE: Statement of the Republic regarding bidding

Received.  We will discuss with the Special Master.



**Chase Bentley**
Counsel

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Chase.Bentley@weil.com
+1 212 310 8871 Direct
+1 401 258 8529 Mobile

---

**From:** Garvey, George <George.Garvey@mto.com>
**Sent:** Monday, July 8, 2024 8:25 PM
**To:** Bentley, Chase <Chase.Bentley@weil.com>
**Cc:** Schrock, Ray <Ray.Schrock@weil.com>; Welch, Alexander <Alexander.Welch@weil.com>
**Subject:** Statement of the Republic regarding bidding

Dear Chase—
Thank you for speaking with me. I am attaching the Republic's statement.

Best regards,

George

**George M. Garvey (he/him/his)** | **Munger, Tolles & Olson LLP**
350 South Grand Avenue | Los Angeles, CA 90071
Tel:  213.683.9153 | Mobile: 310.890.8019 | george.garvey@mto.com | www.mto.com

***NOTICE***

*This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law.  It is not intended for transmission to, or receipt by, any unauthorized person.  If you have received this message in error, do not read it. Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected. To the extent that this message or any attachment concerns tax matters, it is not intended to be used and cannot be used by a taxpayer for the purpose of avoiding penalties that may be imposed by law. Thank you.*

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

# EXHIBIT C

## Mohammadi, Adeel

| | |
|---|---|
| **From:** | Bentley, Chase <Chase.Bentley@weil.com> |
| **Sent:** | Thursday, September 26, 2024 11:45 PM |
| **To:** | Garvey, George |
| **Cc:** | Mohammadi, Adeel; kmeehan@curtis.com; jperla@curtis.com; Cannataro@AbramsBayliss.com; Schrock, Ray; Welch, Alexander; Lender, David; Keenan, Eoghan |
| **Subject:** | RE: Crystallex--filings under seal |

George,

The Special does not intend to share the SPA with the Republic before it is filed publicly and likewise does not consent to PDVSA or any other parties doing so.



**Chase Bentley**
Counsel

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Chase.Bentley@weil.com
+1 212 310 8871 Direct
+1 401 258 8529 Mobile

---

**From:** Garvey, George <George.Garvey@mto.com>
**Sent:** Thursday, September 26, 2024 11:17 PM
**To:** Bentley, Chase <Chase.Bentley@weil.com>
**Cc:** Mohammadi, Adeel <Adeel.Mohammadi@mto.com>; kmeehan@curtis.com; jperla@curtis.com; Cannataro@AbramsBayliss.com
**Subject:** Crystallex--filings under seal

Hi, Chase. Following up on Judge Stark's oral order today about filings under seal, and hoping to avoid something similar in the immediate future, a few questions and requests:
--May we see the draft SPA you filed today that was withheld from us? It seems nearly certain that it will be made public within days (maybe with some redactions that, based on our conversation last night, would be immaterial). This would spare us having to set up firewalls between MTO and Curtis when completing our reply (replies?) tomorrow on our motion to pause, to the extent it refers to a document that PDVSA counsel can see but we cannot.
--If we refer to provisions there in our reply, would you all like us to file under seal, or can we dispense with that? These would be provisions concerning the alter ego claims and the 2020 Notes, not anything that identifies buyers, sources of financing, dollar amounts, etc.
Thanks for your anticipated cooperation. Happy to discuss if that would be useful.
Best,
George

**George M. Garvey (he/him/his)** │ **Munger, Tolles & Olson LLP**
350 South Grand Avenue │ Los Angeles, CA 90071
Tel:  213.683.9153 │ Mobile: 310.890.8019 │ george.garvey@mto.com │ www.mto.com

*\*\*\*NOTICE\*\*\**

*This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law.  It is not intended for transmission to, or receipt by, any unauthorized person.  If you have received this message in error, do not read it. Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected. To the extent that this message or any attachment concerns tax matters, it is not intended to be used and cannot be used by a taxpayer for the purpose of avoiding penalties that may be imposed by law. Thank you.*

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

# EXHIBIT D

| From: | Bentley, Chase |
|---|---|
| To: | Garvey, George |
| Cc: | neimer@eimerstahl.com; kmeehan@curtis.com; Schrock, Ray; Welch, Alexander; Lender, David; Friedmann, Jared |
| Subject: | RE: Crystallex v. Venezuela - Meet and Confer re D.I. 1339 |
| Date: | Friday, October 18, 2024 7:51:02 AM |
| Attachments: | image001.jpg |

George,

We are not aware of the Republic changing its position communicated in response to the Special Master's request dating back to July.  All Sale Process Parties other than the Republic were clear that they had no present intention to bid for the acquisition, or retention, of the PDVH Shares, as applicable.  That is why each of PDVSA, PDVH, CITGO, Crystallex, and Conoco were permitted to know the identities of the bidders and to receive unredacted copies of the SPA.

To accommodate your position, we provide certain provisions of the draft SPA that you requested.

Further, we do not believe the fact that the Republic does not have an unredacted copy of the final SPA presents any hurdle to coordinating your comments with other parties—you have the same amount of information (actually, more) than the Additional Judgment Creditors.

If the Republic's position in response to the Special Master's prior request has changed, then please let us know and we can reconsider.

Thanks,
Chase



**Chase Bentley**
Counsel

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Chase.Bentley@weil.com
+1 212 310 8871 Direct
+1 401 258 8529 Mobile

**From:** Bentley, Chase
**Sent:** Thursday, October 17, 2024 2:13 PM
**To:** 'Garvey, George' <George.Garvey@mto.com>
**Cc:** neimer@eimerstahl.com; kmeehan@curtis.com; Schrock, Ray <Ray.Schrock@weil.com>; Welch, Alexander <Alexander.Welch@weil.com>; Lender, David <david.lender@weil.com>; Friedmann, Jared <Jared.Friedmann@weil.com>

**Subject:** RE: Crystallex v. Venezuela - Meet and Confer re D.I. 1339

Received



**Chase Bentley**
Counsel

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Chase.Bentley@weil.com
+1 212 310 8871 Direct
+1 401 258 8529 Mobile

---

**From:** Garvey, George <George.Garvey@mto.com>
**Sent:** Thursday, October 17, 2024 1:51 PM
**To:** Bentley, Chase <Chase.Bentley@weil.com>
**Cc:** neimer@eimerstahl.com; kmeehan@curtis.com
**Subject:** RE: Crystallex v. Venezuela - Meet and Confer re D.I. 1339

Chase, thank you for circulating the draft. We are conferring with others to coordinate, to the extent feasible, the responses of the Republic and other Sale Process Parties. On that subject, I write concerning one urgent procedural need:

The Special Master has continued to withhold the unredacted SPA from the Republic. This is creating delays and difficulty coordinating with others. It is not accurate to say or imply that the Republic "elected" not to receive the unredacted SPA or drafts thereof; more accurate would be to say that the Republic has refused to waive the right to propose alternative transactions, and in response the Special Master has withheld such documents. In any event, now that all other Sale Process Parties, including those who have reserved the right to bid, have been given the unredacted SPA, no rationale justifies continuing to withhold it from us. Please confirm immediately that we may see the unredacted SPA. We will of course abide by all applicable confidentiality requirements.

Best regards,

George

**George M. Garvey (he/him/his)| Munger, Tolles & Olson LLP**
350 South Grand Avenue | Los Angeles, CA 90071
Tel:  213.683.9153 | Mobile: 310.890.8019 | george.garvey@mto.com | www.mto.com

---

**From:** Bentley, Chase <Chase.Bentley@weil.com>
**Sent:** Wednesday, October 16, 2024 6:28 PM

**To:** moyer@rlf.com; dicamillo@rlf.com; hunter@rlf.com; MEstrada@gibsondunn.com; ltownsend@gibsondunn.com; asmith@gibsondunn.com; rweigel@gibsondunn.com; jmyatt@gibsondunn.com; rmoloo@gibsondunn.com; ZKady@gibsondunn.com; gmoritz@ramllp.com; etaylor@ramllp.com; marcus.green@kobrekim.com; jef.klazen@kobrekim.com; lydia.halpern@kobrekim.com; RGMason@wlrk.com; ARWolf@wlrk.com; MHCassel@wlrk.com; knachbar@mnat.com; kandersen@morrisnichols.com; acumings@mnat.com; dbirk@eimerstahl.com; GSchweizer@eimerstahl.com; hbucher@eimerstahl.com; lmeyer@eimerstahl.com; neimer@eimerstahl.com; dmortlock@willkie.com; mgottlieb@willkie.com; shall@willkie.com; swaesco@mnat.com; bayliss@abramsbayliss.com; cannataro@abramsbayliss.com; thomson@abramsbayliss.com; childs@abramsbayliss.com; Mohammadi, Adeel <Adeel.Mohammadi@mto.com>; Verrilli, Donald <Donald.Verrilli@mto.com>; Goldenberg, Elaine <Elaine.Goldenberg@mto.com>; Garvey, George <George.Garvey@mto.com>; Anders, Ginger <Ginger.Anders@mto.com>; Goldman, Seth <Seth.Goldman@mto.com>; whitney.debevoise@arnoldporter.com; yalowitz@arnoldporter.com; Stephen.Wirth@arnoldporter.com; bmcdonnell@hegh.law; jbrown@hegh.law; shirzel@hegh.law; jpizzurro@curtis.com; jperla@curtis.com; Meehan, Kevin A. <kmeehan@curtis.com>; andrew.dupre@akerman.com; Brian.lemon@akerman.com; mlopezforastier@cov.com; jarvelo@cov.com; ljones@pszjlaw.com; pkeane@pszjlaw.com; alex.yanos@alston.com; apoorva.patel@alston.com; robert.poole@alston.com; jmiraglia@reedsmith.com; brostocki@reedsmith.com; mbailey@reedsmith.com; nlech@reedsmith.com; cmwinter@duanemorris.com; jccarignan@duanemorris.com; mmwrobel@duanemorris.com; ttimlin@duanemorris.com; SBrauerman@bayardlaw.com; sandrade@bayardlaw.com; mlopezforastier@cov.com; mherman@cov.com; Craig.Martin@dlapiper.com; angela.whitesell@us.dlapiper.com; James.berger@us.dlapiper.com; Charlene.sun@us.dlapiper.com; Joshua.wan@us.dlapiper.com; butcher@lrclaw.com; cree@lrclaw.com; smolo@mololamken.com; jellis@mololamken.com; ldayton@mololamken.com; mkelley@mololamken.com; RYeh@mololamken.com; LAhn@mololamken.com; tmickler@ashbygeddes.com; mdegnan@ashbygeddes.com; rteti@ashbygeddes.com; jbolian@rjfirm.com; jhagler@rjfirm.com; Kevin.Mangan@wbd-us.com; Matthew.Ward@wbd-us.com; Stephanie.riley@wbd-us.com; matthew.kirtland@nortonrosefulbright.com; katie.connolly@nortonrosefulbright.com; tk@hfk.law; mwfriedman@debevoise.com; whtaft@debevoise.com; slee1@debevoise.com; jfandino@debevoise.com; chwallace@debevoise.com; cmicarelli@debevoise.com; david.bowker@wilmerhale.com; adupre@mccarter.com; mjoyce@mjlawoffices.com; Melissa.donimirski@stevenslee.com; Alexis.gambale@stevenslee.com; sriback@wilkauslander.com; john.keough@clydeco.us; juan.itriago@clydeco.com; veronica.dunlop@clydeco.com; scott.leonhardt@esbrook.com; jody.barillare@morganlewis.com; jonathan.albano@morganlewis.com; christopher.carter@morganlewis.com; edavis@sequorlaw.com; fmenendez@sequorlaw.com; Mason, Daniel <dmason@paulweiss.com>; Hurwitz, Jonathan <jhurwitz@paulweiss.com>; Brennan, Meaghan E. <mbrennan@paulweiss.com>
**Cc:** Project.Horizon.Weil <Project.Horizon.Weil@weil.com>
**Subject:** RE: Crystallex v. Venezuela - Meet and Confer re D.I. 1339


HIGHLY CONFIDENTIAL
SUBJECT TO CONFIDENTIALITY ORDER AND SALE PROCEDURES ORDER
DRAFT SUBJECT TO MATERIAL CHANGE

All,

[REDACTED]

[REDACTED]

[REDACTED]

Thanks,
Chase



**Chase Bentley**
Counsel

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Chase.Bentley@weil.com
+1 212 310 8871 Direct
+1 401 258 8529 Mobile

---

**From:** Bentley, Chase
**Sent:** Monday, October 14, 2024 5:33 PM
**To:** 'moyer@rlf.com' <moyer@rlf.com>; 'dicamillo@rlf.com' <dicamillo@rlf.com>; 'hunter@rlf.com' <hunter@rlf.com>; 'MEstrada@gibsondunn.com' <MEstrada@gibsondunn.com>; 'ltownsend@gibsondunn.com' <ltownsend@gibsondunn.com>; 'asmith@gibsondunn.com' <asmith@gibsondunn.com>; 'rweigel@gibsondunn.com' <rweigel@gibsondunn.com>; 'jmyatt@gibsondunn.com' <jmyatt@gibsondunn.com>; 'rmoloo@gibsondunn.com' <rmoloo@gibsondunn.com>; 'ZKady@gibsondunn.com' <ZKady@gibsondunn.com>; 'gmoritz@ramllp.com' <gmoritz@ramllp.com>; 'etaylor@ramllp.com' <etaylor@ramllp.com>; 'Michael.Kim@KobreKim.com'; 'marcus.green@kobrekim.com' <marcus.green@kobrekim.com>; 'jef.klazen@kobrekim.com' <jef.klazen@kobrekim.com>; 'lydia.halpern@kobrekim.com' <lydia.halpern@kobrekim.com>; 'RGMason@wlrk.com' <RGMason@wlrk.com>; 'ARWolf@wlrk.com' <ARWolf@wlrk.com>; 'MHCassel@wlrk.com' <MHCassel@wlrk.com>; 'knachbar@mnat.com' <knachbar@mnat.com>; 'kandersen@morrisnichols.com' <kandersen@morrisnichols.com>; 'acumings@mnat.com' <acumings@mnat.com>; 'DBirk@eimerstahl.com' <DBirk@eimerstahl.com>; 'GSchweizer@eimerstahl.com' <GSchweizer@eimerstahl.com>; 'hbucher@eimerstahl.com'

<hbucher@eimerstahl.com>; 'lmeyer@eimerstahl.com' <lmeyer@eimerstahl.com>;
'neimer@eimerstahl.com'; 'dmortlock@willkie.com' <dmortlock@willkie.com>;
'mgottlieb@willkie.com' <mgottlieb@willkie.com>; 'shall@willkie.com' <shall@willkie.com>;
'swaesco@mnat.com' <swaesco@mnat.com>; 'bayliss@abramsbayliss.com'
<bayliss@abramsbayliss.com>; 'cannataro@abramsbayliss.com' <cannataro@abramsbayliss.com>;
'thomson@abramsbayliss.com' <thomson@abramsbayliss.com>; 'childs@abramsbayliss.com'
<childs@abramsbayliss.com>; 'adeel.mohammadi@mto.com' <adeel.mohammadi@mto.com>;
'donald.verrilli@mto.com' <donald.verrilli@mto.com>; 'elaine.goldenberg@mto.com'
<elaine.goldenberg@mto.com>; 'george.garvey@mto.com' <george.garvey@mto.com>;
'ginger.anders@mto.com' <ginger.anders@mto.com>; 'seth.goldman@mto.com'
<seth.goldman@mto.com>; 'whitney.debevoise@arnoldporter.com'
<whitney.debevoise@arnoldporter.com>; 'yalowitz@arnoldporter.com'
<yalowitz@arnoldporter.com>; 'Stephen.Wirth@arnoldporter.com'
<Stephen.Wirth@arnoldporter.com>; 'bmcdonnell@hegh.law' <bmcdonnell@hegh.law>;
'jbrown@hegh.law' <jbrown@hegh.law>; 'shirzel@hegh.law' <shirzel@hegh.law>;
'jpizzurro@curtis.com' <jpizzurro@curtis.com>; 'jperla@curtis.com' <jperla@curtis.com>; 'Meehan,
Kevin A.' <kmeehan@curtis.com>; 'andrew.dupre@akerman.com' <andrew.dupre@akerman.com>;
'Brian.lemon@akerman.com' <Brian.lemon@akerman.com>; 'mlopezforastier@cov.com'
<mlopezforastier@cov.com>; 'jarvelo@cov.com' <jarvelo@cov.com>; 'ljones@pszjlaw.com'
<ljones@pszjlaw.com>; 'pkeane@pszjlaw.com' <pkeane@pszjlaw.com>; 'alex.yanos@alston.com'
<alex.yanos@alston.com>; 'apoorva.patel@alston.com' <apoorva.patel@alston.com>;
'robert.poole@alston.com' <robert.poole@alston.com>; 'jmiraglia@reedsmith.com'
<jmiraglia@reedsmith.com>; 'brostocki@reedsmith.com' <brostocki@reedsmith.com>;
'mbailey@reedsmith.com' <mbailey@reedsmith.com>; 'nlech@reedsmith.com'
<nlech@reedsmith.com>; 'cmwinter@duanemorris.com' <cmwinter@duanemorris.com>;
'jccarignan@duanemorris.com' <jccarignan@duanemorris.com>; 'mmwrobel@duanemorris.com'
<mmwrobel@duanemorris.com>; 'ttimlin@duanemorris.com' <ttimlin@duanemorris.com>;
'SBrauerman@bayardlaw.com' <SBrauerman@bayardlaw.com>; 'sandrade@bayardlaw.com'
<sandrade@bayardlaw.com>; 'mlopezforastier@cov.com' <mlopezforastier@cov.com>;
'mherman@cov.com' <mherman@cov.com>; 'craig.martin@dlapiper.com'
<craig.martin@dlapiper.com>; 'angela.whitesell@us.dlapiper.com'
<angela.whitesell@us.dlapiper.com>; 'James.berger@us.dlapiper.com'
<James.berger@us.dlapiper.com>; 'Charlene.sun@us.dlapiper.com'
<Charlene.sun@us.dlapiper.com>; 'Joshua.wan@us.dlapiper.com' <Joshua.wan@us.dlapiper.com>;
'butcher@lrclaw.com' <butcher@lrclaw.com>; 'cree@lrclaw.com' <cree@lrclaw.com>;
'smolo@mololamken.com' <smolo@mololamken.com>; 'jellis@mololamken.com'
<jellis@mololamken.com>; 'ldayton@mololamken.com' <ldayton@mololamken.com>;
'mkelley@mololamken.com' <mkelley@mololamken.com>; 'RYeh@mololamken.com'
<RYeh@mololamken.com>; 'LAhn@mololamken.com' <LAhn@mololamken.com>;
'tmickler@ashbygeddes.com' <tmickler@ashbygeddes.com>; 'mdegnan@ashbygeddes.com'
<mdegnan@ashbygeddes.com>; 'rteti@ashbygeddes.com' <rteti@ashbygeddes.com>;
'jbolian@rjfirm.com' <jbolian@rjfirm.com>; 'jhagler@rjfirm.com' <jhagler@rjfirm.com>;
'Kevin.Mangan@wbd-us.com' <Kevin.Mangan@wbd-us.com>; 'Matthew.Ward@wbd-us.com'
<Matthew.Ward@wbd-us.com>; 'Stephanie.riley@wbd-us.com' <Stephanie.riley@wbd-us.com>;
'matthew.kirtland@nortonrosefulbright.com' <matthew.kirtland@nortonrosefulbright.com>;

'katie.connolly@nortonrosefulbright.com' <katie.connolly@nortonrosefulbright.com>; 'tk@hfk.law' <tk@hfk.law>; 'mwfriedman@debevoise.com' <mwfriedman@debevoise.com>; 'whtaft@debevoise.com' <whtaft@debevoise.com>; 'slee1@debevoise.com' <slee1@debevoise.com>; 'jfandino@debevoise.com' <jfandino@debevoise.com>; 'chwallace@debevoise.com' <chwallace@debevoise.com>; 'cmicarelli@debevoise.com' <cmicarelli@debevoise.com>; 'david.bowker@wilmerhale.com' <david.bowker@wilmerhale.com>; 'adupre@mccarter.com' <adupre@mccarter.com>; 'sdelia@mccarter.com' <sdelia@mccarter.com>; 'mjoyce@mjlawoffices.com' <mjoyce@mjlawoffices.com>; 'Melissa.donimirski@stevenslee.com' <Melissa.donimirski@stevenslee.com>; 'Alexis.gambale@stevenslee.com' <Alexis.gambale@stevenslee.com>; 'sriback@wilkauslander.com' <sriback@wilkauslander.com>; 'john.keough@clydeco.us' <john.keough@clydeco.us>; 'juan.itriago@clydeco.com' <juan.itriago@clydeco.com>; 'veronica.dunlop@clydeco.com' <veronica.dunlop@clydeco.com>; 'scott.leonhardt@esbrook.com' <scott.leonhardt@esbrook.com>; 'jody.barillare@morganlewis.com' <jody.barillare@morganlewis.com>; 'jonathan.albano@morganlewis.com' <jonathan.albano@morganlewis.com>; 'christopher.carter@morganlewis.com' <christopher.carter@morganlewis.com>; 'edavis@sequorlaw.com' <edavis@sequorlaw.com>; 'fmenendez@sequorlaw.com' <fmenendez@sequorlaw.com>; 'Mason, Daniel' <dmason@paulweiss.com>; 'Hurwitz, Jonathan' <jhurwitz@paulweiss.com>; 'Brennan, Meaghan E.' <mbrennan@paulweiss.com>

**Cc:** Project.Horizon.Weil <Project.Horizon.Weil@weil.com>
**Subject:** RE: Crystallex v. Venezuela - Meet and Confer re D.I. 1339

HIGHLY CONFIDENTIAL
SUBJECT TO CONFIDENTIALITY ORDER AND SALE PROCEDURES ORDER
DRAFT SUBJECT TO MATERIAL CHANGE

All,

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████

Thanks,
Chase

*****

| Illustrative Timeline | |
|---|---|
| ████████████ | ████████ |
| ███████████████████ | ████████ |
| ████ | |





**Chase Bentley**
Counsel

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Chase.Bentley@weil.com
+1 212 310 8871 Direct
+1 401 258 8529 Mobile

**From:** Bentley, Chase
**Sent:** Thursday, October 10, 2024 6:15 PM
**To:** 'moyer@rlf.com' <moyer@rlf.com>; 'dicamillo@rlf.com' <dicamillo@rlf.com>; 'hunter@rlf.com' <hunter@rlf.com>; 'MEstrada@gibsondunn.com' <MEstrada@gibsondunn.com>; 'ltownsend@gibsondunn.com' <ltownsend@gibsondunn.com>; 'asmith@gibsondunn.com' <asmith@gibsondunn.com>; 'rweigel@gibsondunn.com' <rweigel@gibsondunn.com>; 'jmyatt@gibsondunn.com' <jmyatt@gibsondunn.com>; 'rmoloo@gibsondunn.com' <rmoloo@gibsondunn.com>; 'ZKady@gibsondunn.com' <ZKady@gibsondunn.com>; 'gmoritz@ramllp.com' <gmoritz@ramllp.com>; 'etaylor@ramllp.com' <etaylor@ramllp.com>;

'Michael.Kim@KobreKim.com'; 'marcus.green@kobrekim.com' <marcus.green@kobrekim.com>; 'jef.klazen@kobrekim.com' <jef.klazen@kobrekim.com>; 'lydia.halpern@kobrekim.com' <lydia.halpern@kobrekim.com>; 'RGMason@wlrk.com' <RGMason@wlrk.com>; 'ARWolf@wlrk.com' <ARWolf@wlrk.com>; 'MHCassel@wlrk.com' <MHCassel@wlrk.com>; 'knachbar@mnat.com' <knachbar@mnat.com>; 'kandersen@morrisnichols.com' <kandersen@morrisnichols.com>; 'acumings@mnat.com' <acumings@mnat.com>; 'DBirk@eimerstahl.com' <DBirk@eimerstahl.com>; 'GSchweizer@eimerstahl.com' <GSchweizer@eimerstahl.com>; 'hbucher@eimerstahl.com' <hbucher@eimerstahl.com>; 'lmeyer@eimerstahl.com' <lmeyer@eimerstahl.com>; 'neimer@eimerstahl.com'; 'dmortlock@willkie.com' <dmortlock@willkie.com>; 'mgottlieb@willkie.com' <mgottlieb@willkie.com>; 'shall@willkie.com' <shall@willkie.com>; 'swaesco@mnat.com' <swaesco@mnat.com>; 'bayliss@abramsbayliss.com' <bayliss@abramsbayliss.com>; 'cannataro@abramsbayliss.com' <cannataro@abramsbayliss.com>; 'thomson@abramsbayliss.com' <thomson@abramsbayliss.com>; 'childs@abramsbayliss.com' <childs@abramsbayliss.com>; 'adeel.mohammadi@mto.com' <adeel.mohammadi@mto.com>; 'donald.verrilli@mto.com' <donald.verrilli@mto.com>; 'elaine.goldenberg@mto.com' <elaine.goldenberg@mto.com>; 'george.garvey@mto.com' <george.garvey@mto.com>; 'ginger.anders@mto.com' <ginger.anders@mto.com>; 'seth.goldman@mto.com' <seth.goldman@mto.com>; 'whitney.debevoise@arnoldporter.com' <whitney.debevoise@arnoldporter.com>; 'yalowitz@arnoldporter.com' <yalowitz@arnoldporter.com>; 'Stephen.Wirth@arnoldporter.com' <Stephen.Wirth@arnoldporter.com>; 'bmcdonnell@hegh.law' <bmcdonnell@hegh.law> 'jbrown@hegh.law' <jbrown@hegh.law>; 'shirzel@hegh.law' <shirzel@hegh.law>; 'jpizzurro@curtis.com' <jpizzurro@curtis.com>; 'jperla@curtis.com' <jperla@curtis.com>; 'Meehan, Kevin A.' <kmeehan@curtis.com>; 'andrew.dupre@akerman.com' <andrew.dupre@akerman.com>; 'Brian.lemon@akerman.com' <Brian.lemon@akerman.com>; 'mlopezforastier@cov.com' <mlopezforastier@cov.com>; 'jarvelo@cov.com' <jarvelo@cov.com>; 'ljones@pszjlaw.com' <ljones@pszjlaw.com>; 'pkeane@pszjlaw.com' <pkeane@pszjlaw.com>; 'alex.yanos@alston.com' <alex.yanos@alston.com>; 'apoorva.patel@alston.com' <apoorva.patel@alston.com>; 'robert.poole@alston.com' <robert.poole@alston.com>; 'jmiraglia@reedsmith.com' <jmiraglia@reedsmith.com>; 'brostocki@reedsmith.com' <brostocki@reedsmith.com>; 'mbailey@reedsmith.com' <mbailey@reedsmith.com>; 'nlech@reedsmith.com' <nlech@reedsmith.com>; 'cmwinter@duanemorris.com' <cmwinter@duanemorris.com>; 'jccarignan@duanemorris.com' <jccarignan@duanemorris.com>; 'mmwrobel@duanemorris.com' <mmwrobel@duanemorris.com>; 'ttimlin@duanemorris.com' <ttimlin@duanemorris.com>; 'SBrauerman@bayardlaw.com' <SBrauerman@bayardlaw.com>; 'sandrade@bayardlaw.com' <sandrade@bayardlaw.com>; 'mlopezforastier@cov.com' <mlopezforastier@cov.com>; 'mherman@cov.com' <mherman@cov.com>; 'craig.martin@dlapiper.com' <craig.martin@dlapiper.com>; 'angela.whitesell@us.dlapiper.com' <angela.whitesell@us.dlapiper.com>; 'James.berger@us.dlapiper.com' <James.berger@us.dlapiper.com>; 'Charlene.sun@us.dlapiper.com' <Charlene.sun@us.dlapiper.com>; 'Joshua.wan@us.dlapiper.com' <Joshua.wan@us.dlapiper.com>; 'butcher@lrclaw.com' <butcher@lrclaw.com>; 'cree@lrclaw.com' <cree@lrclaw.com>; 'smolo@mololamken.com' <smolo@mololamken.com>; 'jellis@mololamken.com' <jellis@mololamken.com>; 'ldayton@mololamken.com' <ldayton@mololamken.com>; 'mkelley@mololamken.com' <mkelley@mololamken.com>; 'RYeh@mololamken.com'

<RYeh@mololamken.com>; 'LAhn@mololamken.com' <LAhn@mololamken.com>;
'tmickler@ashbygeddes.com' <tmickler@ashbygeddes.com>; 'mdegnan@ashbygeddes.com'
<mdegnan@ashbygeddes.com>; 'rteti@ashbygeddes.com' <rteti@ashbygeddes.com>;
'jbolian@rjfirm.com' <jbolian@rjfirm.com>; 'jhagler@rjfirm.com' <jhagler@rjfirm.com>;
'Kevin.Mangan@wbd-us.com' <Kevin.Mangan@wbd-us.com>; 'Matthew.Ward@wbd-us.com'
<Matthew.Ward@wbd-us.com>; 'Stephanie.riley@wbd-us.com' <Stephanie.riley@wbd-us.com>;
'matthew.kirtland@nortonrosefulbright.com' <matthew.kirtland@nortonrosefulbright.com>;
'katie.connolly@nortonrosefulbright.com' <katie.connolly@nortonrosefulbright.com>; 'tk@hfk.law'
<tk@hfk.law>; 'mwfriedman@debevoise.com' <mwfriedman@debevoise.com>;
'whtaft@debevoise.com' <whtaft@debevoise.com>; 'slee1@debevoise.com'
<slee1@debevoise.com>; 'jfandino@debevoise.com' <jfandino@debevoise.com>;
'chwallace@debevoise.com' <chwallace@debevoise.com>; 'cmicarelli@debevoise.com'
<cmicarelli@debevoise.com>; 'david.bowker@wilmerhale.com' <david.bowker@wilmerhale.com>;
'adupre@mccarter.com' <adupre@mccarter.com>; 'sdelia@mccarter.com' <sdelia@mccarter.com>;
'mjoyce@mjlawoffices.com' <mjoyce@mjlawoffices.com>; 'Melissa.donimirski@stevenslee.com'
<Melissa.donimirski@stevenslee.com>; 'Alexis.gambale@stevenslee.com'
<Alexis.gambale@stevenslee.com>; 'sriback@wilkauslander.com' <sriback@wilkauslander.com>;
'john.keough@clydeco.us' <john.keough@clydeco.us>; 'juan.itriago@clydeco.com'
<juan.itriago@clydeco.com>; 'veronica.dunlop@clydeco.com' <veronica.dunlop@clydeco.com>;
'scott.leonhardt@esbrook.com' <scott.leonhardt@esbrook.com>; 'jody.barillare@morganlewis.com'
<jody.barillare@morganlewis.com>; 'jonathan.albano@morganlewis.com'
<jonathan.albano@morganlewis.com>; 'christopher.carter@morganlewis.com'
<christopher.carter@morganlewis.com>; 'edavis@sequorlaw.com' <edavis@sequorlaw.com>;
'fmenendez@sequorlaw.com' <fmenendez@sequorlaw.com>
**Cc:** Project.Horizon.Weil <Project.Horizon.Weil@weil.com>
**Subject:** Crystallex v. Venezuela - Meet and Confer re D.I. 1339

Counsel to the Sale Process Parties and Additional Judgment Creditors,

Pursuant to the Court's Oral Order at D.I. 1339, the Special Master plans to hold a meet and confer
at 3:00 pm ET on Monday October 14th to discuss the Joint Status Report requested by Judge Stark.

I will send a Zoom invite to the individuals on this email. Apologies in advance if any of your
colleagues or co-counsel have been unintentionally omitted, but please feel free to forward the
invite as necessary.

Thank you,
Chase



**Chase Bentley**
Counsel

Weil, Gotshal & Manges LLP
767 Fifth Avenue

New York, NY 10153
Chase.Bentley@weil.com
+1 212 310 8871 Direct
+1 401 258 8529 Mobile

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.