# Exhibit A



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 30216698**
**Date Processed: 11/06/2024**

| | |
|---|---|
| **Primary Contact:** | Lisa T. Webster<br>ConocoPhillips<br>925 N Eldridge Pkwy<br>Houston, TX 77079-2703 |
| **Electronic copy provided to:** | Zelda Shelvin<br>Pamela Jenkins |

| | |
|---|---|
| **Entity:** | ConocoPhillips Company<br>Entity ID Number  0013132 |
| **Entity Served:** | Conocophillips Company |
| **Title of Action:** | Girard Street Investment Holdings LLC vs. Pdv Holding, Inc. |
| **Matter Name/ID:** | Girard Street Investment Holdings LLC vs. PDV Holding, Inc. (16480000) |
| **Document(s) Type:** | Subpoena |
| **Nature of Action:** | Information/Appearance Request |
| **Court/Agency:** | U.S. District Court Southern District, NY |
| **Case/Reference No:** | 24-cv-04448-JSR |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 11/05/2024 |
| **Answer or Appearance Due:** | 12/02/2024 |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Meister Seelig & Fein PLLC<br>212-655-3579 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| GIRARD STREET INVESTMENT HOLDINGS LLC | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.    24-cv-04448-JSR |
| PDV HOLDING, INC. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      ConocoPhillips Company c/o Corporation Service Company
               251 Little Falls Drive, Wilmington, DE 19808

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: Lexitas<br>13101 NW Freeway, Suite 210<br>Houston, Texas 77040 | Date and Time:<br><br>12/02/2024 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     11/04/2024

| *CLERK OF COURT* | OR | *(signature)* |
|---|---|---|
| _____<br>*Signature of Clerk or Deputy Clerk* | | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Girard Street Investment Holdings LLC _____ , who issues or requests this subpoena, are:
Christopher J. Major, Meister Seelig & Fein PLLC, 125 Park Avenue, 7th Floor, New York NY 10017, cjm@msf-law.com, (212) 655-3579

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Date Served: 11/5/2024
Time Served: 2:42
Server: SB    12117350

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    24-cv-04448-JSR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____    on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                                    *Server's signature*

                                                    _____
                                                    *Printed name and title*

                                                    _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

The following Definitions, as well as those in Local Civil Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), which Girard Street incorporates by reference, apply to each of the Requests contained herein and are deemed incorporated in each Request.

1.      "2016 Pledges" means PDVH's October 28, 2016 pledge of 50.1% of the equity in Citgo Holding and PDVH's November 30, 2016 pledge of 49.9% of the equity in Citgo Holding.

2.      "2020 PDVSA Bonds" means the bonds secured by PDVH on October 28, 2016, with a pledge of a 50.1% controlling interest in Citgo Holding.

3.      "Asset" means any property or thing of value, including but not limited to all real property, tangible personal property including cash, automobiles, machinery, equipment, boats, precious metals, jewelry, art, furniture, and fixtures, and intangible personal property including accounts receivable, notes receivable, stocks, bonds, and other securities, retirement accounts, pensions, annuities, copyrights, patents, insurance policies, and trusts and wills, or any power, control, or discretion otherwise with respect to the disposition of any asset.

4.      "Agreement" means any contract, arrangement, or understanding, formal or informal, oral or written.

5.      "Citgo" means Citgo Petroleum Corporation and its officers, directors, employees, partners, corporate parents, subsidiaries, or affiliates.

6.      "Citgo Holding" means Citgo Holding, Inc. and its officers, directors, employees, partners, corporate parents, subsidiaries, or affiliates.

7.      "Communicate" or "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

8.      "Concerning" means relating to, referring to, describing, evidencing, or constituting.

9.      "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

10.     "Including" means "including, without limitation" and "including but not limited to."

11.     "PDVH" means PDV Holding, Inc. and its officers, directors, employees, partners, corporate parents, subsidiaries, or affiliates.

12.     "PDVSA" means Petróleos de Venezuela, S.A. and its officers, directors, employees, partners, corporate parents, subsidiaries, or affiliates, including the PDVSA Ad Hoc Board.

13.     "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

14.     "Relevant Period" means January 1, 2015 through the present unless stated otherwise.

15.     "Venezuela" means the Bolivarian Republic of Venezuela, and includes the Venezuelan government and government officials. For the avoidance of doubt, unless otherwise specified in the request "Venezuela" includes both the regime presently led by Nicolas Maduro and the regime presently led by the U.S.-recognized 2015 National Assembly.

2

16. "You" or "Your" means ConocoPhillips Company and its officers, directors, employees, partners, corporate parents, subsidiaries, or affiliates.

17. The terms "all," "any," and "each" must be construed as encompassing any and all.

18. The connectives "and" and "or" must be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

19. The use of the singular form of any word includes the plural, and vice versa. The masculine includes the feminine and non-binary genders, and vice versa.

## INSTRUCTIONS

The following Instructions apply to each Request set forth herein and are deemed incorporated in each Request.

1. In responding to these Requests, produce all Documents within Your possession, custody, or control, including Your actual or constructive possession or control, including Documents, electronically stored information located in hard copy files, computer systems, smartphones, messaging applications, networks, servers, CDs, DVDs, memory sticks, zip drives, hard drives, or other electronic media.

2. Each Document must be produced in its entirety and without abbreviation, redaction, censorship, or deletion regardless of whether You consider the entire Document to be relevant or responsive to a particular Request, unless You have redacted any portion of a Document on a claim of privilege, as described in Instruction No. 3 below.

3. With respect to any Document or any portion of a Document withheld on a claim of privilege, identify as to each Document:

3

a.    the author of the Document;

b.    the recipient of the Document;

c.    every person to whom copies of the Document were sent;

d.    the date of the Document;

e.    the date on which the Document was received by those having possession of the Document; and

f.    the nature and subject matter of the information withheld.

4.    Notwithstanding the assertion of any objection to production, any Document or information as to which an objection is raised containing non-objectionable matter which is relevant and material to a request, must be produced, but that portion of the Document for which the objection is asserted may be withheld or redacted provided that the above-requested identification is furnished.

5.    Responsive Documents shall be produced in image format, with searchable text load files that are compatible with Concordance and IPRO. The images shall be single-page, 300 DPI, Group IV .tiff images. For each individual document based on an electronic file, the load file shall, to the extent practicable, contain the corresponding text that extracted from the electronic file, not generated as an OCR file from the .tiff image(s). In the case of e-mail, the load file shall also include, to the extent practicable, header information including: (1) the individual to whom the communication was directed ("To"); (2) the author of the e-mail communication ("From"); (3) who was copied ("cc") and/or blind copied ("bcc") on such e-mail; (4) the subject line of the e-mail ("Re" or "Subject"); and (5) the date and time sent. For each Document, the load file shall also contain: (1) the beginning Bates number (referring to the first page of the document); (2) the ending Bates number (referring to the last page of the document);

and in the case of e-mails with attachments, (3) the beginning attachment range number(s) and (4) the ending attachment range number(s), where the "attachment range" records the relationship of e-mails to their attachments. The attachment range should be recorded from the first page of the first document in the attachment range to the last page of the last document in the attachment range. In addition, all Documents whose native format is that of a Microsoft Excel file (or other electronic spreadsheet file) shall be produced with a single-page placeholder (Group IV .tiff image) indicating that the file is a spreadsheet and shall be produced in native format, including the logical formulae within the cells of the spreadsheets.

6.     If there is no Document responsive to a particular Request, You shall state in writing that no Document is responsive to the Request.

7.     If You object to any Request or part of a Request, set forth the basis for Your objection with particularity and respond to all parts of the Request to which You do not object.

8.     Unless otherwise specified, these Requests refer to the Relevant Period.

9.     These Requests are continuing and all Documents coming into Your possession, custody or control which would have been produced had they been available earlier shall be produced forthwith.

## DOCUMENTS REQUESTED

### REQUEST NO. 1:

All Documents and Communications concerning PDVH acting on behalf of, at the direction of, and/or for the benefit of PDVSA and/or Venezuela.

### REQUEST NO. 2:

All Documents and Communications concerning PDVSA acting on behalf of, at the direction of, and/or for the benefit of Venezuela.

**REQUEST NO. 3:**

All Documents and Communications concerning the 2020 PDVSA Bonds and/or the 2016 Pledges.

**REQUEST NO. 4:**

All Documents and Communications concerning Venezuela and/or PDVSA's influence on, role in, or involvement in the selection and/or dismissal of the officers and/or directors of PDVH and/or its subsidiaries from 2000 to present.

**REQUEST NO. 5:**

All Documents and Communications concerning Venezuela and/or PDVSA's rejection or reversal of any decisions made by the board of directors of PDVH and/or its subsidiaries from 2000 to present.

**REQUEST NO. 6:**

All Documents concerning bondholder disclosures or other acknowledgments by PDVH that it is controlled by PDVSA and/or Venezuela.

**REQUEST NO. 7:**

All Documents and Communications concerning any specific instances of Venezuela and/or PDVSA overriding PDVH's actions and/or taking actions for or on behalf of PDVH.

**REQUEST NO. 8:**

All Documents and Communications from 2000 to present concerning Venezuela and/or PDVSA extracting value from PDVH and/or its subsidiaries without declaring a dividend.

**REQUEST NO. 9:**

All Documents and Communications concerning PDVH's board of directors, including Documents concerning board meetings and the exercise of regular duties.

**REQUEST NO. 10:**

Documents sufficient to identify all of Citgo, Citgo Holding, and PDVH's board members, officers, and directors from 2000 to present.

**REQUEST NO. 11:**

All corporate records of PDVH from 2000 to present.

**REQUEST NO. 12:**

All Documents and Communications from 2000 to present concerning instances in which Venezuela and/or PDVSA sought to shield, protect, and/or conceal Assets of PDVH and/or its subsidiaries from creditors of Venezuela and/or PDVSA.

**REQUEST NO. 13:**

All Documents and Communications concerning value or benefits Venezuela and/or PDVSA has extracted from the United States market since 2000.

**REQUEST NO. 14:**

All Documents and Communications concerning Venezuela and/or PDVSA receiving the profits of PDVH.

**REQUEST NO. 15:**

All Documents and Communications concerning PDVSA and/or PDVH's payment of Venezuelan taxes.

**REQUEST NO. 16:**

Documents sufficient to identify all outstanding debts owed to You by PDVSA and/or Venezuela.

**REQUEST NO. 17:**

All Documents concerning the nature of the underlying obligation giving rise to any amounts You are owed, including awards and/or judgments You have obtained against PDVSA and/or Venezuela.

**REQUEST NO. 18:**

All Documents concerning any guarantee, mortgage, charge, pledge, lien or other security interest securing any obligation of Venezuela and/or PDVSA owed to You, or any other Agreement or arrangement having a similar effect.

**REQUEST NO. 19:**

All Agreements concerning any awards and/or judgments You have obtained against PDVSA and/or Venezuela.

**REQUEST NO. 20:**

All Documents concerning any collateral received by You in connection with any outstanding debts owed to You by PDVSA and/or Venezuela.

**REQUEST NO. 21:**

All Documents concerning any amounts You have been paid on any awards and/or judgments You have obtained against PDVSA and/or Venezuela, including Documents sufficient to identify (i) who made the payment; (ii) the date of the payment; and (iii) the amount of the payment.

**REQUEST NO. 22:**

All Documents concerning PDVSA and/or Venezuela's refusal to pay any amount You are owed, including any awards and/or judgments You have obtained against PDVSA and/or Venezuela, including any demand letters and responses thereto.

# Exhibit B



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 30216054**
**Date Processed: 11/06/2024**

| | |
|---|---|
| **Primary Contact:** | Lisa T. Webster<br>ConocoPhillips<br>925 N Eldridge Pkwy<br>Houston, TX 77079-2703 |
| **Electronic copy provided to:** | Zelda Shelvin<br>Pamela Jenkins |

| | |
|---|---|
| **Entity:** | Phillips Petroleum Company<br>Entity ID Number  0013132 |
| **Entity Served:** | Phillips Petroleum Company Venezuela Limited |
| **Title of Action:** | Girard Street Investment Holdings LLC vs. PDV Holding, Inc. |
| **Matter Name/ID:** | Girard Street Investment Holdings LLC vs. PDV Holding, Inc. (16480000) |
| **Document(s) Type:** | Subpoena |
| **Nature of Action:** | Information/Appearance Request |
| **Court/Agency:** | U.S. District Court Southern District, NY |
| **Case/Reference No:** | 24-cv-04448-JSR |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 11/05/2024 |
| **Answer or Appearance Due:** | 12/02/2024 |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Meister Seelig & Fein PLLC<br>212-655-3579 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Southern District of New York

| | |
|---|---|
| GIRARD STREET INVESTMENT HOLDINGS LLC | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  24-cv-04448-JSR |
| PDV HOLDING, INC. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Phillips Petroleum Company Venezuela Limited c/o Corporation Service Company
251 Little Falls Drive, Wilmington, DE 19808

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: Lexitas<br>13101 NW Freeway, Suite 210<br>Houston, Texas 77040 | Date and Time:<br><br>12/02/2024 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  11/04/2024

| *CLERK OF COURT* | | |
|---|---|---|
| _____<br>*Signature of Clerk or Deputy Clerk* | OR | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Girard Street Investment Holdings LLC , who issues or requests this subpoena, are:
Christopher J. Major, Meister Seelig & Fein PLLC, 125 Park Avenue, 7th Floor, New York NY 10017, cjm@msf-law.com, (212) 655-3579

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Date Served: 11/5/2024
Time Served: 2.42
Server: SB          12117386

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   24-cv-04448-JSR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____    on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## <u>DEFINITIONS</u>

The following Definitions, as well as those in Local Civil Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), which Girard Street incorporates by reference, apply to each of the Requests contained herein and are deemed incorporated in each Request.

1.      "2016 Pledges" means PDVH's October 28, 2016 pledge of 50.1% of the equity in Citgo Holding and PDVH's November 30, 2016 pledge of 49.9% of the equity in Citgo Holding.

2.      "2020 PDVSA Bonds" means the bonds secured by PDVH on October 28, 2016, with a pledge of a 50.1% controlling interest in Citgo Holding.

3.      "Asset" means any property or thing of value, including but not limited to all real property, tangible personal property including cash, automobiles, machinery, equipment, boats, precious metals, jewelry, art, furniture, and fixtures, and intangible personal property including accounts receivable, notes receivable, stocks, bonds, and other securities, retirement accounts, pensions, annuities, copyrights, patents, insurance policies, and trusts and wills, or any power, control, or discretion otherwise with respect to the disposition of any asset.

4.      "Agreement" means any contract, arrangement, or understanding, formal or informal, oral or written.

5.      "Citgo" means Citgo Petroleum Corporation and its officers, directors, employees, partners, corporate parents, subsidiaries, or affiliates.

6.      "Citgo Holding" means Citgo Holding, Inc. and its officers, directors, employees, partners, corporate parents, subsidiaries, or affiliates.

7.    "Communicate" or "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

8.    "Concerning" means relating to, referring to, describing, evidencing, or constituting.

9.    "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

10.    "Including" means "including, without limitation" and "including but not limited to."

11.    "PDVH" means PDV Holding, Inc. and its officers, directors, employees, partners, corporate parents, subsidiaries, or affiliates.

12.    "PDVSA" means Petróleos de Venezuela, S.A. and its officers, directors, employees, partners, corporate parents, subsidiaries, or affiliates, including the PDVSA Ad Hoc Board.

13.    "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

14.    "Relevant Period" means January 1, 2015 through the present unless stated otherwise.

15.    "Venezuela" means the Bolivarian Republic of Venezuela, and includes the Venezuelan government and government officials. For the avoidance of doubt, unless otherwise specified in the request "Venezuela" includes both the regime presently led by Nicolas Maduro and the regime presently led by the U.S.-recognized 2015 National Assembly.

2

16.     "You" or "Your" means Phillips Petroleum Company Venezuela Limited and its officers, directors, employees, partners, corporate parents, subsidiaries, or affiliates.

17.     The terms "all," "any," and "each" must be construed as encompassing any and all.

18.     The connectives "and" and "or" must be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

19.     The use of the singular form of any word includes the plural, and vice versa. The masculine includes the feminine and non-binary genders, and vice versa.

## INSTRUCTIONS

The following Instructions apply to each Request set forth herein and are deemed incorporated in each Request.

1.     In responding to these Requests, produce all Documents within Your possession, custody, or control, including Your actual or constructive possession or control, including Documents, electronically stored information located in hard copy files, computer systems, smartphones, messaging applications, networks, servers, CDs, DVDs, memory sticks, zip drives, hard drives, or other electronic media.

2.     Each Document must be produced in its entirety and without abbreviation, redaction, censorship, or deletion regardless of whether You consider the entire Document to be relevant or responsive to a particular Request, unless You have redacted any portion of a Document on a claim of privilege, as described in Instruction No. 3 below.

3.     With respect to any Document or any portion of a Document withheld on a claim of privilege, identify as to each Document:

3

a.  the author of the Document;

b.  the recipient of the Document;

c.  every person to whom copies of the Document were sent;

d.  the date of the Document;

e.  the date on which the Document was received by those having possession of the Document; and

f.  the nature and subject matter of the information withheld.

4.  Notwithstanding the assertion of any objection to production, any Document or information as to which an objection is raised containing non-objectionable matter which is relevant and material to a request, must be produced, but that portion of the Document for which the objection is asserted may be withheld or redacted provided that the above-requested identification is furnished.

5.  Responsive Documents shall be produced in image format, with searchable text load files that are compatible with Concordance and IPRO. The images shall be single-page, 300 DPI, Group IV .tiff images. For each individual document based on an electronic file, the load file shall, to the extent practicable, contain the corresponding text that extracted from the electronic file, not generated as an OCR file from the .tiff image(s). In the case of e-mail, the load file shall also include, to the extent practicable, header information including: (1) the individual to whom the communication was directed ("To"); (2) the author of the e-mail communication ("From"); (3) who was copied ("cc") and/or blind copied ("bcc") on such e-mail; (4) the subject line of the e-mail ("Re" or "Subject"); and (5) the date and time sent. For each Document, the load file shall also contain: (1) the beginning Bates number (referring to the first page of the document); (2) the ending Bates number (referring to the last page of the document);

4

and in the case of e-mails with attachments, (3) the beginning attachment range number(s) and (4) the ending attachment range number(s), where the "attachment range" records the relationship of e-mails to their attachments. The attachment range should be recorded from the first page of the first document in the attachment range to the last page of the last document in the attachment range.     In addition, all Documents whose native format is that of a Microsoft Excel file (or other electronic spreadsheet file) shall be produced with a single-page placeholder (Group IV .tiff image) indicating that the file is a spreadsheet and shall be produced in native format, including the logical formulae within the cells of the spreadsheets.

6.      If there is no Document responsive to a particular Request, You shall state in writing that no Document is responsive to the Request.

7.      If You object to any Request or part of a Request, set forth the basis for Your objection with particularity and respond to all parts of the Request to which You do not object.

8.      Unless otherwise specified, these Requests refer to the Relevant Period.

9.      These Requests are continuing and all Documents coming into Your possession, custody or control which would have been produced had they been available earlier shall be produced forthwith.

## DOCUMENTS REQUESTED

**REQUEST NO. 1:**

All Documents and Communications concerning PDVH acting on behalf of, at the direction of, and/or for the benefit of PDVSA and/or Venezuela.

**REQUEST NO. 2:**

All Documents and Communications concerning PDVSA acting on behalf of, at the direction of, and/or for the benefit of Venezuela.

**REQUEST NO. 3:**

All Documents and Communications concerning the 2020 PDVSA Bonds and/or the 2016 Pledges.

**REQUEST NO. 4:**

All Documents and Communications concerning Venezuela and/or PDVSA's influence on, role in, or involvement in the selection and/or dismissal of the officers and/or directors of PDVH and/or its subsidiaries from 2000 to present.

**REQUEST NO. 5:**

All Documents and Communications concerning Venezuela and/or PDVSA's rejection or reversal of any decisions made by the board of directors of PDVH and/or its subsidiaries from 2000 to present.

**REQUEST NO. 6:**

All Documents concerning bondholder disclosures or other acknowledgments by PDVH that it is controlled by PDVSA and/or Venezuela.

**REQUEST NO. 7:**

All Documents and Communications concerning any specific instances of Venezuela and/or PDVSA overriding PDVH's actions and/or taking actions for or on behalf of PDVH.

**REQUEST NO. 8:**

All Documents and Communications from 2000 to present concerning Venezuela and/or PDVSA extracting value from PDVH and/or its subsidiaries without declaring a dividend.

**REQUEST NO. 9:**

All Documents and Communications concerning PDVH's board of directors, including Documents concerning board meetings and the exercise of regular duties.

6

**REQUEST NO. 10:**

Documents sufficient to identify all of Citgo, Citgo Holding, and PDVH's board members, officers, and directors from 2000 to present.

**REQUEST NO. 11:**

All corporate records of PDVH from 2000 to present.

**REQUEST NO. 12:**

All Documents and Communications from 2000 to present concerning instances in which Venezuela and/or PDVSA sought to shield, protect, and/or conceal Assets of PDVH and/or its subsidiaries from creditors of Venezuela and/or PDVSA.

**REQUEST NO. 13:**

All Documents and Communications concerning value or benefits Venezuela and/or PDVSA has extracted from the United States market since 2000.

**REQUEST NO. 14:**

All Documents and Communications concerning Venezuela and/or PDVSA receiving the profits of PDVH.

**REQUEST NO. 15:**

All Documents and Communications concerning PDVSA and/or PDVH's payment of Venezuelan taxes.

**REQUEST NO. 16:**

Documents sufficient to identify all outstanding debts owed to You by PDVSA and/or Venezuela.

**REQUEST NO. 17:**

All Documents concerning the nature of the underlying obligation giving rise to any amounts You are owed, including awards and/or judgments You have obtained against PDVSA and/or Venezuela.

**REQUEST NO. 18:**

All Documents concerning any guarantee, mortgage, charge, pledge, lien or other security interest securing any obligation of Venezuela and/or PDVSA owed to You, or any other Agreement or arrangement having a similar effect.

**REQUEST NO. 19:**

All Agreements concerning any awards and/or judgments You have obtained against PDVSA and/or Venezuela.

**REQUEST NO. 20:**

All Documents concerning any collateral received by You in connection with any outstanding debts owed to You by PDVSA and/or Venezuela.

**REQUEST NO. 21:**

All Documents concerning any amounts You have been paid on any awards and/or judgments You have obtained against PDVSA and/or Venezuela, including Documents sufficient to identify (i) who made the payment; (ii) the date of the payment; and (iii) the amount of the payment.

**REQUEST NO. 22:**

All Documents concerning PDVSA and/or Venezuela's refusal to pay any amount You are owed, including any awards and/or judgments You have obtained against PDVSA and/or Venezuela, including any demand letters and responses thereto.

8