

Travis S. Hunter
302-651-7564
hunter@rlf.com

November 12, 2024

**VIA ECF**

The Honorable Leonard P. Stark
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

      Re:  *Crystallex International Corporation v. Bolivarian Republic of Venezuela et al.*, C.A. No. 17-mc-151-LPS

Dear Judge Stark:

We write to join in ConocoPhillips's letter to the Court regarding the need to issue an injunction "to restrain the Gramercy Parties' efforts to disrupt this judgment enforcement proceeding." D.I. 1425 at 2.

Like ConocoPhillips, Crystallex was served with a document subpoena on October 31 in *Girard Street Investment Holdings LLC v. PDV Holding, Inc.*, Case No. 24-cv-04488-JSR.[1] A copy of the subpoena, which contains 22 requests, is enclosed.

The majority of the requests (Requests Nos. 1-15) seek information Crystallex uncovered to demonstrate to this Court that PDVSA is Venezuela's alter ego. For example, the subpoena seeks documents "concerning PDVSA acting on behalf of, at the direction of, and/or for the benefit of Venezuela" (Request No. 2) and "bondholder disclosures or other acknowledgements by PDVH that it is controlled by PDVSA and/or Venezuela" (Request No. 6). These requests are essentially an acknowledgment by Girard Street that it lacks the evidence to prove its case, and a transparent effort to exploit Crystallex's years of litigation work and expense, and to appropriate Crystallex's work product wholesale, in a parasitic bid to use Crystallex's efforts to undermine Crystallex's attachment and this Court's sale process and orders in a rival court.

Other requests concern Crystallex's enforcement efforts and PDVSA and Venezuela's debts and payments to Crystallex. *See* Requests Nos. 16-22. These requests are improper efforts to interfere with Crystallex's assets, which are the subject of ongoing insolvency and bankruptcy proceedings.

---

[1] Without prejudice to its rights to object to the subpoena in its entirety on all grounds except deficient service, Crystallex agreed on October 30 to accept service via email on its counsel at Gibson Dunn.

The Honorable Leonard P. Stark
November 12, 2024
Page 2

The Gramercy Parties' continued efforts to circumvent this Court's orders and to interfere with the res in the Court's custody have thus reached a new low. There is no justification for their attempt to undermine this Court's sale process by leveraging the work product of the Parties, like Crystallex, that did the work of proving PDVSA's status as Venezuela's alter ego in the first place. Crystallex therefore joins ConocoPhillips's submission that these latest subpoenas served on Crystallex, ConocoPhillips, and others confirm the importance of issuing an injunction to restrain the Gramercy Parties' efforts to disrupt this Court's judgment enforcement proceeding.

Respectfully submitted,

*/s/ Travis S. Hunter*

Travis S. Hunter (#5350)

CC: All counsel of record