IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>Defendant. | Case No. 17-mc-151-LPS |

**RED TREE INVESTMENTS, LLC'S ANSWERING STATEMENT
REGARDING THE COURT'S INCLINATIONS**

Red Tree Investments, LLC ("Red Tree") submits the following statement in answer to the Special Master's November 26 opening position statement (D.I. 1445) ("SM Stmt.") regarding the Court's November 20 Order (D.I. 1433) (the "Inclinations Order").

**Statement**

As an Additional Judgment Creditor and a bidder for the PDVH shares, Red Tree welcomes the Special Master's "significant pivot" away from the unworkable Amber Energy proposals. SM Stmt. 2. The Special Master correctly acknowledges that immediately reopening the data room and inviting a new round of bids is necessary to maximize value for creditors. *See id.* at 3, 6-7. In the new bidding round, Red Tree plans to submit a new bid on terms superior to either Amber Energy proposal – both on price and structure – and without contingencies based on the alter ego claims. *See* D.I. 1440 ("Red Tree Stmt.") at 1. Red Tree has no objection to the Special Master's proposal for a 90-day bidding period followed by an open auction. *See* SM Stmt. 7. Red Tree respectfully submits the following further reactions to the Special Master's new proposed

framework for the sales process and alter ego litigation. For the Court's convenience, those reactions are organized according to the inclinations in the Inclinations Order.

Inclination 4A: The Injunction Motion. Both the Special Master and all other Additional Judgment Creditors and Sales Process Parties that responded to the Court's inclinations have expressed concern about the disruption the PDVH alter ego claims could cause to the bidding process. SM Stmt. 3-4; D.I. 1438 (Crystallex) at 3-4; D.I. 1442 (ConocoPhillips) at 1-2; D.I. 1443 (Seven Creditors) at 4. As Red Tree described, Additional Judgment Creditors and potential third-party financing sources would welcome the clarity that a merits resolution of those claims could bring. Red Tree Stmt. 2-3. That said, while certain bidders have expressed disappointment that the Court is not inclined to grant the injunction motion in its current form, that relief is not necessary for the sales process to go forward. Rather, a merits ruling on the alter ego claims would be valuable even if it did not fully preclude future claimants. *Id.* at 3. Red Tree thus continues to support any appropriate procedural vehicle to address the alter ego claims on the merits. *Id.* at 4.

Inclination 4B: Bidder Protections. Red Tree does not object to the Special Master's proposal to forgo a stalking horse bidder and instead choose a "Base Bid" which would be entitled only to expense reimbursement (rather than a topping or termination fee). SM Stmt. 7. Red Tree believes, however, that any "Base Bid" should be subject to the same terms Red Tree previously proposed for a stalking horse bidder. *See* Red Tree Stmt. 4. Specifically, before any bid is selected as a "Base Bid," definitive documentation for that bid should be filed on the public docket with minimal redactions, and parties in interest should have an opportunity to raise threshold objections if the proposed "Base Bid" does not comply with applicable law. *Id.*

Inclination 6: Bidding Framework. The Special Master's statement describes a form SPA and a list of material terms and assumptions for bidders to consider. SM Stmt. 6-7. As before,

Red Tree requests an opportunity to provide input into those materials to ensure they comply with applicable law. *See* Red Tree Stmt. 6. At a minimum, any bids should comply with the Sale Procedure Order's rules for credit bids, *id.* (citing D.I. 481 (Sale Process Order) ¶26; D.I. 472-1 (bidding procedures) at 8 § ii(d)), and contain an affirmative proposal for resolving claims asserted by the 2020 8.5% bondholders.

Inclination 7:  Information Accompanying Recommendations. Red Tree agrees with the Special Master's proposal to disclose a waterfall projection of creditor distributions for any bid selected in the Final Recommendation. SM Stmt. 7-8. However, in the interest of efficiency, Red Tree maintains that *any* bid submitted to the Special Master should include such projections. Red Tree Stmt. 6. Such waterfall projections should be disclosed for any Base Bid and any Qualified Bidder participating in the auction to provide clarity about how the competing bids at that auction will satisfy creditors' claims.

Dated:   December 3, 2024

| | |
|---|---|
| Steven F. Molo (*pro hac vice*) | /s/ *Jennifer L. Cree* |
| Justin M. Ellis (*pro hac vice*) | Rebecca Butcher (#3816) |
| Mark W. Kelley (*pro hac vice*) | Jennifer L. Cree (#5919) |
| MOLOLAMKEN LLP | LANDIS RATH & COBB LLP |
| 430 Park Avenue, 6th Floor | 919 Market Street, Suite 1800 |
| New York, NY  10022 | Wilmington, DE  19899 |
| Tel.: (212) 607-8170 | Tel.: (302) 467-4400 |
| smolo@mololamken.com | butcher@lrclaw.com |
| jellis@mololamken.com | cree@lrclaw.com |
| mkelley@mololamken.com | |

*Counsel for Red Tree Investments, LLC*

3