IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>    Defendant. | Case No. 17-mc-151-LPS |
| OI EUROPEAN GROUP B.V.,<br><br>    Plaintiff,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>    Defendant. | Case No. 19-mc-290-LPS |

**OI EUROPEAN GROUP B.V.'S ANSWERING BRIEF ON THE COURT'S INCLINATIONS**

OI European Group B.V. ("OIEG")[1] hereby submits this answering brief on the Inclinations Order[2] and in response to (i) *Crystallex International Corporation's Comments on the Court's "Inclinations" Regarding Sale Process* (D.I. 1438) ("Crystallex Opening"), (ii) *Red Tree*

---

[1] OIEG holds a writ of attachment on the PDVH Shares and has been declared an Additional Judgment Creditor by this Court and holds an Attached Judgment (in accordance with, and each term as defined in, the *Sixth Revised Proposed Order (A) Establishing Sale and Bidding Procedures, (B) Approving Special Master's Report and Recommendation Regarding Proposed Sale Procedures Order, (C) Affirming Retention of Evercore as Investment Banker by Special Master and (D) Regarding Related Matters* (D.I. 481) (the "Sale Procedures Order")). References to the docket index ("D.I.") are to the *Crystallex* docket, Misc. No. 17-151-LPS.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Inclinations Order, the Sale Procedures Order or the *Seven Creditors' Opening Position of the Court's Inclinations* (D.I. 1439) (the "Seven Creditors' Opening"). OIEG is a party to the Seven Creditors' Opening.

1

*Investments, LLC's Position Statement in Response to the Court's Inclinations* (D.I. 1440) ("Red Tree Opening"), (iii) *2020 Bond Entities Submission Pursuant to the Court's Order of November 20, 2024* (D.I. 1441) ("Bondholder Opening"),[3] (iv) *ConocoPhillips' Opening Brief in Response to the Court's Inclinations* (D.I. 1442) ("Conoco Opening"), (v) *Submission of Amber Energy Inc. Pursuant to Court's November 20, 2024 Order and Inclinations* (D.I. 1444) ("Amber Opening"), and (vi) *Special Master's Opening Position in Response to Court's November 20, 2024 Order* (D.I. 1445) ("Special Master Opening").

**RESPONSE**

I. Litigation

OIEG agrees with Crystallex's assertion that "enjoining the Gramercy Parties' claims is 'necessary or appropriate in aid of' this Court's jurisdiction over the PDVH Shares, to enforce orders relating to the sale of those shares, and to prevent interference with the res in the Court's custody." Crystallex Opening at p. 4. As stated in the Seven Creditors' Opening, OIEG continues to believe that *this* Court is best positioned to address the Alter Ego Claims and should do so within the context of the sale process.

II. Sale Process

OIEG concurs with Crystallex that there are two potential paths forward: a live auction or a topping period. *See* Crystallex Opening at p. 5. However, OIEG urges that *either* process follow the Proposed Schedule (proposed in the Seven Creditors' Opening), which includes a bid protections and procedures motion and the designation of a stalking horse after Court approval.

---

[3] OIEG takes no express position at this time on the Bondholder Opening other than to note that nearly all of the requests made in the Bondholder Opening appear to be no more than premature objections that should be raised at the selection of the winning bid and/or at the hearing to approve the winning bid.

2

*See* Seven Creditors' Opening Ex. A. Whether this Court adopts a live auction or a topping period, the Proposed Schedule accommodates either approach. For example, rather than the 30-day "Topping Period" proposed by the Seven Creditors, those thirty days could instead be used by bidders to prepare for the live auction, where the stalking horse bid would serve as the "Base Bid" used by the Special Master to initiate the auction.

### A. Live Auction or Topping Period

While the Special Master has suggested proceeding with a live auction structure *without* a stalking horse or standard bid protections, *see* Special Master Opening at pp. 4-7, OIEG respectfully submits that the sale process would benefit from the selection of a stalking horse and the implementation of bid protections under this Court's oversight. *See* Amber Opening at p. 2 n. 4 ("any bidder (Amber or otherwise) will want to know that it will receive bid protections *before* it will agree to put forth a bid that could be used as a floor"). Contrary to the Special Master's suggestion, a "re-launch of the sale process" is not necessary even if a live auction is pursued. *See* Special Master Opening at p. 6. The Special Master's proposed "streamlined manner" merely replicates the process that led to the current delay. Pursuing this approach would not only lengthen a now years-long process, but it would unnecessarily ignore the fact that no other parties (creditors or bidders) have requested a restart of the process or a 90-day bidding period. Any party with a credible interest in bidding on the PDVH Shares likely already obtained access to the data room before it was closed and likely already has previously submitted (or at least prepared) a bid. The submission of further bids should, therefore, simply be a matter of re-opening the data room, establishing standard bid protections and allowing parties to update bids for submission as a stalking horse or for participation in the topping period or auction.

Contrary to the Special Master's proposal to eliminate bid protections, the appropriate course is for the Special Master to propose standard bid protections (and additional bidding/auction procedures, if necessary) for a stalking horse bid. Once these protections are approved by the Court, and once a stalking horse bidder has been approved by this Court, a topping period (or a live auction, following a 30-day period allowing potential bidders to review the stalking horse bid) will better position the Special Master to evaluate superior bids before making an Updated Final Recommendation. Recent concerns about transparency in the bidding and negotiation process underscore the need for a process aligned with the Proposed Schedule. A discretionary "base bid" and short live auction without the Court oversight provided in the Proposed Schedule would fail to address these concerns.

While OIEG is open to a live auction format, OIEG supports such a format only if it adheres to the timeline and structure outlined in the Proposed Schedule, with the Topping Period replaced by the live auction occurring 30 days after a stalking horse is selected with Court oversight.

### B. Bidding Protections/Procedures

OIEG agrees with the other parties' recommendations regarding bid protections and procedures that should be addressed in future briefing. *See* Crystallex Opening at pp. 7-13 (proposing advance agreement on material terms, limits on termination fee amounts and trigger events, good faith deposit requirements, and fully drafted public documentations); Red Tree Opening at p. 6 (requesting greater clarity on non-price terms for bids); Conoco Opening at pp. 2-3 (suggesting termination fee structures, representations and warranties, and best bid determinations). OIEG believes that certain of these protections and procedures will support the sale process, whether through a live auction or a topping period, by advancing the best interests of creditors and facilitating a timely, efficient path toward distributions.

Dated: December 3, 2024

**MORGAN, LEWIS & BOCKIUS LLP**

By: /s/ *Jody C. Barillare*
Jody C. Barillare (#5107)
1201 N. Market St., Suite 2201
Wilmington, DE 19801
Telephone: 302-574-3000
Facsimile: 302-574-3001
jody.barillare@morganlewis.com

 - and -

Jonathan Albano (*pro hac vice*)
Christopher L. Carter (*pro hac vice*)
One Federal Street
Boston MA 02110
Telephone: 617-341-7700
Facsimile: 617-341-7701
jonathan.albano@morganlewis.com
christopher.carter@morganlewis.com

**SEQUOR LAW, P.A.**
Edward H. Davis, Jr. (*pro hac vice*)
Fernando J. Menendez (*pro hac vice*)
1111 Brickell Ave., Suite 1250
Miami, FL 33131
Telephone: 305-372-8282
Facsimile: 305-372-8202
edavis@sequorlaw.com
fmenendez@sequorlaw.com

*Attorneys for OI European Group B.V.*