# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>    Defendant. | Case No. 17-mc-151-LPS |
| RUSORO MINING LIMITED,<br><br>    Plaintiff,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>    Defendant. | Case No. 21-mc-481-LPS |

**ANSWERING BRIEF OF RUSORO MINING LIMITED REGARDING THE COURT'S INCLINATIONS**

Rusoro Mining Limited ("Rusoro")[1] hereby submits this answering brief on the Inclinations Order[2] and in response to (i) *Crystallex International Corporation's Comments on the Court's "Inclinations" Regarding Sale Process* (D.I. 1438) ("Crystallex Opening"), (ii) *Red Tree*

---

[1] Rusoro holds a writ of attachment on the PDVH Shares and has been declared an Additional Judgment Creditor by this Court and holds an Attached Judgment (in accordance with, and each term as defined in, the *Sixth Revised Proposed Order (A) Establishing Sale and Bidding Procedures, (B) Approving Special Master's Report and Recommendation Regarding Proposed Sale Procedures Order, (C) Affirming Retention of Evercore as Investment Banker by Special Master and (D) Regarding Related Matters* (D.I. 481) (the "Sale Procedures Order")). References to the docket index ("D.I.") are to the *Crystallex* docket, Misc. No. 17-151-LPS.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Inclinations Order, the Sale Procedures Order or the *Seven Creditors' Opening Position of the Court's Inclinations* (D.I. 1439) (the "Seven Creditors' Opening").

1

*Investments, LLC's Position Statement in Response to the Court's Inclinations* (D.I. 1440) ("Red Tree Opening"), (iii) *2020 Bond Entities Submission Pursuant to the Court's Order of November 20, 2024* (D.I. 1441) ("Bondholder Opening"),[3] (iv) *ConocoPhillips' Opening Brief in Response to the Court's Inclinations* (D.I. 1442) ("Conoco Opening"), (v) *Submission of Amber Energy Inc. Pursuant to Court's November 20, 2024 Order and Inclinations* (D.I. 1444) ("Amber Opening"), and (vi) *Special Master's Opening Position in Response to Court's November 20, 2024 Order* (D.I. 1445) ("Special Master Opening").

## I. RESPONSE REGARDING INJUNCTION MOTION

Rusoro joins Gold Reserve Inc. ("Gold Reserve") and OI European Group B.V. ("OIEG") in their agreement with Crystallex that "enjoining the Gramercy Parties' claims is 'necessary or appropriate in aid of' this Court's jurisdiction over the PDVH shares, to enforce orders relating to the sale of those shares, and to prevent interference with the res in the Court's custody." Crystallex Opening, at 4. As indicated in the Seven Creditors' Opening, Rusoro maintains that this Court is best positioned to address the Alter Ego Claims in the context of the Sale Process, and that the Court should do so.[4]

## II. RESPONSE REGARDING BIDDER PROTECTIONS/PROCEDURES

---

[3] Rusoro takes no express position on the Bondholder Opening other than to note that nearly all of the requests made in the Bondholder Opening appear to be no more than premature objections that should be raised at the selection of the winning bid and/or at the hearing to approve the winning bid.

[4] As noted herein, Rusoro adopts and agrees with the substantive views adopted by Gold Reserve in its Response, filed concurrently herewith, but has made this separate submission due to its lack of independent knowledge regarding certain factual matters included in the Gold Reserve Response. Rusoro's failure to affirmatively agree with any specific substantive arguments raised by Gold Reserve in its Response are not intended to, and should not be construed by the Court as, indicating a lack of agreement with those substantive points.

Rusoro agrees with other Parties' recommendations regarding bid protections and procedures that should be addressed in future briefing.  *See* Crystallex Opening at pp. 7-13 (proposing advance agreement on material terms, limits on termination fee amounts and trigger events, good faith deposit requirements, and fully drafted public documentations); Red Tree Opening at p. 6 (requesting greater clarity on non-price terms for bids); Conoco Opening at pp. 2-3 (suggesting termination fee structures, representations and warranties, and best bid determinations).

### III. RESPONSE REGARDING SALE PROCESS

Rusoro agrees with the views expressed by Gold Reserve in its Response, filed concurrently herewith, that the Special Master's proposed "pivot" of the Sale Process to an auction is unnecessary and ultimately unworkable, and maintains that the current Sale Process should continue, subject to the Proposed Schedule advocated by the Seven Creditors in their Opening.

Specifically, Rusoro objects to the Special Master's proposal to transform the process into a "live auction" that would provide potential topping bidders with only one day to submit superior bids to the initial bid.  Such a process would leave potential topping bidders who are reliant on financing only a single day to obtain necessary modifications to their financing to support their topping bids, which invariably will make it impossible for one or more potential topping bidders to submit topping bids.  Rusoro respectfully submits that this circumstance alone dictates against adoption of the auction proposal advocated by the Special Master, and re-states the view of the Seven Creditors (shared by other parties) that the topping period should be between 30 and 45 days in length to afford potential topping bidders ample time to prepare and support their bids.

Rusoro further disagrees with the Special Master's proposal to eliminate bidder protections, and believes that appropriate bidder protections – approved in advance by the Court,

3

rather than negotiated between the Special Master and individual bidders – are appropriate and would create the most robust and competitive bidding atmosphere.

Finally, Rusoro agrees with Gold Reserve that that "rules of the road" going forward need to be fixed in a transparent manner and approved in advance by the Court, and specifically that the form of the SPA to be used for the sale – which would standardize all non-price terms related to the sale – be ordered by the Court.

Dated: December 3, 2024

Respectfully submitted,

**DLA Piper LLP (US)**

By: /s/ R. Craig Martin
R. Craig Martin (#005032)
1201 North Market Street
Suite 2100
Wilmington, DE 19801
Telephone: 302-468-5655
Fax: 302-778-7834
craig.martin@us.dlapiper.com

 - and -

James E. Berger (*pro hac vice*)
Charlene C. Sun (*pro hac vice*)
Joshua S. Wan (*pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: 212-335-4715
Fax: 212-884-8715
James.berger@us.dlapiper.com
Charlene.sun@us.dlapiper.com
Joshua.wan@us.dlapiper.com

*Attorneys for Rusoro Mining Limited*