# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. No. 17-151-LPS |

**OPENING BRIEF OF ACL1 INVESTMENTS LTD., ACL2 INVESTMENTS LTD., AND LDO (CAYMAN) XVIII LTD. IN OBJECTION TO SPECIAL MASTER'S MONTHLY REPORT FOR THE PERIOD ENDED SEPTEMBER 30, 2024**

*Of counsel*:

Joshua S. Bolian (*pro hac vice*)
Jared A. Hagler (*pro hac vice*)
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, Tennessee 37203
(615) 320-3700
jbolian@rjfirm.com
jhagler@rjfirm.com

Dated: December 6, 2024

ASHBY & GEDDES
F. Troupe Mickler IV (#5361)
Marie M. Degnan (#5602)
Randall J. Teti (#6334)
500 Delaware Ave., 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
tmickler@ashbygeddes.com
mdegnan@ashbygeddes.com
rteti@ashbygeddes.com

*Attorneys for ACL1 Investments Ltd., ACL2 Investments Ltd., and LDO (Cayman) XVIII Ltd.*

**OPENING BRIEF OF ACL1 INVESTMENTS LTD., ACL2 INVESTMENTS LTD., AND LDO (CAYMAN) XVIII LTD. IN OBJECTION TO SPECIAL MASTER'S MONTHLY REPORT FOR THE PERIOD ENDED SEPTEMBER 30, 2024**

Additional Judgment Creditors ACL1 Investments Ltd., ACL2 Investments Ltd., and LDO (Cayman) XVIII Ltd. (together, "ACL") respectfully submit this opening brief in objection to the Special Master's Monthly Report for the Period Ended September 30, 2024 (D.I. 1430).[1] That Report requests, among other things, that the Court determine that fees incurred by Weil, Gotshal & Manges LLP in September 2024 (the "WGM Fees") are reasonable. D.I. 1430 at 5. ACL objects to this request. As explained herein, ACL submits that the WGM Fees are not reasonable and that the Court should decline to approve $386,960.55 thereof, representing a 75% reduction to fees with vague time entries ($207,906.75) and a 40% reduction to fees for certain calls and meetings attended by more attorneys than was reasonable ($179,053.80).

Preliminarily, the amount of the WGM Fees and the context in which they were incurred make demonstrating the Fees' reasonableness a heavy burden. To be sure, the task facing the Special Master's Advisors is "enormous [in] scope and complexity." Mem. Order (D.I. 337) at 4. But the WGM Fees are large beyond proportion even to that enormity. The WGM Fees feature time entries from seventy-four timekeepers in six cities. D.I. 1430-1 at 5-8.[2] The total amount of fees—at an average hourly rate of $1,436.61—is $3,568,390.50. *Id.* And the hours are extraordinary, with one attorney billing more than two hundred hours in September alone. *Id.* at 5. Yet, the "results obtained" by this September work have not been fruitful for any party or for the Court. *See* Model R. Pro. Conduct R. 1.5(a)(4) (results obtained is a factor in reasonableness).

---

[1] Capitalized terms not defined herein have the meanings ascribed to them in the Sale Procedures Order (D.I. 481).

[2] Citations to page numbers in these invoices, or generic citations to "Page," are to the page numbers generated by the ECF system for D.I. 1430-1.

More particularly, a substantial portion of the WGM Fees is unreasonable for one or the other of two reasons. First, several time entries are so vague that the parties asked to pay the fees (such as ACL) cannot reasonably discern what work the attorney performed. The requested fees associated with these time entries total $277,209.00. Second, several other time entries indicate that the numbers of attorneys attending certain meetings and calls are difficult to justify. The fees associated with these meetings and calls are not clear because of block billing, but at least $447,634.50 in fees are attributable to time entries that include these meetings and calls.

*First*, a portion of the WGM Fees is unreasonable because it is supported only with vague time entries. These time entries include at least the following:

| Vague Time Entries | | | | |
|---|---|---|---|---|
| **Date** | **Description** | **Hours** | **Fees** | **Page** |
| 9/3/24 | Strategize alter ego actions. | 1.8 | $3,105.00 | 14 |
| 9/4/24 | Strategize alter ego actions, interpleader. | 0.8 | $1,380.00 | 19 |
| 9/5/24 | Attention to sale process; alter ego actions. | 4.2 | $7,245.00 | 25 |
| 9/6/24 | Strategize re: alter egos, interpleader, sale process. | 2.9 | $5,002.50 | 30 |
| 9/7/24 | Strategizing alter egos, interpleader, sale process. | 1.1 | $1,897.50 | 34 |
| 9/9/24 | Strategize re: alter egos, interpleader, sale process. | 2.3 | $3,967.50 | 40 |
| 9/10/24 | Attend to numerous issues related to lead bid. | 1.5 | $3,525.00 | 46 |
| 9/10/24 | Strategize re: alter egos, interpleader, sale process. | 5.1 | $8,797.50 | 48 |
| 9/11/24 | Attend to numerous issues related to lead bid. | 2.0 | $4,700.00 | 53 |
| 9/11/24 | Strategize re: alter egos, interpleader, sale process. | 6.2 | $10,695.00 | 54 |
| 9/12/24 | Strategize re: alter egos, interpleader, sale process. | 4.2 | $7,245.00 | 59 |
| 9/12/24 | Strategy re purchase agreement. | 0.5 | $897.50 | 62 |
| 9/13/24 | Strategize re: alter egos, interpleader, sale process. | 1.6 | $2,760.00 | 64 |
| 9/16/24 | Attention to 2020s; attention to correspondence. | 0.8 | $1,720.00 | 71 |
| 9/16/24 | Tend to various matters related to stalking horse bid. | 2.0 | $4,700.00 | 72 |
| 9/16/24 | Strategize re: alter egos, interpleader, sale process. | 1.1 | $1,897.50 | 73 |
| 9/17/24 | Tend to various matters related to bid. | 2.5 | $5,875.00 | 77 |
| 9/17/24 | Strategize re: alter egos, interpleader, sale process. | 1.1 | $1,897.50 | 79 |
| 9/18/24 | Tend to various matters related to bid. | 3.9 | $9,165.00 | 84 |
| 9/18/24 | Strategize re: alter egos, interpleader, sale process. | 2.7 | $4,657.50 | 86 |
| 9/18/24 | Strategize re: transaction items. | 0.4 | $718.00 | 90 |
| 9/19/24 | Tend to various matters related to bid. | 4.1 | $9,635.00 | 92 |
| 9/20/24 | Tend to various matters related to bid. | 1.5 | $3,525.00 | 97 |
| 9/21/24 | Tend to various matters related to bid. | 1.4 | $3,290.00 | 103 |
| 9/22/24 | Tend to various matters related to bid. | 1.4 | $3,290.00 | 105 |

| Vague Time Entries | | | | |
|---|---|---|---|---|
| Date | Description | Hours | Fees | Page |
| 9/23/24 | Tend to matter related to closing of bid. | 3.8 | $8,930.00 | 108 |
| 9/23/24 | Strategize re: transaction items. | 0.9 | $1,615.50 | 116 |
| 9/24/24 | Tend to matter related to closing of bid. | 10.5 | $24,675.00 | 118 |
| 9/25/24 | Tend to matter related to closing of bid. | 13.5 | $31,725.00 | 127 |
| 9/25/24 | Attention to signing and SPA items. | 17.2 | $22,188.00 | 129 |
| 9/26/24 | Tend to numerous matters related to signing bid including negotiations with bidder. | 14.5 | $34,075.00 | 136 |
| 9/26/24 | Participate in negotiations with bidder; review documents. | 12.5 | $22,437.50 | 136 |
| 9/27/24 | Tend to numerous matters related to signing bid. | 8.5 | $19,975.00 | 144 |
| | Totals | 138.5 | $277,209.00 | |

In addition, several block-billed entries bundle vague items with more specific items. *E.g.*, Page 120 (15.1-hour entry includes "attention to SPA items"); Page 131 (13.9-hour entry includes "other attention to matter"); Page 147 (12.6-hour entry includes "attention to signing").

Fees supported only by such vague time entries are, at least in part, unreasonable. Fee applications "must be specific enough to allow the district court to determine if the hours claimed are unreasonable for the work performed." *Gelis v. BMW of N. Am., LLC*, 49 F.4th 371, 379-80 (3d Cir. 2022) (quotation marks omitted). This requirement is not satisfied by the vague time entries above. That an attorney "tend[ed] to" or "strategize[d]" about broad-ranging issues is not enough for a party in interest to conclude that the time spent was reasonable.

As a remedy, ACL submits that the Court should decline to approve $207,906.75 of the WGM Fees requested. This amount is 75% of the total fees in the table above. The Court "has a great deal of discretion to adjust the fee award in light of" objections. *Smith v. Astrue*, 843 F. Supp. 2d 486, 490 (D. Del. 2012) (quotation marks omitted). A 75% reduction in the amount requested is appropriate because, while some payment for the underlying work may be reasonable, the time entries make it impossible to determine how much is reasonably due. The vague entries are particularly problematic because it is well known that these fees would be subject to review by interested

3

parties, and it is ultimately the requesting party's burden to show that the fees are reasonable and necessary.

*Second*, a separate portion of the WGM Fees is unreasonable because of seemingly unnecessary attendance at calls and meetings. "The overstaffing of meetings and depositions is a proper basis for reducing a requested fee award." *Loc. Union No. 1992 of Int'l Bhd. of Elec. Workers v. Okonite Co.*, 34 F. Supp. 2d 230, 237 (D.N.J. 1998).

The degree to which calls and meetings were overstaffed, or even how long they lasted, is difficult to know due to the lack of detail in the time entries and the practice of block billing. However, certain calls and meetings with parties outside Weil, Gotshal & Manges are reasonably identifiable. Those meetings, and the attorneys who attended each, are as follows:

| **Overstaffed Calls and Meetings** | | | | |
|---|---|---|---|---|
| **Date** | **Outside Party/ies** | **Attorneys** | **Fees** | **Pages** |
| 9/3/24 | Special Master, Evercore | Curtis, Rubin, Sharma, Mackinnon, Serviss, Roberts, Burrus | $41,754.50 | 13-16 |
| 9/6/24 | Crystallex, Conoco | Schrock, Welch, Curtis, Bentley, Rubin, Basil, Mackinnon, Serviss, Roberts, Burrus, Liu | $45,722.50 | 29-34 |
| 9/9/24 | Crystallex, Conoco, Elliott | Lender, Keenan, Curtis, Bentley, Rubin, Basil, Mackinnon | $56,197.50 | 37, 39, 40, 42 |
| 9/11/24 | Special Master, Evercore | Keenan, Curtis, Jaeger, Rubin, Hong, Sharma, Basil, Mackinnon, Roberts, Burrus | $58,897.50 | 52-56 |
| 9/12/24 | Elliott | Lender, Keenan, Schrock, Curtis, Burrus | $46,383.00 | 57, 58, 62 |
| 9/13/24 | Republic | Lender, Friedmann, Welch, Curtis, Bentley | $14,936.50 | 62-65 |
| 9/17/24 | Evercore | Chivers, Lender, Friedmann, Keenan, Rubin, Sharma, Basil, Balido, Serviss, Roberts, Burrus, Clarke | $42,363.50 | 76, 77, 79-81, 83 |
| 9/18/24 | Special Master, Evercore | Friedmann, Keenan, Curtis, Jaeger, Bentley, Rubin, Sharma, Basil, Mackinnon, Serviss, Zimmerman, Roberts, Burrus, Liu | $73,374.50 | 84-88, 90, 91 |

4

| Overstaffed Calls and Meetings | | | | |
|---|---|---|---|---|
| Date | Outside Party/ies | Attorneys | Fees | Pages |
| 9/19/24 | Crystallex, Conoco | Lender, Keenan, Welch, Bentley, Rubin, Basil, Mackinnon, Serviss, Roberts, Burrus | $54,909.00 | 91-96 |
| 9/22/24 | Elliott | Lender, Keenan, Welch, Rubin | $13,096.00 | 104, 105 |
| | | **Total** | $447,634.50 | |

This table both overstates and understates the issue. It overstates the issue because it counts all fees from time entries that include the specified calls and meetings. Because of block billing, those time entries included tasks other than the calls and meetings. However, the table also understates the issue. It excludes meetings internal to the firm, which appear to have been numerous and attended by even more timekeepers. *E.g.*, Pages 36-44 ("WIP" or "workstream" meeting apparently attended by nineteen timekeepers); Page 129 ("multiple calls, emails and meetings" with unspecified persons).

Many of the calls and meetings in the table above included more than one attorney from the same practice area, such as Messrs. Lender and Friedmann from litigation and Messrs. Keenan and Rubin from mergers and acquisitions. Five of the meetings had ten or more timekeepers, in addition to the outside party or parties, which makes meaningful participation by each of the timekeepers unlikely.

As a remedy, ACL submits that the Court should decline to approve $179,053.80 of the WGM Fees requested. This amount is 40% of the total fees in the table above. A 40% reduction in the amount requested would be a reasonable exercise of the Court's discretion because, while ACL has no reason to dispute that the calls and meetings themselves were reasonable, the calls and meetings appear to have been meaningfully overstaffed. Moreover, while the table above concededly includes fees for tasks other than the overstaffed calls and meetings, that is a necessary result of the choice to use imprecise block billing. And, as noted above, the table does not seek to include

5

all calls and meetings that appear to have been overstaffed.

*   *   *

ACL appreciates that the Special Master and his Advisors have devoted considerable effort to the sale process for the benefit of all interested parties. ACL therefore does not make its objection lightly. Nonetheless, ACL's share of the Advisors' fees is equal to that of the other Additional Judgment Creditors despite the size of ACL's claim being relatively small (less than $120 million as of August 14, 2023; *see* D.I. 658). ACL is therefore particularly interested in ensuring that the Advisors' fees are reasonable.

For the foregoing reasons, ACL respectfully submits that the WGM Fees are not reasonable and that the Court should decline to approve $386,960.55 thereof, representing a 75% reduction to fees with vague time entries ($207,906.75) and a 40% reduction to fees for certain calls and meetings attended by more attorneys than was reasonable ($179,053.80).

| | |
|---|---|
| Dated: December 6, 2024 | Respectfully submitted. |
| *Of counsel*: | ASHBY & GEDDES |
| Joshua S. Bolian (*pro hac vice*)<br>Jared A. Hagler (*pro hac vice*)<br>Riley & Jacobson, PLC<br>1906 West End Avenue<br>Nashville, Tennessee 37203<br>(615) 320-3700<br>jbolian@rjfirm.com<br>jhagler@rjfirm.com | /s/ *Randall J. Teti*<br>_____<br>F. Troupe Mickler IV (#5361)<br>Marie M. Degnan (#5602)<br>Randall J. Teti (#6334)<br>500 Delaware Ave., 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>(302) 654-1888<br>tmickler@ashbygeddes.com<br>mdegnan@ashbygeddes.com<br>rteti@ashbygeddes.com<br><br>*Attorneys for ACL1 Investments Ltd., ACL2 Investments Ltd., and LDO (Cayman) XVIII Ltd.* |

6