IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., <br><br> *Plaintiff*, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> *Defendant*. | Case No. 1:17-mc-00151-LPS <br><br> Hon. Leonard P. Stark |

**THE REPUBLIC AND PDVSA'S OBJECTION AND BRIEF IN SUPPORT OF THEIR OBJECTION TO THE SPECIAL MASTER'S FEES FOR SEPTEMBER 2024**

Pursuant to this Court's Oral Order dated December 4, 2024, Petróleos de Venezuela, S.A., (PDVSA), joined by the Bolivarian Republic of Venezuela, respectfully object, and submit this brief in support of their objection, to the excessive fees submitted for approval in the Special Master's Monthly Report for the Period Ended September 30, 2024 [D.I. 1430].

**RELEVANT BACKGROUND**

When the Court appointed the Special Master in its May 27, 2021 Order, it ordered that the "Special Master shall incur only such fees and expenses as may be reasonably necessary to fulfill his duties under this Order, or such other Orders as the Court may issue in this proceeding." D.I. 277 ¶ 15. The Order capped the Special Master's hourly rate at $950. It also set a cap or benchmark of $2 million for the fees and expenses to be incurred by the Special Master, his Counsel, and Advisors (referred collectively in this brief as the "Special Master"), subject to any subsequent order of this Court authorizing "additional funding as may be necessary." *Id*.

As the Special Master's fees rapidly surpassed the $2 million cap, the Venezuela Parties persistently objected to the excessive fees as unjustified and unreasonable. *See, e.g.*, D.I. 327 at 3; D.I. 371 at 1; D.I. 380 at 1; D.I. 413; D.I. 427 at 1; D.I. 437; D.I. 450; D.I. 466; D.I. 477; D.I. 498; D.I. 528. At the March 30, 2023 hearing, for the sake of efficiency, this Court recognized that the Venezuela Parties have a standing objection to the Special Master's growing fees, and relieved them of having to file objections for every subsequent report unless there was a specific, new problem they wished to raise. *See* 8/30/2023 Tr. 81:12-25 (The Court: "If there's a way to short-circuit that, I'm also prepared to say for the record that you have a standing objection to every bill that comes in from this point forward and you'll only write me a letter if you see something that's really new, but so doing is not a problem for me.").

Over the following year, the Special Master incurred in excess of $30 million in fees on what is now proven to be, as the Venezuela Parties had cautioned, an inherently flawed process that led to the recommendation of a universally criticized, failed bid. *See* D.I. 1459 at 4; *see also* D.I. 1445 at 2 (Special Master advocating for a "significant pivot" in light of the "absence of a viable bid"). Most recently, for the month of September 2024, the Special Master billed an aggregate of $4,093,901.35, almost all of it in fees. D.I. 1430 at 5-6. The Special Master's Counsel, Weil Gotshal, alone billed more than $3.5 million in fees, with 74 timekeepers across multiple offices for nearly 2,500 hours at rates as high as $2,350/hour.

On November 21, 2024, a group of Attached Judgment Creditors objected to the fees set forth in the Special Master's September 2024 report, pointing out the "staggering amount" of fees incurred to date. D.I. 1435. That same day, at the request of the Sale Process Parties and the Special Master, the Court extended the deadline to object to the Special Master's report for September 2024 indefinitely. D.I. 1434.

On December 4, 2024, the Court set a deadline of December 6, 2024, for filing objections to the September 2024 report, with supporting briefs. D.I. 1463. Pursuant to that order, the Republic and PDVSA now file this objection and supporting brief.

**ARGUMENT**

The Republic and PDVSA object to the entry of an order approving wholesale the fees incurred by the Special Master for the month of September 2024.

In addition to their general standing objection to the exorbitant fees incurred by the Special Master over the last several months—exceeding the original $2 million benchmark by more than $28 million—the Republic and PDVSA object to the Special Master's fees for time spent on negotiating exclusively with Amber Energy and submitting Amber's incomplete bid as the supposedly "Successful Bid," without full consultation or support from the Sale Process Parties and over the Venezuela Parties' specific objection to this exclusivity arrangement as doomed to fail, which eventually it did. *See* D.I. 1373 at 3, 4; 1373-2 at 2. Those fees were not necessary or justifiable given the Venezuela Parties' objection and the lack of full support from the other Sale Process Parties for an exclusivity arrangement with Amber, whose bid inevitably failed. Nor were the fees reasonable given the 74 timekeepers assigned to the matter by Weil alone, 66 of whom have billing rates significantly above the $950/hour benchmark set by this Court for the Special Master.[1]

Furthermore, it has been made public on this Court's docket that Mr. Ray Schrock, lead attorney for the Special Master, as well as Mr. Alex Welch, another leading attorney for the

---

[1] The Special Master, including his Counsel and Advisors, should also not be compensated for any time spent negotiating the "alternative transaction" proposed by Amber, which apparently occurred after he had already submitted the Amber bid as the supposedly "Successful Bid" and after it was clear that any deal contingent on resolving the pending alter ego claims against PDVH would not garner any support among the Sale Process Parties or Attached Judgment Creditors. *See* D.I. 1414. The additional time spent on the proposed alternative transaction was clearly futile and wasteful from the outset.

3

Special Master, have left Weil and have withdrawn as counsel for the Special Master in this case. D.I. 1465, 1464. Moving forward, any time spent on facilitating that transition, including time spent by other attorneys to read into the case or familiarize themselves with work that was being done by the two departing attorneys, should not be billed or compensated.

Ultimately, the Special Master's fees, while shared by the Sale Process Parties at this point, will come out of any sale proceeds, D.I. 277 ¶ 16, so the authorization of any unreasonable, unnecessarily excessive fees will in effect diminish the amount of funds available to pay Attached Judgment Creditors, undermining the requirement of maximizing the amount of debt that is paid through the sale process under Sale Procedure Order and Delaware law. *See, e.g.*, D.I. 481 at 2, 7 (¶ D.), 9 (¶ H.), 11 (¶ 3), 15 (¶ 9), 21 (¶ 21), 27 (¶ 33), 28 (¶ 36), 30 (¶ 40). Indeed, a group of Attached Judgment Creditors that are lower on the priority waterfall have already lodged their objection to the Special Master's "staggering amount" of fees. D.I. 1435.

## CONCLUSION

For these reasons, this Court should not approve the Special Master's fees, including the fees of his Counsel and Advisors, set forth in the Special Master's Monthly Report for the Period Ended September 30, 2024 [D.I. 1430], and should instead direct the Special Master to resubmit new invoices eliminating all time spent on negotiating a deal exclusively with Amber and submitting that incomplete bid as the supposedly "Successful Bid," and should make clear that any future invoices should not include any time spent on preparing the proposed "alternative transaction" with Amber or transitioning work from Messrs. Schrock and Welch to other members of the Special Master's team.

Dated: December 6, 2024

Respectfully submitted,

HEYMAN ENERIO
GATTUSO & HIRZEL LLP

| Left Signature Block | Right Signature Block |
|---|---|
| A. Thompson Bayliss (#4379)<br>Christopher Fitzpatrick Cannataro (#6621)<br>ABRAMS & BAYLISS LLP<br>20 Montchanin Road, Suite 200<br>Wilmington, DE 19807<br>(302) 778-1000<br>bayliss@abramsbayliss.com<br>cannataro@abramsbayliss.com | /s/ Samuel T. Hirzel, II<br>Samuel T. Hirzel, II (#4415)<br>Brendan Patrick McDonnell (#7086)<br>300 Delaware Avenue, Suite 200<br>Wilmington, DE 19801<br>(302) 472-7300<br>SHirzel@hegh.law<br>bmcdonnell@hegh.law |

OF COUNSEL (left):

Donald B. Verrilli, Jr.
Elaine J. Goldenberg
Ginger D. Anders
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW
Suite 500 E
Washington, D.C. 20001
(202) 220-1100
Donald.Verrilli@mto.com
Elaine.Goldenberg@mto.com
Ginger.Anders@mto.com

George M. Garvey
Adeel Mohammadi
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100
George.Garvey@mto.com
Adeel.Mohammadi@mto.com

*Attorneys for Bolivarian Republic of Venezuela*

OF COUNSEL (right):

Joseph D. Pizzurro (*pro hac vice*)
Kevin A. Meehan (*pro hac vice*)
Juan O. Perla (*pro hac vice*)
David V. Holmes (*pro hac vice*)
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178
(212) 696-6000
jpizzurro@curtis.com
kmeehan@curtis.com
jperla@curtis.com
dholmes@curtis.com

*Attorneys for Intervenor Petróleos de Venezuela, S.A.*