# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>    Defendant. | Case No. 17-mc-151-LPS |

## KOCH PARTIES', HUNTINGTON INGALLS INCORPORATED'S, AND SAINT-GOBAIN PERFORMANCE PLASTICS EUROPE'S OBJECTIONS TO THE FEES SET OUT IN THE SPECIAL MASTER'S SEPTEMBER 2024 STATUS REPORT

Koch Minerals Sàrl and Koch Nitrogen International Sàrl (together, the *Koch Parties*); Northrop Grumman Ship Systems, Inc., f/k/a Ingalls Shipbuilding, Inc., and now known as Huntington Ingalls Incorporated (*HII*); and Saint-Gobain Performance Plastics Europe (*Saint-Gobain*) (collectively, **Objectors**) hereby object to the entry of a proposed order approving the fees set forth in the Special Master's status report for the month of September 2024. D.I. 1430; D.I. 1432.

The fees amassed by the Special Master and his advisors to date have exceeded $30 million—a figure that lies in stark relief with the current status of the Sale Process. Given that the Sale Process will now effectively restart, the Objectors submit that it would be appropriate to apply a new mechanism for the Transaction Expenses that ensures alignment between the work of the Special Master and his advisors and the needs of all stakeholders in this proceeding. Such a shift in the structure of payments toward the Transaction Expenses is particularly necessary given the reality that many Additional Judgment Creditors face no realistic prospect of receiving proceeds from an eventual sale, yet continue to be obligated to pay their allocations of the Transaction Expenses on a monthly basis, at least until such time as the Special Master makes a Final Recommendation. While payments made by Additional Judgment Creditors toward the Transaction Expenses would be reimbursed following the consummation of an eventual sale, the current status of the Sale Process suggests that each Additional Judgment Creditor will have made payments towards the Transaction Expenses for well over a year and a half (and for amounts that could exceed well over $1 million each) before any potential reimbursement. Such an outcome places an unforeseen and substantial financial burden on Additional Judgment Creditors—parties that have already expended significant sums and resources to collect on outstanding debts owed by the Republic and/or PDVSA.

To mitigate these circumstances, the Objectors propose that all fees of the Special Master and his advisors going forward are made contingent on consummation of a sale and are to be dispersed from the proceeds of that sale. This proposal is not only reasonable under the present circumstances, but is also generally consistent with the compensation structure for Evercore that is already in place.

Dated: December 6, 2024

**PACHULSKI STANG ZIEHL & JONES, LLP**

By: /s/ *Peter J. Keane*
Laura Davis Jones (#2436)
Peter J. Keane (#5503)
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705
Telephone: 302-652-4100
ljones@pszjlaw.com
pkeane@pszjlaw.com

**ALSTON & BIRD LLP**
Alexander A. Yanos (*pro hac vice*)
Robert Poole (*pro hac vice*)
90 Park Avenue, 15th Floor
New York, NY 10016-1387
Telephone: 212-210-9400
alex.yanos@alston.com
robert.poole@alston.com

*Attorneys for Northrop Grumman Ship Systems, Inc., f/k/a Ingalls Shipbuilding, Inc. and now known as Huntington Ingalls; Incorporated, Koch Minerals Sàrl, and Koch Nitrogen International Sàrl; and Saint-Gobain Performance Plastics Europe.*