IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. No. 17-151-LPS |

**REPLY BRIEF OF ACL1 INVESTMENTS LTD., ACL2 INVESTMENTS LTD., AND LDO (CAYMAN) XVIII LTD. IN SUPPORT OF OBJECTION TO SPECIAL MASTER'S MONTHLY REPORT FOR THE PERIOD ENDED SEPTEMBER 30, 2024**

Transparency came up several times in the Court's Order of November 20, 2024 (D.I. 1433). Because interested parties' lacking pertinent materials was nearly untenable, the Court ordered the Special Master to file a minimally redacted Stock Purchase Agreement (SPA). *Id.* at 3. The Court also stated its inclinations to require the Special Master to publicly file (i) definitive bid documentation, (ii) projections of the amounts to be received by judgment creditors, and (iii) estimates of any adjustments to the purchase price. *Id.* at 7-10.

The advisability of mandating transparency is confirmed by the Special Master's response to ACL's fee objection. *See* D.I. 1489 at 5. For example, per the response, the only public explanation warranted for tens of thousands of dollars in fees is "tend to various matters related to bid." *See* D.I. 1475 at 2. Any information beyond that (goes the response) need be shared only behind closed doors, in discussions between interested parties and the Special Master. *See* D.I. 1489 at 5. But that is not how it works in matters with which the Special Master's counsel are well familiar.[1]

---

[1] *E.g., Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases*, 78 Fed. Reg. 36,248, 36,250 (June 17, 2013) ("Phrases like 'attention to' or 'review file,' without greater specificity or

And that is not how it should work in this case, either. Without reasonable and public descriptions of the work of the Special Master's advisors, "some but not all of [the many] parties" paying the fees would "have access to" information pertinent to the fees. *See* D.I. 1433 at 3. For the fees—as for the sale process generally—that situation is "nearly untenable" for interested parties. *Id.* Worse, it would hinder efficient adjudication in "this sprawling, complex litigation." *Id.*

ACL welcomes the Special Master's offer to provide clarification regarding his advisors' work (*see* D.I. 1489 at 5) and may request such clarification going forward. ACL anticipates that such clarification would be provided promptly, given the relatively short period for objecting to fee requests, which discouraged ACL from seeking such clarification in this instance. That said, the Special Master neither responded substantively to the points made in ACL's opening brief (D.I. 1475), nor provided additional detail on the vague and duplicative time entries ACL identified, nor contended that his counsel should be permitted to redo their time entries. As a result, the Court should reduce the WGM Fees in the manner set forth in ACL's opening brief.

[signature block on following page]

---

more detail, are generally insufficient."). These guidelines apply to compensation of debtors' counsel in large Chapter 11 bankruptcy cases. Among the leading practice groups for such engagements is the Weil, Gotshal & Manges restructuring group primarily responsible for the Special Master's representation here.

2

| | |
|---|---|
| Dated: December 11, 2024 | Respectfully submitted. |
| *Of counsel*: | ASHBY & GEDDES |
| Joshua S. Bolian (*pro hac vice*)<br>Jared A. Hagler (*pro hac vice*)<br>Riley & Jacobson, PLC<br>1906 West End Avenue<br>Nashville, Tennessee 37203<br>(615) 320-3700<br>jbolian@rjfirm.com<br>jhagler@rjfirm.com | /s/ F. Troupe Mickler IV<br>_____<br>F. Troupe Mickler IV (#5361)<br>Marie M. Degnan (#5602)<br>Randall J. Teti (#6334)<br>500 Delaware Ave., 8th Floor<br>P.O. Box 1150<br>Wilmington, DE  19899<br>(302) 654-1888<br>tmickler@ashbygeddes.com<br>mdegnan@ashbygeddes.com<br>rteti@ashbygeddes.com<br><br>*Attorneys for ACL1 Investments Ltd., ACL2 Investments Ltd., and LDO (Cayman) XVIII Ltd.* |