# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>    Defendant. | Case No. 17-mc-151-LPS |
| RUSORO MINING LIMITED,<br><br>    Plaintiff,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>    Defendant. | Case No. 21-mc-481-LPS |
| GOLD RESERVE, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>    Defendant. | Case No. 22-mc-453-LPS |

**REPLY IN SUPPORT OF OBJECTIONS TO THE SPECIAL MASTER'S SEPTEMBER 2024 STATUS REPORT**

Rusoro Mining Ltd., together with Gold Reserve Inc. (the "Objecting Parties"), submit this reply in support of its Objection to the Court's entry of an order approving the fees set forth in the Special Master's report for the month of September 2024. D.I. 1430; D.I. 1432, D.I. 1477.

The Special Master's Omnibus Response (D.I. 1489) takes a callous view of the frustrations of the Objecting Parties and the other parties who filed objections. D.I. 1475; D.I. 1478. Over two years after this process commenced, D.I. 481, the Special Master has yet to issue his Final Recommendation, no Topping Bids have been entered, and no sale Hearing conducted – all while, the Special Master and his Advisors' fees continue to increase.

The Special Master rightly observes that the Amber Energy transaction, D.I. 1325, has lacked support since the time it was first announced, and it is clear that while the Special Master has devoted significant (and costly) effort to defending his recommendation against the torrent of criticism that it has attracted, that recommendation remains unacceptable to virtually every stakeholder in this process, and is now effectively a dead stick.  The Special Master's attempt to wave away these objections as mere "[d]ifferences of opinion," D.I. 1489 at 3, ignores the Objecting Parties' valid concerns that the September 2024 fees are on top of the more than $12 million in fees (D.I. 1477, n. 2) that the Special Master incurred during the period from May-August 2024 in furtherance of a process that the Special Master now admits was a failure.  *See* D.I. 1455 at 2 (recommending "significant pivot").  While the Objecting Parties did not object to any of May-August 2024 fees, certainly there must be some consequences for all of this wasted effort.  In the respectful submission of the Objecting Parties, a reasonable consequence is a substantial reduction of the September 2024 fees and the Court imposing procedural guardrails to avoid this problem from recurring going forward.

The Special Master asserts that he has "and his advisors have gone to great lengths to build consensus where possible, making themselves available at every turn to participate in innumerous meetings and calls with the parties so that all perspectives are heard." D.I. 1489 at 2. With respect, this is incorrect. As observed by multiple parties, one of the flaws in the Special Master's *modus operandi* these past several months is that he had done exactly the opposite – shutting off all substantive communications with the Sale Process Parties and the Additional Judgment Creditors because of the asserted "exclusivity" with Amber Energy. D.I. 1476 at 5; D.I. 1478; D.I. 1468 at 3; D.I. 1477 at 3-4. The effect of this approach has been the opposite of "consensus," as evidenced by the near-unanimous opposition to both (a) the Special Master's initial recommended bid; and (b) the Special Master's October 18 recommendations as to how the Sale Process should go forward.

The Special Master argues that there is no "reference to any cap or benchmark" regarding the fees he incurs in implementing the Sale Procedures Order. D.I. 1489 at 3-4. That too is incorrect. The Court's May 2021 Order makes clear that the Special Master's fees must be scrutinized for reasonableness, and that "[t]he Special Master shall incur only such fees and expenses **as may be reasonably necessary** to fulfill his duties under this Order, **or such other Orders as the Court may issue** in this proceeding…which the Court will inspect for regularity and reasonableness." (emphasis added) D.I. 277 ¶ 15, 17. Measured against this standard, the September 2024 fees were objectively unreasonable for the reasons previously stated by the Objecting Parties and others.

The objections to the Special Master's fees are not remedied by the fact that the Additional Judgment Creditors "'shall be reimbursed for any paid Transaction Expenses,' including the Special Master's attorneys' fees" when the proceeds of the sale of the shares of PDVH are

disbursed. D.I. 481 ¶ 29; D.I. 1489 at 4. First, the fact that fees may be reimbursed at a later date has no bearing on their reasonableness. Second, there is no guarantee that the Sale Transaction will close. Third, the Special Master's bills create significant cash flow pressures on the parties required to pay those bills, several of whom are companies – like Rusoro and Gold Reserve – who are part of this process because they suffered massive financial harm **over a decade ago**, and who are reliant upon this process to be made whole for those harms. It is rich indeed for the Special Master and his advisors to demand and collect millions of dollars in fees from parties who do not feel as though their interests have been served by his efforts, and to negate any value analysis of those fees that by saying that they will be reimbursed when the Sale Transaction closes. That suggestion, which reinforces the notion that the Special Master is being paid with house money (and overlooks the obvious fact that every dollar that gets paid to the Special Master is one less dollar that will be used to compensate an Additional Judgment Creditor), overlooks the fact that the parties being asked to pay his bills are feeling real financial pressure from those bills **now**, and underscores the appeal of the suggestion, made by the undersigned and several other objectors, that at least a portion of the Special Master's fees should be made contingent on the closing of the Sale Transaction. D.I. 1489 at 4.

Rusoro and Gold Reserve further object to the Special Master's flippant assertion that the judgment creditors "were not forced to participate in this sale process" but instead "did so voluntarily…in order to have a seat at the table in this sale process." D.I. 1489 at 4. Respectfully, this overlooks the fact that the sale process was conceived to achieve a public purpose – the satisfaction of judgments duly rendered by U.S. courts. The Special Master's comment displays a profound lack of awareness on this point, and shows once more how he views the creditors as adverse parties, rather than the real parties-in-interest in this process.

Dated: December 11, 2024

Respectfully submitted,

| **DLA Piper LLP (US)**<br><br>By: *R. Craig Martin*<br>R. Craig Martin (#005032)<br>1201 North Market Street<br>Suite 2100<br>Wilmington, DE 19801<br>Telephone: 302-468-5655<br>Fax: 302-778-7834<br>craig.martin@us.dlapiper.com<br><br>- and -<br><br>James E. Berger (*pro hac vice*)<br>Charlene C. Sun (*pro hac vice*)<br>Joshua S. Wan (*pro hac vice*)<br>1251 Avenue of the Americas<br>New York, NY 10020<br>Telephone: 212-335-4715<br>Fax: 212-884-8715<br>James.berger@us.dlapiper.com<br>Charlene.sun@us.dlapiper.com<br>Joshua.wan@us.dlapiper.com<br><br>*Attorneys for Rusoro Mining Limited* | **WOMBLE BOND DICKINSON (US) LLP**<br><br>By: Kevin J. Mangan<br>Kevin J. Mangan (#3810)<br>Matthew P. Ward (#4471)<br>Stephanie S. Riley (#5803)<br>1313 N. Market St., Suite 1200<br>Wilmington, DE 19801<br>Telephone: 302-252-4320<br>Kevin.mangan@wbd-us.com<br>Matthew.ward@wbd-us.com<br>Stephanie.riley@wbd-us.com<br><br>**NORTON ROSE FULBRIGHT US LLP**<br>Matthew H. Kirtland (*pro hac vice*)<br>799 9th Street NW, Suite 1000<br>Washington, DC 20001<br>Telephone: 202-662-0200<br>Matthew.kirtland@nortonrosefulbright.com<br><br>- and -<br><br>Katherine G. Connolly (*pro hac vice*)<br>555 California Street, Suite 3300<br>San Francisco, CA 94101<br>Telephone: 628-231-6816<br>Katie.connolly@nortonrosefulbright.com<br><br>*Attorneys for Gold Reserve Inc.* |
|---|---|