IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BOLIVARIAN REPUBLIC OF ) <br> VENEZUELA, ) <br> ) <br> Defendant. | Misc. No. 17-151-LPS |

**SPECIAL MASTER'S PROPOSAL REGARDING FUTURE BILLINGS**

Robert B. Pincus, in his capacity as special master for the United States District Court for the District of Delaware in the above-captioned case (the "**Special Master**"),[1] respectfully submits this "proposal for how the Court can retain confidence that billings going forward will be reasonable, justifiable, and understandable." D.I. 1505.

The Special Master believes the Court's recent inclinations provide a path for a simplified sale process that should (and hopefully will) lead to significant reductions in litigation and briefing, which should enable the Special Master to narrow the scope of his work and complete the sale process in an efficient and cost effective manner going forward, subject to unforeseen disputes or circumstances. In considering how to best handle the fees of the Special Master's advisors going forward, the Special Master did not simply focus on the September 2024 attorneys' fees, but also looked at the months before and after. Notably, although the September 2024 fees were relatively high due to the numerous complex tasks being performed by attorneys across disciplines, in

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Sixth Revised Proposed Order (A) Establishing Sale and Bidding Procedures, (B) Approving Special Master's Report and Recommendation Regarding Proposed Sale Procedures Order, (C) Affirming Retention of Evercore as Investment Banker by Special Master and (D) Regarding Related Matters* (D.I. 481) (the "**Sale Procedures Order**").

subsequent months, the Special Master has incurred significantly lower attorneys' fees, and significantly fewer timekeepers have worked on the matter because of a natural narrowing of open issues.

Going forward, the Special Master will continue to closely supervise the work being performed by his advisors to ensure that resources are used judiciously and that attorneys' fees are only incurred as needed. In particular, due to the pivot in the sale process, the Special Master anticipates that future proceedings will focus on a streamlined sale process, and there will be far less emphasis on the litigation issues that have caused the Special Master to incur significant legal fees in recent months.

As a result, the Special Master anticipates being able to further reduce the number of timekeepers working on this matter. For example, the Court has resolved the Special Master's motion seeking to enjoin the alter ego actions (D.I. 1248; D.I. 1493), which essentially eliminates a significant litigation work stream the Special Master pursued since June 2024. Similarly, the Court's inclinations make clear its intention to avoid any conditionality related to the PDVSA 2020 Bondholder litigation, which should presumably reduce the Special Master's direct involvement in attempting to reach a settlement with the holders of PDVSA 2020 Bonds. Further, because the Special Master and his advisors have already developed many of the relevant terms of the stock purchase agreement ("**SPA**") (subject to meeting and conferring with the parties as may be ordered by the Court), the Special Master anticipates that there will be minimal negotiation with bidders over terms such as representations and warranties, which will decrease the workload of the corporate lawyers.[2]

---

[2] However, as the Special Master previewed during the December 13, 2024 status conference, any requirement for the Special Master to coordinate comments to the full SPA (as compared with just the material terms of an SPA) among all eighteen Additional Judgment Creditors, in addition

In addition to reducing the number of timekeepers and closely supervising the tasks being performed, the Special Master will also ensure that going forward, all time entries are sufficiently understandable, so that it is clear to all parties what work was performed.  Further, to the extent the Special Master deems it appropriate based on the facts and circumstances in any given billing period, he may request that his advisors take voluntary write-offs or reductions.

Finally, after the Court provides clarity on how the sale process will proceed moving forward, the Special Master will prepare an estimated budget for the remainder of the sale process.[3] The estimated budget will provide parties in interest with greater transparency into the Special Master's expectations on the fees that are likely to be incurred.  The Special Master proposes that he only be required to update the budget to the extent there is a material change in the sale process or work streams, or to the extent the Court otherwise directs.

The Special Master appreciates the Court's attention to this matter and will continue to use resources in a conscientious manner going forward.

---

to the five Sale Process Parties, will most likely result in a material amount of fees incurred by the Special Master's advisors.

[3] For the avoidance of doubt, the Special Master is not proposing a cap on the attorneys' fees that will be incurred over the course of the sale process, but rather an estimate to provide the parties with greater transparency into his anticipated legal expenses.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

| OF COUNSEL: | By: */s/ Myron T. Steele* |
|---|---|
| | Myron T. Steele (#0002) |
| Matthew S. Barr (Admitted *pro hac vice*) | Matthew F. Davis (#4696) |
| David Lender (Admitted *pro hac vice*) | Bindu A. Palapura (#5370) |
| Jared R. Friedmann (Admitted *pro hac vice*) | Hercules Plaza, 6th Floor |
| Chase A. Bentley (Admitted *pro hac vice*) | 1313 North Market Street |
| WEIL, GOTSHAL & MANGES LLP | P.O. Box 951 |
| 767 Fifth Avenue | Wilmington, DE 19801 |
| New York, New York 10153 | Telephone: (302) 984-6000 |
| Telephone: (212) 310-8000 | Facsimile: (302) 658-1192 |
| Facsimile: (212) 310-8007 | msteele@potteranderson.com |
| Matt.Barr@weil.com | mdavis@potteranderson.com |
| David.Lender@weil.com | bpalapura@potteranderson.com |
| Jared.Friedmann@weil.com | |
| Chase.Bentley@weil.com | *Counsel for Special Master Robert B. Pincus* |

Dated: December 18, 2024
11935801 / 21202.00001