# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., <br><br> *Plaintiff*, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> *Defendant*. | Case No. 1:17-mc-00151-LPS <br><br> Hon. Leonard P. Stark |

## THE REPUBLIC AND PDVSA'S RESPONSE TO THE SPECIAL MASTER'S PROPOSAL REGARDING FUTURE BILLING

Pursuant to this Court's Oral Order dated December 16, 2024, Petróleos de Venezuela, S.A., (PDVSA), joined by the Bolivarian Republic of Venezuela, respectfully submit this brief in response to the Special Master's Proposal regarding future billing practices (the "Proposal").[1] [D.I. 1506].

### RELEVANT BACKGROUND

Following the filing of the Special Master's September 2024 Monthly Report detailing expenses for work related to the Sale Process, several parties objected to the report. These parties, including the Republic and PDVSA, cited the failure of the Special Master to come close to the benchmark of $950 hourly rate for fees and the initial $2 million cap for fees and expenses set by the Court. D.I. 277 ¶ 15; *see also* D.I. 1478. At the December 13, 2024 hearing, the Court overruled the objections, but ordered the Special Master to submit "his considered views on how we might impose discipline" on his billing going forward. D.I. 1507 at 238:24–239:4. The Court

---

[1] Any reference to the Special Master in this brief includes the Special Master, his Counsel, and Advisors.

acknowledged that a number of suggestions were provided by both the Court and parties including, but not limited to, (1) more detailed billing; (2) fewer billers; (3) a discount on bills or fees like some clients may get; (4) a holdback; and (5) a cap along with a request for exceeding the cap. D.I. 1507 at 239:5-16. Subsequently, the Court issued an Oral Order stating that the "Special Master shall…submit a proposal for how the Court can retain confidence that billings going forward will be reasonable, justifiable, and understandable." D.I. 1505.

On December 18, 2024, the Special Master submitted his Proposal.

## ARGUMENT

While the Republic and PDVSA appreciate the Special Master's efforts to propose methods to reduce expenses and impose discipline, the Proposal offers only vague assurances and falls far short of providing the Court with any "confidence" that the Special Master's "billing going forward will be reasonable, justifiable, and understandable." D.I. 1505. To that end, the Republic and PDVSA submit this response to request modifications to parts of the Proposal and to preserve aspects of their objection that are not resolved by the Proposal.

First, the Republic and PDVSA agree that the Special Master should impose write-offs and reductions on his counsel's and advisors' billings to eliminate unnecessary fees and expenses. D.I. 1506 at 3. However, these write-offs and reductions should be disclosed and explained by the Special Master so the Court and the parties can understand what tasks and how much was written off. Doing so would allow the parties to evaluate whether the Special Master's fees and expenses were reasonable and proportional to the needs of the case.

Second, the Republic and PDVSA note that, while the Special Master "*anticipates* being able to further reduce the number of timekeepers working on this matter," D.I. 1506 at 2 (emphasis added), the Special Master failed to address the point regarding the disproportionately

high hourly rates charged by the timekeepers. The Republic and PDVSA noted in their objection that not only was there an excessive number of timekeepers, but that 66 of 74 timekeepers were charging significantly more than the benchmark hourly rate of $950. D.I. 1478 at 3. At the hearing, the Court suggested that the Special Master's counsel may need to apply a discounted rate. D.I. 1507 at 239:5-16. That was not addressed in the Proposal, and the Republic and PDVSA maintain that hourly rates closer to the $950 benchmark should be imposed.

Lastly, the Republic and PDVSA agree that the Special Master should issue a budget for the remainder of the sale process to increase transparency and ensure proportionality. D.I. 1506 at 3. However, the Republic and PDVSA request that any proposed budget be submitted on a quarterly basis describing the amount of legal fees and expenses that the Special Master expects to incur in the following quarter and setting out an explanation and justification for the same. The Sale Process Parties and the Attached Judgment Creditors—the parties responsible for paying the Special Master's fees (D.I. 481 ¶ 47)—should be permitted to object to the Special Master's budget within five business days, in which case the Special Master may reply within three business days. Once approved or modified by the Court, the Special Master's quarterly budget should operate as a cap on the fees and expenses that he is permitted to incur for work on the sale process for that quarter. Additionally, if the Special Master believes that the fees and expenses he incurs will reasonably exceed the approved cap for any given quarter, he should be required to seek leave of the Court before exceeding the cap, and the Sale Process Parties and Additional Judgment Creditors should be permitted to object.[2]

---

[2] This procedure is consistent with the process that the Court envisioned when it first appointed the Special Master. D.I. 277 ¶ 15. For the avoidance of doubt, the procedure for objecting to the Special Master's monthly reports and bills should remain the same.

This proposal is in line with the Court's suggestion that the Special Master should "set . . . a monthly cap, and if [he is] going to exceed it or want[s] to exceed it, [he has] to make a showing" to the Court and allow other parties to "have a chance to tell" the Court why it would be unreasonable for the Special Master's fees to exceed the cap. D.I. 1507 at 232:22–233:2. This approach would provide the Court and all interested parties with much needed transparency and impose the necessary "discipline" on the Special Master's billing practices. D.I. 1507 at 239:3–4.

## CONCLUSION

For these reasons, the Republic and PDVSA request that the Court (i) require the Special Master to disclose and explain any write-offs and reductions, (ii) direct the Special Master to keep hourly rates closer to the $950 benchmark, and (iii) require quarterly budget proposals with an objections period after which the approved budget would operate as a cap and any further requests to exceed the cap would require leave of court with an opportunity for interested parties to object.

Dated: December 20, 2024

                                              Respectfully submitted,

                                              HEYMAN ENERIO
                                              GATTUSO & HIRZEL LLP

| | |
|---|---|
| | */s/ Samuel T. Hirzel, II* |
| A. Thompson Bayliss (#4379) | Samuel T. Hirzel, II (#4415) |
| Christopher Fitzpatrick Cannataro (#6621) | Brendan Patrick McDonnell (#7086) |
| ABRAMS & BAYLISS LLP | 300 Delaware Avenue, Suite 200 |
| 20 Montchanin Road, Suite 200 | Wilmington, DE 19801 |
| Wilmington, DE 19807 | (302) 472-7300 |
| (302) 778-1000 | SHirzel@hegh.law |
| bayliss@abramsbayliss.com | bmcdonnell@hegh.law |
| cannataro@abramsbayliss.com | |
| | |
| OF COUNSEL: | OF COUNSEL: |
| | |
| Donald B. Verrilli, Jr. | Joseph D. Pizzurro (*pro hac vice*) |
| Elaine J. Goldenberg | Kevin A. Meehan (*pro hac vice*) |
| Ginger D. Anders | Juan O. Perla (*pro hac vice*) |
| MUNGER, TOLLES & OLSON LLP | David V. Holmes (*pro hac vice*) |
| 601 Massachusetts Avenue NW | CURTIS, MALLET-PREVOST, |
| Suite 500 E | COLT & MOSLE LLP |
| Washington, D.C. 20001 | 101 Park Avenue |
| (202) 220-1100 | New York, NY 10178 |
| Donald.Verrilli@mto.com | (212) 696-6000 |
| Elaine.Goldenberg@mto.com | jpizzurro@curtis.com |
| Ginger.Anders@mto.com | kmeehan@curtis.com |
| | jperla@curtis.com |
| | dholmes@curtis.com |
| George M. Garvey | |
| Adeel Mohammadi | *Attorneys for Intervenor Petróleos de Venezuela, S.A.* |
| MUNGER, TOLLES & OLSON LLP | |
| 350 South Grand Avenue, 50th Floor | |
| Los Angeles, CA 90071 | |
| (213) 683-9100 | |
| George.Garvey@mto.com | |
| Adeel.Mohammadi@mto.com | |

*Attorneys for Bolivarian Republic of Venezuela*

5