ABRAMS & BAYLISS LLP
20 MONTCHANIN ROAD, SUITE 200
WILMINGTON, DE  19807
MAIN:  302-778-1000
FAX:  302-778-1001

CHRISTOPHER FITZPATRICK CANNATARO

DIRECT DIAL NUMBER
(302) 778-9367
CANNATARO@ABRAMSBAYLISS.COM

December 24, 2024

**VIA CM/ECF**

The Honorable Leonard P. Stark
United States Circuit Judge
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, D.C. 20439

Re:    *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*,
C.A. No. 1:17-mc-00151-LPS (D. Del.)

Dear Judge Stark:

I write on behalf of the Bolivarian Republic of Venezuela (the "Republic") in response to the Special Master's status report filed at D.I. 1510 regarding his views on the list of open questions to be decided by the Court following the December 13, 2024 status conference.[1]  The Republic joins in the positions articulated by PDV Holding Inc. ("PDVH") and CITGO Petroleum Corporation ("CITGO"). *See* D.I. 1511.[2]

I write separately to address further Item 4(a) in the Special Master's status report, regarding the right of Sale Process Parties, if they receive confidential information during the Stalking Horse round, to bid in the Topping Period or other subsequent rounds.[3]  The Special Master has taken the position that "any Sale Process Party that views confidential bid information as part of Stalking Horse bids should be prohibited from participating as a bidder in subsequent rounds."  D.I. 1510, ¶ 4(a)(i).  For the reasons articulated by PDVH

---

[1]     I am advised that Petróleos de Venezuela, S.A. also joins in the positions articulated in this letter.

[2]     Nothing herein should be construed to imply the Republic's or PDVSA's consent to a forced sale under any circumstances.  The Republic and PDVSA preserves all rights and positions, including on appeal.

[3]     The Special Master has agreed that the Venezuela Parties should be "permitted to offer an alternative to a sale of the PDVH Shares at any time regardless of whether they have received confidential bid information." D.I. 1510 at 7.  Thus, the right of the Venezuela Parties to propose alternative mechanisms to a sale is not in disputed, only the right to bid.

The Honorable Leonard P. Stark
December 24, 2024
Page 2

and CITGO, this proposal is unacceptable because it undermines the Sale Process's value-maximization objective, and the rationale for the Special Master's proposal is inapposite because the Stalking Horse Bid he selects will have been made public to all.  *See* D.I. 1511, at 4.  In addition, the Special Master's proposal stands in conflict with Delaware law, which gives the judgment debtor the right to bid at an execution sale.

As an initial matter, Delaware law applies to the procedures implemented in the Sale Process.  Fed. R. Civ. P. 69(a).  Delaware courts have long recognized that a public execution sale is open to all bidders and that "it is perfectly competent for the seller to . . . reserve to himself the right to bid," so long as "fair notice of the fact" is given "so that no one may be misled or deceived in such a sale." *Miller v. Baynard*, 7 Del. 559, 567-68 (1863).  Indeed, "an important function of a public sale notice is to afford the debtor the opportunity to be present and bid at the sale and also encourage others to be present and bid." *Assocs. Fin. Servs. Co. v. DiMarco*, 383 A.2d 296, 299 (Del. Super. Ct. 1978).  This accords with the general practice in other jurisdictions as well.  *See* 7 Am. Jur. 2d Auctions and Auctioneers § 21 ("Even a judgment debtor and the seizing creditor may bid for property judicially ordered sold."); 33 C.J.S. Executions § 364 ("The execution debtor or judgment debtor may be the purchaser at the execution sale of the debtor's property.").

Delaware law restricts only one category of persons from participating in execution sales: those who oversee and run the sales.  *See* 10 Del. C. § 4975 (providing that the "sheriff, constable, or other person making sale of goods" may not "either directly, or by the agency of another, purchase any" of the property for sale).  Because the statute explicitly excludes one category of persons from participation, the law presumes that all other parties, including the debtor or any party related to the debtor or garnishee may participate in the sale.  *E.g.*, *Leatherbury v. Greenspun*, 939 A.2d 1284, 1291 (Del. 2007) (where a "form of conduct" or a category of persons "are affirmatively or negatively designated" in a statute, "there is an inference that all omissions were intended by the legislature").

The Special Master proposes restricting the Republic's right to bid in *subsequent rounds* if it were to receive confidential bid information as part of its initial evaluation of Stalking Horse bids.  D.I. 1510, ¶ 4(a)(i).  Not only does this proposal make little sense and undermine the value-maximization objective of the Sale Process, *see* D.I. 1511, at 4, it also stands in violation of Delaware law, which permits the judgment debtor to participate in the execution sale.

As always, counsel is available at the Court's convenience should Your Honor have any questions.

The Honorable Leonard P. Stark
December 24, 2024
Page 3

                                        Respectfully,

                                        */s/ Christopher Fitzpatrick Cannataro*

                                        Christopher Fitzpatrick Cannataro (#6621)


CFC/
cc:  All Counsel of Record (via CM/ECF)