IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION,<br><br>          Plaintiff,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>          Defendant. | Case No. 17-mc-151-LPS |

**RED TREE INVESTMENTS, LLC'S PARTIAL OBJECTION
TO THE COURT'S MEMORANDUM ORDER**

Red Tree Investments, LLC ("Red Tree") respectfully objects in part to the Court's February 24 memorandum order on the long-form SPA. D.I. 1571 ("Order").

**ARGUMENT**

The Court's revised Section 5.11 prohibits paying a junior creditor with PDVH sales proceeds unless each more senior creditor either (i) is paid in full in cash, (ii) consents to non-cash consideration, or (iii) consents to release its attachment. Order at 3. Red Tree does not object to that revised language, because it does not force any creditor to choose between accepting non-cash consideration and giving up its lien. Red Tree also does not object if the Special Master recommends a bid for which not all creditor consents needed under the revised Section 5.11 have been obtained, as long as such consents are obtained before any sale is finally approved. *See id.*

Respectfully, however, Red Tree notes that the Court does not have "authority to require a senior creditor to relinquish its attachment on the PDVH Shares should that creditor not consent to accept non-cash consideration." *See* Order at 4. Red Tree and other creditors have attachments on the PDVH shares to enforce their **money** judgments. Outside of bankruptcy, those judgments

can be satisfied only by money or the creditors' freely given consent.  As Red Tree noted in previous briefing, longstanding Supreme Court precedent confirms there is "no authority, from any source, which can compel [a creditor] to commute [its judgment], or to receive in satisfaction thereof any other thing which [it] shall not voluntarily elect."  D.I. 1544 at 5 (quoting *Griffin v. Thompson*, 43 U.S. (2 How.) 244, 256 (1844)).  That unequivocal rule does not permit **any** type of compulsion.  If the Court cannot directly order Red Tree to accept non-cash consideration in satisfaction of its judgment – and it cannot – then it also cannot use the threat of releasing Red Tree's attachment to coerce Red Tree into the same result.

Nor does the Delaware statute authorizing the share sale permit compelling nonconsenting creditors to accept payment other than cash.  *See* 8 Del. C. § 324.  Under that statute, "***the money arising from the sale of the shares*** … shall be applied and paid" to creditors in the same manner as sales of personal property, 8 Del. C. § 324(d) (emphasis added).  That is, a money judgment is satisfied only when the creditor (or the sheriff) "levies or receives ***the sum due thereon***."  10 Del. C. § 4755(a) (emphasis added).  Section 324(d) does not permit paying nonconsenting creditors anything other than "money."  And it certainly does not permit forcing nonconsenting creditors to choose between accepting non-cash payment or releasing their liens.

In fact, the Court may not both cram down nonconsenting creditors and sell the PDVH shares free and clear.  Under Delaware law, chattels sold at an execution sale are sold "free and clear of all liens theretofore existing," with "the resultant proceeds being distributed on the basis of priority of liens."  *Maryland Nat'l Bank v. Porter-Way Harvester Mfg. Co.*, 300 A.2d 8, 11 (Del. 1972).  Such free-and-clear sales are permitted only because the senior creditor is "not prejudiced in his reliance on the value of the chattel" as long as he "is satisfied first from the proceeds" of the sale.  *Id.* at 12.  Forcing senior creditors to choose between non-cash consideration and losing their

2

liens will upend that scheme, because there is no guarantee that the value of the non-cash consideration will fully satisfy the senior creditor's claims. If, for example, a bidder offers creditors debt or equity in the reorganized PDVH, that consideration may be worth far less than payment in full in cash. Because the value of non-cash consideration is inherently uncertain, any nonconsensual non-cash deal will risk giving junior creditors sales proceeds before senior creditors are paid in full. Unless senior creditors can be satisfied that they will be paid, in full, before junior creditors receive anything, there is no basis under Delaware law to sell the PDVH shares free and clear. *Id.* at 12. At a minimum, that result would generate needless disputes over how to value non-cash consideration.

Finally, Red Tree agrees with the compelling practical arguments raised by the Special Master and Crystallex. D.I. 1564 at 3-4; D.I. 1563 at 2-3. Allowing bidders to force non-cash consideration upon creditors, regardless of the priority order, will create obvious opportunities for collusion. For example, as Crystallex noted, an unscrupulous bidder could purchase the PDVH shares for little or nothing by paying off a junior creditor while offering senior creditors worthless securities. D.I. at 1563 at 2. Under that scenario, the senior creditors could be stripped of their liens, and only the junior creditor paid, simply because the senior creditors do not consent to satisfying their judgments at a steep discount. Even worse, as the Special Master pointed out, Venezuela could collude with junior creditors to "bid" for the PDVH shares without paying creditors any real value. D.I. 1564 at 3. Ignoring senior creditors' right to be paid in full, in cash, risks defeating the entire purpose of the PDVH sale.

Even in a bankruptcy case, where courts may "cram down" non-consenting creditors, *see* 11 U.S.C. § 1129(b)(2)(A), the absolute priority rule still entitles senior creditors to be paid in full before junior creditors receive anything, *see In re Akorn, Inc.*, No. 20-cv-1254, 2021 WL 4306222,

3

at *5 (D. Del. Sept. 22, 2021); 11 U.S.C. § 1129(b)(2)(B). The absolute priority rule exists to prevent just the sort of collusion that the Special Master and Crystallex correctly warn of. *See Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451, 470 (2017). The Court should respect creditor priority in this execution proceeding just as it would in a bankruptcy case. But more fundamentally, **this is not a bankruptcy case**. All Delaware law allows here is to sell the PDVH shares and distribute the proceeds to creditors, in cash, in the current priority order, unless creditors consent to different treatment. 8 Del. C. § 324(d). The Court therefore may not force creditors to choose between non-cash-consideration and losing their liens on the PDVH shares. Accordingly, Red Tree objects, in part, to the proposed order.

Dated:   February 26, 2025

| | |
|---|---|
| | */s/ Rebecca L. Butcher* |
| Steven F. Molo (*pro hac vice*) | Rebecca L. Butcher (#3816) |
| Justin M. Ellis (*pro hac vice*) | Jennifer L. Cree (#5919) |
| Mark W. Kelley (*pro hac vice*) | LANDIS RATH & COBB LLP |
| MOLOLAMKEN LLP | 919 Market Street, Suite 1800 |
| 430 Park Avenue, 6th Floor | Wilmington, DE  19801 |
| New York, NY  10022 | Tel.: (302) 467-4400 |
| Tel.: (212) 607-8170 | butcher@lrclaw.com |
| smolo@mololamken.com | cree@lrclaw.com |
| jellis@mololamken.com | |
| mkelley@mololamken.com | |

*Counsel for Red Tree Investments, LLC*