IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>　　　　　　Defendant. | C.A. No. 17-mc-151-LPS |

**CRYSTALLEX INTERNATIONAL CORPORATION'S
LIMITED OBJECTION TO REVISED SECTION 5.11 OF THE DRAFT
LONG-FORM STOCK PURCHASE AGREEMENT**

OF COUNSEL:

Robert L. Weigel
Jason W. Myatt
Rahim Moloo
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York  10166
Tel:  (212) 351-4000
Fax:  (212) 351-4035

Miguel A. Estrada
Lucas C. Townsend
Adam M. Smith
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C.  20036
Tel:  (202) 955-8500
Fax:  (202) 467-0539

Dated:  February 26, 2025

Raymond J. DiCamillo (#3188)
Jeffrey L. Moyer (#3309)
Travis S. Hunter (#5350)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware  19801
Tel:  (302) 651-7700
Fax:  (302) 651-7701

*Attorneys for Plaintiff*

Pursuant to the Court's Order, D.I. 1571, Crystallex respectfully submits this response to the Court's proposed revision to Section 5.11 of the Draft Long-Form Stock Purchase Agreement ("Draft SPA"), D.I. 1557-1.

In its February 24, 2025 Order, this Court rightly declined to grant the entirety of the Venezuela Parties' objection, and revised Section 5.11 of the Draft SPA to protect the priority interests of senior creditors. Specifically, the Court modified Section 5.11 of the Draft SPA to provide that no Attached Judgment Creditor will be paid from the proceeds of the sale of the PDVH shares "unless each other holder of an Attached Judgment senior to such holder . . . has either (i) received cash in full in satisfaction of its Attached Judgment, (ii) consented to receive non-cash consideration in satisfaction of its Attached Judgment, or (iii) consented to release its attachment (in which case it may, at its election, attempt to execute its judgment against other property besides the PDVH Shares)." D.I. 1571.

Crystallex understands revised Section 5.11 to confirm the default expectation that senior creditors cannot be skipped over in favor of junior creditors that agree to take noncash consideration the senior creditor finds unacceptable. Rather, senior creditors must either be paid in cash or consent either to receiving noncash consideration or to releasing their attachment (while preserving their judgment). That expectation is consistent with the Court's prior holding that Delaware law "encourages the proverbial race to the courthouse steps," and construction of a "priority scheme that rewards diligence and attempts to recreate a first in time, first in line scheme." D.I. 646 at 19-20 (quotations omitted) (citing *E. Sav. Bank, FSB v. CACH, LLC*, 55 A.3d 344, 350 (Del. 2012) *on reargument*, No. 88, 2012, 2012 WL 9298300 (Del. Oct. 30, 2012)). It is also consistent with the Court's observations in related cases that the ability to perfect one's lien and establish a priority interest in the PDVH Shares is "an advantage over the other judgment

creditors." *OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela*, 2022 WL 611563, at *9 (D. Del. Mar. 2, 2022), *certification granted, judgment modified*, 2022 WL 1404719 (D. Del. May 4, 2022). The "advantage" senior creditors hold relative to junior creditors is that "the first party to record its lien has priority in sale distribution." *REO Tr. 2017-RPL1 v. Short Sale, LLC*, 2023 WL 3774654, at *6 (Del. Super. Ct. June 1, 2023), *as amended* (Aug. 1, 2023) ("*Eastern Savings* makes it clear that Delaware's 'first in time, first in line' priority means the first party to record its lien has priority in sale distribution."). This Court's revisions to Section 5.11, as Crystallex understands them, uphold and confirm the importance of the Court's Priority Order, which was carefully crafted to balance the interests of creditors as well as the Venezuela Parties. *See, e.g.*, D.I. 996 (describing the Court's various orders leading up to the establishment of the Priority Order); D.I. 738 (analyzing competing interests the Court took into account when formulating its Priority Order).

However, Crystallex objects to the Venezuela Parties' position (on which the Court reserved judgment) that there is "no categorical bar against the Special Master recommending and/or the Court approving a bid that contains non-cash consideration even in the event a creditor objects." D.I. 1571 at 3 (cleaned up). In almost all circumstances, Delaware law's "first in time, first in line" rule requires that senior Attached Judgment Creditors be paid before junior Attached Judgment Creditors. Indeed, Delaware law generally provides that junior creditors cannot be paid until those with superior liens, including judgment liens, have been satisfied. *See* 10 *Del. C.* § 4986 (requiring execution sale proceeds be paid into court for benefit of senior judgment creditors where junior creditor caused the sale to take place); *REO Tr.*, 2023 WL 3774654 at *6 ("Following Woolley's treatise and *Eastern Savings*, regardless of who initiates a foreclosure action first, FCS's first priority mortgage has priority in this sheriff's sale distribution."). The proper distribution of

sale proceeds therefore requires that senior Attached Judgment Creditors be satisfied in cash before junior Attached Judgment Creditors are paid, unless the senior creditors consent to accept alternative consideration.[1]  *Cf* 10 Del. C. § 4987 (requiring sheriff to record "the disposition of all moneys arising from the sale of property under execution process").

The only possible exception that would be consistent with Delaware law and this Court's prior orders remains the example provided in Crystallex's February 14, 2025 submission, D.I. 1563 at 2, in which, hypothetically, the Special Master and Court must decide which of the following two bids is better:

- Bid A, which pays creditors 1 through 5 in cash; or
- Bid B, which pays the same creditors in cash and also offers noncash consideration that creditor 6 rejects but creditor 7 accepts.

Under Delaware law, creditor 6's attachment would be discharged in either scenario.  *See E. Sav. Bank,* 55 A.3d at 349-50 (adopting Judge Wooley's explanation that, in a foreclosure sale, "the land is wholly discharged from all liens against the defendant in the writ, whether the proceeds are sufficient to reach all of them or not").[2]  As a result, it is possible the Special Master and the Court could consider Bid B superior to Bid A because it reduces the amount Venezuela owes to the Attached Judgment Creditors <u>without</u> undercutting this Court's Priority Order and Delaware law's first in time, first in line rule.

---

[1] For example, even if certain creditors originally obtained their awards in foreign currencies, they would nevertheless be "entitled" "to conversion of the foreign currency portions of [their awards] into dollars" if requested.  *See Cont'l Transfert Technique Ltd. v. Fed. Gov't of Nigeria*, 932 F. Supp. 2d 153, 158 (D.D.C. 2013), *aff'd*, 603 F. App'x 1 (D.C. Cir. 2015).

[2] When it ordered that a priority waterfall should be established, this Court acknowledged that *Eastern Savings Bank* is instructive here, and requires that sale proceeds be distributed according to the first in time, first in line rule.  *See* D.I. 646 at 19.

3

The Court's expectation, expressed in revised Section 5.11 of the Draft SPA, that senior creditors might consent to releasing their attachments is a practical implementation of Delaware law in this unique scenario. For clarity, however, Crystallex does not understand the Court to be leaving open the possibility of effectively forcing a senior Attached Judgment Creditor to release its attachment because it refuses to take non-cash consideration in any scenario other than the one described above—i.e., where that creditor's attachment would be released either way. That was the position advanced by the Venezuela Parties in earlier submissions, *see* D.I. 1570 at 1-2; D.I. 1559 at 3-4, and the Court rightly did not go so far. Rather, the Court made clear its expectation that senior Attached Judgment Creditors will either be paid in cash or provide consent—either to receiving noncash consideration or to releasing their attachments—before junior Attached Judgment Creditors are paid. The Court's proposal thus creates limited but appropriate accommodations to potentially reduce Venezuela's overall debt, but only where doing so does not render illusory the requirement of consent, and thus undermine the Court's Priority Order and Delaware law's first in time, first in line rule.

| | |
|---|---|
| OF COUNSEL: | */s/ Travis S. Hunter*<br>Raymond J. DiCamillo (#3188)<br>Jeffrey L. Moyer (#3309) |
| Robert L. Weigel<br>Jason W. Myatt<br>Rahim Moloo<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, New York  10166<br>(212) 351-4000 | Travis S. Hunter (#5350)<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware  19801<br>(302) 651-7700<br>dicamillo@rlf.com<br>moyer@rlf.com<br>hunter@rlf.com |
| Miguel A. Estrada<br>Lucas C. Townsend<br>Adam M. Smith<br>GIBSON, DUNN & CRUTCHER LLP<br>1700 M Street, N.W.<br>Washington, D.C.  20036<br>Tel:  (202) 955-8500<br>Fax:  (202) 467-0539 | *Attorneys for Plaintiff* |

Dated: February 26, 2025