IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | No. 1:17-mc-00151-LPS |
| v. ) | |
| ) | |
| BOLIVARIAN REPUBLIC OF VENEZUELA, ) | |
| ) | |
| *Defendant*. ) | |

**JOINT OPENING BRIEF OF PDVSA, PDVH, AND CITGO**

Petróleos de Venezuela, S.A. ("PDVSA"), PDV Holding, Inc. ("PDVH"), and CITGO Petroleum Corporation ("CITGO"), respectfully submit the following opening brief in response to the February 24, 2025 order requesting briefing on the Court's proposed modification of Section 5.11 of the draft Stock Purchase Agreement ("SPA") (the "February 24 Order") (D.I. 1571 at 5).[1]

**ARGUMENT**

**I.  Slight Modifications to the Court's Proposed Additions to Section 5.11 Will Provide Additional Clarity and Ensure the Provision Adheres to the Court's Objectives and Prior Orders.**

PDVSA, PDVH, and CITGO support the Court's decision that "there is at present 'no categorical bar against [the Special Master] recommending and/or [the Court] approving a bid that contains non-cash consideration [even] in the event a creditor objects.'" D.I. 1571 at 3 (quoting D.I. 1570 at 1). This decision is consistent with the Court's January 27, 2025 order regarding the material terms in the SPA, bidder protections, and the bid evaluation criteria, *see* D.I. 1554 at 25–

---

[1] As with PDVSA, PDVH, and CITGO's other filings, nothing in this filing should be construed to imply PDVSA, PDVH, and CITGO consent to a forced sale under any circumstances. PDVSA, PDVH, and CITGO preserve all rights and positions, including on appeal.

26, and the Court's direction to the Special Master to develop a value maximizing sale process for the PDVH shares, D.I. 277 at 3. And it is consistent with Delaware law. None of the statutory provisions governing the procedures for stock execution sales require the sheriff to obtain the consent of an execution creditor (much less a junior execution creditor) before accepting a winning bid. *See, e.g.*, 8 *Del. C.* § 324(a) (procedures for sale of corporate stock); 10 *Del. C.* § 4971 (time of sale of goods and chattels); *id.* § 4972 (notice of public sale of goods and chattels); *id.* § 5041 (time of return of fieri facias). If a creditor believes that the sale should not be allowed, its remedy is to object to the Court at the confirmation hearing. *See* 8 *Del. C.* § 324(c) (requiring confirmation of sale of shares of stock); *see also Smith v. Caldera Props.-Nassau Grove, LLC*, No. S09C-05-005, 2011 WL 2420842, at *1–2 (Del. Super. Ct. June 9, 2011) (decision on motion to set aside sale filed by objecting judgment creditor).

PDVSA, PDVH, and CITGO also support revising the language of Section 5.11 to accord with the Court's decision, *see* D.I. 1571 at 3, but respectfully suggest that the Court's proposed language be modified to (1) avoid an implication that the consent of creditors is required before their attachments are extinguished as a result of a sale; (2) clarify that the likelihood of creditor consent to receiving any non-cash consideration should be considered by the Special Master as just one factor in conjunction with the other approved Evaluation Criteria; and (3) underscore that there is "no categorical bar" to the Special Master's ability to recommend a bid that contains non-cash consideration "even in the event a creditor objects." D.I. 1571 at 3 (quotations omitted).

As to the first point, PDVSA, PDVH, and CITGO proposed revising clause (iii) of the sentence stating that "The Buyer will not provide any consideration to any holder of an Attached Judgment (as defined in the Sale Procedures Order) at the Closing unless each other holder of an Attached Judgment senior to such holder (as set forth in the Priority Order (as defined below)) has

2

either (i) received cash in full in satisfaction of its Attached Judgment, (ii) consented to receive non-cash consideration in satisfaction of its Attached Judgment, or (iii) consented to release its attachment (in which case it may, at its election, attempt to execute its judgment against other property besides the PDVH Shares)," D.I. 1571 at 3, to instead read, "(iii) chosen not to receive non-cash consideration in satisfaction of its Attached Judgment (in which case it may, at its election, attempt to execute its judgment against other property besides the PDVH Shares, but, for the avoidance of doubt, such choice shall not preclude any junior holder of Attachment Judgments from accepting such non-cash consideration)." Exhibit A.[2]

An attachment creditor does not have to consent before its attachment is released post-sale, even if its judgment is not satisfied. Under Delaware law, an execution sale automatically "extinguishe[s]" all pre-existing liens, leaving junior lienholders no interest other than "a priority position as to the proceeds" after the first-position execution creditor is paid. *See Maryland Nat. Bank v. Porter-Way Harvester Mfg. Co.*, 300 A.2d 8, 12 (Del. 1972); *see also id.* at 11 ("It has long been settled by case law in this State that a creditor may levy against a secured property in the hands of a debtor with the resultant proceeds being distributed on the basis of priority of liens. In turn, under the established case law of this State, the title acquired by the purchaser at the sale is free and clear of all liens theretofore existing."); 1 *The Law of Debtors and Creditors* § 6:63, Execution and judicial sales—Title and other rights received by the buyer (explaining that "the basic principle concerning third-party interests that are inferior to the lien of the execution creditor is that these interests are extinguished by the sale"). Accordingly, a confirmed sale in this case will

---

[2] For ease of review, PDVSA, PDVH, and CITGO's proposed revisions are shown in redline in Exhibit A.

3

extinguish all attachments on the shares, including the attachments of creditors whose judgments are not satisfied in whole or in part and of those who choose not to accept non-cash consideration.

Under Delaware law, the Court (or the Special Master upon order of the Court) will distribute the proceeds to attached judgment holders in order of priority, upon application of each creditor. *See* 2 Victor B. Woolley, Practice in Civil Actions and Proceedings in the Law Courts of the State of Delaware § 1085, at 747 (1906) ("The fund is paid out on the order of the court, upon application of the different claimants …. Upon the several petitions to pay out of court the money paid into court upon the petition of the sheriff in a particular case, the court hears argument and makes the distribution among the claimants in the manner in which they are entitled."). If a creditor does not apply for any proceeds, or chooses to reject the proceeds available to it, then those proceeds will be available to be paid to the next priority claimant. Alternatively, the Court has the power to "dispose[] of" any unclaimed proceeds "for the benefit of the parties interested, as shall be just and proper under the circumstances." 10 *Del. C.* § 4986; *accord IMO Est. of Nastatos*, 2023 WL 8269833, at *10 (Del. Ch. Nov. 30, 2023). The Marshal can then note in the non-consenting creditor's return of execution that its judgment remains unsatisfied. *See* 10 *Del. C.* § 4755. In addition to being legally correct, the proposed modification is consistent with the Court's intention not "to deter bids that may include significant non-cash components as such a bid may, conceivably be the best bid received consistent with the Evaluation Criteria." D.I. 1571 at 4.

As to the second point, PDVSA, PDVH, and CITGO wish to avoid any implication that Section 5.11 supplants the Evaluation Criteria previously approved by the Court. Those criteria include "the amount of Attached Judgments expected to be satisfied by the purchase price" and closing certainty, among other things. D.I. 1552-1 at 8–9 (Special Master's proposed Evaluation Criteria); D.I. 1554 at 26–27 (order adopting the Special Master's proposed Evaluation Criteria).

4

Finally, as to the third point, PDVSA, PDVH, and CITGO propose a clause to incorporate this Court's decision that the Special Master has the discretion to recommend a bid that contains non-cash consideration, even if a creditor objects to the terms of such a bid. *See* D.I. 1571 at 3. Although PDVSA, PDVH, and CITGO believe that Court's February 24 Order is clear, including clause (C) as proposed in Exhibit A will ensure that the bidders that execute the SPA are aware of the Special Master's discretion to recommend a bid with non-cash consideration and will be able to prepare their bids accordingly.

## CONCLUSION

For the foregoing reasons, the PDVSA, PDVH, and CITGO respectfully request that the Court modify the language of Section 5.11 as set forth in Exhibit A.

OF COUNSEL:
Nathan P. Eimer
Lisa S. Meyer
Daniel D. Birk
Gregory M. Schweizer
Hannah Bucher
EIMER STAHL LLP
224 South Michigan Avenue
Suite 1100
Chicago, IL 60604
(312) 660-7600
NEimer@eimerstahl.com
LMeyer@eimerstahl.com
DBirk@eimerstahl.com
GSchweizer@eimerstahl.com
HBucher@eimerstahl.com

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Alexandra M. Cumings*
Susan W. Waesco (#4476)
Alexandra M. Cumings (#6146)
Kirk Andersen (#7156)
1201 North Market Street
Wilmington, DE 19801
(302) 658-9200
SWaesco@morrisnichols.com
ACumings@morrisnichols.com
KAndersen@morrisnichols.com

*Attorneys for PDV Holding, Inc. and CITGO Petroleum Corporation*

OF COUNSEL:
Joseph D. Pizzurro
Kevin A. Meehan
Juan O. Perla
David V. Holmes
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
101 Park Avenue New York, NY 10178
(212) 696-6000
jpizzurro@curtis.com
kmeehan@curtis.com
jperla@curtis.com
dholmes@curtis.com

HEYMAN ENERIO GATTUSO & HIRZEL LLP

*/s/ Brendan Patrick McDonnell*
Samuel Taylor Hirzel, II (#4415)
Brendan Patrick McDonnell (#7086)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
shirzel@hegh.law
bmcdonnell@hehg.law

*Attorneys for Petróleos de Venezuela, S.A.*

February 26, 2025