IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION,<br><br>             Plaintiff,<br><br>    v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>             Defendant. | C.A. No. 17-mc-151-LPS |

**CRYSTALLEX INTERNATIONAL CORPORATION'S REPLY
TO THE VENEZUELA PARTIES' RESPONSE TO CRYSTALLEX'S OBJECTIONS TO
REVISED SECTION 5.11 OF THE DRAFT LONG-FORM
<u>STOCK PURCHASE AGREEMENT</u>**

OF COUNSEL:

Robert L. Weigel
Jason W. Myatt
Rahim Moloo
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Tel: (212) 351-4000
Fax: (212) 351-4035

Miguel A. Estrada
Lucas C. Townsend
Adam M. Smith
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
Tel: (202) 955-8500
Fax: (202) 467-0539

Dated: February 28, 2025

Raymond J. DiCamillo (#3188)
Jeffrey L. Moyer (#3309)
Travis S. Hunter (#5350)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Tel: (302) 651-7700
Fax: (302) 651-7701

*Attorneys for Plaintiff*

Pursuant to the Court's Order, D.I. 1571, Crystallex respectfully submits this reply to the Venezuela Parties' response, D.I. 1578, to the Court's proposed revision to Section 5.11 of the Draft Long-Form Stock Purchase Agreement ("Draft SPA"), D.I. 1557-1.

Like their opening submission, the Venezuela Parties' response to Crystallex's and Red Tree's submissions regarding Section 5.11 fails to account for Crystallex and the additional Attached Judgment Creditors' rights to have their *money* judgment satisfied in cash. In addition, the Venezuela Parties continue to wrongly assume, because all creditors' liens on the PDVH Shares are discharged after the sale closes, that the proceeds can be distributed without regard to the Court's Priority Order and long-settled Delaware law requiring the sheriff (or, here, the U.S. Marshal) to pay senior creditors before junior creditors. *See* D.I. 1578 at 2-3.

Crystallex explained in its response why the Venezuela Parties' position is directly contrary to Delaware law. *See* D.I. 1577 at 3 ("[T]he fact that all judgment liens on the PDVH Shares terminate at closing does not change the entitlement of each creditor under Delaware law to be paid in legal tender—cash—unless he consents to some other form of consideration."); *id.* at 2 ("Delaware law requires the proceeds of an execution sale to be paid into the court and then distributed to creditors in the order of their entry and priority.") (quotations and citations omitted). So did Red Tree. *See* D.I. 1576 at 2. Nothing in the Venezuela Parties' response changes that conclusion.

Crystallex reiterates the positions expressed in its opening and response briefs, D.I. 1574, 1577, and confirms its support for the arguments submitted by Red Tree, D.I. 1572, 1576, and the Special Master, D.I. 1579, which further demonstrate that the Venezuela Parties' proposal is contrary to Delaware law and the purpose of the sale process, and should therefore be rejected.

<table>
<tr><td>

OF COUNSEL:

Robert L. Weigel
Jason W. Myatt
Rahim Moloo
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York  10166
(212) 351-4000

Miguel A. Estrada
Lucas C. Townsend
Adam M. Smith
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C.  20036
Tel:  (202) 955-8500
Fax:  (202) 467-0539

</td><td>

*/s/ Travis S. Hunter*
Raymond J. DiCamillo (#3188)
Jeffrey L. Moyer (#3309)
Travis S. Hunter (#5350)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware  19801
(302) 651-7700
dicamillo@rlf.com
moyer@rlf.com
hunter@rlf.com

*Attorneys for Plaintiff*

</td></tr>
</table>

Dated: February 28, 2025