# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) No. 1:17-mc-00151-LPS ) ) |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | ) ) |
| *Defendant*. | ) |

**JOINT BRIEF OF PDVSA, PDVH, AND CITGO IN REPLY TO THE OBJECTIONS FILED BY RED TREE, CRYSTALLEX, AND THE SPECIAL MASTER**

Neither Crystallex, Red Tree, nor the Special Master responds to the CITGO Parties'[1] contentions that Delaware law does not "require the sheriff to obtain the consent of an execution creditor … before accepting a winning bid" or that "[i]f a creditor believes that the sale should not be allowed, its remedy is to object to the Court at the confirmation hearing." D.I. 1575 at 2. Nor do they object to the CITGO Parties' clarifications that creditor consent is just one factor to consider alongside "other approved Evaluation Criteria" and "that the Special Master has the discretion to recommend a bid that contains non-cash consideration, even if a creditor objects." *Id.* at 2, 5.

Crystallex and Red Tree continue to argue that creditors must "consent" to "release" or "surrender" their attachments, but neither they nor the Special Master cite any authority remotely supporting this position. Red Tree alludes to "longstanding Supreme Court precedent" and Delaware law, but none of its cited authorities gives a creditor in an execution sale a say over whether its lien (as opposed to its "judgment," D.I. 1576 at 2) is extinguished. By contrast, and belying Crystallex's assertion that the CITGO Parties "cite no authority for their position," the CITGO Parties relied on—among other things—a binding Delaware Supreme Court opinion directly holding that an execution sale extinguishes *all* preexisting liens on personal property. *See* D.I. 1575 at 3 (quoting *Md. Nat'l Bank v. Porter-Way*, 300 A.2d 8, 11–12 (Del. 1972)). Crystallex's and Red Tree's cases stand for the same proposition. *See* D.I. 1578 at 2–3 (citing cases).

Crystallex and Red Tree spend the rest of their briefs seeing ghosts. No one is proposing that "creditors can be forced to accept proceeds other than cash" in satisfaction of their judgments, D.I. 1576 at 2; *see also* D.I. 1577 at 2, that "a senior creditor that would otherwise receive some cash" proceeds can "be lawfully 'skipped' in the priority order," or that "a bidder could offer far

---

[1] Nothing in this filing should be construed to imply that PDVSA, PDVH, and CITGO (together, the "CITGO Parties") consent to a forced sale under any circumstances. Each preserves all rights and positions, including on appeal.

1

more valuable non-cash proceeds to junior creditors than to senior creditors," D.I. 1576 at 3. Plainly, all cash must first be distributed in priority order before any non-cash consideration is distributed, non-cash consideration must be offered in priority order, no creditor can be forced to accept it, and no creditor can receive more than the value of its claim.

But just as plainly, if the Court approves a bid and the sale closes, *all* attachments will *automatically* be extinguished, and sale proceeds will be distributed in order of priority, upon application of each creditor. *See* D.I. 1575 at 4 (describing Delaware law procedures). And if a creditor does not claim the proceeds available to it, those proceeds can be distributed to the next claimant in line. *Id.* Crystallex's quibble that 10 *Del. C.* § 4986 only applies to "excess" proceeds, D.I. 1577 at 3, is wrong, *see* 10 *Del. C.* § 4986 (titled "[p]ayment … of *unclaimed* proceeds from execution sale"); *IMO Estate of Nastatos*, 2023 WL 8269833, at *10 (Del. Ch. July 19, 2023) (distributing "*unclaimed* proceeds" pursuant to § 4986), but whether rejected non-cash consideration is viewed as unclaimed or excess hardly matters. The result is the same. Crystallex does not explain what should happen to the rejected proceeds (along with any remaining non-cash consideration blocked by the creditor's non-consent) if they are not distributed to the remaining claimants. And Crystallex (again) cites no authority for its contention that the sale proceeds would be "subject to known writs of attachment and thus cannot be considered 'unclaimed,'" D.I. 1577 at 4, which is contrary to the rule that all preexisting liens are extinguished by an execution sale.

Finally, it is unclear what the Special Master means when he states that adopting the CITGO Parties' changes would "potentially force the Special Master's hand." D.I. 1579 at 2. The proposed changes would not force any outcome, but instead are designed to encourage value maximizing bids and, crucially, leave the Special Master with the flexibility to choose the best among them.

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | */s/ Alexandra M. Cumings* |
| OF COUNSEL: | Susan W. Waesco (#4476) |
| Nathan P. Eimer | Alexandra M. Cumings (#6146) |
| Lisa S. Meyer | Kirk Andersen (#7156) |
| Daniel D. Birk | 1201 North Market Street |
| Gregory M. Schweizer | Wilmington, DE 19801 |
| Hannah Bucher | (302) 658-9200 |
| EIMER STAHL LLP | SWaesco@morrisnichols.com |
| 224 South Michigan Avenue | ACumings@morrisnichols.com |
| Suite 1100 | KAndersen@morrisnichols.com |
| Chicago, IL 60604 |  |
| (312) 660-7600 | *Attorneys for PDV Holding, Inc. and* |
| NEimer@eimerstahl.com | *CITGO Petroleum Corporation* |
| LMeyer@eimerstahl.com |  |
| DBirk@eimerstahl.com |  |
| GSchweizer@eimerstahl.com |  |
| HBucher@eimerstahl.com |  |
|  | HEYMAN ENERIO GATTUSO & HIRZEL LLP |
|  | */s/ Brendan Patrick McDonnell* |
| OF COUNSEL: | Samuel Taylor Hirzel, II (#4415) |
| Joseph D. Pizzurro | Brendan Patrick McDonnell (#7086) |
| Kevin A. Meehan | 300 Delaware Avenue, Suite 200 |
| Juan O. Perla | Wilmington, DE 19801 |
| David V. Holmes | (302) 472-7300 |
| CURTIS, MALLET-PREVOST, COLT & MOSLE LLP | shirzel@hegh.law |
| 101 Park Avenue New York, NY 10178 | bmcdonnell@hehg.law |
| (212) 696-6000 |  |
| jpizzurro@curtis.com |  |
| kmeehan@curtis.com |  |
| jperla@curtis.com | *Attorneys for Petróleos de Venezuela, S.A.* |
| dholmes@curtis.com |  |

February 28, 2025