# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., : | |
| Plaintiff, : | |
| v.  : | Misc. No. 17-151-LPS |
| BOLIVARIAN REPUBLIC OF VENEZUELA, : | |
| Defendant. : | |

## MEMORANDUM ORDER

At Wilmington this **4th** day of **March, 2025**:

Having reviewed the latest round of briefs (*see* D.I. 1572, 1574-82), this time regarding objections to the Court's memorandum order of February 28, 2025 (D.I. 1571), which addressed then-pending objections to the long-form Stock Purchase Agreement ("SPA")[1] circulated by the Special Master on February 10, 2025 (D.I. 1557-1),

**IT IS HEREBY ORDERED** that:

1. The objections of Crystallex, Inc. ("Crystallex") (D.I. 1574) and Red Tree Investments, LLC ("Red Tree") (D.I. 1572), which are directed at challenging the positions advocated by PDVSA, PDVH, and CITGO (collectively the "CITGO Parties"), are **OVERRULED AS MOOT**. The Court agrees with Crystallex that "Delaware law generally provides that junior creditors cannot be paid until those with superior liens, including judgment liens, have been satisfied." (D.I. 1574 at 2) (citing 10 Del. C. § 4986) Similarly, the Court agrees with Red Tree that the Court "does not have authority to require a senior creditor to relinquish its

---

[1] Unless otherwise noted, capitalized terms have the meaning given to them in the Sales Procedure Order (D.I. 481) or the proposed SPA (D.I. 1557-1).

1

attachment on the PDVH Shares should that creditor not consent to accept non-cash consideration." (D.I. 1572 at 1) (internal quotation marks omitted)

The basis for the Court's ability to sell the PDVH Shares free and clear of the attachments now encumbering them is the Court's commitment to distribute the proceeds consistent with Delaware law, which requires that distributions be made "on the basis of priority of liens." *Maryland Nat'l Bank v. Porter-Way Harvester Mfg. Co.*, 300 A.2d 8, 11 (Del. 1972). As Red Tree states, the Court is constrained by Delaware law "to sell the PDVH shares and distribute the proceeds to creditors, in cash, in the current priority order, unless creditors consent to different treatment." (D.I. 1572 at 4 (citing 8 Del. C. § 324(d)); *see also* D.I. 1574 at 1 (Crystallex noting "revised Section 5.11 . . . confirm[s] the default expectation that senior creditors cannot be skipped over in favor of junior creditors that agree to take noncash consideration the senior creditor finds unacceptable"))

Crystallex is also correct in its understanding that the Court is not "leaving open the possibility of effectively forcing a senior Attached Judgment Creditor to release its attachment because it refuses to take non-cash consideration in any scenario [unless] that creditor's attachment would be released either way." (D.I. 1574 at 4) Simply put, as Crystallex writes, "Delaware law requires the proceeds of an execution sale to be paid into the court and then distributed to creditors 'in the order of their entry and priority.'" (D.I. 1577 at 1) (quoting *E. Sav. Bank, FSB v. CACH, LLC*, 55 A.3d 344, 350 (Del. 2012))

2.  The CITGO Parties' objections to the Court's Revised Section 5.11 of the SPA are **OVERRULED**, and their request for what they characterize as "slight modifications" to that provision is **DENIED**. (D.I. 1575) While the CITGO Parties are correct that "[n]one of the statutory provisions governing the procedures for stock execution sales require the sheriff to obtain

2

the consent of an execution creditor (much less a junior execution creditor) before accepting a winning bid" (D.I. 1575 at 2), and any creditor (senior or junior) can object to whatever offer may be recommended by the Special Master to the Court, the Court has determined (as explained above) that it lacks authority to compel non-consenting senior creditors to forfeit their liens or accept non-cash consideration and then provide consideration (of any kind) to junior creditors.

As Red Tree observes, under the CITGO Parties' proposed version of Section 5.11, "a bidder could offer far more valuable non-cash proceeds to junior creditors than to senior creditors, then strip the liens of senior creditors if they object," doing "violence to the Court's priority rules." (D.I. 1576 at 3) The Court would not – and could not – approve such an outcome. Therefore, while it remains the Court's goal not "to deter bids that may include significant non-cash components" (D.I. 1571 at 4), bidders should understand that the Court will not (because it cannot) approve a sale that would have such consequences.

3.   The Court confirms, as the CITGO Parties request, that Revised Section 5.11 does not "supplant[] the Evaluation Criteria previously approved by the Court." (D.I. 1575 at 4)

March 4, 2025  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT COURT