**Potter Anderson & Corroon LLP**
1313 North Market Street, 6th Floor
Wilmington, Delaware 19801-6108
302.984.6000
potteranderson.com



Myron T. Steele
Senior Counsel
msteele@potteranderson.com
Direct 302.984.6030

March 17, 2025

**VIA ELECTRONIC FILING**

The Honorable Leonard P. Stark
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801-3570

**RE**:   *Crystallex International Corporation v. Bolivarian Republic of Venezuela*, D. Del. C.A. No. 1:17-mc-00151-LPS; Response to PDVSA's Objection to the Special Master's Monthly Report for the Period of October 1, 2024 to December 31, 2024 (D.I. 1589)

Dear Judge Stark:

    Robert B. Pincus, in his capacity as special master for the United States District Court for the District of Delaware in the above-captioned case (the "**Special Master**"),[1] respectfully submits this response to the letter brief submitted by Petróleos de Venezuela, S.A. ("**PDVSA**") (D.I. 1589) in support of its objection to the Special Master's Monthly Report for the period of October 1, 2024, to December 31, 2024 (D.I. 1584).

    PDVSA's latest objections to the attorneys' fees of the Special Master simply rehash complaints that PDVSA and other parties previously raised and that the Court already rejected. (*See* D.I. 1475, 1477, 1478, 1479). At the hearing on December 13, 2024, the Court "overruled the objections for September," and gave additional "guidance" and sought "further input . . . on how the billing should be handled going forward." *See* 12/13/2024 Tr. 237:4-8, 15-16. The Court

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Sixth Revised Proposed Order (A) Establishing Sale and Bidding Procedures, (B) Approving Special Master's Report and Recommendation Regarding Proposed Sale Procedures Order, (C) Affirming Retention of Evercore as Investment Banker by Special Master and (D) Regarding Related Matters* (D.I. 481) (the "**Sale Procedures Order**").

The Honorable Leonard P. Stark
March 17, 2025
Page 2

explained that it was "hopeful, based on what I'm about to say and the fact that I overruled objections, that I won't get similar objections for October, November, December." *Id.* at 237:16-18. The Court further noted that this sale process "has been an incredibly challenging process for me to preside over and, no doubt, for the special master and his advisors" to carry out. *Id.* at 238:1-3. The Court explained that "[i]t's also just inherently expensive" because there are "so many interested parties here and, understandably, you all want to be heard and you want the special master to consider your positions and that just can't be done cheaply." *Id.* at 238:20-23.

After receiving the "Special Master's Proposal Regarding Future Billings," and extensive briefing on that proposal from the parties, including PDVSA, the Court entered an order on December 31 directing the Special Master to (i) "share with the Sale Process Parties and Additional Judgment Creditors" on a quarterly basis "a budget of the anticipated expenses and billing for the first, second, and third quarters of 2025"; (ii) "evaluate . . . whether the number of timekeepers can be reduced and . . . ensure that all time entries will be sufficiently detailed to allow others to understand the work that was performed"; (iii) "review the bills he has received or will receive for October, November, and December 2024 and . . . determine whether . . . he already has a basis to ask that his advisors, including counsel, 'take voluntary write-offs or reductions' for any or all of those months"; and (iv) "inquire of each of his advisors, including counsel, whether, given the length of time this process has run and how much longer it may continue, they can still justify billing on an ongoing basis at the same non-discounted rates they have been charging for the first 44 months of their engagement with this case." (*See* D.I. 1516).

The Special Master followed the Court's December 31 Order to a tee. The Special Master (i) sent the Sale Process Parties an anticipated budget for the first quarter of 2025; (ii) reduced the number of timekeepers and took steps to ensure that time entries are sufficiently detailed; (iii) asked Weil to take a voluntary 10% write-off for October, November, and December, which the firm agreed to do; and (iv) determined after consultation with his advisors that discounted rates were not justified under the circumstances. (*See* D.I. 1584 at 7). Nevertheless, PDVSA repeats arguments that the Court already rejected and submits a "similar objection[] for October, November, [and] December," despite the Court's express admonition that the parties should avoid doing so. *See* 12/13/2024 Tr. 237:16-18. The Special Master will not repeat all of the arguments he made in his December briefing on fees, *see* D.I. 1489, but there are a few points in PDVSA's letter brief that require correction or clarification:

*First*, PDVSA argues that the "'voluntary write-off of 10% of [Weil's] fees' is not nearly enough given the exorbitant fees Weil has already incurred so far." (*See* D.I. 1589 at 2). But PDVSA raises this objection without identifying a single time entry in the Monthly Report that was not necessary or appropriate under the circumstances. The Special Master's efforts to follow the spirit of the December 31 Order are made clear by the fact that the monthly fees for October, November, and December are on average less than half of the fees incurred in September.[2] And

---

[2] The fee reimbursement in the Special Master's Monthly Report for September totaled $4,093,901.35. (*See* D.I. 1430 at 5). The fee reimbursements in the Special Master's Monthly Report for October, November, and December were $2,713,555.94, $1,936,989.98, and $1,469,631.90, averaging $2,040,059.27 per month. (*See* D.I. 1584 at 5).

The Honorable Leonard P. Stark
March 17, 2025
Page 3

the Special Master determined that a voluntary write-off was the most appropriate way to decrease the attorneys' fees that were already incurred by the time of the December 13 hearing. Moreover, PDVSA's generalization that "Weil still billed for around 43 timekeepers every month," *see* D.I. 1589 at 3, unfairly obscures the fact that the Special Master reduced the number of timekeepers by nearly two-thirds from September—when there were 74 timekeepers—to December—when there were only 26 timekeepers. (*See* D.I. 1584-1). As, PDVSA acknowledges, the Special Master not only lowered the number of timekeepers in accordance with the December 31 Order, but also wrote off all of the time spent by "between 8 and 16 timekeepers who were . . . billing under 3.0 hours in a given month." (*See* D.I. 1589 at 3).

*Second*, PDVSA argues that Weil's 10% write-off "would barely cover the fees incurred by former Weil partners Ray Schrock and Alex Welch during those months in which they were transitioning off of the Special Master's team." (*Id.* at 2). But the Special Master did not submit bills for *any* time that Messrs. Schrock and Welch spent transitioning off of the matter or for the time Mr. Barr spent getting up to speed. (*See* D.I. 1489 at 5). The Itemized Statements for each month, attached as Annexes AA, BB, and CC to the Monthly Report, show that the last time entries for Messrs. Schrock and Welch are from November 15 and November 11, 2024 respectively, prior to the announcement of their departures. (*See* D.I. 1584-1 at 217, 240).

*Third*, PDVSA again objects to fees incurred in relation to the proposed Amber Energy transaction, which PDVSA characterizes as a "failed bid." (*See* D.I. 1589 at 2). But the Court expressly rejected this objection when PDVSA first raised it a few months ago. The Court explained that the Special Master's process is "far from starting over. It's far from a failed process. It's far from a situation that has not accomplished much to this point, so . . . I reject that portion of the objections." *See* 12/13/2024 Tr. 238:15-19. The Court also noted, "I don't think [the process to date] can be judged entirely by the tentative result that was achieved with Amber as of this past summer and September." *Id.* at 238:4-6. Rather, "much was achieved up through September and even through today." *Id.* at 237:24-25.

*Finally*, PDVSA objects to the Special Master's alleged "failu[re] to follow the letter and spirit" of the Court's December 31 Order by not describing his efforts to "ensure that all time entries were sufficiently detailed." (*See* D.I. 1589 at 3). But the Court's December 31 Order directed the Special Master's advisors to provide further detail in their time entries from January 1 onward. (*See* D.I. 1516). The Court did not instruct the Special Master to go back and revise the narratives of time entries for fees that were previously incurred. Furthermore, had PDVSA made an effort to seek clarification from the Special Master and his advisors as to the work that was captured by purportedly vague time entries, the Special Master and his advisors would have worked with PDVSA to provide clarification and avoid further burdening the Court with this dispute. But PDVSA neither sought such clarification from the Special Master, nor did it identify any time entries that it contends were either unnecessary or inappropriate.

For these reasons, the Special Master respectfully requests that the Court approve the monthly fees and expenses incurred by the Special Master and his advisors contained in the Monthly Report.

The Honorable Leonard P. Stark
March 17, 2025
Page 4

                                              Respectfully submitted,

                                              */s/ Myron T. Steele*

                                              Myron T. Steele (#0002)

                                              On Behalf of Robert B. Pincus, Special Master for the United States District Court for the District of Delaware

MTS:rms/12116783/21202.00001

cc:    Clerk of Court (via hand delivery)
        Counsel of Record (via CM/ECF)