

300 Delaware Avenue • Suite 200 • Wilmington, Delaware 19801
Tel: (302) 472.7300 • Fax: (302) 472.7320 • www.hegh.law

DD:  (302) 472-7308
bmcdonnell@hegh.law

March 20, 2025

**VIA ECF**
The Honorable Leonard P. Stark
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, D.C. 20439

Re:   **Crystallex International Corporation v. Bolivarian Republic of Venezuela (No. 17-mc-151-LPS)**

Dear Judge Stark:

The Special Master's response to PDVSA's objection to the Monthly Report for October to December 2024 does not resolve PDVSA's concerns.[1] The Special Master's response amounts to arguing that, because this Court overruled the objections to the September 2024 Monthly Report, the excessive fees billed for September 2024 may now serve as the lodestar for reasonableness, and therefore any reduction to his advisors' bills below the September 2024 levels, regardless of how inadequate, should be accepted as sufficient. This approach is misguided and inconsistent with this Court's orders. The more appropriate benchmark should be the $950/hour billing rate and $2 million fees cap established in the May 2021 Order. D.I. 277 ¶¶ 14-15.

The Special Master selectively chose statements from the December 13 hearing to suggest that this Court endorsed the exorbitant fees for September 2024. This was not the case. The Court made clear that, while it was overruling the objections, it wanted the Special Master to explain how he might "impose discipline" on his advisors' billing to show "how the Court can retain confidence that billings going forward will be reasonable, justifiable, and understandable." D.I. 1505; D.I. 1507 at 238:24–239:4. This resulted in the Court's December 31 Order amending the billing procedures requiring the Special Master to scrutinize his advisors' bills more closely, including a review of whether rack rates where appropriate in light of how much the Special Master's advisors have already billed and how much more work there is to do to complete the sale process. D.I. 1516.

While the Special Master points out that he reduced the number of timekeepers to 26 in December 2024, he fails to address the fact that 25 of those timekeepers were still billing well over the $950/hour benchmark, with some billing as high as $2,350/hour.[2] In effect, the Special Master

---

[1] Any reference to the Special Master in this letter brief includes the Special Master, his Counsel and Advisors.
[2] In criticizing PDVSA's averaging of the number of Weil timekeepers per month for the October to December time period, the Special Master points to the 26 timekeepers in December as the representative figure. Since the Special Master suggests that 26 timekeepers is reasonable, at minimum he should be held to this number as a benchmark.



The Honorable Leonard P. Stark
March 20, 2025
Page 2

seems to be treating this process as a bankruptcy proceeding and charging rates seen in that context.[3] But this is not a bankruptcy proceeding. It is a judicial sale, and "the client" is the court.

Rather than abide by the letter and spirit of the Court's December 31 Order, the Special Master simply agreed to an insufficient "one time" 10% write off of Weil's fees, bringing its fees down to $5.13 million in a bill that totals $6.12 million (D.I. 1584 at 6-7), and as we have learned for the first time in the Special Master's response, apparently decided not to seek any discounted rates from any of his advisors, including Weil. D.I. 1592 at 2. On this latter point, while the Special Master claims that he mentioned this decision in his Monthly Report, that assertion is misleading. D.I. 1592 at 2. The Monthly Report stated only that the Special Master, in his forthcoming January 2025 Report, would describe his "inquiry of each of my advisors, including counsel, as to their justification for charging non-discounted rates, if applicable." D.I. 1584 at 7. This does not make clear that the Special Master had already conducted that inquiry and determined that he would not be seeking any discounted rates. Nor has he provided his reasoning for this decision or his advisor's justification for not charging discounted rates, which would allow PDVSA and others to evaluate the decision and respond accordingly.

Lastly, PDVSA is not merely rehashing arguments from prior objections, but rather challenging the October to December bills on similar grounds because the Special Master has not addressed the concerns that were previously raised. Moreover, PDVSA wishes to make explicitly clear that it maintains its standing objection to the Special Master's bills and has not acquiesced to the Special Master's excessive billing practices.

For these reasons, this Court should not approve wholesale the fees in the Special Master's Monthly Report for the period of October 1, 2024 to December 31, 2024. D.I. 1584.

Respectfully submitted,

/s/ Brendan Patrick McDonnell

Brendan Patrick McDonnell (# 7086)
*Counsel for Petróleos de Venezuela, S.A.*

BPM/cmw
cc:    All Counsel of Record (via e-filing)

---

[3] *See, e.g.*, David Thomas, *Top bankruptcy firm Kirkland boosts billing rates, nearing $2,500 an hour*, REUTERS (Dec. 15, 2023), https://www.reuters.com/legal/legalindustry/top-bankruptcy-firm-kirkland-boosts-billing-rates-nearing-2500-an-hour-2023-12-15/#:~:text=Hourly%20lawyer%20rates%20reaching%20$2%2C000,as%20well%20as%20lawyer%20promotions.