# LANDIS RATH & COBB LLP
### A LIMITED LIABILITY PARTNERSHIP
### ATTORNEYS AT LAW

919 MARKET STREET, SUITE 1800
P.O. BOX 2087
WILMINGTON, DELAWARE 19899
www.lrclaw.com

Rebecca L. Butcher                                                          Telephone: (302) 467-4400
Direct Dial: (302) 467-4415                                                 Facsimile: (302) 467-4450
Email: butcher@lrclaw.com

March 24, 2025

The Honorable Leonard P. Stark
United States District Court
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, Delaware 19801

Re: *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17 Misc. 151

Dear Judge Stark:

We represent Red Tree Investments, LLC. Pursuant to the Court's March 23 oral order, we respectfully write in response to Gold Reserve's emergency letter motion seeking unsealing of the transaction support agreement ("TSA") which Red Tree filed under seal, as well as prior versions of Red Tree's bid letters. D.I. 1604 (Gold Reserve motion), 1605 (oral order); *see also* D.I. 1600 (sealed TSA), 1601 (motion to seal).[1]

Any emergency is of Gold Reserve's making. In violation of the local rules, Gold Reserve did not try to meet and confer with Red Tree before filing a motion demanding that Red Tree either unseal the TSA or withdraw its bid. *See* L.R. 7.1.1. Had it done so, this motion would have been largely unnecessary. Given Gold Reserve's position, Red Tree withdraws its request to seal the TSA in its entirety and now seeks to seal only two narrowly-tailored categories of the TSA's confidential economic terms, namely, the terms of a proposed exchange for the 2020 Notes and a proposed direction and indemnity agreement for the 2020 Notes' Trustee. *See id.*; D.I. 1601 at 2-3 (motion to seal). Accordingly, attached to this letter as Exhibit 1 is a copy of the TSA terms originally filed as D.I. 1600-1 which redacts only those two

---

[1] The letter also asks for emergency production of the confidentiality agreement governing the TSA. D.I. 1604 at 3. While Gold Reserve gives no reason why that request is an emergency, Red Tree does not object to production of the relevant confidentiality agreement.

*The Honorable Leonard P. Stark*
*March 24, 2025*
*Page 2*

categories of information, as well as irrelevant personal contact information in the TSA's notice provisions.[2] Gold Reserve's motion is thus now in large part moot.

To the extent Gold Reserve still challenges the sealing of the TSA's redacted economic terms, its motion should be denied. In the motion to seal, Red Tree explained how the terms of the 2020 Notes Exchange and the proposed direction and indemnity agreement are the type of confidential and competitively sensitive business information which the Third Circuit has held may be appropriately filed under seal. D.I. 1601 at 2-3. Moreover, sealing those two narrow categories is especially appropriate because they should not be relevant to the Court's decision whether to approve or reject the Special Master's recommendation of Red Tree as the Stalking Horse. *Id.* at 3. Gold Reserve's motion does not respond to Red Tree's motion to seal and offers no argument or authority as to why the motion to seal should be denied.

Gold Reserve also offers no basis for its demand that prior versions of Red Tree's bid letters should also be made public. D.I. 1604 at 1, 3. Gold Reserve's description of the prior versions as "components of the Red Tree bid," *id.* at 3, is false. The Special Master has recommended only that the Court approve the final bid letter that was filed on the public docket. *See* D.I. 1596. The Special Master's recommendation did not suggest that he has, in any way, relied upon prior versions of Red Tree's bid in approving its final bid. Rather, the paragraph Gold Reserve cites to in that recommendation only recounts the fact that those prior bids were submitted. D.I. 1604 at 1 (citing D.I. 1596 ¶ 31). Because the prior bid letters are not relevant to the Special Master's recommendation or any legitimate objection Gold Reserve could make to that recommendation, there is no reason why they should be produced.

The only authority Gold Reserve cites is a paragraph in the Court's December 31 order stating that "[a]ll bids submitted in the Stalking Horse stage of the Sales Process shall be made public once a Stalking Horse is selected." D.I. 1604 at 2 (citing D.I. 1517 at 6). But that order does not apply to the TSA by its own terms, because the TSA is not a "bid." Neither the Special Master, nor, for that matter, Gold Reserve, has taken the position that every document related to a final bid is itself a "bid" or must be publicly filed. For example, while Gold Reserve's bid included a debt commitment letter from an unnamed financing source, D.I. 1603-1 at 2, Gold Reserve did not insist that the Special Master make that commitment letter public in the bid package filed on the docket. Other material documents relating to Gold Reserve's bid have likewise not been filed publicly. *See* D.I. 1603-1 at 3 (proposed warrants for equity financing), 8 (consent to non-cash consideration). Because Gold Reserve's behavior belies its own argument, it is not a basis for the one-sided production that Gold Reserve seeks.

Finally, much of Gold Reserve's motion is devoted to attacking Red Tree's bid on the merits and arguing that the Special Master should have instead selected Gold Reserve's partially-

---

[2] Gold Reserve has not argued that the contact information should be unsealed.

*The Honorable Leonard P. Stark*
*March 24, 2025*
*Page 3*

financed bid instead.  D.I. 1604 at 1-2.[3]  Those arguments are improper and premature, given the schedule the Court has set for objections to the Special Master's recommendation for a Stalking Horse.  For now, it suffices to say that Gold Reserve's arguments – including its claims about the purportedly "staggering" difference in purchase price – are misleading and incorrect.  Red Tree will respond to those arguments on the schedule set by the Court.

Respectfully submitted,

*/s/ Rebecca L. Butcher*

Rebecca L. Butcher (No. 3816)

RLB/lmr

cc: All counsel of record (*via* ECF)

---

[3] Gold Reserve has also used its emergency motion as a basis to issue a press release attacking Red Tree's bid and promoting its own.  *See* Gold Reserve Inc., "Update on CITGO Sales Process," https://bit.ly/4iY1l6s (Mar. 23, 2025).