**Potter Anderson & Corroon LLP**
1313 North Market Street, 6th Floor
Wilmington, Delaware 19801-6108
302.984.6000
potteranderson.com



Myron T. Steele
Senior Counsel
msteele@potteranderson.com
Direct  302.984.6030

March 24, 2025

<u>**VIA ELECTRONIC FILING**</u>

The Honorable Leonard P. Stark
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801-3570

      **RE**:   *Crystallex International Corporation v. Bolivarian Republic of Venezuela*, D. Del. C.A. No. 1:17-mc-00151-LPS; Response to Gold Reserve Inc.'s Letter Concerning the Transaction Support Agreement (D.I. 1604)

Dear Judge Stark:

      Robert B. Pincus, in his capacity as special master for the United States District Court for the District of Delaware in the above-captioned case (the "**Special Master**"),[1] respectfully submits this response to the March 22, 2025 letter submitted by Gold Reserve Inc. ("**Gold Reserve**") (D.I. 1604) regarding a Transaction Support Agreement ("**TSA**") referenced in the stalking horse proposal submitted by Red Tree Investments, LLC ("**Red Tree**"), and earlier bid letters submitted by Red Tree.

      As an initial matter, Red Tree filed a version of the TSA containing limited redactions on the public docket earlier today with the consent of the ad hoc group of holders of the 8.500% Senior Notes due 2020 (the "**Ad Hoc Group**") party to the TSA. That filing may resolve the concerns that Gold Reserve raised in its March 22 letter by enabling the parties to these proceedings to review and evaluate the terms of the TSA.

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Sixth Revised Proposed Order (A) Establishing Sale and Bidding Procedures, (B) Approving Special Master's Report and Recommendation Regarding Proposed Sale Procedures Order, (C) Affirming Retention of Evercore as Investment Banker by Special Master and (D) Regarding Related Matters* (D.I. 481) (the "**Sale Procedures Order**").

The Honorable Leonard P. Stark
March 24, 2025
Page 2

      The Ad Hoc Group provided the Special Master with a copy of the TSA pursuant to a non-disclosure agreement (the "**NDA**") between the Special Master and a member of the Ad Hoc Group ("**Member**").[2]  The Special Master executed the NDA with Member in 2024 in connection with the Special Master's previously disclosed discussions with the Ad Hoc Group.  In the NDA, the Special Master and Member each agreed not to disclose confidential information without the other party's consent.  During the course of the Special Master's evaluation of Stalking Horse bids, the Special Master requested Member's consent to attach the TSA to the Special Master's *Notice of Special Master's Recommendation of Stalking Horse* (D.I. 1596) (the "**Stalking Horse Recommendation**"), but that request was denied.  For that reason, the Special Master did not file the TSA publicly on the docket or produce a copy of it to the Sale Process Parties, Additional Judgment Creditors, and other bidders.[3]

      The NDA also provides that the Special Master may produce confidential information if "required by applicable law" and may only disclose that portion of the confidential information that is legally required to be disclosed.  Accordingly, if the Court were to issue an order requiring the Special Master to produce the TSA to the Sale Process Parties and Additional Judgment Creditors and other bidders in these proceedings, the Special Master could do so without running afoul of the NDA.

      Finally, the Special Master did not file Red Tree's March 7, 2025 bid letter or March 12, 2025 bid letter because Red Tree submitted a subsequent version of its bid letter that, by its terms, superseded those earlier letters.  The Special Master filed Red Tree's final, March 20, 2025 bid letter in connection with the Notice of Stalking Horse Recommendation because the Special Master does not consider the March 7 or March 12 bid letters to be pertinent to the final Red Tree bid.  Nonetheless, if the Court orders the Special Master to file those earlier bid letters on the docket, the Special Master will do so.

---

[2] Note, the TSA was not shared with the Special Master under his NDA with Red Tree because the Red Tree NDA only contemplates disclosure restrictions on Red Tree with respect to confidential information shared by the Special Master, but not the other way around.

[3] The Special Master also requested consent to share the TSA with the Sale Process Parties prior to the filing of his Stalking Horse Recommendation.  That request too was denied, but the Special Master understands each of Crystallex and ConocoPhillips executed NDAs with Red Tree in order to gain access to the TSA directly.

The Honorable Leonard P. Stark
March 24, 2025
Page 3

    Respectfully submitted,

    */s/ Myron T. Steele*

    Myron T. Steele

    On Behalf of Robert B. Pincus, Special Master for the United States District Court for the District of Delaware

MTS:rms/12131326/21202.00001

cc:    Clerk of Court (via hand delivery)
       Counsel of Record (via CM/ECF)