IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION,<br><br>              Plaintiff,<br><br>    v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>              Defendant. | C.A. No. 17-mc-151-LPS |

**CRYSTALLEX INTERNATIONAL CORPORATION'S RESPONSE
TO GOLD RESERVE AND RED TREE SUBMISSIONS REGARDING SEALING**

OF COUNSEL:

Robert L. Weigel
Jason W. Myatt
Rahim Moloo
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Tel: (212) 351-4000
Fax: (212) 351-4035

Miguel A. Estrada
Lucas C. Townsend
Adam M. Smith
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
Tel: (202) 955-8500
Fax: (202) 467-0539

Dated: March 24, 2025

Raymond J. DiCamillo (#3188)
Jeffrey L. Moyer (#3309)
Travis S. Hunter (#5350)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Tel: (302) 651-7700
Fax: (302) 651-7701

*Attorneys for Plaintiff*

Pursuant to the Court's Order, D.I. 1605, Crystallex respectfully submits this response to submissions filed by Gold Reserve, D.I. 1604, and Red Tree, D.I. 1601, 1606, regarding the sealing and redaction of the Notice of the Special Master's Recommendation of a Stalking Horse, D.I. 1596-97 and D.I. 1598-99.

Gold Reserve and Red Tree's submissions focus on the sealing of a confidential Transaction Support Agreement ("TSA") entered into between Red Tree and an ad hoc consortium of 2020 bondholders (the "Ad Hoc Group") in which "the Ad Hoc Group has agreed to provide the requisite consents to cause [Red Tree's] Proposed Transaction to be permitted under the indenture governing the PDVSA 2020 Bonds and to cause all of the security interests in the equity of CITGO Holding, Inc. that secure the PDVSA 2020 Bonds to be released and terminated in full." D.I. 1601 at 1; *see also* D.I. 1604 at 1-3. Gold Reserve asks the Court either to unseal the entirety of the TSA or reject Red Tree's bid, D.I. 1604 at 3, and Red Tree asks the Court to permit the TSA to be filed with the economic terms of the agreement and a proposed direction and indemnity agreement redacted, D.I. 1606 at 1. Crystallex briefly addresses elements of each submission below.

Gold Reserve asserts that the Sale Process Parties, including Crystallex, "have received copies of the TSA, thus affording those parties a disparate and material informational benefit, compared to Gold Reserve (and presumably all other bidders and Attached Judgment Holders) from whom such information has been withheld." D.I. 1604 at 2. To the extent Gold Reserve suggests Crystallex engaged in improper conduct, that is not correct. The Court's December 31, 2024 Order directed that "all bids at each stage of the process shall be made available to non-bidding Sale Process Parties and non-bidding Additional Judgment Creditors (provided they have made themselves subject to a non-disclosure agreement), on a confidential basis, in a timely

1

manner." D.I. 1517, ¶ 23. That is exactly what happened here. In all events, the appropriate remedy to Red Tree sharing confidential versions of the TSA with the Sale Process Parties should not be, as Gold Reserve demands, the forced withdrawal of the bid.

Turning to Red Tree's submission, Crystallex does not take a position on whether it is appropriate to partially redact the TSA. As the Court has already acknowledged, the 2020 Bond Entities are relevant only because they "purport to have a pledge of 50.1% of the equity of CITGO Holding Inc.," *id.* ¶ 28, which means they could—potentially—interfere with a Sale Transaction that contemplates structural changes that require approval from CITGO Holding if the 2020 Bond Entities prevail on their claims before the sale of the PDVH Shares closes. Crystallex is satisfied that the TSA provides the necessary certainty in this regard, and takes no position on how best to facilitate any review that interested parties may wish to conduct. For the avoidance of doubt, however, Crystallex respectfully submits that the TSA is only relevant to the selection and confirmation of a Stalking Horse Bid to the extent it confirms the Red Tree bid is reasonably likely to close.

| | |
|---|---|
| OF COUNSEL: | /s/ Travis S. Hunter |
| | Raymond J. DiCamillo (#3188) |
| Robert L. Weigel | Jeffrey L. Moyer (#3309) |
| Jason W. Myatt | Travis S. Hunter (#5350) |
| Rahim Moloo | RICHARDS, LAYTON & FINGER, P.A. |
| GIBSON, DUNN & CRUTCHER LLP | One Rodney Square |
| 200 Park Avenue | 920 North King Street |
| New York, New York  10166 | Wilmington, Delaware  19801 |
| (212) 351-4000 | (302) 651-7700 |
| | dicamillo@rlf.com |
| | moyer@rlf.com |
| Miguel A. Estrada | hunter@rlf.com |
| Lucas C. Townsend | |
| Adam M. Smith | *Attorneys for Plaintiff* |
| GIBSON, DUNN & CRUTCHER LLP | |
| 1700 M Street, N.W. | |
| Washington, D.C.  20036 | |
| Tel:  (202) 955-8500 | |
| Fax:  (202) 467-0539 | |

Dated: March 24, 2025

3