## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CRYSTALLEX INTERNATIONAL CORP.,

     Plaintiff,

   v.

BOLIVARIAN REPUBLIC OF VENEZUELA,

     Defendant.

Misc. No. 17-151-LPS

### U.S. BANK NATIONAL ASSOCIATION'S RESERVATION OF RIGHTS IN RESPONSE TO NOTICE OF SPECIAL MASTER'S RECOMMENDATION OF STALKING HORSE

U.S. Bank National Association ("**U.S. Bank**"), not in its individual capacity, but solely in its capacity as successor indenture trustee (the "**Trustee**") under that certain Indenture dated as of October 28, 2016 (the "**Indenture**") pursuant to which the PDVSA 2020 Bonds were issued, by its undersigned attorneys, hereby respectfully submits this reservation of rights (this "**Reservation of Rights**") in response to the *Notice of Special Master's Recommendation of Stalking Horse* (the "**Recommendation**") [D.I. 1596].[1]

Under the Indenture, GLAS Americas LLC serves as Collateral Agent (not in its individual capacity, but solely in its capacity as collateral agent, the "**Collateral Agent**"),[2] and in that capacity is a party to that certain Pledge and Security Agreement, dated as of October 28, 2016 (the "**Pledge Agreement**"), in which, among other things, PDVH as Pledgor granted the CITGO Holding Pledge to secure the PDVSA 2020 Bonds as provided therein.

---

[1]    Capitalized terms used but not otherwise or immediately defined herein shall have the meanings ascribed to such terms in the Recommendation.

[2]    The Collateral Agent joins this Reservation of Rights as set forth in the joinder attached hereto.

The Trustee and the Collateral Agent are currently parties in a New York judicial proceeding captioned *Petróleos de Venezuela, S.A., et al.v. MUFG Union Bank, N.A., et al.*, No. 19 Civ. 10023 (KPF) (S.D.N.Y.) (the "**New York Action**") where they are currently being directed by holders of a majority of the outstanding principal amount of the PDVSA 2020 Bonds to, among other things, defend the validity of the PDVSA 2020 Bonds and the CITGO Holding Pledge and to pursue certain remedies on behalf of all PDVSA 2020 Bondholders with respect to the PDVSA 2020 Bonds and the CITGO Holding Pledge.

The Transaction Support Agreement filed on March 27, 2025 [D.I. 1627] (the "**TSA**") in support of Red Tree's bid for the PDVH Shares contemplates that the CITGO Holding Pledge would be released if Red Tree's bid is determined to be the winning bid by this Court. The TSA anticipates one or more directions would be made by the Consenting 2020 Noteholders (as defined in the TSA) to the Trustee and/or to the Collateral Agent in connection with the proposed release of the CITGO Holding Pledge, a stay of the New York Action or otherwise in furtherance of the transactions contemplated by the TSA and the Stalking Horse Agreement.

The rights and duties of the Trustee and the Collateral Agent with respect to the CITGO Holding Pledge are governed by the Indenture and the Pledge Agreement. The Trustee and the Collateral Agent are not parties to the Stalking Horse Agreement or the TSA. The Trustee files this Reservation of Rights in part to clarify that as a nonparty to the TSA and the Stalking Horse Agreement, it has not agreed to the terms of the TSA or the Stalking Horse Agreement and has not waived any rights or remedies under the Indenture or the Pledge Agreement. At this time, the Trustee and the Collateral Agent have not received or accepted a direction with respect to the TSA or the Stalking Horse Agreement. To the extent the Trustee and/or the Collateral Agent receives one or more formal requests or directions under the Indenture or the Pledge Agreement

with respect to the proposed release of the CITGO Holding Pledge, a stay of the New York Action or otherwise in furtherance of the transactions contemplated by the TSA and the Stalking Horse Agreement, the Trustee and the Collateral Agent (respectively and in their own discretion) will evaluate it in accordance with the requirements of the Indenture and the other Transaction Documents (as defined in the Indenture).

The Trustee expressly reserves the right to supplement this Reservation of Rights and to assert objections or requests for relief in connection with any hearing to consider approval of the Stalking Horse Agreement or any other transaction affecting the Indenture, the CITGO Holding Pledge or the New York Action. The Trustee does not waive, and expressly reserves, all rights and remedies at law or in equity that the Trustee, individually or in its capacity under the Indenture, has or may have in respect of the Stalking Horse Agreement, the Proposed Transaction, the TSA, the CITGO Holding Pledge, the Indenture and the other Transaction Documents.

Dated: March 31, 2025

Respectfully submitted,

*s/ Eric Lopez Schnabel*
Eric Lopez Schnabel (DE Bar No. 3672)
Alessandra Glorioso (DE Bar No. 5757)      Gary A. Brooks
DORSEY & WHITNEY (DELAWARE) LLP      Michelle M. McGreal
300 Delaware Avenue      CLIFFORD CHANCE LLP
Suite 1010      Two Manhattan West
Wilmington, Delaware 19801      375 Ninth Avenue
Telephone: 302-425-7171      New York, New York 10001-1696
Facsimile: 302-425-7177      Telephone: 212-878-8000
Email: schnabel.eric@dorsey.com      Facsimile: 212-878-8375
glorioso.alessandra@dorsey.com      Email: gary.brooks@cliffordchance.com
      michelle.mcgreal@cliffordchance.com

*Counsel for the Trustee*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP.,<br><br>                   Plaintiff,<br><br>        v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>                   Defendant. | Misc. No. 17-151-LPS |

**GLAS AMERICAS LLC'S JOINDER TO U.S. BANK NATIONAL ASSOCIATION'S RESERVATION OF RIGHTS IN RESPONSE TO NOTICE OF SPECIAL MASTER'S RECOMMENDATION OF STALKING HORSE**

GLAS Americas LLC, not in its individual capacity, but solely in its capacity as collateral agent (the "**Collateral Agent**") under the Indenture and the Pledge Agreement, respectfully submits this joinder to U.S. Bank National Association's *Reservation of Rights in Response to Notice of Special Master's Recommendation of Stalking Horse* (the "**Reservation of Rights**").[3] The Collateral Agent hereby expressly reserves the right to assert objections or requests for relief in connection with any hearing to consider approval of the Stalking Horse Agreement or any other transaction affecting the Indenture, the CITGO Holding Pledge or the New York Action. The Collateral Agent does not waive, and expressly reserves, all rights and remedies at law or in equity that the Collateral Agent, individually or in its capacity under the Indenture and the Pledge Agreement, has or may have in respect of the Stalking Horse Agreement, the Proposed Transaction, the TSA, the CITGO Holding Pledge, the Indenture and the other Transaction Documents.

---

[3]    Capitalized terms used but not otherwise or immediately defined herein shall have the meanings ascribed to such terms in the Reservation of Rights.

Dated:  March 31, 2025

Respectfully submitted,


<u>*s/ Mark. D. Kotwick*</u>


Mark D. Kotwick
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, NY 10004
Telephone: 212-574-1200
Facsimile: 212-480-8421
Email: kotwick@sewkis.com

*Counsel for the Collateral Agent*