IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP.,<br><br>Plaintiff,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>Defendant. | Misc. No. 17-151-LPS |

**HUNTINGTON INGALLS INCORPORATED'S RESPONSE
IN SUPPORT OF THE SPECIAL MASTER'S RECOMMENDATION
AND IN OPPOSITION TO THE OBJECTIONS**

Huntington Ingalls Incorporated ("Huntington") hereby submits this response in support of the Notice of Special Master's Recommendation of Stalking Horse (the "Recommendation") [D.I. 1596] and in opposition to the objections to the Recommendation (the "Objections") [D.I. 1635-40], and states as follows:

1. The Court should approve the Special Master's recommendation of Red Tree Investments, LLC ("Red Tree") as the stalking horse for the purchase of all of the shares of PDV Holding, Inc. (the "Proposed Transaction"). Huntington intends to participate in Red Tree's Proposed Transaction as set forth in Red Tree's bidding papers.

2. Huntington supports the Recommendation and the Special Master's determination that the Proposed Transaction, at this time, best satisfies both evaluation criteria: (i) purchase price; and (ii) certainty of closing.

3. More specifically, Huntington believes that the Proposed Transaction offers an attractive purchase price to commence the Topping Period while simultaneously providing the lowest execution risk. The Objections gloss over the lower execution risk and ask this Court to make its determination solely on purchase price.

4.    Further, the Objections effectively put the cart before the horse by assuming that the Proposed Transaction will be the winning bid even before the Special Master is provided the opportunity to move forward with the sale process and ultimately make a Final Recommendation. The Proposed Transaction is designed to establish a positive floor, which when combined with the limited termination fee proposed, and will not have a chilling effect on any future bidding in the upcoming Topping Period.

5.    Contrary to the assertions made in the Objections, and as set forth in the Recommendation, "nothing precludes the Special Master from recommending as a final Successful Bidder in his Final Recommendation a bid with a higher purchase price but a lesser degree of certainty of closing than the Proposed Transaction, even if that competing bid exists today." D.I. 1596 at ¶35.  As such, any purported "injustice" should be addressed at the time the Special Master makes his Final Recommendation.

6.    The Special Master was appointed by this Court to run the sale process and the Special Master should be allowed to do just that.  This Court has empowered the Special Master to recommend a stalking horse "at his sole discretion" employing Evaluation Criteria approved by the Court.  D.I. 481 ¶21; D.I. 1554 (approving Evaluation Criteria).  In that respect, the Special Master's determination is subject to an abuse of discretion standard of review.  *See* Fed. R. Civ. P. 53(f)(5); D.I. 277 at ¶12. The Special Master's judgment should not be second-guessed without good reason, which does not appear to exist here.

7. For all these reasons, the Recommendation should be approved, the Objections should be overruled, and the Special Master should be permitted to move forward with the sale process and the Topping Period.

Dated: April 3, 2025

GELLERT SEITZ BUSENKELL & BROWN, LLC

*/s/Michael Van Gorder*
Ronald S. Gellert (DE 4259)
Michael Van Gorder (DE 6214)
1201 N. Orange Street, Suite 300
Wilmington, DE 19801
Tel: (302) 425-5800
Fax: (302) 425-5814
rgellert@gsbblaw.com
mvangorder@gsbblaw.com

*Attorneys for Huntington Ingalls Incorporated*

3