IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | C.A. No. 17-mc-151-LPS |

**CRYSTALLEX INTERNATIONAL CORPORATION'S RESPONSE
TO OPENING SUBMISSIONS ON THE COURT'S QUESTIONS REGARDING
THE SPECIAL MASTER'S RECOMMENDATION OF STALKING HORSE**

OF COUNSEL:

Robert L. Weigel
Jason W. Myatt
Rahim Moloo
Zachary Kady
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York  10166
Tel:  (212) 351-4000
Fax:  (212) 351-4035

Miguel A. Estrada
Lucas C. Townsend
Adam M. Smith
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C.  20036
Tel:  (202) 955-8500
Fax:  (202) 467-0539

Dated:  April 11, 2025

Raymond J. DiCamillo (#3188)
Jeffrey L. Moyer (#3309)
Travis S. Hunter (#5350)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware  19801
Tel:  (302) 651-7700
Fax:  (302) 651-7701

*Attorneys for Plaintiff*

Pursuant to the Court's Order, D.I. 1668, Crystallex respectfully submits this response to the opening briefs[1] addressing the Court's questions regarding the Special Master's Notice of Recommendation of Stalking Horse, D.I. 1596.[2]

There is no merit to the Consortium and Venezuela Parties' primary contention that selecting Red Tree as the Stalking Horse would somehow "leave[] the parties and potential bidders with no objective guidance as to … what they need to do to top the Red Tree (or any other) bid." D.I. 1680, at 2 (Consortium); *see also* D.I. 1681, at 2 (Venezuela Parties asserting that they do not "know what criteria the Special Master will use to evaluate topping bids"). Indeed, any purported confusion is unique to the Consortium and Venezuela Parties. As explained by each of the Special Master, Conoco, and Crystallex, a bidder seeking to prevail during the Topping Period can either (i) submit a bid with a financing structure that is not conditioned on transactions below the PDVH level, thereby eliminating the risk of an adverse litigation outcome in the 2020 Bondholder litigation affecting the sale; (ii) reach a settlement with the 2020 Bondholders; or (iii) adequately explain an alternative process to deal with the threat that the 2020 Bondholders leverage their Pledge Agreement with PDVH and associated lien of 50.1% of CITGO Holding to block the sale and distribution of funds to creditors. *See* D.I. 1676, at 4-5 (Crystallex); D.I. 1678, at 1-2 (Conoco); D.I. 1679, at 1-2, 4 (Special Master). The Special Master has already made this "abundantly clear," and confirmed that the Gold Reserve Bid could be selected as the final purchaser if the Consortium "is able to improve the closing certainty of its bid or explain to the

---

[1] Opening submissions responding to the Court's questions were filed by: Red Tree, D.I. 1675, the Ad Hoc Group of 2020 Bondholders, D.I. 1677, ConocoPhillips, D.I. 1678, the Special Master, D.I. 1679, the Venezuela Parties, D.I. 1681, and identical submissions were filed by members of the Consortium behind the Gold Reserve Bid, D.I. 1680 and D.I. 1682.

[2] Capitalized terms used but not defined herein shall have the same meaning ascribed to them in Crystallex's April 3, 2025 Response to Objections to Stalking Horse Recommendation, D.I. 1658.

Special Master's satisfaction how it will be able to close the transaction should the PDVSA 2020 Bondholders succeed in their litigation." D.I. 1679, at 6 (citing Stalking Horse Recommendation, D.I. 1596, ¶ 5) (Special Master).[3] To date, they have failed to do so. *Id.* at 4 n.2.

The infirmity of the Consortium and Venezuela Parties' position is confirmed by their attempt to elide the importance of closing certainty. *See* D.I. 1681, at 1-2 (Venezuela Parties arguing that the criteria at the Stalking Horse and Topping Period stage "should be the right criteria, namely, the maximization of value"); D.I. 1680, at 2-3 (Consortium arguing that a bid with a lower headline value cannot provide the greatest benefit to Attached Judgment Creditors). Again, the Special Master, Conoco, and Crystallex each explain that the closing risk created by the Gold Reserve Bid's financing structure is critical precisely because it is binary. Creditors would receive the headline value of the Gold Reserve Bid only if all goes well, but the bid's structure creates an unnecessary risk that the sale could fall apart for reasons outside the control of the Special Master and this Court. Should the Consortium fail to close, the Attached Judgment Creditors would be left with nothing, and this proceeding would be forced into yet another auction process to sell a vastly devalued asset. *See* D.I. 1676, at 3 (Crystallex); *see also* D.I. 1679, at 3 (Special Master); D.I. 1678, at 1 (Conoco). A sale that fails to close not only provides no value to the Attached Judgment Creditors, it also harms the Venezuela Parties by failing to satisfy even a portion of their outstanding judgments (and in fact increases the amount owed to creditors in interest and to cover the costs of this Court's Sale Process). Thus, maximum value for the PDVH

---

[3] To be clear, it would be improper if the Special Master were to give weight to *the value* that a settlement provides to the 2020 Bondholders, as the Consortium suggests. *See* D.I. 1682, at 2. But the Consortium attacks a strawman—there is no evidence on the record or in the Special Master's filings suggesting that a bidder could prevail by competing on the value of consideration offered to the 2020 Bondholders. Rather, the 2020 Bondholders are only relevant to the extent a bid includes conditionality that creates a risk to closing due to the 2020 Bondholders' claimed lien on 50.1% of the shares of CITGO Holding.

Shares is achieved by selecting a bid that combines headline value with "a high degree of closing certainty." D.I. 1679, at 4 (Special Master). That requires bidders, not the Attached Judgment Creditors, to bear known risks, such as the possibility that the 2020 Bondholders succeed in their pending litigation. *Id.*

The Consortium and Venezuela Parties' opening briefs merely recycle meritless arguments that ignore the Court's directive that the Special Master take into account both headline value and closing certainty when selecting a Stalking Horse and, later, a winning bid. Crystallex therefore reiterates the views expressed in its opening brief, D.I. 1676, and respectfully submits that the Red Tree bid should be confirmed as the Stalking Horse bid.

| | |
|---|---|
| OF COUNSEL: | */s/ Travis S. Hunter* |
| | Raymond J. DiCamillo (#3188) |
| Robert L. Weigel | Jeffrey L. Moyer (#3309) |
| Jason W. Myatt | Travis S. Hunter (#5350) |
| Rahim Moloo | RICHARDS, LAYTON & FINGER, P.A. |
| Zachary Kady | One Rodney Square |
| GIBSON, DUNN & CRUTCHER LLP | 920 North King Street |
| 200 Park Avenue | Wilmington, Delaware 19801 |
| New York, New York 10166 | (302) 651-7700 |
| (212) 351-4000 | dicamillo@rlf.com |
| | moyer@rlf.com |
| | hunter@rlf.com |
| Miguel A. Estrada | |
| Lucas C. Townsend | *Attorneys for Plaintiff* |
| Adam M. Smith | |
| GIBSON, DUNN & CRUTCHER LLP | |
| 1700 M Street, N.W. | |
| Washington, D.C. 20036 | |
| Tel: (202) 955-8500 | |
| Fax: (202) 467-0539 | |

Dated: April 11, 2025

3