IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>    Defendant. | C.A. No. 17-mc-151-LPS |

**CRYSTALLEX INTERNATIONAL CORPORATION'S RESPONSE TO
CITGO PETROLEUM CORPORATION AND PDVH'S MOTION TO COMPEL**

OF COUNSEL:

Robert L. Weigel
Jason W. Myatt
Rahim Moloo
Zachary Kady
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York  10166
Tel:  (212) 351-4000
Fax:  (212) 351-4035

Miguel A. Estrada
Lucas C. Townsend
Adam M. Smith
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C.  20036
Tel:  (202) 955-8500
Fax:  (202) 467-0539

Dated:  April 11, 2025

Raymond J. DiCamillo (#3188)
Jeffrey L. Moyer (#3309)
Travis S. Hunter (#5350)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware  19801
Tel:  (302) 651-7700
Fax:  (302) 651-7701

*Attorneys for Plaintiff*

Pursuant to the Court's Order, D.I. 1669, Crystallex respectfully submits this Response to CITGO Petroleum Corporation and PDV Holding, Inc.'s Motion to Compel (D.I. 1663).

CITGO and PDVH's motion to compel asks this Court to order the Special Master, who is serving as a judicial officer and arm of this Court, to produce documents and communications relating to his internal consideration of alternatives to the sale procedures that this Court adopted in an October 2022 order. This Court should deny this extraordinary and meritless request. Despite the Special Master's status as an agent of this Court entitled to judicial immunity, CITGO and PDVH have moved this Court to compel the Special Master to comply with discovery requests served pursuant to Federal Rules of Civil Procedure 26 and 34, which authorize discovery from *parties*, not the Court or its surrogates. Just as it would be entirely improper for CITGO and PDVH to demand disclosure of the internal decision-making of this Court, it is likewise improper for them to demand such disclosure from the Special Master, and courts refuse to permit parties to engage in such inquiries.

Even if discovery into the Special Master's internal decision-making process were available to CITGO and PDVH, the discovery requested in their motion to compel is improper and unnecessary at this stage of the case because it is designed to relitigate this Court's decision to enter the Sale Procedures Order. That issue has been settled for over two and a half years; this Court, the Special Master, and the parties have invested significant time and resources implementing this Court's sale process; and CITGO and PDVH had multiple opportunities to object to the sale process recommended by the Special Master and ordered by this Court. To the extent they believe that the Special Master did not adequately explain his decision to recommend the process he did, or that this Court's decision to adopt his recommendation was not sufficiently reasoned, they may seek to raise those challenges to the sale process in an appeal from this Court's

1

final Sale Order. Their dissatisfaction with this Court's sale process provides no basis to authorize discovery designed to challenge the very validity of this years-long sale process at the Sale Hearing, at which this Court will not be considering whether to scrap the sale process it has been implementing for years but whether to approve the Special Master's recommended sale transaction.

**I.      CITGO And PDVH Have No Right To Compel Discovery Of The Special Master's Internal Decision-making Process**

"A special master has the duties and obligations of a judicial officer." *Lister v. Comm'rs Ct.*, 566 F.2d 490, 493 (5th Cir. 1978); *see In re Gilbert*, 276 U.S. 6, 9 (1928) (a person who "accept[s] appointment as master … assume[s] the duties and obligations of a judicial officer"); *People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 111 F.3d 528, 540 (7th Cir. 1997) ("a special master is an ad hoc judicial officer"); *Cordoza v. Pac. States Steel Corp.*, 320 F.3d 989, 995 (9th Cir. 2003) ("[a] special master is a 'surrogate' of the court"). Special masters "are arms of the court" entitled to judicial immunity who "deserve protection from harassment by disappointed litigants, just as judges do." *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009); *see Wallace v. Abell*, 217 F. App'x 124, 126-27 (3d Cir. 2007) (holding that a special master "is shielded from suit for the performance of judicial acts").

Accordingly, when this Court appointed the Special Master, it found that "the Special Master, in effectuating his Court-appointed duties, is acting pursuant to Federal Rule of Civil Procedure 53 and, thus, as an arm of the Court." D.I. 277, at 9. This Court further ordered that "[t]he Special Master is entitled to judicial immunity in performing his duties as authorized by the orders of this Court" and that "[t]he Special Master's Counsel and Advisors are entitled to judicial immunity in performing services at the direction of the Special Master within the scope of this Order or a Court-approved engagement." *Id.* at 10.

2

Yet, notwithstanding the Special Master's "special place in court proceedings" as an agent of the Court, *Rohrbough v. Harris*, 549 F.3d 1313, 1318 (10th Cir. 2008), CITGO and PDVH have asked this Court to compel the Special Master to comply with a request for production they purported to serve on him "[p]ursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure," D.I. 1663-4, at 2. But those rules authorize discovery requests to be served only "on any other *party*." Fed. R. Civ. P. 34(a) (emphasis added). They do not permit CITGO and PDVH to propound discovery requests on this Court or on its appointed officers, such as the Special Master.

Courts have therefore repeatedly refused to allow parties to obtain discovery into special masters' decision-making processes like that sought by CITGO and PDVH. When the State of Louisiana sought discovery into the bases for a special master's recommendation, the Fifth Circuit held that, because the special master "was performing a quasi-judicial function," any "examination of her mental processes in making that recommendation would have been inappropriate and the magistrate and district court correctly prevented such." *Gary W. v. Louisiana*, 861 F.2d 1366, 1369 (5th Cir. 1988). Similarly, the Southern District of Illinois refused to permit a party to obtain discovery into the bases for a special master's recommendations, holding that the "Special Master is not subject to discovery of his mental processes" and "[j]ust as the Plaintiff is not entitled to inspect the Court's records, she is not entitled to inspect the records of the Special Master." *Alford v. Aaron Rents, Inc.*, 2010 WL 3522804, at *2 (S.D. Ill. Sept. 2, 2010); *see Johnson v. Smithkline Beecham Corp.*, 2016 WL 4426164, at *17 (E.D. Pa. Aug. 10, 2016) (noting that "seeking discovery into the internal workings of an office of the Court … was excoriated in *Alford*"). And the District for the District of Columbia refused to permit "the extreme step of authorizing discovery" from a special master, emphasizing that it knew "of no case in which a court has authorized discovery to be taken upon judicial officers" and that "courts that have considered the

3

issue have refused to permit discovery to be taken upon special masters." *Cobell v. Norton*, 237 F. Supp. 2d 71, 100-102 (D.D.C. 2003); *see McCoy v. Belmont*, 1999 WL 33117446, at *1-2 (D. Conn. Aug. 9, 1999) (refusing to "permit plaintiff to depose the Special Master or serve discovery requests on him" because the special master "serves in a judicial capacity and it is inappropriate to subject him to an examination of his mental processes"). Just as it is improper to allow a litigant "to question law clerks of United States Judges and/or the United States Judges themselves with regard to their conduct in their determination of judicial decisions or their reasons for those decisions," it is not proper to allow a party discovery into the decision-making processes of a special master. *Terrazas v. Slagle*, 142 F.R.D. 136, 140 (W.D. Tex. 1992).

Granting the motion to compel discovery from the Special Master would establish a terrible precedent and incentivize more discovery of this sort. But party discovery is not a tool to backfill the record on Special Master recommendations and Court decisions years after the fact. Because discovery into the internal decision-making processes of the Court and its officers regarding the recommendation and adoption of the Sale Procedures Order is neither available nor appropriate, CITGO and PDVH's motion to compel must be denied.

## II. CITGO And PDVH Should Not Be Permitted To Relitigate This Court's Sale Procedures Order

This Court should also deny CITGO and PDVH's motion to compel for the additional and independent reason that their requested discovery is designed to relitigate this Court's decision to establish the procedures for the sale of the PDVH Shares in October 2022. *See* D.I. 481. That issue has been settled for two and a half years, and this Court, the Special Master, the Sale Process Parties, and the Additional Judgment Creditors have invested significant time and resources into implementing the Sale Procedures Order. It is far too late to permit CITGO and PDVH to fight a rearguard action against this Court's decision to adopt the Sale Procedures Order by compelling

4

the Special Master to disclose information concerning his "consideration of alternatives to the process for the sale of the PDVH stock … ordered by the Court." D.I. 1663-4, at 5. Moreover, to the extent the Venezuela Parties remain dissatisfied with this Court's sale process, they have always had the opportunity to pay judgment creditors what they are owed and "avoid the sale process altogether." D.I. 234, at 37.

While CITGO and PDVH may disagree with this Court's conclusion that the sale process it adopted is consistent with Delaware law, D.I. 1663, at 3-5, that provides no basis for this Court to effectively permit the Venezuela Parties to renew their long-resolved objections to the sale process by compelling the Special Master to produce information relating to his consideration of alternative procedures. The Special Master's reasons for recommending the sale process he did, as well as his responses to CITGO and PDVH's objections that he should have recommended a different process, have been set forth in filings on this Court's docket. D.I. 303 (Special Master's report and recommendation regarding proposed Sale Procedures Order); D.I. 341, at 14-15 (Special Master responding to CITGO and PDVH's objection that he should have considered alternative procedures). So too are this Court's reasons for adopting the Special Master's recommended Sale Procedures Order and for overruling CITGO and PDVH's objections. *See, e.g.*, D.I. 481, at 6-7; D.I. 469, at 2.

To the extent CITGO and PDVH believe that the Special Master's filings did not describe his consideration of alternatives in sufficient detail, or that this Court's orders lacked sufficient reasoning, they could have objected at the time. And they could have an opportunity to raise such challenges to the sale process on appeal from the final Sale Order, assuming of course that such objections were adequately preserved and have not been waived or forfeited. CITGO and PDVH may not, however, seek to expand the already-established record on issues litigated, considered,

5

and decided long ago by compelling disclosure of the Special Master's internal decision-making process.

CITGO and PDVH are wrong in suggesting (at 1-2) that this Court has already authorized the requested discovery when it permitted any party to "obtain *limited discovery* that is relevant to whether the Court should approve the bid the Special Master recommends to the Court as his Final Recommendation and is proportional to the needs of the case." D.I. 1517, ¶ 29 (emphasis added). The Court gave the parties an opportunity to obtain disclosure of only information relevant to this Court's consideration of "the Special Master's recommendation as to which bid is best and whether the Court should accept or reject such bid" at the Sale Hearing in accord with the Sale Procedures Order. D.I. 481, at 20. This Court did not permit discovery into information relevant to whether the sale process should be jettisoned on the eve of the sale in favor of some alternative process. Nor did the Court rule that it was permitting discovery into any of the Special Master's "mental processes in making [his] recommendation[s]" or, indeed, make any ruling as to what—if any—information revealing the Special Master's internal decision-making might be discoverable. *Gary W.*, 861 F.2d at 1369. Moreover, given that this Court's decision to adopt the sale process is well-settled, and the parties have invested significant time and resources in implementing that sale process, the discovery requested by CITGO and PDVH cannot possibly be said to be "proportional to the needs of the case." D.I. 1517, ¶ 29.

*     *     *

For these reasons, this Court should deny CITGO and PDVH's motion to compel.

| OF COUNSEL: | /s/ Travis S. Hunter |
|---|---|
| | Raymond J. DiCamillo (#3188) |
| Robert L. Weigel | Jeffrey L. Moyer (#3309) |
| Jason W. Myatt | Travis S. Hunter (#5350) |
| Rahim Moloo | RICHARDS, LAYTON & FINGER, P.A. |
| Zachary Kady | One Rodney Square |
| GIBSON, DUNN & CRUTCHER LLP | 920 North King Street |
| 200 Park Avenue | Wilmington, Delaware 19801 |
| New York, New York 10166 | (302) 651-7700 |
| (212) 351-4000 | dicamillo@rlf.com |
| | moyer@rlf.com |
| Miguel A. Estrada | hunter@rlf.com |
| Lucas C. Townsend | |
| Adam M. Smith | *Attorneys for Plaintiff* |
| GIBSON, DUNN & CRUTCHER LLP | |
| 1700 M Street, N.W. | |
| Washington, D.C. 20036 | |
| Tel: (202) 955-8500 | |
| Fax: (202) 467-0539 | |

Dated: April 11, 2025