# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION,<br><br>        Plaintiff,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>        Defendant. | Case No. 17-mc-151-LPS |

**RED TREE INVESTMENTS, LLC'S REPLY BRIEF IN RESPONSE TO THE COURT'S QUESTIONS REGARDING THE STALKING HORSE RECOMMENDATION**

In recommending Red Tree as Stalking Horse, the Special Master used his good-faith, expert judgment to determine that, under the Evaluation Criteria approved by the Court, Red Tree's bid is the best-placed to encourage a robust Topping Period.  D.I. 1596.  By resolving the 2020s Bondholders' claims now, Red Tree offers to pay as many creditors as possible through a transaction that can actually close.  *See id.*  The Special Master's recommendation enjoys broad support from the Sales Process Parties and Additional Judgment Creditors.  D.I. 1657 (HII), 1659 (ConocoPhillips), 1676 (Crystallex), 1689 (ACL & OIEG).

None of the objectors' responsive briefs offer a reason to disturb the Special Master's choice.  The Gold Reserve consortium and the Venezuela Parties do not meaningfully challenge the risk that the 2020 Bondholders could enjoin Gold Reserve's bid.  *See* D.I. 1696 (GR Br.) at 2; 1697 (VZ Br.) at 2-3.  Gold Reserve refuses to explain how its bid can close despite the 2020 Bondholders' lien on CITGO Holdings and contractual rights under the Pledge Agreement.  *See* GR Br. at 3.  In fact, Gold Reserve admits that its bid depends on "usi[ng] CITGO assets" (*i.e.*, loading CITGO with $4.5 billion in debt) and does not dispute that its financing is conditioned on the 2020 Bondholders' litigation.  *See* Crystallex Br. 2-3.  Notably, Gold Reserve does not challenge Red Tree's request that the Special Master file Gold Reserve's financing commitment letters on the public docket.  *Cf.* D.I. 1675 at 2; D.I. 1688 at 1.

The consortium's arguments for disregarding the 2020 Bonds claims are meritless.  While Gold Reserve protests that it will only issue CITGO debt "<u>post-Closing</u>," GR Br. 3, that ignores that closing would require a merger with CITGO Petroleum that the 2020 Bondholders could block, D.I. 1658 at 3.  Contrary to Gold Reserve's claims, GR Br. 3 & n.3, the Court did not

"permit[ ]" it to close in violation of the 2020s' Pledge.[1]  *See* D.I. 1554 at 16.  And even if Gold Reserve *could* close in that scenario, it does not explain how it would have funds to close, given that its financing depends on the 2020s litigation.  That Gold Reserve has put up a $50 million deposit, less than 1% of its bid, will not cure those problems.  *Cf.* GR Br. 3-4.

By contrast, the objectors' attacks on the Special Master's judgment rehash prior briefing.  Like Gold Reserve's argument that the 2020 Bondholders' litigation risks should be valued at zero, Rusoro's and Koch's arguments that the Special Master must disregard those risks defy the Evaluation Criteria directing him to consider "conditionality . . . with respect to the 2020 Bonds."  *Compare* GR Br. 2, D.I. 1690 (Rusoro Br.) at 2-3, *and* D.I. 1695 (Koch Br.) at 3 *with* D.I. 1528-3 at 2.  The Venezuela Parties' insistence that the Special Master has made the 2020s Bonds his "sole concern," VZ Br. at 4-5, does not address what he actually said.  *See, e.g.*, D.I. 1596 at 12.  And unfounded accusations that the Special Master ceded control to the 2020 Bondholders, Koch Br. 1-4; Rusoro Br. 3-4; GR Br. 1, are belied by the multiple options bidders have to buy the PDVH shares without violating the Pledge Agreement.

By contrast, the objectors' attacks on Red Tree are baseless.  Venezuela cites nothing for its claim that Red Tree "threatened" the Special Master. VZ Br. 4.  Koch and Venezuela also have no basis for asserting that Red Tree and Contrarian have a "chokehold" on a 2020s settlement.  Koch Br. 3 & n.5; *see* D.I. 1688 at 3-4.  And claims that Red Tree's settlement "divert[s]" value to the 2020 Bondholders, *see, e.g.*, Koch Br. 3-4, Rusoro Br. 3-4, ignore both the 2020 Bondholders' rights under the Pledge Agreement and the 30% discount the 2020 Bondholders agreed to, *see* D.I. 1661 at 3; D.I. 1675 at 2 & ex. A).  The Court should overrule the objections and

---

[1] In fact, the Special Master stated without objection at the December 13 hearing that "material SPA terms . . . should ***not*** [impair] the 2020's rights." D.I. 1507 at 126:21-23 (emphasis added); *see id.* 95:3-12.

2

approve the recommendation of Red Tree as Stalking Horse.

| | |
|---|---|
| Dated: April 12, 2025 | */s/ Jennifer L. Cree*<br>Rebecca L. Butcher (#3816)<br>Jennifer L. Cree (#5919)<br>LANDIS RATH & COBB LLP<br>919 Market Street, Suite 1800<br>Wilmington, DE  19801<br>Tel.: (302) 467-4400<br>butcher@lrclaw.com<br>cree@lrclaw.com<br><br>Steven F. Molo (*pro hac vice*)<br>Justin M. Ellis (*pro hac vice*)<br>Mark W. Kelley (*pro hac vice*)<br>MOLOLAMKEN LLP<br>430 Park Avenue, 6th Floor<br>New York, NY  10022<br>Tel.: (212) 607-8170<br>smolo@mololamken.com<br>jellis@mololamken.com<br>mkelley@mololamken.com<br><br>*Counsel for Red Tree Investments, LLC* |