# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION,<br><br>          Plaintiff,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>          Defendant. | Case No. 17-mc-151-LPS |
| RUSORO MINING LTD.,<br><br>          Plaintiff,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>          Defendant. | Case No. 21-mc-481-LPS |
| KOCH MINERALS SARL and KOCH NITROGEN INTERNATIONAL SARL,<br><br>          Plaintiffs,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>          Defendant. | Case No. 22-mc-156-LPS |
| GOLD RESERVE INC.,<br><br>          Plaintiff,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>          Defendant. | Case No. 22-mc-453-LPS |

## RUSORO'S REPLY BRIEF ON QUESTIONS IN APRIL 5, 2025 ORAL ORDER

Rusoro, Gold Reserve and Koch respectfully submit this reply brief on the answers to the Court's April 5, 2025 Oral Order.

**Response to Question 3**: Red Tree and Crystallex continue to claim that applying differential criteria in the Topping Period is appropriate because it is "perfectly clear" what bidders must do to top Red Tree. D.I. 1688 at 2; D.I. 1692 at 1. As a matter of first principles, there is no adequate justification to apply differential criteria in the first place. The fact that the criteria are "perfectly clear," which they are not, is a secondary issue. As previously explained in the Consortium's opening statement, the reason this Court spent months working on revised Evaluation Criteria was to remove as much subjectivity from the bid evaluation process as possible. D.I. 1680 at 2. Yet the Recommendation favoring the Red Tree Bid offers "no precise formula as to the weight applied to each factor" D.I. 1679 at 3, and compounds the fundamental problem that the primary, if not the sole, criterion at the heart of the Recommendation is the deal being offered to the 2020 Bondholders. Semantics and wordsmithing aside, it is clear that the Recommendation was made based on the deal that Red Tree has sought with the 2020 Bondholders, which is **precisely** what the Court instructed not occur.

First, the guidance as to price is flawed. The goal of the Topping Period should not be to top the **Red Tree Bid**, but rather to top the highest-existing bid, the Consortium's Bid.[1] This decision to peg the target at Red Tree's level unquestionably depresses the market by suggesting

---

[1] Perhaps the Special Master prefers to require bidders to top the Red Tree Bid because, as he has conceded in his opening brief, none of the other bids he received came close to offering the same value as the Consortium Bid and he predicts that even in the Topping Period, other bids "would be unlikely to top the Gold Reserve Bid." D.I. 1679 at 4-5. However, that is not in line with either the animating purpose of this Sale Process or Delaware law, both of which presumptively dictate that the highest bid should prevail. 8 Del. C. § 324(a).

that the Consortium Bid is not feasible – itself a false proposition – and gives potential Topping Bidders no reason to view the Consortium Bid as the mark to beat, whether with or without a deal with the 2020 Bondholders. Positioning the auction in this way puts the 2020 Bondholders in control of this process and ignores this Court's clearly-expressed preferences.[2]

Second, as to certainty, the Special Master purports to offer guidance on how to formulate a bid that accounts for the 2020 Bondholders litigation risk while conceding that his assessment of that risk is "arbitrary at best", contains "little, if any certainty", and is "difficult to predict." D.I. 1660 at 4-5. Only one of these two positions can be correct: either the 2020 Bondholders litigation risk is clear and quantifiable such that it justifies selecting Red Tree as the Stalking Horse and taking a $3.382 billion price reduction, or the risk is so arbitrary, uncertain and difficult that it was improper to weigh it at all. And while Red Tree (D.I. 1688 at 2) and Crystallex (D.I. 1692 at 2) criticize the Consortium's Bid for lack of closing certainty, they simply fail to acknowledge that Red Tree's Bid also contains uncertainty – and considerably **more risk** from other potential objectors than the Consortium Bid – but delivers half the value. D.I. 1596 at 17-18. Closing certainty can present a rabbit hole for any bid, but the fact remains that the Consortium's Bid of $7.081 billion offers nearly double the value of Red Tree's Bid of $3.699 billion, will deliver greater value to more AJCs, and contains no contingencies with regard to the outcome of the 2020 Bondholders litigation.

---

[2] Rusoro submits that it beggars imagination why the Special Master would not have selected the Consortium Bid and note that topping bidders could top that bid through a combination of improvements, including a resolution with the 2020 Bondholders; this would have set the market correctly, while incentivizing the 2020 Bondholders to work with topping bidders to get a deal, instead of building the Stalking Horse Recommendation around the 2020 Bondholders and setting a (very high) floor for a 2020 Bondholders deal that puts them in control of the process.

Dated: April 12, 2025

Respectfully submitted,

| | |
|---|---|
| **DLA Piper LLP (US)**<br><br>By: /s/ R. Craig Martin<br>R. Craig Martin (#005032)<br>1201 North Market Street<br>Suite 2100<br>Wilmington, DE 19801<br>Telephone: 302-468-5655<br>Fax: 302-778-7834<br>craig.martin@us.dlapiper.com<br><br> - and -<br><br>James E. Berger (*pro hac vice*)<br>Charlene C. Sun (*pro hac vice*)<br>Joshua S. Wan (*pro hac vice*)<br>1251 Avenue of the Americas<br>New York, NY 10020<br>Telephone: 212-335-4715<br>Fax: 212-884-8715<br>James.berger@us.dlapiper.com<br>Charlene.sun@us.dlapiper.com<br>Joshua.wan@us.dlapiper.com<br><br>*Attorneys for Rusoro Mining Ltd.* | |