## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION, | |
| Plaintiff, | |
| v. | Case No. 1:17-mc-00151-LPS |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | |
| Defendant. | |

## <u>CONOCOPHILLIPS' REPLY TO RESPONSES TO APRIL 5 ORDER</u>

Sale Process Parties Phillips Petroleum Company Venezuela Limited, ConocoPhillips Petrozuata B.V., ConocoPhillips Gulf of Paria B.V., and ConocoPhillips Hamaca B.V. (Plaintiffs in Cases No. 19-mc-00342-LPS, No. 22-mc-00264-LPS, and No. 22-mc-00464-LPS) ("ConocoPhillips") respectfully submit this reply to the various responses to Court's Oral Order dated April 5, 2025 (D.I. 1668):

## <u>REPLY</u>

The issue the parties are debating in their various filings boils down to a common problem in intercreditor disputes: how to balance the rights of senior creditors and junior creditors in foreclosure and bankruptcy sales. Junior creditors—especially out-of-the-money junior creditors—are willing to take more risk because a risky result panning out is likely the only way they will see a return. Senior creditors are understandably more risk averse—they do not want to jeopardize a more certain recovery so that junior creditors, who have nothing to lose, can play out an option.

The Gold Reserve Consortium's significantly higher face-value bid is reliant on financing that is predicated on defeating the 2020 Bondholders in litigation. It thereby places maximum risk on the senior creditors while placing no risk on the Consortium's constituents (junior creditors who would otherwise be out-of-the-money). It is not meaningfully disputed that (1) the Consortium's commitment to close is wholly reliant on being able to obtain their financing; (2) Gold Reserve has not yet proposed a workaround structure to address the possibility that the proposed financing structure cannot be implemented; and (3) failure to close will cost the Consortium essentially nothing, but the cost of further delay in receiving payment, and other attendant risks, such as CITGO declining in value, will be borne entirely by creditors higher in the waterfall.

The responses from the Venezuela Parties and the Consortium fail to ameliorate those concerns. For example, Gold Reserve's argument that the 2020 Bondholders are irrelevant because the Court has already determined that winning bidders can use CITGO assets in any way they wish without reference to pre-existing encumbrances is meritless (D.I. 1696 at 3); the Court has made it abundantly clear that it is not selling PDVH's subsidiaries free-and-clear of any encumbrances which may exist. The arguments from multiple parties that accepting a lower bid predicated on a less-risky financing structure instead of a higher bid predicated on riskier financing, with no back-up plan, would be fundamentally unjust or amount to a conscience-shocking result is likewise misplaced (particularly at the stalking-horse stage); the Special Master can rationally make a decision that it would be fundamentally unjust to impose substantial risk on the senior creditors who have been trying to collect on their judgments for decades without compensation if things do not go according to plan. And the contention that making a good-faith deposit of $50 million obviates all concerns about ability to close in the event financing conditions cannot be met is contrary to the Evaluation Criteria (D.I. 1696 at 4.)

There are strong disagreements about the merits of the 2020 Bondholders' litigation position and their purported ability to block aspects of the proposed financing structure. The Special Master rationally chose to resolve that disagreement at this stage in a way that avoids placing the downside risks entirely on creditors higher in the waterfall solely for the benefit of junior creditors. ConocoPhillips has proposed a number of potential workaround solutions, which even Red Tree has endorsed (D.I. 1688 at 4 n.1). The Gold Reserve Consortium should be encouraged to explain how it will be able to close if it is the winning bidder in all scenarios.

Respectfully submitted,

ROSS ARONSTAM & MORITZ LLP

*Of Counsel*:

/s/ Garrett B. Moritz
_____

Garrett B. Moritz (Bar No. 5646)

Michael S. Kim

Elizabeth M. Taylor (Bar No. 6468)

Marcus J. Green

1313 North Market Street, Suite 1001

Josef M. Klazen

Wilmington, Delaware 19801

Lydia L. Halpern

(302) 576-1600

KOBRE & KIM LLP

gmoritz@ramllp.com

800 Third Avenue

etaylor@ramllp.com

New York, New York 10022

(212) 488-1200

michael.kim@kobrekim.com

*Attorneys for Phillips Petroleum Company*

marcus.green@kobrekim.com

*Venezuela Limited, ConocoPhillips*

jef.klazen@kobrekim.com

*Petrozuata B.V., ConocoPhillips Gulf of*

lydia.halpern@kobrekim.com

*Paria B.V., and ConocoPhillips Hamaca B.V.*

Richard G. Mason

Amy R. Wolf

Michael H. Cassel

WACHTELL, LIPTON, ROSEN
  & KATZ

51 West 52nd Street

New York, New York 10019

(212) 403-1000

RGMason@wlrk.com

ARWolf@wlrk.com

MHCassel@wlrk.com

Dated: April 12, 2025