# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Misc. No. 17-151-LPS |
| | ) |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | ) |
| | ) |
| Defendant. | ) |

## SPECIAL MASTER'S REPLY BRIEF ON QUESTIONS REGARDING THE STALKING HORSE RECOMMENDATION

OF COUNSEL:

Matthew S. Barr (Admitted *pro hac vice*)
David Lender (Admitted *pro hac vice*)
Jared R. Friedmann (Admitted *pro hac vice*)
Chase A. Bentley (Admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Matt.Barr@weil.com
David.Lender@weil.com
Jared.Friedmann@weil.com
Chase.Bentley@weil.com

Myron T. Steele (#0002)
Matthew F. Davis (#4696)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
msteele@potteranderson.com
mdavis@potteranderson.com
bpalapura@potteranderson.com

*Counsel for Special Master Robert B. Pincus*

Dated: April 12, 2025
12172559 / 21202.00001

Robert B. Pincus, in his capacity as Special Master,[1] respectfully submits this reply regarding the questions raised in the Court's April 5, 2025 Oral Order. *See* D.I. 1668.

The Special Master provided his responses to the Court's questions and explained the reasoning behind his recommendation of Red Tree as the Stalking Horse bid in his opening brief. D.I. 1679. Although several of the subsequent submissions mischaracterize the Special Master's responses and reasoning, the Special Master does not endeavor to respond to all of those assertions here. But a few points warrant clarification and correction prior to the hearing.

*First*, the Special Master rejects the Gold Reserve Consortium's suggestion that Red Tree made its settlement with the PDVSA 2020 Bondholders a "condition" of its bid in violation of the Evaluation Criteria. D.I. 1695 at 2. The Special Master reads the SPA as requiring Red Tree to attempt to close up to the Outside Date even if the TSA falls away.[2]

*Second*, the Special Master rejects the Consortium's suggestion that the Special Master would only recommend the Gold Reserve Bid if it is "improved through, in substance, a settlement with the 2020 Bondholders." *Id.* The Special Master suggested other ways bidders can address the closing risks associated with the PDVSA 2020 Bondholder litigation, including: (1) proposing alternative financing structures; or (2) explaining "how their proposed transactions and accompanying financing will close regardless of the outcome of the litigation." D.I. 1679 at 4.

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in D.I. 481 (the "**Sale Procedures Order**") or D.I. 1596 (the "**Stalking Horse Rec.**").

[2] This scenario is no different than one where Gold Reserve's financing falls apart in the face of an S.D.N.Y. decision in favor of the 2020s, but the Gold Reserve Consortium claims Red Tree conditions their deal on the 2020s, whereas Gold Reserve does not. Gold Reserve's portrayal of the bids' respective obligations to close is inconsistent and incorrect. Should Red Tree's TSA terminate, or likewise the Gold Reserve commitment letters terminate, both parties would be left in the same position—they are obligated to attempt to close *until the Outside Date*. Thereafter, the buyer can terminate the SPA and walk away. The reality is that the existence of the TSA materially reduces the counterparty's risk of not closing.

The Special Master also disagrees with the Consortium's assertion that selecting Red Tree as the Stalking Horse will lead to "a 30-day mad dash" in which bidders must "make the best possible deal [with] the 2020 Bondholders." D.I. 1695 at 3. Bidders have been free to negotiate with the PDVSA 2020 Bondholders throughout the process, so any rush to negotiate is of their own making, and a settlement is not the only way for a bid to achieve closing certainty.

*Third*, the Consortium quotes the wrong provision of the TSA to argue that the only way bidders can settle with the PDVSA 2020 Bondholders during the topping period is if they offer "financial terms and conditions on par with or more favorable to the 2020 Notes than the financial terms" in the TSA. *Id.* (citation omitted). That requirement applies only *after* the Topping Period. D.I. 1627-1 § 3.2(c). As Red Tree and the PDVSA 2020 Bondholders both confirmed, the TSA signatories can agree to *any* settlement terms with other bidders during the Topping Period. D.I. 1675 at 6; D.I. 1661 at 3.[3]

*Fourth*, the Consortium mischaracterizes its own financing structure when it asserts that it would only "use CITGO assets post-Closing." D.I. 1696 at 3. The Consortium's assertions that its financing structure is superior to Red Tree's cannot fairly be considered unless it first makes its financing papers available to the Court, which to date it has chosen not to do.

*Fifth*, the Consortium argues that Gold Reserve is obligated to close under the Consortium's SPA irrespective of "the outcome of the 2020 Bondholder litigation." D.I. 1696 at 4. However, if the PDVSA 2020 Bondholders can block the Consortium from satisfying the financing conditions, the financing sources will not be required to fund.

---

[3] The Special Master also believes additional briefing and discovery concerning the TSA, as proposed by Gold Reserve, would be a waste of time and resources.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | POTTER ANDERSON & CORROON LLP |
| OF COUNSEL: | By: */s/ Myron T. Steele* |
|  | Myron T. Steele (#0002) |
| Matthew S. Barr (Admitted *pro hac vice*) | Matthew F. Davis (#4696) |
| David Lender (Admitted *pro hac vice*) | Bindu A. Palapura (#5370) |
| Jared R. Friedmann (Admitted *pro hac vice*) | Hercules Plaza, 6th Floor |
| Chase A. Bentley (Admitted *pro hac vice*) | 1313 North Market Street |
| WEIL, GOTSHAL & MANGES LLP | P.O. Box 951 |
| 767 Fifth Avenue | Wilmington, DE 19801 |
| New York, New York 10153 | Telephone: (302) 984-6000 |
| Telephone: (212) 310-8000 | Facsimile: (302) 658-1192 |
| Facsimile: (212) 310-8007 | msteele@potteranderson.com |
| Matt.Barr@weil.com | mdavis@potteranderson.com |
| David.Lender@weil.com | bpalapura@potteranderson.com |
| Jared.Friedmann@weil.com |  |
| Chase.Bentley@weil.com | *Counsel for Special Master Robert B. Pincus* |

Dated:  April 12, 2025
12172559/ 21202.00001

3