# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) No. 1:17-mc-00151-LPS ) ) |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | ) ) |
| *Defendant*. | ) |

## THE VENEZUELA PARTIES' REPLY TO RESPONSES REGARDING THE QUESTIONS POSED BY THE COURT'S APRIL 5, 2025 ORDER

Crystallex and Red Tree agree that the Special Master now is imposing a *requirement*, in contravention of this Court's prior instructions, that a successful bid must eliminate any risk that the 2020s can block the closing of a sale, no matter how big the difference in price or how small the risk. D.I. 1692 at 2; D.I. 1688 at 3–4.[1] The Special Master already has rejected—and stated that he would again reject—a $7.01 billion bid on this basis, even though the difference between that bid and Red Tree's bid ($3.3 billion) was more than the amount of the 2020s' purported claim under any calculation, and even though he did not (and states he cannot) determine the risk posed by the 2020s is worth $3.3 billion. D.I. 1679 at 3–5. The Special Master apparently also would reject any bid, no matter its amount, if there is any 2020s-related risk that might prevent senior creditors from getting paid as soon as possible.

Crystallex and Red Tree attempt to defend this indefensible position by arguing that Gold Reserve has not shown that it has a certainty of closing even if the 2020s were to be in a position to block their financing (what they call a "binary" risk). D.I. 1692 at 3; D.I. 1688 at 2–3.[2] But the Special Master cannot simply assume there is some risk to closing; he must evaluate the likelihood that the 2020s will be in a position to block the sale before closing, and whether that conjecture is realistic enough to justify the difference in price between the bid with 2020s risk and a bid with an allegedly lower risk. Without that reasoned assessment, a decision to recommend the lower bid is completely arbitrary and amounts to precisely the sort of impermissible requirement or condition this Court previously instructed the Special Master not to employ. *See* D.I. 1517 ¶ 28 (ordering that the "Evaluation Criteria shall NOT include any requirement or condition with respect to the

---

[1] Nothing in this filing should be construed to imply the Venezuela Parties' ("VPs") consent to a forced sale. The VPs preserve all rights and positions, including on appeal.

[2] Again, nothing herein should be construed to imply that the Gold Reserve bid is adequate as an ultimately winning bid.

2020 Bond Entities" other than to acknowledge the existence of their claims); D.I. 1493 at 8 ("6. What weight, if any, should the Special Master give to bidders' plans with respect to the 2020 Bond Entities? . . . The Court is strongly inclined to agree with those who urge the Court to require, with respect to the 2020 Bond Entities, nothing more from bidders other than that they acknowledge their existence.").

On the current record, there is no basis for the Special Master's assumption that the 2020s will be able to block the sale before closing. The 2020s hold no final judgment, and there is no clear timeline for when, if at all, that could occur, D.I. 1697 at 3–4, especially after they successfully opposed PDVSA's and PDVH's request to expedite that decision in the 2020 litigation. *Petróleos de Venezuela S.A. v. MUFG Union Bank N.A.*, No. 19-cv-10023, D.I. 377 (Apr. 3, 2025).

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | */s/ Alexandra M. Cumings* |
| OF COUNSEL: | Susan W. Waesco (#4476) |
| Nathan P. Eimer | Alexandra M. Cumings (#6146) |
| Daniel D. Birk | Kirk Andersen (#7156) |
| Gregory M. Schweizer | 1201 North Market Street |
| Hannah M. Bucher | Wilmington, DE 19801 |
| EIMER STAHL LLP | (302) 658-9200 |
| 224 South Michigan Avenue | SWaesco@morrisnichols.com |
| Suite 1100 | ACumings@morrisnichols.com |
| Chicago, IL 60604 | KAndersen@morrisnichols.com |
| (312) 660-7600 |  |
| NEimer@eimerstahl.com | *Attorneys for PDV Holding, Inc. and* |
| DBirk@eimerstahl.com | *CITGO Petroleum Corporation* |
| GSchweizer@eimerstahl.com |  |
| HBucher@eimerstahl.com |  |

2

| | |
|---|---|
| OF COUNSEL:<br>Joseph D. Pizzurro<br>Kevin A. Meehan<br>Juan O. Perla<br>David V. Holmes<br>CURTIS, MALLET-PREVOST, COLT & MOSLE LLP<br>101 Park Avenue New York, NY 10178<br>(212) 696-6000<br>jpizzurro@curtis.com<br>kmeehan@curtis.com<br>jperla@curtis.com<br>dholmes@curtis.com | HEYMAN ENERIO GATTUSO & HIRZEL LLP<br><br>*/s/ Brendan Patrick McDonnell*<br>Samuel Taylor Hirzel, II (#4415)<br>Brendan Patrick McDonnell (#7086)<br>300 Delaware Avenue, Suite 200<br>Wilmington, DE 19801<br>(302) 472-7300<br>shirzel@hegh.law<br>bmcdonnell@hehg.law<br><br>*Attorneys for Petróleos de Venezuela, S.A.* |
| OF COUNSEL:<br>Donald B. Verrilli, Jr.<br>Elaine J. Goldenberg<br>Ginger D. Anders<br>MUNGER, TOLLES & OLSON LLP<br>601 Massachusetts Avenue NW<br>Suite 500 E<br>Washington, D.C. 20001<br>(202) 220-1100<br>Donald.Verrilli@mto.com<br>Elaine.Goldenberg@mto.com<br>Ginger.Anders@mto.com<br><br>George M. Garvey<br>Adeel Mohammadi<br>MUNGER, TOLLES & OLSON LLP<br>350 South Grand Avenue, 50th Floor<br>Los Angeles, CA 90071<br>(213) 683-9100<br>George.Garvey@mto.com<br>Adeel.Mohammadi@mto.com<br><br>April 12, 2025 | ABRAMS & BAYLISS LLP<br><br>*/s/ Christopher Fitzpatrick Cannataro*<br>A. Thompson Bayliss (#4379)<br>Christopher Fitzpatrick Cannataro (#6621)<br>20 Montchanin Road, Suite 200<br>Wilmington, DE 19807<br>(302) 778-1000<br>bayliss@abramsbayliss.com<br>cannataro@abramsbayliss.com<br><br>*Attorneys for Bolivarian Republic of Venezuela* |