# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., Plaintiff,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>) No. 1:17-mc-00151-LPS<br>)<br>)<br>)<br>)<br>) |

## QUESTIONNAIRE PRESENTED TO SPECIAL MASTER ROBERT PINCUS BY LEROY GARRETT MEMBER OF PETROAMIGOS DE VENEZUELA

I respectfully request expedited attention to this matter consider by the undersigned important on behalf of the ongoing sale process, the Special Master's responses to the below-described questions. The answers sought is crucial for legal, and statutory compliance concerning the current proceedings, ensuring procedural fairness, and memorialization of the ongoing court events.

## QUESTIONS

1. Oil and mineral rights at large (Uti possidetis iuris) belong to the Venezuelan people, ownership of such resources, are represented by proxy for legitimate mandate to government officials. Concerning the proper property title or valid condition of the stockholder tenants known by these proceedings as the Venezuela's parties. The question here is how the Special Master would remediate the risk of lack of representation of the stock property transferors once the sale proceedings appoint a winner?

2. Will the sales proceeds address PDVSA's obligations to former employees, or Alter Ego at large victims, including but not limited to pension, benefits, or damages?

3. Has the Special Master considered to confer to PDVSA former victims equitable consideration due to their humanitarian nature of their claims?

4. Would the Special Master has considered to propose the court, for the benefit of the upcoming owners to reserve funds to cover worker's claim, given their humanitarian impact?

5. Has the Special Master defined a timeline for resolving parallel lawsuits that may impact sale proceeds?

6. What would be the sale award methodology whether "first come, first serve" or by equitable distribution?

7. The more attractive Venezuelan asset subjected to sale is Citgo Corporation, a company rooted in the domestic gas supply in America. Important to point out if the Special Master has considered – knowing that Citgo makes a revenue per year (EBITDA) between $1.2 and $2.0 billion per year – options to satisfy creditors pending obligations including workers claims, as inquired as follows:

    a. Based on Citgo financial muscle to honor creditors obligations without being sold, has the Special Master considered to propose to court to establish a settlement commission under the department of justice, rationale behind this option is to upfront mitigate a potential lack of legitimacy of the stockholders, and avoiding possible operational or supply problems to the company, being an energy hub a national security enabler?

    b. Would you have considered to persuade Court to allow workers to file claims without immediate judgements, as bankruptcy courts accept unsecured claims?

    c. Based on Citgo capabilities to honor its obligations, would you consider reasonable, in avoidance of any foreseeable risk, to conduct the proceedings under the automatic stay prescribed by 11 U.S.C. § 362?

WHEREFORE, Pro se attorney respectfully requests that based on the public interest of the current sale to expedite the expected answers, which without reservations the undersigned consider of capital importance benefiting these proceedings.

*[signature]*

Dr. Leroy A. Garrett
Pro Se Attorney
Member of Petroamigos de Venezuela (ONG)
6725 S Fry Road Ste. 700-338
Katy Texas 77494
Tel.: (832) 652-7912
E-Mail: lry_garrett@yahoo.com