IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION,<br><br>   *Plaintiff*,<br><br> v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>   *Defendant*. | Case No. 17-mc-00151 (LPS) |

**RED TREE INVESTMENTS, LLC'S
MOTION FOR AN ORDER ENTERING A DISCOVERY SCHEDULE**

  Pursuant to Federal Rules of Civil Procedure 16 and 26 and Paragraph 29 of the Court's December 31, 2024 *Order on Sales Process,* D.I. 1517, Red Tree respectfully moves for an order in the form attached as Exhibit A entering a discovery schedule.

**ARGUMENT**

  1. The Court has repeatedly emphasized the importance of an orderly and efficient process leading up to the July 22 Sale Hearing.  A clear schedule for discovery in connection with that hearing will benefit bidders, objectors, the Special Master, and the Court by ensuring equal access to information and reducing process-related disputes.  To achieve that goal, Red Tree respectfully requests that the Court adopt the proposed scheduling order attached as Exhibit A.

  2. Such a schedule has been long contemplated in the sale process.  The Court's December 31 order directed that parties may obtain limited discovery, proportionate to the needs of the case, as to whether the Court should approve the Special Master's Final Recommendation. D.I. 1517 at 8.  The Court's order also required any Sale Hearing witnesses to sit for depositions, and required that documents be produced in time to be used at those depositions.  *Id.*  In addition,

the Court directed the "Special Master and any parties seeking discovery or from whom discovery is sought [to] meet and confer as soon as reasonably practicable and attempt to agree on a schedule for written discovery and document production." *Id.*

3. Now is the time to enter a discovery schedule. The June 11 deadline for the Special Master to make a Final Recommendation is only weeks away. *See* D.I. 1745. In the meantime, CITGO and PDVH (the "CITGO Parties") have already issued discovery requests to at least Red Tree, the Special Master, and the 2020 Bondholders. Given the sheer number of objections and counter-objections filed during the Stalking Horse period, it is reasonable to expect that multiple other parties may seek discovery in connection with the Sale Hearing.

4. Moreover, under the Court's current schedule, the parties will have only 41 days to complete discovery after the Special Master makes a Final Recommendation. *See* D.I. 1745 at 2. Setting a schedule now will ensure that the requests of the CITGO Parties, and any other party that serves requests, will be handled in an orderly manner. By comparison, without a schedule in place, there is a risk that parties will either demand or refuse to produce key documents at the last moment, or the Court will not have enough time to resolve discovery disputes.

5. In addition, the default timelines provided for in the Federal and Local Rules are impractical under the circumstances. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(A) (30 days to serve responses and objections to discovery requests); Del. L. Civ. R. 30.1 (10 days' notice for depositions). And there simply will not be time to, for example, negotiate deadlines for each set of document requests. Clear deadlines set in advance of the Special Master's Final Recommendation will avoid needless disputes about predictable discovery issues.

6. Moreover, setting a schedule now will help provide much-needed clarity about expert discovery. Based on prior briefing, at least some of the Venezuela Parties will likely offer

expert testimony related to the value of the PDVH shares. *See, e.g.*, D.I. 1524 at 4-5 (previewing arguments about CITGO's purported "fair market value"). And other parties may seek to introduce expert testimony. A schedule is necessary to ensure bidders and objectors have a fair opportunity to respond to any expert testimony in advance of the Sale Hearing. Nor is the default schedule of 30 days for rebuttal expert reports practical under the circumstances. Fed. R. Civ. P. 26(a)(2)(D)(ii). The discovery schedule should include deadlines for expert reports.

7. There is no doubt about the Court's authority to enter such a schedule. Under Federal Rules of Civil Procedure 16 and 26, the Court has broad discretion to structure discovery to fit the needs of this complex Sale Hearing. *See* Fed. R. Civ. P. 16(c)(2)(F) (power to issue orders "affecting disclosures and discovery"); *id.* 16(c)(2)(L) (power to "adopt[ ] special procedures for managing potentially difficult or protracted actions"); *id.* 26(a)(2)(D) (power to set the "times" and "sequence" of expert disclosures). Consistent with the Court's December 31 order, the Court should issue a scheduling order now so the Sale Hearing can proceed efficiently.

8. Red Tree first proposed a schedule to all other Additional Judgment Creditors and Sale Process Parties on May 9, 2025. In response to the feedback Red Tree received, Red Tree proposed a revised schedule on May 14. Before proposing those schedules, Red Tree sought input from the Special Master. In response to a counterproposal by the CITGO Parties on May 19 (the first and only specific counter to Red Tree's proposal provided by any party), Red Tree invited all parties to participate in a meet and confer by Teams on May 21. Counsel for the CITGO Parties and Koch participated in that meet and confer (counsel for other parties were present on the call but did not actively participate). The proposed schedule in Exhibit A that Red Tree requests the Court enter reflects compromises reached during that May 21 meet and confer.

9. As noted earlier, Red Tree consulted with the Special Master on the proposed schedule. The Special Master provided comments and suggestions to the proposed schedule, but does not take a position on its entry. The CITGO Parties agree to the proposed schedule, except they object to the June 20, 2025 deadline for production in response to document requests served before the Final Recommendation being a targeted deadline for the Special Master. *See* Ex. A n.1. Crystallex and ConocoPhillips do not take a position. Gold Reserve and Koch oppose.

## **CONCLUSION**

Red Tree respectfully requests that the Court enter an order adopting the proposed discovery schedule.

Dated:   May 23, 2025

Respectfully submitted,

LANDIS RATH & COBB LLP

Steven F. Molo (*pro hac vice*)
Justin M. Ellis (*pro hac vice*)
Mark W. Kelley (*pro hac vice*)
Lauren F. Dayton (*pro hac vice*)
Joshua D. Bloom (*pro hac vice*)
MOLOLAMKEN LLP
430 Park Avenue
New York, NY  10022
Tel.: (212) 607-8170
smolo@mololamken.com
jellis@mololamken.com
mkelley@mololamken.com
ldayton@mololamken.com
jbloom@mololamken.com

Lois S. Ahn (*pro hac vice*)
MOLOLAMKEN LLP
600 New Hampshire Avenue, N.W.
Washington, D.C.  20037
Tel.: (202) 556-2000
lahn@mololamken.com

 /s/ Rebecca L. Butcher
Rebecca L. Butcher (#3816)
Jennifer L. Cree (#5919)
919 Market Street, Suite 1800
Wilmington, DE  19801
Tel.: (302) 467-4400
butcher@lrclaw.com
cree@lrclaw.com

*Counsel for Red Tree Investments, LLC*

4