# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., | ) |
| *Plaintiff*, | ) |
| v. | ) No. 1:17-mc-00151-LPS |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | ) |
| *Defendant*. | ) |

## THE VENEZUELA PARTIES' MOTION FOR AN EXTENSION OF THE TOPPING PERIOD

On May 20, 2025, Judge Rakoff of the U.S. District Court for the Southern District of New York granted summary judgment to PDVH[1] and PDVSA in *Girard Street Investment Holdings, LLC v. PDV Holding, Inc.*, No. 24-cv-4448 (S.D.N.Y.), *Girard Street Investment Holdings, LLC v. PDV Holding, Inc.*, No. 23-cv-10772 (S.D.N.Y.), and *G&A Strategic Investments I LLC, et al v. Petróleos de Venezuela, S.A.*, No. 23-cv-10766 (S.D.N.Y.) (consolidated) (the "Alter Ego Cases"), dismissing entirely the alter ego claims against PDVH, with a written opinion to follow (the "May 20 Order", attached as Exhibit A). This is a monumental development in the sale process. The Venezuela Parties respectfully move for an extension of Topping Period to allow bidders, or potential bidders, to account for the elimination of what the Special Master has called a "cloud of uncertainty," D.I. 1249 at 7, that has hung over the bidding at least since the Alter Ego Cases were filed in June 2024.

## NATURE AND STAGE OF THE PROCEEDINGS

On May 22, 2025, CITGO and PDVH, later joined by PDVSA and the Republic, sent a letter to the Special Master's counsel requesting that he seek permission from the Court to extend the Topping Period to account for the May 20 Order.  The Special Master declined that request on May 23, 2025, but stated that the Venezuela Parties should "feel free" to move the Court for such relief if they believe that good cause exists. As set forth below, the Venezuela Parties believe that there is good cause to extend the Topping Period.

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Sixth Revised Proposed Order (A) Establishing Sale and Bidding Procedures, (B) Approving Special Master's Report and Recommendation Regarding Proposed Sale Procedures Order, (C) Affirming Retention of Evercore as Investment Banker by Special Master and (D) Regarding Related Matters* (D.I. 481) (the "Sale Procedures Order").

1

**LEGAL STANDARD**

This Court has "broad inherent power to manage its own affairs so as to achieve the orderly and expeditious disposition of cases." *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 2024 WL 325133, at *2 (D. Del. Jan. 29, 2024) (cleaned up). "[T]his discretion also allows [the Court] to consider the relative prejudice to the parties who are before [the Court] that might arise from granting or denying the requested relief and also gives [the Court] the authority to consider the impact, if any, of [its] rulings on the ongoing sale process." *Id.* at *3. As relevant here, the Court's broad discretion "includes the authority to modify [its] prior orders," including existing sale process deadlines. *Id.* at *2.

This Court can, and should, "postpone the sale" when "the time selected, or other circumstances, will be likely to produce great sacrifice of the property." *Blossom v. Milwaukee & C.R. Co.*, 70 U.S. 196, 209 (1865). This Court has recognized that if external factors "actually materialize[d]" to "chill[]" bids, it could be appropriate to "adjourn the Auction and/or the Sale Hearing." D.I. 643 at 10 (quoting D.I. 481 ¶ 9) (quotation marks omitted). These same principles clearly apply to extending the Topping Period.

**ARGUMENT**

The May 20 Order is an external factor that warrants extending the Topping Period. As the Court is aware, in September 2024, the Special Master relayed to the Court that the Alter Ego Cases were "threaten[ing] to inhibit the Special Master's ability to close a value-maximizing sale transaction and fulfill his mandate[.]" D.I. 1249 at 7. Evercore further advised the Court that "bidders ha[d] expressed concerns to . . . the Special Master[] and his Advisors about the risks" posed by the Alter Ego Cases and that bidders were "uncertain[]" about whether the PDVH shares would be "diminished by the Alter Ego Claimants' judgments[.]" D.I. 1250 ¶ 6. Crystallex and

2

ConocoPhillips agreed. D.I. 1277 at 8 (Crystallex stating that if the Alter Ego Cases were successful, it could "render the [PDVH shares] in th[e] Court's custody nonexistent, a nullity"); D.I. 1278 at 6 (ConocoPhillips arguing that the success of the Alter Ego Cases "could render the PDVH Shares unsaleable" and that "no bidder can responsibly deploy billions of dollars to purchase the PDVH [s]hares if almost any court . . . could . . . enter a ruling that would have the effect of imposing on the acquired company the entirety of PDVSA and Venezuela's debts").

Given the magnitude of the impact on the sale process posed by the Alter Ego Cases, the Special Master asked the Court to enjoin the cases altogether, *see generally* D.I. 1249, but the Court declined to do so, *see* D.I. 1493; D.I. 1515. In December 2024, the Venezuela Parties also urged the Court and the Special Master to adopt a schedule for the sale process that would accommodate the schedule for a resolution of the Alter Ego Cases. *See* D.I. 1459 at 11. Later, in March 2025, after both the Special Master and the Court declined to adopt such a schedule, the Venezuela Parties asked the Court for a short pause to allow time for the Alter Ego Cases to be resolved, so as to mitigate bidder uncertainty heading into the Topping Period. D.I. 1655 at 7, n.4.

As explained in those filings, the Alter Ego Cases were on a fast track to resolution and lacked merit (both of which arguments were borne out by Judge Rakoff's ruling). *See e.g.,* D.I. 1459 at 11 (summarizing the expedited procedural schedule in the *Girard Street* Alter Ego Case); *see id.* ("the Special Master and other parties such as ConocoPhillips and Crystallex seem to agree that the [Alter Ego] claims lack merit" and suggesting that, therefore, "bidders should discount the claims to near zero"). The Court disagreed with the Venezuela Parties' requests to adjust the schedule and instead entered the current schedule, which required the sale process to progress while the Alter Ego Cases remained unresolved. *See* D.I. 1517; D.I. 1745.

3

The Topping Period is currently scheduled to close on May 28—a mere five business days after Judge Rakoff's ruling. That is not enough time for any serious bidder to present a competing proposal that accounts for elimination of the risk posed by the Alter Ego Cases—much less to review the forthcoming written opinion the Special Master has indicated that potential bidders are inquiring about. Any bidders who may have already submitted a topping bid should have an opportunity to revisit it; any former bidders who did not submit a topping bid should be reapproached; and any targets the Special Master approached that declined to bid altogether, in whole or in part because of the Alter Ego Cases, should be invited to reassess that decision with the benefit of additional time and information.

Accordingly, the Venezuela Parties request that the Topping Period be extended by **at least twenty-one days** to allow time for Judge Rakoff to potentially issue a written opinion, for potential topping bidders to analyze how the developments in the Alter Ego Cases may affect their bids, and for the Special Master to work to increase topping bids in light of the May 20 Order.[2, 3]

---

[2] For the avoidance of doubt, the Venezuela Parties do not believe that an extended Topping Period will cure the deleterious effects of implementing the sale process prior to resolution of Alter Ego Cases. Amber Energy's bid in the first round was premised on escrow accounts designed, in part, to account for the Alter Ego Claims, and (unsurprisingly) those claims led to a depressed bid. *See e.g.*, D.I. 1325-1 at 135–43 (Amber's escrow term sheet for the Alter Ego Cases and the 2020 Bondholder litigation). Amber's failed bid in the first round set the tone—and lowered the floor—for the second round, as Red Tree's grossly inadequate stalking horse bid makes clear. But denying bidders the opportunity to take into account the Alter Ego Cases' resolution would only compound the damage.

[3] Nothing in this filing should be construed to imply consent to a forced sale. The Venezuela Parties preserve all rights and positions, including on appeal.

## CONCLUSION

The Venezuela Parties respectfully request that the Court extend the Topping Period by at least twenty-one days.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Alexandra M. Cumings*

OF COUNSEL:
Nathan P. Eimer
Lisa S. Meyer
Daniel D. Birk
Gregory M. Schweizer
Hannah Bucher
EIMER STAHL LLP
224 South Michigan Avenue
Suite 1100
Chicago, IL 60604
(312) 660-7600
NEimer@eimerstahl.com
LMeyer@eimerstahl.com
DBirk@eimerstahl.com
GSchweizer@eimerstahl.com
HBucher@eimerstahl.com

Susan W. Waesco (#4476)
Alexandra M. Cumings (#6146)
Kirk Andersen (#7156)
1201 North Market Street
Wilmington, DE 19801
(302) 658-9200
SWaesco@morrisnichols.com
ACumings@morrisnichols.com
KAndersen@morrisnichols.com

*Attorneys for PDV Holding, Inc. and CITGO Petroleum Corporation*

HEYMAN ENERIO GATTUSO & HIRZEL LLP

*/s/ Samuel Taylor Hirzel, II*

OF COUNSEL:
Joseph D. Pizzurro
Kevin A. Meehan
Juan O. Perla
David V. Holmes
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
101 Park Avenue New York, NY 10178
(212) 696-6000
jpizzurro@curtis.com
kmeehan@curtis.com
jperla@curtis.com
dholmes@curtis.com

Samuel Taylor Hirzel, II (#4415)
Brendan Patrick McDonnell (#7086)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
shirzel@hegh.law
bmcdonnell@hehg.law

*Attorneys for Petróleos de Venezuela, S.A.*

|  |  |
|---|---|
| OF COUNSEL:<br>Donald B. Verrilli, Jr.<br>Elaine J. Goldenberg<br>Ginger D. Anders<br>MUNGER, TOLLES & OLSON LLP<br>601 Massachusetts Avenue NW<br>Suite 500 E<br>Washington, D.C. 20001<br>(202) 220-1100<br>Donald.Verrilli@mto.com<br>Elaine.Goldenberg@mto.com<br>Ginger.Anders@mto.com<br><br>George M. Garvey<br>Adeel Mohammadi<br>MUNGER, TOLLES & OLSON LLP<br>350 South Grand Avenue, 50th Floor<br>Los Angeles, CA 90071<br>(213) 683-9100<br>George.Garvey@mto.com<br>Adeel.Mohammadi@mto.com<br><br>May 23, 2025 | ABRAMS & BAYLISS LLP<br><br>/s/ *Christopher Fitzpatrick Cannataro*<br>A. Thompson Bayliss (#4379)<br>Christopher Fitzpatrick Cannataro (#6621)<br>20 Montchanin Road, Suite 200<br>Wilmington, DE 19807<br>(302) 778-1000<br>bayliss@abramsbayliss.com<br>cannataro@abramsbayliss.com<br><br>*Attorneys for Bolivarian Republic of Venezuela* |

6