IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION,<br><br>         Plaintiff,<br><br>    v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>         Defendant. | C.A. No. 17-mc-151-LPS |

**CRYSTALLEX INTERNATIONAL CORPORATION'S RESPONSE TO
THE VENEZUELA PARTIES' MOTION TO EXTEND THE TOPPING PERIOD**

OF COUNSEL:

Robert L. Weigel
Jason W. Myatt
Rahim Moloo
Zachary Kady
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York  10166
Tel:  (212) 351-4000
Fax:  (212) 351-4035

Miguel A. Estrada
Lucas C. Townsend
Adam M. Smith
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C.  20036
Tel:  (202) 955-8500
Fax:  (202) 467-0539

Dated:  May 25, 2025

Raymond J. DiCamillo (#3188)
Jeffrey L. Moyer (#3309)
Travis S. Hunter (#5350)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware  19801
Tel:  (302) 651-7700
Fax:  (302) 651-7701

*Attorneys for Plaintiff*

Pursuant to the Court's Order, D.I. 1758, Crystallex respectfully submits this Response to the Venezuela Parties' Motion for an Extension of the Topping Period (D.I. 1757).

The Venezuela Parties' last-minute request to extend the Topping Period for a minimum of twenty-one days is the latest in a series of meritless attempts to delay the sale of the PDVH Shares. D.I. 1149, at 6-9 (detailing prior attempts to delay and obstruct this Court's sale process). The Venezuela Parties contend that a 21-day extension is necessary to await Judge Rakoff's opinion in support of his order rejecting the alter-ego claims against PDVH and to allow bidders to potentially revise their bids in response to that decision. D.I. 1757, at 4. Those contentions have no merit. As this Court explained when it denied the Special Master's motion to enjoin the Gramercy Parties' alter-ego actions, "the type of sophisticated parties who may participate in the Sale Process are fully capable of conducting due diligence and factoring into their bids whatever risk they associate with the Alter Ego Actions." D.I. 1515, at 19. Sophisticated bidders are likewise capable of promptly updating their bids (if necessary) to account for the fact that the risk of the alter-ego actions—which they have already valued in determining the price of their bids—has been eliminated. Tellingly, despite the purported implications of Judge Rakoff's decision and forthcoming written opinion, no bidder has sought an extension of the Topping Period Deadline and the Special Master, whose team is in near constant contact with potential bidders, opposes the Venezuela Parties' request.

Moreover, as this Court also noted, "[a]ll parties other than the Alter Ego Claimants apparently view the Alter Ego Actions as being meritless." *Id.* The fact that Judge Rakoff has now confirmed as correct the consensus that the alter-ego actions lack merit is no reason to delay the sale process. As this Court explained when it rejected the Venezuela Parties' last attempt to delay the sale process, it is "entirely unpersuaded that it should delay its process, to await potential

1

rulings from other courts." D.I. 1647.  There is no reason to depart from that sound reasoning and extend the Topping Period to await a written opinion from Judge Rakoff, which may not be issued within the 21-day extension the Venezuela Parties seek, in which case the Venezuela Parties could be counted on to seek additional extensions of the Topping Period until the opinion is issued.

In addition, despite knowing of Judge Rakoff's decision since Tuesday, May 20, D.I. 1757, at 1, and the need for bidders to have clarity on the deadline to submit topping bids, the Venezuela Parties filed—without prior notice to the other Sale Process Parties, contrary to the requirements of Delaware Local Rule 7.1.1—their emergency request on the eve of a holiday weekend with only one business day before the close of the Topping Period.  Like their previous request to disqualify the Special Master based on his communications with OFAC, a request to extend the Topping Period within a week of its end date is "an emergency that requires contacting the Court or doing your level best to contact the Court within a day." D.I. 544, at 6.  Under the circumstances, the Venezuela Parties' requested extension is untimely (as well as meritless).[1]

The Venezuela Parties' motion to extend the Topping Period should be denied.

---

[1] Like their requested extension of the Topping Period, the Venezuela Parties' continued reservation of rights and statement that they do not "consent to a forced sale" is equally meritless.  D.I. 1757, at 4 n.3.  This is a judicial execution sale that is only being conducted because Venezuela is a "highly-recalcitrant judgment debtor" that has refused to voluntarily satisfy judgments against it.  D.I. 234, at 37.  Venezuela has included a footnote reserving its right to object to a "forced sale" in virtually every filing since this Court ordered a judicial sale of the PDVH Shares.  This frivolous objection has not gained any merit through repetition.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Robert L. Weigel<br>Jason W. Myatt<br>Rahim Moloo<br>Zachary Kady<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, New York  10166<br>(212) 351-4000<br><br>Miguel A. Estrada<br>Lucas C. Townsend<br>Adam M. Smith<br>GIBSON, DUNN & CRUTCHER LLP<br>1700 M Street, N.W.<br>Washington, D.C.  20036<br>Tel:  (202) 955-8500<br>Fax:  (202) 467-0539<br><br>Dated: May 25, 2025 | */s/ Travis S. Hunter*<br>Raymond J. DiCamillo (#3188)<br>Jeffrey L. Moyer (#3309)<br>Travis S. Hunter (#5350)<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware  19801<br>(302) 651-7700<br>dicamillo@rlf.com<br>moyer@rlf.com<br>hunter@rlf.com<br><br>*Attorneys for Plaintiff* |