IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | | Case No. 17-mc-151-LPS |
| v. | | |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | | |
| Defendant. | | |

**RESPONSE OF VITOL INC. TO THE VENEZUELA PARTIES'
MOTION FOR AN EXTENSION OF THE TOPPING PERIOD**

Pursuant to the Court's May 24, 2025 Oral Order [Docket No. 1758][1], Vitol Inc. ("Vitol") respectfully submits this response to the *Venezuela Parties' Motion for an Extension of the Topping Period* (the "Extension Motion") [Docket No. 1757].[2]

**Argument**

1. As discussed in greater detail in the Extension Motion, on May 20, 2025, Judge Rakoff issued summary judgment in favor of PDVH and PDVSA, dismissing the alter ego claims against PDVH. Judge Rakoff's ruling fundamentally alters the Topping Period dynamics, mitigating a significant risk that has limited the value of bids to date. Indeed, numerous parties, including the Special Master, have recognized that the uncertainty around the alter ego litigation

---

[1] References to the docket number ("Docket No.") are to the *Crystallex* docket Misc. No. 17-151-LPS.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Extension Motion [Docket No. 1757].

could "dramatically reduce the value of the PDVH Shares available to other creditors[.]"[3] That uncertainty had a clear effect on bidding and, in particular, impaired bidders' abilities to supplement their bids with new money by heightening the risk profile attached to the PDVH Shares. Judge Rakoff's holding reduces such risk.

2. Furthermore, a perhaps unintentional result of the facts around the alter ego litigation has steered the Sales Process towards a Topping Bidder who is all but certain to be a credit bidder, as any credit claim already bears the alter ego risk that new money providers must otherwise have had to account for. Although Vitol has not fully assessed the effect of the holding on the risk profile of the PDVH Shares given the short period of time that has elapsed since Judge Rakoff's ruling, Vitol believes that this development opens the door to new strategic possibilities, enabling new money bidders—like Vitol—to put their best foot forward and maximize the value of these assets. Additionally, this risk mitigation may enable new money bidders to compete effectively against (or consider partnering with) the parties leveraging credit bids, who have otherwise enjoyed a strategic advantage in this process to date.

3. As the Extension Motion makes clear, parties have only five business days from Judge Rakoff's order to discuss, negotiate, and formulate a Topping Bid that appropriately accounts for this new development. Further, because Judge Rakoff's ruling mitigates a significant risk that parties have had to account for, any bids negotiated during the Topping Period likely would benefit from additional time to reconsider and re-evaluate such change with their financing sources. Vitol believes that an extension of at least twenty-one days would provide the parties sufficient time to conduct the necessary diligence and discussion around a revised bid and, if

---

[3] See e.g., *Special Master's Opening Brief in Support of His Motion to Enjoin the Alter Ego Claimants From Enforcing Claims Against the Republic or PDVSA by Recovering From PDVH or Its Subsidiaries in Other Forums* [D.I. 1249] at 2.

appropriate, reach potential partnerships with a new money provider like Vitol. Absent such an extension, an opportunity to maximize the value of the PDVH Shares with new money would be left on the table.

## Conclusion

4. For the reasons set forth herein, Vitol respectfully requests that the Court extend the Topping Period by at least twenty-one days.

*[Remainder of Page Intentionally Left Blank]*

Dated: May 26, 2025
Wilmington, Delaware

*/s/ Michael W. Yurkewicz*

| | |
|---|---|
| **KLEHR HARRISON HARVEY BRANZBURG LLP** | **KIRKLAND & ELLIS LLP** |
| Michael W. Yurkewicz (DE Bar No. 4165) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| 919 N. Market Street, Suite 1000 | Chad J. Husnick, P.C. |
| Wilmington, Delaware 19801 | Jeffrey Michalik |
| Telephone:  (302) 426-1189 | 333 West Wolf Point Plaza |
| Facsimile:  (302) 426-9193 | Chicago, Illinois 60654 |
| Email:  myurkewicz@klehr.com | Telephone:  (312) 862-2000 |
| | Facsimile:  (312) 862-2200 |
| - and - | Email:  chad.husnick@kirkland.com |
| | jeff.michalik@kirkland.com |
| Morton R. Branzburg | |
| 1835 Market Street, Suite 1400 | - and - |
| Philadelphia, Pennsylvania 19103 | |
| Telephone:  (215) 569-3007 | Anna Rotman, P.C. |
| Facsimile:  (215) 568-6603 | Grant Jones |
| Email:  mbranzburg@klehr.com | 609 Main St. |
| | Suite 4600 |
| | Houston, Texas 77002 |
| | Telephone:  (713) 836-3600 |
| | Facsimile:  (713) 836-3601 |
| | Email:  anna.rotman@kirkland.com |
| | grant.jones@kirkland.com |
| *Co-Counsel for Vitol Inc.* | |
| | *Co-Counsel for Vitol Inc.* |