# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BOLIVARIAN REPUBLIC OF ) <br> VENEZUELA, ) <br> ) <br> Defendant. ) | Misc. No. 17-151-LPS |

**SPECIAL MASTER'S RESPONSE TO THE VENEZUELA PARTIES' MOTION FOR AN EXTENSION OF THE TOPPING PERIOD**

Robert B. Pincus, in his capacity as special master for the United States District Court for the District of Delaware in the above-captioned case (the "**Special Master**"),[1] respectfully submits his response to the Venezuela Parties' Motion for an Extension of the Topping Period. D.I. 1757.

The Special Master has not received any requests from bidders to extend the Topping Period, either before or since Judge Rakoff's ruling in two of the alter ego cases. The Special Master's advisors explained this to the Venezuela Parties during a phone call with the Sale Process Parties last Thursday, May 22, 2025. Nonetheless, later that day, the Venezuela Parties sent the Special Master letters requesting that he "seek permission from Judge Stark to extend the Topping Period so that bidders can take account of the elimination of a major 'cloud of uncertainty.'" Letter from Daniel D. Birk (May 22, 2025), attached as **Exhibit A**; *see also* Letter from Juan O. Perla (May 22, 2025), attached as **Exhibit B**. In response, the Special Master explained that, absent a

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Sixth Revised Proposed Order (A) Establishing Sale and Bidding Procedures, (B) Approving Special Master's Report and Recommendation Regarding Proposed Sale Procedures Order, (C) Affirming Retention of Evercore as Investment Banker by Special Master and (D) Regarding Related Matters* (D.I. 481) (the "**Sale Procedures Order**").

compelling request from a bidder, the Special Master is not inclined to seek an extension of the Topping Period. Letter from Chase Bentley (May 23, 2025), attached as **Exhibit C**. The Special Master further explained that, if he were to receive such a request, he would inform the Sale Process Parties and would also seriously consider the bidder's request. *Id.* That being said, the Special Master advised the Venezuela Parties that they should feel free to file a motion with the Court to extend the Topping Period if they believe there is good cause for such an extension.

The Special Master maintains that position. He does not see an immediate need for an extension of the Topping Period absent a compelling request from a bidder, and he has not received such a request from a bidder. All parties that have considered participating as potential bidders in the sale process are almost certainly aware of Judge Rakoff's decision given the extensive press coverage. If potential bidders are interested in bidding, then the Special Master believes they will contact him. Moreover, the Special Master and his advisors have spoken with potential bidders about Judge Rakoff's decision, and while potential bidders have asked whether the Special Master's advisors have any sense of when Judge Rakoff might issue a fulsome written opinion (a question the Special Master's advisors have been unable to answer), no potential bidder has made a formal request to extend the Topping Period.

Finally, the Court has indicated that "the Special Master has discretion to reject 'inadequate or insufficient' bids as well as bids that do not 'provide[] for a value maximizing sale transaction'" "if the Venezuela Parties' speculation that bids will be chilled actually materializes." D.I. 643 (quoting D.I. 481 ¶ 9). The Court has also indicated that the Special Master can "adjourn the Auction and/or the Sale Hearing" in such a circumstance. *Id.* (quoting D.I. 481 ¶ 9). The Court made these statements in connection with the Venezuela Parties' assertions that the 2020 Bondholder litigation might chill bids. *See id.* at 9. It is not clear to the Special Master that the

Venezuela Parties' speculation that bids will be chilled has materialized, and the Court has repeatedly indicated it does not intend to "delay its process, to await potential rulings from other courts." D.I. 1647. The Special Master respectfully disagrees with the Venezuela Parties' continuing critiques of the sale process and their speculation as to the effects of the Court's decision to move forward with the sale process while the alter ego cases remained pending. The Special Master continues to actively and thoughtfully work to secure the best bid for a sale of the PDVH Shares and maximize value for the judgment creditors.

For these reasons, the Special Master did not see the need to seek an extension of the Topping Period at this time, but he takes no position on the Venezuela Parties' motion.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Matthew S. Barr (Admitted *pro hac vice*)
David Lender (Admitted *pro hac vice*)
Jared R. Friedmann (Admitted *pro hac vice*)
Chase A. Bentley (Admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Matt.Barr@weil.com
David.Lender@weil.com
Jared.Friedmann@weil.com
Chase.Bentley@weil.com

By: */s/ Myron T. Steele*
Myron T. Steele (#0002)
Matthew F. Davis (#4696)
Bindu A. Palapura (#5370)
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
msteele@potteranderson.com
mdavis@potteranderson.com
bpalapura@potteranderson.com

*Counsel for Special Master Robert B. Pincus*

Dated: May 26, 2025
12251275 / 21202.00001