# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>　　　　Defendant. | Case No. 1:17-mc-00151-LPS |

**CONOCOPHILLIPS' RESPONSE TO THE VENEZUELA PARTIES'
MOTION FOR AN EXTENSION OF THE TOPPING PERIOD**

Sale Process Parties Phillips Petroleum Company Venezuela Limited, ConocoPhillips Petrozuata B.V., ConocoPhillips Gulf of Paria B.V., and ConocoPhillips Hamaca B.V. (Plaintiffs in Cases No. 19-mc-00342-LPS, No. 22-mc-00264-LPS, and No. 22-mc-00464-LPS) ("ConocoPhillips") respectfully submit this response to the Venezuela Parties' Motion for an Extension of the Topping Period ("Motion") (D.I. 1757):

## RESPONSE

The Venezuela Parties have requested a 21-day extension of the topping period in the hope that the recent ruling in the Alter Ego Cases (as defined in the Motion) dismissing claims to hold PDV Holdings liable for PDVSA's debts as PDVSA's alter ego may result in interest in bidding from parties who may have previously been dissuaded by the specter of alter ego liability.

ConocoPhillips understands the Venezuela Parties' position that it is worthwhile to ascertain whether additional parties may desire to bid in light of this ruling. However, it is unnecessary to delay the end of the topping period to provide sufficient time for the actual formulation of bids if no such potential new bidders exist. Accordingly, ConocoPhillips respectfully suggests that the Special Master be required to inform the Court, no later than close of business on May 27, 2025, whether he has received any requests for additional time to bid, as well as whether he views such potential bidders as sufficiently qualified and serious to warrant a delay to allow them to formulate bids.

ConocoPhillips disagrees with the Venezuela Parties that a delay is warranted to allow time for potential bidders to review the written decision to be issued in the Alter Ego Cases. It is not possible to predict when the opinion will be forthcoming and, in any event, the dismissal of the claims, not the reasoning, would seem to be the critical gating issue.

WHEREFORE, ConocoPhillips respectfully urges that the Venezuela Parties' Motion be granted to the limited extent described herein, and otherwise denied.

*Of Counsel*:

Michael S. Kim
Marcus J. Green
Josef M. Klazen
Lydia L. Halpern
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
(212) 488-1200
michael.kim@kobrekim.com
marcus.green@kobrekim.com
jef.klazen@kobrekim.com
lydia.halpern@kobrekim.com

Richard G. Mason
Amy R. Wolf
Michael H. Cassel
WACHTELL, LIPTON, ROSEN
 & KATZ
51 West 52nd Street
New York, New York 10019
(212) 403-1000
RGMason@wlrk.com
ARWolf@wlrk.com
MHCassel@wlrk.com

Dated: May 26, 2025

Respectfully submitted,

ROSS ARONSTAM & MORITZ LLP

*/s/ Garrett B. Moritz*
Garrett B. Moritz (Bar No. 5646)
Elizabeth M. Taylor (Bar No. 6468)
1313 North Market Street, Suite 1001
Wilmington, Delaware 19801
(302) 576-1600
gmoritz@ramllp.com
etaylor@ramllp.com

*Attorneys for Phillips Petroleum Company Venezuela Limited, ConocoPhillips Petrozuata B.V., ConocoPhillips Gulf of Paria B.V., and ConocoPhillips Hamaca B.V.*