# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) No. 1:17-mc-00151-LPS ) ) |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | ) ) |
| *Defendant*. | ) |

# THE VENEZUELA PARTIES' REPLY IN SUPPORT OF MOTION FOR AN EXTENSION OF THE TOPPING PERIOD

The Court need not rely solely on the Venezuela Parties' ("VPs") view that extending the Topping Period to account for Judge Rakoff's Order would be beneficial. Two potential bidders, Vitol and Rusoro, also have requested an extension, and Gold Reserve and Koch have not opposed it. Vitol—a strategic bidder involved in this process since last year—states that the Order "fundamentally alters the Topping Period dynamics, mitigating a significant risk that has limited the value of bids to date." D.I. 1760 ¶ 1. It asks for time to assess the Order's implications; explore potential partnerships; and investigate new sources of financing to back a higher bid containing *outside* money. *Id.* ¶¶ 2, 3. That is crucial given that all Stalking Horse bids were financed almost entirely by leveraging the value of CITGO. *Id.* ¶¶ 1, 2 (explaining difficulty obtaining financing for non-credit bidders). In other words, a bidder who may have wanted to offer more or was not intending to bid may be able to do so now, given the change in risk for financial institutions.

And Rusoro, a member of the Gold Reserve consortium during the Stalking Horse round, also supports the VPs' request as "likely to be consistent with the Court's objective of achieving a value maximizing transaction." D.I. 1765 at 2; *see also* D.I. 1764 at 2 (ConocoPhillips stating there is value in an extension of time if a bidder seeks it). The Special Master has now received the requests from bidders that he said he would "seriously consider" if made. *See* D.I. 1763 at 2 & 1763-1 (Ex. C); *see* D.I. 1763 at 3 (Special Master taking no position on extension, pending bidder requests). Extending the Topping Period will also give the Special Master time to, as the Court suggested, "go[] back and forth" with potential bidders during the Topping Period, "trying to get the best value [he] can." D.I. 1507 at 133:12–15. Indeed, given Vitol's and Rusoro's filings, it appears the Special Master was right when he stated in his motion to enjoin the Alter Ego Claims ("AE Claims") that those cases were impacting bidder participation, and he now has much work ahead of him.

Crystallex and other senior creditors have no interest in maximizing the bids since they already expect to recover under the Stalking Horse Bid. Instead, they object to extending the

1

Topping Period with the incorrect argument that bidders already have priced the risk posed by the AE Claims into their bids. D.I. 1759 at 2; D.I. 1761. The point is that the risk materially *decreased* on Tuesday. The risk of a seemingly meritless case being wrongly decided is higher than the risk posed by a case found to lack merit at summary judgment.[1] Even if some of the parties to this case were confident the AE Claims would fail, Judge Rakoff denied a motion to dismiss in February, and the very idea that risk had to be priced into bids assumes that the AE Claims were depressing bids. That is why the Special Master moved to enjoin those claims. And, as Vitol explains, lenders have been concerned about the risk, which has made them less willing to extend financing beyond what could be secured by leveraging CITGO. D.I. 1760 ¶ 1. Moreover, contrary to Crystallex's unsupported contention, D.I. 1759 at 2, Vitol's filing makes clear that "sophisticated bidders" cannot update their bids in the short time remaining before the current end of the Topping Period.

Complaints about timeliness, *e.g.*, *id.* at 3, are unserious. Judge Rakoff's Order issued at 5:52pm ET on Tuesday, and within less than an hour, counsel for PDVH notified the Special Master. Rather than rush to court, the VPs spoke to the Special Master and the Sale Process Parties on their Thursday morning standing call. On that call, the Special Master's counsel indicated bidders *were asking about the order and how to assess it*, which he relayed was not possible without a written opinion.[2] That report made clear an extension was warranted, so the VPs promptly sent a letter to the Special Master that afternoon asking him to support an extension, and when he declined late the next day, the VPs promptly filed their motion.[3] Notably, the Special Master has not objected to the timeliness of the request.

---

[1] Stalking Horse Red Tree's effort to protect itself from competition by arguing that the Order may have limited preclusive effect is not credible. D.I. 1762 at 1. Complete vindication for PDVH on alter ego claims after extensive discovery will be *at least* robustly persuasive authority in any other alter ego case, and certainly reduces the risk of success—or even filings—by copycat plaintiffs.

[2] The VPs' motion did not refer to these statements because last time the VPs referred—in a sealed filing—to a statement made by the Special Master in a phone call they were accused of breaching an understanding that those calls should remain confidential. The Special Master has now put that information in the record. D.I. 1763-1 (Ex. A).

[3] The VPs complied with Rule 7.1.1. *Contra* D.I. 1759 at 3. The rule requires "a reasonable effort" to reach agreement "with the opposing party." The VPs' efforts to obtain agreement with the party from whom relief was sought—the Special Master—were reasonable, and all the more so given the unreasonableness of attempting to convene a call with dozens of attorneys the Friday before a holiday weekend. And, as all parties know well, Crystallex opposes extensions.

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | */s/ Alexandra M. Cumings* |
| OF COUNSEL: | Susan W. Waesco (#4476) |
| Nathan P. Eimer | Alexandra M. Cumings (#6146) |
| Lisa S. Meyer | Kirk Andersen (#7156) |
| Daniel D. Birk | 1201 North Market Street |
| Gregory M. Schweizer | Wilmington, DE 19801 |
| Hannah Bucher | (302) 658-9200 |
| EIMER STAHL LLP | SWaesco@morrisnichols.com |
| 224 South Michigan Avenue | ACumings@morrisnichols.com |
| Suite 1100 | KAndersen@morrisnichols.com |
| Chicago, IL 60604 |  |
| (312) 660-7600 | *Attorneys for PDV Holding, Inc. and* |
| NEimer@eimerstahl.com | *CITGO Petroleum Corporation* |
| LMeyer@eimerstahl.com |  |
| DBirk@eimerstahl.com |  |
| GSchweizer@eimerstahl.com |  |
| HBucher@eimerstahl.com |  |

|  |  |
|---|---|
|  | HEYMAN ENERIO GATTUSO & HIRZEL LLP |
|  | */s/ Brendan Patrick McDonnell* |
| OF COUNSEL: | Samuel Taylor Hirzel, II (#4415) |
| Joseph D. Pizzurro | Brendan Patrick McDonnell (#7086) |
| Kevin A. Meehan | 300 Delaware Avenue, Suite 200 |
| Juan O. Perla | Wilmington, DE 19801 |
| David V. Holmes | (302) 472-7300 |
| CURTIS, MALLET-PREVOST, COLT | shirzel@hegh.law |
| & MOSLE LLP | bmcdonnell@hehg.law |
| 101 Park Avenue New York, NY 10178 |  |
| (212) 696-6000 |  |
| jpizzurro@curtis.com |  |
| kmeehan@curtis.com |  |
| jperla@curtis.com | *Attorneys for Petróleos de Venezuela, S.A.* |
| dholmes@curtis.com |  |

3

OF COUNSEL:
Donald B. Verrilli, Jr.
Elaine J. Goldenberg
Ginger D. Anders
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW
Suite 500 E
Washington, D.C. 20001
(202) 220-1100
Donald.Verrilli@mto.com
Elaine.Goldenberg@mto.com
Ginger.Anders@mto.com

George M. Garvey
Adeel Mohammadi
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100
George.Garvey@mto.com
Adeel.Mohammadi@mto.com

May 26, 2025

ABRAMS & BAYLISS LLP

/s/ *Christopher Fitzpatrick Cannataro*
A. Thompson Bayliss (#4379)
Christopher Fitzpatrick Cannataro (#6621)
20 Montchanin Road, Suite 200
Wilmington, DE 19807
(302) 778-1000
bayliss@abramsbayliss.com
cannataro@abramsbayliss.com

*Attorneys for Bolivarian Republic of Venezuela*

4