IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION,<br><br>*Plaintiff*,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>*Defendant*. | Case No. 17-mc-00151 (LPS) |

**RED TREE INVESTMENTS, LLC'S
FURTHER RESPONSE TO THE VENEZUELA PARTIES'
MOTION FOR AN EXTENSION OF THE TOPPING PERIOD**

Red Tree respectfully submits a further response to the Venezuela Parties' Motion for an Extension of the Topping Period, D.I. 1757 (the "Motion").

In light of the Special Master's submission, Red Tree takes no position on the Motion. However, if the Motion is granted, Red Tree respectfully suggests that the Sale Hearing be adjourned accordingly. An extension of the Topping Period should not come at the expense of the winning bidder's ability to prepare for and respond to objections to its bid. For example, past filings suggest that the Venezuela Parties intend to submit an expert report relating to a valuation of the PDVH shares. *See, e.g.*, D.I. 1524 at 4-5. The winning bidder may wish to submit a rebuttal expert report, and should be afforded time to do so. To ensure the winning bidder is not prejudiced by the extension, Red Tree respectfully suggests the Court adjourn the Sale Hearing and related deadlines by a time equal to the length of the Topping Period extension.[1]

---

[1] Red Tree also respectfully requests that the Court enter a discovery schedule consistent with the schedule proposed by Red Tree, D.I. 1756, that corresponds with the new Sale Hearing date. Alternatively, if the Court would prefer, Red Tree will propose an updated discovery schedule.

Red Tree also has concerns that further extensions will cause additional costly delays, and respectfully cautions against the Court granting any further extension without affirmative evidence that doing so will result in additional value for creditors.[2]

Finally, the Special Master stated that new bidders have expressed interest in submitting topping bids, and that an extension of the Topping Period may lead to a more robust bidding process. D.I. 1770 at 2. As this Court has previously noted, the best way for the Special Master to create competitive tension and ensure a robust bidding process is to engage with bidders "***continuously and throughout the 30-day Topping Period***." D.I. 1554 at 12 (emphasis in original). That engagement should occur "*during* the Topping Period," rather than after, to give the Stalking Horse bidder a chance to match any competing bid without causing further delay. *Id.* (emphasis in original). Red Tree therefore requests the Special Master "continuously" provide information sufficient to allow Red Tree to match or beat competing bids received during the Topping Period.

---

[2] Prolonging this process imposes real financial costs on the bidding parties, and particularly on Red Tree as the Stalking Horse bidder. Red Tree accepted a discounted termination fee based in part on an understanding the Sale Process would continue expeditiously. If additional extensions are granted, Red Tree reserves the right to request supplementation of that fee.

| | |
|---|---|
| Dated: May 28, 2025 | Respectfully submitted, |
| | LANDIS RATH & COBB LLP |
| Steven F. Molo (*pro hac vice*) | */s/ Jennifer L. Cree* |
| Justin M. Ellis (*pro hac vice*) | Rebecca L. Butcher (#3816) |
| Mark W. Kelley (*pro hac vice*) | Jennifer L. Cree (#5919) |
| Lauren F. Dayton (*pro hac vice*) | 919 Market Street, Suite 1800 |
| Joshua D. Bloom (*pro hac vice*) | Wilmington, DE 19801 |
| MOLOLAMKEN LLP | Tel.: (302) 467-4400 |
| 430 Park Avenue | butcher@lrclaw.com |
| New York, NY 10022 | cree@lrclaw.com |
| Tel.: (212) 607-8170 | |
| smolo@mololamken.com | |
| jellis@mololamken.com | |
| mkelley@mololamken.com | |
| ldayton@mololamken.com | |
| jbloom@mololamken.com | |
| | |
| Lois S. Ahn (*pro hac vice*) | |
| MOLOLAMKEN LLP | |
| 600 New Hampshire Avenue, N.W. | |
| Washington, D.C. 20037 | |
| Tel.: (202) 556-2000 | |
| lahn@mololamken.com | |

*Counsel for Red Tree Investments, LLC*

3