## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION, | |
| Plaintiff, | |
| v. | Case No. 17-mc-151-LPS |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | |
| Defendant. | |
| RUSORO MINING LTD., | |
| Plaintiff, | |
| v. | Case No. 21-mc-481-LPS |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | |
| Defendant. | |
| KOCH MINERALS SARL and KOCH NITROGEN INTERNATIONAL SARL, | |
| Plaintiffs, | |
| v. | Case No. 22-mc-156-LPS |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | |
| Defendant. | |
| GOLD RESERVE INC., | |
| Plaintiff, | |
| v. | Case No. 22-mc-453-LPS |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | |
| Defendant. | |

## <u>OPPOSITION OF GOLD RESERVE, RUSORO AND KOCH TO RED TREE'S MOTION FOR AN ORDER ENTERING A DISCOVERY SCHEDULE</u>

Gold Reserve Inc., n/k/a Gold Reserve Ltd. ("Gold Reserve"), Rusoro Mining Ltd. ("Rusoro") and Koch Minerals SARL and Koch Nitrogen International SARL ("Koch") oppose Red Tree Investments, LLC's Motion for an Order Entering a Discovery Schedule (D.I. 1756) (the "Motion") as premature and contrary to its stated purpose of making the Sale Process more efficient.

The only legitimate purpose for the discovery proposed by Red Tree is to support or rebut any objections to the Special Master's Final Recommendation. *See* D.I. 1517 at 8 ("*Any party may obtain limited discovery that is relevant to whether the Court should approve the bid the Special Master recommends to the Court as his Final Recommendation and is proportional to the needs of the case.*").  However, until the Final Recommendation is made it is impossible to know what, if any, objections there will be to it and therefore what, if any, discovery is necessary and proportional in respect of such objections, and the proper schedule for the same.  Engaging in the present motion practice regarding detailed dates for such hypothetical discovery is, respectfully, not a productive use of the parties' or the Court's time.1

Further, the schedule that Red Tree has proposed for this hypothetical discovery is unworkable, because it would impose a series of deadlines that fall *after* the deadlines for the briefing that the discovery is supposed to support.  For example, under Red Tree's proposal (a) the

---

[1] Red Tree refers to discovery requests served already upon the Special Master as support for the need to enter its schedule now. (Motion ¶ 3). However, those requests actually show there is no immediate need for entry of this order because all parties can, and indeed, some already have, served written discovery requests upon the Special Master requesting allegedly relevant documents. Red Tree's proposal does nothing to prevent these requests from being made now or otherwise expedite them. Nor is there a risk that "parties will either demand or refuse to produce key documents at the last moment, or the Court will not have enough time to resolve discovery disputes" if the parties were to negotiate a discovery schedule immediately after they have had an opportunity to review the Final Recommendation. (Motion ¶ 4).

deadline to meet and confer regarding the scope of discovery is just one day before responses to the objections are due, and (b) the deadline for completion of this discovery is weeks after the date for final reply briefs in support of objections to the Final Recommendation.  Such a schedule will not work.  Given that the only purpose for such discovery is to make submissions to the Court regarding the Final Recommendation, any such discovery must be completed (or at least substantially completed) before, not after the deadlines for such submissions. To do otherwise would create confusion at, and potentially delay, the Sale Hearing and therefore frustrate rather than advance an orderly and efficient Sale Process.

For these reasons, and because it appears that the Topping Period may be further extended, the position of Gold Reserve, Rusoro and Koch is that the Motion should be denied without prejudice and that, instead, the Special Master and parties should be directed to meet-and-confer immediately after the Final Recommendation is made to determine what, if any, discovery is necessary and proportional to support any objections to this recommendation, and set a schedule for the same that is consistent with the schedule set by the Court for briefing any objections to the Final Recommendation and for the Sale Hearing.

Dated: May 28, 2025

Respectfully submitted,

| **WOMBLE BOND DICKINSON (US) LLP** | **WOMBLE BOND DICKINSON (US) LLP** |
|---|---|
| By: _/s/ Kevin J. Mangan_ <br> Kevin J. Mangan (#3810) <br> Matthew P. Ward (#4471) <br> Stephanie S. Riley (#5803) <br> 1313 N. Market St., Suite 1200 <br> Wilmington, DE 19801 <br> Telephone: 302-252-4320 <br> Kevin.mangan@wbd-us.com <br> Matthew.ward@wbd-us.com <br> Stephanie.riley@wbd-us.com <br><br> -and- <br><br> **NORTON ROSE FULBRIGHT US LLP** <br> Matthew H. Kirtland (*pro hac vice*) <br> 799 9th Street NW, Suite 1000 <br> Washington, DC 20001 <br> Telephone: 202-662-0200 <br> Matthew.kirtland@nortonsefulbright.com <br><br> - and - <br><br> Katherine G. Connolly (*pro hac vice*) <br> 555 California Street, Suite 3300 <br> San Francisco, CA 94101 <br> Telephone: 628-231-6816 <br> Katie.connolly@nortonsefulbright.com <br><br> *Attorneys for Gold Reserve Inc.* | By: _/s/ Kevin J. Mangan_ <br> Kevin J. Mangan (#3810) <br> Matthew P. Ward (#4471) <br> Stephanie S. Riley (#5803) <br> 1313 N. Market St., Suite 1200 <br> Wilmington, DE 19801 <br> Telephone: 302-252-4320 <br> Kevin.mangan@wbd-us.com <br> Matthew.ward@wbd-us.com <br> Stephanie.riley@wbd-us.com <br><br> -and- <br><br> **STINSON LLP** <br> Nicholas J. Zluticky (MO # 61203) <br> (*pro hac vice* pending) <br> 1201 Walnut, Suite 2900 <br> Kansas City, MO 64106 <br> Telephone: 816-691-3278 <br> nicholas.zluticky@stinson.com <br><br> *Attorneys for Koch Minerals SARL and Koch Nitrogen International SARL* |
| **DLA Piper LLP (US)** <br><br> By: _/s/ R. Craig Martin_ <br> R. Craig Martin (#005032) <br> 1201 North Market Street <br> Suite 2100 <br> Wilmington, DE 19801 <br> Telephone: 302-468-5655 | |

Fax: 302-778-7834
craig.martin@us.dlapiper.com

 - and -

James E. Berger (*pro hac vice*)
Charlene C. Sun (*pro hac vice*)
Joshua S. Wan (*pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: 212-335-4715
Fax: 212-884-8715
James.berger@us.dlapiper.com
Charlene.sun@us.dlapiper.com
Joshua.wan@us.dlapiper.com

*Attorneys for Rusoro Mining Ltd.*