IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CRYSTALLEX INTERNATIONAL CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Misc. No. 17-151-LPS |
| | ) | |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | ) ) | |
| | ) | |
| Defendant. | ) | |

**SPECIAL MASTER'S RESPONSE TO THE VENEZUELA PARTIES' MOTION REQUESTING ADJOURNMENT OF THE JULY 22, 2025 SALE HEARING**

Robert B. Pincus, in his capacity as special master for the United States District Court for the District of Delaware in the above-captioned case (the "**Special Master**"),[1] respectfully submits this response to the Venezuela Parties' Motion Requesting Adjournment of the July 22, 2025 Sale Hearing (the "**Motion**"), D.I. 1782, as directed by the Court in its June 4, 2025 Oral Order, D.I. 1783.

Per the Court's May 30, 2025 Oral Order, D.I. 1780, the Special Master, through counsel, met and conferred with counsel to the relevant parties, both as a group and separately, regarding a proposed discovery schedule following the 21-day extension of the Topping Period. During these discussions, many of the concerns outlined in the Venezuela Parties' Motion regarding the ability to complete discovery in an orderly fashion given the now truncated schedule, were raised not only by the Venezuela Parties, but also by Red Tree and Gold Reserve. The schedule submitted in the

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Sixth Revised Proposed Order (A) Establishing Sale and Bidding Procedures, (B) Approving Special Master's Report and Recommendation Regarding Proposed Sale Procedures Order, (C) Affirming Retention of Evercore as Investment Banker by Special Master and (D) Regarding Related Matters* (D.I. 481) (the "**Sale Procedures Order**").

Special Master's Proposed Additional Deadlines for Discovery, D.I. 1781, reflects his best efforts to craft a schedule that includes document discovery, the potential exchange of expert reports, briefing, depositions and designations of witnesses and exhibits prior to the Sale Hearing, all within the proscribed 24-day period. Having heard the various, and at times competing, concerns of the relevant parties with respect to the proposed discovery deadlines, the Special Master is certainly sympathetic to the challenges his proposed schedule could present for the relevant parties, particularly the recommended bidder and any objectors, as well as their concerns that the proposed schedule leaves no room for error (e.g., a delay in producing documents, a discovery dispute that requires court intervention, a witness that is unavailable for deposition on a specific date).

Consistent with his previously stated position, the Special Master supports an orderly and efficient process leading up to the Sale Hearing. His preference is to reduce parties' concerns about the process itself, including claims that the "schedule creates a meaningful risk ... of substantial prejudice to one or more parties." D.I. 1782 at 7. The Special Master also does not perceive of any prejudice to any party from a short delay of the type requested by the Venezuela Parties. Therefore, the Special Master believes deference should be given to the views of the anticipated litigants that will be most impacted by the schedule.

To be sure, the Special Master looks forward to making his recommendation and then, as soon as practicable thereafter, having the Court consider and rule on that recommendation. But he also is concerned about a process that proves to be unworkable for whichever of the reasons articulated in the Venezuela Parties' Motion, and that ultimately requires an adjournment beyond the date of the pending request. In addition, the requested extension would also allow the restoration of the 18-day period previously contemplated by the Court in its December 31, 2024 Order, D.I. 1517, between the end of the Topping Period and when the Special Master is required

to submit his Final Recommendation, during which the Special Master planned to try to extract additional value from each of the bidders.

At bottom, if the Court wishes to keep the current hearing date, the Special Master has provided a discovery schedule that he believes is feasible to get that done. However, if the Court is receptive to the concerns articulated in the Venezuela Parties' Motion, which the Special Master certainly appreciates, then the Special Master has no objection to a short adjournment of the Sale Hearing to the week of September 2, subject to the Court's availability. For the avoidance of doubt, under the current circumstances, the Special Master would not be supportive of further requests for extensions beyond the instant request.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Matthew S. Barr (Admitted *pro hac vice*)
David Lender (Admitted *pro hac vice*)
Jared R. Friedmann (Admitted *pro hac vice*)
Chase A. Bentley (Admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Matt.Barr@weil.com
David.Lender@weil.com
Jared.Friedmann@weil.com
Chase.Bentley@weil.com

By: */s/ Myron T. Steele*
Myron T. Steele (#0002)
Matthew F. Davis (#4696)
Bindu A. Palapura (#5370)
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
msteele@potteranderson.com
mdavis@potteranderson.com
bpalapura@potteranderson.com

*Counsel for Special Master Robert B. Pincus*

Dated: June 5, 2025
12279891 / 21202.00001