IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>    Defendant. | Case No. 17-mc-151-LPS |
| KOCH MINERALS SARL and KOCH NITROGEN INTERNATIONAL SARL,<br><br>    Plaintiffs,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>    Defendant. | Case No. 22-mc-156-LPS |
| GOLD RESERVE INC.,<br><br>    Plaintiff,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>    Defendant. | Case No. 22-mc-453-LPS |

**RESPONSE BY GOLD RESERVE AND KOCH TO THE
VENEZUELA PARTIES' MOTION TO ADJOURN THE SALE HEARING**

Gold Reserve Inc., n/k/a Gold Reserve Ltd. ("Gold Reserve"), and Koch Minerals SARL and Koch Nitrogen International SARL ("Koch") hereby respond to the Venezuela Parties' Motion for Adjournment of the July 22, 2025 Sale Hearing ("Adjournment Motion") (D.I. 1782).

While Gold Reserve and Koch would prefer to not adjourn the Sale Hearing, it has become apparent that the schedule proposed by the Special Master is impossible for multiple reasons, including those identified in the Adjournment Motion. In these circumstances, maintaining the July 22 hearing date will almost certainly result in further delay and scheduling chaos. Rather than try to resolve this chaos *in media res*, after the Final Recommendation is made by the Special Master on June 27, 2025, and while the parties are scrambling to complete discovery and at the same time preparing their substantive briefs in support of, or in objection to, the Final Recommendation, Gold Reserve's and Koch's strong preference is to, at present, set a schedule for this final, critical phase of the Sale Process that is both realistic and ***durable***, meaning it will not be further amended absent extraordinary cause.

For these reasons, Gold Reserve and Koch support a short adjournment of the Sale Hearing. However, they do not agree that a six (6) week extension is required, as the Venezuela Parties have requested. Instead, an extension of half that time would be sufficient – only 3 weeks, so that the Sale Hearing takes place in the week commencing August 11, 2025. Alternatively, if that week is not available for the Court, the Sale Hearing could take place during any three-day period in either of the subsequent two weeks – those commencing August 18 and August 25. Attached hereto at Exhibit A is a proposed schedule that models this extension, while maintaining all other dates proposed by the Special Master. Gold Reserve and Koch respectfully request that this schedule be entered. In support thereof, they further state as follows:

1. The Sale Process has been underway for over four years, since the Special Master was appointed on April 13, 2021 (D.I. 258). The Final Recommendation is scheduled to be issued by the Special Master in a few weeks (June 27, 2025) and the Sale Process is moving rapidly towards its final, critical phase: evaluation by the Court and the parties of the Final Recommendation, substantial briefing and limited discovery in relation thereto, and the Sale

2

Hearing, at which the Court will consider whether to approve or reject the Final Recommendation, and rule on any objections thereto. The objective of Gold Reserve and Koch, which have been seeking to recover on their arbitral awards and corresponding judgments for more than a decade, is to obtain a final resolution of the Sale Process in a value-maximizing Sale Transaction as soon as possible.

2.  The Proposed Schedule will frustrate, rather than advance, this objective. This is not the fault of any party, but rather a function of subsequent events that now would cause the compression into three weeks of the actions that, in the schedule entered by the Court on December 31, 2024 (D.I. 1517), were to take nine weeks.[1]

3.  Gold Reserve and Koch concur with and will not restate the reasons detailed by the Venezuela Parties as to why the Proposed Schedule is impossible (Adjournment Motion at 6-7), except to emphasize that the critical problem is that the Proposed Schedule would have discovery dual-track with, and therefore occur *after*, the briefing that the discovery is intended to support, *i.e.*, the objections (or supporting briefs) on the Final Recommendation. (D.I. 1517, ¶ 29). For example, the proposed date for filing of objections to the Final Recommendation is July 3, 2025, yet almost all the discovery will be taken after that date – with document requests not being served until July 5, document productions not being completed until July 11 and 14, and depositions not even being noticed until July 10. Although all of this discovery – fact and expert – will be limited in scope and take place over a compressed three-week time period, it simply will not work that the parties are preparing their substantive objections (or supporting briefs), and the equally substantive responses and replies thereto, while this discovery is occurring at the same time (or thereafter).

---

[1] The December 31, 2024 Order set the Final Recommendation for May 16 and the Sale Hearing on July 22, a period of 67 days. (D.I. 1517). The May 30, 2025 Order has the Final Recommendation on June 27 with the Sale Hearing on July 22, a period of 25 days. (D.I. 1779).

3

4.      The solution to this problem is, in the respectful submission of Gold Reserve and Koch, for the Court to make hard-and-fast the existing discovery completion deadline (July 18), adopt the other interim dates proposed by the Special Master, and then have the parties' briefing on the Final Recommendation take place (also on an expedited schedule) after the discovery is complete, as was to have occurred in the Court's original December 31, 2024 Scheduling Order (D.I. 1516). A three week extension of the Sale Hearing date will permit this.

5.      There is precedent for such a short extension. The Sale Hearing has been adjourned four times before: from its original date of July 15, 2024 to September 19, 2024 (D.I. 1213), then to October 30, 2024 (D.I. 1234), then to November 19, 2024 (D.I. 1242), and now to the present July 22, 2025 (D.I. 1517). A three week adjournment is significantly shorter than, and at minimum as well justified as, these prior extensions.

6.      Finally, there is no prejudice to the Sale Process in rescheduling the Sale Hearing by three weeks. In this respect, Gold Reserve and Koch note that the Special Master has stated he is neutral on the Venezuela Parties' request for a six-week extension. This weighs in favor of granting the more limited extension suggested by Gold Reserve and Koch given that, if there were any such prejudice, the Special Master would have opposed the request.[2]

---

[2] The request for an adjournment of the Sale Hearing date in light of the extension of the Topping Period has not been expressly decided by the Court. While Red Tree suggested such an adjournment in its Further Response to the Venezuela Parties' Motion for an Extension of the Topping Period (D.I. 1774), this question was not briefed or argued by any other party, and the Court did not expressly deny any such adjournment in granting the motion to extend the Topping Period. (D.I. 1779).

Dated: June 5, 2025

Respectfully submitted,

| **WOMBLE BOND DICKINSON (US) LLP** | **WOMBLE BOND DICKINSON (US) LLP** |
|---|---|
| By: */s/ Kevin J. Mangan* <br> Kevin J. Mangan (#3810) <br> Matthew P. Ward (#4471) <br> Stephanie S. Riley (#5803) <br> 1313 N. Market St., Suite 1200 <br> Wilmington, DE 19801 <br> Telephone: 302-252-4320 <br> Kevin.mangan@wbd-us.com <br> Matthew.ward@wbd-us.com <br> Stephanie.riley@wbd-us.com <br><br> **NORTON ROSE FULBRIGHT US LLP** <br> Matthew H. Kirtland (*pro hac vice*) <br> 799 9th Street NW, Suite 1000 <br> Washington, DC 20001 <br> Telephone: 202-662-0200 <br> Matthew.kirtland@nortonrosefulbright.com <br><br> - and - <br><br> Katherine G. Connolly (*pro hac vice*) <br> 1 Embarcadero Center, Suite 1050 <br> San Francisco, CA 94111 <br> Telephone: 628-231-6816 <br> Katie.connolly@nortonrosefulbright.com <br><br> - and – <br><br> Taylor J. LeMay (*pro hac vice*) <br> 1550 Lamar Street, Suite 2000 <br> Houston, TX 77010 <br> Telephone: 713-651-5151 <br> Taylor.lemay@nortonrosefulbright.com <br><br> *Attorneys for Gold Reserve* | By: */s/ Kevin J. Mangan* <br> Kevin J. Mangan (#3810) <br> Matthew P. Ward (#4471) <br> Stephanie S. Riley (#5803) <br> 1313 N. Market St., Suite 1200 <br> Wilmington, DE 19801 <br> Telephone: 302-252-4320 <br> Kevin.mangan@wbd-us.com <br> Matthew.ward@wbd-us.com <br> Stephanie.riley@wbd-us.com <br><br> **STINSON LLP** <br> Nicholas J. Zluticky (MO # 61203) <br> (*pro hac vice* pending) <br> 1201 Walnut, Suite 2900 <br> Kansas City, MO 64106 <br> Telephone: 816-691-3278 <br> nicholas.zluticky@stinson.com <br><br> *Attorneys for Koch Minerals SARL and Koch Nitrogen International SARL* |