**Exhibit A**

| Event | SM Proposal | Gold Reserve/ Koch Proposal |
|---|---|---|
| Deadline for the Special Master to submit his Final Recommendation | June 27 | June 27 |
| Deadline to file Notice of Objection to the Special Master's Final Recommendation[1] | N/A | July 2 |
| Deadline to serve written discovery[2] | June 30, July 5 | July 3 |
| Opening expert reports due | July 3 | July 3 |
| Deadline for any Competing Objector to disclose its own bid materials (such materials to be commensurate with those disclosed by the Special Master of the recommended bid) | July 3 | July 3 |
| Deadline to serve witness disclosures pursuant to FRCP 26(a)(3) | July 9 | July 9 |
| Deadline to serve responses and objections for discovery requests served after the Final Recommendation | July 8 | July 8 |
| Deadline to notice witness depositions | July 10 | July 10 |
| Deadline to meet and confer regarding the scope of discovery to be produced in response to discovery requests served after submission of the Final Recommendation | July 9 | July 9 |
| Deadline to produce documents in response to document requests pre-dating the Final Recommendation | July 11 | July 11 |
| Deadline to serve responsive expert reports | July 13 | July 13 |

---

[1] The parties agree that a "Competing Objector"—a bidder that objects to the Final Recommendation and asserts its bid should be selected instead—may be subject to inter-party discovery. The Special Master's proposed schedule is triggered off such Competing Objectors being identified in the Objections to the Final Recommendation due July 3. (D.I. 1781). Because Gold Reserve/Koch propose that the Objections instead be submitted on July 23, it has inserted the concept that a "Notice of Objection" be filed on July 2. Therein, a party will be required to state, in brief, the nature of any objection it has to the Final Recommendation. This will preserve the identification of any Competing Objector at the beginning of the discovery period and thus also preserve the remainder of the discovery schedule proposed by the Special Master.

[2] The Special Master proposes a June 30 deadline for written discovery requests on the "party (or parties) whose bid is selected as Final Recommendation" and a July 5 deadline for written discovery on a "Competing Objector." (D.I. 1781). Gold Reserve/Koch's proposed schedule does not differentiate between discovery on specific parties and is inclusive of a deadline for discovery to the Special Master.

| Event | SM Proposal | Gold Reserve/ Koch Proposal |
|---|---|---|
| Deadline to produce documents in response to document requests post-dating the Final Recommendation | July 14 | July 14 |
| Deadline to serve reply expert reports | July 16 | July 16 |
| Discovery period closes (~*2 week discovery period*) | July 18 | July 18 |
|  |  |  |
| Deadline for filing Objections to the Special Master's Final Recommendation (including FRCP 26(a)(3) exhibits)[3] | July 3 | July 23 |
| Deadline for filing Responses to Objections to the Special Master's Final Recommendation (including FRCP 26(a)(3) exhibits) | July 11 | August 1 |
| Deadline for filing Replies in support of Objections to the Special Master's Final Recommendation (including FRCP 26(a)(3) exhibits) | July 16 | August 6[4] |
| Deadline for the Special Master to submit Joint Status Report (including FRCP 26(a)(3) exhibits)[5] | July 16 | August 6 |
| Sale Hearing | July 22-24 | August 11-14[6] |

---

[3] Gold Reserve/Koch submit that five days between the close of discovery and submission of Objections is reasonable given that parties do not need to wait until the close of discovery to begin preparing their Objections.

[4] The time frames reflected in Gold Reserve/Koch's proposed briefing schedule are consistent with the Court's May 30, 2025 Order (D.I. 1779) and the Special Master's Proposed Schedule (D.I. 1781).

[5] Gold Reserve/Koch's proposed schedule does away with the deadlines for disclosing exhibits pursuant to FRCP 26(a)(3), as well as objections thereto, by requiring that parties make such disclosures and objections with their briefing. Briefing following discovery makes this possible.

[6] If the Court is not available the week of August 11 and the Sale Hearing is instead set for the weeks of August 18 or August 25, Gold Reserve/Koch submit that its proposed schedule should be maintained. Any additional time would be utilized for Sale Hearing preparation and serve as a buffer in the event of unexpected delays.