**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

CRYSTALLEX INTERNATIONAL CORP.,

*Plaintiff*,

v.

BOLIVARIAN REPUBLIC OF VENEZUELA,

*Defendant*.

No. 1:17-mc-00151-LPS

**THE VENEZUELA PARTIES' REPLY IN SUPPORT OF THEIR MOTION REQUESTING ADJOURNMENT OF THE JULY 22, 2025 SALE HEARING**

The responses to the Venezuela Parties' ("VPs'") motion to adjourn the Sale Hearing demonstrate that a short adjournment is appropriate.[1] The Special Master, for example, "has no objection to a short adjournment … to the week of September 2," as he "appreciates" the VPs' concerns "regarding the ability to complete discovery in an orderly fashion given the now truncated schedule." D.I. 1787 at 1, 3. The Special Master correctly warns that the current schedule "leaves no room for error," *id.* at 2. (Indeed, what the Court had previously allowed 67 days to complete now must be done in only 21, and now a single missed flight by a deponent or attorney could derail the entire schedule.) The Special Master also agrees that the extension would give him more time "between the end of the Topping Period" and the deadline for "his Final Recommendation, during which [he] planned to extract additional value." *Id.* at 2–3.

As the Special Master also notes, others share these concerns. Gold Reserve and Koch ("Gold Reserve") believe that the current schedule "is impossible" and that "maintaining the July 22 hearing date will almost certainly result in further delay and scheduling chaos." D.I. 1789 at 2. And Red Tree agrees that "the time to review documents, resolve discovery disputes, and conduct depositions is very compressed," D.I. 1784 at 1, and also filed objections to the Special Master's proposed discovery schedule arguing that the document production deadline is "too close to the end of discovery to allow the parties to meaningfully prepare for depositions" and that "the time provided for responsive expert reports is insufficient," D.I. 1790 at 1–2. These problems are being caused by the compressed schedule, and Red Tree's proposed fixes come at the cost of truncating the time for other aspects of the schedule. *See id.* at 2–3; *see also* D.I. 1774 at 1 (Red Tree suggesting that, if the Topping Period were extended, "the Sale Hearing [should] be adjourned

[1] All capitalized terms shall have the meanings ascribed to such terms in the SPO (D.I. 481). Nothing in this filing should be construed to imply consent to a forced sale. The VPs preserve all rights and positions, including on appeal.

accordingly," as such "an extension … should not come at the expense of the winning bidder's ability to prepare for and respond to objections to its bid").

While Gold Reserve proposes (and Red Tree "does not oppose," D.I. 1790 at 1, n.1) a three-week extension rather than the six weeks proposed by the VPs, D.I. 1789 at 2,[2] their proposal does not, as the Special Master put it, "allow the restoration of the 18-day period previously contemplated by the Court in its December 31, 2024 Order [the "December 31 Order"], D.I. 1517, between the end of the Topping Period" and the Final Recommendation, "during which [he] planned to try to extract additional value from each of the bidders." D.I. 1787 at 2–3; *see* D.I. 1789-1 at 1 (Gold Reserve's proposed schedule). Providing this extra time is, contrary to ConocoPhillips' contention, D.I. 1788 at 3, intended to facilitate a value-maximizing process. *See* D.I. 1782 at 6 (VPs explaining "this period is crucial for maximizing value").

A three-week extension also would require either retaining the current schedule's requirement that objections be filed before substantial discovery is completed, which is Gold Reserve's major concern, *see* D.I. 1789 at 3, or retain, as Gold Reserve proposes, *id.* at 4, the same breakneck discovery schedule that most concerns Red Tree, *see* D.I. 1784 at 1; *see also* D.I. 1790 at 1–2 (objecting that the current schedule does not allow enough time to review documents to prepare for depositions and proposing that "[i]f the Court adjourns the sale hearing, … an extension of the discovery period is appropriate"); *accord* D.I. 1787 at 2 (Special Master stating that he "is concerned about a process that proves to be unworkable … and that ultimately requires an adjournment beyond the date of the pending request"). There is no reason to have to choose between these compelling concerns over a mere matter of three weeks. *See* D.I. 1787 at 2 (Special Master stating that he "does not perceive … any prejudice to any party from a short delay of the

[2] OIEG also does not oppose an adjournment or three to four weeks. D.I. 1785 at 2.

type requested by the [VPs]"). Moreover, any objection that the proposed extension is unreasonably long, threatens to turn the proceedings "into a full-blown litigation," D.I. 1788 at 3, or is designed "to rejigger the long-settled schedule" with "full-blown case discovery" D.I. 1786 at 3, cannot be squared with the fact that the window provided for by the VPs' proposed extension (which the Special Master calls "short," *supra*) is in fact shorter than under the original schedule adopted in the Court's December 31 Order. *See* D.I. 1517 at 9; *see also* D.I. 1789 at 3 (Gold Reserve noting that "subsequent events … now would cause the compression into three weeks of the actions that, [under the December 31 Order], were to take nine weeks").

Crystallex's continued objection to the fact that parties intend to engage in limited discovery authorized by the Court and insistence that the Court can simply rubber-stamp whatever bid is recommended (notwithstanding the many Delaware cases to the contrary), D.I. 1786 at 4, are misplaced. As Red Tree has noted, "[g]iven the sheer number of objections and counter-objections filed during the Stalking Horse period, it is reasonable to expect that multiple other parties may seek discovery in connection with the Sale Hearing." D.I. 1756 at 2. This can and should be done through "an orderly and efficient process.". D.I. 1787 at 2. And while Crystallex points to the U.S. judicial system's general interest in the ability of creditors to recover on their judgments, that interest—if it is implicated at all by a three-week continuance that many creditors support or do not oppose—does not override the parties' right to a procedurally proper process and to litigate their objections under Delaware and federal law. *See also* Oct. 1, 2024 Tr. at 30:4–34:22 (Crystallex objecting to Elliott's bid under Delaware law and proposing "a process that is transparent and that allows people to have informed objections" and that "people be allowed reasonable time periods to object to the terms" of the bid); *id.* at 55:25–56:2 (objecting to "loading the dice in favor of [a] transaction and not allowing enough time for intelligent objections").

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Alexandra M. Cumings
Susan W. Waesco (#4476)
Alexandra M. Cumings (#6146)
1201 North Market Street
Wilmington, DE 19801
(302) 658-9200
SWaesco@morrisnichols.com
ACumings@morrisnichols.com

OF COUNSEL:
Nathan P. Eimer
Lisa S. Meyer
Daniel D. Birk
Gregory M. Schweizer
Hannah Bucher
EIMER STAHL LLP
224 South Michigan Avenue
Suite 1100
Chicago, IL 60604
(312) 660-7600
NEimer@eimerstahl.com
LMeyer@eimerstahl.com
DBirk@eimerstahl.com
GSchweizer@eimerstahl.com
HBucher@eimerstahl.com

*Attorneys for PDV Holding, Inc. and CITGO Petroleum Corporation*

HEYMAN ENERIO GATTUSO & HIRZEL LLP

/s/ Brendan Patrick McDonnell
Samuel Taylor Hirzel, II (#4415)
Brendan Patrick McDonnell (#7086)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
shirzel@hegh.law
bmcdonnell@hehg.law

OF COUNSEL:
Joseph D. Pizzurro
Kevin A. Meehan
Juan O. Perla
David V. Holmes
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
101 Park Avenue New York, NY 10178
(212) 696-6000
jpizzurro@curtis.com
kmeehan@curtis.com
jperla@curtis.com
dholmes@curtis.com

*Attorneys for Petróleos de Venezuela, S.A.*

ABRAMS & BAYLISS LLP

/s/ Christopher Fitzpatrick Cannataro
A. Thompson Bayliss (#4379)
Christopher Fitzpatrick Cannataro (#6621)
20 Montchanin Road, Suite 200
Wilmington, DE 19807

OF COUNSEL:
Donald B. Verrilli, Jr.
Elaine J. Goldenberg
Ginger D. Anders
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW

Suite 500 E
Washington, D.C. 20001
(202) 220-1100
Donald.Verrilli@mto.com
Elaine.Goldenberg@mto.com
Ginger.Anders@mto.com

George M. Garvey
Adeel Mohammadi
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100
George.Garvey@mto.com
Adeel.Mohammadi@mto.com

June 6, 2025

(302) 778-1000
bayliss@abramsbayliss.com
cannataro@abramsbayliss.com

*Attorneys for Bolivarian Republic of Venezuela*