IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>　　　　　　Defendant. | C.A. No. 17-mc-151-LPS |

**CRYSTALLEX INTERNATIONAL CORPORATION'S OPPOSITION TO
DR. LEROY A. GARRETT'S MOTION FOR RELIEF AND INTERVENTION**

OF COUNSEL:

Robert L. Weigel
Jason W. Myatt
Rahim Moloo
Zachary Kady
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Tel: (212) 351-4000
Fax: (212) 351-4035

Miguel A. Estrada
Lucas C. Townsend
Adam M. Smith
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
Tel: (202) 955-8500
Fax: (202) 467-0539

Dated: June 6, 2025

Raymond J. DiCamillo (#3188)
Jeffrey L. Moyer (#3309)
Travis S. Hunter (#5350)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Tel: (302) 651-7700
Fax: (302) 651-7701

*Attorneys for Plaintiff*

Crystallex respectfully submits this opposition to Dr. Leroy A. Garrett's motion for relief pursuant to Federal Rule of Civil Procedure 60 and for intervention pursuant to Federal Rule of Civil Procedure 24, D.I. 1771.

The Court should summarily deny Dr. Garrett's motion as untimely, unmeritorious, and frivolous. Dr. Garrett filed a pro se action against PDVSA and PDVH in which he sought a preliminary injunction halting this Court's sale process, which Judge Hall denied in August 2024. D.I. 24, *Garrett v. Petróleos de Venezuela, S.A.*, No. 1:24-cv-00380-JLH (D. Del. Aug. 29, 2024). Dr. Garrett appealed that decision to the Third Circuit, but he failed to file an opening brief, so the Third Circuit dismissed his appeal for failure to timely prosecute in December 2024. Dkt. 12, *Garrett v. Petróleos de Venezuela*, No. 24-2791 (3d Cir. Dec. 10, 2024). Dr. Garrett moved to reopen his appeal, and the Third Circuit denied that motion in January 2025. Dkt. 18, *Garrett*, No. 24-2791 (3d Cir. Jan. 14, 2025). Dr. Garrett nevertheless filed a belated opening brief a week later, leading the Third Circuit to enter an order informing Dr. Garrett that "no further action will be taken" on his opening brief because "[t]his appeal has concluded." Dkt. 21, *Garrett*, No. 24-2791 (3d Cir. Jan. 29, 2025).

While his appeal was pending, Dr. Garrett also filed a petition for a writ of mandamus in the Third Circuit, asking that court to stay these proceedings, contending that this Court and the Special Master have "conducted the proceedings with 'unethical secrecy.'" Dkt. 9, at 2, *In re Garett*, No. 24-2862 (3d Cir. Nov. 21, 2024). The Third Circuit denied his petition because he "ha[d] not established his entitlement to such extraordinary relief," noting that his "argument regarding the secrecy of the proceedings is undermined by the extensive, public District Court record." *Id.* Dr. Garrett then filed an untimely petition for rehearing en banc, prompting the Third Circuit to order him to move to file an out-of-time rehearing petition. Dkt. 11, *In re Garrett*, No.

1

24-2862 (3d Cir. Jan. 10, 2025). The Third Circuit granted his request to file an untimely petition, but denied his petition for rehearing en banc. Dkt. 13, *In re Garrett*, No. 24-2862 (3d Cir. Jan. 29, 2025); Dkt. 15, *In re Garrett*, No. 24-2862 (3d Cir. Apr. 3, 2025). Dr. Garrett then moved for reconsideration of the order denying rehearing en banc, and the Third Circuit entered an order informing him that "no further action will be taken" on that motion because "[t]his matter has concluded." Dkt. 17, *In re Garrett*, No. 24-2862 (3d Cir. Apr. 14, 2025).

Dr. Garrett next—without first moving to intervene in these proceedings—filed a document on the docket requesting the Special Master to respond to a series of questions. D.I. 1746. He subsequently filed an "inquiry" requesting that the Special Master "expedite the expected answers" to his questionnaire. D.I. 1751. After neither the Court nor the Special Master took any action on his improper demand that the Special Master answer a series of questions propounded by a non-party—which he has since expanded upon with a "follow-up questionnaire (No.2)," D.I. 1791—Dr. Garrett filed his motion to intervene and for relief under Rule 60. D.I. 1771. Dr. Garrett asks this Court to grant him a writ of attachment on the PDVH Shares, stay the sale process, and alter the priority of judgments in these proceedings to prioritize his claims. *Id.* at 5, 9. In the alternative, he asks this Court to "transfer these proceedings" to the Foreign Claims Settlement Commission of the U.S. Department of Justice. *Id.* at 5.

Just like his prior failed attempts at staying this Court's sale process in both the district court and two separate proceedings in the Third Circuit, Dr. Garrett's motion for relief and intervention is both untimely and meritless. If Dr. Garrett had any interest in this action, then filing a motion to intervene should have been his starting point, not his ending one. In addition, if this motion is to be treated as a valid motion for relief and intervention, then it is even less timely than the similar failed attempts made by Adelso Adrianza and Ivan Freites and should be denied on that

2

basis. *See* D.I. 426 (order denying Adrianza's motion to intervene); Dkt. 19-1, *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 24-2801 (3d Cir. Nov. 21, 2024) (order granting Crystallex's motion to summarily affirm order denying Adrianza's motion to intervene); D.I. 1218 (order denying as untimely Freites's motion to stay the sale process). Dr. Garrett has filed his own action to pursue his claims against PDVSA, and he should not be allowed to intervene in this case for the purpose of upending the sale process simply because he has not met with any success in his own.

Moreover, Dr. Garrett has not retained any local Delaware counsel. *See* D.I. 1726. Dr. Garrett should not be permitted to continue filing frivolous requests in this matter without any consequences or even the filter of professional responsibility that a retained attorney would provide. To prevent the filing of additional frivolous documents by Dr. Garrett, the Court should instruct the Clerk that no further submissions from Dr. Garrett should be docketed in this matter without leave of this Court.

For these reasons, Crystallex respectfully submits that Dr. Garrett's motion for relief and intervention should be summarily denied.

| | |
|---|---|
| OF COUNSEL: | */s/ Travis S. Hunter* <br> Raymond J. DiCamillo (#3188) <br> Jeffrey L. Moyer (#3309) |
| Robert L. Weigel <br> Jason W. Myatt <br> Rahim Moloo <br> Zachary Kady <br> GIBSON, DUNN & CRUTCHER LLP <br> 200 Park Avenue <br> New York, New York  10166 <br> (212) 351-4000 | Travis S. Hunter (#5350) <br> RICHARDS, LAYTON & FINGER, P.A. <br> One Rodney Square <br> 920 North King Street <br> Wilmington, Delaware  19801 <br> (302) 651-7700 <br> dicamillo@rlf.com <br> moyer@rlf.com <br> hunter@rlf.com |
| Miguel A. Estrada <br> Lucas C. Townsend <br> Adam M. Smith <br> GIBSON, DUNN & CRUTCHER LLP <br> 1700 M Street, N.W. <br> Washington, D.C.  20036 <br> Tel:  (202) 955-8500 <br> Fax:  (202) 467-0539 | *Attorneys for Plaintiff* |

Dated: June 6, 2025