IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CRYSTALLEX INTERNATIONAL CORP., Plaintiff, | ) ) ) ) ) ) ) ) ) ) ) | |
| v. | | No. 1:17-mc-00151-LPS |
| BOLIVARIAN REPUBLIC OF VENEZUELA, Defendant. | | |

## MOTION FOR PRELIMINARY INJUNCTION OR STAY OF CITGO SALE

**June 17, 2025**

**Movant**, Dr. Leroy Garrett, pro se, pursuant to Federal Rules of Civil Procedure 65 and 62(c), moves for a preliminary injunction or stay of the Citgo sale to protect his claims in his Motion for Relief and Intervention (D.I. 1771, filed May 27, 2025), opposing Crystallex International Corporation's Motion to Dismiss (D.I. 1794, filed June 6, 2025) and PDV Holding, Inc. and CITGO Petroleum Corporation's (CITGO Parties) Motion to Deny Intervention and Attachment (D.I. 1802, filed June 11, 2025).

**I. Introduction**

Movant, a U.S. citizen and member of PetroAmigos de Venezuela, seeks to enjoin or stay the Citgo sale until his claims for damages from PDVSA's human rights abuses (state-directed confiscation of workers' funds) are resolved, citing irreparable harm from the sale's $21.3 billion oversubscription against Citgo's $11–13 billion value. In re Garlock Sealing Technologies, LLC, 504 B.R. 71, 75 (Bankr. W.D.N.C. 2014) ("Equity demands that unsecured creditors receive fair consideration in an over-subscribed asset sale."). Crystallex's and CITGO Parties' motions (D.I. 1794, 1802) wrongly deny Movant's claims under the Foreign Sovereign Immunities Act

1

(FSIA), 28 U.S.C. § 1605(a)(3), and intervention rights under Federal Rule of Civil Procedure 24, necessitating this motion. Simon v. Republic of Hungary, 812 F.3d 127, 142 (D.C. Cir. 2016) ("The expropriation exception waives sovereign immunity where rights in property taken in violation of international law are in issue and that property or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state; or that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States.").

## II. Background

PDVSA's state-directed confiscation of Movant's and other workers' funds (e.g., salaries, pensions) constitutes a taking in violation of international law, actionable under 28 U.S.C. § 1605(a)(3). Simon v. Republic of Hungary, 812 F.3d 127, 140 (D.C. Cir. 2016). The Citgo sale, addressing $21.3 billion in claims against a $11–13 billion value, risks excluding Movant's unsecured claims. In re Garlock Sealing Technologies, LLC, 504 B.R. 71, 78 (Bankr. W.D.N.C. 2014). Movant's Supplemental Declaration (filed concurrently, with Collective Declarations, Exhibit A) evidences these takings, linked to Citgo's U.S. operations via PDVSA's alter-ego status. Crystallex International Corp. v. Bolivarian Republic of Venezuela, 333 F. Supp. 3d 380, 384 (D. Del. 2018) ("The court finds that PDVSA is the alter ego of Venezuela, as the Venezuelan government exercises extensive control over PDVSA's operations and decision-making."). Special Master Robert B. Pincus's non-responses to questionnaires (D.I. 1746, 1751, 1791) and Crystallex's rejection of a conferral invitation (June 8, 2025) prejudice Movant's participation, violating fairness under Federal Rule of Civil Procedure 53(f). OI European v.

Venezuela, No. 16-cv-1533, slip op. at 4 (D. Del. July 15, 2019) ("Special masters must act with diligence to ensure fair consideration of all parties' claims.").

### III. Legal Standard

A preliminary injunction under Federal Rule of Civil Procedure 65 requires: (1) likelihood of success on the merits; (2) irreparable harm absent relief; (3) balance of equities favoring Movant; and (4) public interest supporting the injunction. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."). A stay under Rule 62(c) is warranted to preserve claims pending resolution. Landis v. North American Co., 299 U.S. 248, 255 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Pro se filings are construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972) ("We hold only that the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, are sufficient to call for the opportunity to present evidence.").

### IV. Argument

a. Likelihood of Success on the Merits: Movant's FSIA claims are meritorious, as PDVSA's confiscation waives immunity under 28 U.S.C. § 1605(a)(3). Simon v. Republic of Hungary, 812 F.3d 127, 142 (D.C. Cir. 2016). The Supplemental Declaration and Collective Declarations (Exhibit A) substantiate state-directed takings, linked to Citgo's U.S. operations via PDVSA's alter-ego status. Crystallex International Corp. v. Bolivarian Republic of Venezuela, 333 F. Supp. 3d 380, 384 (D. Del. 2018). D.I. 1771 satisfies Federal Rule of Civil Procedure 24(a)(2)

for intervention, as it is timely, asserts a cognizable interest, faces impairment, and lacks representation by existing parties, countering D.I. 1794 and 1802. United States v. Territory of Virgin Islands, 748 F.3d 514, 519 (3d Cir. 2014) ("To intervene by right under Rule 24(a)(2), an applicant must show: (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter, by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation."). Equitable tolling supports timeliness despite missed deadlines (D.I. 652, 738, 902). Holland v. Florida, 560 U.S. 631, 649 (2010) ("We have previously held that a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.").

b. Irreparable Harm: Sale completion (August 18, 2025) will exhaust PDV Holding, Inc. shares, excluding Movant's unsecured claims due to the $21.3 billion oversubscription, causing irreparable harm unremediable by monetary damages. In re Garlock Sealing Technologies, LLC, 504 B.R. 71, 78 (Bankr. W.D.N.C. 2014). Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 22 (2008).

c. Balance of Equities: A stay or injunction imposes minimal prejudice, as sale delays (topping period extended to June 20, 2025) and Citgo's $1.2–2.0 billion EBITDA reduce harm to parties, while Movant faces permanent loss of recovery absent relief. Landis v. North American Co., 299 U.S. 248, 255 (1936). Equity favors protecting Movant's claims. In re Garlock Sealing Technologies, LLC, 504 B.R. 71, 80 (Bankr. W.D.N.C. 2014).

d. Public Interest: Protecting U.S. citizens' rights against foreign state abuses aligns with public interest, supporting an FCSC to equitably adjudicate claims. Simon v. Republic of Hungary, 812

4

F.3d 127, 145 (D.C. Cir. 2016). Dames & Moore v. Regan, 453 U.S. 654, 660 (1981) ("The President's authority to settle claims of American nationals against foreign governments is well-established and supported by the Claims Settlement Act of 1949, 22 U.S.C. § 1621 et seq.").V. Relief Requested

Movant respectfully requests the Court:

1. **Deny Crystallex's Motion to Dismiss** (D.I. 1794) and CITGO Parties' Motion to Deny Intervention (D.I. 1802).

2. **Grant D.I. 1771**, permitting intervention, recognizing equitable creditor status, and ordering a stay or FCSC transfer.

3. **Schedule a hearing by July 1, 2025**, to address D.I. 1771, 1794, and 1802.

4. **Grant leave to amend** D.I. 1771 if deficiencies exist. Foman v. Davis, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

Respectfully submitted,

*/s/ Leroy A. Garrett*
Dr. Leroy A. Garrett
Interested Party with Entry of Appearance
Pro Se Attorney
Member of Petroamigos de Venezuela (ONG)
6725 S Fry Road Ste. 700-338
Katy Texas 77494
Tel.: (832) 652-7912
E-Mail: lry_garrett@yahoo.com

**Attachments**: Supplemental Declaration, Collective Declarations, Transmittal Memorandum,

**Certificate of Service**: I certify that on June 17, 2025, this Motion for Preliminary Injuction to Stay was served via certified mail on Secretary for the Delaware District Court for proper docketing and electronic distribution of all parties of record.