womblebonddickinson.com



Womble Bond Dickinson (US) LLP

1313 North Market Street
Suite 1200
Wilmington, DE 19801

t:   302.252.4320
f:   302.252.4330

June 23, 2025

The Honorable Leonard P. Stark
United States District Court
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, Delaware 19801

Kevin J. Mangan
Partner
Direct Dial: 302-252-4361
Direct Fax: 302-661-7729
E-mail: Kevin.Mangan@wbd-us.com

**Re:**   *Crystallex International Corp. v. Bolivarian Republic of Venezuela,* **Case No. 17-mc-151**

Dear Judge Stark,

This is an emergency request by Gold Reserve[1] arising from a recent action by the U.S. Department of Treasury, Office of Foreign Assets Control ("OFAC") that fundamentally impacts the Sale Process.

On Friday, June 20, 2025, OFAC issued General License ("GL") No. 5S, which extends the long-running suspension of the 2020 Bondholders' ability to exercise their rights under their purported Pledge by another six (6) months, from July 3, 2025 to December 20, 2025.  This extension is double the length of OFAC's usual three-month extensions of the suspension of GL-5 and 50% longer than the prior four-month extension.[2]  As the Court will recall from the prior briefing, OFAC first suspended GL-5 in October 2019, and it has now extended this suspension nineteen times over the course of the past 5+ years.  As importantly, the extended period of this suspension is sufficient to go through a realistic, early Closing date of the Sale Transaction.

In Gold Reserve's view, GL-5S is the definitive "indication," referenced by the Court in its April 21, 2025 Order, that OFAC intends to "continue to suspend GL-5 beyond the date of the expected closing of sale of the PDVH Shares."  (D.I. 1741 at 7).[3]  It also constitutes definitive proof that the 2020

---

[1] On June 18, 2025, Gold Reserve submitted a revised topping bid with its consortium partners Rusoro Mining Ltd. ("Rusoro") and Koch Minerals SARL and Koch Nitrogen SARL ("Koch") (together, "the Consortium"). On September 30, 2024, Gold Reserve Inc. completed a continuance and re-domiciled from Alberta, Canada to Bermuda, and in connection therewith changed its name to Gold Reserve Ltd.

[2] Eleven of OFAC's nineteen suspension of GL-5 have been for three months (GL-5A, GL-5B, GL-C, GL-5D, GL-5E, GL-5K, GL-5L, GL-5M, GL-5N, GL-5O, and GL-5Q).

[3] The timing of the issuance of GL-5S further confirms this.  OFAC usually issues these extensions a few days in advance of when the existing suspension is set to expire.  For example, GL-5R was issued one day before GL-5Q was set to expire on March 7, 2025.  Here, OFAC issued GL-5S thirteen (13) days in advance of when

Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/us/legal-notice for further details.

Bondholders have not persuaded "OFAC to change the position to which it has consistently adhered for over five years, i.e., the suspension of [GL-5], which it appears the 2020 Bondholders need to be in non-suspended status in order to effectuate any rights they may have as a consequence of the Republic's default on the 2020 Bonds. (*See* Tr. at 84-85) (Venezuela Parties' counsel explaining numerous contingencies 2020 Bondholders may need to overcome to impact this Court's Sale Process)." *Id.* at 6-7

The issuance of GL-5S thus substantially reduces, if not eliminates entirely, the purported "risk" presented by the 2020 Bondholders and therefore the rationale for ascribing value to a settlement with the 2020 Bondholders that would divert billions of dollars from the Attached Judgment Creditors.

To provide further confirmation of this, Gold Reserve respectfully requests the following relief:

> **that the Court issue an order inviting OFAC to clarify and/or confirm whether it intends to continue to suspend GL-5 beyond the expected Closing of the Sale Transaction**.

Such an invitation is consistent with the Court's prior guidance. (*See* D.I. 154) ("Finally, the Court invites and would welcome any input that the Executive Branch of the United States Government would like to provide at any and all future stages of any of the above-captioned actions.")

This further guidance from OFAC could fundamentally impact the Sale Process, including bidders' preparation of their final bids, the Special Master's final recommendation, any objections to the final recommendation, discovery and litigation regarding the same, and the preparation of any topping bids during the non-solicitation period that runs through the date of the Sale Hearing.

In Gold Reserve's view, it also would be inefficient and counter-productive to a value-maximizing Sales Transaction for the Court, the Special Master, and the parties to proceed through all of the steps of this final phase of the Sale Process without attempting to obtain this further guidance.

And, while Gold Reserve firmly believes that OFAC's position with respect to the suspension of GL-5 is already clear—from the fact that this suspension has been in place for 5+ years and has now been extended for another six months well past the August 18 Sale Hearing date—any further guidance from OFAC will increase the likelihood that the objectives stated by the Court in the April 21 Order will be achieved:

> (1) the topping period will not devolve into "a competition among bidders to strike a deal with the 2020 Bondholders, rather than (or at the expense of) improving bids to satisfy judgments of the Additional Judgment Creditors" (D.I. 1741 at 6);

> (2) the final bids will come in at "a price at or exceeding that associated with the Consortium bid" (D.I. 1741 at 6); and

---

GL-5R was set to expire, allowing its impact to be factored into the Sale Process in advance of the July 2, 2025 Final Recommendation Date.

(3) the potential "fundamental injustice" noted by the Court will be avoided, i.e., that the Court or an appellate court could reject a Final Bid that "(a) places, expressly or implicitly, substantial value on settlement of the 2020 Bondholders' litigation, but then (b) subsequent events (e.g., … OFAC indicating it will continue to suspend GL-5 beyond the date of the expected closing of sale of the PDVH Shares) reveal it would be a fundamental injustice to close on such a Final Bid, when bids with much greater purchase price were rejected." (D.I. 1741 at 7).

Undersigned counsel has conferred with counsel for the Special Master regarding this issue. The Special Master takes no position.

A proposed order is attached. As set forth therein, should this motion be granted, Gold Reserve suggests that it could be implemented by Gold Reserved being directed to deliver a copy of the order to OFAC, with a copy to the Special Master, and OFAC being respectfully invited to respond via a letter filing as soon as is practicable and, if possible, given the existing schedule, within three (3) days of the date of this Order.

This request is made on an emergency basis because the Special Master is now in the last stages of selecting the final recommended bid in advance of the July 2 Final Recommendation deadline.

Respectfully submitted,

**Womble Bond Dickinson (US) LLP**

*/s/ Kevin J. Mangan*
Kevin J. Mangan

Matthew H. Kirtland (admitted *pro hac vice*)
**Norton Rose Fulbright US LLP**
799 9th Street NW, Suite 1000
Washington, DC 20001
Telephone: 202-662-0200
matthew.kirtland@nortonrosefulbright.com

cc: Counsel of Record (via ECF)

3