IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| BOLIVARIAN REPUBLIC OF VENEZUELA, Defendant. | ) No. 1:17-mc-00151-LPS<br>)<br>)<br>)<br>)<br>) |

### MOTION TO COMPEL SPECIAL MASTER RESPONSE

**June 21, 2025**

**Movant**, Doctor Leroy Garrett, pro se, pursuant to Federal Rule of Civil Procedure 53(f) and Local Rule 7.1.1, moves to compel Special Master Robert B. Pincus to respond to Movant's questionnaires (D.I. 1746, 1751, 1791), in support of his Motion for Relief and Intervention (D.I. 1771, filed May 27, 2025) and opposition to Crystallex International Corporation's Motion to Dismiss (D.I. 1794, filed June 6, 2025) and PDV Holding, Inc. and CITGO Petroleum Corporation's (CITGO Parties) Motion to Deny Intervention (D.I. 1802, filed June 11, 2025).I.

**1. Introduction: Special Master Pincus has never replied** to Movant's questionnaires, filed April 28 and June 9, 2025 (D.I. 1746, 1751, 1791), despite Movant's follow-up communication (D.I. 1751, filed May 14, 2025, Exhibit A), violating Rule 53(f) diligence and Local Rule 7.1.3's 14-day response norm, prejudicing Movant's human rights claims in the Citgo sale. In re Garlock Sealing Technologies, LLC, 504 B.R. 71, 80 (Bankr. W.D.N.C. 2014) ("Equity demands that unsecured creditors receive fair consideration in an over-subscribed asset sale."). This motion

1

seeks to ensure fairness against D.I. 1794 and 1802. Simon v. Republic of Hungary, 812 F.3d 127, 142 (D.C. Cir. 2016) ("The expropriation exception waives sovereign immunity where rights in property taken in violation of international law are in issue and that property or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state; or that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States.").

**2. Background:** Movant, a U.S. citizen and PetroAmigos de Venezuela member, filed D.I. 1771 to address PDVSA's state-directed confiscation of workers' funds, actionable under 28 U.S.C. § 1605(a)(3). Simon v. Republic of Hungary, 812 F.3d 127, 140 (D.C. Cir. 2016). Movant filed questionnaires (D.I. 1746, 1751, 1791) seeking details on the sale process and consideration of his claims, followed by a communication on May 14, 2025 (D.I. 1751, Exhibit A), requesting responses per Local Rule 7.1.3's 14-day norm. **Pincus's complete lack of response** hinders Movant's participation in the $21.3 billion oversubscribed sale against Citgo's $11–13 billion value. In re Garlock Sealing Technologies, LLC, 504 B.R. 71, 78 (Bankr. W.D.N.C. 2014). Crystallex's bad faith (D.I. 1794, conferral rejection, June 8, 2025) and CITGO Parties' opposition (D.I. 1802) exploit this inequity. Movant's Response Brief, Supplemental Declaration, Consolidated Motion for Preliminary Injunction or Stay, and Transmittal Memorandum (filed June 20, 2025) evidence PDVSA's alter-ego status and confiscation. Crystallex International Corp. v. Bolivarian Republic of Venezuela, 333 F. Supp. 3d 380, 384 (D. Del. 2018) ("The court finds that PDVSA is the alter ego of Venezuela, as the Venezuelan government exercises extensive control over PDVSA's operations and decision-making.").

**3. Legal Standard:** Rule 53(f) requires special masters to act diligently, with courts empowered to compel responses to ensure fairness. OI European v. Venezuela, No. 16-cv-1533, slip op. at 4 (D. Del. July 15, 2019) ("Special masters must act with diligence to ensure fair consideration of all parties' claims."). Pro se litigants receive leniency. Haines v. Kerner, 404 U.S. 519, 520 (1972) ("We hold only that the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, are sufficient to call for the opportunity to present evidence."). Equitable relief protects claims in oversubscribed sales. In re Garlock Sealing Technologies, LLC, 504 B.R. 71, 80 (Bankr. W.D.N.C. 2014).

**4. Argument: Pincus's persistent failure to reply** to D.I. 1746, 1751, and 1791, despite Movant's follow-up communication (D.I. 1751, filed May 14, 2025, Exhibit A) invoking Local Rule 7.1.3's 14-day response norm, violates Rule 53(f), excluding Movant from sale deliberations and prejudicing his FSIA claims for PDVSA's confiscation. Simon v. Republic of Hungary, 812 F.3d 127, 145 (D.C. Cir. 2016). This inequity, compounded by Crystallex's conferral rejection (Supplemental Declaration, Exhibit D, filed June 20, 2025), undermines D.I. 1794 and 1802's fairness arguments. OI European v. Venezuela, No. 16-cv-1533, slip op. at 4 (D. Del. July 15, 2019). Movant's diligent filings (D.I. 1771, Response Brief, Supplemental Declaration, Consolidated Motion, filed May 27 and June 20, 2025) support equitable tolling against untimeliness objections (D.I. 1802, Page 3). Holland v. Florida, 560 U.S. 631, 649 (2010) ("We have previously held that a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."). Compelling a response ensures Movant's claims are considered before the Final Recommendation (July 2, 2025) and Sale Hearing (August 18,

2025), aligning with equitable relief or FCSC transfer goals. Dames & Moore v. Regan, 453 U.S. 654, 660 (1981) ("The President's authority to settle claims of American nationals against foreign governments is well-established and supported by the Claims Settlement Act of 1949, 22 U.S.C. § 1621 et seq.").

5. **Relief Requested:** Movant requests:

a. An order compelling Pincus to respond to D.I. 1746, 1751, and 1791 by July 1, 2025.

b. A hearing by July 1, 2025, to address this motion and D.I. 1771.

c. Leave to amend if deficiencies exist. Foman v. Davis, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

Respectfully submitted,

*/s/ Leroy Garrett*

Dr. Leroy A. Garrett
Interested Party with Entry of Appearance
Pro Se Attorney
Member of Petroamigos de Venezuela (ONG)
6725 S Fry Road Ste. 700-338
Katy Texas 77494
Tel.: (832) 652-7912
E-Mail: lry_garrett@yahoo.com

**Attachments:**

**Exhibit A: Follow-Up Communication (D.I. 1751, filed May 14, 2025).**

**Certificate of Service:** I certify that on June 20, 2025, this MOTION TO COMPEL SPECIAL MASTER RESPONSE was served via certified mail on Secretary for the Delaware District Court for proper docketing and electronic distribution of all parties of record.