**Potter Anderson & Corroon LLP**
1313 North Market Street, 6th Floor
Wilmington, Delaware 19801-6108
302.984.6000
potteranderson.com



Myron T. Steele
Senior Counsel
msteele@potteranderson.com
Direct 302.984.6030

June 25, 2025

**VIA ELECTRONIC FILING**

The Honorable Leonard P. Stark
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801-3570

    **RE**:    *Crystallex International Corporation v. Bolivarian Republic of Venezuela*, D. Del. C.A. No. 1:17-mc-00151-LPS; Response to Gold Reserve Inc.'s Emergency Request Relating to the Office of Foreign Assets Control (D.I. 1816)

Dear Judge Stark:

    Robert B. Pincus, in his capacity as special master for the United States District Court for the District of Delaware in the above-captioned case (the "**Special Master**"),[1] respectfully submits this response to the June 24, 2025 letter submitted by Gold Reserve Inc. (D.I. 1816) regarding recent action by the U.S. Department of Treasury's Office of Foreign Assets Control ("**OFAC**").

    The Special Master does not disagree with Gold Reserve that it would be helpful to obtain guidance from OFAC on whether it intends to continue to suspend the GL-5 license allowing the 2020 Bondholders to exercise their rights under the Pledge, though any such guidance would not likely be dispositive to his recommendation in any event. In fact, the Special Master previously requested that guidance, and OFAC declined to provide it. Specifically, at the beginning of the Topping Period, the Special Master's advisors asked OFAC whether, considering the issues raised at the April 17, 2025 hearing, it intended to suspend the license through the closing of a sale transaction approved by this Court or any other interim date associated with the sale process. OFAC declined to provide that guidance. The Special Master has no reason to believe OFAC is

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Sixth Revised Proposed Order (A) Establishing Sale and Bidding Procedures, (B) Approving Special Master's Report and Recommendation Regarding Proposed Sale Procedures Order, (C) Affirming Retention of Evercore as Investment Banker by Special Master and (D) Regarding Related Matters* (D.I. 481) (the "**Sale Procedures Order**").

likely to provide any guidance at this point in the sale process given these previous interactions with OFAC.

Furthermore, given the timing of Gold Reserve's request for guidance from OFAC, it is not reasonably possible for OFAC to provide any guidance that could be considered by the Special Master in selecting a topping bid without further delaying the sale process.  The Stock Purchase Agreement between Red Tree Acquisitions, LLC and the Special Master (the "**Stalking Horse SPA**") provides that the Special Master has until the end of the day on June 25, 2025 to terminate the Stalking Horse SPA for the purpose of entering into a Superior Proposal (as defined in the Stalking Horse SPA) prior to the commencement of the "No-Shop Period" during which the Special Master must immediately cease  and terminate any discussions or negotiations with potential competing bidders.  D.I. 1596-1 §§ 6.16(b), (d); *id.* Annex A (definition of "No-Shop Period"); *see also* D.I. 1554 at 12 (endorsing the five-day deadline in approving bidder protections); D.I. 1528-1 at 2 (Non-Solicitation Period).  The Special Master has directed bidders to submit any final revisions to their topping bids no later than the morning of June 25, 2025, so that he has sufficient time to consider the revised bids and determine whether to terminate the Stalking Horse SPA by the end of the day on June 25, 2025.  He will then need to submit an executed Stock Purchase Agreement and final recommendation by July 2, 2025.  In light of the impending June 25, 2025 deadline for terminating the Stalking Horse SPA and selecting a recommended bid, the Special Master will not be able to account for any guidance from OFAC in deciding which bid to recommend unless the Court further delays the sale process to allow more time for OFAC to respond.  The Special Master does not believe such a delay is warranted, particularly considering that OFAC has been unwilling to provide any such guidance in the past.

For these reasons, the Special Master takes no position on Gold Reserve's request.

Respectfully submitted,

*/s/ Myron T. Steele*

Myron T. Steele (#0002)

On Behalf of Robert B. Pincus, Special Master for the United States District Court for the District of Delaware

cc:    Clerk of Court (via hand delivery)
       Counsel of Record (via CM/ECF)