# Exhibit A



224 South Michigan Avenue
Suite 1100 Chicago, Illinois 60604
Tel 312 660 7600 Fax 312 692 1718

Chicago • Madison • Silicon Valley

Nathan P. Eimer
(312) 660-7601
neimer@eimerstahl.com

# DRAFT

June 23, 2025

**VIA EMAIL – CONFIDENTIAL**
Mr. Chase Bentley
767 Fifth Avenue
New York, NY 10153
chase.bentley@weil.com

**Re:** *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela* **(No. 17-mc-151-LPS)**

Dear Chase,

    I write to provide the views of my clients PDVH and CITGO regarding our discussion on Friday of the Special Master's evaluation and negotiations regarding the topping bids. ***First,*** ▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ We warned you that selecting Red Tree's bid as the Stalking Horse Bid inevitably would result in "a competition among bidders to strike a deal with the 2020 Bondholders, rather than (or at the expense of) improving bids to satisfy judgments of the Additional Judgment Creditors." D.I. 1741 at 6. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

    In our view, the April Order does not require that a Successful Bid eliminate all risk posed by the 2020 Bondholders. While the Court has permitted the Special Master to weigh closing certainty as a factor and to accord "some value … to a bidder's voluntary decision to reach such a settlement," it also made clear that "any bid [the Court] is likely to approve at the conclusion of the Sale Process will need a balance that places much greater emphasis on price and lesser emphasis on certainty." *Id.* at 3–4; *see also id.* at 7 ("The Court does not view the risk that the 2020 Bondholders, or other litigants (e.g., plaintiffs pressing any Alter Ego Claims that are



Mr. Chase Bentley  
June 23, 2025  
Page 2 of 3

ongoing or may yet be filed), will seek to enjoin the Sale Process or transactions (e.g., financing, necessary corporate transactions) as anywhere close to dispositive on the question of whether the Court should accept a Final Bid.").

That is particularly true now that OFAC has extended the suspension of GL-5 until at least December 20, 2025. *See* https://ofac.treasury.gov/media/934391/download?inline; *cf.* D.I. 1741 at 7–8 (suggesting that it would be a "fundamental injustice" to reject a bid with "a much greater purchase price" in favor of a bid with a settlement were "OFAC [to indicate] it will continue to suspend GL-5 beyond the date of the expected closing of sale of the PDVH Shares"). ▮▮▮▮▮▮▮▮▮▮ to encourage bidders to find ways to provide additional value to Judgment Creditors rather than to reach a settlement with the 2020 Bondholders.

**Second,** in the April Order, the Court stated that the Special Master should "consider the possibility that the Court (or an appellate court) will reject a Final Bid that (a) places, expressly or implicitly, substantial value on settlement of the 2020 Bondholders' litigation, but then (b) subsequent events … reveal it would be a fundamental injustice to close on such a Final Bid, when bids with a much greater purchase price were rejected." D.I. 1747 at 8.[1] ▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[1] As the April Order recognized, it would be a "fundamental injustice" for a Final Bid to place substantial value on settlement of the 2020 Bondholders' litigation only for "the Southern District of New York [to] grant[] [the Venezuela Parties'] pending motion for summary judgment and concluding the 2020 Bondholders have no rights to CITGO Holding." D.I. 1741 at 7-8.

2



Mr. Chase Bentley
June 23, 2025
Page 3 of 3



***Third,*** In the April Order, the Court stated that it expects "a Final Bid with a price at or exceeding that associated with the Consortium bid." D.I. 1741 at 6.

      We hope that the Special Master and his Advisors will take steps to address the concerns outlined in this letter. PDVH and CITGO are available to discuss these issues and to otherwise work constructively with the Special Master to improve the Topping Period bids before the Special Master submits a Final Recommendation.

                                    Sincerely,

                                      *Nathan P. Eimer*

                                      Nathan P. Eimer

                                      *Attorney for PDV Holding, Inc. and*
                                      *CITGO Petroleum Corporation*

## CERTIFICATE OF SERVICE

      I hereby certify that on June 24, 2025, a copy of the foregoing **Letter to The Honorable Leonard P. Stark** was filed under seal and caused to be served upon noticed outside counsel for the Sale Process Parties and the Special Master via electronic mail, consistent with the provisions for transmitting Confidential Information in the Confidentiality Order, D.I. 291, and the Special Master's instructions for transmitting the same.

                                    */s/ Alexandra M. Cumings*
                                    Alexandra M. Cumings (#6146)