# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Misc. No. 17-151-LPS |
| ) | |
| BOLIVARIAN REPUBLIC OF ) | |
| VENEZUELA, ) | |
| ) | |
| Defendant. ) | |

## SPECIAL MASTER'S RESPONSE IN OPPOSITION TO DR. LEROY GARRETT'S MOTION TO COMPEL SPECIAL MASTER RESPONSE

Robert B. Pincus, in his capacity as special master for the United States District Court for the District of Delaware in the above-captioned case (the "**Special Master**"),[1] respectfully submits this response in opposition to Dr. Leroy Garrett's Motion to Compel Special Master Response (the "**Motion**"), D.I. 1817. With all due respect to Dr. Garrett, the Special Master is under no obligation to respond to Dr. Garrett's questionnaires and inquiry, *see* D.I. 1746, 1751, and 1791, unless directed otherwise by the Court, and does not believe it would be a worthwhile use of the Special Master's time and resources to respond to these or any future questionnaires from Dr. Garrett.

Dr. Garrett is a pro se litigant who claims to be a former employee of PDVSA and a member of PetroAmigos de Venezuela. D.I. 1814 at 1. He initiated a separate lawsuit against PDVSA and PDVH, in which he sought a preliminary injunction to halt this Court's sale process, which was denied. *Garrett v. Petróleos de Venezuela, S.A.*, No. 1:24-cv-00380-JLH, 2024 WL

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Sixth Revised Proposed Order (A) Establishing Sale and Bidding Procedures, (B) Approving Special Master's Report and Recommendation Regarding Proposed Sale Procedures Order, (C) Affirming Retention of Evercore as Investment Banker by Special Master and (D) Regarding Related Matters* (D.I. 481) (the "**Sale Procedures Order**").

4461801 (D. Del. Aug. 29, 2024), D.I. 24.  Dr. Garrett appealed that decision and, while that appeal was pending, filed a petition for writ of mandamus in the Third Circuit accusing this Court and the Special Master of "conduct[ing] the proceedings with 'unethical secrecy.'"  Opinion at 2, *In re Garrett*, No. 24-2862 (3d Cir. Nov. 21, 2024), D.I. 9.  Both the appeal and the writ of mandamus were denied.  *Id.* at 2–3; Order, *Garrett v. Petróleos de Venezuela*, No. 24-2791 (3d Cir. Dec. 10, 2024), D.I. 12.[2]

On April 28, 2025, without first moving to intervene, Dr. Garrett filed a document on the docket requesting that the Special Master respond to a series of questions relating to the sale process and consideration of the claims of former PDVSA employees.  D.I. 1746.  Dr. Garrett followed up on May 14, 2025, by filing an "inquiry" demanding the Special Master respond to his questionnaire, D.I. 1751.  In his inquiry and the Motion, Dr. Garrett invoked Federal Rule of Civil Procedure 53(f) and the Delaware District Court Local Rule 7.1.3 and argued that those rules require the Special Master to respond.  D.I. 1751 at 1–2; D.I. 1817 at 3.  But Federal Rule 53(f) governs "Action on the Master's Order, Report, or Recommendations," and Local Rule 7.1.3 governs the "Form and Contents of Briefs, Memoranda of Points and Authorities, and Appendices."  Thus, those provisions have no applicability to the issues Dr. Garrett raises.

Moreover, Federal Rule 53(b) merely states, in relevant part, that "[t]he appointing order must direct the master to proceed with all reasonable diligence."  And Local Rule 7.1.2(b) merely states, in relevant part, that "once a motion has been deemed served, the response thereto shall be filed within 14 days."  Neither of these rules obligate the Special Master to respond to a questionnaire propounded by a non-party.

---

[2] *See* Crystallex International Corporation's Opposition to Dr. Leroy A. Garrett's Motion for Relief and Intervention for additional background on Dr. Garrett's separate lawsuits seeking to enjoin this Court's proceedings, D.I. 1794.

2

On May 28, 2025, Dr. Garrett filed a motion to intervene in these proceedings and requested that this Court grant him "a writ of attachment on PDVH shares to join the creditors group." D.I. 1771 at 5. He quickly followed up by filing a second questionnaire directed at the Special Master on June 5. D.I. 1791. But until the Court resolves Dr. Garrett's motion to intervene and his request for a writ of attachment he is not a party to these proceedings, and his questionnaires only serve as a distraction.

At bottom, the Special Master is not aware of any authority that would obligate him to respond to Dr. Garrett's questionnaires, and an order directing the Special Master to respond at this critical juncture in the sale process would result in an improper diversion of resources and create unwarranted additional expense. Accordingly, the Court should deny the Motion.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Matthew S. Barr (Admitted *pro hac vice*)
David Lender (Admitted *pro hac vice*)
Jared R. Friedmann (Admitted *pro hac vice*)
Chase A. Bentley (Admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Matt.Barr@weil.com
David.Lender@weil.com
Jared.Friedmann@weil.com
Chase.Bentley@weil.com

Dated: June 30, 2025
12336606 / 21202.00001

By: */s/ Myron T. Steele*
Myron T. Steele (#0002)
Matthew F. Davis (#4696)
Bindu A. Palapura (#5370)
Malisa C. Dang (#7187)
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
msteele@potteranderson.com
mdavis@potteranderson.com
bpalapura@potteranderson.com
mdang@potteranderson.com

*Counsel for Special Master Robert B. Pincus*