IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., Plaintiff, | ) ) ) |
| v. | ) ) |
| BOLIVARIAN REPUBLIC OF VENEZUELA, Defendant. | ) No. 1:17-mc-00151-LPS ) ) ) ) ) |

**UNIFIED RESPONSE TO CRYSTALLEX INTERNATIONAL CORPORATION'S OPPOSITION (D.I. 1829) AND SPECIAL MASTER ROBERT B. PINCUS'S OPPOSITION (D.I. 1831)**

July 2, 2025

I. **COMES NOW** Doctor Leroy A. Garrett, Member of Petroamigos de Venezuela, American Citizen, pro se, on behalf of 23,000 PetroAmigos de Venezuela workers, and ferociously responds to the coordinated, brutal, and unjust attacks by Crystallex International Corporation (D.I. 1829) and Special Master Robert B. Pincus (D.I. 1831), both filed on June 30, 2025. These simultaneous filings are a calculated assault on the rights of petroleum holocaust victims, prioritizing efficiency over substance, and must be met with unyielding resistance. We condemn this concerted effort to silence our voices and demand justice for the 23,000 workers who suffered under Chávez and Maduro. The New York ruling (D.I. 241) and OFAC S5 extension (D.I. 1816) are our arsenal, and we will use them to demolish their mistaken efficiency narrative and secure our rightful place in these proceedings. For the reasons stated herein, we urge this Honorable Court to reject their arguments, recognize the "petroleum holocaust" as a human rights imperative, and the confiscation of their property as a fully duly creditor condition in any way

1

threaten this Court sought to fulfill process under efficiency standards, and prioritize our petition before the August 18, 2025, hearing. Moreover, as already briefed before, according to Simon v. Republic of Hungary, 812 F.3d 127, 140, the confiscation of our rights equates us to the same level as other creditors because an unpaid debt is also a confiscation. We want to solemnly emphasized that we are not a threat to this Court standard of practice toward creditor-centric sale methodology; instead, we are a legitimate part of it, bolstered by the substance of our human rights infringement.

## II. Introduction:

The simultaneous filings by Crystallex (D.I. 1829) and the Special Master (D.I. 1831) on June 30, 2025, are not coincidental but a strategic, coordinated attack to defend efficiency over substance, marginalizing the 23,000 petroleum holocaust victims. Crystallex seeks to dismiss our motions as untimely and unmeritorious, while the Special Master evades engagement with our critical inquiries, both ignoring the New York ruling (D.I. 241) and OFAC extension (D.I. 1816). This is a brutal and unfair response, and we will not stand for it. It is time to attack their creditor-centric, efficiency-obsessed narrative with the full force of the law and morality. The New York ruling confirms PDVSA's liability, the OFAC extension delays bondholder challenges, and international human rights law, particularly Simon v. Republic of Hungary, demands our consideration. We are not merely claimants; we are creditors in our own right, victims of confiscation, and our human rights infringement adds substantive weight to this proceeding.

## II. II. COORDINATED ATTACK ON EFFICIENCY OVER SUBSTANCE

### A. Crystallex's Brutal Assault (D.I. 1829)

**1. Timeliness and Standing:** Crystallex dares to label our interventions (D.I. 1771, 1812, 1817) as untimely and us as lacking standing, a claim that is not only false but insulting given the New York ruling's confirmation of PDVSA's liability on June 25, 2025. This ruling, Petróleos de Venezuela, S.A. v. MUFG Union Bank, N.A., No. 1:19-cv-10023 (S.D.N.Y. June 25, 2025), directly supports our FSIA claim (28 U.S.C. § 1605(a)(3)), establishing that PDVSA's actions are subject to U.S. jurisdiction. Their argument is a desperate attempt to erase the 23,000 workers' suffering from these proceedings. However, Simon v. Republic of Hungary, 812 F.3d 127, 140, clarifies that the confiscation of our rights—our unpaid wages, benefits, and assets—equates us to creditors. An unpaid debt is a confiscation, and thus, we are not a threat to their methodology; we are a legitimate part of it, demanding recognition.

**2. Mootness and Correspondence:** Crystallex's demand to re-docket our submissions as correspondence (D.I. 1226) is a cowardly tactic to silence us, ignoring the precedent of Simon v. Republic of Hungary, 812 F.3d 127, 140, which recognizes human rights violations as actionable. The New York ruling's delay in bondholder challenges, aligning with the OFAC extension (D.I. 1816), counters their rush to efficiency, demanding that our claim be heard, not dismissed. Our status as creditors, victims of confiscation, adds substantive weight, making their procedural maneuvers not just unfair but legally untenable.

### B. Special Master's Evasion (D.I. 1831)

**1. Non-Party Status:** The Special Master hides behind our temporary non-party status, refusing to respond to our questionnaires (D.I. 1746, 1751, 1791), despite our pending motion to intervene (D.I. 1771). This is a procedural evasion, ignoring the New York ruling's timing (June

25, 2025), which postdates our prior denials (Garrett v. Petróleos de Venezuela, S.A., No. 1:24-cv-00380-JLH). The ruling's confirmation of PDVSA's liability demands his engagement, not avoidance. Moreover, Simon v. Republic of Hungary equates our confiscation to that of other creditors, making our non-party status irrelevant to the substance of our claim. We are creditors, and our human rights infringement demands his response.

**2. Resource Diversion:** The Special Master's claim that responding would divert resources is a lie, a lie that ignores the "petroleum holocaust" as a human rights priority. The New York ruling (D.I. 241) mandates consideration of PDVSA's liability, making his response critical to justice, not a distraction. We demand he fulfill his duty under Federal Rule 53(b) to proceed with reasonable diligence, citing In re Agent Orange Product Liability Litigation, 818 F.2d 145 (2d Cir. 1987), where a special master's engagement was deemed necessary for procedural fairness. Our status as creditors, victims of confiscation, further justifies this demand, as our claim is not peripheral but central to the proceedings.

**3. Rule Misinterpretations:** The Special Master's misapplication of Federal Rule 53(f) and Local Rule 7.1.3 is a deliberate distortion. Rule 53(f) governs actions on the master's orders, but our request for information is essential to the court's oversight, as seen in United States v. Microsoft Corp., 147 F.3d 935 (D.C. Cir. 1998), where special masters engaged with non-party inquiries to ensure fairness. Local Rule 7.1.3's form requirements are irrelevant to the substance of our demand for justice. Our creditor status, as per Simon, and the human rights infringement we suffered, demand his engagement, not evasion.

## III. DEMOLISHING THE EFFICIENCY NARRATIVE WITH THE NEW YORK RULING AND SIMON PRECEDENT

**A. Confirmation of PDVSA's Liability**

**1. Legal Arsenal:** The New York ruling, Petróleos de Venezuela, S.A. v. MUFG Union Bank, N.A., No. 1:19-cv-10023 (S.D.N.Y. June 25, 2025), is our legal arsenal. It confirms PDVSA's liability, directly supporting our FSIA claim (28 U.S.C. § 1605(a)(3)). This ruling, handed down just five days before their attacks, is a game-changer, invalidating their timeliness and standing arguments. It establishes that PDVSA's actions, including the "petroleum holocaust," are subject to U.S. jurisdiction, demanding our consideration. Simon v. Republic of Hungary further strengthens this by equating our confiscation to that of other creditors, making us a legitimate part of the creditor group, not a threat.

**2. Precedent Strength:** The ruling aligns with Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela, 333 F. Supp. 3d 380, setting a precedent that PDVSA's assets must be considered in human rights claims, not just financial disputes. This precedent is our sword, cutting through their efficiency narrative. Simon adds the blade's edge, as our unpaid debts—our confiscated rights—are no different from Crystallex's financial claims, demanding equal consideration.

**B. Delay in Bondholder Challenges**

**1. Temporal Window:** The ruling's delay in bondholder challenges, combined with the OFAC extension (D.I. 1816), provides a temporal window to consider our claim. This delay counters their rush to auction CITGO, aligning with our request for a stay until January 15, 2026. It is a shield against their efficiency obsession, ensuring our voices are heard. As creditors under *Simon*, our claim is not peripheral but integral, demanding this window be used to address our confiscation and human rights infringement.

**2. Strategic Leverage:** This delay is strategically effective, as it undermines Crystallex's mootness argument (D.I. 1829) and the Special Master's resource diversion claim (D.I. 1831). It demands that the court prioritize substance over speed, justice over efficiency. Our creditor status, as per Simon, and the substantive weight of our human rights claim, make this leverage unassailable.

### IV. DEFENDING THE PETROLEUM HOLOCAUST VICTIMS AS CREDITORS

#### A. Human Rights Imperative and Creditor Status

**1. 23,000 Victims as Creditors:** The "petroleum holocaust" is not a distraction but a human rights imperative, and *Simon v. Republic of Hungary*, 812 F.3d 127, 140, equates our confiscation to that of other creditors. The arbitrary dismissal and asset confiscation of 23,000 workers constitute a violation of Article 23 of the Universal Declaration of Human Rights, demanding this court's attention. Crystallex's and the Special Master's attacks ignore this, but we are not merely claimants; we are creditors, victims of confiscation, and our human rights infringement adds substantive weight to this proceeding.

**2. Justice Over Efficiency:** The court's duty is to ensure justice, not merely efficiency, especially in human rights cases. Our status as creditors, as per Simon, and the New York ruling's confirmation of PDVSA's liability, demand that our claim be prioritized. We are not a threat to their methodology; we are a legitimate part of it, and our human rights infringement is the substance that must be considered.

## V. REQUEST FOR RELIEF

**WHEREFORE**, Movant respectfully requests that this Honorable Court:

1. Reject the coordinated attacks by Crystallex (D.I. 1829) and the Special Master (D.I. 1831), recognizing them as a defense of efficiency over substance, and acknowledge our status as creditors under Simon v. Republic of Hungary, 812 F.3d 127, 140, due to the confiscation of our rights.

2. Direct the Special Master to respond to our questionnaires (D.I. 1746, 1751, 1791), as our creditor status and human rights infringement demand his engagement, not evasion.

3. Maintain our motions (D.I. 1771, 1812, 1817) as timely and meritorious, countering Crystallex's mootness and correspondence arguments, and recognize us as legitimate creditors, not threats.

4. Schedule an immediate hearing to address the brutality of these coordinated attacks and prioritize the 23,000 workers' right to justice, as creditors and human rights victims.

## VI. CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2025, a true and correct copy of this Revised Unified Response is about to be served electronically by PACER, to the following:

- Crystallex International Corporation,
- Special Master Robert B. Pincus,
- Counsel for Defendants,
- Office of the Clerk, U.S. District Court for the District of Delaware,

Respectfully submitted,

*[signature]*

Dr. Leroy A. Garrett
Interested Party with Entry of Appearance
Pro Se Attorney
Member of Petroamigos de Venezuela (ONG)
6725 S Fry Road Ste. 700-338
Katy Texas 77494