IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| CRYSTALLEX INTERNATIONAL CORP., | : | |
| Plaintiff, | : | |
| v. | : | Misc. No. 17-151-LPS |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | : | |
| Defendant. | : | |

**ORDER**

At Wilmington this 3rd day of July, 2025:

Having considered the relevant briefing (D.I. 1794, 1797, 1802, 1813-15, 1829, 1831, 1836) on the several pro se motions filed by Dr. Leroy A. Garrett (D.I. 1726, 1746, 1751, 1771, 1812, 1817, 1834-35),

**IT IS HEREBY ORDERED** that:

Dr. Garrett's motions for entry of appearance and waiver of local counsel (D.I. 1726), for relief and intervention (D.I. 1771), for a preliminary injunction or stay of the Sale Process (D.I. 1812), to compel the Special Master to respond to a questionnaire (*see* D.I. 1746 (questionnaire presented to Special Master); D.I. 1751 (inquiry seeking response); D.I. 1817 (motion to compel)), for alternative service of subpoenas (D.I. 1834), and to amend the scheduling order (D.I. 1835) are all **DENIED**.  Dr. Garrett has not demonstrated that he satisfies the requirements of the Federal Rules of Civil Procedure for either mandatory or permissive intervention.[1]  (*See, e.g.*, 1802 at 2, 4) (Venezuela Parties correctly observing that Dr. Garrett "does

---

[1] Dr. Garrett also asks the Court for a writ of attachment on the PDVH Shares, to stay the Sale Process, and to alter the priority of judgments in favor of his claims; in the alternative, he asks that these proceedings be transferred to the Foreign Claims Settlement Commission of the United

1

not currently hold a judgment against PDVSA" and "lacks any cognizable interest in this proceeding")

|  |  |
|---|---|
| July 3, 2025<br>Wilmington, Delaware | _____<br>HONORABLE LEONARD P. STARK<br>UNITED STATES DISTRICT COURT |

---

States Department of Justice. (D.I. 1771 at 5, 9) As Crystallex and the Venezuela Parties aptly observe (D.I. 1794; D.I. 1802 at 2), Dr. Garrett is not a party to these proceedings and did not file a timely motion to intervene. *See generally In re Bergeron*, 636 F.3d 882, 883 (7th Cir. 2011) ("A nonparty cannot inject himself into a case without intervening.") (citing *Marino v. Ortiz*, 484 U.S. 301, 304 (1988)); *IPSCO Steel (Ala.), Inc. v. Blaine Constr. Corp.*, 371 F.3d 150, 15 (3d Cir. 2004) (same). Dr. Garrett has known about this litigation for at least 18 months and has litigated matters that are at least marginally related to this one both in this Court and the Third Circuit, all without attempting to intervene here. *See Garrett v. PDVSA*, C.A. No. 24-380-JLH (D. Del. Aug. 29, 2024); *In re Garrett*, No. 24-2862 (3d Cir. Nov. 21, 2024).

2