# LANDIS RATH & COBB LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

919 MARKET STREET, SUITE 1800
P.O. BOX 2087
WILMINGTON, DELAWARE 19899
www.lrclaw.com

Jennifer L. Cree
Direct Dial: (302) 467-4437
Email: cree@lrclaw.com

Telephone: (302) 467-4400
Facsimile: (302) 467-4450

July 9, 2025

The Honorable Leonard P. Stark
United States District Court
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

Re: *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*,
No. 17 Misc. 151: Request for Timely Access to Court Filings and Papers

Dear Judge Stark:

We represent Red Tree. We respectfully request relief to redress CITGO and PDVH's (the "CITGO Parties") and the Special Master's joint refusal to serve the CITGO Parties' motion papers and expert reports on Red Tree, in full, when those papers are due.

Monday, July 7 was the deadline for the parties to serve notices of objection to the Final Recommendation and opening expert reports. D.I. 1809 at 2. The CITGO Parties both objected to the Final Recommendation and served two expert reports. D.I. 1856, 1858. However, the CITGO Parties refused to serve either set of papers on Red Tree on the deadline. The basis for that refusal is that the CITGO Parties claim their papers "contain[ ] information designated as confidential, namely, information disclosed to the Sale Process Parties by the Special Master regarding bids and the sale process." D.I. 1857 at 1; *see also* Ex. A (email exchange).

Rather than comply with the Court's deadlines, the CITGO Parties and the Special Master agreed for the CITGO Parties to serve papers with confidential information solely on the Special Master (and, in some instances, the Sales Process Parties), then have the Special Master decide which portions of those papers should be available to other litigants and which should remain under "seal." Thus, shortly before 1:00 p.m. ET on July 8, after the Special Master's review, the CITGO Parties filed an unredacted copy of their notice of objection. D.I. 1859. The CITGO parties then served their two expert reports at 7:13 p.m. and 8:51 p.m., respectively, on July 8. One of the expert reports contains some redactions. In a meet and confer with Delaware

*The Honorable Leonard P. Stark*
*July 9, 2025*
*Page 2*

counsel for the Special Master and the CITGO Parties held over Teams on July 8, both the Special Master and the CITGO Parties refused going forward to make all filings or served papers available in full to Red Tree on the day those papers are due.

The Court should not permit the Special Master and the CITGO Parties to screen Red Tree's access to litigation papers in this case. Red Tree has a due process right to meaningfully respond to the arguments and evidence that will be used against it at the Sales Hearing. *Boddie v. Connecticut*, 401 U.S. 371, 379 (1971). The Federal Rules likewise guarantee Red Tree service of any "discovery paper required to be served" and any "written motion, except one that may be heard ex parte." Fed. R. Civ. P. 5(a)(1)(C)-(D). The CITGO Parties have not argued that their objections to the sale can be heard ex *parte*; they have not taken any position at all on whether the redactions are appropriate. And they have not provided any basis for allowing the Special Master to pre-clear which filings Red Tree may or may not see, let alone why doing so would entitle them to violate the Court's filing and service deadlines.

And the Court should not permit the CITGO Parties to use the Court's protective orders to gain a tactical advantage. The schedule for discovery before the Sales Hearing is already compressed, and Red Tree does not have the luxury of waiting for other parties to decide when Red Tree may review their papers. For example, Red Tree's deadline to respond to the CITGO Parties' expert reports is July 21, only two weeks after opening reports. D.I. 1809 at 3. The day that the Special Master spent pre-clearing those reports was a day that, in violation of the schedule, Red Tree and other parties could not prepare a response.[1]

Moreover, the Special Master's pre-clearance process is unnecessary. Red Tree has signed the protective order governing discovery. *See* D.I. 1555-1. And while the CITGO Parties have claimed that their July 7 filings are sealed under the Court's prior protective order for the sales process, *see* Ex. A (citing D.I. 291), counsel for Red Tree executed and agreed to be bound by that protective order as well, *see* D.I. 482. The CITGO Parties and Special Master face zero prejudice from making litigation papers available to a party like Red Tree who has agreed to keep those papers confidential in advance of trial.

Given the expedited schedule going forward, Red Tree requires prompt relief to ensure that it has a fair opportunity to participate in the Sales Hearing. Red Tree therefore respectfully requests that the Court order that (1) going forward, all parties, including the CITGO Parties and the Special Master, must serve or file litigation papers on Red Tree in full on the day they are due, without any pre-clearance from the Special Master; and (2) the deadline to serve expert reports responding to the CITGO Parties' reports is extended to July 22, 2025, without extending the CITGO Parties' deadline to reply.

---

[1] Red Tree also served an opening expert report. The CITGO Parties, and any other responding party, will have the benefit of the full two weeks ordered by the Court to respond to that report.

*The Honorable Leonard P. Stark*
*July 9, 2025*
*Page 3*

                                                  Respectfully submitted,

                                                  */s/ Jennifer L. Cree*

                                                  Jennifer L. Cree (No. 5919)

JLC/lmr
cc:     All counsel of record (*via* ECF)