**Potter Anderson & Corroon LLP**
1313 North Market Street, 6th Floor
Wilmington, Delaware 19801-6108
302.984.6000
potteranderson.com



Myron T. Steele
Senior Counsel
msteele@potteranderson.com
Direct  302.984.6030

July 11, 2025

**VIA ELECTRONIC FILING**

The Honorable Leonard P. Stark
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801-3570

    **RE**:    *Crystallex International Corporation v. Bolivarian Republic of Venezuela*,
              D. Del. C.A. No. 1:17-mc-00151-LPS; Response to Gold Reserve Inc.'s
              Emergency Request Relating to the Office of Foreign Assets Control (D.I. 1816)

Dear Judge Stark:

      Robert B. Pincus, in his capacity as special master for the United States District Court for the District of Delaware in the above-captioned case (the "**Special Master**"),[1] respectfully submits this response to the July 9, 2025 letter submitted by Red Tree (D.I. 1869) regarding service by CITGO and PDVH (the "**Venezuela Parties**") of their motion papers and expert reports.  D.I. 1809 at 2.

      As an initial matter, the Special Master believes it necessary to correct the factual record and clarify that there was no "joint refusal to serve" Red Tree with the Venezuela Parties' notice of objection to the Final Recommendation and opening expert reports by the July 7, 2025 deadline. D.I. 1869 at 1.  Shortly before the deadline, the Venezuela Parties approached the Special Master's counsel and expressed concern that their motion papers and expert reports contain information that the Special Master and other Sales Process Parties might view as confidential.  But without seeing

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Sixth Revised Proposed Order (A) Establishing Sale and Bidding Procedures, (B) Approving Special Master's Report and Recommendation Regarding Proposed Sale Procedures Order, (C) Affirming Retention of Evercore as Investment Banker by Special Master and (D) Regarding Related Matters* (D.I. 481) (the "**Sale Procedures Order**").

The Honorable Leonard P. Stark
July 11, 2025
Page 2

the documents, the Special Master and his advisors could not make any determinations as to the potential need to redact any of the information contained therein. The Special Master's counsel agreed to review the Venezuela Parties' documents and advise whether the documents contained any confidential information that needed to be redacted.

On July 7, 2025, between 4:50 p.m. and 11:50 p.m. Eastern Time, the Venezuela Parties sent the Special Master on a rolling basis their sealed notice of objection, two expert reports, and numerous exhibits, requesting that the Special Master provide any redactions within twenty-four hours. The Special Master's counsel swiftly and carefully reviewed the notice, expert reports and exhibits. On July 8, 2025, the Special Master's counsel advised the Venezuela Parties that counsel did not believe there was any confidential information that required redactions in the notice of objection or the first expert report, but the Special Master's counsel proposed some modest redactions to the second expert report and its exhibits to protect the identity of competing bidders whose identities have not been publicly disclosed. The papers were subsequently served on Red Tree and the other parties by the Venezuela Parties. D.I. 1856, 1858.

Red Tree asks the Court to "order that (1) going forward, all parties, including the [Venezuela] Parties and the Special Master, must serve or file litigation papers on Red Tree in full on the day they are due, without any pre-clearance from the Special Master; and (2) the deadline to serve expert reports responding to the [Venezuela] Parties' reports is extended to July 22, 2025, without extending the [Venezuela] Parties' deadline to reply." D.I. 1869 at 2.

As to the first request, the Special Master agrees that litigation papers should be filed or served on all parties by the applicable deadlines. To the extent parties wish to have the Special Master and his advisors weigh in on confidentiality concerns, such documents or information should be provided to the Special Master at least 24 hours in advance of the deadline and should highlight the portions of the documents that the party is concerned about. This will allow the Special Master and his advisors to review the information and advise, in advance of the filing deadline, of the Special Master's position as to whether any redactions are needed.

As to the second request, the Special Master takes no position on whether the Court should extend the deadline for expert reports responding to the Venezuela Parties' expert reports.

Respectfully submitted,

*/s/ Myron T. Steele*

Myron T. Steele (#0002)

On Behalf of Robert B. Pincus, Special Master for the United States District Court for the District of Delaware

cc: Clerk of Court (via hand delivery)
Counsel of Record (via CM/ECF)