IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., | : |
| Plaintiff, | : |
| v. | : Misc. No. 17-151-LPS |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | : |
| Defendant. | : |

**ORDER**

At Wilmington this 31st day of July, 2025:

Having considered Dr. Leroy A. Garrett's *pro se* motions for reconsideration (D.I. 1861), expedited consideration (D.I. 1863), a pre-hearing conference (D.I. 1864), and for investigation, enhanced transparency, and a temporary stay (D.I. 1929), along with all related submissions (D.I. 1862, 1865-66, 1892-93, 1898),

**IT IS HEREBY ORDERED** that:

Dr. Garrett's motions for reconsideration (D.I. 1861) and expedited consideration (D.I. 1863) of matters this Court previously resolved (*see* D.I. 1843) are **DENIED**. Dr. Garrett has not demonstrated any proper basis to warrant reconsideration, let alone on an expedited basis.[1]

---

[1] Dr. Garrett's motion for reconsideration asserts: violation of due process and equal protection; the Venezuela Parties' "flagrant" misrepresentations and "prejudicial" conduct; the Court's purported failure to consider critical case law and exhibits Dr. Garrett previously presented; and "clear error and manifest injustices." (D.I. 1861 at 2-3) The only proper basis for reconsideration Dr. Garrett invokes is a clear error of law or fact. But he has not identified such a clear error and, instead, does no more than advance the same arguments the Court has already considered and rejected. *See Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (explaining that reiterating arguments previously made "is not a proper basis for reconsideration").

1

To the extent Dr. Garrett's motion for reconsideration can be read as a request for appointment of counsel (*see, e.g.*, D.I. 1861 at 13), this request is **DENIED**. Dr. Garrett does not in any way address the factors courts within the Third Circuit must consider in order to assess such a request. *See Tabron v. Grace*, 6 F.3d 147, 153-58 (3d Cir. 1993) (setting out non-exhaustive list of factors to evaluate requests for *pro bono* counsel in civil cases).

Dr. Garrett's motions for a pre-hearing conference (D.I. 1864) and for investigation, enhanced transparency, and a temporary stay (D.I. 1929) are likewise **DENIED**. As previously discussed (*see* D.I. 1843), Dr. Garrett must file a timely and meritorious motion for intervention to participate in this action. Unless and until he does so, the Court cannot grant him any relief in this action.

July 31, 2025  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT COURT