IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., Plaintiff, | ) ) ) |
| v. | ) ) ) No. 1:17-mc-00151-LPS |
| BOLIVARIAN REPUBLIC OF VENEZUELA, Defendant. | ) ) ) ) ) |

**MOTION FOR INTERVENTION**

**August 2, 2025**

Pro se movant Dr. Leroy A. Garrett, on behalf of 23,000 victims of Venezuela's petroleum Holocaust, respectfully moves to intervene under Fed. R. Civ. P. 24, with utmost deference to the Court's authority. The Court's Order (D.I. 1961, July 31, 2025) denying reconsideration (D.I. 1861), expedited consideration (D.I. 1863), pre-hearing conference (D.I. 1864), and investigation/transparency/stay (D.I. 1929) overlooked critical evidence and law, necessitating intervention to prevent manifest injustice before the August 18-20, 2025 Sale Hearing.

**I. GROUNDS FOR INTERVENTION**

**Timeliness:** This motion is timely under Rule 24, as unique circumstances—threats, Venezuela's denials, and PDVSA Ad Hoc inaction—excused delays, per IPSCO Steel v. Blaine Constr. Corp., 371 F.3d 150 (3d Cir. 2004). New developments, including the U.S. Treasury's July 25, 2025 designation of the Cartel de los Soles—a Venezuela-based narco-terrorist organization led by Nicolás Maduro—as a Specially Designated Global Terrorist (SDGT), and ongoing objections (D.I. 1847-1856, Red Tree's D.I. 1934 deposition, D.I. 1903/1920 subpoenas), justify immediate filing. Along their partners PDVSA Ad Hoc (The Venezuelas) have a well spread public and notorious corrupt and criminal behavior, as evidenced by U.S. Treasury sanctions on

1

aligned officials in 2019 and investigations into corruption schemes (e.g., COHA and PBS Frontline reports).

**Merit:** Movant's FSIA creditor status under Simon v. Republic of Hungary, 911 F.3d 1172 (D.C. Cir. 2018), establishes a U.S.-nexus expropriation claim (PDVSA's CITGO operations). Sworn depositions under oath and notarized Petroamigos statements, ignored in D.I. 1961, prove PDVSA's perjury (D.I. 1802 denials) and Ad Hoc bad faith by Horacio Medina, who, despite union leadership, buried victim claims for self-gain. The Special Master's secrecy (D.I. 1951 redactions) and Guaidó-era corruption (e.g., El Mundo 2025 bribes, 2019 sanctions) amplify this conspiracy. Movant's witness motion (filed July 31, 2025) for Medina, Wilhelm, and Jorda seeks transparency, aligning with Red Tree's efforts.

**Manifest Injustice:** Denying intervention risks mootness (Already, LLC v. Nike, Inc., 568 U.S. 85 (2013)), as sale approval (D.I. 1837-1) bars recovery, perpetuating a human rights catastrophe. Gross violations, like the petroleum Holocaust, lack statutes of limitations under international law (Velásquez Rodríguez v. Honduras, Inter-Am. Ct. H.R. (1988)), demanding due process (Haines v. Kerner, 404 U.S. 519 (1972)). The Court's oversight of depositions contradicts Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), requiring merit review for pro se claims.

## II. REQUEST

Movant respectfully requests intervention to file objections by August 7, present witnesses at the hearing, and participate in the August 13 conference (D.I. 1930), averting irreparable harm (Nken v. Holder, 556 U.S. 418 (2009)).

## IV. CONCLUSION

This motion honors the Court's commitment to equity, seeking justice for victims.

2

Respectfully,

*[signature]*

Dr. Leroy A. Garrett
Interested Party with Entry of Appearance
Pro Se Attorney
Member of Petroamigos de Venezuela (ONG)
6725 S Fry Road Ste. 700-338. Katy Texas 77494