UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., *Plaintiff*, v. BOLIVARIAN REPUBLIC OF VENEZUELA, *Defendant*. | No. 1:17-mc-151-LPS |

### GRAMERCY'S RESPONSE TO THE 2020 BONDHOLDERS' OBJECTION TO THE SPECIAL MASTER'S FINAL RECOMMENDATION

Gramercy Distressed Opportunity Fund LLC, G&A Strategic Investments I LLC, G&A Strategic Investments II LLC, G&A Strategic Investments III LLC, G&A Strategic Investments IV LLC, G&A Strategic Investments V LLC, G&A Strategic Investments VI LLC, G&A Strategic Investments VII LLC, Girard Street Investment Holdings LLC, Tenaris S.A., and Talta-Trading e Marketing Sociedade Unipessoal Lda] (collectively, "Gramercy") respectfully submit this response to the 2020 Bondholders' Memorandum in Support of Objection to the Special Master's Final Recommendation (the "Bondholders' Memorandum") (D.I. 1943).

Gramercy does not object to the Special Master's Final Recommendation for the proposed sale of PDVSA's shares in PDVH (the "PDVH Shares"), including of the proposed buyer identified by the Special Master (the "Buyer"), D.I. 1837. It files this response to the Bondholders' Memorandum regarding certain provisions of the Special Master's currently proposed order to approve the sale (D.I. 1837, a copy of which is attached as Exhibit A hereto; the "SM's Proposed Order"). Most of the SM's Proposed Order would properly grant approval of the transfer of the PDVH Shares to the Buyer free and clear of liens, claims, encumbrances and other interests only on, in or against the PDVH Shares themselves, not of liens and claims against assets of PDVH or

its direct and indirect subsidiaries. This approach is consistent with a free and clear sale of the PDVH Shares under the Court's *in rem* jurisdiction, including as explicitly recognized by the Court. D.I. 1515 at 17-18 ("'PDVH Shares free and clear of any [and all] encumbrances, and liabilities' means 'PDVH Shares free and clear of any and all claims, encumbrances, and liabilities ***attached to the PDVH Shares themselves***.'") (emphasis in original) and other rulings comprising the law of the case. However, in certain places the SM's Proposed Order goes further, purporting, or arguably purporting, to provide the Buyer additional and unwarranted "free and clear" relief, most but not all of which provisions have been identified by the Bondholders' Memorandum. Unless such provisions are deleted or clarified, the Court's order approving the Special Master's Final Recommendation, if entered, would not comply with the proposed finding in ¶ C of the SM's Proposed Order that the Special Master has complied with all of the Court's prior orders, or with applicable law.

Gramercy agrees with the 2020 Bondholders that such provisions exceed or arguably exceed (and therefore should be clarified to avoid ambiguity) the Court's authority to approve a free and clear sale of the PDVH Shares in this action. *See Dole Foods Co. v. Patrickson*, 538 U.S. 468, 474-75 (2003) (describing fundamental difference between shares in a corporation and the corporation's assets); *see also New Paradigm Software Corp. v. New Era of Networks, Inc.*, 2002 WL 31749396, at *8 (S.D.N.Y. Dec. 9, 2002) ("As a matter of law, purchase of a company's stock is distinct from a sale of the company's assets[.]"); *Polius v. Clark Equip. Co.*, 802 F.2d 75, 77 (3d Cir. 1986) (changes in ownership of a corporation's shares "do[] not affect the corporation's liability for its past actions."); *Texaco Refining and Mktg, Inc. v. Del. River Basin Com'n*, 824 F. Supp. 500, 507 (D. Del. 1993) ("[A] sale of all of the stock of a corporation, or of a controlling interest, is not a sale of the physical properties or assets of the corporation.") (citation omitted);

*Taylor v. Dover Downs, Inc.*, 543 F. Supp. 3d 39, 44 (D. Del. 2021) (same); D.I. 1515 at 17-18; *see also Atl. Prop. Grp. v. Deibler,* 1994 WL 45433, *5–6 (Del. Super. Jan. 6, 1994), *aff'd* 652 A.2d 553, 553 (Del. 1995) (bidders must consider the corporation's liabilities in pricing their bids); *In re Insilco Tech., Inc.* 351 B.R. 313, 321 (Bankr. D. Del. 2006).

The 2020 Bondholders' proposed form of sale order (the "Bondholders' Proposed Order"), however, would inadequately address such provisions' overreaching. Rather than correct the fundamental error of approving a sale free and clear of liens and claims against *assets* of PDVH and its indirect and direct subsidiaries and such entities' respective successors and assigns, the Bondholders' Memorandum generally proposes simply carving out the 2020 Bondholders from such provisions, as illustrated by the insertion of "other than with respect to the PDVSA 2020 Bondholder Parties" into the title of the Bondholders' Proposed Order. D.I. 1943, Ex. B at 2; *see also id*. at ¶¶ J, M, 6, 19, and 26 (carving out only the 2020 Bondholders from improper provisions).

Gramercy therefore respectfully proposes a form of sale order, a copy of which is attached hereto as Exhibit B, that addresses the deficiencies in the SM's Proposed Order generally and not limited to specific carve outs for the 2020 Bondholders. Gramercy does not, however, object to further including 2020-Bondholder-specific carveouts to the sale order if the 2020 Bondholders' seek such belt and suspenders. Such 2020 Bondholders-only carveouts are marked in yellow in Exhibit B hereto. Exhibit B marks in green those provisions that should in any event be added to or deleted from 2020 Bondholders' Proposed Order, as the case may be, as being required on a general basis and not limited to protecting the 2020 Bondholders' rights.

As noted, most of the "free and clear" provisions of the SM's Proposed Order comply with the proposition that the judicial sale before the Court is only of the PDVH Shares and therefore only the PDVH Shares should be sold free and clear of creditors' liens and claims. But, as

identified by the Bondholders' Memorandum, and as reflected in Exhibit B hereto, the following provisions of the SM's Proposed Order would have the Court enter relief exceeding that proposition or would create an unwarranted ambiguity over whether such relief was granted. Thus,

1) The definitions of "Buyer" and "Buyer Affiliates" as entities protected from successor liability asserted as a result of the Sale Transaction should be clarified to exclude not only PDVH and any of its direct and indirect subsidiaries, but also such entities' respective successors and assigns by merger or otherwise.". Ex. B, pgs. 2, n.2 and 13, n.5.

2) The proposed order should preserve the rights of any creditor of PDVH or its direct and indirect subsidiaries and their respective successors and assigns to enforce their rights as creditors of such entities, notwithstanding any other provision of the order. Those creditor rights include not only the right to proceed against PDVH and/or its direct and indirect subsidiaries and their respective successors and assigns to establish or enforce claims against such entities, but also rights as creditors of those entities to challenge those entities' transfers of assets under applicable fraudulent transfer and similar laws or as ultra vires or otherwise improper. A request to prohibit the pursuit of such creditor rights is not properly before the Court, and yet it appears or arguably appears to be granted in the SM's Proposed Order. For example,

    a. Paragraph 11 of the SM's Proposed Order does not stop at precluding the Notice Parties from having "recourse against Buyer or Buyer Affiliates, or against the PDVH Shares, on account of those parties' respective judgments or other Claims against the Republic, PDVSA or their respective Affiliates," i.e. relief consistent with a "free and clear" order for the sale of the PDVH Shares. It also

would have the Court decree that "**a**ny actions taken to enforce such judgments *against PDVH* shall be a violation of [the Proposed Order]," D.I. 1841, Ex. A at ¶ 11 (emphasis added), thus subjecting creditors of PDVH to possible contempt for trying to enforce their rights as creditors not against the PDVH Shares or the Buyer or Buyer Affiliates but against PDVH itself. The italicized proposed text therefore should be deleted, or the phrase "against the PDVH Shares or the Buyer or Buyer Affiliates" should replace it.

b. Paragraph 19 of the SM's Proposed Order's "Non-Interference" provision also can be read to overreach proper "free and clear" language and intrude on the rights of creditors of PDVH and its direct and indirect subsidiaries and their respective successors and assigns by directing that "no holder of an adverse interest in the PDVH Shares, nor any other person or entity, shall interfere with Buyer's title to *or use and enjoyment of* the PDVH Shares based on *or related to* such adverse interest." *See* D.I. 1841, Ex. B p. 34 at ¶19 (emphasis added). The italicized language arguably expands the paragraph's prohibition to include acts against the assets of PDVH or its direct and indirect subsidiaries that reduce the *value* the PDVH Shares, and therefore should be deleted as contrary to applicable law, including the law of the case.

c. Last, provisions in the SM's Proposed Order that would curtail the rights of creditors of PDVH and its direct and indirect subsidiaries and their respective successors and assigns to assert their rights as creditors of such entities to challenge financing-related transfers related to the proposed sale under

applicable law overreach and therefore should be deleted, not just carved out for the 2020 Bondholders. See, e.g. pgs. 17, ¶M, and 24 ¶6.

As noted, to highlight these overreaching provisions and suggest appropriate language for the Court's order, Gramercy respectfully submits the Proposed Order attached as Exhibit B, marked against the SM's Proposed Order and the 2020 Bondholders' Proposed Order.[1] Further, to avoid the risk that some other provision of the SM's Proposed Order could later be cited to support the proposition that it grants free and clear relief as against the assets of PDVH and its direct and indirect subsidiaries and their respective successors and assigns, Exhibit B proposes a general carveout of any such provision or interpretation in the Proposed Order: "Notwithstanding any provision hereof, nothing in this Order shall apply to any person or entity's right to assert and enforce a claim against the assets of PDVH or any of its direct and indirect subsidiaries and their respective successors and assigns, by merger or otherwise, and related rights as a creditor of such entities."

Dated: New York, New York
August 4, 2025

/s/ *Joseph O. Larkin*
Joseph O. Larkin

**SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP**
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 651-3000
Fax: (302) 651-3001
Joseph.Larkin@skadden.com

---

[1] Changes, whether deletions or additions, sought by Gramercy are marked in green; other changes proposed by the Bondholders' Memorandum that are acceptable to Gramercy as belt and suspenders are marked in yellow.

Robert D. Drain*
One Manhattan West
New York, New York 10001
Telephone: (212 735-3000
Robert.Drain@skadden.com

*Counsel to Gramercy Distressed Opportunity Fund LLC, G&A Strategic Investments I LLC, G&A Strategic Investments II LLC, G&A Strategic Investments III LLC, G&A Strategic Investments IV LLC, G&A Strategic Investments V LLC, G&A Strategic Investments VI LLC, G&A Strategic Investments VII LLC, Girard Street Investment Holdings LLC, Tenaris S.A., and Talta-Trading e Marketing Sociedade Unipessoal Lda*

*Admitted *pro hac vice*