## **Exhibit A**

**SM's Proposed Order**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CRYSTALLEX INTERNATIONAL CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Misc. No. 17-151-LPS |
| | ) | |
| BOLIVARIAN REPUBLIC OF | ) | |
| VENEZUELA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER (I) APPROVING STOCK PURCHASE AGREEMENT,
(II) AUTHORIZING SALE OF THE PDVH SHARES
FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES,
AND OTHER INTERESTS, AND (III) GRANTING RELATED RELIEF**

Upon the recommendation, dated July 2, 2025 (the "**Recommendation**"),[1] of Robert B. Pincus, in his capacity as Special Master for the United States District Court for the District of Delaware (the "**Special Master**") in the above captioned case (the "**Action**"), recommending entry of an order authorizing and approving the sale of the PDVH Shares pursuant to, among other things, 28 U.S.C. § 2004, Rules 53 and 69 of the Federal Rules of Civil Procedure, Section 324 of Title 8 of the Delaware Code, the Court's equitable powers to enforce its orders and judgments, and the All Writs Act; and this Court having taken into consideration this Court's prior orders, including the *Order Regarding Special Master* [D.I. 277] (the "**Special Master Order**"), the *Memorandum Order* [D.I. 646], the *Final Priority Order* [D.I. 1102] (the "**Final Priority Order**"), and the *Sixth Revised Proposed Order (A) Establishing Sale and Bidding Procedures, (B) Approving Special Master's Report and Recommendation Regarding Proposed Sale*

---

[1]  Capitalized terms used but not herein defined shall have the meanings ascribed to such terms in the Sale Procedures Order, the Recommendation or the Stock Purchase Agreement (each as herein defined), as applicable and as context may require.

*Procedures Order, (C) Affirming Retention of Evercore as Investment Banker by Special Master and (D) Regarding Related Matters* [D.I. 481], (the "**Sale Procedures Order**", and the bidding procedures for the sale of the PDVH Shares approved thereby, the "**Bidding Procedures**") and granting certain related relief, the *Memorandum Order Regarding Sale Process and Litigation* [D.I. 1517] (the "**December 2024 Order**"), the *Order* [D.I. 1741] designating Red Tree Investments, LLC as the Stalking Horse (the "**Stalking Horse Order**"), and the *Order Regarding Schedule for the Remainder of the Marketing Process* [D.I. 1745] (the "**April 2025 Scheduling Order**"), the *Order* entering the revised proposed scheduled proposed by the Special Master [D.I. 1809] (the "**June 2025 Scheduling Order**"); and four rounds of bidding (the "**Bidding Rounds**") having been held for the consideration of Qualified Bids and the selection of a Successful Bidder (each as defined in the Sale Procedures Order and the Bidding Procedures); and Buyer[2] having submitted the best bid for the PDVH Shares and having been recommended as the Successful Bidder by the Special Master with respect to the PDVH Shares; and this Court having conducted a hearing on [August 18 to August 20, 2025] (the "**Sale Hearing**") to consider the Sale Transaction (as defined herein), during which time all interested parties were offered an opportunity to be heard with respect to the Recommendation; and this Court having reviewed and considered (i) the Recommendation and the exhibits thereto, including[3] the Stock Purchase Agreement, dated as of June 25, 2025 (together with the exhibits thereto, as may be amended, modified, or supplemented from time to time in accordance with the terms thereof, the "**Stock**

---

[2]    For the purposes of this Order, "**Buyer**" means Dalinar Energy Corporation, a Delaware corporation, (together with its permitted assigns pursuant to Section [9.10] of the Stock Purchase Agreement (as defined below)); *provided*, *however*, that from and after the Closing, the term Buyer shall exclude PDVH and any of its direct or indirect subsidiaries.

[3]    The term "including," wherever it is used in this Order, means "including, without limitation."

**Purchase Agreement**") attached as **Exhibit A** hereto, by and among the Special Master and Buyer, whereby the Special Master, at the direction of the Court, has agreed to, among other things, sell or cause to be sold the PDVH Shares to Buyer, on the terms and conditions set forth in the Stock Purchase Agreement (the "**Sale Transaction**"); (ii) the notarized affirmations of publication attached hereto as **Exhibit B** (collectively, the "**Publication Affidavits**"); and (iii) the arguments of counsel made, and the evidence therein proffered or adduced at the Sale Hearing; and due notice of the Recommendation, the Sale Hearing, and the form of this Order having been provided; and all objections to the Sale Transaction and the Order having been withdrawn, resolved, or overruled; and it appearing that the relief granted herein is consistent with the directives of the Sale Procedures Order; and upon the record of the Sale Hearing and this Action; and after due deliberation and sufficient cause appearing therefor;

   **IT IS HEREBY FOUND AND DETERMINED THAT**:

   A. *Jurisdiction and Venue*. The Court has jurisdiction to grant the relief recommended in the Recommendation pursuant to 28 U.S.C. §§ 1330, 1367, and 1605(a)(6) and its ancillary jurisdiction to enforce federal judgments. Venue is proper before the Court pursuant to 28 U.S.C. § 1963. Further, the Court has jurisdiction over the Additional Judgment Creditors (as defined in the Sale Procedures Order and as set forth in the Final Priority Order) and all other interested parties appearing in this proceeding pursuant to 28 U.S.C. § 1367 and over Crystallex International Corporation ("**Crystallex**") pursuant to ancillary jurisdiction for enforcing an arbitral award reduced to a federal judgment. *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 932 F.3d 126 (3d Cir. 2019).

   B. *Statutory and Rule Predicates*. The predicates for the relief granted herein include (i) Rules 53 and 69 of the Federal Rules of Civil Procedure, (ii) Section 324 of Title 8 of the

Delaware Code, (iii) the Court's general equitable powers to enforce its orders and judgments, *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)), (iv) the All Writs Act (*see United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172 (1977) ("This Court has repeatedly recognized the power of a federal court to issue such commands under the All Writs Act as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained.")), and (v) 28 U.S.C. § 2004.

C.    *Sale Notice*.  As evidenced by the Publication Affidavits and the status reports filed on the Court's public docket on October 23, 2023 [D.I. 771], January 8, 2024 [D.I. 839], and April 16, 2024 [D.I. 1134] (the "**Status Reports**"), and the Court's orders setting deadlines for the Marketing Process including the December 2024 Order, the April 2025 Scheduling Order, the *Order* [D.I. 1779] extending the topping period, and the June 2025 Scheduling Order: (i) due, proper, timely, adequate, and sufficient notice of the PDVH Shares being sold, the Recommendation, the Bidding Rounds, the Bidding Procedures (including the bidding process and the deadline for submitting bids for the Bidding Rounds), the Sale Hearing, the Sale Transaction, and the Order was provided by the Special Master; (ii) such notice was and is good, sufficient, and appropriate under the particular circumstances and complies with the Sale Procedures Order, the Bidding Procedures, and applicable law; and (iii) no other or further notice of the Recommendation, the Bidding Rounds, the Bidding Procedures, the Sale Hearing, the Sale Transaction, or the Order is required.  With respect to Persons whose identities are not reasonably ascertained by the Special Master, as evidenced by the Publication Affidavits, publication of the notice each in the national print editions of *USA Today* on January 12, 2024, January 19, 2024, June 3, 2024, June 10, 2024, February 25, 2025, March 4, 2025, May 5, 2025, and May 12, 2025,

*the Wall Street Journal* on January 12, 2024, January 19, 2024, June 1, 2024, June 8, 2024, February 24, 2025, March 3, 2025, May 3, 2025, and May 10, 2025, the *Delaware State News* on January 12, 2024, January 19, 2024, June 2, 2024, June 11, 2024 (e-edition), June 12, 2024 (print edition), February 26, 2025, March 5, 2025, May 7, 2025, and May 14, 2025, the *Delaware News Journal* on January 12, 2024, January 19, 2024, June 4, 2024, June 11, 2024, February 25, 2025, March 4, 2025, May 6, 2025, and May 13, 2025, as well as the Venezuelan publication *La Razón* on June 9, 2024, March 2, 2025, March 9 2025, May 4, 2025, and May 11, 2025, was sufficient and reasonably calculated under the circumstances to reach such Persons and is in compliance with the Sale Procedures Order, Bidding Procedures, and applicable law including Section 324 of Title 8 of the Delaware Code (collectively, the "**Publication Notices**").

        D.    *Notice and Opportunity to Object.* As evidenced by the Publication Affidavits and the Status Reports [D.I. 771, 839 & 1134], a fair and reasonable opportunity to object to, and be heard with respect to, the Recommendation, the Bidding Rounds, and the Sale Transaction has been given to any and all Persons who are or could be entitled to notice pursuant to the Sale Procedures Order and the Bidding Procedures, including, but not limited to, the following: (i) Buyer by its counsel Brown Rudnick LLP and Norton Rose Fulbright US LLP;  (ii) PDVH Holding, Inc. ("**PDVH**"), by its counsel Eimer Stahl LLP ("**Eimer Stahl**"); (iii) CITGO Petroleum Corporation ("**CITGO**"), by its counsel Eimer Stahl; (iv) Petróleos de Venezuela, S.A., by its counsel Curtis, Mallet-Prevost, Colt & Mosle LLP ("**PDVSA**"); (v) the Bolivarian Republic of Venezuela (the "**Republic**"), by its counsel Munger, Tolles & Olson LLP; (vi) Crystallex International Corporation, by its counsel Gibson Dunn & Crutcher, LLP; (vii) Phillips Petroleum Company Venezuela Limited and ConocoPhillips Petrozuata B.V. ("**ConocoPhillips**"), by their counsel Wachtell, Lipton, Rosen & Katz; (viii) Former Additional Judgment Creditor, Altana

Credit Opportunities Fund SPC, Altana Credit Opportunities Fund 1 SP, and Altana Funds Ltd. Cayman, by their counsel Bayard, P.A.; (ix) Additional Judgment Creditor, ACL1 Investments Ltd., ACL2 Investments Ltd. and LDO (Cayman) XVIII Ltd., by their counsel Riley & Jacobson, PLC;  (x) Additional Judgment Creditor, Contrarian Capital Fund I, L.P., Contrarian Dome du Gouter Master Fund, LP, Contrarian Capital Senior Secured, L.P., Contrarian EM II, LP, Contrarian Emerging Markets, L.P., Boston Patriot Summer St LLC, Polonius Holdings, LLC, Emma I Master Fund, L.P., E1 SP, a Segregated Account of EMAP SPC, and Contrarian Capital Management, L.L.C., Contrarian Funds, L.L.C., by their counsel MoloLamken LLP; (xi) Additional Judgment Creditor, Gold Reserve Inc., by its counsel Norton Rose Fulbright US LLP; (xii) Additional Judgment Creditor, Huntington Ingalls Incorporated, f/k/a, Northrop Grumman Ship Systems, Inc., f/k/a Ingalls Shipbuilding, Inc., by its counsel Alston & Bird, LLP; (xiii) Additional Judgment Creditor, Koch Minerals Sàrl and Koch Nitrogen International Sàrl, by their counsel Alston & Bird, LLP and Stinson LLP; (xiv) Additional Judgment Creditor, OI European Group B.V., by its counsel Morgan, Lewis & Bockius LLP; (xv) Former Additional Judgment Creditor, Pharo Gaia Fund, Ltd., Pharo Macro Fund, Ltd., and Pharo Trading Fund, Ltd., by their counsel Bayard, P.A.; (xvi) Additional Judgment Creditor, Red Tree Investments, LLC, by its counsel MoloLamken LLP; (xvii) Former Additional Judgment Creditor, Rudi Lovati and Alessandro Lucibello Piani, by their counsel Duane Morris LLP; (xviii) Additional Judgment Creditor, Rusoro Mining Limited, by its counsel DLA Piper LLP (US); (xvix) Additional Judgment Creditor, Saint-Gobain Performance Plastics Europe, by its counsel Alston & Bird, LLP; (xx) Additional Judgment Creditor, Siemens Energy, Inc., by its counsel Reed Smith LLP; (xxi) Additional Judgment Creditor, Tenaris S.A., Talta-Trading e Marketing Sociedade Unipessoal Lda., and Gramercy Distressed Opportunity Fund LLC, by their counsel (a) Debevoise & Plimpton

LLP and (b) Halloran Farkas and Kittila LLP; (xxii) Additional Judgment Creditor, Tidewater Investment SRL and Tidewater Caribe S.A., by their counsel Covington & Burling LLP; (xxiii) Additional Judgment Creditor, Valores Mundiales, S.L. and Consorcio Andino, S.L., by their counsel Covington & Burling LLP; (xxiv) Mobil Cerro Negro Holding, LLC., Venezuela Holdings, B.V., and Mobil Cerro Negro, Ltd., by their counsel Connolly Gallagher LLP; (xxv) Banco San Juan Internacional, Inc., by its counsel McCollom D'Emilio Smith Uebler LLC; (xxvi) G&A Strategic Investments I LLC, G&A Strategic Investments II LLC, G&A Strategic Investments III LLC, G&A Strategic Investments IV LLC, G&A Strategic Investments V LLC, G&A Strategic Investments VI LLC, and G&A Strategic Investments VII LLC, by their counsel Andrew H. Sauder of Dailey LLP; (xxvii) Girard Street Investment Holdings LLC, by its counsel Andrew H. Sauder of Dailey LLP; (xxviii) Refineria Di Korsou N.V., by its counsel Gellert Scali Busenkell & Brown, LLC; (xxvix) Ricardo Devengoechea, by his counsel Werb & Sullivan; (xxx) all entities known by the Special Master to hold any judgment or have asserted any lien, claim, encumbrance, or other interest in the PDVH Shares, for whom identifying information and addresses are available to the Special Master; (xxxi) the United States Department of Treasury's Office of Foreign Assets Control ("**OFAC**"); and (xxxii) all other Persons as a result of Publication Notice or other notice (the parties listed at i–xxxii above, the "**Notice Parties**").

      E.    *Reasonable Discretion*.  The Special Master has exercised his reasonable discretion in offering the PDVH Shares for sale, in units and as a whole, and has demonstrated good, sufficient, and sound justifications for approval of and entry into the Stock Purchase Agreement and the other agreements, documents, and instruments deliverable thereunder or attached thereto or referenced therein (collectively, the "**Transaction Documents**") and for approval of the Sale Transaction.  The Special Master's entry into and performance under the Transaction Documents

(i) constitutes a sound and reasonable exercise of the Special Master's discretion consistent with the exercise of his duties to the Court in accordance with the Bidding Procedures and his responsibilities under the Sale Procedures Order and Bidding Procedures, (ii) represents the best opportunity for the Notice Parties, as applicable, to recover value from the PDVH Shares on account of any judgments or Claims they may have against the Republic or PDVSA, and (iii) is reasonable and appropriate under the circumstances. Evidence of the Special Master's reasonable discretion in entering into and performing under the Transaction Documents includes (y) the Purchase Price, as defined in the Stock Purchase Agreement, and the other terms set forth in the Transaction Documents, which constitute the best offer received for the PDVH Shares; and (z) the Sale Transaction on the terms set forth in the Transaction Documents presents an orderly sale of the PDVH Shares and the best opportunity to maximize the value of the PDVH Shares and maximize distributions to the holders of Attached Judgments and the opportunity for recoveries to all Notice Parties, including Crystallex, ConocoPhillips, and the Additional Judgment Creditors.

F.     *Compliance with the Sale Procedures Order, December 2024 Order, Evaluation Criteria, April 2025 Scheduling Order, and June 2025 Scheduling Order.* On October 11, 2022, this Court entered the *Sixth Revised Proposed Order (A) Establishing Sale and Bidding Procedures, (B) Approving Special Master's Report and Recommendation Regarding Proposed Sale Procedures Order, (C) Affirming Retention of Evercore as Investment Banker by Special Master and (D) Regarding Related Matters* [D.I. 481] approving the initial Bidding Procedures for the PDVH Shares. On December 31, 2024, this Court entered the December 2024 Order. On January 27, 2025, this Court entered a *Memorandum Order* [D.I. 1554] (the "**January 2025 Order**") which adopted evaluation criteria for Stalking Horse Bids, Base Bids, and Successful Bids (the "**Evaluation Criteria**"). On April 25, 2025, this Court entered the April Scheduling

2025 Order. On June 13, 2025, this Court entered the June 2025 Scheduling Order. The Bidding Procedures are substantively and procedurally fair, and non-collusive, and provided a full, fair, and reasonable opportunity for any entity or Person to make an offer to purchase the PDVH Shares. The Special Master complied with the Bidding Procedures, the Sale Procedures Order, the December 2024 Order, and the April 2025 Scheduling Order in all respects. Buyer complied with the Bidding Procedures, the Sale Procedures Order, the December 2024 Order, the April 2025 Scheduling Order, and the June 2025 Scheduling Order in all respects except as properly waived by the Special Master in the exercise of his duties to the Court in accordance with the Bidding Procedures. Buyer subjected its bid to competitive bidding in accordance with the Bidding Procedures and was designated the Successful Bidder for the PDVH Shares. The Bidding Rounds were duly noticed and conducted fairly and in good faith, without collusion, and in accordance with the Sale Procedures Order and the Bidding Procedures. All potential bidders and other potentially interested parties have been afforded a full, fair, and reasonable opportunity to submit bids for the PDVH Shares and participate in the Bidding Rounds. The Special Master complied with the Evaluation Criteria.

G. *Marketing Process.* As demonstrated by the Recommendation, the Publication Affidavits, the testimony and other evidence proffered or adduced at the Sale Hearing, and the representations of counsel made on the record at the Sale Hearing: (i) the Special Master and his investment banker, Evercore Group L.L.C., engaged in a robust and extensive Marketing Process pursuant to the Sale Procedures Order, the Bidding Procedures, and the December 2024 Order; (ii) the Special Master and his Advisors, as defined in the Sale Procedures Order, conducted the Marketing Process in good faith and in a fair and open manner; (iii) the Marketing Process provided all potential bidders sufficient information to enable them to make an informed judgment

on whether to make a bid to purchase the PDVH Shares and the terms of any such bid; (iv) the Marketing Process, the Bidding Procedures, and the Bidding Rounds were non-collusive, duly noticed, and provided a full, fair, and reasonable opportunity for any entity to conduct due diligence and make an offer to purchase the PDVH Shares and submit higher or better offers for the PDVH Shares than Buyer's bid; (v) the Special Master considered any and all bids submitted in good faith and in accordance with his duties under the Sale Procedures Order; (vi) the Special Master and Buyer have negotiated and undertaken their roles leading to the entry into the Stock Purchase Agreement in diligent, non-collusive, fair, reasonable, and good faith manner; and (vii) the Marketing Process conducted by the Special Master pursuant to the Sale Procedures Order and the Bidding Procedures obtained the best value for the PDVH Shares.

H.    *Fair and Adequate Consideration; Best Value*.  The consideration to be provided by Buyer under the Stock Purchase Agreement is fair, adequate, and reasonable consideration for the PDVH Shares and constitutes an adequate price for the purchase of the PDVH Shares under the terms of the Sale Procedures Order.  Such consideration constitutes the best bid for the PDVH Shares.  As a result, Buyer's bid represents the best opportunity to maximize distributions to the holders of Attached Judgments and the opportunity for recoveries to all Notice Parties, including Crystallex, ConocoPhillips, and the Additional Judgment Creditors.  Prompt approval of the Sale Transaction is the best means to preserve and maximize the value of the PDVH Shares and maximize distributions to Crystallex, ConocoPhillips, and the Additional Judgment Creditors.  The total consideration to be provided by Buyer under the Transaction Documents reflects Buyer's reliance on each term and provision in this Order and in the Transaction Documents, and Buyer would not be willing to enter into the Transaction Documents or acquire the PDVH Shares without each and every protection set forth in the Transaction Documents and this Order, including in

paragraphs I (*The Bidding and Sale Process Were Conducted in Good Faith*), J (*No Successor or Other Derivative Liability*), K (*The Shares Are Free and Clear of Any Claim, Lien, Interest, or Encumbrance*), L (*Necessary Condition*), M (*Validity of Transfer*), S (*Opportunity to Participate in Marketing Process*), 2 (*Objections Overruled*), 6 (*Consummation of Sale Transaction(s)*), 11 (*Transfer of PDVH Shares Free and Clear*), 13 (*Injunction*), 14 (*Release of Claims as to Buyer and other Entities; Recordation*), 15 (*Releases by Holders of Any Attached Judgments*), 18 (*No Successor or Other Derivative Liability*), 19 (*Non-Interference*), 21 (*Validity of Sale Absent Stay Pending Appeal*), and 24 (*Provisions Non-Severable*).   The Transaction Documents were not entered into, nor is the Sale Transaction being consummated, for the purpose of hindering, delaying, or defrauding present or future creditors of PDVSA under the laws of the United States, any state, territory, possession, the District of Columbia or otherwise, and none of the parties to the Transaction Documents nor any of their direct or indirect Affiliates[4] or subsidiaries are consummating the Sale Transaction for any other fraudulent or improper purpose.

      I.    *The Bidding and Sale Process Were Conducted in Good Faith*.  The Transaction Documents and the Sale Transaction were negotiated, proposed, and entered into, and are being undertaken by the Special Master, Buyer, and the other parties to the Transaction Documents and their respective representatives and advisors, in good faith, without collusion or fraud, and from arm's length bargaining positions.  There has been no fraud, unfairness, surprise, or mistake, and the sale price is not so low as to shock the conscience.  Likewise, the value to be paid by Buyer

---

[4]    For the purposes of this Order, "**Affiliate**" means any Person (as defined in the Stock Purchase Agreement) that, directly or indirectly through one or more intermediaries, controls, or is controlled by, or is under common control with, such Person, and the term "control" (including the terms "controlled by" and "under common control with") means the possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of such Person, whether through ownership of voting securities, by contract or otherwise.

upon consummation of the Sale Transaction is the product of arm's length negotiations between the Special Master, Buyer, and the other parties to the Transaction Documents and their respective representatives and advisors, in good faith and without collusion or fraud. Buyer has proceeded in good faith in all respects in that, among other things, (i) Buyer complied with the provisions of the Sale Procedures Order and Bidding Procedures, including compliance with confidentiality obligations and restrictions under the Sale Procedures Order and the Bidding Procedures and any applicable non-disclosure or confidentiality agreement; (ii) Buyer's bid was subjected to competitive Bidding Procedures as set forth in the Sale Procedures Order; (iii) all consideration to be provided by Buyer and all other material agreements or arrangements entered into by Buyer and the Special Master in connection with the Sale Transaction have been disclosed and are appropriate; and (iv) the negotiation and execution of Transaction Documents were at arm's length and in good faith. Other than agreements among the Special Master, Buyer, and any other parties as reflected in the Transaction Documents and herein, the Purchase Price in respect of the PDVH Shares was not controlled by any agreement, including any agreement among potential bidders.

J.    *No Successor or Other Derivative Liability.*    Except as otherwise expressly provided herein or in the Transaction Documents, upon and after Closing, and to the greatest extent allowed by applicable law (whether in effect now or in the future), Buyer and Buyer Affiliates[5] shall not have any liability, or any other obligation, of or related to the Republic, PDVSA, or their respective Affiliates, including any liability or obligation arising under or related to the sale and transfer of the PDVH Shares to Buyer. Upon the closing, Buyer will not assume the liabilities of PDVSA. Buyer and Buyer Affiliates are not, and the consummation of the Sale Transaction will

---

[5]    For the purposes of this Order, "**Buyer Affiliates**" means an Affiliate of Buyer; *provided*, *however*, that the term "Buyer Affiliate" shall exclude PDVH and any of its direct or indirect subsidiaries.

not render Buyer or Buyer Affiliates a continuation of or a mere continuation of, and Buyer is not holding itself out as a continuation of or a mere continuation of, the Republic, PDVSA or their enterprises or operations, and there is no continuity or common identity between Buyer and the Republic or PDVSA or their subsidiaries or Affiliates. Accordingly, the Sale Transaction does not amount to a consolidation, merger, de facto merger, acquisition of all or substantially all assets, or similar transaction of Buyer or Buyer Affiliates with or into the Republic or PDVSA, and Buyer, and Buyer Affiliates are not, and shall not be deemed, as a result of the consummation of the Sale Transaction, past practice, historical operations, course of dealing, or otherwise: (i) to be a successor to the Republic, PDVSA or their Affiliates, (ii) to be a continuation, a mere continuation or substantial continuation of the Republic, PDVSA or the enterprise(s) of the Republic, PDVSA or their Affiliates, or (iii) to be liable for, or be subject to any obligations relating to, any acts or omissions of the Republic, PDVSA, any of their Affiliates, or an insider of the Republic, PDVSA or any of their Affiliates in the conduct of their business or related to the PDVH Shares, including with respect to the Attached Judgments and any judgment whose holder sought to have such judgment be an Attached Judgment, other than as set forth in the Transaction Documents. Without limiting the generality of the foregoing, and except as otherwise provided in the Transaction Documents, Buyer and Buyer Affiliates shall not be liable for any Claims against PDVSA or any of its Affiliates, and Buyer and Buyer Affiliates shall have no successor or vicarious liability of any kind or character whatsoever, whether known or unknown as of the Closing, whether now existing or hereafter arising, whether asserted or unasserted, perfected or unperfected, liquidated or unliquidated, noticed or unnoticed, recorded or unrecorded, matured or unmatured, legal or equitable, non-contingent or contingent, or otherwise, with respect to the business operations of the Republic, PDVSA, their Affiliates, or the PDVH Shares. To the extent there are any perfected

Liens on the PDVH Shares, the same shall only attach to the proceeds of the Sale Transaction ultimately attributable to the property against which such perfected Liens applied or other specifically dedicated funds, in the same order of priority and with the same validity, force, and effect that such perfected Liens applied prior to the Sale Transaction, subject to any rights, claims, and defenses of PDVSA. Buyer would not have entered into the Transaction Documents and would not acquire the PDVH Shares but for the foregoing protections against potential claims based upon successor or similar liability, vicarious liability, or any other legal, equitable or other doctrine, whether existing now or in the future, and those protections' effectiveness. A sale of the PDVH Shares without the foregoing protections would yield substantially less value for Crystallex, ConocoPhillips, and the Additional Judgment Creditors.

K.    *The Shares Are Free and Clear of Any Claim, Lien, Interest, or Encumbrance.* Except as otherwise expressly provided herein, the Special Master is authorized and directed to sell the PDVH Shares to Buyer free and clear of any (i) right to a payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, (ii) equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured, and (iii) loss, liability, demand, claim, chose in action, any derivative vicarious, transferee, or successor or similar liability claims, rights, or causes of action, judgment, entitlement, residue, sanction, penalty, action, obligation, commitment, assessment, settlement, fee, debt, deficiency, guaranty of any kind, proceeding, damage, cost, or expense (including court costs and professional fees (including attorneys' fees and costs) whatsoever), whether at law or in equity, whether known or unknown, fixed, liquidated, contingent, or

otherwise, whether under any theory of successor or transferee liability and whether imposed by agreement, understanding, law, or otherwise (a "**Claim**") and any mortgage, lien (whether consensual, statutory or arising under any Law), pledge, charge, security interest, financing statement, hypothecation, Preferential Right, easement, plot restriction, deed restriction, encumbrance of any kind, or other interest in property arising from an attachment, writ or other enforcement or execution of a judgment or Claim (a "**Lien**").  Following the Sale Transaction, the Notice Parties shall have no recourse against Buyer or Buyer Affiliates or against the PDVH Shares, on account of those parties' respective judgments or other Claims against the Republic, PDVSA, or their respective Affiliates.

L.    *Necessary Condition*.  Buyer would not have entered into the Transaction Documents and will not consummate the transactions contemplated thereby (i) if the sale of the PDVH Shares was not free and clear of all Claims and Liens, including any rights or Claims based on any successor, vicarious, or transferee liability, except as otherwise provided in the Transaction Documents; or (ii) if Buyer would, or in the future could, be liable for any such Claims and Liens. Failure to provide such relief in this Order would frustrate the Sale Procedures Order and the other orders of this Court in the Action.  The total consideration to be provided under the Transaction Documents reflects Buyer's reliance on this Order to provide it with title to and possession of the PDVH Shares free and clear of all Claims pursuant to this Court's broad equitable authority under the All Writs Act, and 28 U.S.C. § 2004.  A sale of the PDVH Shares without the foregoing protections would yield substantially less value for Crystallex, ConocoPhillips, and the Additional Judgment Creditors.

M.    *Validity of Transfer*.  The transfer of the PDVH Shares to Buyer will be a legal, valid, and effective transfer of the PDVH Shares, including for the purposes of Title 8 of the

Delaware Code and Article 8 of Title 6 of the Delaware Code, and will vest Buyer with any legal, equitable and beneficial right, title, and interest of PDVSA in and to the PDVH Shares, free and clear of all Claims and Liens.  The consummation of the Sale Transaction is legal, valid, and properly authorized under all applicable law, and all of the applicable requirements of applicable law have been complied with in respect of the Sale Transaction.  Entities providing financing in connection with the Sale Transaction may rely in all respects on all of the provisions of this Order.

N.    *Required Approval.*  Buyer has demonstrated that (i) Buyer has made, or will make in a timely manner (a) all filings and disclosures necessary to comply with the regulations of OFAC and (b) all necessary filings under the Hart-Scott-Rodino Antitrust Improvements Act of 1976, as amended, and any other antitrust laws, as applicable, and pay the fees associated with such filings; (ii) Buyer has a plan and the ability to obtain or make all requisite shareholder, governmental, regulatory, or other third-party approvals, consents and notifications, (iii) the proposed timing to undertake the actions required to obtain or make such approvals, consents and notifications is reasonable; (iv) the Sale Transaction is reasonably likely, after taking into consideration antitrust and any other regulatory matters, Buyer's prior experience, Buyer's commitment to take all action necessary, proper or advisable for Buyer to consummate the Sale Transaction prior to the Closing Date, and any other relevant considerations, to be consummated within a time frame acceptable to the Special Master and the Court; and (v) Buyer has consented to the Special Master, in his discretion, sharing with U.S. Government regulators, including OFAC, information pertaining to the Sale Transaction.

O.    *Sale Authority*.  The Court has authority to sell the PDVH Shares to Buyer pursuant to (a) Rule 69(a) of the Federal Rules of Civil Procedure, (b) Section 324 of Title 8 of the Delaware Code, (c) Rule 53 of the Federal Rules, (d) the Court's general equitable powers to enforce its

orders and judgments (*see Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)); *see also IFC Interconsult, AG v. Safeguard Int'l Partners, LLC*, 438 F.3d 298, 311 (3d Cir. 2006)), (e) the All Writs Act (*see United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172 (1977) ("This Court has repeatedly recognized the power of a federal court to issue such commands under the All Writs Act as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained . . . .")), and (f) 28 U.S.C. § 2004. The Court is in possession and control of the PDVH Shares, and is authorized to sell, transfer, assign, convey, and deliver all title, interest, and/or rights of PDVSA in the PDVH Shares to Buyer, as required by the Stock Purchase Agreement, under applicable law.

P.    *Sale Order Required by Buyer*. Entry of this Order approving the Stock Purchase Agreement is a requirement of the Stock Purchase Agreement and such requirement is an appropriate condition precedent to Buyer's consummation of the Sale Transaction.

Q.    *Power and Authority*. The Special Master (i) has full power and authority to execute the Transaction Documents and (ii) has all of the power and authority necessary to consummate the transactions contemplated by the Transaction Documents. Upon entry of this Order, other than any consents identified in the Transaction Documents, the Special Master needs no consent or approval from any other Person to consummate the Sale Transaction.

R.    *Binding Contract*. The Transaction Documents are valid and binding contracts among the Special Master and Buyer and such other applicable parties thereto and shall be enforceable pursuant to their terms. The Transaction Documents, the Sale Transaction itself, and the consummation thereof, shall be specifically enforceable against and binding upon each of the Republic, PDVSA, PDVH, CITGO, and their respective Affiliates.

S.    *Opportunity to Participate in Marketing Process*.  This Action has been pending since June 19, 2017.  In that time, this Action, the Marketing Process, and the Sale Transaction have received substantial national and international media coverage. The Court has held at least 20 public hearings and status conferences regarding the subject matter of the PDVH Shares, the claims against the Republic, PDVSA, and/or PDVH, and proceedings related thereto.  The Marketing Process additionally conformed to the Notice Procedures laid out in the Sale Procedures Order, and gave notice to any parties that may have an interest in the PDVH Shares, including the Sales Process Parties, creditors of the Republic and/or PDVSA, potential bidders with interests in the PDVH Shares, and any other parties with any interests in the PDVH Shares.  The Special Master, in accordance with the Sale Procedures Order, has published Sale Notices at least eight (8) times since the Launch Date, in at least four different publications.  Each Sale Notice described the assets being sold (*i.e.*, the PDVH Shares), the Bidding Procedures, and the Marketing Process. The Sale Notices provided notice of key dates and deadlines for the Marketing Process, including, among other things, the Launch Date, the First Round Indication of Interest Deadline, the Second Round deadline to submit a Binding Bid, the stalking horse bid deadline, and the topping period deadline.  In addition to the Sale Notices, all parties with a valid interest or perfected lien in the PDVH Shares have received notice from the Special Master of important Marketing Process and Sale Transaction-related milestones through a multitude of reports, motions, and notices submitted to the Court, as well as in regular, public, status conferences.  Accordingly, persons holding judgments or Claims against the Republic, PDVSA, and/or PDVH and all parties with an interest in the sale of the PDVH Shares have had sufficient notice of and an opportunity to participate in the Marketing Process.  The failure of the holder of a judgment against, or other creditor of, the Republic, PDVSA and/or their Affiliates (whether now or in the future) to participate in the

Marketing Process, to seek to become an Additional Judgment Creditor, or to successfully become an Additional Judgment Creditor shall not be grounds for challenging the Sale Transaction or this Order or to bring claims against Buyer or Buyer Affiliates whether existing now or in the future, and this Order shall be binding upon all such current or future creditors.

T.      *Legal and Factual Bases*.   The legal and factual bases set forth in the Recommendation, and at the Sale Hearing, establish just cause for the relief granted herein.

U.      *Necessity of Order*.   The Sale Transaction represents the best bid for the PDVH Shares and, without the relief in this Order, the Special Master does not believe the Marketing Process would yield such comparable value.   The Special Master believes the Marketing Process provides the best opportunity to maximize the value of the PDVH Shares and maximize distributions to the holders of Attached Judgments and the opportunity for recoveries to all Notice Parties, including Crystallex, ConocoPhillips, and the Additional Judgment Creditors, and is not aware of a better alternative proposed by the Republic, PDVSA, PDVH, CITGO, or any other party.

**IT IS HEREBY ORDERED THAT:**

1.      *Recommendation Is Adopted*.   To the extent not already approved pursuant to the Sale Procedures Order, the Recommendation is adopted and the relief recommended therein is granted and approved as set forth herein.

2.      *Objections Overruled*.   Except in the case of objections described in [paragraphs [●] and [●] of this Order,] all objections, if any, and any and all joinders thereto, to the Recommendation or the relief granted herein that have not been previously overruled, withdrawn with prejudice, waived, or settled as announced to this Court at the Sale Hearing, by stipulation filed with this Court, or as provided in this Order, and all reservations of rights included therein, are hereby overruled on the merits and with prejudice.   Parties who did not properly object to the

19

entry of this Order in accordance with the Sale Procedures Order, or who withdrew their objections thereto, have, and are deemed to have, consented to the relief granted herein in respect of the Sale Transaction and the Transaction Documents for all purposes.  All holders of liens, claims, interests, and encumbrances against the PDVH Shares who did not object, or withdrew their objections to the Sale Transaction, or whose objections to the Sale Transaction were overruled either implicitly or explicitly, are deemed to have consented to the Sale Transaction.  To the extent there are any perfected Liens on the PDVH Shares, the same shall only attach to the proceeds of the Sale Transaction ultimately attributable to the property against which such perfected Liens applied or other specifically dedicated funds, in the same order of priority and with the same validity, force, and effect that such perfected Liens applied prior to the Sale Transaction, subject to any rights, claims, and defenses of PDVSA.

3.    *Notice*.   Notice of the Recommendation, the Bidding Rounds, the Bidding Procedures, the Sale Transaction, and the Sale Hearing was adequate, appropriate, fair and equitable under the circumstances and complied in all respects with the Sale Procedures Order and the Bidding Procedures.

4.    *Fair and Adequate Purchase Price*.  The consideration to be provided by Buyer under the Stock Purchase Agreement is fair, adequate, and reasonable consideration for the PDVH Shares and constitutes (i) fair consideration and fair value under any other applicable laws of the United States, any state, territory or possession or the District of Columbia and any other applicable law and (ii) an adequate  price for the purchase of the PDVH Shares under the circumstances of this Action and the terms of the Sale Procedures Order.  Such consideration constitutes the best bid for the PDVH Shares.

5.      *Approval of the Transaction Documents*.  The Transaction Documents, including all of the transactions contemplated thereby, and all of the terms and conditions thereof, are hereby authorized and approved in their entirety.  The failure specifically to include any particular provision of the Transaction Documents in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Transaction Documents, and the entry into the Transaction Documents by the Special Master, be authorized and approved in their entirety.

6.      *Consummation of Sale Transaction(s)*.  Pursuant to 28 U.S.C. § 2004, Federal Rule of Civil Procedure 69, Section 324 of Title 8 of the Delaware Code, the All Writs Act, and the broad equitable powers of the Court, the Court is authorized and empowered to transfer the PDVH Shares in accordance with the terms of the Transaction Documents and the terms of this Order. The Special Master, his Advisors and agents, are authorized and directed to execute, deliver, and perform their obligations under and comply with the terms of the Transaction Documents and to consummate the Sale Transaction, including by taking any and all actions as may be reasonably necessary or desirable to implement the Sale Transaction and each of the transactions contemplated thereby pursuant to and in accordance with the terms and conditions of the Transaction Documents and this Order without leave of Court.  All Persons and entities are prohibited and enjoined from taking any action that adversely affects, interferes with, is likely to frustrate or is in any way inconsistent with the ability of the Special Master or his Advisors and agents to transfer the PDVH Shares to Buyer in accordance with the Transaction Documents and this Order; *provided* that, subject in all respects to paragraph 21 (*Validity of Sale Absent Stay Pending Appeal*) of this Order, the foregoing restriction shall not prevent any party from appealing this Order in accordance with applicable law or opposing any appeal of this Order in a court of competent jurisdiction.  PDVH,

CITGO and each of their direct and indirect subsidiaries, representatives, employees, agents, designees, successors, or assigns (collectively, the "**CITGO Related Parties**") are directed to comply with all interim operating covenants contained within the Stock Purchase Agreement or any other Transaction Document, including but not limited to those contained in Section 6.1 (*Conduct of the Business Pending the Closing*) of the Stock Purchase Agreement, and the Special Master is authorized to seek this Court's assistance if, in his reasonable judgment, any of PDVH, CITGO or CITGO Related Parties fail to comply with the interim operating covenants under the Stock Purchase Agreement or any other Transaction Document.  Without limiting the foregoing, PDVH, CITGO and CITGO Related Parties are directed and hereby ordered to comply with all obligations and covenants contained in the Stock Purchase Agreement and Transaction Documents (regardless of, and independent of, any obligation for the Special Master to "cause" those parties to comply with such obligations and covenants), including, but not limited to, the obligations and covenants set forth in Section 2.3 (*Closing Deliveries of the Parties*), Section 3.1 (*Purchase Price*), Section 3.4 (*Closing Date Payments by Buyer*), Section 3.5 (*Withholding*), Section 6.1 (*Conduct of the Business Pending the Closing*), Section 6.2 (*Access to Information*), Section 6.3 (*Regulatory Approvals; Third Party Consents*), Section 6.7 (*Public Announcements*), Section 6.8 (*Employee Matters*), Section 6.10 (*Company's Obligations in Respect of Debt Financings*), Section 6.11 (*Tax Matters*), Section 6.13 (*Notices of Certain Events*), Section 6.16 (*Section 280G*), Section 6.17 (*Financial Statements*), and Section 6.18 (*CFIUS*) of the Stock Purchase Agreement, and the Special Master is authorized to seek this Court's assistance and/or an order from the Court to compel compliance if, in his reasonable judgment, PDVH, CITGO or CITGO Related Parties fail to comply with such obligations or covenants under the Stock Purchase Agreement or other Transaction Documents.  Any failure by PDVH, CITGO or the CITGO Related Parties to comply,

or cause compliance, with any obligation or covenant contained in the Stock Purchase Agreement and Transaction Documents may result in a contempt order and appropriate sanctions against the violating entity, as well as the individual directors, officers or employees responsible for the violation.

7.    *Execution of Transaction Documents*.  The Special Master, his Advisors and agents, are authorized to execute and deliver, and authorized to perform under, consummate, and implement all additional notices, assumptions, conveyances, releases, acquittances, instruments, and documents that may be reasonably necessary or desirable to implement the Transaction Documents, including the transfer and, as applicable, the assignment of all the PDVH Shares, and to take all further actions as may be (i) reasonably requested by Buyer for the purpose of assigning, transferring, granting, conveying, and conferring to Buyer, or reducing to Buyer's possession, the PDVH Shares and/or (ii) necessary or appropriate to the performance of the obligations contemplated by the Transaction Documents, all without further order of this Court.

8.    *Payment of Transaction Expenses*.  The Special Master shall continue to file periodic status reports requesting the Court's approval of the Special Master's Transaction Expenses.  Any approved but unpaid Transaction Expenses as of the Closing shall be paid to the Special Master from the proceeds of the Sale Transaction prior to any distributions on account of Attached Judgments.

9.    *Special Master Expense Reserve Holdback*.  The Special Master shall be entitled to direct a portion of the sale proceeds [in the amount of $[●]] to be deposited into an escrow account for the purpose of paying any out-of-pocket costs, fees, or expenses incurred by the Special Master on or after the closing of the Sale Transaction for the Special Master, investment bankers, third party consultants, legal counsel and any other Representatives (as defined in the Stock Purchase

Agreement) or Advisors (as defined in the Sale Procedures Order) and approved by the Court, including any fees or expenses related to implementation, indemnification or reimbursement for any liability, legal costs, or court costs, or any further adjudication, of the Sale Transaction or this Order. Any such amounts remaining in escrow after all such costs, fees and expenses incurred by the Special Master have been so paid or distributed shall be paid to the Additional Judgment Creditors in compliance with the Final Priority Order, this Order, and any further order of the Court deemed necessary by the Special Master.

10.     *Document Acceptance.*  Each and every federal, state, local, or foreign government or governmental or regulatory authority, agency, board, bureau, commission, court, department, or other governmental entity is hereby authorized and directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Transaction Documents.

11.     *Transfer of PDVH Shares Free and Clear.*  Pursuant to applicable law, the Special Master is authorized and directed to transfer the PDVH Shares in accordance with the terms of the Stock Purchase Agreement and this Order.  The transfer of the PDVH Shares by the Special Master to Buyer in accordance with the Stock Purchase Agreement and this Order shall: (i) be valid, legal, binding, and effective; (ii) vest Buyer with all right, title, and interest in and to the PDVH Shares; and (iii) be free and clear of all Claims and Liens against the PDVH Shares, pursuant to this Court's broad equitable authority, except as otherwise provided in the Transaction Documents.  Following the Sale Transaction, the Notice Parties shall have no recourse against Buyer or Buyer Affiliates, or against the PDVH Shares, on account of those parties' respective judgments or other Claims against the Republic, PDVSA or their respective Affiliates, and any actions taken to enforce such judgments against PDVH shall be a violation of this Order.  On the Closing Date, this Order shall

be considered, and shall constitute, for any and all purposes, a full and complete general assignment, conveyance and transfer of the PDVH Shares, transferring good and marketable and indefeasible title and interest in all of the PDVH Shares to Buyer with effect at Closing of the Sale Transaction in accordance with the Transaction Documents. The provisions of this Order authorizing and approving the transfer of the PDVH Shares free and clear of all interests shall be self-executing, and neither the Special Master or Buyer shall be required to execute or file releases, termination statements, assignments, consents or other instruments in order to effectuate, consummate and implementation the provisions of this Order and the Stock Purchase Agreement.

12. *Endorsement of Certificates; Registration of Transfer.* The Special Master is authorized and directed to execute on behalf of PDVSA and deliver to Buyer, at Closing, the stock certificates representing the PDVH Shares duly endorsed in blank and any executed stock powers or other instruments of transfer necessary to transfer to Buyer good and marketable title to the PDVH Shares and otherwise proceed with the Sale Transaction. PDVH is directed, at Closing, to register the transfer of the PDVH Shares to Buyer upon the books and records of PDVH. Following the Closing, the sale of the PDVH Shares to Buyer shall be, and shall be deemed to be, "made and confirmed" as contemplated by Section 324 of Title 8 of the Delaware Code and, upon a certified copy of this Order being left with any officer or director or with the registered agent of PDVH, Buyer shall be entitled to the PDVH Shares and all income, or dividends which may have been declared, or become payable thereon since the attachment laid, subject to the terms of the Stock Purchase Agreement.

13. *Injunction.* Pursuant to the All Writs Act, and except as otherwise provided in the Stock Purchase Agreement, the Transaction Documents, or this Order, all Persons (and their respective successors and assigns) including the Republic, PDVSA, PDVH, CITGO, Crystallex,

ConocoPhillips, the Additional Judgment Creditors, judgment holders or other creditors of the Republic or PDVSA (or their respective Affiliates) who are not Additional Judgment Creditors, all debt security holders, equity security holders or putative equity security holders, governmental tax and regulatory authorities, lenders, customers, vendors, employees, former employees, litigation claimants, trustees, trade creditors, and any other creditors (or agent of any of the foregoing) who may or do hold, now or in the future, Claims against the Republic, PDVSA or the PDVH Shares, arising under or out of, in connection with, or in any way relating to, the Republic, PDVSA, the PDVH Shares prior to the Closing, the operation of PDVH or ownership of the PDVH Shares by PDVSA prior to the Closing, or the Sale Transaction, are hereby forever barred, estopped, and permanently enjoined from asserting or pursuing such Claims against Buyer, Buyer Affiliates, or any of their respective successors or assigns including taking any of the following actions with respect to any Claims either directly or indirectly: (i) commencing or continuing in any manner any action, whether at law or in equity, in any judicial, administrative, arbitral, or any other proceeding, against Buyer, Buyer Affiliates, and any of their respective successors or assigns; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against Buyer, Buyer Affiliates, and any of their respective successors or assigns; (iii) creating, perfecting, or enforcing any Claim against Buyer, Buyer Affiliates, and any of their respective successors or assigns, and the PDVH Shares; (iv) asserting a Claim as a setoff, right of subrogation, or recoupment of any kind against any obligation due against Buyer, Buyer Affiliates, any of their respective successors or assigns, or the PDVH Shares; or (v) commencing or continuing any action in any manner or place that does not comply, or is inconsistent, with the provisions of this Order or the agreements or actions contemplated or taken in respect thereof.

14.    *Release of Claims as to Buyer and other Entities; Recordation.*  Except as expressly set forth in the Stock Purchase Agreement, the Transaction Documents, or this Order, this Order (i) shall be effective as a determination that, as of the Closing, all Claims have been unconditionally released, discharged and terminated as to Buyer and the PDVH Shares, and that the conveyances and transfers described herein and in the Stock Purchase Agreement and the Transaction Documents have been effected, and (ii) is and shall be binding upon and govern the acts of all Persons, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, county and local officials and all other Persons who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments that reflect that Buyer is the assignee and owner of the PDVH Shares, free and clear of all Claims, or who may be required to report or insure any title or state of title in or to any lease (all such entities being referred to as "**Recording Officers**").  All Recording Officers are authorized and directed to strike recorded encumbrances, claims, liens, and other interests against the PDVH Shares recorded prior to the date of this Order. A certified copy of this Order may be filed with the appropriate Recording Officers to evidence cancellation of any recorded encumbrances, claims, liens, pledges, and other interests against the PDVH Shares recorded prior to the date of this Order.  All Recording Officers are hereby authorized and directed to accept for filing any and all of the documents and instruments necessary, advisable or appropriate, and appropriate to consummate the transactions contemplated by the Stock Purchase Agreement.

15.    *Releases by Holders of Any Attached Judgments*.  Immediately upon the later of (i) the indefeasible receipt by a holder of an Attached Judgment of an amount sufficient to satisfy

its Attached Judgment based upon the available proceeds from the Sale Transaction (the "**Sale Proceeds**") or (ii) the Closing, the holder of an Attached Judgment (a) shall have, and shall be deemed to have, automatically released all of the security interests, liens and pledges, including its Attached Judgment, as defined in the Stock Purchase Agreement, and any other Claims on the Shares securing the Attached Judgment with no further action (the "**Lien Release**"), whether or not the holder's Attached Judgment was satisfied in full or at all from the Sale Proceeds, and (b) is authorized and directed to take any such actions as may be reasonably requested by the Court to evidence the release of such security interests, liens and pledges, including the execution, delivery and filing or recording of such releases as may be reasonably requested by the Court or Buyer or as may be required in order to terminate any related financing statements, mortgages, mechanic's liens, or *lis pendens*.  This Order is, and shall be deemed to be, in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, or local government agency, department, or office.

16.    *Licenses*.    In accordance with the Sale Procedures Order and the Bidding Procedures, Buyer shall obtain all required permit(s), license(s), registration(s), governmental authorization(s) or approval(s) or similar grant(s), including pursuant to the Hart-Scott-Rodino Act and any other applicable antitrust laws and all licenses required by OFAC relating to the transfer or conveyance of the PDVH Shares to Buyer under the Stock Purchase Agreement and the Transaction Documents, within a customary amount of time.  Buyer and its legal counsel and advisors shall coordinate in good faith with the Special Master's Advisors to discuss and explain Buyer's regulatory and other consent analysis, strategy, and timeline for securing all such approvals and consents in accordance with the terms of the Stock Purchase Agreement to facilitate the timely Closing of the Sale Transaction.

17.    *Distribution and Application of Sale Proceeds.*  In accordance with the Transaction Documents, prior to the Closing, the Special Master and his Advisors shall provide to Acquiom Financial LLC, a Colorado limited liability company, in its capacity as payments administrator (the "**Paying Agent**"), a spreadsheet pursuant to that certain Payments Administration Agreement, dated as of [●], 2025, by and among Buyer, the Special Master and the Paying Agent, which shall indicate, among other things, that, at the Closing, Buyer will pay the Closing Consideration (as defined in the Stock Purchase Agreement) to the Paying Agent, and the Paying Agent will pay to:

i.    the Special Master and his Advisors, any approved but unpaid Transaction Expenses as of the Closing;

ii.    the Sale Process Parties and the Additional Judgment Creditors, any Transaction Expenses paid as of Closing; and

iii.    the holders of any Attached Judgments, in accordance with the terms of the Stock Purchase Agreement and the Final Priority Order.

The remaining sale proceeds will be distributed in accordance with the terms of the Stock Purchase Agreement and other Transaction Documents.  Following the payments provided for in this paragraph, subject to paragraphs 16 and 17 herein, all Liens that existed prior to Closing in or on the PDVH Shares shall attach to the remaining proceeds of the Sale Transaction in the same order of priority and with the same extent, validity, force, and effect that such Liens had prior to the Sale Transaction.

18.    *No Successor or Other Derivative Liability.*  By virtue of the Sale Transaction, neither Buyer nor any of Buyer Affiliates shall be deemed to have effected a consolidation, merger, or de facto merger of Buyer and any of Buyer Affiliates with or into PDVSA and Buyer and Buyer Affiliates are not, and shall not be deemed, as a result of the consummation of the Sale Transaction:

(i) to be a successor to PDVSA, (ii) to be an alter ego or a mere continuation or substantial continuation or a successor in any respect of PDVSA, including within the meaning of any foreign, federal, state or local law, or (iii) to be liable for, or be subject to any obligations relating to, any acts or omissions of PDVSA in the conduct of its business or arising under or related to the PDVH Shares, other than as set forth in the Stock Purchase Agreement.  To the maximum extent available under applicable law, Buyer's acquisition of the PDVH Shares shall be free and clear of any successor or similar liability claims and other types of transferee liability of any kind or character whatsoever, whether known or unknown, whether now existing or hereafter arising, whether asserted or unasserted, or whether fixed or contingent at the time of the Closing.  The operations of Buyer and Buyer Affiliates shall not be deemed a continuation of PDVSA's business operations, the PDVH Shares, or any Liabilities of PDVSA as a result of the acquisition of the PDVH Shares. Following the Sale Transaction, the Notice Parties shall have no recourse against Buyer or Buyer Affiliates, or against the PDVH Shares, on account of those parties' respective judgments or other Claims against the Republic or PDVSA.  The consideration given by Buyer shall constitute valid and valuable consideration for the releases of any potential successor or similar liability claims and other types of transferee liability of any kind or character whatsoever, which releases shall be deemed to have been given in favor of Buyer by all holders of such claims.

19. *Non-Interference*.  Following the Closing Date, no holder of an adverse interest in the PDVH Shares, nor any other person or entity, shall interfere with Buyer's title to or use and enjoyment of the PDVH Shares based on or related to such adverse interest or any actions that Buyer, Buyer Affiliates, PDVH, PDVH's subsidiaries and Affiliates (including CITGO Holding, Inc. and CITGO), the Republic or PDVSA have taken or may take related to the Sale Transaction, this Action or any related action.

20.    *Judicial Immunity & Exculpation*.  The Special Master is entitled to judicial immunity in the performance of his duties as authorized by the Special Master Order, the Sale Procedures Order, the Bidding Procedures, and this Order, including implementation of the Sale Transaction.  The Special Master's Advisors are entitled to judicial immunity in connection with all actions taken at the direction of, on behalf of, or otherwise in connection with representation of, or advising, the Special Master.  No person or entity, including Buyer, shall be permitted to pursue any cause of action or commence or prosecute any suit or proceeding against the Special Master or the Advisors, or their respective employees, officers, directors, attorneys, auditors, representatives, agents, successors or assigns, for any reason whatsoever relating to this Action, implementation of the Sale Procedures, or in connection with the Sale Transaction, or the performance of the Special Master's and his Advisors' duties pursuant to this Order or any other orders of the Court, or any act or omission by the Special Master or any Advisor in connection with the foregoing.  All interested persons and entities, including but not limited to the Sale Process Parties, any holder of an Attached Judgment, any Potential Bidder or Buyer, and all persons acting in concert with them, are hereby enjoined and restrained from pursuing any such cause of action or commencing any such action or proceeding. If any person or entity attempts to pursue any such cause of action or commence any suit or proceeding against the Special Master or any of the Advisors with knowledge of this Order (or continues to pursue or prosecute any cause of action, suit or proceeding after having received notice of this Order), the Court shall issue an order to show cause to such person or entity and a hearing will be scheduled to consider appropriate relief, which may include payment of fees and expenses incurred by the Special Master or any of the Advisors in connection therewith. To the maximum extent permitted by applicable law, neither the Special Master nor his Advisors nor their respective employees, officers, directors, attorneys,

auditors, representatives, agents, successors and assigns will have or incur, and are hereby released and exculpated from, any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, remedy, loss, and liability for any claim in connection with or arising out of all actions taken to implement the Marketing Process, Sale Procedures, Bidding Procedures, or Sale Transaction, or the performance of the Special Master's and his Advisors' duties pursuant to this Order and all other orders of the Court.

21.    *Validity of Sale Absent Stay Pending Appeal*.  The transactions contemplated by the Stock Purchase Agreement and the other Transaction Documents are undertaken by Buyer without fraud or collusion and in good faith for reasonable and fair value under the circumstances, and were negotiated by the parties at arm's length and, accordingly, the reversal or modification on appeal of the authorization provided herein of the Sale Transaction shall neither affect the validity of the Sale Transaction nor the transfer of the PDVH Shares to Buyer free and clear of Claims, unless such authorization is duly stayed before the Closing Date pending such appeal.  Buyer has acted in good faith throughout the Marketing Process and is entitled to all of the benefits, immunities and protections afforded by applicable law. The Special Master and Buyer shall be, and shall be deemed to be, acting in good faith if they proceed to consummate the Sale Transaction at any time after entry of this Order.

22.    *Modification of Stock Purchase Agreement*.  Subject to the terms of the Transaction Documents, including the Stock Purchase Agreement, and any related agreements, documents, or other instruments, the Transaction Documents may be modified, amended, or supplemented by the parties thereto, in a writing signed by the party against whom enforcement of any such modification, amendment, or supplement is sought, and in accordance with the terms thereof, without further order of this Court; *provided*, that any proposed material modification, amendment

or supplement to the Transaction Documents that, in the Special Master's reasonable discretion, adversely affects the Sale Process Parties or the Additional Judgment Creditors shall be subject to further Court order.

23.     *Conflicts; Precedence*.  In the event that there is a direct conflict between the terms of this Order and the terms of the Transaction Documents, the terms of this Order shall control. The failure to specify or include any particular provisions of the Stock Purchase Agreement or the Transaction Documents in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of this Court that the Stock Purchase Agreement, the Transaction Documents, and the Sale Transaction be authorized and approved in their entirety.

24.     *Provisions Non-Severable*.  The transactions contemplated under the Transaction Documents (including the Sale Transaction) and in this Order are inextricably linked and collectively constitute a single, integrated transaction, and each provision of the Transaction Documents is incorporated into and part of this Order as if fully set forth herein.  Buyer would not have entered into the Transaction Documents and would not acquire the PDVH Shares but for its reliance on each term and provision in this Order and in the Transaction Documents being valid and enforceable pursuant to its terms.  The total consideration to be provided by Buyer under the Transaction Documents reflects Buyer's reliance on each term and provision in this Order and in the Transaction Documents.  As such, each term and provision in this Order and in the Transaction Documents is integral to the Sale Transaction, nonseverable and mutually dependent.

25.     *Retention of Jurisdiction*.  This Court shall retain jurisdiction to, among other things, (i) interpret, enforce, and implement the terms and provisions of this Order and the Stock Purchase Agreement (including all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith) and (ii) adjudicate disputes related to

this Order and the Stock Purchase Agreement (including all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith); *provided*, that no entity or person, including the Sale Process Parties, any holder of an Attached Judgment, any Potential Bidder, or Buyer, or any persons acting in concert with them, may commence or pursue any cause of action of any kind that arose or arises from, in whole or in part, the Special Master Order, the Sale Procedures Order, the Bidding Procedures, this Order, any other orders of this Court in this Action, or any cause of action related to the Sale Transaction, without this Court (i) first determining, after notice and a hearing, that such cause of action represents a colorable claim against such party and (ii) specifically authorizing such entity or person to bring such cause of action against such party; *provided*, *further*, that no entity or person, including the Sale Process Parties, any holder of an Attached Judgment, any Potential Bidder, or any persons acting in concert with them, may commence or pursue any cause of action of any kind against Buyer or Buyer Affiliates that arose or arises from, in whole or in part, this Order or the Sale Transaction, including any successor or similar liability, transferee liability, or other liability or obligation arising under or related to the sale and transfer of the PDVH Shares to Buyer, without this Court (i) first determining, after notice and a hearing, that such cause of action represents a colorable claim against such party and (ii) specifically authorizing such entity or person to bring such cause of action against such party.

26.    *Effectiveness of Order*.    This Order shall become effective and enforceable immediately upon its entry and its provisions shall be self-executing.

Dated: _____, 2025

_____
HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT COURT

## Exhibit A

**Stock Purchase Agreement**

[*Intentionally omitted*]

## **Exhibit B**

**Publication Affidavits**

[*Intentionally omitted*]