UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP. | x |
| | x |
| Plaintiff | x |
| v. | x   Case No. 17 - 151 - LPS |
| | x |
| | x |
| BOLIVARIAN REPUBLIC OF VENEZUELA | x |
| | |
| Defendant | x |

**BLACK LION CAPITAL ADVISORS
RESPONSES TO OBJECTIONS TO
SPECIAL MASTER'S FINAL RECOMMENDATION**

## Albemarle Capital

## SECOND ALBEMARLE EXPERT REPORT

## RESPONSES TO OBJECTIONS TO SPECIAL MASTER'S FINAL RECOMMENDATION

### Special Master's Final Recommendation

On July 2, 2025, Special Master Robert Pincus filed in the US District Court for the District of Delaware his Final Recommendation, recommending that the Court:

A) approve the sale of 100% of the shares of PDV Holding, Inc. (PDVH) to Dalinar Energy Corporation ("Dalinar"), a wholly-owned subsidiary of Gold Reserve Ltd., for a purchase price of approximately $7.382 billion, consisting of (1) cash consideration of $3.854 billion and (2) non-cash consideration of $3.528 billion, all of which had been consented to in writing by Judgment Creditors Gold Reserve Inc. (Gold Reserve), Rusoro Mining Limited ("Rusoro"), Koch Minerals Sarl and Koch Nitrogen International ("Koch'), and Siemens Energy (Siemens") (the "Proposed Sale Transaction"); and

B) approve the proposed Stock Purchase Agreement ("SPA") between Dalinar and the Special Master that had been submitted by Dalinar for the Proposed Sale Transaction.

The Special Master stated that, in evaluating the Dalinar Bid, the Special Master was:

C) Likelihood of Regulatory Approval: "reasonably satisfied that Dalinar is likely to attain the requisite regulatory approvals," including approval under the Hart-Scott Rodino Antitrust Act ("HSR Approval") and approval by the Committee on Foreign Investment in the United States ("CFIUS Approval") and

D) PDVSA 2020 Bondholders: "The Special Master acknowledges that there is at least some chance that the PDVSA 2020 Bondholders could be successful in their efforts to enjoin a sale of the PDVH Shares similar to the Proposed Sale Transaction, though, after evaluation of the attendant risks with his Advisors, he does not believe the combination of the likelihood of such risk and the consequences of it coming to fruition outweigh the expansive gap in purchase price between the Dalinar Topping Bid and the Revised Stalking Proposal [of Red Tree Investments].

Based on the Court's guidance, including through various orders...and for the reasons set forth above, the Special Master concludes that the risks relating to the PDVSA 2020 Bonds are

1

## Albemarle Capital

significantly outweighed by the difference in purchase price between the Proposed Sale Transaction and the Revised Stalking Horse Bid."

E) <u>Conditionality Related to Pending or Future Litigation</u>: "Aside from the risks associated with the PDVSA 2020 Bondholders, the Proposed Sale Transaction does not include any additional conditionality related to pending or future litigation compared to the Bid Draft SPA."

F) <u>Bidder's Financial Wherewithal and Certainty of Financing</u>: The Special Master has sufficient confidence with respect to Dalinar's financial wherewithal and certainty of financing to recommend approval of the Proposed Sale Transaction. The Recommended Bidder has secured financing from the Financing Parties, which are highly reputable global financial institutions.

As set forth above, the Special Master acknowledges that Dalinar's financing for its Proposed Sale Transaction is subject to risks associated with the PDVH 2020 Bondholders. Except for the risks associated with the PDVSA 2020 Bondholders, the financing for the Proposed Sale Transaction contains closing conditions that either are customary or present a reasonable level of certainty under the circumstances."

G) <u>Conditionality Related to Other Terms Proposed by the Recommended Bidder</u>: The Stock Purchase Agreement does not contain any additional conditionality with respect to its other terms compared to the Bid Draft SPA.

### Objections to Special Master's Final Recommendation

Multiple entities, including Judgment Creditors Crystallex, ConocoPhillips and Red Tree Investments ("Red Tree"), which is the Stalking Horse Bidder and a direct competitor of Dalinar in the Sale Process, as well as the Venezuela Parties PDVH, CITGO, PDVSA and the Republic of Venezuela, raised objections to the Special Master's Recommendation of Dalinar's Bid as entitled to purchase the PDVH Shares in their Court filings.

Black Lion Capital Advisors and its affiliate Black Lion CITGO Group LLC agree with and join Crystallex, Conoco Phillips and Red Tree objections they raised with respect to Dalinar's failure to solve the certainty-of-closing problems identified at the Stalking Horse stage by failure of Dalinar's Stock Purchase Agreement (SPA) to provide clear and prompt termination rights.

Dalinar's SPA contains inappropriate contingencies including that (1) its financing continues to be contingent on the Gold Reserve Consortium's ability to close over the objection

2

## Albemarle Capital

of the PDVSA 2020 Bondholders, and (2) it offers an inadequate plan for dealing with antitrust and regulatory contingencies.

1) Financing Problems: The financing to close the Proposed Sale Transaction contemplated by the SPA continues to be contingent on the Consortium's ability to merge a special purpose investment vehicle with CITGO Petroleum, which could be derailed by the 2020 Bondholders.

The Proposed Sale Transaction will be financed by a $4.5 billion bridge loan by a Dalinar subsidiary which will, after an initial equity distribution to Attached Judgment Creditors, be merged with CITGO Petroleum, which will then be "the new borrower on the acquisition financing incurred in connection with the Proposed Sale Transaction".

This proposed structure presents an unacceptable risk to closing. As explained during the Stalking Horse phase of the Sale Process, the 2020 Bondholders claim to have a right to enjoin any such merger on the basis that they impair the value of 2020 Bondholders' claimed lien on 50.1% of the shares of CITGO Petroleum's parent CITGO Holding, Inc. or violate the pledge agreement underlying the 2020 Bonds.

Should the 2020 Bondholders prevail on the merits of their claim or obtain an injunction prohibiting the merger required to finance the Gold Reserve Consortium's Proposed Transaction, they could derail or unreasonably delay closing and the satisfaction of the Attached Judgment Creditors, as the Court has already found, effectively blocking the merger contemplated by Gold Reserve's financing plan, and thus deprive its Bid of its financing.

Gold Reserve's SPA needs, but does not yet have, a specific provision that would permit prompt termination of that Agreement if, prior to closing, the 2020 Bondholders obtain a ruling— whether a preliminary injunction or otherwise—that renders the contemplated financing infeasible and the bidder fails to cure the infeasibility by promptly providing alternative sources of financing, and in not to exceed 30 or 45 days.

Black Lion Capital Advisors and its affiliate Black Lion CITGO Group objects to the Special Master's Final Recommendation because it does not contain clear and express termination rights that would specifically permit a prompt termination of the Dalinar SPA and restart of the Court's Sale Process or reversion to the next-highest bidder in the event that the 2020 Bondholders successfully interfere with the Dalinar Bid and Proposed Sale Transaction.

## Albemarle Capital

2) Regulatory Risk: The issuance of securities in Dalinar to Koch presents a potential regulatory risk to closing if the Federal Trade Commission, Department of Justice or other government agency deems that Koch's participation as a shareholder in Dalinar constitutes a violation of the US antitrust laws.

The existing Commitment submitted with Dalinar's Bid provides that any non-cash consideration issued to Koch will consist of non-voting shares and that any member of the Gold Reserve Consortium whose participation is challenged by any such agency shall not elect or designate to the Dalinar Board of Directors any individual that serves as a director or officer of a Competing Affiliate that would constitute a violation of the US antitrust laws.

This may not be sufficient, particularly if Koch insists on appointing Directors to the Dalinar Board. To properly address this risk, the SPA should specifically require the Gold Reserve Consortium and each of its members to take specific actions required by regulatory authorities, if needed, relinquishing Board seats or proposing an alternative investment vehicle through which Koch or any other member of the Gold Reserve Consortium will invest in Dalinar.

Black Lion Capital Advisors and its affiliate Black Lion CITGO Group join Crystallex and Red Tree Investments in objecting to the Special Master's Final Recommendation because it does not contain such explicit terms requiring appropriate responses to known regulatory risks that remain a threat to closing the sale contemplated in Dalinar's SPA and thus to satisfy the Attached Judgment Creditors' judgments.

*Edwin Wells*

President, Albemarle Capital

August 6, 2025

Case 1:17-mc-00151-LPS    Document 1982    Filed 08/07/25    Page 6 of 6 PageID #: 46520