IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION,<br><br>        Plaintiff,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>        Defendant. | Case No. 17-mc-151-LPS |
| GOLD RESERVE INC.,<br><br>        Plaintiff,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>       Defendant. | Case No. 22-mc-453-LPS |

**GOLD RESERVE'S RESPONSE TO NOTICE OF FILING OF UNSOLICITED BID**

Gold Reserve Ltd. ("Gold Reserve"), f/k/a Gold Reserve Inc., ("Gold Reserve"), is in receipt of the Special Master's Notice of Filing of Unsolicited Bid (D.I. 2009) ("Notice"), and respectfully makes the following observations:

    1.    The Notice states in pertinent part that Bidder B has had reactivated access to the virtual data room since July 1, 2025, that the Special Master understands that Bidder B "is in active discussions with various parties whose consent or agreement is required pursuant to the terms of [its] proposed transaction," however Bidder B has not provided the Special Master "documentation of any such agreements." Accordingly, under Section 6.16 of the SPA entered into between the Special Master and Gold Reserve's acquisition subsidiary, Dalinar Energy Corporation ("Dalinar Energy"), "the Special Master has not deemed the Bidder B Unsolicited Bid to be a Superior Proposal (as defined in the SPA)." *See* Notice at 1 (citing D.I. 1837, Ex. B at 63, § 6.16.).

1

2.      Gold Reserve notes that Section 6.16 of the SPA requires that, in order for an Unsolicited Proposal to be deemed a Superior Proposal it must, among other things, meet the following requirements:  (a) its value must meet or exceed the Purchase Price of the Dalinar Bid of $7.382 billion (using the valuation date of June 30, 2026); (b) by the amount of the "Subsequent Overbid Minimum," which consists of the $30 million Expense Reimbursement payable to Dalinar Energy plus $50 million payable to the Attached Judgment Creditors; (c) it must agree to pay the $75 million termination fee to the Stalking Horse bidder (Red Tree); and (d) it must agree to pay the $50 million deposit.

3.      With respect to any non-cash consideration included in the Unsolicited Proposal, or contemplated to be so included, the Court has expressly held that Delaware law does not allow the Court to compel a senior creditor to accept any such non-consideration:

> *...the Court has determined (as explained above) that it lacks authority to compel non-consenting senior creditors to forfeit their liens or accept non-cash consideration and the provide consideration (of any kind) to junior creditors.*
>
> *As Red Tree observes, under the CITGO Parties' proposed version of Section 5.11, "a bidder could offer far mor valuable non-cash proceeds to junior creditors than to senior creditors, then strip the liens of senior creditors if they object, "doing violence to the Court's priority rules."  (D.I. 1576 at 3) The Court would not – and could not – approve such an outcome.  Therefore, while it remains the Court's goal not "to deter bids that may include significant non-cash components" (D.I. 1571 at 4), bidders should understand that the Court will not (because it cannot) approve a sale that would have such consequences.*

(D.I. 1583 at 3).

4.      Accordingly, if the Unsolicited Proposal intends to meet or exceed the purchase price of the Dalinar Energy bid with some amount of non-cash consideration, such non-cash consideration must be agreed to by any senior creditor.  If a senior creditor, such as Gold Reserve, does not consent to accept any such non-cash consideration, the Unsolicited Proposal is dead on arrival.

5. For the avoidance of doubt, Gold Reserve has not agreed, and does not expect that it ever will agree, to accept non-cash consideration from any potential non-solicited topping bidder, whether from Bidder B or from any other person.

6. Gold Reserve has, since its initial Stalking Horse bid, sought to provide the highest value bid possible so as to satisfy the largest number of Attached Judgment Creditors. Gold Reserve increased its Topping Bid to go further into the waterfall than any previous bidder. This has been the Court's mandate in the Sale Process (*see, e.g.*, D.I. 1554 at 4), and Gold Reserve has consistently acted in furtherance of that goal.

7. At this, the end game of these long-running proceedings – just a week from commencement of the Sale Hearing, and after Gold Reserve's bid has been subjected to extensive review, litigation, and discovery for more than a month – Gold Reserve's firmly held view is that the parties should proceed to, and complete, the Sale Hearing. Gold Reserve also sees no good cause for a bidder to have sat by anonymously, after a marketing and sale process that has lasted close to two years, to only now attempt to finalize a bid at this late date, particularly when it apparently has not even acted in timely fashion to finalize agreements that would make its bid actionable.

8. In any event, the Special Master has confirmed in the Notice that no such actionable bid exists and Gold Reserve has confirmed herein that it has not, and will not, agree to accept non-cash consideration from Bidder B (or any other any potential non-solicited topping bidder).

Dated: August 11, 2025

Respectfully submitted,

**WOMBLE BOND DICKINSON (US) LLP**

By: /s/ *Kevin J. Mangan*
Kevin J. Mangan (#3810)
Matthew P. Ward (#4471)
Stephanie S. Riley (#5803)
1313 N. Market St., Suite 1200
Wilmington, DE 19801
Telephone: 302-252-4320
Kevin.mangan@wbd-us.com
Matthew.ward@wbd-us.com
Stephanie.riley@wbd-us.com

-and-

**NORTON ROSE FULBRIGHT US LLP**
Matthew H. Kirtland (*pro hac vice*)
799 9th Street NW, Suite 1000
Washington, DC 20001
Telephone: 202-662-0200
Matthew.kirtland@nortonrosefulbright.com

- and –

Katherine G. Connolly (*pro hac vice*)
555 California Street, Suite 3300
San Francisco, CA 94101
Telephone: 628-231-6816
Katie.connolly@nortonrosefulbright.com

- and –

Taylor J. LeMay (*pro hac vice*)
1550 Lamar Street, Suite 2000
Houston, TX 77010
Telephone: 713-651-3578
Taylor.lemay@nortonrosefulbright.com

*Attorneys for Gold Reserve Ltd.*