# LANDIS RATH & COBB LLP
### A LIMITED LIABILITY PARTNERSHIP
### ATTORNEYS AT LAW

919 MARKET STREET, SUITE 1800
P.O. BOX 2087
WILMINGTON, DELAWARE 19899
www.lrclaw.com

Jennifer L. Cree
Direct Dial: (302) 467-4437
Email: cree@lrclaw.com

Telephone: (302) 467-4400
Facsimile: (302) 467-4450

August 12, 2025

The Honorable Leonard P. Stark
United States District Court
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

Re: *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17 Misc. 151: Sale Hearing Schedule

Dear Judge Stark:

We represent Red Tree. We write to respectfully request two modifications to the Special Master's proposed schedule for the sale hearing. *See* D.I. 2017.

*First*, as the Special Master noted (*id.* at 1 n.2), Red Tree respectfully requests the opportunity to make an opening statement of up to 15 minutes. Red Tree also proposes that any other party participating in the hearing have the same opportunity. Brief opening statements would make the hearing more efficient by allowing the parties to explain to the Court what the evidence at the hearing will show. The briefing to date has not yet focused on that issue. Further, because the briefing has been so extensive, short opening statements would clarify what issues remain for the Court to decide.

*Second*, Red Tree respectfully requests the opportunity to call two expert witnesses – Dr. J.B. Heaton and Gary Kleinrichert – at the sale hearing in support of the Amber Energy bid submitted last weekend. Amber Energy's bid offers $5.859 billion to creditors, while also settling the 2020 Bondholders' litigation claims and resolving an expected $2.857 billion of claims against PDVSA. When the $105 million of break fees paid to writ holders is added, the bid provides total value of $8.821 billion. Thus, Red Tree believes that Amber Energy is the highest bidder for the PDVH shares under Delaware law and should be selected as the winning bidder. In support of that bid, Mr. Kleinrichert would testify as to the fair market valuation of the PDVH shares, rebutting Venezuela's contentions on that issue. In addition, Dr. Heaton would testify as to the effect of the 2020 Bondholders' litigation risk on the expected value of Gold Reserve's bid, which will help explain why Amber Energy's bid is the highest.

*The Honorable Leonard P. Stark*
*August 12, 2025*
*Page 2*

   No party disputes that these experts' testimony would be relevant and helpful to the trier of fact. Moreover, allowing them to testify would not prejudice any party. Red Tree has already served reports disclosing Mr. Kleinrichert's and Dr. Heaton's opinions pursuant to the Court's discovery schedule. *See* D.I. 1809; *see also* D.I. 1887. In fact, Dr. Heaton's report was filed publicly as D.I. 1993-5. The other parties have also had an opportunity to serve reports responding to Red Tree's experts. Red Tree timely identified its experts as potential trial witnesses. And Dr. Heaton was deposed on August 1. Mr. Kleinrichert's deposition was originally scheduled for July 25. After Red Tree decided not to pursue its own bid, to avoid needless costs, Red Tree notified the parties that it would not present Mr. Kleinrichert for a deposition. However, Red Tree informed the parties that, in the event it decided to call Mr. Kleinrichert at the hearing, it would make him available to be deposed. Once Red Tree decided to call Mr. Kleinrichert to support Amber Energy's bid, it notified the other parties that he is available to be deposed on August 14.

   There is more than enough time in the hearing schedule to allow opening statements and two additional witnesses. Even if all eight parties identified by the Special Master give opening statements, that will add only two hours to the schedule. Dr. Heaton's direct examination should take no more than 15 minutes, and Mr. Kleinrichert's direct examination should take no more than 30 minutes. Assuming a proportional amount of time for cross-examination, adding these witnesses should add only two hours to the schedule. The Special Master's proposed schedule assumes six hours of testimony on Monday (plus a status update and procedural matters), seven hours of testimony on Tuesday, and approximately four hours of argument on Wednesday. Assuming seven hours of trial time per hearing day, there should be ample time to make Red Tree's requested modifications to the schedule.

   Red Tree has met and conferred with the other parties before filing this letter. The Venezuela Parties and Gold Reserve object on the grounds that they believe opening statements are unnecessary and that Red Tree's decision to call Mr. Kleinrichert is untimely. The other parties have taken no position on this request.

   Thank you for your time, attention, and consideration. We will be available at tomorrow's status conference to answer any questions the Court may have.

                   Respectfully submitted,
                   */s/ Jennifer L. Cree*
                   Jennifer L. Cree (No. 5919)

JLC/lmr
cc: All counsel of record (*via* ECF)