IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., | : |
| Plaintiff, | : |
| v. | : Misc. No. 17-151-LPS |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | : |
| Defendant. | : |

## ORDER

At Wilmington this **14th** day of **August 2025**:

Having received the Special Master's August 13 request to adjourn the Sale Hearing scheduled to begin on Monday, August 18 (D.I. 2047), in which the Special Master indicates that only Gold Reserve opposes his request (*id.* at 1-2), and having received two letters on August 13 from Gold Reserve explaining its position (D.I. 2032, 2050),

**IT IS HEREBY ORDERED** that:

1. The Sale Hearing is **CONTINUED** to a date to be determined by separate order, after the Court receives additional input from the Special Master, Sale Process Parties, Additional Judgment Creditors, and any other interested entity. **IT IS FURTHER ORDERED** that the Saturday, August 16 deadline for sur-replies in response to pending objections is **VACATED**.

2. The Court reaches this conclusion reluctantly, but in the face of the following realities: a Sale Hearing held on August 18 would be directed to evaluating whether to accept the Special Master's recommendation to approve the Dalinar Energy bid, but the Special Master has recently received an unsolicited bid he is currently evaluating and which he may determine is a "Superior Proposal" to Dalinar's (as defined in the Dalinar SPA); if the Special Master determines

1

he has received a Superior Proposal, Dalinar is entitled to time to match it; although all discovery undertaken and briefing received to date is directed to the Dalinar bid, there is some possibility the Special Master may no longer be recommending approval of that bid, which could render a Sale Hearing focused on the Dalinar bid unnecessary. While Gold Reserve may be correct that the unsolicited bid presently being evaluated is "a non-actionable underbid" (D.I. 2050 at 2) (emphasis omitted), the Court is not able to make a determination on this point in time to go forward with a Sale Hearing four days from now, especially since the Special Master has not yet completed his evaluation of the unsolicited bid.

3. A substantial portion of the pending objections relate to the 2020 Bondholders and their pending litigation in the Southern District of New York. The continuance being granted today increases the likelihood of an opinion on the motions pending in SDNY being issued before this Court issues its post-Sale Hearing decision (although that would likely have been the case even if the Sale Hearing proceeded as scheduled starting on August 18, as the likely need for post-hearing submissions and the time it would take the Court to evaluate the dozens of objections, hours of witness testimony, and hundreds of pages of briefing would likely have extended beyond September 30).[1] The Court is *not* continuing next week's Sale Hearing *because* it needs or wants the SDNY decision before making its own judgment about the matters pending here.

4. ***The Court will hold an in-person hearing on Monday, August 18, at 10:00 a.m. at the J. Caleb Boggs Federal Building, Courtroom 2A.*** This hearing is to discuss the next steps, about which the Court sets out its inclinations below. ***The hearing is not an evidentiary hearing***

---

[1] After inquiring through the Special Master whether there would be any objection, and having heard none, the Court held an ex parte telephonic meeting with Judge Failla, who is presiding over the SDNY matter, on July 12. The Court held another ex parte telephonic meeting with Judge Failla today. As Judge Failla stated during a teleconference with her parties on July 10, her intention is to issue a decision on the pending motions by September 30.

Case 1:17-mc-00151-LPS   Document 2056   Filed 08/14/25   Page 4 of 6 PageID #: 50875

*and all witnesses who were planning to testify are excused from appearing in Wilmington next week.* Counsel for any entity wishing to be heard must be present.

5.  At this time, the Court's inclinations as to the appropriate next steps are to: (i) order the Special Master to determine, no later than August 25, whether he is adhering to his recommendation of the Dalinar bid or, instead, has received a Superior Proposal; (ii) order the Special Master to submit, no later than August 29, a proposed schedule for additional limited discovery, if any, necessitated by whatever decision he has made by August 25 and any additional, streamlined briefing; (iii) reschedule the Sale Hearing for some or all of the following dates: September 15-18, October 20-23; (iv) require any entity intending to participate in the Sale Hearing to request a specific, total number of hours it will use at the hearing for its examination of witnesses and argument (to include opening statements and closing arguments); and (v) provide a schedule and page limits for expedited post-hearing briefing and submission of proposed findings of fact.

6.  The Special Master and Sale Process Parties shall, and any Additional Judgment Creditor or other interested entity may, (i) file opening briefs regarding the above inclinations, not to exceed 5 pages, no later than **Saturday, August 16, at 12:00 p.m.**, and (ii) file response briefs, not to exceed 3 pages, no later than **Sunday, August 17, at 5:00 p.m.**

7.  The teleconference scheduled for tomorrow, August 15, at 10:00 a.m. is **CANCELLED**, as are the deadlines today for the filing of a status report and responses to it. (*See* D.I. 2028)

August 14, 2025
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT COURT

3