# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Misc. No. 17-151-LPS |
| | ) |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | ) |
| | ) |
| Defendant. | ) |

**SPECIAL MASTER'S RESPONSE TO THE COURT'S INCLINATIONS REGARDING THE CONTINUATION OF THE SALE HEARING**

Robert B. Pincus, in his capacity as Special Master for the United States District Court for the District of Delaware in the above-captioned case (the "**Special Master**"),[1] respectfully submits this response to the Court's inclinations regarding the continuation of the Sale Hearing expressed in its *Order*, dated August 14, 2025 (D.I. 2056) (the "**Order**").

The Special Master agrees with the Court's inclination that the Special Master should determine whether he has received a Superior Proposal or whether he will continue with his recommendation of the Dalinar transaction by Monday, August 25, 2025. However, in an effort to comply with the provisions of the Dalinar SPA—notwithstanding the fact that the Dalinar SPA is not enforceable until approved by the Court, *see* Dalinar SPA §§ 4.1(c), 6.16(a)—the Special Master respectfully requests that the Court allow him to file an updated recommendation with the

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Sixth Revised Proposed Order (A) Establishing Sale and Bidding Procedures, (B) Approving Special Master's Report and Recommendation Regarding Proposed Sale Procedures Order, (C) Affirming Retention of Evercore as Investment Banker by Special Master and (D) Regarding Related Matters* (D.I. 481) (the "**Sale Procedures Order**"), the *Special Master's Final Recommendation* (D.I. 1837), or the *Stock Purchase Agreement*, dated June 25, 2025, by and between Dalinar Energy Corporation and Robert B. Pincus (D.I. 1837-1) (the "**Dalinar SPA**").

Court on Friday, August 29, 2025. Pursuant to Section 6.16(d) of the Dalinar SPA, if the Special Master notifies Dalinar of his determination that he has received a Superior Proposal, Dalinar has three business days to match the Superior Proposal before the Special Master can request the Court's authority to terminate the Dalinar SPA. Therefore, in the event the Special Master determines he has received a Superior Proposal, the Special Master will need a few additional days before he can make an updated recommendation to the Court and request approval of a different transaction.

In light of that proposed timing—and, as discussed below, the Special Master's proposal to schedule the Sale Hearing in October—the Special Master also proposes that he have until Thursday, September 4, 2025, to submit a proposed schedule for any additional limited discovery, any additional streamlined pre-hearing briefing, and any post-hearing briefing, so that he has sufficient time to meet and confer with all interested parties on a proposed schedule after making his updated recommendation. The Special Master also believes the proposed schedule should include a deadline for a status report, to be filed a shortly before the Sale Hearing, that will cover the same topics covered by the status report previously ordered by the Court. D.I. 1741 ¶ 3.

The Special Master recommends the Sale Hearing be scheduled for October 21–23, 2025, subject to the parameters discussed herein related to shutting off his evaluation of bids received after the proposed August 22 deadline. Regardless of which bid the Special Master supports in his updated recommendation, the Special Master believes that the inevitable briefing,[2] discovery, and

---

[2] In addition to briefing related to the Special Master's recommendation of a sale transaction, Gold Reserve, presumably in its capacity as a proposed buyer, has already indicated that it will seek emergency briefing on the definition of "Superior Proposal" in the Dalinar SPA. D.I. 2032 at 4; D.I. 2050 ¶ 9. While the Special Master thinks this is an unnecessary distraction, he will of course respond to Gold Reserve's contorted interpretation of the Dalinar SPA, and resultant undermining of the Court's orders in this sale process, if so requested by the Court.

depositions already insisted upon by the parties in recent meet and confers will make a hearing commencing on September 15, 2025 impractical, or at a minimum, disorderly.  To be clear, the Special Master is not a proponent of additional briefing and the attendant processes; however, in either scenario, parties are likely to seek additional discovery concerning the Special Master's updated recommendation, and there is likely to be a need for additional streamlined briefing on whether the Court should adopt the updated recommendation given the new bid landscape.  If the Sale Hearing were to commence on September 15, the parties and the Special Master would have to conduct any additional discovery and briefing on an extremely condensed timeframe and in parallel with preparing for the evidentiary hearing itself.  By contrast, adjourning the Sale Hearing to October 21 would enable the Special Master's advisors to collect, review, and produce documents spanning from the day following the July 2, 2025 Final Recommendation through the date of any updated recommendation and would allow the parties to conduct any additional limited discovery well in advance of the Sale Hearing.  An October hearing date would thereby avoid any objections that the parties did not have sufficient time to develop the factual record and express their views on the updated recommendation.  After spending several years on this sale process, the Special Master believes the Court should take a few additional weeks to avoid any complaints that parties have not had sufficient time to develop the record and a sufficient opportunity to be heard.

      Another consideration, albeit secondary to the practical logistics described above, is the interplay with the outcome of the PDVSA 2020 Bondholder litigation.  If the Special Master continues to recommend the Dalinar transaction, an October hearing date will allow the Court and the parties to see how Judge Failla rules on the pending summary judgment motions in the PDVSA 2020 Bondholder litigation before spending time and resources on conducting the Sale Hearing.  If the Special Master were to recommend the Dalinar transaction and the Court were to hold the

3

Sale Hearing on September 15, there may be a need for even more briefing and additional evidentiary presentations after Judge Failla rules. That would be an inefficient use of the time and resources of the Court, the Special Master, and the parties. Conversely, if the Special Master recommends a bid that includes a settlement with the PDVSA 2020 Bondholders, an October hearing date will give the parties an opportunity to present argument to the Court at the Sale Hearing with the benefit of full information as to Judge Failla's decision on the validity of the PDVSA 2020 Bonds (or lack of such decision because of a stay of the New York litigation). To be clear, though, the Special Master is not supportive of waiting for a decision on the PDVSA 2020 Bonds before he makes any updated recommendation.

The Special Master also believes the Court should take steps to avoid a situation where bidders continue to submit unsolicited Competing Proposals at the eleventh hour and risk further delays of the Sale Hearing. Under the current framework, the Special Master could continue to receive unsolicited Competing Proposals up until the morning of the Sale Hearing and would have to evaluate those bids and consider whether to request authority from the Court to engage with the bidders. The lack of a true deadline will continue to create uncertainty as to whether and when the Court will actually hold the Sale Hearing. The Special Master respectfully requests that the Court set a firm deadline of August 22, 2025, after which the Special Master may no longer accept or consider unsolicited Competing Proposals. Any bidder that wishes to submit such a bid after August 22, 2025, should be required to file its bid materials publicly on the docket, rather than sending them directly to the Special Master. To the extent any bidder sends such a bid to the Special Master or his Advisors after August 22, 2025, the Special Master should be required to file the bid materials publicly on the docket (without redactions) and should not engage with the bidder or consider the proposal absent an order of the Court. If the Court, however, is not inclined to

require such a stringent deadline and related engagement procedures, the Special Master would be more supportive of a September Sale Hearing in an effort to drive this process to a close and ensure there can be no further delays.

In summary, the Special Master proposes that the Court adopt the schedule attached hereto as <u>Exhibit A</u>.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

| | |
|---|---|
| OF COUNSEL: | By: */s/ Myron T. Steele*<br>Myron T. Steele (#0002) |
| Matthew S. Barr (Admitted *pro hac vice*) | Matthew F. Davis (#4696) |
| David Lender (Admitted *pro hac vice*) | Bindu A. Palapura (#5370) |
| Jared R. Friedmann (Admitted *pro hac vice*) | Malisa C. Dang (#7187) |
| Chase A. Bentley (Admitted *pro hac vice*) | Hercules Plaza, 6th Floor |
| WEIL, GOTSHAL & MANGES LLP | 1313 North Market Street |
| 767 Fifth Avenue | P.O. Box 951 |
| New York, New York 10153 | Wilmington, DE 19801 |
| Telephone: (212) 310-8000 | Telephone: (302) 984-6000 |
| Facsimile: (212) 310-8007 | Facsimile: (302) 658-1192 |
| Matt.Barr@weil.com | msteele@potteranderson.com |
| David.Lender@weil.com | mdavis@potteranderson.com |
| Jared.Friedmann@weil.com | bpalapura@potteranderson.com |
| Chase.Bentley@weil.com | mdang@potteranderson.com |
| | |
| Dated: August 16, 2025 | *Counsel for Special Master Robert B. Pincus* |
| 12423207 / 21202.00001 | |

## Exhibit A

## Proposed Schedule

| Event | Special Master's Proposed Date |
|---|---|
| Deadline for any final unsolicited Competing Proposals for the Special Master's consideration | Friday, August 22, 2025 |
| Deadline for the Special Master to notify Dalinar of his receipt of a Super Proposal and file a notice on the docket reflecting the same | Monday, August 25, 2025 |
| Expiration of Dalinar's match right pursuant to Section 6.16(d) of the Dalinar SPA | Thursday, August 28, 2025 |
| Deadline for the Special Master to file an updated Final Recommendation, if necessary | Friday, August 29, 2025 |
| Deadline for the Special Master to submit a proposed schedule for any additional limited discovery, any additional streamlined pre-hearing briefing, and any post-hearing briefing | Thursday, September 4, 2025 |
| Sale Hearing | Tuesday, October 21, 2025, to Thursday, October 23, 2025 |