# LANDIS RATH & COBB LLP
### A LIMITED LIABILITY PARTNERSHIP
### ATTORNEYS AT LAW

919 MARKET STREET, SUITE 1800
P.O. BOX 2087
WILMINGTON, DELAWARE 19899
www.lrclaw.com

Jennifer L. Cree  
Direct Dial: (302) 467-4437  
Email: cree@lrclaw.com

Telephone: (302) 467-4400  
Facsimile: (302) 467-4450

August 16, 2025

The Honorable Leonard P. Stark  
United States District Court  
District of Delaware  
J. Caleb Boggs Federal Building  
844 N. King Street  
Wilmington, DE 19801

Re: *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*,
No. 17 Misc. 151: Response to Venezuela Parties' August 14 Letter

Dear Judge Stark:

We represent Red Tree. We respectfully write in response to the August 14 letter from the Venezuela Parties regarding what arguments Red Tree may make and what evidence it may introduce at the sale hearing. *See* D.I. 2062 ("Ltr.").

The Venezuela Parties' arguments are premature. Red Tree informed the parties and the Court that it would call Dr. Heaton, Mr. Kleinrichert, and Mr. Song at the sale hearing scheduled for August 18. *See* D.I. 2025. At that time, the Special Master had recommended Gold Reserve as winning bidder, and Red Tree intended to argue that the Court should instead pick Amber Energy or, in the alternative, make fixes to Gold Reserve's bid. *See id.* Now, the Court has continued the sale hearing to a later date. *See* D.I. 2056 at 5, ¶5. Before the new sale hearing, the Special Master will either stick with Gold Reserve or recommend a different bidder. *Id.*

Because it is not yet clear what bids will be on the table at the rescheduled hearing – or what objections will be made to those bids – it is too early to decide what arguments and evidence would be appropriate at that hearing. Red Tree will decide whether to call Mr. Kleinrichert, Mr. Song, and Dr. Heaton at the new hearing according to the new pretrial schedule set by the Court. That schedule will also govern when Red Tree will request opening or closing argument time. *See* D.I. 2056 at 5 ¶5 (contemplating that the parties would "request a specific, total number of

The Honorable Leonard P. Stark
August 16, 2025
Page 2

hours [they] will use at the hearing," including for opening and closing arguments).[1] Once Red Tree discloses its plans for the new hearing, the Venezuela Parties will be free to move to exclude Red Tree's evidence if they wish.

The Venezuela Parties' arguments also fail on their merits. The Venezuela Parties concede that the testimony Red Tree's witnesses would have presented at the last hearing would have been relevant. They argue Red Tree did not properly disclose those witnesses. Ltr. at 1-4. In fact, Red Tree gave notice of those witnesses' testimony in compliance with the Court's scheduling orders. *See* D.I. 2025. The Venezuela Parties also do not argue that they would have been prejudiced had these witnesses testified on August 18. Now that the hearing has been rescheduled, the prospect of prejudice to the Venezuela Parties is zero. For example, while the Venezuela Parties quibble about the timing of Mr. Kleinrichert's deposition, *see* Ltr. at 2, they will now have ample time to depose him should they wish to do so. Likewise, while the Venezuela Parties (incorrectly) argue Mr. Song would give undisclosed expert testimony about the fixes Red Tree proposed to Gold Reserve's bid, *see id.* at 3, if that testimony is necessary at the upcoming hearing, the Venezuela Parties will also have ample time to rebut it as well.

The Venezuela Parties may not use procedural nitpicking about the run-up to a cancelled hearing to exclude unquestionably relevant evidence from a new hearing that has not even been scheduled. The time to decide what evidence and argument is allowed at that hearing will be on the schedule the Court sets.

We will be in attendance at Monday's status conference to address any questions the Court may have.

Respectfully submitted,

*/s/ Jennifer L. Cree*

Jennifer L. Cree

JLC/lmr
cc: All counsel of record (*via* ECF)

---

[1] Similarly, while the Venezuela Parties (incorrectly) assert Red Tree "waived" the right to present valuation testimony, Ltr. at 3, it will not be clear what testimony on that subject will be necessary until the Special Master announces who he will recommend as the winning bidder.