IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION,<br><br>      Plaintiff,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>      Defendant. | Case No. 17-mc-151-LPS |

**RED TREE INVESTMENTS, LLC'S RESPONSE REGARDING
THE COURT'S INCLINATIONS AS TO THE CONTINUED SALE HEARING**

      Red Tree Investments, LLC, respectfully submits the following response brief regarding the Court's August 14 inclinations, D.I. 2056. Red Tree also joins the portion of ACL's response brief in which ACL addresses three points made by the Special Master.

      Nearly all creditors agree that the sale hearing should occur sooner rather than later. D.I. 2084 (Crystallex) at 1; D.I. 2085 (ACL) at 3; D.I. 2087 (Koch) at 1; D.I. 2088 (COP) at 2; D.I. 2091 (Red Tree) at 1. And the Special Master agrees a September sale hearing is feasible. By suggesting he would be "more supportive" of a September hearing if the Court declined to file unsolicited bids on the docket, the Special Master acknowledges a September hearing could be done. *See* D.I. 2092 at 4-5. Although the Special Master prefers an October date, he offers no reason why **53 days** of discovery and briefing after his updated recommendation are necessary. *Id.* at 6.

      Besides the Special Master, only Gold Reserve and Venezuela propose a later date. *See* D.I. 2089 (Venezuela) at 2-5, D.I. 2090-1 (Gold Reserve) at 1. Gold Reserve seeks to delay the hearing by at least two weeks so it can brief whether the "Superior Proposal" clause in its Stock Purchase Agreement prevents the Special Master from recommending Amber Energy's bid. D.I.

2090 at 1-4. Gold Reserve argues that, under its SPA, the Court and Special Master can consider only headline price to determine whether a proposal is "Superior" and thus can be chosen instead of its own bid. D.I. 2090 at 2-3. There is no need for such delay, because Gold Reserve cannot possibly be correct.

Gold Reserve's SPA does not, and cannot, tie the Court's hands from considering better bids. The SPA *is not binding* until the Court approves it. D.I. 1837-1, Ex. B (SPA) §§ 4.1(c), 6.16(a). Even if the SPA claimed to be binding, the Special Master does not have authority to force the Court to choose a bid, let alone a bid that is not the highest bid under 8 *Del. C.* § 324. *See generally* D.I 481 at 20, ¶19 (making clear that the Court makes the final decision whether to accept or reject any bid); Fed. R. Civ. P. 53(f) (a special master's decisions are subject to court review).

But Gold Reserve's SPA does not even claim to bind either the Court or the Special Master to pick new bids based on price alone. The term "Superior Proposal" in that contract is defined as a bid the Special Master decides is "a higher *or better bid* for the Shares based upon the Evaluation Criteria." SPA § 6.16(f)(ii) (emphasis added). The Court's evaluation criteria require assessing price *and* closing certainty. *See* D.I. 1528-3 at 2-3; D.I. 1741 at 4-5. In other words, the Court must consider not the headline price, but the bid's expected value. D.I. 2036 at 13-15. There is no need for weeks of briefing and argument to decide whether the SPA means what it says.

The Venezuela Parties argue for putting off the hearing until after a decision in the Southern District of New York on the 2020 Bondholders' litigation. D.I. 2089 at 2-4. Their arguments are all premised on their belief that PDVSA will win, which is hardly a given. And, in any event, the Court has already held that it does not "need[ ] or want[ ] the SDNY decision before making its own judgment about the matters pending here." D.I. 2056 at 2. The Court's ruling was correct,

2

because a decision from the Southern District could well delay this case even longer. If the Court puts off the sale hearing, and the 2020 Bondholders prevail, an entirely new round of bidding could be required. And even if PDVSA *did* prevail, the following appeals could take years more to resolve. D.I. 1942 at 3-4. Waiting until a final decision in the 2020 Bondholders' litigation will only drag out this case even longer.[1]

In fact, the Venezuela Parties' arguments counsel in favor of a September hearing. As Red Tree pointed out, if the Special Master ultimately recommends a bid with a 2020 Bondholders' settlement, a September hearing would allow the winning bidder to seek a stay from Judge Failla. *See* D.I. 2091 at 1-2. A settlement and stay could end the 2020 Bondholders' litigation entirely, avoiding years of uncertainty and appeals. Removing that uncertainty could provide creditors billions of dollars of expected value. *See* D.I. 1993-5 at 10 ¶¶ 25-26 (calculating discounts to Gold Reserve's bid based on various probabilities and lengths of delay). That is a compelling reason to hold the hearing in September, not to put it off, as the Venezuela Parties suggest.[2]

---

[1] Under the prior schedule, which Judge Failla was aware of, the Sale Hearing would be held, and this Court's decision might have issued, before Judge Failla ruled.

[2] Red Tree would prefer that the sale hearing be held September 17-19. The Special Master has already suggested three days would be sufficient. *See* D.I. 2017 at 2-4.

| | |
|---|---|
| Dated: August 17, 2025 | LANDIS RATH & COBB LLP |
| | |
| Steven F. Molo (*pro hac vice*) | */s/ Jennifer L. Cree* |
| Justin M. Ellis (*pro hac vice*) | Rebecca L. Butcher (#3816) |
| Mark W. Kelley (*pro hac vice*) | Jennifer L. Cree (#5919) |
| Lauren F. Dayton (*pro hac vice*) | 919 Market Street, Suite 1800 |
| Joshua D. Bloom (*pro hac vice*) | Wilmington, DE 19801 |
| Pratik Raj Ghosh (*pro hac vice*) | Tel.: (302) 467-4400 |
| MOLOLAMKEN LLP | butcher@lrclaw.com |
| 430 Park Avenue | cree@lrclaw.com |
| New York, NY 10022 | |
| Tel.: (212) 607-8170 | |
| smolo@mololamken.com | |
| jellis@mololamken.com | |
| mkelley@mololamken.com | |
| ldayton@mololamken.com | |
| jbloom@mololamken.com | |
| prajghosh@mololamken.com | |
| | |
| Lois S. Ahn (*pro hac vice*) | |
| 600 New Hampshire Avenue, N.W. | |
| Washington, D.C. 20037 | |
| Tel.: (202) 556-2000 | |
| lahn@mololamken.com | |