# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Misc. No. 17-151-LPS |
| | ) |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | ) |
| | ) |
| Defendant. | ) |

## SPECIAL MASTER'S JOINT STATUS REPORT
## REGARDING THE PROPOSED SCHEDULING ORDER

Robert B. Pincus, in his capacity as Special Master for the United States District Court for the District of Delaware in the above-captioned case (the "**Special Master**"),[1] submits this joint status report pursuant to the Court's order during the August 18, 2025 status conference. Consistent with the Court's instructions, and after conferring with the Sale Process Parties and other interested parties, the Special Master submits the Proposed Scheduling Order attached as Exhibit A. The Proposed Scheduling Order sets forth a proposed schedule for the sale process, discovery, and briefing leading up to the Sale Hearing commencing on September 15, 2025, consistent with the Court's instructions during the August 18, 2025 status conference, including that the Sale Hearing will commence on September 15, 2025, and that all briefing should be completed by September 11, 2025. The Special Master and most of the interested parties believe that all topics can be addressed and all witnesses can appear at the September portion of the Sale

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Sixth Revised Proposed Order (A) Establishing Sale and Bidding Procedures, (B) Approving Special Master's Report and Recommendation Regarding Proposed Sale Procedures Order, (C) Affirming Retention of Evercore as Investment Banker by Special Master and (D) Regarding Related Matters* (D.I. 481) (the "**Sale Procedures Order**").

Hearing. The Proposed Scheduling Order also reflects the consensus of most of the Sale Process Parties and other interested parties who anticipate participating in the Sale Hearing, except as follows:

- Gold Reserve and Valores take the position that, if the Special Master continues to recommend the Dalinar transaction in his updated Final Recommendation, then the Court should adopt the schedule the Special Master has proposed in Exhibit A. However, Gold Reserve and Valores believe that, if the Special Master recommends another bid in his updated Final Recommendation, then it will be "impossible" to complete discovery and pre-hearing briefing before September 15, 2025, and the Court should instead adopt the schedule attached as Exhibit B. Tidewater takes no position on the proposed schedule. The Special Master and other interested parties believe that Gold Reserve and Valores's proposal is inconsistent with the Court's instructions at the August 11, 2025 status conference, and the proposed schedule outlined in Exhibit A demonstrates that it is feasible to complete limited discovery and briefing before the September 15, 2025 Sale Hearing.

- In the event the Special Master recommends a bidder other than Dalinar in his updated Final Recommendation, the Venezuela Parties do not believe the proposed schedule provides sufficient time for interested parties to meaningfully respond to such recommendation and, subject to revisions and further meet and confer on specific dates, support the concept reflected in Exhibit B. In all events, because the Special Master's proposed schedule does not provide for reply briefs, the Venezuela Parties request that it be modified to (1) require the filing of briefs from any entity (with the exception of the Special Master) supporting or objecting to the updated Final Recommendation on September 5, so that the Venezuela Parties can respond to arguments by proponents of the recommendation, or (2) allow 5-page reply briefs to be filed on Saturday, September 13.[2] The Special Master and other interested parties believe it is unnecessary for parties who support the Special Master's updated Final Recommendation to file opening briefs on September 5, and it would be more efficient for any objections to the updated Final Recommendation to be filed on September 5, and for anyone who wishes to respond to those objections to file responses on September 11. The Special Master also believes that any reply arguments can be made at the Sale Hearing.

---

[2] For the avoidance of doubt, the Venezuela Parties' participation in this scheduling proposal does not waive their positions, here or on appeal, including with respect to a whether sale should occur, and whether the process should await a decision in the 2020 Bondholders litigation. The Republic and PDVSA have also stated their intention to move to modify the amount of Gold Reserve's writ of attachment to reflect its receipt of $240 million from the Republic.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | POTTER ANDERSON & CORROON LLP |
| OF COUNSEL: | By: */s/ Myron T. Steele* |
|  | Myron T. Steele (#0002) |
| Matthew S. Barr (Admitted *pro hac vice*) | Matthew F. Davis (#4696) |
| David Lender (Admitted *pro hac vice*) | Bindu A. Palapura (#5370) |
| Jared R. Friedmann (Admitted *pro hac vice*) | Malisa C. Dang (#7187) |
| Chase A. Bentley (Admitted *pro hac vice*) | Hercules Plaza, 6th Floor |
| WEIL, GOTSHAL & MANGES LLP | 1313 North Market Street |
| 767 Fifth Avenue | P.O. Box 951 |
| New York, New York 10153 | Wilmington, DE 19801 |
| Telephone: (212) 310-8000 | Telephone: (302) 984-6000 |
| Facsimile: (212) 310-8007 | Facsimile: (302) 658-1192 |
| Matt.Barr@weil.com | msteele@potteranderson.com |
| David.Lender@weil.com | mdavis@potteranderson.com |
| Jared.Friedmann@weil.com | bpalapura@potteranderson.com |
| Chase.Bentley@weil.com | mdang@potteranderson.com |
|  |  |
| Dated: August 21, 2025 | *Counsel for Special Master Robert B. Pincus* |
| 12431607 / 21202.00001 |  |

3