IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION,<br><br>       Plaintiff,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>       Defendant. | Case No. 17-mc-151-LPS |

## MOTION TO UNSEAL *EX PARTE* TRANSCRIPTS

Gold Reserve Ltd. f/k/a Gold Reserve Inc. ("Gold Reserve") respectfully requests that the Court order the unsealing of the transcripts of the Special Master's August 11, 2025 and August 13, 2025 *ex parte* conferences with the Court, referenced in the Special Master's Notice (D.I. 2048), and order the Special Master to file copies of these transcripts on the docket.

Gold Reserve also requests that the Court order the unsealing and filing of the transcripts of any *ex parte* conferences in which the Special Master informed the Court of the "Unsolicited Competing Proposals" he received on June 30, 2025 and August 8, 2025, and in which the Special Master obtained the Court's approval to engage with the persons(s) submitting these proposals per the requirements of Section 6.16(c) of the Stock Purchase Agreement ("SPA") executed by the Special Master and Dalinar Energy. (D.I. 1837-1 at 62). The Special Master provided notice to Gold Reserve of the existence of these Unsolicited Competing Proposals on July 1 and August 11, 2025, respectively, and that, as required by the Stock Purchase Agreement, the Special Master had also notified the Court of his receipt of these proposals. *See* Exhibits A and B attached hereto. In the first notice, dated July 1, 2025, counsel for the Special Master stated:

*Gold Reserve Team,*

*Pursuant to Section 6.16(c) of the Stock Purchase Agreement, dated June 25, 2025,*

1

> *the Special Master is hereby notifying you that he received a Competing Proposal on June 30, 2025. As required by the Stock Purchase Agreement, the Special Master has also notified the Court of his receipt of the Competing Proposal.*

*See* Ex. A. hereto. In the second notice, dated August 11, 2025, and captioned Notice of Competing Unsolicited Proposal, the Special Master stated in pertinent part:

> *Dear Mr. Rivett,*
>
> *Pursuant to Section 6.16(c) of the Stock Purchase Agreement, dated June 25, 2025, the Special Master is hereby notifying you that he received a Competing Proposal on August 8, 2025. As required by the Stock Purchase Agreement, the Special Master has also notified the Court of his receipt of the Competing Proposal.*

*See* Ex. B. hereto.

Gold Reserve respectfully requests that the Court decide this motion on an expedited basis in light of the impending dates of the rescheduled Sale Hearing. At least one of these proposals apparently was discussed during the August 11 and 13 *ex parte* conferences based on the Special Master's statements at the August 14, 2025 meet and confer, *see* (D.I. 2047) (Special Master's Letter to the Court summarizing the meet and confer), and the proposals would by definition have been discussed in the other referenced *ex parte* communications. Given Gold Reserve's stated objection to at least one of these "Unsolicited Competing Proposals," time is of the essence.

"[W]ithout knowledge of what was discussed," Gold Reserve is not able to address any "'silent' facts" germane to this issue. *In re Kensington Int'l Ltd.*, 368 F.3d 289, 309 (3d Cir. 2004) (holding that a district judge should have disclosed the content of *ex parte* communications with court-appointed advisors); *cf. United States v. U.S. Gypsum Co.*, 550 F.2d 115, 131–32 (3d Cir. 1977) (Adams, J., concurring), *aff'd*, 438 U.S. 422 (1978) (noting that the Third Circuit had ordered the disclosure of an *ex parte* transcript of a meeting between a judge and a jury foreman to aid the parties in preparing arguments on appeal). Knowledge of these discussions thus would be of assistance to Gold Reserve in presenting its position to the Court.

Granting this motion would be consistent with the Court's prior treatment of such requests *See* (D.I. 1269) (Court stating it was "inclined to grant" the request made by the Gramercy Parties to unseal the *ex parte* transcript of the Court's August 2024 conference with the Special Master, which led to the filing of a redacted version of the transcript and associated documents on the docket).

Granting this motion would also be consistent with the Special Master's recent practice; specifically, the Special Master's voluntary unsealing and filing of the full transcript of the June 24, 2025 *ex parte* conference with the Court. *See* (D.I. 1830, D.I. 1840). This transcript has been referenced multiple times in the existing briefing on the Special Master's Final Recommendation. *See, e.g.*, (D.I. 1854) (Red Tree's Notice of Objection to Special Master's Final Recommendation). The transcripts requested in the present motion could be of equal assistance to Gold Reserve (and other parties) in the forthcoming proceedings. At minimum, their disclosure will assist in maintaining the transparency and integrity of these proceedings.

Pursuant to D. Del. LR 7.1.1, the subject of this motion was raised with counsel for the Special Master on August 20, 2025 and August 22, 2025, to determine if the Special Master would consent to the relief requested herein and thus obviate the need for this motion. Counsel for the Special Master has stated that he is still considering his position.

Dated: August 25, 2025.

Respectfully submitted,

**WOMBLE BOND DICKINSON (US) LLP**

By: */s/ Kevin J. Mangan*
Kevin J. Mangan (#3810)
Matthew P. Ward (#4471)
Stephanie S. Riley (#5803)
1313 N. Market St., Suite 1200

Wilmington, DE 19801
Telephone: 302-252-4320
Kevin.mangan@wbd-us.com
Matthew.ward@wbd-us.com
Stephanie.riley@wbd-us.com

-and-

**NORTON ROSE FULBRIGHT US LLP**
Matthew H. Kirtland (*pro hac vice*)
799 9th Street NW, Suite 1000
Washington, DC 20001
Telephone: 202-662-0200
Matthew.kirtland@nortonrosefulbright.com

- and –

Katherine G. Connolly (*pro hac vice*)
555 California Street, Suite 3300
San Francisco, CA 94101
Telephone: 628-231-6816
Katie.connolly@nortonrosefulbright.com

- and –

Taylor J. LeMay (*pro hac vice*)
1550 Lamar Street, Suite 2000
Houston, TX 77010
Telephone: 713-651-3578
Taylor.lemay@nortonrosefulbright.com


*Attorneys for Gold Reserve Ltd.*