IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION,<br><br>        Plaintiff,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>        Defendant. | Case No. 17-mc-151-LPS |

## GOLD RESERVE'S NOTICE OF REGULATORY APPROVAL

      Gold Reserve Ltd. f/k/a Gold Reserve Inc. ("Gold Reserve") hereby provides notice that it received today the attached letter from the Federal Trade Commission ("FTC") granting early termination of the Hart-Scott-Rodino Act ("HSR") waiting period for the proposed acquisition by Gold Reserve of the PDVH Shares via its acquisition subsidiary Dalinar Energy Corporation. *See* Exhibit A. As stated in the letter, the early termination is effective immediately. This early termination means that the FTC has determined that Gold Reserve's proposed acquisition of the PDVH Shares does not raise antitrust concerns and that the FTC would allow the transaction to close before the mandatory waiting period has ended.

      Pursuant to Section 6.3(a) of the Dalinar Energy SPA – titled "Regulatory Approvals; Third Party Consents" – Gold Reserve was required to submit its HSR application to the FTC by August 1, 2025, which it did. The required fee for this filing was $2.349 million, which Gold Reserve paid. The SPA also states that Gold Reserve was required to request early termination of the waiting period under the HSR Act, which Gold Reserve did.

      The FTC's present action confirms that there was no merit to the objections that Gold Reserve's bid faced supposed closing uncertainty because of antitrust concerns. (D.I. 1492 at 6, 16: Red Tree arguing that the Court "should require Gold Reserve to take more concrete steps to

1

address another risk—that the participation of Koch, a CITGO competitor, in its bid will prevent that bid from being approved by U.S. antitrust authorities."); (D.I. 1949 at 5, 19-20: Crystallex objecting to the Final Recommendation based on the assertion that "the Gold Reserve Consortium fails to adequately plan for regulatory risks that are inherent in its bid, most notably the risk that Koch's ownership interest in the acquisition vehicle introduces antitrust risk that could prevent or delay the closing in the absence of required approvals from the United States Government."). Gold Reserve and its consortium members explained why these objections had no merit (*see*, *e.g.*, D.I. 1983) and, with the benefit of today's action by the FTC, that has been confirmed and these objections can be denied as moot.

Dated: August 27, 2025.

Respectfully submitted,

**WOMBLE BOND DICKINSON (US) LLP**

By: */s/ Kevin J. Mangan*
Kevin J. Mangan (#3810)
Matthew P. Ward (#4471)
Stephanie S. Riley (#5803)
1313 N. Market St., Suite 1200
Wilmington, DE 19801
Telephone: 302-252-4320
Kevin.mangan@wbd-us.com
Matthew.ward@wbd-us.com
Stephanie.riley@wbd-us.com

-and-

**NORTON ROSE FULBRIGHT US LLP**
Matthew H. Kirtland (*pro hac vice*)
799 9th Street NW, Suite 1000
Washington, DC 20001
Telephone: 202-662-0200
Matthew.kirtland@nortonrosefulbright.com

- and –

Katherine G. Connolly (*pro hac vice*)
One Embarcadero Center, Suite 1050
San Francisco, CA 941111
Telephone: 628-231-6816
Katie.connolly@nortonrosefulbright.com

- and –

Taylor J. LeMay (*pro hac vice*)
1550 Lamar Street, Suite 2000
Houston, TX 77010
Telephone: 713-651-3578
Taylor.lemay@nortonrosefulbright.com

*Attorneys for Gold Reserve Ltd.*