# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

———

(302) 658-9200
(302) 658-3989 FAX

Alexandra M. Cumings
(302) 351-9248
(302) 425-4670 FAX
acumings@morrisnichols.com

August 28, 2025

**SUBMITTED VIA E-FILE**

The Honorable Leonard P. Stark
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, D.C. 20439

      Re:    *Crystallex International Corp. v. Bolivarian Republic of Venezuela*,
               D. Del. No. 1:17-mc-00151-LPS

Dear Judge Stark:

      The Venezuela Parties respectfully submit this letter requesting that the Court direct the Special Master to serve unredacted versions of the August 11 and 13 *ex parte* transcripts (D.I. 2119-1), subject to existing confidentiality protocols, on the Sale Process Parties and other entities that will be participating in briefing any objections to the forthcoming updated Final Recommendation. In the event the Special Master ultimately recommends the Amber Bid (*see* D.I. 2113), understanding the Special Master's analysis of the value of Amber's Transaction Support Agreement with the 2020 Bondholders will be a central feature of the briefing and Sale Hearing. According to the Special Master, the redacted transcripts withhold material regarding that critical issue, which should be available to any party that would seek to object to the updated Final Recommendation or respond to such objections. D.I. 2115 at 2 (Special Master requesting permission to redact, *inter alia*, information related to "the Special Master's evaluation of the impact of the PDVSA 2020 Bondholder litigation on [] bids"); D.I. 2116 (partially granting same).

      At present, the Venezuela Parties take no position on whether redactions are appropriate in the *public* version of the transcripts filed on the docket,[1] but it is inappropriate for the Special Master to withhold the unredacted transcripts from the objectors to his updated Final Recommendation, due on August 29. Sharing fully unredacted versions of the transcripts with objectors to the Special Master's final recommendation (and parties responding to those

---

[1] As noted previously, significant confidentiality restrictions on material relevant to the Sale Hearing may well be unworkable, once the *public* hearing begins. *See* D.I. 1951 at 1–2.

The Honorable Leonard P. Stark
August 28, 2025
Page 2

objections)—subject to the longstanding confidentiality protocols governing this case—will not harm the process in the way that Special Master seeks to avoid. *See e.g.*, D.I. 2115 at 1–2 (identifying "protect[ing] the on-going sale process" and ability "to maximize value" as bases to require public redactions). However, withholding that information from the objectors could prejudice their ability to respond to the Special Master's recommendation.

There are ample, established ways for the Special Master to protect the sensitivity of "confidential information about active bids" (D.I. 2115 at 2) from the public's view while not depriving objecting parties of access to it. For example, although public, redacted versions of the transcripts are already on the docket in light of the Court's prior order, *see* D.I. 2116; D.I. 2119-1, the Special Master could now file a sealed, unredacted version of the transcripts and then serve the sealed version on the parties entitled to receive such confidential or highly confidential information under the Special Master Confidentiality Order. *See* D.I. 291 ¶ 4. The Special Master could, in the alternative, choose to serve the unredacted version on all parties who have executed Exhibit A to D.I. 1555-1, which is the protective order that governs the production of confidential documents in discovery. Moreover, the Special Master can still exercise control over *how* these transcripts are used in any subsequent, public pleadings because, pursuant to D.I. 1887, the use of any confidential sale process information must be precleared with the Special Master before it is disclosed in any public filing. In such cases, the Special Master could simply direct the party seeking to rely on confidential portions of the transcripts to redact it from any public filing, at least until the public Sale Hearing begins on September 15, 2025.

In the event some material redacted from the as-filed transcripts cannot be shared with *bidders* that may also object to the updated Final Recommendation, the Special Master could provide targeted, redacted versions of the transcripts to those particular bidders that accomplish his goal of protecting the ongoing sale process without depriving those bidders of information they may need for their objections. There is no basis for *any* redactions, however, for Sale Process Parties.

Respectfully,

*Alexandra Cumings*
Alexandra Cumings (#6146)