womblebonddickinson.com



Womble Bond Dickinson (US) LLP

1313 North Market Street
Suite 1200
Wilmington, DE 19801

t:  302.252.4320
f:  302.252.4330

August 30, 2025

The Honorable Leonard P. Stark
United States District Court
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, Delaware 19801

Kevin J. Mangan
Partner
Direct Dial: 302-252-4361
Direct Fax: 302-661-7729
E-mail: Kevin.Mangan@wbd-us.com

**Re:**   *Crystallex International Corp. v. Bolivarian Republic of Venezuela,* **Case No. 17-mc-151**

Dear Judge Stark,

We represent Gold Reserve, the parent company of Dalinar Energy.

In the just-filed Updated Final Recommendation, the Special Master has recommended that the Court accept the Amber Energy bid instead of the Dalinar Energy bid, despite the fact that the Dalinar Energy $7.9 billion final purchase price is more than $*2 billion higher* than the Amber Energy $5.9 billion purchase price.  (D.I. 2123).  In addition, the Special Master has requested that the Court enter an order on an expedited basis granting the Special Master the authority to terminate the Dalinar Energy SPA (the "Request") (*Id.* ¶ 2).

The purpose of this letter is to respectfully ask that the Court stay its decision on the Request until the Court rules on Gold Reserve's pending Motion to Strike (D.I. 2117).  In addition, or in the alternative, Gold Reserve asks that the Court set a briefing schedule for the Request that tracks the existing schedule for objections to the Updated Final Recommendation.

The reason Gold Reserve is asking for this relief is because the validity of the Request is inextricably intertwined both with the issues raised in the Motion to Strike and the issues that will be raised in Gold Reserve's forthcoming objections to the Updated Final Recommendation.

In its order setting the bidder protections for the Sale Process, the Court held that the Special Master may only "terminate for a Superior Proposal . . . 'consistent with the Non-Solicitation [(No-Shop Period)] Provisions of the SPA.'" (D.I. 1554 at 22). The model SPA approved by the Court incorporated this same provision, and expressly provided that, to terminate the SPA "at any time during the No-Shop Period," such as now, the Special Master must obtain "approval of the Court" and must comply with the Non-Solicitation provisions of the SPA (D.I. 1557-1 at 74).

This issue – whether the Special Master has violated these Court-ordered bidder protections – is precisely the issue raised in the Motion to Strike.  Specifically, the Special Master's Request to

Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/us/legal-notice for further details.

terminate the Dalinar Energy SPA would only be valid if the Special Master did not violate the Court-ordered bidder protections in respect of the Amber Energy bid, specifically the No-Shop/Non-Solicitation provisions and the associated required overbid minimum. *See* (D.I. 1554 at 22) (Court ordering that the Special Master may only "terminate for a Superior Proposal . . . consistent with the Non-Solicitation" (a.k.a. No-Shop Period) bidder protections) (D.I. 1554 at 22).

The Court has already observed that Gold Reserve "may be correct" on this issue (D.I. 2056 at 2), and at the August 18, 2025 status conference the Court set a briefing schedule and stated it would hear argument on this issue at the rescheduled September 15, 2025 Sale Hearing. Pursuant to this schedule, Gold Reserve filed its Motion to Strike on August 27, the Special Master's response is due September 5, and Gold Reserve's reply is due September 11. (D.I. 2110). Two other Attached Judgment Creditors have joined the Motion to Strike: Siemens Energy Inc. (D.I. 2118) and Valores Mundiales (D.I. 2121).

A ruling on the Special Master's Request now, before the Court decides the Motion to Strike, would materially prejudice Gold Reserve and effectively pre-judge the issues presented in that motion. That would not be proper.

In contrast to this definite prejudice, there is no actual need to rule on the Request at present. The Special Master has taken the position that the Dalinar SPA is not "legally binding unless and until the Court enters an order approving the proposed SPA." (D.I. 1373 at 2); *see also* August 18, 2025 Hr'g Tr., 142:17-21 (Special Master remarking that "the SPA is not enforceable" until the Court "approves the SPA itself"). The Court echoed this same position at the August 18, 2025 conference. *See id.* at 202:3-5 ("[W]e all know [the SPA] is not fully binding in any event because I've not approved it yet."). If the Dalinar Energy SPA is not binding, there is no reason it need be "terminated." Certainly there is no reason that this issue should be decided on an expedited basis.

In addition, or in the alternative, Gold Reserve requests that the Court set a briefing schedule on the Request that tracks the existing schedule for objections to the Updated Final Recommendation, with Gold Reserve's response due September 6, and the Special Master's reply due September 11. Gold Reserve has substantive objections to the Updated Final Recommendation, and will be making a Competing Objection – where it will request that the Court approve the final Dalinar Energy bid instead of the materially-lower priced Amber Energy bid.

Whether or not the Request should be granted is thus also intertwined with the merits of Gold Reserve's forthcoming objections. If such objections are upheld, the Updated Final Recommendation will be rejected along with the Request, and the Dalinar Energy bid approved. As such, in Gold Reserve's respectful submission, any decision on the Request should be made in conjunction with the Court's decision on the objections to the Updated Final Recommendation, and the Court's final decision as to whether to approve the Amber Energy bid or the Dalinar Energy bid.

    Respectfully submitted,

    **Womble Bond Dickinson (US) LLP**

    */s/ Kevin J. Mangan*
    Kevin J. Mangan

        Matthew H. Kirtland (admitted *pro hac vice*)
        **Norton Rose Fulbright US LLP**
        799 9th Street NW, Suite 1000
        Washington, DC 20001
        Telephone: 202-662-0200
        matthew.kirtland@nortonrosefulbright.com

cc: Counsel of Record (via ECF)