womblebonddickinson.com



Womble Bond Dickinson (US) LLP

1313 North Market Street
Suite 1200
Wilmington, DE 19801

t:  302.252.4320
f:  302.252.4330

September 2, 2025

The Honorable Leonard P. Stark
United States District Court
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, Delaware 19801

Kevin J. Mangan
Partner
Direct Dial: 302-252-4361
Direct Fax: 302-661-7729
E-mail: Kevin.Mangan@wbd-us.com

**Re:** *Crystallex International Corp. v. Bolivarian Republic of Venezuela,* **Case No. 17-mc-151**

Dear Judge Stark,

On behalf of our client, Gold Reserve, we write to join the Venezuela Parties' request (D.I. 2122) that the Court direct the Special Master to serve fully unredacted versions of the August 11 and 13 *ex parte* transcripts on the parties that have signed the confidentiality agreement with the Special Master. Gold Reserve agrees with the points made by the Venezuela Parties in support of this request and, in addition, states the following.

The gist of the Special Master's position is the assertion that he is making an Updated Final Recommendation and disclosing this redacted information could prejudice his "ability to defend that recommendation at the Sale Hearing." (D.I. 2115 at 2). With respect, this is wrong. In the scenario that now exists – the Special Master displacing the prior Successful Bidder (Gold Reserve) in favor a bid that is $2 billion lower in purchase price and that will therefore be heavily contested – no person should be permitted to gain the procedural or tactical advantage of having its position on any critical issue presented to the Court *ex parte* and thus not heard by all parties involved, particularly when, as here, the Special Master will be adverse to parties on objections to his recommendation and then arguing those positions to the Court in subsequent briefs and open hearings.

Gold Reserve will present its own Improved Bid to the Court and request that it be approved instead of the $2 billion lower-priced Amber Energy bid. If the Special Master has had substantive communications with the Court that are relevant to forthcoming objections to the Updated Final Recommendation – as now appears to be the case – this compels disclosing such communications, not redacting them.

This is particularly true in respect of two issues identified in the redactions. The first is communications regarding "the Special Master's evaluation of the impact of the PDVSA 2020 Bondholders litigation." (D.I. 2115 at 2). As the Updated Final Recommendation makes clear, this 2020 Bondholders litigation is the only basis on which the Special Master is attempting to justify his

Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/us/legal-notice for further details.

recommendation of the materially lower-priced Amber Energy bid. The Special Master's communications with the Court concerning this critical issue should therefore be fully disclosed. These redactions appear on pages 46-47 of the August 13 transcript (D.I. 2119-1 at 71-72).

Second, one of the redactions concerns the Special Master's communications to the Court regarding Gold Reserve's bid. This appears on p. 20 of the August 13 transcript (D.I. 2119-1 at 45). In the adversarial situation that now exists, with the Amber Energy bid having resulted directly from what Gold Reserve contends is a violation of the No-Shop Period/Overbid Minimum bidder protections ordered by the Court, *see* Motion to Strike (D.I. 2117), Gold Reserve is entitled to have full disclosure of all communications between the Special Master and the Court regarding Gold Reserve's bid.

Gold Reserve takes no position on whether the redactions are appropriate in the *public* version of the transcripts or on any other issue. It simply requests that the unredacted transcripts be served on those parties who are bound to the existing confidentiality order.

        Respectfully submitted,

        **Womble Bond Dickinson (US) LLP**

        */s/ Kevin J. Mangan*
        Kevin J. Mangan

        Matthew H. Kirtland (admitted *pro hac vice*)
        **Norton Rose Fulbright US LLP**
        799 9th Street NW, Suite 1000
        Washington, DC 20001
        Telephone: 202-662-0200
        matthew.kirtland@nortonrosefulbright.com

cc: Counsel of Record (via ECF)