IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | No. 1:17-mc-00151-LPS |
| v. ) | |
| ) | |
| BOLIVARIAN REPUBLIC OF VENEZUELA, ) | |
| ) | |
| *Defendant*. ) | |

**THE VENEZUELA PARTIES' RESPONSE IN SUPPORT OF
GOLD RESERVE LTD.'S MOTION TO STRIKE**

On August 27, 2025, Gold Reserve Ltd. moved to strike (D.I. 2117) the Special Master's Notice of Determination of Superior Proposal, which deems Amber Energy's bid a "Superior Proposal" to Dalinar's bid despite the undisputed fact that Dalinar's bid proposes to satisfy far more Attached Judgment obligations and reduce the Republic's and PDVSA's indebtedness by a correspondingly larger amount. (D.I. 2113). The Venezuela Parties[1] agree that Amber's bid is inconsistent with the Court-ordered Bidder Protections and therefore believe that the Court should grant Gold Reserve's motion.

To be clear, the Venezuela Parties maintain that this Court should not confirm Dalinar's bid either. *See generally* D.I. 1859; D.I. 1948; D.I. 2038; D.I. 2042. But Gold Reserve is plainly correct that Amber's bid is not eligible to be recommended over Dalinar's bid under the Court-approved Bidder Protections. Under the Bidder Protections, any unsolicited competing proposal submitted after filing of the Final Recommendation must "satisfy an overbid minimum equal to or in excess

---

[1] Capitalized terms used herein are defined consistently with the Sale Procedures Order (D.I. 481). Nothing in this filing should be construed to imply consent to a forced sale. The Venezuela Parties preserve all rights and positions, including on appeal.

of $50 million; provided, that the Special Master shall have the ability to exercise his discretion to lower the overbid minimum amount for subsequent bids or any auction." D.I. 1552-1 at 3; *see* D.I. 1554 at 14 (adopting proposed overbid minimum threshold, "subject to the Special Master retaining discretion to lower or raise the overbid minimum throughout the process"). The Special Master's notice does not even mention this requirement, let alone try to explain how Amber's bid, which is far under (not over) Dalinar's Recommended Bid, could satisfy it. *See* D.I. 2113; D.I. 2117 at 16 n.1. That is because no explanation exists.

The Special Master has no authority to dispense with this overbid minimum requirement. His "discretion" to "lower" the overbid minimum requirement—including to take account of "criteria other than price," D.I. 1554 at 14—does not include the power to *eliminate* that requirement altogether. *See Biden v. Nebraska*, 600 U.S. 477, 494–500 (2023) (power to "waive or modify" requirements does not include authority to "abolish[] them and supplant[] them with a new regime"). And even if the Special Master could somehow "lower" the "overbid" minimum to $0, *but see id*. at 494–500, that tortured reading still would fail to justify his decision here. Amber's bid would not even satisfy a "$0 overbid minimum," as it is far below Dalinar's bid. No speaker of the English language would ever describe Amber's lower bid as an "overbid" compared to Dalinar's higher one. D.I. 1837-1 at 113; *see, e.g.*, *Webster's New World College Dictionary* (4th ed. 2010) (defining "overbid" as "a higher or excessive bid").[2] To permit the Special Master to recommend Amber's bid would therefore authorize him to "not only nullif[y] existing provisions," but to engage in "exhaustive rewriting" of the Bidder Protections themselves. *Biden*, 600 U.S. at 499–500.

---

[2] https://www.collinsdictionary.com/us/dictionary/english/overbid.

Tolerating that freewheeling approach threatens to deprive the Attached Judgment Creditors of a significant amount of sale proceeds and the Republic and PDVSA of the same amount in the reduction of debts.[3] That outcome would flatly contradict the mandate of Delaware law to sell the PDVH Shares to "the highest bidder." 8 *Del. C.* § 324(a); *see* D.I. 2117 at 17. And it would chill future bidding by revealing that the Special Master can change the rules of the sale process at a whim whenever he thinks doing so will benefit a favored bidder or the 2020 Bondholders. *See* D.I. 2117 at 17–22; *see also, e.g.*, D.I. 1951-1 at 23–32, 36 (explaining how the Special Master and his Advisors' improper and self-interested treatment of the 2020 Bondholders has chilled bidding and destroyed value); D.I. 2046-1 at 19–21, 23 n.33 (same).

## CONCLUSION

For the foregoing reasons, the Venezuela Parties respectfully request that the Court strike the Special Master's Notice of Determination of Superior Proposal and any subsequent actions based on that determination. For the avoidance of doubt, the Venezuela Parties' support for the relief requested by Gold Reserve does not—and should not be construed to—imply support for the Dalinar Bid or any particular statement, argument, or representation by Gold Reserve not expressly endorsed in this Response.

---

[3] On August 28, 2025, after the Special Master informed Dalinar that he was taking the position that the Amber bid was a superior proposal, Dalinar submitted an improved bid. D.I. 2123 ¶ 14.

|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
| | /s/ Alexandra M. Cumings |
| OF COUNSEL: | Susan W. Waesco (#4476) |
| | Alexandra M. Cumings (#6146) |
| Nathan P. Eimer | Phillip Reytan (#7255) |
| Daniel D. Birk | 1201 North Market Street |
| Gregory M. Schweizer | Wilmington, DE 19801 |
| Hannah M. Bucher | (302) 658-9200 |
| Alec Solotorovsky | SWaesco@morrisnichols.com |
| EIMER STAHL LLP | ACumings@morrisnichols.com |
| 224 South Michigan Avenue | PReytan@morrisnichols.com |
| Suite 1100 | |
| Chicago, IL 60604 | *Attorneys for PDV Holding, Inc. and* |
| (312) 660-7600 | *CITGO Petroleum Corporation* |
| NEimer@eimerstahl.com | |
| DBirk@eimerstahl.com | |
| GSchweizer@eimerstahl.com | |
| HBucher@eimerstahl.com | |
| ASolotorovsky@eimerstahl.com | |

|  | HEYMAN ENERIO GATTUSO & HIRZEL LLP |
|---|---|
| | /s/ Brendan Patrick McDonnell |
| OF COUNSEL: | Samuel Taylor Hirzel, II (#4415) |
| | Brendan Patrick McDonnell (#7086) |
| Joseph D. Pizzurro | 300 Delaware Avenue, Suite 200 |
| Kevin A. Meehan | Wilmington, DE 19801 |
| Juan O. Perla | (302) 472-7300 |
| David V. Holmes | shirzel@hegh.law |
| CURTIS, MALLET-PREVOST, COLT & MOSLE LLP | bmcdonnell@hehg.law |
| 101 Park Avenue New York, NY 10178 | |
| (212) 696-6000 | *Attorneys for Petróleos de Venezuela, S.A.* |
| jpizzurro@curtis.com | |
| kmeehan@curtis.com | |
| jperla@curtis.com | |
| dholmes@curtis.com | |

|  |  |
|---|---|
| OF COUNSEL:<br><br>Donald B. Verrilli, Jr.<br>Elaine J. Goldenberg<br>Ginger D. Anders<br>MUNGER, TOLLES & OLSON LLP<br>601 Massachusetts Avenue NW<br>Suite 500 E<br>Washington, D.C. 20001<br>(202) 220-1100<br>Donald.Verrilli@mto.com<br>Elaine.Goldenberg@mto.com<br>Ginger.Anders@mto.com<br><br>George M. Garvey<br>Adeel Mohammadi<br>MUNGER, TOLLES & OLSON LLP<br>350 South Grand Avenue, 50th Floor<br>Los Angeles, CA 90071<br>(213) 683-9100<br>George.Garvey@mto.com<br>Adeel.Mohammadi@mto.com<br><br>September 5, 2025 | ABRAMS & BAYLISS LLP<br><br><u>/s/ *Christopher Fitzpatrick Cannataro*</u><br>A. Thompson Bayliss (#4379)<br>Christopher Fitzpatrick Cannataro (#6621)<br>20 Montchanin Road, Suite 200<br>Wilmington, DE 19807<br>(302) 778-1000<br>bayliss@abramsbayliss.com<br>cannataro@abramsbayliss.com<br><br>*Attorneys for Bolivarian Republic of Venezuela* |