UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., *Plaintiff*, v. BOLIVARIAN REPUBLIC OF VENEZUELA, *Defendant*. | No. 1:17-mc-151-LPS |

**GRAMERCY'S LIMITED OBJECTION TO THE SPECIAL MASTER'S PROPOSED FORM OF ORDER APPROVING UPDATED <u>FINAL RECOMMENDATION</u>**

Gramercy Distressed Opportunity Fund LLC, G&A Strategic Investments I LLC, G&A Strategic Investments II LLC, G&A Strategic Investments III LLC, G&A Strategic Investments IV LLC, G&A Strategic Investments V LLC, G&A Strategic Investments VI LLC, G&A Strategic Investments VII LLC, Girard Street Investment Holdings LLC, Tenaris S.A., and Talta-Trading e Marketing Sociedade Unipessoal Lda (collectively, "Gramercy") respectfully submit this Limited Objection to the Special Master's Updated Final Recommendation (D.I. 2123) and, more specifically, to certain provisions in the Special Master's Proposed Order attached to the Updated Final Recommendation as Exhibit <u>C</u> (the "SM's Proposed Order").

Gramercy does not object to the Sale Transaction with the Amber Energy buyer (the "Buyer") as defined in the Special Master's Updated Final Recommendation for the sale of PDVSA's shares in PDVH (the "PDVH Shares"). It files this Limited Objection only to address certain overreaching, or ambiguously overreaching, provisions in the SM's Proposed Order, as well as and certain incorrect provisions.

Properly, most of the SM's Proposed Order would grant approval of the transfer of the PDVH Shares to the Buyer free and clear of existing liens, claims, encumbrances and other interests on, in or against only the PDVH Shares themselves, not of liens and claims against assets of PDVH or its direct and indirect subsidiaries that might affect the value of the PDVH Shares. Indeed, the SM's Proposed Order carves out PDVH and its direct and indirect subsidiaries and their successors and assigns, including by merger or otherwise, from its proposed protections of the Buyer and Buyer's Affiliates (see SM's Proposed Order pgs. 2, n.3 and 13 ¶ J, n.6) and protects the Buyer and Buyer's Affiliates from liability only for *pre*-Closing events and claims related to their negotiation of and entry into the Sale Transaction and its related financing.[1]

That approach is consistent with a free and clear sale of the PDVH Shares under the Court's *in rem* or *quasi in rem* jurisdiction in this action, including as explicitly recognized by this Court. *See* D.I. 1515 at 17-18 (sale of the "'PDVH Shares free and clear of any [and all] encumbrances, and liabilities' means 'PDVH Shares free and clear of any and all claims, encumbrances, and liabilities **attached to the PDVH Shares themselves**.'") (emphasis in original) and other rulings comprising the law of the case to the effect that Additional Judgment Creditors such as Gramercy may separately pursue their rights and claims against assets other than the PDVH Shares regardless whether such pursuit may reduce the PDVH Shares' value. *See, e.g.,* D.I. 963 ¶ 4, n.7 ("If [Additional Judgment Creditors] fail to collect on their judgments as part of the ongoing sale process, they will remain free to pursue other collection efforts."). However, in certain places the

---

[1] Gramercy appreciates that the SM's Proposed Order adopted many of Gramercy's comments to the Special Master's prior proposed order approving the Special Master's prior Final Recommendation, of the Dalinar transaction (D.I. 1837). If the Court does not approve the Special Master's Updated Final Recommendation, Gramercy reserves all objections to any modified proposed sale order, including those raised in Gramercy's previous filing on the Dalinar transaction (D.I. 1968), and, although it hopes to resolve this Limited Objection before the Sale Hearing, wishes to reserve a brief time for oral argument if it is not resolved.

SM's Proposed Order goes further, purporting, or arguably purporting, to provide the Buyer additional and unwarranted "free and clear" relief.[2]

Unless such provisions are deleted or clarified, the Court's order approving the Special Master's Final Recommendation, if entered, would not satisfy the proposed finding in ¶ P of the SM's Proposed Order that entry of the SM's Proposed Sale Order "is an appropriate condition precedent to Buyer's consummation of the Sale Transaction," as such provisions exceed or ambiguously exceed the Court's authority to approve a free and clear sale of the PDVH Shares in this action.  *See Dole Foods Co. v. Patrickson*, 538 U.S. 468, 474-75 (2003) (describing fundamental difference between shares in a corporation and the corporation's assets); *see also Polius v. Clark Equip. Co.*, 802 F.2d 75, 77 (3d Cir. 1986) (changes in ownership of a corporation's shares "do[] not affect the corporation's liability for its past actions); *New Paradigm Software Corp. v. New Era of Networks, Inc.*, 2002 WL 31749396, at *8 (S.D.N.Y. Dec. 9, 2002) ("As a matter of law, purchase of a company's stock is distinct from a sale of the company's assets[.]");*Texaco Refining and Mktg, Inc. v. Del. River Basin Com'n*, 824 F. Supp. 500, 507 (D. Del. 1993) ("[A] sale of all of the stock of a corporation, or of a controlling interest, is not a sale of the physical properties or assets of the corporation.") (citation omitted); *Taylor v. Dover Downs, Inc.*, 543 F. Supp. 3d 39, 44 (D. Del. 2021) (same); D.I. 1515 at 17-18; *see also Atl. Prop. Grp. v. Deibler,* 1994 WL 45433, *5–6 (Del. Super. Jan. 6, 1994), *aff'd* 652 A.2d 553, 553 (Del. 1995) (bidders must consider the corporation's liabilities in pricing their bids); *In re Insilco Tech., Inc.* 351 B.R. 313, 321 (Bankr. D. Del. 2006).  The SM's Proposed Order approving the sale of the

---

[2] Avoiding ambiguity that could exceed the scope of a "free and clear order" is especially important for the SM's Proposed Order's several injunctive provisions.  *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 322 (3d Cir. 2020) (injunction must provide enjoined party with "fair and precisely drawn notice of what the injunction actually prohibits" and "should be phrased in terms of objective actions, not legal conclusions") (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 444 (1974)); *Louis W. Epstein Family P'ship v. Kmart Corp.*, 13 F.3d 762, 771 (3d Cir. 1994) (same).

3

PDVH Shares -- in an action in which the Court has ancillary jurisdiction over those shares, not plenary jurisdiction over PDVH (D.I. 83 at 17) -- therefore cannot preclude the pursuit of *in personam* claims against PDVH and its direct and indirect subsidiaries or claims based on the *post-*Closing conduct of the Buyer and Buyer Affiliates. *Peacock v Thomas*, 516 U.S. 349, 357 (1992).

Gramercy therefore respectfully proposes a form of sale order, a copy of which is attached hereto as Exhibit A, marked against the SM's Proposed Order to address the deficiencies in the SM's Proposed Order. Those proposed changes fall into there categories, as discussed below:

1) Some of Gramercy's proposed changes simply correct omissions (see, e.g., Exhibit A. at pgs. 7 ¶ D; 10 ¶ H, and 29 ¶ H, or put a word or clause in a more appropriate place, as in Exhibit A pg. 30 ¶ 17 and the introductory clause of ¶ 18 at pg. 31).

2) Certain findings and decretal provisions in the SM's Proposed Order are either incorrect on their face or reflect a determination that cannot be made. For example, the proposed findings at Exhibit A pgs. 15 ¶ J and 16 ¶ L that a transaction under a less Buyer-protective sale order would yield substantially less value for Additional Judgement Creditors should apply only to "applicable" Additional Judgment Creditors and thus not include Additional Judgment Creditors who will receive no value even under the Amber Sale Transaction. Similarly, those parties whose objections to the Sale Transaction are overruled cannot logically be deemed to have consented to it; hence the proposed deletion at Exhibit A pg. 21 ¶ 2.

3) Certain findings and decretal paragraphs in the SM's Proposed Order exceed, or create an ambiguity that they exceed, the proper parameters of an order approving a free and clear sale of the PDVH Shares:

a. The proposed findings at Exhibit A pages 8 ¶ E; 11 ¶ H; and 20 ¶ U that the Sale Transaction provides the best opportunity to "maximize distributions to holders of Attached Judgments" should be narrowed to a finding that it provides the best opportunity to maximize distributions to holders of Attached Judgments "in respect of their interests in the PDVH Shares," the only assets that before are before the Court.

b. While most of the provisions of the SM's Proposed Order properly limit the free and clear protections accorded to the Buyer and Buyer Affiliates to their pre-Closing conduct and the Sale Transaction itself (as discussed above and, for example, in most of Exhibit A pg. 27 ¶ 13 and the first two sentences of Exhibit A pg. 31 ¶ 18), other provisions of the SM's Proposed Order purport to protect, or arguably protect, the Buyer and Buyer Affiliates from the consequences of their *post*-Closing conduct, separate and apart from the Sale Transaction itself or its financing, shielding them from, for example, liability for their hypothetical future receipt of an unlawful post-Closing dividend. Accordingly, Exhibit A proposes clarifying language at pgs. 14 ¶ J; 25-26 ¶ 11; 27 ¶ 13; and 31 ¶ 18 so that the SM's Proposed Order does not insulate the Buyer or Buyer Affiliates from the consequences under applicable law of their post-Closing actions.[3]

c. Last, because of broad terms in certain provisions of the SM's Proposed Order that would enjoin any act that "adversely affects, interferes with, is likely to

---

[3] To be clear, Gramercy does not object to the proposed financing for the Sale Transaction as described in the Updated Final Recommendation, including in the exhibits thereto. Indeed, the nature of that financing -- and the lack of objections to it – is a key reason for the SM's recommendation.

5

frustrate, or is in any way inconsistent with the ability of the Special Master . . . to transfer the PDVH Shares" (see Exhibit A pg. 22 ¶ 6 and the reference to "any related action" dangling at the end of Exhibit A pg. 32 ¶ 19), the SM's Proposed Order should be clarified to state that the Court does not enjoin the enforcement of the rights of a creditor of PDVH or of PDVH's direct or indirect subsidiaries . . . that affects the value of any such entities," as is proposed in Exhibit A pg. 22 ¶ 6 and with the deletion of the dangling clause at pg. 32 ¶ 19. While it may not be the intention of the SM's Proposed Order to enjoin such actions, such clarifying language is warranted under this Court's prior ruling that enforcement actions that may affect the value of the PDVH Shares, in contrast to acts against the PDVH Shares themselves, are not properly subject to an injunction in this action, D.I. 1515, and the cases cited above -- as well as implicitly given the Special Master's Updated Final Recommendation of a Sale Transaction that allocates substantial value to resolve separate pending claims of the 2020 Bondholders rather than pay such value to Additional Judgment Creditors, a recommendation that at least until a ruling in the 2020 Bondholder Action carries a lot of weight.

      As noted, to highlight these problematic provisions and suggest appropriate language for the Court's order, Gramercy submits the proposed order attached hereto as Exhibit A, marked against the SM's Proposed Order.  To avoid the risk that some other provision of the SM's Proposed Order could later be cited to support the proposition that it grants free and clear relief (a) with respect to post-Closing actions of the Buyer and Buyer Affiliates, which are not before the Court, and (b) as against the assets of PDVH and its direct and indirect subsidiaries and their

respective successors and assigns, Exhibit A also proposes a general carveout from any such provision or interpretation in the Proposed Order at Exhibit A pg. 35 ¶ 25.  Such a carveout recognizes the Buyer's understandable and proper desire to obtain clean, free and clear title to the PDVH Shares without loopholes or caveats, while at the same time does not permit a reading that would exceed the bounds of free and clear relief.

Dated:  New York, New York
      September 6, 2025

/s/ Joeseph O. Larkin
Joeseph O. Larkin

**SKADDEN, ARPS, SLATE,**
  **MEAGHER & FLOM LLP**
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 651-3000
Fax: (302) 651-3001
Joseph.Larkin@skadden.com


Robert D. Drain
One Manhattan West
New York, New York 10001
Telephone: (212 735-3000
Robert.Drain@skadden.com

*Counsel to Gramercy Distressed Opportunity Fund LLC, G&A Strategic Investments I LLC, G&A Strategic Investments II LLC, G&A Strategic Investments III LLC, G&A Strategic Investments IV LLC, G&A Strategic Investments V LLC, G&A Strategic Investments VI LLC, G&A Strategic Investments VII LLC, Girard Street Investment Holdings LLC, Tenaris S.A., and Talta-Trading e Marketing Sociedade Unipessoal Lda*