# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETRÓLEOS DE VENEZUELA S.A., PDVSA PETRÓLEO, S.A., and PDV HOLDING, INC., <br><br> Plaintiffs, <br><br> - v - <br><br> MUFG UNION BANK, N.A., and GLAS AMERICAS LLC, <br><br> Defendants. | 19 Civ. 10023 (KPF) |

**STATEMENT OF INTEREST OF THE UNITED STATES OF AMERICA**

JAY CLAYTON
United States Attorney
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2677/2810
samuel.dolinger@usdoj.gov
anthony.sun@usdoj.gov

*Attorney for the United States of America*

SAMUEL DOLINGER
ANTHONY J. SUN
Assistant United States Attorneys
*– Of Counsel –*

The United States of America (the "United States" or the "Government") respectfully submits this Statement of Interest in response to the invitation of the Court, and pursuant to 28 U.S.C. § 517,[1] to provide the views of the Government regarding "its position on the pending cross-motions for summary judgment." Dkt. Nos. 390, 392.

## DISCUSSION

The United States respectfully provides this additional Statement of Interest as a supplement to its previous Statement of Interest filed on September 16, 2020, Dkt. No. 213 ("2020 SOI"), to affirm its recognition of, and firm support for, the 2015 National Assembly of Venezuela as the government of Venezuela. The 2015 National Assembly is the only government of Venezuela duly elected by the Venezuelan people, as detailed in the attached letter from Ambassador Michael G. Kozak, Senior Bureau Official at the Bureau of Western Hemisphere Affairs of the U.S. Department of State to Brenna Jenny, Deputy Assistant Attorney General, Civil Division, U.S. Department of Justice, annexed hereto as Exhibit A.

As set forth in Ambassador Kozak's letter, "Nicolás Maduro and his coterie of corrupt associates have ravaged Venezuela's economy, inflicted serious human rights abuses upon innocent citizens, and have exploited and squandered the Venezuelan people's assets." *Id.* at 1. Since the United States' 2020 Statement of Interest, the "plight of the Venezuelan people has only worsened due to Maduro's cruelty, corruption, and inhuman indifference to the misery of tens of millions of his countrymen." *Id.* In the Venezuelan presidential election held in July 2024, Maduro "falsely and baselessly declared himself the winner," despite evidence that Venezuelan "citizens

---

[1] Congress has authorized the Attorney General to send "any officer of the Department of Justice . . . to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States." 28 U.S.C. § 517; *see Georges v. United Nations*, 834 F.3d 88, 91 & n.10 (2d Cir. 2016).

overwhelmingly cast their ballots for opposition candidate Edmundo González Urrutia." *Id.* Since then, Maduro has "unleashed a campaign of terror and repression that Maduro and his associates mistakenly hope will break the will of the Venezuelan people." *Id.* at 2.

Further, Maduro has continued to cultivate "ties with our nation's most committed adversaries, has destabilized neighboring states through the export of narcotics and violence, and has created a refugee crisis that is now the greatest in the history of the Americas." *Id.* These actions "directly threaten our nation's security, prosperity, and foreign policy interests, and the well-being of millions throughout our hemisphere." *Id.* As a result, the United States has "imposed sanctions on Maduro and those enabling his malign conduct under various executive orders dating back to 2015." *Id.*

"Maduro does not speak for the Venezuelan people," and the United States does not recognize Maduro or his associates as the government of Venezuela. *Id.* The 2015 National Assembly "remains the only democratically elected public institution in Venezuela." *Id.* Although the "2015 National Assembly's leadership has changed" since the United States' 2020 Statement of Interest, "the United States recognizes the 2015 National Assembly as the government of Venezuela." *Id.*

Accordingly, the views presented by the 2015 National Assembly regarding Venezuelan law on behalf of the Republic of Venezuela, *see* Dkt. No. 326-1 at 1 n.1, constitute the views of a foreign government that deserve the same "respectful consideration" from the Court that would be due to any foreign sovereign under *Animal Science Products, Inc. v. Hebei Welcome Pharmaceutical Co.*, 585 U.S. 33, 36 (2018). "In the spirit of international comity, a federal court should carefully consider a foreign state's views about the meaning of its own laws." *Id.* at 43 (citation and quotation marks omitted). At the same time, the Court "is not bound to accord

2

conclusive effect to the foreign government's statements." *Id.* at 36; *see id.* at 46 ("a government's expressed view of its own law is ordinarily entitled to substantial but not conclusive weight"); *accord In re Vitamin C Antitrust Litig.*, 8 F.4th 136, 154 (2d Cir. 2021) (a court must "'carefully consider'"—even if it does not "defer conclusively to"—the foreign sovereign's "statement on the meaning of [foreign] law" (quoting *Animal Sci. Prods.*, 585 U.S. at 43)). "[T]he appropriate weight in each case will depend upon the circumstances," and a court should consider the following in assessing a statement from the foreign sovereign: its "clarity, thoroughness, and support; its context and purpose; the transparency of the foreign legal system; the role and authority of the entity or official offering the statement; and the statement's consistency with the foreign government's past positions." *Animal Sci. Prods.*, 585 U.S. at 43.

Separately, with respect to the merits of the case, the United States respectfully refers the Court to the Government's views on the legal issues as set forth in the 2020 Statement of Interest. That Statement of Interest and accompanying letter from Elliott Abrams, then-Special Representative for Venezuela at the U.S. Department of State, comprehensively described the United States' important foreign policy and national security interests with respect to Venezuela, alongside its legal and policy interests in preserving stability in the sovereign debt markets, as relevant to the matters at issue. *See* 2020 SOI at 1-3, 7-9.

As set forth in the 2020 Statement of Interest, the parties continue to dispute central questions of Venezuelan law and practice. The United States takes no position on the operation of Venezuelan law in this case or the application of the act of state doctrine. *See* 2020 SOI at 4-7. Additionally, the United States reiterates its substantial interest in avoiding uncertainty in lawful contractual relations and an orderly process for restructuring sovereign debts for which creditors can legitimately expect payment. *See* 2020 SOI at 8-9.

## CONCLUSION

For the foregoing reasons, the United States respectfully (1) advises the Court of its recognition of and support for the 2015 National Assembly as the government of Venezuela; (2) urges the Court to accord respectful consideration to the Republic's views as required by *Animal Science Products*; and (3) takes no position on the legal issues in the parties' pending cross-motions for summary judgment.

Dated: August 29, 2025
      New York, New York

                              Respectfully submitted,

                              JAY CLAYTON
                              United States Attorney
                              Southern District of New York
                              *Attorney for the United States of America*

By:    /s/ Samuel Dolinger
                              SAMUEL DOLINGER
                              ANTHONY J. SUN
                              Assistant United States Attorneys
                              86 Chambers Street, 3rd Floor
                              New York, New York 10007
                              Tel.: (212) 637-2677/2810
                              samuel.dolinger@usdoj.gov
                              anthony.sun@usdoj.gov

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Civil Rule 7.1(c) the undersigned counsel hereby certifies that this memorandum complies with the word-count limitations of this Court's Local Civil Rules. As measured by the word processing system used to prepare it, and excluding the items set forth in the rule, there are 1,023 words in this memorandum.

/s/ Samuel Dolinger
SAMUEL DOLINGER
Assistant United States Attorney

Exhibit A

Case 1:19-cv-10023-KPF Document 391 Filed 08/06/25 Page 2 of 3 PageID #: 54583



**United States Department of State**

*Bureau of Western Hemisphere Affairs*

*Washington, D.C. 20520-6258*

August 29, 2025

Brenna Jenny
Deputy Assistant Attorney General
Civil Division
Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530

Re: *Petróleos de Venezuela, S.A., et al. v. MUFG Union Bank, N.A., et al.*, No. 19 Civ. 10023 (KPF) (S.D.N.Y.)

Dear Ms. Jenny,

    I would be grateful for your assistance in presenting this letter to the U.S. District Court for the Southern District of New York. This letter is submitted in response to the Court's invitation to the United States to express its views in the above-captioned matter, as directed by the Court's orders dated July 17, 2025, and July 28, 2025.

    This correspondence follows a September 16, 2020, letter to the Court submitted by Special Representative Elliott Abrams, which comprehensively articulated several policy considerations. I write to address the U.S. government's recognition posture with respect to Venezuela in light of intervening developments in the country.

    As explained in our letter of September 16, 2020, Nicolás Maduro and his coterie of corrupt associates have ravaged Venezuela's economy, inflicted serious human rights abuses upon innocent citizens, and have exploited and squandered the Venezuelan people's assets, including Petróleos de Venezuela, S.A. (PdVSA). In the years since Special Representative Abrams's letter, the plight of the Venezuelan people has only worsened due to Maduro's cruelty, corruption, and inhuman indifference to the misery of tens of millions of his countrymen.

    On July 28, 2024, over twelve million Venezuelans went to the polls to participate in presidential elections that offered hope for a freer, democratic, and more prosperous Venezuela. Undeterred by disinformation, threats, and violence, these courageous citizens overwhelmingly cast their ballots for opposition candidate Edmundo González Urrutia. But in open defiance of the people's voice, Nicolás Maduro falsely and baselessly declared himself the winner of the election and

1



**United States Department of State**

*Bureau of Western Hemisphere Affairs*

*Washington, D.C. 20520-6258*

unleashed a campaign of terror and repression that Maduro and his associates mistakenly hope will break the will of the Venezuelan people.

Nicolás Maduro's corrupt, criminal, and oppressive conduct has not been constrained by Venezuela's borders. Maduro has cultivated ties with our nation's most committed adversaries, has destabilized neighboring states through the export of narcotics and violence, and has created a refugee crisis that is now the greatest in the history of the Americas. Over twenty percent of Venezuela's population has fled the country, imposing serious burdens on Colombia, Peru, Ecuador, and the United States, among other nations. All of these actions directly threaten our nation's security, prosperity, and foreign policy interests, and the well-being of millions throughout our hemisphere. The United States has accordingly imposed sanctions on Maduro and those enabling his malign conduct under various executive orders dating back to 2015.

Maduro does not speak for the Venezuelan people. As our prior submission to the Court explained, since January 23, 2019, the United States has not recognized Maduro and his associates as the government of Venezuela. The 2015 National Assembly was and remains the only democratically elected public institution in Venezuela. Though the 2015 National Assembly's leadership has changed since we last submitted our views to the Court, the United States recognizes the 2015 National Assembly as the government of Venezuela. As a result, we believe that the views of the 2015 National Assembly on questions of Venezuelan law are entitled to the same respectful consideration owed to any foreign government's statements regarding its own domestic law.

We trust that these views will be of assistance to the Court in its assessment of the issues before it.

Respectfully,

Ambassador Michael G. Kozak
Senior Bureau Official
Bureau of Western Hemisphere Affairs
U.S. Department of State