# EXHIBIT 3

```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF NEW YORK


In re:                                   :
                                                Docket #19cv10023
 PETROLEOS DE VENEZUELA S.A. et al.,     :

                 Plaintiffs,             :

  - against -                            :

 MUFG UNION BANK, N.A., , et al.,        : New York, New York
                                                July 10, 2025
                 Defendants.             :

--------------------------------------- :


                       PROCEEDINGS BEFORE
                 THE HONORABLE KATHERINE FAILLA,
                 UNITED STATES DISTRICT COURT JUDGE

APPEARANCES:

For Plaintiff PDVSA and    PAUL HASTINGS LLP
PDVSA Petroleo:            BY:  KURT HANSSON, ESQ.
                           200 Park Avenue
                           New York, New York 10166

                           PAUL HASTINGS LLP
                           BY:  IGOR TIMOFEYEV, ESQ.
                           2050 M Street, N.W.
                           Washington, D.C.  20036

For Plaintiff PDV Inc.:    WILLKIE FARR & GALLAGHER LLP
                           BY:  MICHAEL GOTTLIEB, ESQ.
                                KRISTIN BENDER, ESQ.
                           1875 K Street N.W.
                           Washington, D.C.  20015


Transcription Service:  Carole Ludwig, *Transcription Services*
                        155 East Fourth Street #3C
                        New York, New York 10009
                        Email:  Transcription420@aol.com

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.
```

APPEARANCES CONTINUED:

| | |
|---|---|
| For Defendants MUSG Union Bank and GLSA: | CLARK SMITH VILLAZOR LLP<br>BY: CHRISTOPHER CLARK, ESQ.<br>ANDREW RODGERS, ESQ.<br>666 Third Avenue, 21st Floor<br>New York, New York 10007 |
| | PAUL WEISS<br>BY: ANDREW ROSENBERG, ESQ.<br>PAUL PATERSON, ESQ.<br>1285 Avenue of the Americas<br>New York, New York 10019 |
| For Sergio and Rudi Lovati: | DUANE MORRIS, LLP<br>BY: ANTHONY COSTANTINI, ESQ.<br>1540 Broadway<br>New York, New York 10036-4086 |

## INDEX

### **E X A M I N A T I O N S**

| **Witness** | **Direct** | **Cross** | **Re-Direct** | **Re-Cross** |
|---|---|---|---|---|
| None | | | | |

### **E X H I B I T S**

| **Exhibit Number** | **Description** | **ID** | **In** | **Voir Dire** |
|---|---|---|---|---|
| None | | | | |

```
 1                     PROCEEDING                        8
 2  September.  My tiral, my crypto trial, it's a criminal
 3  case, will very likely go deep into August, and at that
 4  point I can really focus my intention on on this.  So to
 5  the extent, and I know it isn't, to the extent that
 6  these letters are all just designed to light a fire
 7  under me, you now have a sense of my schedule and why
 8  this has not been able to get a primacy in that
 9  schedule.
10            That may also impact the arguments you wish to
11  raise to me about what to do vis-à-vis the proceedings
12  in Dealware because, again, anything can happen.  I can
13  get, you know, these days we get TRO's on a not
14  irregular basis in distrct court, but it is my intention
15  to have these motions resolved by the end of September.
16            I guess a second question that I have and I
17  suppose I'm interested in folks thoughts on this is I
18  know of Judge Stark, I have met him, but the notion of
19  injunctive relief is very interesting to me because only
20  once in 12 years have I enjoined some other court some
21  other place, and that was a state court.  So I'm not
22  sure if folks are asking me, I think folks are asking me
23  to enjoin what's going on in Delaware, and I'm just not
24  sure that I can.
25            (interposing)
```

```
 1                        PROCEEDING                          9
 2            THE COURT:  Let me speak, thank you so much.
 3   So I certainly will listen to people's thoughts, but it
 4   seems to me the palce to go for injunctive relief is, in
 5   fact, Delaware.  Just before I let folks speak, I am
 6   asked by my deputy to remind you, that which I'm sure
 7   you already know, there is to be no recording and no
 8   rebroadcasting of this particular conference call.  Mr.
 9   Clark, was it you who was about to speak a moment ago?
10            MR. CLARK:  I was, Your Honor.
11            THE COURT:  Go ahead, please, sir.
12            MR. CLARK:  First of all, it was with an
13   awareness of, or an assumption that Your Honor had a
14   docket such as you described that we wanted to have this
15   conference and to try to sort out an orderly timeframe
16   for our application should it need to be made.  But I
17   want to be very clear what the application is intended
18   to entail and not entail because Your Honor's raised an
19   issue which is not at all what we asked Your Honor.  So
20   we're not seeking an ijunction of Judge Stark, we're not
21   seeking an injunction of the special master, we're not
22   seeking an injunction of the process in Delaware.  We're
23   not seeking an injunction of the gold reserve bid that
24   we've laid out in our letters or even the sale of PDVH
25   pursuant to that process.
```

```
 1                      PROCEEDING                        10
 2              All we would ask the Court, after Judge Stark
 3   approves an order, and part of this reason for this
 4   conference now, Your Honor, is because we don't want to
 5   drop a TRO on this Court.  We know the Court has a lot
 6   of demands on its time, and we wanted to try to work out
 7   an orderly schedule with everybody.  After Judge Stark
 8   issues his order, we would seek a preliminary injunction
 9   prohibiting plaintiff PDVH in this case and those acting
10   in concert with it, pursuant to Rule 65(d)(2)(C), from
11   ivolating the pledge agreement.  That's what we're
12   asking for.  Judge Stark can go, and, Your Honor, I
13   think Judge Stark understands that because, as we quoted
14   to Your Honor in our second letter at page 3, he said,
15   quote, "The 2020's are not in my litigation.  The 2020's
16   are not judgment creditors.  They have whatever rights
17   they have, they are litigating them in another court."
18              I was astonished to see this morning, and I did
19   have time to read their letter, that the later quote
20   that Judge Stark uttered wherein he said, "And if the
21   2020 (indiscernible) try to get an injunction from me or
22   from the Southern District or some other court, that may
23   be a litigation that has to happen."  Somewhat
24   incredibly, the letter from Willkie Farr deleted Jduge
25   Stark's specific reference to us obtaining an injunction
```

```
 1                    PROCEEDING                         11
 2   from the Southern District which I can't imagine was
 3   unintentional but it's important.  Because Your Honor's
 4   right, I believe, but we're never going to get there.
 5            We don't want you to interfere with Judge
 6   Stark's process.  We don't want you to interfere with
 7   Jduge Stark.  We don't want you to interfere with the
 8   special master.  We don't want you to interfere with the
 9   sale.  All we want is the issue not be decided at the
10   time of his order.  The Court should reserve our rights
11   under the pledge agreement which has been in front of
12   this Court for six years and about which Judge Stark
13   knows nothing and disclaims any interest in in
14   (indiscernible) in those quotes.  So I appreciate Your
15   Honor's question because it's a very godo one, but it's
16   also a very important one.
17            We're here for a pre-motion conference.  The
18   idea is that we brought it up at this juncture so Your
19   Honor could adequately plan for the relief we're going
20   to seek.  We believe it would be totally inappropriate
21   and wasteful to ask Judge Stark about whom the pledge
22   agreement has been a stranger to his action to opine on
23   our rights under the pledge agreement or at least
24   preserve our rights under the pledge agreement when that
25   very issue is before Your Honor, and, again, yu've
```

```
 1                       PROCEEDING                      12
 2  summarized very well the procedural machinations that
 3  have gone on thus far.  You previously found it was
 4  valid.
 5            So I just want it to be incredibly clear that
 6  that is the relief we're seeking, and what I've asked
 7  Your Honor is to set a schedule that allows Judge Stark
 8  to rule, we don't want you to stop him from ruling, that
 9  allows us to see how he rules, and if the deal that's
10  approved is going to have parties violating our pledge
11  agreement to allow us at that time to move in this
12  court, to preserve your ability to grant relief
13  (indiscernible).
14            So, respectfully, Your Honor, I disagree that
15  Delaware might be the right place because we're not
16  trying to enjoin the process.  All we're trying to do is
17  protect our rights under the pledge agreement which is
18  before Your Honor.  And I think the quotes we've shown
19  you in our letter and I think the violence that Willkie
20  Farr did to the quote in their letter to you shows
21  everybody knows Judge Start thinks it should be done
22  here.
23            Your Honor has pointed out that you've had an
24  opportunity to review the brief that came in this
25  morning, the Willkie Farr letter, and there are a couple
```