womblebonddickinson.com



Womble Bond Dickinson (US) LLP

1313 North Market Street
Suite 1200
Wilmington, DE 19801

t:  302.252.4320
f:  302.252.4330

September 8, 2025

The Honorable Leonard P. Stark
United States District Court
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, Delaware 19801

Kevin J. Mangan
Partner
Direct Dial: 302-252-4361
Direct Fax: 302-661-7729
E-mail: Kevin.Mangan@wbd-us.com

Re:   *Crystallex International Corp. v. Bolivarian Republic of Venezuela,* Case No. 17-mc-151

Dear Judge Stark,

On behalf of our client, Gold Reserve, we respectfully request that the Court enter an order compelling the 2020 Bondholders to appear for a deposition in advance of the September 15, 2025 Sale Hearing.

Gold Reserve served Requests for Production on the 2020 Bondholders on September 2, attached as **Exhibit A**.[1] That same morning, Gold Reserve emailed counsel for the 2020 Bondholders requesting the identity of the 2020 Bondholders entities that executed the Transaction Support Agreement ("TSA") upon which the recommended Amber Energy Bid is based. After receiving no response, on September 3, Gold Reserve served a 30(b)(6) Notice of Deposition on the 2020 Bondholders noticing a deposition for Monday, September 8 at the offices of their counsel, Paul Weiss, in New York, *see* **Exhibit B**.[2] On September 5, at 5:00 pm, after follow-up emails from counsel for Gold Reserve, the 2020 Bondholders replied with a letter refusing to produce any documents or a witness for the deposition. *See* **Exhibit D**.[3]

---

[1] Gold Reserve's requests are timely. The Special Master filed his Updated Final Recommendation on Friday, August 29. CITGO/PDVH served document requests on August 30. Amber Energy served document requests on September 3.

[2] September 3 was the Court-ordered deadline for noticing depositions. On September 3, circa 13 notices were served for depositions on September 4, 8 and 9. Amber Energy and the Venezuela Parties also noticed 30(b)(6) depositions of the 2020 Bondholders on the same date/time and location as Gold Reserve, *see* attached as **Exhibit C**.

[3] The 2020 Bondholders stated therein the following basis for refusing to appear for a deposition:

> *Finally, the Deposition Notices are improper because, consistent with the discovery limitations imposed by the Court, the Court has only permitted depositions of "[a]ny declarant or hearing witness." D.I. 1517 at 8. The Court recently reinforced this restriction by ordering that "[a]ny party or interested entity that wishes to call a witness at the Sale Hearing who has not*

Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/us/legal-notice for further details.

Gold Reserve met-and-conferred with counsel for the 2020 Bondholders earlier today – September 8 – but counsel for the 2020 Bondholders maintained its refusal to produce a witness for deposition absent Gold Reserve filing the present motion to compel.

Gold Reserve requires testimony from the 2020 Bondholders because they are the contractual counter-parties to the single most critical component of the Special Master's Updated Final Recommendation – the TSA.  Discovery regarding the TSA therefore falls squarely within the limited scope of discovery permitted by the Court. Despite this, there is not even at present a signed copy of the TSA in the record. As a result, Gold Reserve does not know the identities of the parties to this "proposed settlement,"[4] what percentage of the 2020 bonds they allegedly hold, how this "*proposed* settlement" would in fact be executed, the value of the 2020 Bonds, the stay of the SDNY litigation upon which the TSA is premised, and, perhaps most importantly, whether the TSA's terms actually provide any of the supposed certainty of closing upon which the Updated Final Recommendation is based.

As set forth in the objections filed by Gold Reserve and other parties to the Updated Final Recommendation, these are heavily disputed issues.  (D.I. 2183 at 6-15: Gold Reserve identifying reasons why the TSA provides no certainty and is the proverbial "Swiss cheese contract"); (D.I. 2182-1 at 10, 12-13, n. 12, n. 13: Venezuela Parties identifying TSA-based objections).  As such, Gold Reserve needs discovery from not just one party to the TSA (Amber Energy, which discovery is ongoing, with Amber Energy set to be deposed tomorrow, September 9) but also from the other party to the purported agreement – the 2020 Bondholders.

The 2020 Bondholders' arguments for refusing to appear for a deposition have no merit.  <u>First,</u> no party "has purported to identify a 2020 Bondholder as a hearing witness" because the 2020 Bondholders have refused to identify any witness that could be called. Gold Reserve needs to introduce evidence at the Sale Hearing regarding the 2020 Bondholders' position vis-à-vis the TSA.  This can be done via deposition excerpts since the 2020 Bondholders are not calling a witness at the hearing.

<u>Second</u>, the 2020 Bondholders are not a third-party that has no involvement in this litigation. They have participated in it extensively, including in pre-hearing discovery since October 2024, *see*, *e.g.*, D.I. 1469, 1553, 1558, 1566, 1568, 1677, 1693, 1699, 1825, 1848, and filing Objections to the Special Master's Final Recommendation of the Dalinar Energy Bid. D.I. 1943, 2033.

<u>Third</u>, the fact that Gold Reserve objected to the 2020 Bondholders' discovery requests in July 2025 is irrelevant.  At that time, the 2020 Bondholders were not a Competing Objector and their discovery requests were otherwise improper.  Now, the 2020 Bondholders have put themselves front-and-center

---

*previously been deposed shall make that witness available for a deposition prior to the close of discovery." D.I. 2110 ¶ 4 (emphasis added). The 2020 Bondholders have not identified a corporate representative (or, indeed, any witness) to testify at the hearing, and no other party has purported to identify a 2020 Bondholder as a hearing witness, so no such witness can be deposed.*

[4] Counsel for the 2020 Bondholders referred to the TSA as a "proposed settlement" in a recent letter submitted to Judge Failla in which they imply that she should slow down her ruling on the invalidity of the 2020 Bonds. *See* **Exhibit E**.  This is part of the 2020 Bondholders' improper strategy to displace the Dalinar Energy Bid on the basis of the supposed "litigation risk" presented by their purported Pledge yet, at the same time, prevent Judge Failla from ever ruling on the invalidity of the Pledge.

in the Sale Process via the TSA. In any event, Gold Reserve did not object to the 2020 Bondholders participating in the deposition of Gold Reserve's designated deponent, Mr. Paul Rivett – they simply chose not to.

In terms of timing, Gold Reserve requests that the Court compel the 2020 Bondholders to produce a witness(es) for deposition on September 10, 11, or 12, to answer questions on the topics identified in Gold Reserve's 30(b)(6) notice of deposition. Holding this deposition tomorrow (September 9) unfortunately will not work because there are already four depositions scheduled then. And, while September 10, 11 and 12 is slightly beyond the September 9 discovery cut-off date, taking the deposition on these dates will not unduly prejudice any party, particularly given that depositions previously occurred by agreement of the parties past the prior discovery cut-off.

    Respectfully submitted,

    **Womble Bond Dickinson (US) LLP**

    */s/ Kevin J. Mangan*
    Kevin J. Mangan

    Matthew H. Kirtland (admitted *pro hac vice*)
    **Norton Rose Fulbright US LLP**
    799 9th Street NW, Suite 1000
    Washington, DC 20001
    Telephone: 202-662-0200
    matthew.kirtland@nortonrosefulbright.com

cc: Counsel of Record (via ECF)