# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

(302) 658-9200
(302) 658-3989 FAX

ALEXANDRA M. CUMINGS
(302) 351-9248
acumings@morrisnichols.com

September 8, 2025

**VIA E-FILE**

The Honorable Leonard P. Stark
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, D.C. 20439

      Re:    *Crystallex International Corp. v. Bolivarian Republic of Venezuela*,
              D. Del. No. 1:17-mc-00151-LPS

Dear Judge Stark:

      This is an urgent request by the Bolivarian Republic of Venezuela, Petróleos de Venezuela, S.A., PDV Holding, Inc., and CITGO Petroleum Corporation (together, the "Venezuela Parties") arising from the PDVSA 2020 Bondholders' refusal to participate in the Court-ordered discovery process, notwithstanding the fact that they are central parties to the Special Master's Final Recommended Bid (also known as the "Amber Bid"). Given that there is one week left prior to the Final Sale Hearing, the Venezuela Parties submit this letter motion to compel the 2020 Bondholders to sit for a deposition on September 10, 11, or 12, 2025.[1]

      **I.**    **Background**

      On September 3, 2025, pursuant to the Court's scheduling order, D.I. 2110, and Rule 30(b)(6) of the Federal Rules of Civil Procedure, the Venezuela Parties noticed a deposition of the 2020 Bondholders for Monday, September 8, 2025. Ex. 1. That notice laid out 12 topics, all directly related to the 2020 Bondholders' involvement with the Amber Bid through the Transaction Support Agreement ("TSA") and the 2020 Bondholders' threats to disrupt these proceedings if a final bid did not include a settlement of their alleged claims. *Id*. at 5–6. Questions on these topics are integral for assessing the Special Master's Final Recommendation, which switched to a bid with significantly lower consideration *solely* based on the Special Master's belief that the 2020 Bondholder's commitments in the TSA increased closing certainty. D.I. 2123, ¶19 ("Fundamentally, the Special Master believes this Recommendation of the Amber Sale Transaction secures a one-way option for the benefit of the sale process that protects against a

---

[1] The Venezuela Parties met and conferred with the 2020 Bondholders on September 8, 2025, but were unable to resolve the objections laid out herein.

The Honorable Leonard P. Stark
September 8, 2025
Page 2

significant downside of the PDVSA 2020 Bondholders' potentially frustrating Dalinar's bid if the PDVSA 2020 Bonds were valid, while creating the possibility of a scenario in which additional value could become available to Additional Judgment Creditors in the event the PDVSA Bonds are found to be invalid.").

On Friday, September 5, 2025, at 5pm EST, counsel for the 2020 Bondholders sent a response letter noting that "the 2020 Bondholders do not intend to produce a witness or documents[.]" Ex. 2 at 1. In their response, the 2020 Bondholders objected on four grounds that are relevant to the Venezuela Parties' deposition notice. None of these objections withstand scrutiny.

**II.   Argument**

**First**, the 2020 Bondholders object that the noticed deposition topics are inconsistent with this Court's discovery orders, in that they are overly broad. Ex. 2 at 1–2. This is incorrect. This Court has ordered discovery to move forward on issues directly relating to "the Special Master's Final Recommendation" of the Amber Bid. D.I. 2110. As stated *supra*, the Special Master's Final Recommendation depends entirely on the involvement of the 2020 Bondholders and crediting their threats to disrupt closing if another bid is chosen. D.I. 2123, ¶19. Each and every topic noticed by the Venezuela Parties' is, on its face, strictly limited to information needed in order to understand the Amber Bid and whether the Special Master's valuation of "closing certainty" can be justified. This includes information on the TSA itself (Topic 1); identification of the participants in the TSA (Topics 2–4); the value of the commitments provided in the TSA (Topic 5); potential conflicts of interest between the 2020 Bondholders, the recommended bidder, and the Sale Process Parties (Topics 6–7); the negotiations leading to the terms of the TSA (Topics 8–10); and the 2020 Bondholders' communications with relevant third parties, including the Office of Foreign Assets Control (which is needed in order to license the Amber Bid and any effort by the Bondholders to halt the closing of other bids) and the non-participating bondholders (who may continue to press claims against PDVSA even after the Amber Bid). There can be no credible argument that any of the topics are outside the scope of the Court's order.

**Second**, the 2020 Bondholders argue that any deposition will be "needlessly duplicative and burdensome," in that all needed information can be taken from other parties, including Amber and the Special Master, or from past depositions of Red Tree's witness, Mr. Xiao Song, during the prior discovery period. Ex. 2 at 2–3. This is nonsensical. Again, the Special Master's Final Recommendation is premised on the 2020 Bondholders' commitments in the TSA and their threats to disrupt these proceedings. The Venezuela Parties need to understand who the 2020 Bondholders are exactly, how they relate to other participating parties, how they view the commitments in the Amber Bid, and what they plan to do in the event a bid does not include them. These topics could not be fully addressed by Amber or the Special Master. What is more, the July 29th individual deposition of Mr. Song was done prior to the Special Master's changed recommendation and, by definition, could not cover issues related to his Final Recommendation submitted on August 29,

2025.  And although Mr. Song is an employee at one of the 2020 Bondholders (Contrarian), he in no way speaks for the group of 2020 Bondholders that participated in the TSA.[2]

**Third**, the 2020 Bondholders argue that "Court's scheduling order does not contemplate any discovery from the 2020 Bondholders" because they are not "the party (or parties) whose bid is selected as the Final Recommendation," or a "Competing Objector." Ex. 2 at 4–5.  The Venezuela Parties do not believe the Court's scheduling orders are so limited—in fact, the scheduling order expressly contemplates deposing any witnesses from "interested parties," which need not be a bidder or objector.  D.I. 2110 ¶ 4.  But more importantly, there is no question that the 2020 Bondholders are a party to the Amber Bid, in that the Amber Bid materials expressly include, and the Special Master's recommendation is predicated on, the TSA.

Finally**, fourth,** the 2020 Bondholders argue that *depositions* in this process are limited to "[a]ny declarant or hearing witness." Ex. 2 at 4–5.  Again, the Venezuela Parties do not believe discovery is so limited.  But even if it were, there is little doubt that the Court may want to hear from the 2020 Bondholders at the hearing and that they will attend and speak (as they have in past hearings).  What is more, the Venezuela Parties (or other participants) *may* seek leave to call the 2020 Bondholders at the hearing, but that decision depends on exactly what they testify about at a deposition.  Relatedly, the 2020 Bondholders appear to reserve the right to participate as a witness in the upcoming hearing, *id.* at 5 (noting that the 2020 Bondholders have not been named as a witness, but stopping short of declaring they would not participate).  Given the condensed timeline, the Venezuela Parties cannot be expected to depose a witness if they announce their participation at a later date (or even at the hearing itself).

Overall, the 2020 Bondholders have inserted themselves into the Sale Process and fundamentally altered the Special Master's Final Recommendation.  They should not now be allowed to refuse to answer questions on the record.  As a result, the Venezuela Parties seek to compel the 2020 Bondholders to sit for a deposition on September 10, 11, or 12, 2025, at a location of their choosing.

Respectfully,

*/s/ Alexandra Cumings*

Alexandra Cumings (#6146)

cc:  All Counsel of Record

---

[2] In fact, Mr. Song repeatedly testified at his deposition that because of his role with Red Tree, he recused himself from 2020 Bondholder negotiations and consideration of prior TSAs.