# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

———

(302) 658-9200
(302) 658-3989 FAX

Alexandra M. Cumings
(302) 351-9248
acumings@morrisnichols.com

*VIA E-FILE*
The Honorable Leonard P. Stark
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, D.C. 20439

      Re:   *Crystallex International Corp. v. Bolivarian Republic of Venezuela*,
              D. Del. No. 1:17-mc-00151-LPS

Dear Judge Stark:

      We write on behalf of the Bolivarian Republic of Venezuela, Petróleos de Venezuela, S.A., PDV Holding, Inc., and CITGO Petroleum Corporation (together, the "Venezuela Parties") in reply to the PDVSA 2020 Bondholders' letter response filed at noon on September 9, 2025, D.I. 2199. Much of the 2020 Bondholders' response simply reiterates the objections raised in their initial refusal to sit for a deposition, D.I. 2196-2, and are dealt with directly in the Venezuela Parties' motion, D.I. 2196. The Venezuela Parties submit this brief reply to address seemingly new arguments that the 2020 Bondholders raised—none of which stand up to scrutiny.

      As an initial matter, though, it is worth taking a step back to look at the absurdity of the 2020 Bondholders' position. Their participation in the Amber Bid is *the sole reason* the Special Master revised his recommendation and chose a new bid with nearly $2 billion less in consideration, relative to the Dalinar bid. D.I. 2196 at 2. It is also plain from the record that the 2020 Bondholders seek, through the Amber Bid, over $2 billion in payments that would otherwise go to creditors with actual judgements before this Court. Certainly the Court will benefit from testimony from the 2020 Bondholders as it assesses closing certainty. It is difficult to understand—to put it lightly—how the 2020 Bondholders can now argue that they are somehow irrelevant to the process, that their testimony is not within the scope of the ordered discovery, or that asking them questions on the record is "in no way necessary." D.I. 2199.

      Their specific objections do not help in that understanding. **First**, the 2020 Bondholders now claim that the TSA cannot be the subject of a deposition because it is a document that speaks for itself. *Id*. at 1–2. As a factual matter, this is incorrect on the face of the document. Numerous terms and provisions that are integral to determining whether the TSA improves closing certainty are undefined and ambiguous. As just one example, the 2020 Bondholders are required to take all "commercially reasonable efforts" to attempt to stay the decision in the Southern District of New York, but that term is undefined. The Venezuela Parties are entitled to understand if the 2020

The Honorable Leonard P. Stark
September 9, 2025
Page 2

Bondholders plan to take additional efforts to stay that litigation, especially given that the Special Master's Final Recommendation is based in part on learning the outcome there.[1] D.I. 2123 at 12. What is more, as a legal matter, the Venezuela Parties are unaware of any rule or caselaw—and the 2020 Bondholders provide none—that would allow a party to quash a deposition simply because that party believes the contract at issue is clear on its face.

Similarly, **second**, the 2020 Bondholders now argue that deposition questions related to their claims in the Southern District of New York can be answered by reviewing the docket of that matter. This, too, cannot be correct. This Court must determine if diverting over $2 billion dollars from the creditors before it is justified to address the 2020 Bondholders' claims at issue in, and their threats to seek an injunction in, that litigation. The Venezuela Parties are entitled to understand why (or even if) the 2020 Bondholders believe, as a commercial matter, that such a diversion is truly justified and whether that comports with the Special Master's reasoning, and there is nothing currently on the docket in the Southern District of New York that would allow them to do so. Any issues of privilege can be addressed at the deposition itself.

**Third**, the 2020 Bondholders refer to questions regarding potential conflicts of interest between them and the Special Master as a "fishing expedition" that is somehow both "baseless" and too burdensome. If there is no such relationship, there should be minimal burden. If such a relationship exists, then the Venezuela Parties are entitled to ask questions to determine whether it has affected the Final Recommendation. Their inability to prepare for such questions is also not a reason to refuse to answer at all.

Finally, the remainder of the 2020 Bondholders' letter-response simply reiterates the arguments raised in their objection letter and that are delt with in the Venezuela Parties' motion. *Compare* D.I. 2199 at 2-3, with D.I. 2196. The Venezuela Parties briefly note, however, that it cannot be the case that the 2020 Bondholders can simultaneously refuse to identify any specific individual of the group they purport to represent, and then declare that they cannot be made to answer questions on the record because no one else has named an individual 2020 Bondholder as a witness. *See* D.I. 2199 at 3. Similarly, the 2020 Bondholders' argument that they are the equivalent of a "financing part[y]" to a bidder, *id.*, and should not be seen as a party to the Amber Bid, ignores the fact that they are being paid using funds that would otherwise go to creditors before this Court, that the TSA is an express provision of the Amber Bid, and their threatened injunction of this Sale Process is the sole reason the Special Master appears to be willing to accept a bid that is roughly $2 billion less than the next competing bid. This is simply not the equivalent of a bank providing financing.

Accordingly, the Venezuela respectfully request that the Court grant their request to compel the 2020 Bondholders to produce a witness for a 30(b)(6) deposition.

---

[1] The District Court in New York today confirmed that its decision regarding the validity of the 2020 Bonds will be published before the end of September notwithstanding the Bondholders' repeated efforts to avoid the same.

The Honorable Leonard P. Stark
September 9, 2025
Page 3

                    Respectfully,

                    */s/ Alexandra Cumings*

                    Alexandra Cumings (#6146)

cc: All Counsel of Record