womblebonddickinson.com



WOMBLE
BOND
DICKINSON

Womble Bond Dickinson (US) LLP

September 9, 2025

The Honorable Leonard P. Stark
United States District Court
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, Delaware 19801

1313 North Market Street
Suite 1200
Wilmington, DE 19801

t:   302.252.4320
f:   302.252.4330

**Re:**    *Crystallex International Corp. v. Bolivarian Republic of Venezuela,* **Case No. 17-mc-151**

Kevin J. Mangan
Partner
Direct Dial: 302-252-4361
Direct Fax: 302-661-7729
E-mail: Kevin.Mangan@wbd-us.com

Dear Judge Stark,

The response to the ad hoc group of holders of a majority of PDVSA 2020 Bonds (the "2020 Bondholders") fails to raise any legitimate defense to Gold Reserve's request to compel their deposition. Instead, it relies on a series of misrepresentations and red herrings. The fundamental point is that the 2020 Bondholders are signatories to a purported settlement agreement (the "TSA") that is the central component of the Special Master's Updated Final Recommendation and about which Gold Reserve is entitled to take discovery. Their outright refusal to submit to a deposition is improper.

The 2020 Bondholders attempt to distract the Court with arguments about old responses to discovery. They have not served any discovery on Gold Reserve regarding the Updated Final Recommendation and, indeed, Gold Reserve's representative is sitting today for his second deposition. To the extent the 2020 Bondholders wished to raise a dispute with the Court regarding Gold Reserve's discovery responses when Gold Reserve was the Recommended Bidder, the 2020 Bondholders had an opportunity to do so. That time has long since passed.

Gold Reserve's noticed deposition falls squarely within the limitations imposed by the Court. The TSA was disclosed for the first time on Friday, August 29 and this is the first opportunity Gold Reserve has had to take any discovery about the purported settlement agreement. Further, it is a fundamental misrepresentation that the TSA "speaks for itself[.]" As a starting point, the TSA does not identify who the Consenting 2020 Bondholders are and no signature pages have been provided.[1] Gold Reserve also must be permitted to question a 2020 Bondholder witness on the topics stated in its letter request, including "what percentage of the 2020 bonds they allegedly hold, how this 'proposed settlement' would in fact be executed, the value of the 2020 Bonds, the stay of the SDNY litigation upon which the TSA is premised, and, perhaps most importantly, whether the TSA's terms actually provide any of the supposed certainty of closing upon which the Updated Final Recommendation is based." (D.I.

---

[1] At the end of their response, the 2020 Bondholders state they will produce a list of the institutions that are part of the 2020 Bondholder group. This is necessary but insufficient, and ultimately irrelevant to Gold Reserve's request for a deposition. Gold Reserve has the right to question a witness on the list, which it has not yet seen, and other documents.

Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/us/legal-notice for further details.

2194 at 2; *see also* D.I. 2183 (raising several points of dispute regarding the TSA)). As to the remainder of the 2020 Bondholders' numbered arguments, Gold Reserve responds as follows.

First, the requested discovery is not duplicative. Mr. Song was previously deposed in his individual capacity, not as a representative of the 2020 Bondholders. His cited deposition testimony is about Red Tree/Contrarian's negotiation of the Red Tree/Contrarian TSA. Mr. Song testified that Red Tree/Contrarian recused themselves "from discussion or from our role as part of the ad hoc committee."[2] If the 2020 Bondholders now claim that he represents them, then he must be made available for a full deposition on behalf of the *ad hoc* committee regarding negotiation of the Amber Energy Inc./Elliott Investment Management, L.P. ("Amber/Elliott") purported settlement agreement. Further, this discovery is not available from Amber/Elliott as they have refused to provide information about the 2020 Bondholders on the basis that such requests "seek[] information that is not known or reasonably available to them and, instead, relate[] to third parties."[3] *See* **Exhibit G**.

Second, it would be fundamentally unjust to deny Gold Reserve the opportunity to depose the counter-party to a purported settlement agreement that is the single-most critical component of the updated Final Recommended Bid. The 2020 Bondholders have no response to their extensive participation in this litigation since October 2024, including discovery. They are not some outside third-party, but have enthusiastically inserted themselves into these proceedings. To be sure, their tactic is clear: they were happy to take discovery and offer a witness at the Sale Hearing when they were not part of the Recommended Bid, but now they are part of the Updated Recommended Bid, they refuse wholesale to participate. To be sure, discovery is not limited to "hearing declarants" or "witnesses" and the "Recommeded Bidder" and "Competing Objectors". (*See* D.I. 2199 citing D.I. 1809 at 2, n.2; D.I. 1517 at 8). Rather, "[a]ny party may obtain limited discovery that is relevant to whether the Court should approve the bid the Special Master recommends to the Court as his Final Recommendation and is proportional to the needs of the case" (D.I. 1517 at 8). Lastly, the 2020 Bondholders are ***not*** equivalent to financing parties. Financing parties have not argued at hearings, sought to take discovery, nor are attempting to use this litigation to stay another action.[4] *See* **Exhibit E**.

Third, at the meet-and-confer, the 2020 Bondholders' counsel stood on their objections and refused to produce a witness. Gold Reserve was entirely right to seek to compel attendance. Further, Gold Reserve initiated discussions on September 2 and served its deposition notice on September 3 (the deadline for such service) for a deposition on September 8—providing as much notice as possible given the expedited schedule. Regardless, now, the 2020 Bondholders will have had even more time to prepare. There is still time before the Sale Hearing to depose the 2020 Bondholders and Gold Reserve requests that the Court order such deposition take place in a timely manner.

---

[2] Gold Reserve includes the cited excerpts here for the Court's reference at **Exhibit F**.

[3] Notably, Gold Reserve met-and-conferred with counsel for Amber/Elliott twice yesterday, September 8, regarding the Gold Reserve's Requests for Production and Deposition to Amber/Elliott. Counsel did not state it would refuse to produce a witness on the designated 30(b)(6) topics; in fact, they represented on September 6 that their fact witness, Mr. Turkel, "can cover the topics in your notice." Then, at 10:26 pm yesterday, September 8, the evening before the deposition, they served the attached Responses and Objections refusing to produce a witness as to several deposition topics. Gold Reserve reserves the right to request relief in this regard from the Court and, if needed, will do so as expeditiously as possible.

[4] Gold Reserve notes that it has not sought any discovery of financing parties but that the 2020 Bondholders did seek such discovery of Gold Reserve (""All Communications with any actual or potential financing parties Concerning the 2020 Bonds. . ."), so their argument is logically unsound.

Respectfully submitted,

**Womble Bond Dickinson (US) LLP**

*/s/ Kevin J. Mangan*
Kevin J. Mangan

Matthew H. Kirtland (admitted *pro hac vice*)
**Norton Rose Fulbright US LLP**
799 9th Street NW, Suite 1000
Washington, DC 20001
Telephone: 202-662-0200
matthew.kirtland@nortonrosefulbright.com

cc: Counsel of Record (via ECF)