IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION<br><br>               Plaintiff,<br><br>   v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>               Defendant. | C.A. No. 1:17-mc-00151-LPS |

**VALORES MUNDIALES, S.L. AND CONSORCIO ANDINO, S.L.'S JOINDER TO GOLD RESERVE'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE SPECIAL MASTER'S NOTICE OF SUPERIOR PROPOSAL**

Valores Mundiales, S.L. and Consorcio Andino, S.L. (together, "Valores") hereby join Gold Reserve's Reply in Support of Its Motion to Strike the Special Master's Notice of Superior Proposal of today's date (D.I. 2239) (the "Reply").

The purpose of the Sale Process is to satisfy the judgments of Crystallex and any other Attached Judgment Creditor added to the Sale Process by the Court. *See* Sale Procedures Order (D.I. 481). The procedures and requirements established by the Court for this Sale Process — including the Overbid Minimum and Non-Solicitation bidder protections — have resulted from extensive litigation among all parties and are integral to the objective of securing a value-maximizing sale that satisfies as many Attached Judgments as possible.

Whether the Dalinar SPA is binding or not is a red herring. The Special Master agreed to respect the Non-Solicitation provisions in furtherance of the objective of a value-maximizing sale (D.I. 1373 at 3), and the Court specifically ordered that a Superior Proposal must be consistent with the Non-Solicitation provisions of the SPA (D.I. 1554 at 22).

1

As the Reply shows, the Special Master's unilateral elimination of the Court-ordered Overbid Minimum has fundamentally undermined this core objective.  The proof is in the pudding: a bid that delivers $2 *billion less* in value to the judgment creditors before this Court has no place at this stage of the Sale Process.  The Dalinar Improved Bid of $7.9 billion is the only bid subsequent to the Special Master's Final Recommendation that offers additional value by satisfying more Attached Judgments.

Valores thus joins in Gold Reserve's request that the Special Master's determination that the Elliott/Amber Energy bid is a "Superior Proposal" be struck and that the Dalinar Improved Bid be adopted.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: September 11, 2025 | AKERMAN LLP |
| *Of Counsel*: |  |
| Miguel López Forastier (admitted *pro hac vice*) | /s/ *Brian R. Lemon* |
| Mark D. Herman (admitted *pro hac vice*) | Andrew S. Dupre (# 4621) |
| José E. Arvelo (admitted *pro hac vice*) | Brian R. Lemon (# 4730) |
| Amanda Tuninetti (admitted *pro hac vice*) | 222 Delaware Avenue, St. 1710 |
| COVINGTON & BURLING LLP | Wilmington, DE 19801 |
| One City Center | (302) 596-9200 |
| 850 Tenth Street, N.W. | Andrew.dupre@akerman.com |
| Washington, D.C. 20001 | Brian.lemon@akerman.com |
| Tel: 202-662-5185 |  |
| mlopezforastier@cov.com | *Attorneys for Plaintiffs Valores Mundiales,* |
| mherman@cov.com | *S.L. and Consorcio Andino, S.L.* |
| jarvelo@cov.com |  |
| atuninetti@cov.com |  |