## quinn emanuel trial lawyers | wilmington

500 Delaware Avenue, Suite 220, Wilmington, Delaware 19801 | TEL (302) 302-4000 FAX (302) 302-4010

WRITER'S DIRECT DIAL NO.
**(302) 302-4030**

WRITER'S EMAIL ADDRESS
**michaelbarlow@quinnemanuel.com**

September 12, 2025

VIA CM/ECF

The Honorable Leonard P. Stark
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, Delaware 19801-3570

Re:   *Crystallex International Corp. v. Bolivarian Republic of Venezuela*,
      No. 1:17-mc-00151-LPS

Dear Judge Stark:

We write on behalf of Amber Energy Inc. ("Amber") regarding Gold Reserve Ltd.'s ("Gold Reserve") production of three redacted agreements after 12 PM ET yesterday in response to the Court's order at Wednesday's hearing on Amber's motion to compel. D.I. 2208; *see* Exhibits A–C (filed under seal). Gold Reserve, Amber, and counsel for the Special Master met and conferred via Zoom with Delaware counsel, but reached an impasse on the issues raised in this letter. The Special Master supports this request.

Gold Reserve designated the agreements "Highly Confidential," meaning undersigned counsel cannot share them with Amber or its in-house counsel, among others, or effectively use them in Court. Having reviewed the agreements, however, none includes any information constituting "Highly Confidential" information under the protective order. *See* D.I. 1555-1 ¶ 4(b). The agreements are no more commercially sensitive than those that Amber disclosed and that were publicly docketed in connection with its recent bid. *See* D.I. 2123-1. Indeed, when, during the conferral, counsel for Amber asked counsel for Gold Reserve if it could identify a single provision in any of the agreements that in fact was "Highly Confidential," counsel responded that the *entirety* of the agreements merited such treatment. That conclusory claim hardly satisfies Gold Reserve's burden to establish why these agreements supposedly are top secret and merit a "Highly Confidential" designation. D.I. 1555-1 ¶ 22 ("In connection with any request for relief concerning the propriety of a 'Confidential' or 'Highly Confidential' designation, the Producing Party shall bear the burden of proof.").

quinn emanuel urquhart & sullivan, llp
ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

The Honorable Leonard P. Stark
September 12, 2025
Page 2

Gold Reserve's "Highly Confidential" designation is a blocking tactic to prevent the parties from meaningfully using these documents. Amber has a substantial need to use the agreements in preparation for and at the sale hearing without the onerous restriction of a "Highly Confidential" designation, and intends to reference them in Court and examine witnesses regarding their contents. The other parties to this sale process also should be provided the agreements, subject to a "Confidential" designation, to ensure all participants at the hearing have the same access the same information that will bear on the Court's decision. Moreover, the "Confidential" designation still means that the documents will not be publicly filed and will only be available to parties that have signed the protective order relating to discovery; no bidders other than Red Tree, Gold Reserve, and Amber have access to discovery materials. Gold Reserve, however, refused to lower the designation to "Confidential," which would provide more than enough protection here, forcing this motion.[1]

\*     \*     \*

For the reasons above, Amber respectfully requests that the Court order the agreements to be designated "Confidential" only, and permit them to be shared with the other sale process participants per the terms of the protective order, by 5 PM ET today.

Respectfully submitted,

 */s/ Michael A. Barlow*

Michael A. Barlow (#3928)

cc:     All Counsel of Record (via CM/ECF)

---

[1] The agreements also contained multiple, improper redactions of material terms, even though the Court at the hearing did not permit Gold Reserve to apply any redactions to the agreements, let alone redactions that obscure some of their most critical provisions. After Amber raised this issue, Gold Reserve belatedly produced the agreements without those redactions after 11 PM ET last night. It also took Gold Reserve until that time to provide the basic confirmation that no other responsive agreements existed that the Court ordered produced.