

**Womble Bond Dickinson (US) LLP**

1313 North Market Street
Suite 1200
Wilmington, DE 19801

t: 302.252.4320
f: 302.252.4330

September 13, 2025

The Honorable Leonard P. Stark
United States District Court
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, Delaware 19801

Kevin J. Mangan
Partner
Direct Dial: 302-252-4361
Direct Fax: 302-661-7729
E-mail: Kevin.Mangan@wbd-us.com

**Re:** *Crystallex International Corp. v. Bolivarian Republic of Venezuela,* **Case No. 17-mc-151**

Dear Judge Stark,

This is an emergency request by Gold Reserve to postpone the Sale Hearing because of the new information (the "New Information") disclosed yesterday at 5 pm ET by the Special Master's advisors – the law firm of Weil, Gotshal & Manges LLP ("Weil") and investment banking firm Evercore, Inc. ("Evercore").

The New Information shows that Weil and Evercore each have a material conflict of interest that requires, at minimum, further disclosure and explanation, and at maximum, recusal and/or disqualification. Given the integral role played by Weil and Evercore in the Sale Process, the New Information should also invalidate the selection and final recommendation of the bid submitted by Elliott Investment Management L.P. ("Elliott") through its subsidiary Amber Energy Inc. (the "Elliott Bid").

The New Information is striking. It shows that Weil has been acting as Elliott's counsel in multiple matters for the past two years – the same period in which Weil has been operating the Sale Process and twice recommended bids submitted by Elliott. The New Information shows that Weil did not represent Elliott when the Court authorized the Special Master to retain Weil on May 27, 2021 (D.I. 277 at 7), and thus only took on these new engagements for Elliott while the Sale Process was ongoing and Elliott was an active bidder. The New Information also shows that Evercore has been providing investment banking services to Elliott during this same period.

In these circumstances, Weil and Evercore cannot act as impartial advisors to the Special Master and impartial advocates to the Court at the Sale Hearing. Instead, they will be asking the Court to approve a bid submitted by their own client– Elliott. That would compromise the integrity and fairness of the Sale Process.

Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/us/legal-notice for further details.

Docket No. 2286
Date Filed: 9/13/25

Undersigned counsel discussed these concerns with Weil last night. Weil indicated a willingness to provide additional disclosure but said it was time constrained. Weil said that they did not think they had a conflict, and in so doing referred to other information which they did not yet have time to disclose. Weil advised undersigned counsel to "do what you think you need to do."

**The New Information**

The New Information shows that Weil has been representing Elliott in multiple matters for the past two years. Although materiality is not required to create a conflict of interest, the information shows that the attorney-client relationship between Weil and Elliott is material. It shows that Weil has had fifteen (15) separate engagements with Elliott during the period from August 28, 2023 to present, with Weil opening two new engagements with Elliott just this week (on September 10, 2025). The combined fees for these matters are significant – more than $4.1 million.

The New Information also shows that Evercore has a material conflict of interest. It has acted as investment banker for ad hoc groups that include Elliott and a 2020 Bondholder ▓▓▓▓ ▓▓▓▓ in which Evercore has received $19.7 million in fees. As Elliott's witness disclosed at his deposition earlier this week, one of these engagements was "just kicking off," "Elliot ha[d] a role in the selection of Evercore," and Evercore stood to obtain a fee in the range of $5-$7 million. (D.I. 2223).

The New Information contradicts the representations made in Weil's and Evercore's prior disclosures. On March 24, 2025, Weil provided what it said was a "*a complete list of professional engagements in which the Special Master, Evercore, or Weil performed work for any bidder participating in Rounds 1 or 2 of the sale process.*" See **Exhibit A.** This disclosure identified only one engagement by Weil for Elliott – a short one-month engagement during the period from July 17, 2024 to August 13, 2024 – and no matters between Evercore and Elliott. Weil's disclosure last night did not explain why its prior disclosures were materially inaccurate.

**Analysis**

The Court entrusted the Special Master with a critical mandate: to impartially oversee a fair and transparent Sale Process that maximizes the price paid for the PDVH Shares for the greatest possible benefit of Attached Judgment Creditors. The Advisors to the Special Master are bound to provide competent and impartial advice to enable him Special to fulfil his mandate. That is impossible when Weil is also acting as Elliott's attorney and Evercore is also acting as Elliott's investment banker.

The New Information thus shows the existence of a conflict of interest that compromises the integrity and fairness of the judicial process and the Sale Process. At minimum, the New Information creates the appearance of impropriety which would prompt a reasonable person to harbor doubts about the impartiality of the Special Master's advisors, thus making recusal and/or disqualification mandatory under Fed. R. Civ.P. 53(a)(2) and 28 U.S.C. § 455(a)–(b). *See In re Kensington Int'l Ltd.*, 368 F.3d 289, 301–03 (3d Cir. 2004) (appearance of partiality by a special master requires disqualification); *Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155, 162 (3d Cir. 1993) (appearance of bias sufficient for recusal).

At the September 10, 2025 status conference, when the Court took up Gold Reserve's request for disclosure of this new information, Weil admitted the existence of certain undisclosed client engagements for Elliott but maintained without elaboration that they were "immaterial." But materiality is not the relevant standard. And under any standard, the long-standing and current lawyer-client relationship between Weil and Elliot that is evidenced by the New Information and that was first revealed in the deposition of Elliot's 30(b)(6) witness earlier this week cannot be dismissed as immaterial. The same is true for Elliott's relationship with Evercore.

Although Gold Reserve will present its full position on these issue after the Special Master, Weil and Evercore make full disclosure, for the purpose of the present request Gold Reserve asks the Court to consider (a) the taint and prejudice of these previously undisclosed conflicts on the Special Master's current recommendation of the Elliott Bid, (b) the fact the scope of this relationship was previously misstated to the parties in the Special Master's disclosures; (c) the fact that Weil and Evercore previously recommended an Elliot bid that the Court rejected; and (d) the fact that once again these advisors have put forth a recommendation in Elliot's favor that is $2 billion lower than price than the Dalinar Energy Bid, and which came about in circumstances that have been objected to by multiple parties.

Under these circumstances, it is essential that the Court permit Gold Reserve to obtain full information regarding these issues and not hold a Sale Hearing where a law firm (Weil) that represents the Special Master and is running the Sale Process also is representing and advocating for the interests of the lead bidder (Elliott) .

**The New Information Should be Designated "Confidential"**

Weil has designated the New Information as "Highly Confidential," which has prohibited undersigned counsel from disclosing the specifics of this information to its client, Gold Reserve. This has prevented Gold Reserve (the client) from being able to properly evaluate this issue and issue necessary instructions to undersigned counsel. To remedy this problem, undersigned counsel requests that the Court re-designate the information as "Confidential" under the Confidentiality Agreement.

**Requests for Additional Information**

At minimum, further disclosure and information is required from the Special Master, Weil and Evercore, including answers to the below questions, so that Gold Reserve can fully evaluate this issue and present its position to Court on the basis of a full record. That is not possible at present, with undersigned counsel having only received this information yesterday evening, Friday, September 12, 2025, and the Sale Hearing set to commence on Monday morning, September 15, 2025. Undersigned counsel understands that the Special Master, Weil and Evercore may be willing to provide some or all of the below requested information, they just require additional time to do so.

1. What, if any, of the New Information was previously disclosed to the Special Master, and when?

2. What, if any, of the New Information was previously disclosed to the Court, and when?

3. What steps, if any, were taken by Weil and Evercore to create ethical walls in respect of the Sale Process and the matters referenced in the New Information?

4. Who, if any, of the individual professionals at Weil and Evercore that have worked on the Sale Process have also worked on any of the matters referenced in the New Information?

5. Why did Weil's and Evercore's prior disclosures not include the matters identified in the New Information?

**Request for Relief**

For the foregoing reasons, Gold Reserve respectfully requests that the Court order the following relief:

1. The Sale Hearing is stayed pending further order of the Court;

2. The New Information is designated as "Confidential;"

3. The Special Master, Weil and Evercore shall respond to the above questions as soon as practicable, and in any event by no later than September 19, 2025; and

4. Gold Reserve and any other interested party shall file any motion for relief on the basis of the New Information by seven (7) days thereafter, by September 26, 2025.

Respectfully submitted,

**Womble Bond Dickinson (US) LLP**

*/s/ Kevin J. Mangan*
Kevin J. Mangan

Matthew H. Kirtland (admitted *pro hac vice*)
**Norton Rose Fulbright US LLP**
799 9th Street NW, Suite 1000
Washington, DC 20001
Telephone: 202-662-0200
matthew.kirtland@nortonrosefulbright.com

cc: Counsel of Record (via ECF)

## **EXHIBIT A**

**FILED UNDER SEAL**