IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Misc. No. 17-151-LPS |
| ) | |
| BOLIVARIAN REPUBLIC OF ) | |
| VENEZUELA, ) | |
| ) | |
| Defendant. ) | |

## SECOND JOINT STATUS REPORT

By and through the undersigned, Robert B. Pincus, in his capacity as Special Master for the United States District Court for the District of Delaware in the above-captioned case (the "**Special Master**");[1] Weil, Gotshal & Manges LLP ("**Weil**"); Evercore Group, L.L.C. ("**Evercore**"); Gold Reserve Ltd. ("**Gold Reserve**"); and the Bolivarian Republic of Venezuela, Petróleos de Venezuela, S.A., PDV Holding, Inc., CITGO Petroleum Corp. (the "**Venezuela Parties**, and collectively, the "**Parties**"), submit the following second joint status report regarding the discovery sought by Gold Reserve and the Venezuela Parties from the Special Master and his advisors (the "**Discovery Requests**").

By way of background, the Parties held a meet and confer on September 16, 2025 regarding the Discovery Requests,[2] which were sent to Weil and Evercore earlier that same day, and provided the Court with an initial status report that evening (D.I. 2312). As set forth in that report, the Parties held a second meet and confer on September 19, 2025. In Section I, below, the parties

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in D.I. 481 (the "**Sale Procedures Order**") or D.I. 2123 (the "**Updated Final Recommendation**").

[2] The Discovery Requests were shared with Weil and Evercore for discussion purposes only.

provide a description of the categories of non-privileged documents that Weil and Evercore (as applicable) have agreed to produce on a rolling basis after conducting a reasonable search, subject to all Parties' reservation of rights and further efforts to meet and confer as may be necessary.[3] With the exception of communications discussed below in subsection (e), which Weil and Evercore anticipate may require more time to coordinate, Weil and Evercore estimate that they can substantially complete the agreed-upon production by October 3, 2025. The Parties also have agreed that Gold Reserve and the Venezuela Parties will review the materials described here and then meet and confer with Weil and Evercore regarding the necessity and timing of any further documents and depositions that have been requested.[4]

## I. Agreed Upon Categories of Non-Privileged Documents Subject to A Reasonable Search And Production

   *a. Engagements data sufficient to demonstrate the commercial relationship between the Special Master's advisors and each relevant entity*

During the time period between January 1, 2021 to the present:[5]

1. Total annual and quarterly fees/revenue generated from Elliott or a known affiliate of Elliott (as identified using internal systems or processes);

2. Total annual fees/revenue generated from non-Elliott Bidders or known affiliates of those Bidders (as identified using internal systems or processes);

---

[3] For the avoidance of doubt, Weil and Evercore reserve the right to designate documents under the Protective Order and to otherwise protect privileged communications and client confidences, as well as to obtain client approval as may be required pursuant to applicable ethical or legal obligations prior to any production of such information. Gold Reserve and the Venezuela Parties reserve all rights in this regard.

[4] Gold Reserve and the Venezuela Parties are continuing to confer with Weil and Evercore regarding search methodology, including regarding Gold Reserve and the Venezuela Parties' position that, to the extent Weil and Evercore use search terms to identify potentially responsive documents, such search terms should be shared with the requesting parties in advance for comment and proposed supplementation. Gold Reserve and the Venezuela Parties reserve the right to bring any concerns about the scope or method of the search conducted by Weil to the Court's attention at the appropriate time.

[5] Unless otherwise specified, the relevant time period constraining the production of information described in this Joint Status Report is January 1, 2021 to present.

3. Beginning and end dates of each engagement with (i) Elliott or known affiliates of Elliott and (ii) non-Elliott Bidders and known affiliates of those Bidders;

4. Brief descriptions of each engagement with Elliott and known affiliates of Elliott (i.e., sufficient to show whether it related to CITGO/PDVH sale process);

5. Brief descriptions of each engagement with non-Elliott Bidders or known affiliates of those Bidders (i.e., sufficient to show whether it related to CITGO/PDVH sale process);

6. Names of relevant Weil and Evercore personnel[6] who have worked on the instant matter advising the Special Master in his recommendation of a bid for the sale of CITGO Petroleum Corp.;

7. Names of relevant Weil and Evercore personnel who have worked on any engagement with Elliott or a known affiliate of Elliott from January 1, 2021 onward;

8. Any contingent fee arrangement or estimated fee ranges sent to or received from Elliott or a known affiliate of Elliott for currently open matters for which no fees have been collected by Weil or Evercore;

9. Documents sufficient to show the amount of fees Weil or Evercore anticipated receiving from Elliott or a known affiliate of Elliott from 2024 onward to the extent such projections were included in any final, annual internal business plan or budget prepared in 2024 or 2025.

   b. *Documents regarding alleged conflicts*

Weil and Evercore will conduct a reasonable inquiry to provide conflicts information, if any, concerning the representation of the Special Master and each of the Bidders from January 2021 to the present, including any screens related thereto. Weil and Evercore will also identify conflict waivers, if any, applicable to the CITGO/PDVH sale process.

   c. *Documents regarding Weil and Evercore's preparation of their March 24, 2025 and September 12, 2025 disclosures and responses to the instant requests for production*

Counsel for Weil and Evercore will provide counsel to Gold Reserve and the Venezuela

---

[6] For items 6 and 7, Weil will produce the names of any partner, counsel, and associate timekeepers who have billed time to the relevant engagements, and Evercore will produce names of the core deal team members staffed to the relevant engagements.

3

Parties information sufficient to describe the steps taken to conduct a reasonable search for responsive information in respect of the March 24, 2025 and September 12, 2025 engagement chart disclosures and responses to the present requests for production.

> d. *Written disclosures by the Special Master's advisors to the Court or the Special Master concerning their engagements with Bidders and known affiliates of those Bidders*

Weil and Evercore agree to produce any written communications made to the Court or the Special Master concerning their engagements with any Bidders and known affiliates of those Bidders.

> e. *Communications-related discovery*

Weil will conduct a reasonable search for and produce non-privileged communications concerning the CITGO/PDVH sale process: (1) between: (a) Weil partners engaged in representing the Special Master during the sale process (i.e., late 2023 to present) and (b) other Weil partners engaged in representing Elliott or known affiliates of Elliott (as determined by a search of Weil's conflicts database); and (2) between (a) Weil partners engaged in representing Elliott or known affiliates of Elliott (same as above) during the sale process (same time period as above) and (b) Elliott or known affiliates of Elliott (same as above), including pitches.[7]

## II. Gold Reserve and the Venezuela Parties' Position

*1. 2020 Bondholders.* Gold Reserve and the Venezuela Parties believe that documents reflecting engagements of Weil and Evercore by holders of 2020 Bonds listed in Xin Xu Exhibit 2 and their affiliates (and, to the extent not otherwise covered by the Xu exhibit, those entities referenced in footnote 1 of the disclosure from the Special Master dated September 12, 2025)

---

[7] Evercore's evaluation of the communications-related requests is ongoing, and it intends to continue the meet and confer process with Gold Reserve and the Venezuela Parties in the coming days.

(together, the "Listed 2020 Bondholders"), conflict check and screen information as to these entities, and any disclosures of these representations should be produced immediately. The Listed 2020 Bondholders have played a central role in the sale process, and Weil and Evercore's September 12, 2025 disclosure revealed that Weil and Evercore have billed certain Listed 2020 Bondholders tens of millions of dollars in fees. The full extent of the Listed 2020 Bondholders' relationship to Weil and Evercore while Weil and Evercore were advising the Special Master up to and including his selection of Amber's bid, which included as its central recommending feature a transaction support agreement with the 2020 Bondholders, is highly relevant to the conflict issues at which this discovery is targeted.

Because the request is limited to the Listed 2020 Bondholders, a group of 11 major bondholders known by name to the parties, the request eliminates the burden of identifying potentially numerous bondholders. And any remaining, limited burden is outweighed by the relevance of these documents and can further be alleviated by limiting the search in this first phase to categories I(a) (documents regarding engagements), I(b) (conflicts and screen information) and I(d) (written disclosures to the Court or the Special Master concerning such engagements), not the broader email and other communications sought in I(e).

*2. Sealed Ex Parte Transcripts.* Gold Reserve and the Venezuela Parties also request that Weil and Evercore identify any sealed transcripts of the ex parte conferences between the Special Master or his advisors (on the one hand) and the Court (on the other) referring to any disclosure or discussion of Weil's or Evercore's potential conflicts or engagements with participants or potential participants in the sale process, and to meet and confer with Gold Reserve and the Venezuela Parties concerning the potential unsealing of those transcripts.

*3. Statement Regarding Timing and Next Steps.* Regarding timing and next steps, Gold Reserve and the Venezuela Parties request that Weil and Evercore begin to make rolling productions as soon as possible. Gold Reserve and the Venezuela Parties further request that, on September 26, 2025, Weil and Evercore disclose to Gold Reserve and the Venezuela Parties the information each has learned to date on responsive matters, via an informal disclosure to the extent documents are not yet ready for formal production.

The Venezuela Parties reiterate their position that the disqualification motion must be decided in advance of any decision on a sale order and are prepared to work to complete discovery and briefing in a manner that facilitates that order of decision.

**III.     Weil and Evercore's Position**

*1. 2020 Bondholders.* As the Court knows, the Special Master and his advisors contend that allegations challenging the impartiality of the sales process are entirely without merit and are aimed only at frustrating the culmination of the sales process.  Nonetheless, in response to the Discovery Requests, Weil and Evercore agreed to provide significant and more than ample document discovery relating to Elliott and known affiliates, as well as non-Elliott Bidders and known affiliates.

Gold Reserve and the Venezuela Parties also seek discovery concerning certain 2020 Bondholders (thirteen 2020 Bondholders and each of their known affiliates) who signed Amber's TSA.  Indeed, they seek client information dating to 2021 in almost all of the same categories set forth in Section I that Evercore and Weil have agreed to produce.  This discovery is highly attenuated to the question of whether the Elliott bid was recommended by the Special Master due to some remote business or commercial interests of his advisors – as opposed to the evidence adduced at trial.  As Your Honor knows, the validity of claims held by 2020 Bondholders is being litigated by another court, and the Special Master's recommendation in the sales process holds no

6

bearing on that litigation. Although the purported relevance of work the Special Master's advisors may have done for the members of the ad hoc group is unclear, the Special Master's interest in that litigation was limited to making sure that bidders were appropriately factoring in the contingent liability caused by the 2020 bondholders litigation (and to assess the various bids' certainty to close regardless of the outcome of that litigation).

Discovery regarding the 2020 Bondholders would be burdensome, expensive and is not at all proportional to the needs of the motion that Gold Reserve and the Venezuela Parties have threatened to bring. To be sure, the Special Master has agreed to meet and confer about these topics immediately after the holiday, but at present, Weil and Evercore do not believe the 2020 Bondholder discovery is warranted.

*2. Sealed Ex Parte Transcripts.* The Court permits the unsealing of *ex parte* transcripts only upon filing of an appropriate motion. The Special Master will meet and confer concerning these transcripts.

*3. Statement Regarding Timing and Next Steps.* As discussed above, Weil and Evercore reiterate that they will endeavor to substantially complete a rolling production of the agreed upon documents (with the possible exception of communications, which may take additional time) by October 3, 2025. Weil and Evercore are willing to meet and confer after the holiday on any additional information that Gold Reserve and the Venezuela Parties reasonably believe is necessary. As we will explain in that meet and confer, if, after completing initial production, Gold Reserve and the Venezuela Parties still believe that they have a colorable basis to bring a motion to disqualify—and, particularly, if they want the Court to consider any such motion before ruling on the Special Master's recommendation in the sale process—they should do so expeditiously.

| | |
|---|---|
| Dated: September 22, 2025 | Respectfully submitted, |
| CHRISTENSEN LAW LLC | POTTER ANDERSON & CORROON LLP |
| By: */s/ Joseph L. Christensen*<br>Joseph L. Christensen (#5146)<br>1201 North Market Street, Suite 1404<br>Wilmington, DE 19801<br>(302) 212-4330<br>joe@christensenlawde.com | */s/ Myron T. Steele*<br>Myron T. Steele (#0002)<br>Matthew F. Davis (#4696)<br>Bindu A. Palapura (#5370)<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>P.O. Box 951<br>Wilmington, DE 19801<br>Telephone: (302) 984-6000<br>Facsimile: (302) 658-1192<br>msteele@potteranderson.com<br>mdavis@potteranderson.com<br>bpalapura@potteranderson.com |
| -and- | |
| FRIEDMAN KAPLAN SEILER ADELMAN & ROBBINS LLP | - and - |
| | WEIL, GOTSHAL & MANGES LLP |
| By: */s/ Jason C. Rubinstein*<br>Jason C. Rubinstein (*pro hac vice* application forthcoming)<br>Geoffrey Cajigas (*pro hac vice* application forthcoming)<br>7 Times Square<br>New York, NY 10036<br>(212) 833-1100<br>jrubinstein@fklaw.com<br>gcajigas@fklaw.com | */s/ Jared R. Friedmann*<br>Jared R. Friedmann (Admitted *pro hac vice*)<br>Matthew S. Barr (Admitted *pro hac vice*)<br>David Lender (Admitted *pro hac vice*)<br>Chase A. Bentley (Admitted *pro hac vice*)<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007<br>Jared.Friedmann@weil.com<br>Matt.Barr@weil.com<br>David.Lender@weil.com<br>Chase.Bentley@weil.com |
| *Attorneys for Evercore Group, L.L.C.* | *Counsel for Special Master Robert B. Pincus* |

| | |
|---|---|
| MUNGER, TOLLES & OLSON LLP | WOMBLE BOND DICKINSON (US) LLP |

*/s/ George M. Garvey*
George M. Garvey
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100
George.Garvey@mto.com

*Attorney for Bolivarian Republic of Venezuela*

EIMER STAHL LLP

*/s/ Nathan P. Eimer*
Nathan P. Eimer
224 South Michigan Avenue
Suite 1100
Chicago, IL 60604
(312) 660-7600
NEimer@eimerstahl.com

*Attorney for PDV Holding, Inc. and CITGO Petroleum Corporation*

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

*/s/ Juan O. Perla*
Juan O. Perla
101 Park Avenue
New York, NY 10178
(212) 696-6000
jperla@curtis.com

*Attorney for Petróleos de Venezuela, S.A.*

By: */s/ Kevin J. Mangan*
Kevin J. Mangan (#3810)
Matthew P. Ward (#4471)
Stephanie S. Riley (#5803)
1313 N. Market St., Suite 1200
Wilmington, DE 19801
Telephone: 302-252-4320
Kevin.mangan@wbd-us.com
Matthew.ward@wbd-us.com
Stephanie.riley@wbd-us.com

- and -

NORTON ROSE FULBRIGHT US LLP
Matthew H. Kirtland (*pro hac vice*)
799 9th Street NW, Suite 1000
Washington, DC 20001
Telephone: 202-662-0200
Matthew.kirtland@nortonrosefulbright.com

- and -

Katherine G. Connolly (*pro hac vice*)
One Embarcadero Center, Suite 1050
San Francisco, CA 94111
Telephone: 628-231-6816
Katie.connolly@nortonrosefulbright.com

- and -

Taylor J. LeMay (*pro hac vice*)
1550 Lamar Street, Suite 2000
Houston, TX 77010
Telephone: 713-651-3578
Taylor.lemay@nortonrosefulbright.com

*Attorneys for Gold Reserve Ltd.*