womblebonddickinson.com



Womble Bond Dickinson (US) LLP

1313 North Market Street
Suite 1200
Wilmington, DE 19801

t: 302.252.4320
f: 302.252.4330

September 25, 2025

The Honorable Leonard P. Stark
United States District Court
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, Delaware 19801

Kevin J. Mangan
Partner
Direct Dial: 302-252-4361
Direct Fax: 302-661-7729
E-mail: Kevin.Mangan@wbd-us.com

Re: *Crystallex International Corp. v. Bolivarian Republic of Venezuela,* Case No. 17-mc-151

Dear Judge Stark,

We write on behalf of Gold Reserve Ltd. ("Gold Reserve") to respectfully submit its position regarding the Special Master's September 25, 2025 Status Report.

The position of Gold Reserve is that its recusal/disqualification motion must be heard and decided first, before the Court considers or rules on the Special Master's Updated Final Recommendation and objections thereto, and that there should be no further proceedings relating to the Special Master's conflicted recommendation until the recusal/disqualification motion is decided.

In *Kensington*, the Third Circuit made clear that recusal/disqualification is a threshold issue on which the merits proceedings should be stayed until there is "a developed evidentiary record" and the district court has the opportunity to rule on recusal/disqualification. *In re Kensington Int'l Ltd.*, 353 F.3d 211, 216, 223 (3d Cir. 2003) (staying "all proceedings affected by" mandamus recusal petition "with the exception of the recusal motion," granting writ of mandamus overturning district court's refusal to permit discovery in connection with recusal motion, and remanding for expedited discovery and decision on recusal motion within six weeks); *see also In re Kensington Int'l, Ltd.*, 368 F.3d 289, 294-95, 319 (3d Cir. 2004) (noting that court of appeals retained jurisdiction and left stays of underlying proceedings in place pending the district court's ruling on the recusal motion on remand and on mandamus from the same).

Of note, in *Kensington*, the parties opposing recusal/disqualification asserted that any further delay in the proceedings was, literally, a matter of life-and-death, with fifteen asbestos claimants dying each day. 353 F.3d at 219. This caused the Third Circuit to order that the recusal/disqualification proceedings be expedited but, conspicuously, did not cause the Third Circuit to allow the district court proceedings to proceed on the merits until the recusal/disqualification issues were resolved. Instead, while the Third Circuit was conscious that this would cause delay, it saw such considerations as

Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/us/legal-notice for further details.

secondary to first having a fully developed evidentiary record and the district court's ruling on the threshold question of recusal/disqualification:

> *We realize, of course, that our decision to remand this matter to Judge Wolin will result in some delay, which causes us great concern. Not only can delay have unintended (and undesirable) ramifications for the debtors-in-bankruptcy; it can have a much more personal effect on the asbestos claimants who have filed claims against the debtors-in-bankruptcy and their related entities. We nevertheless believe that a short delay so that an evidentiary record may be developed is to be preferred rather than making an ill-informed decision on allegations alone. In an attempt to reduce the delay, however, we will order that expedited discovery and Judge Wolin's ruling on the recusal motions be completed no later than January 31, 2004. While this might ordinarily be deemed too short a time for discovery, we believe that it is manageable under the district court judge's guidance and supervision. Indeed, Kensington's attorney advised us at oral argument that expedited discovery probably could be completed in two to three weeks.*

*Id.* at 224–25. Here, the arguments against a short delay of the briefing schedule on the Updated Final Recommendation are no more urgent than those that were presented in *Kensington*, and there should therefore be the same result: the merits are stayed until recusal/disqualification is fully briefed and decided.

In terms of specific timing, Gold Reserve and the Venezuela Parties have promptly sought full disclosures from Weil and Evercore regarding the relationship between their firms and Elliott or the 2020 Bondholders but, based on the meet and confers that have occurred to date, it appears that Weil and Evercore will not be able to provide the discovery necessary for a full evidentiary record in time for an October 20 or 21 hearing on the motion. These details will be set out in the next status report due to be filed with the Court tomorrow, September 26, 2025.

In these circumstances, setting a schedule for post-hearing briefing and any hearing on the recommendation and objections thereto thus should wait until after Weil and Evercore provide full discovery on an expedited basis and the court has the opportunity to rule on the recusal/disqualification motion. As confirmed by *Kensington*, the briefing/hearing schedule on a recusal/disqualification motion should be driven by the time required for proper disclosure, not vice versa.

Accordingly, the position of Gold Reserve is that the October 20/21 hearing date should be adjourned, and the Court should enter the following schedule, which is premised on Weil and Evercore substantially fulfilling their disclosure obligations by October 10, 2025:

- Disclosure/discovery, including depositions, to be substantially completed by Friday, October 10 (two weeks from tomorrow), with document production by Weil and Evercore substantially completed by Friday, October 3 (one week from tomorrow).

- Opening briefs on recusal/disqualification due by Friday, October 17 (seven days after substantial completion of discovery).

- Response briefs due by Friday, October 24 (seven days after opening briefs).

- Reply briefs due <u>Wednesday, October 29</u> (five days after response briefs).

- Hearing and court decision on recusal/disqualification motion – TBD.

The Court's intervention may be needed to order full, expedited discovery by Weil and Evercore so that this schedule can be met.

*****

In the alternative, if the Court does not agree that briefing on the Updated Final Recommendation should be stayed pending discovery, briefing and resolution of the recusal/disqualification motion, then, without waiving that position and under a full reservation of rights to seek appropriate relief, Gold Reserve has the following limited comments on the schedule for the Updated Final Recommendation proposed by the Special Master:

**1.     The simultaneous post-hearing briefs and response briefs, due October 8 and October 15, should be limited to 45 pages unless the Cour orders consolidated briefing**. If the Court does not allow incorporation by reference of arguments from previously filed briefs, then the page limit for opening and response briefs should be extended from 30 pages to 45 pages to ensure full presentation of the testimony and arguments arising from the Sale Hearing. This enlargement of page limits is necessary given the need to respond to briefs filed, and arguments made at the Sale Hearing, by multiple participants aligned with one another and opposed to objections. Alternatively, the Court could order all participants supporting the Updated Final Recommendation to file a single, consolidated response brief limited to 30 pages, all parties supporting the Dalinar Energy Improved Bid could file a single consolidated response brief limited to 30 pages, and the Venezuela Parties (who object to both bids) to file a single consolidated response brief limited to 30 pages.

**2.     Reply briefs** should be permitted, and the page limit for reply briefs should be enlarged to 30 pages, unless consolidated briefing is ordered, in which event the reply briefs should be enlarged to 20 pages.

**3.     Oral argument** is unlikely to be helpful before reply briefs are due. Instead, reply briefs should be due October 24, and the Court should schedule an in-person hearing thereafter, at which the Court can ask questions of the parties based on its review of the full briefing.

Respectfully submitted,

**Womble Bond Dickinson (US) LLP**

*/s/ Kevin J. Mangan*
Kevin J. Mangan

Matthew H. Kirtland (admitted *pro hac vice*)
**Norton Rose Fulbright US LLP**
799 9th Street NW, Suite 1000
Washington, DC 20001

         Telephone: 202-662-0200
         matthew.kirtland@nortonrosefulbright.com

cc: Counsel of Record (via ECF)