# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
———
(302) 658-9200
(302) 658-3989 FAX

Alexandra M. Cumings
(302) 351-9248
(302) 425-4670 FAX
acumings@morrisnichols.com

September 25, 2025

**SUBMITTED VIA E-FILE**

The Honorable Leonard P. Stark
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, D.C. 20439

      Re:    *Crystallex International Corp. v. Bolivarian Republic of Venezuela*,
               D. Del. No. 1:17-mc-00151-LPS

Dear Judge Stark:

I write on behalf of the Venezuela Parties, regarding the Special Master's September 25, 2025 Status Report (D.I. 2340). The Venezuela Parties' position is that any recusal/disqualification motion must be heard and decided first, before the Court considers or rules on the Special Master's Updated Final Recommendation and objections thereto, and that there should be no further proceedings relating to the Special Master's conflicted recommendation until the recusal/disqualification motion is decided.

In *Kensington*, the Third Circuit made clear that recusal/disqualification is a threshold issue on which the merits proceedings should be stayed until there is "a developed evidentiary record" and the district court has the opportunity to rule on recusal/disqualification. *In re Kensington Int'l Ltd.*, 353 F.3d 211, 216, 223 (3d Cir. 2003) (staying "all proceedings affected by" mandamus recusal petition "with the exception of the recusal motion," granting writ of mandamus overturning district court's refusal to permit discovery in connection with recusal motion, and remanding for expedited discovery and decision on recusal motion within six weeks); *see also In re Kensington Int'l, Ltd.*, 368 F.3d 289, 294-95, 319 (3d Cir. 2004) (noting that court of appeals retained jurisdiction and left stays of underlying proceedings in place pending the district court's ruling on the recusal motion on remand and on mandamus from the same).

The Venezuela Parties have promptly sought full disclosures from Weil and Evercore regarding the relationship between their firms and Elliott or the 2020 Bondholders but discovery has not moved expeditiously up to this point and, based on the meet and confers that have occurred to date,

The Honorable Leonard P. Stark
September 25, 2025
Page 2

it appears that Weil and Evercore will not be able to provide the discovery necessary for a full evidentiary record in time for an October 20 or 21 hearing. These details will be set out in the further status report due to be filed with the Court tomorrow, September 26, 2025.

Once a fixed timeline is in place for the production of discovery, an expedited briefing schedule on the recusal/disqualification motion can be set. Accordingly, the Venezuela Parties may need to seek the Court's intervention to order full, expedited discovery by Weil and Evercore.

*****

In the alternative, if the Court does not agree that briefing on the Updated Final Recommendation should be stayed pending discovery, briefing and resolution of the recusal/disqualification motion, then, without waiving or forfeiting that position and under a full reservation of rights to seek appropriate relief, the Venezuela Parties have the following comments on the schedule for the Updated Final Recommendation proposed by the Special Master:

1. The simultaneous post-hearing briefs and response briefs, due October 8 and October 15, should be limited to 45 pages. Because the parties are not permitted to incorporate by reference arguments from previously filed briefs, the Venezuela Parties respectfully request that the page limit for opening and response briefs be extended from 30 pages to 45 pages to ensure full presentation of the arguments from prior briefs, as well as discussion of testimony and arguments arising from the Sale Hearing. In addition, for the sake of efficiency and because they were not discussed at the Sale Hearing, the Venezuela Parties request permission to separately file an updated version of the chart filed on September 14 (D.I. 2291-3 at 37-43) identifying their objections to the Proposed Sale Orders and Stock Purchase Agreements. The chart would not add new objections not previously presented to the Court but would include additional material necessary to eliminate cross references to prior briefing.

    An enlargement of page limits for response briefs is necessary given the need to respond to briefs filed by multiple participants aligned with one another and opposed to objections. Alternatively, the Court could order all participants supporting the Updated Final Recommendation to file a single, consolidated response brief limited to 30 pages, all parties supporting the Dalinar Energy Improved Bid could file a single consolidated response brief limited to 30 pages, and the Venezuela Parties (who object to both bids) to file a single consolidated response brief limited to 30 pages.

2. Reply briefs should be permitted, and the page limit for reply briefs should be enlarged to 30 pages, unless consolidated briefing is ordered, in which event the reply briefs should be enlarged to 25 pages.

3. Oral argument is unlikely to be helpful, particularly before reply briefs are due, given the extensive oral argument already presented. Instead, we propose that reply briefs be due October 24, and after receiving the briefs if the Court has questions for the participants, it

The Honorable Leonard P. Stark
September 25, 2025
Page 3

could call for short answers to written questions on an expedited schedule, as has been done previously, or it could schedule a short telephonic or in-person hearing after October 24, at which the parties can respond to the Court's questions.

    Respectfully submitted,

    Respectfully,

    */s/ Alexandra Cumings*

    Alexandra Cumings (#6146)