IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>　　　　Defendant. | Case No. 17-mc-151-LPS<br><br>**PUBLIC VERSION** |

**THIRD JOINT STATUS REPORT**

By and through the undersigned, Robert B. Pincus, in his capacity as Special Master for the United States District Court for the District of Delaware in the above-captioned case (the "**Special Master**");[1] Weil, Gotshal & Manges LLP ("**Weil**"); Evercore Group, L.L.C. ("**Evercore**"); Gold Reserve Ltd. ("**Gold Reserve**"); and the Bolivarian Republic of Venezuela, Petróleos de Venezuela, S.A., PDV Holding, Inc., CITGO Petroleum Corp. (the "**Venezuela Parties**, and collectively, the "**Parties**"), submit the following Third Joint Status report regarding the discovery sought by Gold Reserve and the Venezuela Parties from the Special Master and his advisors (the "**Discovery Requests**").[2]

Pursuant to the Court's September 23, 2025 Oral Orders (D.I. 2332, D.I. 2333), the Parties hereby provide updates on (1) the status of productions by Weil and Evercore in response to the Discovery Requests; (2) further compromises on the scope of discovery reached by the Parties since the September 22, 2025 status report; (3) requested discovery that remains subject to further discussion; and (4) a proposed briefing schedule for any Motion to Disqualify the Special Master

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in D.I. 481 (the "Sale Procedures Order") or D.I. 2123 (the "Updated Final Recommendation").

[2] The Discovery Requests were shared with Weil and Evercore for discussion purposes only.

and/or his advisors that may be filed before the Court hears argument on approval of the Special Master's Updated Final Recommendation.

## I.   Status of Discovery Identified in September 22, 2025 Joint Status Report

### A. Weil Search and Production Status

Weil has made significant progress in searching for, collecting, and producing the documents identified in the Second Joint Status Report.  Weil will produce documents responsive to items 1-7 in Section I(a) of the Second Joint Status Report, dated September 22, 2025 (D.I. 2327.  Except for the communications-related discovery (i.e., emails) described in Section I(e) of the Second Joint Status Report, Weil anticipates being able to complete its production of information responsive to all other categories of documents described in the Second Joint Status Report by Monday, September 29, 2025.[3]  Weil anticipates completing its production of communications-related discovery by no later than Friday, October 3, 2025.

### B. Evercore Search and Production Status

Evercore has made significant progress in searching for and collecting the information identified in the Second Joint Status Report, and it expects to produce to Gold Reserve and the Venezuela Parties the information it has gathered in response to items 1-7 in Section I(a) of the Second Joint Status Report, dated September 22, 2025 (D.I. 2327), along with the information described in Sections II(a)-(b) below, by the middle of the week of September 29, 2025.

With the exception of the communications-related discovery (i.e., emails) described in Section I(e) of the Second Joint Status Report, Evercore does not maintain, in the ordinary course

---

[3] For the avoidance of doubt, Weil and Evercore reserve the right to designate documents under the Protective Order and to otherwise protect privileged communications and client confidences, as well as to obtain client approval as may be required under applicable ethical or legal obligations prior to any production of such information.  Gold Reserve and the Venezuelan Parties reserve all rights in this regard.

2

of its business, documents responsive to the other categories described in the Second Joint Status Report, but Evercore expects to produce information responsive to these categories by the end of the day on October 3, 2025, if not sooner.

Evercore has been working diligently to search for and collect the agreed upon communications-related discovery. Evercore's efforts have included: identifying Evercore senior managing directors subject to Evercore's reasonable search for relevant communications; developing search terms that will reasonably capture relevant communications (if any); and drafting a proposed search protocol to transparently describe Evercore's search process to the Gold Reserve and Venezuela Parties. Because of the expedited nature of this discovery, and in the interest of substantially completing its review and production of responsive communications (if any) by the end of the day on October 3, 2025, Evercore has begun its collection and review of communications. Although this process is already underway, Evercore will be prepared to consider and accommodate reasonable modifications of its existing collection and search protocol (which Evercore believes to be sufficient to capture any responsive communications) proposed by Gold Reserve and the Venezuela Parties.

## II. Additional Categories of Non-Privileged Documents to the Special Master's Advisors Have Agreed to Search For And Produce[4]

Gold Reserve and the Venezuela Parties also requested, and to avoid a discovery dispute the Special Master's advisors have agreed to provide, documents sufficient to show any work Weil has done for, and payments received from, individual 2020 Bondholders. Specifically, the Special Master's advisors have agreed to produce:[5]

---

[4] The Special Master, Weil and Evercore reserve all rights, including in respect to the protection of privileges, client confidences and commercially sensitive material.

[5] Weil and Evercore will produce documents sufficient to show the following during the period from January 1, 2021 to present.

> A. *Engagements data sufficient to demonstrate the commercial relationship between the Special Master's advisors and each relevant entity*

1. Total annual fees/revenue generated from Listed 2020 Bondholders[6] and their respective known affiliates (as identified using internal systems or processes);

2. Beginning and end dates of each engagement with Listed 2020 Bondholders and their respective known affiliates;

3. Brief descriptions of each engagement with Listed 2020 Bondholders and their respective known affiliates (i.e., sufficient to show whether it related to CITGO/PDVH sale process or the 2020 Bonds);

4. Any contingent fee arrangement or estimated fee ranges sent to or received from Listed 2020 Bondholders and their respective known affiliates for currently open matters for which no fees have been collected by Weil or Evercore;[7] and

5. Documents sufficient to show the amount of fees Weil or Evercore anticipated receiving

---

[6] The Listed 2020 Bondholders are defined to include the entities listed in Exhibit 2 to the Xin Xu deposition and, to the extent not otherwise included in that Exhibit, the entities referenced in footnotes 1 and 2 of the disclosure from the Special Master dated September 12, 2025. For the avoidance of doubt, the Listed 2020 Bondholders are: ▮▮▮▮▮ The Parties are discussing how to address the representation of ad hoc groups referenced in footnotes 1 and 2 of the September 12 disclosure. Gold Reserve and Venezuela also have reserved the right to request that Weil and Evercore identify any engagements on behalf of any key individuals, as identified by Gold Reserve and/or the Venezuela Parties, associated with either a bidder or a Listed 2020 Bondholder, and Weil and Evercore have agreed to consider such requests on a case-by-case basis.

[7] Gold Reserve and Venezuela also have requested (1) an explanation of the fee arrangements for which Weil or Evercore received zero dollars from either a bidder or a Listed 2020 Bondholder for non-current matters, and (2) names of relevant personnel (as defined in D.I. 2327) who have worked on those engagements (but excluding counsel and associates except those subsequently promoted to partner). The parties are still discussing these requests.

from Listed 2020 Bondholders and their respective known affiliates from 2024 onward to the extent such projections were included in any final, annual internal business plan or budget prepared in 2024 or 2025.

### B. Documents regarding alleged conflicts

Weil and Evercore will conduct a reasonable inquiry to provide conflicts information (e.g., in the case of Weil or Evercore utilizing results of conflict checks), if any, concerning the representation of the Special Master and Listed 2020 Bondholders and their respective known affiliates from January 2021 to the present, any screens related thereto and identify conflict waivers, if any, applicable to the CITGO/PDVH sale process.

### C. Written disclosures by the Special Master's advisors to the Court or the Special Master concerning their engagements with Listed 2020 Bondholders and their respective known affiliates

On behalf of itself and Evercore, Weil agrees to produce any written communications made to the Court or the Special Master concerning engagements with Listed 2020 Bondholders and their respective known affiliates.

With respect to the request by Gold Reserve and the Venezuela Parties for any discussion of potential conflicts of Weil or Evercore during *ex parte* conferences between the Special Master or his advisors and the Court, Weil has agreed to review the transcripts of those conferences to determine whether that topic was ever discussed. Weil will identify any such transcripts by date so that Gold Reserve and/or the Venezuela Parties can move the Court to make those transcripts (if any) public.

### D. Other Discovery

Weil will provide the protocols it is using to identify and collect communications-related discovery (i.e., emails).

As noted in the Second Joint Status Report, the Parties intend to separately meet and confer

regarding the necessity and timing of any depositions that have been requested.

### III. Proposed Motion to Disqualify Briefing Schedule

Pursuant to the Court's September 23, 2025 Oral Order (D.I. 2333), the Parties were unable to all reach agreement on schedule, and respectfully submit the following proposals/statements regarding scheduling:

*Special Master's Proposal:*

Opening Brief:  Thursday, October 9

Opposition Brief: Thursday, October 16

Reply Brief, if any: Sunday, October 19 at 2pm EST

Argument on Motion to Disqualify: Monday, October 20

*Venezuela Parties' Statement:*

The Venezuela Parties have concerns about whether Weil and Evercore can meet their production commitments in time to allow for briefing and argument within the schedule they have proposed.  Nevertheless, the Venezuela Parties are prepared to file their brief by October 8 as long as Weil and Evercore meet their commitments and discovery has been completed in time to allow for such filing without prejudicing the filing parties.  The Venezuela Parties also request that the default page limits under the Local Rules (20 pages for opening and response briefs and 10 pages for replies) apply to the briefing.

*Gold Reserve's Statement and Proposal:*

Gold Reserve, which shares the same concerns regarding the timing of discovery, proposed an alternative schedule in its September 25, 2025 letter to the Court, D.I. 2341, and asks that the Court enter that schedule, which is reproduced here:

Opening Brief:  Friday, October 17

Opposition Brief: Friday, October 24

6

<u>Reply Brief</u>: Wednesday, October 29

<u>Argument on Motion to Disqualify</u>: TBD

As discussed above, the Parties reserve all rights, including with respect to the discovery requests.

Dated: September 26, 2025

CHRISTENSEN LAW LLC

By:  */s/ Joseph L. Christensen*
Joseph L. Christensen (#5146)
1201 North Market Street, Suite 1404
Wilmington, DE 19801
(302) 212-4330
joe@christensenlawde.com

-and-

FRIEDMAN KAPLAN SEILER
ADELMAN & ROBBINS LLP

By:  */s/ Jason C. Rubinstein*
Jason C. Rubinstein (*pro hac vice* application forthcoming)
Geoffrey Cajigas (*pro hac vice* application forthcoming)
7 Times Square
New York, NY 10036
(212) 833-1100
jrubinstein@fklaw.com
gcajigas@fklaw.com

*Attorneys for Evercore Group, L.L.C.*

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

*/s/ Myron T. Steele*
Myron T. Steele (#00002)
Matthew F. Davis (#4696)
Bindu A. Palapura (#5370)
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
msteele@potteranderson.com
mdavis@potteranderson.com
bpalapura@potteranderson.com

- and -

WEIL, GOTSHAL & MANGES LLP

*/s/ Jared R. Friedmann*
Jared R. Friedmann (Admitted *pro hac vice*)
Matthew S. Barr (Admitted *pro hac vice*)
David Lender (Admitted *pro hac vice*)
Chase A. Bentley (Admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jared.Friedmann@weil.com
Matt.Barr@weil.com
David.Lender@weil.com
Chase.Bentley@weil.com

*Counsel for Special Master Robert B. Pincus*

MUNGER, TOLLES & OLSON LLP

/s/ George M. Garvey
George M. Garvey
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100
George.Garvey@mto.com

*Attorney for Bolivarian Republic of Venezuela*

EIMER STAHL LLP

/s/ Nathan P. Eimer
Nathan P. Eimer
224 South Michigan Avenue
Suite 1100
Chicago, IL 60604
(312) 660-7600
NEimer@eimerstahl.com

*Attorney for PDV Holding, Inc. and CITGO Petroleum Corporation*

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

/s/ Juan O. Perla
Juan O. Perla
101 Park Avenue
New York, NY 10178
(212) 696-6000
jperla@curtis.com

*Attorney for Petróleos de Venezuela, S.A.*

WOMBLE BOND DICKINSON (US) LLP

By: /s/ Kevin J. Mangan
Kevin J. Mangan (#3810)
Matthew P. Ward (#4471)
Stephanie S. Riley (#5803)
1313 N. Market St., Suite 1200
Wilmington, DE 19801
Telephone: 302-252-4320
Kevin.mangan@wbd-us.com
Matthew.ward@wbd-us.com
Stephanie.riley@wbd-us.com

- and -

NORTON ROSE FULBRIGHT US LLP
Matthew H. Kirtland (*pro hac vice*)
799 9th Street NW, Suite 1000
Washington, DC 20001
Telephone: 202-662-0200
Matthew.kirtland@nortonrosefulbright.com

- and -

Katherine G. Connolly (*pro hac vice*)
One Embarcadero Center, Suite 1050
San Francisco, CA 94111
Telephone: 628-231-6816
Katie.connolly@nortonrosefulbright.com

- and -

Taylor J. LeMay (*pro hac vice*)
1550 Lamar Street, Suite 2000
Houston, TX 77010
Telephone: 713-651-3578
Taylor.lemay@nortonrosefulbright.com

*Attorneys for Gold Reserve Ltd.*