**Potter Anderson & Corroon LLP**
1313 N. Market Street, 6th Floor
Wilmington, DE 19801-6108
302.984.6000
potteranderson.com

Myron T. Steele
Of Counsel
Direct  302.984.6030

October 3, 2025

**BY HAND DELIVERY & CM/ECF**

The Honorable Leonard P. Stark
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801-3570

      Re:    *Crystallex International Corp. v. Bolivarian Republic of Venezuela*,
               D. Del. C.A. No. 1:17-mc-00151-LPS

Dear Judge Stark,

      Robert B. Pincus, in his capacity as special master for the United States District Court for the District of Delaware in the above-captioned case (the "**Special Master**"),[1] respectfully submits this letter pursuant to the Court's *Oral Order* dated September 30, 2025 (D.I. 2350) with respect to Blue Water Venture Partners, LLC's ("**Blue Water**") *Motion Requesting Approval of the Court to Consider Unsolicited Bid* (D.I. 2277) (the "**Motion**") and its letter dated September 29, 2025 (D.I. 2349). For the reasons set forth below, the Special Master's position is that to date Blue Water has not submitted an actionable proposal for the purchase of the PDVH Shares—let alone a conforming bid—worthy of serious consideration by the Special Master, particularly in light of the existing post-hearing briefing schedule and anticipated decision by the Court.

      To assist the Court, a brief summary of the history of Blue Water's unsolicited bid is set forth herein: On Friday September 5, 2025, two weeks after the Court's August 22, 2025 deadline for the submission of "best and final competing proposals" (D.I. 2110) (the "**Final Bid Deadline**"), Blue Water sent an unsolicited bid letter to the Special Master via email. On Monday September 8, 2025, the Special Master's Advisors responded to this correspondence and advised Blue Water that the Court's *Scheduling Order* (D.I. 2110) provided that the Special Master shall have no obligation or authority to consider any bids after the Final Bid Deadline absent further order of the Court and any bidder that wishes to submit an unsolicited bid after the Final Bid

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Sixth Revised Proposed Order (A) Establishing Sale and Bidding Procedures, (B) Approving Special Master's Report and Recommendation Regarding Proposed Sale Procedures Order, (C) Affirming Retention of Evercore as Investment Banker by Special Master and (D) Regarding Related Matters* (D.I. 481) (the "**Sale Procedures Order**"), the *Special Master's Final Recommendation* (D.I. 1837), or the *Special Master's Updated Final Recommendation* ("**Updated Final Recommendation**") (D.I. 2123) (as applicable).

Deadline needs to file its bid on the docket.  *See* D.I. 2110 ¶ 8.  Late on Friday September 12, 2025—*i.e.*, right before the Sale Hearing was scheduled to begin—Blue Water filed its bid on the docket (D.I. 2276) (the "**Blue Water Bid**"), together with (i) the Motion and (ii) a further *Motion for Expedited Consideration of Motion Requesting Approval of the Court to Consider Unsolicited Bid* (D.I. 2279) (the "**Expedited Consideration Motion**") requesting that the Sale Hearing be adjourned so that the Special Master could consider the Blue Water Bid.  On the first day of the Sale Hearing, September 15, 2025, counsel to Blue Water were given the opportunity to be heard on their motions.  The Court denied the Expedited Consideration Motion but permitted the Special Master and Blue Water to enter into a confidentiality agreement so that Blue Water could access the Virtual Data Room ("**VDR**").  Sale Hr'g. Tr. 34:5-36:2 (September 15, 2025).  The Special Master and Blue Water executed a confidentiality agreement on September 16, 2025 (the "**NDA**"), and Blue Water was granted access to the VDR.  *See* D.I. 2326-1.  Since execution of the NDA, Blue Water has submitted nothing further in connection with its bid or sought to engage with the Special Master in any meaningful manner aside from requesting authorization to disclose confidential information to potential financing sources.

The Special Master's position is that the Blue Water Bid is incomplete and does not warrant consideration in its current form.  Critically, Blue Water contemplates that its bid will be funded from "a soft circle pool from strategic partnerships and investors which includes an (*sic*) prominent global energy company and leader in distributing energy solutions" but its bid does not include any financing (let alone committed financing) that could be seriously considered by the Special Master.  D.I. 2276-1 at 6.  Counsel to Blue Water acknowledged as much on the first day of the Sale Hearing.  *See* Sale Hr'g. Tr. 25:21-26:2 (September 15, 2025) ("It is accurate that it requires financing and that is not committed yet, to be candid about that.  However . . . the identification and development of the funding is underway").  The sale procedures established and followed throughout the sale process plainly require that bids include committed financing.[2]  Additionally, the Blue Water Bid contemplates a settlement with the PDVSA 2020 Bondholders, but Blue Water has not provided any evidence of the ability to address the risk associated with the PDVSA 2020 Bondholders or any indication that any such settlement discussions have even taken place.  Finally, Blue Water contemplates paying holders of Attached Judgments either cash or non-cash consideration but does not have any commitments from holders of Attached Judgments to accept non-cash consideration.  Rather, Blue Water merely includes a footnote in its bid stating "[s]ome creditors have indicated their willingness to accept shares in settlement."  D.I. 2276-1 at 109 n. 4.  Further, the Blue Water Bid is proposed to be implemented through a special purpose acquisition company ("**SPAC**") listed on the NASDAQ.  Although the details of the Blue Water Bid have not been described in detail, a customary SPAC transaction would require the disclosure of additional information with respect to the CITGO business and prospects in order to prepare and file a registration statement with the SEC, which registration statement would then require SEC review, a vote by the shareholders of the SPAC to approve the transaction, and retention of sufficient

---

[2] The Bidding Procedures state that bids must be submitted with "[a] statement that the Bid. . . is not subject to any further due diligence or financing contingency."  *See* D.I. 480-1, Bidding Procedures at 10.  Further, the Court's *Memorandum Order* dated January 27, 2025 (D.I. 1554) provides "[B]ids must be fully financed and such finance must be free of contingencies other than the Closing Conditions in the SPA."  *See* D.I. 1554 at 14–15 (adopting D.I. 1552-1 at 4).

The Honorable Leonard P. Stark
October 3, 2025
Page 3

investors in the SPAC and market value of the company to satisfy NASDAQ listing requirements. These requirements have historically proven challenging for SPACs to satisfy and introduce further risk to the certainty of closing of the sale of the PDVH shares.

Given the material contingencies and lack of financing commitments and other critical information absent from the Blue Water Bid, the Special Master's believes that, in its current form, the Blue Water Bid is merely an expression of interest of a potential future bid that may or not ever come to fruition. In other words, right now, there is no actual bid, let alone a conforming bid, for the Special Master to evaluate against the recommended Amber bid. Given the advanced stage of the parties' evaluation of and briefing on the recommended Amber bid (as well as the competing Gold Reserve bid), the Special Master does not believe the Court should direct the Special Master to dedicate time and resources to the Blue Water Bid in its current form. If, however, Blue Water is able to sufficiently advance its bid prior to entry of a sale order on the currently contemplated schedule, the Special Master would be happy to consider it at the Court's direction.

Respectfully submitted,

*/s/ Myron T. Steele*

Myron T. Steele

On Behalf of Robert B. Pincus, Special Master for the United States District Court for the District of Delaware

cc:  Clerk of Court (via hand delivery)
     Counsel of Record (via CM/ECF)