IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION,<br><br>              Plaintiff,<br><br>   v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>              Defendant. | C.A. No. 17-mc-151-LPS |

**CRYSTALLEX INTERNATIONAL CORPORATION'S OPPOSITION
TO BLUE WATER'S MOTION TO PERMIT CONSIDERATION OF POTENTIAL BID**

OF COUNSEL:

Robert L. Weigel
Jason W. Myatt
Rahim Moloo
Zachary Kady
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Tel: (212) 351-4000
Fax: (212) 351-4035

Miguel A. Estrada
Lucas C. Townsend
Adam M. Smith
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
Tel: (202) 955-8500
Fax: (202) 467-0539

Dated: October 3, 2025

Raymond J. DiCamillo (#3188)
Jeffrey L. Moyer (#3309)
Travis S. Hunter (#5350)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Tel: (302) 651-7700
Fax: (302) 651-7701

*Attorneys for Plaintiff*

Plaintiff Crystallex International Corporation files this response in opposition to Blue Water Venture Partners LLP's ("**Blue Water**") request that the Court direct and authorize the Special Master to consider Blue Water's unsolicited bid (D.I. 2277, the "**Motion**") and expedite consideration of that Motion (D.I. 2279).

Blue Water's Motion should be denied because Blue Water does not have a bid for the Special Master to consider. Rather, it has a "financing plan" that it hopes it will be able to use to formulate a bid for the PDVH Shares. D.I. 2277, ¶ 7. But even that "financing plan" is far too uncertain to be taken seriously. Blue Water admits its "financing plan" relies entirely on funding that is "not yet committed" from a "soft circle pool" of unidentified investors and financial firms who have thus far merely "expressed interest" in the "opportunity" Blue Water pitched to them. *Id.* Such an inchoate plan is not a bid for the PDVH Shares—it does not meet the requirements for a Qualified Bid established by this Court almost exactly three years ago, including for example that any bidders must submit unconditional offers "not subject to any … financing contingency." D.I. 480-1, at 50 of 176. As the Court explained, the requirement that bids be well-developed and not subject to financing contingencies "is critical to a determination by the Special Master that a bid is viable." D.I. 1554, at 14. At the Sale Hearing, even Citgo's counsel acknowledged that Blue Water's "financing is questionable," in contrast to "serious bidders who have financing." Tr. 611:13–15. The Special Master cannot realistically analyze the viability of Blue Water's hope to eventually secure financing for a bid that Blue Water has not yet made. Blue Water's Motion should fail on this basis alone.

It also bears recalling that the fees that compensate the Special Master and his advisers must be borne in the first instance by the Sale Process Parties and Additional Judgment Creditors, and thus that imposing additional duties on the Special Master and his advisers is not cost-free.

1

Blue Water's Motion should be denied because it would force the Sale Process Parties and Attached Judgment Creditors to bear those costs in the service of a proposal that is late and at best incipient if not totally speculative, while unnecessarily distracting the Special Master from critical tasks required to conclude this Court's Sale Process based on actual bids presented to the Court and addressed in detail at the four-day Sale Hearing held from September 15 to 18, 2025. In particular, the Special Master has been ordered to complete extensive discovery in response to requests from Gold Reserve and the Venezuela Parties by October 3, file proposed findings of fact and a post-trial opening brief by October 8 and post-trial answering brief by October 15, an opening brief on Gold Reserve and the Venezuela Parties' motion to disqualify by October 9 and a reply brief by October 19, attend oral argument on October 20–21, and submit an additional post-trial reply brief by October 28. *See* D.I. 2345; D.I. 2347; D.I. 2348, ¶ 3. After more than eight years of proceedings—and at great cost to the creditors responsible for the Special Master's fees—the Special Master should not now be diverted from these important tasks in the service of a speculative proposal for a bid that merely hopes to secure financing if the process is further delayed to give the proponent time. If and when a true bidder comes forward with committed financing and a potentially executable bid, it may be appropriate to direct the Special Master to devote what are ultimately the creditors' resources to its further study. Blue Water is not that bidder, and absent any committed financing in its bid, Blue Water's Motion should therefore be denied.

<div style="display: flex;">

<div>

OF COUNSEL:

Robert L. Weigel
Jason W. Myatt
Rahim Moloo
Zachary Kady
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York  10166
(212) 351-4000

Miguel A. Estrada
Lucas C. Townsend
Adam M. Smith
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C.  20036
Tel:  (202) 955-8500
Fax:  (202) 467-0539


Dated:  October 3, 2025

</div>

<div>

/s/ Travis S. Hunter
_____
Raymond J. DiCamillo (#3188)
Jeffrey L. Moyer (#3309)
Travis S. Hunter (#5350)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware  19801
(302) 651-7700
dicamillo@rlf.com
moyer@rlf.com
hunter@rlf.com

*Attorneys for Plaintiff*

</div>

</div>