# Exhibit B

Executed Copy

# Weil, Gotshal & Manges LLP

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

Ray C. Schrock, P.C.
+1 212 310.8210
Ray.schrock@weil.com

As of May 10, 2021

Robert B. Pincus
Special Master

[redacted]

Re: *Crystallex International Corp. v. Bolivarian Republic of Venezuela*
(D. Del. C.A. No. 1:17-mc-00151-LPS)

Dear Special Master Robert Pincus:

Thank you for selecting Weil, Gotshal & Manges LLP ("Weil") to represent you in the engagement described below (the "Engagement"). The purpose of this letter, including the important attached Additional Terms, is to set forth our agreement concerning the Engagement. This letter will also apply to any future engagement that we undertake at your request, unless we address that engagement in a separate letter.

Scope of the Engagement

We understand that you have been appointed as Special Master (the "Special Master") in the currently pending case *Crystallex International Corp. v. Bolivarian Republic of Venezuela* (D. Del. C.A. No. 1:17-mc-00151-LPS) (the "Specified Litigation"). The Engagement will be to represent you in the performance of your duties as Special Master, including in connection with the design and implementation of a proposed sales procedures order (the "Proposed Sales Procedures Order") and the potential sale of the equity interests of PDV Holding, Inc. ("PDVH") held by Petróleos de Venezuela, S.A. ("PDVSA") or other transactions and proceedings pursuant thereto (the "Sale Transaction").

We will represent you *only* in your capacity as Special Master and do not represent you in your personal capacity or any party affiliated with you (see the attached Additional Terms).

Fees and Expenses

Weil will seek payment of its fees and documented expenses from the parties to the Specified Litigation (the "Litigation Parties") in accordance with the Proposed Order Regarding Special Master (*see* ECF No. 265 in the Specified Litigation, as may be amended from time to time), or as otherwise may be set

forth in the Proposed Sales Procedures Order. You hereby agree to take all actions required of the Special Master and otherwise assist Weil in seeking (and, as applicable, obtaining approval of) payment of the fees and documented expenses incurred pursuant to this letter from the Litigation Parties, including by making any necessary or desirable filings in the Specified Litigation to reasonably increase, if necessary, any cap or limitation of fees permitted to be incurred by the Special Master and its advisors.

Notwithstanding anything to the contrary in this letter, Weil and the Special Master each acknowledge and agree that the Special Master shall not be personally responsible for any fees or expenses, or other amounts or payments that may be due and payable directly or indirectly under this letter.

To the extent feasible, Weil will bill monthly for our services and expenses on a regular basis, in connection with the Engagement. Our fees are based on our regular hourly rates then in effect for attorneys or paralegals working on matters for you. Currently, Weil's regular hourly rates range from $1,795, for our most experienced partners, to $630, for our most junior associates, and from $260 to $460 for our paralegal professionals. We periodically adjust our billing rates, which will be reflected on our billing statements to you. Our policies about charging for expenses are spelled out in the Additional Terms.

### End of the Engagement

You may terminate the Engagement or any future engagement governed by this agreement at any time and for any reason, but any fees or expenses accrued up to the time you give us notice of the termination will remain due and owing pursuant to the terms of this letter. We may stop providing services to you to the extent permitted or required by our ethical or other obligations. When we complete the services that you have retained us to perform in a particular engagement, we may consider that engagement concluded without further confirmation and notice to you, unless you ask us to perform additional work that we agree to undertake. When we complete the services that you have retained us to perform in all existing engagements, unless you ask us to perform additional work that we agree to undertake, you will have the status of a former client under the ethics rules without further confirmation.

### Other Terms

Please read the attached Additional Terms carefully and contact me if you have any questions. The Additional Terms set forth other important aspects of our agreement concerning the Engagement, including the following:

- *Conflicts Waiver:* When we may represent other present or future clients adversely to you in matters not substantially related to the work we are doing for you.

Page 3                                                                    **Weil, Gotshal & Manges LLP**

- *Confidential Communications with Counsel to Weil:* Weil has an internal General Counsel. If we consult with our General Counsel about the Engagement, we will not disclose those communications to you.

- *Client Documents:* Your access to documents relating to the Engagement.

We have not agreed to any "attorneys guidelines," "outside counsel guidelines" or other terms and conditions (collectively, "guidelines"). In the event you have adopted (or in the future adopt) guidelines, we are not bound by them unless we expressly agree in writing with specific reference to this letter. To the extent that any provision in the guidelines purports to supersede this paragraph and/or this engagement letter, we agree that provision has no effect.

*   *   *

We are undertaking to represent you based on your agreement to the terms of this letter and the attached Additional Terms. If this letter and the attached Additional Terms correctly set forth our understanding, please sign and date a copy of this letter and return it to me. Please also provide your taxpayer identification number in the space indicated below. If, at your request, we commence work on the Engagement prior to your execution and return of this letter agreement, we will proceed on the basis of the terms hereof, including the attached Additional Terms, and in reliance on this specific provision.

*[Remainder of Page Intentionally Left Blank]*

Thank you for giving us the opportunity to represent you. We look forward to developing a strong and lasting future relationship.

Very truly yours,

Ray C. Schrock, P.C.

AGREED TO AND ACCEPTED
As of May 10, 2021

Robert B. Pincus

By: _____
　　Special Master

Page 5                                                                  **Weil, Gotshal & Manges LLP**

## ADDITIONAL TERMS OF ENGAGEMENT

These additional terms of engagement are an integral part of our agreement to provide you with legal services. If you have any questions about these terms, please contact us promptly.

### The Client in the Engagement

Weil's engagement is to represent only the specific person or entity identified either in the initial engagement letter to which these Additional Terms are attached or in a subsequent written communication. Unless specifically agreed in advance, our representation of you does not include representation of any of your affiliates. For example, if you are a corporation, our representation does not include any of your parents, subsidiaries, or other affiliates, or any individual directors, officers, employees, shareholders, or agents of such entities. If you are a partnership or other non-corporate entity, our representation does not include any of your individual general or limited partners, members or managing members, officers, or agents. If you are an individual, our representation does not include your spouse, siblings, or other family members or any entity of which you are an owner, shareholder, partner, member, officer, or director. As a consequence and unless we otherwise agree in writing, Weil may, during its representation of you, continue to take on the representations of other clients that are adverse to any of your affiliates.

In performing services for you, we will advise and consult with you by communicating with you or the individuals you designate.

The advice that we communicate to you or to your designees is not intended to and should not be communicated to or relied on by any other person or entity without our written consent

If we agree to represent any of your affiliates, we will be doing so with the express understanding that those affiliates are bound to the engagement letter to which these Additional Terms are attached and the terms "Special Master," "you," "your," and the like shall also refer to those persons or entities.

### Special Provisions for Joint Representations

If we agree to represent more than one person or entity in a single matter, certain other provisions concerning the sharing of confidential information, the applicability of the attorney-client privilege, potential conflicts of interest, and Weil's role (and right to continue or withdraw from the representation of one or more of the clients) before or if conflicts of interest develop between any one or more of the joint clients may need to be addressed. In that event, we will confirm those provisions with each joint client through a separate letter.

### Weil's Services to You

It is important that you and we have a clear understanding of the services that you expect Weil to provide. The letter to which these Additional Terms are attached describes the scope of the initial engagement. If you retain Weil for an additional matter, we will confirm the scope of that matter by letter or by email.

To enable us to represent you effectively, it is important to cooperate with us and fully and accurately disclose to us all facts and documents that are relevant to the matter or that we may otherwise request. We will rely on the accuracy and completeness of the information, including documentation, you provide to us and it may form the basis of our legal advice to you and our conduct of the Engagement. You agree to make the appropriate individuals reasonably available to attend meetings, discovery proceedings, and conferences, hearings, and other proceedings.

From time to time, we may give you our views about interim and ultimate potential outcomes of your matter. Although we will use our best professional judgment, we cannot guarantee the outcome. Our professional judgment concerning your matter is, of course, limited by our knowledge of the facts and based on the law in effect at the time.

### Conflicts of Interest

You understand that Weil is a general service law firm that represents clients from a broad range of industries in a wide variety of national and international matters. As used herein, the term "clients" means Weil's current and future clients. Our website at www.weil.com lists our practice areas and many of our recent representations. Importantly, Weil's other clients may include your or your affiliates' successors, assignees, debtors, creditors, direct competitors, or adversaries (in transactions or litigation or other matters). For example, when Weil's restructuring and bankruptcy practice represents a debtor in financial distress, Weil could be called on to act against certain of the debtor's creditors or other parties in interest. Given the complexity of the financial restructuring process and the large number of parties typically involved, the firm's other current or future clients in unrelated matters, including you or your affiliates, could be creditors or parties in interest of the debtor.

Without a binding conflicts waiver, conflicts of interest might arise that could deprive you or others of the right to select Weil as their counsel. Therefore, as an integral part of our agreement, you agree that Weil may represent other clients (including any adversary in a matter in which we represent you) against you in other current or future litigation, transactional, advisory, or restructuring (see below) matters, as long as those matters are not substantially related to the legal services that Weil has rendered, is rendering, or will render to you ("Allowed Adverse Representations").

A "restructuring" matter means Weil's representation of one or more debtors, creditors, or other parties in interest in (i) a refinancing, recapitalization, restructuring, renegotiation, or other out-of-court

workout of a debtor's financial obligations, (ii) any matter or proceeding arising in or related to a case under title 11 of the United States Code or similar laws, rules, or regulations in any applicable US or foreign jurisdiction, including the claims allowance process in such a case, (iii) an in-court or out-of-court foreclosure or exercise of creditor remedies, or (iv) a winding-up, dissolution, or liquidation of a debtor. But a "restructuring" matter does not mean a lawsuit alleging actual fraud or willful misconduct by you in connection with a debtor.

You also agree that you will not assert (or cause any other entity to assert) that either (a) Weil's representation of you or any of your current or former affiliates in any past, present, or future matter or (b) Weil's actual, or possible, possession of confidential information belonging to you or any of your current or former affiliates is a basis to disqualify Weil from representing other clients in Allowed Adverse Representations. You further agree that Weil's representation of other clients in Allowed Adverse Representations does not breach any duty that Weil owes to you.

We are not currently aware of any such circumstance, but it may transpire that in the future, stock or other specific assets for which you are bidding or acting as financing source to a bidder, and in which we are representing you, could also be the subject of a bid by one or more of our other clients or one or more of our other clients could be providing financing to another bidder. Should that occur, Weil will set up a screen between those representing you with respect to your bid or financing and all lawyers and other personnel representing any other bidder or financing source, to prevent information from passing from one side of the screen to the other, and to prevent all screened-off personnel from gaining any access to your documents, strategies, or other confidences. You hereby consent to these screening procedures and to our representation of such competing bidders or financing sources. You also understand that we may not be able to inform you that Weil is representing a competing bidder or financing source to a competing bidder, based on our ethical or other obligations to our clients.

We wish to make sure that you have sufficient information, and that we have explained to you the risks involved, in agreeing to the advance waivers described above. Please do not hesitate to contact us if you have any questions.

Fees and Expenses

Our billing statements will set forth the time expended in rendering Weil's services, will describe those services, and, if requested, will specify the name of the individual who rendered the services during the particular period and that person's hourly billing rate.

In addition to the payment of fees, Weil will seek reimbursement for all expenses incurred in connection with the services rendered. We will itemize all categories of reimbursable expenses as part of our statement.

Page 8                                                                                    **Weil, Gotshal & Manges LLP**

We also may forward to you certain invoices or charges (e.g., expert fees, court reporter charges, corporate filing fees, etc.) received by us from third parties acting for your benefit. We will seek direct payments in a timely manner.

You also agree that fees and expenses incurred in responding to subpoenas or testifying about the matters in which we have represented or are representing you (including a review for privilege or other immunity from disclosure) will be payable pursuant to the letter to which these Additional Terms are attached.

Please review our statements as soon as you receive them and promptly raise any questions that you may have. If you do not do so, we will assume that you accept the statements as presented. Upon receipt of each of our statements, the amount will be immediately due to us unless otherwise agreed.

Clients sometimes ask us to estimate the total fees and disbursements they are likely to incur or provide a "budget" in connection with a particular matter. We are pleased to provide estimates or budgets whenever practical. But, unless we otherwise agree in writing, those estimates or budgets do not represent a maximum, minimum, or fixed fee quotation and do not affect your obligation to make payment under the terms hereof.

Counsel to Weil

From time to time questions may arise concerning our ethical or professional duties. These might include, for example, possible conflicts of interest between two or more clients, and could even include a dispute between us and a client over the handling of a matter. Normally, when those questions arise we consult with our internal General Counsel, who may also consult with other partners based on their expertise. We consider those consultations to be attorney-client privileged communications between firm personnel and the counsel for the firm. Although some recent decisions have confirmed the privileged and confidential nature of those communications, other recent decisions have suggested that those communications should be disclosed to the client unless the law firm either withdraws from the representation or obtains the client's consent to consult with firm counsel. We believe that those latter decisions are incorrect and fail to address the facts that the confidential information of other clients may be involved and that those communications would unquestionably be privileged if the law firm instead consulted with outside counsel.

We believe that it is in our mutual interest that, if legal ethics or other questions arise about a representation, we receive expert analysis and advice about our professional duties. Accordingly, and because we are sure you believe that each client's confidential information must not be shared with any other client, you agree that if during or after the Engagement we consult with our internal General Counsel, we may do so without disclosing those communications to you.

Choice of Law and Jurisdiction

The laws of the State of New York alone (including all rules or codes of ethics which apply to providing legal services), and without regard to its conflict of law rules, shall govern this agreement and its interpretation. Any dispute relating to Weil's representation of you shall be decided exclusively by a state or federal court sitting in New York County without a jury. Both we and you consent to the jurisdiction of these courts over each of us and waive any right to a jury trial, and you waive any defense or objection to the propriety or convenience of such forums. However, if a dispute arises between us relating to our fees, you may have the right to arbitrate the dispute pursuant to Part 137 of the Rules of the Chief Administrator of the Courts of New York State.

Client Documents

As part of the Engagement, we may receive or create certain documents that we will maintain as part of your file. Those documents could include original transaction documents, deeds, negotiable instruments, or other documents that have intrinsic value to you. Your file may also include other materials that could be useful to you, such as any advice that we communicated to you concerning the Engagement or documents (physical or electronic) received from you or other parties that have a substantive bearing on your rights. In addition, we maintain our own files concerning matters on which we work. These firm files include, for example, firm administrative records and other materials prepared by or for our internal use, such as drafts, notes, internal email and memoranda, and legal and factual research.

After the Engagement ends, at our discretion, we may offer to return your file to you by sending you a written notice. You agree that if you do not respond within 60 days, we may return any documents that have intrinsic value and dispose of the balance of your file in our discretion. If we do not send you a notice, we will maintain your file for one year from our last billing statement to you, after which we may dispose of it. At that time we will return to you any documents that have intrinsic value that we had not already returned. You also agree that we may dispose of our internal files when we find it reasonable to do so.

After Termination of the Engagement

The following provisions will continue in effect, without further action by either of us, after our representation of you has ceased: the obligation to pay all outstanding as well as accrued fees and expenses; our obligation to return any unused retainer to you; all conflict waivers to which you have agreed; the confidentiality of our communications with our internal General Counsel or other counsel; our obligation to return your file to you; and the choice of law, dispute resolution, and jurisdiction provisions.

Once the engagement has concluded, Weil will have no responsibility to inform you about changes in the law that affect advice or opinions that Weil has previously provided.