

**DLA Piper LLP (US)**
1201 Market Street
Wilmington, Delaware 19801
www.dlapiper.com

R. Craig Martin
craig.martin@us.dlapiper.com
T  302 468-5700
F  302 394-2341

November 10, 2025

**VIA ECF**

The Honorable Leonard P. Stark
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801-3570

*RE: Crystallex International Corporation v. Bolivarian Republic of Venezuela (No. 17-mc-151-LPS)*

Dear Judge Stark:

    Rusoro Mining Ltd. ("Rusoro") writes to further address Gold Reserve Ltd.'s ("Gold Reserve's") action filed on November 7, 2025, in the Delaware Court of Chancery against Rusoro. This action, as stated in Rusoro's letter to this Court in D.I. 2522, seeks preliminary and permanent injunctive relief aimed at impeding the sale of the PDV Holding Shares.  It is an eleventh-hour attempt to undermine this Court's jurisdiction and the judicial sale process over which this Court has diligently presided. Rusoro respectfully reiterates and supports Amber's request for a conference and adds the following points for the Court's consideration.

    First, as Amber Energy noted in its letter (D.I. 2523), Gold Reserve has filed nearly all papers in its Chancery action under seal, including the proposed preliminary injunction order.  That approach is highly improper knowing—as Gold Reserve does—the impact such litigation would have on this Court's judicial sale process.  The issues Gold Reserve purports to raise directly concern the judicial sale that has been the subject of open and searching scrutiny in this Court, with thousands of pages of public briefing and days of live testimony from witnesses including Gold Reserve's CEO, Mr. Paul Rivett.  There is no legitimate basis for Gold Reserve to conceal from this Court and the parties the very pleadings through which it now seeks to derail a sale process supervised here.  Gold Reserve's proposed sealing of court documents is particularly unjustifiable given that Gold Reserve relies upon agreements such as the Consortium Agreement, which have already been made known to certain of the parties and this Court through prior disclosure.  Gold Reserve cannot justify this sealing or explain what severe commercial harm may come to it should the terms of the Consortium Agreement be disclosed.  Meanwhile, Gold Reserve's attempt to proceed in secret only underscores the cynical and disruptive nature of its filing, which it has publicized through news outlets without allowing the public, this Court, or any of the Parties to the proceeding, to understand the nature of its allegations, which Rusoro submits



Page Two

are flimsy and unsubstantiated.[1]  Rusoro agrees with Amber Energy and respectfully joins its request for the Court to order Gold Reserve to produce, forthwith, all filings from its Chancery action to all interested parties in unredacted form.

      Second, Gold Reserve's decision to file in the Court of Chancery rather than present any concerns to this Court during recent hearings and rounds of briefing confirms the improper forum-shopping. If Gold Reserve believed it had a cognizable basis to "prevent" the closing or to otherwise challenge the sale process, it was obligated to raise those issues in this proceeding and on an appropriate timetable, or even during the hearings this Court conducted in both September and October 2025.  Instead, Gold Reserve has elected to ask a different court, that does not have any background or context for this eight-year litigation, to enjoin conduct integrally tied to the judicial sale this Court has authorized and overseen.  That is a transparent and untimely collateral attack on this Court's jurisdiction and on any judgment Your Honor will issue. The proper venue for any such relief Gold Reserve is seeking is **this Court**.

      Finally, Rusoro joins Amber Energy's request that the Court convene a conference at the earliest practicable time to address these matters and to establish the immediate steps necessary to protect the integrity of the sale process and the Court's authority.

      Rusoro reserves all rights to seek relief in this Court, including, without limitation, through an appropriate motion under the All Writs Act, 28 U.S.C. § 1651, to protect this Court's jurisdiction and ensure that the sale process can be concluded without interference by last-minute state court injunctive proceedings.

      We appreciate the Court's attention to this urgent issue and are available to participate in a conference at the Court's convenience.

      Respectfully submitted,

      */s/ R. Craig Martin*
      R. Craig Martin

cc: Counsel of Record (via ECF)

---

[1] *See* Exhibit A hereto, Gold Reserve's Press Release on November 10, 2025, "Gold Reserve Announces Filing of Complaint in Delaware Court of Chancery Against Rusoro Mining Ltd."