

**DLA Piper LLP (US)**
1201 Market Street
Wilmington, Delaware 19801
www.dlapiper.com

R. Craig Martin
craig.martin@us.dlapiper.com
T   302 468-5700
F   302 394-2341

November 19, 2025

**VIA ECF**

The Honorable Leonard P. Stark
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801-3570

RE: *Crystallex International Corporation v. Bolivarian Republic of Venezuela (No. 17-mc-151-LPS)*

Dear Judge Stark:

Rusoro Mining Ltd. ("Rusoro") and Gold Reserve Ltd. ("Gold Reserve") hereby submit the following joint status report pursuant to Your Honor's November 17, 2025 oral order (D.I. 2533) concerning Gold Reserve's motion for preliminary injunction (the "PI Motion") filed in the Delaware Court of Chancery in the matter of *Gold Reserve Ltd. v. Rusoro Mining Ltd.*, 2025-1292-LWW (Del. Ch.) ("Chancery Action"). Rusoro and Gold Reserve have been unable to agree on either the timing or proper forum for Gold Reserve's claims and hereby provide the Court with their respective positions.

### Rusoro's Position

Rusoro submits this Court has jurisdiction and authority to address all the matters raised in Gold Reserve's complaint and its accompanying PI Motion. Each of Gold Reserve's allegations expressly concerns conduct undertaken in connection with the sale process that has been ongoing in this Court for several years. Inasmuch as Gold Reserve seeks a preliminary injunction, it is incontrovertible that this Court possesses jurisdiction over this matter and parties currently before it, as well as the inherent authority to make orders governing those parties' ability to take actions in connection with the sale, including, *inter alia*, to prohibit them from participating in a sale in the manner that Gold Reserve's PI Motion seeks. It is solely by virtue of Gold Reserve's decision to bring a plenary lawsuit to obtain relief, that it indisputably could have sought and obtained from Your Honor **in this proceeding**, that Gold Reserve is able to question this Court's subject matter jurisdiction by claiming a lack of complete diversity.[1] Even to the extent that Gold Reserve needed

---

[1] Rusoro does not concede that the Court would lack jurisdiction over the Chancery Action. *See Hertz Corp. v. Friend*, 5459 U.S. 77 (2010) (holding that for purposes of federal diversity jurisdiction, a corporation's principal place of business can be defined as its "nerve center," where its leading officers direct, control, and coordinate its activities.). Gold Reserve's recent securities filings show that it maintains its principal place of business in Spokane,

DLA Piper LLP (US)



Page Two

to bring its allegations and claims for relief via a new complaint, as opposed to seeking relief through the sale process itself,[2] Gold Reserve could – and should – have brought its claim as a crossclaim in this proceeding, given that the claim arises out of the same transaction and property that is the subject matter of the original action. *See* Fed. R. Civ. P. 13(g). Such a crossclaim would be supported by subject matter jurisdiction pursuant to 28 U.S.C. 1367(a), which confers supplemental jurisdiction over all claims that are sufficiently related to the original claim as to be part of the same case or controversy as the original claim.[3]

Rusoro does not at this time seek to move the entire Chancery Action to this Court, though it does intend to move the Chancery Court for a stay or dismissal of that action,[4] on grounds that it was commenced improvidently, and that the Chancery Court should abstain under principles of the "first-filed" rule,[5] prohibitions against forum shopping and claim-splitting, and other authorities. Although Rusoro asked for Gold Reserve's consent to a temporary stay of the Chancery Action pending receipt of this Court's views concerning the timing and most appropriate forum for Gold Reserve's claims, which the Vice Chancellor instructed us to attempt to obtain, Gold Reserve refused.

While Rusoro reserves the right to formally seek relief from this Court, including, *inter alia*, injunctive relief pursuant to the All Writs Act, 28 U.S.C. § 1350, Rusoro does not believe that such a motion is necessary at this time, as the Chancery Court's refusal to expedite this action

---

Washington. *See* Gold Reserve's Form 6K, filed December 2024, *available at*: sec.gov/Archives/edgar/data/1072725/000107272524000071/gdrzfform6k121324.htm. Rusoro has not sought removal, in part because of the caselaw concerning "split citizenship" cases (*i.e.*, those involving a corporate entity that is incorporated abroad, but maintains its principal place of business in a U.S. state) is unclear. Rusoro, nonetheless, reserves the right to do so.

[2] The only conceivable basis upon which Gold Reserve can claim that it needed to file a new complaint is that its Chancery Action seeks damages. Rusoro notes, however, that the Consortium Agreement – the purported breach of which constitutes the operative nucleus of Gold Reserve's complaint – expressly provides that the parties are not entitled to damages in the event of breach. Consortium Agreement, ¶ 12.

[3] A federal court has the inherent authority to exercise jurisdiction over orders it has entered and because this Court entered the sale order setting up the bidding and sale process, Rusoro submits that the Court has jurisdiction over related disputes. *See Travelers Indemnity Co. v. Bailey*, 557 U.S. 137 (2009) (holding the Bankruptcy Court could take jurisdiction over related disputes concerning the court's prior order and holding it could decide whether a new state court action violated the terms of that order).

[4] That motion will be made subject to a full reservation of rights by Rusoro to argue that the allegations made in Gold Reserve's complaint in the Chancery Action could have been brought before this Court for consideration and adjudication before, during, or promptly after the sale hearing, and that Gold Reserve's failure to make those allegations in this Court constitutes a waiver of its claims and/or results in them being precluded by *res judicata*.

[5] *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Engineering Co.*, 263 A.2d 281 (Del. 1970).



Page Three

has eliminated any imminent risk that the Chancery Court will issue an order interfering with this Court's jurisdiction. If such a risk arises, Rusoro submits that this Court has the authority to address that risk via an appropriate injunctive order prohibiting Gold Reserve from prosecuting the PI Motion, the self-evident purpose of which is to undermine this Court's jurisdiction and prevent the sale process from being consummated. In the interim, and as ordered by the Chancery Court, Rusoro at this time respectfully seeks the Court's guidance on this matter and requests a conference once all submissions have been received.

### Gold Reserve's Position

It is Gold Reserve's position that the Court lacks subject matter jurisdiction to hear this contractual dispute between two foreign corporations. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 569 (2004) (no diversity jurisdiction between two foreign entities); *Dar El-Bina Eng'g & Contracting Co. v. Republic of Iraq*, 79 F. Supp. 2d 374, 387 (S.D.N.Y. 2000) (no supplemental jurisdiction under the Foreign Sovereign Immunities Act). Rusoro has never asserted authority stating otherwise. Moreover, Rusoro has made no actual request for relief from this Court that could trigger an Article III case or controversy other than that it "weigh in" in on this state court proceeding. Finally, although the Delaware Court of Chancery has declined Gold Reserve's request to expedite its motion for preliminary injunction on various grounds including comity and this Court's discretion over the sales process, it otherwise recognized that Chancery Court is "the exclusive forum to resolve disputes" arising from the underlying contract. Dkt. 2531-1, Tr. 29:24-30:2. Accordingly, Gold Reserve respectfully submits that there is simply nothing before this Court or which can properly be before this Court arising from the contract dispute pending in Chancery Court.

\*   \*   \*

Rusoro and Gold Reserve remain available should the Court have any questions.

Dated: November 19, 2025                    Respectfully submitted,

**DLA Piper LLP (US)**

*/s/ R. Craig Martin*
R. Craig Martin (I.D. No. 5032)
Caleb G. Johnson (I.D. No. 6500)
1201 North Market Street, Suite 2100



Page Four

    Wilmington, DE 19801
    Telephone: 302-468-5655
    Fax: 302-778-7834
    craig.martin@us.dlapiper.com
    caleb.johnson@us.dlapiper.com
    -and-

    James E. Berger (*pro hac vice*)
    Charlene C. Sun (*pro hac vice*)
    Joshua S. Wan (*pro hac vice*)
    Alice A. Gyamfi (*pro hac vice*)
    1251 Avenue of the Americas
    New York, NY 10020
    Telephone: 212-335-4715
    Fax: 212-884-8715
    James.berger@us.dlapiper.com
    Charlene.sun@us.dlapiper.com
    Joshua.wan@us.dlapiper.com
    Alice.gyamfi@us.dlapiper.com

    *Attorneys for Rusoro Mining Ltd.*

cc: Counsel of Record (via ECF)