**quinn emanuel** trial lawyers | wilmington

500 Delaware Avenue, Suite 220, Wilmington, Delaware 19801 | TEL (302) 302-4000 FAX (302) 302-4010

WRITER'S DIRECT DIAL NO.
**(302) 302-4030**

WRITER'S EMAIL ADDRESS
**michaelbarlow@quinnemanuel.com**

November 24, 2025

The Honorable Leonard P. Stark
United States District Court
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, Delaware 19801

Re: *Crystallex Int'l Corp. v. Bolivarian Rep. of Venezuela,* Case No. 17-mc-151-LPS

Dear Judge Stark:

We write on behalf of Amber Energy Inc. ("Amber") regarding two items: the letter filed November 21, 2025, through which Gold Reserve Ltd. ("Gold Reserve") asks this Court to "enter an order forthwith" requiring Amber to disclose certain regulatory information (D.I. 2547), and the premature motion to stay a not-yet-entered sale order that was filed by the Bolivarian Republic of Venezuela, Petróleos de Venezuela, S.A., PDV Holding, Inc., and CITGO Petroleum Corporation ("the VPs") on November 20, 2025 (D.I. 2540).

As an initial matter, Amber, along with the Special Master, Crystallex, Conoco and others, met and conferred with both the VPs and Gold Reserve on Wednesday, November 19, 2025. The VPs and Gold Reserve each requested unilateral concessions and neither offered any assurances to protect Amber and the senior writholders from the serious risk of harm associated with a stay. Gold Reserve requested 24 hours' notice of regulatory approvals and in response to Amber's inquiry the next day made clear they would seek to stay this Court's anticipated order and judgment even if Amber agreed to provide the requested notice. The VPs requested a stay and, following the call, offered a proposed briefing schedule for an expedited appeal. While Amber and the other parties were not willing to consent to a stay, they indicated they are willing to jointly request that the Third Circuit expedite the appellate briefing. Without further discussion, the VPs filed their stay motion and Gold Reserve submitted its letter.

As to Gold Reserve's request, its letter identifies no authority for the judicial relief it seeks, nor any logic by which a failed bidder has a right to any information whatsoever about a sale in which it has no role. Gold Reserve has no entitlement to the "notice" it demands, nor to any other information about Amber's closing process, and there is abundant cause for concern given Gold Reserve's recently demonstrated litigiousness. Nonetheless, in the interests of transparency and to relieve the Court of the burden of having to resolve yet another dispute, Amber discloses that

The Honorable Leonard P. Stark
November 24, 2025
Page 2

the applicable waiting period for this proposed transaction under the Hart-Scott-Rodino Antitrust Improvements Act has expired without FTC action and voluntarily agrees to inform the Court and the parties to this proceeding of any further regulatory approvals received in connection with this proposed transaction within one day of receipt.

    As to the VPs' premature motion for a stay pending appeal of a hypothesized sale order, it makes little sense for Amber to respond prior to such an order even coming into existence. That is reason enough to deny the motion and direct the VPs to make any stay motion only after there is an actual order or judgment for them to seek to stay. In all events, Amber expects to oppose any such motion and will be prepared to do so expeditiously.

                Respectfully submitted,

                */s/ Michael A. Barlow*

                Michael A. Barlow (No. 3928)

cc: All Counsel of Record (via CM/ECF)

.