

**DLA Piper LLP (US)**
1201 Market Street
Wilmington, Delaware 19801
www.dlapiper.com

R. Craig Martin
craig.martin@us.dlapiper.com
T   302 468-5700
F   302 394-2341

December 12, 2025

**VIA ECF**

The Honorable Leonard P. Stark
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801-3570

RE: *Crystallex International Corporation v. Bolivarian Republic of Venezuela (No. 17-mc-151-LPS)*

Dear Judge Stark:

Pursuant to the Court's Order dated November 21, 2025 (D.I. 2546) (the "November 21 Order"), Rusoro Mining Ltd. ("Rusoro") and Gold Reserve Ltd. ("Gold Reserve") hereby submit the following joint status report. Consistent with the November 21 Order, Rusoro, Gold Reserve, the Special Master, the Sale Process Parties, Additional Judgment Creditors, and other interested parties conferred regarding Gold Reserve's complaint and motion for preliminary injunction filed in the Delaware Court of Chancery in the matter of *Gold Reserve Ltd. v. Rusoro Mining Ltd.*, 2025-1292-LWW (Del. Ch.) ("Chancery Action").

### I.   Chancery Court Scheduling Order on Briefing Gold Reserve's Complaint

The Chancery Court has entered Rusoro and Gold Reserve's stipulated scheduling order setting forth a briefing schedule for Rusoro to respond to Gold Reserve's complaint. The scheduling order is attached hereto as **Exhibit A** and its terms are as follows:

1. Defendant shall file its Motion to Dismiss the Complaint and Opening Brief in Support thereof on or before December 30, 2025;
2. Plaintiff shall file its Answering Brief in Opposition to the Motion to Dismiss on or before January 30, 2026;
3. Defendant shall file its Reply Brief in Further Support of its Motion to Dismiss on or before February 16, 2026;
4. Counsel for the parties shall contact the Court to schedule oral argument on the Motion to Dismiss once the Answering Brief has been filed.

DLA Piper LLP (US)



Page Two

### II. Stipulated Confidentiality Order

Rusoro and Gold Reserve have executed a Stipulated Confidentiality Order in accordance with Section C(7)(f)(iv) ("Confidentiality Stipulations and Orders") of the Guidelines to Help Lawyers Practice in the Court of Chancery, attached hereto as **Exhibit B**. Once the Order is entered by the Court, parties in this District Court action may execute Exhibit A of the Order, which will in turn entitle those parties to receive copies of Gold Reserve's unredacted complaint, motion for preliminary injunction and accompanying documents.

### III. Effect of Injunctive Provisions of Sale Order

**Rusoro's Position**

Rusoro submits that Gold Reserve's Chancery Action violates the injunctive provisions of the Court's November 29, 2025 Sale Order (the "Sale Order") (D.I. 2556). Specifically, paragraph 6 of the Sale Order provides:

> All Interested Parties and any Persons or entities acting in concert with them are **prohibited and enjoined from taking any action that adversely affects, interferes with, is likely to frustrate** or is in any way inconsistent with the ability of the Special Master or his Advisors and agents to transfer the PDVH Shares to Buyer in accordance with the Stock Purchase Agreement and this Order, subject to Paragraph 26 hereof, and, provided that, the foregoing restriction shall not prevent any Person or entity from exercising any rights granted or preserved by this Order (including Paragraph 26 hereof)[.]

D.I. 2556, ¶ 6. Inasmuch as Gold Reserve's Chancery Action seeks an injunction that would prohibit Rusoro from taking actions in connection with the consummation of the transaction authorized by the Sale Order – and, as pled, it does precisely that – Rusoro believes that Gold Reserve's continued prosecution of that action violates paragraph 6.

**Gold Reserve's Position**

It is Gold Reserve's position that the Chancery Action filed November 7, 2025 does not violate the Court's November 29, 2025 Sale Order (Dkt. 2556). The Delaware Court of Chancery has already considered the comity concerns related to the Sales Process and held it is "the exclusive forum to resolve disputes" arising from the underlying contract while declining to consider injunctive relief based on those same comity principles. Dkt. 2531-1,Tr. 29:24-30:2. Thus, there is no risk of interference with this Court's Sales Process as the Special Master recognized in his



November 20, 2025 Letter to this Court: "[T]he Chancery Court's denial of Gold Reserve's motion to expedite proceedings in connection with its motion for a preliminary injunction appears to have eliminated any imminent risk that the Chancery Court will issue an order interfering with this Court's sale process in the near future." Dkt. 2537 at 1. Accordingly, to the extent Rusoro is suggesting that the Court enjoin the Delaware Chancery Court proceeding, under these circumstances none of the very narrow exceptions to the Anti-Injunction Act would permit such relief. See 28 U.S.C. § 2283.

\*   \*   \*

Rusoro and Gold Reserve remain available should the Court have any questions.



Page Four

Dated: December 12, 2025

Respectfully submitted,

**DLA Piper LLP (US)**

*/s/ R. Craig Martin*
R. Craig Martin (I.D. No. 5032)
Caleb G. Johnson (I.D. No. 6500)
1201 North Market Street, Suite 2100
Wilmington, DE 19801
Telephone: 302-468-5655
Fax: 302-778-7834
craig.martin@us.dlapiper.com
caleb.johnson@us.dlapiper.com
-and-

James E. Berger (*pro hac vice*)
Charlene C. Sun (*pro hac vice*)
Joshua S. Wan (*pro hac vice*)
Alice A. Gyamfi (*pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: 212-335-4715
Fax: 212-884-8715
James.berger@us.dlapiper.com
Charlene.sun@us.dlapiper.com
Joshua.wan@us.dlapiper.com
Alice.gyamfi@us.dlapiper.com

*Attorneys for Rusoro Mining Ltd.*

cc: Counsel of Record (via ECF)