IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Case No. 17-mc-151-LPS <br><br> **REDACTED VERSION** |

# EXHIBIT D

EFiled: Jan 02 2026 11:32AM EST
Transaction ID 78111108
Case No. 2025-1292-LWW

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| **GOLD RESERVE LTD.** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**RUSORO MINING LTD.** )<br>)<br>Defendant. )<br>) | C.A. No. 2025-1292-LWW<br><br>**PUBLIC VERSION**<br>**Filed: January 2, 2026** |

### PLAINTIFF GOLD RESERVE'S REPLY IN SUPPORT OF MOTION FOR EXPEDITED PROCEEDINGS

Plaintiff Gold Reserve Ltd. ("Gold Reserve"), by and through its undersigned attorneys, in response to the opposition filed by Defendant Rusoro Mining Ltd. ("Rusoro") on November 11, 2025 (the "Opposition"), hereby respectfully submits this reply in support of its motion seeking an order expediting proceedings (the "Motion").

### INTRODUCTION

1. Gold Reserve filed this case in this Court because it is the contractually mandated forum for this dispute and because there is no federal subject matter jurisdiction over these claims.

2. In response, Rusoro informed Gold Reserve that it intended to ask the Delaware district court to effectively enjoin this action and was "not willing to

discuss a proposed scheduling order" for the pending motion for preliminary injunction motion at this time.

3. Contrary to Rusoro's assertions, Gold Reserve does not contend that the Court needs to decide this motion before November 30, 2025. The Special Master in the district court action recently informed the Third Circuit that it will take until at least some time in January and possibly longer for any approved bid to close. *See* Ex. A (November 3, 2025 Letter from Special Master to the Third Circuit).

4. By this motion, Gold Reserve merely requests that an expeditious schedule be set so that the very limited discovery that it seeks at this time can be completed and a hearing held before the challenged transaction is poised to close. Gold Reserve has attempted to confer with Rusoro and reach an agreed-upon schedule for hearing Gold Reserve's Motion for Preliminary Injunction, but Rusoro stated it is "not willing to discuss a proposed scheduling order until the Court of Chancery decides whether the matter should be expedited and until the federal court has a chance to provide its view of the situation." Ex. B (November 11, 2025 Email from C. Martin). Absent such agreement, Gold Reserve asks this Court to set the following schedule: Limited document and deposition discovery to be completed on or before December 15, 2025; Rusoro to respond to Gold Reserve's motion by December 22, 2025; Gold Reserve to submit its reply on December 29, 2025; and the Court to hear the motion by January 15, 2026 or as soon thereafter as is feasible.

Gold Reserve proposed this specific schedule to Rusoro before filing this reply and conferred with them about the proposal this morning, but Rusoro maintains its unwillingness to discuss a schedule as of the time of this submission.

## ARGUMENT

5. Contrary to Rusoro's assertions, Gold Reserve commenced this action in this Court because it is the exclusive contractually designated forum in which to do so. Indeed, as a contractual dispute between two Canadian companies, the district court is without jurisdiction to hear the dispute. *See* 28 U.S.C. §1332(a) (diversity jurisdiction does not include disputes between aliens); *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569 (2004) (requisite diversity is absent under § 1332 for disputes between aliens).

6. Equally incorrect is Rusoro's strident claim that this action is part of a "desperate" "eleventh-hour" campaign to derail the district court's jurisdiction and sale process. To the contrary, Gold Reserve has proceeded judiciously and promptly. It filed this action (a) only nine days after the district court set an imminent decision date of November 30, 2025; (b) within approximately two weeks of determining that it would not be able to cure the harm to its Dalinar Bid caused by Rusoro's breaches and the consequential termination of Gold Reserve's Stock Purchase Agreement those breaches caused (Ver. Compl. ¶ 64); and (c) less than two months after the testimony of Elliott Investment Management confirmed that Rusoro violated its

3

contractual obligations (*Id.* ¶ 53).  Rather than dilatory or pretextual, Gold Reserve's actions reflect it has proactively moved to protect its rights, including seeking this emergent relief as soon as it became necessary to do so.  This short period is not the kind of "delay" that causes Delaware courts to deny a motion to expedite proceedings.  *See, e.g.*, *Hammann v. Adamis Pharms. Corp.*, No. 2021-0506-PAF, 2023 WL 5424109, at *5 (Del. Ch. Aug. 23, 2023) (motion to expedite was granted despite "several week[]" delay in Plaintiff bringing the action and motion to expedite); *cf. Intrepid Invs., LLC v. Selling Source, LLC*, No. CIV.A. 8261-VCN, 2013 WL 494355, at *2 (Del. Ch. Feb. 8, 2013) (an unreasonable five-month delay in filing action was sufficient to require denial of motion to expedite).

7. Rusoro's attempt to mischaracterize Gold Reserve's actions is best reflected in its unfair description of Gold Reserve's motion to disqualify in the district court action.  Contrary to Rusoro's presentation, the undisputed facts are that Gold Reserve filed that motion almost immediately after learning for the first time only *after* the district court's mid-September evidentiary hearing that during the course of that action the Elliott/Rusoro consortium had paid over $170 million in undisclosed fees to the counsel for the Special Master now recommending their bid.  Moreover, the district court has not denied the motion to disqualify but only recently indicated it will decide the motion by November 20, 2025 before selecting a winning bid by November 30, 2025.  The district court set this staged decision schedule

immediately after Gold Reserve filed its petition for a writ of mandamus seeking an order that the district court decide the disqualification motion before it decided the merits. Gold Reserve had previously requested such a staged schedule from the district court without success until it filed its petition.

8. Rusoro's remaining arguments attempt to address the merits of Gold Reserve's motion for preliminary injunction and not the need for expedited scheduling. These arguments are easily dismissed. First, Rusoro's argument that the only proper remedy here is monetary damages ignores the detailed allegations in the Verified Complaint and Rivett Affidavit that damages will not adequately compensate Gold Reserve for the loss of this incomparable opportunity to acquire a unique and transformative multi-billion-dollar acquisition. Ver. Compl. at ¶¶ 18, 20, 67; Rivett Aff. at ¶ 14. ████████████████

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

9. Second, Rusoro's argument that injunctive relief is unnecessary because Gold Reserve's bid has been irreparably impaired by the Stock Purchase Agreement termination (which Rusoro caused) actually demonstrates why the

5

motion needs to be granted. Rusoro's acknowledgment that its breaches have materially impaired Gold Reserve's bid in a manner that cannot be cured before the November 30, 2025 decision date is a classic situation where provisional relief is appropriate. Such relief is the only way for Gold Reserve to reconstitute its bid.

10. Third, Rusoro's argument that there is insufficient time to conduct the discovery relevant to this motion also supports the conclusion that expedited proceedings are necessary. Gold Reserve's proposed schedule would permit this Court to hear the motion before the earliest possible closing date identified by the district court's Special Master. This schedule is very feasible because there is a very limited time period and number of witnesses involved.

11. Finally, Rusoro's argument that an injunction here would disturb the status quo is as factually incorrect as it is logically incoherent. The relevant status quo here relates to the ownership of the PDVH shares that are the subject of the district court's auction. Absent injunctive relief, if the district court selects the Amber Bid submitted by the Elliott/Rusoro consortium, Amber will race to close on the transaction and irreparably alter that status quo.

12. In sum, Rusoro's Opposition presents no legitimate reason for the Court to deny Gold Reserve's request for expedited scheduling of this motion.

## CONCLUSION

**WHEREFORE**, Gold Reserve respectfully requests that the Court enter an order, in the form attached to the Motion, granting expedited proceedings and setting the motion schedule proposed by Gold Reserve.

Dated: November 12, 2025

OF COUNSEL:

Michael Bowe
Lauren Tabaksblat
Andrew T. Sutton
Kate E. Fisch
Brithem LLP
565 5th Avenue
New York, NY 10017
(646) 653-9378

Respectfully submitted,

Womble Bond Dickinson (US) LLP

*/s/ Kevin J. Mangan*
Kevin J. Mangan (#3810)
Matthew P. Ward (#4471)
Stephanie S. Riley (#5803)
Zachary Murphy (#6881)
1313 N. Market St., Suite 1200
Wilmington, DE 19801
Telephone: 302-252-4320
Kevin.mangan@wbd-us.com
Matthew.ward@wbd-us.com
Stephanie.riley@wbd-us.com
Zachary.murphy@wbd-us.com

*Counsel for Plaintiff*

WORD COUNT: 1,340 / 2,000