FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2026 JAN 20 AM 10:29

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., Plaintiff, | ) |
| v. | ) No. 1:17-mc-00151-LPS |
| BOLIVARIAN REPUBLIC OF VENEZUELA, Defendant. | ) |

# NOTICE OF FILING THIRD CIRCUIT REHEARING PETITIONS IN RELATED APPEALS NOS. 25-2519 AND 25-3323, AND REQUEST FOR STAY OF BRIEFING SCHEDULE PENDING REHEARING DECISION

Re: Briefing Schedule on Jurisdiction over Dr. Garrett's Filings (Oral Order Doc. 2621, January 15, 2026); Related Third Circuit Appeals Nos. 25-2519 and 25-3323; Mandate Doc. 2622

January 19, 2026

Dear Judge Stark,

Pursuant to the Court's Oral Order (Doc. 2621, January 15, 2026), setting a briefing schedule on jurisdiction over my recent filings (e.g., D.I. 2603, 2609, 2612, 2614, 2620, including emergency motions for relief from the sale order), pro se Appellant Dr. Leroy A. Garrett notifies the Court that, on January 17, 2026, I filed combined petitions for panel rehearing under FRAP 40 and rehearing en banc under FRAP 35 in Third Circuit Case Nos. 25-2519 and 25-3323. These petitions (identical language and exhibits) challenge the November 25, 2025, orders (amended and certified January 16, 2026, as Doc. 2622 mandate), seeking vacatur of the intervention denial, dismissal of merits appeals, and remand for full hearing on jurisdiction and substance, including unreferenced FOIA evidence (#8 supplement on Medina's ad hoc perjury omissions),

post-capture developments (#12 status update), Insular Cases analogs for territorial standing (Pillar 1), irrepealable human rights violations (Pillar 2), abuse of commercial privilege (Pillar 3), and Qualified Settlement Fund (QSF under 26 U.S.C. § 468B) as transactional expedient constructive remedy for victims (overlooked in denial of #13 remand motion).

The petitions are timely (filed within 14 days of the mandate, FRAP 40(a)(1)) and directly impact the jurisdictional issues in Doc. 2614/2620 (e.g., post Maduro capture developments create a new jurisdictional posture), and override non-party bar under *Defs. of Wildlife v. Perciasepe*, 714 F.3d 1317, 1328 (D.C. Cir. 2013)), to be more specific, Perciasepe's non party bar does not apply where, as here, victims assert independent statutory rights under the ATS and FSIA, where alter ego status makes the sovereign the true party in interest, and where post capture developments create new jurisdictional facts that were absent from the earlier record. Given this appellate action, I respectfully request a stay of the briefing schedule (responses due January 22, 2026; my reply January 27, 2026) pending rehearing decision, to avoid advisory opinions, conflicting rulings, and prejudice to pro se victim claims, good cause exists under D. Del. L.R. 7.1.5. See In re City of Philadelphia Litig., 49 F.3d 943, 950 (3d Cir. 1995) (recognizing the court's obligation to prevent inconsistent outcomes and ensure fairness in complex, multi party proceedings), deferring district action for appellate developments; *Haines v. Kerner*, 404 U.S. 519 (1972), liberal pro se construction). A stay preserves judicial resources and due process without harm to parties, as rehearings could remand for integrated consideration. Attached are copies of the rehearing petitions in 25-2519 and 25-3323 (or PACER docket confirmations). I remain available for any clarification.

**Respectfully submitted, in the interest of justice..,**

Dr. Leroy A. Garrett
Interested Party with Entry of Appearance
Pro Se Attorney
on Behalf of Proposed Class Representatives
6725 S Fry Road Ste. 700-338. Katy Texas 77494

**Certificate of Service**: Served via ECF/mail.