# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

———

(302) 658-9200
(302) 658-3989 FAX

Alexandra M. Cumings
(302) 351-9248
(302) 425-4670 FAX
acumings@morrisnichols.com

January 20, 2026

**SUBMITTED VIA E-FILE**

The Honorable Leonard P. Stark
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, D.C. 20439

      Re:   *Crystallex International Corp. v. Bolivarian Republic of Venezuela*,
            D. Del. No. 1:17-mc-00151-LPS

      On September 15, 2025, the Venezuela Parties made an oral motion to disqualify the Special Master and his advisors based on new revelations about client relationships between the Special Master's advisors, Elliott, and 2020 Bondholders D.I. 2500 (Hr'g Tr. Sept. 15, 2025 at 101:19–24); the Venezuela Parties renewed that motion on October 9, 2025 after additional discovery further documented the conflicts (D.I. 2385; D.I. 2519). This Court denied the motion to disqualify, but did not conclude that the motion was vexatious, frivolous, or brought in bad faith. *E.g.*, D.I. 2526 at 54 (declining to make any findings regarding Movants' motivations).

      Under the orders governing this case, the Sale Process Parties (Crystallex, ConocoPhillips, and the Venezuela Parties) and Attached Judgment Creditors each pay an equal share of the fees incurred by the Special Master and his advisors. Those fees will be reimbursed out of the proceeds of any sale that closes. D.I. 277 ¶ 16; D.I. 2553 ¶ 292. On December 31, 2025, the Special Master asked the Court to grant a request made by Crystallex and ConocoPhillips—without any prior notification to or conferral with the Venezuela Parties—to shift the obligation for over $3 million in fees incurred by the Special Master and his advisors in defending against the Venezuela Parties' and Gold Reserve's disqualification motions to Gold Reserve and the Venezuela Parties. D.I. 2606 at 3. Crystallex and ConocoPhillips' purported rationale for this fee shifting was that this Court determined that the disqualification motions "lack[ed] merit." *Id.*

      The Venezuela Parties object to this fee-shifting request for three reasons:

      *First*, the Court's conclusion that the VPs' motion to disqualify "lack[ed] merit," D.I. 2526 at 19, is not the same as concluding that the motion was "unreasonable" or "frivolous," as the

The Honorable Leonard P. Stark
January 20, 2026
Page 2

Special Master asserts. D.I. 2606 at 3; D.I. 481 ¶ 47 (allowing the Special Master to "seek from the Court authorization to reallocate payment of any Transaction Expenses … if a Sale Process Party's position in a dispute is found to be unreasonable"); *see also NOVA Chems. Corp. v. Dow Chem. Co.*, No. CV 13-1601, 2015 WL 5766257, at *4 (D. Del. Sept. 30, 2015) (Stark, J.) (rejecting sanctions request where a decision by this Court that an action "lacked merit" was not coextensive with a finding that it was pursued in bad faith or as an effort to be "unreasonable or vexatious").[1] The Court denied the motion on the merits, but before doing so, it ordered the Special Master to make additional disclosures (Hr'g Tr. (Sept. 15, 2025) at 115:21–116:8), and comply with expedited discovery into their relationships with bidders and holders of PDVSA 2020 Bonds (D.I. 2347 (directing the parties to "comply with all commitments . . . memorialized" in the discovery status report)); scheduled a full-morning hearing specifically to consider the disqualification motions filed by the VPs and Gold Reserve (D.I. 2347); and issued a 51-page opinion addressing the motions (D.I. 2526). Likewise, it is difficult to understand how the Special Master and his advisors would have felt the need to spend more than $3 million (of which at least $2.78 million appears to consist of legal fees billed by Weil Gotshal) to defend against a frivolous motion.

The Special Master also implies that the VPs have filed too many motions to disqualify him and/or his advisors throughout the four-year-long sale process. D.I. 2606 (contending the VPs have filed four disqualification motions). Not so. This Court has advised the VPs that where there are "meritorious grounds for disqualifying the [S]pecial [M]aster," they must be brought to the Court's attention promptly. D.I. 544 at 6. Moreover, the conflicts issues the VPs have raised sought to address *different* conflicts arising in different stages of the proceeding or new evidence, and each was made in good faith to address serious ethics concerns, grounded in precedent, and taken seriously by the Court. *See* D.I. 354 (sale design, *i.e.*, Evercore's contingency fee, which indisputably gave Evercore a financial interest in the outcome of the sale process; this was an objection premised on a conflict of interest, *not* a motion to disqualify); D.I. 509 (implementation of the sale, *i.e.*, the Special Master's advocacy to OFAC); D.I. 1138 at 2 (renewing D.I. 509 and presenting new evidence showing that the Special Master requested that "OFAC provide authorization of the Special Master sale process in the form of a General License or broad specific license"); and D.I. 2385 (bid review/bidder engagement, *i.e.*, Weil and Evercore's concurrent representations of Elliott and Bondholders during bid negotiations and the selection of a winning bidder). Such efforts are in no way "inordinate," especially in the context of an unprecedented sale for a multibillion-dollar company owned indirectly by a foreign sovereign.

*Second*, the Special Master and his advisors' $3.1 million bill for responding to the disqualification motions is unreasonable and should be denied. The VPs—the parties that prepared the motion and briefed a reply—incurred substantially less than half that in fees to litigate the disqualification motions, including discovery, briefing, and the hearing. The VPs have long objected to the magnitude of the Special Master's advisors' fees (*see* D.I. 1478 at 2), particularly

---

[1] The VPs, of course, do not believe that the multi-million-dollar conflict of interest casting a pall over these proceedings is meritless. Their arguments on that score are pending on appeal.

The Honorable Leonard P. Stark
January 20, 2026
Page 3

those incurred by Weil Gotshal (which are inflated beyond any reasonable amount for a law firm, much less for advisors to a judicial officer), but Weil's expenditure of resources to defend its own lucrative position in this process defies all reason. D.I. 2606-1 at 7 (436 hours and more than $639,000 in fees billed to disqualification in September); D.I. 2602-2 at 8 (1,080 hours and $1.67 million in fees billed to disqualification in October); D.I. 2606-3 at 7 (350 hours and more than $475,000 in fees billed to disqualification in November).

The Court should reduce all fees incurred in connection with the disqualification motion by at least half.

*Third*, even if fee shifting based on the Court's denial of the disqualification motion were appropriate (it is not), doing so presupposes the outcome of the VPs' expedited appeal of this Court's denial of that motion. If the Third Circuit concludes that the VPs' motion does have merit, the premise of the fee-shifting request will no longer exist. In any event, Crystallex and ConocoPhillips will be reimbursed for all fees paid to the Special Master for defense of the disqualification motions if Amber can obtain regulatory approvals for its purchase of the PDVH stock and the Court's approval of that purchase is affirmed on appeal or whenever a sale concludes.

For the avoidance of doubt, the VPs stand on their still-pending objection that the Special Master and his advisors should receive no payment for their fees in light of their conflicts of interest and continue to reserve the right, after final resolution of the disqualification motion now pending on appeal, to recover fees previously paid. D.I. 2568 at 3; D.I. 2462. The VPs also stand on their standing objection that the Special Master's fees are unreasonably high. *See* D.I. 1478 at 2.

        Respectfully,

        */s/ Alexandra Cumings*

        Alexandra Cumings (#6146)

cc:    Counsel of Record (via ECF)