# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Case No. 1:17-mc-00151-LPS |

**THE BOLIVARIAN REPUBLIC OF VENEZUELA, PETRÓLEOS DE VENEZUELA, S.A., PDV HOLDING, INC., AND CITGO PETROLEUM CORPORATION'S <u>RESPONSE TO LEROY A. GARRETT'S RECENT FILINGS</u>**

OF COUNSEL:

Donald B. Verrilli, Jr.
Elaine J. Goldenberg
Ginger D. Anders
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW
Suite 500 E
Washington, DC 20001
(202) 220-1100
Donald.Verrilli@mto.com
Elaine.Goldenberg@mto.com
Ginger.Anders@mto.com

George M. Garvey
Adeel Mohammadi
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100
George.Garvey@mto.com
Adeel.Mohammadi@mto.com

HEYMAN ENERIO
GATTUSO & HIRZEL LLP
Samuel T. Hirzel, II (# 4415)
Brendan Patrick McDonnell (# 7086)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
(302) 472-7300
shirzel@hegh.law
bmcdonnell@hegh.law

*Attorneys for the Bolivarian Republic of Venezuela and Petróleos de Venezuela, S.A.*

OF COUNSEL:

Joseph D. Pizzurro
Kevin A. Meehan
Juan O. Perla
Robert Groot
David Holmes
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178
(212) 696-6000
jpizzurro@curtis.com
kmeehan@curtis.com
jperla@curtis.com
rgroot@curtis.com
dholmes@curtis.com

OF COUNSEL:

Nathan P. Eimer
Daniel D. Birk
Gregory M. Schweizer
EIMER STAHL LLP
224 South Michigan Avenue
Suite 1100
Chicago, IL 60604
(312) 660-7600
NEimer@eimerstahl.com
DBirk@eimerstahl.com
GSchweizer@eimerstahl.com

MORRIS, NICHOLS,
ARSHT & TUNNELL LLP
Susan W. Waesco (# 4476)
Alexandra M. Cumings (# 6146)
1201 North Market Street
Wilmington, DE 19801
(302) 658-9200
SWaesco@morrisnichols.com
ACumings@morrisnichols.com

*Attorneys for PDV Holding, Inc., and CITGO Petroleum Corporation*

## INTRODUCTION

As instructed by the Court (D.I. 2621-01), the Venezuela Parties respond to Leroy A. Garrett's recent filings including his emergency motions for relief from the sale order (D.I. 2614, 2620). For three independent reasons, the Court should deny Garrett's motions. First, because the sale order is on appeal, this Court lacks jurisdiction over it and thus may not grant any relief altering it. Second, even if the Court had jurisdiction to grant any of the relief sought by Garrett, the Court has repeatedly held that Garrett lacks any cognizable interest in this proceeding and has denied him leave to intervene. He therefore is not entitled to challenge the sale order or seek any other relief. And third, even assuming jurisdiction and standing, Garrett's motions should be denied because they rely on an unsupported and legally invalid contention regarding the representation of the Republic and PDVSA.

## ARGUMENT

### I. The Court Lacks Jurisdiction to Grant Garrett's Motions.

"As a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal." *Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985). "After an appeal has been docketed and while it remains pending, the district court cannot grant a Rule 60(b) motion without a remand." Fed. R. Civ. P. 62.1 (advisory committee note). Garrett's motions do not fall within the "limited number of circumstances" where a district court may grant any relief while an appeal is pending. *Id.* at 120-21; *see id.,* n. 2 (describing exceptions and "reiterat[ing] that the instances in which such power is retained are limited."). This Court lacks jurisdiction to grant Garrett's motions. However, the Court may and should deny the motions. Fed. R. Civ. P. 62.1(a)(2).

1

## II.     Garrett Lacks Standing to Challenge the Sale Order

Garrett is not a creditor, a bidder, or other party with an interest in this proceeding. He has not pleaded any cognizable injury that may be redressed in U.S. courts and holds no judgment against the Republic or PDVSA, let alone a writ of attachment.[1] This Court has repeatedly denied similar motions from Garrett in the past, including repeated requests to intervene in the sale process, and has ruled that Garrett "'lacks any cognizable interest in this proceeding[.]'" D.I. 1843 (quoting D.I. 1802); see, e.g. D.I. 1961 (denying reconsideration of D.I. 1843); D.I. 2313 ("he is not a party and has not been permitted to intervene"). The Third Circuit already affirmed this Court's decision to deny Garrett's requests to intervene, *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 25-2519, Order at 2–3 (3d Cir. Nov. 25, 2025), and recently dismissed his latest appeal for failure to pay the appeal fees, *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 25-3323, Order at 1 (3d Cir. Dec. 30, 2025).[2] He thus does not have standing to challenge the sale order or to seek any other relief from this Court. *See, e.g.*, *Seneca Resources Corp. v. Township of Highland, Elk Cnty., Pa.*, 863 F.3d 245, 258 (3d Cir. 2017).

None of Garrett's unsubstantiated assertions based on recent developments in Venezuela or elsewhere change this situation. Because Garrett does not have standing to seek any relief in this proceeding, his motions should once again be denied. Denial is particularly warranted because

---

[1] Garrett also filed an original action against PDVSA and PDVH in Delaware District Court. *Garrett v. Petroleos de Venezuela et al*, No. 1:24cv380. That action has been dismissed for failure to serve PDVSA, *Garrett v. Petroleos de Venezuela et al*, No. 1:24cv380, Order at 1 (D. Del. Jul. 28, 2025) and for failure to state a claim against PDVH, the sole remaining defendant, *Garrtet v. Petroleos de Venezuela et al*, No. 1:24cv380, Order at 6 (D. Del. Dec. 17, 2025). A motion for leave to amend the complaint is pending. PDVSA and PDVH reserve all rights and defenses to any claims asserted by Garrett, and waive none, including but not limited to PDVSA's sovereign immunity under the Foreign Sovereign Immunities Act.

[2] The Court also has admonished him that he cannot represent persons other than himself. Tr. of August 18, 2025 hearing, 198:2-5 ("you cannot represent anyone other than yourself including a class of arguably similarly situated folks").

Garrett continues his effort to solicit money from Venezuelans who have suffered from the depredations of the Chávez and Maduro regimes. Garrett maintains a website, with appeals for "contributions" on every page.[3] Ignoring the Court's admonition that he represents only himself, Garrett's website states that he is "directly representing himself *and the victims*" in this Court and elsewhere—without disclosing that he cannot represent others.[4] It describes his "Qualified Settlement Fund" and represents that soon "[t]he court will decide whether to approve the fund."[5] —without disclosing that the Court has already denied his motion to create such a fund. *See* D.I. 2554, at 1 (denying D.I. 2532). It states that "Garrett appeared in court on 10/20/25 to be questioned and to give instructions to the expert who will manage the QSF. Awaiting response."[6] In fact, on that day, the Court reminded Garrett that he was not a party, and the Court declined his request to speak at that hearing.[7] No "expert who will be handling the QSF" appeared. His tweets on X urge victims, "#QSF YA! REGÍSTRATE PARA COBRAR!" ["#QSF NOW! REGISTER TO RECEIVE YOUR PAYMENT!"], with instructions to send money to Garrett via the payment app Zelle.[8]

### III. Garrett Mischaracterizes the Representation of the Republic and PDVSA.

Garrett errs when he invites the Court to weigh into the question of "Venezuelan sovereign representation," and "[d]isregard or strike prior positions" of the Venezuela Parties. D.I. 2614, at 1-2, 2620, at 1-2. The power to recognize a foreign sovereign government is "the exclusive

---

[3] *See* https://vzlaholocausto.org/page/. All web pages cited here were downloaded Jan. 20, 2026.
[4] https://vzlaholocausto.org/page/ (emphasis added).
[5] https://vzlaholocausto.org/En/about-us/ .
[6] https://vzlaholocausto.org/En/ .
[7] Tr. of October 20, 2025 Hearing, 12:10-21, 183/20-184:2
[8] https://x.com/LeroGarrett/status/1999457294497771991?s=20 (Dec. 12, 2025) *See also, e.g.,* https://x.com/segoviaesneider/status/2005374695340950011?s=20 (Dec. 28, 2025)("Estamos en las fase final, no te quedes fuera" ["We are in the final phase, don't miss out"]); (https://x.com/LeroGarrett/status/1997278809276740063?s=20 (Dec. 6, 2025) ("Now seeking justice in the United States, the legal costs are overwhelming").

prerogative of the Executive." *Zivotofsky ex rel. Zivotofsky v. Kerry*, 576 U.S. 1, 3 (2015). "What government is to be regarded here as representative of a foreign sovereign state is a political rather than a judicial question, and is to be determined by the political department of the government." *Guaranty Trust Co. of New York v. United States*, 304 U.S. 126, 138 (1938). The 2015 National Assembly "remains the only democratically elected public institution in Venezuela," and the only legitimate government of Venezuela, as recognized by the United States. U.S. Statement of Interest dated August 29, 2025, D.I. 2181-1, Ex. 70 at 2 (internal quotation marks omitted). Secretary of State Marco Rubio recently confirmed that the Executive was not recognizing the Maduro associate Delcy Rodriguez as Venezuela's legitimate leader. Nicholas Kerr, *Rubio claims US is running ''the direction of'' Venezuela situation*, ABC News (Jan. 4, 2026).[9]

## CONCLUSION

For the foregoing reasons, the Court should deny Garrett's motions.

---

[9] Available at https://abcnews.go.com/Politics/rubio-claims-us-running-direction-venezuela-situation/story?id=128885145 . Secretary Rubio''s comments on this question begin at 4:14 in the video interview embedded in that web page. He explains that "the need to deal with the people in control" for some purposes is different from "recognizing their legitimacy."

Dated:  January 22, 2026

OF COUNSEL:

Donald B. Verrilli, Jr.
Elaine J. Goldenberg
Ginger D. Anders
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW
Suite 500 E
Washington, DC 20001
(202) 220-1100
Donald.Verrilli@mto.com
Elaine.Goldenberg@mto.com
Ginger.Anders@mto.com

George M. Garvey
Adeel Mohammadi
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100
George.Garvey@mto.com
Adeel.Mohammadi@mto.com

Respectfully submitted,

HEYMAN ENERIO
GATTUSO & HIRZEL LLP

*/s/ Brendan Patrick McDonnell*
Samuel Taylor Hirzel, II (# 4415)
Brendan Patrick McDonnell (# 7086)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
(302) 472-7300
shirzel@hegh.law
bmcdonnell@hegh.law

Attorneys for the Bolivarian Republic of Venezuela and Petróleos de Venezuela, S.A.

OF COUNSEL:

Joseph D. Pizzurro
Kevin A. Meehan
Juan O. Perla
Robert Groot
David Holmes
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178
(212) 696-6000
jpizzurro@curtis.com
kmeehan@curtis.com
jperla@curtis.com
rgroot@curtis.com
dholmes@curtis.com

MORRIS, NICHOLS,
ARSHT & TUNNELL LLP

*/s/ Alexandra M. Cumings*
Susan W. Waesco (#4476)
Alexandra M. Cumings (#6146)
1201 North Market Street
Wilmington, DE 19801
(302) 658-9200
SWaesco@morrisnichols.com
ACumings@morrisnichols.com

*Attorneys for PDV Holding, Inc., and CITGO Petroleum Corporation*

OF COUNSEL:
Nathan P. Eimer
Daniel D. Birk
Gregory M. Schweizer
EIMER STAHL LLP
224 South Michigan Avenue
Suite 1100
Chicago, IL 60604
(312) 660-7600
NEimer@eimerstahl.com
DBirk@eimerstahl.com
GSchweizer@eimerstahl.com

52512668v2