## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF DELAWARE

CRYSTALLEX INTERNATIONAL
    CORP., Plaintiff,

v.

BOLIVARIAN REPUBLIC OF
    VENEZUELA,
Defendant.

)
)
)
)
)
) No. 1:17-mc-00151-LPS
)
)
)
)
)

## EMERGENCY MOTION TO LIFT DOCKET ACCESS RESTRICTION UNDER RULE 60(b)(6) AND FOR RELATED RELIEF

March 12, 2026.

Dr. Leroy A. Garrett, appearing pro se on behalf of the 23,000 survivors of the PDVSA Petroleum Holocaust (as registered before the Inter American Commission on Human Rights, File: MC-1393-25), respectfully moves this Court under Federal Rule of Civil Procedure 60(b)(6) to lift the docket access restriction imposed approximately one month ago (circa February 2026). This request is emergent in light of the U.S. Executive Branch's March 5–7, 2026 recognition of the Delcy Rodríguez government, an action that nullifies the asserted standing of the PDVSA Ad Hoc Board and confirms regime continuity for alter ego purposes—constituting the type of extraordinary circumstance warranting relief. Movant incorporates by reference the arguments set forth in his open letters dated March 11 and 12, 2026 (Exhibits A and B, and social media open letter publications as Exhibits C and D, respectively) and enumerates the requested prerogatives below.

1

## I. INTRODUCTION AND GROUNDS FOR EMERGENCY RELIEF

The restriction on pro se access has the practical effect of privileging commercial creditors over human   rights victims and risks rendering the victims' claims moot amid rapidly shifting questions of Venezuelan representation. The U.S. Executive Branch's recent recognition statements (March 5–7, 2026) effectively nullify the asserted standing of the PDVSA Ad Hoc Board and confirm continuity of the Chavista regime, with Vice President Rodríguez functioning as the successor to Maduro. This continuity preserves the legal character of prior proceedings under established alter   ego doctrine and binds successors to the defenses previously asserted. See Fed. R. Civ. P. 25(c). No procedural delay should operate to extinguish victims' rights. Velásquez Rodríguez v. Honduras, Inter   Am. Ct. H.R. (1988). Relief is therefore required before the forthcoming OFAC deadline of March 20, 2026 to permit meaningful input regarding the proposed Qualified Settlement Fund.

## II. ENUMERATION OF MOVANT'S PREROGATIVES

As the pro se representative with associational standing for the 23,000 victims registered before the Inter   American Commission on Human Rights, Movant asserts the following prerogatives, each grounded in established case law:

**1. Right to Pro Se Access and Liberal Construction**. Pro se submissions must be liberally construed, and access restrictions may not impose undue burdens on fundamental rights. Haines v. Kerner, 404 U.S. 519, 520 (1972). It is an abuse of discretion to bar access absent a clear showing of misuse or obstruction. In re McDonald, 489 U.S. 180, 184 (1989). The current restriction contravenes these principles, particularly in light of the materially changed circumstances now before the Court.

2. **Standing Under the Alter Ego Doctrine**. The victims possess enforceable claims against PDVSA as the alter ego of the Venezuelan State for the purge related abuses at issue. See *Crystallex Int'l Corp. v. Venezuela*, 333 F. Supp. 3d 380, 397–98 (D. Del. 2018), aff'd, 932 F.3d 126 (3d Cir. 2019) (piercing the corporate veil of a state instrumentality where the government exercises extensive control). The United States' recent recognition determinations confirm continuity of the governing regime, thereby eliminating the asserted standing of the PDVSA Ad Hoc Board and supporting retroactive substitution of the proper sovereign successor. Fed. R. Civ. P. 25(c).

3. **Deference to Executive Recognition Without Mootness**. Courts must defer to the Executive Branch's determinations regarding foreign government recognition. *United States v. Belmont*, 301 U.S. 324, 330 (1937); *Zivotofsky v. Kerry*, 576 U.S. 1, 28–32 (2015). The United States' recognition of the Rodríguez government therefore nullifies the asserted authority of the PDVSA Ad Hoc Board while preserving the liability of the continuous Chavista regime for alter ego purposes. This recognition based continuity prevents the victims' claims from becoming moot. See *Simon v. Republic of Hungary*, 911 F.3d 1172, 1185 (D.C. Cir. 2018) (gross human rights violations are not subject to limitations that would extinguish claims).

4. **Priority for Human Rights Claims in QSF Allocation**. As alter ego creditors, the victims qualify as "natural" or equitable claimants whose interests must be considered in any distribution framework. Their claims arise from grave human rights violations that are not subject to extinguishment or procedural limitations. *Velásquez Rodríguez v. Honduras*, Inter Am. Ct. H.R. (1988). Associational standing further permits the representative to assert these collective interests on behalf of the affected group. *Hunt v. Washington State Apple Advertising Comm'n*,

3

432 U.S. 333, 343 (1977). These principles support equitable inclusion of the victims in any Qualified Settlement Fund and prevent commercial priorities from displacing fundamental rights.

5. **Right to Procedural Fairness Amid Regime Shift**: Continuity of Chavismo (ongoing sabotage accusations against victims) binds Rodríguez lawyers to prior service/defenses, avoiding evasion (FRCP 19 joinder; Crystallex, supra).

## III. LEGAL ARGUMENT

Relief under Rule 60(b)(6) is available for "any other reason that justifies relief," a standard reserved for extraordinary circumstances. The United States' recent foreign   policy shift—specifically its recognition of the Rodríguez government—constitutes precisely the type of exceptional development warranting reconsideration. This recognition alters the legal landscape by nullifying the asserted authority of the PDVSA Ad Hoc Board and confirming regime continuity for alter   ego purposes. In light of these changed circumstances, Movant respectfully requests that the Court lift the existing access restriction for the limited purpose of permitting filings necessary to protect the victims' interests. Movant further requests that the Court authorize, upon OFAC approval, the establishment of a Qualified Settlement Fund with a five   percent set   aside to ensure equitable participation by the affected victims.

## IV. PRAYER FOR RELIEF

**Movant respectfully requests that the Court:**

**1.** Lift the docket   access restriction immediately to permit limited pro se filings necessary to protect the victims' interests.

4

2. Authorize supplemental submissions regarding the Qualified Settlement Fund, including proposals related to equitable allocation.

3. Grant expedited consideration and, if appropriate, a hearing in light of the time   sensitive circumstances.

4. Award such other and further equitable relief as the Court deems just and proper.

Respectfully submitted,

Dr. Leroy A. Garrett
Venezuelan Petroleum Holocaust
Pro Se Representative
6725 S Fry Road Ste. 700-338. Katy Texas 77494
cc: All counsel of record (via ECF)

5