**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE**

CRYSTALLEX INTERNATIONAL )
    CORP., Plaintiff, )
 )
 )
v. )
 ) No. 1:17-mc-00151-LPS
BOLIVARIAN REPUBLIC OF )
    VENEZUELA, )
    Defendant. )
 )
 )

## SUPPLEMENT TO EMERGENCY MOTION TO LIFT DOCKET ACCESS RESTRICTION (VETO) UNDER FRCP 60(b)(6)

March 15, 2026.

Dr. Leroy A. Garrett, appearing pro se on behalf of the 23,000 IACHR registered survivors of the PDVSA Petroleum Holocaust, respectfully supplements his March 12, 2026 emergency motion with new developments from OFAC: General Licenses 46B, 48A, and 49A (issued March 13, 2026 and attached as Exhibits D–F).

These General Licenses authorize expanded PDVSA oil and petrochemical activities and channel resulting revenues into U.S. Treasury–managed accounts pursuant to Executive Order 14373, thereby creating immediate, safeguarded resources that can support approval of a Qualified Settlement Fund without procedural delay. The GL framework reinforces the continuity of the Chavista regime—now represented by the Rodríguez government—which in turn preserves the victims' alter ego claims under established precedent. See Crystallex Int'l Corp. v. Venezuela, 333 F. Supp. 3d 380 (D. Del. 2018). Consistent with international human rights jurisprudence, reparative measures for gross violations warrant priority over commercial interests. See Simon v. Republic of Hungary, 911 F.3d 1172 (D.C. Cir. 2018). Movant respectfully urges the Court to lift the access restriction to permit meaningful input on QSF design, including a proposed

1

five   percent set   aside, as the GLs reflect the United States' commitment to equitable transition justice.

Thank you for your consideration of this pro se submission.

Respectfully submitted,

Dr. Leroy A. Garrett
Venezuelan Petroleum Holocaust
Pro Se Representative
6725 S Fry Road Ste. 700-338. Katy Texas 77494
cc: All counsel of record (via ECF)