**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE**

CRYSTALLEX INTERNATIONAL
CORP., Plaintiff,

v.

BOLIVARIAN REPUBLIC OF
VENEZUELA,
Defendant.

)
)
)
)
)
)
)
)
)
)
)

No. 1:17-mc-00151-LPS

FILED
APR 2 0 2026
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## SUPPLEMENTAL MOTION FOR CLARIFICATION / AMICUS SUBMISSION: FOCUS ON PLAINTIFF'S PERSONAL INJURIES AND CREDITOR STATUS

April 16, 2026.

**Introduction / Clarification**

I, Leroy A. Garrett, appear pro se and respectfully clarify that **my filings before this Court since June 2024 have always centered exclusively on my own direct and personal harms**. Any incidental references to the pattern of harm experienced by the approximately 23,000 similarly situated PDVSA workers were offered solely as **public, incontestable contextual evidence** of the **severity and systemic nature** of the policy that directly and personally injured me. I have never sought, and do not now seek, representative or group relief.

**My Personal Injuries – Concrete and Particularized Facts**

**1. Labor Veto / Wrongful Purge (2002–2003)**: I was a PDVSA employee directly affected by the mass dismissal of workers who opposed increased governmental control over the company. This purge — which publicly and incontestably impacted approximately 23,000 PDVSA workers — resulted in my immediate loss of employment, vested benefits, pension rights, and career in the petroleum sector. The scale of the purge underscores the severity of my own personal injury, as it was a deliberate, systematic exercise of control by the Venezuelan government over

1

PDVSA operations. (See, e.g., Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela, No. 1:17-mc-00151-LPS, D.I. 443 (D. Del. Mar. 2, 2022) and Third Circuit affirmance recognizing tightened governmental control since 2002.)

2. **Property Confiscation**: Following the purge and related governmental actions, my personal property interests tied to PDVSA employment and investments were confiscated or rendered valueless without due process or compensation.

3. **Denial of Constitutional Rights**: The actions against me violated fundamental rights under the Venezuelan Constitution (due process, property protection, freedom of labor association, and non-discrimination). These deprivations were carried out through PDVSA and its controlling entities, which the Crystallex litigation has extensively documented as operating under the direct and continuous control of the Republic, with profits and management decisions flowing to the state.

4. **Economic and Personal Devastation**: As a direct result, I have suffered permanent loss of livelihood, severe financial hardship, emotional distress, and barriers to recovery that continue to this day. These harms are traceable to the defendants' conduct because PDVH and PDVSA function as alter egos of the Republic, with substantial commercial activity and assets in the United States (including Citgo), as established in the Crystallex alter-ego findings that PDVSA is subject to extensive governmental control.

**Procedural History and Docket Access in Related Proceedings**

In furtherance of my personal claims, I have actively participated in the related Crystallex execution proceeding by submitting questionnaires and inquiries to Special Master Robert B. Pincus and requesting the opportunity to participate in discovery processes so that I could

2

develop and present evidence of my specific purge-related injuries, property confiscation, and alter-ego traceability to U.S.-based assets.

However, prior docket-access restrictions in that proceeding limited my ability to file formal motions and fully develop my individual record. I recently filed an Emergency Motion to Lift Docket Access Restriction (D.I. 2658, March 17, 2026) and a supplement thereto (D.I. 2659, March 20, 2026), which the District Court has docketed.

If such restrictions remain in place, I will suffer **irreparable harm** to my personal claim: I will be unable to present evidence of my concrete injuries, participate meaningfully in proceedings that directly affect my creditor rights against sale proceeds, and vindicate my due-process interests in the execution of assets traceable to the same regime that purged me. I respectfully request that this Court clarify or coordinate to ensure I may assert my individual claim without procedural barriers that prejudice my access to justice.

**Alter-Ego Liaison and U.S. Territorial Nexus**

**The prevailing nature of my claims has never been a labor dispute.** From the very inception of this action, my claims have been anchored in the **alter-ego liaison and the pierced corporate veil** that exists because PDVSA—both its local and foreign operations—functions as a Chavista instrumentality under the direct and continuous control of the Bolivarian Republic of Venezuela. This control has already been extensively documented and judicially recognized in the Crystallex record.

My **core claim** is the **property confiscation** I suffered as a direct result of the 2002–2003 purge: the seizure or nullification of my vested employment-derived assets, wages, pension rights, and related property interests without due process or compensation. This property confiscation is

3

compounded by **severe personal harms**, including **torture, political persecution, and the veto of my citizenship rights**, which have prevented me from obtaining justice before my natural judges in Venezuela—those judicial bodies are themselves Chavista instrumentalities and therefore incapable of providing an impartial forum.

These circumstances—alter-ego control, property confiscation, and the denial of access to an independent judiciary—collectively weigh heavily in favor of dispensing with the prior-judgment requirement that applies to pure commercial creditors. As an injured former PDVSA worker whose claim arises directly from the sovereign's systematic exercise of control over its instrumentality, my personal status does not require the same formal judgment consolidation demanded of unrelated commercial debt holders. Recognition of my individual harm in this execution proceeding is consistent with equitable principles applied to victims of state-sponsored property confiscation and personal harms traceable to U.S.-based assets.

It has been established clearly from the record that, with the recognition of the Delcy Rodríguez Government, the claim is perfected by bringing back the absolute control of the U.S.-based assets to the government which caused the piercing of the corporate veil between the main Venezuelan entity (PDVSA) and the U.S. subsidiary (PDV Holding, Inc. / Citgo). The latter entity has been used as an instrument of retaliation and harm to me personally — and to the same degree as the broader pattern of harm experienced by the approximately 23,000 similarly situated PDVSA workers referenced above as contextual evidence of severity. The Crystallex record (including the 2018 alter-ego determination and subsequent proceedings) demonstrates that PDVSA and PDVH operate as instrumentalities under Republic control, with U.S.-based assets and operations that generate value flowing from the same regime that orchestrated the purge and

4

confiscations. This creates a sufficient nexus for jurisdiction and for recognition of my individual claim in any distribution or execution proceedings involving those assets.

I do not seek to relitigate the Crystallex sale process itself but respectfully request recognition of my individual creditor/victim status for any residual or equitable consideration consistent with established alter-ego principles.

**Prayer for Relief**

WHEREFORE, Leroy A. Garrett respectfully requests that the Court:

1. Accept this clarification and supplemental submission as focusing exclusively on my personal injuries and claims;

2. Grant leave, if necessary, to file this supplemental submission;

3. Recognize my personal standing and concrete harms for purposes of these appeals and any further proceedings or distribution considerations;

4. Direct or coordinate with the District Court to lift docket-access restrictions that prejudice my ability to assert my individual claim; and

5. Grant such other relief as the Court deems just and proper, limited to my individual circumstances.

Respectfully submitted,

Dr. Leroy A. Garrett
Pro Se