# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE  19899-1347

———

(302) 658-9200
(302) 658-3989 FAX

ALEXANDRA M. CUMINGS
(302) 351-9248
(302) 425-4670 FAX
acumings@morrisnichols.com

April 28, 2026

**_SUBMITTED VIA E-FILE_**

The Honorable Leonard P. Stark
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, D.C. 20439

Re:   *Crystallex International Corp. v. Bolivarian Republic of Venezuela*,
      D. Del. No. 1:17-mc-00151-LPS

Dear Judge Stark,

In an effort to comply with the Court's request that the Venezuela Parties advise it as soon as possible of any concerns regarding implementation of the sale process, I write as counsel for CITGO Petroleum Corporation ("CITGO") and PDV Holding, Inc. ("PDVH"), to alert you to apparent violations by representatives of Amber Energy of the January 5, 2024 Confidentiality Agreement between Elliott Investment Management L.P. and the Special Master and of the Stock Purchase Agreement (D.I. 2556, Ex. A) ("SPA").  In particular, on April 23, 2026, Amber's CEO and Chairman published an op-ed in the *Wall Street Journal* that revealed—and distorted—confidential, non-public, proprietary information.  Greg Goff & Paul Foster, *The Treasury Can Set Citgo Free*, Wall St. J. (Apr. 23, 2026), https://www.wsj.com/opinion/the-treasury-can-set-citgo-free-e19da14a. This op-ed, which defamatorily denigrates CITGO, violated numerous provisions of the SPA and also violated the Confidentiality Agreement under which Amber has been receiving information about CITGO for months.

First, the Confidentiality Agreement, which Amber acknowledges it is bound by (SPA § 6.5), clearly does not permit use of CITGO's confidential information for a public advocacy piece in a national newspaper.

Second, given its commercially damaging accusations, the op-ed amounts to misuse of information Amber received from CITGO in violation of Sections 6.2 and 6.10 of the SPA.  *See* SPA § 6.2(a) (providing that Amber's "access" to CITGO's management, books and records, "information, assets, operations and properties" and "activities shall be conducted in a manner not

The Honorable Leonard P. Stark
April 28, 2026
Page 2

to unreasonably interfere with the normal operations of the Acquired Companies or their respective business"); *id.* § 6.10(b)(ii) (stating that "the cooperation requested by the Buyer pursuant to Section 6.10(a) shall not … unreasonably interfere with the ongoing operations of the Acquired Companies"). For example, after years of due diligence and without ever voicing any safety concerns to CITGO, the op-ed recklessly and falsely suggests that CITGO's management's stewardship of the company threatens imminent "oil spills, explosions, life-threatening injuries or worse." This statement interferes with and damages CITGO's decades-long relationships with employees, contractors, business partners, unions, and surrounding communities. These accusations also threaten CITGO's relationships with regulators, banks, and insurers.

Third, CITGO and PDVH have no reason to believe that Amber obtained preapproval from the Special Master before issuing the op-ed. The SPA, however, requires that Amber receive such preapproval before issuing any press release or other public statement about the sale process. SPA § 6.7. CITGO and PDVH have asked the Special Master if he provided such approval. Even if he did, he did not consult with CITGO first about the accuracy of Amber's statements, the harm they could cause CITGO, or whether the op-ed disclosed CITGO's confidential information.

CITGO and PDVH have identified these violations to the Special Master via the letter attached hereto as Exhibit A and are awaiting his response.[1] CITGO and PDVH reserve the right to seek further relief from the Court, as needed.

Respectfully,

*/s/ Alexandra M. Cumings*

Alexandra M. Cumings (#6146)

cc:    Counsel of Record (via ECF)

---

[1] PDVH and CITGO have redacted portions of Exhibit A that respond to a letter received from the Special Master that was marked confidential.